COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

ANGELA L. DUNNING (212047)
(adunning@cooley.com)
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Facsimile: (646) 906-8657

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, an individual; SARAH SILVERMAN, an individual; CHRISTOPHER GOLDEN, an individual, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br> Defendant. | Case No. 3:23-cv-03417-VC <br><br> **DEFENDANT META PLATFORMS, INC.'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT AND FOR JUDICIAL NOTICE** <br><br> Date:   November 16, 2023 <br> Time:   10:00 a.m. <br> Dept:   Courtroom 4 – 17th Floor <br> Judge:  Vince Chhabria <br><br> Trial Date: None <br> Date Action Filed: July 7, 2023 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARDS .......................................................................................................... 1

III. ARGUMENT ......................................................................................................................... 2

    A. Documents Subject to this Request ......................................................................... 2

    B. Exhibits 1 and 2 Are Incorporated by Reference in the Complaint ......................... 3

    C. The Court Should Take Judicial Notice of Exhibits 3 and 4 ................................... 4

IV. CONCLUSION ...................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Curry v. Yelp Inc.*,
  875 F.3d 1219 (9th Cir. 2017) ................................................................................................ 1

*Dinan v. SanDisk LLC*,
  No. 18-cv-5420, 2020 WL 364277 (N.D. Cal. Jan. 22, 2020), *aff'd*, 844 F.
  App'x 978 (9th Cir. 2021) ..................................................................................................... 4

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................................................ 2, 3

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ............................................................................................... 1

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ................................................................................................. 2

*In re Silicon Graphics Inc. Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999), *as amended* (Aug. 4, 1999) .................................................. 2

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ............................................................................................... 2

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................................. 2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ............................................................................................................... 1

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ............................................................................................ 2, 3

*Wayne v. Leal*,
  2009 WL 2406299 (S.D. Cal. Aug. 4, 2009) ........................................................................ 4

**Statutes**

17 U.S.C. § 1202 ........................................................................................................................ 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

Federal Rule of Evidence
    Rule 201 ................................................................................................................................ 1, 4
    Rule 201(b)(2) ........................................................................................................................... 2
    Rule 201(c)(2) ........................................................................................................................... 2

**PLEASE TAKE NOTICE** that, on November 16, 2023 at 10:00 a.m., Meta Platforms, Inc. ("Meta" or "Defendant") will and hereby does request that the Court consider the documents identified below in support of Meta's Motion to Dismiss the Complaint ("Complaint") filed by plaintiffs Richard Kadrey, Sarah Silverman, and Christopher Golden ("Plaintiffs") on July 7, 2023. Exhibits 1 through 4 are attached to the Declaration of Judd Lauter ("Lauter Declaration") in Support of Meta's Motion to Dismiss Plaintiffs' Complaint, filed concurrently herewith.

## I. INTRODUCTION

The Court should consider Exhibits 1 through 4 to the Lauter Declaration in resolving Meta's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). All of these documents are incorporated by reference into the Complaint or are the proper subject of judicial notice under Federal Rule of Evidence 201 ("Rule 201").

Plaintiff's Complaint specifically references and quotes from (but does not attach) Meta's blog post announcing the release of LLaMA and an accompanying research paper which provides technical background on the LLaMA models and their training data. Plaintiffs rely on the contents of both documents for their claims. As such, these documents are incorporated by reference in the Complaint and appropriately considered in their entirety.

Separately, Meta asks the Court to take judicial notice of the dictionary definitions of "removal" and "omit" from the Merriam-Webster online dictionary (located at www.merriam-webster.com), as the sources and accuracy of these documents cannot reasonably be questioned.

## II. LEGAL STANDARDS

In resolving a Rule 12(b)(6) motion to dismiss, "courts must consider the complaint in its entirety," including (1) "documents incorporated ... by reference," and (2) "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

**Incorporation by Reference:** Under the incorporation by reference doctrine, courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss into one for summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)

(quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *as amended* (Aug. 4, 1999)) (alteration and internal quotation marks omitted).  A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (same).  Where a document is incorporated by reference, the court "may treat … [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Ritchie*, 342 F.3d at 908; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (same).

The doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (doctrine "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based") (alterations and internal quotations omitted).

