Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 lkessler@saverilawfirm.com
                 kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:           mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>　　Individual and Representative Plaintiffs,<br><br>　　v.<br><br>Meta Platforms, Inc., a Delaware corporation,<br><br>　　　　　　　　　　　　　　Defendant. | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [ECF NO. 24]** |

## I. INTRODUCTION

Meta has filed a request for judicial notice ("RJN") of four exhibits in connection with its motion to dismiss (ECF No. 23). ECF No. 24. The first two exhibits are documents created by Meta: a blog post (the "Blog Post") announcing the release of LLaMA (ECF No. 23-2) and a 27-page research paper titled "LLaMA: Open and Efficient Foundation Language Models" (the "Research Paper"). ECF No. 23-3. The other two exhibits are screenshots from the Merriam-Webster Dictionary Online of the words "removal" and "omit." ECF Nos. 23-4 and 23-5. Meta argues that judicial notice of all four exhibits is appropriate because they are incorporated by reference into the Complaint or can be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence. RJN at 1. complaint.").

Meta's request for judicial notice should be denied for two reasons. First, neither the doctrine of incorporation by reference nor Rule. 201 may be used to allow judicial notice of materials not extensively relied on in the complaint. Second, Meta's Blog Post and Research Paper both contain facts that are in dispute by Plaintiffs. Plaintiffs also dispute the meanings of "removal" and "omit."

## II. ARGUMENT

At the motion to dismiss stage, courts cannot look beyond the complaint unless documents are incorporated by reference in the complaint, or the matters are relevant and subject to judicial notice under Rule 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id*. at 1002. The doctrine is explicitly limited to facts that are "not subject to reasonable dispute." *United States v. Ritchie*, 342 F. 3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). Facts are subject to reasonable dispute if they are not "generally known within the trial court's territorial jurisdiction," nor "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Homelight, Inc. v. Shkipin*, No. 22-CV-03119-TLT, 2022 WL 16528142, at *1-*2 (N.D. Cal. Oct. 28, 2022). A defendant may seek to judicially notice a document referred to in a complaint "if the plaintiff refers *extensively* to the document or the document

forms the basis of plaintiff's claim." *Ritchie,* 342 F.3d at 907. (Emphasis added). Additionally, there must be "no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute. As explained below, none of these tests are satisfied here.

In *Khoja*, the Ninth Circuit cautioned that misapplication of judicial notice and the incorporation by reference doctrine "can lead to unintended and harmful results." *Khoja*, 899 F. 3d. at 998. In fact, the Ninth Circuit explicitly warned that courts should be cautious because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*. Further, the Ninth Circuit stated, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. at 1003. Factual disputes are not to be decided at the pleading stage. *In re Tracht Gut, LLC,* 836 F. 3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

A.   **Exhibit 1 – Blog Post**

Plaintiffs object to the Court considering the entirety of the referenced Blog Post under the incorporation by reference doctrine. Incorporating by reference the facts contained in Exhibit 1 is inappropriate because the facts are in dispute and, therefore, improper for incorporation. *See Khoja*, at 1003. ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint"). That is precisely what Meta attempts to do here. By requesting the Court rule that the Blog Post is incorporated into the Complaint based on limited reference to the Blog Post in the Complaint, Meta seeks to improvidently resolve a factual dispute at the pleading state. *See In re Tracht Gut*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw

all reasonable inferences in favor of the plaintiff."); *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms).

The facts contained in the Blog Post are subject to reasonable dispute. Specifically, concerning the factual accuracy of the statements quoted in the complaint. Compl. ¶¶ 31, 32. Plaintiffs cite the Blog Post to elucidate a general dispute of fact with respect to who received the LLaMA language models. *Id*. Entering the Blog Post in its entirety would be inappropriate at this stage of litigation because the entirety of the Blog Post is not relevant to the discrete proposition in the Complaint that the Blog Post is used to support: i.e., the dispute regarding to whom LLaMA has actually been distributed. Plaintiffs briefly quote the Blog Post and allege that "Meta has not disclosed what criteria it uses to decide who is eligible to receive the LLaMA language models, nor who has actually received them, or *whether Meta has in fact adhered to its stated criteria*." Compl. ¶ 32. (Emphasis added). The factual claims contained in the Blog Post are thus disputed because it is unclear if the representations made in the Blog Post have, in fact, been followed. The surrounding pages and paragraphs of the Blog Post attached to the Lauter Declaration as Exhibit 1 are entirely irrelevant to Plaintiffs' claims. Indeed, the Blog Post is quoted only once in the entire Complaint. This is most certainly not the extensive reliance that is required for a court to properly rule that a document is incorporated by reference in the complaint. Defendant cannot get around the fact that Plaintiffs dispute whether Meta has adhered to its stated criteria contained in the Blog Post. Compl. ¶ 32; *see Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1121 (S.D. Cal. 2021) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). Because the truth of the incorporated document is reasonably disputed, it is improper for the Court to rule that the Blog Post is incorporated by reference in its entirety based on a minimal reference in the Complaint. The Blog Post was not extensively relied on and thus should not be incorporated. The

Defendant should not be allowed to turn the motion to dismiss into an evidentiary hearing.

