COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Facsimile: (646) 906-8657

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, an individual; SARAH SILVERMAN, an individual; CHRISTOPHER GOLDEN, an individual, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br> Defendant. | Case No. 3:23-cv-03417-VC <br><br> **DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT AND FOR JUDICIAL NOTICE** <br><br> Date:   November 9, 2023 <br> Time:   10:00 a.m. <br> Dept:   Courtroom 4 – 17th Floor <br> Judge:  Vince Chhabria <br><br> Trial Date: None <br> Date Action Filed: July 7, 2023 |

## I. INTRODUCTION

With its Motion to Dismiss the Complaint (Dkt. 23) ("Motion to Dismiss"), Defendant Meta Platforms, Inc. ("Meta" or "Defendant") filed a Request for Consideration of Documents Incorporated by Reference into the Complaint and for Judicial Notice (Dkt. 24) ("RJN"), asking the Court to take judicial notice of Exhibits 1–4 to the Declaration of Judd Lauter (Dkt. 23-1) ("Lauter Declaration") and also asserting that Exhibits 1 and 2 are incorporated by reference in the Complaint (Dkt. 1).  Plaintiffs Richard Kadrey, Sarah Silverman, and Christopher Golden (collectively, "Plaintiffs") filed an Opposition to Defendant's RJN (Dkt. 36) ("RJN Opposition"), asking the Court to deny Meta's RJN because (1) Exhibits 1 and 2 are not extensively relied on in the Complaint and (2) the exhibits contain facts that are disputed.  For the reasons set forth below, Meta's RJN should be granted in full, and Plaintiff's baseless objections rejected.

## II. ARGUMENT

Plaintiff do not refute Meta's arguments relating to Exhibits 1 through 4 to the Lauter Declaration, which are incorporated by reference into the Complaint or are the proper subject of judicial notice under Federal Rule of Evidence 201 ("Rule 201").  Exhibits 3 and 4, which are dictionary definitions, are quintessential examples of evidence of which the Court may take judicial notice.  Plaintiffs' RJN Opposition does not present a meaningful dispute as to the accuracy of these definitions.

### A. Exhibits 1 and 2 Are Incorporated by Reference in the Complaint

In the RJN Opposition, Plaintiffs ostensibly ask that the Court only consider the portions of Exhibits 1 and 2 that they have selectively quoted in the Complaint, while ignoring the remainder of the documents.  This is precisely what the incorporation by reference documents seeks to prevent. *See Khoja*, 899 F.3d at 1002 (doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (same).  Both exhibits are properly considered in their entireties.

**Exhibit 1:** Plaintiffs argue the Court should not consider Exhibit 1 because they did not refer "extensively" to the document in the Complaint and the facts contained therein are subject to

1   reasonable dispute. Notably, Plaintiffs do not dispute the authenticity of Exhibit 1, nor do they
2   claim that the information Meta cites from the Blog Post that is not referenced in the Complaint
3   (i.e., information regarding how large language models function, generally, and Meta's motivation
4   for developing LLaMA (Motion to Dismiss at 1)) is inaccurate. Rather, Plaintiffs argue that the
5   very statement they quote in the Complaint as to who received the LLaMA models is disputed.
6   (RJN Opposition at 3.) Although Plaintiffs attempt to cast doubt as to whether Meta adhered to its
7   stated criteria for distribution of LLaMA, they do not and cannot deny that Meta has publicly
8   announced such criteria. In fact, the Complaint alleges no facts suggesting that Meta did not release
9   LLaMA on a noncommercial basis to academic researchers, those affiliated with organizations in
10  government civil society, and academia, and industry research laboratories. Plaintiffs only allege
11  that that Meta "has not disclosed" its criteria, who received the LLaMA models, or whether it
12  adhered to its stated criteria. (Complaint at ¶ 32.) This does not create a dispute over the
13  consideration of this referenced document.

