[counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| RICHARD KADREY, et al.,<br><br>  Individual and Representative Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>         Defendant. | Lead Case No. 3:23-cv-03417-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Trial Date:   None<br>Date Action Filed: July 7, 2023 |

Pursuant to Rule 26(f)(2), Civil Local Rule 16-9(a), and ECF No. 61, Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, Jacqueline Woodson, and the proposed class (collectively, "Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta" or "Defendant") hereby submit this Joint Rule 26(f) Report and Case Management Statement in advance of the Case Management Conference scheduled for January 10, 2024. Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on Tuesday, November 14, 2023, during which the parties, by and through their undersigned counsel, met and conferred concerning the topics set forth in Rule 26(f), the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information, and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement.

**A.** **Jurisdiction & Service**

This Court has subject matter jurisdiction over all of Plaintiffs' claims under 28 U.S.C. § 1331 and Defendant does not challenge personal jurisdiction. No parties remain to be served.

**B.** **Facts and Legal Issues**

Plaintiffs' Statement:

On July 7, 2023, Plaintiffs Sarah Silverman, Christopher Golden, and Richard Kadrey filed their Complaint (ECF No. 1) alleging Defendant engaged in actions related to the creation, maintenance, and operation of its generative AI language models that violate Plaintiffs' rights under federal copyright law and state law--Direct Copyright Infringement (17 U.S.C. § 106), Vicarious Copyright Infringement (17 U.S.C. § 106), the Digital Millennium Copyright Act – Removal of Copyright Management Information ("CMI") (17 U.S.C. § 1202 (b)) ("the DMCA"), Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), Negligence, and Unjust Enrichment. Plaintiffs are demanding a trial by jury on all claims for which a jury is permitted.

On November 20, 2023, this Court ruled on Defendant's Motion to Dismiss. ECF No. 56. Shortly thereafter, on December 7, 2023, this Court consolidated the two related cases, closing the later-filed action. ECF No. 62. On December 11, 2023, Plaintiffs then filed their First Consolidated Amended Complaint (ECF No. 64) ("FCAC"), with one claim for relief: Direct Copyright Infringement (17 U.S.C. § 106), which Defendant did not challenge in its earlier Motion to Dismiss. *See* ECF No. 23.

Plaintiffs are writers who own copyrights in works that Defendant used to train its language models. Plaintiffs allege that Defendant copied Plaintiffs' works in order to train Defendant's language models. Defendant develops AI-based products, including generative AI language models such as Llama and Llama 2. Plaintiffs also allege that Defendant violated their rights when copying Plaintiffs' works to train (i.e., the process by which an AI program can "learn" how to emit convincing simulations of natural written language as it appears in the training dataset) its language models without permission.

The principal facts in dispute include (a) whether each of the named Plaintiffs' copyrighted works were used to train Meta's large language models, (b) whether Defendant made unauthorized copies of those works, and (c) whether Defendant willfully infringed Plaintiffs' copyrighted works.

<u>Defendant's Statement:</u>

***Brief Description of Facts***

On July 7, 2023, Plaintiffs Richard Kadrey, Sarah Silverman, and Christopher Golden filed a Complaint (ECF No. 1)[1] alleging Meta engaged in actions related to the creation, maintenance, and operation of the Llama large language models that violate Plaintiffs' rights under theories of direct copyright infringement (17 U.S.C. § 106), vicarious copyright infringement (17 U.S.C. § 106), the unlawful removal of copyright management information ("CMI") under the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 1202 (b)), unfair

---

[1] Referred to herein as the "*Kadrey* Action."  Unless otherwise indicated, "ECF No. __" refers to filings in the *Kadrey* Action.

competition under California state law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), negligence, and unjust enrichment.

On September 12, 2023, Plaintiffs Michael Chabon, Matthew Klam, David Henry Hwang, Rachel Louise Snyder, Ayelet Waldman filed their complaint in *Chabon, et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-04663-VC (N.D. Cal. Sept. 12, 2023)[2], which asserted substantially identical allegations and claims and was related to the *Kadrey* Action on September 22, 2023 (ECF No. 31).  The *Chabon* Action was amended on October 5, 2023 to add Ta-Nehisi Coates, Laura Lippman, Jacqueline Woodson, Junot Diaz, and Andrew Sean Greer as named plaintiffs (ECF No. 16, *Chabon* Action).[3]

Meta is a technology company focused on developing tools that help people connect, communicate, and build communities, such as Facebook, Instagram, Threads, and WhatsApp. For years, Meta has been at the forefront of research on artificial intelligence and has taken on a unique role within the field by sharing its technologies with the public.  Meta believes that democratizing access to powerful AI technologies will spur further research and innovation.

