January 19, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Judge Hixson:

Pursuant to this Court's Order Referring All Discovery Disputes to Magistrate Judge (ECF No. 54), the Court's Order requiring parties to file stipulated or competing protective orders (ECF No. 74), and the Court's Standing Order ("Standing Order"), Plaintiffs to the above-captioned action ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") submit this letter brief regarding the parties' competing proposed orders, attached herewith as **Exhibit A** (Plaintiffs') and **Exhibit B** (Meta's). Both proposed orders are based upon the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order"). A version with tracked changes from the Model Order is attached hereto as **Exhibit C**, which uses highlighting to denote changes requested by Meta but rejected by Plaintiffs. An explanation of the agreed-upon changes is attached hereto as **Exhibit D**.

**Plaintiff's Position**

Burdensome Consent Requirement to Show Protected Material During Deposition
Meta proposes adding a requirement to paragraph 7.2(f) whereby a party must obtain prior consent from the Designating Party to show a deponent information designated as "CONFIDENTIAL." Adopting this provision would unreasonably burden Plaintiffs' ability to conduct depositions. Adopting Meta's proposed addition to the Model Order may also lead to further disputes between the parties. The Court should reject Meta's proposed addition.

Meta's proposed consent requirement is unnecessary and will unfairly impede Plaintiffs' ability to effectively conduct depositions. The Court's model protective order already contains language that is sufficiently protective: confidential material may only be disclosed to witnesses, "during their depositions" –where Meta's counsel will presumably be present--and disclosure must be "reasonably necessary." Model Prot. Order 7.2(f). Additionally, the deponent to whom disclosure is made must have signed the model protective order's the "Acknowledgment and Agreement to Be Bound." *Id.* The safeguards contained in the model are sufficient to protect the parties' interests here. Meta's proposal is unnecessary and burdensome.

Proposed Prohibition on Protected Material Leaving the United States (Paragraph 14.3)
As an add-on to the model's Export Control provision, Meta proposes a "Prohibition on Protected Material Leaving the United States." The breadth of Meta's proposed provision

Honorable Thomas S. Hixson
January 19, 2024
Page 2

essentially limits the ability to view any Protected Material outside the United States. In so doing, Meta seeks to assert itself as *de facto* gatekeeper for Plaintiffs' counsel's and experts' ability to travel internationally while performing meaningful work on this case. This is simply unworkable in today's global economy.

Plaintiffs' counsel often must travel internationally for depositions in other matters, to attend conferences, or for personal obligations. The legal profession is a demanding one. Where lawyers travel, so do their work devices and briefcases. To impose this prohibition would essentially amount to a requirement that Plaintiffs' counsel obtain Meta's consent to travel internationally.

Additionally, the experts that Plaintiffs may seek to retain in this matter may reside outside of the United States and/or may be required to travel internationally for reasons similar to those mentioned above. Generative artificial intelligence is a budding industry, one that includes a relatively small pool of qualified experts. Many such experts likely either reside outside of the United States and/or travel internationally on a regular basis. Thus, the proposed limitation would further limit Plaintiffs' ability to retain a qualified expert in this matter. Accordingly, the Court should adopt Plaintiff's proposal, which tracks the Court's model protective order and includes no prohibition on protected material leaving the United States.

Unnecessary Restriction on Number of Copies of Source Code
Meta seeks to limit Plaintiffs from obtaining more than five copies of the portions of their source code Plaintiffs request paper copies pursuant to the terms of the Section 9(d) of the protective order. Should Plaintiffs later require additional copies, Meta requires Plaintiffs to reveal their work product by requesting additional copies of that selected source code rather than allow Plaintiffs to make their own copies. Not only would this restriction reveal which documents Plaintiffs have selected, it will also unnecessarily slow their progress substantially.

These changes are unnecessary, because, as other Courts have noted, the protective order already contains sufficient limiting language. "[N]either party has shown good cause for imposing either proposed limit on the number of copies of source code that may be maintained. For this reason, the number of copies of source code shall be limited to those that are "necessary," consistent with Paragraph 9(e) of the model protective order." *OpenTV, Inc. v. Apple, Inc.*, No. 14CV01622JST (KAW), 2014 WL 5079343, at *3 (N.D. Cal. Oct. 9, 2014). Here, Plaintiffs can only request copies of source code that are "reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial . . . ." If Plaintiffs are requesting too much code, Meta can "challenge the amount of source code requested . . . ."

