UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 81 |

The parties have a discovery dispute concerning a proposed protective order. ECF No. 81. Three issues divide them.

First, the Court agrees with Plaintiffs that getting the Designating Party's consent to show a "Confidential" document to a witness in a deposition is an unreasonable burden. In the Court's experience, litigants often designate every non-public document as "Confidential," and anything potentially sensitive as "Highly Confidential – Attorneys' Eyes Only." The Court is not saying that is the proper or correct way to proceed, merely that it appears to be common. As a result, the "Confidential" designation tends to sweep in a lot of documents for no better reason than that they are non-public, such as emails, and it doesn't make sense to treat this category of confidentiality as if it concerned very sensitive information. Here, the Plaintiffs' proposed order already says that witnesses can be shown "Confidential" information only during their deposition, the disclosure has to be reasonably necessary, and the witness has to sign the "Acknowledgment and Agreement to be Bound" unless otherwise agreed by the Designating Party or ordered by the Court. That is sufficient protection. The Court is also concerned that Meta's proposal would make deposition preparation unnecessarily difficult for Plaintiffs.

For similar reasons, the Court rejects Meta's proposal that Protected Material should not be

able to leave the United States.  The Court would potentially be amenable to a geographic restriction that was tied to some narrowly defined class of documents or information that presented genuine security risks.  But Meta wants to impose the geographic restriction on every single document that has the lowest level of confidentiality, which is unreasonable.

Third, Meta proposes to limit Plaintiffs to five paper copies of source code with no ability to make additional copies; instead, Plaintiffs would have to ask Meta to make additional copies.  This restriction is unnecessary given the other protections for source code in the Plaintiffs' proposed order, such as that the Receiving Party must maintain a record of any individual who has inspected the source code, and all paper copies of source code have to be maintained in a secured, locked area.  The Court is also concerned that Meta's proposal could effectively involve Meta in Plaintiffs' work with their experts, which is invasive of work product.

Accordingly, the Court adopts Plaintiffs' proposed protective order.  If, with this guidance, the parties are now able to stipulate to the entry of a protective order, they should do so.  If not, then Plaintiffs shall submit their proposed form of order as a proposed order, removing any signature blocks and references to it being a stipulation.  Either way, it should be set up for the undersigned's signature.

**IT IS SO ORDERED.**

Dated: January 22, 2024

THOMAS S. HIXSON
United States Magistrate Judge