1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3      Before The Honorable Vince Chhabria, District Judge

4

5 KADREY, et al.,            )
                          )

6         Plaintiffs,      )
                          )

7 vs.                   ) Case No. C 23-03417-VC
                          )

8 META PLATFORMS, INC.,    )
                          )

9         Defendant.       )
   _____)

10

                        San Francisco, California
11                     Friday, January 12, 2024

12

   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13        RECORDING 10:47 - 11:19 = 32 MINUTES

14

APPEARANCES:
15

For Plaintiffs:
16                     Joseph Saveri Law Firm, LLP
17                     601 California Street
                     Suite 1000
18                     San Francisco, California
                      94108
19              BY:  JOSEPH R. SAVERI, ESQ.

20                     Matthew Butterick, Attorney
                      at Law
21                     1920 Hillburst Avenue
                     Suite 406
22                     Los Angeles, California 90027
              BY: MATTHEW BUTTERICK, ESQ.

23

24

25         (APPEARANCES CONTINUED ON NEXT PAGE)

2

1  <u>Appearances</u>:  (Cont'd.)

2  For Defendant:

3                          Cooley, LLP
                          1333 2nd Street, Suite 400
                          Santa Monica, California 90401
4              BY:  BOBBY A. GHAJAR, ESQ.

5                          Cooley, LLP
                          3 Embarcadero Center
6                          20th Floor
                          San Francisco, California
7                           94111
               BY:  KATHLEEN R. HARTNETT, ESQ.
8

9  Transcribed by:         Echo Reporting, Inc.
                          Contracted Court Reporter/
                          Transcriber
10                         echoreporting@yahoo.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1  <u>Friday, January 12, 2024</u>                              <u>10:47 a.m.</u>

2                    P-R-O-C-E-E-D-I-N-G-S

3                         --oOo--

4           THE CLERK:  Now calling civil case 23-3417,

5  Kadrey, et al. versus Meta Platforms, Inc.

6       Counsel, please state your appearances for the record,

7  starting with the Plaintiff.

8           MR. SAVERI (via Zoom):  Good morning, your Honor.

9  Joseph Saveri on behalf of Plaintiffs.

10          THE COURT:  Good morning.

11          MR. SAVERI:  Good morning.

12          MR. BUTTERICK (via Zoom):  Your Honor, Matthew

13  Butterick on behalf of the Plaintiffs.  Good morning.

14          THE COURT:  Hi.

15          MR. GHAJAR (via Zoom):  Good morning, your Honor.

16  Bobby Ghajar from Cooley on behalf of Meta Platforms.

17          THE COURT:  Hi.

18          MS. HARTNETT (via Zoom):  Kathleen Hartnett, also

19  from Cooley, for Meta.

20          THE COURT:  Hi.  Okay.  So, I guess the first

21  thing to discuss is just this little debate that you're

22  having in the Case Management Statement about doing summary

23  judgment first versus class certification.  I was a little

24  bit confused by the discussion.  I take it that what the

25  Defendants -- or Defendant is proposing is that they waive

4

1  objection to the one -- you know, they waive one-way

2  intervention objection as discussed in my standing order and

3  tee it up for cross-motions for summary judgment on the

4  copyright infringement issue prior to going to class

5  certification proceedings and prior to going to class

6  certification discovery.

7       That strikes me as a good idea in this case given all

8  the expense and difficulty that would be, you know, involved

9  with class certification, and given the -- the likelihood, I

10  think, that there are really no significant disputed issues

11  of material fact.  Now, I'm less sure about that.  I mean, I

12  -- there may be something buried in the technology rabbit

13  hole that constitutes a disputed issue of fact, but it seems

14  at least possible that there won't be any disputed issue of

15  material fact.  And, so, why not do summary judgment first

16  on the terms proposed by the Defendant, if I understand what

17  the Defendant is proposing, and on the terms described in my

18  -- in my standing order?

