1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3      Before The Honorable Vince Chhabria, District Judge

4

5  KADREY, et al.,              )
                                )
6           Plaintiffs,         )
                                )
7  vs.                          )   Case No. C 23-03417-VC
                                )
8  META PLATFORMS, INC.,        )   Related Case:
                                )
9           Defendant.          )   Case No. C 23-04663-VC
   _____)
10
                                    San Francisco, California
11                                  Thursday, January 25, 2024

12

   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13            RECORDING 1:47 - 2:09 = 22 MINUTES

14

   APPEARANCES:
15

   For Plaintiffs:
16                              Joseph Saveri Law Firm, LLP
                                601 California Street
17                              Suite 1000
                                San Francisco, California
18                               94108
                            BY:  JOSEPH R. SAVERI, ESQ.
19
                                Cafferty Clobes Meriwether
20                                & Sprengel, LLP
                                205 North Monroe Street
21                              Media, Pennsylvania 19063
                            BY:  BRYAN CLOBES, ESQ.
22

23

24

25            (APPEARANCES CONTINUED ON NEXT PAGE)

2

1  <u>APPEARANCES</u>:   (Cont'd.)

2  For Plaintiffs:

3                          DiCello Levitt, LLP
                           4747 Executive Drive
                           Suite 240
4                          San Diego, California 92121
                      BY:  BRIAN O. O'MARA, ESQ.
5
                           DiCello Levitt, LLP
6                          Ten North Dearborn Street
                           Sixth Floor
7                          Chicago, Illinois 60602
                      BY:  AMY KELLER, ESQ.
8
   For Defendant:
9
                           Cooley, LLP
                           1333 2nd Street, Suite 400
10                         Santa Monica, California 90401
                      BY:  BOBBY A. GHAJAR, ESQ.
11
                           Cooley, LLP
12                         3 Embarcadero Center
                           20th Floor
13                         San Francisco, California
                            94111
14                    BY:  KATHLEEN R. HARTNETT, ESQ.

15 Transcribed by:         Echo Reporting, Inc.
                           Contracted Court Reporter/
16                         Transcriber
                           echoreporting@yahoo.com
17

18

19

20

21

22

23

24

25

3

1  <u>Thursday, January 25, 2024</u>                    <u>1:47 p.m.</u>

2                    P-R-O-C-E-E-D-I-N-G-S

3                         --oOo--

4          THE CLERK:  Now calling Civil Cases 23-3417,

5  Kadrey, et al. versus Meta Platforms, Inc., and 23-6663,

6  Huckabee, et al. v. Meta Platforms, Inc., et al.

7      Will counsel please state your appearances for the

8  record, starting with Plaintiffs for Kadrey.

9          MR. SAVERI (via Zoom):  Good afternoon, your

10 Honor.  Joseph Saveri on behalf of Plaintiff Kadrey.

11         THE COURT:  Hi.

12         MR. SAVERI:  Hi.

13         MR. CLOBES (via Zoom):  Good afternoon, your

14 Honor.  Bryan Clobes from Caffertey Clobes, also on behalf

15 of the Plaintiffs in Kadrey.

16         THE COURT:  Hi.

17         MS. KELLER (via Zoom):  Good afternoon, your

18 Honor.  Amy Keller on behalf of the Plaintiffs in the

19 Huckabee matter.

20         THE COURT:  Hi.  Anyone else from the Plaintiffs'

21 side?

22         MS. KELLER:  Your Honor, I am joined by my partner

23 Brian O'Mara from our San Diego office, also on behalf of

24 the Huckabee Plaintiffs.

25         THE COURT:  Hi.

4

1          MR. GHAJAR (via Zoom):  Good afternoon, your

2    Honor.  Bobby Ghajar from Cooley on behalf of Defendant.

3          THE COURT:  Hi, Mr. Ghajar.

4          MS. HARTNETT (via Zoom):  Kathleen Hartnett also

5    on behalf of Defendant.

6          THE COURT:  Hi.

7          MS. HARTNETT:  Hi.

8          THE COURT:  Okay.  So, what's -- what's the

9    latest?  I -- I saw a stipulation.  I didn't have a chance

10   to read it carefully, but it looked like maybe you were --

11   you were saying that you wanted -- you just wanted a delay

12   in the deadline to respond to the complaint while the -- is

13   that what it was, while the -- while the Plaintiffs worked

14   out their business, figured out how to proceed?

