COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

FILED

Jun 24 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**JOINT ADMINISTRATIVE MOTION TO FILE COMBINED JOINT STATEMENT RE: DISCOVERY DISPUTE**<br><br>Discovery Matter: Hon. Thomas S. Hixson<br><br>Trial Date: None<br>Date Action Filed: July 7, 2023<br>Current CMC Date: Oct. 20, 2023 |

Pursuant to Civil L.R. 7-11, Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Diaz, Christopher Golden, Richard Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson (collectively, "Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta" or "Defendant") (collectively, "the Parties") submit this Joint Administrative Motion ("Joint Motion") requesting leave to file a 15-page joint statement of discovery dispute. The present dispute concerns both Meta's motion for a protective order over certain communications as to which Meta has asserted attorney client privilege and Plaintiffs' cross-motion to compel regarding those same communications ("Dispute").

1.  This Dispute concerns certain communications made by a former Meta employee on the Discord online platform ("Subject Communications"). Meta asserts the Subject Communications are protected by the attorney-client privilege, were unauthorized, and over which Meta has not waived privilege. Plaintiffs contend that the Subject Communications are not privileged and that Meta has waived any applicable privilege.

2.  The Subject Communications were first introduced in this action—and Meta contends it first learned about them—on December 11, 2023, when Plaintiffs filed their First Consolidated Amended Complaint (ECF No. 64) ("FCAC") on the public record, quoting from and paraphrasing some of the Subject Communications.

3.  After Meta notified Plaintiffs of its assertion of attorney-client privilege over the portions of the Subject Communications in the FCAC, Plaintiffs stated they "disagree with Meta's assertion . . . Plaintiffs, however, will not oppose any motion seeking to file a redacted FCAC on the public docket pending resolution of the dispute." Subsequently, a redacted version of the FCAC was filed on the docket (ECF No. 69). The Parties also contacted the ECF clerk, who locked the originally-filed FCAC.

4.  Thereafter, Plaintiffs sought the Subject Communications from non-party EleutherAI, which hosted the Discord channel on which the Subject Communications were made. EleutherAI and Meta have objected to that production on the basis of Meta's assertion of attorney-client privilege. According to Plaintiffs, EleutherAI has indicated that it has the Subject

1  Communications and would be willing to produce the Subject Communications absent Meta's
2  objections.

3  5.  The Parties have since engaged in an extensive meet-and-confer process to try to
4  resolve the Dispute.  As part of that process, Meta provided a privilege log to Plaintiffs detailing
5  which of the Discord communications are subject to Meta's privilege claim. The parties have had
6  multiple, extensive discussions of these issues via written correspondence and on videoconference
7  calls.

8  6.  On June 11, 2024, the Parties agreed that they had reached an impasse and would
9  require the Court's guidance to resolve the Dispute.  In particular, Meta seeks a protective order to
10 prevent Plaintiffs from obtaining the Subject Communications or using them in this litigation.
11 Plaintiffs seek to compel production of the Subject Communications from EleutherAI.

12 7.  Under Magistrate Judge Hixson's Discovery Standing Order, the Parties are required
13 to prepare a joint statement of not more than 5 pages that presents each Party's position and final
14 proposed compromise and may not be accompanied by exhibits or affidavits other than relevant
15 excerpts of discovery requests and responses, privilege logs, deposition testimony, and meet and
16 confer correspondence.

17 8.  The Parties file this motion to seek the Court's leave to file a consolidated joint
18 statement regarding the Dispute that combines the briefs for both Meta's motion for a protective order
19 and Plaintiffs' motion to compel.  Plaintiffs agreed to file a 10-page joint statement in letter format,
20 and Meta requests that the Court grant leave to file a 15-page joint statement in letter format.
21 Plaintiffs take no position as to Meta's request for 15 pages.

