| | |
|---|---|
| 1 | COOLEY LLP |
| | BOBBY GHAJAR (198719) |
| 2 | (bghajar@cooley.com) |
| | COLETTE GHAZARIAN (322235) |
| 3 | (cghazarian@cooley.com) |
| | 1333 2nd Street, Suite 400 |
| 4 | Santa Monica, California 90401 |
| | Telephone:    (310) 883-6400 |
| 5 | |
| | MARK WEINSTEIN (193043) |
| 6 | (mweinstein@cooley.com) |
| | KATHLEEN HARTNETT (314267) |
| 7 | (khartnett@cooley.com) |
| | JUDD LAUTER (290945) |
| 8 | (jlauter@cooley.com) |
| | ELIZABETH L. STAMESHKIN (260865) |
| 9 | (lstameshkin@cooley.com) |
| | 3175 Hanover Street |
| 10 | Palo Alto, CA  94304-1130 |
| | Telephone:    (650) 843-5000 |
| 11 | LEX LUMINA PLLC |
| | MARK A. LEMLEY (155830) |
| 12 | (mlemley@lex-lumina.com) |
| | 745 Fifth Avenue, Suite 500 |
| 13 | New York, NY 10151 |
| | Telephone: (646) 898-2055 |
| 14 | |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 15 | ANGELA L. DUNNING (212047) |
| | (adunning@cgsh.com) |
| 16 | 1841 Page Mill Road, Suite 250 |
| | Palo Alto, CA 94304 |
| 17 | Telephone: (650) 815-4131 |
| | |
| 18 | *Counsel for Defendant Meta Platforms, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC-TSH |
| Individual and Representative Plaintiffs, | **JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT DISCOVERY LETTER AND EXHIBITS** |
| v. | |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Diaz, Christopher Golden, Richard Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson (collectively, "Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties") respectfully request leave to file under seal the portions of the below referenced documents under seal. The Parties have met and conferred regarding the portions of the documents they request to be filed under seal.

Specifically, the Parties seek to seal unredacted portions of the Joint Discovery Letter Brief ("Joint Letter") filed pursuant to the Court's Order Granting Joint Administrative Motion to File Combined Joint Statement Re: Discovery Dispute (ECF 103), unredacted portions of the Declaration of Kathleen Hartnett ("Hartnett Declaration"), unredacted portions of the Declaration of Holden Benon ("Benon Declaration"), and Exhibits 6 and 7 to the Hartnett Declaration. As discussed below, the portions of these documents that Meta seeks to seal either (1) directly quote from communications over which Meta has asserted attorney-client privilege, and which are the basis of the dispute underlying the Joint Letter or (2) refer to or reflect a publicly available LinkedIn post that discusses and includes screenshots of those communications ("LinkedIn Post"). Specifically, the quotes and screenshots are of messages that a former part-time Meta employee and AI researcher, Mr. Tim Dettmers, posted on the "Discord" platform and which conveyed the content of legal advice that Mr. Dettmers had received from Meta in-house attorneys ("Subject Communications"). A [Proposed] Order is filed concurrently herewith, and the Parties refer the Court to the Joint Letter itself and the supporting evidence attached thereto as further support for this administrative motion.

| Document | Sealing Request |
|---|---|
| Joint Discovery Letter Brief | • Redacted portions |
| Hartnett Declaration | • Redacted portions |
| Benon Declaration | • Redacted portions |
| Exhibit 6 to Hartnett Declaration | • Entire document |

| Exhibit 7 to Hartnett Declaration | • Entire document |
|---|---|

## I. LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

The portion of the Joint Letter that quotes from the Subject Communications should be sealed because it conveys highly sensitive information, namely information that Meta has asserted is protected by attorney-client privilege. The Joint Letter contains a direct quote from communications over which Meta has claimed privilege. Indeed, the dispute underlying the Joint Letter and supporting evidence submitted by the Parties specifically concerns Meta's assertion that the Subject Communications reflect legal advice that Mr. Dettmers and his research team received from Meta's in-house attorneys. (*See, e.g.*, Joint Letter; Declaration of Luke Zettlemoyer (attached to Joint Letter), ¶ 4.) Meta has argued that the Subject Communications are privileged and that the privilege over them has not been waived. Plaintiffs disagree. Further disclosure of quotes from the Subject Communications would thus be harmful to Meta, at least until resolution of the dispute.

