# EXHIBIT 1



Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

VIA EMAIL
jsaveri@saverilawfirm.com

December 20, 2023

Joseph R. Saveri
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108

**Re:** *Kadrey, et al. v. Meta Platforms, Inc.*, **Case No. 3:23-cv-03417-VC**

Counsel:

We write regarding the First Consolidated Amended Complaint (FCAC). Dkt. 64. Upon investigation, we believe that the allegations in Paragraphs 55-62 refer to material that is subject to the attorney-client privilege. Specifically, these allegations relate to a discussion on a Discord channel by Tim Dettmers, a former Meta employee, that, as the FCAC itself asserts, appears to refer to privileged advice provided by Meta's in-house counsel.

Although the privileged nature of this information should have been evident prior to its inclusion in a publicly-filed complaint, we write to advise you that any disclosure of privileged information by Mr. Dettmers was unintentional, inadvertent, and not authorized by Meta—the holder of the privilege in question. *See, e.g., Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1282892, *5 (N.D. Cal. Mar. 26, 2013). As a Ph.D student working part-time at Meta as a researcher, Mr. Dettmers lacked authority to waive Meta's attorney-client privilege.

Accordingly, we ask that Plaintiffs segregate the Eleuther AI Discord communications referenced in the FCAC and refrain from further disseminating, referencing, or relying on any of Meta's privileged material, including the communications cited in Paragraphs 55-62 of the FCAC. Relatedly, please provide us with copies of the Discord communications underlying the allegations of Paragraphs 52-62 of the FCAC (including screenshots or complete versions of the referenced discussion(s)).

Our understanding is that the Discord communications at issue have been removed from the platform and are no longer publicly accessible. If you have a different understanding, please let us know.

We also ask that Plaintiffs agree to a stipulation and order asking the Court to place the FCAC under seal and allow for the filing of a redacted version of the FCAC (which we would provide and file with the stipulation), at least until the parties have had an opportunity to discuss these privilege issues. The stipulation and order would be without prejudice to Plaintiffs in the event they choose to dispute the status of the communications referenced in Paragraphs 55-62 or seek to have the FCAC unsealed.

If you disagree with this request and would like to discuss, please let us know and we can arrange for a meet and confer at your convenience.



Joseph R. Saveri
December 20, 2023
Page Two

Thank you for your immediate attention to this issue.

Sincerely,

Kathleen R. Hartnett

KRH

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000  f: +1 415 693 2222  cooley.com