# EXHIBIT 2

# JOSEPH SAVERI
## LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL 415.500.6800
FAX 415.395.9940

December 21, 2023

*Via Electronic Mail*

Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004

Re:  *Kadrey et al. v. Meta Platforms, Inc.*,
Case No. 23-cv-03417 (N.D. Cal.)

Dear Counsel:

We write in response to your letter of December 20, 2023. As set forth more fully below, we disagree with Meta's assertion that paragraphs 55-62 of the First Consolidated Amended Complaint are privileged. Plaintiffs, however, will not oppose any motion seeking to file a redacted FCAC on the public docket pending the resolution of the dispute. This sealing should not be indefinite, however, and should be conditioned on judicial resolution of the dispute.

As the party asserting the privilege, Meta bears the burden to show the privilege applies. *E.g.*, *Brinker v. Normandin's*, 2016 WL 270957, at *2 (N.D. Cal. Jan. 22, 2016). It is therefore Meta's burden to bring forth a motion for protective order in the first instance asserting why Meta believes paragraphs 55-62 are privileged. We propose the standard briefing schedule set forth by courts in the Northern District, i.e., oppositions two-weeks after the affirmative motion, with reply one-week thereafter. Given the holidays, we are flexible as to the filing of Meta's affirmative motion for protective order but request that it occur no later than January 8, 2023.

In the interim, Meta's explanations as to why it believes the material is protected are insufficient. Plaintiffs request Meta provide all material facts as to why it believes the information contained in paragraphs 55-62 are properly protected. These requests are contained in **Attachment A** attached hereto, and are consistent with the type of information Meta

December 21, 2023
Page 2

will have to submit with an attorney declaration in support of its motion for protective order.

On the substance, Plaintiffs do not agree that paragraphs 55-62 of the FCAC are subject to the attorney client privilege or attorney work product privilege. We note that paragraphs 55-62 relate to communications Tim Dettmers exchanged with individuals associated with Eleuther AI over a series of months on Eleuther's *public* Discord from November 2020 to January 2021. These communications remained on Eleuther's public Discord for years and, based on our investigation, were only taken down after August 2023. *See* FCAC, ¶ 64. Further, there has been no indication that Meta took any steps to otherwise intervene with respect to the disclosure until your letter of December 20, 2023. *Compare Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1282892, at *2 (N.D. Cal. Mar. 26, 2013) ("Wal-Mart has always maintained the privileged and confidential nature of the Memo and did not authorize its disclosure").

Whether a communication is privileged is construed narrowly. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012). Further, the privilege protects only communications, not underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) (explaining a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney"); *see also Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977) ("An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction.").

None of the paragraphs facially appear to be prepared in anticipation of litigation or for trial, and thus do not qualify for work product protection. *See United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011). Further, many of the paragraphs identified by Meta are facially not protected by the privilege. Paragraphs 56, 58, 59 are not Mr. Dettmers's statements at all, but are the statements of Eleuther employees. Any privilege that attaches would be Eleuther's—not Meta's. With respect to the remaining paragraphs, Meta has not explained how the communication was for the "purpose of obtaining legal advice." *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002). Further, the communications written by Mr. Dettmers himself appear purely "factual in character"

December 21, 2023
Page 3

and thus are not protected. *See Chandola v. Seattle Housing Auth.*, 2014 WL 5023518, at *2 (W.D. Wash. Oct. 7, 2014).

Assuming *arguendo* the communications Mr. Dettmers made are potentially privileged (they are not), the totality of the circumstances indicate any such privilege was waived. First and foremost, the communications were disclosed to a non-party, i.e., Eleuther. To the extent Meta appears to argue that Mr. Dettmers did not have the authority to waive the privilege, the communications facially appear to suggest Mr. Dettmers was communicating with Eleuther with Meta's full knowledge and direction. *See*, *e.g.*, FCAC, ¶ 57 ("A colleague said that probably they [Meta] will check each of the sub-datasets and give approval for them."). Further, Mr. Dettmers's disclosure was neither involuntary nor inadvertent. This is plainly not a case where a stray document was disclosed as part of a massive document exchange. *See*, *e.g.*, *Transamerica Comput. v. Int'l Bus. Machines*, 573 F.2d 646, 651-52 (9th Cir. 1978). Rather, Mr. Dettmers—intentionally and purposefully—made multiple posts on Eleuther's public Discord when he could have communicated with Eleuther privately (using email for example). *See United States v. Plache*, 913 F.2d 1375, 1380 (9th Cir. 1990) (explaining disclosure not inadvertent where it was done "purposefully"). Further, Meta did not indicate any diligence in guarding the information to prevent its disclosure nor took any steps to correct the disclosure—Mr. Dettmers used Eleuther's public discord for months, and the posts in question remained in the public record for years before Eleuther, from what Plaintiffs can tell, independently removed the posts from public view. In the absence of diligence, waiver has occurred. *See* Fed. R. Evid. 502(b) (explaining that inadvertent disclosure does not operate as waiver if "the holder of the privilege or protection took reasonable steps to prevent disclosure; and" "the holder prompt took reasonable steps to rectify the error"); *see also Mt. Hawley Ins. Co. v. Felman Production, Inc.*, 271 F.R.D. 125, 136 (S.D. W. Va. 2010) (finding waiver where "there has been delay in measures taken to rectify the disclosure").

As a final note, Plaintiffs remark to the extent Meta intends to rely on advice-of-counsel as a potential defense to this litigation, that constitutes an implicit waiver and disclosure is thus proper. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim [or defense] which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.").

December 21, 2023
Page 4

Sincerely,

Christopher K.L. Young

cc: Matthew Butterick

    **Cafferty Clobes Meriwether & Sprengel LLP**
    Bryan L. Clobes

December 21, 2023
Page 5

**Attachment A**

- For each of paragraphs 55-62, please provide by paragraph a description of the privilege Meta is asserting (e.g., attorney-client privilege; attorney work product).
- To the extent Meta is asserting work product applies to paragraphs 55-62, please identify which litigation or trial the material was prepared in anticipation of.
- For each of paragraphs 55-62, please identify by name and capacity the attorney who rendered the relevant legal advice. If the attorney is outside counsel, please also identify the law firm.
- For each of paragraphs 55-62, please provide the date the legal advice was rendered.
- For each of paragraphs 55-62, please describe the subject matter of the communication with requisite specificity to permit Plaintiffs to assess the privilege asserted.
- For each of paragraphs 55-62, please provide all facts to support your contention that the protected material was inadvertently produced.
- Please identify any facts suggesting that Tim Dettmers did not have authority to waive privilege.
- Please identify with specificity all steps Meta took to prevent disclosure.
- Please identify with specificity all steps Meta took to rectify the disclosure.