Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      hbenon@saverilawfirm.com
                      acera@saverilawfirm.com
                      mpoueymirou@saverilawfirm.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (215) 864-2800
Email:            bclobes@caffertyclobes.com
                      asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
475 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone:     (646) 933-1000
Email:            dstraite@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:            mb@butternicklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, and Lysa TerKeurst,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc., a Delaware corporation;<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE SECOND CONSOLIDATED AMENDED COMPLAINT** |

I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs hereby move the Court to consider whether portions of Plaintiffs' Second Consolidated Amended Complaint ("SCAC") should be filed under seal. Meta contends the portions sought to be filed under seal, which were previously filed redacted under seal with Plaintiffs' First Consolidated Amended Complaint (*see* ECF No. 69; the "FCAC"), contain information protected by attorney-client privilege.

The Parties stipulated that Plaintiffs may file an amended complaint adding Lysa TerKeurst as a Plaintiff within five days of the resolution of the privilege dispute, and the Court approved the stipulation. ECF No. 107, ¶ 2. On August 22, 2024 Magistrate Judge Hixson issued a Discovery Order addressing the privilege dispute. ECF No. 114. Plaintiffs plan to file objections to the Discovery Order, and therefore believe the privilege dispute is still pending. Fed. R. Civ. P. 72(a). Nonetheless, to avoid any potential prejudice to Plaintiff TerKeurst, Plaintiffs are filing this SCAC adding Plaintiff TerKeurst within five days of the entry of the Discovery Order, with the disputed allegations redacted under seal. Accompanying this Motion is the Declaration of Christopher K.L. Young in Support of Plaintiffs' Administrative Motion to File Under Seal a proposed order.

II. ARGUMENT

In the Ninth Circuit, when a party seeks to seal portions of a complaint, the compelling reasons standard is typically used. *See, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016); *see also In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, No. ML1902905JAKFFMX, 2020 WL 13688234, at *3 (C.D. Cal. Sept. 7, 2020) ("Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies."). This is because a complaint is "the root, the foundation, the basis by which a suit

arises and must be disposed of." *NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *3.

Compelling reasons "outweigh the public's interest in disclosure and justify sealing court records . . . when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets . . . ." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The party seeking to seal bears the burden of showing compelling reasons apply. *See id.* at 1178.

Here, Meta has asserted privilege over certain portions of the SCAC which were originally included in the FCAC (ECF No. 69), claiming certain allegations contain information that is protected by the attorney-client privilege. Plaintiffs disagree that the information is privileged, and even if it were, any privilege was waived. On August 22, 2024, Magistrate Judge Hixson issued a Discovery Order holding the disputed materials are privileged. ECF No. 115. The Parties previously stipulated that Plaintiffs may file an amended complaint adding Lysa TerKeurst as a Plaintiff within five days of the resolution of the privilege dispute, and the Court approved the stipulation. ECF No. 107, ¶ 2. Although Plaintiffs do not view the Discovery Order as the final resolution of the dispute, Fed. R. Civ. P. 72(a), Plaintiffs file this SCAC adding allegations specific to Plaintiff Lysa TerKeurst, to avoid any potential prejudice to Plaintiff TerKeurst. In so doing, Plaintiffs seek to maintain the disputed portions under seal in redacted form consistent with the Parties' agreement until Plaintiffs' Rule 72 objections to the Order are properly resolved by the Court. Plaintiffs therefore submit this motion in accordance with Local Rule 79-5.

## III. CONCLUSION

Plaintiffs therefore request that the following paragraphs of the SCAC be filed under seal.

| SCAC Paragraph | Description of Information |
|---|---|
| 54 | Information Meta contends is protected by the attorney-client privilege. |
| 56 | Information Meta contends is protected by the attorney-client privilege. |
| 59 | Information Meta contends is protected by the attorney-client privilege. |
| 60 | Information Meta contends is protected by the attorney-client privilege. |
| 61 | Information Meta contends is protected by the attorney-client privilege. |
| 62 | Information Meta contends is protected by the attorney-client privilege. |

| | |
|---|---|
| Dated: August 29, 2024 | By:     */s/ Christopher K.L. Young*<br>         Christopher K.L. Young |

                Joseph R. Saveri (State Bar No. 130064)
                Cadio Zirpoli (State Bar No. 179108)
                Christopher K.L. Young (State Bar No. 318371)
                Holden Benon (State Bar No. 325847)
                Aaron Cera (State Bar No. 351163)
                Margaux Poueymirou (State Bar No. 356000)
                **JOSEPH SAVERI LAW FIRM, LLP**
                601 California Street, Suite 1505
                San Francisco, California 94108
                Telephone:     (415) 500-6800
                Facsimile:     (415) 395-9940
                Email:          jsaveri@saverilawfirm.com
                                czirpoli@saverilawfirm.com
                                cyoung@saverilawfirm.com
                                hbenon@saverilawfirm.com
                                acera@saverilawfirm.com
                                mpoueymirou@saverilawfirm.com

                Matthew Butterick (State Bar No. 250953)
                1920 Hillhurst Avenue, #406
                Los Angeles, CA 90027
                Telephone:     (323) 968-2632
                Facsimile:      (415) 395-9940
                Email:           mb@butericklaw.com

                Bryan L. Clobes (*pro hac vice*)
                **CAFFERTY CLOBES MERIWETHER**
                **& SPRENGEL LLP**
                135 South LaSalle Street, Suite 3210
                Chicago, IL 60603
                Telephone:     (215) 864-2800
                Email:           bclobes@caffertyclobes.com
                                asweatman@caffertyclobes.com

                Daniel J. Muller (State Bar No. 193396)
                **VENTURA HERSEY & MULLER, LLP**
                1506 Hamilton Avenue
                San Jose, California 95125
                Telephone: (408) 512-3022
                Facsimile: (408) 512-3023
                Email:     dmuller@venturahersey.com

Seth Haines\*
Timothy Hutchinson\*
Lisa Geary\*
**RMP, LLP**
5519 Hackett Street, Suite 300
Springdale, Arkansas 72762
Telephone:	(479) 443-2705
Email:	shaines@rmp.law

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
475 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone:	(646) 933-1000
Email:	dstraite@dicellolevitt.com
	thutchinson@rmp.law
	lgeary@rmp.law

Scott Poynter\*
**POYNTER LAW GROUP**
407 President Clinton Avenue, Suite 201
Little Rock, Arkansas 72201
Telephone:	(501) 812-3943
Email:	scott@poynterlawgroup.com

Brian O'Mara
**DICELLO LEVITT LLP**
4747 Executive Drive, Second Floor
San Diego, California 92121
Telephone:	(619) 923-3939
Email:	bomara@dicellolevitt.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
475 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone:	(646) 933-1000
Email:	dstraite@dicellolevitt.com

Adam J. Levitt
Amy E. Keller*
Nada Djordjevic*
James A. Ulwick*
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Email: alevitt@dicellolevitt.com
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*