UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, and Lysa TerKeurst,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc., a Delaware corporation;<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**DECLARATION OF CHRISTOPHER K.L. YOUNG IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE SECOND CONSOLIDATED AMENDED COMPLAINT** |

I, Christopher K.L. Young, declare as follows:

1.　　I am an attorney duly licensed to practice in the State of California. I am a partner of the Joseph Saveri Law Firm, LLP, counsel of record for Plaintiffs Richard Kadrey, Sarah Silverman and Christopher Golden in the above-captioned action. I have personal knowledge of the matters stated herein and if called upon, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. Section 1746 and Civil Local Rules 7-11 and 79-5 in support of Plaintiffs' Administrative Motion to File Under Seal Portions of the Second Consolidated Amended Complaint.

2.　　Plaintiffs have reviewed and complied with the Motions to Seal section of the Standing Order for Civil Cases Before Judge Vince Chhabria.

3.　　Plaintiffs have reviewed and complied with Civil Local Rule 79-5. Plaintiffs' redactions are narrowly tailored to seal only sealable material.

4.　　The following chart sets forth details regarding the information Plaintiffs seek to file under seal:

| SCAC Paragraph | Description of Information | Reason for Sealing |
|---|---|---|
| 54 | Information Meta contends is protected by the attorney-client privilege. | Meta has asserted privilege over certain portions of the SCAC, which were originally included in the First Consolidated Amended Complaint (ECF No. 64) |
| 56 | Information Meta contends is protected by the attorney-client privilege. | Meta has asserted privilege over certain portions of the SCAC, which were originally included in the First Consolidated Amended Complaint (ECF No. 64) |
| 59 | Information Meta contends is protected by the attorney-client privilege. | Meta has asserted privilege over certain portions of the SCAC, which were originally included in the First Consolidated Amended Complaint (ECF No. 64) |
| 60 | Information Meta contends is protected by the attorney-client privilege. | Meta has asserted privilege over certain portions of the SCAC, which were originally included in the First Consolidated Amended |

| | | Complaint (ECF No. 64) |
|---|---|---|
| 61 | Information Meta contends is protected by the attorney-client privilege. | Meta has asserted privilege over certain portions of the SCAC, which were originally included in the First Consolidated Amended Complaint (ECF No. 64) |
| 62 | Information Meta contends is protected by the attorney-client privilege. | Meta has asserted privilege over certain portions of the SCAC, which were originally included in the First Consolidated Amended Complaint (ECF No. 64) |

5.  The information sought to be filed under seal here is identical to the information previously filed redacted under seal in Plaintiffs First Consolidated Amended Complaint (ECF No. 69).

I declare under penalty of perjury that the foregoing is true and correct. on August 29, 2024.

By:     */s/ Christopher K.L. Young*
              Christopher K.L. Young