Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterlcklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (215) 864-2800
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
475 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone:  (646) 933-1000
Email:      dstraite@dicellolevitt.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, et al., <br><br> *Individual and Representative Plaintiff*, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> *Defendant.* | Case No. 3:23-cv-03417-VC <br><br> **PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> **[Fed. R. Civ. P. 72(a); Civ. L.R. 72-2]** <br><br> **REDACTED** |

# MOTION

Plaintiffs hereby move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from a nondispositive pretrial order of a Magistrate Judge. Plaintiffs object to the "Discovery Order Re: Dkt. No. 105" (ECF 114) of August 22, 2024. Plaintiffs respectfully ask the Court to set aside this order or modify it as set forth in the accompanying Points and Authorities.

The Motion is based on this Motion, the accompanying Points and Authorities the [Proposed] Order, the letter brief and other materials submitted in connection with the Motion, the records and docket in this matter and any oral argument the Court may take.

Dated: September 5, 2024

Respectfully Submitted,

By:     */s/ Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:       jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

# POINTS AND AUTHORITIES

**Introduction.** On August 22, 2024, Magistrate Judge Hixson granted Meta's motion for a protective order and denied Plaintiffs' motion to compel certain allegedly privileged communications relevant to Plaintiffs' allegations. ECF 157 (the "Order"). Judge Hixson erred by failing to fully analyze whether Dettmers acted within the scope of his authority when disclosing the material to a third-party, and the extent Meta exercised reasonable steps to protect the privilege. Plaintiffs hereby object to the Order. Fed. R. Civ. P. 72(a). Setting that aside, those materials remain publicly available on the Internet outside of the parties' control to anyone who wishes to access them. As a result of the Order, the Parties must now litigate under the fiction that these materials do not exist, even as the information remains publicly available to anyone with an internet connection. *See Younes v. 7-Eleven, Inc.*, Nos. 13–3500 (RMB/JS), 13–3715 (MAS/JS), 13–4578 (RMB/JS), 2014 WL 1959246, at *4 (D.N.J. May 15, 2014) ("The Court will not undergo the pointless exercise of sealing [an assertedly privileged] document that is and will continue to be publicly available.").

**Background.** Sometime in 2020, Meta hired Tim Dettmers. As Plaintiffs assert, Dettmers worked in Meta's Facebook AI Research (FAIR) under the supervision of Luke Zettlemoyer. While so employed, Dettmers communicated with EleutherAI and discussed the subject of the availability of sources of training data. At the time, as shown by materials Meta does not dispute here, Meta was engaged in building generative AI products, which necessitated acquiring or developing training data for those products, including data from illicit or illegal sources containing pirated copyrighted material. Aside from any direct communication by email or other means that Plaintiffs do not possess, Dettmers addressed these matters in a discussion forum on a public Discord channel, which included various members of the public, including EleutherAI personnel and others. The communication is highly relevant to this case because it includes questions and answers regarding the propriety of using certain notable pirated databases, including The Pile. This information goes to intent and the willfulness of Meta's infringement. Dettmers identified certain databases that Meta had determined to be problematic and discussed them with other channel participants. Dettmers indicated that he had discussed and would continue to discuss these with others at Meta. ███████████████████████████████████████████████████████████████████████████████████████████████

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ From these facts, it is clear that in 2020, Meta was on constructive notice of its privileged material being disseminated publicly.

The communications sat on Discord for over two years. Plaintiffs discovered these communications prior to filing their Complaint and included certain allegations related to the at-issue material in it. ECF 64, ¶¶ 55-62. As of the service of the Complaint, Meta was no longer just on constructive notice; they had actual notice. At some point after the filing of the Complaint, the Dettmers Discord Messages were posted online on LinkedIn. Plaintiffs did not learn about this until Meta informed them. The Dettmers Discord Messages remain available for anyone to access on LinkedIn.

Nine days after the Complaint was filed, Meta asserted privilege claims with respect to the allegations initially under Rule 26. ECF No. 105-4. Plaintiffs disputed Meta's assertion but did not oppose Meta's request to seal the Complaint pending the resolution of the dispute. ECF 105-5. The parties negotiated these issues for months before filing a joint letter brief on June 28, 2024. ECF 105. In addition to its portion of the joint letter brief, Meta supported its argument with declarations from Zettlemoyer and Dettmers. Argument was heard on August 22, 2024. The Order followed.

