Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      hbenon@saverilawfirm.com
                      acera@saverilawfirm.com
                      mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:         mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312)-782-4880
Email:          bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Additional Counsel Identified Below

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>    *Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**MOTION TO ENLARGE<br>DISCOVERY CUTOFF** |

Even though the Parties have been diligently litigating this case, there is still much work to be done. This is a complex litigation involving cutting-edge issues, and incredibly technical facts involving new and novel generative AI technologies. Meta itself requested an extension to meet the substantial completion deadline, which Plaintiffs provided. What discovery has revealed thus far has only reinforced the complexity of this case. In mid-July, Meta produced approximately 13,000 documents covering mostly hyper-technical topics and including, surprisingly, over one thousand documents in French, which Plaintiffs must now translate. The production remains incomplete, and documents are still rolling in. Meta's privilege log (which Plaintiffs provided a reasonable extension to produce) is, upon cursory review, woefully deficient. The Parties are now on the eve of taking depositions, including witnesses located abroad. Subpoenas have been issued to known third parties, and Meta has so far refused to inform Plaintiffs which likely deponents it represents, which will require Rule 45 subpoenas or resort to the Hague Convention or other treaties or agreements which permit the taking of discovery abroad.

Acknowledging the realities of completing discovery in this complex matter, Plaintiffs met and conferred with Meta about mutually proposing a modest extension to the case schedule in order to complete discovery and allow the parties to prepare their cases. Meta refused, even as it continues to produce thousands of documents after the substantial completion deadline. Meta apparently seeks to take strategic advantage of their delay and the complexity of the case by using the schedule the parties set at the beginning of the case to foreclose and limit discovery and trial preparation.

Meta provided no basis for its refusal to a modest extension of the discovery deadlines besides the Court's order. Pursuant to Local Rule 6–3, Plaintiffs respectfully move this Court for a modest 97-day extension of the fact discovery cutoff in this Action, currently set for September 30, 2024, and for a corresponding extension of the subsequent dates herein. *See* Attachment A hereto. This is the first request for an extension of the pretrial schedule in this case.

## BACKGROUND

On January 23, 2024, the Court entered a case management order that set a fact-discovery

deadline of September 30, 2024. ECF No. 87. Since then, the parties propounded dozens of requests for documents, dozens of interrogatories, negotiated custodians, produced documents, reviewed those documents, and prepared for depositions. The parties resolved disputes on numerous meet and confer videocalls. The parties spent countless hours and exchanged hundreds of emails on discovery and other case management issues. On June 20, 2024, Meta's counsel asked Plaintiffs for a courtesy two-week extension on the substantial completion deadline of July 1, 2024—Plaintiffs graciously agreed. Declaration of Joseph R. Saveri at ¶ 7. On July 15, Meta produced approximately 13,000 documents, covering mostly hyper-technical topics, collected from ten document custodians unilaterally selected by Meta. *Id.* at ¶ 8. Regardless of the substantial completion deadline, Meta is continuing to produce documents. Indeed, Meta has produced over 2,700 documents plus a hard drive since substantial completion. *Id.* What is more, over 1,000 documents Meta contain writings in French. And it has become apparent that Meta's production is deficient, with many documents being produced with various technical issues, which will necessitate re-imaging, production of native texts, and correction of illegible or corrupted files. Needless to say, foreign language documents must be translated by a certified translator, and partially illegible documents must be re-imaged before they can properly be used in the litigation. Plaintiffs raised these issues and others to Meta on August 22, 2024. Saveri Decl., at ¶ 10. After bringing the deficiencies to Meta's attention, Meta has agreed in part to produce documents without the deficiencies. That process is underway, and more documents are forthcoming.

      Plaintiffs have identified some and are negotiating additional document custodians that should be added to the initial group of custodians, as contemplated and permitted by the ESI Protocol entered by the Court. ECF No. 101. On August 23, 2024, Plaintiffs provided Meta with a proposed list of additional custodians along with detailed reasons supporting their inclusion. Saveri Decl., at ¶ 11. The parties are presently negotiating, with further document productions and depositions to follow. *Id.*

      Meta issued its privilege log on August 30. Saveri Decl., ¶ 17. It has already become apparent that Meta's privilege log and its production writ large is deficient. The privilege log contains over

1100 entries. *Id*. The log does not distinguish documents withheld in total and those that are redacted. As to the redacted documents, Meta failed to provide bates numbers, making it unnecessarily difficult to identify and review the documents withheld in part. For example, the descriptions of the documents do not comply with ordinary Rule 26 standards for privilege logs. Plaintiffs' preliminary check reveals that certain documents have been redacted while other versions have not. This inconsistency is engendering a host of problems, including delay and expense in document review. There have been redactions on bases other than privilege for apparently no reason other than the contents may have been damaging to Meta. *Id*. at ¶ 20. Plaintiffs are undertaking a full accounting of the scope of the privilege log's deficiencies.

