Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:  jsaveri@saverilawfirm.com
  czirpoli@saverilawfirm.com
  cyoung@saverilawfirm.com
  hbenon@saverilawfirm.com
  acera@saverilawfirm.com
  mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:  mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (215) 864-2800
Email:  bclobes@caffertyclobes.com
  asweatman@caffertyclobes.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., <br><br> *Individual and Representative Plaintiff,* <br><br> v. <br><br> META PLATFORMS, INC., <br><br> *Defendant.* | Case No. 3:23-cv-03417-VC <br><br> **DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION TO ENLARGE DISCOVERY CUTOFF** |

I, Joseph R. Saveri, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am a partner and founder of the Joseph Saveri Law Firm, LLP ("JSLF"), counsel of record for Plaintiffs Richard Kadrey, Sarah Silverman, and Christopher Golden ("Plaintiffs") in the above-captioned action. I have personal knowledge of the matters stated herein and if called upon, I can competently testify thereto. I make this declaration pursuant to 28 U.S.C. Section 1746 and Local Rule 6-3 in support of Plaintiffs' Motion to Enlarge Discovery Cutoff.

2. Under the current schedule, the close of fact discovery is set for September 30, 2024, and the other current case deadlines for expert discovery, motions for summary judgment, and *Daubert* motions are set thereafter (ECF No. 87).

3. No trial date has been entered.

4. Even though the Parties have been diligently litigating this case, there is still much work to be done. This is a complex litigation involving cutting-edge issues, and incredibly complex facts involving new and novel generative AI technologies. In mid-July, Meta produced approximately 13,000 thousand relevant documents, including, surprisingly over one thousand documents in French, which Plaintiffs must now translate. The production is not complete, and documents are still rolling in. Meta's privilege log (which Plaintiffs provided a reasonable extension to produce) is, upon cursory review, woefully deficient. The Parties are now on the eve of taking depositions, including witnesses located abroad. Subpoenas have been issued to known third parties, and Meta has so far refused to inform Plaintiffs which likely deponents it represents, or which will require Rule 45 subpoenas or resort to the Hague Convention or other treaties or agreements which permit taking of discovery abroad.

5. There have been no previous time modifications in the case, whether by stipulation or Court order.

6. The parties have met and conferred about Plaintiffs' proposed extension, including participating in a videoconference with lead counsel for the parties, but have been unable to reach a mutual agreement on the extension request.

7. On June 25, 2024, Meta's counsel emailed Plaintiffs' counsel requesting an extension of the substantial completion deadline which was initially set for July 1, 2024. Plaintiffs promptly responded that same day agreeing, as a courtesy, to the extension which set the substantial completion deadline for Monday July 15, 2024.

8. On the substantial completion date of July 15, 2024, Meta produced approximately 13,000 documents from custodians it unilaterally selected. Meta has produced over 2,700 documents plus a hard drive since substantial completion.

9. Despite the agreed upon substantial completion deadline, Meta has continued to substantively produce documents including on August 9, August 15, and August 30.

10. On August 22, 2024, counsel for Plaintiffs issued a letter to Meta outlining deficiencies in Meta's production among other things. The parties subsequently met and conferred on Thursday August 29, 2024.

11. On August 23, 2024, Plaintiffs provided Meta with a proposed list of additional custodians along with detailed reasons supporting their inclusion. The parties are presently negotiating.

12. At the August 29, 2024 meet and confer, Meta agreed to cure some of the deficiencies raised by Plaintiffs and produce corrected documents.

13. Plaintiffs issued two notices of deposition on August 22, 2024. Those were the first notices issued in this action. Meta issued notices of deposition on August 23, 2024.

14. No depositions have taken place thus far. The first deposition is scheduled to occur on September 13, 2024, although Meta has requested an alternative date for that deposition.

15. On September 4, 2024, Meta indicated it is "willing to consider one-off deviations from the September 30 discovery cut-off based on a showing of need (e.g., a particular witness is traveling in September and only available in October)[.]"

16. On August 9, 2024, Meta's counsel informed Plaintiffs that it would not provide a privilege log as requested by August 14, 2024, and instead proposed an extension to August 30, 2024. Plaintiffs did not take issue with this.

17. On August 30, 2024, Meta produced a privilege log containing 1129 entries. The privilege log does not include subject lines, the names of Meta's in-house counsel are not shown in some instances.

18. On September 4, 2024, Plaintiffs' counsel provided dates and convenient locations for Plaintiffs Silverman, Kadrey, and Golden.

19. On September 5, 2024, Meta requested different dates for Plaintiffs Silverman, Kadrey, and Golden.

20. On September 6, counsel for Plaintiff brought to Meta's counsel's attention certain apparently baseless redactions on documents produced by Meta.

21. During a meet and confer call on September 3, 2024, Meta acknowledged that Hague service takes time. Meta also stated that many of the witnesses Plaintiff seek to depose no longer work for Meta, and that Plaintiffs should not communicate with former Meta employees. When asked, Meta's counsel indicated they would not tell Plaintiffs if they represent the witnesses.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of September 2024 in San Francisco, California.

By:  /s/ Joseph R. Saveri
      Joseph R. Saveri