**Via ECF**

September 9, 2024

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey, et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417 (N.D. Cal.): September 9 Hearing

Your Honor:

Plaintiffs write to advise the Court of developments regarding the three topics that are the subject of the Monday September 9, 2024 hearing. Plaintiffs address each of Meta's proposed topics in turn by providing updates on developments regarding each dispute. Generally speaking, each dispute is now moot or not ripe, thereby obviating the need for the hearing. Meta has been so advised. Meta disagrees.

(1) Whether Plaintiffs should be ordered to return the Subject Communications to Meta under Judge Hixson's order of August 22 (ECF No. 114).

The Court ordered Plaintiffs to return the Subject Communications to Meta or destroy them. ECF 114 at *4 ("Order"). Plaintiffs have filed a Rule 72 motion, and the Order is still in dispute. ECF No. 125.[1] Nonetheless, Plaintiffs have complied with it. The Order defines "Subject Communications" as "certain communications made by a former parttime Meta employee, Tim Dettmers, on two Discord channels[.]" ECF No. 114. Plaintiffs returned the Subject Communications to Meta. Significantly, the Motion giving rise to the Order was not a discovery order, but a motion for a protective order seeking relief under the Court's inherent powers. *See id.* Meta apparently now seeks to use the Court's time on Monday to bootstrap other discovery disputes issues which have not properly been the subject of ongoing meet and confers last week or joint briefing and are therefore not ripe for a hearing. Plaintiffs do not believe there is a ripe dispute. The Court should vacate the hearing, and the parties should submit moving and opposition papers on those disputes if and when they become ripe for motion practice and determination.

(2) Whether both sides should be required to promptly provide dates for ten witnesses of the other side's choosing so that these depositions can be noticed and completed by the Court-ordered close of discovery on September 30, 2024?

The parties are conferring on deposition dates. As it stands, at least 5-7 depositions will take place in the remaining weeks of September, including numerous depositions of plaintiff-witnesses that were first noticed on August 23, 2024 and August 28, 2024. While Meta may ask the Court to order the

---

[1] Plaintiffs note Judge Chhabria's recent order on a motion to seal the Rule 72 papers, where he stated "the Court is confused as to why information that is apparently already publicly known would be privileged[.]" ECF No. 128.

parties to ramrod twenty depositions before the September 30 fact discovery cut-off, that discovery cut off and other pretrial dates are subject to a motion to enlarge time currently pending before the Court. ECF No. 129. Plaintiffs refer the Court to that motion for more context on the status of discovery efforts.

The parties also intend to submit a joint letter brief for an expansion on discovery limits, and in particular, whether this case would benefit from an hours-based cap in lieu of the default 10-deposition cap. *See Perez v. Indian Harbor*, Case No. 4:19-cv-07288-YGR (TSH), ECF No. 61 (N.D. Cal. Jul. 27, 2020). If the Court is inclined to hold the hearing, the parties could benefit from the Court's guidance on that precise issue and how best to proceed with expansion of off-the-rack discovery limits in this complex case. In any event, this dispute is not ripe.

   (3) When should Plaintiffs be ordered to submit their portions of a joint letter brief?

As Plaintiffs have advised Meta, they are prepared to submit their portion of a joint letter brief on Tuesday at 5pm. This particular dispute is not worth the Court's and the parties' time, particularly given that Meta's preferred date has passed. The dispute is moot.

                                      */s/ Joseph R. Saveri*
                                      Joseph R. Saveri (State Bar No. 130064)
                                      **JOSEPH SAVERI LAW FIRM, LLP**
                                      601 California Street, Suite 1505
                                      San Francisco, CA 94108
                                      Telephone: (415) 500-6800
                                      Facsimile: (415) 395-9940
                                      Email:    jsaveri@saverilawfirm.com

                                      *Counsel for Individual and Representative Plaintiffs and the Proposed Class*