

Kathleen Hartnett
T: +1 415 693 2071
khartnett@cooley.com

September 9, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Magistrate Judge Hixson:

Defendant Meta Platforms, Inc. ("Meta") writes in response to Plaintiffs' letter this morning regarding today's 1:00 p.m. telephonic hearing (Dkt. 130). Plaintiffs seek to cancel the hearing based on alleged mootness and non-ripeness. Meta disagrees that the hearing should be cancelled and respectfully requests that the hearing proceed. Plaintiffs did not notify Meta that they would be submitting a letter to the Court this morning. Attached as **Exhibit A** is the parties' email exchange regarding this topic from Friday evening.

**(1) Return of Meta's Privileged Communications and Related Correspondence:**

This Court's August 22, 2024 order (Dkt. 114) required that Plaintiffs not use Meta's privileged communications (the "Subject Communications") and return them to Meta or destroy them. Following that order, Meta immediately sought return of the Subject Communications from Plaintiffs, as well as Plaintiffs' email correspondence with Thomas Heldrup, the individual who had retrieved the Subject Communications from Discord and provided those materials to Plaintiffs in the first place. Notably, the Subject Communications and Plaintiffs' communications with Mr. Heldrup are all responsive to Meta's discovery requests to Plaintiffs in this case. Notwithstanding the Court's August 22 order, Plaintiffs refused to return the Subject Communications to Meta or provide Plaintiffs' communications with Mr. Heldrup attaching and regarding the Subject Communications. This prompted Meta to seek a conference with the Court on September 4, 2024.

After Meta sought the Court's assistance, Plaintiffs produced to Meta the Subject Communications on September 5, 2024, along with one related email from Mr. Heldrup. The one email between Plaintiffs and Mr. Heldrup that Plaintiffs have produced makes clear there is other correspondence between Plaintiffs and Mr. Heldrup. However, Plaintiffs refuse to produce their additional correspondence with Mr. Heldrup regarding the Subject Communications. Meta seeks this Court's assistance in obtaining the remainder of Plaintiffs' correspondence with Mr. Heldrup, which is at a minimum relevant because Plaintiffs are seeking Judge Chhabria's review of the August 22 order, and Meta is entitled to know the full context of how Plaintiffs came into possession of Meta's privileged communications. Plaintiffs previously asserted work product protection over

Honorable Thomas S. Hixson
September 9, 2024
Page 2

their communications with Mr. Heldrup (without identifying him at the time), a position that has been shown to be clearly frivolous, as Plaintiffs have disavowed any attorney-client relationship with Mr. Heldrup. Meta respectfully submits that given the close relationship between the Heldrup correspondence and the privilege issue resolved by the Court, and Plaintiffs' clear refusal to provide the remainder of their Heldrup correspondence, the parties would benefit from the Court's immediate guidance rather than having to further brief the issue as Plaintiffs now suggest.

**(2) Plaintiffs' Failure to Provide Deposition Dates for Plaintiffs or Identify Meta Deponents:**

Meta seeks the Court's assistance in obtaining deposition dates for the ten depositions that Meta seeks from Plaintiffs, as well as requiring Plaintiffs to specify which Meta witnesses it seeks to depose before the close of fact discovery on September 30, 2024. Plaintiffs do not argue that this issue is moot, and it is not; it is also fully ripe. Plaintiffs have only provided dates for five of the ten depositions requested by Meta (most only after Meta sought this Court's intervention), and Meta is awaiting requests for six of its witnesses and Plaintiffs' proposed Rule 30(b)(6) notice. Far from asking anyone "to ramrod twenty depositions before the September 30 fact discovery cutoff," Dkt. 130 at 2, Meta is abiding by the case schedule currently in force. Judge Chhabria ordered that schedule with full awareness that it was an aggressive but doable case schedule.

On Friday, faced with their lack of diligence in completing discovery, Plaintiffs filed a motion for a three-month extension of the case schedule (Dkt. 129), which will be briefed in due course. Relevant here is that Plaintiffs have been delaying providing deposition date for Plaintiffs and identifying Meta witnesses for deposition in hopes of improving their case for a discovery extension. This is impermissible. Plaintiffs should be ordered to promptly provide dates for all ten depositions sought by Meta and identify which Meta witnesses they seek to depose, so that fact discovery can be completed by September 30. Meta has made clear to Plaintiffs that it will accommodate discrete requests to take depositions outside the fact discovery period upon a showing of need, but it is improper for Plaintiffs simply not to comply with the current schedule.

**(3) Plaintiffs' Failure to Provide Their Section of a Joint Letter Brief**:

Meta has been seeking to bring disputes regarding Plaintiffs' discovery responses to the Court since sending Plaintiffs Meta's section of joint letter brief on August 29. Meta asked Plaintiffs to send their portion last week so that this could be submitted to the Court by September 6. Plaintiffs refused to do so, eventually stating that they would send their portion of the brief to Meta on September 10, but only "if Meta agrees there will be no more edits, and the letter will be filed as is after we provide our response." Meta could not agree to those terms, not only because there was no reason to delay submission until September 10, but also because it is standard practice for both sides to a letter brief submission to be able to review and edit following the other side's revision. Meanwhile, Plaintiffs this week seek to brief their own complaints about Meta's discovery responses in a schedule that would require Meta to respond in a day. Meta seeks this Court's assistance in ensuring Plaintiffs promptly respond to Meta's requests to present issues to the Court, and that Meta is permitted to revise the brief regarding Plaintiffs' deficiencies before submission.

Finally, as Meta informed Plaintiffs on Friday, the Court's time permitting, Meta also would like to raise on today's conference Meta's outstanding request for Plaintiffs' copyright materials. This

Honorable Thomas S. Hixson
September 9, 2024
Page 3

is a matter covered by Meta's first request for production of documents. Plaintiffs agreed on a July 30, 2024 call to investigate and confirm whether such copyright materials resided with their representatives, agents, or attorneys who were likely to have handled such filings (which would be within Plaintiffs' possession, custody, or control). Meta has received no follow-up from Plaintiffs in spite of several reminders. The materials are not publicly available. Meta seeks a representation that Plaintiffs (as promised) have done a thorough investigation, including of agents and attorneys working for Plaintiffs, as well as production of all documents and communications with the U.S. Copyright Office for each of the asserted works, including application filings, deposit copies submitted to the Copyright Office, and any correspondence with the Copyright Office.

Meta appreciates the Court's time and consideration.

Respectfully submitted,

*/s/ Kathleen Hartnett*

Kathleen Hartnett
Cooley LLP
Attorneys for Defendant