September 10, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC
      **Joint Letter Brief RE: Meta's Motion to Compel Plaintiffs' Discovery Responses**

Dear Magistrate Judge Hixson:

Defendant Meta Platforms, Inc. ("Meta") and Plaintiffs to the above-captioned action ("Plaintiffs") submit this letter brief regarding Plaintiffs' responses to Meta's First Sets of Requests for Production of Documents ("RFPs") and Interrogatories, and Meta's Second Set of Requests for Admission ("RFAs"), relevant excerpts of which are attached herewith as **Exhibits A** (Responses to RFPs), **B** (Responses to Interrogatories), and **C** (Responses to RFAs). The parties met and conferred on May 20 and 24, June 5, July 30, and August 12. As confirmed below, Meta's position is that it needs the Court's help getting fulsome responses from Plaintiffs. These issues have been unresolved for months, depositions begin on Friday, and Plaintiffs are only taking their obligations seriously after receiving this letter. Plaintiffs saying they will address Meta's concerns by September 30 is no relief. Plaintiffs' position is that Plaintiffs have and are continuing to meet their discovery obligations in this case, including as to the responses below, are on track to complete their document productions in time to meet the current fact discovery deadline, and that any remaining questions on Meta's part warrant further meet and confers between the Parties.

### I.   DEFENDANT'S POSITION

This lawsuit concerns Plaintiffs' claim that Meta infringed their copyrights by using a large third-party dataset that allegedly contained their books to train its large language models (LLMs). *Id*.

On January 9, 2024, Meta served written discovery on each Plaintiff. From the outset, Plaintiffs faltered on their obligations. Only one Plaintiff met the April 1 initial document production deadline, and most produced a bulk of their documents after the Substantial Completion deadline (ECF 87). Nearly all of Plaintiffs' productions to date have been made in response to multiple follow-ups by Meta. Fact discovery closes on **September 30**, depositions are imminent, and yet serious deficiencies remain. Plaintiffs' response below invites *more* delay. There is no more time.

#### A.   Deficiencies Common to All Plaintiffs[1]

**RFP No. 9:** This RFP seeks documents sufficient to show Plaintiffs' annual sales of the asserted works by dollar amount and quantity between January 1, 2013 and the present. Plaintiffs agreed

---

[1] Plaintiff TerKeurst's deficiencies are addressed separately in Section B, below.

to search for and produce this information, which is highly relevant to their claim that they lost sales as a result of Meta's alleged infringement. Some Plaintiffs produced, at most, only royalty statements, which do not fully respond to this RFP, because the royalty statements report sales volume and royalties but *not* total dollar sales. Other Plaintiffs have not produced any royalty statements at all; others have produced royalty statements only for some of their at-issue works and/or only some years but not others.[2] After receiving Meta's motion, several scrambled to produce incomplete information. There is no excuse for these gaps and lack of sales volume and data. They should be compelled to produce documents sufficient to show annual sales of their asserted works by dollar amount and quantity through the present, including by obtaining that information from their agents or publishers (who, by agreement, may be required to provide this to the authors). If after a diligent search, they don't have that information, they must say so.

**RFP No. 10 / Interrogatory No. 2:** These requests seek information concerning any licensing agreements between Plaintiffs and third parties and, as to Interrogatory No. 2, identification of any persons who claim an ownership interest in the asserted works, all of which is directly relevant to Plaintiffs' alleged standing. When Meta served this motion, only Diaz, Golden, Kadrey, Silverman, Synder, Lippman, and Klam had produced any publishing agreements; to date, none of them, save for Silverman Snyder, and Klam, has produced publishing agreements for each of their at-issue works, or have not produced U.S. agreements. Relatedly, as to Interrogatory No. 2, each Plaintiff represented they would identify documents under Rule 33(d), but none has. Each Plaintiff should be compelled to conduct a reasonable search, produce the requested agreements and identify them in amended interrogatory responses, and as necessary, obtain those documents and information from their agents or publishers. If not available, they should say so.

