# EXHIBIT A

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>       *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to the use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

Lead Case No. 3:23-cv-03417-VC                    9

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1    Subject to and without waiving the general and specific objections stated above, Plaintiff will

2  produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of

3  the First Consolidated Amended Complaint.

4  **REQUEST FOR PRODUCTION NO. 22:**

5    DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to

6  enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who

7  has allegedly infringed YOUR ASSERTED WORKS.

8  **RESPONSE TO REQUEST NO. 22:**

9    In addition to and without waiving the general objections set forth above, Plaintiff objects to

10 this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

11 Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to

12 the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this

13 Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

14 of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly

15 accessible, are equally available to Defendants, or are already in their possession, custody, or control.

16 Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

17 privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

18    Subject to and without waiving the general and specific objections stated above, Plaintiff refers

19 the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

20 **REQUEST FOR PRODUCTION NO. 23:**

21    All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of

22 Meta's alleged infringement of YOUR ASSERTED WORKS.

23 **RESPONSE TO REQUEST NO. 23:**

24    In addition to and without waiving the general objections set forth above, Plaintiff objects to

25 this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

26 Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request

27 as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

28 case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     (215) 864-2800
Email:          bclobes@caffertyclobes.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>      *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>      *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to the use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

## REQUEST FOR PRODUCTION NO. 9:

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

## RESPONSE TO REQUEST NO. 9:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

1  Subject to and without waiving the general and specific objections stated above, Plaintiff will

2  produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of

3  the First Consolidated Amended Complaint.

4  **REQUEST FOR PRODUCTION NO. 22:**

5  DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to

6  enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who

7  has allegedly infringed YOUR ASSERTED WORKS.

8  **RESPONSE TO REQUEST NO. 22:**

9  In addition to and without waiving the general objections set forth above, Plaintiff objects to

10  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

11  Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to

12  the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this

13  Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

14  of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly

15  accessible, are equally available to Defendants, or are already in their possession, custody, or control.

16  Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

17  privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

18  Subject to and without waiving the general and specific objections stated above, Plaintiff refers

19  the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

20  **REQUEST FOR PRODUCTION NO. 23:**

21  All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of

22  Meta's alleged infringement of YOUR ASSERTED WORKS.

23  **RESPONSE TO REQUEST NO. 23:**

24  In addition to and without waiving the general objections set forth above, Plaintiff objects to

25  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

26  Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request

27  as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

28  case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs,* | |
| | **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant.* | |

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

term "copyrighted works" as overbroad and undefined. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to the use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the

Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:        mb@but9ricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:        bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to the use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

## REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

## RESPONSE TO REQUEST NO. 26:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@butterickaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:       bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>      *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to the use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            lkessler@saverilawfirm.com
            hbenon@saverilawfirm.com
            kmcmahon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:       bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff objects to the term "copyrighted works" as overbroad and undefined. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff

objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                              *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

1   DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on

2   YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013

3   and the present.

4   **RESPONSE TO REQUEST NO. 10:**

5   In addition to and without waiving the general objections set forth above, Plaintiff objects to

6   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

7   Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this

8   Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

9   of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff

10  objects to this Request on the grounds that some such documents are publicly accessible, are equally

11  available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this

12  Request to the extent that it calls for documents subject to the attorney-client privilege, work product

13  doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this

14  Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories

15  Nos. 1, 2, 4.

16  Subject to and without waiving the general and specific objections stated above, Plaintiff will

17  meet and confer to narrow the scope and time period of the Request.

18  **REQUEST FOR PRODUCTION NO. 11:**

19  DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED

20  WORKS between January 1, 2013 and the present.

21  **RESPONSE TO REQUEST NO. 11:**

22  In addition to and without waiving the general objections set forth above, Plaintiff objects to

23  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

24  Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to

25  this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the

26  needs of the case, particularly because the Request seeks documents dating back to January 1, 2013.

27  Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

28  equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects

1     Subject to and without waiving the general and specific objections stated above, Plaintiff will

2  produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of

3  the First Consolidated Amended Complaint.

4  **REQUEST FOR PRODUCTION NO. 22:**

5     DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to

6  enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who

7  has allegedly infringed YOUR ASSERTED WORKS.

