# EXHIBIT B

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butfoxricklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>      *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>      *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad in nature, and is nonsensical. Each subpart is a separate Interrogatory, each which counts toward Defendant's limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff objects to the term "agreement" as vague and ambiguous. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that he will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Plaintiff responds that neither (a) nor (b) is applicable to Plaintiff's ASSERTED WORKS.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

Lead Case No. 3:23-cv-03417-VC          4

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, he will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers the propounding party to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all evidence."

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that given the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this

Interrogatory seeks information related to expert witness work product. Plaintiff objects to this Interrogatory on the grounds that such information is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, 26.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that this Interrogatory is premature, and Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "each PERSON." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff and their counsel were the PERSONS supplying information in response to Meta's First Set of Interrogatories.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@butterick law.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:       bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

### RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad and unduly burdensome. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff objects to the term "agreement" as vague and ambiguous. Plaintiff further objects to this Interrogatory as seeking information not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that he will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Subject to the above general and specific objections, Plaintiff responds that neither (a) nor (b) is applicable to Plaintiff's ASSERTED WORKS.

### INTERROGATORY NO. 2:

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR  ASSERTED WORKS (whether by assignment, license,

or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not

Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Nos. 5, 6 and 7 and Meta's First Set of Requests for Production Nos. 2 and 3.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have been made available to the public, whether for sale or otherwise, including all websites (by URL) and retail outlets (by name and location) and the dates they were available in such channels.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this

Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

## INTERROGATORY NO. 11:

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

## RESPONSE TO INTERROGATORY NO. 11:

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "each PERSON." Plaintiff objects to this

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           lkessler@saverilawfirm.com
           hbenon@saverilawfirm.com
           kmcmahon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:     bclobes@caffertyclobes.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

### RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad in nature, and is nonsensical. Each subpart is a separate Interrogatory, each which counts toward Defendant's limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff further objects to the term "agreement" as vague and ambiguous. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that he will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Plaintiff responds in *Sandman Slim*, lyrics from the 2002 song "Alice" were used with permission of the songwriters, Tom Waits and Kathleen Brennan. The contract granting this permission cannot be located.

### INTERROGATORY NO. 2:

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or

otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, he will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers the propounding party to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all evidence."

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that given the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this

Interrogatory seeks information related to expert witness work product. Plaintiff objects to this Interrogatory on the grounds that such information is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, 26.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that this Interrogatory is premature, and Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "each PERSON." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff and their counsel were the PERSONS supplying information in response to Meta's First Set of Interrogatories.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:         jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:         mb@butricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:         bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

## INTERROGATORY NO. 1:

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

## RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad and unduly burdensome. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff objects to the term "agreement" as vague and ambiguous. Plaintiff further objects to this Interrogatory as seeking information not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that he will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Subject to the above general and specific objections, Plaitiff responds that he obtained permission to use seven lines from "Sea Level Elegy,"by Sharon Olds in *Who is Rich?*

## INTERROGATORY NO. 2:

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR  ASSERTED WORKS (whether by assignment, license,

or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not

Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Nos. 5, 6 and 7 and Meta's First Set of Requests for Production Nos. 2 and 3.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have been made available to the public, whether for sale or otherwise, including all websites (by URL) and retail outlets (by name and location) and the dates they were available in such channels.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this

Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including  Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "each PERSON." Plaintiff objects to this

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@but002-tericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

## INTERROGATORY NO. 1:

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

## RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad and unduly burdensome. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff objects to the term "agreement" as vague and ambiguous. Plaintiff further objects to this Interrogatory as seeking information not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that he will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Subject to the above general and specific objections, Plaintiff responds that neither (a) nor (b) is applicable to Plaintiff's ASSERTED WORKS.

