# EXHIBIT C

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTIES:                 **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:                  **Plaintiff Ta-Nehisi Coates**

SET NUMBER:                          **Two (2)**

Plaintiff Ta-Nehisi Coates ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that him Asserted Works

are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase,

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024                    By:    _/s/ Bryan Clobes_____
                                                    Bryan L. Clobes


                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
                                        Mohammed Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
                                        **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone: (312) 782-4880
                                        Email:        asweatman@caffertyclobes.com

                                        Daniel J. Muller (State Bar No. 193396)
                                        **VENTURA HERSEY & MULLER, LLP**
                                        1506 Hamilton Avenue
                                        San Jose, California 95125
                                        Telephone: (408) 512-3022
                                        Facsimile: (408) 512-3023
                                        Email:        dmuller@venturahersey.com

                                        *Counsel for Individual and Representative Plaintiffs*
                                        *and the Proposed Class*

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>     *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>     *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Junot Diaz** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Junot Diaz ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

responds that after a reasonable inquiry, the information known or that can be readily obtained by him

is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as

unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

responds that after a reasonable inquiry, the information known or that can be readily obtained by him

is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the term "lost sales" as

rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is

hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL

7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that him Asserted Works are

included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase, "other than

consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

**REQUEST FOR ADMISSION NO. 29:**

Admit that none of YOUR claims in the COMPLAINT are based on any of YOUR unpublished works.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "Your" as referring to Plaintiff Junot Diaz. Plaintiff responds, admit that the Asserted Works are not unpublished works.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU are not the only person who contributed literary content in each of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to the phrase "contributed literary content" as vague and unintelligible. Plaintiff responds that except for contributor contracts produced in response to RFP 10 and ROG 1, deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butgericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:       bclobes@caffertyclobes.com
             aswatman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant.* | |

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Christopher Golden** |
| 3 | **SET NUMBER:** | **Two (2)** |

Plaintiff Christopher Golden ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any OF YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that his Asserted

Works are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase,

1  **REQUEST FOR ADMISSION NO. 31:**

2  Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

3  use in the training of an artificial intelligence large language model.

4  **RESPONSE TO REQUEST NO. 31:**

5  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

6  for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to this

9  Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing

10  objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be

11  readily obtained by him is insufficient to enable him to admit or deny.

12  **REQUEST FOR ADMISSION NO. 32:**

13  Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED

14  WORKS to THIRD PARTIES.

15  **RESPONSE TO REQUEST NO. 32:**

16  Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery

17  that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any

18  person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You"

19  and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the term

20  "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties,

21  as indicated in agreements produced in response to RFP 12.

22  **REQUEST FOR ADMISSION NO. 33:**

23  Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED

24  works for the purpose of training an artificial intelligence large language model.

25  **RESPONSE TO REQUEST NO. 33:**

26  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

27  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

28  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:    _/s/ Joseph R. Saveri_
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (_pro hac vice anticipated_)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
asweatman@caffertyclobes.com

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTIES:                  **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:                   **Plaintiff Andrew Sean Greer**

SET NUMBER:                           **Two (2)**

Plaintiff Andrew Sean Greer ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that him Asserted

Works are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase,

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024               By:      */s/ Bryan Clobes*
                                            Bryan L. Clobes


                                   Bryan L. Clobes (pro hac vice)
                                   Alexander J. Sweatman (pro hac vice)
                                   Mohammed Rathur (pro hac vice)
                                   **CAFFERTY CLOBES MERIWETHER**
                                   **& SPRENGEL LLP**
                                   135 South LaSalle Street, Suite 3210
                                   Chicago, IL 60603
                                   Telephone: (312) 782-4880
                                   Email:      asweatman@caffertyclobes.com

                                   Daniel J. Muller (State Bar No. 193396)
                                   **VENTURA HERSEY & MULLER, LLP**
                                   1506 Hamilton Avenue
                                   San Jose, California 95125
                                   Telephone: (408) 512-3022
                                   Facsimile: (408) 512-3023
                                   Email:      dmuller@venturahersey.com

                                   *Counsel for Individual and Representative Plaintiffs*
                                   *and the Proposed Class*

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-04663 |
| v. | **PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff David Henry Hwang** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff David Henry Hwang ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

responds that after a reasonable inquiry, the information known or that can be readily obtained by him

is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request

as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

responds that after a reasonable inquiry, the information known or that can be readily obtained by him

is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the term "lost

sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because

it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that him Asserted

Works are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase,

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:      /s/ Bryan L. Clobes
　　　　　　Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Richard Kadrey** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Richard Kadrey ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds

that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

1   **REQUEST FOR ADMISSION NO. 11:**

2       Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

3   authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

4   intelligence.

