COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                    Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE DISCOVERY CUT-OFF (MODIFY ALL CASE DEADLINES) (ECF 129)**<br><br>Discovery Cut-Off: September 30, 2024<br>Date Action Filed: July 7, 2023 |

Plaintiffs' eleventh-hour motion ("Motion") to extend *all case deadlines* by *97 days* (Dkt. 129) lacks good cause and should be denied. As detailed herein, Meta has cooperated fully and complied with all deadlines, contrary to Plaintiffs' unfounded attacks. In contrast, Plaintiffs have failed to diligently prosecute this case at every turn. Moreover, according to a proposal sent to Meta today, which Meta opposes, Plaintiffs intend to seek a massive expansion of the depositions available to them—from the default of 10 depositions to *35 depositions* or *180 deposition hours*—without any justification and despite having taken *zero* depositions to date. Plaintiffs' effort to massively expand discovery through extending the case schedule, all in the face of their lack of diligence (and lack of any need), should be rejected.

At the motion to dismiss hearing *ten months ago,* the Court opened discovery on what is now Plaintiffs' lone remaining claim. Dkt. 52 (11/9/23 Tr. at 49:3-50:2.); *see* Dkt. 43 ("[d]iscovery can go forward on the claim that Meta did not move to dismiss"). The Court then set the case schedule *over seven months ago*, including a fact discovery cutoff of September 30, 2024. Dkt. 87 (1/23/24 Order). Yet Plaintiffs have failed to diligently pursue discovery: they have taken *zero* depositions (with only two currently noticed); failed to timely identify their ESI custodians; failed to meet the substantial completion deadline for production for virtually all Plaintiffs; failed to produce privilege logs for nine of eleven Plaintiffs; and failed to plan for entirely foreseeable international discovery and translation services. In contrast, Meta timely identified ESI custodians; met the substantial completion deadline; timely produced a privilege log; and timely identified deponents (which depositions it will complete by September 30 if Plaintiffs simply cooperate).

Meta also has promptly addressed all issues raised by Plaintiffs during discovery. In stark contrast, Plaintiffs have engaged in deliberate delay tactics to obstruct Meta's efforts to complete discovery, such as refusing to provide deposition dates within the discovery period for Plaintiffs' witnesses (as Judge Hixson has now ordered them to do so); refusing to identify Meta witnesses to depose (which they still are failing to do); refusing to provide a 30(b)(6) notice; and failing to timely provide their sections of discovery briefing, requiring Meta to seek Court intervention. Moreover, as noted, Plaintiffs are now burdening Meta and the Court with a forthcoming motion to massively expand the depositions available to them, to include *35 depositions* or *180 deposition hours* (plus

a Rule 30(b)(6) deposition and limitless third-party depositions), yet have failed to take even **one** deposition in this case.[1]  Plaintiffs' recent meritless attacks on Meta's conduct seek to create the appearance of a need for an extension, when, in fact, Plaintiffs' crisis is wholly of their own making.

The Court should deny Plaintiffs' Motion.  To the extent the Court is inclined to extend any deadlines, it should at most allow completion of discovery within existing limits—*i.e.*, allow a few fact depositions to occur in early October.

I.   **BACKGROUND**

At and immediately after the November 9, 2023 hearing on Meta's Motion to Dismiss, the Court made clear that discovery was open on the only claim now remaining in this case.  Dkt. 85 (11/9/23 Tr. at 49:3-50:2.); Dkt. 43 (minute entry).  On January 24, 2024, the court set the case schedule—including a September 30, 2024 date for the close of merits fact discovery, Dkt. 87— following the parties' joint submission proposing that schedule, Dkt. 84, which, at the Court's direction, "culminates in a MSJ hearing in January/February 2025," Dkt. 74 (1/12/24 minute order). The Court deliberately condensed earlier schedules proposed by the parties, *see* Dkt. 71, observing that the parties' proposals were "too elongated" if—as the Court ordered—the case proceeded first with merits discovery culminating in summary judgment.  Dkt. 85 (1/12/24 Tr. at 7).[2]

Throughout this case, Meta has timely met its discovery obligations in good faith, whereas Plaintiffs have repeatedly failed to meet deadlines.  For example, pursuant to the parties' ESI Order, the parties were to identify "the 10 custodians most likely to possess relevant information" by May 10, 2024. Dkt. 101 at ¶ 6.a.  Meta identified its ESI custodians by that date, including senior-level personnel most likely to have documents and information responsive to Plaintiffs' discovery. (Stameshkin Decl., Exs. B, C.)[3]  In contrast, Plaintiffs did not identify their custodians until June

