COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                            Defendant. | Case No. 3:23-cv-03417-VC<br><br>**ELIZABETH L. STAMESHKIN DECLARATION IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE DISCOVERY CUT-OFF (MODIFY ALL CASE DEADLINES)**<br><br>Discovery Cut-Off: September 30, 2024<br>Date Action Filed: July 7, 2023 |

I, Elizabeth Stameshkin, declare as follows:

1. I am a Special Counsel at the law firm of Cooley LLP and am counsel for Defendant Meta Platforms, Inc. in the above-captioned case. I provide this declaration upon personal knowledge and, if called upon as a witness, would testify competently as to the matters recited herein.

2. Attached as **Exhibit A** is a true and correct copy of an email chain between David Straite, Kathleen Hartnett, and counsel for both parties, dated September 10, 2024.

3. The parties filed a joint motion to enter an agreed upon e-discovery order ("ESI Order") on April 9, 2024, which was entered by the Court on April 10, 2024. (ECF Nos. 100, 101.) Under this ESI Order, each side was to identify ten custodians beginning 14 days from the entry of the ESI Order, with the identification complete no later than 30 days from entry of the ESI Order. (ECF No. 101, ¶ 6.a.) Meta identified custodians on April 24 (14 days from April 10) and May 10 (30 days from April 10), as shown in **Exhibit B** and **Exhibit C**. Meta was careful to identify as ESI custodians and witnesses the senior Meta employees and executives most likely to have knowledge of relevant issues and non-duplicative documents responsive to Plaintiffs' requests. Meta's disclosures included two witnesses based in France, both of whom were also included in Meta's December 2023 Initial Disclosures.

4. **Exhibit B** is a true and correct copy of an email from Judd Lauter to counsel for Plaintiffs identifying custodians, dated April 24, 2024.

5. **Exhibit C** is a true and correct copy of an email from Elizabeth Stameshkin to counsel for Plaintiffs identifying custodians, dated May 10, 2024.

6. Plaintiffs did not complete their identification of custodians until June 3, 2024, as shown in **Exhibit D**.

7. **Exhibit D** is a true and correct copy of an email from Aaron Cera to counsel for Meta identifying Plaintiffs' custodians, dated June 3, 2024.

8. On January 22, 2024, the parties filed a joint proposed case schedule pursuant to the Court's Order directing the parties to file schedules "which culminate[] in a MSJ hearing in January/February 2025. . . ." (ECF No. 84 (quoting ECF No. 74).) The parties' proposed schedule

included entries for "Document Production Begins," set for April 1, 2024 and "Date by which the parties, after good faith efforts, anticipate they will have substantially completed their production of documents in response to discovery that is not subject to any pending dispute," set for July 1, 2024. (ECF No. 84.) This schedule was entered by the Court with the sole modification of adding a date for a "Hearing on MSJ." (ECF No. 87.) Meta made its first production of documents on April 1, 2024. Only a single Plaintiff – Christopher Golden – made a production on April 1, 2024.

9. The parties mutually agreed to extend the deadline for substantial completion of document production from July 1, 2024 to July 15, 2024, as memorialized in **Exhibit E**.

10. **Exhibit E** is a true and correct copy of an email from Aaron Cera to counsel for Meta, dated June 25, 2024.

11. I have reviewed both Meta's and Plaintiffs' document production history in this matter and was involved in these productions. By July 15, 2024, Meta had produced approximately 16,998 documents out of the 19,750 documents produced by Meta to date (approximately 86%), as well as several terabytes of datasets and made source code available for inspection. By July 15, 2024, Plaintiffs collectively had produced approximately 539 documents out of the 1,223 documents produced by Plaintiffs to date (approximately 44%).

12. The ESI Order did not set a specific date for exchange of privilege logs. On August 8, 2024, Plaintiffs' counsel requested Meta serve its privilege log by August 14, 2024. This was not an agreed-upon deadline or one ordered by the Court. Plaintiffs also had not yet served privilege logs of their own as of this email. On August 9, counsel for Meta responded that Meta would produce a privilege log by August 30, subject to the condition that Plaintiffs would also provide their privilege logs by this point. These discussions are reflected in **Exhibit F**.

13. **Exhibit F** is a true and correct copy of an email chain, including an email from Holden Benon to counsel for Meta dated August 8, 2024, and an email from Elizabeth Stameshkin to Holden Benon et al., dated August 9, 2024.

