# EXHIBIT K

| | |
|---|---|
| **From:** | Stameshkin, Liz |
| **Sent:** | Thursday, September 5, 2024 4:44 PM |
| **To:** | Holden Benon; Dunning, Angela L.; David Straite; Christopher Young; Hartnett, Kathleen; Ruby Ponce; Ghajar, Bobby A.; Ghazarian, Colette A; Lauter, Judd; Biksa, Liene; Alvarez, Jessica; mlemley@lex-lumina.com; Weinstein, Mark |
| **Cc:** | Joseph Saveri; Cadio Zirpoli; Aaron Cera; Margaux Poueymirou; Ashleigh Jensen; Rya Fishman; Matthew Butterick; Nada Djordjevic; James Ulwick; Bryan L. Clobes; Alexander Sweatman; Mohammed Rathur; dmuller@venturahersey.com; Amy Keller |
| **Subject:** | RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Memorializing Our Meet and Confer |

Counsel,

To date, Plaintiffs issued notices of deposition for two Meta witnesses. Those deposition notices listed September 17 for Ms. Kambadur and September 19 for Mr. Mihaylov. Meta is prepared to go forward with both depositions on those dates – please note that Ms Kambadur's deposition would be in Cooley's New York City office and Mr. Mihaylov would be in Cooley's Palo Alto office. If Plaintiffs intend to include a Rule 30(b)(6) deposition of Meta as one of their ten depositions, please provide that notice as soon as possible and well before September 17 so we can assess whether these or your other requested witnesses will be designees under that notice and ensure they are properly prepared. Meta will be making each individual witness available only once during fact discovery.

Best,

Liz

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Wednesday, September 4, 2024 4:22 PM
**To:** Dunning, Angela L. <adunning@cgsh.com>; David Straite <dstraite@dicellolevitt.com>; Christopher Young <cyoung@saverilawfirm.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com; Weinstein, Mark <mweinstein@cooley.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Memorializing Our Meet and Confer

**[External]**

Angela,

The dates for the Kadrey plaintiffs are as follows:
- **Silverman**: September 13 in Los Angeles
- **Golden**: September 17 in Boston
- **Kadrey**: September 24 in Pittsburgh

As you know, the Kadrey Plaintiffs have produced their privilege log. Plaintiff Kadrey is not withholding any documents based on any privilege.

Holden

**From:** Dunning, Angela L. <adunning@cgsh.com>
**Sent:** Wednesday, September 4, 2024 2:55 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; David Straite <dstraite@dicellolevitt.com>; Christopher Young <cyoung@saverilawfirm.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com; Weinstein, Mark <mweinstein@cooley.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Memorializing Our Meet and Confer

Counsel,

Further to our lengthy meet and confer this morning, we write to memorialize the open issues on which we believe we reached resolution and those were Court intervention may be required.

(1) All parties agreed that we will file a stipulation this week allowing plaintiffs to file a corrected or further amended complaint that omits the Dettmers allegations and the new TerKeurst work.  I will prepare the draft stipulation, plaintiffs will circulate the draft of the complaint with exhibits, and we will attach these to the stip.  Plaintiffs reserve the right to later seek leave to amend to modify the works at issue in accordance with the applicable rules, and Meta reserves all rights to oppose.  Plaintiffs also confirmed that Meta has no obligation to respond to the SCAC filed on August 29.

(2) There is a separate Dettmers issue on which we did not reach agreement.  Specifically, Meta asserts that Judge Hixson's order requires plaintiffs to turn over all documents that reflect or include (whether in the body or as attachments) the privileged Dettmers posts.  This would include not only the screenshots but also the emails to which they are attached or in which they are reflected, none of which has been produced to us yet.  These materials are also covered by Meta's RFP No. 21 (as well as 3 and 5).  Plaintiffs have asserted that it was sufficient for compliance with Judge Hixson's order to segregate these materials and that they need not be produced to Meta on relevance, burden, and other grounds.  ==We intend to raise these issues with Judge Hixson==.

