1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6    RICHARD KADREY, et al.,                    Case No.  23-cv-03417-VC   (TSH)

7                 Plaintiffs,
                                                **DISCOVERY ORDER**
8           v.
                                                Re: Dkt. No. 136
9    META PLATFORMS, INC., et al.,

10                Defendants.

11

12          The parties have filed a joint discovery letter brief at ECF No. 136.  Before turning to the

13  details of the disputes, the Court will address the big picture first.  Right now, the close of fact

14  discovery is September 30, 2024.  ECF No. 87.  Plaintiffs have a pending motion to extend that

15  deadline, ECF No. 129, which Meta opposes, ECF No. 137, and which hasn't been ruled on yet.

16  Therefore, the Court must manage discovery under the existing deadline, bearing in mind that it

17  might or might not change later.  Further, this joint discovery letter brief is a motion to compel by

18  Meta, and it was filed on September 10, 2024, which is 20 days before the current close of fact

19  discovery.  A party on the receiving end of an order compelling production has to be given a

20  reasonable opportunity to make the production.  So, while the Court understands that Meta may

21  want the requested documents and information to use in depositions, Meta waited until 20 days

22  before the close of fact discovery to bring this motion, so that goal might not be attainable.  In

23  general, if you want to actually have the documents by the time you take a deposition, you would

24  bring a motion to compel sooner than this.

25          And with that, let's jump in to the disputes.

26  **A.      Request for Production ("RFP") 9**

27          This one seeks "DOCUMENTS sufficient to show annual sales by dollar amount and

28  quantity of YOUR ASSERTED WORKS between January 1, 2013 and the present."  Meta says

United States District Court
Northern District of California

1  that Plaintiffs agreed to produce the requested documents.  Plaintiffs say that Meta's motion is

2  premature because the parties are not at an impasse.  Plaintiffs say that they either have completed

3  or will soon complete their document productions.  Plaintiffs note that some Plaintiffs may not

4  have some responsive documents.

5          If the fact discovery cutoff were months away, then the Court might agree with Plaintiffs

6  that Meta's motion is premature.  But here we are with 19 days left to go (under the current

7  deadline).  Plaintiffs do not dispute that the requested documents are relevant and that they agreed

8  to produce them.  At this point, Meta is entitled to an order.  Accordingly, the Court **GRANTS**

9  Meta's motion to compel with respect to RFP 9 and **ORDERS** Plaintiffs to produce responsive

10  documents by September 30, 2024.  In complying with this order, Plaintiffs must adhere to the

11  normal rule that they must produce documents that are in their possession, custody, or control.

12  Meta also seeks an order requiring any Plaintiffs that may not have some responsive documents to

13  say that.  However, Rule 34 does not seem to require that.  It requires a responding party to state

14  any objections it has to an RFP, but there doesn't seem to be a requirement that a party enumerate

15  responsive documents that it doesn't have.

16  **B.      RFP 10, Interrogatory ("Rog") 2**

17          RFP 10 seeks "DOCUMENTS sufficient to show any licensing, permissions, or consents

18  given by YOU or on YOUR behalf to third parties CONCERNING YOUR ASSERTED WORKS

19  between January 1, 2013 and the present."  Rog 2 asks each Plaintiff to "IDENTIFY all

20  PERSONS (including, but not limited to YOU and YOUR publishers) who claim an ownership

21  interest in any of YOUR ASSERTED WORKS (whether by assignment, license, or otherwise),

22  including by providing (i) their contact information; and (ii) a description of their ownership

23  interest."

24          Plaintiffs again assert that the parties are not at an impasse because Plaintiffs have

25  produced and continue to search for and produce documents responsive to RFP 10, and that once

26  they do so they will amend their responses to rog 2.  However, the close of fact discovery is

27  coming up soon, and the Court observes that Plaintiffs don't say when they will do these things,

28  even avoiding words like "soon," as they said with RFP 9.  Accordingly, the Court **GRANTS**

United States District Court
Northern District of California

Meta's motion to compel as to RFP 10 and rog 2 and **ORDERS** Plaintiffs to produce the requested documents and information by September 30, 2024.

