# EXHIBIT 1

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-06663 <br><br> **PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Richard Kadrey** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Richard Kadrey ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.  Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.  Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

1

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1   objections, Plaintiff responds, admit.

2   **REQUEST FOR ADMISSION NO. 11:**

3       Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

4   authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

5   intelligence.

6   **AMENDED RESPONSE TO REQUEST NO. 11:**

7       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

8   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

9   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

10   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

11   objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

12   construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

13   duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

14   objections, Plaintiff responds, admit.

15   **REQUEST FOR ADMISSION NO. 12:**

16       Admit that, other than YOUR contention that LLM developers such as Meta should have

17   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

18   e.g., [March 7, 2024 denial of RFA No. 1]), YOU are unaware of any lost sales due to the infringement

19   alleged in the COMPLAINT.

20   **AMENDED RESPONSE TO REQUEST NO. 12:**

21       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

23   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

25   objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

26   to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

27   *Transit Auth.*, 2016 WL 7116591, at \*5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be

connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds, as of today, admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also

objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due

to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it calls for expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1   Dated: August 28, 2024                    By:        _/s/ Joseph R. Saveri_
2                                                        Joseph R. Saveri

3                                              Joseph R. Saveri (State Bar No. 130064)
                                               Cadio Zirpoli (State Bar No. 179108)
4                                              Christopher K.L. Young (State Bar No. 318371)
                                               Holden Benon (State Bar No. 325847)
5                                              Aaron Cera (State Bar No. 351163)
                                               Margaux Poueymirou (State Bar No. 356000)
6                                              **JOSEPH SAVERI LAW FIRM, LLP**
                                               601 California Street, Suite 1505
7                                              San Francisco, California 94108
                                               Telephone: (415) 500-6800
8                                              Facsimile: (415) 395-9940
                                               Email:      jsaveri@saverilawfirm.com
9                                                          czirpoli@saverilawfirm.com
                                                           cyoung@saverilawfirm.com
10                                                         hbenon@saverilawfirm.com
                                                           acera@saverilawfirm.com
11                                                         mpoueymirou@saverilawfirm.com
                                               Matthew Butterick (State Bar No. 250953)
12                                             1920 Hillhurst Avenue, 406
                                               Los Angeles, CA 90027
13                                             Telephone:  (323)968-2632
                                               Facsimile:  (415) 395-9940
14                                             Email:       mb@butterichlaw.com

15
                                               Bryan L. Clobes (pro hac vice)
16                                             Alexander J. Sweatman (_pro hac vice anticipated_)
                                               **CAFFERTY CLOBES MERIWETHER**
17                                             **& SPRENGEL LLP**
                                               135 South LaSalle Street, Suite 3210
18                                             Chicago, IL 60603
                                               Telephone:   (312) 782-4880
19                                             Email:        bclobes@caffertyclobes.com
                                                             asweatman@caffertyclobes.com
20

21                                             Daniel J. Muller (State Bar No. 193396)
                                               **VENTURA HERSEY & MULLER, LLP**
22                                             1506 Hamilton Avenue
                                               San Jose, California 95125
23                                             Telephone: (408) 512-3022
                                               Facsimile:  (408) 512-3023
24                                             Email:       dmuller@venturahersey.com

25                                             _Counsel for Individual and Representative Plaintiffs_
                                               _and the Proposed Class_
26

27

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1  **CERTIFICATE OF SERVICE**

2      I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is

3  601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not

4  a party to this action.

5      On August 28, 2024, I caused the following documents to be served by email upon the parties

6  listed on the attached Service List:

7  • **PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT
   META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

8

9      I declare under penalty of perjury that the foregoing is true and correct. Executed August 28, 2024,

10  at San Francisco, California.

11

12                                    By:   *Rya Fishman*
13                                          Rya Fishman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
        cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

Amy Keller
James A. Ulwick
**DICELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Email: akeller@dicellolevitt.com
        julwick@dicellolevitt.com

*Counsel for Plaintiffs*

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

# EXHIBIT 2

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Sarah Silverman** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Sarah Silverman ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

1

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds, as of today, admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due

to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it calls for expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1   Dated: August 28, 2024               By:      /s/ Joseph R. Saveri
                                                  Joseph R. Saveri
2

