September 12, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey et al. v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC-TSH
      **Joint Letter Brief RE: Meta's Motion to Compel Plaintiffs' Copyright Filings**

Dear Magistrate Judge Hixson:

Further to the matters discussed at the September 9 hearing, the parties respectfully submit this letter brief regarding Plaintiffs' responses to Defendant Meta Platforms, Inc.'s ("Meta") First Set of Requests for Production of Documents ("RFPs") (attached as **Exhibit A**). The parties have extensively met and conferred on this issue. With the discovery cut-off less than three weeks out and depositions occurring throughout next week, there is no time for delay.

**META'S POSITION: THE COPYRIGHT FILINGS ARE LONG OVERDUE**

At issue in this motion is a basic request for documents that are relevant in any copyright infringement lawsuit: copies of the copyright filings for each of the works allegedly owned by Plaintiffs that form the basis of their copyright claims against Meta (the "Asserted Works"). These are the documents that Plaintiffs (themselves or through others) *must* have filed with the U.S. Copyright Office ("USCO") to obtain registrations necessary to sue Meta. 17 U.S.C. § 411(a).

For each Asserted Work, the copyright filings necessarily include the (1) original copyright **application**, which would list the copyright claimants, authors, date of publication, if the work is a derivative work, the year of creation, the correspondent of record, and a certification that the statements are true and correct;[1] (2) **deposit** – one or two (depending on the type of work) complete copies of the work over which copyright registration is sought[2]; (3) **correspondence** with the USCO about that application (e.g., if the USCO had questions or concerns, and how those were addressed); and (4) ultimately, a **certificate** of registration (together, "Copyright Filings").

On **January 9**, Meta requested these filings from Plaintiffs in its very first RFP. Consistent with the above, the parties understood this request to encompass the Copyright Filings. In response,[3] Plaintiffs   agreed   to   "search   for   and   produce   relevant   and   responsive   non-privileged

---

[1] *See* 17 U.S.C. § 409 (outlining application requirements); *see also* Form TX, USCO, https://www.copyright.gov/forms/formtx.pdf (last revised May 2019) (appended as **Exhibit B**).

[2] "[T]he material deposited for registration shall include … (2) in the case of a published work, two complete copies . . . of the best edition . . . ." 17 U.S.C. § 408(b); *see* 37 C.F.R. § 202.20 (defining "complete copy"); 37 C.F.R. § 202.19 (defining "best edition").

[3] Plaintiffs initially alleged ambiguity as to the meaning of "deposit material" and made a baseless privilege claim. Plaintiff TerKeurst received the same RFP in May upon consolidation.

communications … not equally accessible to [Meta]."

Plaintiffs did not produce the Copyright Filings by the April 2024 deadline to begin productions. Meta followed up regarding the Copyright Filings on no fewer than five occasions – by two meet and confer letters on May 7 and July 17, calls on May 24 and July 30, and again by email on September 3.  On a July 30 call, Plaintiffs' counsel suggested that their clients did not possess such filings.  At Plaintiffs' behest, ***somebody*** submitted applications to register their works (which Plaintiffs would have signed) and must have a file.  On that call, Plaintiffs – through Messrs. Saveri and Sweatman – unambiguously agreed to investigate and confirm whether such filings resided with their representatives, agents, or attorneys who were likely to have handled such filings (all within Plaintiffs' possession, custody, or control).  They represented that they would reach out to Plaintiffs' agents and attorneys likely to handle those types of filings and attempt to obtain the Copyright Filings.

Below, Plaintiffs suggest that their *publishers* supposedly handled Plaintiffs' copyright filings. That was never represented on the July 30 call or otherwise.  If true, Plaintiffs should have said so, instead of (now) suggesting it was "generally" known.  Still, copyright filings made by publishers, for Plaintiffs' books, are for the benefit of the Plaintiffs and required their input (*e.g.* details of co-authorship, creation date, etc.)  Are Plaintiffs really claiming that they own copyrights, want to enforce them against Meta, but do not have the ability to get the filing particulars where their publisher partners assisted with those filings?  It is similarly unclear whether Plaintiffs have even asked their publishers for the information.  Interestingly, with Plaintiffs now pointing to publishing agreements, we observe that a Harper-Collins publication agreement indicates that the authors have *contractual audit rights* to obtain information from the publishers (*e.g.* giving them the right to obtain sales information, which many did not provide Meta).  Plaintiffs must obtain the filings.

