1  COOLEY LLP
   BOBBY GHAJAR (198719)
2  (bghajar@cooley.com)
   COLETTE GHAZARIAN (322235)
3  (cghazarian@cooley.com)
   1333 2nd Street, Suite 400
4  Santa Monica, California 90401
   Telephone:    (310) 883-6400
5
   MARK WEINSTEIN (193043)
6  (mweinstein@cooley.com)
   KATHLEEN HARTNETT (314267)
7  (khartnett@cooley.com)
   JUDD LAUTER (290945)
8  (jlauter@cooley.com)
   ELIZABETH L. STAMESHKIN (260865)
9  (lstameshkin@cooley.com)
   3175 Hanover Street
10 Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5000
11
   CLEARY GOTTLIEB STEEN & HAMILTON LLP
12 ANGELA L. DUNNING (212047)
   (adunning@cgsh.com)
13 1841 Page Mill Road, Suite 250
   Palo Alto, CA 94304
14 Telephone: (650) 815-4131

15 *Counsel for Defendant Meta Platforms, Inc.*

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18              **SAN FRANCISCO DIVISION**

19
   RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC-TSH
20
       Individual and Representative Plaintiffs,   **JOINT ADMINISTRATIVE MOTION TO FILE**
21                                                **UNDER SEAL**
       v.
22
   META PLATFORMS, INC., a Delaware
23 corporation;

24                            Defendant.

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Diaz, Christopher Golden, Richard Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, and Lysa TerKeurst (collectively, "Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties") respectfully request leave to file under seal Exhibit C to the Parties Joint Letter Brief on Meta's Motion to Compel re: Communications with Third Parties Regarding the Discord Posts, Meta's Privileged Information, or Plaintiffs' Claims Against Meta (Dkt. 145).

Specifically, the Parties seek to seal an email from Thomas Heldrup to Plaintiffs' counsel, Matthew Butterick, titled "Books3 evidence (especially Discord)" dated September 28, 2023, Bates numbered Plaintiff_Discord000022. As discussed below, this document was designated "Highly Confidential – AEO" by Plaintiffs, who assert work product protection over Plaintiff_Discord000022. The Declaration of Aaron Cera and [Proposed] Order is filed concurrently herewith, and the Parties refer the Court to the Joint Letter itself and the supporting evidence attached thereto as further support for this administrative motion.

## I.   LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

1   Plaintiff_Discord000022 was designated "Highly Confidential – AEO" by Plaintiffs under

2   the Stipulated Protective Order entered in this case (Dkt. 90). Plaintiffs assert work product

3   protection over the document and that they have not waived any protection.  Plaintiffs further allege

4   that the material is subject to a pending dispute over privilege.  Plaintiffs assert that

5   Plaintiff_Discord000022 was returned to Meta pursuant to the Court's Order dated August 22, 2024

6   (Dkt. 114), which is now being reviewed by Judge Chhabria (Dkt. 125).   Meta does not agree with

7   these characterizations, but files this request in deference to Plaintiffs' "AEO" designation while

8   the parties have an opportunity to discuss the designation.

9   The Parties have taken care to narrowly tailor this request. They have limited their request

10   to a single document attached as an exhibit to their Joint Letter Brief.  The Joint Letter Brief itself

11   and other exhibits attached to it will still be accessible in the public record. Accordingly, the Parties'

12   sealing request is the least restrictive method of protecting Plaintiffs' confidential information.

13   **II.   CONCLUSION**

14   Pursuant to Civil Local Rule 79-5, a copy of Plaintiff_Discord000022 accompanies this

15   Administrative Motion. For the foregoing reasons, the Parties request leave to file under seal

16   Exhibit C to the Joint Letter Brief on Meta's Motion to Compel re: Communications with Third

17   Parties Regarding the Discord Posts, Meta's Privileged Information, or Plaintiffs' Claims Against

18   Meta.

19   Dated: September 12, 2024                              COOLEY LLP

20

21                                        By:      */s/ Kathleen Hartnett*
                                          Bobby Ghajar
22                                        Mark Weinstein
                                          Kathleen Hartnett
23                                        Judd Lauter
                                          Liz Stameshkin
24                                        Colette Ghazarian

25                                        CLEARY GOTTLIEB STEEN &
                                          HAMILTON LLP
26                                        Angela L. Dunning

27                                        Attorneys for Defendant
                                          META PLATFORMS, INC.
28

| | |
|---|---|
| 1 | Dated:  September 12, 2024 |

JOSEPH SAVERI LAW FIRM, LLP


By: _____ */s/ Joseph R. Saveri* _____
Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Aaron Cera

Matthew Butterick

Attorneys for Plaintiffs
RICHARD KADREY, SARAH
SILVERMAN, and CHISTOPHER
GOLDEN

CAFFERTY CLOBES MERIWETHER &
SPRENGEL, LLP
Bryan L. Clobes (*pro hac vice*)
Alexander Sweatman (*pro hac vice*)

VENTURA HERSYE & MULLER, LLP
Daniel J. Muller

Attorneys for Plaintiffs
TA-NEHISI COATES, JUNOT DIAZ,
CHRISTOPHER GOLDEN, RICHARD
GREER, DAVID HENRY HWANG,
MATTHEW KLAM, LAURA LIPPMAN,
RACHEL LOUISE SNYDER, and
JACQUELINE WOODSON

DICELLO LEVITT LLP
David A Straite (*pro hac vice*)

Attorneys for Plaintiff LYSA
TERKEURST

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

2

I hereby attest that I obtained concurrence in the filing of this document from each of the

3

other signatories.  I declare under penalty of perjury that the foregoing is true and correct.

4

5

Dated: September 12, 2024

COOLEY LLP

6

 */s/ Kathleen Hartnett*

7

*Attorneys for Defendant*
Meta Platforms, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law

Admin Motion to Seal
3:23-cv-03417-VC-TSH