September 12, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *Kadrey et al. v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC-TSH
        **Motion to Compel re: Communications with Third Parties Regarding the Discord Posts, Meta's Privileged Information, or Plaintiffs' Claims Against Meta**

Dear Magistrate Judge Hixson:

Further to the matters discussed at the September 9 hearing, the parties respectfully submit this letter brief regarding Plaintiffs' responses to Defendant Meta Platforms, Inc.'s ("Meta") First and Second Sets of Requests for Production of Documents ("RFPs") (attached as **Exhibits A and B**). These requests relate to Plaintiffs' communications with third parties regarding the Discord posts, Meta's privileged communications, and, separate but relatedly, regarding Plaintiffs' claims against Meta.  The parties met and conferred most recently on September 4, 2024.

## I.    DEFENDANT'S POSITION

Meta's First Set of RFPs, served January 9, 2024 (and as to Ms. TerKeurst, served May 20, 2024), request production of all documents concerning or reflecting (1) the Discord posts containing Meta's privileged communications, and (2) how Plaintiffs obtained those communications (RFP 21; *see also* RFPs 3 and 5).  Meta thereafter requested all of Plaintiffs' communications with Mr. Heldrup (the Danish activist who provided the Discord posts to Plaintiffs) and other third parties about Meta's AI platforms (*see* RFPs 31 and 36).

Until this Court's recent intervention regarding the Discord posts, Plaintiffs produced no documents in response to these RFPs.  Nor did Plaintiffs state what if any responsive documents they had (leaving Meta to guess what if any documents they were withholding) or provide a privilege log claiming work product protection over any such documents.  Rather, they simply included privilege among their boilerplate objections.  And, even now, Plaintiffs have not identified or itemized the withheld documents.

After Plaintiffs publicly disseminated Meta's privileged information in the First Consolidated Amended Complaint they filed in December 2023, Meta sought return of its privileged information and communications about that privileged information.  In a February 2024 email exchange (attached as Ex. D), Plaintiffs claimed for the first time that they were withholding these materials (including the Discord posts) based on an unspecified claim of "work product," but never specified the nature of any such claim until this briefing, despite Meta's request that they do so.

In its August 22, 2024 Order, the Court required Plaintiffs to return to Meta the Dettmers-related documents that reflect or include Meta's privileged information. (Dkt. 114.)  Plaintiffs initially refused, but after Meta asked the Court for an informal discovery conference, Plaintiffs produced

Honorable Thomas S. Hixson
September 12, 2024
Page 2

the Discord screenshots on September 5.  This production confirmed that Plaintiffs possessed the full set of Discord posts and had been improperly withholding them from Meta for months.

Also included in Plaintiffs' September 5 production was one email between Plaintiffs' counsel, Matt Butterick, and Mr. Heldrup.  (Puzzlingly, Plaintiffs are continuing to seek work product protection over this email despite providing it to Meta.)  Given Mr. Heldrup's public admission that he provided the Discord posts to Plaintiffs, and his public statements about the posts amidst the parties' privilege dispute, Meta has suspected that Plaintiffs' counsel were in communication and coordination with Mr. Heldrup regarding this matter—as Meta explained at the August 21 hearing, which was undisputed by Plaintiffs' counsel.  The email produced by Plaintiffs on September 5 (attached as **Exhibit C**, under seal) confirms these suspicions, and it also corroborates Meta's belief that there are *other* communications between Plaintiffs' counsel and Mr. Heldrup.  Indeed, the email produced by Plaintiffs shows on its face that it was in response to Mr. Butterick's email inquiring about "Books3"—a third-party dataset at the core of Plaintiffs' lawsuit.[1]

Below, Plaintiffs ***confirm*** there are additional, relevant communications—suggesting also that there are further communications with Mr. Heldrup—but refuse to produce them.

