# EXHIBIT A

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butterricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>      *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>      *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect to the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

## REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

## RESPONSE TO REQUEST NO. 21:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:        bclobes@caffertyclobes.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect to the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

## REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

## RESPONSE TO REQUEST NO. 21:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            lkessler@saverilawfirm.com
            hbenon@saverilawfirm.com
            kmcmahon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@butcoricklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:     bclobes@caffertyclobes.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

Richard Kadrey, et al.,

    *Individual and Representative Plaintiffs,*

v.

Meta Platforms, Inc.,

          *Defendant.*

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF CHRISTOPHER GOLDEN'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendant, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession,

1  custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally

2  accessible to the Defendant in this ACTION.

3  **REQUEST FOR PRODUCTION NO. 5:**

4      All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to

5  the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

6  **RESPONSE TO REQUEST NO. 5:**

7      In addition to and without waiving the general objections set forth above, Plaintiff objects to this

8  Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the

9  phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for

10  relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the

11  term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly

12  burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

13  particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request

14  to the extent that it calls for communications subject to the attorney-client privilege, work product

15  doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this

16  Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

17      Subject to and without waiving the general and specific objections stated above, Plaintiff

18  responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will

19  meet and confer to narrow the scope of the Request.

20  **REQUEST FOR PRODUCTION NO. 6:**

21      All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about

22  generative AI.

23  **RESPONSE TO REQUEST NO. 6:**

24      In addition to and without waiving the general objections set forth above, Plaintiff objects to this

25  Request to the extent that it is vague, ambiguous, and overbroad in nature with respect to the terms

26  "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term

27  "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly

28  burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

**RESPONSE TO REQUEST NO. 20:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are

already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940
Email:       jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             tmanfredi@saverilawfirm.com
             hbenon@saverilawfirm.com
             kmcmahon@saverilawfirm.com
             acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

      *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

      *Defendant*.

Lead Case No. 3:23-cv-03417-VC

**PLAINTIFF ANDREW SEAN GREER'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

1    **REQUEST FOR PRODUCTION NO. 5:**

2         All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to

3    the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

4    **RESPONSE TO REQUEST NO. 5:**

5         In addition to and without waiving the general objections set forth above, Plaintiff objects to

6    this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the

7    phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for

8    relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the

9    term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly

10   burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

11   particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to

12   the extent that it calls for communications subject to the attorney-client privilege, work product

13   doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this

14   Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

15        Subject to and without waiving the general and specific objections stated above, Plaintiff

16   responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will

17   meet and confer to narrow the scope of the Request.

18   **REQUEST FOR PRODUCTION NO. 6:**

19        All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about

20   generative AI.

21   **RESPONSE TO REQUEST NO. 6:**

22        In addition to and without waiving the general objections set forth above, Plaintiff objects to

23   this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect to the terms

24   "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term

25   "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly

26   burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

27   particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to

28   the extent that it calls for communications subject to the attorney-client privilege, work product

1   Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff

2   further objects to this Request as unduly burdensome, not relevant to any claim or defense, and

3   disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS."

4   Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

5   privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

6   Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for

7   Production No. 19.

8        Subject to and without waiving the general and specific objections stated above, Plaintiff will

9   search for and produce relevant and responsive non-privileged documents within his possession,

10  custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of

11  Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language

12  models if they exist.

13  **REQUEST FOR PRODUCTION NO. 21:**

14       All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS

15  referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced

16  COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such

17  COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU

18  obtained such COMMUNICATIONS.

19  **RESPONSE TO REQUEST NO. 21:**

20       In addition to and without waiving the general objections set forth above, Plaintiff objects to

21  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

22  Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as

23  unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

24  particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the

25  grounds that some such documents are publicly accessible, are equally available to Defendants, or are

26  already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls

27  for documents subject to the attorney-client privilege, work product doctrine, and/or any other

28  applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                    czirpoli@saverilawfirm.com
                    cyoung@saverilawfirm.com
                    tmanfredi@saverilawfirm.com
                    hbenon@saverilawfirm.com
                    kmcmahon@saverilawfirm.com
                    acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:         mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:         bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

## REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

## RESPONSE TO REQUEST NO. 4:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect to the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

1   Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff

2   further objects to this Request as unduly burdensome, not relevant to any claim or defense, and

3   disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS."

