# EXHIBIT B

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs,* | Related Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| Meta Platforms, Inc., | |
| *Defendant.* | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

Lead Case No. 3:23-cv-03417-VC                                5

PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
                 mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

        *Individual and Representative Plaintiffs,*

v.

Meta Platforms, Inc.,

        *Defendant.*

Lead Case No. 3:23-cv-03417-VC
Related Case No. 4:23-cv-06663

**PLAINTIFF JUNOT DIAZ'S RESPONSES
AND OBJECTIONS TO DEFENDANT
META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

1    **REQUEST FOR PRODUCTION NO. 36:**

2           Produce all COMMUNICATIONS on any email or social media account YOU identified in

3    response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action,

4    YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6           In addition to and without waiving the general objections set forth above, Plaintiff objects to

7    this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

8    Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

9    of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the

10   Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the

11   defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant

12   and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired,

13   retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for

14   documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable

15   privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not

16   proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense

17   outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to

18   Interrogatory No 14.

19          Subject to and without waiving the general and specific objections stated above, Plaintiff is

20   willing to meet and confer with Meta regarding the scope of this request.

21   **REQUEST FOR PRODUCTION NO. 37:**

22          Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in

23   response to Interrogatory No 16.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

25          In addition to and without waiving the general objections set forth above, Plaintiff objects to

26   this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

27   objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             hbenon@saverilawfirm.com
             acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butboterlaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>         *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

1

**REQUEST FOR PRODUCTION NO. 36:**

2

3

4

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6

7

8

9

10

11

12

13

14

15

16

17

18

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

19

20

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

21

**REQUEST FOR PRODUCTION NO. 37:**

22

23

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

25

26

27

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>    *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 31:

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs,* | Related Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| Meta Platforms, Inc., | |
| *Defendant.* | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

1 **REQUEST FOR PRODUCTION NO. 36:**

2         Produce all COMMUNICATIONS on any email or social media account YOU identified in

3 response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action,

4 YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6         In addition to and without waiving the general objections set forth above, Plaintiff objects to this

7 Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

8 Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

9 of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the

10 Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the

11 defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant

12 and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired,

13 retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for

14 documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable

15 privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not

16 proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense

17 outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to

18 Interrogatory No 14.

19         Subject to and without waiving the general and specific objections stated above, Plaintiff is

20 willing to meet and confer with Meta regarding the scope of this request.

21 **REQUEST FOR PRODUCTION NO. 37:**

22         Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in

23 response to Interrogatory No 16.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

25         In addition to and without waiving the general objections set forth above, Plaintiff objects to this

26 Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

27 objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

1  **REQUEST FOR PRODUCTION NO. 36:**

2      Produce all COMMUNICATIONS on any email or social media account YOU identified in

3  response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action,

4  YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6      In addition to and without waiving the general objections set forth above, Plaintiff objects to

7  this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this

8  Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs

9  of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the

10  Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the

11  defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant

12  and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired,

13  retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for

14  documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable

15  privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not

16  proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense

17  outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to

18  Interrogatory No 14.

19      Subject to and without waiving the general and specific objections stated above, Plaintiff is

20  willing to meet and confer with Meta regarding the scope of this request.

21  **REQUEST FOR PRODUCTION NO. 37:**

22      Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in

23  response to Interrogatory No 16.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

25      In addition to and without waiving the general objections set forth above, Plaintiff objects to

26  this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff

27  objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
                 mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:     mb@butterickllaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>          *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Related Case No. 4:23-cv-06663 <br><br> **PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

       *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

       *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Related Case No. 4:23-cv-06663

**PLAINTIFF RACHEL LOUISE SNYDER'S
RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
THINGS**

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,

1  David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
2  485 Lexington Ave., Suite 1001
New York, New York 10017
3  Tel.: (646) 933-1000
Fax: (646) 494-9648
4  *dstraite@dicellolevitt.com*

5  *Counsel for Plaintiffs and the Proposed*
*Class, Additional Counsel Listed Below*
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10 RICHARD KADREY, SARAH SILVERMAN,     Case No. 3:23-cv-03417-VC
   CHRISTOPHER GOLDEN, TA-NEHISI
11 COATES, JUNOT DÍAZ, ANDREW SEAN      **PLAINTIFF LYSA TERKEURST'S**
   GREER, DAVID HENRY HWANG,            **RESPONSES AND OBJECTIONS TO**
12 MATTHEW KLAM, LAURA LIPPMAN,         **DEFENDANT META PLATFORMS,**
   RACHEL LOUISE SNYDER, JACQUELINE     **INC.'S SECOND SET OF REQUESTS**
13 WOODSON, AND LYSA TERKEURST,         **FOR PRODUCTION**

14      *Individual and Representative Plaintiffs*,

15           v.

16 META PLATFORMS, INC.;

17                            *Defendant.*

18

19 **PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

20 **RESPONDING PARTY:     Lysa TerKeurst**

21 **SET NUMBER:            Two (2)**

22        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Lysa

23 TerKeurst ("Plaintiff") in the above-titled action hereby responds to Defendant Meta Platforms,

24 Inc. ("Defendant" or "Meta") Requests for Production of Documents, Set Two (the "Requests").

25 An agreement by Plaintiff to search for documents does not mean that she has documents in her

26 possession, custody, or control.

27                                          1

28

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is overbroad in nature and unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . COMMUNICATIONS." Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request to the extent that the term "projection of sales (by dollar amount and

6

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature in that it seeks "all Documents." Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request is unlimited in temporal scope. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Requests for Production Nos. 8 and 15. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 13.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents within her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is overbroad in nature and unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "all COMMUNICATIONS." Plaintiff further objects to this Request as overbroad in nature and unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, to the extent it seeks all "COMMUNICATIONS" related to Meta in any way, regardless of whether they pertain to this Action. Plaintiff further objects to this Request to the extent that it calls for communications subject to the attorney-client privilege, work product

9

doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that some of the requested communications are publicly accessible, are equally available to Defendant, or are already in the possession, custody, or control of Defendant. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production No. 2, 13 and 14. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged communications within her possession, custody, or control relating to this ACTION, Meta's AI products or services, and/or the license of Plaintiff's asserted works, that are not equally accessible to the Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff further objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request is unlimited in temporal scope. Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Requests for Production Nos. 8 and 15. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 16.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly because the Request seeks "All . . . Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request for Production Nos. 2, 3, and 4.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce relevant and responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any projection of sales (by dollar amount and volume) prepared or received by YOU, relating to YOUR ASSERTED WORKS from prior to the first publication of YOUR ASSERTED WORKS through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe "You" and "Your" as referring to

**REQUEST FOR PRODUCTION NO. 36:**

Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, and overbroad in nature. Plaintiff objects to this Request as unduly burdensome, not relevant to any claim or defense, and disproportionate to the needs of the case, particularly in terms of the period of time set forth in the request. Plaintiff objects to the Request as overbroad because it calls for production of "all Communications." Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff also hereby incorporates by reference Plaintiff's objections to Interrogatory No 14.

Subject to and without waiving the general and specific objections stated above, Plaintiff is willing to meet and confer with Meta regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 37:**

Produce DOCUMENTS sufficient to IDENTIFY each alleged market that YOU identified in response to Interrogatory No 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request because it prematurely seeks information that is the subject of expert testimony. Plaintiff objects to this Request to the extent that it calls for documents subject to the attorney-client privilege,