# EXHIBIT D

| | |
|---|---|
| **From:** | Hartnett, Kathleen |
| **Sent:** | Thursday, February 8, 2024 3:28 PM |
| **To:** | Holden Benon; Ghazarian, Colette A; Ghajar, Bobby A.; Weinstein, Mark; Lauter, Judd; Stameshkin, Liz |
| **Cc:** | Christopher Young; Aaron Cera; Joseph Saveri; Ruby Ponce; Cadio Zirpoli; Matthew Butterick |
| **Subject:** | RE: Kadrey et al. v. Meta \| Paragraphs 55-63 of the First Consolidated Amended Complaint |

Holden,

Thank you for your email, which we have reviewed and discussed with our client.

As we have explained, Meta was not aware that its privileged material had been disclosed on Discord until excerpts of that material were included in the publicly filed Amended Complaint on December 11, 2023. As you also know, the relevant Discord communications are no longer accessible via the Discord interface. Thus, in my December 20, 2023 letter to Plaintiffs' counsel regarding Meta's privilege assertion, I requested as follows: "please provide us with copies of the Discord communications underlying the allegations of Paragraphs 52-62 of the FCAC (including screenshots or complete versions of the referenced discussion(s))." A response letter from Plaintiffs' counsel dated December 21, 2023 did not address this request for the full Discord communications.

On January 9, 2024, Plaintiffs' counsel sent a follow-up email regarding the privilege issue. I responded on January 10, 2024, reporting that Meta's investigation was continuing. I again requested the full Discord communications at issue: "In the meantime, as we requested in our letter, could you please provide us with a copy of the full Discord communications referenced in the FCAC? Currently we only have the excerpts from the FCAC, and the full communications are needed to fully inform this issue."

Plaintiffs' counsel did not respond to this request until your email below, dated February 2, 2024, for the first time informing us that Plaintiffs were withholding the "materials we have uncovered evidencing the Discord communications" as "protected attorney work product." No explanation has been provided to substantiate that assertion. Nor has it been explained how such withholding can be squared with Plaintiffs' use of the Discord communications in the Amended Complaint. Moreover, at a minimum, the documents at issue should be produced in redacted form so that the Discord communications themselves (which are not subject to any privilege other than that claimed by Meta) are made available.

You also state in your February 2 email that "Meta still has not sought production of the communications from EleutherAI when Meta has had ample time to do so. Indeed, Meta could have done so months ago, or at the latest, when they read about the communications in the FCAC." However, a party to litigation has a responsibility to seek discovery from the counterparty before burdening a third party with discovery requests. That is what Meta did here, asking Plaintiffs for the Discord communications that they clearly possessed (given the content of the Amended Complaint), and awaiting Plaintiffs' provision of that material. Because at no point until your February 2 email did Plaintiffs' counsel take the position that they would not produce the Discord communications, we have not to date burdened EleutherAI with a subpoena.

Notably, when we reached out to EleutherAI upon learning of the communications alleged in the Amended Complaint, we were informed that Mr. Butterick had previously reached out to EleutherAI and that Mr. Butterick had sent EleutherAI copies of Discord screenshots as examples of the types of communications Plaintiffs were seeking. We therefore know that Plaintiffs have at least some Discord screenshots that they have shared with a third party, which

should be shared in full with us. To the extent that plaintiff has additional Discord screenshots or content other than that shared with EleutherAI, please let us know and whether you will share those.

As of now, the unredacted Amended Complaint remains locked by the Court, and as far as we are aware, Plaintiffs have respected the requests made in our December letter.  Therefore, because we want to know exactly what was said on Discord, rather than the paraphrases and excerpts in the Amended Complaint, and because we also want to know the full context of the communications, we renew our request for the Discord communications underlying the allegations in the Amended Complaint.  We can then meet and confer to inform you of the results of our diligence, discuss our basis for the privilege assertion and lack of waiver, proceed with the appropriate motion if necessary.

We are available to discuss.

Thank you,
Kathleen


Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Friday, February 2, 2024 6:28 PM
**To:** Ghazarian, Colette A <cghazarian@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Cc:** Christopher Young <cyoung@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Ruby Ponce <rponce@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>
**Subject:** Kadrey et al. v. Meta | Paragraphs 55-63 of the First Consolidated Amended Complaint

**[External]**

---

Counsel,

We write to follow up regarding Meta's assertion that paragraphs 55-63 of the First Consolidated Amended Complaint in this action are privileged.

We looked into your request for "copies of the Discord communications underlying the allegations of Paragraphs 52-63 of the FCAC (including screenshots or complete versions of the referenced discussion(s))." What materials we have uncovered evidencing the Discord communications constitute protected attorney work product. Further, Meta still has not sought production of the communications from EleutherAI when Meta has had ample time to do so. Indeed, Meta could have done so months ago, or at the latest, when they read about the communications in the FCAC.

Plaintiffs also reiterate their requests for all material facts as to why Meta believes the information contained in paragraphs 55-63 are properly protected. (As you know, those requests were set forth in Attachment A to our December 21, 2023 letter to you.) We do not believe that the lack of access to the communications themselves should prove such an impediment to investigating the claim of privilege

2

Meta has access to the contents through the allegations in the FCAC and access to Mr. Dettmers himself. Meta has since had over 5 weeks to gather information responsive to those requests. Plaintiffs will take Meta's silence to mean it has no such information to provide Plaintiffs in response to their requests.

As you know, Meta bears the burden to show the privilege applies. *See, e.g.*, *Brinker v. Normandin's*, No. 14CV03007EJDHRL, 2016 WL 270957, at *2 (N.D. Cal. Jan. 22, 2016). Thus, we ask that Meta propose a briefing schedule for what we presume will be Meta's motion for a protective order to resolve this issue.

If we do not hear from you by 5pm next Thursday, Plaintiffs will proceed with seeking resolution of these issues under the procedures set forth in the Court's protective order.

Thank you,

Holden