UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al., <br>           Plaintiffs, <br>     v. <br> META PLATFORMS, INC., et al., <br>           Defendants. | Case No. 23-cv-03417-VC (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 142 |

Meta moves to compel Plaintiffs to produce documents responsive to its request for production ("RFP") 1: "Complete copies of copyright registrations and deposit material for each of YOUR ASSERTED WORKS." ECF No. 142. This is a strange discovery dispute because Meta seeks an order requiring Plaintiffs to produce the requested documents that are "within their possession, custody, or control," *id*. at 3, while Plaintiffs say they have already done that. *Id*. Plaintiffs say that any copyright materials they don't have are likely in the hands of their publishers, over which they do not have control. *Id*. at 4. Plaintiffs say that notwithstanding this, they have requested copies of certificates of registration from the Copyright Office and will produce them once received. *Id*. at 5. They also say they are inquiring with their agents, but the consensus thus far is that the copyright materials are in the publishers' hands. Meta is skeptical, wanting to know which agents were spoken to, and generally disbelieving that Plaintiffs lack the ability to get their filing particulars from their publishers. *Id*. at 2.

Discovery disputes like this one are hard to resolve when they are presented without any evidence. For example, there is no deposition testimony or documentary evidence presented establishing what rights Plaintiffs do or do not have to get copyright materials from their publishers. The Court therefore can't make a finding about whether copyright materials in the

possession of the publishers are nonetheless within the "control" of the Plaintiffs. The Court also can't make a finding that Plaintiffs did or did not try hard enough to get the copyright materials, without any deposition testimony establishing what they did.

Accordingly, the Court will simply tell Plaintiffs what their legal obligation is, and then it is up to them to comply if they have not done so already. The Court **GRANTS** Meta's motion to compel and **ORDERS** Plaintiffs to produce documents responsive to RFP 1 that are within their possession, custody, or control by September 30, 2024. If they have already done this, then they have nothing more to do.

The Court realizes that September 30 is the current close of fact discovery, so this production deadline may mean that the documents are produced after Plaintiffs have been deposed. That's why you shouldn't wait until 18 days before the close of fact discovery to move to compel on an RFP you served eight months so. As the Court remarked in ECF No. 139, "[i]In general, if you want to actually have the documents by the time you take a deposition, you would bring a motion to compel sooner than this." Plaintiffs are also under discovery obligations as a result of the order at ECF No. 139, and depositions are apparently "occurring throughout next week." ECF No. 142 at 1. With the case in a busy phase right now, Plaintiffs and their counsel need a reasonable amount of time to determine whether each of the Plaintiffs has diligently searched for responsive documents that are within their possession, custody, or control, and if that has not happened yet, then to complete that diligent search and produce them.

**IT IS SO ORDERED.**

Dated: September 13, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge