# EXHIBIT A

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     cyoung@saverilawfirm.com
                     hbenon@saverilawfirm.com
                     acera@saverilawfirm.com
                     mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:            mb@buttericklaw.com


Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (215) 864-2800
Email:            bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>    *Individual and Representative Plaintiff*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    *Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' REPLY TO DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO ECF 129** |

In opposing Plaintiffs' Motion for an Extension of Time to Complete Discovery ("Motion"), Meta seeks to get away with classic discovery gamesmanship. Though discovery has been open for months, Meta dumped over 12,000 documents, approximately 75% of their production, on July 15, 2024, the last day for substantial completion (and less than 60 days before the discovery cut off). Plaintiffs promptly attempted to schedule depositions, identify additional custodians, identify and address problems in the production, review Meta's defective privilege logs and expand discovery limits to address the needs of this complex important case. As noted below, the list goes on. Meta's last-minute discovery failings have continued as recently as 5pm today when Meta acknowledged a re-review of all its redactions across its full production was in order. Rather than cooperate with Plaintiffs (e.g., by stipulating to an extension), Meta demands adherence to the current schedule, creating chaos and imposing unnecessary burdens on the parties as they scramble to schedule **approximately 20 depositions across the country and in Europe in just 11 business days.** It is contrary to the interests of justice for a case of this magnitude and importance, *the outcome of which could help set the rules for a generation,* to proceed in a disorderly frenzy, as Meta apparently prefers. The schedule that Plaintiffs propose is an aggressive one that would nonetheless allow the parties to proceed in an orderly fashion. Indeed, Meta's approach would likely serve as a blueprint for future litigants in other cases. Meta should not be rewarded. The Court should grant the Motion.

Recent developments underscore why Plaintiffs' motion should be granted. Since Plaintiffs first filed their motion to extend the discovery deadline, Plaintiffs have continued their diligent efforts to complete discovery. In so doing, Plaintiffs have identified additional deficiencies in Meta's production that require remedial measures.

Subsequently, and consistent with Magistrate Judge Hixson's orders, Plaintiffs provided

Meta with the names of ten witnesses that Plaintiffs wish to depose prior to the operative September 30 discovery cutoff. This does not include a number of witnesses that Meta has identified in its Rule 26 disclosures as having relevant evidence or information. As recently as 5:00pm on the day of this filing, Meta provided Plaintiffs with dates in the last week of September on which three of Defendant's witnesses are available. In that communication, Meta advised Plaintiffs that two other Meta witness depositions will need to take place in Europe this month on unspecified dates. Meta has yet to provide dates for depositions or locations for depositions of four witnesses. Even under the schedule, witnesses will be deposed on the same day in different corners of the country and in Europe, forcing the parties to spread their resources unnecessarily. In addition, Meta CEO Mark Zuckerberg, who has direct personal knowledge of the facts of this case, as articles in the New York Times show, has apparently refused to testify, citing the so-called apex doctrine. This will require meeting and conferring and further briefing before the September 30 deadline.

Meta also fails to mention that Meta refused to advise whether potential witnesses were current or former employees, and in the case of former employees, whether they were represented by the Cooley firm. This information was only disclosed this week after it was ordered by the Magistrate Judge Hixson. Meta complied on September 10, 2024.

As of the date of this filing, and in the course of preparing for depositions that are now imminent, Plaintiffs have discovered that Meta designated nearly every single page of its production as "Highly Confidential – Attorneys' Eyes Only." Clearly, this violates the terms and intent of the protective order in this case. In the ordinary case, this would be problematic, but here, given the governing protective order, this has created substantial and unnecessary burden and prejudice on the eve of depositions. For example, under the terms of the operative protective

order, Plaintiffs' Counsel are unable to show their witnesses any document inappropriately designated. ECF No. 90, ¶ 7.3.

Further, Meta still has not made good on promises to correct obvious deficiencies in its document production, further hindering Plaintiffs' ability to prepare their case. For example:

- Meta still has not provided Plaintiffs with legible documents despite Plaintiffs' August 22 request for text files that would address this issue. Some or all of these documents will be exhibits for the depositions beginning next week.
- Since August 22, Meta has failed to comply with Plaintiffs' request for hyperlinks or filepath destinations.
- Meta has failed to correct improper and/or inconsistent redactions identified by Plaintiffs. Such problems continue to be revealed as Plaintiffs continue to review Meta's production.

