COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>  Individual and Representative Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                              Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE A REPLY (ECF 148) IN SUPPORT OF MOTION TO MODIFY CASE DEADLINES (ECF 129)**<br><br>Discovery Cut-Off: September 30, 2024<br>Date Action Filed: July 7, 2023 |

Defendant Meta Platforms, Inc. ("Meta") respectfully files this opposition to Plaintiffs' motion for leave to file a reply (Dkt. 148) in support of their last-minute motion to extend all case deadlines by 97 days (Dkt. 129). Meta does not seek to burden the Court with an additional filing, but Plaintiffs' proposed reply brief contains numerous inaccurate and misleading statements, falsely accusing Meta of "classic discovery gamesmanship," "last-minute discovery failings," and "creating chaos and imposing unnecessary burdens," Dkt. 148-2 at 1, all to distract from Plaintiffs' own lack of diligence. Put simply, the current "scramble" in advance of the September 30 fact discovery cutoff, *id.*, is a problem of Plaintiffs' own making, as they failed to timely provide dates for Plaintiffs' depositions and failed to timely identify Meta witnesses for deposition. *See* Dkt. 137. If anything, the factual developments since the briefing of Plaintiffs' motion to extend the case deadlines only further reinforce that Plaintiffs' motion should be denied. Plaintiffs' request to file a reply also should be denied; if the Court allows the reply, Meta requests that the Court consider Meta's submission in this opposition as its substantive response to the reply.[1]

Plaintiffs' motion for leave should be denied because, as summarized herein, the reply is inaccurate, misleading, and thus unhelpful to the Court. It also largely raises purported discovery disputes that should be the subject of meet and confer efforts, and if necessary, resolution by Judge Hixson—not a one-sided, misleading presentation to the Court in the first instance. Meta addresses these issues here only to show the inappropriateness and inaccuracy of the proposed reply:

- Plaintiffs insinuate that Meta has delayed in providing deposition dates for Meta witnesses, including by providing some dates "[a]s recently as 5:00pm on the day of this filing," Friday September 13, and by not yet providing dates for all witnesses. Dkt. 148-2 at 2. But Plaintiffs fail to inform the Court that they did not provide a list of their remaining eight proposed witnesses until **after 10 p.m.** on Thursday, September 12—the day before they filed their administrative motion on September 13—and unreasonably asked for Meta's response by Monday, September 16. *See* Hartnett Decl. ¶ 3 & **Ex. A** (parties' email exchange). Meta

---

[1] Plaintiffs' motion is procedurally improper as it does not comply with Civil L.R. 7-11(a), which requires motions for administrative relief to be accompanied by a stipulation or declaration that explains why a stipulation could not be obtained. Plaintiffs filed their administrative motion late on a Friday night without alerting Meta or seeking to meet and confer. Hartnett Decl. ¶ 2.

responded the next day, on September 13. *See id.* Inexplicably, prior to September 12, Plaintiffs refused to identify deponents within the 10-deposition limit. *See* Dkt. 143 at 8.

- Plaintiffs say they are waiting for a Rule 30(b)(6) witness from Meta, but they have not served a Rule 30(b)(6) deposition notice, despite Meta's repeated requests. Hartnett Decl. ¶ 3 & **Ex. A**. A Rule 30(b)(6) notice is not a mere formality, but "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Meta cannot identify the proper designee(s) under Rule 30(b)(6) until Plaintiffs identify those matters, and thus the deposition cannot be scheduled until Plaintiffs do so. *See* Hartnett Decl. ¶ 3 & **Ex. A**. Meta has requested that Plaintiffs serve their Rule 30(b)(6) notice no fewer than four times since September 5, including on Friday, September 13, when Meta again urged Plaintiffs to provide Rule 30(b)(6) topics in advance of the September 17, 2024 deposition of Meta employee Melanie Kambadur, a likely Rule 30(b)(6) witness. *See id.*

- Plaintiffs claim that, absent a court order, "Meta refused to advise whether potential witnesses were current or former employees, and in the case of former employees, whether they were represented." Dkt. 148-2. This is false. On September 6, Meta ***voluntarily*** informed Plaintiffs whether their list of ***28*** Meta potential witnesses were current or former employees (which information is also a matter of public record)—one day after Plaintiffs requested that information. *See* Hartnett Decl. ¶ 4. Meta also told Plaintiffs on September 10 that it does not currently represent any former employees with one identified exception. *See id.* Thus, Meta promptly complied with Plaintiffs' requests and, in any event, this issue did not preclude Plaintiffs from discovery.

- Plaintiffs seek to delay proceedings by claiming a need for the deposition of Meta's CEO, Mark Zuckerberg, by reference to a *New York Times* article from ***April 2024***. *See* Dkt. 148-2 at 2; Dkt. 143 at 5. Despite apparently knowing of Mr. Zuckerberg's claimed relevance for months, Plaintiffs did not identify Mr. Zuckerberg as one of their ten deponents until Thursday, September 12, *see* Hartnett Decl. ¶ 3 & **Ex. A**. The parties' dispute regarding Mr. Zuckerberg's proposed deposition, which has not yet ripened as the parties have not yet met and conferred on the issue, is appropriately directed to Judge Hixson in the first instance and is not properly

before the Court.  As necessary, Meta will present to Judge Hixson the reasons why this requested deposition is unnecessary, harassing, and otherwise unwarranted.

