```
COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
```

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                  Defendant. | Case No. 3:23-cv-03417-VC<br><br>**KATHLEEN R. HARTNETT DECLARATION IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO FILE A REPLY (ECF 148) IN SUPPORT OF MOTION TO MODIFY CASE DEADLINES (ECF 129)**<br><br>Discovery Cut-Off: September 30, 2024<br>Date Action Filed: July 7, 2023 |

Cooley LLP
Attorneys at Law

Hartnett Decl. iso Meta's
Opp. to Mot. to File Reply
3:23-cv-03417-VC

I, Kathleen R. Hartnett, declare as follows:

1. I am a Partner at the law firm of Cooley LLP and am counsel for Defendant Meta Platforms, Inc. ("Meta") in the above-captioned case. I provide this declaration upon personal knowledge and, if called upon as a witness, would testify competently as to the matters recited herein.

2. Plaintiffs filed their Administrative Motion for Leave to File a Reply to Meta's Opposition to ECF 129 ("Administrative Motion") late in the evening on Friday, September 13, 2024, without alerting myself or any other counsel for Meta or seeking to meet and confer.

3. After repeatedly refusing to identify the remaining witnesses they intended to depose within the 10-deposition limit, Plaintiffs, for the first time, provided a list of their remaining eight proposed witnesses after 10 p.m. on Thursday, September 12, 2024. This list included Mark Zuckerberg. I responded to Plaintiffs on September 13, 2024 and requested, for at least the fourth time, that Plaintiffs serve their Rule 30(b)(6) notice on Meta. Attached as **Exhibit A** is a true and correct copy of the email chain between myself, Holden Benon, and counsel for both parties, dated September 12 and September 13, 2024.

4. On September 6, 2024, I, on behalf of Meta, voluntarily informed Plaintiffs whether their 28 potential Meta deponents were current or former employees. Plaintiffs had requested the information a day earlier on September 5. I also told Plaintiffs on September 10 that Meta does not currently represent any former employees with one identified exception.

5. Meta substantially completed its document production on July 15. Plaintiffs did not raise any issue concerning Meta's confidentiality designations pursuant to the Stipulated Protective Order entered in this case (ECF 90) with Meta or with Magistrate Judge Hixson until they filed their Administrative Motion.

6. On August 22, 2024, Plaintiffs wrote to Meta raising several claimed issues with Meta's document production including, among other things, illegible documents, missing hyperlinks, and allegedly improper redactions. My colleague, Judd Lauter, responded to these concerns in a letter dated September 4, 2024.

7. On September 6, 2024, Plaintiffs wrote to Meta raising claimed issues regarding Meta's privilege log and inconsistent privilege redactions. My colleague, Elizabeth Stameshkin, responded to Plaintiffs on September 10 and again on September 13 to address the specific concerns Plaintiffs raised. Ms. Stameshkin also informed Plaintiffs on September 13 that Meta would re-review the redactions applied to Meta's document production, not limited to the specific examples identified by Plaintiffs, as a demonstration of good faith.

8. Meta identified its 10 ESI custodians by May 10, 2024, pursuant to the parties' ESI Order (ECF 101), and served Amended Initial Disclosures identifying additional personnel believed to have relevant documents and information on May 29, 2024. As noted above, Meta also substantially completed its document production on July 15, 2024. On August 23, 2024, Plaintiffs requested that Meta designate 8 additional custodians. Plaintiffs had not previously requested additional custodians or raised any concerns regarding Meta's designation of custodians. Meta is continuing to meet and confer with Plaintiffs regarding this issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2024, in Oakland, California.

*/s/ Kathleen R. Hartnett*
Kathleen R. Hartnett