UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 145 |

For the joint discovery letter brief at ECF No. 145, Meta's motion suffers from a lack of explanation. Meta says that "[t]he Court should order Plaintiffs and their attorneys to search for and produce all documents responsive to RFPs 3, 5, 21, 31, and 36." ECF No. 145 at 3.

Those RFPs seek:

- All COMMUNICATIONS between YOU on the one hand, and the other Plaintiffs or third parties, on the other hand, CONCERNING actual or potential claims against Meta, including but not limited to interviews, statements to the press, and discussions with other authors not a party to the ACTION. (RFP 3)

- All COMMUNICATIONS including YOU or individuals acting on YOUR behalf, relating to the ACTION, OTHER GENERATIVE AI LITIGATION or generative AI tools. (RFP 5)

- All DOCUMENTS CONCERNING the Discord chats and other COMMUNICATIONS referenced in Paragraphs 55-62 of the First Consolidated Amended Complaint, including all referenced COMMUNICATIONS, DOCUMENTS REFLECTING when and how YOU obtained such COMMUNICATIONS, YOUR efforts to obtain such COMMUNICATIONS, and

1
2
3
4
5
6
7
8

from whom YOU obtained such COMMUNICATIONS.  (RFP 21)

- All of YOUR non-privileged COMMUNICATIONS with any THIRD-PARTY CONCERNING META LANGUAGE MODELS from March 1, 2024 through August 20, 2024.  (RFP 31)
- Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS.  (RFP 36)

Aside from RFP 21, these RFPs are pretty broad, and Meta mostly doesn't talk about them. For example, RFPs 3, 5, 31 and 36 encompass communications by or with the named Plaintiffs, and Meta says literally nothing about what communications the named Plaintiffs might have that would be relevant.  RFPs 3 and 31 ask for communications with third parties.  That could include other authors, the press, lobbying efforts, and so on.  Meta doesn't discuss why it would be proportional to the needs of the case to produce those communications.

There is a big fight in the letter brief about whether communications between Plaintiffs' counsel and confidential witnesses are work product.  However, Meta has not made an argument that it would be proportional to the needs of the case to order Plaintiffs and their counsel to produce all communications with any one in the world that relate to this case (nor has Meta said it is moving on anything less than that).  When the Court orders substantive documents produced on the theory that they are relevant to the merits of the case (as opposed to time entries, meet and confer letters, and so on), the Court normally orders a litigant's documents produced, rather than a law firm's.  A litigant's documents can be used against it, and the people who sent or received important documents might be good candidates for a deposition.  Communications between counsel and third parties about the merits of the case seem to introduce other issues, such as the fact that counsel normally can't be deposed, and if the communications were not authorized by the litigant ahead of time (which we might never learn because of the attorney-client privilege), the ability to attribute the communications to the litigant may not be clear.  The Court expresses no view on whether it is a good idea, or not a good idea, to order Plaintiffs' counsel to produce their

2

communications with confidential witnesses. Rather, someone who wants a production order directed at opposing counsel and not just the opposing party should say a little bit about why that's a good idea and how those communications could be useful in a way that makes them proportional to the needs of the case. Meta hasn't done that here.

So, the Court does not reach the work product issue, as the claimed work product documents are a subset of a universe of third party communications whose production Meta has not justified. To be clear, the Court is not opining that these RFPs are overbroad. Rather, the Court has read these RFPs and searched in Meta's section of the letter brief for arguments about why it would be proportional to the needs of the case to enforce the full scope of these RFPs, and the Court simply doesn't see those arguments. As the moving party, Meta has the burden to persuade, and it didn't do that.

The only developed argument Meta advances is that Plaintiffs' counsel should have to produce communications between them and Thomas Heldrup, a Danish author-rights advocate. Recall that Heldrup provided Plaintiffs' counsel the privileged information that Tim Dettmers disclosed on Discord. The Court has already ordered Plaintiffs to return or destroy the privileged communications made by Dettmers. ECF No. 114. Meta argues that the Heldrup communications would likely show how Plaintiffs' counsel acquired that information, and that might be relevant to Plaintiffs' argument in their Rule 72(a) motion that Meta waived the privilege in part due to Heldrup's dissemination of the materials. However, discovery is supposed to be relevant to a claim or defense, and we seem to be a long way from that. This is discovery about a discovery dispute, and the Court has an obligation to keep discovery from metastasizing like this.

Meta's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 16, 2024

THOMAS S. HIXSON
United States Magistrate Judge