COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400
Facsimile:    (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS INC.'S ANSWER TO CORRECTED SECOND CONSOLIDATED AMENDED COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW

META'S ANSWER TO CSCAC
3:23-CV-03417-VC

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Corrected Second Consolidated Amended Complaint ("SCAC") filed by Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, and Lysa TerKeurst (together, "Plaintiffs").  Unless specifically admitted, Meta denies each of the allegations in the SCAC.

## I. OVERVIEW[1]

1. Meta admits that it has created a series of large language models ("LLMs") under the name Llama.  Except as expressly admitted, Meta denies the allegations in paragraph 1.

2. Meta admits that some LLMs have been trained using training datasets composed of large amounts of text data.  As paragraph 2 pertains generally to LLMs and not any particular LLM of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2, and on that basis denies the same.

3. Meta admits that some LLMs have been trained using training data and were able to generate outputs after training.  As paragraph 3 pertains generally to LLMs and not any particular LLM of Meta, Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3, and on that basis denies the same.

4. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, and on that basis denies the same.

5. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and on that basis denies the same.

## II. JURISDICTION & VENUE

6. The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, Meta admits that this action purports to arise under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and that the Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, provided that

---

[1] Meta includes the headings as listed in the FCAC without any admission as to the accuracy or appropriateness of the headings.

standing and other requirements are met.  Except as expressly admitted, Meta denies the remaining allegations set forth in paragraph 6.

7. The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Meta admits that this Court has personal jurisdiction over it with respect to the instant action and that venue is proper in this judicial district.  Except as expressly admitted, Meta denies the allegations in paragraph 7.

8. The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Meta admits that assignment of this case to the San Francisco Division is proper, and that Meta is headquartered in San Mateo County.  Except as expressly admitted, Meta denies the allegations in paragraph 8.

### III.  PARTIES

**A.  Plaintiffs**

9. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and on that basis denies the same.

10. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and on that basis denies the same.

11. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and on that basis denies the same.

12. Paragraph 12 contains no allegations, and therefore no response is required.

13. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and on that basis denies the same.

14. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14, and on that basis denies the same.

15. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and on that basis denies the same.

16. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and on that basis denies the same.

17. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and on that basis denies the same.

18. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and on that basis denies the same.

19. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and on that basis denies the same.

20. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and on that basis denies the same.

21. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21, and on that basis denies the same.

22. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 or as to the content of Exhibit A, and on that basis denies the same.

**B.  Defendant**

23. Meta admits the allegations in paragraph 23.

### IV.  AGENTS AND CO-CONSPIRATORS

24. Meta denies the allegations in paragraph 24.

25. Meta denies the allegations in paragraph 25.

### V.  FACTUAL ALLEGATIONS

26. Meta admits that it creates, markets, and sells software and hardware technology products, and that its software and services include Facebook, Instagram, and Horizon Worlds, among others.  Meta admits that it has an artificial intelligence research group that conducts research on artificial intelligence technologies.  Meta also admits that it has created and distributed the Llama 1 and Llama 2 artificial intelligence software products.  Meta denies the remaining allegations and characterizations in paragraph 26.

27. Meta admits that "artificial intelligence" is commonly abbreviated "AI."  As paragraph 27 pertains generally to AI and not any particular AI technologies of Meta, Meta lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3, and on that basis denies the same.

28.     Meta admits that it publicly released the initial version of Llama in February 2023, and that it has adopted the capitalization convention "Llama" in addition to "LLaMA."  Meta further admits that it uses the name "Llama" to refer to Llama 1 and Llama 2, each of which is an example of AI software.  Meta admits that the corpus of material used to train an LLM has been referred to as a "training dataset."  Except as expressly admitted, Meta denies the allegations in paragraph 28.

29.     The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, Meta denies that its use of copyrighted works to train Llama required consent, credit, or compensation.  Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29, and on that basis denies the same.

30.     Meta admits that Llama 1 was trained prior to its public release in February 2023.  Except as expressly admitted, Meta denies the allegations in paragraph 30.

31.     Meta admits the allegations in paragraph 31.

32.     The allegations in paragraph 32 pertain generically to "open sourcing" and do not refer to any particular open source model or open source license adopted by Meta; as such, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32, and on that basis denies the same.

