COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                  Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT DISCOVERY LETTER BRIEF AND EXHIBITS** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Diaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, and Lysa TerKeurst (collectively, "Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties") hereby jointly move this Court for an Order allowing the partes to file under seal confidential, unredacted versions of certain documents relating to the Parties' Joint Letter Brief on Meta's Motion for a Protective Order re: Plaintiff's Request to Depose Mark Zuckerberg ("Joint Letter Brief"). The Parties respectfully submit that compelling reasons exist for the filing of these documents under seal. The motion is based on the following Memorandum of Points and Authorities and the Declarations of Nikki Vo in support of this Joint Administrative Motion to File Under Seal.

The following chart lists the documents for which the Parties request sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
|---|---|
| Joint Discovery Letter Brief | • Redacted portions |
| Exhibit E to Joint Discovery Letter Brief | • Entire document |
| Exhibit F to Joint Discovery Letter Brief | • Entire document |
| Exhibit G to Joint Discovery Letter Brief | • Entire document |
| Exhibit H to Joint Discovery Letter Brief | • Entire document |
| Exhibit I to Joint Discovery Letter Brief | • Entire document |
| Exhibit J to Joint Discovery Letter | • Entire document |
| Exhibit K to Joint Discovery Letter | • Entire document |
| Exhibit L to Joint Discovery Letter | • Entire document |
| Exhibit M to Joint Discovery Letter | • Entire document |
| Exhibit N to Joint Discovery Letter | • Entire document |

A [Proposed] Order is filed concurrently herewith, and the Parties refer the Court to the Joint Letter itself and the supporting evidence attached thereto as further support for this Joint Administrative Motion.

## I.   LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Brief, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

The portions of the Joint Letter Brief and Exhibits E–N, attached thereto, contain Meta's confidential information, for which Meta requests sealing. Exhibits E–N, are internal Meta documents and communications concerning matters including budget allocations, high-level business strategy, plans for growth and monetization, and detailed technical discussion concerning Meta's AI development. Meta must request sealing of these materials, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information

sealable). The portions of the Joint Letter Brief that the Parties seek to redact quote from or describe the contents of Exhibits E–N. These sealing requests are critical to protect Meta's confidential sensitive technical and competitive information.

The specific basis for sealing these materials is outlined in the accompanying declaration of Meta's Director and Associate General Counsel, Nikki K. Vo. As outlined in Ms. Vo's declaration, disclosure of the protected information contained in the materials the Parties seek to seal would work competitive harm to Meta if this information is publicly disclosed. The Parties' sealing requests and proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Vo's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents).

## II. CONCLUSION

Pursuant to Civil Local Rule 79-5, redacted and unredacted versions of the above-listed documents accompany this Administrative Motion. For the foregoing reasons, the Parties respectfully request that the Court grant their Joint Administrative Motion to Seal.

| | | |
|---|---|---|
| 1 | Dated: September 20, 2024 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Kathleen Hartnett* |
| 4 | | Bobby Ghajar<br>Mark Weinstein |
| 5 | | Kathleen Hartnett<br>Judd Lauter |
| 6 | | Liz Stameshkin<br>Colette Ghazarian |
| 7 | | LEX LUMINA PLLC |
| 8 | | Mark A. Lemley |
| 9 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 10 | | Angela L. Dunning |
| 11 | | Attorneys for Defendant<br>META PLATFORMS, INC. |
| 12 | | |
| 13 | Dated: September 20, 2024 | JOSEPH SAVERI LAW FIRM, LLP |
| 14 | | |
| 15 | | By: */s/ Joseph R. Saveri*<br>Joseph R. Saveri |
| 16 | | Cadio Zirpoli<br>Christopher K.L. Young |
| 17 | | Holden Benon<br>Aaron Cera |
| 18 | | Matthew Butterick |
| 19 | | Attorneys for Plaintiffs |
| 20 | | RICHARD KADREY, SARAH SILVERMAN, and CHISTOPHER GOLDEN |

| | | |
|---|---|---|
| 1 | Dated: September 20, 2024 | CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP |

By: */s/ Bryan L. Clobes*
　　Bryan L. Clobes (*pro hac vice*)
　　Alexander J. Sweatman (*pro hac vice*)
　　Mohammed A. Rathur (*pro hac vice*)

VENTURA HERSYE & MULLER, LLP
Daniel J. Muller

Attorneys for Plaintiffs
TA-NEHISI COATES, JUNOT DIAZ, CHRISTOPHER GOLDEN, RICHARD GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, and JACQUELINE WOODSON

Dated: September 20, 2024                         DICELLO LEVITT LLP

By: */s/ David A. Straite*
　　David A Straite (*pro hac vice*)
　　Nada Djordjevic (*pro hac vice*)

Attorneys for Plaintiff LYSA TERKEURST

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2024

COOLEY LLP

*/s/ Kathleen Hartnett*

*Attorneys for Defendant*
Meta Platforms, Inc.

308376447