UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 23-cv-03417-VC   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 162 |

Meta moves for a protective order barring the deposition of its CEO, Mark Zuckerberg. ECF No. 162. The Court denies the motion.

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding or limiting a deposition. "When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have observed that such discovery creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (cleaned up). "The court therefore has discretion to limit discovery where the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Id*. (quoting Fed. R. Civ. Proc. 26(b)(2)(C)(i)).

"In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Finisar Corporation v. Nistica, Inc*., 2015 WL 3988132, *1 (N.D. Cal. June 30, 2015) (cleaned up). "With respect to the first consideration, the party seeking to take the deposition need not prove conclusively that the deponent certainly has unique non-repetitive information; rather, where a corporate officer may have any first-hand knowledge of relevant facts, the deposition

should be allowed." *Id*. *2 (cleaned up). With respect to the second consideration, formal exhaustion is not "viewed as an absolute requirement." *Hunt v. Continental Casualty Co.*, 2015 WL 1518067, *2 (N.D. Cal. April 3, 2015); *see also In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL 939287, *5 (N.D. Cal. March 6, 2014) (noting that exhaustion is a consideration, not a requirement). "[I]t is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Powertech Technology, Inc., Tessera, Inc.*, 2013 WL 3884254 (N.D. Cal. July 26, 2013) (cleaned up).

In this case, Meta "has not met its burden of showing that extraordinary circumstances are present here which warrant an order precluding" Zuckerberg's "deposition altogether." *Finisar*, 2015 WL 3988132 at *2.[1] Plaintiffs have made an evidentiary showing that Zuckerberg is the chief decision maker and policy setter for Meta's Generative AI branch and the development of the large language models at issue in this action. Plaintiffs do not generically argue, as Meta suggests, that because Zuckerberg is the CEO of the company that he is therefore in charge of everything. Rather, they have submitted evidence of his specific involvement in the company's AI initiatives. Exs. D, E, G. They have submitted evidence indicating Zuckerberg was the principal decision maker concerning Meta's decision to open source the language model. Ex. I. They have also submitted evidence of Zuckerberg's direct supervision of Meta's AI products. Exs. K, L, M, N. This showing justifies an apex deposition.

Given this factual showing, the Court is not going to require Plaintiffs to exhaust other forms of discovery before they depose Zuckerberg. They've made a solid case that this deposition is worth taking.

Accordingly, Meta's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 24, 2024

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Meta's motion is all-or-nothing. If Zuckerberg's deposition is to proceed, Meta does not propose to limit it to less than the default rule of seven hours.