**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC  20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice* forthcoming)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butterickllaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>                     *Defendant*. | CASE NO. 3:23-cv-03417-VC<br><br>**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT SCHEDULE** |

I, Maxwell V. Pritt, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am a partner in the San Francisco, California office of Boies Schiller Flexner, LLP ("BSF"), counsel for Plaintiffs in the above-captioned action. I have personal knowledge of the matters stated herein and, if called upon, I can competently testify thereto. I make this declaration pursuant to 28 U.S.C. § 1746 and Local Rule 6-3 in support of Plaintiffs' Motion to Amend Case Management Schedule.

2. Under the initial case management schedule entered on January 23, 2024, ECF No. 87, the close of fact discovery is set for September 30, 2024 (modified by the Court on September 20, 2024, to add 14 days to take depositions that could not be scheduled before September 30, *see* ECF No. 163), with deadlines for expert discovery, motions for summary judgment, and *Daubert* motions thereafter, including opening reports on October 18, 2024 (ECF No. 87).

3. There have been no other time modifications in the case, whether by stipulation or Court order.

4. No trial date has been entered.

5. On September 24, 2024, BSF appeared as counsel for Plaintiffs in this matter. BSF promptly initiated a review of the case file. In light of that review and the impending deadlines for the close of fact discovery and exchange of opening expert reports, the next day, September 25, 2024, Plaintiffs proposed an amended case management schedule to counsel for Defendant Meta Platforms, Inc. ("Meta"), which BSF believes is designed to provide adequate time for rectifying deficiencies in the record on the issue of fair use while simultaneously ensuring that the case proceeds expeditiously and diligently.

6. The parties met and conferred on Zoom on September 26, 2024, regarding Plaintiffs' proposed amended case management schedule. During that meet and confer, Plaintiffs also proposed "interim" fact discovery deadlines to help ensure the proposed case schedule could be met. The parties have continued to exchange emails on Plaintiffs' proposed amended case

**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT SCHEDULE**
CASE NO. 3:23-cv-03417-VC

1

management schedule and interim deadlines, and related issues, but they have been unable to reach a mutual agreement on any of the requested extensions.

7. Specifically, on September 25, 2024, I provided Meta's counsel with the proposed amended case management schedule during a call at 1:20 PM PST. Shortly thereafter, I also emailed Meta's counsel that proposed schedule and asked to discuss the proposal that same day or, if they were not available, the following morning. This proposed schedule sought to present a reasonable modification in good faith, considering that BSF had recently joined the case and, upon a swift review of the record, determined that additional discovery was necessary on the issue of fair use, which BSF assumed was the only issue to be addressed at summary judgment, as the Court stated it assumed during the hearing on September 20, 2024 on Plaintiffs' Motion to Enlarge Discovery Cut-off, *see also* ECF No. 156.

8. On September 25, 2024, at 9:06 PM PST, I followed up on my initial proposal regarding amendments to the case management schedule, as I had not received a response from Meta's counsel regarding a date or time to meet and confer. Meta responded the following day, on September 26, 2024, and the parties scheduled a meet and confer that evening via Zoom.

9. During the September 26, 2024 meet and confer, Meta's counsel was unwilling to discuss any extensions to the initial case management schedule unless Plaintiffs detailed the specific additional discovery that Plaintiffs' would seek. Although BSF had just appeared in the case two days earlier, BSF provided Meta's counsel with an initial list of categories of discovery deficiencies that were part of existing requests and additional discovery that BSF believed were needed to address the fair-use issue.

10. These discovery deficiencies included: (1) Meta's failure to provide complete source code and technical data for all LLaMa models; (2) Meta's refusal to add documents custodians beyond the 10 it self-selected, including Nikolay Bashylov as a document custodian even though he is responsible for copying and downloading LibGen and other datasets to train Meta's LLMs or any of the key licensing figures from Meta's Business Development group;

**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT SCHEDULE**
CASE NO. 3:23-cv-03417-VC

2

(3) Meta's privilege redactions in key documents on internal discussions about Meta's use of copyrighted works from shadow libraries and torrent systems; and (4) Meta's lack of discovery on various financial, technical, and executory materials.

11. Additionally, in light of the Court's request during the September 20, 2024 hearing that Meta identify the issues it intends to raise on summary judgment, Plaintiffs asked Meta to clarify its position regarding the scope of summary judgment and the affirmative defenses it intends to raise.

12. In particular, I asked Meta's counsel if Meta agreed with the Court's assumption stated on the record at the September 20, 2024 hearing that several liability issues were not in dispute, quoting the Court's precise statement. Meta responded that it did not agree with that assumption and that it will dispute all of the issues the Court and Plaintiffs assumed would be undisputed on summary judgment: (1) that the copyrighted works "were available on a database"; (2) "that the database was not authorized to make them available"; (3) "[t]hat Meta acquired them from that database"; (4) that "Meta fed the stuff from the database into the large language model"; and (5) that "of course the large language model is for commercial use." Sept. 20, 2024 Hr'g Tr. at 6:9-16.

13. Meta's counsel also declined to identify whether it would pursue affirmative defenses other than fair use on summary judgment, except once again obliquely referring to "an issue" with standing. *See also* Sept. 20, 2024 Hr'g Tr. at 42:2-9. To ensure both parties are able to develop a "proper record" for the Court on the fair-use issue, as well as liability and other defenses that Plaintiffs understand will now be litigated on summary judgment, Plaintiffs urged again to extend the initial case management deadlines as proposed to probe those issues, but no agreement was reached.

14. Attached as Exhibit A is a true and correct copy of a September 25, 2024 interview of Meta CEO Mark Zucerberg appearing on The Verge, accessed at the following URL

**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT SCHEDULE**
CASE NO. 3:23-cv-03417-VC

3

on September 30, 2024: https://www.theverge.com/24253481/meta-ceo-mark-zuckerberg-ar-glasses-orion-ray-bans-ai-decoder-interview

15. Attached as Exhibit B is a true and correct copy of a transcript of the hearing held in this matter on September 20, 2024.

16. Attached as Exhibit C is a true and correct copy of email exchanges between Plaintiffs and Defendant's attorneys, dated between September 25-26, 2024, and between September 27-29, 2024.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 1st day of October 2024 in San Francisco, California.

By:      */s/ Maxwell V. Pritt*
          Maxwell V. Pritt

**DECLARATION OF MAXWELL V. PRITT IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT SCHEDULE**
CASE NO. 3:23-cv-03417-VC

4