# EXHIBIT C

| | |
|---|---|
| **From:** | Maxwell Pritt |
| **To:** | Hartnett, Kathleen; Ghajar, Bobby A. |
| **Subject:** | RE: Kadrey v. Meta - Proposed Amended Case Management Schedule |
| **Date:** | Thursday, September 26, 2024 2:32:00 PM |

Great, I'll circulate a Zoom.  And yes, there will be other counsel.  I don't believe we'll be in a position to send a written list of discovery needs in advance, nor would we be able to commit that everything we discuss tonight is all we might need.  But we can of course discuss things like aggressive deadlines for identifying and resolving issues as to existing written discovery and productions, serving any additional written discovery and deposition notices, etc.  The sort of deadlines we wouldn't put in an stip and prop order.

Best,
Max

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Thursday, September 26, 2024 1:51 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION:** **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Thank you, Max.  We can do 6 PT tonight.  Will other plaintiffs' counsel be on too?  We think that is necessary to ensure our discussions encompass the varied issues on the table; to that end, there is another email today from preexisting plaintiffs' counsel to Meta seeking to reach an agreement on 30b1/30b6 timing issues, and I don't think the BSF team is copied on that.  (Let us know if we should copy you in.)  Also, we would appreciate a written proposal on the topics noted below (need/scope) before our M&C.

Thank you!
Kathleen

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 26, 2024 1:23 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**[External]**

No problem, and thanks for the transcript.  Could you do 6pm pacific though?  Hate to ask you to do it around dinnertime (especially because I'm supposed to be meeting Judge Murguia for dinner then),

but it's the earliest time we have today.  Let me know.

Best,
Max

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Thursday, September 26, 2024 12:39 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION:** **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Hi again,

Can plaintiffs' counsel be available this afternoon to begin our meet and confer?  Given that we were willing to postpone tomorrow's depo, and the impending motion to compel deadline Monday (and other upcoming events), we think we should begin discussions as soon as possible.  We also will want to receive something in writing from plaintiffs' counsel re both the specific need for the additional discovery and the proposed scope of that discovery so that we can assess and take it back to our client (though we can do a call today before receiving that.

Thanks!
Kathleen

**From:** Hartnett, Kathleen
**Sent:** Thursday, September 26, 2024 12:32 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

Thanks Max – the 9/20 transcript is attached.  We'll follow-up re the M&C time as soon as we circle on our end.

Thanks!
Kathleen

Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com

www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 26, 2024 12:26 PM
**To:** Ghajar, Bobby A. <bghajar@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>
**Subject:** Re: Kadrey v. Meta - Proposed Amended Case Management Schedule

**[External]**

---

Not going to take my work for it, hah.  Sorry for the delay in responding, but I was in a baby + me music class with Darius; fun but strange as you well know.

Can we do the M&C on the schedule tomorrow at 10am pacific?  We also can make any time between then and noon pacific work, just let me know.

Also, do you have a copy of the transcript from Friday you can send me?  I know plaintiffs' counsel requested it too, but I haven't been able to get my hands on it yet.  So I'd appreciate it.

Finally, thank you regarding Mr. Boesenberg's deposition.  I am confirming we will reschedule it for a later date.

Thank you.


Best,
Max


---

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Thursday, September 26, 2024 11:12 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Hi Max,

Thank you for your email.  We appreciate your proposal and look forward to discussing it with you, as the parties will need to meet and confer before any motion is filed.   As you are also likely aware, Judge Chhabria made clear at last Friday's hearing that he was not altering the case schedule further absent a specific showing of need.  See 9/20 Tr. at 39 ("if you … can articulate clearly what it is you're missing that is critical for the resolution of the fair use issue … I'll consider it.   But it has to make … very clear … what's missing that is important to the resolution of the fair use issue at summary judgment.").

With that in mind, and given that Plaintiffs presented – just a week ago – their various arguments as to why the Court should extend the schedule, which the Court rejected, we'd like to better understand your claimed need for additional discovery.   Relatedly, we would like to know the specific subjects/scope of proposed additional discovery Plaintiffs intend to seek, in order to evaluate your proposal.

As we work together in an effort to obviate motion practice (including on the motions to compel due Monday), we are willing to oblige Plaintiffs' request to adjourn Mr. Boesenberg's deposition tomorrow and reschedule it to the next available date, assuming the parties can meet and confer on the scheduling issues today and tomorrow.

