UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>  Defendant. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 190 |

The parties filed a joint discovery letter brief at ECF No. 190 raising three disputes. The Court addresses them in turn.

**A.   Additional Custodians**

Plaintiffs ask the Court to order Meta to add five document custodians: Mark Zuckerberg, Eleonora Presani, Amanda Kallet, Alex Boesenberg, and Nikolay Bashlykov.

As background, it is helpful to remember that the close of fact discovery was September 30, 2024 (i.e., yesterday). ECF No. 87. Judge Chhabria has "extended the fact discovery cut off by 14 days for the purpose of taking depositions that couldn't be scheduled before the discovery cut-off." ECF No. 163. But the discovery cutoff was otherwise September 30, including, for example, for document productions. There is a pending motion to modify the case schedule, ECF No. 184, so these deadlines may change. But the Court will manage discovery under the deadlines that exist now, and if those deadlines change, the Court can change its discovery rulings as well.

The stipulated ESI Order (ECF No. 101) states: "If, after the Parties identify Document Custodians, a requesting Party believes that additional Document Custodians should be added, then the requesting Party shall advise the producing Party in writing of the proposed additional Document Custodians and the basis for the request. If the Parties have not agreed whether to add

the Document Custodian within 30 days of the requesting Party's request, then the matter may be brought to the Court in accordance with the procedures required by Magistrate Judge Hixson."

Here, Plaintiffs state that they proposed to Meta to add these five document custodians in a letter on August 23, 2024. Plaintiffs raised the issue of these proposed custodians with the Court five days before the close of fact discovery, in an oral request for more custodians made during a September 25, 2024 Court hearing. The Court ordered the parties to file the present joint discovery letter brief by September 30, 2024,[1] so the Court received full briefing on this issue only on the last day of fact discovery.

Plaintiffs raised this issue with the Court too late. Identifying document custodians is supposed to be one of the first things litigants do in discovery, not one of the last. While the ESI Order does contemplate the potential addition of other document custodians, it does not relieve the parties of the obligation to act diligently and at least attempt to complete fact discovery by the fact discovery cutoff. The Court is concerned that if it grants Plaintiffs' motion – or if it had granted Plaintiffs' oral motion on the spot on September 25 – it would be adding several weeks of additional document productions, *see* ECF No. 190-8 (declaration of Meta's outside counsel), which doesn't seem consistent with wrapping up fact discovery by September 30, or even trying to do so. It is true, of course, that the Court *can* order documents produced after fact discovery has closed, as discovery motions can be filed up to seven days after the close of fact discovery. Civ. Local Rile 37-3. But eleventh hour motions to compel should be for wrap-up items, not for major changes to the scope of discovery. Adding five document custodians is a big change, not a small change, to the scope of Meta's document production obligations in this case. The document productions for these new proposed custodians would also likely all take place after depositions had concluded, which is not a logical way of structuring discovery.

Plaintiffs' section of the letter brief is silent about when they received the documents that led them to conclude they want these custodians' documents. The Court is skeptical that Plaintiffs had no reason to think they wanted Zuckerberg's documents before August 2024, in particular

---

[1] The letter brief was filed shortly after midnight, so on ECF the date of the filing is October 1, 2024.

2

1   because they keep citing an April 6, 2024 New York Times article (ECF No. 162-4) as evidence of

2   his personal knowledge of and involvement in Meta's AI initiatives. Plaintiffs argue that Dr.

3   Presani's deposition "last week" showed that the witness has relevant, unproduced documents.

4   But Plaintiffs also acknowledge that they requested Presani be added as a custodian on August 23

5   based on other documents produced, and they don't say when those documents were produced.

6       The Court accordingly **DENIES** Plaintiffs' request for additional custodians on the ground

7   that it is untimely and incompatible with the existing case schedule. As noted above, Plaintiffs

8   have a pending motion to extend the case schedule. If the fact discovery cutoff changes in a

9   meaningful way, the Court will *sua sponte* revisit the issue of adding these proposed custodians.

## B.   Imaging Issues

Plaintiffs say:

> Meta's production also suffers from serious and persistent imaging issues. The Court should order Meta to review its productions to determine if documents had been incorrectly imaged and to reproduce those as well. Meta has produced a significant volume of document that are cut-off and illegible. This violates not only the ESI Protocol but Meta's obligations under the Federal Rules. Plaintiffs should not have to comb through Meta's production to identify each violating document when it was Meta's obligation in the first instance to produce documents that are legible and searchable.

Meta responds that "Plaintiffs' suggestion that Meta must re-review its entire production, rather than reproduce the unique document-type to address Plaintiffs' concerns, creates a burden for Meta without reason." But the Court does not agree. Meta is not supposed to produce documents that are cut-off and illegible. So, if it has done that, it should fix that. Meta says it has produced around 20,000 documents, which is not a huge volume to review for obvious problems like the ones Plaintiffs identify. Besides, Meta seems to think it knows which documents have this problem (Google Sute.docx filed produced as TIFF files). The Court **ORDERS** Meta to reproduce documents that have been incorrectly imaged.

## C.   Rule 30(b)(6) Deposition Notice

The parties seem to agree that if a witness is noticed pursuant to Rule 30(b)(1) and is also designated as a Rule 30(b)(6) corporate representative, he or she is subject to independent time limitations. The real dispute is over how many total hours Plaintiffs can have for their Rule

3

1   30(b)(6) deposition notice.  Plaintiffs propose 24 hours.  Meta proposes a total of 12 hours, not to
2   exceed three additional hours for any witness who is also noticed under Rule 30(b)(1).
3         The Court agrees with Meta that topics 1, 3 and 5 in the deposition notice overlap, as do
4   topics 4 and 9.  The Court therefore thinks that the 11 topic notice is better thought of as eight
5   discrete topics.  And the Court thinks each discrete topic warrants two hours.  The Court therefore
6   **ORDERS** that Plaintiffs may take a total of 16 hours of deposition testimony on their Rule
7   30(b)(6) deposition notice, separate and apart from their 30(b)(1) depositions.  How to allocate
8   those 16 hours between Rule 30(b)(6) designees is for Plaintiffs to decide.
9         **IT IS SO ORDERED.**

11  Dated: October 1, 2024

                                                                           THOMAS S. HIXSON
                                                                           United States Magistrate Judge