# EXHIBIT 1



Kathleen R. Hartnett                                                                        **VIA EMAIL**
T: +1 415 693 2071
khartnett@cooley.com

September 27, 2024

To:      Plaintiffs' Counsel of Record

Re:      ***Kadrey et al. v. Meta Platforms, Inc.***, Case No. 3:23-CV-03417
         **Plaintiffs' Request to Modify Court-Ordered Case Schedule**

Dear Counsel:

We write following our meet and confer yesterday evening about your case schedule proposal, which we attach as Exhibit A (Plaintiffs' counsel screenshare from September 26, 2024 meet and confer). Attached as Exhibit B is the parties' email exchange in advance of the meet and confer, which includes the initial schedule proposal you sent by email on September 24, 2024.

We would like to be able to come to an agreement on any additional scheduling adjustments, including to avoid the need to burden the Court with unnecessary motion practice. Respectfully, however, as we told you on our call, we cannot agree to your proposed schedule for extending case deadlines and expanding discovery because, among other reasons, it does not comport with the Court's clear instructions regarding any additional scheduling modifications.

At the September 20, 2024 hearing, after reviewing several rounds of written submissions and discussion with the Magistrate Judge, the Court denied Plaintiffs' motion to extend case deadlines, including the September 30, 2024 fact discovery cutoff, other than in two discrete respects: the Court "extended the fact discovery cut off by 14 days for the purpose of taking depositions that couldn't be scheduled before the discovery cut-off," Dkt. 163 (minute entry), and the Court extended expert report deadlines by approximately a week, *id.* The Court also stated that it would "consider a renewed extension of time if Mr. Saveri comes in with a newly constituted team and ***can articulate clearly what is missing that is critical for the resolution of the fair use issue***." *Id.* (emphasis added); *see* 9/20/24 Tr. at 39 ("if you come in with a newly constituted team and ***can articulate clearly what it is you're missing that is critical for the resolution of the fair use issue***, and you want to file a renewed request for an extension of time, I'll consider it. But it has to make – ***it has to make very clear, you know, sort of what's missing that is important to the resolution of the fair use issue*** at summary judgment" (emphasis added)).

In light of these rulings by the Court, we asked for yesterday's meet and confer to understand (1) what additional discovery Plaintiffs specifically claim to need to address fair use at summary judgment, and (2) why that additional proposed discovery warranted the schedule extension Plaintiffs proposed by email on September 24. We also asked you to provide this information in writing before the meet and confer, which you did not do.

On our call, Plaintiffs took the position that, despite the Court's order requiring a specific showing of need for any additional scheduling extension, they should be permitted to have the requested extension due to Boies Schiller Flexner's ("BSF's") recent addition to the case as counsel and that firm's need to "get up to speed." We directed counsel to the above statements of the Court requiring a showing of need, but you took the position that despite those statements, the Court would likely not require such a showing given the recent addition of new counsel. Although we asked several times what additional discovery Plaintiffs believe they need and would seek from the Court, Plaintiffs indicated they would not agree to any limitations



David Boies
September 27, 2024
Page Two

on discovery in advance—such as numbers of depositions or additional requested custodians—but that Plaintiffs' counsel would need to obtain the scheduling extension first and then make those determinations. Further, Plaintiffs' proposed expansion of the schedule contemplates reopening discovery in nearly all respects—initial disclosures, written discovery, custodians, and deponents—as well as amending the complaint.

