COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND CASE MANAGEMENT SCHEDULE (DKT. 193)**<br><br>Discovery Cut-Off: September 30, 2024<br>Date Action Filed: July 7, 2023 |

META'S OPP. TO MOT.
TO AMEND SCHEDULE
3:23-CV-03417-VC

Meta Platforms, Inc. ("Meta") respectfully opposes Plaintiffs' motion to amend the case management schedule ("Reopening Motion") (Dkt. 184).

Fact discovery closed on September 30. On September 20, the Court rejected Plaintiffs' motion to extend the case schedule, but permitted an extra 14 days to complete depositions and adjusted expert report deadlines by one week. Dkt. 163 (minute entry). The Court stated that it would consider a renewed motion to extend time if Plaintiffs come in with "a newly constituted team and can articulate clearly what is missing that is critical for the resolution of the fair use issue." *Id.*

On September 25, one day after appearing as counsel in the case, Plaintiffs' new counsel at Boies Schiller Flexner proposed an amended case schedule that would both reopen fact discovery without substantive limitation and inordinately compress other deadlines. Dkt. 193-1 ¶ 5 (Pritt Decl.).[1] At the time, new Plaintiffs' counsel apparently had not reviewed the transcript of the September 20 hearing containing the Court's directive regarding a renewed scheduling motion or coordinated with existing Plaintiffs' counsel. Instead, the day after proposing the schedule, in response to Meta's request for a showing of need, new counsel asked Meta for a copy of the September 20 transcript, confirming they had not seen it yet. Dkt. 193-4 at 4 (9/26/24 email).

The parties met and conferred on September 26, 2024.[2] Meta memorialized this meet and confer in a letter the next day (Hartnett Decl., Ex. 1), which Plaintiffs failed to include with their Reopening Motion. On the call, Plaintiffs' counsel disputed that the Court would require a showing of need given the recent addition of counsel. *See id.* at 1. They also refused to agree in advance to any limitations on discovery—such as numbers of depositions or custodians—saying they would make such determinations after obtaining an extension. *See id.* at 1–2. They also described some high-level categories of information purportedly relevant to fair use that they believed were outstanding based on an initial review of the record. *See id.* at 2. They said they could always file suit in a different court if Meta did not agree to, or the Court did not grant, an extension. *See id.*

---

[1] As of September 24, 2024, new Plaintiffs' counsel "said there's been no discussion of his firm's specific role in the litigation yet." https://www.law.com/therecorder/2024/09/24/chastised-by-judge-authors-lawyers-bring-boies-schiller-into-meta-ai-copyright-suit/.

[2] Meta requested a meet-and-confer on September 26, whereas Plaintiffs' counsel sought to defer that discussion until the next day. *See* Dkt. 193-4 at 17.

Plaintiffs' counsel also interrogated counsel for Meta about its contemplated summary judgment arguments. *See id.* at 2. Plaintiffs' counsel then mischaracterized that discussion—as they continue to do—claiming that Meta's counsel "said it *will* dispute all liability issues the Court believed were undisputed." Dkt. 193 at 2–3; *see id.* at 6 n.7 (claiming that "Meta has advised Plaintiffs it contests every merits issue"). That is wrong; counsel for Meta simply refused Plaintiffs' request to **stipulate** to any underlying elements of liability. *See* Dkt. 193-4 at 17 (9/28/24 email) (explaining that "[i]t is Plaintiffs' burden to prove their case and point to specific evidence they believe they need to do so, not Meta's burden to stipulate to it"). For example, if the record evidence indicates that Meta did not use a particular Plaintiff's work to train Llama, or that a Plaintiff does not have proof of copyright ownership—the "standing" issues Meta discussed on September 20—Meta reserves the right to make such arguments at summary judgment, in addition to fair use. *See* Dkt. 193-3 at 43–45 (9/20/24 Tr.). Meta also has informed Plaintiffs' counsel that it may make legal arguments regarding whether "copying" has occurred. *See* Dkt. 193-4 at 11 (9/29/24 email). There is no conspiratorial "mystery" (Dkt. 193 at 3) and "nothing about the parties' potential summary judgment arguments that could justify the dramatic expansion of discovery and the schedule that Plaintiffs are now proposing." Dkt. 193-4 at 11.

