Exhibit C

1  COOLEY LLP
   BOBBY GHAJAR (198719)
2  (bghajar@cooley.com)
   COLETTE GHAZARIAN (322235)
3  (cghazarian@cooley.com)
   1333 2nd Street, Suite 400
4  Santa Monica, California 90401
   Telephone:    (310) 883-6400
5
   MARK WEINSTEIN (193043)
6  (mweinstein@cooley.com)
   KATHLEEN HARTNETT (314267)
7  (khartnett@cooley.com)
   JUDD LAUTER (290945)
8  (jlauter@cooley.com)
   ELIZABETH L. STAMESHKIN (260865)
9  (lstameshkin@cooley.com)
   3175 Hanover Street
10 Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5000
11
   LEX LUMINA PLLC
12 MARK A. LEMLEY (155830)
   (mlemley@lex-lumina.com)
13 745 Fifth Avenue, Suite 500
   New York, NY 10151
14 Telephone: (646) 898-2055

15 CLEARY GOTTLIEB STEEN & HAMILTON LLP
   ANGELA L. DUNNING (212047)
16 (adunning@cgsh.com)
   1841 Page Mill Road, Suite 250
17 Palo Alto, CA 94304
   Telephone: (650) 815-4131
18
   *Counsel for Defendant Meta Platforms, Inc.*

19                UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21                   SAN FRANCISCO DIVISION

22 | RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC |
   |---|---|
23 | Individual and Representative Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION** |
24 | v. | |
25 | META PLATFORMS, INC., a Delaware corporation; | |
26 | Defendant. | Trial Date: None<br>Date Action Filed: July 7, 2023 |
27

28

**RESPONSE TO REQUEST NO. 63:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it seeks and does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents and communications from or to Mr. Dettmers concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses, in particular as Mr. Dettmers was uninvolved in the development or training of the Meta Language Models (as construed above).

**REQUEST FOR PRODUCTION NO. 64:**

Documents and Communications sufficient to show each instance within the last three years where You have licensed copyrighted works for Meta's commercial use.

**RESPONSE TO REQUEST NO. 64:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to the phrase "commercial use" as vague, ambiguous, and undefined.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

needs of the case because it seeks documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.  In particular, the Request appears to seek documents relating to Meta's licensing of third party materials for any purpose, irrespective of any connection to the development or training of the Meta Language Models (as construed above).

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 65:**

Documents and Communications sufficient to show each instance within the last five years where You have alleged a claim of copyright infringement against another.

**RESPONSE TO REQUEST NO. 65:**

Meta incorporates by reference its objections and definitions above.  Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.  Further, on its face, it is not limited to claims in the United States.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses. Copyright infringement is a fact-specific inquiry; any claims Meta may have asserted turn on the facts of those cases and are not relevant to the claim asserted here, which is limited to a claim based on the alleged copying of Plaintiffs' registered works for training the Meta Language Models (as construed above).