COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br> Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **DEFENDANT'S SUPPORT FOR ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF 205]** |

Pursuant to Civil Local Rule 79-5(f), Defendant Meta Platforms, Inc. ("Meta") respectfully supports Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 205).

Meta requests to seal the following document in order to protect Meta's confidential business information:

| Document | Sealing Request |
|---|---|
| Exhibit A to Declaration of Holden Benon in Support of Plaintiffs' Reply to Defendant Meta Platforms, Inc.'s Opposition to Motion to Amend Case Management Schedule ("Benon Declaration") | • Entire document |

## I.  LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as Plaintiffs' Motion to Amend Case Management Schedule (Dkt. 193), the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

Exhibit A to the Benon Declaration contains confidential information of Meta, of which Meta requests sealing. The document comprises excerpts of internal Meta documents relating to

1  AI development, including highly sensitive information regarding the technical development and
2  components of Meta's AI models and internal discussion of the same.

3        As this information is highly confidential, Meta must request sealing of Exhibit A to the
4  Benon Declaration. Meta takes steps to carefully protect the confidentiality of information of this
5  sort because the disclosure of such information has the potential to cause significant competitive
6  injury to Meta. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL
7  285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and
8  proprietary technical information sealable). This sealing request is critical to protecting Meta's
9  confidential sensitive technical and competitive information.

10       The specific basis for sealing these materials is outlined in the accompanying declaration
11 of Meta's Associate General Counsel, Michelle Woodhouse.  As outlined in Ms. Woodhouse's
12 declaration, disclosure of the protected information contained in Exhibit A to the Benon Declaration
13 would work competitive harm to Meta if this information is publicly disclosed.  The Parties' sealing
14 requests and proposed redactions are narrowly tailored to include only that information which
15 would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration.  In each
16 instance, the harm to Meta outweighs the public's interest in disclosure.  *See, e.g., In re iPhone*
17 *App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting
18 motion to seal where the defendant's interest in "maintaining the confidentiality of information
19 about its technology and internal business operations" outweighed that of the public in accessing
20 such documents).

21 **II.   CONCLUSION**

22       For the foregoing reasons, Meta respectfully requests that the Court order Exhibit A to the
23 Benon Declaration be sealed.

Dated: October 11, 2024

COOLEY LLP

By: */s/ Elizabeth L. Stameshkin*
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Liz Stameshkin
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

309285960

COOLEY LLP
ATTORNEYS AT LAW

3

DEF'S SUPPORT FOR
MOTION TO SEAL
3:23-CV-03417-VC-TSH