# Cooley

Bobby A. Ghajar
T: +1 310 883 6404
bghajar@cooley.com

Kathleen Hartnett
T: +1 415 693 2071
khartnett@cooley.com

Angela L. Dunning
CLEARLY GOTTLIEB STEEN & HAMILTON LLP
T: +1 650 815 4131
adunning@cgsh.com

October 14, 2024

*E-Filed*

The Honorable Vince Chhabria
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 04 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:**   ***Kadrey et al v. Meta Platforms, Inc.***, No. 3:23-cv-03417-VC (**"*Kadrey* Action"**)
  ***Farnsworth v. Meta Platforms, Inc.***, No. 3:24-cv-06893 (**"*Farnsworth* Action"**)

To the Honorable Judge Chhabria:

Defendant Meta Platforms, Inc. ("Meta") respectfully submits this letter in response to the Court's October 4, 2024 Order (Dkt. 211) requiring Plaintiffs in *Kadrey* and *Farnsworth* to provide their position on whether "(1) the case should be consolidated, with the Boies firm and the Cabraser firm serving as co-lead counsel; or (2) the *Farnsworth* case should be stayed pending adjudication of the *Kadrey* case," and to Plaintiffs' letter on this topic filed on October 11, 2024 (Dkt. 228). Meta's position is that the *Farnsworth* Action should be stayed.

*Kadrey* involves a claim for direct copyright infringement by twelve prominent book authors, including fiction authors like Mr. Farnsworth. The *Farnsworth* Action adds no new claim or dimension to the case. To the contrary, at the October 4 hearing, Mr. Farnsworth's counsel confirmed that the claims in the two Actions directly overlap and that the putative class proposed in *Farnsworth* is a narrower subset of, and thus entirely subsumed by, the putative class in *Kadrey*. As Mr. Farnsworth would be part of any class that may be certified were this case to survive summary judgment, no legitimate purpose is served by his copycat lawsuit.

Conversely, consolidation of yet another duplicative suit at this late date would cause significant disruption and waste judicial and party resources. Meta would need to serve a full set of written discovery on Mr. Farnsworth and arrange to take his deposition (after receiving his

Honorable Vince Chhabria
October 14, 2024
Page 2

responses and documents), adding to the substantial burden and expense Meta has already incurred. Meta would also have to re-open third party discovery (including to book publishers) that has been targeted to date at the existing Plaintiffs and their works. Consolidation would also add yet another law firm as "additional counsel" to a roster that already includes half a dozen firms and dozens of plaintiffs' counsel. None of this is necessary for resolution of fair use at summary judgment. At this stage of the case, the parties and claims should be narrowing, not expanding. The gambit of waiting until discovery is about to close to file a copycat lawsuit should be rejected.

If the Court were nevertheless inclined to allow consolidation with the Boies firm as "interim lead counsel," Meta respectfully submits that the Court's order should include guardrails to minimize the corresponding delay, disruption and burden to Meta. Under no circumstances should Mr. Farnsworth's late entry derail the new schedule set by the Court. Beyond the assurance that Mr. Farnsworth "immediately will begin producing the appropriate discovery and share his availability for deposition" (Dkt. 228), any consolidation order should provide that:

(1) Mr. Farnsworth and his counsel are subject to the new schedule set by the Court on October 4 (Dkt. 211), the parties' scheduling stipulation filed October 11, 2024 (Dkt. 227), and any Orders rendered by Magistrate Judge Hixson;

(2) Subject to the ESI Order (Dkt. 101), Protective Order (Dkt. 90) and all other orders entered in *Kadrey*, Mr. Farnsworth will receive all discovery served in the case to date, but may not serve any new discovery (on Meta or otherwise) or seek any depositions beyond those sought by the existing Plaintiffs and allowed by Judge Hixson; and

(3) Mr. Farnsworth is required to serve initial disclosures within one week of consolidation. Meta may serve the same written discovery on Mr. Farnsworth that it has served on the other plaintiffs, and he will be required to fully respond to that discovery and to produce all non-privileged responsive documents within 30 days. He must also submit to a deposition before the close of discovery on December 13, 2024.

Although Meta maintains that staying the *Farnsworth* case while *Kadrey* is litigated, at least through summary judgment, is the more efficient and appropriate way to proceed, the foregoing would help, in the event of consolidation, to ensure that Meta can fairly defend itself and that the case remains on track for a May 1, 2025 hearing on summary judgment.

Respectfully submitted,

*/s/ Bobby A. Ghajar*
Bobby A. Ghajar
Kathleen Hartnett
Cooley LLP

Angela L. Dunning
Clearly Gottlieb Steen & Hamilton LLP

*Attorneys for Defendant Meta Platforms, Inc.*