UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>META PLATFORMS, INC.,<br>　　　　Defendant. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 229 |

　　　　The Court previously denied Plaintiffs' request to expand deposition limits, noting that their proposal was impossible under the previous fact discovery cutoff. But the Court stated that it would *sua sponte* reconsider that order if the close of fact discovery changed. ECF No. 146. The fact discovery cutoff has since changed and is now December 13, 2024. ECF No. 211. Accordingly, in ECF No. 213, the Court reconsidered its prior order and ordered the parties to file a joint discovery letter brief with their proposals for what the deposition limits should be. Among other issues, the Court asked the parties to consider what is feasible to do by December 13, 2024.

　　　　The parties filed their proposals at ECF No. 229. Plaintiffs propose that they be allowed to take 35 total depositions under Fed. R. Civ. Proc. 30(b)(1), inclusive of party and third-party witnesses, to be further limited by a total cap of individual fact witness deposition time of 167.5 hours for the 31 remaining depositions Plaintiffs have yet to take. The depositions of the four Meta employees Plaintiffs have taken to date total 25.5 hours on the record. Thus, the proposed hours cap contemplates an additional 142 hours of deposition time. (This request excludes time for Rule 30(b)(6) depositions, for which the Court has separately allocated Plaintiffs 16 hours. ECF No. 196.)

　　　　By contrast, Meta proposes that each side get six additional fact depositions (for a total of

1    16 for each side), subject to the default seven-hour limit, and exclusive of Rule 30(b)(6)

2    depositions. Plaintiffs have taken four of their fact depositions, so under Meta's proposal they

3    would have 12 more fact depositions available to them. Meta has taken eight fact depositions, so

4    under its proposal it would have eight more to take. Meta argues that taking and defending 20

5    more depositions in about two months is already a difficult task.

6        Federal Rule of Civil Procedure 30(a)(2)(A)(i) says that "[a] party must obtain leave of

7    court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the

8    parties have not stipulated to the deposition and . . . the deposition would result in more than 10

9    depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants . . . ." In

10   ruling on this dispute, the Court therefore considers the factors in Rule 26(b)(1) and (2), including

11   what is proportional to the needs of the case, the importance of the issues at stake in the action, the

12   amount in controversy, the parties' relative access to relevant information, the parties' resources,

13   the importance of the discovery in resolving the issues, and whether the burden or expense of the

14   proposed discovery outweighs its likely benefit. The Court thinks the burden inquiry includes

15   considering whether the proposed discovery can feasibly be completed by the fact discovery

16   cutoff.

17       Plaintiffs have made a persuasive showing that the issues at stake in the action are

18   important, that many more than 10 depositions are proportional to the needs of the case, that the

19   parties' resources justify a significant increase in the deposition limits, and that the importance of

20   the discovery in resolving the issues likewise justifies a greater number of depositions. However,

21   the Court is concerned that Plaintiffs' proposal is not realistic or feasible and therefore presents an

22   undue burden.

23       After today, there are 59 days left in fact discovery. If we leave out weekends and federal

24   holidays, there are 41 days left. But that includes the day after Thanksgiving and the Monday

25   after Thanksgiving, which seem like unlikely days for a deposition. It also includes tomorrow and

26   the day after tomorrow, and the Court does not get the impression from the parties' joint discovery

27   letter brief that Plaintiffs have scheduled any depositions for the upcoming days. So, the proposed

28   additional 31 fact depositions are getting pretty close to a deposition every day for the days that

are realistically available in the remainder of fact discovery. And, of course, that's on top of the depositions Meta plans to take. The Court accordingly rejects Plaintiffs' proposal of 35 fact depositions as infeasible.

The Court also has another concern, which is avoiding a train wreck at the close of fact discovery. There are some red flags the Court must be mindful of. First, the fact that Plaintiffs have taken only four depositions to date is a big red flag. Second, two firms have recently joined this case to represent Plaintiffs.[1] What the firms should do in this situation is get up to speed immediately and promptly begin taking depositions, and the Court needs to be sure they do that. Third, Plaintiffs have recently served a large number of document requests. There is nothing inherently improper about serving timely discovery requests toward the end of fact discovery. However, what litigants are supposed to do is serve the most important document requests early in discovery, so they can get documents and proceed to depositions. The Court therefore needs to ensure that Plaintiffs expeditiously proceed with depositions with the documents they already have and don't wait until they get more documents.

