**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**ADMINISTRATIVE MOTION TO MODIFY STIPULATION AND ORDER RE SCHEDULE** |

Pursuant to Civil Local Rule 6-3, Plaintiffs respectfully submit this Administrative Motion to Modify the Stipulation and Order re Schedule, Dkt. 238, by extending the deadline for "Letter Briefs re: Existing Written Discovery" from October 23, 2024, to November 6, 2024. No other deadlines will be impacted.

## I. BACKGROUND

On October 11, 2024, the parties submitted a stipulated proposed order with case management deadlines. Dkt. 227. One of those proposed deadlines was October 23, 2024, for letter briefs regarding existing written discovery. The Court endorsed the stipulation on October 24, 2024, after the proposed October 23 deadline had already passed. Dkt. 238. Over the several weeks leading up to those dates, Plaintiffs diligently informed Meta of, and sought to meet and confer on, numerous deficiencies in Meta's existing written discovery and document productions, including Meta's failures to:

1) identify potentially relevant witnesses and potentially relevant non-custodial data sources;[1]
2) offer a date certain by which it will exchange search terms and hit counts as required by the ESI Order;
3) provide a date certain by which it will amend interrogatory responses;
4) provide a date certain by which it will correct productions of improperly-imaged documents;
5) respond to Plaintiffs' requests concerning abnormally low production counts for certain document custodians;
6) review and produce all relevant/responsive hyperlinked documents in its productions;
7) add document custodians requested by Plaintiffs (critical in light of Meta's position that it

[1] Meta's failure to do so is particularly prejudicial given its position that it may refuse to produce known, relevant documents in systems that may contain discoverable ESI (like email) on the basis that the documents are not in the custodial files of one of their 10 custodians (now 15 after Judge Hixson ordered Meta to add five more on October 4th, though to date Meta has not produced anything from their files). That is contrary to law and the ESI order in this case. *See, e.g.*, *Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-CV-2286-GW (KSX), 2020 WL 2527056, at *6-7 (C.D. Cal. Feb. 6, 2020) (defendant "impermissibly truncated the scope of its search for responsive information" by limiting its custodians because the "reasonable inquiry" required under Rule 26 must include, "at a minimum, a reasonable procedure to distribute discovery requests to *all* employees and agents of the [party] *potentially possessing* responsive information") (emphasis in original); Dkt. 101, § 7(d) ("Specific, non-duplicative ESI that is identified by a party as responsive to a discovery request shall ***not*** be withheld from review or production solely on the grounds that it was not identified by (or is subject to an exclusion set forth in) the protocols described in, or developed in accordance with, this Order.") (emphasis added); *see also* N.D. Cal. ESI Guideline 2.01(e); N.D. Cal. ESI Checklist, §§ 1, III (requiring parties to, *inter alia*, describe all "systems in which potentially discoverable information is stored," and not limiting a party's obligation to identify and search systems including "email" to custodians).

is not obligated to search for or produce responsive documents in systems with potentially discoverable ESI like email unless they are part of a designated document custodians' files) (*see* n. 1, *supra*);

8) respond to discovery concerning the entire relevant time period, i.e., the class period;
9) search for and produce documents/data relating to all Llama models, including Llama 4;
10) produce all responsive pull requests and relevant source code for all Llama models;
11) produce all copies of all datasets with copyrighted works that Meta downloaded;
12) agree to Plaintiffs' request to enlarge the numbers of interrogatories the Parties may serve; and
13) respond to a request to shorten the time to serve objections and responses to 21 days.

See Ex. A (October 28, 2024, Proposed Stipulation).

