# EXHIBIT G

| | |
|---|---|
| **From:** | Reed Forbush |
| **To:** | Kathleen Hartnett; Lauter, Judd; Jesse Panuccio; Maxwell Pritt; Holden Benon; Christopher Young; Aaron Cera; Cadio Zirpoli; Joe Saveri; Margaux Poueymirou; Ashleigh Jensen; Rya Fishman; Matthew Butterick; Nada Djordjevic; James Ulwick; Bryan L. Clobes; Mohammed Rathur; Amy Keller; David Straite; Ruby Ponce; Alexander Sweatman; Heaven Haile; Llama BSF; Josh Schiller; David Boies |
| **Cc:** | Ghazarian, Colette A; Poppell, Cole A; Dunning, Angela L.; Ghajar, Bobby A.; Alvarez, Jessica; Weinstein, Mark; Stameshkin, Liz; z/Meta-Kadrey |
| **Subject:** | Kadrey v. Meta - October 16 Meet and Confer |
| **Date:** | Friday, October 18, 2024 2:26:28 PM |

Dear Counsel,

This correspondence memorializes the outcome of the parties' discovery meet and confer on October 16, 2024, to address Plaintiffs' two discovery deficiency letters to Meta dated and served on October 9, 2024.

The issues you stated that Meta would investigate or otherwise look into in the hope of resolving them are as follows:

1. RFP No. 64: Meta will consider proposing an agreeable limitation and searching/producing responsive documents.

2. LibGen Training Data (RFP Nos. 1-3 & 7, ROG No. 1): Meta declined to produce all datasets with copyrighted material that it downloaded but will consider whether it would identify all iterations of downloaded datasets with copyrighted material (including the Bashlykov download of LibGen).

3. GitHub-Hosted Communications and Source-Code Repositories: Meta will investigate gaps in data (e.g., time periods during which there were no pull requests) as identified in declaration of Joanathan Krein.

4. Llama Filters or Training Data (RFP Nos. 45, 64, 74, 76, and 77): Meta will consider providing screenshot(s) of the filtering tool that Meta's counsel described on the call and represented was not collectible.

5. Valuation and Financials: Meta will confirm the scope of data/documents already searched and produced (and whether the documents pertain to Llama 4—see general impasse regarding Llama 4.)

6. Identifying Responsiveness of Document Productions: Meta said it'll consider including in its document production letters an indication of the content of the productions and to what RFPs they're responsive.

7. Identification of Search Terms: Meta declined to identify search terms and hit counts unless it was a mutual exchange and said it would get back to us on when it could exchange search terms and hit counts. Meta said it would identify all non-custodial and custodial sources searched but not all sources with potentially relevant information (see Identification of Search Terms entry under Impasse section).

8. RFP No. 59: Meta said it would consider proposing a limitation or definition for "fictional works."

9. Interrogatory No. 3: Meta agreed to supplement its response.

10. <u>Interrogatory No. 4</u>: Meta said it would consider proposing an agreeable construction of this interrogatory.

11. <u>Interrogatory No. 5</u>: Meta said it would investigate Plaintiffs' description of inchoate agreements as negotiations for licenses, deals in process, or deals that fell apart.

12. <u>Interrogatory Nos. 13 and 14</u>: Meta agreed to answer the sub-parts in Rog Nos. 13 and 14.

13. <u>Data Formats</u>: Meta confirmed some garbled chats are from WhatsApp and represented its production of Workplace Chats are in the format available. Meta said it would consider providing file types (but did not agree to re-produce chats in any other formats, see entry in Impasses section).

We asked Meta to get back to us on these issues by today, October 18, and you said you would attempt to do so.

The issues on which the parties are at an impasse and we will proceed to brief for filing on 10/23 are as follows:

1. <u>Production of Incorrectly Imaged Documents</u>: Meta said it was aiming for the end of October to re-produce documents incorrectly imaged and/or formatted that Judge Hixson ordered on 10/1 it must produce. Plaintiffs will ask Judge Hixson to impose an earlier deadline given the deposition schedule.

