COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                             Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY STIPULATION AND ORDER RE SCHEDULE (DKT. 244)**<br><br>Discovery Cut-Off: December 13, 2024<br>Date Action Filed: July 7, 2023 |

Plaintiffs' Motion to Modify Stipulation and Order re Schedule (Dkt. 244, "Motion"), should be denied. Since the Court allowed a two-month extension of the fact discovery cutoff (Dkt. 211), Plaintiffs have sought to nitpick at nearly every aspect of Defendant Meta Platforms, Inc.'s ("Meta's") existing written discovery rather than focusing on obtaining any additional discovery to address fair use. Plaintiffs then failed to comply with the stipulated, Court-ordered deadline of October 23, 2024—a deadline **sought by Plaintiffs**—for "Letter Briefs re: Existing Written Discovery" (Dkt. 238). Plaintiffs next threatened to seek sanctions if Meta did not stipulate to an extension, *see* Dkt. 244-13, and thereafter offered to retract their brand-new demand for a discovery referee if Meta agreed to extend the missed deadline, *see* Hartnett Decl. Ex. 1 (10/29/24 email). This cannot be what the Court had in mind when it "reluctantly" extended the case schedule. Dkt. 211. The few remaining weeks of discovery should be spent conducting discovery, not rehashing immaterial disputes to only have Plaintiffs claim they need yet another discovery extension. Lacking good cause, Plaintiffs' Motion should be denied.

**I.    Plaintiffs Ignore The Rules Governing Their Extension Request.**

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause requires "reasonable diligence." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 174 n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (absent diligence, "the inquiry should end"); *see, e.g.*, *Casillas v. Bayer Corp.*, 2024 WL 3440449, at *2 (N.D. Cal. July 16, 2024) (denying motion to extend). Federal Rule of Civil Procedure 6(b) also requires "good cause" for the extension of a deadline, and where, as here, the deadline "has expired," the movant must also show "excusable neglect."

The Civil Local Rules set forth additional requirements for a motion to extend case deadlines. *See* Civil L.R. 6-1, 6-3. Among other things, a party moving for such an extension must include a declaration that addresses several items, including "identif[ying] the substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R. 6-3(3). Plaintiffs fail to acknowledge, much less satisfy, these requirements. Their Motion should be denied.

**II.   Plaintiffs Violated The Court-Ordered Deadline They Sought, With No Good Cause.**

As the Court recently noted to Plaintiffs, it was "really hard to entertain another request to

extend the discovery deadlines when all your side seems to be doing is doubling down on this—what I believe to be a false assertion—that Meta is stonewalling you." 10/4/24 Tr. at 17. Now Plaintiffs again seek to blame Meta for their own lack of diligence—this time, for Plaintiffs' failure to comply with the Court-ordered deadline of October 23, 2024 for briefing existing discovery issues. Meta has done nothing wrong and has complied with all deadlines. It has been working around the clock to reach reasonable compromises to avoid unnecessary motion practice, coordinate and prepare for dozens of depositions around the world, and review tens of thousands of documents from new custodians and in response to new document requests. In contrast, Plaintiffs missed a Court-ordered deadline and now seek, baselessly, to blame Meta.

The relevant chronology, which Plaintiffs' brief obscures, is clear. On October 1, 2024, Plaintiffs' new counsel at Boies Schiller Flexner ("BSF") filed a motion to extend the fact discovery cutoff and other case deadlines, claiming that "BSF has since dedicated a large team to reviewing the case file" and that "[i]t is evident to BSF from its expedited review that this case will benefit from some additional time for discovery." Dkt. 193 at 2. Plaintiffs then listed several purported issues with Meta's existing discovery responses, *see id.* at 3-4, and proposed a deadline of October 11, 2024 for "Letter Briefs re: Addt'l Existing Discovery/Priv. Issues," *id.* at 2. On October 4, 2024, the Court ordered a new fact discovery cutoff of December 13, 2024, required the parties to submit a stipulation "about all surrounding dates," and "urged" the parties "to bring any significant discovery disputes to Judge Hixson's attention sooner rather than later." Dkt. 211.

