# EXHIBIT 5

| | |
|---|---|
| **From:** | Alexander Sweatman <ASweatman@caffertyclobes.com> |
| **Sent:** | Tuesday, October 29, 2024 8:05 PM |
| **To:** | Lauter, Judd; Cadio Zirpoli; Maxwell Pritt; David Simons; Jesse Panuccio; Holden Benon; Christopher Young; Aaron Cera; Joseph Saveri; Margaux Poueymirou; Ashleigh Jensen; Rya Fishman; Matthew Butterick; Nada Djordjevic; James Ulwick; Bryan L. Clobes; Mohammed Rathur; Amy Keller; David Straite; Ruby Ponce; Heaven Haile; Llama BSF; Josh Schiller; David Boies |
| **Cc:** | z/Meta-Kadrey; Dunning, Angela L.; Hartnett, Kathleen; mlemley@lex-lumina.com; Ghajar, Bobby A.; Ghazarian, Colette A; Stameshkin, Liz; Poppell, Cole A; Biksa, Liene; Weinstein, Mark; Alvarez, Jessica |
| **Subject:** | RE: Kadrey v. Meta - Meet and confer follow-up |

**[External]**

Judd,

We are in receipt of your email.  Your email does not accurately reflect the October 22, 2024 meet and confer regarding your October 16, 2024 email alleging discovery deficiencies, and we disagree with many of your claims.  In addition, Defendants have failed to address the numerous deficiencies with their own document production which were raised by Plaintiffs during this same meet and confer.  In light of Kathleen's email from last night, however, absent Meta's withdrawal of the objection raised therein or agreement to a stip and prop order amending the interim deadline to file letter briefs re: existing discovery, Plaintiffs will not respond to any issues raised by Meta that could have been raised before that deadline.  Plaintiffs have diligently sought to raise and meet and confer with Meta on outstanding discovery issues and, to that end, remain ready and willing to proceed expeditiously to resolve our respective discovery issues and/or agree to a stip and prop order re: another interim deadline if Meta insists on one.

Thanks,
Alex

Alexander J. Sweatman
**Cafferty Clobes Meriwether & Sprengel LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
p 312.782.4880
f 312.782.4485
www.caffertyclobes.com

**From:** Lauter, Judd <jlauter@cooley.com>
**Sent:** Friday, October 25, 2024 6:28 PM
**To:** Cadio Zirpoli <czirpoli@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; David Simons <dsimons@bsfllp.com>; Jesse Panuccio <jpanuccio@BSFLLP.com>; Holden Benon <hbenon@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@buttoricklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Mohammed Rathur <MRathur@caffertyclobes.com>; Amy Keller <akeller@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Ruby Ponce <rponce@saverilawfirm.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Heaven Haile <hhaile@saverilawfirm.com>; Llama BSF <Llama_BSF@bsfllp.com>; Josh Schiller <JiSchiller@BSFLLP.com>; David Boies <DBoies@BSFLLP.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>; Hartnett, Kathleen <khartnett@cooley.com>; mlemley@lex-lumina.com; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A

<cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Poppell, Cole A <CPoppell@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Weinstein, Mark <mweinstein@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>
**Subject:** RE: Kadrey v. Meta - Meet and confer follow-up

Counsel:

We write to memorialize Tuesday's meet and confer concerning the deficiencies detailed in our October 16, 2024 email.  After your review, please promptly let us know if you disagree with our characterization of the outcome of any of the issues we discussed.  For any outstanding issues, please confirm Plaintiffs' position by Tuesday October 29th, or we will assume that the parties are at an impasse.

Meta, of course, continues to reserve all rights, including as to any deficiencies revealed in the course of the depositions that have yet to occur and for more recent discovery.

