UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 247 |

In ECF No. 243, the Court ordered the parties to submit a joint discovery letter brief addressing every single issue that is outstanding concerning depositions. The parties filed that at ECF No. 247. The Court now rules as follows.

**A.     Meta's Motion for a Protective Order**

Meta moves for a protective order to bar or limit the deposition of Chris Cox, its Chief Product Officer, citing the apex doctrine. Plaintiffs dispute that Cox is an apex witness. Meta's argument that Cox is an apex witness consists of the following: "Mr. Cox is Meta's Chief Product Officer, a C-level executive of the company listed among Meta's five senior-most 'Executives' – along with Meta's CEO, President of Global Affairs, Chief Financial Officer, and Chief Operating Officer." That sentence then drops a footnote, which cites https://about.meta.com/media-gallery/executives/.

The Court has reviewed that web page. It lists 25 executives, 11 of whom have the word "chief" in their title. Thus, there appear to be 11 C-level executives at the company. Meta's argument that Cox is "listed among Meta's five senior-most" executives assumes, without actually saying this, that the web page lists the executives in descending order of seniority. The Court sees that the first row on the page appears to be organized that way, with the founder and CEO listed

1  first, then the president of global affairs, and then the chief financial officer. But to believe that
2  the rest of the page lists everyone else in descending level of seniority requires believing that a
3  vaguely titled "senior fellow" is more senior than the head of Facebook, the head of WhatsApp,
4  and the head of Instagram. The Court is therefore unwilling to assume that this web page in fact
5  lists the executives that way, which means there is no reason to assume Cox is one of Meta's five
6  senior-most executives. Further, aside from the senior fellow, every executive listed on this web
7  page has an impressive title – they all sound important. But the Court is skeptical that Meta has
8  two dozen apex witnesses.

Normally an apex motion says something about the witness's responsibilities within the company, including how many people report to him or her, and where this person sits in an org chart. Meta doesn't provide any information like that. Meta actually provides zero information about what its Chief Product Officer does or who or what he oversees. The Court thinks Meta has failed to show that Cox is an apex witness and therefore **DENIES** Meta's motion for a protective order.

**B.      Plaintiffs' Rule 30(b)(6) Deposition Notice**

Meta objects to topics 5, 11 and 12 in their entirety and objects to topics 4 and 8 as overbroad.

**1.      Topic 5**

Topic 5 is not proportional to the needs of the case. It is a huge detour into a large subject that has minimal relevance to this case. The Court **QUASHES** topic 5.

**2.      Topic 11**

Topic 11 might have been appropriate at an earlier stage in this case. But we're 42 days away from the close of fact discovery. Taking a Rule 30(b)(6) deposition now into everything Meta did to identify and collect documents in response to Plaintiffs' requests for production is not proportional to the needs of the case at this point. Discovery about discovery has to have a purpose. We're not going to redo all of Meta's document productions at this point. If Plaintiffs had a problem with Meta's search terms, date ranges, metadata collection, and so on, those issues should have been raised a long time ago. The Court **QUASHES** topic 11.

### 3. Topic 12

Meta's October 30, 2023 submission to the Copyright Office is essentially a legal brief, written from beginning to end by lawyers. Requiring Meta to put up a witness on "[t]he factual bases and any other supporting analysis" for that submission is not a good idea because nearly every question would be met with an instruction not to answer. The Court **QUASHES** topic 12.

### 4. Topic 4

Topic 4 is fine as written. Meta is right that no human being can be expected to memorize all of the "discussions or deliberations" called for by this topic. The appropriate way to proceed is for Meta to educate its designee on the important or primary discussions or deliberations, and the Court will consider that sufficient. With that guidance, Meta's overbreadth objection to topic 4 is **OVERRULED**.

### 5. Topic 8

Meta's proposal as to topic 8 is acceptable. As drafted, topic 8 is impossible for Meta to comply with. Accordingly, Meta's overbreadth objection to topic 8 is **SUSTAINED**.

## C. Plaintiffs' Requests Concerning Documents

The Court declines to address any of Plaintiffs' arguments concerning document productions. The Court requested briefing concerning the scheduling of depositions. If Plaintiffs believe that any of their arguments about documents are not time barred under the scheduling order, they may file a joint discovery letter brief and should explain why they think their arguments are timely.

## D. Former Meta Employees

For former employees that Plaintiffs want to depose and who are not represented by defense counsel, it's reasonable to order the Defendant to provide the last known contact information so Plaintiffs can try to find the former employees and see if they will testify, unless doing so would be legally problematic. Meta says that providing contact information for Guillaume Lample, Edouard Grave and Aurelian Rodriguez would violate the GDPR because they are residents of France. Plaintiffs don't seem to have a response. Meta does not identify a legal problem with providing Plaintiffs Susan Zhang's contact information. Accordingly, the Court

Case 3:23-cv-03417-VC   Document 252   Filed 11/01/24   Page 4 of 4

**ORDERS** Meta to provide Plaintiffs with the last known contact information for Zhang and otherwise **DENIES** Plaintiffs' request.

**IT IS SO ORDERED.**

Dated: November 1, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

4