COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br> Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT DISCOVERY LETTER BRIEF** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, unredacted versions of certain documents relating to the Parties' Joint Letter Brief regarding Meta's Motion to Enforce and for Order Re: Post-October 18 Discovery, which addresses Plaintiffs' untimely discovery requests ("Joint Letter Brief"). Specifically, Meta requests to sealing of <u>redacted</u> portions of the Joint Letter Brief.

Meta respectfully submits that good cause exists for the filing of unredacted portions of the Joint Letter Brief document under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Michelle Woodhouse in support of this Unopposed Administrative Motion to File Under Seal.

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to the Joint Letter Brief itself and the supporting evidence attached thereto as further support for this Unopposed Administrative Motion.

I. **LEGAL ARGUMENT**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Brief, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

The redacted portion of the Joint Letter Brief, which consists of a single sentence, refers to and discloses non-public information contained in a document produced by Meta that is designated

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and contains Meta's highly sensitive business plans concerning Meta's efforts to obtain training data for its Llama models. Meta must request sealing of this portion of the Joint Letter Brief, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort, as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable). These sealing requests are critical to protect Meta's confidential competitive information.

The specific basis for sealing the portions of the Joint Letter Brief is outlined in the accompanying declaration of Meta's Associate General Counsel, Michelle Woodhouse. As outlined in Ms. Woodhouse's declaration, disclosure of the protected information contained in the materials Meta seeks to seal would cause competitive harm to Meta if this information is publicly disclosed. Meta's sealing request is narrowly tailored (to a single sentence) to include only that information which would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents).

## II. CONCLUSION

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed documents accompany this Unopposed Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant their Joint Administrative Motion to Seal.

| | |
|---|---|
| Dated: November 8, 2024 | COOLEY LLP |
| | By: */s/Phillip E. Morton* |
| | Bobby Ghajar |
| | Philip Morton |
| | Mark Weinstein |
| | Kathleen Hartnett |
| | Matthew Brigham |
| | Judd Lauter |
| | Liz Stameshkin |
| | Colette Ghazarian |
| | Juan Pablo Gonzalez |
| | Cole Poppell |
| | |
| | LEX LUMINA PLLC |
| | Mark A. Lemley |
| | |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | Angela L. Dunning |
| | |
| | Attorneys for Defendant |
| | META PLATFORMS, INC. |

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON (*pro hac vice*)
(pmorton@cooley.com)
COLE A. POPPELL (*pro hac vice*)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:    (646) 898-2055

**CERTIFICATE OF CONFERENCE**

I hereby attest that I spoke with counsel for Plaintiffs, who confirmed they do not oppose the relief sought in this motion. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 8, 2024

COOLEY LLP

/s/Phillip E. Morton
Phillip E. Morton
*Attorneys for Defendant*
Meta Platforms, Inc.

310587412