November 8, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey et al. v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC-TSH
      **Motion to Enforce and for Order Re:  Post-October 18 Discovery**

Dear Magistrate Judge Hixson:

The parties respectfully submit this letter brief regarding two sets of Requests for Production of Documents ("RFPs") and sixteen third-party document subpoenas.  Meta seeks an order: (1) determining that Plaintiffs' Seventh and Eighth Sets of RFPs (both served after October 18, 2024) and all third-party document subpoenas served after October 18, 2024 are untimely; (2) holding that neither Meta nor the third parties are required to respond to the RFPs or subpoenas; (3) requiring Plaintiffs to withdraw the RFPs and subpoenas and notify the third parties served with them that they are not required to respond; and (4) awarding Meta its fees associated with bringing this motion. The parties met and conferred on this issue by email only between October 30, 2024 and November 4, 2024 and could not reach a resolution.

I. **META'S POSITION**

Judge Chhabria recently found Plaintiffs "at fault, once again, for failing to meet the deadline to present disputes regarding 'existing written discovery.'" Dkt. 253 (citing Dkt. 238). The present motion concerns Plaintiffs' flouting of yet another deadline in the same scheduling order (Dkt. 238)—the parties' **October 18, 2024** deadline to "Serve Additional Written Discovery Requests" ("Written Discovery Deadline"). Plaintiffs have ignored that Court-ordered deadline by serving, after October 18, two sets of RFPs to Meta and *sixteen* third-party document subpoenas. This discovery is untimely, and the Court should order Plaintiffs barred from pursuing it.

As background, on October 4, 2024, Judge Chhabria issued an order extending the fact discovery cut-off to December 13, 2024 and requiring a stipulation regarding "all surrounding dates." Dkt. 211. On October 11, 2024, the parties filed such a stipulation, which included the October 18, 2024 Written Discovery Deadline. Dkt. 227 ("Stipulation"). Judge Chhabria approved the Stipulation as an order of the Court on October 24, 2024. Dkt. 238 ("Scheduling Order").

The Parties served various additional discovery requests by the October 18 deadline.[1] However, Plaintiffs then served many untimely RFPs and third-party document subpoenas *after* October 18, 2024, namely: (1) Plaintiffs' Seventh Set of RFPs to Meta on **October 23, 2024**; (2) thirteen document subpoenas to third parties on **October 25, 2024**;[2] (3) Plaintiffs' Eighth Set of RFPs to Meta (mislabeled as the "Sixth" Set) on **October 26, 2024**; (4) two additional third-party document subpoenas on **October 28, 2024**;[3] and (5) a third-party document subpoena to Susan Zhang on **November 5, 2024**.[4] Nearly all of these requests could have been made earlier, but were not.[5]

On October 30, 2024, Meta wrote to Plaintiffs, raising the untimeliness of this written discovery. Plaintiffs sought to justify the late discovery by arguing that the RFPs were "drafted and/or served" by counsel for Plaintiff Farnsworth, that he was not a party to the Stipulation and, as to the subpoenas, that the Scheduling Order "does not even mention third-party discovery." *See* **Exhibit A** (emails). Meta refuted these points, citing legal authority. *See id.* Plaintiffs quickly responded, not engaging with Meta's points, but stating that Meta "can raise [the issue] with the court." *Id.*

---

[1] For example, Meta served a complete set of written discovery on Farnsworth on October 18.
[2] These were to: Bloomsbury Publishing, Dramatist's Play Services, Hachette Book Group, NWS Corp., MacMillan Publishers, Moya Chen, OpenAI, Penguin Random House, Simon & Schuster International, Springer Nature AG & Co., Theater Communications Group, and Tim Dettmers.
[3] These were to: John Wiley & Sons, Inc. and Reuters News & Media, Inc.
[4] Plaintiffs note that Meta accepted service for two of the subpoenas—for current employee Susan Zhang and former employee Tim Dettmers (whom Meta had represented in a prior privilege dispute). Notably, Meta did so expressly "[w]ithout waiver of any rights or objections" to those subpoenas or any "of the subpoenas we received notice of yesterday." *See* **Exhibit F** (email). Plaintiffs are wrong that Meta accepting service bears on whether the subpoenas are timely.
[5] The only one of Plaintiffs' late requests prompted by a recent event concerns the Reuters agreement. Documents concerning that issue will be produced in response to other requests, and in any case, a discovery cutoff prevents perpetual discovery in cases involving ongoing practices.

Honorable Thomas S. Hixson
November 8, 2024
Page 3

As confirmed by Judge Chhabria's November 4 Order (Dkt. 253), the deadlines in the Scheduling Order are binding and enforceable. *See Johnson v. Mammon Recreations, Inc.*, 975 F.2d 604, 610–11 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). Plaintiffs have not sought or received an extension of the October 18 Written Discovery Deadline from Judge Chhabria, and thus this Court should enforce that deadline and bar Plaintiffs' belated RFPs and third-party document subpoenas.

