# Exhibit A

# Email Correspondence Among Counsel, Oct. 30, 2024-Nov. 4, 2024

| | |
|---|---|
| **From:** | Maxwell Pritt <mpritt@BSFLLP.com> |
| **Sent:** | Monday, November 4, 2024 10:21 PM |
| **To:** | Daniel M. Hutchinson; Llama C-Counsel; Hartnett, Kathleen |
| **Cc:** | z/Meta-Kadrey; adunning@cgsh.com; Mark Lemley |
| **Subject:** | Re: [EXT] FW: 3:23-cv-03417-VC Kadrey et al v. Meta Platforms, Inc. - Notice of Subpoena |

**[External]**

We do not agree to do so and you can raise it with the court.

Best,
Max

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Monday, November 4, 2024 9:43:43 PM
**To:** Daniel M. Hutchinson <dhutchinson@lchb.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; adunning@cgsh.com <adunning@cgsh.com>; Mark Lemley <mlemley@lex-lumina.com>
**Subject:** RE: [EXT] FW: 3:23-cv-03417-VC Kadrey et al v. Meta Platforms, Inc. - Notice of Subpoena

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel,

Your position below is inconsistent with the schedule agreed to by the parties (Dkt. 227) and ordered by the Court (Dkt. 238) setting the deadline for the parties to "Serve Additional Written Discovery Requests." It also does not accurately describe the nature of Plaintiffs' late-served RFPs and Rule 45 document subpoenas.

First, as the Court's November 4, 2024 Order makes clear, the deadlines in Dkts. 227 and 238 are binding and enforceable. They are not "interim" deadlines, as Plaintiffs suggested in their briefing last week. The Parties—including Plaintiff Farnsworth—are bound by the dates in that stipulation and order.

Second, it is incorrect that "Plaintiff Farnsworth drafted and/or served the items listed below." Counsel at Lieff Cabraser signed several of the requests, but did so on behalf of all "Plaintiffs" (7th Set of RFPs, and 13 of the third party document subpoenas). Counsel at Boies Schiller signed the 8th Set of RFPs, likewise on behalf of all "Plaintiffs." And counsel at the Saveri Firm signed two of the third party document subpoenas (to OpenAI and John Wiley & Sons) on behalf of Plaintiffs Kadrey, Silverman and Golden (per cover letter) and on behalf of "Plaintiffs Richard Kadrey, et al." (per the notices).

Third, regardless of which counsel served the RFPs and third party document subpoenas at issue, they are late. Plaintiffs' discovery requests were not confidential and were available to counsel for Plaintiff Farnsworth before *Farnsworth* was consolidated with *Kadrey*, to the extent counsel for Mr. Farnsworth was evaluating

1

potential additional discovery requests. And, as you note, *Farnsworth* was consolidated with *Kadrey* on the date of the October 18 deadline for serving additional discovery requests, and thus counsel for *Farnsworth* could have served any additional written discovery on that date. In any event, none of the late-served written discovery requests are specific to Mr. Farnsworth. Thus, there is no prejudice or unfairness to Mr. Farnsworth from enforcing the stipulated, Court-ordered deadline for serving additional discovery requests. Notably, as early as the October 4 hearing where counsel for Mr. Farnsworth requested consolidation, they represented that they had been "been in collaborative touch with certain of the parties" and "the filing of our case is not meant to itself cause a delay in the proceedings." 10/4/24 Tr. at 9-10. And in their October 11 letter to the Court seeking consolidation, counsel for Mr. Farnsworth represented that "[u]ndersigned counsel agree that judicial economy will be served by consolidating the *Kadrey* and *Farnsworth* actions" and that "[s]hould Plaintiff Farnsworth's claims be added, he immediately will begin producing the appropriate discovery and share his availability for deposition, so there should be no delay." Dkt. 228 at 1. The Court then ordered consolidation of the cases on the premise that Mr. Farnsworth would not be seeking to separate himself from the other parties in a manner disruptive to the scheduling of this matter, including by propounding late-served discovery. The Order stated: "If the addition of the *Farnsworth* matter results in **any delay in the case schedule**, the Court will reverse this order, reestablish the *Farnsworth* matter as a separate case, and stay that case pending resolution or adjudication of the *Kadrey* matter." Dkt. 232 (emphasis added). In short, contrary to Plaintiffs' suggestion, Mr. Farnsworth does not have his own discovery schedule and deadline for himself.

Finally, your earlier email argues that third party document subpoenas are not "written discovery." That position is without merit. Requests for production of documents served on third parties are "written discovery" and thus subject to the October 18 deadline for the parties to "Serve Additional Written Discovery Requests." Dkts. 227, 238. The term "written discovery" encompasses document requests attached to third party subpoenas, unless otherwise specified. For example, in *Valcor Engineering Corp. v. Parker Hannifin Corp.*, No. 16-cv-00909, 2018 WL 6186796 (C.D. Cal. July 11, 2018), the court interpreted a discovery deadline for "All requests for production, etc." as including Rule 45 document subpoenas. And in *British Broadcasting Corp. v. Stander*, No. CV 14–8047, 2016 WL 7626433 (C.D. Cal. Jan. 13, 2016), the court indicated that the term "written discovery" includes Rule 45 document subpoenas unless otherwise specified. *See id.* (ordering that "[a]ll written discovery—with the exception of Rule 45 subpoenas—referenced above shall be served on the opposing party no later than January 28, 2016"); *see also Kovalenko v. Kirkland & Ellis LLP*, No. 22-CV-05990, 2024 WL 664691 (N.D. Cal. Feb. 16, 2024) (describing document requests to a party, by reference to prior third party document subpoenas, as "separate written discovery requests," indicating that both categories of document requests are "separate written discovery requests"). Thus, because as you note, the parties' scheduling order refers to "written discovery" and "does not even mention third-party discovery," much less exclude it from the deadline, the term "written discovery" in the scheduling order encompasses document requests issued via subpoenas to third parties.