**Judicial Notice:**  Rule 201(c)(2) requires a court to "take judicial notice if a party requests it and the court is supplied with the necessary information."  Judicial notice is appropriate where a fact is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Rule 201(b)(2).  Judicially noticeable matters may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

### III.  ARGUMENT

#### A.  Documents Subject to this Request

Meta requests that the Court consider under the incorporation by reference doctrine or take judicial notice of the following documents in connection with its Motion to dismiss the Complaint.

| Ex. | Description | Cited in Complaint |
|---|---|---|
| 1 | February 24, 2023 Meta blog post announcing release of LLaMA, available at https://ai.meta.com/blog/large-language-model-llama-meta-ai/ | ¶¶ 31, 32 |

| Ex. | Description | Cited in Complaint |
|---|---|---|
| 2 | LLaMA: Open and Efficient Foundation Language Models (the "Research Paper") | ¶¶ 21, 23 |
| 3 | Merriam Webster Dictionary Definition of "Remove," available at https://www.merriam-webster.com/dictionary/remove | N/A |
| 4 | Merriam Webster Dictionary Definition of "Omit," available at https://www.merriam-webster.com/dictionary/omit | N/A |

### B.   Exhibits 1 and 2 Are Incorporated by Reference in the Complaint

The Court should consider Lauter Exhibits 1 and 2 under the incorporation by reference doctrine because each document is referenced in the Complaint and forms the basis for Plaintiff's claims. *See Khoja*, 899 F.3d at 1002; *Ritchie*, 342 F.3d at 908.

**Exhibit 1:** The Complaint incorporates Lauter Exhibit 1, which is a blog post published by Meta on February 24, 2023, in which Meta announced the release of the LLaMA models. Plaintiffs refer to and directly quote from this document in the Complaint. (*See* Compl ¶ 31.) In particular, Plaintiffs quote Meta's representations around the conditions of LLaMA's release. (*Id.*) Plaintiffs also rely on the post to support their allegation, on information and belief, that Meta "has in fact distributed the LLaMA models to certain people and entities, [and] continues to do so." (*Id.* ¶ 32.) These allegations are central to Plaintiffs' claims, albeit factually and legally unsupported, that Meta distributed LLaMA in violation of 17 U.S.C. § 1202 of the Digital Millennium Copyright Act ("DMCA"). (*See, e.g.*, ¶¶ 47–53.)

**Exhibit 2:** The Complaint also references and substantively relies on information contained in the Research Paper in an attempt to lay foundation for Plaintiffs' claims, namely, that LLaMA was trained on Plaintiffs' books. Specifically, Plaintiffs infer from Meta's representation in the Research Paper that LLaMA was trained on "the Books3 section of ThePile" that Plaintiffs' books were included in LLaMA's training dataset. (*Id.* at ¶¶ 23–30.) Such allegations underly all claims

in the Complaint, including the federal copyright claims and repackaged (preempted) state law claims.

### C. The Court Should Take Judicial Notice of Exhibits 3 and 4

Exhibits 3 and 4 to the Lauter Declaration are dictionary entries from the Merriam-Webster online dictionary for, respectively, the words "remove" and "omit." "Dictionary definitions are [] a proper subject for judicial notice." *Threshold Enters.*, 445 F. Supp. 3d at 146; *see Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (judicial notice appropriate for "sources whose accuracy cannot reasonably be questioned, such as … dictionar[ies]"); *Dinan v. SanDisk LLC*, No. 18-cv-5420, 2020 WL 364277, at *5 (N.D. Cal. Jan. 22, 2020), *aff'd*, 844 F. App'x 978 (9th Cir. 2021) (taking judicial notice of definition at dictionary.com). The definitions of these terms are relevant to Plaintiffs' DMCA claims, several of which turn on whether Meta, in fact, "removed" any of Plaintiffs' alleged copyright management information from the LLaMA software. As these definitions are both generally known and readily determined from sources whose accuracy cannot reasonably be questioned, they may be accepted upon judicial notice.

### IV. CONCLUSION

For the foregoing reasons, Lauter Exhibits 1 and 2 are incorporated by reference in the Complaint, and Lauter Exhibits 3 and 4 are the proper subject of judicial notice under Rule 201. Meta therefore respectfully requests that the Court consider all of these exhibits in ruling on Meta's motion to dismiss the Complaint.

Dated: September 18, 2023

COOLEY LLP

By: */s/ Judd D. Lauter*
Bobby Ghajar
Angela L. Dunning
Mark Weinstein
Judd Lauter
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

Attorneys for Defendant
META PLATFORMS, INC