B.     Exhibit 2 – LLaMA Research Paper

Meta fails to meet the *Khoja* standard with respect to the Research Paper. Meta states that "[t]he Complaint . . . substantively relies on information contained in the Research Paper in an attempt to lay foundation for Plaintiffs' claims, namely, that LLaMA was trained on Plaintiffs' books." RJN at 3. This is misleading. There was no substantive nor extensive reliance on the Research Paper. In fact, Plaintiffs refer to two discrete sections and one table out of the entire 27-page Research Paper. Compl. ¶¶ 21-23. This is not what the Ninth Circuit had in mind when it explained that the incorporation by reference doctrine is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Ritchie,* 342 F.3d at 908.

There is neither extensive reliance on the Research Paper, nor does the Research Paper form the basis of Plaintiffs' claims. In fact, Defendant's position seeks to distort Plaintiffs' Complaint by suggesting that the Research Paper forms the basis for the allegations. Meta argues that "Plaintiffs infer from Meta's representation in the Research Paper that LLaMA was trained on "the Books3 section of ThePile" that Plaintiffs' books were included in LLaMA's training dataset." RJN at 3. However, Plaintiffs' Complaint states, "Meta's paper on LLaMA does not further describe the contents of Books3 or ThePile. . . . But that information is available elsewhere." Compl. ¶¶ 23-24. Meta skips a step in the inferential chain in reaching its incorrect conclusion that the Research Paper forms the basis of Plaintiffs' claims. The inferential jump undermines Meta's position that the Research Paper is the basis of Plaintiffs' claims. Indeed, the Research Paper states LLaMA is trained on "the Books3 section of ThePile . . . a publicly available dataset for training large language models." ECF No. 23-3 at 3. Plaintiffs rely on limited discrete sections of the Research Paper in conjunction with many other sources to provide context to their allegations. Compl. ¶¶ 23-30. It is wrong to suggest that the Research Paper at issue forms the basis of Plaintiffs' claims when there is no extensive reliance on the Research Paper in the Complaint. Defendant here seeks to do what the *Khoja* decision explicitly warns

against: engage in unsubstantiated misuse of extrinsic documents to resolve disputed facts. Defendant's request must be denied, consistent with *Khoja*, 899 F.3d at 998.

C.   **Exhibits 3 & 4 – Merriam Webster Definitions**

Defendant requests this Court take Judicial Notice of the Merriam-Webster definitions of "Omit" and "Removal." Meta fails to meet the requisite standard with respect to judicial notice of the definitions "omit" and "removal." It is true that Courts use dictionary definitions "to determine the plain, unambiguous, and common meanings of terms." *United States v. Wealth & Tax Advisory Servs., Inc.*, 526 F. 3d 528, 530 (9th Cir. 2008). Courts, however, may not judicially notice any matter that is reasonably disputed. *Lee v. City of L.A.*, 250 F. 3d 668, 689-90 (9th Cir. 2001). Taking judicial notice of facts that are in dispute converts a Rule 12(b)(6) motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. *Moore, v. EO Prods. LLC,* No. 22-CV-07618-JST, 2023 WL 6391480, at *2 (N.D. Cal. Sept. 29, 2023). That is what Meta requests the Court do here. Plaintiffs disagree over the meaning of "omit" in the context of removal of Plaintiffs' CMI. Compl. ¶¶ 52, 53. Indeed how Meta digitally scraped Plaintiffs' Copyrighted Works is a significant and nuanced issue of fact in this matter. Because there is a reasonable disagreement over the meaning of the words "omit" and "removal," the Court should not judicially notice these definitions as controlling.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Meta's Request for Consideration of Documents under the Incorporation by Reference Doctrine and for Judicial Notice.

Dated: October 18, 2023                           By: */s/ Joseph R. Saveri*
                                                       Joseph R. Saveri

                                          Joseph R. Saveri (State Bar No. 130064)
                                          Cadio Zirpoli (State Bar No. 179108)
                                          Christopher K.L. Young (State Bar No. 318371)
                                          Louis A. Kessler (State Bar No. 243703)
                                          Kathleen J. McMahon (State Bar No. 340007)
                                          **JOSEPH SAVERI LAW FIRM, LLP**
                                          601 California Street, Suite 1000
                                          San Francisco, California 94108

| | |
|---|---|
| Telephone: | (415) 500-6800 |
| Facsimile: | (415) 395-9940 |
| Email: | jsaveri@saverilawfirm.com |
| | czirpoli@saverilawfirm.com |
| | cyoung@saverilawfirm.com |
| | lkessler@saverilawfirm.com |
| | kmcmahon@saverilawfirm.com |

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027

| | |
|---|---|
| Telephone: | (323) 968-2632 |
| Facsimile: | (415) 395-9940 |
| Email: | mb@buttericklaw.com |

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*