14   Moreover, Plaintiffs do not dispute that Exhibit 1 forms the basis for at least some of their
15  claims. A document is "incorporated by reference into a complaint if the plaintiff refers extensively
16  to the document **or the document forms the basis of the plaintiff's claim**." *Ritchie*, 342 F.3d at
17  908 (emphasis added); *see also Khoja*, 899 F.3d at 1002. The announcement in the Blog Post
18  underlies Plaintiffs allegation that "Meta has in fact distributed the LLaMA models to certain
19  people and entities [and] continues to do so." (Complaint at ¶ 32.) These allegations form the basis
20  of Plaintiffs' claims that Meta distributed LLaMA in violation of Section 1202 of the Digital
21  Millennium Copyright Act ("DMCA"). (*See, e.g.*, Complaint ¶¶ 47–53.) This exhibit is properly
22  considered under the incorporation by reference doctrine.

23   **Exhibit 2:** Plaintiffs argue that the Research Paper does not form the basis of their claims
24  because of the "inferential jump" required to connect Plaintiffs' books to the referenced Books3
25  section of ThePile. (RJN Opposition at 4.) This is nonsensical. Without the reference to Books3
26  in the Research Paper, Plaintiffs would not have looked "elsewhere" for information as to Books3's
27  contents. (Complaint at ¶ 24.) And if Plaintiffs now contend that the statement from the Research
28  Paper was false, then Plaintiffs cannot plausibly allege that the LLaMA models were trained on

their books – a key allegation underlying Claim 1 of the Complaint. By their own admission, Exhibit 2 clearly forms the basis of Plaintiffs' claims. *Ritchie*, 342 F.3d at 908.

Moreover, because Plaintiffs rely on the accuracy of the Research Paper as to the LLaMA models' training dataset, the Court may consider the entirety of the paper in deciding Meta's Motion to Dismiss. Again, Plaintiffs cannot select only the portions of the Research Paper they believe support their claims, while omitting the rest. *Khoja*, 899 F.3d at 1003. Their argument that they "refer to two discrete sections and one table out of the entire 27-page Research Paper" does not help them. (RJN Opposition at 4.) In *Stewart v. Kodiak Cakes, LLC*, a case Plaintiffs themselves cite, the court found that the inclusion of "at least two inserted pictures taken from Defendant's online store" was sufficient for the Court to consider the advertising on Defendant's website as a proper subject of incorporation-by-reference. 537 F. Supp. 3d 1103, 1122. This exhibit, too, is properly considered under the incorporation by reference doctrine.

### B.  The Court Should Take Judicial Notice of Dictionary Definitions

Plaintiffs quarrel with Exhibits 3 and 4 to the Lauter Declaration, which are dictionary entries for the words "remove" and "omit," because they "disagree over the meaning of 'omit' in the context of removal of Plaintiffs' CMI." (RJN Opposition at 5.) Plaintiffs do not assert (nor can they) that the Merriam-Webster definitions are inaccurate, nor do Plaintiffs provide alternative meanings of the terms that would make a leading dictionary's definitions inadmissible. Plaintiffs do not dispute well-established establishing that dictionary definitions are proper subjects for judicial notice. *Threshold Enters.*, 445 F. Supp. 3d at 146; *Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009); *Dinan v. SanDisk LLC*, No. 18-cv-5420, 2020 WL 364277, at *5 (N.D. Cal. Jan. 22, 2020), *aff'd*, 844 F. App'x 978 (9th Cir. 2021). Meta relies on Exhibits 3 and 4 to provide the "plain, unambiguous, and common meanings" of "remove" and "omit," which the Court may properly consider as to whether Meta "removed" Plaintiff's copyright management information, as is required under Section 1202(b) of the DMCA. That Plaintiffs might argue that the Court should interpret the language of the statute differently does not change their plain English definitions. The Court therefore *must* take judicial notice of Exhibits 3 and 4 to the Lauter Declaration. Federal Rule of Evidence 201 (a court "must take judicial notice if a party requests it

and the court is supplied with the necessary information" so long as the fact is one that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

### III. CONCLUSION

For the foregoing reasons, the Court should consider Exhibits 1 and 2 to the Lauter Declaration as incorporated by reference in the Complaint and Exhibits 3 and 4 to the Lauter Declaration as the proper subject of judicial notice under Rule 201 in ruling on Meta's motion to dismiss the Complaint.

Dated: November 1, 2023

COOLEY LLP

By: /s/ Bobby Ghajar
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

Attorneys for Defendant
META PLATFORMS, INC