Last year, Meta released a series of Llama models free of charge.  The open source and developer communities have rapidly embraced the models, with numerous researchers, innovators, and startups utilizing Llama for everything from advancing medical research[4] to chatbots that can understand context around particular small businesses and thereby assist with

---

[2] Referred to herein as the "*Chabon* Action."

[3] On October 17, 2023, Plaintiffs Mike Huckabee, David Kinnaman, Tsh Oxenreider, Lysa TerKeurst, and John Blasé, Relevate Group, Inc., filed a similar action in the Southern District of New York against Meta, Microsoft, and others, alleging claims virtually identical to those in the *Kadrey* and *Chabon* Actions (the "*Huckabee* Action").  On December 22, 2023, the *Huckabee* Plaintiffs, Meta, and Microsoft stipulated to severing and transferring the claims against Meta and Microsoft to the Northern District of California given the absence of any relationship between the claims and the forum.  On December 28, 2023, the New York district court granted the stipulation and ordered that the matter be transferred.  That same day, this District opened a new case captioned *Huckabee et al. v. Meta Platforms, Inc. et al.*, Case No. 3:23-cv-06663, and assigned the action to Magistrate Judge Tse.  *See* Part "I," below.

[4] *See* Chaoyi Wu et al., "PMC-LLaMA: Towards Building Open-source Language Models for Medicine" (Aug. 25, 2023), available at: https://arxiv.org/pdf/2304.14454.pdf.

filling out forms, editing marketing materials, and providing analytics.[5] Plaintiffs allege that they are writers who own copyrights in certain literary works that were included in a modeling data set created by a third party.  Plaintiffs allege that this data set was among the various data sources used to train Meta's Llama large language models.

On September 18, 2023, Meta filed a motion to dismiss (ECF No. 23) under Rule 12(b)(6) directed to Plaintiffs' claims in the initial complaints in the *Kadrey* and *Chabon* actions, with the exception of their claim for direct copyright infringement based on Meta's alleged copying of their works to train Llama.  The Court granted the motion on November 20, 2023 (ECF No. 24, *Chabon* Action; ECF No. 56, *Kadrey* Action), concluding that Plaintiffs failed to plead plausible claims that Llama itself is a "derivative infringing work," that Meta is liable for vicarious copyright infringement, or that Meta has violated various Copyright Management Information provisions of the DMCA, and also dismissing their state law unfair competition, unjust enrichment, and negligence claims.

Given leave to amend all of the dismissed claims except for the state law negligence claim, on December 11, 2023, Plaintiffs filed their First Amended Consolidated Complaint (ECF No. 64, the "FCAC").  The FCAC repeats the claim that Meta directly infringed Plaintiffs' copyrights in certain registered literary works by allegedly creating unauthorized copies of those works in order to train Llama.  (ECF No. 64, ¶¶ 79-81.)  The FCAC does not advance the other claims that the Court previously dismissed.

Although discovery has just begun, Meta preliminarily identifies the following principal facts in dispute: (a) whether each of the Plaintiffs have valid, subsisting copyrights in each of the asserted works; (b) whether Meta violated Plaintiffs' copyrights by allegedly creating unauthorized "copies" of each of the named Plaintiffs' copyrighted works to train Llama; (c) whether Plaintiffs' asserted works were registered prior to the alleged infringement and prior to the filing of the initial complaints in the *Kadrey* Action and the *Chabon* Action, respectively; (d)

---

[5] *See* Shopify, "AI Designed for Commerce," Shopify Home Page, available at:https://www.shopify.com/magic.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

whether Plaintiffs have been injured by the alleged infringement; (e) whether Meta's use of Plaintiffs' works, if any, constituted fair use, including due to the transformative nature of the use and the lack of an adverse impact on the market for or value of Plaintiffs' allegedly infringed works.