And with regard to later making copies, Plaintiffs must already track who has received copies, per Section 9(e) and maintain the copies in a locked area, amongst other protections. Meta cannot show how a few additional copies will significantly increase the security risk. For these reasons, Meta's proposed revisions to Sections 9(c) and 9(d) of the protective order should be rejected.

Honorable Thomas S. Hixson
January 19, 2024
Page 3

Plaintiffs request that the Court enter its proposed protective order (**Exhibit B**) for all the reasons set forth above as well as those set for in Exhibit D.

**Defendant's Position:**

Section 7.2(f) (Use of Confidential Information in a Deposition):

Meta has proposed an addition to the Model Order whereby use of CONFIDENTIAL information in a deposition must be consented to by the Producing Party (to the extent the witness does not otherwise qualify to review such material) or be ordered by the Court. While the provision in the Model Order provides for disclosure only to such individuals "to whom disclosure is reasonably necessary," this fails to provide sufficient protection, as the determination of whether such disclosure is "reasonably necessary" may well be disputed for a given witness. The Model Order does not provide an opportunity for the Producing Party to object to such disclosure prior to it being shown to the witness.

As just one example, this provision would permit showing CONFIDENTIAL information to a non-party – even an employee of a direct competitor of the Producing Party – even if the Producing Party disagrees as to the "reasonable" necessity of such disclosure. Meta's provision would simply require that the Receiving Party show Meta the document at issue prior to showing the witness, and have Meta consent to the witness's viewing of that document for the purpose of their deposition.

Sections 9(d) and 9(e) (Limitation on Source Code Copying):

Meta has proposed that, rather than "make" additional copies of source code printouts, the Receiving Party must "request" them from the Producing Party. Notably, under Meta's proposal, the Receiving Party would be entitled to five copies initially, which should be more than reasonable for purposes of this case, and would have the opportunity to request more copies. Meanwhile, permitting the Receiving Party (here, likely Plaintiffs) to make additional copies of source code without the knowledge or permission of the Producing Party (here, likely Defendant) puts Defendant's highly sensitive code at risk, as Defendant would have no knowledge of how many copies exist at any given time or who has access to them. Moreover, there is no mechanism by which Meta can object to the *number* of copies produced by Plaintiffs as unreasonable (unlike with respect to the number of pages requested to be printed in the first instance). The minor burden on Plaintiffs to request additional copies of code, rather than make them on their own, is outweighed by the additional security needed to protect Defendant's source code.

Section 14.3 (Limitation on Protected Materials Leaving the United States):

Meta added a prohibition against Protected Materials leaving the territorial bounds of the United States. Such protections are necessary as the ability to enforce a protective order outside of the United States are limited. *Accord United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 78 (D.D.C. 2019) (finding location restrictions on sensitive discovery "particularly justified here given that the Court cannot enforce the terms of the protective order outside of the United States"). Moreover, Meta's sensitive data and materials have been subject to "egregious" protective order breaches that were unable to be fully rectified in part due to their foreign

Honorable Thomas S. Hixson
January 19, 2024
Page 4

nature.  *See, e.g.*, *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-MD-02843-VC (JSC), 2021 WL 3209711, at *1-2 (N.D. Cal. July 29, 2021) (describing breach of protective order that led to disclosure of sensitive Meta information by foreign government).

Meta is willing to work with Plaintiffs on reasonable accommodations with respect to this provision, including for depositions that may need to occur abroad.  However, the default for Protected Material in this case should be that it cannot leave the territorial bounds of the United States, such that it stays within the purview of this Protective Order and Court.

Meta respectfully requests the Court enter Meta's proposed Protective Order for these reasons, as well as for the reasons proposed jointly by the Parties in Exhibit D.

                                            */s/ Joseph R. Saveri*
                                     Joseph R. Saveri
                                     Joseph Saveri Law Firm, LLP
                                     Attorneys for Plaintiffs


                                            */s/ Bobby Ghajar*
                                     Bobby Ghajar
                                     Cooley LLP
                                     Attorneys for Defendant

Honorable Thomas S. Hixson
January 19, 2024
Page 5

## E-FILING ATTESTATION

     I, Joseph R. Saveri, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

                                                By:   */s/ Joseph R. Saveri*
                                                        Joseph R. Saveri