19            MR. SAVERI:  Your Honor, Joe Saveri.  Let me --

20  let me go first on that I guess.

21            THE COURT:  Okay.

22            MR. SAVERI:  So, well, two things.  I -- I think

23  that the first -- the first thing is that in order for that

24  to make any sense, the one-way intervention problem would

25  have to be solved and if the Defendants were, in fact,

5

1    prepared to waive that, that's -- that's a way around that,

2    and --

3            THE COURT:  Well, I think by definition they are.

4    They're proposing doing it the way that I -- the way that I

5    lay out in the standing order.

6            MR. SAVERI:  Yeah, and, your Honor, I've had cases

7    certainly where the Defendants were less clear about that

8    waiver issue, and it -- and, so, that --

9            THE COURT:  So, let's just -- let's just get

10   clarity right now.  I mean, I assume, Mr. Ghajar, that --

11   that you are proposing to waive the one-way intervention

12   objection as discussed in my standing order?

13           MR. GHAJAR:  Yeah.  We -- we read your standing

14   order, your Honor, and we -- we believe that -- we're the

15   ones proposing this structure because we believe that the

16   benefits of hearing summary judgment before class cert

17   outweighs the -- the issues and concerns with the one --

18   with the one-way intervention rule.  So, yes, we've proposed

19   to waive that.  We believe that the summary judgment issue

20   should be addressed first, and there are a lot of benefits

21   to doing so.

22           MR. SAVERI:  And that -- your Honor, that's

23   helpful.  And I guess the second point I guess I would make

24   is that it's not clear to me that the -- there will not be

25   factual issues, but I -- you know, that's something we have

6

1  to address, you know, in -- in due course.

2      I also tend to think that there will be substantial

3  overlap between the summary judgment -- the record of

4  summary judgment and other issues in the case, including

5  class certification.  And, so, I think there are some

6  efficiencies to having all the discovery done first.

7  That's --

8          THE COURT:  Well, certainly, it -- certainly it's

9  true that merits-related stuff will be relevant to class

10  certification, but there's a lot of class certification

11  stuff that will not be relevant to the merits.  So, it does

12  strike me that it is, you know, potentially a way of, you

13  know, adjudicating the case more efficiently to do summary

14  judgment first.

15          MR. SAVERI:  Your Honor, I -- I -- I understand

16  the point.  It's -- you know, it's a case management choice

17  we're going to make now, and we have to decide that.  I

18  guess if we were going to do that, it's important, I think,

19  to set the rest of the schedule.  I mean, we think summary

20  judgment's going to be denied, and we wouldn't want to get

21  caught at a situation where there's a -- where there's a

22  pause.

23          THE COURT:  I assure you that you will not have to

24  worry about that.

25          MR. SAVERI:  Okay.  Now --

1          THE COURT:  The case -- the case will be moved
2  along.  My reaction also was that -- that I didn't quite
3  understand why, you know, Meta was proposing that the
4  summary judgment hearing not take place until, you know, a
5  year and a half from now.  That struck me as too elongated.
6  And we can -- obviously we can talk further about that, but
7  you do not have to worry about there being pause.  You don't
8  have to worry about this litigation structure causing it to
9  go slower than it otherwise would.  I assure you that that
10 will not happen.
11         MR. SAVERI:  So, your Honor, does that mean that
12 we will kind of work out the whole schedule from now until
13 trial with the --
14         THE COURT:  I don't think -- I don't think that's
15 necessary.  I mean, it just doesn't seem -- you know, we're
16 going to do summary judgment, and then we would set a --
17 there's -- there wouldn't be discovery on class
18 certification until after the summary judgment ruling
19 anyway.  But then we would set a schedule, you know,
20 promptly after that.  You know, what I would do is set a
21 hearing date for summary judgment and then set a case
22 management conference for two or three weeks following the
23 hearing on summary judgment, and we'd set the -- we'd set
24 the schedule for class certification and trial at that time.
25         MR. SAVERI:  But, your Honor, I guess my concern