15         MR. GHAJAR:  I'll address that, your Honor.  A lot

16   has happened since we were last before the Court.  We put in

17   the schedule.  You entered an order agreeing with the

18   schedule.  The related cases motion came in.  You related

19   the cases, and then last night, with Ms. Keller and her team

20   and the -- and the rest of the Plaintiffs and the Defendant,

21   put in a stipulation essentially saying what you just said,

22   and that is there's a deadline in the Huckabee matter of

23   Monday for Meta to respond to the complaint.  The parties

24   agree that we need the Plaintiffs to figure out what they

25   want to do, are they going to amend, are they going to

5

1  conform their complaint to the Kadrey complaint.

2      Just this afternoon -- you probably haven't seen it yet

3  -- another stipulation came in, and we understand that the

4  Huckabee Plaintiffs have dismissed Microsoft from the case.

5  So, now --

6            THE COURT:  Okay.

7            MR. GHAJAR:  -- Meta's going to be the only

8  Defendant.  So, that's the update from -- from our

9  perspective.

10           THE COURT:  Okay.  Sorry, Mr. Saveri.  You were

11 going to say something?

12           MR. SAVERI:  Your Honor, just to follow up on Mr.

13 Ghajar.  So, we would -- we -- based on the instruction from

14 the Court at the last hearing, we've agreed to a stipulation

15 with the Defendant.  The Court has entered that stipulation.

16 We've had --

17           THE COURT:  Which -- which stipulation are you

18 talking about?

19           MR. SAVERI:  It's the stipulated about the

20 schedule, your Honor.

21           THE COURT:  Okay.

22           MR. SAVERI:  Which the Court has -- we negotiated

23 that following your Court's -- following your Honor's

24 instructions.  We now have a -- a schedule.  At the same

25 time, we on the Plaintiffs' side have -- have gotten

6

1  together, worked together and basically come up with a

2  program where I think it -- I can represent that all the

3  Plaintiffs will stand on the current pleadings without

4  amendment for t he cases at issue.  We don't want to have

5  any unnecessary duplication of things that have already

6  happened.  And, so, I think we've done on the Plaintiffs'

7  side what we need to do to organize ourselves and -- and

8  move forward, consistent with the work that's been done in

9  the past in the Kadrey case.

10        And, with respect to the lead counsel application, Mr.

11  Clobes and Ms. Keller can speak to it, but we all have an

12  agreement on that as well.

13          THE COURT:  Okay.  But where -- where does that

14  leave -- I mean, right now we have two complaints, and it's

15  -- I'm gathering it's -- they're -- they're close to

16  identical.  I haven't read the second complaint, the

17  Huckabee complaint yet.  I'd have -- to the extent it's the

18  same case, do we need to decide whether the cases are

19  consolidated -- should be consolidated?

20          MR. SAVERI:  I think -- I think there are a couple

21  of ways of handling this.  I think in sum and substance they

22  will -- I think two things will happen.  I think Mr. -- Mr.

23  Huckabee's claim will be dismissed.  Ms. Terkeurst -- I

24  don't know how to pronounce her name.  I've just read it --

25  would like to be a class representative.  And, so, we would

7

1  proceed in that fashion.  It could be done by consolidation
2  or it could be done by some other means where one of the
3  Plaintiffs dismisses their claims under Rule 42 with --
4  without prejudice and the other remaining Plaintiff could
5  come forward and we could reach some agreement with the
6  Defendants that that would be an additional named class
7  representative.  We wouldn't have to change the pleadings in
8  that event, and we would just proceed in that fashion.
9      I think we -- I think we could get to the same point
10 there.  I think there are a couple of ways of doing.  Part
11 of it is what the Court would prefer in -- in terms of its
12 docket and managing the -- you know, the case numbers that
13 are open.  We can do it in a variety of ways I guess is what
14 I'm saying.
15         MS. KELLER:  Your Honor, if I may.  It's Amy
16 Keller on behalf of the Huckabee Plaintiffs.  So, one of the
17 things that we had discussed with counsel in the Kadrey case
18 was to sort of streamline things so that we don't have to
19 make extra work for the Court or go through duplication of
20 efforts on, you know, our complaint because we've already --
21 the Kadrey case has already gone through testing the
22 pleadings.
23     So, consistent with what Mr. Saveri has said, Mr.
24 Huckabee, the Relevate Group, David Kinnaman, Tsh
25 Oxenreider, and John Blase, will be voluntarily dismissing