22 9.  Subject to the Court's approval, the Parties have agreed to file the combined joint
23 statement by June 28, or 3 days after issuance of the Court's order on this Joint Motion, whichever is
24 later.

25 10. The Parties also request leave (1) for Meta to submit the Subject Communications for
26 *in camera* review and (2) for the parties to file declarations supporting their competing positions
27 including accompanying exhibits in support thereof on the discovery dispute.  The Parties may also
28 attach relevant portions of the EleutherAI subpoena, the privilege log Meta provided to Plaintiffs, and

their discovery correspondence. Plaintiffs also request leave to submit for *in camera* review the unsealed FCAC in which the Subject Communications were originally disclosed in order to provide the necessary context surrounding the Subject Communications, as well as additional exhibit(s) that Plaintiffs believe indicate the disclosure of the Subject Communications on LinkedIn.

11. Good cause exists for this request because the Parties' Dispute involves cross-motions on an issue that will benefit from more thorough briefing than permitted by a 5-page joint statement on each separate motion. The Parties respectfully submit that the Court's resolution of the issues presented will be facilitated both by a longer joint statement and the availability of the Subject Communications and any declarations submitted by the Parties.

12. For these reasons, the Parties hereby request an order (1) granting the Parties leave to present their Dispute to Magistrate Judge Hixson by filing a joint statement of 15 pages (or, at a minimum, 10 pages) in letter brief format; (2) requiring the joint statement be filed on June 28, 2024 or 3 days after the Court's order this Joint Motion; (3) allowing the Parties to attach declarations supporting their competing positions as well as accompanying exhibits; and (4) allowing the Parties to submit the Subject Communications for *in camera* review by the Court.

Dated: June 21, 2024

Respectfully submitted,

COOLEY LLP

By: */s/ Colette Ghazarian*
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Elizabeth L. Stameshkin
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

| | |
|---|---|
| Dated: June 21, 2024 | JOSEPH SAVERI LAW FIRM, LLP |
| | By: */s/ Joseph R. Saveri*<br>Joseph R. Saveri<br>Cadio Zirpoli<br>Christopher K.L. Young<br>Holden Benon<br>Aaron Cera<br><br>Matthew Butterick<br><br>Attorneys for Plaintiffs<br>RICHARD KADREY, SARAH SILVERMAN, and CHISTOPHER GOLDEN |
| Dated: June 21, 2024 | CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP<br><br>By: */s/ Bryan L. Clobes*<br>Bryan L. Clobes (*pro hac vice*)<br>Alexander Sweatman (*pro hac vice*)<br><br>VENTURA HERSYE & MULLER, LLP<br>Daniel J. Muller<br><br>Attorneys for Plaintiffs<br>MICHAEL, CHABON, TA-NEHISI COATES, JUNOT DIAZ, CHRISTOPHER GOLDEN, RICHARD GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, AYELET WALDMAN, and JACQUELINE WOODSON |

**[~~PROPOSED~~] ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED:

1. The Parties may present their dispute to Magistrate Judge Hixson concerning Meta's claim of privilege over certain communications involving a former Meta employee that took place on the Discord platform by filing a joint statement of 15 pages;

2. The joint statement must be filed on or before June 28, 2024, or within 3 days of the date of this Order, whichever is later;

3. The Parties may attach declarations supporting their competing positions;

4. Meta shall submit the communications at issue for *in camera* review by the Court. Plaintiffs may submit for *in camera* review the unredacted FCAC as well as exhibit(s) indicating the continued public disclosure of the Subject Communications on LinkedIn; and

5. Other than the exceptions provided in this Order, the Parties are to comply with the procedures outlined in Magistrate Judge Hixson's Discovery Standing Order.

Dated: June 24, 2024

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

In camera submissions shall be emailed to TSHpo@cand.uscourts.gov

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 21, 2024

COOLEY LLP

 /s/ Colette Ghazarian

*Attorneys for Defendant*
Meta Platforms, Inc.

305043400