Moreover, in the dispute underlying the Joint Letter, Meta seeks entry of a protective order preventing Plaintiffs from using the Subject Communications. If Meta prevails, disclosure of the

1  Subject Communications would be prohibited. Sealing of the Subject Communications now is
2  therefore appropriate.

3  The portions of the Hartnett Declaration, Benon Declaration, and the remaining portions of
4  the Joint Letter that the Parties seek to seal, as well as Exhibits 6 to the Hartnett Declaration refer
5  to or consist of the LinkedIn Post. Exhibit 7 is the LinkedIn profile of the individual that created
6  and published the LinkedIn Post. Although these documents do not contain the screenshots of or
7  quote from the Subject Communications, because the LinkedIn Post is publicly accessible, the
8  Parties seek to seal references to the identity of the poster, direct quotes from the LinkedIn Post,
9  and the LinkedIn Post itself to avoid further proliferation of the Subject Communications.

10  The Parties have taken care to narrowly tailor this request. They have limited their request
11  only to a quote from the Subject Communications themselves, references to the name of the
12  individual that created the LinkedIn Post, that individual's LinkedIn profile, quotes from the
13  LinkedIn Post, and the LinkedIn Post itself. Other relevant information important to this case and
14  the Parties' dispute will still be accessible in the public record. Accordingly, the Parties' sealing
15  request is the least restrictive method of protecting Meta's privileged information, while this dispute
16  is pending.

17  **II.   CONCLUSION**

18  Pursuant to Civil Local Rule 79-5, redacted and unredacted versions of the above-listed
19  documents accompany this Administrative Motion. For the foregoing reasons, the Parties request
20  leave to file under seal the

| | |
|---|---|
| Dated: June 28, 2024 | COOLEY LLP |
| | By: /s/ Colette Ghazarian |
| | Bobby Ghajar |
| | Mark Weinstein |
| | Kathleen Hartnett |
| | Judd Lauter |
| | Liz Stameshkin |
| | Colette Ghazarian |
| | |
| | LEX LUMINA PLLC |
| | Mark A. Lemley |
| | |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | Angela L. Dunning |
| | |
| | Attorneys for Defendant |
| | META PLATFORMS, INC. |
| | |
| Dated: June 28, 2024 | JOSEPH SAVERI LAW FIRM, LLP |
| | By: /s/ Joseph R. Saveri |
| | Joseph R. Saveri |
| | Cadio Zirpoli |
| | Christopher K.L. Young |
| | Holden Benon |
| | Aaron Cera |
| | |
| | Matthew Butterick |
| | |
| | Attorneys for Plaintiffs |
| | RICHARD KADREY, SARAH SILVERMAN, and CHISTOPHER GOLDEN |

| | |
|---|---|
| Dated: June 28, 2024 | CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP |
| | By: _/s/ Bryan L. Clobes_ |
| | Bryan L. Clobes (*pro hac vice*) |
| | Alexander Sweatman (*pro hac vice*) |
| | |
| | VENTURA HERSYE & MULLER, LLP |
| | Daniel J. Muller |
| | |
| | Attorneys for Plaintiffs |
| | MICHAEL, CHABON, TA-NEHISI COATES, JUNOT DIAZ, CHRISTOPHER GOLDEN, RICHARD GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, AYELET WALDMAN, and JACQUELINE WOODSON |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2024

COOLEY LLP

/s/   *Colette Ghazarian*

*Attorneys for Defendant*
Meta Platforms, Inc.