**Although the Order applied the correct standard on whether a low-level employee may waive the privilege, the Order misapplied the facts.**

The Order properly recognized that "[s]ometimes . . . the privilege can be waived by lower-level employees [who] inadvertently yet voluntarily disclose privileged material while acting within the scope of their authority." Order at 3 (citing *Vans, Inc. v. Walmart, Inc.*, No. 8:21-cv-01876-DOC-KESx 2023 WL 4291986 (C.D. Cal. June 5, 2023) (cleaned up)). Order incorrectly concluded based on contested statements in declarations, that Meta showed Dettmers did not possess the requisite authority.

Dettmers was hired by Meta to identify and investigate the suitability of available databases for use in Meta's large language model generative AI products. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Indeed, Stella Biderman of EleutherAI provided Dettmers ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ These facts are sufficient to show Dettmers possessed the

requisite authority and to show that, since 2020, Meta had constructive notice of the communications between Dettmers and EleutherAI employees. Dettmers's job title and responsibilities also suggest he had the authority to make these disclosures. And, conspicuously absent from the supporting declarations is any suggestion that Meta was *unaware* or that Dettmers was unauthorized to communicate with third parties such as EleutherAI. If Dettmers lacked the authority to communicate with third parties such as EleutherAI, one would think the declaration of Dettmers's superior (or Dettmers himself) would have disavowed it. Instead, the declarations contained disavowals of Meta's intent to disclose privileged information, which given Dettmers was acting as Meta's agent, is beside the point.

Meta's efforts to controvert these facts are ineffective, consisting of unreliable and suspect evidence. In particular, the Court's conclusion that Dettmers did not have authority to communicate with others on the Discord channel related to his work at Meta is incorrect. In response to the evidence Plaintiffs adduced, Meta only offered *ipse dixit* declarations concluding that Dettmers had no authority. ECF 105-2 (Zettlemoyer Decl. ¶¶ 6, 7); ECF 105-1(Dettmers Decl. ¶¶ 4, 5, 12). The Order asserts, without citation, and despite Meta bearing the burden on this point, that Meta made a "contrary showing that Dettmers did not have this authority." Order at 3. The reason the Court did not cite any authority in the record for this proposition is simple: there is none. The Court erred by simply relying on Meta's declarations that "Dettmers did not have authority to waive the privilege." Order at 2 (citing Zettlemoyer Decl. ¶¶ 3, 5, 6, 7; Dettmers Decl. ¶¶ 4, 5, 12.). If that were sufficient—and it is not—a corporation could always easily defeat a waiver claim by simply repeating these magic words. Here, the declarations that Meta submitted are conspicuously silent on the point that matters—Meta never states Dettmers was not authorized to communicate with third parties. Moreover, the facts do not corroborate Meta's *ipse dixit* assertion that it did not authorize Dettmers to engage in these communications or that Dettmers was acting as Meta's agent on the Discord channel.

**Dettmers Voluntarily Disclosed the Materials Known to be Privileged.**

Judge Hixson also failed to apply the correct legal standard. In the Ninth Circuit, the Court should look to determine whether one who disclosed privileged material did so with the intent to disclose a document known to be privileged. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012). Here, it is clear that Dettmers knew he was disclosing information, and he knew it was likely

privileged based on his mandatory training. Zettlemoyer Decl. ¶ 3.

**The Order committed clear error by finding Meta took all reasonable steps to protect the privilege.**

Inadvertence of disclosure is only one factor in determining waiver. *See In re Sause Bros. Ocean Towing*, 144 F.R.D. 111, 114-15 (D. Or. 1991). "Courts within the Ninth Circuit have embraced the totality of the circumstances approach." *U.S. ex rel. Bagley v. TRW*, 204 F.R.D. 170, 177 (C.D. Cal. 2001). On this point, the Order erred by concluding that Meta "took all reasonable steps to protect the privilege." Order at 4. This is the wrong legal standard. Courts in the Ninth Circuit generally follow Judge Wilken's decision in *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323 (N.D. Cal. 1985), which involves an examination of the following elements: (1) the reasonableness of the precautions to prevent inadvertent disclosure, (2) the time taken to rectify the error, (3) the scope of the discovery, (4) the extent of the disclosure, and (5) the "overriding issue of fairness." *Id.* at 332. The test of reasonable steps is rigorous. *See In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989) ("[I]f a client wishes to preserve the privilege, it must treat the confidentiality of attorney-client communications like jewels—if not crown jewels."). If Meta had taken adequate precautions to protect its privilege by properly training its employee, it would not have been divulged in the first place. *Int'l Digit. Sys. Corp. v. Digit. Equip. Corp.*, 120 F.R.D. 445, 449 (D. Mass. 1988)