On August 22, Plaintiffs issued the first deposition notices in this case. *Id*. at ¶ 13. Meta issued notices of deposition on the individual Plaintiffs on August 23. *Id*. The parties are in the process of meeting and conferring on dates. Meta takes the position that 20 depositions should proceed in September.[1] Meta has balked at dates offered by Plaintiffs, and is now seeking alternative dates. Further, certain deponents are in France. While refusing to permit Plaintiffs to contact them, Meta has not yet confirmed whether it is representing them or will produce them voluntarily without resort to procedures necessary for depositions abroad.[2] Plaintiffs are continuing to meet and confer in good faith to complete as many depositions as practicable in September.

Plaintiffs anticipate (and have anticipated as indicated by their initial CMC statement ECF No. 71 at *10]) that enlargement of the default 10-deposition cap will be necessary. Magistrate Judge Hixson is likely to agree. *See Perez v. Indian Harbor*, Case No. 4:19-cv-07288-YGR (TSH), ECF No. 61 (N.D. Cal. Jul. 20, 2020) ( Judge Hixson) ("Rule 30's default provisions can be a little

---

[1] Meta indicated it is "willing to consider one-off deviations from the September 30 discovery cut-off based on a showing of need (e.g., a particular witness is traveling in September and only available in October)[.]" Saveri Decl., ¶ 15.

[2] On a meet and confer call, Meta acknowledged that Hague service takes time. Saveri Decl., ¶ 21. In the same breath, Meta's counsel apparently takes the position that because these procedures and process will take such time, Plaintiffs have no right to the depositions: Meta asked Plaintiffs not to communicate with former Meta employees, yet Meta's counsel won't tell Plaintiffs if they represent the witnesses. *Id*. Plaintiffs' ability to initiate and complete foreign processes is frustrated without this information.

clunky. They seem to assume that a limited number of people are going to have relevant testimony (10 per side), but that each person is going to know a lot (7 hours of record time). This doesn't seem to be one of those cases."). The Parties are continuing to meet and confer about an expansion of the deposition limits, but any such expansion would necessitate an enlargement of time to accomplish.

Plaintiffs reasonably sought Meta's agreement on a mutual-agreeable extension to the case schedule. Meta refused. Saveri Decl., ¶ 6.

## ARGUMENT

The litigation is proceeding apace. Plaintiffs have been working diligently, productively, and cooperatively with Meta in order to complete discovery. However, this case presents novel substantive and technical issues, which require more time than originally anticipated to fully resolve. The complexity of these types of cases has been demonstrated in similar cases in this District. Because of similar issues regarding the nature, scope, and complexity of these cases, the parties to those cases have routinely extended their cases schedules with the approval of the courts. *See e.g.*, *In re OpenAI ChatGPT Litig.*, Case No. 3:23-cv-03223, ECF No. 173 (N.D. Cal. Aug. 19, 2024) (extending schedule by 90 days); *Doe 1, et al v. GitHub, Inc.*, Case No. 4:22-cv-06823-JST, ECF No. 276 (extending schedule by 180 days).

No good deed goes unpunished. Plaintiffs afforded Meta every courtesy expected of litigants in this District, providing extensions without objection for substantial completion and the issuance of a privilege log when Meta said it needed more time. N.D. Cal. Guidelines for Professional Conduct, ¶ 4. Depositions will need to be taken, including in France, and Hague service may be required. Meta is still producing documents. It has become apparent now that despite the Parties' best efforts, a modest extension is needed to finish the work. Even as Meta is continuing to produce its own documents—and in an unsatisfactory fashion—it refuses to agree to a modest extension of the case schedule.