**RFP Nos. 23-26 / Interrogatory No. 10:**[3] These RFPs and Interrogatory No. 10 seek critical information supporting Plaintiffs' contention that Meta's alleged infringement has injured them. Plaintiffs have baselessly objected, including on relevance and proportionality grounds, and refused to produce responsive documents and information on the ground that the requests "prematurely seek information regarding damages and [are] the subject of expert testimony."

Plaintiffs provide no legal basis for their refusal, there is none, and the delay is apparent. Courts in this district regularly compel plaintiffs "to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming through expert reports." *THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *7 (N.D. Cal. May 13, 2016). While a plaintiff is "not required to disclose its expert opinions during fact discovery, [it is] still required to disclose the factual basis" for its damages claims. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 2863585, at *15 (N.D. Cal. July 2, 2019), *aff'd*, 10 F.4th 1358 (Fed. Cir. 2021). *See Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306

---

[2] Greer and Hwang produced no royalty statements at all; Silverman claims she has not received any royalties but has not produced any book sales data; Woodson produced royalty statements for some at-issue works but not others. Lippman produced royalty statements for two works only through 2022; Golden produced a royalty statement for one work (not his others) from 2016, but then jumped to 2024 – skipping several years. No other Plaintiffs produced any royalty statements from 2024 (and must).

[3] After months of stonewalling, Plaintiffs only now represent they will amend. Thus, an order is required.

F.R.D. 276, 279 (N.D. Cal. 2015) (determining that interrogatory response summarized as "wait until we serve our expert report" was "plainly insufficient" and granting motion to compel). Plaintiffs must either provide the responsive documents and information or confirm that none exist.

**RFA Nos. 8-16, 18-19, 31, 33:** These RFAs concern core issues related to Plaintiffs' efforts (or lack thereof) to license their respective asserted works as training data for AI and their purported injuries allegedly caused by Meta's conduct—information plainly and uniquely within Plaintiffs' possession, custody, or control. Plaintiffs assert that they lack sufficient information to admit or deny any of these requests, which is not plausible. During an August 12 meet and confer, Plaintiffs contended that Meta's definition of "YOU" included individuals outside of their control, justifying their non-responses. Meta disagreed, but as a compromise, offered to limit the definition of "YOU" to Plaintiffs and their authorized agents. Plaintiffs have since (1) construed "YOU" to refer to individual Plaintiffs only (i.e., not their publishers or others they specifically authorized for this purpose); and (2) declined to commit to a date to amend all responses.[4] Below, they *concede* they did not fully amend and an order is needed. Plaintiffs must amend their responses to these RFAs consistent with Meta's compromise as to all at-issue Requests and provide complete responses based on that definition. *See Jones v. Cooper*, 2010 WL 2816323 at *4 (E.D. Cal. July 16, 2010) (ordering plaintiff to individually answer RFAs that there was "no evidence" to support various allegations in the second amended complaint).

### B. Plaintiff TerKeurst's Deficiencies

TerKeurst was served with initial document requests, interrogatories, and requests for admission on May 20, 2024 in *Huckabee v. Meta Platforms, Inc.*, Case No. 3:23-cv-06663-VC, which was consolidated with this proceeding on July 5, 2024. ECF 7. She failed to serve responses by the June 19, 2024 deadline and did not seek Meta's consent to any extension. Meta followed up on July 19 but received no response. On a July 30 meet and confer call attended by TerKeurst's counsel, she was unable to confirm whether or when TerKeurst would respond to Meta's discovery. Meta followed up again on August 7, and received responses and objections on August 16—*nearly two months late*. Her only argument below—that the ***Huckabee*** case was stayed, relieving her of her discovery obligations—is inaccurate and unsupported. As of Meta's service of this motion, it had yet to receive a single document from TerKeurst; spurred by the recent hearing, she just produced *some* documents. There is no more time. The Court should order TerKeurst to complete her document production by September 15; deem her untimely objections waived; and deem admitted Meta's first set of requests for admission.