8  **RESPONSE TO REQUEST NO. 22:**

9     In addition to and without waiving the general objections set forth above, Plaintiff objects to

10  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

11  Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to

12  the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this

13  Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

14  of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly

15  accessible, are equally available to Defendants, or are already in their possession, custody, or control.

16  Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

17  privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

18     Subject to and without waiving the general and specific objections stated above, Plaintiff refers

19  the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

20  **REQUEST FOR PRODUCTION NO. 23:**

21     All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of

22  Meta's alleged infringement of YOUR ASSERTED WORKS.

23  **RESPONSE TO REQUEST NO. 23:**

24     In addition to and without waiving the general objections set forth above, Plaintiff objects to

25  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

26  Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request

27  as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

28  case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

## REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

## RESPONSE TO REQUEST NO. 24:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

## REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

## RESPONSE TO REQUEST NO. 25:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>       *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

## REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

## RESPONSE TO REQUEST NO. 26:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Sarah Silverman** |
| 3 | **SET NUMBER:** | **One (1)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sarah Silverman ("Plaintiff") in the above-titled action hereby responds to Defendant Meta Platforms, Inc. ("Defendant" or "Meta") First Set of Requests for Production of Documents (the "Requests"). Notably, an agreement by Plaintiff to search for documents does not mean that she has documents in her possession, custody, or control.

## INTRODUCTORY RESPONSE

Plaintiff responds to the Requests based on the best information available to her at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiff responds to the Requests as she interprets and understands each Request set forth herein. If Meta subsequently asserts an interpretation of any of the Requests that differs from Plaintiff's understanding, Plaintiff reserves the right to supplement her objections and/or responses.

Plaintiff's willingness to respond to any particular Request does not constitute an admission that Plaintiff agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Plaintiff that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiff knows any such document exists or is in her possession, custody, or control.

Plaintiff's responses to the Requests may contain, provide, or refer to information that is protected under the Stipulated Protective Order entered in this matter, and should therefore be treated accordingly.

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1  term "copyrighted works" as overbroad and undefined. Plaintiff further objects to this Request as

2  unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

3  particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request

4  to the extent that it calls for communications subject to the attorney-client privilege, work product

5  doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this

6  Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4, 5.

7       Subject to and without waiving the general and specific objections stated above, Plaintiff will

8  search for and produce relevant and responsive non-privileged communications within her possession,

9  custody, or control relating to use of Plaintiff's ASSERTED WORKS for the purposes of training

10 generative AI models.

11 **REQUEST FOR PRODUCTION NO. 9:**

12      DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR

13 ASSERTED WORKS between January 1, 2013 and the present.

14 **RESPONSE TO REQUEST NO. 9:**

15      In addition to and without waiving the general objections set forth above, Plaintiff objects to this

16 Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

17 Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED

18 WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not

19 relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the

20 Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds

21 that it has no conceivable relevance to this ACTION and that some such documents are publicly

22 accessible, are equally available to Defendant, or are already in their possession, custody, or control.

23 Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

24 privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

25      Subject to and without waiving the general and specific objections stated above, Plaintiff will

26 meet and confer to understand the purported relevance of this request and narrow the scope and time

27 period of the Request.

28

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also objects to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff also object to the

Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@butterticklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     (215) 864-2800
Email:          bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

    *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

    *Defendant*.

Lead Case No. 3:23-cv-03417-VC

**PLAINTIFF RACHEL LOUISE SNYDER'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to narrow the scope and time period of the Request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

1   Subject to and without waiving the general and specific objections stated above, Plaintiff will

2   produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of

3   the First Consolidated Amended Complaint.

4   **REQUEST FOR PRODUCTION NO. 22:**

5   DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to

6   enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who

7   has allegedly infringed YOUR ASSERTED WORKS.

8   **RESPONSE TO REQUEST NO. 22:**

9   In addition to and without waiving the general objections set forth above, Plaintiff objects to

10  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

11  Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to

12  the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this

13  Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

14  of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly

15  accessible, are equally available to Defendants, or are already in their possession, custody, or control.