## INTERROGATORY NO. 2:

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR  ASSERTED WORKS (whether by assignment, license,

or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and her publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not

further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Nos. 5, 6 and 7 and Meta's First Set of Requests for Production Nos. 2 and 3.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have been made available to the public, whether for sale or otherwise, including all websites (by URL) and retail outlets (by name and location) and the dates they were available in such channels.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to this

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>         *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad in nature, and is nonsensical. Each subpart is a separate Interrogatory, each which counts toward Defendant's limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff objects to the term "agreement" as vague and ambiguous. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that she will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Plaintiff responds for *The Bedwetter*, Dana Goodyear and Dan Sterling were contracted on a work-for-hire basis as contributors. The contracts with Ms. Goodyear and Mr. Sterling will be produced as part of Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or

otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and her publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers the propounding party to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all evidence."

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES

Interrogatory seeks information related to expert witness work product. Plaintiff objects to this Interrogatory on the grounds that such information is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, 26.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that this Interrogatory is premature, and Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "each PERSON." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Without foregoing the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff and their counsel were the PERSONS supplying information in response to Meta's First Set of Interrogatories.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:         mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:         bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and her publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this

impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:       jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             tmanfredi@saverilawfirm.com
             hbenon@saverilawfirm.com
             kmcmahon@saverilawfirm.com
             acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:       mb@butancklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff

objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "any COMMUNICATIONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Nos. 5, 6 and 7 and Meta's First Set of Requests for Production Nos. 2 and 3.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have been made available to the public, whether for sale or otherwise, including all websites (by URL) and retail outlets (by name and location) and the dates they were available in such channels.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including  Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttoricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>     *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all PERSONS who had a role, involvement, and/or contribution to the creation of each of YOUR ASSERTED WORKS, including by providing (i) their contact information; (ii) a description of their role, involvement, or contribution; (iii) how if at all they were compensated; and (iv) whether there is any agreement with such PERSONS relating to the ownership of YOUR ASSERTED WORKS.

### RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is compound, overbroad and unduly burdensome. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to the terms "their role, involvement, and/or contribution" as vague and ambiguous. Plaintiff objects to the term "agreement" as vague and ambiguous. Plaintiff further objects to this Interrogatory as seeking information not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that he will identify only PERSONS, other than Plaintiff, a) who were direct aides (e.g., researchers), who were paid to contribute to the ASSERTED WORKS or b) those whose work was used in the ASSERTED WORKS under a license. Subject to the above general and specific objections, Plaintiff responds that neither (a) nor (b) is applicable to Plaintiff's ASSERTED WORKS.

### INTERROGATORY NO. 2:

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR  ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff

disproportionate to the needs of the case, particularly because the interrogatory seeks "any COMMUNICATIONS." Plaintiff further objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Nos. 5, 6 and 7 and Meta's First Set of Requests for Production Nos. 2 and 3.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have been made available to the public, whether for sale or otherwise, including all websites (by URL) and retail outlets (by name and location) and the dates they were available in such channels.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 tmanfredi@saverilawfirm.com
                 hbenon@saverilawfirm.com
                 kmcmahon@saverilawfirm.com
                 acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:   (415) 395-9940
Email:        mb@butvericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR  ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and his publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff

a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Nos. 5, 6 and 7 and Meta's First Set of Requests for Production Nos. 2 and 3.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have been made available to the public, whether for sale or otherwise, including all websites (by URL) and retail outlets (by name and location) and the dates they were available in such channels.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case.

Subject to the above general and specific objections and to the extent possible, Plaintiff responds that given that the requested information is unknown to Plaintiff and the Interrogatory is impossible to answer as written, Plaintiff is willing to meet and confer regarding the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced

as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including  Document Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose DOCUMENTS or data were consulted in connection with such responses, and, as to the Interrogatories, specify for which Interrogatories such PERSON has supplied information.

**RESPONSE TO INTERROGATORY NO. 11:**

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or otherwise), including by providing (i) their contact information; and (ii) a description of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

Subject to the above general and specific objections and to the extent possible, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying all PERSONS (including, but not limited to Plaintiff and her publishers) who claim an ownership interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise), which includes (i) their contact information; and (ii) a description of their ownership interest, if those documents exist. Plaintiff further refers Defendant to Plaintiff's response to Meta's First Set of Requests for Production No. 10.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff

**INTERROGATORY NO. 10:**

DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to the extent that it is premature as it calls for information relating to damages that will be the subject of expert discovery, and objects to the extent that this Interrogatory seeks information related to expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the information requested is equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

Subject to the above general and specific objections Plaintiff will not respond to the Interrogatory at this time.