5   **RESPONSE TO REQUEST NO. 11:**

6       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9   terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request as

10  unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

11  generative artificial intelligence.  Plaintiff further objects to this Request as duplicative in whole or in

12  part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

13  responds that after a reasonable inquiry, the information known or that can be readily obtained by him is

14  insufficient to enable him to admit or deny.

15  **REQUEST FOR ADMISSION NO. 12:**

16      Admit that, other than YOUR contention that LLM developers such as Meta should have

17  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

18  e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

19  alleged in the COMPLAINT.

20  **RESPONSE TO REQUEST NO. 12:**

21      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

24  terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the term "lost

25  sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because

26  it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

27  WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of

28  the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v.*

*Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12.  Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that his Asserted Works

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute.  Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase,

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:      /s/ Joseph R. Saveri
             Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:   (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:        bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br><div align="right">*Defendant*.</div> | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-04663 <br><br> **PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| PROPOUNDING PARTIES: | Defendant Meta Platforms, Inc. |
|---|---|
| RESPONDING PARTIES: | Plaintiff Matthew Klam |
| SET NUMBER: | Two (2) |

Plaintiff Matthew Klam ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1. Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2. Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

responds that after a reasonable inquiry, the information known or that can be readily obtained by him

is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as

unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

responds that after a reasonable inquiry, the information known or that can be readily obtained by him

is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to the term "lost

sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because

it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that him Asserted Works

are included in several unconsented datasets used for Generative AI training in violation of the U.S.

Copyright Act by a number of companies, including Meta Platforms.

## REQUEST FOR ADMISSION NO. 18:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

## RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

## REQUEST FOR ADMISSION NO. 19:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what him licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to the phrase, "other

PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

**REQUEST FOR ADMISSION NO. 29:**

Admit that none of YOUR claims in the COMPLAINT are based on any of YOUR unpublished works.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "Your" as referring to Plaintiff Matthew Klam. Plaintiff responds, admit that the Asserted Works are not unpublished works.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU are not the only person who contributed literary content in each of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to the phrase "contributed literary content" as vague and unintelligible. Plaintiff responds that except for contributor contracts produced in response to RFP 10 and ROG 1, deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                   *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1  PROPOUNDING PARTIES:              **Defendant Meta Platforms, Inc.**

2  RESPONDING PARTIES:               **Plaintiff Laura Lippman**

3  SET NUMBER:                       **Two (2)**

4

5       Plaintiff Laura Lippman ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s

6  ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

7                        **GENERAL OBJECTIONS**

8       1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they

9  purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

10 rules.

11      2.      Plaintiff objects to the Requests to the extent they seek information or materials that are

12 protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

13 rules, or other applicable privileges and protections, including communications with Plaintiff's

14 attorneys regarding the Action.

15      3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

16 supplement these responses with subsequently discovered responsive information and to introduce and

17 rely upon any such subsequently discovered information in this litigation.

18            **OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

19 **REQUEST FOR ADMISSION NO. 8:**

20      Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

21 data for artificial intelligence.

22 **RESPONSE TO REQUEST NO. 8:**

23      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

24 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

25 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

26 terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as

27 unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

28 generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

1    part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

2    responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

3    insufficient to enable her to admit or deny.

4    **REQUEST FOR ADMISSION NO. 9:**

5          Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed

6    for use as training data for artificial intelligence.

7    **RESPONSE TO REQUEST NO. 9:**

8          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

9    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

10   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

11   terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as

12   unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

13   generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

14   part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

15   responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

16   insufficient to enable her to admit or deny.