---

[1] Plaintiffs' proposed discovery expansion has repeatedly shifted, underscoring Plaintiffs' lack of any actual need or plan. Plaintiffs first proposed on August 23, 2024 an expansion to 140 deposition hours per side; then proposed 120 hours per side on September 5, 2024; and today proposed 180 hours per side or 35 depositions per side, exclusive of Rule 30(b)(6) or third-party depositions. (Stameshkin Decl. ¶ 25, Ex. A.) Yesterday Judge Hixson ordered Plaintiffs to seek any expansion by Thursday, September 18.

[2] Among other things, the bifurcation of merits and class discovery is a material difference between this case and the *OpenAI* matter cited in Plaintiffs' motion.

[3] These disclosures included two French witnesses, both of whom were also included in Meta's December 2023 Initial Disclosures. (Stameshkin Decl. ¶ 3.)

3, 2024—24 days late. (*Id.*, Ex. D.) Similarly, the parties agreed to an April 1 deadline to begin document production, and a July 15, 2024 "substantial completion" production deadline,[4] and Meta met these deadlines, producing **85%** of its total production by July 15. In contrast, only one Plaintiff produced any documents on April 1, and Plaintiffs waited until after July 15 to **produce over half** of the approximately 1,223 total documents collectively produced by Plaintiffs to date. (*Id.*, ¶ 11.) Likewise, after Plaintiffs' demand for a date for Meta to serve its privilege log, Meta proposed August 30 for mutual exchange. (*Id.* ¶ 12, Ex. F.) Meta served its compliant privilege log on this date, but only two Plaintiffs have served logs. (*Id.* ¶ 14.)

With respect to depositions, Plaintiffs have refused to cooperate with Meta's efforts to complete the ten fact depositions allotted per side by September 30. Instead, Plaintiffs have unreasonably delayed providing dates for their own depositions and identifying the Meta witnesses they seek to depose. (Stameshkin Decl. ¶¶ 25, 26, Ex. A.) Meta notified Plaintiffs of six depositions it sought to take on August 23, and the remaining four on August 28; Meta has accepted the dates offered by Plaintiffs for in-person depositions within the discovery period, but is still waiting for such dates for over half of the ten deponents. (*Id.*, ¶¶ 15, 28, Exs. I, J, M.)[5] In contrast, Plaintiffs have identified only *three* depositions they plan to take (with Meta accepting dates for both of the two Meta witnesses, *id.*, Ex. K), apparently delaying such identification to support their claimed need for more time. (*Id.*, Exs. G, H.) Nor have Plaintiffs served a Rule 30(b)(6) notice, despite Meta's request that Plaintiffs do so and despite that fewer than three weeks remaining in discovery (with Meta witnesses set to testify next week). (*Id.*, Ex. A.) Nor have Plaintiffs commenced any effort to obtain foreign depositions, despite now claiming that they intend to seek several foreign depositions.

Finally, Meta has promptly addressed deficiencies alleged by Plaintiffs during fact discovery. For example, on August 22, 2024, Plaintiffs served a letter claiming various deficiencies, but by the time the parties met and conferred six days later, Meta had addressed each

---

[4] The parties jointly agreed to extend this deadline by 15 days. (Stameshkin Decl. Ex. E.)
[5] Judge Hixson advised Plaintiffs this week that in-person depositions are the default and thus Plaintiffs should be offering such availability, with the parties to bring any disputes regarding requests for remote depositions to him.

issue, many of which simply required clarification. (Stameshkin Decl. ¶ 21.) Likewise, Meta has investigated and responded to Plaintiffs' discrete questions about Meta's privilege log. (*Id.* ¶ 22.)