14. Meta served its privilege log on August 30, 2024. Two Plaintiffs served their privilege logs on August 21, 2024, which included 15 entries for one Plaintiff and a single entry for the second Plaintiff. None of the remaining Plaintiffs have served privilege logs.

15. With respect to depositions, on August 22, 2024, Plaintiffs initially served two deposition notices on Defendants, seeking to depose two current Meta employees on September 17 and September 19. Meta has confirmed these witnesses' availability for these dates in New York City and Palo Alto. Plaintiffs also served a notice of deposition of a third party on August 30, 2024. Meta served seven notices of depositions on Plaintiffs on August 23, 2024, and further requested dates for four additional witnesses on August 28, and withdrew its request for a previously noticed witness. These communications are reflected in **Exhibits G, H, I**, **J**, and **K**.

16. **Exhibit G** is a true and correct copy of an email from Ruby Ponce to counsel for Meta, dated August 22, 2024, attaching notices of deposition of Melanie Kambadur and Todor Mihaylov.

17. **Exhibit H** is a true and correct copy of an email from Rya Fishman to counsel for Meta, dated August 30, 2024, attaching a notice of deposition for Stella Biderman.

18. **Exhibit I** is a true and correct copy of an email from Colette Ghazarian to counsel for Plaintiffs, dated August 23, 2024, attaching deposition notices.

19. **Exhibit J** is a true and correct copy of an email from Colette Ghazarian to counsel for Plaintiffs, dated August 28, 2024, requesting deposition dates for additional witnesses and withdrawing Meta's request for dates for a previously noticed witness.

20. **Exhibit K** is a true and correct copy of an email from Elizabeth Stameshkin to counsel for Plaintiffs confirming the availability of witnesses for September 17 and September 19.

21. On August 22, 2024, Plaintiffs sent a letter to Meta listing certain alleged deficiencies with respect to Meta's document production. Meta and Plaintiffs held a meet and confer, and Meta has worked to address the issues raised, many of which merely required confirmation and clarification from Meta. For example, Plaintiffs suggested that change history for the source code provided was not made available for Plaintiffs' review; Meta was able to confirm that this change history was made available for Plaintiffs' review. Similarly, Meta is working to address issues regarding cutoff text in a small handful of documents, and to ensure that certain hyperlinks found in a small number of documents have been produced.

22. On the evening of September 6, 2024, Plaintiffs sent an email raising an issue

regarding inconsistent redactions in two documents produced and logged on Meta's privilege log. Meta has investigated and responded to Plaintiffs on this issue.

23. On August 23, 2024, Plaintiffs sent a letter to Meta requesting 13 additional custodians, above and beyond the 10 custodians for whom documents have already been produced in this case. This letter also sought to change the deposition limits in this case to 140 hours, rather than the default of 10 depositions under the Local Rules. Meta discussed this proposal during a meet and confer with Plaintiffs' counsel on August 29, 2024, explaining that 13 custodians and 140 hours (particularly without a limit on total depositions) was unreasonable. On the evening of August 29, 2024, Plaintiffs sent a list of 25 depositions it intended to take, in addition to the two it had already noticed at that point. This is reflected in **Exhibit L**.

24. **Exhibit L** is a true and correct copy of an email from Aaron Cera to counsel for Meta, dated August 29, 2024.

25. On Friday, September 6, Plaintiffs proposed to add two additional deponents to their August 29 list, but also to reduce the number of hours to 120. However, on September 10, Plaintiffs informed Meta of what they intended to seek by motion with the Court: 35 depositions or 180 hours of deposition testimony, exclusive of 30(b)(6) testimony and third party depositions, as shown in **Exhibit A**. Meta has repeatedly asked Plaintiffs to identify 7 deponents (beyond the three already noticed) so that Meta can schedule their depositions during the discovery period. Plaintiffs have refused to do so.

26. On September 7, 2024, counsel for Defendants provided confirmation that dates offered for certain Plaintiffs to date within the discovery period will work for Defendants. This is reflected in **Exhibit M**.

27. **Exhibit M** is a true and correct copy of an email from Angela Dunning to counsel for Plaintiffs, dated September 7, 2024.

28. To date, Meta has only received dates for four Plaintiffs' in-person depositions within the discovery period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10, 2024, in Palo Alto, California.

/s/ *Elizabeth Stameshkin*
Elizabeth Stameshkin