(3) On depositions, Meta reiterated its request for dates/locations for the ten plaintiffs it has indicated it intends to depose.  Meta first requested dates for these witnesses on August 23 and 30.  These witnesses are: Andrew Sean Greer, Sarah Silverman, Laura Lippman, Christopher Golden, Junot Diaz, Lysa TerKeurst, Richard Kadrey, David Henry Hwang, Ta-Nehisi Coates, and Jacqueline Woodson.  So far we have not received dates for any of these witnesses, which is preventing Meta from complying with Judge Chhabria's order requiring that all fact discovery conclude by September 30.  Plaintiffs have suggested they will not provide dates for Meta's 10 witnesses unless Meta provides dates for the 28 witnesses plaintiffs have indicated they wish to depose, even though both sides are currently entitled to take only ten depositions per side.  ==We will raise this issue with Judge Hixson==.

(4) With regard to the 28 witnesses plaintiffs have asked to depose, plaintiffs asked Meta to provide information about where they are located and whether they are still employed at Meta so that plaintiffs may assess whether

to remove these requested witnesses from their list.  In the spirit of cooperation, Meta will provide that information by tomorrow, including employment status and last known location.

(5) On the evening of September 3, plaintiffs sent a new proposed case schedule that would effectively push out all dates in the case management order issued by Judge Chhabria by roughly 97 days.  This would have the effect of pushing the close of discovery into January and the hearing on MSJ to June.  We have conferred with our client and can confirm this schedule is not acceptable as it is not supported by good cause.  Meta is willing to consider one-off deviations from the September 30 discovery cut-off based on a showing of need (e.g., a particular witness is traveling in September and only available in October), but plaintiffs indicated that was insufficient.  Accordingly, we are at an impasse on this issue.  Joe indicated we would have plaintiffs' portions of a joint submission to Judge Chhabria on this matter by Wednesday, September 11, and Meta will then turn its portions as soon as possible, with the goal of getting the submission on file by no later than the first part of the following week.

(6) Plaintiffs seek to add thirteen additional Meta document custodians.  Meta has requested, and plaintiffs have agreed to provide, a summary of the basis for seeking to add each custodian.  Meta will consider the asserted justification for each witness when received and will be prepared to meet and confer on those custodians in accordance with the ESI Order.

(7) Plaintiffs have offered to provide their portions of the joint letter on Meta's motion to compel by no later than Tuesday, September 10.  This is not reasonable.  Meta sent its portions on Thursday, August 29.  We need to see plaintiffs' portions by Friday (a full week later, even with the holiday).  If plaintiffs will not agree, we will raise this issue with Judge Hixson.

(8) The parties are meeting and conferring on outstanding alleged issues in Meta's discovery responses, as raised in Holden's letter and discussed on Thursday last week.  Meta informed plaintiffs that it is preparing a written response on these issues, which it expects to provide no later than tomorrow.  If those issues are not resolved by Meta's letter or any further meet and confer, plaintiffs can raise issues with the Court per its process for discovery disputes.

(9) Privilege logs: Meta complied with the parties' agreed upon August 30 deadline for mutual exchange.  Meta has received privilege logs for only two plaintiffs.  Joe represented that all logs for his clients have been provided; he agreed to confirm in writing.  Brian said his firm was working to provide their logs by Friday, but that it could push into next week.  Meta reserves all rights regarding the belated provision of privilege logs.

(10) Nada represented that documents and a privilege log for Ms. TerKeurst will be produced by the end of September.  This is not acceptable, as that is beyond the deadline for production and will prejudice Meta's ability to prepare for her deposition, which must take place in September.  Please confirm that Ms. TerKeurst will make her full production of documents, with any associated privilege log, by the end of next week.  Meta reserves all rights regarding the belated provision of discovery responses and documents, including its position that Ms. TerKeurst has waived all objections to Meta's discovery.

If you disagree with any of the foregoing or believe we've missed any substantive items, please let us know as soon as possible.  We plan to email Judge Hixson's clerk **by 6 p.m. today** to request a joint call with the Judge this week on the highlighted matters above.