**C.      RFPs 23-26, Rog 10**

These RFPs seek:

- All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

- All DOCUMENTS CONCERNING any lost sales or other lost opportunity that YOU allegedly suffered due to Meta's alleged infringement of YOUR ASSERTED WORKS.

- All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Pile" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

- All DOCUMENTS CONCERNING the injury or other harm YOU have allegedly suffered as a result of the creation and distribution of the "Books3" dataset (referenced in the COMPLAINT) by THIRD PARTIES.

The rog asks each Plaintiff to "DESCRIBE all damages or other injury YOU have allegedly suffered as a result of Meta's conduct alleged in the ACTION, including but not limited to IDENTIFICATION of all bases for such damages or injury, any financial figures or DOCUMENTS used or referenced as the basis for computing such damages, methodology for computing such damages and injury, and all PERSONS who supplied knowledge or information that informed the foregoing."

The Court **OVERRULES** Plaintiffs' objection that these requests prematurely seek information that is the subject of expert testimony. These requests seek fact discovery that is relevant to damages. There is nothing wrong with that. Plaintiffs have to comply with the documents and information available to them. In most cases, it's just not true that litigants have no factual information or documents available to them about how they were damaged and that all of that information comes solely from an expert report and nowhere else. Now, it might be true that the answer to rog 10 might not be very good if it is in fact the case that Plaintiffs don't have

3

United States District Court
Northern District of California

1   any methodology or basis for computing their damages aside from what their expert is going to

2   provide.  If so, they can just say that.  Plaintiffs' obligation with respect to rog 10 is to answer it to

3   the best of their ability with information known to them.  They're not obligated to know things

4   they don't know.  Similarly, it might be the case that Plaintiffs don't have a lot of documents

5   responsive to RFPs 23-26.  Their obligation with respect to the RFPs is simply to produce the

6   responsive documents that are in their possession, custody or control.  Accordingly, the Court

7   **GRANTS** Meta's motion to compel with respect to RFPs 23-26 and rog 10 and **ORDERS**

8   Plaintiffs to provide the requested documents and information by September 30, 2024.

9   **D.      Requests for Admission ("RFAs") 8-16, 18-19, 31, 33**

10          The Court would like to read the existing RFA responses for each Plaintiff to better

11  understand this dispute.  The Court **ORDERS** Meta to file them no later than September 12, 2024.

12  **E.      Plaintiff TerKeurst**

13          Meta argues that it served RFPs, rogs and RFAs on TerKeurst in *Huckabee v. Meta*

14  *Platforms, Inc.*, 23-cv-6663 on May 20, 2024, and she did not timely respond.  Plaintiffs say the

15  *Huckabee* case was stayed at the time, so the discovery requests were improper.  They say once

16  her claims were consolidated into this case on July 5, 2024, she agreed to respond to the discovery

17  that was served on her in the *Huckabee* action without Meta having to reissue it, and that she did

18  so on August 16, 2024.  Even if the *Huckabee* action was not formally stayed, the Court can see

19  why TerKeurst could legitimately have thought she did not need to respond to the discovery

20  served on her in that action, *see* 23-6663 ECF No. 106 ("In light of the discussion held today,

21  deadline to respond to the complaint in the Huckabee matter is deemed moot.").  Accordingly, the

22  Court declines to find that TerKeurst waived her objections by failing to serve timely responses.

23  Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Meta's motion as to TerKeurst

24  and **ORDERS** her to produce the documents she agreed to produce by September 30, 2024.

25          **IT IS SO ORDERED.**

26  Dated: September 11, 2024

27

28
                                          THOMAS S. HIXSON
                                          United States Magistrate Judge

4