3                                        Joseph R. Saveri (State Bar No. 130064)
                                         Cadio Zirpoli (State Bar No. 179108)
4                                        Christopher K.L. Young (State Bar No. 318371)
                                         Holden Benon (State Bar No. 325847)
5                                        Aaron Cera (State Bar No. 351163)
                                         Margaux Poueymirou (State Bar No. 356000)
6                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                         601 California Street, Suite 1505
7                                        San Francisco, California 94108
                                         Telephone: (415) 500-6800
8                                        Facsimile: (415) 395-9940
                                         Email:     jsaveri@saverilawfirm.com
9                                                   czirpoli@saverilawfirm.com
                                                    cyoung@saverilawfirm.com
10                                                  hbenon@saverilawfirm.com
                                                    acera@saverilawfirm.com
11                                                  mpoueymirou@saverilawfirm.com
                                         Matthew Butterick (State Bar No. 250953)
12                                       1920 Hillhurst Avenue, 406
                                         Los Angeles, CA 90027
13                                       Telephone:  (323)968-2632
                                         Facsimile:  (415) 395-9940
14                                       Email:      mb@buttericklaw.com

15
                                         Bryan L. Clobes (pro hac vice)
16                                       Alexander J. Sweatman (*pro hac vice anticipated*)
                                         **CAFFERTY CLOBES MERIWETHER**
17                                       **& SPRENGEL LLP**
                                         135 South LaSalle Street, Suite 3210
18                                       Chicago, IL 60603
                                         Telephone:   (312) 782-4880
19                                       Email:       bclobes@caffertyclobes.com
                                                      asweatman@caffertyclobes.com
20

21                                       Daniel J. Muller (State Bar No. 193396)
                                         **VENTURA HERSEY & MULLER, LLP**
22                                       1506 Hamilton Avenue
                                         San Jose, California 95125
23                                       Telephone: (408) 512-3022
                                         Facsimile:  (408) 512-3023
24                                       Email:      dmuller@venturahersey.com

25                                       *Counsel for Individual and Representative Plaintiffs*
                                         *and the Proposed Class*
26

27

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On August 28, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed August 28, 2024, at San Francisco, California.

By:  _Rya Fishman_
         Rya Fishman

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
      cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

Amy Keller
James A. Ulwick
**DICELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Email: akeller@dicellolevitt.com
      julwick@dicellolevitt.com

*Counsel for Plaintiffs*

# EXHIBIT 3

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

        *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

        *Defendant.*

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Christopher Golden** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Christopher Golden ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

### AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

*Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds, as of today, admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical

bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it calls for expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

1 | Dated: August 28, 2024

By:     _/s/ Joseph R. Saveri_
          Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butphericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (_pro hac vice anticipated_)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:          bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:        dmuller@venturahersey.com

_Counsel for Individual and Representative Plaintiffs
and the Proposed Class_

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On August 28, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed August 28, 2024, at San Francisco, California.

By: 
Rya Fishman

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
      cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

Amy Keller
James A. Ulwick
**DICELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Email: akeller@dicellolevitt.com
      julwick@dicellolevitt.com

*Counsel for Plaintiffs*

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR ADMISSION

# EXHIBIT 4

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:                    **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:                     **Plaintiff Ta-Nehisi Coates**

SET NUMBER:                             **Two (2)**

Plaintiff Ta-Nehisi Coates ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

**GENERAL OBJECTIONS**

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

**AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**
**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

1

2 **<u>AMENDED RESPONSE TO REQUEST NO. 16:</u>**

3       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7 further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8 because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9 *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10 to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11 *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12 "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13 Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14 prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15 responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16 is insufficient to enable him to admit or deny.

17 **<u>REQUEST FOR ADMISSION NO. 31:</u>**

18       Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19 use in the training of an artificial intelligence large language model.

20 **<u>AMENDED RESPONSE TO REQUEST NO. 31:</u>**

21       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25 further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26 waiving the foregoing objections, Plaintiff responds as follows: admit.

27

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that he may be willing to consider permitting a third party to use his asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

1    Dated: September 6, 2024                    By:   _____/s/ Bryan L. Clobes_____
                                                       Bryan L. Clobes
2

3                                                Joseph R. Saveri (State Bar No. 130064)
                                                 Cadio Zirpoli (State Bar No. 179108)
4                                                Christopher K.L. Young (State Bar No. 318371)
                                                 Holden Benon (State Bar No. 325847)
5                                                Aaron Cera (State Bar No. 351163)
                                                 Margaux Poueymirou (State Bar No. 356000)
6                                                **JOSEPH SAVERI LAW FIRM, LLP**
                                                 601 California Street, Suite 1505
7                                                San Francisco, California 94108
                                                 Telephone: (415) 500-6800
8                                                Facsimile: (415) 395-9940
                                                 Email:    jsaveri@saverilawfirm.com
9                                                          czirpoli@saverilawfirm.com
                                                           cyoung@saverilawfirm.com
10                                                         hbenon@saverilawfirm.com
                                                           acera@saverilawfirm.com
11                                                           mpoueymirou@saverilawfirm.com
                                                 Matthew Butterick (State Bar No. 250953)
12                                               1920 Hillhurst Avenue, 406
                                                 Los Angeles, CA 90027
13                                               Telephone:  (323)968-2632
                                                 Facsimile:  (415) 395-9940
14                                               Email:     mb@butericklaw.com