More than five weeks have passed.  Below, "Plaintiffs" claim they spoke to "agents" who pointed to publishers.  Which ones, and for which works?  Much is missing: only Mr. Greer and Ms. Woodson produced copyright **applications** for some of their works.  No Plaintiff has produced USCO **correspondence**.  Unrefuted below, no Plaintiff has produced the **deposit** materials (i.e. the actual works protected by their copyright).  *See* 17 U.S.C. § 408(b); *supra* fn2.  Only a single plaintiff produced copyright **registration certificates** for all their Asserted Works (Ms. Snyder). Just two other plaintiffs have produced any registration certificates at all: Mr. Greer (with two produced after the hearing) and Ms. Woodson, each for all but one of their Asserted Works.  None of the remaining Plaintiffs produced any requested Copyright Filings.

The Copyright Filings are not "equally accessible" to Meta.  Based on Meta's counsel's investigation, the USCO Records Research and Certification Division confirmed only a single deposit copy among the remaining Asserted Works was available for retrieval (for Ms. Snyder's book).  Referred to the Library of Congress ("LOC") to inquire as to whether it might have copies, the LOC represented that it would need to conduct a six-week search of their records, subject to extensions of time and paid for by-the-hour, to identify whether it even possessed the relevant deposit materials.  Only then could Meta pay to obtain whatever deposit materials the LOC found – if any.  And to obtain a mere subset of the other Copyright Filings from the USCO (e.g., some but not all of the applications, correspondence, and registration certificates), the estimated cost

would be upwards of $25,000 in USCO fees alone – a multi-week process unlikely to result in complete Copyright Filings. For this reason, and based on Plaintiffs' counsel's explicit July 30 representation, Meta did not further pursue the issue with the USCO or LOC.

Ultimately, **Plaintiffs** have a duty to obtain this information to demonstrate what their alleged copyrights actually cover. More than just "registration certificates" (which Plaintiffs only *now* say they'll belatedly obtain), the Copyright Filings may reveal that Plaintiffs' registrations cover a different work or version, list unrelated co-authors or owners, or provide other information germane to Plaintiffs' claims of copyright ownership and the validity of their copyrights.

Meta seeks an Order requiring Plaintiffs to search for –including through agents and publishing partners over which they have the right to receive information, and attorneys – and produce the Copyright Materials within their possession, custody, or control within three (3) days, with the failure to do so resulting in preclusion from testifying about what was in the copyright application, what was deposited with the USCO, or that they have registration certificates for their works.

**PLAINTIFFS' POSITION:**

The Copyright Materials at issue are, at core, publicly accessible government records that courts routinely judicially notice. *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2024 WL 1023849, at *3 (N.D. Cal. Mar. 7, 2024) (explaining that in the Northern District of California, "[i]t is common practice for courts to take judicial notice of copyright registrations and applications."); *see also id.* (collecting cases). Even though these materials are routinely judicially noticed, Meta wants Plaintiffs to undertake the burden of searching for these documents in their possession custody or control. **Plaintiffs have done so.** Further, at Meta's request, **Plaintiffs asked their agents for these materials too.** Even after having done everything Meta asked, Meta remains unsatisfied. Meta is now attempting to compel production from Plaintiffs government records Plaintiffs do not possess. Further, Plaintiffs have explained that their publishers, who are outside of their control, may have this material. Yet, puzzlingly, when Meta issued Rule 45 subpoenas to these publishers, they did not seek the Copyright Materials. In any event, these materials are publicly accessible through the Copyright Office. Plaintiffs do not know why Meta has been incapable of following or unwilling to follow the Copyright Office's instructions on how to obtain the Copyright Materials. *See* Copyright Office, Obtaining Access to and Copies of Copyright Office Records and Deposits at *2 https://www.copyright.gov/circs/circ06.pdf. But Meta will get some of the Copyright Materials it wants from Plaintiffs—Plaintiffs have recently undertaken the burden of obtaining certificates of registration from the Copyright Office (which would be judicially noticeable anyway) and will produce them once they've been obtained.

Defendant's motion should be denied for the following reasons: (1) the material is not in Plaintiffs' possession, custody or control; and (2) the material is equally available to Meta either through the Rule 45 process or by initiating a records request with the U.S. Copyright Office.

<u>The Requested Materials are not in Plaintiffs' Possession, Custody, or Control</u>
Plaintiffs conducted a reasonably diligent search for registration materials in their possession, custody and control, and have produced what has been collected. Plaintiffs have also spoken to

their agents regarding whether they possess responsive materials. Those who have responded have indicated that the registration materials are in the hands of their publishers.[4] This makes sense: many of the relevant publishing agreements provide that the publishers are to register the Plaintiffs' works, as described in more detail below.