**Communications Regarding the Discord Posts and Meta's Privileged Information.** Plaintiffs refuse to produce the communications between Mr. Heldrup and Plaintiffs based on claims of irrelevance and work product.  Both objections are meritless.  The Heldrup communications are relevant, among other things, to Plaintiffs' acquisition of Meta's privileged information and their connection to the dissemination thereof.  Plaintiffs have argued, and continue to argue in their Rule 72(a) motion, that Meta has waived privilege in part due to Mr. Heldrup's dissemination of the materials at issue.[2]  In fairness, Plaintiffs cannot on the one hand cite Mr. Heldrup's dissemination of Meta's privileged material as a basis for a waiver, but on the other hand, refuse to provide Meta with their) communications with Mr. Heldrup regarding the privileged material.

Last night, Plaintiffs belatedly argued that the work product doctrine protects their relevant correspondence with Mr. Heldrup and others.  This new argument fails, for multiple reasons.

*First*, the Court should rule that Plaintiffs have waived the ability to assert work product privilege as a basis for withholding by failing to timely identify the responsive, withheld documents and describing the basis for their withholding.  *See Sherman v. Regents of Univ. of Cal.*, 2022 WL 875652, at *3 (N.D. Cal. Mar. 24, 2022) (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

*Second*, any communications *from* Mr. Heldrup cannot be Plaintiffs' counsel's work product.  *See In re JDS Uniphase Corp. Sec. Litig.,* 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005).

---

[1] Unlike Meta's well-founded concern about the continued dissemination of their privileged material, Plaintiffs baselessly speculate that the removal of the Discord posts from the EleutherAI server in August 2023, *see* Dkt. 105 at 3—months prior to Meta have any knowledge of the posts—was "possible deliberate spoliation."  There is no basis for this inflammatory contention.

[2] *See* Dkt. 104 (Plaintiffs' June 28, 2024 letter brief (sealed), arguing that "the Subject Communications were disseminated far and wide," and referencing his post).; Dkt. 125 at 7 (arguing that Meta's privileged information "remain[s] accessible to anyone in the world with Internet access" as a result of those posts.)

Honorable Thomas S. Hixson
September 12, 2024
Page 3

*Third*, Plaintiffs have not substantiated that any of their own withheld communications are work product, let alone "opinion" versus "fact" work product.  The withheld documents should be produced *in camera* so that the Court can consider if the material at issue is in fact work product. *See Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, 2009 WL 3415375, at *6 (N.D. Cal. Oct. 21, 2009), *objections overruled*, 2009 WL 4981156 (N.D. Cal. Dec. 15, 2009).

*Fourth*, even if the communications contain Plaintiffs' work product, they have waived its protection, for two independent reasons:  (1) Plaintiffs did not take reasonable steps to maintain confidentiality, but rather provided the material to Mr. Heldrup without any apparent expectation of confidentiality, and he thereafter has repeatedly posted about the subject of the "work product" on his public LinkedIn site, *see United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020); and (2) the communications involve Plaintiffs' coordination with a third-party to obtain use Meta's privileged information (rather than simply identify and return that material to Meta, as counsel should have done), and equity and fairness require that the material be provided to Meta to allow it to defend against Plaintiffs' argument of voluntary waiver, *see id.* at 1122 (explaining that work-product waiver is a fact-intensive analysis" that "requires a consideration of the totality of the circumstances and is ultimately guided by the same principle of fundamental fairness that underlies much of our common law doctrine on waiver by implication").

**Communications Regarding Plaintiffs' Claims Against Meta.**  Plaintiffs' sole claim in this case is based on the allegation that Meta trained its LLMs on Books3—a dataset that Meta had no role in creating.  RFPs 3, 5, and 36 call for Plaintiffs' communications with third parties about the lawsuit against Meta, the subject of which is certain Meta LLMs and use of the Books3 data set. (*See* Dkt. 123 ¶ 79; *see also* ¶¶ 33–47, 63–64, 69, 79 (discussing Books3).)  The requested communications would include any discussion of whether Books3 includes Plaintiffs' works, as well as what Plaintiffs' or their agents told third parties about the relationship between Plaintiffs' books and the dataset and/or training process.  These topics are plainly relevant to the claims in the operative Complaint.  Any unparticularized claim of "work product" cannot shield them.