4   Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

5   privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

6   Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for

7   Production No. 19.

8          Subject to and without waiving the general and specific objections stated above, Plaintiff will

9   search for and produce relevant and responsive non-privileged documents within his possession,

10   custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of

11   Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language

12   models if they exist.

13   **REQUEST FOR PRODUCTION NO. 21:**

14          All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS

15   referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced

16   COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such

17   COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU

18   obtained such COMMUNICATIONS.

19   **RESPONSE TO REQUEST NO. 21:**

20          In addition to and without waiving the general objections set forth above, Plaintiff objects to

21   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

22   Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as

23   unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

24   particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the

25   grounds that some such documents are publicly accessible, are equally available to Defendants, or are

26   already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls

27   for documents subject to the attorney-client privilege, work product doctrine, and/or any other

28   applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            lkessler@saverilawfirm.com
            hbenon@saverilawfirm.com
            kmcmahon@saverilawfirm.com
            acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterickaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:      bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                                    *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendant, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome.  Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession,

1  custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally

2  accessible to the Defendant in this ACTION.

3  **REQUEST FOR PRODUCTION NO. 5:**

4       All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to

5  the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

6  **RESPONSE TO REQUEST NO. 5:**

7       In addition to and without waiving the general objections set forth above, Plaintiff objects to this

8  Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the

9  phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for

10  relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the

11  term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly

12  burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

13  particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request

14  to the extent that it calls for communications subject to the attorney-client privilege, work product

15  doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this

16  Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

17       Subject to and without waiving the general and specific objections stated above, Plaintiff

18  responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will

19  meet and confer to narrow the scope of the Request.

20  **REQUEST FOR PRODUCTION NO. 6:**

21       All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about

22  generative AI.

23  **RESPONSE TO REQUEST NO. 6:**

24       In addition to and without waiving the general objections set forth above, Plaintiff objects to this

25  Request to the extent that it is vague, ambiguous, and overbroad in nature with respect the terms

26  "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term

27  "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly

28  burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS REFLECTING when and how YOU first became aware of the alleged infringement of YOUR ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models.

**RESPONSE TO REQUEST NO. 20:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                   czirpoli@saverilawfirm.com
                   cyoung@saverilawfirm.com
                   tmanfredi@saverilawfirm.com
                   hbenon@saverilawfirm.com
                   kmcmahon@saverilawfirm.com
                   acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:          bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

       *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

       *Defendant*.

Lead Case No. 3:23-cv-03417-VC

**PLAINTIFF MATTHEW KLAM'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

## REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

## RESPONSE TO REQUEST NO. 3:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in

their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

## REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

## RESPONSE TO REQUEST NO. 4:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within his possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

## REQUEST FOR PRODUCTION NO. 5:

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production Nos. 2, 3, 4, 5.

Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within his possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     (215) 864-2800
Email:          bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

            *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

                                *Defendant*.

Lead Case No. 3:23-cv-03417-VC

**PLAINTIFF LAURA LIPPMAN'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1    **RESPONSE TO REQUEST NO. 2:**

2              In addition to and without waiving the general objections set forth above, Plaintiff objects to

3    this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

4    Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request

5    as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

6    case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to

7    this Request to the extent that it calls for communications subject to the attorney-client privilege, work

8    product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to

9    this Request on the grounds that some such communications are publicly accessible, are equally

10   available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this

11   Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 3.

12             Subject to and without waiving the general and specific objections stated above, Plaintiff will

13   search for and produce relevant and responsive non-privileged communications within her possession,

14   custody, or control relating to this ACTION that are not equally accessible to the Defendants in this

15   ACTION.

16   **REQUEST FOR PRODUCTION NO. 3:**

17             All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third

18   parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not

19   limited to interviews, statements to the press, and discussions with other authors not a party to the

20   ACTION.

21   **RESPONSE TO REQUEST NO. 3:**

22             In addition to and without waiving the general objections set forth above, Plaintiff objects to

23   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

24   Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request

25   to the extent that the term "actual or potential claims against Meta" is overbroad and overly

26   burdensome.  Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or

27   defense, and disproportionate to the needs of the case, particularly because the Request seeks "All

28   COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their  possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

## REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

## RESPONSE TO REQUEST NO. 21:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butoricklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF SARAH SILVERMAN'S** |
| v. | **RESPONSES AND OBJECTIONS TO** |
| | **DEFENDANT META PLATFORMS,** |
| Meta Platforms, Inc., | **INC.'S FIRST SET OF REQUESTS FOR** |
| | **PRODUCTION OF DOCUMENTS AND** |
| *Defendant.* | **THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendant, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to this ACTION that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

1  communications subject to the attorney-client privilege, work product doctrine, and/or any other

2  applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that

3  some such documents are publicly accessible, are equally available to Defendant, or are already in their

4  possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in

5  whole or in part, of Request for Production No. 2.