On September 6, Plaintiffs brought to Meta's attention deficiencies in its privilege log. At 5pm today, Meta, acknowledging those deficiencies, agreed to conduct a full re-review of all of the dozens of redactions across its full production. In its Opposition, Meta blamed Plaintiffs for this. Today, Meta agreed it had to correct it.

Once again, though Meta boasts of meeting its substantial completion and privilege log deadline in its Opposition, this is only after *Plaintiffs* granted Meta an extension. With those extensions in hand, Meta then sought to limit Plaintiffs' opportunity to review the substantial tardy production and the tardy—and now admittedly deficient—privilege log. It is inconsistent with basic principles of fairness and professionalism to ask for an extension from an adversary and then having received it, to try to exploit it. Indeed, the Opposition ignores the fact that Plaintiffs granted all of Meta's requests for extensions, consistent with this District's Guidelines

for Professional Conduct.

While Meta claims Plaintiffs are refusing to provide deposition dates for their own depositions to manufacture artificial delay, this is untrue. Plaintiffs are making every effort to complete discovery, including depositions. Plaintiffs have provided dates within the discovery period for Plaintiffs' depositions. Indeed, Plaintiffs provided dates for depositions of 10 Plaintiffs all within two-and-a-half weeks of receiving their notices of depositions.[1]

Following a hearing with Magistrate Judge Hixson, on September 12, Plaintiffs provided Meta with the names of deponents, consistent with the Rule 30 ten deposition limit. Today, Meta for the first time gave deposition dates for three witnesses and still has not provided depositions for the others. Meta seeks to have multiple depositions taken every day the last week in September at various at undetermined locations across the United States and in Europe. All of these depositions in such a short time would be unnecessary in the event the Court grants the Plaintiffs' requested extension.

Moreover, Meta still has not replied to Plaintiffs' repeated requests for designating additional custodians, despite the procedure for doing so in the parties' ESI order, and despite Plaintiffs' repeated attempts to meet and confer. Notably, while reviewing Meta's voluminous document production, Plaintiffs identified 13 largely low-level additional custodians (Plaintiffs *sua sponte* narrowed their list to 8), consistent with the stipulated ESI Order. Meta, however, has refused to cooperate or meet and confer. As is common, Plaintiffs should have documents from those low-level-employee-custodians and depose them before turning to the higher-level employees that are the current custodians that Meta hand-selected.

Meta criticizes Plaintiffs for filing a motion to expand discovery limits. Of course, that is

---

[1] One of those is in the process of being rescheduled due to illness.

the procedure the Federal Rules contemplate. Magistrate Judge Hixson denied Plaintiffs' Motion only because of the pendency of the Court's ruling on this Motion, which he recognizes will govern these discovery scheduling and limits issues. *Id.* As stated in that order: "The Court will *sua sponte* reconsider [the] discovery order if the close of fact discovery changes." *Id.* Magistrate Judge Hixson expressed no view on the merits and is simply awaiting a ruling on the underlying motion before the Court.

Overall, Meta's refusal to extend the deadline has engendered and will engender substantial unnecessary motion practice, including motion practice that could have been avoided, thus multiplying the proceedings and increasing the burden on expense on the parties.

Plaintiffs respectfully request the Court grant the motion to extend the discovery schedule and permit the case to proceed in an orderly, fair fashion, consistent with due process. *See* Fed. R. Civ. Pro. 1 (the Federal Rules "should be construed, administered, and employed … to secure the just, speedy and inexpensive, determination of action and proceeding.").

Dated: September 13, 2024          By:     */s/ Joseph R. Saveri*
                                                                                   Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:     jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice forthcoming*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:     bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone:     (408) 512-3022
Facsimile:     (408) 512-3023
Email:         dmuller@venturahersey.com

Brian O'Mara
David A. Straite
**DICELLO LEVITT LLP**
4747 Executive Drive, 2nd Floor
San Diego, California 92121
Telephone:     (619) 923-3939
Email:         bomara@dicellolevitt.com
               dstraite@dicellolevitt.com

Adam J. Levitt
Amy E. Keller
James A. Ulwick
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone:     (312) 214-7900
Email:         alevitt@dicellolevitt.com
               akeller@dicellolevitt.com
               julwick@dicellolevitt.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*