- Plaintiffs allege, incorrectly, and for the first time in their proposed reply brief, that Meta has engaged in improper confidentiality designations. *See* Dkt. 148-2 at 2-3.  Plaintiffs fail to mention that it has had the documents at issue since at least July 15 and that they have never previously raised this issue with Meta or Judge Hixson. *See* Hartnett Decl. ¶ 5.  The protective order entered in this case has specific provisions for challenging confidentiality designations, *see* Dkt. 90 at ¶¶ 6.2, 6.3, but Plaintiffs have not yet invoked these provisions and their proposed reply disregards them.  The protective order also has provisions allowing Plaintiffs' counsel to show Highly Confidential – Attorneys' Eyes Only material to experts and witnesses with knowledge of the document, *see id.* ¶¶ 7.3, 7.4, and it is thus unclear how their deposition preparation could be impaired as they claim. Dkt. 148-2 at 2-3.  Meta will meet and confer on any such issue, and it is improper for Plaintiffs to raise this meritless complaint here.

- Plaintiffs make immaterial complaints about Meta's document production—issues that regularly arise in cases involving voluminous production—such as a few allegedly illegible documents, a few missing hyperlinks, and a few redaction issues. *See id.* at 3.  Plaintiffs fail to inform the Court that Meta has been diligently addressing these minor issues as Plaintiffs have raised them, *see* Hartnett Decl. ¶ 6, and, if ultimately unresolved, any of these issues should be addressed to Judge Hixson in the first instance (and should have been addressed sooner).

- Plaintiffs claim that Meta has "acknowledge[ed] deficiencies" in its privilege log. Dkt. 148-2 at 3.  This is false.  Meta has explained to Plaintiffs why their privilege log complaints are baseless and ignore information in the log, and otherwise have promptly responded to all of Plaintiffs' inquiries. *See* Hartnett Decl. ¶ 7.  As a courtesy, Meta has agreed to re-review all its redactions. *See id.*  And, as Meta has explained, **only two of 12 Plaintiffs** have provided a privilege log to date, despite a privilege log exchange date of August 30. Dkt 137 at 3.

- Plaintiffs claim that "Meta dumped over 12,000 documents, approximately 75% of their production, on July 15, 2024, the last day for substantial completion." Dkt. 148-2 at 1.  This was not a document "dump," but in any event, the documents were produced over two months

ago and plaintiffs have had more than ample time to review the production and raise any issues with Meta and Judge Hixson. *See* Dkt. 137 at 3.

- Plaintiffs complain about their as-yet unresolved request for additional ESI custodians, but fail to inform the Court that they did not raise that issue until August 23, 2024, having had Meta's custodian list and initial disclosures since May and Meta's substantially completed document production since mid-July; *see* Hartnett Decl. ¶ 8; that the parties are continuing to meet and confer on that issue, *see id.*; and that under the ESI Order, any dispute is not ripe and is properly presented to Judge Hixson in the first instance, *see* Dkt. 101 ¶ 6(b).

Also omitted from Plaintiffs' filing are the following developments since filing their motion to extend all case deadlines by 97 days:

- On September 13, Judge Hixson denied Plaintiffs' motion to expand depositions from 10 to 35 depositions or 180 hours per side plus Rule 30(b)(6) and unlimited third-party depositions. Dkt. 146. As he put it: "since Plaintiffs have taken zero depositions, the 35 party depositions (plus non-party depositions), or alternatively the 180 hours of deposition testimony, would all have to occur in the second half of September, which is obviously impossible." *Id.* at 1.[2]
- On September 11 and 13, Judge Hixson granted Meta's motions to compel various documents and responses to various of Meta's requests for admissions and interrogatories, including basic documents called for by Meta's requests served in January and April. *See* Dkt. 139; Dkt. 147.

Finally, as they did in unsuccessfully seeking more depositions, Plaintiffs dramatically assert that "**the outcome of [this case] could help set the rules for a generation**." Dkt. 148-2 at 1 (emphasis in original). Currently this is a 12-Plaintiff putative class action with one claim in merits (not class) discovery. Discovery has been open for ten months, and with the discovery cutoff in two weeks, Plaintiffs now find themselves in a predicament of their own making. Meta cannot be blamed for meeting the parties' and Court's deadlines, even while Plaintiffs largely ignored them. Given Plaintiffs' outsized view of the case, they should have diligently conducted discovery to meet the fact discovery cutoff, rather than point fingers, aggrandize their complaints, and raise

---

[2] Judge Hixson further stated that he "will sua sponte reconsider this discovery order if the close of fact discovery changes." Dkt. 146 at 1.

discovery issues at the eleventh hour that they have not raised with Meta and/or Judge Hixson. Meta has been and is making every effort to meet the fact discovery cutoff deadline of September 30, and is currently prepared to do so, assuming Plaintiffs' cooperation.

***

Plaintiffs' proposed reply is false, misleading, and inappropriate, and its motion for leave to file should be denied. Alternatively, if the Court accepts the reply, Meta respectfully requests that the Court consider this brief as Meta's substantive response.

Dated: September 16, 2024                     COOLEY LLP

By:  /s/  Kathleen Hartnett
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Liz Stameshkin
Colette Ghazarian

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.