33.     Meta admits the Llama 1 Paper discusses the Llama 1 training dataset, noting the size of the training data and where some of the training data comes from, and refers to the referenced Paper for information that it does and does not include.  Meta further refers to the Paper itself for its contents.  Meta otherwise denies the allegations in paragraph 33.

34.     To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document located at https://arxiv.org/pdf/2101.00027.pdf (the "EleutherAI Paper"), the document speaks for itself.  Meta lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34, and on that basis denies the same.

35. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the EleutherAI Paper, the document speaks for itself. Meta denies that the EleutherAI Paper indicates that Books3 comprises 108 gigabytes of data and that it is the third largest component of the Pile by size. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35, and on that basis denies the same.

36. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the EleutherAI Paper, the document speaks for itself.

37. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and on that basis denies the same.

38. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage located at https://twitter.com/theshawwn/status/1320282149329784833, the webpage speaks for itself. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38, and on that basis denies the same.

39. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Meta denies that it infringed Plaintiffs' alleged copyrights. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39, and on that basis denies the same.

40. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage located at https://news.ycombinator.com/item?id=36197731, the webpage speaks for itself. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40, and on that basis denies the same.

41. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41, and on that basis denies the same.

42. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42, and on that basis denies the same.

43. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43, and on that basis denies the same.

44. Meta admits that the Llama 1 Paper states that the dataset used to train Llama 1 was publicly available. The remaining allegations in this paragraph 44 state legal conclusions to which no response is required. To the extent a response is deemed required, Meta admits that a work in the public domain in the United States is not protected by copyright in the United States, and that a work that is publicly available may be protected by copyright. Except as expressly admitted, Meta denies the allegations in paragraph 44.

45. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Meta admits that is aware of the conceptual distinction between works in the "public domain" and works that are "publicly available." Except as expressly admitted, Meta denies the allegations in paragraph 45.

46. Meta denies that it is misleading to describe Books3 as "publicly available." Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 46, and on that basis denies the same.

47. Meta denies the allegations in paragraph 47.

48. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48, and on that basis denies the same.

49. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49, and on that basis denies the same.

50. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50, and on that basis denies the same.

51. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51, and on that basis denies the same.

52. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52, and on that basis denies the same.

53. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53, and on that basis denies the same.

54. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54, and on that basis denies the same.

55. Paragraph 55 contains no allegations, and therefore no response is required.

56. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56, and on that basis denies the same.

57. Paragraph 57 contains no allegations, and therefore no response is required.

58. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58, and on that basis denies the same.

59. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59, and on that basis denies the same.

60. Paragraph 60 contains no allegations, and therefore no response is required.

61. Paragraph 61 contains no allegations, and therefore no response is required.

62. Paragraph 62 contains no allegations, and therefore no response is required.

63. The first sentence of Paragraph 63 contains no allegations, and therefore no response is required to that sentence. As to the remainder of Paragraph 63, Meta admits that portions of Books3 were used as training data for Llama 1 prior to its release in February 2023. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 63, and on that basis denies the same.

64. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64, and on that basis denies the same.

65. Meta admits the allegations in paragraph 65.

66. Meta admits that it distributed Llama 1 to certain people and entities, and that the names of those people and entities were not disclosed. Except as expressly admitted, Meta denies the allegations in paragraph 66.

67. Meta admits the allegations in paragraph 67, except that it denies any suggestion that it had a role in the leak referenced in paragraph 67.

68. Meta admits that a representative of Meta submitted a takedown notice to Github in March 2023 concerning the publication of a tool that helped individuals access leaked model weights for Llama 1. That notice included a representation that Meta owned rights in the subject of the notice. Except as expressly admitted, Meta denies the allegations in paragraph 68.

69. Meta admits that portions of Books3, among many other materials, were used as training data for Llama 2 prior to its public release in July 2023. Except as expressly admitted, Meta denies the allegations in paragraph 69.

70. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the document located at https://arxiv.org/pdf/2307.09288.pdf (the "Llama 2 Paper"), the document speaks for itself.

71. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage located at https://ai.meta.com/llama/faq/, the webpage speaks for itself. Meta admits that it has made Llama 2 available under a license different from the license applicable to Llama 1, and the terms of those licenses speak for themselves. Except as expressly admitted, Meta denies the allegations in paragraph 71.

72. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage located at https://ai.meta.com/llama/faq/, the webpage speaks for itself.

73. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the Llama 2 Paper, the document speaks for itself. Meta admits that Llama 2, like Llama 1, was trained on a mix of publicly available data. Except as expressly admitted, Meta denies the allegations in paragraph 73.

74. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of Meta's October 26, 2023 Form 10-Q, such document speaks for itself. Meta denies the remaining allegations in paragraph 74.

75. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the Llama 2 Paper, the document speaks for itself. Meta denies the Plaintiffs' characterization of the paper and the remaining allegations in paragraph 75.

76. Meta denies the allegations in paragraph 76.

## VI.   CLAIM FOR RELIEF

### Direct Copyright Infringement

### 17 U.S.C. § 101 et seq.

77. Meta incorporates by reference its responses to paragraphs 1 through 76 above as though fully set forth herein.

78. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78, and on that basis denies the same.

79. Meta admits that it used portions of the Books3 dataset, among many other materials, to train Llama 1 and Llama 2. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 79, and on that basis denies the same.

80. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80, and on that basis denies the same.[2]

81. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81, and on that basis denies the same.

82. Meta denies the allegations in paragraph 82.

## VII.   CLASS ALLEGATIONS

**A.  Class Definition**

83. The allegations in paragraph 83 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies that this action is suitable for class treatment under Rule 23.

---

[2] Plaintiffs have expressly confirmed that this paragraph is not intended to assert that Meta created any derivative works or is liable for "derivative infringement" (ECF No. 71 at 14-15), a claim that was dismissed by the Court.

84. The allegations in paragraph 84 state legal conclusions or arguments to which no response is required.

**B. Numerosity**

85. The allegations in paragraph 85 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies that it possesses information concerning the exact number of members of Plaintiffs' putative class. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 85, and on that basis denies the same.

**C. Typicality**

86. The allegations in paragraph 86 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies the allegations in paragraph 86.

**D. Adequacy**

87. The allegations in paragraph 87 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies the allegations in paragraph 87.

**E. Commonality and Predominance**

88. The allegations in paragraph 88 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies that this action is suitable for class treatment under Rule 23.

89. The allegations in paragraph 89 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies the allegations in paragraph 89.

**F. Other Class Considerations**

90. The allegations in paragraph 90 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies the allegations in paragraph 90.

91. The allegations in paragraph 91 state legal conclusions or arguments to which no response is required. To the extent a response is deemed required, Meta denies the allegations in paragraph 91.

## VII.  DEMAND FOR JUDGMENT

92. Meta denies that this action may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure as alleged in the FCAC. Meta denies that Plaintiffs and the proposed Class are entitled to relief whatsoever, including but not limited to the relief sought in the section of the FCAC titled "Demand for Judgment." To the extent that this section contains any allegations, Meta denies the same.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Meta made any unauthorized copies of any Plaintiffs' registered copyrighted works, such copies constitute fair use under 17 U.S.C. § 107.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs allege infringement with respect to tens of thousands of literary works that were allegedly included as part of the Books3 training dataset. To the extent the accused Books3 dataset includes works in the public domain, unregistered works, works to which copyright protection has been abandoned, works that lack requisite originality, works that are not subject to copyright protection under the doctrines of merger, *scènes à faire* or under 17 U.S.C. § 102(b) or otherwise unprotectable under the law, or works that are subject to misuse, unclean hands, laches, estoppel or other equitable defenses, or works that were not properly registered or renewed, provided improper notice, and/or did not comply with registration requirements and/or with other necessary

formalities, Meta reserves its right to defend against Plaintiffs' claims on any or all of these grounds.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited to the extent that the works over which they assert copyright and copyright infringement were subject of a license or permission given to Defendant or its agents.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred to the extent certain of the Plaintiffs do not own the copyright and/or electronic rights for some of all of the works, and/or otherwise lack standing to assert the claims herein.

### FIFTH AFFIRMATIVE DEFENSE

Any allegation that Meta created a derivative work fails to state a claim and the Court already dismissed such allegations.

Dated: September 16, 2024

COOLEY LLP

By: _____
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

**DEMAND FOR TRIAL BY JURY**

Meta hereby demands a trial by jury on all claims, counterclaims, defenses, and issues in this action so triable.

Dated: September 16, 2024

COOLEY LLP

By: _____
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.