We look forward to your response.

Thanks!
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 26, 2024 9:22 AM
**To:** Ghajar, Bobby A. <bghajar@cooley.com>
**Cc:** Hartnett, Kathleen <khartnett@cooley.com>
**Subject:** Re: Kadrey v. Meta - Proposed Amended Case Management Schedule

**[External]**

---

Thank you, Bobby.  Available at your convenience on this matter.  As you can imagine, we'll be moving forward expeditiously with moving for a renewed extension unless and until we

stipulate to one.  But I nonetheless remain hopeful what I proposed was as reasonable for Meta as for the plaintiffs.

Best,
Max

_____

**From:** Ghajar, Bobby A. <[bghajar@cooley.com](mailto:bghajar@cooley.com)>
**Sent:** Thursday, September 26, 2024 9:08:23 AM
**To:** Maxwell Pritt <[mpritt@BSFLLP.com](mailto:mpritt@BSFLLP.com)>
**Cc:** Kathleen Hartnett <[khartnett@cooley.com](mailto:khartnett@cooley.com)>
**Subject:** Re: Kadrey v. Meta - Proposed Amended Case Management Schedule


**<span style="color:red">CAUTION</span>: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

_____

Good morning Max, I wanted to acknowledge receipt of your email and I look forward to working with you. Kathleen is traveling back from the East Coast and we will be back in touch shortly.

Bobby


> On Sep 25, 2024, at 9:06 PM, Maxwell Pritt <[mpritt@bsfllp.com](mailto:mpritt@bsfllp.com)> wrote:
>
> **<span style="color:red">[External]</span>**
> _____
>
> Kathleen, Bobby:  Just checking in again on the below.
>
> Thank you.
>
> Best,
> Max
>
> _____
>
> **From:** Maxwell Pritt <[mpritt@BSFLLP.com](mailto:mpritt@BSFLLP.com)>
> **Sent:** Wednesday, September 25, 2024 2:26 PM
> **To:** Hartnett, Kathleen <[khartnett@cooley.com](mailto:khartnett@cooley.com)>
> **Cc:** Ghajar, Bobby A. <[bghajar@cooley.com](mailto:bghajar@cooley.com)>
> **Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

Thanks very much, Kathleen, and nice to meet you, Bobby.  I'm happy to jump on another call at any point today, or happy to schedule one for tomorrow morning if you prefer.

Best,
Max

---

**From:** Hartnett, Kathleen <[khartnett@cooley.com](mailto:khartnett@cooley.com)>
**Sent:** Wednesday, September 25, 2024 2:25 PM
**To:** Maxwell Pritt <[mpritt@BSFLLP.com](mailto:mpritt@BSFLLP.com)>
**Cc:** Ghajar, Bobby A. <[bghajar@cooley.com](mailto:bghajar@cooley.com)>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Thank you, Max, and good speaking to you.  I look forward to connecting further and introducing you to our team.  Copying my partner Bobby.

Thanks,
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
[khartnett@cooley.com](mailto:khartnett@cooley.com)
[www.cooley.com/people/kathleen-hartnett](http://www.cooley.com/people/kathleen-hartnett)
Pronouns: she, her, hers

---

**From:** Maxwell Pritt <[mpritt@BSFLLP.com](mailto:mpritt@BSFLLP.com)>
**Sent:** Wednesday, September 25, 2024 4:51 PM
**To:** Hartnett, Kathleen <[khartnett@cooley.com](mailto:khartnett@cooley.com)>
**Subject:** Kadrey v. Meta - Proposed Amended Case Management Schedule

**[External]**

---

Hi Kathleen,

It is a pleasure to get to work with you again and hope we can catch up outside of this matter before too long.

Here is the proposed amended case management schedule that I relayed over the phone just now:

- Close of Fact Discovery due by 12/13/2024.
- Opening Reports due by 12/20/2024 [alternatively, if your team prefers, the deadline could be in mid-November and overlap some with fact discovery, with the understanding that experts could amend their reports based on new discovery obtained between then and the cutoff]
- Rebuttal Reports due by 1/15/2025.
- Close of Expert Discovery due by 1/31/2025.
- Opening MSJ/Daubert Briefs due by 2/7/2025.
- Opposition MSJ/Daubert Briefs due by 3/7/2025.
- Reply MSJ/Daubert Briefs due by 3/21/2025.
- Motion For Summary Judgment Hearing set for 3/27/2025 at 10:00 AM (or the Court's convenience).