With the caveat that Plaintiffs' list was still in formation, you provided us with various categories of information purportedly relevant to fair use factors 1 and 4 that you believe Plaintiffs need based on your initial review of the record but that allegedly has not been provided in discovery.  Your list of categories included allegedly non-produced datasets purportedly used by Meta to train Llama;[1] information about scripts allegedly run by Meta on training data; and Meta documents regarding potential licensing arrangements.  Based on our understanding of the materials you were describing, these materials have either been produced already in discovery, will be the subject of deposition testimony, and/or are not "critical for the resolution of the fair use issue," as the Court has required.  Dkt. 163.[2]

You further demanded that we tell you all grounds on which Meta plans to move for summary judgment; you took the position that any "standing" issues should have been resolved by us filing a motion to dismiss rather than at summary judgment; you claimed that our amended initial disclosures are defective; you asked us to stipulate to various elements of Plaintiffs' claims based on statements made by the Court at the September 20, 2024 hearing; and you accused us of seeking to deprive Plaintiffs of damages discovery (apparently based on the misconception that we are currently in both class and merits discovery, when in fact, discovery in this case has been bifurcated).  We explained why we disagreed with these requests and allegations, which, in any event, do not support your proposed scheduling extension.

In addition, you told us that if we cannot agree to your proposed schedule or something similar, you will simply file a motion for the extension, and that you also could always file a new case in a different court. Respectfully, we do not believe that is what the Court had in mind.  Moreover, if that is what you were suggesting, under Rule 41 you cannot simply dismiss this case and refile a new one elsewhere at this juncture.

As we conveyed at the September 20 hearing, although Meta has been frustrated with the litigation conduct to date of Plaintiffs' counsel and the unfounded accusations made against Meta in Plaintiffs' filings, Meta has nonetheless thoroughly responded to Plaintiffs' discovery requests and this case has otherwise been the subject of extensive discovery to date.  Once depositions are complete in the coming weeks pursuant to the Court's scheduling adjustment ordered on September 20, Plaintiffs and the Court will have the record they need to properly brief summary judgment in this case and there will be nothing "missing that is critical for the resolution of the fair use issue."  Dkt. 163.  Accordingly, there is no basis for your requested extension.

As we told you on the call, we remain open to discrete adjustments to the case schedule or scope of discovery based on a showing of specific need.  For example, at Plaintiffs' request, we adjourned today's deposition of Alex Boesenberg.  In addition, after we went to great trouble to secure time for you to depose Dr. Yann LeCun, Meta's Chief AI Scientist, on September 30, Plaintiffs' counsel informed us that they could

---

[1] On the call, you mentioned "Anna's Archive," and "Z Lib" as unproduced datasets.  Notably, Anna's Archive and Z Lib are not datasets, but publicly available websites.  As such, we do not understand your request.
[2] We note that our meet-and-confer call was attended, for Plaintiffs, by only four new attorneys from BSF and two relatively junior members from the Saveri firm, but no other existing Plaintiffs' counsel.  We had asked prior to the call whether Plaintiffs' counsel more broadly would be invited and attending to ensure that new counsel is able to leverage the knowledge of existing counsel rather than starting from scratch.



David Boies
September 27, 2024
Page Three

not be available to take that deposition.  Just this morning, we had a call in which Plaintiffs' counsel informed us that they intend to adjourn the depositions of Nikolay Bashlykov and Hugo Touvron, which we had gone to great burden and expense to arrange for in London on October 1st and 3rd.  We will work with Plaintiffs to reschedule these depositions consistent with the Court-ordered schedule and we continue to work with all of Plaintiffs' counsel to respond to their questions and follow-ups on discovery.   If there is discrete, new discovery that you would like us to consider in view of the Court's Order and the present posture of the case, or if additional time is needed to schedule the noticed depositions, we welcome further conferral to that end or otherwise.  What we cannot agree to is a significant, unprincipled reopening of all discovery, contrary to the requirements of the Court's order.

Finally, although secondary to the foregoing issues, we observe that the scheduling proposal that you sent to us is unworkable in several additional respects.  For example, it suggests that expert discovery would be complete two weeks after rebuttal reports; that would require the scheduling of numerous depositions in a very short time frame, and assuming that was possible, it would leave no time for review of rebuttal reports relative to the depositions.   It also contemplates roughly a week between the close of expert discovery and *Daubert* motions, which does not leave time to (1) schedule and take the expert deposition; (2) obtain and review full transcripts and exhibits; and (3) prepare a motion that reflects expert deposition testimony. Likewise, with expert depositions occurring in the week or two prior to the MSJ deadline, the parties would have no reasonable opportunity to consider any expert deposition testimony in their opening papers.  We note that the proposal provides only two weeks for replies, which is unreasonably tight given what are likely to be substantial opposition briefs and supporting papers.  And we doubt the Court would appreciate a six-day turnaround between reply and *Daubert* briefs and the summary judgment hearing.   If the objective is to provide the parties with an opportunity to provide the Court with a complete record, and to provide the Court reasonable time to consider that record, the proposed schedule does not accomplish that.