The first time that Plaintiffs' counsel articulated in writing any claimed showing of "need" was 10:00 p.m. on Saturday, September 28, *see* Dkt. 193-4 at 13–14—three days after their original scheduling proposal, and only after informing Meta that they would be filing a motion, *see* Hartnett Decl., Ex. 2 (9/27/24 email). Meta responded on Sunday, September 29, explaining why Plaintiffs' claimed showing of need did "not justify your attempt to reopen discovery generally," as the items at issue were either "already present (or will be present) in the record, are the subject of the motion to compel that will be filed with Judge Hixson on Monday, or are irrelevant to fair use." Dkt. 193-4 at 11. Nonetheless, Meta expressed openness to "some discrete follow-up discovery—potentially a couple of additional custodians and depositions—which Meta has been repeatedly willing to discuss." *Id.* And Meta again suggested to Plaintiffs that they undertake "a genuine meet and confer." *Id.* at 12. Plaintiffs did not respond to that offer, instead filing the Reopening Motion.

As this record makes clear, the case schedule now proposed by Plaintiffs has not flowed

from a close assessment of the record and showing of need. *Cf.* Dkt. 163. Lacking such need, the Reopening Motion and the open ended, expanded schedule it proposes should be rejected. None of the categories of claimed need in the Reopening Motion—which are far more expansive than those initially proposed by Plaintiffs on the September 26 meet and confer call, *see* Hartnett Decl., Ex. 1 at 2—justify Plaintiffs' proposed extension.

**(1) Llama Source Code and Training Data**:[3] Plaintiffs claim—incorrectly—that Meta has not produced for all Llama models (including Llama "4," which has not been released and is not in this case), "(a) source code and, potentially, training data pertaining to the validation, testing, fine-tuning, and alignment phases; (b) documents that Meta obtained from the totality of shadow libraries and online sources; or (c) 'post-processing' scripts, source code, or training techniques that Meta has developed to prevent the models from outputting infringing material." Dkt. 193 at 4.

Despite the absence of relevance or need, Meta has produced source code, including change history, used to create the Llama models. Meta first collected and produced this material earlier this year, for Llama 1, 2, and much of the pre-training for Llama 3. Hartnett Decl., ¶ 4. Plaintiffs reviewed this source code in August of 2024, several months after it was first made available. *Id.* Meta is currently in the process of providing an updated pull of source code as a courtesy. *Id.*

Plaintiffs also incorrectly claim that Meta's production of "training data for 'pre-training' and data processing," and of "fine-tuning scripts" "does not appear complete." Dkt. 193 at 4. Meta has provided a list of, and produced all, pretraining and post training data (i.e., data for fine-tuning and alignment) for Llama 1 and 2. Hartnett Decl. ¶ 5. Most of that data has also been used for Llama 3, and Meta has supplemented its production with pertinent Llama 3 training data relating to books. *Id.* Due to technical hurdles surrounding the collection of terabytes of other, irrelevant data, and following an August 29, 2024 meet and confer, the parties agreed that Plaintiffs did not want, and Meta did not need to produce, additional Llama 3 training data. *See id.*[4]

---

[3] The numbers in bolded headings correspond to Plaintiffs' numbers in the Reopening Motion.
[4] Plaintiffs claim that "Meta appears to have made available a hodgepodge of code and scripts with no context or history, including how the LLMs handle or filter copyrighted material." Dkt 193 at 4 n.4. Meta produced specific source code repositories, retaining the file structure and organization of the repositories used at Meta. *See* Hartnett Decl., ¶ 4. Plaintiffs do not identify any specific deficiencies in the source code production or "how the LLMs handle or filter copyrighted material," Dkt. 193 at 4 n.4, and have not sought to meet and confer on that issue. *See* Hartnett Decl., ¶ 4.

As to "documents that Meta obtained from the totality of shadow libraries and online sources," Dkt. 193 at 4, this subject matter either overlaps with the aforementioned datasets, is irrelevant, or—as to certain online sources referenced in Plaintiffs' document requests—was the subject of a reasonable search by Meta. Hartnett Decl., ¶ 7. And as to techniques "developed to prevent the models from outputting infringing material," Dkt. 193 at 4, this topic is beyond the scope of this case. *See* Dkt. 56 at 1–3 (dismissing claims based on claimed infringing outputs). In any event, Meta has provided an interrogatory response and produced non-privileged documents relating to its mitigation work to prevent training data memorization. *See* Hartnett Decl., ¶ 8.