The Court, therefore, is not going to give Plaintiffs a number of depositions that is independent of when they take them. Balancing all of the factors in Rule 26(b)(1) and (2), the Court finds that it is proportional to the needs of the case, and not unduly burdensome, for Plaintiffs to take a total of 25 fact depositions[2] (including the four already taken, so 21 more), provided that they begin in the coming days and are spread appropriately in a balanced way through the remainder of the fact discovery period, all of them concluding no later than December 13. The Court finds that it is not proportional to the needs of the case, and is unduly burdensome, for Plaintiffs to cram 21 more fact depositions into the last few weeks of discovery. The Court expects Plaintiffs to complete two-thirds of their remaining 21 fact depositions by the end of November. The Court does not impose an hours cap.

---

[1] To be technically correct, one of the firms filed a similar case, and both firms proposed that the other case be consolidated with this one and that the two firms should represent Plaintiffs. ECF No. 228. As of the writing of this order, that request has not been ruled on yet.
[2] This limit does not include the 16 hours the Court has allocated for Plaintiffs' Rule 30(b)(6) deposition.

For its part, Meta doesn't say how many depositions it wants if the Court rejects Meta's proposal of six more depositions per side and does something more in line with what Plaintiffs propose. Meta says that "if deposition limits were expanded, it would take the depositions of the two remaining Plaintiffs (Klam, Snyder) and potential third parties." The Court thinks that six additional depositions should allow Meta to do that.[3] As with Plaintiffs, Meta needs to avoid an end of fact discovery pile up. The Court expects Meta to have completed two-thirds of its eight remaining fact depositions (which the Court will round up to six) by the end of November.

The Court is approving a significant increase in the number of depositions with eight weeks and three days left in fact discovery. This will only work if the parties promptly take their allotted depositions with the documents they have from discovery requests they served and from the custodians they identified months ago. This will not work if the parties decline to take depositions until they receive things they don't have yet. We are late in fact discovery, and the parties are expected to know who they want to depose and what documents they want to use with each witness. The witnesses are expected to have already blocked out time to prepare and be deposed. This is an important case, and the Court expects witnesses to rearrange their schedules and make themselves available promptly for deposition.

The Court is not going to permit a deposition train wreck at the end of fact discovery. To that end, the Court will require weekly status reports, and if depositions are not proceeding expeditiously, the Court will reduce the deposition limits. Starting with the October 29 status report, if a sufficient number of additional depositions have not been taken by then, the Court expects it will reduce the deposition limits. October 29 is 14 days from now, almost one quarter of the time remaining in fact discovery, and is plenty of time for meaningful progress is taking (not just "scheduling" – taking) depositions.

Accordingly, the Court **ORDERS** are follows:

1. Plaintiffs may take a total of 25 fact depositions (including the four already taken, so 21 more), provided that they begin in the coming days and are spread appropriately in a balanced way

---

[3] This limit is exclusive of Rule 30(b)(6) depositions.

1  through the remainder of the fact discovery period, all of them concluding no later than December
2  13.
3      2. Meta may take a total of 16 fact depositions (including the eight already taken, so eight
4  more), provided that they begin in the coming days and are spread appropriately in a balanced way
5  through the remainder of the fact discovery period, all of them concluding no later than December
6  13.
7      3. The parties shall do everything in their power to make their witnesses available so that
8  the depositions take place on the schedule and in the manner envisioned in paragraphs 1 and 2.
9      4. Until fact discovery closes, every Tuesday by noon Pacific time the parties shall file a
10  status report that updates the Court on all the depositions that have been taken to date by either
11  side, all of the depositions that have been scheduled but not taken, and all of the depositions that
12  have yet to be scheduled.
13  **IT IS SO ORDERED.**

15  Dated: October 15, 2024

THOMAS S. HIXSON
United States Magistrate Judge

5