To avoid burdening the Court with 13 or more letter briefs on each of the Parties' disputes, Plaintiffs diligently sought to meet and confer with Meta to resolve as many of these issues as possible. Meta proved unwilling to engage, and delayed setting forth its positions. The record is as follows:

| | |
|---|---|
| 10/9<br>Exs. B, C | Plaintiffs send to Meta: (1) deficiency letter following up on pending/existing discovery issues and (2) additional letter addressing future discovery, requesting a time on October 11 to confer on the issues. |
| 10/10<br>Ex. D | Meta states it will "provide substantive responses early next week" and it is "prepared to confer shortly thereafter." Plaintiffs propose October 16 in the morning. |
| 10/11<br>Ex. E | Plaintiffs proposed the deadline of October 23 to Meta as part of an effort to "codify a limited subset of additional deadlines" "in order to facilitate discovery moving forward expeditiously." |
| 10/15<br>Ex. F | Meta sends issues related to its "existing [affirmative] written discovery," and requests to add them to scheduled next-day meet-and-confer. |
| 10/16 | Parties meet and confer concerning Plaintiffs' October 9 Deficiency Letters. Plaintiffs ask Meta to respond to outstanding issues no later than October 18. |
| 10/18<br>Ex. G | Plaintiffs send meet and confer summary to Meta, noting that they had requested a response on outstanding issues by that same day and also identifying "issues on which the parties are at an impasse . . . to brief for filing on October 23." |
| 10/22 | Plaintiffs, without objection from Meta, contact Judge Hixson's chambers requesting a hearing. |

Once it became clear that Meta simply refused to resolve its many deficiencies in existing written discovery prior to October 23, 2024, Plaintiffs on October 21 informed Meta: **"we must preserve our rights (and avoid prejudice from any further delay in resolving discovery disputes) by teeing up such issues for the Court's consideration."** Ex. H. Plaintiffs conveyed this message even though the Court had not yet entered an order establishing October 23 as a deadline for letter briefing on existing written discovery. Plaintiffs requested that Meta confirm it

"will not object to our contacting chambers to arrange a telephonic conference, as provided in Judge Hixson's standing order." *Id.* Meta responded, after business hours, that it "do[es] not object to [Plaintiffs] contacting Judge Hixson's chambers to request a telephonic conference." *Id.*

The requested telephonic conference stood to resolve most outstanding discovery disputes and to include a discussion of page limits and filing dates for any remaining dispute(s). Without first having this hearing, filing letter briefs would have resulted in unnecessary expenditure of party and judicial resources. Thus, Plaintiffs diligently pursued the telephonic hearing.

On October 22, Plaintiffs called Judge Hixson's Courtroom Deputy, per his Standing Order, and left a voicemail requesting a telephonic conference to address existing discovery issues.[2] Ex. I. The same day, the parties also conferred regarding *Meta's* existing written discovery disputes. Plaintiffs' subsequent emails to Judge Hixson's Deputy, on October 23 and October 25, also copied Meta, and in neither instance did Meta assert the issues teed up for the hearing could no longer be briefed. *Id.*

Notably, on October 25, Meta also sent their memorialization of the October 22 meet-and-confer concerning *Meta's* existing affirmative discovery disputes, and requested that "[f]or any outstanding issues, please confirm Plaintiffs' position by Tuesday October 29th, *or we will assume that the parties are at an impasse*." Ex. J (emphasis added.) In other words, Meta took the position that its own asserted disputes over existing written discovery remained live after October 23.

Because no telephonic hearing had been scheduled by October 28, Plaintiffs proposed to Meta (1) a joint administrative motion to request a briefing schedule and page limits to address outstanding discovery disputes on both sides, and (2) enlisting a discovery referee/special master. Ex. A.

Despite the foregoing history, Meta responded the same day by stating, for the first time, that the "issues you have been attempting to raise in a conference with the Court, and that you now

---

[2] On the same day (October 22), Plaintiffs drafted a status report that included a request for a court conference on the written discovery disputes. Meta demanded that the request be removed because it "does not belong in this document." Pritt Decl., Ex. K. Plaintiffs acceded to Meta's demand. *See* Dkt. 237.

have proposed as part of your stipulation, all were subject to the October 23 letter briefing deadline." Ex. L. At the same time, however, Meta has continued to try to tee up what it alleges are deficiencies in Plaintiffs' existing written discovery responses for briefing and decision. Exs. J, H. On October 29, Plaintiffs sent a follow-up email (again copying Meta) and left another voicemail with Judge Hixson's Courtroom Deputy concerning their October 22 request. Ex. I.