2. <u>General Scope of Custodial Files Searched</u>:
   a. Meta declined to search custodial files outside of the 10 custodians it originally selected and the additional five ordered by Judge Hixson. Meta also represented its search for responsive documents was limited to non-custodial sources and custodial sources of only those 10 custodians (and now the additional five). Meta also identified two for which it searched custodial files beyond its initial 10 custodians but declined to identify whether it conducted a similar search for any other requests. This dispute concerns all RFPs, including Communications with Business Partners and Communications with Shadow Libraries.

   b. Meta declined to add any additional custodians identified by Plaintiffs.

3. <u>All Llama Models and All Datasets</u>: Meta represented that despite its written objections it has included all Llama models in its document and data searches and productions except as to Llama 4, and it declined to search for and produce responsive information and data in connection with Llama 4. Meta also represented that despite its written objections it has not limited its search for and production of datasets to Book3, but it declined to identify all datasets with copyrighted works that it copied or how many times those datasets, in full or in part, were downloaded. Meta also represented it believed only datasets relating to training was relevant and declined to produce other datasets. This dispute concerns Plaintiffs' RFP Nos. 64, 67, and 49, GitHub-Hosted Communications and Source-Code Repositories, documents and interrogatories related to Valuation and Financials.

4. <u>RFP No. 45</u>: Meta declined to expand its search beyond use of "tools" for identifying licensed material to include documents or materials regarding licensing and communications with book

publishers.

5.   <u>Production of Hyperlinks</u>: Meta declined to make a supplemental production of all hyperlinked documents.

6.   <u>Addition of Timothy Dettmers as Custodian</u>: Meta declined to add Mr. Dettmers as a custodian.

7.   <u>Identification of Repositories Not Searched</u>: Meta declined to identify repositories of potentially relevant documents that were not searched. This dispute is relevant to all of RFP Nos. 1-12 and 36-38.

8.   <u>Identification of Noncustodial and Custodial Sources</u>: Meta declined to identify all sources that potentially might have responsive information even if not searched, and confirmed its investigation of custodial files to search consisted of asking the custodians in a general way what modes of communication they use to communicate about work (without specifically asking about alternative modes like WhatsApp, Discord, Signal, Telegram, etc.). Meta was not able to explain the production of Al-Dahle WhatsApp messages on the night before his deposition.

9.   <u>Searching Manifold, GTT, Hive</u>: Meta generally refused to perform searches in Manifold, GTT or Hive on the purported grounds that purportedly they cannot be searched and, in any event, would only contain duplicative data. Meta agreed to consider identifying (not producing) the iterations of copies of training datasets with copyrighted material or books within their PCC.

10.  <u>RFP No. 54</u>: Meta declined to search for documents on the grounds that the "factual premise" of the RFP is purportedly wrong, even if there had been a decision at one point not to market Llama with a user interface.

11.  <u>Interrogatory No. 15</u>: Meta declined to answer all sub-parts of this interrogatory.

12.  <u>Additional Interrogatories Requested</u>: Meta declined to agree to Plaintiffs' request to expand the numbers of interrogatories the parties may serve and answer the interrogatories Plaintiffs served on October 10.

13.  <u>Data Formats</u>: Meta declined to reproduce in a legible format the Workplace Chat and WhatsApp messages that Plaintiffs explained contain garbled text or was not produced in a reasonably usable format.

14.  <u>Relevant Time Period</u>: Meta declined to extend its searches to the beginning of the class period.

15.  <u>Fair Use Interrogatory (No. 1, Set 2)</u>: Meta declined to amend its interrogatory to remove its reference to unidentified documents that it contends support its Fair Use defense and to identify the them.

16.  <u>Advice of Counsel Interrogatory (No. 2, Set 2)</u>: Meta would not agree to amend its response to state without ambiguity and equivocation whether it will or will not rely on an Advice of Counsel defense.

17. <u>Additional 30(b)(6) Topics</u>: Meta decline to state whether it would object to any of the amended 30(b)(6) topics Plaintiffs served on October 8, and if so to meet and confer now and attempt to resolve any such objections, because the response time set forth in the rules has not yet elapsed.

Best regards,
Reed

**Reed D. Forbush**
Counsel

BOIES SCHILLER FLEXNER LLP
44 Montgomery Street
41st Floor
San Francisco, CA 94104
(t) +1 415 293 6815
(m) +1 646 339 8787
rforbush@bsfllp.com
www.bsfllp.com