On October 9, 2024, BSF sent two letters to Meta complaining about Meta's written discovery responses to date. Dkt. 244-4, -5. The parties agreed to meet and confer and did so for nearly three hours on October 16, 2024. Meanwhile, the parties negotiated the stipulation regarding "all surrounding dates," Dkt. 211, which they filed on October 11, 2024. Dkt. 227. The stipulation, which the Court ordered on October 24, 2024 (Dkt. 238), has two dates relevant here: October 16, 2024 for "Meet and Confer re: Existing Written Discovery" (which the parties conducted) and October 23, 2024 for "Letter Briefs re: Existing Written Discovery." *Id.*[1]

On October 18, 2024, BSF sent Meta's counsel an email memorializing its view of the

---

[1] The stipulation also had a deadline for supplementing initial disclosures, which the parties met.

parties' October 16 meet and confer (Dkt. 244-8), and sent an additional email on Sunday, October 20 stating that Plaintiffs would seek a telephonic conference with Judge Hixson on October 21. Dkt. 244-9 at 22-23. Meta responded with its written positions on the parties' meet and confer topics on October 21. *Id.* at 14-22. Plaintiffs contacted Judge Hixson's chambers for a telephonic conference, while at the same time not providing Meta with Plaintiffs' portion of the joint letter brief due on October 23, 2024. Dkt. No. 244-10; Hartnett Decl. Ex. 2. Meta did not oppose Plaintiffs seeking a conference and indicated that it, too, might seek Judge Hixson's guidance. Dkt. No. 244-10 at 2. But Meta never conveyed, expressly or otherwise, that the parties were not bound by the Court ordered October 23 deadline for "Letter Briefs re: Existing Written Discovery." Judge Hixson's standing order makes clear that a telephonic conference is not a prerequisite to a joint statement, *see* Hartnett Decl. Ex. 3, and the parties had filed joint statements previously without a prior telephonic conference (indeed, Judge Hixson previously noted to the parties that he does not usually resolve disputes of substance by telephonic conference).

On October 28, 2024, Plaintiffs implicitly acknowledged their missed deadline, sending Meta a "proposed draft joint administrative motion" to allow submission of an overlength discovery brief after October 23. Dkt. 244-13 at 4. Plaintiffs also newly raised the issue of a discovery referee. *See id.* Meta responded by noting the missed deadline and stating that it "cannot agree to your proposed stipulation because the issues were not timely briefed to the Court (and Judge Hixson cannot modify the case schedule ordered by Judge Chhabria, in any event)." *Id.* at 3. Meta also opposed appointment of a discovery referee at this late date. *See id.* Plaintiffs responded by mischaracterizing the October 23 deadline as a non-binding "interim deadline" and threatened to seek sanctions if Meta would not stipulate to an extension. *Id.* at 2. In response, Meta maintained its objection, stating: "Rather than acknowledge that Plaintiffs failed to meet the Court-ordered deadline and/or provide any of the showings required by [] Rule 16 and Civil L. R. 6-3, you instead baselessly seek to blame Meta for Plaintiffs' lapse and threaten to seek sanctions." Hartnett Decl. Ex. 1. Plaintiffs' Motion followed.

Plaintiffs indisputably failed to meet the stipulated, Court-ordered October 23 deadline for filing letter briefs regarding Meta's existing written discovery responses, which certainly included

the discovery issues raised in Plaintiffs' October 9, 2024 letters. This is a deadline that **Plaintiffs** originally sought in their motion to extend case deadlines. Dkt. 193. The parties negotiated and stipulated to that deadline, Dkt. 227, and the Court ordered it, Dkt. 238. The purpose of that deadline was to immediately present and resolve all existing discovery disputes, so that the parties could spend the remaining weeks of fact discovery focused on additional written discovery and conducting over 20 depositions. This deadline would be meaningless if it did not apply to the discovery disputes that Plaintiffs now belatedly seek to present to the Court yet again. Yet rather than acknowledge their error and show the good cause needed to overcome it, Plaintiffs first glossed over their apparent oversight, and then sought to blame Meta for it.[2] None of that is appropriate. And Plaintiffs misrepresent the one case they claim supports them, *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2022 WL 959598 (S.D. Cal. Mar. 30, 2022). *See* Dkt. 244 at 4.[3] *Cleveland* does not, as Plaintiffs claim, "hold[] that there was no waiver of a discovery dispute deadline where the movant followed the Court's Civil Chamber Rules." *Id.* Just the opposite: *Cleveland* **found waiver** where Plaintiffs "failed to resolve their dispute in accordance with the Court's procedure." *Cleveland*, 2022 WL 959598, at *9. Likewise here, the parties had a deadline of October 23, 2024 for "Letter Briefs re: Existing Written Discovery"; Judge Hixson's procedures contemplate briefing by written joint statement (a procedure the Parties have followed repeatedly); and rather than follow that procedure, Plaintiffs sought a telephonic conference on unspecified issues as a substitute.[4] As Plaintiffs failed to meet the requirements for the extension they seek, their Motion should be denied.