Regards,
Judd

**RFPD Responses and Documents**

- **Meta's RFP No. 1** requests, "Complete copies of copyright registrations and deposit material for each of YOUR ASSERTED WORKS."  Plaintiffs have yet to produce copyright registration certificates for a number of the Asserted Works and have produced none of the corresponding deposit copies.

    o Counsel for Plaintiff TerKeurst agreed to produce recently received copyright registration certificates for her four Asserted Works; following that production, counsel represented that Plaintiff TerKeurst's production of responsive documents will be complete because deposit copies of her Asserted Works were not in her individual, nor her agents, possession, custody, or control.

    o Counsel for the remaining Plaintiffs represented that their production of responsive documents was complete, in particular, because (1) they produced copyright registration certificates for their Asserted Works and (2) deposit copies of the Asserted Works were not in their clients' possession, custody, or control.  ***Counsel agreed to confirm in writing that they have conducted a reasonable search, and Plaintiffs' productions are complete.***

- **Meta's RFP No. 36** asks Plaintiffs to "Produce all COMMUNICATIONS on any email or social media account YOU identified in response to Interrogatory No. 14 that discuss or relate to Meta, the Action, YOUR claims in the Action, YOUR use of any generative AI product or service, or any license of YOUR ASSERTED WORKS."

    o Counsel for Ms. TerKeurst represented that her production was likely complete but agreed to promptly conduct a reasonable search for documents within her possession, custody, or control responsive to the Request as written.

    o Counsel for the remaining Plaintiffs represented that their productions were complete following a reasonable search and ***agreed to confirm the same in writing***.

- **Meta's RFP No. 47** requests, "All declarations or affidavits YOU have signed for use in any other copyright infringement, DMCA, or right of publicity litigation, together with any attached exhibits or materials."

    o Counsel for Plaintiff TerKeurst represented that her production was likely complete but agreed to promptly review their efforts and confirm the same.  Counse for Ms. TerKeurst further requested that Meta agree that, following the close of fact discovery in this case, Ms. TerKeurst has no further

obligation to supplement her production in response to this Request.  Meta generally agrees, provided that any responsive material existing prior to the close of fact discovery is produced before the close.  not to produce otherwise responsive declarations or affidavits that arise from her ongoing copyright suit in New York.

- o Counsel for the remaining Plaintiffs represented that their productions were complete following a reasonable search and ***agreed to confirm the same in writing***.

- **Meta's RFP No. 49** requests, "DOCUMENTS sufficient to identify each instance in which YOU or YOUR AGENTS provided free copies of any of YOUR ASSERTED WORKS to THIRD PARTIES for purposes of soliciting reviews, commentary, criticism, endorsements, or summaries."

  - o Counsel from Cafferty Clobes represented that following a reasonable search, their clients' productions were complete.  ***Please confirm the same in writing.***

  - o Counsel for Plaintiff TerKeurst and counsel from the Saveri firm represented that their clients' productions were likely complete but agreed to double-check to confirm.  ***Please confirm that Plaintiffs have conducted a reasonable search and their productions are complete, or else confirm that Plaintiffs will promptly supplement their productions.***

- **Meta's RFP No. 50** requests, "DOCUMENTS sufficient to identify each literary work, (by title and author) that YOU purchased, acquired, borrowed, referenced, or reviewed for purposes of researching, writing, or editing YOUR ASSERTED WORKS, whether or not such works are identified as reference material in YOUR ASSERTED WORK."

  - o Counsel from the Cafferty Clobes and Saveri firms represented that their clients would not search for or produce documents responsive to the Request on the basis that it is overbroad; however, counsel offered to consider a narrower construction of the Request from Meta.

  - o We disagreed—and continue to disagree that the Request is overbroad.  Nevertheless, in the interest of compromise, Meta is willing to construe this Request as limited to responsive documents that are stored or segregated in readily accessible files or folders (such as research files, notes, catalogues, reports).  ***Please confirm that Plaintiffs will agree to this compromise.***

- **Meta's RFP 53** requests, "All DOCUMENTS that any of YOUR testifying experts have relied on or may rely on in forming any opinions in this ACTION."

  - o Counsel for the Saveri and Cafferty Clobes firms declined to search for and produce responsive material unless Meta agreed to a mutual exchange of such materials.  We noted that Plaintiffs have not served a reciprocal document request and that Plaintiffs' discovery obligations are not contingent upon Plaintiffs' desire for reciprocity.  Meta does not agree to Plaintiffs' demand.  ***Please confirm that Plaintiffs will produce documents responsive to this Request, or else confirm that the parties are at an impasse.***

- **Meta's RFP No. 57** requests, "ALL DOCUMENTS CONCERNING COMMUNICATIONS between YOU or YOUR counsel or YOUR agent and any other author about the prospect of becoming a named plaintiff in this ACTION or joining this ACTION."  Plaintiffs responded that "other than attorney-client privilege material, no responsive material exists."