Plaintiffs' contention that Meta lacks standing to enforce this deadline as to third-party subpoenas is wrong. *See, e.g.*, *Woods v. Google LLC*, 2018 WL 5941122, at *2 (N.D. Cal. Nov. 14, 2018) (granting party "request for an order prohibiting enforcement of [third-party] subpoenas" given failure to "comply with the scheduling order"); *Fed. Deposit Ins. Corp. v. BayOne Real Est. Inv. Corp.*, 2017 WL 1316888, at *1–2 (N.D. Cal. Apr. 10, 2017) (granting protective order to party to bar third-party subpoenas "in light of the discovery cutoff in the existing scheduling order"); *Dedmon v. Continental Airlines, Inc.*, 2015 WL 1740095, at *2 (D. Colo. April 14, 2015) ("[r]egardless of the moving party's standing to challenge a subpoena directed to a nonparty, courts possess the inherent power to quash an untimely subpoena"). Plaintiffs' cases involve parties seeking to quash subpoenas based on burden or relevance, not to enforce a scheduling order.[6]

Plaintiffs have sought to defend their late discovery requests by arguing "Plaintiff Farnsworth drafted and/or served" them. **Exhibit A** at 3. This argument fails. To begin, although Mr. Farnsworth's counsel signed several of the requests, it did so expressly on behalf of ***all*** "Plaintiffs" (7th Set of RFPs, and 14 of the third-party subpoenas). *See* **Exhibit B**. Counsel at BSF signed the 8th Set of RFPs, likewise on behalf of ***all*** "Plaintiffs." *See* **Exhibit C**. And counsel at the Saveri Firm signed two of the third-party subpoenas on behalf of Plaintiffs Kadrey, Silverman and Golden (per cover letter) and on behalf of "Plaintiffs Richard Kadrey, et al." (per the notices). *See* **Exhibit D**. Accordingly, the written discovery requests at issue were not "drafted and/or served" only by Plaintiff Farnsworth; nor do they raise any issues specific to him.

Moreover, even if the late discovery had been propounded solely on behalf of Mr. Farnsworth, the Court-ordered deadlines apply fully to him. *Farnsworth* was consolidated with *Kadrey* on October 18, which was also the Written Discovery Deadline. Dkt. 232. And Mr. Farnsworth's counsel served Requests for Admission ("RFAs") and RFPs on behalf of all "Plaintiffs" ***on*** that deadline, including several RFAs concerning Mr. Farnsworth. *See* **Exhibit E** (re-served on Oct. 23 due to mislabeling). Plaintiffs' prior discovery requests also were available to Mr. Farnsworth prior to formal consolidation as needed to inform his discovery strategy, and Mr. Farnsworth's counsel represented to Judge Chhabria at the October 4 hearing (two weeks before formal consolidation) that they had "been in collaborative touch with certain of the parties." 10/4/24 Tr. at 9-10. Moreover, the Court ordered consolidation on the premise that Mr. Farnsworth would not seek to separate himself in a manner disruptive to the case schedule, stating in the consolidation order that "[i]f the addition of the *Farnsworth* matter results in ***any delay in the case schedule***, the Court

---

[6] Although Meta need not show prejudice because its motion is based on untimeliness, Meta will be prejudiced if Plaintiffs are permitted to pursue their belated discovery. Not only will Meta not be able to seek its own discovery of the third parties at issue, but Meta will have lost the opportunity to pursue additional discovery after a deadline it complied with but that Plaintiffs did not.

will reverse this order, reestablish the *Farnsworth* matter as a separate case, and stay that case pending resolution or adjudication of the *Kadrey* matter." Dkt. 232 (emphasis added).

Lastly, Plaintiffs' argument that third-party document subpoenas are not "written discovery" is without merit. Plaintiffs claim—citing nothing—that "the parties were crystal-clear that the interim deadlines in their stipulation applied only to party discovery." Not so. The term "written discovery" as used in the Scheduling Order, with no carve-out for Rule 45 document subpoenas, encompasses third-party document subpoenas. *See, e.g.*, *Valcor Engineering Corp. v. Parker Hannifin Corp.*, 2018 WL 6186796, at *2 (C.D. Cal. July 11, 2018) (discovery deadline for "[a]ll requests for production" includes Rule 45 document subpoenas); *Essociate, Inc. v. Blue Whaler Investments, LLC*, 2012 WL 12953823, at *2 (C.D. Cal. Apr. 12, 2012) (deadline for "all requests for production" includes third-party subpoena including document production); *see also Kovalenko v. Kirkland & Ellis LLP*, 2024 WL 664691, at *1 (N.D. Cal. Feb. 16, 2024) (Hixson, J.) (describing document requests to a party as "separate written discovery requests" from prior third-party document subpoenas); *see also Dedmon*, 2015 WL 1740095, at *2 ("A subpoena *duces tecum* issued to a third-party is 'discovery' within the meaning of [Fed. R. Civ. P.].").