Please confirm you will withdraw all of this untimely discovery and advise whether you have been in contact with any of the recipients of Plaintiffs' untimely third party document requests. If you do not agree to do so, we will raise this issue with the Court.

Thanks,
Kathleen

Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

**From:** Hutchinson, Daniel M. <dhutchinson@lchb.com>
**Sent:** Thursday, October 31, 2024 2:52 PM
**To:** Hartnett, Kathleen <khartnett@cooley.com>; llama_cocounsel@bsfllp.com
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; adunning@cgsh.com; Mark Lemley <mlemley@lex-lumina.com>
**Subject:** RE: [EXT] FW: 3:23-cv-03417-VC Kadrey et al v. Meta Platforms, Inc. - Notice of Subpoena

**[External]**

Good afternoon counsel.

We are surprised by the position taken by Meta, below. Counsel for Plaintiff Farnsworth drafted and/or served the items listed below. As you know, we did not join this matter or receive access to any of the discovery until after the Court ordered consolidation on October 18, 2024. Thus, Plaintiff Farnsworth was not a party to, and we were not counsel of record for, the October 11, 2024 Stipulation and Proposed Order re Schedule, *see* Dkt. No. 227 (not listing Plaintiff Farnsworth or LCHB), which was subsequently entered on October 18, 2024 as the Court Order (Dkt. No. 238) you mention below. After joining this case, we nonetheless worked expeditiously to draft and serve Plaintiffs' Seventh and Eighth Sets of RFPs within a week thereafter. Meta also served extensive discovery on Plaintiff Farnsworth and set a date for his deposition. These Requests are therefore proper, timely, and consistent with the Court's orders.

As to the subpoenas, the Stipulation and Proposed Order re Schedule does not even mention third-party discovery. Thus, in addition to the reasons mentioned above, it is simply inapplicable to the discrete Rule 45 subpoenas served on third parties, not Meta.

We trust that this explanation resolves any issues, but remain available to meet and confer if you would like to discuss further.

Best regards,
Daniel

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Daniel M. Hutchinson**
dhutchinson@lchb.com
t 415.956.1000
f 415.956.1008
Pronouns: he/him/his
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

**From:** Hartnett, Kathleen <khartnett@cooley.com>
**Sent:** Wednesday, October 30, 2024 10:36 PM
**To:** llama_cocounsel@bsfllp.com
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; adunning@cgsh.com; Mark Lemley <mlemley@lex-lumina.com>
**Subject:** [EXT] FW: 3:23-cv-03417-VC Kadrey et al v. Meta Platforms, Inc. - Notice of Subpoena

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Counsel,

3

We write regarding the third-party document subpoena below served by Plaintiffs today (re John Wiley & Sons), and the many additional third-party document subpoenas Plaintiffs have served in recent days, as well as two recent sets of RFPs recently served by Plaintiffs. All of these written discovery requests – which are enumerated below – are in violation of the Court-ordered deadline, agreed to by the parties, of October 18, 2024 to "Serve Additional Written Discovery Requests" (Dkt. 238). Meta intended to timely respond to all of these requests by explaining that they are time-barred, but to ensure that Plaintiffs and the Court have the soonest notice of Meta's position, Meta hereby notifies Plaintiffs that it considers all of these requests untimely under the Court's scheduling order. Meta requests that Plaintiffs withdraw all of these discovery requests. Please confirm you will do so. Meta reserves all rights.

List of Time-Barred Written Discovery Requests
- Plaintiffs' Seventh Set of Requests for Production to Defendant Meta (dated Oct. 23, 2024)
- Plaintiffs' Eighth Set of Requests for Production to Defendant Meta (dated Oct. 26, 2024) (note that this is misnamed "Sixth" in the document title and "Fifth" in the COS)
- Plaintiffs' Notice of Subpoena and Subpoena to Bloomsbury Publishing (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Dramatist's Play Service (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Hachette Book Group (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to NWS Corp. (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to MacMillian Publishers, Inc. (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Moya Chen (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to OpenAI, Inc. (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Penguin Random House, LLC (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Simon & Schuster International LLC (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Springer Nature AG & Co. KGaA (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Susan Zhang (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Theater Communications Group, Inc. (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Tim Dettmers (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to John Wiley & Sons, Inc. (dated Oct. 25, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to Reuters News & Media Inc. (dated Oct. 28, 2024)
- Plaintiffs' Notice of Subpoena and Subpoena to John Wiley & Sons (dated Oct. 30, 2024)

Thanks,
Kathleen

Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Rya Fishman <rfishman@saverilawfirm.com>
**Sent:** Wednesday, October 30, 2024 4:39 PM
**To:** Ghajar, Bobby A. <bghajar@cooley.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Lauter, Judd <jlauter@cooley.com>; Hartnett, Kathleen <khartnett@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>; mlemley@lex-lumina.com; adunning@cgsh.com; Alvarez, Jessica <jalvarezlopez@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Subject:** 3:23-cv-03417-VC Kadrey et al v. Meta Platforms, Inc. - Notice of Subpoena

**[External]**

Counsel,

Please find the attached subpoena packet.

Thank you,

**Rya Fishman**
Paralegal

_____



601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.500.6800 x931
**F** 415.395.9940

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

**[External]**