### Legal Issues

Meta denies that it is liable for any alleged violation of Plaintiffs' rights that may have occurred during the process of sourcing data to train Llama and/or during the training of the Llama models.  Separately, fair use "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1196, 209 L. Ed. 2d 311 (2021). To the extent that a copy of Plaintiffs' works was made in the process of training Llama, such use was fair as a matter of law.  *Id.  See also*, *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992); *Authors Guild v. Google Inc.*, 805 F.3d 202 (2d. Cir. 2015); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87 (2d Cir. 2014). Meta also denies that Plaintiffs have been injured by any alleged infringement; if infringement were to be established, Meta reserves its rights to respond to any arguments by Plaintiffs with respect to entitlement to, and/or the amount of, any actual or statutory damages.

Meta also denies that Plaintiffs' putative class can satisfy Rule 23.

## C.    Motions

On September 18, 2023, Meta filed a Motion to Dismiss Count I, in part, and Counts II through VI in the *Kadrey* Action (ECF No. 23) and, by order of the Court (ECF No. 8, *Chabon* Action) and stipulation between the Parties (ECF No. 18, *Chabon* Action), the *Chabon* Action. On November 20, 2023, Meta's motion to dismiss was granted. ECF No. 24, *Chabon* Action; ECF No. 56, *Kadrey* Action.

On September 19, 2023, the Parties filed a stipulated motion to relate *Chabon, et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-04663-VC (N.D. Cal. Sept. 12, 2023) ("Chabon Action") (ECF No. 28).  That motion was granted on September 22, 2023 (ECF No. 31).

On December 5, 2023, Plaintiffs stipulated to consolidation of the *Chabon* Action with this proceeding (ECF No. 60), which was granted by the Court on December 7, 2023. ECF No. 62.

On December 21, 2023, Plaintiffs filed a Motion to Appoint Lead Plaintiff and Lead Counsel (ECF No. 65).

After the FCAC was filed, Meta informed Plaintiffs it believes certain information included in the FCAC is protected by the attorney-client privilege. While Plaintiffs do not agree that the information identified by Meta is privileged, Plaintiffs agreed to seek court approval to replace the public version of the FCAC filed on December 11, 2023 with a redacted copy (ECF No. 68). On December 22, 2023, the Parties filed a joint administrative motion to seal, and to remove and replace the FCAC (ECF Nos. 67-68). The Parties are continuing to meet and confer regarding the dispute and intend to present the dispute to the Court in due course.

On December 22, 2023, the Parties filed a stipulation and proposed order extending the time for Meta to respond to the FCAC to January 10, 2024 (ECF No. 66), which was granted by the Court on December 29, 2023 (ECF No. 70).

The Parties anticipate filing a motion to relate and potentially consolidate the *Huckabee* action with the *Kadrey* action.

Further, as the case proceeds, the Parties anticipate a motion for class certification, summary judgment motions, and, potentially, discovery motions.

**D.     Amendments to Pleadings**

The Complaint has been amended once. *See* ECF No. 64. The FCAC is the current operative Complaint.

As set forth in Section P below, Meta proposes a deadline of March 1, 2024 for Plaintiffs to file any further amended pleadings.

**E.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding

reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the action. The Parties have assured each other that they have taken and will continue to take all appropriate steps to preserve evidence for this case. The Parties will meet and confer should any issues arise regarding preservation.

**F.      Disclosures**

The Parties exchanged initial disclosures on December 1, 2023 pursuant to Rule 26(a)(1)(A). The Parties will supplement Initial Disclosures as necessary, as required by Rule 26(e).

**G.      Discovery**

**1.      Scope of Discovery**

The Parties agree that discovery is governed by the Federal Rules of Civil Procedure. The Parties anticipate having to account for some discoverable data being too voluminous to produce and will discuss potential alternatives to complete production of such data. The Parties will continue to meet and confer on this topic.

The Parties have commenced written discovery.

The Parties will meet and confer on any discovery disputes that may arise in an effort to resolve them without court intervention. The Parties agree to electronic service in all instances where such service is necessary.

**Subjects of Discovery from Defendant:** The following is a non-exhaustive list of subjects that Plaintiffs plan to pursue in discovery. Plaintiffs reserve all rights to expand upon these subject areas as the case proceeds:

- The interactions between Class members (including Plaintiffs) and Defendant, including but not limited to requests and/or demands from the owners of works used to train language models regarding Defendant's use of their works.

- The planning for, creation, operation, modification, distribution, and maintenance of Meta's language models, including but not limited to their source code.

- Efforts by Defendant to obtain licenses or other permission to use works used to train its language models.

- Defendant's organizational structures related to its language models.