8

1   is with any situation where the discovery is phased in any

2   way, because we end up in my experience having I think not

3   productive disputes about which bucket particular items of

4   discovery fall into and end up litigating those boundaries,

5   which --

6           THE COURT:  I think that often happens when courts

7   try to phase it in the other direction, right.  When -- when

8   courts try to do, you know, class cert first and they say

9   only discovery that's relevant to class cert can happen now

10  and then other discovery can happen later, that doesn't

11  really make any sense to me because, you know, there's so

12  much overlap.  You know, the merits are so intertwined with

13  class cert these days, but I guess I don't see how that

14  would be the case if -- if we did summary judgment first.

15          MR. SAVERI:  Well, I was -- I think you're right

16  about the class cert merits bifurcation issue, but I also

17  think -- and I guess maybe I'm not clear about what the

18  proposal was about the summary judgment dis --

19          THE COURT:  The summary judgment as to the named

20  Plaintiffs, whether --

21          MR. SAVERI:  Okay.

22          THE COURT:  -- whether -- whether Meta is liable

23  for copyright infringement as to the named Plaintiffs.

24          MR. SAVERI:  And -- and then I guess the question

25  that I have is is there merits-related, not class discovery,

9

1 related to the Plaintiffs or the case that we were going to

2 approve at trial in the event that the summary judgment

3 motion was denied, that we --

4 　　　　　THE COURT:  I don't see -- I don't see why there

5 would be and when you would do discovery on all that stuff.

6 　　　　　MR. SAVERI:  Okay.  And that was the -- that was

7 the bifurcation issue that I was worried about, that somehow

8 that we would end up in a situation where we'd be fighting

9 about whether particular discovery was just summary

10 judgment.  If we're going to go to the merits, let's --

11 let's do it this way.  The Defendants could file their

12 summary judgment motion, but we're going to -- we --

13 　　　　　THE COURT:  You may file on -- I mean, I'm

14 assuming you may want to file a cross motion for summary

15 judgment.

16 　　　　　MR. SAVERI:  Absolutely.  Absolutely, your Honor.

17 to me, just proceeding with discovery as a piece instead of

18 fighting about what phases it is that we're in is the way to

19 go.  Otherwise, it's inefficient.

20 　　Oh, if your Honor's inclined to proceed with the

21 summary judgment motions first and we -- we have the clarity

22 around the -- the waiving of the one-way intervention rule,

23 I mean, I under -- I understand the plan.

24 　　　　　THE COURT:  But just to make sure that we're on

25 the same page about the plan, there would be no class

10

1 certification discovery until the second phase?

2       MR. SAVERI:  Your Honor, I -- given what you said

3 a minute ago about the overlap between the -- as the

4 standard has evolved between class cert discovery and merits

5 discovery, it's -- it's hard for me to distinguish them.

6 Certainly, hypothetically, that's -- that's my experience.

7 It would be basically --

8       THE COURT:  Class list, the list of all the people

9 who were in the class, information -- contact information

10 for all the people who are in the class, information about

11 all the unnamed class members.

12       MR. SAVERI:  Certainly the notice issues would

13 come after that, but if -- if the issue has to do with what

14 the experts are going to say or whether there are issues of

15 common fact or law presented, those are inherently tied to

16 the merits, and I think under the law the way the standard

17 is, those are things at least these days that tend to

18 benefit from being considered on -- on that full record.

19 And, so, what -- I think it makes sense to proceed this way.

20 I -- I -- I just don't want to -- I want to avoid if

21 possible litigating what's a class discovery issue and

22 what's a merits discovery issue.