8

1 their claims as to Meta.  They've already voluntarily
2 dismissed their claims as to Microsoft to clean things up to
3 allow the cases to proceed in a coordinated fashion.  And,
4 yes, Lysa Terkeurst -- or Lysa Terkeurst would like to
5 proceed as a class representative with the Kadrey case, and
6 we can achieve that by a line amendment or however the Court
7 thinks would be most efficient in order to maintain the
8 deadlines that have already been entered by the Court.
9          THE COURT:  Yeah.  I mean, why not just dismiss
10 the Huckabee -- is it Huckabee?
11          MS. KELLER:  Huckabee, yes.
12          THE COURT:  Why not just dismiss the Huckabee
13 action and then I assume everybody would stipulate to adding
14 that one Plaintiff as a named Plaintiff in the Kadrey
15 action.  Isn't that -- isn't that the easiest way to do it?
16          MS. KELLER:  I -- I believe so, your Honor, yes.
17 And -- and our hope is that the Defendants also agree that
18 such stipulation would be appropriate and would agree to
19 one.
20          MR. SAVERI:  And, your Honor, Joseph Saveri.  From
21 our perspective, that makes sense.
22          THE COURT:  Okay.  Mr. Ghajar, any -- any issues
23 with that?
24      (Pause.)
25          THE COURT:  You're mute.

9

1          MR. GHAJAR:  Sorry about that.  I'd like to

2    discuss it with my client, but it makes sense to me.  That

3    sounds like the most efficient way to add the one Plaintiff.

4    This is the first time we're hearing that the other class

5    Plaintiffs in Huckabee do not wish to be part of the case.

6    So, let us process that, but I think that sounds like an

7    orderly way to accomplish what Plaintiffs are saying is

8    their objective.

9          THE COURT:  Okay.  And then -- and, so, we -- we

10   have already set a schedule, right?

11         MR. GHAJAR:  Yes.

12         THE COURT:  And what -- what did we set it -- did

13   we set it out -- I can't remember.  Did we decide to do --

14   yeah, we decided to do cross-motions for summary judgment

15   first.

16         MR. GHAJAR:  Yes, your Honor.

17         THE COURT:  Yeah.  And, so, we set a schedule up

18   till then as I recall.

19         MR. GHAJAR:  That's correct.

20         MR. SAVERI:  That's correct, your Honor.  And then

21   leading up to it, we set some interim milestones for

22   discovery, completion of discovery, and then -- and then the

23   -- and then a schedule for the briefs, working around the

24   holiday schedule.  And then I believe your Honor set a

25   hearing on the motions for March 6th.

10

1          THE COURT:  Yeah, that sounds right.

2          MR. SAVERI:  Yes.

3          THE COURT:  Okay.  And then -- and then you've

4    submitted a proposed protective order, and I'll -- I'll --

5    I'll get to that promptly so that you can get to exchanging

6    secret material promptly.

7          MR. SAVERI:  The protective order has been

8    submitted to the -- to the Magistrate Judge, and the --

9          THE COURT:  Oh, okay.

10          MR. SAVERI:  And, so, you -- you assigned or

11    referred the discovery matters to the Magistrate Judge, and

12    we -- we didn't agree on it.  There was competing proposals

13    submitted at which the -- the Magistrate Judge resolved.

14          THE COURT:  Oh, okay.  Great.  All right.  So,

15    then what that means is I don't have to do anything now.

16          MR. SAVERI:  Don't hold us to that, your Honor,

17    but I think that's -- I think that's an accurate statement

18    of where we are.

19          THE COURT:  Okay.  Well, let me know if you all

20    need a -- so, I guess I'll -- the motion to -- the motion to

21    appoint interim lead counsel will just be denied as moot,

22    and --

23          MR. SAVERI:  Your Honor, excuse me.  We -- that --

24    that motion is -- is pending.  We -- we are seeking to be

25    appointed the lead counsel, sole lead counsel.  We have the

1  support of all the Plaintiffs.  And, so --

2            THE COURT:  Oh, I see.

3            MR. SAVERI:  We're --

4            THE COURT:  Fine.  Then -- then let's discuss that

5  for a minute.  What's the point of appointing interim lead

6  counsel?  I mean, I have to -- you know, I would have to

7  conduct an analysis of -- you know, on things, you know,

8  like adequacy before making an appointment of that nature.