The Court erred by focusing on the reasonableness of the steps and ignoring the rest; Meta failed to carry its burden as to each. The only issue addressed by the Court was the first, concluding Meta "took **all reasonable steps** to protect the privilege." Order at 4 (emphasis added); *see United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) ("[P]rivilege [] [is] waived if the privilege holder fails to pursue *all reasonable means* of preserving the confidentiality of the privileged matter."). Even after Meta was on actual or constructive notice in 2020, Meta did nothing to restrain Dettmers's communications or to remediate his disclosure by retrieving them from the public Discord server, where they sat for two years where anyone could see them. And with respect to LinkedIn, Meta's efforts appear to be half-hearted at best. With respect to this ubiquitous platform, Meta only provides a hearsay declaration containing a generalized descriptions of an unidentified member of its legal team's unsuccessful efforts to contact LinkedIn. Order at 4; ECF 104-4 (Hartnett Decl.). Among other things, Meta failed to request removal from the author of the post, or seek a court order compelling LinkedIn to remove these materials, which

is apparently easy enough for Meta's generative AI peers. *E.g., Doe 1 v. GitHub, Inc.*, Case No. 22-cv-06823-JST (N.D. Cal. Jan. 30, 2024), ECF 205 (ordering third-parties to remove erroneously filed pleading and replace with properly redacted version). Meta instead held up its hands, claiming such efforts "would have been futile and likely counterproductive." *Id*. Plainly, Meta did not pursue all reasonable means as this Circuit requires.

The Court made no mention of the other four factors, perhaps because Meta did not raise them either. Each compels a finding of waiver. Meta took at least two years to even begin to address the error and, as of today, has still failed to remediate it. Here, far from a needle in a haystack, the scope of the waiver is small and limited to specific materials placed in a public Internet space. It is fundamentally unfair for Meta to wait two years until the material has been relied on in a complaint.

**The Court's Order requires the Parties to ignore the public record.**

The Order fails to acknowledge or recognize this is a special case where the disclosed material is placed on the internet. "[O]nce confidential information has been published, it is no longer confidential." *Janssen Prods., L.P. v. Lupin Ltd.*, No. 2:10–05954 WHW, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (collecting cases). Presently, the Subject Communications remain accessible to anyone in the world with Internet access. *See Est. of Bennet by Bennet v. Altec Indus., Inc.*, No. 05-CV-34-J, 2005 WL 8155489, at *2 (D. Wyo. Dec. 16, 2005) (rejecting claim of privilege where "[i]t has been undisputed that for five months anybody who had access to the internet could view or print these documents."). But the Order does not explain, let alone analyze, how the privilege may still apply to publicly available materials outside the parties' control.[1] *See Younes.*, 2014 WL 1959246 at **2-3 (stating the sealing of purportedly privileged information would be a "pointless exercise" because even if the material were privileged, it "has already been published and is available on the internet," and "would still be available to anyone who wanted to see it."). This material was obtained by third parties long before Plaintiffs obtained it. As a result of Meta's insouciance, tardiness and lack of effort, the materials still reside on the Internet and have been reviewed increasingly over time.

**Conclusion.** The Court should set aside the Order and find that (a) the Court erred by finding Dettmers lacked the authority to waive the privilege; or (b) allow Plaintiffs to conduct further discovery.

---

[1] Plaintiffs note that contrary to Meta's groundless insinuations to the Magistrate Judge below, Plaintiffs' counsel has not had any attorney-client relationship or other formal relationship with Heldrup.

Dated: September 5, 2024

Respectfully Submitted,

By:     */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940
Email:   jsaveri@saverilawfirm.com
      czirpoli@saverilawfirm.com
      cyoung@saverilawfirm.com
      hbenon@saverilawfirm.com
      acera@saverilawfirm.com
      mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:   mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (215) 864-2800
Email:   bclobes@caffertyclobes.com
      asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
475 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone:   (646) 933-1000
Email:   dstraite@dicellolevitt.com

Daniel Jerome Muller
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, CA 95125
Telephone:   (408) 512-3022
Facsimile:   (408) 512-3023
Email:   dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*