Aside from the strategic advantage of denying Plaintiffs discovery necessary to prepare their case and to defeat Meta' affirmative defenses, Meta may argue that Plaintiffs have been dilatory and waited until the eleventh hour to raise this request. Not so. Plaintiffs have been diligently litigating

this case, as Meta well knows. Plaintiffs have been diligently reviewing Meta's production (which again, were produced late), and it was this diligence that uncovered the deficiencies in Meta's production. Meta could have easily, for example, informed Plaintiffs in advance that it would be producing over 1,000 documents in French.

Plaintiffs are still in the process of reviewing discovery, but thus far they have already uncovered serious deficiencies within Meta's production. For example, Plaintiffs identified documents produced which reflect, at best, shoddy redactions of material that plainly should not have been. At worst, this demonstrates an effort to shield damaging facts and to hinder and hamper Plaintiffs' discovery efforts. Accordingly, Meta's document productions require review with a fine-tooth comb, and if necessary, litigation. Meta produced an extensive privilege log, and there are hundreds of redactions. Plaintiffs identified no legal basis for at least some of these redactions whose only purpose apparently is to hide potentially damaging information. Saveri Decl., ¶ 20. The modest first-time request of 97 days reflects the complexity of the case and is commensurate with the volume of privilege log entries (over 1100) and the reality that Meta will need time to correct its plainly deficient production.

Meta apparently believes the parties should ramrod twenty depositions into the remaining weeks of September, even as its own document production is continuing. The scheduling efforts are already revealing that some depositions will likely need to occur later. Saveri Decl., ¶ 15. Further, Plaintiffs provided available dates in September for five witnesses, and they are working with their clients to determine availability for the rest. But even now, after being offered dates for the depositions Meta noticed, Meta wants different dates. Saveri Decl., ¶ 19. It is apparent to everyone but Meta that an extension is needed. Meta apparently prefers gamesmanship. This motion could have been avoided if Meta were amenable to a reasonable extension, as has been achieved by similarly-situated parties other cases. *See In re OpenAI ChatGPT Litig., supra*; *Doe 1*, *supra*. Meta's refusal is unfortunate, strategic, and unjustified. For the foregoing reasons, Plaintiffs request an enlargement of time as outlined in the Proposed Revised Scheduling Order. Plaintiffs request 97 days (90 days + 7 days in light of the holidays).

| | |
|---|---|
| Dated: September 6, 2024 | By:     */s/ Joseph R. Saveri* |

                                                          Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:     jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice forthcoming*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:     bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone:     (408) 512-3022
Facsimile:     (408) 512-3023
Email:     dmuller@venturahersey.com

    Brian O'Mara
    David A. Straite
    **DICELLO LEVITT LLP**
    4747 Executive Drive
    Second Floor
    San Diego, California 92121
    Telephone:   (619) 923-3939
    Email:        bomara@dicellolevitt.com
                   dstraite@dicellolevitt.com

    Adam J. Levitt
    Amy E. Keller*
    James A. Ulwick*
    **DICELLO LEVITT LLP**
    Ten North Dearborn Street, Sixth Floor
    Chicago, Illinois 60602
    Telephone:   (312) 214-7900
    Email:        alevitt@dicellolevitt.com
                   akeller@dicellolevitt.com
                   julwick@dicellolevitt.com

    *Counsel for Individual and Representative Plaintiffs and the Proposed Class*

## ATTACHMENT A

| Case Event | Current Deadline | Proposed Deadline |
|---|---|---|
| **Fact Discovery** | | |
| Substantial completion of document productions | July 15, 2024 | N/A |
| Close of fact discovery | September 30, 2024 | January 6, 2024 |
| Deadline to File and Fact Discovery Motions including Motions to Compel | October 7, 2024 | January 15, 2025 |
| **Expert Reports** | | |
| Opening Expert Reports Due | October 11, 2024 | January 17, 2025 |
| Rebuttal Expert Reports Due | November 8, 2024 | February 14, 2025 |
| Reply Expert Reports Due | November 22, 2024 | February 28, 2025 |
| Close of Expert Discovery | December 20, 2024 | March 28, 2025 |
| L/D to File Motions re Expert Discovery | December 27, 2024 | April 4, 2025 |
| **Daubert Motions** | | |
| Opening MSJ/*Daubert* Briefs Due | January 1, 2025 | April 9, 2025 |
| Oppositions to MSJ/*Daubert* Briefs Due | February 7, 2025 | May 16, 2025 |
| Reply MSJ/*Daubert* Briefs due | February 21, 2025 | May 30, 2025 |
| Hearing on MSJ | March 6, 2025 | June 12, 2025 |