**Plaintiffs' Position:**

Plaintiffs have worked diligently to respond to the multiple sets of requests for production, interrogatories, and requests for admission, served by Meta. Plaintiffs have produced and continue to produce documents on a rolling basis, including conducting additional searches and confirmatory searches each time Meta raised a purported "deficiency," and the Parties used the

---

[4] Late on August 28, Plaintiffs Golden, Kadrey, and Silverman served amended RFA responses admitting RFA Nos. 8-15, refusing to answer 16, and failing to address 18 and 19; thus, an order is still required.

meet and confer process to come to an agreement on how to address or resolve the issue. Faced with Plaintiffs' ongoing compliance with their discovery obligations even as Meta prepared to file this letter brief, Meta resorts to downplaying Plaintiffs' continued, most recently almost daily efforts to produce additional responsive documents, and to amend their discovery responses as required by the Federal Rules, and nonetheless claims "an order is still required." It isn't. As explained in more detail below, all of the issues raised by Meta in this letter brief are either premature because the parties are not yet at an impasse, or moot.

**RFP 9:** Meta's motion is premature because the parties are not at impasse. All Plaintiffs conducted a reasonable and diligent search for documents sufficient to show annual sales for the Asserted Works, and have either completed or will soon complete their production of the same, including producing royalty statements. For example, Plaintiff Greer produced royalty statements on September 4, 2024 and September 7, 2024. Plaintiff TerKeurst produced an initial batch of royalty statements on September 6, 2024, and will produce additional royalty statements as part of her rolling document production. Plaintiff Hwang likewise produced royalty statements on September 7, 2024.[5] Only now, after more than four months of meet and confers, is Meta claiming that the royalty statements are not "sufficient to show annual sales by dollar amount and quantity," and demanding other types of documents. At no point have Plaintiffs said they would only produce royalty statements in response to RFP 9. Plaintiffs have repeatedly told Meta that they are continuing to search for and will produce responsive documents within their possession, custody, or control. Those Plaintiffs that have responsive documents other than royalty statements already have or will soon produce them. Those that do not cannot produce what they do not have. Accordingly, Meta's motion is improper and should be denied. *See Advanced Hair Restoration, LLC v. Hair Restoration Ctrs., LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" where the parties were "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records").

**RFP 10/Interrogatory 2:** Meta's motion is premature because the parties are not at impasse. Plaintiffs have already produced, and continue to search for and produce documents responsive to RFP 10. At no point have Plaintiffs refused to produce documents responsive to RFP 10. Meta acknowledges above that Plaintiffs Diaz, Golden, Kadrey, Silverman, Synder, Lippman, and Klam have produced their publishing agreements. The remaining Plaintiffs will do the same, provided responsive documents are in their possession, custody, and control. Document production is ongoing. Once their document productions are complete, Plaintiffs will amend their responses to Interrogatory No. 2 to identify the Bates numbers for documents responsive to the interrogatory. Clearly, the parties are not at impasse as Plaintiffs continue to supplement their productions as documents become available. *Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465,

---

[5] Meta further contends that Plaintiffs should "obtain information from their agents as necessary." Plaintiffs have already sought and obtained royalty statements from their publishers, are in the process of doing so, or will do so shortly. Meta has also already received this information from Plaintiffs' publishers directly. On June 21, 2024, Meta subpoenaed numerous publishers and requested the same information that they are seeking here—documents sufficient to show annual sales and royalty statements for the Asserted Works. Meta should meet and confer with Plaintiffs regarding the documents already in Meta's possession demonstrating annual sales for the Asserted Works.

at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

**RFPs 23-26 / Interrogatory 10:** Meta's motion is premature and will shortly be moot. Plaintiffs properly objected to RFPs 23-26 and Interrogatory 10 on the grounds that these discovery requests each prematurely seek information that is the subject of expert testimony. Plaintiffs stand on these objections to the extent RFPs 23-26 and Interrogatory 10 will be the subject of expert testimony in this case. Subject to and without waiving the general and specific objections contained in their responses, Plaintiffs will also conduct a reasonable search and produce relevant and responsive non-privileged documents in their possession, custody, and control responsive to RFPs 23-26. Plaintiffs will amend their responses to RFPs 23-26 to reflect the same by September 12, 2024. Plaintiffs also agree to supplement their responses to Interrogatory No. 10 by September 12, 2024 to set forth their theories of actual damages and Plaintiffs' basis for computing such damages.