16  Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

17  privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

18  Subject to and without waiving the general and specific objections stated above, Plaintiff refers

19  the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

20  **REQUEST FOR PRODUCTION NO. 23:**

21  All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of

22  Meta's alleged infringement of YOUR ASSERTED WORKS.

23  **RESPONSE TO REQUEST NO. 23:**

24  In addition to and without waiving the general objections set forth above, Plaintiff objects to

25  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

26  Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request

27  as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

28  case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

## REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

## RESPONSE TO REQUEST NO. 24:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

## REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

## RESPONSE TO REQUEST NO. 25:

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1        In addition to and without waiving the general objections set forth above, Plaintiff objects to

2   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

3   Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this

4   Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

5   of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the

6   Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

7   objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

8   work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff

9   objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production

10  Nos. 23, 24.

11       Subject to and without waiving the general and specific objections stated above, Plaintiff will

12  not produce documents relating to this Request as it is premature and protected by attorney-client

13  privileges.

14  **REQUEST FOR PRODUCTION NO. 26:**

15       All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a

16  result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by

17  THIRD PARTIES.

18  **RESPONSE TO REQUEST NO. 26:**

19       In addition to and without waiving the general objections set forth above, Plaintiff objects to

20  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

21  Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this

22  Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

23  of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the

24  Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

25  objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

26  work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff

27  objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production

28  Nos. 23, 24.

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the

1
2
3
4

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

5
6

*Counsel for Plaintiffs and the Proposed*
*Class, Additional Counsel Listed Below*

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13

RICHARD KADREY, SARAH SILVERMAN,
CHRISTOPHER GOLDEN, TA-NEHISI
COATES, JUNOT DÍAZ, ANDREW SEAN
GREER, DAVID HENRY HWANG,
MATTHEW KLAM, LAURA LIPPMAN,
RACHEL LOUISE SNYDER, JACQUELINE
WOODSON, AND LYSA TERKEURST,

14

    *Individual and Representative Plaintiffs*,

15

      v.

16

META PLATFORMS, INC.;

17

           *Defendant.*

Case No. 3:23-cv-03417-VC

**PLAINTIFF LYSA TERKEURST'S**
**RESPONSES AND OBJECTIONS TO**
**DEFENDANT META PLATFORMS,**
**INC.'S FIRST SET OF REQUESTS FOR**
**PRODUCTION**

18

19

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

20

**RESPONDING PARTY:     Lysa TerKeurst**

21

**SET NUMBER:            One (1)**

22

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Lysa

23

TerKeurst ("Plaintiff") in the above-titled action hereby responds to Defendant Meta Platforms,

24

Inc. ("Defendant" or "Meta") First Set of Requests for Production of Documents (the "Requests").

25

An agreement by Plaintiff to search for documents does not mean that she has documents in her

26

possession, custody, or control.

27

28

1

1  disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part,

2  of Request for Production Nos. 2, 3, 4, 5.

3        Subject to and without waiving the general and specific objections stated above, Plaintiff

4  will search for and produce relevant and responsive non-privileged communications within her

5  possession, custody, or control relating to the use of Plaintiff's ASSERTED WORKS for the

6  purposes of training generative AI models.

7  **REQUEST FOR PRODUCTION NO. 9:**

8        DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR

9  ASSERTED WORKS between January 1, 2013 and the present.

10  **RESPONSE TO REQUEST NO. 9:**

11       In addition to and without waiving the general objections set forth above, Plaintiff objects

12  to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects

13  to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR

14  ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly

15  burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

16  particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects

17  to this Request on the grounds that it has no conceivable relevance to this ACTION and that some

18  such documents are publicly accessible, are equally available to Defendants, or are already in their

19  possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for

20  documents subject to the attorney-client privilege, work product doctrine, and/or any other

21  applicable privilege or protection from disclosure.