**INTERROGATORY NO. 11:**

IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied information in response to Meta's discovery requests in this ACTION (including  Document

1

David A. Straite (admitted *pro hac vice*)

**DiCELLO LEVITT LLP**

2

485 Lexington Ave., Suite 1001

3

New York, New York 10017

Tel.: (646) 933-1000

4

Fax: (646) 494-9648

*dstraite@dicellolevitt.com*

5

6

*Counsel for Plaintiffs and the Proposed*
*Class, Additional Counsel Listed Below*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST,

Case No. 3:23-cv-03417-VC

11

**PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES**

12

13

14

*Individual and Representative Plaintiffs*,

15

v.

16

META PLATFORMS, INC.;

17

*Defendant.*

18

19

**PROPOUNDING PARTY:**       **Defendant Meta Platforms, Inc.**

20

**RESPONDING PARTY:**        **Lysa TerKeurst**

21

**SET NUMBER:**              **One (1)**

22

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Lysa

23

TerKeurst ("Plaintiff") in the above-titled action hereby responds to Defendant Meta Platforms,

24

Inc.'s ("Defendant" or "Meta") First Set of Interrogatories (the "Interrogatories"). Because certain

25

of Plaintiff's responses and objections contain personal identifying information which would cause

26

substantial harm if revealed, Plaintiff designates these responses and objections as Highly

27

Confidential.

28

1

1    Amanda Bacon – Senior Content Coordinator and Executive Assistant. Responsible for

2  saving content into files, content tracking. Also responsible for gathering initial chapters on works,

3  and engages focus groups for feedback.

4    Shae Hill – Content Manager, responsible for taking content from book writing and

5  converting into internet, magazine, newspaper, and other media content.

6    In addition, Plaintiff identifies Jessica Rogers, who is the lead editor at HarperCollins,

7  Plaintiff's publisher, who is responsible for editing and publishing Plaintiff's works. Ms. Rogers

8  can be contacted through her employer, HarperCollins .

9  **INTERROGATORY NO. 2:**

10    IDENTIFY all PERSONS (including, but not limited to YOU and YOUR publishers) who

11  claim an ownership interest in any of YOUR ASSERTED WORKS (whether by assignment,

12  license, or otherwise), including by providing (i) their contact information; and (ii) a description

13  of their ownership interest.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15    Subject to and without waiving any of the general objections, and subject to such additional

16  facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this

17  Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this

18  Interrogatory to the extent that the term "ownership interest" is vague and ambiguous. Plaintiff

19  further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense,

20  and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent

21  that it is duplicative, in whole or in part, of Meta's First Set of Requests for Production No. 10.

22    Subject to the above general and specific objections and to the extent possible, Plaintiff

23  states that pursuant to Federal Rule of Civil Procedure 33, she will produce documents, identifying

24  all PERSONS (including, but not limited to Plaintiff and her publishers) who claim an ownership

25  interest in any of Plaintiff's ASSERTED WORKS (whether by assignment, license, or otherwise),

26  which includes (i) their contact information; and (ii) a description of their ownership interest, if

27

28

PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES
No. 3:23-cv-03417-VC

those documents exist. Plaintiff will supplement this response by identifying the responsive documents by Bates number once produced.

**INTERROGATORY NO. 3:**

IDENTIFY and DESCRIBE the basis for YOUR assertion of copyright ownership in each of YOUR respective ASSERTED WORKS, including all evidence upon which YOU based such assertion.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this Interrogatory to the extent that the term "basis for YOUR assertion" is vague and the term "copyright ownership" is ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the interrogatory seeks "all evidence."

Subject to the above general and specific objections, Plaintiff responds that Plaintiff has copyright ownership of the ASSERTED WORKS because Plaintiff is the author of the ASSERTED WORKS. Answering further, Plaintiff refers Meta to information available via the U.S. Copyright Office and/or the Library of Congress related to Plaintiff's ASSERTED WORKS. Plaintiff will also produce documents providing evidence of copyright ownership, and will supplement this answer identifying the Bates ranges of these documents, once produced.