17   **REQUEST FOR ADMISSION NO. 10:**

18         Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as

19   training data for artificial intelligence.

20   **RESPONSE TO REQUEST NO. 10:**

21         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

24   terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as

25   unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

26   generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

27   part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

28

PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSION NO. 11:

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

## RESPONSE TO REQUEST NO. 11:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSION NO. 12:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

## RESPONSE TO REQUEST NO. 12:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

### REQUEST FOR ADMISSION NO. 15:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

### RESPONSE TO REQUEST NO. 15:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that her Asserted Works

1    are included in several unconsented datasets used for Generative AI training in violation of the U.S.

2    Copyright Act by a number of companies, including Meta Platforms.

3    **REQUEST FOR ADMISSION NO. 18:**

4        Admit that, other than YOUR contention that LLM developers such as Meta should have

5    compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

6    are of any specific licensing opportunity that YOU lost due to the infringement alleged in the

7    COMPLAINT.

8    **RESPONSE TO REQUEST NO. 18:**

9        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

10   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

11   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

12   terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as

13   irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

14   objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

15   *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

16   admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

17   requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

18   1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

19   of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

20   Plaintiff to know what her licensing opportunities would have been but for Meta's failure to

21   compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing

22   objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be

23   readily obtained by her is insufficient to enable her to admit or deny.

24   **REQUEST FOR ADMISSION NO. 19:**

25       Admit that, other than YOUR contention that LLM developers such as Meta should have

26   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

27   are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the

28   infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase, "other

8

consideration. Plaintiff admits that her Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Lippman's response to RFP 12.

**REQUEST FOR ADMISSION NO. 29:**

Admit that none of YOUR claims in the COMPLAINT are based on any of YOUR unpublished works.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "Your" as referring to Plaintiff Laura Lippman. Plaintiff responds, admit that the Asserted Works are not unpublished works.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU are not the only person who contributed literary content in each of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to the phrase "contributed literary content" as vague and unintelligible. Plaintiff responds that except for contributor contracts produced in response to RFP 10 and ROG 1, deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant.* | |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Sarah Silverman** |
| 3 | **SET NUMBER:** | **Two (2)** |

Plaintiff Sarah Silverman ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1. Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2. Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds

1  that after a reasonable inquiry, the information known or that can be readily obtained by her is

2  insufficient to enable her to admit or deny.

3  **REQUEST FOR ADMISSION NO. 9:**

4       Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed

5  for use as training data for artificial intelligence.

6  **RESPONSE TO REQUEST NO. 9:**

7       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

8  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

9  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

10  terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as

11  unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

12  generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

13  part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

14  responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

15  insufficient to enable her to admit or deny.

16  **REQUEST FOR ADMISSION NO. 10:**

17       Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training

18  data for artificial intelligence.

19  **RESPONSE TO REQUEST NO. 10:**

20       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

21  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

22  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

23  terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as

24  unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean

25  generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

26  part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

27  responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

28  insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v.*

*Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that her Asserted Works

are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of  any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase,

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024

By:   _/s/ Joseph R. Saveri_
           Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                hbenon@saverilawfirm.com
                acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (_pro hac vice anticipated_)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:        bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>            *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                                    *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Rachel Louise Snyder** |
| 3 | **SET NUMBER:** | **Two (2)** |

Plaintiff Rachel Louise Snyder ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit*

*Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSION NO. 13:

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

## RESPONSE TO REQUEST NO. 13:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSION NO. 14:

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

## RESPONSE TO REQUEST NO. 14:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that her Asserted

Works are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit 'hypothetical' questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase,

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties, as indicated in agreements produced in response to RFP 12.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024

By: _____ */s/ Bryan Clobes* _____

Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                              *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTIES:            **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:             **Plaintiff Jacqueline Woodson**

SET NUMBER:                     **Two (2)**

Plaintiff Jacqueline Woodson ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in

part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSION NO. 13:

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

## RESPONSE TO REQUEST NO. 13:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSION NO. 14:

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

## RESPONSE TO REQUEST NO. 14:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a dataset that has been used to train large language models beyond those large language models by Meta.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff admits that her Asserted

Works are included in several unconsented datasets used for Generative AI training in violation of the U.S. Copyright Act by a number of companies, including Meta Platforms.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase,

1  **REQUEST FOR ADMISSION NO. 31:**

2      Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

3  use in the training of an artificial intelligence large language model.