## II.   ARGUMENT

Modification of a scheduling order requires "good cause." Fed. R. Civ. P. 16(b)(4); *see* Civ. L.R. 37-3.[6] Instead of identifying this standard or satisfying it, Plaintiffs' Motion focuses on other matters, such as the "complex" nature of this case; potential foreign depositions; and Meta's purported deficiencies. Dkt. 129 at 2. These are the wrong inquiries. To show good cause, Plaintiffs must show that *they* have been diligent. *See, e.g.*, *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ( if the moving party "was not diligent, the inquiry should end")); *Casillas v. Bayer Corp.*, 2024 WL 3440449, at *2 (N.D. Cal. July 16, 2024) (denying motion to extend schedule due to movant's failure to address its own diligence). Vague references to complexities—particularly where, as here, there are no allegedly new complexities—do not suffice. *See, e.g.*, *Godo Kaisha Ip Bridge v. Omnivision Techs.*, No. 17-cv-00778-BLF, 2018 U.S. Dist. LEXIS 201744 (N.D. Cal. Nov. 27, 2018) (plaintiffs' delay in seeking additional discovery was unreasonable "[w]ithout some explanation for that delay or indication of factors outside Plaintiff's control"). Plaintiffs also cannot establish "good cause" by pointing fingers at Meta, because if Plaintiffs had such complaints, "the proper recourse … [wa]s to file discovery motions or otherwise take prompt actions regarding the specific delinquencies complained of, rather than requesting an extension on the eve of the end of the discovery period." *Rodriguez v. Google LLC*, 2022 WL 17905108, at *1 (N.D. Cal. Dec. 22, 2022) (denying request to modify schedule).

As detailed above, Plaintiffs have failed to conduct discovery with diligence. *See supra* Section I. Despite discovery having been open for **ten months**, Plaintiffs have taken **no** depositions, have noticed only three depositions, have failed to pursue foreign depositions despite Meta's disclosure of French individuals months ago, and have spent their time pursuing extraneous matters. *See supra* Section I. Additionally, Plaintiffs' discovery responses remain lacking in multiple

---

[6] The Local Rule invoked by Plaintiffs also requires a declaration stating "with particularity" the reasons for the requested enlargement and "the substantial harm or prejudice that would occur" without it. Civ. L.R. 6-3(a)(1)-(6). Plaintiffs' declaration does not meet these requirements.

respects, with those issues being presented to Judge Hixson, *see, e.g.*, Dkt. 136, and Plaintiffs have repeatedly failed to cooperate in the scheduling of depositions. *See supra* Section I. This has led to a situation where the parties must schedule and take all depositions in very short order—which Meta is currently prepared to do. But this is not, as Plaintiffs claim, Meta "ramrod[ding] twenty depositions into the remaining weeks of September," Dkt. 129 at 5; it is the unfortunate consequence of Plaintiffs' refusal to proceed diligently.

Moreover, even if Meta's conduct were relevant, Plaintiffs have seriously misrepresented the record, which in fact makes clear that Meta has been diligent throughout. *See supra* Section I. Among other things, Meta timely identified and disclosed its ESI custodians (Plaintiffs did not); expended great effort to meet the initial and substantial document production deadlines (Plaintiffs did not); and timely produced a privilege log (Plaintiffs did not). *See id.* Meta also promptly responded to and addressed Plaintiffs' questions raised during discovery. *See id.*

Plaintiffs' distortions of the record should not be permitted to mask their actual, improper objectives in seeking to extend the case schedule: (1) allowing them to remedy their lack of diligence, and (2) permitting them to argue for a massive expansion of discovery—in particular, 35 depositions or 180 hours of deposition testimony (exclusive of Rule 30(b)(6) and third-party depositions), and 13 new custodians. (Stameshkin Decl. ¶ 25, Ex. A.) Despite that the case schedule has been in place since January (including the deposition limits) and that they have had Meta's custodians since May, Plaintiffs only began raising their shifting proposals for expanding discovery in late August. Plaintiffs' Motion also fails to forthrightly disclose the massive nature of the discovery expansion they are seeking, as well as Meta's opposition thereto, Dkt. 129 at 3-4, and perhaps understandably so, as there is no basis whatsoever for their request. It is no secret that many individuals at Meta work on large language models, and Plaintiffs' curiosity without any showing of need or diligence does not warrant expanded discovery or an extension of case deadlines at the eleventh hour.

Plaintiffs have not taken their discovery obligations or the deadlines in this case seriously. Because they have not shown good cause, the Motion should be denied.

Attorneys at Law

5

META'S OPP. TO MOT. TO EXTEND
3:23-CV-03417-VC

Dated: September 10, 2024

COOLEY LLP

By: */s/ Kathleen Hartnett*
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Liz Stameshkin
Colette Ghazarian

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.