Thanks very much,

Angela

---

**Angela L. Dunning**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: malcobendas@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304-1254
T: +1 650 815 4131
adunning@cgsh.com | clearygottlieb.com

**From:** Dunning, Angela L.
**Sent:** Tuesday, September 3, 2024 6:43 PM
**To:** 'Holden Benon' <hbenon@saverilawfirm.com>; David Straite <dstraite@dicellolevitt.com>; Christopher Young <cyoung@saverilawfirm.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Plaintiffs' Violations of July 5 Consolidation Order

Holden, we can be available from 10-11 PT tomorrow morning. Please send a dial in. The participants for Meta will be Bobby Ghajar, Kathleen Hartnett, and me.

Thanks,

Angela

___

**Angela L. Dunning**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: malcobendas@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304-1254
T: +1 650 815 4131
adunning@cgsh.com  |  clearygottlieb.com

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Tuesday, September 3, 2024 6:05 PM
**To:** Dunning, Angela L. <adunning@cgsh.com>; David Straite <dstraite@dicellolevitt.com>; Christopher Young <cyoung@saverilawfirm.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Plaintiffs' Violations of July 5 Consolidation Order

Angela,

Your email raises several unrelated issues, and we have various items we'd like to meet and confer on as well. Please refer to the email you should have just received from Aaron Cera regarding our availability

4

tomorrow for a meet and confer where we can address all of these issues including the four you list below.

Thanks,
Holden

---

**From:** Dunning, Angela L. <adunning@cgsh.com>
**Sent:** Tuesday, September 3, 2024 4:16 PM
**To:** David Straite <dstraite@dicellolevitt.com>; Christopher Young <cyoung@saverilawfirm.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butboricklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Plaintiffs' Violations of July 5 Consolidation Order

Christopher and David,

The SCAC and redline were filed/served by all Plaintiffs, which are collectively responsible for its content and the violation of the Order. By explaining how the unauthorized changes to the SCAC violated the consolidation Order (Dkt. 107), and by identifying the misrepresentations made by Plaintiffs' counsel regarding the SCAC and redline, we did not intend to be discourteous, but to make a clear record regarding these issues, which are quite serious. You do not dispute the basic facts underlying the asserted violations. Our client simply wants these violations cured, immediately. There is no reason an amended or corrected pleading cannot be filed this week by stipulation.

Relatedly, it is not sufficient at this juncture for Plaintiffs' counsel to sequester Meta's privileged material under Rule 26(b)(5)(B). That is so because Judge Hixson has *ordered* in Dkt. 114 that this material be returned to plaintiffs (or destroyed, but in light of the circumstances, Meta requests return, not destruction). Judge Hixson's order is fully in force unless and until overturned, per the authority we provided earlier in this chain. Additionally, we have been requesting for months that Plaintiffs' counsel provide us with these privileged materials, which are responsive to our discovery requests and not subject to any claim of privilege by *Plaintiffs*. In particular, any claim of work product privilege over your communications with Mr. Heldrup would not only be frivolous, but is foreclosed by Judge Hixson's order, which ordered return of the privileged material understanding those to be contained within communications with Mr. Heldrup.

We intend to contact the Court tomorrow to address these and other pressing issues if we cannot resolve them. Please let us know **this afternoon** your availability to meet and confer **tomorrow morning** (with representatives for all counsel group present) on the following urgent issues:

1. Failure to return Meta's privileged material in violation of court order and timing for withdrawal/refiling of SCAC;
2. New TerKeurst allegations in SCAC in violation of court order and timing for revising SCAC to remedy the violation;

3. Deposition dates for all Plaintiffs requested in our email of August 30; and
4. Timing of plaintiffs' portion of meet and confer letter (draft of which we sent you on August 29).

I also renew my prior request that you confirm right away that Meta has no obligation to respond to the SCAC in its current form.