15
                                                 Bryan L. Clobes (pro hac vice)
16                                               Alexander J. Sweatman (*pro hac vice*)
                                                 Mohammed A. Rathur (*pro hac vice anticipated*)
17                                               **CAFFERTY CLOBES MERIWETHER**
                                                 **& SPRENGEL LLP**
18                                               135 South LaSalle Street, Suite 3210
                                                 Chicago, IL 60603
19                                               Telephone:    (312) 782-4880
                                                 Email:        bclobes@caffertyclobes.com
20                                                             asweatman@caffertyclobes.com
                                                               mrathur@caffertyclobes.com
21

22                                               Daniel J. Muller (State Bar No. 193396)
                                                 **VENTURA HERSEY & MULLER, LLP**
23                                               1506 Hamilton Avenue
                                                 San Jose, California 95125
24                                               Telephone: (408) 512-3022
                                                 Facsimile: (408) 512-3023
25                                               Email:    dmuller@venturahersey.com

26                                               *Counsel for Individual and Representative Plaintiffs*
                                                 *and the Proposed Class*
27

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen and not a party to this action.

On September 6, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed September 6, 2024, at Chicago, Illinois.

By:   */s/ Bryan L. Clobes*
          Bryan L. Clobes

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
      cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

Amy Keller
James A. Ulwick
**DICELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Email: akeller@dicellolevitt.com
      julwick@dicellolevitt.com

*Counsel for Plaintiffs*

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

# EXHIBIT 5

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterickLaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>    *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| PROPOUNDING PARTIES: | **Defendant Meta Platforms, Inc.** |
| RESPONDING PARTIES: | **Plaintiff Junot Diaz** |
| SET NUMBER: | **Two (2)** |

Plaintiff Junot Diaz ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at \*5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

1

2    **AMENDED RESPONSE TO REQUEST NO. 16:**

3          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7    further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8    because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9    *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10   to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11   *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12   "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13   Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14   prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15   responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16   is insufficient to enable him to admit or deny.

17   **REQUEST FOR ADMISSION NO. 31:**

18          Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19   use in the training of an artificial intelligence large language model.

20   **AMENDED RESPONSE TO REQUEST NO. 31:**

21          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25   further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26   waiving the foregoing objections, Plaintiff responds as follows: admit.

27

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that he may be willing to consider permitting a third party to use his asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

| | |
|---|---|
| 1 | Dated: September 6, 2024 |

Dated: September 6, 2024

By: _____/s/ Bryan L. Clobes_____
          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:       jsaveri@saverilawfirm.com
                 czirpoli@saverilawfirm.com
                 cyoung@saverilawfirm.com
                 hbenon@saverilawfirm.com
                 acera@saverilawfirm.com
                   mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:           bclobes@caffertyclobes.com
                   asweatman@caffertyclobes.com
                   mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:        dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen and not a party to this action.

On September 6, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed September 6, 2024, at Chicago, Illinois.

By: *&#47;s&#47; Bryan L. Clobes*
      Bryan L. Clobes

1

**SERVICE LIST**

2   Bobby A. Ghajar                          Amy Keller
    Colette Ani Ghazarian                    James A. Ulwick
3   **COOLEY LLP**                           **DICELLO LEVITT LLP**
4   1333 2nd Street, Suite 400               10 North Dearborn St., Sixth Floor
    Santa Monica, CA 90401                   Chicago, Illinois 60602
5   Email: bghajar@cooley.com                Email: akeller@dicellolevitt.com
            cghazarian@cooley.com                    julwick@dicellolevitt.com
6
7   Kathleen R. Hartnett                     *Counsel for Plaintiffs*
    **COOLEY LLP**
8   3 Embarcadero Center, 20th Floor
    San Francisco, CA 94111-4004
9   Email: khartnett@cooley.com