Specifically, Plaintiffs Kadrey and Golden requested these documents from their literary agents who indicated that the documents are not in their possession but would be in their publishers' possession. Plaintiff Silverman requested these documents from her entertainment lawyer who does not have these documents. Plaintiff Lippman's agent searched for copyright registration certificates, was unable to locate them, and informed her counsel that only the publisher can access Plaintiff Lippman's copyright registration certificates. Her counsel also requested them from her publisher. Plaintiff Coates' counsel requested that Coates' literary agents and business lawyer search for his copyright certificates. Plaintiff Rachel Louise Snyder's agent obtained her copyright registration certificate from Plaintiff Snyder's editor at her publisher. Some of the Plaintiffs, including all the Plaintiffs that have not reached out to their agents, have reached out to the Publishers for these materials. For the few Publishers that responded with copies of materials, Plaintiffs have produced those materials, or they will be produced shortly. In most cases, the Publishers have not responded.

By way of background, it is generally the case that Plaintiffs entered into book publishing agreements with certain book publishers ("Publishers", as used herein). Publishers generally operate at arms-length with the author plaintiffs. They are not agents of the Plaintiffs and within Plaintiffs' "control" for the purposes of Rule 26. It appears that Meta would agree: Meta served duplicative Rule 45 discovery on each of the Publishers in late June, requesting, among other things, documents regarding sales information, in addition to requesting the same information from Plaintiffs directly. (Noticeably absent from those subpoenas is any request for copyright registration materials for the Asserted Works, although Meta could have and should have made that request.)

Among other things, the agreements generally recognize that Plaintiff is the author of the work, and that the *Publishers* will perform certain services on behalf of the author, including handling the process of timely submitting a copyright registration. It would thus make sense that the registration materials lie in the hands of the Publishers, and not with the authors themselves. As Meta is surely aware, these provisions are contained in the publishing agreements themselves. Thus, Meta knew or should have known all along that Plaintiffs are unlikely to possess the Copyright Materials. Meta also could have or should have pursued requests from the USCO or LOC, as described below. Meta's failures, omissions and lack of diligence should not be excused.

The Requested Material is Equally Available to Meta
If Meta wants the registration materials from the Publishers, it can serve them additional Rule 45 subpoenas. Further, these are government records that courts routinely judicially notice. *Laatz*, 2024 WL 1023849, at *3. If Meta really wants to obtain these materials, it can obtain the materials

---

[4] If any of Plaintiffs' agents respond that they have obtained registration materials for the Asserted Works, Plaintiffs will promptly produce them.

by simply following the United States Copyright Office's instructions. *See* Copyright Office, Obtaining Access to and Copies of Copyright Office Records and Deposits at *2 https://www.copyright.gov/circs/circ06.pdf ("Photocopies of the following copyright-related records can be obtained: affidavits, registration applications, assignments, contracts, licenses, and other documents that have been recorded in the Copyright Office."). Those instructions also expressly contain information for litigants in a copyright proceeding. *Id.* at *3. Meta would simply need to complete and submit a Litigation Statement Form indicating that the request is made pursuant to ongoing litigation. *Id.* The information needed to properly make these requests (the author name, title, or registration number) are available to Meta for each Asserted Work. The time and fees Meta has incurred in initiating this motion to compel could have been put to better use if Meta had simply requested the materials from the Copyright Office or included them in their subpoenas served on the publishers.

Notwithstanding all of this, Plaintiffs have also now undertaken the burden of requesting copies of certificates of registration from the Copyright Office and will produce them once received.[5] Plaintiffs are also inquiring with their agents, as described above, but the consensus thus far is that these materials are in the Publishers' hands.

For all of these reasons, Meta's motion should be denied.

| | |
|---|---|
| _____<br>Bobby Ghajar<br>Kathleen Hartnett<br>Mark Weinstein<br>Elizabeth Stameshkin<br>Judd Lauter<br>Colette Ghazarian<br>COOLEY LLP<br><br>Angela Dunning<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Attorneys for Defendant,<br>Meta Platforms, Inc. | /s/ Joseph R. Saveri<br>Joseph R. Saveri<br>Bryan Clobes<br>David A. Straite<br><br>Joseph Saveri Law Firm, LLP<br>Cafferty Clobes Meriwether & Sprengel LLP<br>Ventura Hersey & Muller, LLP<br>RMP, LLP<br>DiCello Levitt LLP<br>Poynter Law Group<br><br>Attorneys for Plaintiffs |

---

[5] Plaintiff TerKeurst also ordered certificates of registration and deposit copies for her four Asserted Works from the U.S. Copyright Office. The U.S. Copyright Office has since informed counsel for Plaintiff TerKeurst that the deposit materials for 3 of the 4 Asserted Works have been moved for collection to the Library of Congress, necessitating an additional, different process. Without waiving her objection that these materials are equally accessible to Defendant Meta, and therefore she is under no obligation to obtain and then produce them, Plaintiff TerKeurst will produce these materials as soon as they are obtained.

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 12, 2024	COOLEY LLP

	 /s/ Bobby Ghajar
	Bobby Ghajar

	*Attorneys for Defendant*
	Meta Platforms, Inc.