The Court should order Plaintiffs and their attorneys to search for and produce all documents responsive to RFPs 3, 5, 21, 31, and 36 as soon as possible and no later than September 18.

## II.   PLAINTIFF'S POSITION

Meta's Motion is not only a fishing expedition seeking information that is not relevant to any claim or defense, but also a plain attempt to invade Plaintiffs' work product.

Meta seeks to fish around in Plaintiffs' work product communications with non-parties about certain messages that former Meta employee Tim Dettmers posted and left on a public Discord channel in late 2020 and early 2021 (the "Dettmers Messages") that were included in Plaintiffs' FCAC. Plaintiffs have already returned to Meta the screenshots of the Dettmers Messages that were provided to Plaintiffs' counsel in September 2023 by the creator of the screenshots, Danish author-rights advocate Thomas Heldrup. This fully addresses Meta's motion and the court's order.

Honorable Thomas S. Hixson
September 12, 2024
Page 4

Furthermore, as has become its custom, Meta's Motion includes issues the parties did not meet and confer on, in contravention of this Court's Discovery Standing Order. Plaintiffs were surprised when they received a draft of Meta's Motion on September 11 referring to RFPs 31 and 36. Meta never raised these issues during the parties' September 4 meet and confer.

In any case, Meta's Motion fails on the merits:

**Meta has not shown the relevance of the material it seeks to compel**. Relevance is the threshold issue on which Meta bears the burden. Meta has failed to carry that burden. *Illumina Inc. v. BGI Genomics Co.*, No. 20CV01465WHOTSH, 2020 WL 7047708, at *1 (N.D. Cal. Dec. 1, 2020) ("[T]he Court must decide if this discovery is relevant and proportional. Then it must decide if it is protected by the attorney-client privilege or attorney work product doctrine."). According to Meta, Plaintiffs' work product is relevant solely because it relates to the dissemination of Meta's privileged information. This justification does not meet the basic requirement of relevance: namely, it does not make any fact more or less probable than it would be without the evidence. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery as to facts relevant to claims or defenses).

As a substitute for relevance, Meta advances an unsupported conspiracy theory. In its communications with Plaintiffs, Meta has suggested Plaintiffs induced Mr. Heldrup to publicly distribute the Dettmers Messages while they were under a claim of privilege and failed to disclose this to the Court. Meta has no support for its accusations, instead suggesting that there must be a connection because Plaintiffs did not refute it. Plaintiffs denied Meta's claims in the meet and confer and reiterated them in its recent Rule 72(a) submission. In lieu of rhetoric, Plaintiffs also provided Meta with the emails from Heldrup to Plaintiffs. Nevertheless, should the Court deem it necessary, Plaintiffs will submit the requested opinion-work product for *in camera* review to put to bed Meta's concerns.

**The material Meta seeks to compel is opinion work product**. Opinion work product comprises "mental impressions, conclusions, opinions, or legal theories of a party's attorney ... concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The material obtained from investigatory interviews with confidential witnesses is opinion work product. *Hatamian v. Adv. Micro Devices, Inc.*, 2016 WL 2606830, at *6 (N.D. Cal. May 6, 2016) (explaining that communications between counsel's agents and witnesses "who were being contacted for the purposes of investigating claims to draft the Complaint" were "protected work product."). As is typical in a high-profile case like this, Plaintiffs' attorneys have communicated with a number of confidential witnesses to develop their claims. Through these communications, Plaintiffs' counsel came into possession of the Dettmers Messages. All these communications were opinion work product because they were part of investigatory interviews. *See Hatamian*, 2016 WL 2606830, at *6 ("[E]mail communications between [the third-party witness] and [counsel] ... constitute work product and are protected from disclosure.") (quoting *Schoenmann v. Fed. Deposit Ins. Corp.*, 7 F. Supp. 3d 1009, 1014 (N.D. Cal. 2014)); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 36 (D. Me. 2010) ("When the work product at issue is interview correspondence for purposes of witness development, that communication is the work product.")