6         Subject to and without waiving the general and specific objections stated above, Plaintiff will

7  search for and produce relevant and responsive non-privileged communications within her possession,

8  custody, or control, relating to this ACTION that are not equally accessible to the Defendant in this

9  ACTION.

10  **REQUEST FOR PRODUCTION NO. 4:**

11         All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third

12  parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER

13  GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and

14  discussions with other authors not a party to the ACTION.

15  **RESPONSE TO REQUEST NO. 4:**

16         In addition to and without waiving the general objections set forth above, Plaintiff objects to this

17  Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

18  Request to the extent that the term "actual or potential claims in connection with OTHER

19  GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this

20  Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

21  of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to

22  this Request to the extent that it calls for documents subject to the attorney-client privilege, work

23  product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects

24  to this Request to the extent that it is duplicative, in whole or in part, of Request for Production

25  Nos. 2, 3.

26         Subject to and without waiving the general and specific objections stated above, Plaintiff will

27  search for and produce relevant and responsive non-privileged communications within her possession,

28

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

**RESPONSE TO REQUEST NO. 20:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are

already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of the First Consolidated Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who has allegedly infringed YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendant, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff refers the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:        bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>　　　　*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>　　　　　　　　　　　　*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their  possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

1

**REQUEST FOR PRODUCTION NO. 5:**

2

3

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

4

**RESPONSE TO REQUEST NO. 5:**

5

6

7

8

9

10

11

12

13

14

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

15

16

17

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

18

**REQUEST FOR PRODUCTION NO. 6:**

19

20

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

21

**RESPONSE TO REQUEST NO. 6:**

22

23

24

25

26

27

28

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

## REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

## RESPONSE TO REQUEST NO. 21:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

1    Subject to and without waiving the general and specific objections stated above, Plaintiff will

2    produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of

3    the First Consolidated Amended Complaint.

4    **REQUEST FOR PRODUCTION NO. 22:**

5    DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to

6    enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who

7    has allegedly infringed YOUR ASSERTED WORKS.

8    **RESPONSE TO REQUEST NO. 22:**

9    In addition to and without waiving the general objections set forth above, Plaintiff objects to

10   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

11   Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to

12   the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this

13   Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

14   of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly

15   accessible, are equally available to Defendants, or are already in their possession, custody, or control.

16   Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

17   privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

18   Subject to and without waiving the general and specific objections stated above, Plaintiff refers

19   the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

20   **REQUEST FOR PRODUCTION NO. 23:**

21   All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of

22   Meta's alleged infringement of YOUR ASSERTED WORKS.

23   **RESPONSE TO REQUEST NO. 23:**

24   In addition to and without waiving the general objections set forth above, Plaintiff objects to

25   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

26   Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request

27   as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

28   case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request

1 David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
2 485 Lexington Ave., Suite 1001
New York, New York 10017
3 Tel.: (646) 933-1000
Fax: (646) 494-9648
4 *dstraite@dicellolevitt.com*

5 *Counsel for Plaintiffs and the Proposed*
*Class, Additional Counsel Listed Below*
6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10 RICHARD KADREY, SARAH SILVERMAN,          Case No. 3:23-cv-03417-VC
CHRISTOPHER GOLDEN, TA-NEHISI
11 COATES, JUNOT DÍAZ, ANDREW SEAN          **PLAINTIFF LYSA TERKEURST'S**
GREER, DAVID HENRY HWANG,                 **RESPONSES AND OBJECTIONS TO**
12 MATTHEW KLAM, LAURA LIPPMAN,             **DEFENDANT META PLATFORMS,**
RACHEL LOUISE SNYDER, JACQUELINE          **INC.'S FIRST SET OF REQUESTS FOR**
13 WOODSON, AND LYSA TERKEURST,            **PRODUCTION**

14        *Individual and Representative Plaintiffs*,

15        v.