(N.B. – We noticed in Monday's minute entry a deadline for reply rebuttal reports, but that deadline is not in the initial scheduling order as modified, and we do not see the need to do such reports in this case.)

We recognize both your client's need not to re-do or re-start any discovery and Judge Chhabria's desire to hear summary judgment in March. So we attempted to put together something that appears to us the most reasonable, while maintaining a fast pace, regardless of which side we're on. I hope this is the sort of proposal that the parties might be able to agree upon given Judge Chhabria's statements now that we've jumped into the case and file a stipulation and proposed order. If you and your client are amenable, hopefully we could file it quickly and just move past this issue.

You mentioned Mr. Zuckerburg's deposition—certainly happy to accommodate scheduling issues if there's agreement on the schedule. You also mentioned other aspects of his deposition such as length. I can't speak to that at the moment, but I would hate for that to hold up this discussion, as opposed to being part of a discussion potentially to obviate any need to appeal the order to Judge Chhabria. As I mentioned, we certainly will approach the issue in good faith and are not in this to waste time.

Thank you.

Best,
Max


* * * *

Current CMS (as I understand it):

- Close of Fact Discovery due by 9/30/2024, except that depositions that couldn't be scheduled before 9/30 can be taken up to 14 days after this deadline per Dkt. 163.
- Opening Reports due by 10/11/2024.
- Rebuttal Reports due by 11/8/2024.
- Reply Rebuttal Reports due by 12/2/2024.
- Close of Expert Discovery due by 12/20/2024.
- Opening MSJ/Daubert Briefs Due by 1/10/2025.
- Opposition MSJ/Daubert Briefs Due by 2/7/2025.
- Reply MSJ/Daubert Briefs Due by 2/21/2025.
- Motion For Summary Judgment Hearing set for 3/6/2025 at 10:00 AM

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message

is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

| | |
|---|---|
| **From:** | Kathleen Hartnett |
| **To:** | Maxwell Pritt; Poppell, Cole A; Holden Benon; Christopher Young; Aaron Cera; Cadio Zirpoli; Joe Saveri; Margaux Poueymirou; Ashleigh Jensen; Rya Fishman; Matthew Butterick; Nada Djordjevic; James Ulwick; Bryan L. Clobes; Mohammed Rathur; Amy Keller; David Straite; Ruby Ponce; Alexander Sweatman; Heaven Haile; Llama BSF; Josh Schiller; David Boies; Jesse Panuccio; Ghajar, Bobby A.; Ghazarian, Colette A; Biksa, Liene; Alvarez, Jessica; mlemley@lex-lumina.com; Weinstein, Mark; Stameshkin, Liz; z/Meta-Kadrey; Dunning, Angela L. |
| **Subject:** | RE: Kadrey et al. v. Meta: Plaintiffs' Request to Modify Court-Ordered Case Schedule |
| **Date:** | Sunday, September 29, 2024 11:02:12 PM |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Max,

We appreciate that Plaintiffs have now begun to provide in writing (in (2) below) what we've been asking for – the claimed showing of need to support your forthcoming scheduling motion.  However, we're disappointed to see that Plaintiffs are now proposing (in (3) below) a much longer scheduling extension than you disclosed to us last week, based on the erroneous notion that there will be "surprise" issues in this case or that Meta has an obligation to disclose to you all of our summary judgment arguments in advance.  As we explained to Judge Chhabria at the hearing, in addition to likely moving for summary judgment on fair use, Meta may seek summary judgment against any Plaintiff that lacks standing.  Additionally, Meta may make legal arguments at summary judgment about whether "copying" has occurred.  Meta reserves its right to make any summary judgment argument supported by the record once discovery is complete, but none of its arguments will be out of left field.  We also note that Plaintiffs have not been asked to, and at no time have offered, their potential summary judgment arguments.  Put simply, there is nothing about the parties' potential summary judgment arguments that could justify the dramatic expansion of discovery and the schedule you now propose.