We remain available to meet and confer and look forward to receiving specifics about Plaintiffs' proposals.

Sincerely yours,

Kathleen R. Hartnett

*Counsel for Defendant Meta Platforms, Inc.*

# Exhibit A

**Proposed case management deadlines:**

- Close of Fact Discovery due by 12/13/2024.
- Opening Reports due by 12/20/2024 [alternatively, if your team prefers, the deadline could be in mid-November and overlap some with fact discovery, with the understanding that experts could amend their reports based on new discovery obtained between then and the cutoff]
- Rebuttal Reports due by 1/15/2025.
- Close of Expert Discovery due by 1/31/2025.
- Opening MSJ/Daubert Briefs due by 2/7/2025.
- Opposition MSJ/Daubert Briefs due by 3/7/2025.
- Reply MSJ/Daubert Briefs due by 3/21/2025.
- Motion For Summary Judgment Hearing set for 3/27/2025 at 10:00 AM (or the Court's convenience).

**Proposed interim deadlines:**

- 10/4 – Deadline for parties to exchange amended and further amended initial disclosures.
- 10/4 – Deadline to M&C on any issues regarding existing written discovery and privilege logs.
- 10/11
  - Deadline to file letter briefs on any outstanding discovery/privilege log disputes.
  - Deadline for Plaintiffs to file any request for leave to amend the complaint. [Will endeavor to send to opposing counsel in advance to see if the parties can stipulate to amendment.]
  - Deadline to serve additional written discovery requests.
  - Deadline to identify any additional document custodians and deponents.
- 10/18 – Deadline to file letter brief on any dispute regarding additional custodians and deponents.
- 11/4 – Deadline to serve R&Os (30 days after service of requests).
- 11/7 – Deadline to produce responsive documents and serve any supplemental privilege logs.
- 11/13 – Deadline to M&C re: any issues with objections/responses relating to 10/11 discovery.
- 11/15 – Deadline to file letter brief on any issues re: 10/11 discovery.

For the parties' convenience, no depositions to be scheduled during the Thanksgiving week, if possible.

# Exhibit B

**Hartnett, Kathleen**

| | |
|---|---|
| **From:** | Maxwell Pritt <mpritt@BSFLLP.com> |
| **Sent:** | Thursday, September 26, 2024 2:33 PM |
| **To:** | Hartnett, Kathleen; Ghajar, Bobby A. |
| **Subject:** | RE: Kadrey v. Meta - Proposed Amended Case Management Schedule |

## [External]

Great, I'll circulate a Zoom.  And yes, there will be other counsel.  I don't believe we'll be in a position to send a written list of discovery needs in advance, nor would we be able to commit that everything we discuss tonight is all we might need.  But we can of course discuss things like aggressive deadlines for identifying and resolving issues as to existing written discovery and productions, serving any additional written discovery and deposition notices, etc.  The sort of deadlines we wouldn't put in an stip and prop order.

Best,
Max

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Thursday, September 26, 2024 1:51 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Thank you, Max.  We can do 6 PT tonight.  Will other plaintiffs' counsel be on too?  We think that is necessary to ensure our discussions encompass the varied issues on the table; to that end, there is another email today from preexisting plaintiffs' counsel to Meta seeking to reach an agreement on 30b1/30b6 timing issues, and I don't think the BSF team is copied on that.  (Let us know if we should copy you in.)  Also, we would appreciate a written proposal on the topics noted below (need/scope) before our M&C.