Finally, as to Plaintiffs' claimed need for discovery into Libgen, Dkt. 193 at 4–5, not only is Libgen not at issue in this case, but Meta provided Plaintiffs with the Libgen datasets and numerous documents related to that dataset, *see* Hartnett Decl. ¶ 9, and Plaintiffs will be able to depose Nikolay Bashlykov about his work on this dataset.[5]

**(2) Licensing of Training Data**: Plaintiffs claim that they need further discovery into Meta's consideration of "licensing deals, including with book publishers, for training data," Dkt. 193 at 5, seeking to blame Meta for a supposedly "limited set of Meta custodians," *id.*, despite that the parties agreed to 10 custodians per side in the ESI Order. Dkt. 100-1 at 3. They also claim a need for the documents of "key licensing figures, such as Alex Boesenberg and Amanda Kallet." Dkt. 193 at 5. What Plaintiffs fail to mention, however, is: (1) Meta has responded to Plaintiffs' discovery requests regarding licensing, *see* Hartnett Decl., ¶ 10; (2) **Plaintiffs** withdrew their request to depose Amanda Kallet, *see id.* ¶ 11; (3) **Plaintiffs** requested and obtained a postponement of Mr. Boesenberg's, Mr. Bashlykov's, and another deposition ***since new Plaintiffs' counsel joined the case***, *see* Dkt. 193-4 at 4, and also refused Meta's offered date for Yann LeCun, Meta's Chief AI Scientist; and (4) Meta's custodians, whose roles Meta described, are those individuals most likely to possess responsive documents (which Plaintiffs do not appear to dispute).

**(3) Privilege Log**: Plaintiffs have had Meta's privilege log since August and already

---

[5] Plaintiffs note a typo in Meta's September 10 production letter, Dkt. 193 at 5 n.5, but Plaintiffs referred to this drive by its correct label in their September 16, 2024 Rule 30(b)(6) notice, *see* Hartnett Decl. ¶ 6, indicating they knew its true contents by then—not September 27, as their letter now claims, *see* Dkt. 193 at 5 n.5.

sought, unsuccessfully, to rely on privilege log disputes as a claimed basis for extending the case schedule. *Compare* Dkt. 129 at 2–3 (claiming privilege log deficiencies in prior extension motion, *with* Dkt. 193 at 5 (rehashing this claim). Meta and Plaintiffs have met and conferred on concerns with both sides' privilege logs, *see* Hartnett Decl., ¶ 12; Meta is providing a revised log as a courtesy, *id.*; no motion has been filed with Judge Hixson; and any potential disputes over the privilege log do not require case extensions or the reopening of discovery.

**(4) Interrogatory Responses**: Plaintiffs misleadingly argue that "Meta has not yet responded" to interrogatories regarding fair use and advice of counsel. Dkt. 193 at 5. What Plaintiffs left out is that they filed the Reopening Motion before Meta's deadline for responding. Meta timely served fulsome responses to both interrogatories on September 30. Hartnett Decl. ¶ 13.

**(1-3) Supposed Non-Fair Use Categories**: Plaintiffs list several categories of additional proposed discovery, purportedly because Meta may move for summary judgment on issues other than fair use. *See* Dkt. 193 at 6. his is another red herring. These issues are not new and Plaintiffs already have discovery on them. See Hartnett Decl. ¶¶ 14-16.[6]

\*\*\*

The Court's requirement for a showing of need for a renewed motion to extend the case deadlines is just that—a requirement. It is not, as Plaintiffs claim, a "request[]," Dkt. 193 at 4, or "one line from the hearing," Dkt. 193-4 at 14. And Plaintiffs have failed to meet that requirement. The record in this case will allow this Court to make an informed summary judgment decision. For the foregoing reasons, Plaintiffs' motion to amend the case schedule should be denied. To the extent the Court is inclined to grant an extension or allow any additional discovery, Meta respectfully requests the ability to be heard on appropriate limitations at the October 4 hearing.

---

[6] Although Plaintiffs' lack of need for additional discovery alone compels denial of their Motion, their proposed expert and summary judgment schedule is entirely unworkable and would compromise the summary judgment record. *See* Hartnett Decl., Ex. 1 at 3.

Dated: October 3, 2024

COOLEY LLP

By: /s/ Kathleen Hartnett
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Liz Stameshkin
Colette Ghazarian

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.