## II. ARGUMENT

### A. Plaintiffs Have Acted Diligently and Raised Issues Timely—Their Disputes Are Not Waived.

Pursuant to this Court's orders and the general discovery obligations on all parties, Plaintiffs diligently and repeatedly sought to resolve disputes over Meta's discovery responses and conduct. Meta refused to do so, right up until the *proposed* (that is, not yet ordered) deadline for letter briefing. Once that proposed deadline was upon the parties, Plaintiffs, in accordance with Judge Hixson's Discovery Standing Order, timely requested, on October 22, 2024, a telephonic hearing to clarify which disputes required formal briefing and which could be resolved by phone. Pritt Decl. ¶ 3. Without this guidance, filing a joint letter brief on each of the parties' many disputes would have resulted in unnecessary briefing and wasted party and judicial resources in a fast-moving, important case.

Meta now seeks to leverage its own delays in responding to Plaintiffs to evade judicial oversight over its discovery deficiencies. But given the timely raising of issues to Judge Hixson, there is no basis upon which Meta can claim waiver. *See, e.g.*, *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2022 WL 959598, at *9 (S.D. Cal. Mar. 30, 2022) (holding that there was no waiver of a discovery dispute deadline where the movant followed the Court's Civil Chamber Rules).

### B. Plaintiffs Have Good Cause To Extend the Deadline for Briefing, and Meta Can Show No Prejudice.

Plaintiffs, as outlined above, have acted diligently and timely sought to raise their concerns. Absent an extension, Plaintiffs will be forced to litigate with an underdeveloped record, a record that Meta intentionally sought to constrict. That is enough to satisfy Plaintiffs' burden to show good cause.

To the extent that the Court balances Plaintiffs' showing of good cause with any potential prejudice to Meta, it will find no such prejudice given the modest request and the ability for Meta to respond in due course to the various issues raised by Plaintiffs regarding its discovery responses. Meta indeed has raised no such prejudice in its correspondence or in a meet-and-confer concerning the requested 14-day extension of the deadline for filing letter briefs on existing written discovery. Pritt Decl. ¶ 6.

**C. Plaintiffs Request That the Court Consider Appointing a Discovery Referee.**

Plaintiffs believe a Discovery Referee could aid the Parties in resolving their many written discovery disputes, both pending and anticipated, in an expeditious manner and within the time remaining in fact discovery. The Court is empowered to appoint referees under Rule 53 of the Federal Rules of Civil Procedure, and Plaintiffs have confirmed the availability of Daniel Garrie of JAMS to serve as referee in this matter. Pritt Decl. ¶ 7. Mr. Garrie is a distinguished mediator who is known to this Court due to prior appointments as a discovery referee. His appointment would be especially useful here, where the parties are unable to agree on discovery procedures. His appointment also would prevent one side from gaming deadlines or attempting to run out the clock, and ensure that discovery disputes do not derail critical case timelines. *See Mardiros v. City of Hope*, 2020 WL 6106820, at *2 (C.D. Cal. July 9, 2020) ("The fact remains that discovery thus far in this case has been extensive and contentious, and neither the District Judge nor the Magistrate Judge assigned to the case will be able to effectively and timely address the Parties' Anticipated Discovery Disputes.").

## III. CONCLUSION

Meta seeks an outcome inconsistent with the Court's desire that the Parties develop a proper record in this important case. Accordingly, Plaintiffs respectfully request that the Court modify the stipulated deadline for letter briefs re: existing written discovery as set forth in the proposed order.

Dated: October 29, 2024

By: /s/ Maxwell V. Pritt
Maxwell V. Pritt

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (State Bar No. 083151)
Daniel M. Hutchinson (State Bar No. 239458)
Reilly T. Stoler (State Bar No. 310761)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 356000)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttericklaw.com

**COWAN DEBAETS ABRAMS & SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*