### III.   Plaintiffs Will Have The Necessary Discovery Regardless Of Their Belated Disputes.

Plaintiffs' submission omits the required declaration "identif[ying] the substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R. 6-3(3). Instead, it contains unsubstantiated and overblown rhetoric, such as that Plaintiffs "will be forced to litigate with an underdeveloped record" and that "Meta intentionally sought to constrict" the record. Dkt.

---

[2] On October 29, *Plaintiffs'* invoked the deadline, stating "Plaintiffs will not respond to any issues raised by Meta that could have been raised before that [briefing] deadline." Hartnett Ex. 5.
[3] Attached as Hartnett Ex. 4.
[4] Plaintiffs note that Meta has been meeting and conferring with Plaintiffs regarding claimed issues with *Plaintiffs'* existing discovery responses. *See* Dkt. 244 at 4. This is beside the point; Meta has been working to reach compromises; Meta has not sought to belatedly move on those issues.

244 at 4.[5]  This continued finger-pointing is unfounded.  Plaintiffs' belated gripes about Meta's existing discovery responses are moot, being resolved, or immaterial.  And Plaintiffs will soon receive responses to timely served additional discovery requests to Meta, as well as depositions of an additional 20 Meta witnesses to obtain any information they otherwise have not yet received.  They thus will suffer no prejudice from not being able to belatedly brief their claimed issues.

None of the 13 items identified by Plaintiffs, *see* Dkt. 244 at 1-2, presents an issue that will compromise the record the court needs to address fair use in this case:

| | | |
|---|---|---|
| 1 | Meta's custodian and data source disclosures comply with the ESI Order.  For months, Plaintiffs have known Meta's custodians and the sources it searched. | |
| 2 | Meta has offered a mutual exchange of search terms and hit counts. | |
| 3 | Meta has told Plaintiffs it will amend certain of its interrogatory responses. | |
| 4 | Meta addressed document imaging issues on a rolling basis and finished on Oct. 31, as it committed. | |
| 5 | Plaintiffs speculate that some custodians "should have" more documents.  Meta conducted a reasonable search under the ESI Order.  Meta's responses to Plaintiffs' new document requests are not yet due. | |
| 6 | Meta has obliged numerous requests from Plaintiffs to provide them with hyperlinks (even where the documents were already in Plaintiffs' possession), and where available, Meta has or will provide them. | |
| 7 | Meta has added the 5 document custodians ordered by the Court; Plaintiffs' request to add 30+ does not comply with the ESI Order and, in any event, comes too late. | |
| 8 | Plaintiffs have long known (and said nothing about) Meta's appropriate date range for its responses. | |
| 9 | Meta produced documents relating to its Llama models.  Llama 4 is still in development. | |
| 10 | Meta produced source code absent document requests for it, and responded to Plaintiffs' requests. | |
| 11 | Meta produced datasets as previously agreed with Plaintiffs' counsel.  Given the size and burden of producing these datasets, Meta informed Plaintiffs that their requests for more copies were unreasonable and untimely. | |
| 12-13 | Meta did not agree to these new discovery modifications. It tried to resolve the interrogatory limit issue but Plaintiffs refused to compromise or seek leave before vastly exceeding 25 interrogatories. | |

*See* Dkt 244-9, 14-22 (documenting Meta's efforts and commitments to compromise).

**IV.    A Special Master Is Unnecessary.**

Plaintiffs did not raise the issue of a discovery referee until Oct. 28, in conjunction with their attempt to stipulate around the Court's Letter Brief deadline. Dkt. 244-13.  Meta opposes this request.  A referee is unnecessary and would only introduce further delay given the time it would take for any referee to get up to speed.[6]  Economy and efficiency would be best served by the parties completing the many depositions to occur before December 13; responding to the additional written discovery that has been propounded; and raising any disputes with Judge Hixson, who has been promptly addressing timely raised discovery disputes as they arise.

---

[5] On the other hand, the reopening/two-week extension prejudices Meta because it puts briefing over months-old issues over depositions and further risks a delay of the discovery close given enormous discovery demands of Plaintiffs, such as tripling ESI custodians.

[6] Meta has not and will not "game" deadlines to run out the clock.  Meta has complied with all deadlines and will continue to respond as quickly as it reasonably can in this fast-moving case.

| | |
|---|---|
| Dated: November 1, 2024 | COOLEY LLP<br><br>By: */s/ Kathleen Hartnett*<br>Bobby Ghajar<br>Mark Weinstein<br>Kathleen Hartnett<br>Judd Lauter<br>Liz Stameshkin<br>Colette Ghazarian<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>Angela L. Dunning<br><br>Attorneys for Defendant<br>META PLATFORMS, INC. |