  - o Plaintiffs represented that following a reasonable search, their clients' productions were complete.  ***Please confirm the same in writing.***

**Interrogatory Responses**

- **Meta's Interrogatory Nos. 12 and 13** seek information regarding circumstances in which Plaintiffs have authorized any person to license their works. Plaintiffs have identified written licenses that they produced.

  o As a general matter, counsel for Plaintiff TerKeurst agreed that she would promptly supplement her interrogatory responses that rely on Rule 33(d) to identify responsive documents, both to these interrogatories and any others for which Ms. TerKeurst represented that she is relying on Rule 33(d).

  o Counsel for the other Plaintiffs have represented that they have conducted reasonable searches and their responses to these Interrogatories are complete.

- **Meta's Interrogatory No. 14** seeks information relating to Plaintiffs' email and social media accounts.

  o Counsel for the Saveri firm represented that they would not respond to this interrogatory unless Meta provides the email and social media accounts of Meta's thousands of employees. Counsel also objected on the ground that Meta could have obtained this information during depositions of their clients. We explained, again, that Plaintiffs' obligations to produce responsive information is not contingent upon what they perceive to be deficiencies in Meta's discovery responses, that Plaintiffs discovery obligations are not obviated by the fact that depositions have taken place, that Plaintiffs' discovery obligations are not contingent upon Plaintiffs' desire for reciprocity, and why this Interrogatory is relevant and proportional as applied to individual Plaintiffs but not as applied to employees of a company. ***The Parties appear to be at an impasse; please confirm.***

  o Counsel for the remaining Plaintiffs represented that they would consider supplementing their responses. ***Please confirm that Plaintiffs will promptly supplement their interrogatory responses, or else confirm that the parties are at an impasse.***

- **Meta's Interrogatory No. 15** seeks information relating to Plaintiffs' or their agents' use of generative AI products or services.

  o Counsel for all Plaintiffs represented that they would consider supplementing their responses to this Interrogatory. ***Please promptly confirm that Plaintiffs will do so.***

- **Meta's Interrogatory No. 18** seeks Plaintiffs' contentions why Meta's alleged use of Plaintiffs' asserted works are not fair use.

  o Plaintiffs maintained their refusal to respond to this interrogatory on the grounds that fair use is an affirmative defense for which Meta bears the burden of proof, and that they cannot prepare a response because Meta documents designated AEO cannot be shared with individual Plaintiffs. Meta disagreed that these are valid objections. At a minimum, Plaintiffs could respond to the extent that their responses do not rely on AEO material. ***Please promptly confirm whether Plaintiffs will reconsider their positions, or else confirm that the parties are at an impasse.***

**Deposition Follow-Ups**

- **Mr. Hwang** (deposed Sep. 16, 2024)
  o Counsel represented that it would follow up to confirm that:
    ▪ Its productions are complete as to (i) Mr. Hwang's responsive communications with Messrs. Lundberg and Wirth, (ii) communications with CAA regarding Mr. Hwang's copyright filings, and (iii) his production related to his use of generative AI.

○ Counsel confirmed that Mr. Hwang's communications with Ms. Waldman (Hwang Dep. Tr. 205:8–19) cannot be located and appear to have been destroyed.  Counsel was unable to provide any explanation of what occurred.  Meta reserves all rights.

- **Mr. Golden** (deposed Sep. 17, 2024)
    ○ Counsel confirmed its position that the remainder of the responsive exchange between Mr. Golden and Mr. Brom is privileged and will not be produced.