Plaintiffs' persistent cavalier attitude towards Court-ordered deadlines should not be rewarded. The Court should order that Meta need not respond to the untimely RFPs and should exercise its inherent power to quash the untimely subpoenas. Plaintiffs also should be ordered to withdraw the subpoenas and notify any served third parties the withdrawal. Finally, Meta should be awarded reasonable attorney fees for this motion. *See* Fed. R. Civ. P. 37.

## II. PLAINTIFFS' POSITION

### A. The Subpoenas Are Timely and Seek Relevant Documents.

There is no basis to issue a protective order preventing Plaintiffs from obtaining relevant third-party discovery prior to the December 13, 2024 discovery cut-off. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." *See* Fed. R. Civ. P. 45 (Adv. Comm. N. to 1970 Am.).

"[A] party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) (collecting cases); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-02865-EMC-PHK, 2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023) (same); *see also FemtoMetrix Inc v. Huang*, No. 23-MC-80332-TSH, 2024 WL 396186, at *6 (N.D. Cal. Feb. 1, 2024) (describing "[t]he rule that a party lacks standing to object" to a Rule 45 subpoena). In addition, a party "cannot object to a non-party subpoena on the grounds of relevance or burden where the non-party itself has not objected." *Botta v. PricewaterhouseCoopers LLP*, No. 18-CV-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018). Meta conceded its motion is governed by Your Honor's Discovery Standing Order ("Standing Order"), which mandates that a party cannot seek a protective order without first meeting and conferring "in good faith." "An exchange of written communications does not satisfy the meet and confer requirement." *Id.*

Honorable Thomas S. Hixson
November 8, 2024
Page 5

Here, Meta has not shown that it will suffer "annoyance, embarrassment, oppression, or undue burden or expense" unless a protective order issues. Fed. R. Civ. P. 26(c)(1). Indeed, even if Meta had established that the documents contain Meta's highly confidential information or trade secrets, the subpoenas would still be proper because all production is subject to the case protective order. *See Doe*, 2023 WL 8714880, at *4 (overruling the defendant's confidentiality and trade secrecy objections to third-party subpoenas). Importantly, Meta does not dispute the relevance of the materials, nor could it. Each of the subpoena recipients is either listed on documents that Meta produced in this litigation, *see* Meta_Kadrey_00051952, or appears in publicly-announced agreements with Meta or other AI companies. And, one of the fair use factors is "the effect of the use on the potential market for or the value of the copyrighted work." 17 U.S.C. § 107. In March 2023, Meta ███████████████████████████████████████████████████████████████ Meta_Kadrey_00051952. Documents and correspondence relating to agreements to license content for use as AI training data, both limited to Meta and generally, are relevant to "the potential market for or the value of the copyrighted work," among other things such as Meta's knowing, and unconsented to, use of copyright protected material in its LLMs. *See* 17 U.S.C. § 107.

Thus, Plaintiffs crafted discrete subpoenas related to licensing agreements and provided notice to Meta on October 25.[7] The subpoenas included a cover letter, a copy of the operative complaint, and a copy of the case protective order. After news broke on October 25 that Meta entered into an agreement with Reuters to purchase content for its AI chatbot,[8] Plaintiffs noticed this additional subpoena on October 28.

Meta's attempt to end all relevant discovery of third parties—based on an unrelated deadline for the parties to serve written discovery—has no basis in the record. In all written and oral correspondence, the parties were crystal-clear that the interim deadlines in their stipulation applied only to party discovery. Meta never once suggested these interim deadlines applied to third-party discovery. The Stipulation and Proposed Order Re Schedule is completely silent on third-party discovery. *See* Dkt. 227. Indeed, all the parties' filings mention only the parties' written discovery, *see, e,g*, Dkt. 184 & 184-2, not third-party discovery. The most reasonable explanation is that the parties never agreed to any interim deadlines for third-party discovery, and that the December 13 discovery cut-off therefore applies. Indeed, the cases cited by Meta *support Plaintiffs* and hold that where, as here, there is no specific deadline for third-party discovery, the applicable deadline is the fact "discovery cut-off," which is December 13 here. *See Woods*, 2018 WL 5941122, at *3; *Fed. Deposit Ins. Corp.*, 2017 WL 1316888, at *1; *Dedmon*, 2015 WL 1740095, at *2. That was certainly Plaintiffs' understanding. The Court should not permit Meta to obstruct relevant third-party discovery prior to the December 13, 2024 discovery cut-off where,

---

[7] As a courtesy, Plaintiffs provided additional notice for a few subpoenas because the address for service changed. The content of each such subpoena was identical to the original subpoena.
[8] *See Meta Platforms to use Reuters news content in AI chatbot*, available at https://www.reuters.com/technology/artificial-intelligence/meta-platforms-use-reuters-news-content-ai-chatbot-2024-10-25/.

as here, Meta has "no standing to move to quash or for a protective order" of third-party subpoenas. *See Doe*, 2023 WL 8714880, at *4.