- Contracts or other agreements between Defendant and Plaintiffs, and Defendant and third parties that relate to its language models.

- Defendant's organizational structures and corporate documents.

- Information regarding all materials used to train Defendant's language models, including the materials themselves.

- Facts related to affirmative defenses raised by Defendant.

- Defendant's policies regarding any use of copyrighted material.

- Defendant's interactions with government entities regarding their language models, including any submissions, requests for information or documents, testimony, and correspondence.

- Defendant's participation in other lawsuits or proceedings regarding its language models.

Defendant reserves all rights to object to Plaintiffs' efforts to seek discovery into such matters.

**Subjects of Discovery from Plaintiffs:** The following is a non-exhaustive list of subjects about which Defendant may seek discovery from Plaintiffs. Defendant reserves all rights to expand upon these subject areas as the case proceeds:

- Plaintiffs' purported ownership of the works that they assert as a basis for the FCAC (the "asserted works").

- Copyright registrations associated with the asserted works

- Plaintiffs' asserted works, including their creation, publication, and contents

- Plaintiffs' licensing and distribution of the asserted works

- Plaintiffs' lack of harm from Meta's conduct alleged in the FCAC

- Any alleged injury suffered by Plaintiffs from Meta's conduct alleged in the FCAC

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

- Uses of generative AI, including but not limited to Llama, by Plaintiffs and individuals acting on their behalf

Plaintiffs reserve all rights to object to Defendant's efforts to seek discovery into such matters.

**2.      Discovery Limits**

The Parties have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure.  The Parties agree that the applicable limits shall apply to each side, as opposed to each party. With respect to depositions, Defendant believes that a total of seventy (70) hours of depositions per side (not including expert depositions), with each side permitted to take no more than 15 depositions. Plaintiffs have indicated the likelihood they will require expansion of the limits on the number of depositions and interrogatories and believe it is premature to limit the number of depositions.  Defendant reserves its right to object to any future request by Plaintiffs for expansion of the applicable discovery limits.

**3.      Production of Electronically Stored Information**

The Parties have met and conferred pursuant to Rule 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties will continue to meet and confer on this topic in an attempt to come to agreement on a stipulated order regarding discovery and production of ESI to submit to the Court. The Parties agree to meet and confer regarding an appropriate stipulated order governing electronically stored information.

**4.      Protective Order**

The Parties have begun to discuss an appropriate protective order for confidential materials based on this Court's model orders and are working on a draft stipulated protective order to be entered by this Court. The Parties will continue to meet and confer on this topic in an attempt to come to agreement on a protective order to submit to the Court.

**5.      Privilege**

The Parties have begun to discuss whether a stipulated Privileged Materials Order under Rule 502(d) will be needed and will meet and confer further to determine the details if one is necessary.

**6.      Deposition Logistics**

Plaintiffs believe that in-person depositions are appropriate for all witnesses where they reside.

As a general matter, Defendant does not object to in-person depositions where witnesses reside and where feasible, but believes the parties should meet and confer in good faith on a deposition-by-deposition basis in the event other logistics (*e.g.*, video depositions or other locations) may be more appropriate or convenient for particular party or third party depositions.

The Parties will meet and confer should any disputes arise as to the location of depositions and/or use of remote depositions.

**7.      Discovery Issues and Potential Disputes**

. The Parties will meet and confer on any discovery disputes that may arise in an effort to resolve the disputes without court intervention.

The Parties agree to electronic service in all instances where service is necessary and will exchange service lists.

**H.      Class Action**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiffs' Statement</u>**:**

Plaintiffs purport to bring this class action on behalf of themselves, and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), on behalf of the following Class:

> All persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for any version of the Llama language models between July 7, 2020 and the present.

Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since much of that information is within the control of Defendant. Upon information and belief, Plaintiffs allege that there are millions of class members. Plaintiffs allege that their claims are typical of the proposed class's claims because they allege that, like all class members, their copyright-protected works were used to train a Meta Language Model. Plaintiffs allege that all class members have been similarly injured by Defendant's conduct. Plaintiffs also allege that there are numerous questions of law or fact common to the class, and that those issues predominate over any questions affecting only individual class members. The common legal and factual issues include the following:

- Whether Defendants' copying and downloading of the class's copyrighted works and using them to train the Llama 1 and Llama 2 language models constitute copyright infringement;

- Whether any statutes of limitation limit Plaintiffs' and the class's potential for recovery;

- Whether Defendant willfully infringed, subjecting the Defendant to enhanced statutory damages under 17 U.S.C. § 104(c);

- Whether Defendants' copying and downloading of the class's copyrighted works was fair use; and

- Whether Class members were harmed by Meta's copying and downloading of the class's Works to train the Llama 1 and Llama 2 language models, and/or whether class members are entitled to damages, including statutory damages, and the amount of such damages.