23       THE COURT:  I've been doing it this way for 10

24 years or I've been giving Defendants the option to do it

25 this way for 10 years, and I've never had that problem.  I

1  mean, the problem -- when you do it in the other direction,

2  that's when you have the problem.  When you do it in this

3  direction, you avoid that problem.  That's one of the -- one

4  of the benefits of doing it this way.  Not every case -- it

5  doesn't make sense for every case to do sum -- you know,

6  cross-motions for summary judgment before class cert.  And,

7  of course, the -- in my view, it doesn't make sense unless

8  the Defendant is going to waive the one-way intervention

9  objection.  And, you know, in cases where the Defendant is

10 willing to waive the one-way intervention objection, my -- I

11 have found that in most cases it makes sense to do cross-

12 motions for summary judgment first before opening the class

13 certification discovery floodgates.

14        MR. SAVERI:  Very well.  You know, by the time you

15 get done with summary judgment, it's pretty clear I think

16 what -- the extent to which there are common issues of fact

17 or law in the case, and that, I mean, obviously informs the

18 Rule 23 --

19        THE COURT:  I think that -- I think you're right

20 about that, yeah.  I mean, I think often it becomes more

21 clear once you get to summary judgment, you know, how hard

22 or easy it's going to be to get a class certified.

23        MR. SAVERI:  I think that's right.  I think that's

24 right.  Yeah.

25        THE COURT:  And, for this case, I think this --

12

1   this case is -- it's about the merits.  I mean, this -- for

2   -- you know, this case, it's really about -- the merits is

3   where the rubber meets the road, you know.  It's somewhat

4   difficult to -- you know, somewhat difficult to imagine --

5   given your allegations in the complaint anyway, it's

6   somewhat difficult to imagine a strong argument against

7   class certification.  But obviously you have to take that

8   comment with a grain of salt because I haven't -- I haven't,

9   you know, dived into that issue yet.

10      Okay.  So, then having -- so, we will do summary

11  judgment first, summary judgment as to the named Plaintiffs.

12  And I don't -- I guess why can't we -- I mean, we really

13  can't get this done in a year?  Like we can't -- we can't

14  have a hearing in December of '24 on cross-motions for -- I

15  mean, I -- the one -- the one potential argument against it

16  I suppose is like technical -- technological complexity, but

17  why wouldn't we be able to do a hearing on cross-motions for

18  summary judgment in December of '24?

19          MR. GHAJAR:  We thought about that, your Honor.

20  We're contemplating a closed discovery in October.  Then

21  there would be experts relating to the merits.  There would

22  be technical experts.  There are technical issues.  These

23  aren't issues that -- that are -- are necessarily intuitive,

24  at least some of them the way the technology works.  So,

25  there's going to be some technical experts to explain --

13

1          THE COURT:  Could I -- could I interrupt you

2    there?

3          MR. GHAJAR:  Yes.

4          THE COURT:  What -- what discovery is going to

5    happen up to October?  The -- like what -- how complicated

6    is that endeavor?

7          MR. GHAJAR:  Well, we've begun.  We have yet to --

8    the -- the parties have yet to produce documents.  They're

9    still negotiating a protective order on the ESI issues.  But

10   there's going to be discovery on -- on our side, the

11   Defendant's side, on the registration of the works, the

12   nature of the works, timing of the registration, who has

13   licenses to those registrations, whether the Plaintiffs

14   actually own or have given up rights to their -- the

15   copyrights, their use of AI.  On the -- on the Plaintiffs'

16   side, Plaintiffs have outlined different types of discovery

17   they -- they will seek from Meta on -- on the way the models

18   work, the way they were trained, et cetera.