9  I mean, we haven't had much interaction in this case.  We --

10 we know that, you know, there were some real problems with

11 the complaint that we talked about at the motion to dismiss

12 hearing and some real problems with the argument.  You know,

13 so I would have to go -- you know, I would have to do a lot

14 more work to determine, you know, whether -- you know, to

15 assess, you know, questions like adequacy.  Why should --

16 why is that needed?  Why do I need to do that here?  What's

17 -- what's the harm of just proceeding like we proceed in

18 most class actions, which is just we have lawyers who

19 represent the named Plaintiffs and they pursue the case, and

20 then we have to class certification and motion for class

21 certification is filed and at that point, you know, I

22 appoint -- assuming the motion for class certification is

23 granted, I appoint, you know, the class counsel.

24      Why -- why do we need to do anything beforehand?

25            MR. SAVERI:  Well, your Honor, the -- the

12

1  application of interim lead counsel under 26(g) at this

2  point in the proceedings is -- is not uncommon at all.

3         THE COURT:  What's the -- why do we need it?

4  Like, what's the benefit?

5         MR. SAVERI:  Well, I -- I think there are a number

6  of reasons consistent with what the Rule contemplates and

7  authorities like the Manual for Complex Litigation.  It is

8  important, I think, for the Court, the parties to have a

9  sole lead counsel or lead counsel appointed at this juncture

10 for a number of reasons.  I think it gives the Court the --

11 the other side, one point of contact, someone who has

12 authority to enter into agreement to -- to bind the

13 Plaintiffs' group to efficiently --

14        THE COURT:  What Plaintiffs' group are you

15 referring to?

16        MR. SAVERI:  Well, the -- the --

17        THE COURT:  I mean, this isn't an MDL, right?

18        MR. SAVERI:  It's -- it's not.  But among other

19 things, right, the -- the appointment of lead counsel in

20 this situation provides for clarity with -- for the

21 Defendants with -- regarding -- with whom they can deal,

22 with whom they can enter into agreements.

23        THE COURT:  I mean, you're all -- you're all here,

24 right?  I mean, that's -- that's true of every case, right?

25 I mean, every case that's filed, you know, there's usually

1 more than one lawyer, and you got to figure out which lawyer

2 you're dealing with.  I mean, this is one case.  It's now --

3 we're contemplating that this is one case and there are,

4 what, three lawyers on the screen representing the

5 Plaintiffs in this one case?  Why --

6          MR. SAVERI:  Well, but --

7          THE COURT:  Go ahead.

8          MR. SAVERI:  Indeed, your Honor, there are a

9 number of other lawyers in the case who are serving as

10 Plaintiffs' counsel.  One of the things that is ensured by

11 the appointment of lead counsel is the efficiency of the

12 litigation on behalf of the Plaintiffs.  Among other things,

13 it allows to -- us to ensure that there won't be duplication

14 of effort, that we will allocate work efficiently.  We can

15 divide work as opposed to multiplying work, and those are

16 all the traditional reasons.

17          THE COURT:  But it sounds like you all have an

18 agreement amongst yourselves about who lead counsel is and

19 that the -- the lawyers who moved for appointment as interim

20 lead counsel are, in fact, lead counsel in this case.  And,

21 so, why is there going to be any confusion about that

22 amongst the handful of lawyers representing the Plaintiffs?

23          MR. SAVERI:  Well, at this point, we -- we do have

24 an agreement, and we've worked very hard to it.  It's just I

25 think the ordinary and I think the -- the recommended course

14

1  in a situation like this that that private ordering of the

2  Plaintiffs' counsel --

3          THE COURT:  Is the real reason that people

4  sometimes file these motions to -- is the -- is the real

5  reason that you want to try to sort of discourage other

6  lawyers and other Plaintiffs from coming in?

7          MR. SAVERI:  No.  I -- well --

8          THE COURT:  Filing copycat lawsuits or something

9  like that?