**RFAs 8-16, 18-19, 31, 33:** Meta's argument is moot as to all Plaintiffs. Plaintiffs Kadrey, Silverman, and Golden amended their responses to RFAs 8-16, 31 and 33 on August 28, 2024, and will amend their responses to RFAs 18-19 shortly. Plaintiffs Coates, Diaz, Greer, Hwang, Klam, Lippman, Snyder, and Woodson each amended their responses to RFAs 8-16, 31 and 33 on September 6, 2024, and will amend their responses to RFAs 18-19 shortly. Plaintiff TerKeurst's initial responses to RFAs 8-16, 18-19, 31 and 33, made on August 21, 2024, admitted or denied each of the foregoing RFAs. Plaintiff TerKeurst construed the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock in her responses to RFAs 8-11, and 31, and will amend her responses to RFAs 12-16, 18-19, and 33 shortly to reflect the same.

**Plaintiff TerKeurst's "Deficiencies":** Meta's motion is premature as to Plaintiff TerKeurst. Meta's description of the circumstances regarding Plaintiff TerKeurst's discovery responses is inaccurate and misleading. Ms. TerKeurst was not a Plaintiff in this case until her claims were consolidated into this case on July 5, 2024 (ECF 107), so Meta did not serve discovery on all Plaintiffs on January 9, 2024, as claimed. There was no June 19, 2024 deadline for Plaintiff TerKeurst to respond to any discovery requests in this case, because her claims were not consolidated into this case until July 5, 2024. The *Huckabee v. Meta Platforms, Inc.* case, which is a separate case, was stayed at the time that Meta improperly served discovery on Ms. TerKeurst in that case, so she was under no obligation to respond. As a courtesy, once her claims were consolidated into this case, Plaintiff TerKeurst agreed that she would respond to the discovery served (improperly) in the *Huckabee* case in this case without Meta having to reissue it. Plaintiff TerKeurst did so shortly after consolidation. Plaintiff TerKeurst served her responses to the RFPs Set One, Interrogatories Set One, RFAs Set One, and RFAs Set Two on August 16, 2024— approximately a month after her claims were consolidated into this case, not, as Meta claims, two months late. Plaintiff TerKeurst informed Meta that she would produce documents on a rolling basis, and began her rolling production on September 5, 2024, as promised and before the recent hearing Meta points to was set. To date, Plaintiff TerKeurst has produced communications with publishers, agents, and assistants related to the Asserted Works; earnings reports; royalty statements; publishing agreements; presentations related to her earnings; and various other responsive documents. Plaintiff TerKeurst plans to make an additional document production this week, with further rolling productions to follow throughout September. Plaintiff TerKeurst will also amend her discovery responses as described above.

Honorable Thomas S. Hixson
September 10, 2024
Page 6

*/s/     Nada Djordjevic*
Joseph R. Saveri
Bryan Clobes
David A. Straite
Joseph Saveri Law Firm, LLP
Cafferty Clobes Meriwether & Sprengel LLP
Ventura Hersey & Muller, LLP
RMP, LLP
DiCello Levitt LLP
Poynter Law Group

Attorneys for Plaintiffs


*/s/     Judd Lauter*
Judd Lauter
Bobby Ghajar
Kathleen Hartnett

Cooley LLP
Attorneys for Defendant

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2024

COOLEY LLP

 /s/ *Judd Lauter*
Judd Lauter

*Attorneys for Defendant*
Meta Platforms, Inc.