22       Subject to and without waiving the general and specific objections stated above, Plaintiff

23  will search for and produce relevant and responsive non-privileged documents within her

24  possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 10:**

26

27                                    11

28

1   DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU

2   or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between

3   January 1, 2013 and the present.

4   **RESPONSE TO REQUEST NO. 10:**

5   In addition to and without waiving the general objections set forth above, Plaintiff objects

6   to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects

7   to this Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further

8   objects to this Request as unduly burdensome, not relevant to any claim or defense, and

9   disproportionate to the needs of the case, particularly because the Request seeks documents dating

10  back to January 1, 2013. Plaintiff objects to this Request on the grounds that some such documents

11  are publicly accessible, are equally available to Defendants, or are already in their possession,

12  custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject

13  to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or

14  protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in

15  whole or in part, of Meta's First Set of Interrogatories Nos. 1, 2, 4.

16  Subject to and without waiving the general and specific objections stated above, Plaintiff

17  will search for and produce relevant and responsive non-privileged documents within her

18  possession, custody, or control.

19  **REQUEST FOR PRODUCTION NO. 11:**

20  DOCUMENTS sufficient to show prospective licensing opportunities for YOUR

21  ASSERTED WORKS between January 1, 2013 and the present.

22  **RESPONSE TO REQUEST NO. 11:**

23  In addition to and without waiving the general objections set forth above, Plaintiff objects

24  to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects

25  to this Request to the extent that the terms "prospective" and "opportunities" are vague and

26  ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any

27  12

28

1    Subject to and without waiving the general and specific objections stated above, Plaintiff
2  will search for and produce relevant and responsive non-privileged documents within her
3  possession, custody, or control.

4  **REQUEST FOR PRODUCTION NO. 22:**

5    DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf,
6  to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone
7  who has allegedly infringed YOUR ASSERTED WORKS.

8  **RESPONSE TO REQUEST NO. 22:**

9    In addition to and without waiving the general objections set forth above, Plaintiff objects
10  to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects
11  to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to
12  this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff
13  further objects to this Request as unduly burdensome, not relevant to any claim or defense, and
14  disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some
15  such documents are publicly accessible, are equally available to Defendants, or are already in their
16  possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for
17  documents subject to the attorney-client privilege, work product doctrine, and/or any other
18  applicable privilege or protection from disclosure.

19    Subject to and without waiving the general and specific objections stated above, Plaintiff
20  will search for and produce relevant and responsive non-privileged documents within her
21  possession, custody, or control.

22  **REQUEST FOR PRODUCTION NO. 23:**

23    All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of
24  Meta's alleged infringement of YOUR ASSERTED WORKS.

25  **RESPONSE TO REQUEST NO. 23:**

26

27                                             20

28

1   In addition to and without waiving the general objections set forth above, Plaintiff objects
2   to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects
3   to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to
4   this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to
5   the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also
6   object to the Request because it prematurely seeks information regarding damages and is the
7   subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents
8   subject to the attorney-client privilege, work product doctrine, and/or any other applicable
9   privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is
10  duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

11  Subject to and without waiving the general and specific objections stated above, Plaintiff
12  will not produce documents relating to this Request as it is premature.

13  **REQUEST FOR PRODUCTION NO. 24:**

14  All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU
15  allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

16  **RESPONSE TO REQUEST NO. 24:**

17  In addition to and without waiving the general objections set forth above, Plaintiff objects
18  to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects
19  to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff
20  further objects to this Request as unduly burdensome, not relevant to any claim or defense, and
21  disproportionate to the needs of the case, particularly because the Request seeks "All
22  DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information
23  that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for
24  documents subject to the attorney-client privilege, work product doctrine, and/or any other
25  applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent
26  that it is duplicative, in whole or in part, of Request for Production Nos. 23, 25, 26.

27

28

21

1    Subject to and without waiving the general and specific objections stated above, Plaintiff

2    will not produce documents relating to this Request as it is premature.

3    **REQUEST FOR PRODUCTION NO. 25:**

4    All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered

5    as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT)

6    by THIRD PARTIES.

7    **RESPONSE TO REQUEST NO. 25:**

8    In addition to and without waiving the general objections set forth above, Plaintiff objects

9    to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects

10   to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects

11   to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate

12   to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs

13   also object to the Request because it prematurely seeks information that is the subject of expert

14   testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the

15   attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection

16   from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in

17   part, of Request for Production Nos. 23, 24.