**INTERROGATORY NO. 4:**

For each of YOUR ASSERTED WORKS, IDENTIFY each instance in which another PERSON has been licensed, permitted, or authorized to copy, display, distribute, publicly perform, or otherwise exercise any Section 106 rights with respect to each ASSERTED WORK, including by providing the date, PERSON, and agreement regarding each instance.

**RESPONSE TO INTERROGATORY NO. 4:**

7

1  and assistants regarding the fact that her ASSERTED WORKS were included in the Books3

2  dataset.

3  **INTERROGATORY NO. 9:**

4          IDENTIFY all authorized channels through which YOUR ASSERTED WORKS have

5  been made available to the public, whether for sale or otherwise, including all websites (by URL)

6  and retail outlets (by name and location) and the dates they were available in such channels.

7  **RESPONSE TO INTERROGATORY NO. 9:**

8          Subject to and without waiving any of the general objections, and subject to such additional

9  facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this

10  Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this

11  Interrogatory to the extent that the terms "authorized channels" and "otherwise" are vague and

12  ambiguous. Plaintiff further objects to this Interrogatory as unduly burdensome, not relevant to

13  any claim or defense, and disproportionate to the needs of the case.

14          Subject to the above general and specific objections, Plaintiff responds that copies of

15  Plaintiffs' ASSERTED WORKS have been available to purchase through the following

16  distribution channels: directly from her ministry (Proverbs31 Ministries), and also through online

17  retailers (e.g., Amazon), e-book retailers (e.g., Kindle), and brick and mortar retailers.

18  **INTERROGATORY NO. 10:**

19          DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's

20  conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for

21  such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for

22  computing such damages, methodology for computing such damages and injury, and all

23  PERSONS who supplied knowledge or information that informed the foregoing.

24  **RESPONSE TO INTERROGATORY NO. 10:**

25          Subject to and without waiving any of the general objections, and subject to such additional

26  facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this

27  Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this

28

1    Interrogatory to the extent that the term "damages" is vague and overbroad. Plaintiff objects to this

2    Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate to

3    the needs of the case, particularly because the interrogatory seeks "all PERSONS who supplied

4    knowledge or information." Plaintiff objects to this Interrogatory to the extent that it calls for a

5    response subject to the attorney-client privilege, work product doctrine, and/or any other

6    applicable privilege or protection from disclosure. Plaintiff further objects to this Interrogatory to

7    the extent that it is premature as it calls for information relating to damages that will be the subject

8    of expert discovery, and objects to the extent that this Interrogatory seeks information related to

9    expert witness work product. Plaintiff also objects to this Interrogatory on the grounds that the

10   information requested is equally available to Defendant, or is already in its possession, custody, or

11   control. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part,

12   of Meta's First Set of Requests for Production Nos. 23, 24, 25, and 26.

13        Subject to the above general and specific objections, Plaintiffs are still investigating how

14   Meta's nascent technology is causing them harm. Plaintiff will supplement this response, and will

15   provide reference to the Bates numbers of responsive documents, once produced.

16   **INTERROGATORY NO. 11:**

17        IDENTIFY each PERSON, other than Plaintiffs' respective attorneys, who supplied

18   information in response to Meta's discovery requests in this ACTION (including Document

19   Requests, Requests for Admission, and Interrogatories propounded by Meta) and/or whose

20   DOCUMENTS or data were consulted in connection with such responses, and, as to the

21   Interrogatories, specify for which Interrogatories such PERSON has supplied information.

22   **RESPONSE TO INTERROGATORY NO. 11:**

23        Subject to and without waiving any of the general objections, and subject to such additional

24   facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this

25   Interrogatory to the extent that it is vague, ambiguous, and overbroad. Plaintiff objects to this

26   Interrogatory to the extent that the term "data" is vague and ambiguous. Plaintiff further objects to

27   this Interrogatory as unduly burdensome, not relevant to any claim or defense, and disproportionate

28

13