4  **RESPONSE TO REQUEST NO. 31:**

5      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to this

9  Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing

10  objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be

11  readily obtained by her is insufficient to enable her to admit or deny.

12  **REQUEST FOR ADMISSION NO. 32:**

13      Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED

14  WORKS to THIRD PARTIES.

15  **RESPONSE TO REQUEST NO. 32:**

16      Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery

17  that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any

18  person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You"

19  and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the term

20  "publisher" as vague. Plaintiff admits that certain relicensing rights have been granted to third parties,

21  as indicated in agreements produced in response to RFP 12.

22  **REQUEST FOR ADMISSION NO. 33:**

23      Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED

24  works for the purpose of training an artificial intelligence large language model.

25  **RESPONSE TO REQUEST NO. 33:**

26      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

27  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

28  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024                By:  _____/s/ Bryan Clobes_____
                                              Bryan L. Clobes


                                          Bryan L. Clobes (pro hac vice)
                                          Alexander J. Sweatman (pro hac vice)
                                          Mohammed Rathur (pro hac vice)
                                          **CAFFERTY CLOBES MERIWETHER**
                                          **& SPRENGEL LLP**
                                          135 South LaSalle Street, Suite 3210
                                          Chicago, IL 60603
                                          Telephone: (312) 782-4880
                                          Email:      asweatman@caffertyclobes.com

                                          Daniel J. Muller (State Bar No. 193396)
                                          **VENTURA HERSEY & MULLER, LLP**
                                          1506 Hamilton Avenue
                                          San Jose, California 95125
                                          Telephone: (408) 512-3022
                                          Facsimile: (408) 512-3023
                                          Email:      dmuller@venturahersey.com

                                          *Counsel for Individual and Representative Plaintiffs*
                                          *and the Proposed Class*

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

25

1  David A. Straite (admitted *pro hac vice*)
   **DiCELLO LEVITT LLP**
2  485 Lexington Ave., Suite 1001
   New York, New York 10017
3  Tel.: (646) 933-1000
   Fax: (646) 494-9648
4  *dstraite@dicellolevitt.com*

5  *Counsel for Plaintiffs and the Proposed*
6  *Class, Additional Counsel Listed Below*

7                 UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9   RICHARD KADREY, SARAH SILVERMAN,      Case No. 3:23-cv-03417-VC
    CHRISTOPHER GOLDEN, TA-NEHISI
10  COATES, JUNOT DÍAZ, ANDREW SEAN       **PLAINTIFF LYSA TERKEURST'S**
    GREER, DAVID HENRY HWANG,             **RESPONSES AND OBJECTIONS TO**
11  MATTHEW KLAM, LAURA LIPPMAN,          **DEFENDANT META PLATFORMS,**
    RACHEL LOUISE SNYDER, JACQUELINE      **INC.'S SECOND SET OF REQUESTS**
12  WOODSON, AND LYSA TERKEURST,          **FOR ADMISSION**
13
          *Individual and Representative Plaintiffs*,
14
               v.
15
    META PLATFORMS, INC.;
16
                    *Defendant.*
17

18       Plaintiff Lysa TerKeurst ("Plaintiff") hereby responds to Defendant Meta Platforms,

19  Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

20  "RFAs").

21                        **GENERAL OBJECTIONS**

22       1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent

23  they purport to require Plaintiff to respond in any way beyond what is required by the Federal

24  and local rules.

25       2.    Plaintiff objects to the Requests to the extent they seek information or materials

26  that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert

27                                    1

28

1  disclosure rules, or other applicable privileges and protections, including communications with

2  Plaintiff's attorneys regarding the Action.

3  Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

4  supplement these responses with subsequently discovered responsive information and to

5  introduce and rely upon any such subsequently discovered information in this litigation.

6  **OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

7  **REQUEST FOR ADMISSION NO. 8:**

8  Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as

9  training data for artificial intelligence.