Thank you,

Angela

---

**Angela L. Dunning**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: malcobendas@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304-1254
T: +1 650 815 4131
adunning@cgsh.com | clearygottlieb.com

---

**From:** David Straite <dstraite@dicellolevitt.com>
**Sent:** Tuesday, September 3, 2024 2:55 PM
**To:** Christopher Young <cyoung@saverilawfirm.com>; Dunning, Angela L. <adunning@cgsh.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butaericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Plaintiffs' Violations of July 5 Consolidation Order

Hi Angela,

following up Christopher's email below:

1. As counsel for Ms. TerKeurst, the disputed materials have been sequestered here at DiCello Levitt.

2. With respect to the SCAC, we believe your proposal for a Thursday stipulation is likely workable and can address all issues you have raised. With respect to Ms. TerKeurst's works, it was not our intention to add new works (nor remove old ones). We are investigating and expect to have the issue resolved by Thursday. We understand that this is likely a clerical error at most, and can easily be corrected.

Finally, to echo Christopher's point below: while we appreciate you bringing possible clerical errors to our attention regarding the SCAC, we ask that you stop with the threats of sanctions and other speculative accusations. Your email was unprofessional and counterproductive.

Thanks,

Davud



David A. Straite, CIPP/US

**DICELLO LEVITT LLP**

646.933.1000 ext 505



---

**From:** Christopher Young <cyoung@saverilawfirm.com>
**Sent:** Tuesday, September 3, 2024 4:16 PM
**To:** Dunning, Angela L. <adunning@cgsh.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; Amy Keller <akeller@dicellolevitt.com>
**Subject:** RE: Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Plaintiffs' Violations of July 5 Consolidation Order

Angela,

As you know the Court has not entered a leadership order, so we can only speak for the Plaintiffs we respectively represent. In response to Kathleen's email, we can confirm that with respect to Plaintiffs Silverman, Golden and Kadrey, the disputed materials have been sequestered as required by Fed. R. Civ. P. 26(b)(5)(B). We can also represent that the firms representing the other Plaintiffs have indicated that they have taken similar steps consistent with Rule 26(b)(5)(B)'s mandates. We must note, however, that the same Rule expressly contemplates the materials' use in litigating the privilege dispute. *Id.* ("a party . . . may promptly present the information to the court under seal for a determination of the claim.").

With respect to the other issues identified in your email, Plaintiff TerKeurst's counsel will address the issues specific to her, but we observe that given the issues regarding the SCAC, any stipulation should defer the filing of any Complaint until after the Rule 72 motions are resolved. We will note, however, that your baseless accusations of ethical impropriety and threats of sanctions are not only groundless but needlessly inflammatory. It is doubtful the Court would appreciate the discourtesy.

**Christopher**
**T** 415.500.6800 x807



**From:** Dunning, Angela L. <adunning@cgsh.com>
**Sent:** Tuesday, September 3, 2024 9:55 AM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; Christopher Young <cyoung@saverilawfirm.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** Kadrey v. Meta, Case No. 3:23-cv-03417-VC: Plaintiffs' Violations of July 5 Consolidation Order

Counsel:

As Kathleen just alluded to in her email, we have additional serious concerns about Plaintiffs' Second Consolidated Amended Complaint ("SCAC") and the accompanying redline served on Meta on August 29, both of which violate the Court's July 5 consolidation order (Dkt. 107 (the "Order").)  We expect your confirmation by **5 p.m. today, September 3**, that plaintiffs will take prompt corrective action as set forth below or Meta will have no choice but to seek emergency relief from the Court on this matter as well.

As you know, the parties stipulated – and the Court ordered – that the SCAC would "add the paragraph specific to Ms. TerKeurst from the *Huckabee* complaint (paragraph 23) and make deletions and conforming edits where necessary **but otherwise add no material or substantive allegations**." (Order at 4 (emphasis added).)  Paragraph 4 of the Order also required plaintiffs to provide a "true and correct redline showing **all differences** between the FCAC and SCAC as filed." (*Id.* (emphasis added).)  Plaintiffs' SCAC violated both of these provisions.