10  Judd D. Lauter
    **COOLEY LLP**
11  3175 Hanover Street
    Palo Alto, CA 94304
12  Email: jlauter@cooley.com

13  Mark Alan Lemley
14  **LEX LUMINA PLLC**
    745 Fifth Avenue, Suite 500
15  New York, NY 10151
    Email: mlemley@lex-lumina.com
16
17  Angela L. Dunning
    **CLEARY GOTTLIEB STEEN &**
18  **HAMILTON LLP**
    1841 Page Mill Road
19  Palo Alto, CA 94304-1254
    Email: adunning@cgsh.com
20
21  *Counsel for Defendant*
    *Meta Platforms, Inc.*
22

23

24

25

26

27

PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

# EXHIBIT 6

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

　　　　*Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

　　　　　　　　　　　*Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF ANDREW SEAN GREER'S
AMENDED RESPONSES TO DEFENDANT
META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Andrew Sean Greer** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Andrew Sean Greer ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS
## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

1

2
## AMENDED RESPONSE TO REQUEST NO. 16:

3
Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4
discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5
includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6
Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7
further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8
because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9
*Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10
to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11
*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12
"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13
Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14
prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15
responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16
is insufficient to enable him to admit or deny.

17
## REQUEST FOR ADMISSION NO. 31:

18
Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19
use in the training of an artificial intelligence large language model.

20
## AMENDED RESPONSE TO REQUEST NO. 31:

21
Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22
discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23
includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24
Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25
further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26
waiving the foregoing objections, Plaintiff responds as follows: admit.

27

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that he may be willing to consider permitting a third party to use his asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

1   Dated: September 6, 2024

2

By:   _____/s/ Bryan L. Clobes_____
                    Bryan L. Clobes

3   Joseph R. Saveri (State Bar No. 130064)
    Cadio Zirpoli (State Bar No. 179108)
4   Christopher K.L. Young (State Bar No. 318371)
    Holden Benon (State Bar No. 325847)
5   Aaron Cera (State Bar No. 351163)
    Margaux Poueymirou (State Bar No. 356000)
6   **JOSEPH SAVERI LAW FIRM, LLP**
    601 California Street, Suite 1505
7   San Francisco, California 94108
    Telephone: (415) 500-6800
8   Facsimile: (415) 395-9940
    Email:      jsaveri@saverilawfirm.com
9               czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
10              hbenon@saverilawfirm.com
                acera@saverilawfirm.com
11               mpoueymirou@saverilawfirm.com
    Matthew Butterick (State Bar No. 250953)
12   1920 Hillhurst Avenue, 406
    Los Angeles, CA 90027
13   Telephone:  (323)968-2632
    Facsimile:  (415) 395-9940
14   Email:        mb@butterickslaw.com

15

16   Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (*pro hac vice*)
17   Mohammed A. Rathur (*pro hac vice anticipated*)
    **CAFFERTY CLOBES MERIWETHER**
    **& SPRENGEL LLP**
18   135 South LaSalle Street, Suite 3210
    Chicago, IL 60603
19   Telephone:    (312) 782-4880
    Email:        bclobes@caffertyclobes.com
20               asweatman@caffertyclobes.com
                mrathur@caffertyclobes.com
21

22   Daniel J. Muller (State Bar No. 193396)
    **VENTURA HERSEY & MULLER, LLP**
23   1506 Hamilton Avenue
    San Jose, California 95125
24   Telephone: (408) 512-3022
    Facsimile: (408) 512-3023
25   Email:      dmuller@venturahersey.com

26   *Counsel for Individual and Representative Plaintiffs*
    *and the Proposed Class*

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## **CERTIFICATE OF SERVICE**

I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen and not a party to this action.

On September 6, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed September 6, 2024, at Chicago, Illinois.

By:  */s/ Bryan L. Clobes*
Bryan L. Clobes

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1

## SERVICE LIST

2  Bobby A. Ghajar                              Amy Keller
3  Colette Ani Ghazarian                        James A. Ulwick
   **COOLEY LLP**                               **DICELLO LEVITT LLP**
4  1333 2nd Street, Suite 400                   10 North Dearborn St., Sixth Floor
   Santa Monica, CA 90401                       Chicago, Illinois 60602
5  Email: bghajar@cooley.com                    Email: akeller@dicellolevitt.com
          cghazarian@cooley.com                        julwick@dicellolevitt.com
6
7  Kathleen R. Hartnett                         *Counsel for Plaintiffs*
   **COOLEY LLP**
8  3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111-4004
9  Email: khartnett@cooley.com