Honorable Thomas S. Hixson
September 12, 2024
Page 5

(As a collateral matter, Meta has seemed surprised that Plaintiffs' counsel would claim work product protection over communications with Mr. Heldrup given that Plaintiffs' counsel has no attorney–client relationship with him. Of course, the work product protection we claim in this dispute does not arise from Plaintiffs' counsel's relationship with Mr. Heldrup (or any other non-parties), but from Plaintiffs' counsel's relationship with our own clients.)

**Opinion work product is "virtually undiscoverable."** *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014). In *Hickman v. Taylor*, 329 U.S. 495, 509–10 (1947) an attorney's notes recording his interviews with witnesses to prelitigation conduct which gave rise to the litigation were protected from discovery. The Court reasoned that to adequately prepare for litigation, an attorney must "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 511. *Hickman* animates the reason why opinion work product is "virtually undiscoverable". *Mackay*, 742 F.3d at 860 n.3. Here, Meta attempts "without purported necessity or justification" to pierce work product protection in an effort "to secure written statements…prepared or formed by an adverse party's counsel in the course of his legal duties." *Hickman*, 329 U.S. at 510. Meta has failed to make the extremely high showing of need that would justify discovery of this "virtually undiscoverable" material. *Mackay*, 742 F.3d at 869 n.3; *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) ("A party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)3) for non-opinion work product"). As a result, Meta is not entitled to Plaintiffs' counsel's opinion work product.

**There has been no waiver of the opinion work product**. Opinion work product is discoverable by waiver only where "mental impressions are at issue in a case and the need for the material is compelling." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1124–1125 (9th Cir. 2020). Here, although Plaintiffs quoted portions of the Dettmers Messages in the FCAC, this did not put any "mental impressions" of Plaintiffs' counsel "at issue." Nor is there a compelling need. Meta's request runs squarely into a request for core work product. Meta avers today for the first time Plaintiffs' counsel's work product protection was waived because they did not serve a privilege log. That is not the law. *See Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, No. 820CV00847DOCJDEX, 2021 WL 6882375, at *3 (C.D. Cal. Dec. 6, 2021) ("[W]ork product developed once the litigation commences are presumptively privileged and need not be included on any privilege log.") (internal cites omitted).

To be clear: this dispute has never had anything to do with the behavior of Plaintiffs' counsel. Plaintiffs discovered information on a public forum that corroborated Plaintiffs' allegations that Meta knowingly used pirated copyrighted material for purposes of training its large language model. Rather than obtaining permission, Meta stole the protected material. Meta has been struggling to put the cat back in the bag and now is looking to invade Plaintiffs' work product. Meta did a shoddy job of protecting its work product and its response is to try to invade Plaintiffs'.

Meta's Motion should be denied.

Honorable Thomas S. Hixson
September 12, 2024
Page 6

/s/  Joseph R. Saveri
Joseph R. Saveri
Bryan Clobes
David A. Straite
Joseph Saveri Law Firm, LLP
Cafferty Clobes Meriwether & Sprengel
LLP
Ventura Hersey & Muller, LLP
RMP, LLP
DiCello Levitt LLP
Poynter Law Group

Attorneys for Plaintiffs

/s/ Kathleen Hartnett
Bobby Ghajar
Kathleen Hartnett
Cooley LLP

Attorneys for Defendant

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the

other signatories. I declare under penalty of perjury that the foregoing is true and correct.


Dated: September 12, 2024                          COOLEY LLP

                                                   */s/ Kathleen Hartnett*
                                                   Kathleen Hartnett

                                                   *Attorneys for Defendant*
                                                   Meta Platforms, Inc.