16 META PLATFORMS, INC.;

17                              *Defendant.*

18

19 **PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

20 **RESPONDING PARTY:     Lysa TerKeurst**

21 **SET NUMBER:            One (1)**

22        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Lysa

23 TerKeurst ("Plaintiff") in the above-titled action hereby responds to Defendant Meta Platforms,

24 Inc. ("Defendant" or "Meta") First Set of Requests for Production of Documents (the "Requests").

25 An agreement by Plaintiff to search for documents does not mean that she has documents in her

26 possession, custody, or control.

27                                        1

28

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU, on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING the ACTION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

6

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER

7

1    GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this

2    Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the

3    needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff

4    objects to this Request to the extent that it calls for documents subject to the attorney-client

5    privilege, work product doctrine, and/or any other applicable privilege or protection from

6    disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part,

7    of Request for Production Nos. 2, 3.

8         Subject to and without waiving the general and specific objections stated above, Plaintiff

9    will search for and produce relevant and responsive non-privileged communications within her

10   possession, custody, or control that are not equally accessible to the Defendants in this ACTION.

11   **REQUEST FOR PRODUCTION NO. 5:**

12        All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating

13   to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

14   **RESPONSE TO REQUEST NO. 5:**

15        In addition to and without waiving the general objections set forth above, Plaintiff objects

16   to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects

17   to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only

18   search for relevant material in her care, custody, or control. Plaintiff objects to this Request to the

19   extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this

20   Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the

21   needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff

22   objects to this Request to the extent that it calls for communications subject to the attorney-client

23   privilege, work product doctrine, and/or any other applicable privilege or protection from

24   disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part,

25   of Request for Production Nos. 2, 3, 4.

26

27                                                    8

28

1       Subject to and without waiving the general and specific objections stated above, Plaintiff

2  responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff

3  will meet and confer to narrow the scope of the Request. Plaintiff will produce

4  **REQUEST FOR PRODUCTION NO. 6:**

5       All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about

6  generative AI.

7  **RESPONSE TO REQUEST NO. 6:**

8       In addition to and without waiving the general objections set forth above, Plaintiff objects

9  to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect to

10  the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that

11  the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly

12  burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case,

13  particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this

14  Request to the extent that it calls for communications subject to the attorney-client privilege, work

15  product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff

16  objects to this Request to the extent that it is duplicative, in whole or in part, of Request for

17  Production Nos. 2, 3, 4, 5.

18       Subject to and without waiving the general and specific objections stated above, Plaintiff

19  will produce responsive communications from Plaintiff, Lysa TerKeurst, whether communicated

20  individually by her, or communicated by one of her employees, agents, or representatives at her

21  direction.

22  **REQUEST FOR PRODUCTION NO. 7:**

23       All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about

24  Meta.

25  **RESPONSE TO REQUEST NO. 7:**

26

27          9

28

1   DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject

2   to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or

3   protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in

4   whole or in part, of Request for Production No. 19.

5         Subject to and without waiving the general and specific objections stated above, Plaintiff

6   will search for and produce relevant and responsive non-privileged documents within her

7   possession, custody, or control relating to when and how Plaintiff first became aware of the alleged

8   infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools,

9   platforms, or large language models if they exist.

10   **REQUEST FOR PRODUCTION NO. 21:**

11         All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS

12   referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all

13   referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained

14   such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from

15   whom YOU obtained such COMMUNICATIONS.

16   **RESPONSE TO REQUEST NO. 21:**

17         In addition to and without waiving the general objections set forth above, Plaintiff objects

18   to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects

19   to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this

20   Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the

21   needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects

22   to this Request on the grounds that some such documents are publicly accessible, are equally

23   available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to

24   this Request to the extent that it calls for documents subject to the attorney-client privilege, work

25   product doctrine, and/or any other applicable privilege or protection from disclosure.

26

27                        19

28

1    Subject to and without waiving the general and specific objections stated above, Plaintiff
2    will search for and produce relevant and responsive non-privileged documents within her
3    possession, custody, or control.

4    **REQUEST FOR PRODUCTION NO. 22:**

5    DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf,
6    to enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone
7    who has allegedly infringed YOUR ASSERTED WORKS.