With respect to the items listed in (2) below, we note that these do not justify your attempt to reopen discovery generally.  Nearly all of them are already present (or will be present) in the record, are the subject of the motion to compel that will be filed with Judge Hixson on Monday, or are irrelevant to fair use.  At most, a couple of these items might justify some discrete follow-up discovery – potentially a couple of additional custodians and depositions – which Meta has been repeatedly willing to discuss.  We remaining willing to meet and confer about a more discrete and modest scheduling adjustment and additional discovery, which is the appropriate way to deal with any remaining discovery needs of Plaintiffs.

Finally, it is inappropriate to seek to leverage your forthcoming scheduling motion to

cancel Mr. Al-Dahle's deposition that is scheduled to take place on Thursday.  We
scheduled this and other depositions in the next two weeks in order to comply with the
Court's September 20 order that the parties have two weeks after the September 30
discovery cutoff to complete the remaining depositions that were already requested.  In
addition, as we have informed Plaintiffs' counsel, Mr. Al-Dahle will be leaving on
parental leave after his deposition and thus we need to proceed this week.  Moreover,
under Local Rule 7-11, Meta has four days to respond to any administrative motion to
adjust the case schedule.  Meta had offered to truncate its own response time to
Thursday as an accommodation to plaintiffs so that a hearing could be held this week on
Friday. If plaintiffs do not wish to negotiate shortened time on their administrative
motion, Meta will respond within the time provided by the rules. Further, under local rule
7–11(c), any administrative motion is deemed submitted on the day the opposition is
due and subject to immediate ruling by the court without a hearing. So any suggestion
that plaintiffs may unilaterally set a hearing on the court's law and motion calendar for
Thursday is inaccurate.

We are available tomorrow or Tuesday to have a genuine meet and confer regarding
Plaintiffs' claimed needs and how they can be accommodated in a more discrete
manner than the wholesale schedule change and reopening of discovery that you
propose.

Thank you,
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Saturday, September 28, 2024 10:04 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; Poppell, Cole A <CPoppell@cooley.com>; Holden
Benon <hbenon@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Aaron Cera
<aCera@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Joe Saveri
<jsaveri@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh
Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew
Butterick <mb@butaricklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick

<Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Mohammed Rathur <MRathur@caffertyclobes.com>; Amy Keller <akeller@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Ruby Ponce <rponce@saverilawfirm.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Heaven Haile <hhaile@saverilawfirm.com>; Llama BSF <Llama_BSF@bsfllp.com>; Josh Schiller <JiSchiller@BSFLLP.com>; David Boies <DBoies@BSFLLP.com>; Jesse Panuccio <jpanuccio@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com; Weinstein, Mark <mweinstein@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** RE: Kadrey et al. v. Meta: Plaintiffs' Request to Modify Court-Ordered Case Schedule

**[External]**

Good evening, Kathleen.

I think we agree this kind of back-and-forth is not productive or warranted, particularly between former colleagues and friends. We have no intent to make "accusations against Meta" or you personally. We are conferring over a case-management motion; you're asserting positions on behalf of your client, and we're asserting ours. Let's not make it more than it is.

Here are the bottom-line points for Plaintiffs:

1. Despite Meta's repeated assertions, Plaintiffs don't seek to "effectively restart fact discovery." Our proposed amended case management schedule and interim deadlines make that clear, so there is no point in debating it further.

2. Regarding identifying "what is missing that is critical for the resolution of the fair use issue," we provided information about some discovery we believe is missing and additional discovery we believe is needed, and we did so just two days after appearing in the case. So, contrary to your email, we did have a "genuine" meet and confer; again, the parties simply disagree on what showing is needed, so we can let the Court decide.

   Once more, we believe there are many discovery deficiencies in the current record that must be addressed, including:

   a. Meta's apparent failure to produce for all Llama models: (a) source code and, potentially, training data beyond that used for "pre-training" and data processing, including data used during the validation, testing, fine-tuning, and alignment phases; (b) documents pirated from the totality of shadow libraries Meta used; or (c) "post-processing" scripts, source code, or training techniques that Meta has developed to prevent the

models from outputting infringing material.

b. Meta's refusal to add Nikolay Bashylov as a document custodian even though he was responsible for downloading and analyzing the massive LibGen datasets that Meta copied and used.

c. Meta's lack of any custodians from Meta's Business Development group, including key players like Alex Boesenberg, who was charged with negotiating licensing deals for AI training data

d. Meta's privilege redactions in key documents reflecting internal discussions about Meta's use of pirated works even though they are business communications (and no lawyers appear on them).

e. The lack of discovery provided on (i) Meta's actual and projected financial statements reflecting revenue and profits associated with the Llama models; (ii) Meta's AI partnerships and collaborations, as well as Meta's use of its LLMs in Meta's products; (iii) Meta's decision to use pirated material from shadow libraries and torrent systems, including internal discussions about the implications of using such sources copyright-mitigation techniques, and decisions not to launch in certain jurisdictions; (iv) and technical data for Llama 3 and Llama 3.2.