Thank you!
Kathleen

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 26, 2024 1:23 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

## [External]

No problem, and thanks for the transcript.  Could you do 6pm pacific though?  Hate to ask you to do it around dinnertime (especially because I'm supposed to be meeting Judge Murguia for dinner then), but it's the earliest time we have today.  Let me know.

Best,
Max

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Thursday, September 26, 2024 12:39 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Hi again,

Can plaintiffs' counsel be available this afternoon to begin our meet and confer?  Given that we were willing to postpone tomorrow's depo, and the impending motion to compel deadline Monday (and other upcoming events), we think we should begin discussions as soon as possible.  We also will want to receive something in writing from plaintiffs' counsel re both the specific need for the additional discovery and the proposed scope of that discovery so that we can assess and take it back to our client (though we can do a call today before receiving that.

Thanks!
Kathleen

**From:** Hartnett, Kathleen
**Sent:** Thursday, September 26, 2024 12:32 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

Thanks Max – the 9/20 transcript is attached.  We'll follow-up re the M&C time as soon as we circle on our end.

Thanks!
Kathleen

<span style="color:red">Kathleen R. Hartnett</span>
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 26, 2024 12:26 PM
**To:** Ghajar, Bobby A. <bghajar@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>
**Subject:** Re: Kadrey v. Meta - Proposed Amended Case Management Schedule

**[External]**

Not going to take my work for it, hah.  Sorry for the delay in responding, but I was in a baby + me music class with Darius; fun but strange as you well know.

Can we do the M&C on the schedule tomorrow at 10am pacific?  We also can make any time between then and noon pacific work, just let me know.

Also, do you have a copy of the transcript from Friday you can send me?  I know plaintiffs' counsel requested it too, but I haven't been able to get my hands on it yet.  So I'd appreciate it.

Finally, thank you regarding Mr. Boesenberg's deposition.  I am confirming we will reschedule it for a later date.

Thank you.

Best,
Max

---

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Thursday, September 26, 2024 11:12 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Hi Max,

Thank you for your email.  We appreciate your proposal and look forward to discussing it with you, as the parties will need to meet and confer before any motion is filed.   As you are also likely aware, Judge Chhabria made clear at last Friday's hearing that he was not altering the case schedule further absent a specific showing of need.  See 9/20 Tr. at 39 ("if you ... can articulate clearly what it is you're missing that is critical for the resolution of the fair use issue ... I'll consider it.   But it has to make ... very clear ... what's missing that is important to the resolution of the fair use issue at summary judgment.").

With that in mind, and given that Plaintiffs presented – just a week ago – their various arguments as to why the Court should extend the schedule, which the Court rejected, we'd like to better understand your claimed need for additional discovery.   Relatedly, we would like to know the specific subjects/scope of proposed additional discovery Plaintiffs intend to seek, in order to evaluate your proposal.

As we work together in an effort to obviate motion practice (including on the motions to compel due Monday), we are willing to oblige Plaintiffs' request to adjourn Mr. Boesenberg's deposition tomorrow and reschedule it to the next available date, assuming the parties can meet and confer on the scheduling issues today and tomorrow.

We look forward to your response.

Thanks!
Kathleen

**Kathleen R. Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor

3

San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 26, 2024 9:22 AM
**To:** Ghajar, Bobby A. <bghajar@cooley.com>
**Cc:** Hartnett, Kathleen <khartnett@cooley.com>
**Subject:** Re: Kadrey v. Meta - Proposed Amended Case Management Schedule

## [External]

Thank you, Bobby.  Available at your convenience on this matter.  As you can imagine, we'll be moving forward expeditiously with moving for a renewed extension unless and until we stipulate to one.  But I nonetheless remain hopeful what I proposed was as reasonable for Meta as for the plaintiffs.

Best,
Max

---

**From:** Ghajar, Bobby A. <bghajar@cooley.com>
**Sent:** Thursday, September 26, 2024 9:08:23 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>
**Cc:** Kathleen Hartnett <khartnett@cooley.com>
**Subject:** Re: Kadrey v. Meta - Proposed Amended Case Management Schedule

---

## CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Good morning Max, I wanted to acknowledge receipt of your email and I look forward to working with you. Kathleen is traveling back from the East Coast and we will be back in touch shortly.