- **Mr. Greer** (deposed Sep. 24, 2024)
    ○ As to documents sufficient to identify Mr. Greer's initial awareness of alleged infringement, counsel represented that Mr. Greer responses were complete following a reasonable search.
    ○ As to producing unobscured / cutoff copies of Mr. Greer' GenAI prompts and outputs, counsel represented that Mr. Greer would provide a supplemental production within approximately one week.  We advised that such supplemental production should include complete versions of all responsive prompts and outputs, not just those surfaced in the deposition.  We also noted that ChatGPT, for example, has an option to export all prompts and outputs.  ***Please confirm that these materials will be promptly produced.***
    ○ Counsel represented that Mr. Greer was in the process of collecting a copy of his agreement with The New Yorker re: LESS, referenced at Greer Bates No. 165.  Greer Dep. Tr. 321:3-20.  ***Please confirm that these materials will be promptly produced.***

- **Ms. Woodson** (deposed Sep. 30, 2024)
    ○ The text messages between Ms. Woodson and Ms. Waldman related to this case.  Woodson Rough Dep. Tr. 48:10-49:15.
    ○ Counsel for Ms. Woodson confirmed production yesterday of the text messages between Ms. Woodson and Ms. Waldman related to this case, Woodson Rough Dep. Tr. 48:10-49:15.  **We thank Counsel and Ms. Woodson and reserve rights subject to our confirmation of the same.**

- **Ms. Silverman** (deposed Oct. 10, 2024)
    ○ Counsel for Ms. Silverman maintained that she would not produce documents that were "public facing" and would not conduct a reasonable search for such documents and communications within her possession, custody, or control on such basis.  Meta disagreed that this was a valid basis to refuse to withhold or search for responsive documents that she is aware of.  ***The parties are thus at an impasse.***

    ○ Counsel represented that it would conduct a search for drafts of the manuscript, in native and print form, for *The Bedwetter*.  ***Please confirm that Plaintiffs will promptly produce these materials.***

---

**From:** Lauter, Judd
**Sent:** Friday, October 18, 2024 7:31 PM
**To:** Cadio Zirpoli <czirpoli@saverilawfirm.com>; Maxwell Pritt <mpritt@bsfllp.com>; David Simons <dsimons@bsfllp.com>; Jesse Panuccio <jpanuccio@BSFLLP.com>; Holden Benon <hbenon@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Margaux Poueymirou <mpoueymirou@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Matthew Butterick <mb@butbericklaw.com>; Nada Djordjevic <ndjordjevic@dicellolevitt.com>; James Ulwick <Julwick@dicellolevitt.com>; Bryan L. Clobes <BClobes@caffertyclobes.com>; Mohammed Rathur <MRathur@caffertyclobes.com>; Amy Keller <akeller@dicellolevitt.com>; David Straite <dstraite@dicellolevitt.com>; Ruby Ponce <rponce@saverilawfirm.com>; Alexander Sweatman <ASweatman@caffertyclobes.com>; Heaven Haile <hhaile@saverilawfirm.com>; Llama BSF <Llama_BSF@bsfllp.com>; Josh Schiller <JiSchiller@BSFLLP.com>; David Boies <DBoies@BSFLLP.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>; Hartnett, Kathleen

<[khartnett@cooley.com](mailto:khartnett@cooley.com)>; [mlemley@lex-lumina.com](mailto:mlemley@lex-lumina.com); Ghajar, Bobby A. <[bghajar@cooley.com](mailto:bghajar@cooley.com)>; Ghazarian, Colette A <[cghazarian@cooley.com](mailto:cghazarian@cooley.com)>; Stameshkin, Liz <[lstameshkin@cooley.com](mailto:lstameshkin@cooley.com)>; Poppell, Cole A <[CPoppell@cooley.com](mailto:CPoppell@cooley.com)>; Biksa, Liene <[lbiksa@cooley.com](mailto:lbiksa@cooley.com)>; Weinstein, Mark <[mweinstein@cooley.com](mailto:mweinstein@cooley.com)>; Alvarez, Jessica <[jalvarezlopez@cooley.com](mailto:jalvarezlopez@cooley.com)>
**Subject:** RE: Kadrey v. Meta - Meet and confer follow-up

Thanks, Cadio.  Let's plan to talk at 1pm in that case.  We will send an invite.

Have a good weekend.