**B. There Is Good Cause for the Discrete Document Requests.**

The two document requests, although served on Meta, also seek documents from third parties. *First*, the single document request served on October 23 seeks documents responsive to Plaintiffs' prior discovery requests that Meta received from third parties. Plaintiff Farnsworth and his counsel served this request shortly after joining the case. *Second*, after news broke on October 25 that Meta agreed with Reuters to purchase content for its AI chatbot, Plaintiffs sought documents regarding the Meta-Reuters agreement the very next day, Saturday, October 26.

Neither request was a "new" request. Rather, Plaintiffs served these document requests to ensure that Meta produced relevant third-party documents responsive to Plaintiffs' prior discovery requests, regardless of whether the documents originally came from a third party. Meta implicitly conceded the Reuters requests were proper by confirming for the first time at 7:34 p.m. tonight that documents concerning the Reuters agreement "will be produced." *Supra*, fn. 5 (above). If Meta confirms it will supplement to produce the remaining documents from third parties, Plaintiffs will withdraw their requests.

It is regrettable that Meta chose to file this motion rather than meeting and conferring. Prior to filing, Meta only exchanged emails about timeliness. *Compare* Ex. A *with* Standing Order ("parties must first meet and confer . . . [and an] exchange of written communications does not satisfy the meet and confer requirement."). Meta never met or conferred about the substance of the requests. *See id.*; Fed. R. Civ. P. 26(c).

Meta would have this Court impose a finding that Plaintiff Farnsworth's counsel are "too late" and should therefore be forced to pay Meta's attorneys' fees for discovery served less than a week after they entered the case. Meta's request is not supported. *See also* Standing Order (precluding sanctions when the moving party fails to meet and confer before filing). It would also be prejudicial to Plaintiffs—particularly Plaintiff Farnsworth—though there is no prejudice to Meta, which is also free to seek third-party discovery prior to December 13. But according to Meta, October 18 was the first and *only* day that Plaintiff Farnsworth and his counsel could seek discovery because *Kadrey* counsel stipulated to an October 18 before Plaintiff Farnsworth even joined the case. *See* Dkt. 227 (not listing Plaintiff Farnsworth or his counsel). Importantly, *Farnsworth* counsel had no access to the confidential discovery record before October 18. While they expected to work on an accelerated timeline, and are doing so, one day was simply not enough time to review the record and address targeted third-party discovery issues.

With regard to the Reuters agreement, *Kadrey* counsel could not have known when they stipulated on October 11 that Meta would subsequently announce an agreement with Reuters on October 25. Instead of meeting and conferring with Plaintiffs about a clearly relevant agreement that Meta should have already produced, Meta is seeking sanctions from Plaintiffs. Plaintiffs respectfully submit that the parties should address this obvious and avoidable gap in the production in good faith, and that Meta's motion should be denied.

Honorable Thomas S. Hixson
November 8, 2024
Page 7

/s/ Kathleen Hartnett
Bobby Ghajar
Kathleen Hartnett
Colette Ghazarian
Cooley LLP
Attorneys for Defendant META PLATFORMS, INC.

/s/ Daniel M. Hutchinson
Elizabeth J. Cabraser
Rachel Geman (pro hac vice)
Daniel M. Hutchinson
Reilly T. Stoler
Lieff Cabraser Heimann & Bernstein, LLP
Attorneys for Plaintiff CHRISTOPHER FARNSWORTH

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Aaron Cera
Joseph Saveri Law Firm, LLP
Attorneys for Plaintiffs RICHARD KADREY, SARAH SILVERMAN, and CHISTOPHER GOLDEN

Bryan L. Clobes (*pro hac vice*)
Alex J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
Cafferty Clobes Meriwether & Sprengel, LLP
Attorneys for Plaintiffs TA-NEHISI COATES, JUNOT DIAZ, CHRISTOPHER GOLDEN, RICHARD GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, and JACQUELINE WOODSON

David A. Straite (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
DiCello Levitt, LLP
Attorneys for Plaintiff Lysa TerKeurst

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 8, 2024                                COOLEY LLP

*/s/ Kathleen Hartnett*
Bobby Ghajar
Kathleen Hartnett
Colette Ghazarian

Attorneys for Defendant
*META PLATFORMS, INC.*