Plaintiffs belief that phased discovery will not be necessary in this case.

With respect to sequencing of dispositive motions and class certification, Meta's proposed schedule contravenes Rule 23. "[T]he history of the development of Rule 23(c)(2) makes clear that the rule was adopted to prevent 'one-way intervention'—that is, the intervention of a plaintiff in a class action after an adjudication favoring the class had taken place."

*Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995). Under the one-way intervention rule, district courts generally do not grant motions for summary judgment by plaintiffs on the merits of a class action until the class has been properly certified and notified. *Moore v. Mars Petcare US, Inc.*, No. 16-CV-07001-MMC, 2021 WL 6063577, at *2 (N.D. Cal. Dec. 22, 2021). Nothing prevents Defendant from seeking early summary judgment before class certification even if a schedule contemplates dispositive motions after class certification. Such a motion, however, would waive the right to have any judgment bind the proposed class. *Schwarzschild*, 69 F.3d at 297. Under Meta's proposed schedule, however, Plaintiffs would be required to file summary judgment motions before class certification, in violation of the one way intervention rule. In other words, under Defendant's proposal, Plaintiffs will also be precluded from moving for summary judgment *after* class certification, which would run counter to the framework of Rule 23. One Court in this district has already rejected a similar schedule in another class action. *Tremblay v. OpenAI, Inc.*, Case No. 23-cv-04625-AMO (N.D. Cal. Nov. 28, 2023), ECF No. 29 at 13 (denying request to sequence summary judgment before class certification in generative AI class action).

  <u>Defendant's Statement</u>:

  Meta disputes Plaintiffs' class certification arguments herein and maintains that a class cannot be certified in this action consistent with the requirements of Rule 23.  Meta further believes that consideration of class certification issues would be inappropriate until after the Court rules on certain dispositive motions on merits issues, such as whether Meta's alleged use of Plaintiffs' works qualifies as fair use under the Copyright Act.  *See, e.g.*, *Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132 (2d Cir. 2013) (holding that certification in class action copyright case was premature prior to determination of defendant's fair use defense).  This approach is also consistent with this Court's Standing Order for Civil Cases (at p. 12, ¶ 50), and Meta believes that adopting such an approach will be more efficient for the parties and the Court. Meta has proposed a schedule in **Part "P"** below that reflects this approach.

  Meta did not receive Plaintiffs' cases in support of their proposed sequencing of

summary judgment and class certification until the evening of January 5, 2024 – the deadline to file this statement.  Therefore, if the Court is inclined to consider Plaintiffs' authorities, Meta would welcome the opportunity to submit a brief in support of its proposed sequencing.

**I.      Related Case**

As discussed above, the two related actions pending in this District have been consolidated by this Court and the *Huckabee* Action has been transferred to this District (*see supra* n.3).

Plaintiffs' Statement: The *Huckabee* Action includes some duplicative causes of action, one common Defendant, and was recently ordered transferred to this District. *See Huckabee*, ECF No. 69, entered December 28, 2023.

Meta's Statement:   The *Huckabee* Action, currently assigned to Magistrate Judge Tse, is a "related case" under Civil Local Rule 3-12(a) and should be reassigned to this Court.  The allegations against Meta and Microsoft in the *Huckabee* Action are duplicative of (and in many instances verbatim copies of) allegations in the initial Complaint here.  Although the *Huckabee* Action names Microsoft as an additional defendant, it does so based on the allegation that Microsoft was Meta's "partner" in the development of the same Llama large language model at issue in the present case.  (*Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 3:23-CV-06663 (N.D. Cal.), ECF No. 1, ¶¶ 57, 77.)  The *Huckabee* Action and the present action also propose substantially identical putative classes.

**J.      Relief**

Plaintiffs' Statement:  Plaintiffs seek two forms of relief—injunctive relief to preclude further harm to them through the operation of Meta language models, and money damages, which would be calculated after discovery reveals the number of violations committed during the Class Period and other facts not currently available to Plaintiffs. Damages will either be set by statute or based upon Defendant's profit resulting from the violations alleged by Plaintiffs. Plaintiffs reserve the right to seek attorneys' fees and costs as allowed by statute or otherwise.