19       And -- and then, going back to your Honor's question, I

20   think given the type of data, given the number of -- where

21   the witnesses are potentially located, given -- and they're

22   not all in -- in the Northern District.  And, so, there'll

23   be some travel involved for depositions.  So, given -- given

24   the number of depositions, given the -- the types of data,

25   given the types of discovery, we think that the discovery

14

1  cutoff of late October is -- will be tough but reasonable.
2  And then there would be expert -- an expert-related
3  discovery.  So, you have that brief period where you focus
4  on the experts.  And then you file the motions and then
5  based on the way the pleadings have been briefed to date,
6  we've afforded one another time -- additional time to
7  complete the briefing.  And, so, it's not one-week, two-week
8  turnarounds.  And, so, that's why we contemplated that the
9  summary judgment motions could be filed in February.  We
10 could probably push that up a little bit, and we didn't want
11 to jam up your Honor on the hearing date to give the Court
12 time to prepare.  But that was the idea, that we are --
13 we're not trying to delay summary judgment.  We contemplate
14 filing summary judgment in February.
15         THE COURT:  No, I -- I hear you.  And then we
16 don't want to -- you know, we don't want to jam up your
17 holidays next year with briefing either.
18     But, Mr. Saveri, you're the one who expressed concern
19 about, you know, undue delay in the case.  So, where --
20 what's your -- do you believe this isn't a reasonable
21 schedule for doing cross-motions for summary judgment or
22 should we -- what's your case for doing it earlier if you --
23 if that's what you believe?
24         MR. SAVERI:  So, maybe -- maybe just think and
25 process this out loud a little bit if -- if I might.  I

15

1  mean, it's --

2           THE COURT:  Yeah.

3           MR. SAVERI:  So, we're in the middle of January

4  now.  You know, I don't know -- I think that like the key

5  milestones to think about from here to there would be, one,

6  the completion of -- substantial completion of the document

7  discovery, then a period for percipient witness depositions.

8  Then -- then there would be experts, and the expert

9  discovery would be completed then before the summary

10 judgment motions were to be filed.  And then there would be

11 -- I don't know if there'd be <u>Daubert</u> motions on top of the

12 summary judgment motions, but then we -- we'd have to talk

13 about what the -- what kind of the rhythm of the summary

14 judgment briefing would look like.  So --

15          THE COURT:  Can I ask a -- could I ask one

16 question?  Sorry to interrupt you.  You know, we had a

17 hearing on the motion to dismiss, what, like back in early

18 November or something like that?

19          MR. SAVERI:  Yes.

20          THE COURT:  And I said during that hearing

21 discovery can move forward immediately, and now you're

22 telling me more than two months later and we still don't

23 have a protective order, the parties still haven't submitted

24 a protective order?  Why -- why is that?

25          MR. SAVERI:  Your Honor, I -- I think we're --

16

1  we're -- we're close on that, but we haven't done it yet,

2  and we should be able to do that soon, as well as all the

3  other --

4        THE COURT:  The parties are -- the deadline to

5  submit a stipulated protective order or competing protective

6  orders is seven days from today.

7        MR. SAVERI:  Okay.  That -- that's fine, your

8  Honor.

9        MR. GHAJAR:  That's fine, your Honor.

10        MR. SAVERI:  So, and with that in mind, if -- if

11 we were to get the document production substantially

12 complete, you know, in 120 days -- I don't know how many

13 deponents there would be -- that would take about 60 days.

14 I don't know where they are.  I don't know how difficult

15 they would be to schedule.  That puts us kind of six months

16 out.  Then it seems to me we should be able to do expert

17 discovery in 60 or 75 days, and then -- then the motions

18 would be -- it seems to me the opening -- the opening briefs

19 would be filed sometime October November, and then we run

20 into the holidays.

21    You know, another thing we could do is -- is for the

22 Plaintiffs and Defendants to try to negotiate what that

23 schedule would be and try to submit something quickly given

24 -- given our schedules.

25        THE COURT:  Yeah.  I mean, my -- my inclination is

1 that I -- look, I don't -- I understand that there may be,

2 you know, technical complexity here, and I also don't want

3 to jam up people's, you know, holiday schedules.  But this

4 seems like a fairly -- this schedule, particularly since

5 we're not doing class certification discovery, this schedule

6 seems too elongated to me.