10          MR. SAVERI:  I -- you know, your Honor, maybe

11  perhaps maybe in some cases.  I don't think --

12          THE COURT:  Because I haven't -- I just don't see

13  any -- you know, from the standpoint of my ability to manage

14  this particular case, I -- I just -- nothing you've said so

15  far has -- has been very compelling.  It's -- you know,

16  there's -- this case seems no different from any other class

17  action, the vast majority of which nobody ever files a

18  motion to be appointed interim lead counsel.  And, so, I'm

19  just trying to -- is it a protective measure to try to

20  establish your territory and prevent or sort of discourage

21  other people from filing similar lawsuits?  I just -- I

22  don't -- I guess I don't understand.

23          MR. SAVERI:  And, your Honor, we don't -- the

24  point of this exercise, one, isn't -- isn't necessarily or

25  intended to discourage others.  It's more about organizing

15

1  ourselves, and the -- the other thing I would say, Judge, is
2  certainly in my experience, these sorts of motions at this
3  juncture are -- are -- are commonplace for the reasons that
4  we've -- we've been talking about.  And it's not just
5  limited to multi-district litigation.  There's plenty of
6  cases in this District which are complex cases, multiparty
7  cases, multi-plaintiff cases, class action cases, which
8  benefit from this kind of private ordinary structure at the
9  beginning of the case, because it really sets the parameters
10 at the very outset of the case for the efficient conduct of
11 the case.
12      And, certainly, your Honor could in some ways do this
13 and expect this without the order.  But by the same token,
14 the Rules set this up, and they do it for a reason.  It's --
15 look.  If -- if -- if six months from now there are a bunch
16 of copycat bases, we would -- I guess we would deal with it,
17 but that's -- your Honor, that's not the reason we're doing
18 it now.  It's because we -- we think, the Plaintiffs think
19 that this kind of private ordering and -- and having clear
20 rules about who's in charge, just like in any organization,
21 who's in charge, who has authority, are important for the
22 efficient conduct of the -- of the organization and the
23 group.
24      And, certainly, there are other ways of doing it
25 without it, but --

1        THE COURT:  Yes.  I mean, I -- normally the way a
2  group of lawyers does that is they figure it out themselves.
3  So, I'm just --

4        MR. SAVERI:  And -- and we have, your Honor.  And
5  this is a reflection of the private ordering of this group.
6  And, to our credit, as new cases have been filed, we've been
7  able to -- to incorporate and -- and bring the -- the new
8  complaints along as part of it.

9      Having that structure in place certainly if there were
10  other cases, we would say it makes sense.  But at least for
11  now, for this group, we think it's important that we have a
12  structure in place with a clear leader who has the authority
13  consistent with the Rule to run and manage the case, who'd
14  be responsible to you, your Honor, the Court, and to provide
15  a point of contact to the other side.

16        THE COURT:  Okay.  I'll get --

17        MR. O'MARA (via Zoom):  Your Honor?

18        THE COURT:  Yes.

19        MR. O'MARA:  This is Brian O'Mara.  I apologize
20  for not introducing myself earlier.  I had some -- some
21  audio issues.  But my name is Brian O'Mara.  I'm California
22  counsel for DiCello Levitt.  And if I can just kind of put
23  in a point or two just from a different perspective.  And
24  you're right.  We've -- we've kind of worked out how we're
25  going to operate on our side internally as -- as Plaintiffs.

17

1 But from -- from your perspective and the perspective of --
2 of opposing counsel, it -- it may be helpful, and maybe you
3 just -- you know, you point to Joe and say, You're the guy
4 or somebody else, but from your perspective, to say who is
5 authorized to speak on behalf of this putative class, who is
6 authorized to file on behalf of the putative class, so that
7 there is some sort of --
8         THE COURT:  Well, you're only filing stuff on
9 behalf of the named Plaintiffs until there's -- a class is
10 certified.  So --
11        MR. O'MARA:  Right.  And that's right.  And --
12        THE COURT:  You're only speaking on behalf of the
13 putative class until the -- until the class is certified,
14 right?
15        MR. O'MARA:  Well, the proposed class, I guess
16 however we want to define it, until we get to that class
17 certification stage.
18    And then, you know, it's --
19        THE COURT:  Yeah, but you don't -- I mean, that's
20 the whole point.  Until the class is certified, you're not
21 speaking for anybody except for the named Plaintiffs, and --
22        THE COURT:  That's right, your Honor.  That's
23 right.
24        THE COURT:  Okay.
25        MR. O'MARA:  I probably misspoke there.  But --

18

1   and then as far as the, you know, other cases being filed,

2   all of that ends up getting taken care of pretty quickly by

3   just bringing -- bringing those cases to your attention.