18   Subject to and without waiving the general and specific objections stated above, Plaintiff

19   will not produce documents relating to this Request as it is premature and protected by attorney-

20   client privileges.

21   **REQUEST FOR PRODUCTION NO. 26:**

22   All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered

23   as a result of the creation and distribution of the "Books3" dataset (referenced in the

24   COMPLAINT) by THIRD PARTIES.

25   **RESPONSE TO REQUEST NO. 26:**

26

27                                                    22

28

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 23, 24.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or

23

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:         jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:         mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:         bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

    *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

        *Defendant*.

Lead Case No. 3:23-cv-03417-VC

**PLAINTIFF JACQUELINE WOODSON'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4, 5.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to use of Plaintiff's ASSERTED WORKS for the purposes of training generative AI models.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show annual sales by dollar amount and quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "annual sales by dollar amount and quantity of YOUR ASSERTED WORKS" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff objects to this Request on the grounds that it has no conceivable relevance to this ACTION and that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will meet and confer to understand the purported relevance of this request and narrow the scope and time period of the Request.

1    **REQUEST FOR PRODUCTION NO. 10:**

2      DOCUMENTS sufficient to show any licensing, permissions, or consents given by YOU or on

3    YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS between January 1, 2013

4    and the present.

5    **RESPONSE TO REQUEST NO. 10:**

6      In addition to and without waiving the general objections set forth above, Plaintiff objects to

7    this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

8    Request to the extent that the term "consents" is vague and ambiguous. Plaintiff further objects to this

9    Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

10    of the case, particularly because the Request seeks documents dating back to January 1, 2013. Plaintiff

11    objects to this Request on the grounds that some such documents are publicly accessible, are equally

12    available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this

13    Request to the extent that it calls for documents subject to the attorney-client privilege, work product

14    doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this

15    Request to the extent that it is duplicative, in whole or in part, of Meta's First Set of Interrogatories

16    Nos. 1, 2, 4.

17      Subject to and without waiving the general and specific objections stated above, Plaintiff will

18    meet and confer to narrow the scope and time period of the Request.

19    **REQUEST FOR PRODUCTION NO. 11:**

20      DOCUMENTS sufficient to show prospective licensing opportunities for YOUR ASSERTED

21    WORKS between January 1, 2013 and the present.

22    **RESPONSE TO REQUEST NO. 11:**

23      In addition to and without waiving the general objections set forth above, Plaintiff objects to

24    this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

25    Request to the extent that the term "opportunities" is vague and ambiguous. Plaintiff further objects to

26    this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the

27    needs of the case, particularly because the Request seeks documents dating back to January 1, 2013.

28    Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

because it prematurely seeks information regarding damages and is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of RFP Nos. 24, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "lost opportunity" is ambiguous and vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 23, 25, 26.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

**RESPONSE TO REQUEST NO. 25:**

1    In addition to and without waiving the general objections set forth above, Plaintiff objects to

2 this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

3 Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this

4 Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

5 of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the

6 Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

7 objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

8 work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff

9 objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production

10 Nos. 23, 24.

11    Subject to and without waiving the general and specific objections stated above, Plaintiff will

12 not produce documents relating to this Request as it is premature and protected by attorney-client

13 privileges.

14 **REQUEST FOR PRODUCTION NO. 26:**

15    All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a

16 result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by

17 THIRD PARTIES.

18 **RESPONSE TO REQUEST NO. 26:**

19    In addition to and without waiving the general objections set forth above, Plaintiff objects to

20 this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

21 Request to the extent that the term "harm" is ambiguous and vague. Plaintiff further objects to this

22 Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

23 of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the

24 Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

25 objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

26 work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff

27 objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production

28 Nos. 23, 24.

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents relating to this Request as it is premature and protected by attorney-client privileges.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING YOUR awareness of the creation and distribution of the Books3 and Pile datasets.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "awareness" is vague and overbroad. Plaintiff objects to this Request to the extent that the term "creation and distribution" is ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to the creation and distribution of the Books3 and Pile datasets if they exist.

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any valuation of the ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "valuation" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "a copy" is undefined and unknowable. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request to the extent that it calls for documents subject to the