10 **RESPONSE TO REQUEST NO. 8:**

11 Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so

12 for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your"

13 as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this

14 Request as unintelligible and vague as to the term "artificial intelligence" and will construe that

15 term to mean generative artificial intelligence. Plaintiff further objects to this Request to the

16 extent it is duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without

17 waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity

18 gathering training data for generative artificial intelligence has requested to license any of

19 Plaintiff's ASSERTED WORKS, and so further responding, admits Request No. 8.

20 **REQUEST FOR ADMISSION NO. 9:**

21 Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been

22 licensed for use as training data for artificial intelligence.

23 **RESPONSE TO REQUEST NO. 9:**

24 Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so

25 for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your"

26 as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this

27 2

28

1  Request as unintelligible and vague as to the term "artificial intelligence" and will construe that

2  term to mean generative artificial intelligence. Plaintiff further objects to this Request to the

3  extent it is duplicative in whole or in part of RFAs 8, 10, 11, and 13-14. Subject to and without

4  waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity

5  gathering training data for generative artificial intelligence has requested to license any of

6  Plaintiff's ASSERTED WORKS, and so further responding, Plaintiff admits Request No. 9.

7  **REQUEST FOR ADMISSION NO. 10:**

8       Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as

9  training data for artificial intelligence.

10 **RESPONSE TO REQUEST NO. 10:**

11      Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so

12 for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your"

13 as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this

14 Request as unintelligible and vague as to the term "artificial intelligence" and will construe that

15 term to mean generative artificial intelligence. Plaintiff further objects to this Request to the

16 extent it is duplicative in whole or in part of RFAs 8, 9, 11, 13 and 14. Subject to and without

17 waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity

18 gathering training data for generative artificial intelligence has sought Plaintiff's permission to

19 use any of Plaintiff's ASSERTED WORKS as training data for generative artificial intelligence,

20 and so further responding, Plaintiff admits Request No. 10.

21 **REQUEST FOR ADMISSION NO. 11:**

22      Admit that YOU are unaware of consent ever having been given (either by YOU or

23 somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as

24 training data for artificial intelligence.

25

26

27                                         3

28

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request to the extent it is duplicative in whole or in part of RFAs 8-10, 13 and 14. Subject to and without waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity gathering training data for generative artificial intelligence has sought Plaintiff's permission to use any of Plaintiff's ASSERTED WORKS as training data for generative artificial intelligence, and so, further responding, Plaintiff admits Request No. 11.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. For the purposes of this Request, Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs.*

4

*Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff admits that she is currently unaware of any lost book sales through retailers caused by the infringement alleged in the Complaint and denies that her lack of awareness has any bearing on whether there have been any such lost sales. Plaintiff otherwise denies Request No. 12.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity gathering training data for generative artificial intelligence has sought Plaintiff's permission to use any of Plaintiff's ASSERTED WORKS as training data for generative artificial intelligence, and so, further responding, Plaintiff admits Request No. 13.

**REQUEST FOR ADMISSION NO. 14:**

5

PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

1    Admit that YOU have no documentary evidence that any PERSON has actually

2  compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large

3  language models.

4  **RESPONSE TO REQUEST NO. 14:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

6  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

7  defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

8  will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff also

9  objects to the term "documentary evidence" as being vague and overbroad because it is not

10  limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this

11  Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving

12  the foregoing objections, Plaintiff admits that neither Meta nor any other entity gathering training

13  data for generative artificial intelligence has sought Plaintiff's permission to use any of

14  Plaintiff's ASSERTED WORKS as training data for generative artificial intelligence, and so,

15  further responding, Plaintiff admits Request No. 14.