First, rather than merely porting over the allegations about Ms. Terkeurst from the earlier *Huckabee* complaint, the SCAC deletes four of her works from Exhibits A and B and **adds** a new work that has never before been part of this case.  More specifically, Exhibits A and B to the SCAC no longer include the following works at issue in the original and amended *Huckabee* complaints:

1. (1) ***Uninvited*** (U.S. Copyright Reg. No. TX0008318547);
2. (2) ***Capture His Heart: Becoming the Godly Wife Your Husband Desires*** (U.S. Copyright Reg. No. TX0005618018);
3. (3) ***It's Not Supposed to Be This Way: Finding Unexpected Strength When Disappointments Leave You Shattered*** (U.S. Copyright Reg. No. TX0008677793); and
4. (4) ***The Best Yes: Making Wise Decisions in the Midst of Endless Demands*** (U.S. Copyright Reg. No. TX0007939136).

*See Huckabee* Compl. ¶ 23; *Huckabee* FCAC ¶ 20 (asserting the same works).  Meta would not have opposed plaintiffs' omitting these works from the SCAC.  However, rather than merely deleting allegations (and thereby narrowing) the case, as permitted under the Order, the SCAC also surreptitiously **added** claims directed to a new alleged work:  ***It's Not Supposed To Be This Way - Study Guide*** (Copyright Reg. No. TX0008685589).  Although this work appears related to the third title listed above, it is a different text subject to a different registration, and

plaintiffs' attempt to allege infringement of this new work in the SCAC plainly constitutes the addition of material, substantive allegations in direct violation of the Order.

Worse still, the circumstances suggest that these changes may have been purposely obfuscated. There was a very simple and straightforward reason the parties agreed to exchanged redlines—to make sure that both sides could tell what was new or different between the FCAC/SCAC and Meta's corresponding answers. Plaintiffs, however, provided a redline of the SCAC *without* also providing a redline of the attached (and substantively modified) exhibits, even though those exhibits are incorporated into and plainly comprise the SCAC and even though they are the only parts of the SCAC that list plaintiffs' allegedly "Infringed Works." By providing an incomplete redline of only the numbered paragraphs (but not the exhibits) to the SCAC, plaintiffs not only violated their obligation to provide a "true and correct redline showing all differences" as required by the Order, but conveyed the misleading impression that there were no changes to Exhibits A and B, when there plainly were. Christopher Young then affirmatively misrepresented the extent of the edits made when he wrote in his email of last night, September 2, that "the only material change to the SCAC was to add and remove plaintiffs." That was false. Had we relied on the redline and your affirmative characterizations we would not have learned of this furtive amendment. Indeed, we discovered it only by conducting a manual review of the exhibits—the need for which the redline was supposed to obviate.

These violations of the Order raise serious ethical concerns and prejudice Meta by expanding the scope of the case after the deadline to serve written discovery has passed. Even if inadvertent—which seems implausible—these violations of the Order require prompt corrective action, as does the pending Dettmers issue. Accordingly, **by 5 p.m. today, September 3**, please confirm that Meta has no obligation to respond to the SCAC in its current form and that you will enter into a stipulation with Meta, to be filed with the Court as soon as possible this week and **no later than Thursday, September 5**, providing:

> (1) for the filing of plaintiffs' Third Consolidated Amended Complaint (which will be attached to the stipulation and exclude the Dettmers allegations and the new TerKeurst work but otherwise make no substantive changes or additions);
> (2) that Meta's answer to the TCAC will be due five Court days later (with the same bilateral limitations on motion practice as the last stipulation); and
> (3) that both sides reserve all other rights, remedies and defenses.

If plaintiffs will not promptly agree to the foregoing, Meta will have no choice but to seek emergency relief from the Court and reserves the right to seek sanctions. The foregoing is without prejudice to any other rights or remedies of Meta, all of which are expressly reserved.

Angela

---

**Angela L. Dunning**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: malcobendas@cgsh.com
1841 Page Mill Road
Palo Alto, CA 94304-1254
T: +1 650 815 4131
adunning@cgsh.com | clearygottlieb.com

---

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Tuesday, September 3, 2024 9:32 AM
**To:** Christopher Young <cyoung@saverilawfirm.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>;

Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** RE: Kadrey et al v. Meta Platforms, Inc. Case No. 3:23-cv-03417-VC

Counsel,

We appreciate your agreement to withdraw the current versions of the SCAC (both as filed and as lodged) and to refile a corrected SCAC without the privileged material. We also will email you shortly regarding another issue with the current version of the SCAC that will also need to be addressed in any corrected or amended filing as soon as possible this week.