10 Judd D. Lauter
   **COOLEY LLP**
11 3175 Hanover Street
   Palo Alto, CA 94304
12 Email: jlauter@cooley.com

13 Mark Alan Lemley
14 **LEX LUMINA PLLC**
   745 Fifth Avenue, Suite 500
15 New York, NY 10151
   Email: mlemley@lex-lumina.com
16
17 Angela L. Dunning
   **CLEARY GOTTLIEB STEEN &**
18 **HAMILTON LLP**
   1841 Page Mill Road
19 Palo Alto, CA 94304-1254
   Email: adunning@cgsh.com
20
21 *Counsel for Defendant*
   *Meta Platforms, Inc.*
22

23

24

25

26

27

# EXHIBIT 7

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>     *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>     *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:                    **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:                     **Plaintiff David Henry Hwang**

SET NUMBER:                             **Two (2)**

Plaintiff David Henry Hwang ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS
## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1]), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

1

2
**AMENDED RESPONSE TO REQUEST NO. 16:**

3
        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4
discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5
includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6
Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7
further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8
because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9
*Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10
to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11
*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12
"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13
Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14
prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15
responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16
is insufficient to enable him to admit or deny.

17
**REQUEST FOR ADMISSION NO. 31:**

18
        Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19
use in the training of an artificial intelligence large language model.

20
**AMENDED RESPONSE TO REQUEST NO. 31:**

21
        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22
discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23
includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24
Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25
further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26
waiving the foregoing objections, Plaintiff responds as follows: admit.

27

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that he may be willing to consider permitting a third party to use his asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

Dated: September 6, 2024

By:      /s/ Bryan L. Clobes
          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:     mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business

3  address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen

4  and not a party to this action.

5      On September 6, 2024, I caused the following documents to be served by email upon the parties

6  listed on the attached Service List:

7  • **PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT
   META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

8

9      I declare under penalty of perjury that the foregoing is true and correct. Executed September 6,

10  2024, at Chicago, Illinois.

11

12                                          By:    */s/ Bryan L. Clobes*
                                                   _____
13                                                        Bryan L. Clobes

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

**SERVICE LIST**

2  Bobby A. Ghajar                                          Amy Keller
   Colette Ani Ghazarian                                    James A. Ulwick
3  **COOLEY LLP**                                           **DICELLO LEVITT LLP**
4  1333 2nd Street, Suite 400                               10 North Dearborn St., Sixth Floor
   Santa Monica, CA 90401                                   Chicago, Illinois 60602
5  Email: bghajar@cooley.com                                Email: akeller@dicellolevitt.com
          cghazarian@cooley.com                                    julwick@dicellolevitt.com
6
   Kathleen R. Hartnett                                     *Counsel for Plaintiffs*
7  **COOLEY LLP**
8  3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111-4004
9  Email: khartnett@cooley.com

10 Judd D. Lauter
   **COOLEY LLP**
11 3175 Hanover Street
   Palo Alto, CA 94304
12 Email: jlauter@cooley.com

13 Mark Alan Lemley
14 **LEX LUMINA PLLC**
   745 Fifth Avenue, Suite 500
15 New York, NY 10151
   Email: mlemley@lex-lumina.com
16
17 Angela L. Dunning
   **CLEARY GOTTLIEB STEEN &**
18 **HAMILTON LLP**
   1841 Page Mill Road
19 Palo Alto, CA 94304-1254
   Email: adunning@cgsh.com
20
21 *Counsel for Defendant*
   *Meta Platforms, Inc.*
22

23

24

25

26

27

# EXHIBIT 8

1  Joseph R. Saveri (State Bar No. 130064)          Matthew Butterick (State Bar No. 250953)
   Cadio Zirpoli (State Bar No. 179108)             1920 Hillhurst Avenue, 406
2  Christopher K.L. Young (State Bar No. 318371)    Los Angeles, CA 90027
   Holden Benon (State Bar No. 325847)              Telephone:  (323) 968-2632
3  Aaron Cera (State Bar No. 351163)                Facsimile:   (415) 395-9940
   Margaux Poueymirou (State Bar No. 356000)        Email:       mb@butterickmlaw.com
4  **JOSEPH SAVERI LAW FIRM, LLP**
   601 California Street, Suite 1505                Bryan L. Clobes (pro hac vice)
5  San Francisco, California 94108                  Alexander J. Sweatman (pro hac vice)
   Telephone: (415) 500-6800                        Mohammed A. Rathur (pro hac vice anticipated)
6  Facsimile:  (415) 395-9940                       **CAFFERTY CLOBES MERIWETHER**
   Email:      jsaveri@saverilawfirm.com            **& SPRENGEL LLP**
7              czirpoli@saverilawfirm.com           135 South LaSalle Street, Suite 3210
               cyoung@saverilawfirm.com             Chicago, IL 60603
8              hbenon@saverilawfirm.com             Telephone:   (312) 782-4880
               acera@saverilawfirm.com              Email:       bclobes@caffertyclobes.com
9              mpoueymirou@saverilawfirm.com                     asweatman@caffertyclobes.com
                                                                 mrathur@caffertyclobes.com
10 *Counsel for Individual and Representative*
   *Plaintiffs and the Proposed Class*