8    **RESPONSE TO REQUEST NO. 22:**

9    In addition to and without waiving the general objections set forth above, Plaintiff objects
10    to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects
11    to this Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to
12    this Request to the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff
13    further objects to this Request as unduly burdensome, not relevant to any claim or defense, and
14    disproportionate to the needs of the case. Plaintiff objects to this Request on the grounds that some
15    such documents are publicly accessible, are equally available to Defendants, or are already in their
16    possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for
17    documents subject to the attorney-client privilege, work product doctrine, and/or any other
18    applicable privilege or protection from disclosure.

19    Subject to and without waiving the general and specific objections stated above, Plaintiff
20    will search for and produce relevant and responsive non-privileged documents within her
21    possession, custody, or control.

22    **REQUEST FOR PRODUCTION NO. 23:**

23    All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of
24    Meta's alleged infringement of YOUR ASSERTED WORKS.

25    **RESPONSE TO REQUEST NO. 23:**

26

27                                              20

28

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

        *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

        *Defendant*.

Lead Case No. 3:23-cv-03417-VC

**PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**RESPONSE TO REQUEST NO. 2:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such communications are publicly accessible, are equally available to Defendants, or are already in the possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 3:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "authors" is vague and ambiguous. Plaintiff objects to this Request to the extent that the term "actual or potential claims against Meta" is overbroad and overly burdensome.  Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for

communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control, relating to this ACTION that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION.

**RESPONSE TO REQUEST NO. 4:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "actual or potential claims in connection with OTHER GENERATIVE AI LITIGATION," is overbroad and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control regarding Plaintiff's decision to be named Plaintiff in this Action that are not equally accessible to the Defendants in this ACTION.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to the phrase "individuals acting on YOUR behalf" as vague and ambiguous. Plaintiff will only search for relevant material in his care, custody, or control. Plaintiff objects to this Request to the extent that the term "generative AI tools" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff responds OTHER GENERATIVE AI LITIGATION is not relevant to this ACTION and Plaintiff will meet and confer to narrow the scope of the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS CONCERING YOUR statements, opinions, and/or views about generative AI.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature with respect the terms "statements, opinions, and/or views." Plaintiff objects to this Request to the extent that the term "generative AI" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All COMMUNICATIONS." Plaintiff objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Request to the extent that the term "YOU first became aware of" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request For Production No. 19.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control relating to when and how Plaintiff first became aware of the alleged infringement of Plaintiff's ASSERTED WORKS by THIRD PARTY generative AI tools, platforms, or large language models if they exist.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and from whom YOU obtained such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "obtained" is vague. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All DOCUMENTS." Plaintiff objects to this Request on the grounds that some such documents are publicly accessible, are equally available to Defendants, or are already in their possession, custody, or control. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

1    Subject to and without waiving the general and specific objections stated above, Plaintiff will

2   produce, upon receipt from EleutherAI, the Discord chat messages referenced in paragraphs 55–62 of

3   the First Consolidated Amended Complaint.

4   **REQUEST FOR PRODUCTION NO. 22:**

5    DOCUMENTS sufficient to show YOUR efforts, or the efforts by those on YOUR behalf, to

6   enforce claimed rights under the Copyright Act in YOUR ASSERTED WORKS against anyone who

7   has allegedly infringed YOUR ASSERTED WORKS.

8   **RESPONSE TO REQUEST NO. 22:**

9    In addition to and without waiving the general objections set forth above, Plaintiff objects to

10   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

11   Request to the extent that the term "efforts" is vague and ambiguous. Plaintiff objects to this Request to

12   the extent that the term "YOUR behalf" is ambiguous and overbroad. Plaintiff further objects to this

13   Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

14   of the case. Plaintiff objects to this Request on the grounds that some such documents are publicly

15   accessible, are equally available to Defendants, or are already in their possession, custody, or control.

16   Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client

17   privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure.

18    Subject to and without waiving the general and specific objections stated above, Plaintiff refers

19   the propounding party to *In Re OpenAI ChatGPT Litigation*, Lead Case No. 3:23-cv-03223-AMO.

20   **REQUEST FOR PRODUCTION NO. 23:**

21    All DOCUMENTS supporting YOUR contention that YOU sustained injury as a result of

22   Meta's alleged infringement of YOUR ASSERTED WORKS.

23   **RESPONSE TO REQUEST NO. 23:**

24    In addition to and without waiving the general objections set forth above, Plaintiff objects to

25   this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

26   Request to the extent that the term "sustained injury" is vague. Plaintiff further objects to this Request

27   as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the

28   case, particularly because the Request seeks "All DOCUMENTS." Plaintiffs also object to the Request