3. While Meta keeps quoting one line from the hearing, it continues to ignore the other important directives from the Court.  First, the Court repeatedly said it wanted a "proper record" so it could decide the important issues raised by this case.  We believe the Court will be receptive to our proposal, which is more than reasonable and will help ensure we obtain the record the Court is seeking.  Second, Meta ignores the key assumption underlying the Court's directive about identifying "what is missing."  The Court said it assumed the case would focus only on fair use at summary judgment. Following that statement at the hearing, Meta began hinting the Court was mistaken in that assumption, so the Court directed Meta to "identify the issues that we need to get ready to deal with at summary judgment."  Indeed, that was the Court's final directive. In our meet-and-confer, we repeatedly asked Meta to comply with the Court's directive, but Meta refused.  Thus, it will be necessary to have an additional discovery period to probe those mystery issues and build the "proper record" the Court desires.  While Meta may believe an "adequate" record on summary judgment is one dictated unilaterally by Meta and without complete discovery on all the issues that will be raised on summary judgment, including the fair use issue, we simply do not agree, and that is not generally how federal litigation works.

To that end, we intend to propose the following schedule to the Court to govern if Meta contents anything other than fair use:

- Close of Fact Discovery due by 1/24/2025.
- Opening Reports due by 2/14/2025.
- Rebuttal Reports due by 3/7/2025.
- Close of Expert Discovery due by 3/28/2025.
- Opening MSJ/Daubert Briefs due by 4/25/2025.
- Opposition MSJ/Daubert Briefs due by 5/23/2025.
- Reply MSJ/Daubert Briefs due by 6/13/2025.
- Motion For Summary Judgment Hearing set for 6/26/2025 at 10:00 AM (or the Court's convenience).

Based on Meta's position on the meet and confer, we understand the parties are at an impasse on this proposed case management amendment as well.  If that understanding is incorrect and Meta will agree to this amended schedule, please let us know as soon as possible so that we can obviate the need for motion practice.

4.  In response to your email to Reed, Plaintiffs are willing to accommodate reasonable requests, but you're asking to set the hearing for Friday instead of the Thursday civil law and motion calendar because Meta won't agree to continue Mr. Al-Dahle's deposition until after the Court addresses our motion to amend the case management schedule. There is good cause to reschedule the deposition.  First, as noted, we now know that Meta intends the summary judgment proceedings to cover far more than fair use. Second, Plaintiffs discovered just yesterday that Meta produced millions of pirated works on a hard drive that was mailed to Plaintiffs only two weeks ago, with a production letter that misidentified the hard drive as hard drive #4, which Meta already produced. Meta also did not point us to that drive when we stated during Thursday's meet-and-confer that we believed Meta had not produced the data it contained, among other materials from shadow libraries.  Further, we still have not located in any of Meta's productions the data that it apparently copied from those other shadow libraries including Z-Lib and IA using search engines like Anna's Archive.  Finally, the Court specifically requested that Plaintiffs retain additional counsel to help build the record in this case.

Accordingly, we reiterate our request that Meta agree to continue Mr. Al-Dahle's deposition until after the Court decides our scheduling motion this coming week.  If Meta agrees, then we agree to your request to ask the Court to schedule the hearing on the motion for the Court's case management calendar on Friday, with your opposition filed by noon pacific on Thursday.  Absent such agreement, Plaintiffs will proceed with the deposition and reserve our right to depose Mr. Al-Dahle again if (1) there are any issues other than fair use in play on summary judgment, and/or (2) if Meta has not produced all discovery relevant to Mr. Al-Dahle.  We will also ask the Court to schedule

the hearing for its regular Zoom civil law and motion calendar on Thursday.  Plaintiffs'
counsel will do what is necessary to cover both the deposition and the hearing on
Thursday, and we believe Meta's large team of lawyers also has the resources and
ability to cover both.