Bobby

> On Sep 25, 2024, at 9:06 PM, Maxwell Pritt <mpritt@bsfllp.com> wrote:

> ### [External]

---

> Kathleen, Bobby:  Just checking in again on the below.

> Thank you.

> Best,
> Max

4

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Wednesday, September 25, 2024 2:26 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>
**Cc:** Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

Thanks very much, Kathleen, and nice to meet you, Bobby.  I'm happy to jump on another call at any point today, or happy to schedule one for tomorrow morning if you prefer.

Best,
Max

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Wednesday, September 25, 2024 2:25 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>
**Cc:** Ghajar, Bobby A. <bghajar@cooley.com>
**Subject:** RE: Kadrey v. Meta - Proposed Amended Case Management Schedule

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Thank you, Max, and good speaking to you.  I look forward to connecting further and introducing you to our team.  Copying my partner Bobby.

Thanks,
Kathleen

Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Wednesday, September 25, 2024 4:51 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>
**Subject:** Kadrey v. Meta - Proposed Amended Case Management Schedule

**[External]**

Hi Kathleen,

It is a pleasure to get to work with you again and hope we can catch up outside of this matter before too long.

Here is the proposed amended case management schedule that I relayed over the phone just now:

- Close of Fact Discovery due by 12/13/2024.
- Opening Reports due by 12/20/2024 [alternatively, if your team prefers, the deadline could be in mid-November and overlap some with fact discovery, with the understanding that experts could amend their reports based on new discovery obtained between then and the cutoff]
- Rebuttal Reports due by 1/15/2025.
- Close of Expert Discovery due by 1/31/2025.
- Opening MSJ/Daubert Briefs due by 2/7/2025.
- Opposition MSJ/Daubert Briefs due by 3/7/2025.
- Reply MSJ/Daubert Briefs due by 3/21/2025.
- Motion For Summary Judgment Hearing set for 3/27/2025 at 10:00 AM (or the Court's convenience).

(N.B. – We noticed in Monday's minute entry a deadline for reply rebuttal reports, but that deadline is not in the initial scheduling order as modified, and we do not see the need to do such reports in this case.)

We recognize both your client's need not to re-do or re-start any discovery and Judge Chhabria's desire to hear summary judgment in March. So we attempted to put together something that appears to us the most reasonable, while maintaining a fast pace, regardless of which side we're on. I hope this is the sort of proposal that the parties might be able to agree upon given Judge Chhabria's statements now that we've jumped into the case and file a stipulation and proposed order. If you and your client are amenable, hopefully we could file it quickly and just move past this issue.

You mentioned Mr. Zuckerburg's deposition—certainly happy to accommodate scheduling issues if there's agreement on the schedule. You also mentioned other aspects of his deposition such as length. I can't speak to that at the moment, but I would hate for that to hold up this discussion, as opposed to being part of a discussion potentially to obviate any need to appeal the order to Judge Chhabria. As I mentioned, we certainly will approach the issue in good faith and are not in this to waste time.

Thank you.

Best,
Max

* * * *

Current CMS (as I understand it):

- Close of Fact Discovery due by 9/30/2024, except that depositions that couldn't be scheduled before 9/30 can be taken up to 14 days after this deadline per Dkt. 163.
- Opening Reports due by 10/11/2024.
- Rebuttal Reports due by 11/8/2024.
- Reply Rebuttal Reports due by 12/2/2024.
- Close of Expert Discovery due by 12/20/2024.
- Opening MSJ/Daubert Briefs Due by 1/10/2025.
- Opposition MSJ/Daubert Briefs Due by 2/7/2025.

- Reply MSJ/Daubert Briefs Due by 2/21/2025.
- Motion For Summary Judgment Hearing set for 3/6/2025 at 10:00 AM

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]