Best,
Judd

**From:** Cadio Zirpoli <[czirpoli@saverilawfirm.com](mailto:czirpoli@saverilawfirm.com)>
**Sent:** Friday, October 18, 2024 2:04 PM
**To:** Lauter, Judd <[jlauter@cooley.com](mailto:jlauter@cooley.com)>; Maxwell Pritt <[mpritt@bsfllp.com](mailto:mpritt@bsfllp.com)>; David Simons <[dsimons@bsfllp.com](mailto:dsimons@bsfllp.com)>; Jesse Panuccio <[jpanuccio@BSFLLP.com](mailto:jpanuccio@BSFLLP.com)>; Holden Benon <[hbenon@saverilawfirm.com](mailto:hbenon@saverilawfirm.com)>; Christopher Young <[cyoung@saverilawfirm.com](mailto:cyoung@saverilawfirm.com)>; Aaron Cera <[aCera@saverilawfirm.com](mailto:aCera@saverilawfirm.com)>; Joseph Saveri <[jsaveri@saverilawfirm.com](mailto:jsaveri@saverilawfirm.com)>; Margaux Poueymirou <[mpoueymirou@saverilawfirm.com](mailto:mpoueymirou@saverilawfirm.com)>; Ashleigh Jensen <[ajensen@saverilawfirm.com](mailto:ajensen@saverilawfirm.com)>; Rya Fishman <[rfishman@saverilawfirm.com](mailto:rfishman@saverilawfirm.com)>; Matthew Butterick <[mb@butticklaw.com](mailto:mb@butticklaw.com)>; Nada Djordjevic <[ndjordjevic@dicellolevitt.com](mailto:ndjordjevic@dicellolevitt.com)>; James Ulwick <[Julwick@dicellolevitt.com](mailto:Julwick@dicellolevitt.com)>; Bryan L. Clobes <[BClobes@caffertyclobes.com](mailto:BClobes@caffertyclobes.com)>; Mohammed Rathur <[MRathur@caffertyclobes.com](mailto:MRathur@caffertyclobes.com)>; Amy Keller <[akeller@dicellolevitt.com](mailto:akeller@dicellolevitt.com)>; David Straite <[dstraite@dicellolevitt.com](mailto:dstraite@dicellolevitt.com)>; Ruby Ponce <[rponce@saverilawfirm.com](mailto:rponce@saverilawfirm.com)>; Alexander Sweatman <[ASweatman@caffertyclobes.com](mailto:ASweatman@caffertyclobes.com)>; Heaven Haile <[hhaile@saverilawfirm.com](mailto:hhaile@saverilawfirm.com)>; Llama BSF <[Llama_BSF@bsfllp.com](mailto:Llama_BSF@bsfllp.com)>; Josh Schiller <[JiSchiller@BSFLLP.com](mailto:JiSchiller@BSFLLP.com)>; David Boies <[DBoies@BSFLLP.com](mailto:DBoies@BSFLLP.com)>
**Cc:** z/Meta-Kadrey <[zmetakadrey@cooley.com](mailto:zmetakadrey@cooley.com)>; Dunning, Angela L. <[adunning@cgsh.com](mailto:adunning@cgsh.com)>; Hartnett, Kathleen <[khartnett@cooley.com](mailto:khartnett@cooley.com)>; [mlemley@lex-lumina.com](mailto:mlemley@lex-lumina.com); Ghajar, Bobby A. <[bghajar@cooley.com](mailto:bghajar@cooley.com)>; Ghazarian, Colette A <[cghazarian@cooley.com](mailto:cghazarian@cooley.com)>; Stameshkin, Liz <[lstameshkin@cooley.com](mailto:lstameshkin@cooley.com)>; Poppell, Cole A <[CPoppell@cooley.com](mailto:CPoppell@cooley.com)>; Biksa, Liene <[lbiksa@cooley.com](mailto:lbiksa@cooley.com)>; Weinstein, Mark <[mweinstein@cooley.com](mailto:mweinstein@cooley.com)>; Alvarez, Jessica <[jalvarezlopez@cooley.com](mailto:jalvarezlopez@cooley.com)>
**Subject:** Re: Kadrey v. Meta - Meet and confer follow-up

**[External]**

Judd,
I am not available Monday. I am available  Tuesday after 1 pm pacific.