Defendant's Statement:  Meta reserves all rights, claims, and defenses available to it

under the law, including to seek attorneys' fees as to the copyright claims on which Meta has already prevailed and as otherwise available under the law at the conclusion of the case.

Meta denies that Plaintiffs are entitled to any damages, permanent injunction, or other relief whatsoever, or that the class alleged in the FCAC can be certified. Meta believes it is premature to opine on methods of calculating potential damages.

**K.    Consent to Magistrate Judge**

The Parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. *See* ECF No. 10.

**L.    Other References**

The Parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

The Parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**M.    Settlement and ADR**

The Parties have complied with ADR L-R 3.5. The Parties have agreed to discuss settlement in the near term and with this Court at the upcoming Case Management Conference.

The Parties would be amenable to having the case referred to a magistrate judge for settlement. Given the complexity associated with settling class actions and the nature of these disputes, an experienced judicial officer may be helpful to improve the chances of attaining an appropriate settlement.

**N.    Narrowing of Issues**

The Parties met and conferred about a perceived ambiguity in Paragraph 80 of the FCAC, which refers to "derivative works." Meta sought Plaintiffs' assurance that this paragraph is not intended to assert a claim of copyright infringement based on the alleged creation by Meta of a "derivative work," a claim that the Court had previously dismissed on Meta's motion to dismiss. Plaintiffs represent that Paragraph 80 is a factual allegation, which, among other things, is plainly material and does not seek to in any way circumvent the Court's order and it is not an

allegation that Meta has, in fact, created a derivative work.  Based on Plaintiffs' representation, Meta will not file a motion to strike that allegation.

Other than the dismissal of certain causes of action following Defendant's Motion to Dismiss, no issues have yet been narrowed by agreement or by motion, except that The Parties agree to meet and confer about narrowing potential issues should the circumstances of the case change.  The Parties may later file one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues.

**O.      Expedited Trial Procedures**

The Parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

P.       **Scheduling**

<u>Plaintiffs' Position</u>:

Plaintiffs believe that this case can benefit from careful case management and proposing

a case schedule serves that goal. Plaintiffs propose the following schedule:

| Scheduled Case Event | Date Set by the Court |
|---|---|
| Deadline to respond to FCAC | January 10, 2024 |
| Deadline to file Opposition to any motion filed in response to FCAC | February 9, 2024 |
| Deadline to file Reply in support of any motion filed in response to FCAC | February 23, 2024 |
| **Unscheduled Case Event** | **Plaintiffs' Proposed Date** |
| Close of written and documentary fact discovery | Thursday, March 27, 2025 |
| **Close of fact discovery including non-expert depositions** | Wednesday, June 25, 2025 |
| **Deadline for Plaintiffs' expert reports** | Friday, August 8, 2025 |
| **Deadline for Defendant's expert reports** | Monday, September 8, 2025 |
| **Deadline for Plaintiffs' rebuttal expert reports** | Wednesday, October 8, 2025 |
| **Close of expert discovery** | Friday, November 7, 2025 |
| **Deadline for motions for class certification, and Daubert motions** | Friday, December 12, 2025 |
| **Deadline for oppositions to class certification, and *Daubert* motions** | Monday, January 26, 2026 |
| **Deadline for replies in support of motions for class certification, and *Daubert* motions** | Wednesday, March 11, 2026 |
| **Deadline for motions for summary judgment.** | Monday, April 27, 2026 |
| **Deadline for oppositions to motions for summary judgment.** | Thursday, June 11, 2026 |
| **Deadline for replies in support of motions for summary judgment.** | Friday, July 10, 2026 |
| **Class certification, summary judgment, and Daubert hearing** | To be set by Court |
| **Deadline for joint pre-trial statement** | Friday, September 25, 2026 |
| **Final pre-trial conference** | Tuesday, September 29, 2026 |
| **Trial Begins** | Monday, October 5, 2026 |

Meta's Position:

As explained in Meta's section of Part "H" above ("Class Action"), Meta believes that consideration of class certification (and scheduling of trial) would be premature until after the Court has addressed potentially dispositive merits issues such as fair use.  As noted above, this was the approach adopted by the Second Circuit in *Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132 (2d Cir. 2013), which held that the district court erred in ruling on class certification in a class action copyright case involving the alleged infringement of books prior to resolving defendant's fair use defense.  Resolving dispositive merits issues prior to class certification also comports with this Court's Standing Order for Civil Cases (at p. 12, ¶ 50 ("At the initial case management conference, the parties should be prepared to discuss whether they prefer to litigate cross-motions for summary judgment on liability with respect to the named plaintiffs before litigating the issue of class certification. The Court is of the view that this approach will often save a great deal of time and money….")).