7           MR. SAVERI:  Okay.

8           THE COURT:  You know, I think that you should work

9 towards, you know -- let me just look at the calendar a

10 little bit here.

11           MR. GHAJAR:  Your Honor, may I interject?

12           THE COURT:  Yeah.

13           MR. GHAJAR:  I mean, I -- I take Mr. Saveri's

14 invitation for the parties to discuss this further, I -- I

15 make two observations.  One, in -- in the Plaintiffs'

16 proposed schedule, the filing of summary judgment to hearing

17 would -- would take six months.  We're obviously not

18 contemplating that kind of delay.  We're trying to move

19 things along orally and quickly.

20     Second, your Honor might have read in the Case

21 Management Conference Statement a note that we put in

22 regarding the Huckabee case.  Did your Honor see that?

23           THE COURT:  I did.  I did.  I didn't read the --

24 this was the -- the one about saying that it was error to do

25 class certification before adjudicating the --

18

1          MR. GHAJAR:  No, no, your Honor.  That --

2          THE COURT:  I was really -- I was going to ask you

3  about that.  That -- I didn't read the case, but I -- I was

4  surprised to read the words that you used to describe the

5  case.

6          MR. GHAJAR:  I think --

7          THE COURT:  Did the Court really say that it would

8  be error to do -- to do class certification before

9  adjudicating fair use?

10         MR. GHAJAR:  I think you're referring to the

11  Author's Guild case in the Second Circuit decision.

12         THE COURT:  Okay.

13         MR. GHAJAR:  Yeah.  I -- I can address that in a

14  moment.  I -- I think --

15         THE COURT:  No.  I don't think it really -- I

16  don't think it really matters because I -- I decided it as a

17  matter of --

18         MR. GHAJAR:  You did.

19         THE COURT:  -- discretion to do it that way

20  anyway.

21         MR. GHAJAR:  Yeah.

22         THE COURT:  I was shocked to see a court ruling

23  that it -- that it's in -- that it's error not to do it that

24  way.

25         MR. GHAJAR:  What I was referring to, your Honor,

19

1   was the Huckabee case.  The Huckabee case is a case that was

2   filed by a putative class in the Southern District of New

3   York against various Defendants, including Meta.  That case

4   has now been transferred to the Northern District of

5   California.  That case, we believe -- and we've indicated

6   this in the Case Management Conference Statement -- is

7   related to this case.

8             THE COURT:  Okay.  I missed that.  Okay.

9             MR. GHAJAR:  Okay.  The complaint looks an awful

10  lot like the complaint that the Kadrey Plaintiffs filed

11  against Meta, involves the same -- same claims, same

12  putative class, et cetera.  We think at a minimum it's

13  related.  The parties have discussed whether it should be

14  consolidated, and I -- I want to put that on your Honor's

15  radar because that case was transferred -- today it was

16  reassigned from Magistrate Judge Tse to Judge Gilliam.  At

17  some point we believe it will be related in front of your

18  Honor.  We're waiting for the Plaintiffs to meet and confer

19  regarding whether it should be consolidated.  We understand

20  that the Huckabee Plaintiffs and Mr. Saveri and -- and his

21  team have been discussing consolidation.  And one wild card

22  is whether the Huckabee Plaintiffs will amend their

23  complaint.  And -- and they may amend their complaint so it

24  looks awfully similar to the Kadrey complaint, in which case

25  consolidation may make sense.  But they have not informed us

1 whether they intend to do that.  I understand that they've

2 been discussing the issue with Mr. Saveri's firm and perhaps

3 counsel for the -- the Chabon Plaintiffs.

4      So, I mention that because --

5           THE COURT:  Who is -- who -- who is counsel for

6 the -- in this new case?

7           MR. SAVERI:  Your Honor, it's a firm from New York

8 called Dicello Levitt.