4   Then any case that's subsequently filed can be, you know,

5   related to these ones and brought to your Honor's attention

6   to determine whether it's related and -- and potentially

7   consolidate it with the other cases.  But it -- it does --

8   you know, from my perspective, and I don't -- I wasn't

9   involved in that -- in the discussions, but I think it does

10  help to have some sort of -- you know, even if it's not a

11  formal appointment, to have somebody who is kind of

12  designated to speak on behalf of the Plaintiffs' side in

13  this case.

14          THE COURT:  I agree that it has -- it's helpful to

15  have somebody designated to speak on behalf of the

16  Plaintiffs' side.  That happens in every case.

17          MR. O'MARA:  That's right.

18          THE COURT:  Regardless of whether there's been an

19  appointment of interim lead counsel.

20      Okay.  I'll give it further thought and --

21          MR. SAVERI:  Your Honor -- your Honor, may I --

22  may I just say one thing?  You -- you noted, I think, that

23  one of the things that you were considering raising was the

24  -- the initial rounds of motions to dismiss the pleadings.

25  And what I would say, your Honor, is the fact that claims

19

1  were asserted and the Court found them insufficient isn't

2  necessarily, it seems to me, a reason to not appoint

3  someone.  Indeed, I think taking the Court's reactions and

4  -- to heart and streamlining the case I think is a virtue,

5  not a vice.

6           THE COURT:  Yes.

7           MR. SAVERI:  And, you know, I think that we've --

8  we've put this case on a path to address core issues quite

9  quickly.  And to me it's confirmation of the value of

10 private ordering and what we've been able to do here.  It

11 would be quite valuable I think to the case and to

12 Plaintiffs' counsel to have the order that we've applied for

13 to be entered.

14          THE COURT:  Okay.  I'll consider it further, and

15 then I assume, Mr. Ghajar, you don't have anything to say

16 about this?

17          MR. GHAJAR:  No.  This is a -- this is a

18 discussion among Plaintiffs and Plaintiffs' counsel,

19 although, having heard your reaction, there's some wisdom to

20 that, but I defer to the Plaintiffs and your Honor --

21          THE COURT:  Okay.

22          MR. GHAJAR:  -- on this issue.

23          THE COURT:  Thank you.

24          MR. GHAJAR:  One issue.  Just so that we're okay,

25 your Honor, would you -- I think as a matter of precaution,

20

1 although you're the ultimate arbiter on this, we do have a

2 deadline Monday.  It sounds like it's going to be a moot

3 deadline because of what we heard today, but nothing's been

4 filed.  Can I have everybody's assurances that we need not

5 file a response to the Huckabee complaint on Monday?

6          THE COURT:  Yes.

7          MR. SAVERI:  Absolutely.  We're not --

8          THE COURT:  You have my assurance.

9          MR. SAVERI:  And we're not --

10          MR. GHAJAR:  That's all I need.

11          MR. SAVERI:  Mr. Ghajar, we're -- we'll work this

12 out.  We're not going to be taking a default or -- or

13 anything like that.  And, so, I'm -- I'm confident -- well,

14 I'm certainly optimistic and confident we're going to be

15 able to work this out.

16          MR. GHAJAR:  I -- I heard from your Honor.  That's

17 what I needed to hear.  And thank you, Mr. Saveri, for the

18 additional assurance.

19          THE COURT:  Okay.  Great.  Anything else we can do

20 for you right now?

21          MR. GHAJAR:  That's it for today.

22          MR. SAVERI:  Thank you, your Honor.

23          THE COURT:  Okay.  Thanks.

24          ALL:  Thank you, your Honor.

25      (Proceedings adjourned at 2:09 p.m.)

21

1                    CERTIFICATE OF TRANSCRIBER

2

3        I certify that the foregoing is a true and correct

4   transcript, to the best of my ability, of the above pages of

5   the official electronic sound recording provided to me by

6   the U.S. District Court, Northern District of California, of

7   the proceedings taken on the date and time previously stated

8   in the above matter.

9        I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14

15

16

17        Echo Reporting, Inc., Transcriber

18            Monday, February 12, 2024

19

20

21

22

23

24

25