16  **REQUEST FOR ADMISSION NO. 15:**

17    Admit that, other than YOUR contention that LLM developers such as Meta should have

18  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language

19  models, YOU are unaware of any documentary evidence that YOU have lost sales of any

20  ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

21  **RESPONSE TO REQUEST NO. 15:**

22    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

23  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

24  defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

25  will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff also

26  objects to the term "documentary evidence" as being vague and overbroad because it is not

27  6

28

limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff admits that she is currently unaware of any documentary evidence of lost book sales through retailers due to the infringement alleged in the Complaint and denies that her lack of awareness has any bearing on whether any such lost sales have occurred or whether documentary evidence of the same exists. Plaintiff otherwise denies Request No. 15.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since

7

1   requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical"

2   questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548,

3   at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the

4   context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to

5   1946 amendment. Subject to and without waiving the foregoing objections, Plaintiff admits that

6   she is currently unaware of a decrease in sales of her book caused by the infringement alleged in

7   the COMPLAINT but denies that her lack of awareness has any bearing on whether such a

8   decrease in sales has occurred or whether documentary evidence of the same exists. Plaintiff

9   otherwise denies Request No. 16.

10   **REQUEST FOR ADMISSION NO. 17:**

11          Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a

12   dataset that has been used to train large language models beyond those large language models by

13   Meta.

14   **RESPONSE TO REQUEST NO. 17:**

15          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

16   calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

17   defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

18   will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

19   further objects to the term "book sales" as rendering this Request vague and ambiguous. Plaintiff

20   admits that her ASSERTED WORKS were infringed by Bloomberg L.P., Bloomberg Finance,

21   L.P., and others, and that. Plaintiff believes, among other things, that the Bloomberg parties used

22   her Asserted Works to train its large language models without Plaintiff's consent or

23   authorization, which infringement Plaintiff is seeking to remedy in *Huckabee v. Bloomberg, L.P.*

24   *et al.*, Master File No. 1:23-cv-09152 (S.D.N.Y.).  Plaintiff otherwise denies Request No. 17.

25   **REQUEST FOR ADMISSION NO. 18:**

26

27                                                         8

28

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff admits that Plaintiff is currently unaware of any specific licensing opportunity that she has lost due to the infringement alleged in the COMPLAINT, but denies that her lack of awareness has any bearing on whether any such licensing opportunities were lost.  Plaintiff otherwise denies Request No. 18.

**REQUEST FOR ADMISSION NO. 19:**

9

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff admits that Plaintiff is currently unaware of any documentary evidence that she has lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT, but denies that her lack of awareness has any bearing on whether any licensing opportunities were lost due to the infringement alleged in the COMPLAINT or whether documentary evidence of the same exists.

10

1    Admit that YOU are not the only person who contributed literary content in each of

2  YOUR ASSERTED WORKS.

3  **RESPONSE TO REQUEST NO. 30:**

4    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

5  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

6  defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

7  will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

8  further objects to the phrase "contributed literary content" as vague and unintelligible. Subject to

9  and without waiving these objections, Plaintiff admits Request No. 30 to the extent that she had

10 assistance in editing manuscripts that became her ASSERTED WORKS. Plaintiff otherwise

11 denies Request No. 30.

12 **REQUEST FOR ADMISSION NO. 31:**

13    Admit that YOU have never offered to license or sell any of YOUR ASSERTED

14 WORKS for use in the training of an artificial intelligence large language model.

15 **RESPONSE TO REQUEST NO. 31:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

17 calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

18 defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

19 will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent,

20 Meredith Brock. Plaintiff further objects to this Request as unintelligible and vague as to the

21 term "artificial intelligence" and will construe that term to mean generative artificial intelligence.

22 Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject

23 to and without waiving the foregoing objections, Plaintiff admits that neither Meta nor any other

24 entity gathering training data for generative artificial intelligence has asked to license or

25 purchase any of Plaintiff's ASSERTED WORKS, and so, further responding, Plaintiff admits

26 Request No. 31.

27                                        16

28

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED WORKS to THIRD PARTIES.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff further objects to the term "publisher" as vague. Plaintiff admits Request No. 32 to the extent that Plaintiff has provided certain relicensing rights to her publisher. Plaintiff otherwise denies Request No. 32.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Plaintiff further objects that Request No. 33 poses an incomplete hypothetical, making a single definitive answer impossible. Subject to and without waiving the foregoing objections, Plaintiff admits only that she may be willing to consider permitting a third party to use her asserted works for the purpose of training an artificial intelligence large language model, for a fee, under certain circumstances. Plaintiff otherwise denies Request No. 33.

17