We also reiterate our demand that you return Meta's privileged materials to us immediately, including the communications with Mr. Heldrup containing those privileged materials. There is no basis for your retention of those documents in light of Judge Hixson's Order, Fed. R. Civ. P. 72, and the caselaw we have cited, and your email provides none. We also dispute that your conduct to date has not been in violation of the Order. If you do not provide the privileged materials, including the communications with Mr. Heldrup, to us **by 5 PT today**, we intend to seek relief from the Court. We reserve all rights.

Thanks,
Kathleen


**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Christopher Young <cyoung@saverilawfirm.com>
**Sent:** Monday, September 2, 2024 8:33 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; adunning@cgsh.com; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** RE: Kadrey et al v. Meta Platforms, Inc. Case No. 3:23-cv-03417-VC

**[External]**

Kathleen,

Plaintiffs have not done anything improper. Plaintiffs have proceeded according to the joint stipulation and order entered by the Court on July 5 . ECF No. 107. Furthermore, Meta has suffered no prejudice given that the disputed portions of the SCAC are identical to the portions of the FCAC that remain under seal and the only material change to the SCAC was to add and remove plaintiffs.

At all times, Plaintiffs have adhered to the joint stipulation and order in good faith. Still, Plaintiffs want to address Meta's concerns. As a further show of good faith, Plaintiffs are willing to withdraw the sealed SCAC filings and refile what will be styled as a Corrected SCAC with the disputed allegations omitted. Plaintiffs reserve all rights to re-file the SCAC pending the resolution of the Rule 72 motion practice.

Happy to discuss.
**Christopher**
**T** 415.500.6800 x807



**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Friday, August 30, 2024 2:43 PM
**To:** Christopher Young <cyoung@saverilawfirm.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; adunning@cgsh.com; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butboticklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** RE: Kadrey et al v. Meta Platforms, Inc. Case No. 3:23-cv-03417-VC


Christopher,

Until your email just now, Plaintiffs have not told us they would be seeking relief from Magistrate Judge Hixson's Order ("Order"). Indeed, on yesterday's meet and confer call, when we asked what if any continuing purported relevance Dettmers and Zettlemoyer have as ESI custodians after the Order, Plaintiffs' counsel said nothing about seeking relief from the Order.

Your contention that the Order is not currently binding is erroneous. The Order pertains to a non-dispositive issue and thus is governed by FRCP 72(a). Rulings issued pursuant to FRCP 72(a) are binding unless and until overturned by a District Court order. *See, e.g.*, *United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987) ("The statutory language makes clear the differing roles of the magistrate with respect to the different categories of reference. In the case of subparagraph (A) references, the magistrate's order is dispositive unless the district court takes some action to overrule it." (citing H.R. Rep. No. 94-1609, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6170)); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (explaining that "even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court," and thus "an objection to such

11

final order does not stay the order or relieve the party of the obligation to comply with the order"); *Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 584 (E.D. Va. 2010) (explaining that "there is no support for the contention that a magistrate judge's order on a nondispositive motion, such as the discovery orders in issue here, is automatically stayed upon timely filing of an objection to that order" and that "governing law is to the contrary"); Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) (explaining that even "a timely objection" to a magistrate judge's ruling on a nondispositive matter under FRCP 72(a) "does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection").

The *Jones* case you cite is inapposite: that involved a ruling by a magistrate judge on a *dispositive* issue under FRCP 72(b), and—unlike rulings under FRCP 72(a)—dispositive rulings by magistrate judges are *recommendations* subject to district court review. *See* FRCP 72. And the sentence in the *Gypsum* footnote you reference, in addition to being from another district, cites no support from the rules or caselaw for its erroneous statement that rulings issued under FRCP 72(a) are non-binding.