11 [Additional counsel on signature page]

12

13

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15              **SAN FRANCISCO DIVISION**

16

17 Richard Kadrey, et al.,                          Lead Case No. 3:23-cv-03417-VC
                                                    Case No. 4:23-cv-06663
18           *Individual and Representative Plaintiffs*,
                                                    **PLAINTIFF MATTHEW KLAM'S**
19 v.                                               **AMENDED RESPONSES TO DEFENDANT**
                                                    **META PLATFORMS, INC.'S SECOND SET**
20 Meta Platforms, Inc.,                            **OF REQUESTS FOR ADMISSION**

21                      *Defendant*.

22

23

24

25

26

27

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:                    **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:                     **Plaintiff Matthew Klam**

SET NUMBER:                             **Two (2)**

Plaintiff Matthew Klam ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

## REQUEST FOR ADMISSION NO. 8:

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

## AMENDED RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

## REQUEST FOR ADMISSION NO. 13:

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

## AMENDED RESPONSE TO REQUEST NO. 13:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

## REQUEST FOR ADMISSION NO. 14:

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

## AMENDED RESPONSE TO REQUEST NO. 14:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that he may be willing to consider permitting a third party to use his asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

7

Dated: September 6, 2024

By: _____/s/ Bryan L. Clobes_____
　　　　Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:　　jsaveri@saverilawfirm.com
　　　　　czirpoli@saverilawfirm.com
　　　　　cyoung@saverilawfirm.com
　　　　　hbenon@saverilawfirm.com
　　　　　acera@saverilawfirm.com
　　　　　　mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:　　mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:　(312) 782-4880
Email:　　　bclobes@caffertyclobes.com
　　　　　　asweatman@caffertyclobes.com
　　　　　　mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:　　dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

1

## CERTIFICATE OF SERVICE

2       I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business

3   address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen

4   and not a party to this action.

5       On September 6, 2024, I caused the following documents to be served by email upon the parties

6   listed on the attached Service List:

7   • **PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META
      PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

8

9       I declare under penalty of perjury that the foregoing is true and correct. Executed September 6,

10  2024, at Chicago, Illinois.

11

12                                          By:  */s/ Bryan L. Clobes*

13                                                    Bryan L. Clobes

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1

## SERVICE LIST

2    Bobby A. Ghajar                            Amy Keller
     Colette Ani Ghazarian                      James A. Ulwick
3    **COOLEY LLP**                             **DICELLO LEVITT LLP**
     1333 2nd Street, Suite 400                 10 North Dearborn St., Sixth Floor
4    Santa Monica, CA 90401                     Chicago, Illinois 60602
     Email: bghajar@cooley.com                  Email: akeller@dicellolevitt.com
5            cghazarian@cooley.com                      julwick@dicellolevitt.com
6
     Kathleen R. Hartnett                       *Counsel for Plaintiffs*
7    **COOLEY LLP**
     3 Embarcadero Center, 20th Floor
8    San Francisco, CA 94111-4004
     Email: khartnett@cooley.com
9
10   Judd D. Lauter
     **COOLEY LLP**
11   3175 Hanover Street
     Palo Alto, CA 94304
12   Email: jlauter@cooley.com
13
     Mark Alan Lemley
14   **LEX LUMINA PLLC**
     745 Fifth Avenue, Suite 500
15   New York, NY 10151
     Email: mlemley@lex-lumina.com
16
17   Angela L. Dunning
     **CLEARY GOTTLIEB STEEN &**
18   **HAMILTON LLP**
     1841 Page Mill Road
19   Palo Alto, CA 94304-1254
     Email: adunning@cgsh.com
20
21   *Counsel for Defendant*
     *Meta Platforms, Inc.*
22
23
24
25
26
27

# EXHIBIT 9

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Laura Lippman** |
| 3 | **SET NUMBER:** | **Two (2)** |

Plaintiff Laura Lippman ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1. Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2. Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3. Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1]), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

## REQUEST FOR ADMISSION NO. 13:

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

## AMENDED RESPONSE TO REQUEST NO. 13:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

## REQUEST FOR ADMISSION NO. 14:

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

## AMENDED RESPONSE TO REQUEST NO. 14:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

1

2  **AMENDED RESPONSE TO REQUEST NO. 16:**

3         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff

7  further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8  because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9  *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10 to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11 *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12 "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13 Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14 prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15 responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

16 insufficient to enable her to admit or deny.

17 **REQUEST FOR ADMISSION NO. 31:**

18        Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19 use in the training of an artificial intelligence large language model.

20 **AMENDED RESPONSE TO REQUEST NO. 31:**

21        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff

25 further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26 waiving the foregoing objections, Plaintiff responds as follows: admit.

27

1

**REQUEST FOR ADMISSION NO. 33:**

2

     Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED

3

works for the purpose of training an artificial intelligence large language model.

4

**AMENDED RESPONSE TO REQUEST NO. 33:**

5

     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

8

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

9

further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a

10

single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only

11

that she may be willing to consider permitting a third party to use her asserted works for the purpose of

12

training an artificial intelligence large language model, under certain circumstances not present in this

13

case. Plaintiff otherwise denies Request No. 33.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

| | |
|---|---|
| 1 | Dated: September 6, 2024 |

By: _____/s/ Bryan L. Clobes_____
             Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen and not a party to this action.

On September 6, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed September 6, 2024, at Chicago, Illinois.

By:    */s/ Bryan L. Clobes*
_____
Bryan L. Clobes

1

## SERVICE LIST

2  Bobby A. Ghajar                                        Amy Keller
3  Colette Ani Ghazarian                                  James A. Ulwick
   **COOLEY LLP**                                         **DICELLO LEVITT LLP**
4  1333 2nd Street, Suite 400                             10 North Dearborn St., Sixth Floor
   Santa Monica, CA 90401                                 Chicago, Illinois 60602
5  Email: bghajar@cooley.com                              Email: akeller@dicellolevitt.com
         cghazarian@cooley.com                                   julwick@dicellolevitt.com
6
7  Kathleen R. Hartnett                                   *Counsel for Plaintiffs*
   **COOLEY LLP**
8  3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111-4004
9  Email: khartnett@cooley.com

10 Judd D. Lauter
   **COOLEY LLP**
11 3175 Hanover Street
   Palo Alto, CA 94304
12 Email: jlauter@cooley.com

13 Mark Alan Lemley
14 **LEX LUMINA PLLC**
   745 Fifth Avenue, Suite 500
15 New York, NY 10151
   Email: mlemley@lex-lumina.com
16
17 Angela L. Dunning
   **CLEARY GOTTLIEB STEEN &**
18 **HAMILTON LLP**
   1841 Page Mill Road
19 Palo Alto, CA 94304-1254
   Email: adunning@cgsh.com
20
21 *Counsel for Defendant*
   *Meta Platforms, Inc.*
22

23

24

25

26

27

PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

# EXHIBIT 10

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butoerricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>              *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                              *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1   **PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

2   **RESPONDING PARTIES:**          **Plaintiff Rachel Louise Snyder**

3   **SET NUMBER:**                        **Two (2)**

4

5        Plaintiff Rachel Louise Snyder ("Plaintiff") hereby amends her responses to Defendant Meta

6   Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7   "RFAs").

8                            <u>**GENERAL OBJECTIONS**</u>

9        1.        Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10  purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11  rules.

12       2.        Plaintiff objects to the Requests to the extent they seek information or materials that are

13  protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14  rules, or other applicable privileges and protections, including communications with Plaintiff's

15  attorneys regarding the Action.

16       3.        Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17  supplement these responses with subsequently discovered responsive information and to introduce and

18  rely upon any such subsequently discovered information in this litigation.

19            <u>**AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**</u>

20  <u>**REQUEST FOR ADMISSION NO. 8:**</u>

21       Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

22  data for artificial intelligence.

23  <u>**AMENDED RESPONSE TO REQUEST NO. 8:**</u>

24       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

    objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

## REQUEST FOR ADMISSION NO. 13:

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

## AMENDED RESPONSE TO REQUEST NO. 13:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

## REQUEST FOR ADMISSION NO. 14:

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

## AMENDED RESPONSE TO REQUEST NO. 14:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that she may be willing to consider permitting a third party to use her asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

Dated: September 6, 2024

By:    */s/ Bryan L. Clobes*
       Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:    jsaveri@saverilawfirm.com
       czirpoli@saverilawfirm.com
       cyoung@saverilawfirm.com
       hbenon@saverilawfirm.com
       acera@saverilawfirm.com
        mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:    mb@butterickklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
      asweatman@caffertyclobes.com
      mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:    dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen and not a party to this action.

On September 6, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed September 6, 2024, at Chicago, Illinois.

By: ___*/s/ Bryan L. Clobes*___
  Bryan L. Clobes

1

<u>**SERVICE LIST**</u>

| | |
|---|---|
| 2 | Bobby A. Ghajar | Amy Keller |

2  Bobby A. Ghajar
3  Colette Ani Ghazarian
   **COOLEY LLP**
4  1333 2nd Street, Suite 400
   Santa Monica, CA 90401
5  Email: bghajar@cooley.com
           cghazarian@cooley.com
6

7  Kathleen R. Hartnett
   **COOLEY LLP**
8  3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111-4004
9  Email: khartnett@cooley.com

10 Judd D. Lauter
   **COOLEY LLP**
11 3175 Hanover Street
   Palo Alto, CA 94304
12 Email: jlauter@cooley.com

13
   Mark Alan Lemley
14 **LEX LUMINA PLLC**
   745 Fifth Avenue, Suite 500
15 New York, NY 10151
   Email: mlemley@lex-lumina.com
16

17 Angela L. Dunning
   **CLEARY GOTTLIEB STEEN &**
18 **HAMILTON LLP**
   1841 Page Mill Road
19 Palo Alto, CA 94304-1254
   Email: adunning@cgsh.com
20

21 *Counsel for Defendant*
   *Meta Platforms, Inc.*
22

Amy Keller
James A. Ulwick
**DICELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Email: akeller@dicellolevitt.com
         julwick@dicellolevitt.com

*Counsel for Plaintiffs*

# EXHIBIT 11

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>  *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>  *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JACQUELINE WOODSON'S**<br>**AMENDED RESPONSES TO DEFENDANT**<br>**META PLATFORMS, INC.'S SECOND SET**<br>**OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1  **PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

2  **RESPONDING PARTIES:**          **Plaintiff Jacqueline Woodson**

3  **SET NUMBER:**                  **Two (2)**

4

5      Plaintiff Jacqueline Woodson ("Plaintiff") hereby amends her responses to Defendant Meta

6  Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7  "RFAs").

8  <u>**GENERAL OBJECTIONS**</u>

9      1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10 purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11 rules.

12     2.    Plaintiff objects to the Requests to the extent they seek information or materials that are

13 protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14 rules, or other applicable privileges and protections, including communications with Plaintiff's

15 attorneys regarding the Action.

16     3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17 supplement these responses with subsequently discovered responsive information and to introduce and

18 rely upon any such subsequently discovered information in this litigation.

19 <u>**AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**</u>

20 <u>**REQUEST FOR ADMISSION NO. 8:**</u>

21     Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

22 data for artificial intelligence.

23 <u>**AMENDED RESPONSE TO REQUEST NO. 8:**</u>

24     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25 discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

26 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff also objects to the term "documentary evidence" as vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff also objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR ASSERTED works for the purpose of training an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff further objects that this Request poses an incomplete hypothetical, preventing Plaintiff from providing a single definitive answer. Subject to and without waiving the foregoing objections, Plaintiff admits only that she may be willing to consider permitting a third party to use her asserted works for the purpose of training an artificial intelligence large language model, under certain circumstances not present in this case. Plaintiff otherwise denies Request No. 33.

Dated: September 6, 2024

By:     */s/ Bryan L. Clobes*
         Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:     jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         hbenon@saverilawfirm.com
         acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:     bclobes@caffertyclobes.com
         asweatman@caffertyclobes.com
         mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, am employed by Cafferty Clobes Meriwether & Sprengel, LLP. My business

3   address is 135 South LaSalle Street, Suite 3210, Chicago, Illinois 60603. I am over the age of eighteen

4   and not a party to this action.

5      On September 6, 2024, I caused the following documents to be served by email upon the parties

6   listed on the attached Service List:

7   • **PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT
       META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

8

9      I declare under penalty of perjury that the foregoing is true and correct. Executed September 6,

10  2024, at Chicago, Illinois.

11

12                                        By:   */s/ Bryan L. Clobes*

13                                               Bryan L. Clobes

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
       cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant*
*Meta Platforms, Inc.*

Amy Keller
James A. Ulwick
**DICELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Email: akeller@dicellolevitt.com
       julwick@dicellolevitt.com

*Counsel for Plaintiffs*