5. Finally, just so the record is clear, please see the attached email chain, in which I
   provided you with our proposed schedule in writing (after relaying it to you orally) and
   made the initial request for a meet-and-confer.

Best,
Max

---

**From:** Hartnett, Kathleen <[khartnett@cooley.com](mailto:khartnett@cooley.com)>
**Sent:** Saturday, September 28, 2024 4:45 PM
**To:** Maxwell Pritt <[mpritt@BSFLLP.com](mailto:mpritt@BSFLLP.com)>; Poppell, Cole A <[CPoppell@cooley.com](mailto:CPoppell@cooley.com)>; Holden Benon
<[hbenon@saverilawfirm.com](mailto:hbenon@saverilawfirm.com)>; Christopher Young <[cyoung@saverilawfirm.com](mailto:cyoung@saverilawfirm.com)>; Aaron Cera
<[aCera@saverilawfirm.com](mailto:aCera@saverilawfirm.com)>; Cadio Zirpoli <[czirpoli@saverilawfirm.com](mailto:czirpoli@saverilawfirm.com)>; Joe Saveri
<[jsaveri@saverilawfirm.com](mailto:jsaveri@saverilawfirm.com)>; Margaux Poueymirou <[mpoueymirou@saverilawfirm.com](mailto:mpoueymirou@saverilawfirm.com)>; Ashleigh
Jensen <[ajensen@saverilawfirm.com](mailto:ajensen@saverilawfirm.com)>; Rya Fishman <[rfishman@saverilawfirm.com](mailto:rfishman@saverilawfirm.com)>; Matthew
Butterick <[mb@but4ericklaw.com](mailto:mb@but4ericklaw.com)>; Nada Djordjevic <[ndjordjevic@dicellolevitt.com](mailto:ndjordjevic@dicellolevitt.com)>; James Ulwick
<[Julwick@dicellolevitt.com](mailto:Julwick@dicellolevitt.com)>; Bryan L. Clobes <[BClobes@caffertyclobes.com](mailto:BClobes@caffertyclobes.com)>; Mohammed Rathur
<[MRathur@caffertyclobes.com](mailto:MRathur@caffertyclobes.com)>; Amy Keller <[akeller@dicellolevitt.com](mailto:akeller@dicellolevitt.com)>; David Straite
<[dstraite@dicellolevitt.com](mailto:dstraite@dicellolevitt.com)>; Ruby Ponce <[rponce@saverilawfirm.com](mailto:rponce@saverilawfirm.com)>; Alexander Sweatman
<[ASweatman@caffertyclobes.com](mailto:ASweatman@caffertyclobes.com)>; Heaven Haile <[hhaile@saverilawfirm.com](mailto:hhaile@saverilawfirm.com)>; Llama BSF
<[Llama_BSF@bsfllp.com](mailto:Llama_BSF@bsfllp.com)>; Josh Schiller <[JiSchiller@BSFLLP.com](mailto:JiSchiller@BSFLLP.com)>; David Boies
<[DBoies@BSFLLP.com](mailto:DBoies@BSFLLP.com)>; Jesse Panuccio <[jpanuccio@BSFLLP.com](mailto:jpanuccio@BSFLLP.com)>; Ghajar, Bobby A.
<[bghajar@cooley.com](mailto:bghajar@cooley.com)>; Ghazarian, Colette A <[cghazarian@cooley.com](mailto:cghazarian@cooley.com)>; Biksa, Liene
<[lbiksa@cooley.com](mailto:lbiksa@cooley.com)>; Alvarez, Jessica <[jalvarezlopez@cooley.com](mailto:jalvarezlopez@cooley.com)>; [mlemley@lex-lumina.com](mailto:mlemley@lex-lumina.com);
Weinstein, Mark <[mweinstein@cooley.com](mailto:mweinstein@cooley.com)>; Stameshkin, Liz <[lstameshkin@cooley.com](mailto:lstameshkin@cooley.com)>; z/Meta-
Kadrey <[zmetakadrey@cooley.com](mailto:zmetakadrey@cooley.com)>; Dunning, Angela L. <[adunning@cgsh.com](mailto:adunning@cgsh.com)>
**Subject:** RE: Kadrey et al. v. Meta: Plaintiffs' Request to Modify Court-Ordered Case Schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize
the sender.

---

Max,

I'm disappointed with your message, which fails to address the issues at hand—Plaintiffs'
claimed need for additional discovery and the proposed scope of that discovery—and instead
makes unfounded accusations against Meta and me personally.  Unfortunately, this is a
pattern in this case that we were hoping would stop.  My letter does not "significantly

mischaracterize" anything, and, unfortunately, your responsive email does.  Your allegations of bad faith and unreasonableness are also unfounded.

To begin, it was Meta that suggested a meet and confer on Thursday, when Plaintiffs sought to defer that discussion until Friday.  Additionally, and as Bobby told you, I was traveling back to San Francisco from Pittsburgh on Thursday, having just completed a deposition in this case.  We also needed to better understand and get our client's input on your scheduling proposal before responding to you.  Thus, Meta responded promptly to request detail on your proposal and ensure that the parties had a meet and confer as soon as possible.  There is also nothing nefarious about us screenshotting your proposal that you did not provide us before the meet and confer as we requested, but that you instead unveiled on the meet and confer through a screenshare.  We needed to know what your specific proposal was, and provide that to our client, so that we could respond to it.

On substance, Plaintiffs' desire to effectively restart fact discovery at its close is unreasonable and inconsistent with the Court's directive.  The Court ordered Plaintiffs to "articulate clearly what is missing that is critical for the resolution of the fair use issue" in any request to further revise the case schedule.  Dkt. 163 (minute entry).  We asked for a meet and confer so that we could understand what Plaintiffs contend is "missing," which would allow us to assess your proposed schedule in light of the Court's order.  But, as your email below confirms, instead of providing that information or specifying the additional discovery Plaintiffs seek, you sought to turn the call into an interrogation of Meta.  That was inappropriate.  Your letter also inaccurately describes our conversation around the hearing and improperly insinuates that we said the Court was "wrong."  In fact, we are merely asking Plaintiffs to comply with the Court's instructions for seeking any new discovery.  It is Plaintiffs' burden to prove their case and point to specific evidence they believe they need to do so, not Meta's burden to stipulate to it.

Notably, your response also fails to address a number of the other concerns we raised in my letter.  These include the fact that your schedule is unworkable, including insofar as it over-compresses expert discovery and the summary judgment briefing, and would give the Court only six days, rather than the fourteen required by the Rules, to consider what we anticipate will be a voluminous set of submissions.

Meta remains willing and available to discuss a need-based extension of the case schedule and discrete additional discovery, as the Court contemplated.  From our perspective, and as we have explained, the Court will have a more than adequate summary judgment record to adjudicate fair use based on the discovery conducted to date and to be completed in the next two weeks.  Nevertheless, if Plaintiffs can articulate specific additional items of discovery they need to address fair use, we will certainly consider them and be prepared to discuss an appropriate adjustment to the case schedule to get that additional work completed before summary judgment.

As Plaintiffs have yet to identify any needs-based additional discovery, the parties have not yet

had an opportunity to meet and confer on what additional discovery is warranted or what corresponding schedule adjustments may be necessary and appropriate. Meta reserves all rights with respect to any motion that Plaintiffs may file without a genuine meet and confer on these fundamental issues.

Thanks,
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Friday, September 27, 2024 12:40 PM
**To:** Poppell, Cole A <CPoppell@cooley.com>; Holden Benon <hbenon@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Mohammed Rathur <MRathur@caffertyclobes.com>; Amy Keller <akeller@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Ruby Ponce <rponce@saverilawfirm.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Heaven Haile <hhaile@saverilawfirm.com>; Llama BSF <Llama_BSF@bsfllp.com>; Josh Schiller <JiSchiller@BSFLLP.com>; David Boies <DBoies@BSFLLP.com>; Jesse Panuccio <jpanuccio@BSFLLP.com>; Hartnett, Kathleen <khartnett@cooley.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com; Weinstein, Mark <mweinstein@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** RE: Kadrey et al. v. Meta: Plaintiffs' Request to Modify Court-Ordered Case Schedule

**[External]**

---

Thank you, Cole and Kathleen.

Kathleen, your letter significantly mischaracterizes yesterday's meet and confer, such as the incorrect assertions that Plaintiffs "should be permitted to have the requested extension due to [BSF's] recent addition to the case as counsel and [BSF's] need to 'get up to speed'" (that is

Mr. Ghajar's quotation, not ours); that we "took the position that . . . the Court would likely not require such a showing [a showing of need as to the fair use issue] given the recent addition of new counsel"; or that we "would not agree to any limitations on discovery in advance."

As you know, I provided you with a proposed amended case management schedule during a call at 1:20 p.m. on Wednesday, September 25, 2024, a little over 24 hours after BSF filed notices of appearance in this matter. That schedule proposed an extremely accelerated completion of discovery to maintain the Court's stated preference to hear summary judgment in March 2025. Shortly thereafter, I emailed you that proposed schedule and asked to discuss the proposed deadlines that same day or, if not, the next morning. Hearing nothing, I followed up that evening. I did not receive a response until the next morning, and we scheduled an initial meet and confer that same day. On that meet and confer, I shared my screen, which you screenshotted without informing me and instead of just asking for a copy, to display the proposed case management schedule I previously provided, and also interim deadlines, both of which impose significant limitations on Plaintiffs' ability to complete discovery. You and Mr. Ghajar were unwilling to discuss extensions of any of the case management deadlines unless we identified in advance particularized, *substantive* limitations on Plaintiffs' ability to engage in and to complete merits discovery. We explained that we were not in a position to do so but nonetheless listed several outstanding categories of discovery that we believe are important to the Court's resolution of the fair use issue, and you do not identify in your letter where any of that discovery has been provided. We also explained that we likely would be able to identify more discovery areas necessary for the Court's proper resolution of the fair use issue once we investigate further, having joined the case just days ago (at the Court's request to add new counsel for Plaintiffs). Thus, we made the entirely reasonable proposal to supplement discovery requests by the end of the first week of October.

Because Judge Chhabria directed Meta to "identify the issues that we need to be getting ready to deal with at summary judgment," we also asked you to clearly state your position on liability issues and other affirmative defenses. Mr. Ghajar confirmed that Judge Chhabria's stated understanding that the parties "agreed about the use of the copyrighted works" was wrong and that Meta would dispute all of the issues the Court believed would be undisputed on summary judgment: (1) that the copyrighted works "were availability on a database [Llama]"; (2) "that the database was not authorized to make them available"; (3) "[t]hat Meta acquired them from that database"; (4) that "Meta fed the stuff from the database into the large language model"; and (5) that "of course the large language model is for commercial use." 9/20 Hr'g Tr. at 6:9-16. Mr. Ghajar also refused to identify Meta's position on any other affirmative defenses, stating only as to standing there were ownership "issues." That evasive response also shows why we need to ensure all necessary discovery is taken, given the Court's concern about having a "proper record."

It is clear that Meta is not seeking a good-faith, reasonable solution so that the parties can proceed to develop the proper record that is needed for Judge Chhabria to decide summary judgment on the disputed issues. We will file our motion and can discuss with the Court.

Thank you.

Best,
Max

---

**From:** Poppell, Cole A <CPoppell@cooley.com>
**Sent:** Friday, September 27, 2024 11:28 AM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttoricklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Mohammed Rathur <MRathur@caffertyclobes.com>; Amy Keller <akeller@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Ruby Ponce <rponce@saverilawfirm.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Heaven Haile <hhaile@saverilawfirm.com>; Llama BSF <Llama_BSF@bsfllp.com>; Josh Schiller <JiSchiller@BSFLLP.com>; David Boies <DBoies@BSFLLP.com>; Jesse Panuccio <jpanuccio@BSFLLP.com>; Maxwell Pritt <mpritt@BSFLLP.com>; Kathleen Hartnett <khartnett@cooley.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>; mlemley@lex-lumina.com; Weinstein, Mark <mweinstein@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** Kadrey et al. v. Meta: Plaintiffs' Request to Modify Court-Ordered Case Schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Counsel:

On behalf of Kathleen Hartnett,  please find attached Meta's letter regarding Plaintiffs' Request to Modify Court-Ordered Case Schedule.

Sincerely,
Cole Poppell

**Cole A. Poppell**
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
(enter from 12th and E Streets)
Washington, DC  20004-2400

+1 202 776 2317 mobile
+1 202 842 7899 fax
cpoppell@cooley.com
Pronouns: he, him, his

www.cooley.com

Cooley is committed to racial and social justice

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.