Cadio

Get [Outlook for iOS](https://aka.ms/o0ukef)

**From:** Lauter, Judd <[jlauter@cooley.com](mailto:jlauter@cooley.com)>
**Sent:** Friday, October 18, 2024 2:00:34 PM
**To:** Maxwell Pritt <[mpritt@bsfllp.com](mailto:mpritt@bsfllp.com)>; David Simons <[dsimons@bsfllp.com](mailto:dsimons@bsfllp.com)>; Jesse Panuccio <[jpanuccio@BSFLLP.com](mailto:jpanuccio@BSFLLP.com)>; Holden Benon <[hbenon@saverilawfirm.com](mailto:hbenon@saverilawfirm.com)>; Christopher Young <[cyoung@saverilawfirm.com](mailto:cyoung@saverilawfirm.com)>; Aaron Cera <[aCera@saverilawfirm.com](mailto:aCera@saverilawfirm.com)>; Cadio Zirpoli <[czirpoli@saverilawfirm.com](mailto:czirpoli@saverilawfirm.com)>; Joseph Saveri <[jsaveri@saverilawfirm.com](mailto:jsaveri@saverilawfirm.com)>; Margaux Poueymirou <[mpoueymirou@saverilawfirm.com](mailto:mpoueymirou@saverilawfirm.com)>; Ashleigh Jensen <[ajensen@saverilawfirm.com](mailto:ajensen@saverilawfirm.com)>; Rya Fishman <[rfishman@saverilawfirm.com](mailto:rfishman@saverilawfirm.com)>; Matthew Butterick <[mb@butticklaw.com](mailto:mb@butticklaw.com)>; Nada Djordjevic <[ndjordjevic@dicellolevitt.com](mailto:ndjordjevic@dicellolevitt.com)>; James Ulwick <[Julwick@dicellolevitt.com](mailto:Julwick@dicellolevitt.com)>; Bryan L. Clobes <[BClobes@caffertyclobes.com](mailto:BClobes@caffertyclobes.com)>; Mohammed Rathur <[MRathur@caffertyclobes.com](mailto:MRathur@caffertyclobes.com)>; Amy Keller <[akeller@dicellolevitt.com](mailto:akeller@dicellolevitt.com)>; David Straite <[dstraite@dicellolevitt.com](mailto:dstraite@dicellolevitt.com)>; Ruby Ponce <[rponce@saverilawfirm.com](mailto:rponce@saverilawfirm.com)>; Alexander Sweatman <[ASweatman@caffertyclobes.com](mailto:ASweatman@caffertyclobes.com)>; Heaven Haile <[hhaile@saverilawfirm.com](mailto:hhaile@saverilawfirm.com)>; Llama BSF <[Llama_BSF@bsfllp.com](mailto:Llama_BSF@bsfllp.com)>; Josh Schiller <[JiSchiller@BSFLLP.com](mailto:JiSchiller@BSFLLP.com)>; David Boies <[DBoies@BSFLLP.com](mailto:DBoies@BSFLLP.com)>

**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>; Hartnett, Kathleen <khartnett@cooley.com>; mlemley@lex-lumina.com <mlemley@lex-lumina.com>; Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; Poppell, Cole A <CPoppell@cooley.com>; Biksa, Liene <lbiksa@cooley.com>; Weinstein, Mark <mweinstein@cooley.com>; Alvarez, Jessica <jalvarezlopez@cooley.com>
**Subject:** Kadrey v. Meta - Meet and confer follow-up

Counsel,

Further to our discussion on Wednesday, please let us know your availability for a call on Monday to address the issues regarding Plaintiffs' productions / discovery responses that we did not have time to cover. We are available after 12pm Pacific.


Best regards,
Judd

Judd Lauter
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2915 office
+1 415 693 2222 fax
jlauter@cooley.com

www.cooley.com/people/judd-lauter
www.cooley.com/litigation

Twitter | Facebook | LinkedIn

Learn more about Cooley's Artificial Intelligence capabilities

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.