Separately, Meta believes that Plaintiffs' proposed setting of a trial date is premature as any ruling by the Court on class certification could be subject to immediate interlocutory appeal to the Ninth Circuit.  *See* Fed. R. Civ. P. 23(f).  The timing of the Ninth Circuit's resolution of any such appeal on class certification is unknown.

Accordingly, Meta respectfully proposes a schedule for fact and expert discovery, and dispositive motions, limited to the merits of Plaintiffs' copyright claim, with further scheduling of proceedings on class certification and determination of a trial date, if necessary, through further Case Management Conferences after the Court's ruling on dispositive merits motions:

| Scheduled Case Event | Date Set by the Court |
|---|---|
| Deadline to respond to FCAC | January 10, 2024 |
| Deadline to file Opposition to any motion filed in response to FCAC | February 9, 2024 |
| Deadline to file Reply in support of any motion filed in response to FCAC | February 23, 2024 |
| **Unscheduled Case Event** | **Meta's Proposed Date** |
| Deadline for Plaintiffs to amend pleadings | March 1, 2024 |
| Close of fact discovery on Plaintiffs' copyright claim | Friday, October 11, 2024 |

| | |
|---|---|
| **Deadline for service of** Plaintiffs' **opening expert report(s)** on Plaintiffs' copyright claim | Friday, November 15, 2024 |
| **Deadline for service of Meta's** rebuttal **expert report(s)** | Friday, December 20, 2024 |
| **Close of expert discovery** | Friday, January 31, 2025 |
| **Deadline for** filing dispositive/**summary judgment motion(s) on Plaintiffs' copyright claim** | Friday, February 21, 2025 |
| Deadline for filing opposition brief(s) to dispositive/summary judgment motion(s) | Friday, March 21, 2025 |
| Deadline for filing reply brief(s) in support of dispositive/summary judgment motion(s) | Friday, April 11, 2025 |
| Hearing on dispositive/summary judgment motions | To be set by the Court |

**Q.     Trial**

Plaintiffs have requested a trial by jury on all claims allowed.

**R.     Length of Trial**

Plaintiffs believe trial will last at least ten trial days. Plaintiffs propose that time be split evenly between Defendant and Plaintiffs.

Defendant believes that it is premature to determine the length of trial.

**S.     Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certificates of Interested Entities or Persons under Civil Local Rule 3-15.  *See* Dkt. 20.

Defendant filed its Certification of Interested Entities or Persons under Civil Local Rule 3-15. *See* ECF No. 19.

**T.     Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**U.     Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

Dated: January 5, 2024

JOSEPH SAVERI LAW FIRM, LLP.

By:      */s/ Joseph R. Saveri*
                Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Travis Manfredi (State Bar No. 281779)
**JOSEPH SAVERI LAW FIRM, LLP.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 hbenon@saverilawfirm.com
                 kmcmahon@saverilawfirm.com
                 tmanfredi@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:           mb@butforicklaw.com

*Counsel for Kadrey Plaintiffs and the Proposed Class*

Dated: January 5, 2024

CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP

By:  ___/s/ Bryan L. Clobes___
        Bryan L. Clobes

Bryan L. Clobes (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:          bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSYE & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone:    (408) 512-3022
Facsimile:     (408) 512-3023
Email:          dmuller@venturahersey.com

*Counsel for Chabon Plaintiffs and the Proposed Class*

Dated: January 5, 2024         COOLEY LLP

By:     */s/ Bobby Ghajar*
           Bobby Ghajar

**COOLEY LLP**
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

**LEX LUMINA PLLC**
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055
Facsimile: (646) 906-8657

*Attorneys for Defendant*
*META PLATFORMS, INC.*

<u>L.R. 5-1 SIGNATURE ATTESTATION</u>

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.


Dated:  January 5, 2024                    By:  _____*/s/ Joseph R. Saveri*_____
                                                              Joseph R. Saveri