9           THE COURT:  Okay.

10           MR. GHAJAR:  And, so --

11           MR. SAVERI:  Not anybody that's appeared in this

12 case before your Honor.

13           MR. GHAJAR:  That's --

14           MR. SAVERI:  Excuse me.

15           MR. GHAJAR:  Yeah.  Thank you.  I just will --

16 I'll finish my thought, Mr. Saveri.  Then maybe you can --

17 you could update the Court.

18      The -- the deadline to respond to that complaint is the

19 end of this month.  If the -- if the Huckabee Plaintiffs

20 amend and the case is related and, more so, if the case is

21 consolidated, we need to synchronize those schedules.  So,

22 I'm mindful of the effect of that case and -- and its

23 relatedness here to this schedule.  We don't want to be

24 proceeding in two parallel identical cases on different

25 schedules.  And, so, that's why we flagged the issue for

1 your Honor in the Case Management Conference Statement.

2          THE COURT:  Okay.  Yeah.  I'm sorry I missed that,

3 but I have a question which is you don't have to -- you were

4 -- you made a reference to people still deciding where they

5 -- whether they thought the cases should be consolidated,

6 but the question of whether they should be related is

7 different from the question whether they should be

8 consolidated, and I'm not -- I haven't heard anything to

9 suggest that the two cases are not related, right.

10     So, one way -- so, if that's right, you know, one way

11 of -- of moving things along is initiating a process for

12 relating the cases now so that I can start managing both of

13 them.  If there is a -- if there's some reason why they

14 shouldn't be related, then obviously that's a different

15 story.  But why -- why isn't -- why hasn't this case already

16 been put in front of me?

17          MR. SAVERI:  Your Honor, we agree that the case

18 satisfies the requirements to be a related action.  It just

19 got here, and it was -- and the -- the Magistrate was just

20 declined.  We intend to file the -- the administrative

21 motion to relate the case in the next day or so.

22          THE COURT:  Okay.

23          MR. SAVERI:  And I -- I completely agree with the

24 characterization that if you were to hold the two complaints

25 up to the light, there would be a remarkable symmetry

22

1  between the -- the Huckabee case and this one.  I do think

2  we have to have some discussions about what happens next

3  given the motion to dismiss and -- and the status of our

4  complaint, which is now at issue.

5      We've worked with the lawyers before.  I think right

6  now we're confident we can sort it out.  To me it's not a

7  reason to delay setting a schedule now in the cases that you

8  do have, your Honor, because I think that's -- that's an

9  important thing to do, and we can --

10         THE COURT:  Right.  I mean, not to mention, I

11  mean, if -- you know, if the case is going to be -- if that

12  other case is going to be in front of me soon, then we can

13  just fold it into the schedule unless there's a good reason

14  not to.

15         MR. SAVERI:  A hundred percent agree.

16         THE COURT:  Okay.  So, what I -- I guess what I'm

17  going to -- what I would propose is that -- and it sounds

18  like it might make sense -- don't we have a -- we had a

19  hearing -- you had a motion to be appointed interim lead

20  counsel or something like that coming up?

21         MR. SAVERI:  Yes.  We filed that last week.  I

22  think the first date we could get on your calendar was

23  sometime in April.

24         THE COURT:  Really?  I thought -- I thought I saw

25  it sooner than that on the calendar, but I may be

23

1   misremembering.

2           MR. SAVERI:  No, and maybe -- and maybe I'm --
3   I've got that --

4           THE COURT:  Yeah, it's on -- it's on January 25th
5   on --

6           MR. SAVERI:  I'm sorry, your Honor.  I apologize.
7   I've -- I confused it with another case.  Excuse me.

8           THE COURT:  Okay.  Well --

9           MR. SAVERI:  So, we can be back -- excuse me, your
10  Honor.

11          THE COURT:  It seems to me -- I think we were
12  about to say the same thing, but it seems to me that we can
13  be -- you know, we can get together again to discuss the --
14  it sounds like by that time, unless I'm -- unless there's
15  something I'm unaware of, by that time, that other case will
16  be in front of me as well, and we can all get together and
17  discuss how to proceed.  I doubt there -- it's going to be
18  necessary to have much argument on the -- you know, the
19  motion to appoint interim lead counsel or whatever you --
20  whatever one calls it, lead Plaintiff, lead counsel.  I
21  doubt that it's going to require too much discussion.  It
22  may even end up, Mr. Saveri, that you submit a revised
23  proposal as to how that's going to go given this new case.
24  I don't know.  I know that often happens.

25       So, I guess what I would propose is let's -- let's not

24

1  drag everybody into the courthouse in person for that

2  motion.  Let's move it to the Zoom calendar at 1:00 o'clock

3  on Thursday, the 25th.  And, presumably, that would be kind

4  of a useful further case management conference where we can

5  discuss sort of how to -- how to incorporate the other case.

6  We can discuss -- if necessary, we can discuss the issue of

7  lead Plaintiff and lead counsel, and we can -- we can set a

8  schedule.

9      And what I'm going to ask you to do is meet and confer

10 and, you know, propose a schedule.  See if you can propose a

11 schedule that -- that results in a -- you know, I'm not

12 insisting that this happen, but I -- I think you should aim

13 for a schedule that -- that results in a summary judgment

14 hearing in January or February of next year, but also that

15 doesn't like have a briefing schedule that messes up your

16 holidays.

17     I was originally going to propose let's do the hearing

18 around this time next year and you can get all your briefing

19 in before the holidays, but maybe that's a little bit too

20 ambitious.

21         MR. SAVERI:  What -- your Honor, look, I accept

22 the invitation now that we know how you want to do this and

23 how you want to sequence it.  Let's let me and my opponent

24 get to work and see if we can come up with something.  That

25 makes a lot of sense.

1          THE COURT:  Well, and discuss -- you know, involve

2 the new -- you know, the new lawyers in the discussion too,

3 and we can discuss all of that.  So, you can -- you can

4 file, you know, either a proposed schedule or competing

5 proposed schedules on Monday, the 22nd, and we will -- we'll

6 discuss that along with whatever other issues we need to

7 discuss relating to this motion to be appointed lead

8 Plaintiff and lead Counsel on the 25th.  That sounds --

9          (Simultaneous speaking.)

10          MR. SAVERI:  Excuse me.  I'm sorry.  I didn't mean

11 to -- oh, your Honor, and the schedule, would it be through

12 that January or February 2025 summary judgment hearing or

13 all the way until trial?

14          THE COURT:  Just through the summary judgment

15 hearing and then the Case Management Conference two or three

16 weeks after the summary judgment hearing.

17          MR. SAVERI:  Okay.  Thank you, your Honor.

18          THE COURT:  Okay.  Is there anything else we can

19 do for you right now?

20          MR. SAVERI:  I think that's everything on my list,

21 your Honor.

22          MR. GHAJAR:  Nothing from Defendant unless your

23 Honor has any questions.

24          THE COURT:  No.  Okay.  Thank you.

25          (Proceedings adjourned at 11:19 a.m.)

26

<u>CERTIFICATE OF TRANSCRIBER</u>

1

2

3      I certify that the foregoing is a true and correct
4  transcript, to the best of my ability, of the above pages of
5  the official electronic sound recording provided to me by
6  the U.S. District Court, Northern District of California, of
7  the proceedings taken on the date and time previously stated
8  in the above matter.

9      I further certify that I am neither counsel for,
10  related to, nor employed by any of the parties to the action
11  in which this hearing was taken; and, further, that I am not
12  financially nor otherwise interested in the outcome of the
13  action.

14

15

16

17          Echo Reporting, Inc., Transcriber
18             Tuesday, January 23, 2024

19

20

21

22

23

24

25