Meta takes the misuse of its privileged material extremely seriously, particularly when done in violation of a court order. You do not deny that Plaintiffs are continuing to use this material contrary to Judge Hixson's order. If you do not agree by **12 PM PT on Tuesday 9/3** to cease such use of this material, return it to Meta, and file revised versions of the Second Amended Complaint (and seek to withdraw the currently filed versions), we will seek relief from the Court.

Thanks,
Kathleen

### Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Christopher Young <cyoung@saverilawfirm.com>
**Sent:** Friday, August 30, 2024 1:19 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; adunning@cgsh.com; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** RE: Kadrey et al v. Meta Platforms, Inc. Case No. 3:23-cv-03417-VC

**[External]**

Kathleen,

As we previously informed you, Plaintiffs intend to seek review of M.J. Hixson's order under Fed. R. Civ. P. 72. As such, M.J. Hixson's order is non-binding until it is resolved by J. Chhabria. *See Gypsum Res., LLC v. Clark County*, 674 F. Supp. 3d 985, 991 n.1 (D. Nev. 2023) (explaining that when a district court reviews a magistrate judge's ruling under Rule 72(a), "the Magistrate Judge's findings are *non-binding* and remain subject to review by the [district court]") (emphasis added); *Jones v. PGA Tour, Inc.*, F. Supp. 3d 907, 916 (N.D. Cal. 2023) (explaining that a magistrate judge's rulings are non-binding when reviewed under Rule 72(b)).

In any event, Plaintiffs have filed the disputed portions of the SCAC under seal as they did with the FCAC when this dispute first arose. Further, the disputed allegations are identical to those in the FCAC as previously filed in redacted form with J. Chhabria (which was submitted under seal at Meta's request), and who will need to review the disputed material anyway to ultimately resolve the privilege dispute. Plaintiffs have thus treated the disputed material appropriately under the circumstances.

**Christopher**
**T** 415.500.6800 x807



---

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Friday, August 30, 2024 10:47 AM
**To:** Ruby Ponce <rponce@saverilawfirm.com>; Ghajar, Bobby A. <bghajar@cooley.com>; adunning@cgsh.com; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butboricklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** RE: Kadrey et al v. Meta Platforms, Inc. Case No. 3:23-cv-03417-VC

Counsel,

Last night Plaintiffs lodged with the Court unredacted versions of their Second Amended Complaint that include Meta's privileged material in paragraphs 54-62, and Plaintiffs publicly filed redacted versions of that document that also include Meta's privileged material behind the redactions.  This privileged material was the subject of the parties' recent dispute that was resolved in Meta's favor by Magistrate Judge Hixson's August 22, 2024 Order (ECF No. 114) ("Order").  Plaintiffs' continued use of Meta's privileged material is expressly barred by the Order, which states that "Plaintiffs therefore cannot use the Subject Communications and must return them to Meta or destroy them."  That Order is binding.  By letter dated August 27, 2024, we reiterated that the Order forbids Plaintiffs from using Meta's privileged information in any way.  Moreover, we made clear in our meet and confer around your proposed amended complaint that Meta's privileged content should not be included.  Please explain immediately the basis, if any, for your continued use of Meta's privileged information and your failure to return that information to Meta as the Court has ordered and as Meta has expressly requested.  Meta is prepared to take prompt action with the Court to address Plaintiffs' violation of the Court's Order.

Thank you,
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Ruby Ponce <rponce@saverilawfirm.com>
**Sent:** Friday, August 30, 2024 9:34 AM
**To:** Ghajar, Bobby A. <bghajar@cooley.com>; adunning@cgsh.com; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Mohammed Rathur <mrathur@caffertyclobes.com>; dmuller@venturahersey.com; akeller@dicellolevitt.com
**Subject:** Kadrey et al v. Meta Platforms, Inc. Case No. 3:23-cv-03417-VC

**[External]**

Counsel,

Attached please find the following regarding the above-noted matter:

- Redacted Second Consolidated Amended Complaint (ECF No. 121-2)
- Redacted Redline Second Consolidated Amended Complaint (ECF No. 121-3)

Thank you,

**Ruby Ponce**
*Paralegal*

---

601 California Street, Suite 1505
San Francisco, CA 94108
T 415.655.5989
F 415.395.9940

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement