# Exhibit B-1

## Plaintiffs' Seventh Set of Requests for Production of Documents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADREY, ET. AL.,<br><br>               Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>               Defendant. | Case No.  3:23-cv-3471<br><br>**PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Plaintiffs

RESPONDING PARTY:    Defendant

SET NUMBER:          Seven

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant Meta Platforms Inc. ("Meta") respond to the following Seventh Set of Requests for Production of Documents ("Requests"). Responses to these Requests, as well as any responsive documents, shall be delivered to, or made available for inspection and copying at, the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10003, or at another place mutually agreed upon by the parties, within twenty-one (21) days of the date of service or as otherwise mutually agreed by the parties. Plaintiffs are amenable to an electronic production, subject to agreement by the parties.

In accordance with Rule 34(b), Meta shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in these Requests. In accordance with Rule 26(e), Meta shall supplement or correct its responses or productions as necessary.

# DEFINITIONS

1.      **Action** means the above captioned litigation, *Kadrey v. Meta Platforms, Inc.*, No. 3:24-cv-3471 (N.D. Cal.) (filed July 7, 2023).

2.      **Books3** has the same meaning as described in paragraphs 33 through 43 of the **Complaint**.

3.      **Communications** means the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and **Includes** correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, mail, email, exchanges of recorded information, and postings of any type. **Communications Includes** instances where one party disseminates information that the other party receives but does not respond to.

4.      **Complaint** means the operative complaint, namely the First Amended Complaint, in the **Action** as of the date these Requests are served.

5.      **Defendants**, **Meta Platforms, Inc.**, **Meta**, or **You** means the entities addressed in paragraph 9 of the **Complaint** and any of their directors, officers, employees, partners, members, representatives, agents (**Including** attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

6.      **Discuss** means refer to, describe, evidence, constitute (in whole or in part), comment on, identify, or contain text or images about the stated topic.

7.      **Documents** means all materials within the full scope of Federal Rule of Civil Procedure 34 **Including** all writings and recordings, **Including** the originals, drafts and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (**Including** email and attachments, correspondence, memoranda, notes,

diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (**Including** photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, or electric records or representations of any kind (**Including** computer files and programs, tapes, cassettes, discs, and recordings), **Including Metadata**.

8.      **Electronically Stored Information** or **ESI** refers to information and **Documents** within the full scope of Federal Rule of Civil Procedure 34—with all **Metadata** intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on electronic media. Examples of **ESI Include** e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

9.      **Including** means including but not limited to.

10.     **Large Language Model** or **LLM** has the same meaning as described by **You** at https://ai.meta.com/blog/llama-2-updates-connect-2023/, https://ai.meta.com/blog/meta-llama-3/, and https://arxiv.org/abs/2407.21783.

11.     **Metadata** refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file.

12.     **Plaintiffs** means the plaintiffs in the **Action** named in the **Complaint**.

13.     **Proposed Class Members** means members of the Class as defined in paragraph 4 of the **Complaint.**

14.     **Reflecting** means refer to, describe, evidence, or constitute, in whole or in part.

15.     **Your LLMs** or **Your Large Language Models** has the same meaning as set forth in Paragraphs 12 through 14 in the **Complaint and Includes all Llama models**, **Including** LLaMa, Llama 1, Llama 2, Llama 3, and Llama 4.

## RELEVANT TIME PERIOD

The relevant time period is January 1, 2021 through the present ("Relevant Time Period"), unless otherwise specifically indicated and shall **Include** all **Documents** and any other information relating to such period, even though prepared or published outside of the Relevant Time Period. If a **Document** prepared before the Relevant Time Period is necessary for a correct or complete understanding of any **Document** covered by any of these Requests, please provide the earlier **Document** as well. If any **Document** is undated and the date of its preparation cannot be determined, please produce the **Document** if it is otherwise responsive to any Request.

## INSTRUCTIONS

1.     The production by one person, party, or entity of a **Document** does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that **Document.**

2.     Produce **Documents** not otherwise responsive to these Requests if such **Documents Discuss** the **Documents** that are called for by these Requests, or if such **Documents** are attached to **Documents** called for by these Requests.

3.     Produce each **Documents** requested herein in its entirety and without deletion, excisions, redaction, or other modification regardless of whether **You** consider the entire document to be relevant or responsive.

4.     If any **Document** is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, identify the **Document**, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by **You** to have had

possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the **Document**.

5.      If no **Documents** are responsive to a particular Request exist, state that no responsive **Documents** exist.

6.      If **You** assert that any of the **Documents** and things requested are protected from discovery by attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege, specify for each **Document** (1) the grounds asserted as the reason for non-production; (2) the date the document was prepared; (3) the identity of the attorney(s) who drafted or received the **Document(s)** (if attorney-client privilege or attorney work product protection is claimed); (4) the identity of the parties who prepared or received the document; and (5) the nature of the **Document**.

7.      Construe the conjunctions "and" and "or" non-restrictively or non-exclusively if doing so would bring within the scope of these Requests **Documents** that might otherwise be construed to be outside of their scope.

8.      Construe the use of the singular to include the plural; the use of the masculine, feminine, or neuter gender to include the others; and the use of one form of the verb to include the others if doing so would bring within the scope of these Requests **Documents** that might otherwise be construed to be outside of their scope.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All **Documents** responsive to Plaintiffs' First, Second, Third, Fourth, Fifth, and Sixth Set of Requests for Production of Documents that **You** received from any third party(ies), **Including** all **Documents** obtained pursuant to any subpoena issued under Rule 45 of the Federal Rules of Civil Procedure.

Dated:  October 23, 2024          Respectfully submitted,

*/s/ Daniel Hutchinson*
Daniel Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
dhutchinson@lchb.com


*Attorneys for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2024, a copy of the foregoing was served via electronic mail to all counsel of record in this nature.

*/s/Ariana Delucchi*_____
(Signature)

# Exhibit B-2

## Plaintiffs' Document Subpoena Packet to Bloomsbury Publishing

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Bloomsbury Publishing
1385 Broadway, Floor 5
New York, NY 10018

> RE:   *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

*Daniel Hutch*

Daniel M. Hutchinson

DMH/wp

1    Elizabeth J. Cabraser (State Bar No. 083151)
     Daniel M. Hutchinson (State Bar No. 239458)
2    Reilly T. Stoler (State Bar No. 310761)
     LIEFF CABRASER HEIMANN &
3    BERNSTEIN, LLP
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
5    ecabraser@lchb.com
     dhutchinson@lchb.com
6    rstoler@lchb.com

7    Rachel Geman (*pro hac vice*)
     LIEFF CABRASER HEIMANN &
8    BERNSTEIN, LLP
     250 Hudson Street, 8th Floor
9    New York, New York 10013-1413
     Telephone: (212) 355-9500
10   rgeman@lchb.com

11   Scott J. Sholder (*pro hac vice*)
     CeCe M. Cole (*pro hac vice*)
12   COWAN DEBAETS ABRAHAMS &
     SHEPPARD LLP
13   60 Broad Street, 30th Floor
     New York, New York 10004
14   Telephone: (212) 974-7474
     ssholder@cdas.com
15   ccole@cdas.com

16   *Counsel for Individual and Representative*
     *Plaintiffs and the Proposed Class*
17
     [Additional counsel included below]
18

19              **UNITED STATES DISTRICT COURT**

20            **NORTHERN DISTRICT OF CALIFORNIA**

                 **SAN FRANCISCO DIVISION**
21

22
     RICHARD KADREY, et al.,                Case No.  3:23-cv-03417-VC
23
           *Individual and Representative Plaintiff*,   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                          **AND SUBPOENA TO BLOOMSBURY**
                    Plaintiffs,             **PUBLISHING**
25
     v.
26
     META PLATFORMS, INC.,
27
                    Defendant.
28

PLAINTIFFS' NOTICE OF SUBPOENA
                                            CASE NO: 3:23-CV-03417-VC

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2   Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon

3   Bloomsbury Publishing to produce the information described in the Schedule A attached thereto

4   at the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6   Dated: November 7, 2024                    Respectfully submitted,

7

8                                              By:   */s/ Daniel M. Hutchinson*
                                                    Daniel M. Hutchinson

9
    David Boies (*pro hac vice*)               Elizabeth J. Cabraser (State Bar No. 083151)
10  **BOIES SCHILLER FLEXNER LLP**             Daniel M. Hutchinson (State Bar No. 239458)
    333 Main Street                            Reilly T. Stoler (State Bar No. 310761)
11  Armonk, NY 10504                           **LIEFF CABRASER HEIMANN**
    (914) 749-8200                             **& BERNSTEIN, LLP**
12  dboies@bsfllp.com                          275 Battery Street, 29th Floor
                                               San Francisco, CA 94111-3339
13  Maxwell V. Pritt (SBN 253155)              Telephone: (415) 956-1000
    Joshua I. Schiller (SBN 330653)            ecabraser@lchb.com
14  Joshua M. Stein (SBN 298856)               dhutchinson@lchb.com
    44 Montgomery Street, 41st Floor           rstoler@lchb.com
15  San Francisco, CA 94104
    (415) 293-6800                             Rachel Geman (*pro hac vice*)
16  mpritt@bsfllp.com                          **LIEFF CABRASER HEIMANN**
    jischiller@bsfllp.com                      **& BERNSTEIN, LLP**
17  jstein@bsfllp.com                          250 Hudson Street, 8th Floor
                                               New York, New York 10013-1413
18  Jesse Panuccio (*pro hac vice*)            Telephone: (212) 355-9500
    1401 New York Ave, NW                      rgeman@lchb.com
19  Washington, DC 20005
    (202) 237-2727                             Scott J. Sholder (*pro hac vice*)
20  jpanuccio@bsfllp.com                       CeCe M. Cole (*pro hac vice*)
                                               **COWAN DEBAETS ABRAHAMS**
21  David L. Simons (*pro hac vice*)           **& SHEPPARD LLP**
    55 Hudson Yards, 20th Floor                60 Broad Street, 30th Floor
22  New York, NY 10001                         New York, New York 10004
    (914) 749-8200                             Telephone: (212) 974-7474
23  dsimons@bsfllp.com                         ssholder@cdas.com
                                               ccole@cdas.com
24

25

26

27

28

1    Joseph R. Saveri (SBN 130064)
     Cadio Zirpoli (SBN 179108)
2    Christopher K.L. Young (SBN 318371)
     Holden Benon (SBN 325847)
3    Aaron Cera (SBN 351163)
     **JOSEPH SAVERI LAW FIRM, LLP**
4    601 California Street, Suite 1505
     San Francisco, California 94108
5    (415) 500-6800
     jsaveri@saverilawfirm.com
6    czirpoli@saverilawfirm.com
     cyoung@saverilawfirm.com
7    hbenon@saverilawfirm.com
     acera@saverilawfirm.com
8

9    Matthew Butterick (SBN 250953)
     1920 Hillhurst Avenue, #406
     Los Angeles, CA 90027
10   (323) 968-2632
     mb@butericklaw.com
11

12   **CAFFERTY CLOBES**
     **MERIWETHER & SPRENGEL LLP**
     Bryan L. Clobes (*pro hac vice*)
13   135 S. LaSalle Street, Suite 3210
     Chicago, IL 60603
14   (312) 782-4880
     bclobes@caffertyclobes.com
15

16   **DICELLO LEVITT**
     David A. Straite (*pro hac vice*)
     485 Lexington Avenue, Suite 1001
17   New York, NY 10017
     (646) 933-1000
18   dstraite@dicellolevitt.com

19   Amy Keller
     Nada Djordjevic
20   James A. Ulwick
     Madeline Hills
21   10 North Dearborn Street, 6th Floor
     Chicago, Illinois 60602
22   (312) 214-7900
     akeller@dicellolevitt.com
23   ndjordjevic@dicellolevitt.com
     julwick@dicellolevitt.com
24   mhills@dicellolevitt.com

25

26   *Counsel for Individual and Representative*
     *Plaintiffs and the Proposed Class*

27

28

         - 3 -         

### SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

### DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11. "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12. "OCR" means optical character recognition.

13. "Person" means any natural person or any business, legal, or governmental entity

or association.

    14.      "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

    15.      " "RLHF" means "reinforcement learning from human feedback."

    16.      "You" or "Your" refers to Bloomsbury.

## INSTRUCTIONS

    1.      Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

    2.      Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

    a.   All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

    b.   In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

    c.   Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

    d.   Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1          Documents ("ESI Protocol") to be entered by the Parties.

2          e.    You will utilize best efforts to ensure that paper records for a particular

3                custodian, which are included in a single production, are produced in

4                consecutive Bates-stamp order.

5      3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6   of ESI, All Documents shall be produced in accordance with the specifications below except for

7   source code, which may be produced in accordance with the specifications below.

8          a.    Where technically feasible, emails shall be produced in TIFF format.

9                TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10               11-inch page size images at a resolution of at least 300 DPI with the quality

11               setting of 75% or higher.

12         b.    When producing documents in TIFF format, the image files shall be

13               produced along with Concordance/Opticon image load files, linking the

14               images to the corresponding document that indicate the beginning and

15               ending of each document, showing the Bates number of each page and the

16               appropriate unitization of the documents.

17         c.    Each image file of an electronic document will be created directly from

18               the original electronic document. Image files shall show all text and

19               images that would be visible in the original electronic format (Native

20               Format), including redlines and speaker notes.

21         d.    All TIFF files are to be provided with an accompanying searchable text

22               (.TXT) file extracted from the native, electronic file (not generated as an

23               OCR file from the TIFF image(s)), and such text files shall contain the full

24               text extraction. To the extent technically feasible, extracted text shall provide

25               all comments, tracked changes, speaker's notes, and text from hidden

26               worksheets, slides, columns and rows. In the case of files with redacted text,

27               OCR'ed text of the redacted documents may be provided in lieu of extracted

28               text. OCR software should be set to the highest quality setting during

1      processing.

2      e.   All documents shall be produced in their original language. For documents

3           in foreign languages, the OCR shall be performed using an OCR tool and

4           settings suitable for the particular byte or multi-byte languages.

5      f.   Each text file shall be named according to the Bates number of the first page

6           of the corresponding image files (e.g., BATES000001.TXT).

7      g.   Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8           similar non-Microsoft file formats) should be produced as a single color

9           PDF file for each Document, containing all images for that document, and

10          should be imaged in a manner that captures track changes and comments.

11          To the extent Plaintiffs believes the converted image format distorts, omits,

12          or causes information to be improperly displayed, Plaintiffs may request

13          the Document in Native Format and the Parties shall meet and confer to

14          attempt to resolve the problem(s).

15     h.   In the case of email, the corresponding text file shall include, where

16          reasonably available: (1) the individual(s) to whom the communication was

17          directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18          who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19          subject line of the email ("RE" or "Subject"); (5) the names of any

20          attachments; and (6) the text (body) of the email.

21     i.   The following ESI shall be produced in native file format:

22           i.   Excel files;

23           ii.  Text message files;

24           iii. Presentation files (e.g., PowerPoint);

25           iv.  Personal databases (MS Access);

26           v.   Audio/video files;

27           vi.  Web pages;

28           vii. Animations;

1                viii.   Source code.

2        j.   To the extent responsive Text Messages are being produced, they will be

3            produced in a reasonable usable format. YOU will disclose its production

4            format of Text Messages to the Plaintiffs prior to the production of Text

5            Messages. Plaintiffs retain their rights to meet and confer on the production

6            format to address any concerns.

7        k.   The Parties reserve the right to request production of other ESI types in

8            Native Format, for example, that documents be produced in Microsoft

9            Word, in addition to TIFF images. The Parties agree to meet and confer

10           regarding such requests.

11       l.   PowerPoint or other presentation files should be produced in Native Format

12           as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in

13           full-slide image format, along with speaker notes (which should follow the

14           full images of the slides) with related searchable text, Metadata, and

15           bibliographic information.

16       m.  In the case of personal database (e.g., MS Access) files containing

17           confidential or privileged information, the parties shall meet and confer to

18           determine the appropriate form of production.

19       n.   ESI shall be processed in a manner that preserves hidden columns or rows,

20           hidden text, worksheets, notes, tracked changes, and comments. Any Party

21           seeking a deviation from this provision must provide notice to other Parties

22           and the Parties agree to meet and confer regarding such requests.

23       o.   The Parties will meet and confer about objective coding fields and

24           Metadata that will be produced for all ESI—including ESI produced in

25           TIFF or Native Format, and any such Metadata will be produced in

26           accordance with the Parties' agreement or in accordance with any ESI

27           Protocol to be agreed upon by the Parties.

28       p.   Any Document produced in native format, will be produced according to

the following specifications:

    i.  A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.  The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

1    displayed. The Parties shall meet and confer regarding such requests

2    in good faith and cooperation.

3    4.    These Requests for Productions should be deemed continuing such that if Your

4    directors, officers, employees, agents, representatives or any person acting on Your behalf,

5    subsequently discover or obtain possession, custody, or control of any document or ESI

6    previously requested or required to be produced, and supplemental productions should be

7    provided as additional documents become available.

8    5.    If You claim You are unable to produce a Document, you must state whether that

9    inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

10    has never been or is no longer in your possession, custody or control. Such a statement must

11    further set forth the name and address of any person or entity that you know or believe to have

12    possession, custody or control of that item or category of item. If any Document responsive to a

13    request has been destroyed, produce all documents describing or referencing: (1) the contents of

14    the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

15    Document had been maintained; (3) the date of any such loss or destruction to the extent known;

16    (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

17    destroyed Document; (5) all document retention and destruction policies in effect at the time any

18    requested Document was destroyed; and (6) all efforts made to locate any responsive Document

19    alleged to have been lost or destroyed.

20    6.    If You object to any item or category of item, Your response shall (a) identify with

21    particularity each document or thing to which the objection is made and (b) set forth clearly the

22    extent of, and specific ground for, the objection; and You should respond to the Request to the

23    extent it is not objectionable.

24    7.    If You object that a Document is covered by the attorney-client or other privilege,

25    or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

26    (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

27    directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

28    name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## <u>REQUESTS FOR PRODUCTION</u>

1.  All licensing agreements related to AI training data.
2.  All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.
3.  All Documents and Communications related to licensing books for the use as AI training data.
4.  All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.
5.  All Documents and Communications relating to the valuation of licenses for AI training data.
6.  All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1

## CERTIFICATE OF SERVICE

2          I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3    business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4    over the age of eighteen and not a party to this action.

5          On November 7, 2024, I caused the following documents to be served by email upon the

6    parties listed on the attached Service List:

7          • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO**

8            **BLOOMSBURY PUBLISHING**

9          I declare under penalty of perjury that the foregoing is true and correct. Executed

10   November 7, 2024, at San Francisco, California.

11

12                                              */s/Daniel M. Hutchinson*_____
                                                Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

**COOLEY LLP**
Bobby A. Ghajar
3    Colette Ani Ghazarian
1333 2nd Street, Suite 400
4    Santa Monica, CA 90401
bghajar@cooley.com
5    cghazarian@cooley.com

6    Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
7    San Francisco, CA 94111-4004
khartnett@cooley.com

8
Judd D. Lauter
9    Elizabeth Lee Stameshkin
3175 Hanover Street
10    Palo Alto, CA 94304
jlauter@cooley.com
11    lstameshkin@cooley.com

12    **LEX LUMINA PLLC**
Mark Alan Lemley
13    745 Fifth Avenue, Suite 500
New York, NY 10151
14    mlemley@lex-lumina.com

15    **CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
16    Angela L. Dunning
1841 Page Mill Road
17    Palo Alto, CA 94304-1254
adunning@cgsh.com

18
*Counsel for Defendant*
19    *Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| _____ | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

_____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-3

Plaintiffs' Document Subpoena Packet to Dramatist's Play Service, Inc.

# Lieff
# Cabraser
# Heimann&
# Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Dramatist's Play Service, Inc.
440 Park Avenue South, 11th Floor
New York, NY 10016

      RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

      Very truly yours,

*Daniel Hutch*

      Daniel M. Hutchinson

DMH/wp

Elizabeth J. Cabraser (State Bar No. 083151)
Daniel M. Hutchinson (State Bar No. 239458)
Reilly T. Stoler (State Bar No. 310761)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel included below]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., <br><br> *Individual and Representative Plaintiff,* <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No.  3:23-cv-03417-VC <br><br> **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO DRAMATIST'S PLAY SERVICE, INC.** |

1     PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2  Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon

3  Dramatist's Play Service, Inc. to produce the information described in the Schedule A attached

4  thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6  Dated: November 7, 2024                    Respectfully submitted,

7

8                                            By: ___/s/ Daniel M. Hutchinson_____
                                                 Daniel M. Hutchinson
9
   David Boies (*pro hac vice*)              Elizabeth J. Cabraser (State Bar No. 083151)
10 **BOIES SCHILLER FLEXNER LLP**            Daniel M. Hutchinson (State Bar No. 239458)
   333 Main Street                           Reilly T. Stoler (State Bar No. 310761)
11 Armonk, NY 10504                          **LIEFF CABRASER HEIMANN**
   (914) 749-8200                            **& BERNSTEIN, LLP**
12 dboies@bsfllp.com                         275 Battery Street, 29th Floor
                                             San Francisco, CA 94111-3339
13 Maxwell V. Pritt (SBN 253155)            Telephone: (415) 956-1000
   Joshua I. Schiller (SBN 330653)          ecabraser@lchb.com
14 Joshua M. Stein (SBN 298856)             dhutchinson@lchb.com
   44 Montgomery Street, 41st Floor         rstoler@lchb.com
15 San Francisco, CA 94104
   (415) 293-6800                           Rachel Geman (*pro hac vice*)
16 mpritt@bsfllp.com                        **LIEFF CABRASER HEIMANN**
   jischiller@bsfllp.com                    **& BERNSTEIN, LLP**
17 jstein@bsfllp.com                        250 Hudson Street, 8th Floor
                                             New York, New York 10013-1413
18 Jesse Panuccio (*pro hac vice*)          Telephone: (212) 355-9500
   1401 New York Ave, NW                    rgeman@lchb.com
19 Washington, DC 20005
   (202) 237-2727                           Scott J. Sholder (*pro hac vice*)
20 jpanuccio@bsfllp.com                     CeCe M. Cole (*pro hac vice*)
                                             **COWAN DEBAETS ABRAHAMS**
21 David L. Simons (*pro hac vice*)         **& SHEPPARD LLP**
   55 Hudson Yards, 20th Floor              60 Broad Street, 30th Floor
22 New York, NY 10001                       New York, New York 10004
   (914) 749-8200                           Telephone: (212) 974-7474
23 dsimons@bsfllp.com                       ssholder@cdas.com
                                             ccole@cdas.com
24

25

26

27

28

1   Joseph R. Saveri (SBN 130064)
    Cadio Zirpoli (SBN 179108)
2   Christopher K.L. Young (SBN 318371)
    Holden Benon (SBN 325847)
3   Aaron Cera (SBN 351163)
    **JOSEPH SAVERI LAW FIRM, LLP**
4   601 California Street, Suite 1505
    San Francisco, California 94108
5   (415) 500-6800
    jsaveri@saverilawfirm.com
6   czirpoli@saverilawfirm.com
    cyoung@saverilawfirm.com
7   hbenon@saverilawfirm.com
    acera@saverilawfirm.com
8
    Matthew Butterick (SBN 250953)
9   1920 Hillhurst Avenue, #406
    Los Angeles, CA 90027
10  (323) 968-2632
    mb@butterricklaw.com
11
    **CAFFERTY CLOBES**
12  **MERIWETHER & SPRENGEL LLP**
    Bryan L. Clobes (*pro hac vice*)
13  135 S. LaSalle Street, Suite 3210
    Chicago, IL 60603
14  (312) 782-4880
    bclobes@caffertyclobes.com
15
    **DICELLO LEVITT**
16  David A. Straite (*pro hac vice*)
    485 Lexington Avenue, Suite 1001
17  New York, NY 10017
    (646) 933-1000
18  dstraite@dicellolevitt.com
19  Amy Keller
    Nada Djordjevic
20  James A. Ulwick
    Madeline Hills
21  10 North Dearborn Street, 6th Floor
    Chicago, Illinois 60602
22  (312) 214-7900
    akeller@dicellolevitt.com
23  ndjordjevic@dicellolevitt.com
    julwick@dicellolevitt.com
24  mhills@dicellolevitt.com
25
                        *Counsel for Individual and Representative*
26                          *Plaintiffs and the Proposed Class*
27
28

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.    "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.    "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.    "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.    "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

entries, inventory sheets, diaries, appointment books or calendars, teletypes,
telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press
releases, advertisements, notes, working papers, drawings, schedules, tabulations,
projections, information or programs stored in a computer (whether or not ever
printed out or displayed), and All drafts, alterations, modifications, changes or
amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation,
  photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and
  motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in
  or on any electronic, mechanical, magnetic, or optical device including, but not
  limited to: (i) computer data storage devices (servers, laptops hard-drives, flash
  drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as
  e-mail, web posts, social media posts, internet pages, etc.), and (iii) information
  stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11. "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12. "OCR" means optical character recognition.

13. "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Dramatist's Play Service, Inc.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

   a. All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

   b. In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

   c. Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

   d. Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1      Documents ("ESI Protocol") to be entered by the Parties.

2          e.   You will utilize best efforts to ensure that paper records for a particular

3              custodian, which are included in a single production, are produced in

4              consecutive Bates-stamp order.

5      3.     Unless superseded by a mutually-agreed-upon stipulation regarding the production

6  of ESI, All Documents shall be produced in accordance with the specifications below except for

7  source code, which may be produced in accordance with the specifications below.

8          a.   Where technically feasible, emails shall be produced in TIFF format.

9              TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10             11-inch page size images at a resolution of at least 300 DPI with the quality

11             setting of 75% or higher.

12         b.   When producing documents in TIFF format, the image files shall be

13             produced along with Concordance/Opticon image load files, linking the

14             images to the corresponding document that indicate the beginning and

15             ending of each document, showing the Bates number of each page and the

16             appropriate unitization of the documents.

17         c.   Each image file of an electronic document will be created directly from

18             the original electronic document. Image files shall show all text and

19             images that would be visible in the original electronic format (Native

20             Format), including redlines and speaker notes.

21         d.   All TIFF files are to be provided with an accompanying searchable text

22             (.TXT) file extracted from the native, electronic file (not generated as an

23             OCR file from the TIFF image(s)), and such text files shall contain the full

24             text extraction. To the extent technically feasible, extracted text shall provide

25             all comments, tracked changes, speaker's notes, and text from hidden

26             worksheets, slides, columns and rows. In the case of files with redacted text,

27             OCR'ed text of the redacted documents may be provided in lieu of extracted

28             text. OCR software should be set to the highest quality setting during

processing.

e.  All documents shall be produced in their original language. For documents in foreign languages, the OCR shall be performed using an OCR tool and settings suitable for the particular byte or multi-byte languages.

f.  Each text file shall be named according to the Bates number of the first page of the corresponding image files (e.g., BATES000001.TXT).

g.  Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced as a single color PDF file for each Document, containing all images for that document, and should be imaged in a manner that captures track changes and comments. To the extent Plaintiffs believes the converted image format distorts, omits, or causes information to be improperly displayed, Plaintiffs may request the Document in Native Format and the Parties shall meet and confer to attempt to resolve the problem(s).

h.  In the case of email, the corresponding text file shall include, where reasonably available: (1) the individual(s) to whom the communication was directed ("To"); (2) the author(s) of the email communication ("From"); (3) who was copied and blind copied on such email ("CC" and "BCC"); (4) the subject line of the email ("RE" or "Subject"); (5) the names of any attachments; and (6) the text (body) of the email.

i.  The following ESI shall be produced in native file format:

    i.  Excel files;

    ii.  Text message files;

    iii.  Presentation files (e.g., PowerPoint);

    iv.  Personal databases (MS Access);

    v.  Audio/video files;

    vi.  Web pages;

    vii.  Animations;

viii.  Source code.

j.  To the extent responsive Text Messages are being produced, they will be produced in a reasonable usable format. YOU will disclose its production format of Text Messages to the Plaintiffs prior to the production of Text Messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k.  The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l.  PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m.  In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n.  ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o.  The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p.  Any Document produced in native format, will be produced according to

- 10 -

the following specifications:

    i.  A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.  The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

1    displayed. The Parties shall meet and confer regarding such requests

2    in good faith and cooperation.

3    4.    These Requests for Productions should be deemed continuing such that if Your

4    directors, officers, employees, agents, representatives or any person acting on Your behalf,

5    subsequently discover or obtain possession, custody, or control of any document or ESI

6    previously requested or required to be produced, and supplemental productions should be

7    provided as additional documents become available.

8    5.    If You claim You are unable to produce a Document, you must state whether that

9    inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

10   has never been or is no longer in your possession, custody or control. Such a statement must

11   further set forth the name and address of any person or entity that you know or believe to have

12   possession, custody or control of that item or category of item. If any Document responsive to a

13   request has been destroyed, produce all documents describing or referencing: (1) the contents of

14   the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

15   Document had been maintained; (3) the date of any such loss or destruction to the extent known;

16   (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

17   destroyed Document; (5) all document retention and destruction policies in effect at the time any

18   requested Document was destroyed; and (6) all efforts made to locate any responsive Document

19   alleged to have been lost or destroyed.

20   6.    If You object to any item or category of item, Your response shall (a) identify with

21   particularity each document or thing to which the objection is made and (b) set forth clearly the

22   extent of, and specific ground for, the objection; and You should respond to the Request to the

23   extent it is not objectionable.

24   7.    If You object that a Document is covered by the attorney-client or other privilege,

25   or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

26   (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

27   directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

28   name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1

## CERTIFICATE OF SERVICE

2     I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3 business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4 over the age of eighteen and not a party to this action.

5     On November 7, 2024, I caused the following documents to be served by email upon the

6 parties listed on the attached Service List:

7     • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO**

8       **DRAMATIST'S PLAY SERVICE, INC.**

9     I declare under penalty of perjury that the foregoing is true and correct. Executed

10 November 7, 2024, at San Francisco, California.

11

12                                     */s/Daniel M. Hutchinson*_____
                                       Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
<u>SERVICE LIST</u>

2
**COOLEY LLP**
Bobby A. Ghajar

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)

3
Colette Ani Ghazarian
1333 2nd Street, Suite 400
333 Main Street
Armonk, NY 10504

4
Santa Monica, CA 90401
bghajar@cooley.com
dboies@bsfllp.com

5
cghazarian@cooley.com
Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)

6
Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor

7
San Francisco, CA 94111-4004
khartnett@cooley.com
San Francisco, CA 94104
mpritt@bsfllp.com

8
jischiller@bsfllp.com
jstein@bsfllp.com

Judd D. Lauter

9
Elizabeth Lee Stameshkin
3175 Hanover Street
Jesse Panuccio (*pro hac vice*)

10
Palo Alto, CA 94304
jlauter@cooley.com
1401 New York Ave, NW
Washington, DC 20005

11
lstameshkin@cooley.com
jpanuccio@bsfllp.com

12
**LEX LUMINA PLLC**
Mark Alan Lemley
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor

13
745 Fifth Avenue, Suite 500
New York, NY 10151
New York, NY 10001
dsimons@bsfllp.com

14
mlemley@lex-lumina.com

**CAFFERTY CLOBES MERIWETHER**

15
**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
**& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)

16
Angela L. Dunning
1841 Page Mill Road
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603

17
Palo Alto, CA 94304-1254
adunning@cgsh.com
bclobes@caffertyclobes.com

18
**DICELLO LEVITT**
David A. Straite (*pro hac vice*)

19
*Counsel for Defendant*
*Meta Platforms, Inc.*
485 Lexington Avenue, Suite 1001
New York, NY 10017

20
dstraite@dicellolevitt.com

21
Amy Keller
Nada Djordjevic

22
James A. Ulwick
Madeline Hills

23
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602

24
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

25
julwick@dicellolevitt.com
mhills@dicellolevitt.com

26
*Counsel for Plaintiffs*

27

28

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery*.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection*.**
  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena*.**
  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection*.**
  **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-4

## Plaintiffs' Document Subpoena Packet to Hachette Book Group

**Lieff Cabraser Heimann& Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Hachette Book Group, Inc.
28 Liberty Street
New York, NY 10005

RE:     *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

*Daniel Hutch*

Daniel M. Hutchinson

DMH/wp

San Francisco          New York          Nashville          Munich          www.lieffcabraser.co

1    Elizabeth J. Cabraser (State Bar No. 083151)
     Daniel M. Hutchinson (State Bar No. 239458)
2    Reilly T. Stoler (State Bar No. 310761)
     LIEFF CABRASER HEIMANN &
3    BERNSTEIN, LLP
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
5    ecabraser@lchb.com
     dhutchinson@lchb.com
6    rstoler@lchb.com

7    Rachel Geman (*pro hac vice*)
     LIEFF CABRASER HEIMANN &
8    BERNSTEIN, LLP
     250 Hudson Street, 8th Floor
9    New York, New York 10013-1413
     Telephone: (212) 355-9500
10   rgeman@lchb.com

11   Scott J. Sholder (*pro hac vice*)
     CeCe M. Cole (*pro hac vice*)
12   COWAN DEBAETS ABRAHAMS &
     SHEPPARD LLP
13   60 Broad Street, 30th Floor
     New York, New York 10004
14   Telephone: (212) 974-7474
     ssholder@cdas.com
15   ccole@cdas.com

16   *Counsel for Individual and Representative*
     *Plaintiffs and the Proposed Class*
17
     [Additional counsel included below]
18

19            **UNITED STATES DISTRICT COURT**

20         **NORTHERN DISTRICT OF CALIFORNIA**

            **SAN FRANCISCO DIVISION**
21

22

23   RICHARD KADREY, et al.,        Case No.  3:23-cv-03417-VC

24        *Individual and Representative Plaintiff*,    **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO HACHETTE BOOK GROUP, INC.**

25           Plaintiffs,

26   v.

27   META PLATFORMS, INC.,

28           Defendant.

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2  Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Hachette

3  Book Group, Inc. to produce the information described in the Schedule A attached thereto at the

4  time and place specified on the Subpoena or a time and place as counsel may agree.

5

6  Dated: November 7, 2024                  Respectfully submitted,

7

8                                           By:   */s/ Daniel M. Hutchinson*
                                                  Daniel M. Hutchinson
9
   David Boies (*pro hac vice*)             Elizabeth J. Cabraser (State Bar No. 083151)
10 **BOIES SCHILLER FLEXNER LLP**           Daniel M. Hutchinson (State Bar No. 239458)
   333 Main Street                          Reilly T. Stoler (State Bar No. 310761)
11 Armonk, NY 10504                         **LIEFF CABRASER HEIMANN**
   (914) 749-8200                           **& BERNSTEIN, LLP**
12 dboies@bsfllp.com                        275 Battery Street, 29th Floor
                                            San Francisco, CA 94111-3339
13 Maxwell V. Pritt (SBN 253155)            Telephone: (415) 956-1000
   Joshua I. Schiller (SBN 330653)          ecabraser@lchb.com
14 Joshua M. Stein (SBN 298856)             dhutchinson@lchb.com
   44 Montgomery Street, 41st Floor         rstoler@lchb.com
15 San Francisco, CA 94104
   (415) 293-6800                           Rachel Geman (*pro hac vice*)
16 mpritt@bsfllp.com                        **LIEFF CABRASER HEIMANN**
   jischiller@bsfllp.com                    **& BERNSTEIN, LLP**
17 jstein@bsfllp.com                        250 Hudson Street, 8th Floor
                                            New York, New York 10013-1413
18 Jesse Panuccio (*pro hac vice*)          Telephone: (212) 355-9500
   1401 New York Ave, NW                    rgeman@lchb.com
19 Washington, DC 20005
   (202) 237-2727                           Scott J. Sholder (*pro hac vice*)
20 jpanuccio@bsfllp.com                     CeCe M. Cole (*pro hac vice*)
                                            **COWAN DEBAETS ABRAHAMS**
21 David L. Simons (*pro hac vice*)         **& SHEPPARD LLP**
   55 Hudson Yards, 20th Floor              60 Broad Street, 30th Floor
22 New York, NY 10001                       New York, New York 10004
   (914) 749-8200                           Telephone: (212) 974-7474
23 dsimons@bsfllp.com                       ssholder@cdas.com
                                            ccole@cdas.com
24

25

26

27

28

1    Joseph R. Saveri (SBN 130064)
     Cadio Zirpoli (SBN 179108)
2    Christopher K.L. Young (SBN 318371)
     Holden Benon (SBN 325847)
3    Aaron Cera (SBN 351163)
     **JOSEPH SAVERI LAW FIRM, LLP**
4    601 California Street, Suite 1505
     San Francisco, California 94108
5    (415) 500-6800
     jsaveri@saverilawfirm.com
6    czirpoli@saverilawfirm.com
     cyoung@saverilawfirm.com
7    hbenon@saverilawfirm.com
     acera@saverilawfirm.com
8
     Matthew Butterick (SBN 250953)
9    1920 Hillhurst Avenue, #406
     Los Angeles, CA 90027
10   (323) 968-2632
     mb@butoerisklaw.com
11
     **CAFFERTY CLOBES**
12   **MERIWETHER & SPRENGEL LLP**
     Bryan L. Clobes (*pro hac vice*)
13   135 S. LaSalle Street, Suite 3210
     Chicago, IL 60603
14   (312) 782-4880
     bclobes@caffertyclobes.com
15
     **DICELLO LEVITT**
16   David A. Straite (*pro hac vice*)
     485 Lexington Avenue, Suite 1001
17   New York, NY 10017
     (646) 933-1000
18   dstraite@dicellolevitt.com
19   Amy Keller
     Nada Djordjevic
20   James A. Ulwick
     Madeline Hills
21   10 North Dearborn Street, 6th Floor
     Chicago, Illinois 60602
22   (312) 214-7900
     akeller@dicellolevitt.com
23   ndjordjevic@dicellolevitt.com
     julwick@dicellolevitt.com
24   mhills@dicellolevitt.com

25
                     *Counsel for Individual and Representative*
26                     *Plaintiffs and the Proposed Class*

27

28

# SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

# DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

- 5 -

entries, inventory sheets, diaries, appointment books or calendars, teletypes,
telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press
releases, advertisements, notes, working papers, drawings, schedules, tabulations,
projections, information or programs stored in a computer (whether or not ever
printed out or displayed), and All drafts, alterations, modifications, changes or
amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation,
  photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and
  motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in
  or on any electronic, mechanical, magnetic, or optical device including, but not
  limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash
  drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as
  e-mail, web posts, social media posts, internet pages, etc.), and (iii) information
  stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide
examples of certain types of information and should not be construed as limiting a request or
definition in any way. The terms "including" and "includes" shall be construed as if followed by
the phrase "but not limited to."

10. "Licensing agreement" means a strategic collaboration agreement and/or any
agreement with the purpose and/or effect of developing AI products and/or features using Your
content and/or materials.

11. "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys,
accountants, representatives, predecessors or successors-in-interest, any corporation or
partnership under its direction, or any other person or entity acting on its behalf or under its
control.

12. "OCR" means optical character recognition.

13. "Person" means any natural person or any business, legal, or governmental entity

1   or association.

2       14.    "Relevant Period" includes and encompasses all times relevant to the acts and

3   failures to act which are relevant to the Complaint.

4       15.    " "RLHF" means "reinforcement learning from human feedback."

5

6       16.    "You" or "Your" refers to Hachette.

## INSTRUCTIONS

7       1.    Please separately respond to each item by stating (a) you will produce, (b) you are

8   presently unable to produce, or (c) you object to production.

9       2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions

10  shall generally govern the production format and procedure for Hard Copy Documents and

11  images:

12          a.  All Documents originating in hardcopy format will be produced as black-

13              and-white or color (if originally in color), single-page, 300 dpi Group IV

14              tagged image file format ("TIFF") images, with OCR text and related path

15              provided in document level text files.

16          b.  In scanning hardcopy documents, distinct documents should not be merged

17              into a single record, and single documents should not be split into multiple

18              records (i.e., hardcopy documents should be logically unitized). The

19              Producing Party will use reasonable efforts to unitize documents correctly.

20          c.  Where a document, or a document group – such as folder, clipped bundle,

21              or binder – has an identification spine or other label, the information on the

22              label shall be scanned and produced as the first page of the document or

23              grouping.

24          d.  Productions of the images shall be made using an image load file (.OPT or

25              .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any

26              agreement to be made by the Parties or in accordance with any Stipulated

27              Order Regarding ESI Protocol and Production of ESI and Paper

28

1    Documents ("ESI Protocol") to be entered by the Parties.

2    e.   You will utilize best efforts to ensure that paper records for a particular

3    custodian, which are included in a single production, are produced in

4    consecutive Bates-stamp order.

5    3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6    of ESI, All Documents shall be produced in accordance with the specifications below except for

7    source code, which may be produced in accordance with the specifications below.

8    a.   Where technically feasible, emails shall be produced in TIFF format.

9    TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10   11-inch page size images at a resolution of at least 300 DPI with the quality

11   setting of 75% or higher.

12   b.   When producing documents in TIFF format, the image files shall be

13   produced along with Concordance/Opticon image load files, linking the

14   images to the corresponding document that indicate the beginning and

15   ending of each document, showing the Bates number of each page and the

16   appropriate unitization of the documents.

17   c.   Each image file of an electronic document will be created directly from

18   the original electronic document. Image files shall show all text and

19   images that would be visible in the original electronic format (Native

20   Format), including redlines and speaker notes.

21   d.   All TIFF files are to be provided with an accompanying searchable text

22   (.TXT) file extracted from the native, electronic file (not generated as an

23   OCR file from the TIFF image(s)), and such text files shall contain the full

24   text extraction. To the extent technically feasible, extracted text shall provide

25   all comments, tracked changes, speaker's notes, and text from hidden

26   worksheets, slides, columns and rows. In the case of files with redacted text,

27   OCR'ed text of the redacted documents may be provided in lieu of extracted

28   text. OCR software should be set to the highest quality setting during

1    processing.

2    e.   All documents shall be produced in their original language. For documents

3         in foreign languages, the OCR shall be performed using an OCR tool and

4         settings suitable for the particular byte or multi-byte languages.

5    f.   Each text file shall be named according to the Bates number of the first page

6         of the corresponding image files (e.g., BATES000001.TXT).

7    g.   Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8         similar non-Microsoft file formats) should be produced as a single color

9         PDF file for each Document, containing all images for that document, and

10        should be imaged in a manner that captures track changes and comments.

11        To the extent Plaintiffs believes the converted image format distorts, omits,

12        or causes information to be improperly displayed, Plaintiffs may request

13        the Document in Native Format and the Parties shall meet and confer to

14        attempt to resolve the problem(s).

15   h.   In the case of email, the corresponding text file shall include, where

16        reasonably available: (1) the individual(s) to whom the communication was

17        directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18        who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19        subject line of the email ("RE" or "Subject"); (5) the names of any

20        attachments; and (6) the text (body) of the email.

21   i.   The following ESI shall be produced in native file format:

22        i.    Excel files;

23        ii.   Text message files;

24        iii.  Presentation files (e.g., PowerPoint);

25        iv.   Personal databases (MS Access);

26        v.    Audio/video files;

27        vi.   Web pages;

28        vii.  Animations;

1          viii.  Source code.

2     j.   To the extent responsive Text Messages are being produced, they will be

3          produced in a reasonable usable format. YOU will disclose its production

4          format of Text Messages to the Plaintiffs prior to the production of Text

5          Messages. Plaintiffs retain their rights to meet and confer on the production

6          format to address any concerns.

7     k.   The Parties reserve the right to request production of other ESI types in

8          Native Format, for example, that documents be produced in Microsoft

9          Word, in addition to TIFF images. The Parties agree to meet and confer

10         regarding such requests.

11    l.   PowerPoint or other presentation files should be produced in Native Format

12         as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in

13         full-slide image format, along with speaker notes (which should follow the

14         full images of the slides) with related searchable text, Metadata, and

15         bibliographic information.

16    m.   In the case of personal database (e.g., MS Access) files containing

17         confidential or privileged information, the parties shall meet and confer to

18         determine the appropriate form of production.

19    n.   ESI shall be processed in a manner that preserves hidden columns or rows,

20         hidden text, worksheets, notes, tracked changes, and comments. Any Party

21         seeking a deviation from this provision must provide notice to other Parties

22         and the Parties agree to meet and confer regarding such requests.

23    o.   The Parties will meet and confer about objective coding fields and

24         Metadata that will be produced for all ESI—including ESI produced in

25         TIFF or Native Format, and any such Metadata will be produced in

26         accordance with the Parties' agreement or in accordance with any ESI

27         Protocol to be agreed upon by the Parties.

28    p.   Any Document produced in native format, will be produced according to

the following specifications:

    i.   A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.   The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.   In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.   In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.   Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

1   displayed. The Parties shall meet and confer regarding such requests

2   in good faith and cooperation.

3       4.      These Requests for Productions should be deemed continuing such that if Your

4   directors, officers, employees, agents, representatives or any person acting on Your behalf,

5   subsequently discover or obtain possession, custody, or control of any document or ESI

6   previously requested or required to be produced, and supplemental productions should be

7   provided as additional documents become available.

8       5.      If You claim You are unable to produce a Document, you must state whether that

9   inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

10  has never been or is no longer in your possession, custody or control. Such a statement must

11  further set forth the name and address of any person or entity that you know or believe to have

12  possession, custody or control of that item or category of item. If any Document responsive to a

13  request has been destroyed, produce all documents describing or referencing: (1) the contents of

14  the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

15  Document had been maintained; (3) the date of any such loss or destruction to the extent known;

16  (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

17  destroyed Document; (5) all document retention and destruction policies in effect at the time any

18  requested Document was destroyed; and (6) all efforts made to locate any responsive Document

19  alleged to have been lost or destroyed.

20      6.      If You object to any item or category of item, Your response shall (a) identify with

21  particularity each document or thing to which the objection is made and (b) set forth clearly the

22  extent of, and specific ground for, the objection; and You should respond to the Request to the

23  extent it is not objectionable.

24      7.      If You object that a Document is covered by the attorney-client or other privilege,

25  or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

26  (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

27  directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

28  name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4.  All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am over the age of eighteen and not a party to this action.

On November 7, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO HACHETTE BOOK GROUP, INC.**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 7, 2024, at San Francisco, California.

*/s/Daniel M. Hutchinson*_____
Daniel M. Hutchinson

1

**SERVICE LIST**

2  | **COOLEY LLP** | **BOIES SCHILLER FLEXNER LLP**

Bobby A. Ghajar
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
jlauter@cooley.com
lstameshkin@cooley.com

**LEX LUMINA PLLC**
Mark Alan Lemley
745 Fifth Avenue, Suite 500
New York, NY 10151
mlemley@lex-lumina.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning
1841 Page Mill Road
Palo Alto, CA 94304-1254
adunning@cgsh.com

*Counsel for Defendant*
*Meta Platforms, Inc.*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

|  |  |
|---|---|
| KADREY, ET. AL. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:23-cv-3471-VC |
| META PLATFORMS, INC. | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Hachette Book Group, Inc.

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Lieff Cabraser Heimann & Bernstein, LLP | Date and Time: |
|---|---|
|           250 Hudson Street, 8th Floor            New York, NY 10013 |           11/15/2024 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/25/2024

                    *CLERK OF COURT*
                                                        OR
                                                             /s/ Daniel Hutchinson
_____          _____
      *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____, who issues or requests this subpoena, are:

Daniel Hutchinson, 275 Battery St., 29th Floor, San Francisco, CA 94111-3339, dhutchinson@lchb.com, 415.956.1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:23-cv-3471-VC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-5

Plaintiffs' Document Subpoena Packet to NWS Corp.

**Lieff
Cabraser
Heimann &
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

NWS Corp.
c/o United Corporate Services, Inc.
800 North State Street Suite 304
Dover, DE 19901

RE:     *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

Daniel M. Hutchinson

DMH/wp

San Francisco          New York          Nashville          Munich          www.lieffcabraser.co

1   Elizabeth J. Cabraser (State Bar No. 083151)
    Daniel M. Hutchinson (State Bar No. 239458)
2   Reilly T. Stoler (State Bar No. 310761)
    LIEFF CABRASER HEIMANN &
3   BERNSTEIN, LLP
    275 Battery Street, 29th Floor
4   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
5   ecabraser@lchb.com
    dhutchinson@lchb.com
6   rstoler@lchb.com

7   Rachel Geman (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
8   BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
9   New York, New York 10013-1413
    Telephone: (212) 355-9500
10  rgeman@lchb.com

11  Scott J. Sholder (*pro hac vice*)
    CeCe M. Cole (*pro hac vice*)
12  COWAN DEBAETS ABRAHAMS &
    SHEPPARD LLP
13  60 Broad Street, 30th Floor
    New York, New York 10004
14  Telephone: (212) 974-7474
    ssholder@cdas.com
15  ccole@cdas.com

16  *Counsel for Individual and Representative*
    *Plaintiffs and the Proposed Class*
17
    [Additional counsel included below]
18

19                  **UNITED STATES DISTRICT COURT**

20               **NORTHERN DISTRICT OF CALIFORNIA**

                    **SAN FRANCISCO DIVISION**
21

22
    RICHARD KADREY, et al.,                 Case No.  3:23-cv-03417-VC
23
        *Individual and Representative Plaintiff*,   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                          **AND SUBPOENA TO NWS CORP.**
                    Plaintiffs,
25
    v.
26
    META PLATFORMS, INC.,
27
                    Defendant.
28

PLAINTIFFS' NOTICE OF SUBPOENA
                                                CASE NO: 3:23-CV-03417-VC

1      PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2  Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon NWS

3  Corp. to produce the information described in the Schedule A attached thereto at the time and

4  place specified on the Subpoena or a time and place as counsel may agree.

5

6  Dated: November 7, 2024                  Respectfully submitted,

7

8                                            By:    /s/ Daniel M. Hutchinson
                                                   Daniel M. Hutchinson

9
   David Boies (*pro hac vice*)              Elizabeth J. Cabraser (State Bar No. 083151)
10 **BOIES SCHILLER FLEXNER LLP**            Daniel M. Hutchinson (State Bar No. 239458)
   333 Main Street                           Reilly T. Stoler (State Bar No. 310761)
11 Armonk, NY 10504                          **LIEFF CABRASER HEIMANN**
   (914) 749-8200                            **& BERNSTEIN, LLP**
12 dboies@bsfllp.com                         275 Battery Street, 29th Floor
                                             San Francisco, CA 94111-3339
13 Maxwell V. Pritt (SBN 253155)             Telephone: (415) 956-1000
   Joshua I. Schiller (SBN 330653)           ecabraser@lchb.com
14 Joshua M. Stein (SBN 298856)              dhutchinson@lchb.com
   44 Montgomery Street, 41st Floor          rstoler@lchb.com
15 San Francisco, CA 94104
   (415) 293-6800                            Rachel Geman (*pro hac vice*)
16 mpritt@bsfllp.com                         **LIEFF CABRASER HEIMANN**
   jischiller@bsfllp.com                     **& BERNSTEIN, LLP**
17 jstein@bsfllp.com                         250 Hudson Street, 8th Floor
                                             New York, New York 10013-1413
18 Jesse Panuccio (*pro hac vice*)           Telephone: (212) 355-9500
   1401 New York Ave, NW                     rgeman@lchb.com
19 Washington, DC 20005
   (202) 237-2727                            Scott J. Sholder (*pro hac vice*)
20 jpanuccio@bsfllp.com                      CeCe M. Cole (*pro hac vice*)
                                             **COWAN DEBAETS ABRAHAMS**
21 David L. Simons (*pro hac vice*)          **& SHEPPARD LLP**
   55 Hudson Yards, 20th Floor               60 Broad Street, 30th Floor
22 New York, NY 10001                        New York, New York 10004
   (914) 749-8200                            Telephone: (212) 974-7474
23 dsimons@bsfllp.com                        ssholder@cdas.com
                                             ccole@cdas.com
24

25

26

27

28

| | |
|---|---|
| 1 | Joseph R. Saveri (SBN 130064) |
| | Cadio Zirpoli (SBN 179108) |
| 2 | Christopher K.L. Young (SBN 318371) |
| | Holden Benon (SBN 325847) |
| 3 | Aaron Cera (SBN 351163) |

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

# DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1. "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2. "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

- 4 -

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.      "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.      "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.      "Defendant" means Defendant Meta Platforms, Inc.

8.      "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

1      entries, inventory sheets, diaries, appointment books or calendars, teletypes,

2      telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press

3      releases, advertisements, notes, working papers, drawings, schedules, tabulations,

4      projections, information or programs stored in a computer (whether or not ever

5      printed out or displayed), and All drafts, alterations, modifications, changes or

6      amendments of any of the foregoing;

7      •   Graphic or aural representations of any kind, including, without limitation,

8      photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and

9      motion pictures;

10     •   All letters, words, pictures, sounds, or symbols, or combinations thereof stored in

11      or on any electronic, mechanical, magnetic, or optical device including, but not

12      limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash

13      drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as

14      e-mail, web posts, social media posts, internet pages, etc.), and (iii) information

15      stored on cell phones.

16     9.    "Including" and "Includes," whether capitalized or not, are used to provide

17 examples of certain types of information and should not be construed as limiting a request or

18 definition in any way. The terms "including" and "includes" shall be construed as if followed by

19 the phrase "but not limited to."

20     10.    "Licensing agreement" means a strategic collaboration agreement and/or any

21 agreement with the purpose and/or effect of developing AI products and/or features using Your

22 content and/or materials.

23     11.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys,

24 accountants, representatives, predecessors or successors-in-interest, any corporation or

25 partnership under its direction, or any other person or entity acting on its behalf or under its

26 control.

27     12.    "OCR" means optical character recognition.

28     13.    "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Harper Collins.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

    a.    All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

    b.    In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

    c.    Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

    d.    Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1          Documents ("ESI Protocol") to be entered by the Parties.

2      e.  You will utilize best efforts to ensure that paper records for a particular

3          custodian, which are included in a single production, are produced in

4          consecutive Bates-stamp order.

5      3.      Unless superseded by a mutually-agreed-upon stipulation regarding the production

6   of ESI, All Documents shall be produced in accordance with the specifications below except for

7   source code, which may be produced in accordance with the specifications below.

8      a.   Where technically feasible, emails shall be produced in TIFF format.

9          TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10         11-inch page size images at a resolution of at least 300 DPI with the quality

11         setting of 75% or higher.

12     b.  When producing documents in TIFF format, the image files shall be

13         produced along with Concordance/Opticon image load files, linking the

14         images to the corresponding document that indicate the beginning and

15         ending of each document, showing the Bates number of each page and the

16         appropriate unitization of the documents.

17     c.  Each image file of an electronic document will be created directly from

18         the original electronic document. Image files shall show all text and

19         images that would be visible in the original electronic format (Native

20         Format), including redlines and speaker notes.

21     d.  All TIFF files are to be provided with an accompanying searchable text

22         (.TXT) file extracted from the native, electronic file (not generated as an

23         OCR file from the TIFF image(s)), and such text files shall contain the full

24         text extraction. To the extent technically feasible, extracted text shall provide

25         all comments, tracked changes, speaker's notes, and text from hidden

26         worksheets, slides, columns and rows. In the case of files with redacted text,

27         OCR'ed text of the redacted documents may be provided in lieu of extracted

28         text. OCR software should be set to the highest quality setting during

1    processing.

2    e.  All documents shall be produced in their original language. For documents

3    in foreign languages, the OCR shall be performed using an OCR tool and

4    settings suitable for the particular byte or multi-byte languages.

5    f.  Each text file shall be named according to the Bates number of the first page

6    of the corresponding image files (e.g., BATES000001.TXT).

7    g.  Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8    similar non-Microsoft file formats) should be produced as a single color

9    PDF file for each Document, containing all images for that document, and

10    should be imaged in a manner that captures track changes and comments.

11    To the extent Plaintiffs believes the converted image format distorts, omits,

12    or causes information to be improperly displayed, Plaintiffs may request

13    the Document in Native Format and the Parties shall meet and confer to

14    attempt to resolve the problem(s).

15    h.  In the case of email, the corresponding text file shall include, where

16    reasonably available: (1) the individual(s) to whom the communication was

17    directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18    who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19    subject line of the email ("RE" or "Subject"); (5) the names of any

20    attachments; and (6) the text (body) of the email.

21    i.  The following ESI shall be produced in native file format:

22        i.  Excel files;

23        ii.  Text message files;

24        iii.  Presentation files (e.g., PowerPoint);

25        iv.  Personal databases (MS Access);

26        v.  Audio/video files;

27        vi.  Web pages;

28        vii.  Animations;

viii.  Source code.

j.  To the extent responsive Text Messages are being produced, they will be produced in a reasonable usable format. YOU will disclose its production format of Text Messages to the Plaintiffs prior to the production of Text Messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k.  The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l.  PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m.  In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n.  ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o.  The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p.  Any Document produced in native format, will be produced according to

the following specifications:

    i.  A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

   ii.  The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

  iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

  iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

   v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

1    displayed. The Parties shall meet and confer regarding such requests

2    in good faith and cooperation.

3        4.    These Requests for Productions should be deemed continuing such that if Your

4    directors, officers, employees, agents, representatives or any person acting on Your behalf,

5    subsequently discover or obtain possession, custody, or control of any document or ESI

6    previously requested or required to be produced, and supplemental productions should be

7    provided as additional documents become available.

8        5.    If You claim You are unable to produce a Document, you must state whether that

9    inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

10   has never been or is no longer in your possession, custody or control. Such a statement must

11   further set forth the name and address of any person or entity that you know or believe to have

12   possession, custody or control of that item or category of item. If any Document responsive to a

13   request has been destroyed, produce all documents describing or referencing: (1) the contents of

14   the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

15   Document had been maintained; (3) the date of any such loss or destruction to the extent known;

16   (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

17   destroyed Document; (5) all document retention and destruction policies in effect at the time any

18   requested Document was destroyed; and (6) all efforts made to locate any responsive Document

19   alleged to have been lost or destroyed.

20       6.    If You object to any item or category of item, Your response shall (a) identify with

21   particularity each document or thing to which the objection is made and (b) set forth clearly the

22   extent of, and specific ground for, the objection; and You should respond to the Request to the

23   extent it is not objectionable.

24       7.    If You object that a Document is covered by the attorney-client or other privilege,

25   or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

26   (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

27   directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

28   name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.
2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.
3. All Documents and Communications related to licensing books for the use as AI training data.
4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.
5. All Documents and Communications relating to the valuation of licenses for AI training data.
6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1  **CERTIFICATE OF SERVICE**

2      I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3  business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4  over the age of eighteen and not a party to this action.

5      On November 7, 2024, I caused the following documents to be served by email upon the

6  parties listed on the attached Service List:

7      • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO NWS CORP.**

8      I declare under penalty of perjury that the foregoing is true and correct. Executed

9  November 7, 2024, at San Francisco, California.

10

11                  */s/Daniel M. Hutchinson*_____
                Daniel M. Hutchinson

1

<u>**SERVICE LIST**</u>

2

**COOLEY LLP**
Bobby A. Ghajar

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)

3

Colette Ani Ghazarian
1333 2nd Street, Suite 400

333 Main Street
Armonk, NY 10504

4

Santa Monica, CA 90401
bghajar@cooley.com

dboies@bsfllp.com

5

cghazarian@cooley.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)

6

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor

Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor

7

San Francisco, CA 94111-4004
khartnett@cooley.com

San Francisco, CA 94104
mpritt@bsfllp.com

8

Judd D. Lauter

jischiller@bsfllp.com
jstein@bsfllp.com

9

Elizabeth Lee Stameshkin
3175 Hanover Street

Jesse Panuccio (*pro hac vice*)

10

Palo Alto, CA 94304
jlauter@cooley.com

1401 New York Ave, NW
Washington, DC 20005

11

lstameshkin@cooley.com

jpanuccio@bsfllp.com

12

**LEX LUMINA PLLC**
Mark Alan Lemley

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor

13

745 Fifth Avenue, Suite 500
New York, NY 10151

New York, NY 10001
dsimons@bsfllp.com

14

mlemley@lex-lumina.com

**CAFFERTY CLOBES MERIWETHER**

15

**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**

**& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)

16

Angela L. Dunning
1841 Page Mill Road

135 S. LaSalle Street, Suite 3210
Chicago, IL 60603

17

Palo Alto, CA 94304-1254
adunning@cgsh.com

bclobes@caffertyclobes.com

18

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)

19

*Counsel for Defendant*
*Meta Platforms, Inc.*

485 Lexington Avenue, Suite 1001
New York, NY 10017

20

dstraite@dicellolevitt.com

21

Amy Keller
Nada Djordjevic

22

James A. Ulwick
Madeline Hills

23

10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602

24

akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

25

julwick@dicellolevitt.com
mhills@dicellolevitt.com

26

*Counsel for Plaintiffs*

27

28

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of California

| | |
|---|---|
| KADREY, ET. AL. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:23-cv-3471-VC |
| META PLATFORMS, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     NWS Corp. c/o United Corporate Services, Inc., 800 North State Street Suite 304, Dover, DE 19901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Lieff Cabraser Heimann & Bernstein, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013 | Date and Time:<br><br>11/15/2024 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/25/2024

|   *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Daniel Hutchinson<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Daniel Hutchinson, 275 Battery St., 29th Floor, San Francisco, CA 94111-3339, dhutchinson@lchb.com, 415.956.1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:23-cv-3471-VC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-6

## Plaintiffs' Document Subpoena Packet to MacMillian Publishers, Inc.

**Lieff Cabraser Heimann& Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Macmillian Publishers, Inc.
c/o United States Corporation Company
251 Little Falls Drive
Wilmington, DE 19808

RE:  *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

Daniel M. Hutchinson

DMH/wp

1   Elizabeth J. Cabraser (State Bar No. 083151)
    Daniel M. Hutchinson (State Bar No. 239458)
2   Reilly T. Stoler (State Bar No. 310761)
    LIEFF CABRASER HEIMANN &
3   BERNSTEIN, LLP
    275 Battery Street, 29th Floor
4   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
5   ecabraser@lchb.com
    dhutchinson@lchb.com
6   rstoler@lchb.com

7   Rachel Geman (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
8   BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
9   New York, New York 10013-1413
    Telephone: (212) 355-9500
10  rgeman@lchb.com

11  Scott J. Sholder (*pro hac vice*)
    CeCe M. Cole (*pro hac vice*)
12  COWAN DEBAETS ABRAHAMS &
    SHEPPARD LLP
13  60 Broad Street, 30th Floor
    New York, New York 10004
14  Telephone: (212) 974-7474
    ssholder@cdas.com
15  ccole@cdas.com

16  *Counsel for Individual and Representative
    Plaintiffs and the Proposed Class*
17
    [Additional counsel included below]
18

19              **UNITED STATES DISTRICT COURT**

20          **NORTHERN DISTRICT OF CALIFORNIA**

21              **SAN FRANCISCO DIVISION**

22
    RICHARD KADREY, et al.,                    Case No.  3:23-cv-03417-VC
23
         *Individual and Representative Plaintiff,*   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                               **AND SUBPOENA TO MACMILLIAN**
              Plaintiffs,                        **PUBLISHERS, INC.**
25
    v.
26
    META PLATFORMS, INC.,
27
              Defendant.
28

PLAINTIFFS' NOTICE OF SUBPOENA
                                                   CASE NO: 3:23-CV-03417-VC

1          PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2    Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon

3    Macmillian Publishers, Inc. to produce the information described in the Schedule A attached

4    thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6    Dated: November 7, 2024                    Respectfully submitted,

7

8                                              By:   /s/ Daniel M. Hutchinson
                                                      Daniel M. Hutchinson
9
     David Boies (*pro hac vice*)              Elizabeth J. Cabraser (State Bar No. 083151)
10   **BOIES SCHILLER FLEXNER LLP**            Daniel M. Hutchinson (State Bar No. 239458)
     333 Main Street                           Reilly T. Stoler (State Bar No. 310761)
11   Armonk, NY 10504                          **LIEFF CABRASER HEIMANN**
     (914) 749-8200                            **& BERNSTEIN, LLP**
12   dboies@bsfllp.com                         275 Battery Street, 29th Floor
                                               San Francisco, CA 94111-3339
13   Maxwell V. Pritt (SBN 253155)             Telephone: (415) 956-1000
     Joshua I. Schiller (SBN 330653)           ecabraser@lchb.com
14   Joshua M. Stein (SBN 298856)              dhutchinson@lchb.com
     44 Montgomery Street, 41st Floor          rstoler@lchb.com
15   San Francisco, CA 94104
     (415) 293-6800                            Rachel Geman (*pro hac vice*)
16   mpritt@bsfllp.com                         **LIEFF CABRASER HEIMANN**
     jischiller@bsfllp.com                     **& BERNSTEIN, LLP**
17   jstein@bsfllp.com                         250 Hudson Street, 8th Floor
                                               New York, New York 10013-1413
18   Jesse Panuccio (*pro hac vice*)           Telephone: (212) 355-9500
     1401 New York Ave, NW                     rgeman@lchb.com
19   Washington, DC 20005
     (202) 237-2727                            Scott J. Sholder (*pro hac vice*)
20   jpanuccio@bsfllp.com                      CeCe M. Cole (*pro hac vice*)
                                               **COWAN DEBAETS ABRAHAMS**
21   David L. Simons (*pro hac vice*)          **& SHEPPARD LLP**
     55 Hudson Yards, 20th Floor               60 Broad Street, 30th Floor
22   New York, NY 10001                        New York, New York 10004
     (914) 749-8200                            Telephone: (212) 974-7474
23   dsimons@bsfllp.com                        ssholder@cdas.com
                                               ccole@cdas.com
24

25

26

27

28

- 2 -            PLAINTIFFS' NOTICE OF SUBPOENA
                                                      CASE NO. 3:23-CV-03417-VC

1     Joseph R. Saveri (SBN 130064)
      Cadio Zirpoli (SBN 179108)
2     Christopher K.L. Young (SBN 318371)
      Holden Benon (SBN 325847)
3     Aaron Cera (SBN 351163)
      **JOSEPH SAVERI LAW FIRM, LLP**
4     601 California Street, Suite 1505
      San Francisco, California 94108
5     (415) 500-6800
      jsaveri@saverilawfirm.com
6     czirpoli@saverilawfirm.com
      cyoung@saverilawfirm.com
7     hbenon@saverilawfirm.com
      acera@saverilawfirm.com
8
      Matthew Butterick (SBN 250953)
9     1920 Hillhurst Avenue, #406
      Los Angeles, CA 90027
10    (323) 968-2632
      mb@butericklaw.com
11
      **CAFFERTY CLOBES**
12    **MERIWETHER & SPRENGEL LLP**
      Bryan L. Clobes (*pro hac vice*)
13    135 S. LaSalle Street, Suite 3210
      Chicago, IL 60603
14    (312) 782-4880
      bclobes@caffertyclobes.com
15
      **DICELLO LEVITT**
16    David A. Straite (*pro hac vice*)
      485 Lexington Avenue, Suite 1001
17    New York, NY 10017
      (646) 933-1000
18    dstraite@dicellolevitt.com
19    Amy Keller
      Nada Djordjevic
20    James A. Ulwick
      Madeline Hills
21    10 North Dearborn Street, 6th Floor
      Chicago, Illinois 60602
22    (312) 214-7900
      akeller@dicellolevitt.com
23    ndjordjevic@dicellolevitt.com
      julwick@dicellolevitt.com
24    mhills@dicellolevitt.com
25
                    *Counsel for Individual and Representative*
26                    *Plaintiffs and the Proposed Class*
27
28

## **SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## **DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9.    "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10.    "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12.    "OCR" means optical character recognition.

13.    "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Macmillian.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

    a.    All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

    b.    In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

    c.    Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

    d.    Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1    Documents ("ESI Protocol") to be entered by the Parties.

2    e.   You will utilize best efforts to ensure that paper records for a particular

3    custodian, which are included in a single production, are produced in

4    consecutive Bates-stamp order.

5    3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6    of ESI, All Documents shall be produced in accordance with the specifications below except for

7    source code, which may be produced in accordance with the specifications below.

8    a.    Where technically feasible, emails shall be produced in TIFF format.

9    TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10    11-inch page size images at a resolution of at least 300 DPI with the quality

11    setting of 75% or higher.

12    b.   When producing documents in TIFF format, the image files shall be

13    produced along with Concordance/Opticon image load files, linking the

14    images to the corresponding document that indicate the beginning and

15    ending of each document, showing the Bates number of each page and the

16    appropriate unitization of the documents.

17    c.   Each image file of an electronic document will be created directly from

18    the original electronic document. Image files shall show all text and

19    images that would be visible in the original electronic format (Native

20    Format), including redlines and speaker notes.

21    d.   All TIFF files are to be provided with an accompanying searchable text

22    (.TXT) file extracted from the native, electronic file (not generated as an

23    OCR file from the TIFF image(s)), and such text files shall contain the full

24    text extraction. To the extent technically feasible, extracted text shall provide

25    all comments, tracked changes, speaker's notes, and text from hidden

26    worksheets, slides, columns and rows. In the case of files with redacted text,

27    OCR'ed text of the redacted documents may be provided in lieu of extracted

28    text. OCR software should be set to the highest quality setting during

1    processing.

2    e.   All documents shall be produced in their original language. For documents

3         in foreign languages, the OCR shall be performed using an OCR tool and

4         settings suitable for the particular byte or multi-byte languages.

5    f.   Each text file shall be named according to the Bates number of the first page

6         of the corresponding image files (e.g., BATES000001.TXT).

7    g.   Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8         similar non-Microsoft file formats) should be produced as a single color

9         PDF file for each Document, containing all images for that document, and

10        should be imaged in a manner that captures track changes and comments.

11        To the extent Plaintiffs believes the converted image format distorts, omits,

12        or causes information to be improperly displayed, Plaintiffs may request

13        the Document in Native Format and the Parties shall meet and confer to

14        attempt to resolve the problem(s).

15   h.   In the case of email, the corresponding text file shall include, where

16        reasonably available: (1) the individual(s) to whom the communication was

17        directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18        who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19        subject line of the email ("RE" or "Subject"); (5) the names of any

20        attachments; and (6) the text (body) of the email.

21   i.   The following ESI shall be produced in native file format:

22        i.    Excel files;

23        ii.   Text message files;

24        iii.  Presentation files (e.g., PowerPoint);

25        iv.   Personal databases (MS Access);

26        v.    Audio/video files;

27        vi.   Web pages;

28        vii.  Animations;

1                     viii.   Source code.

2         j.   To the extent responsive Text Messages are being produced, they will be

3            produced in a reasonable usable format. YOU will disclose its production

4            format of Text Messages to the Plaintiffs prior to the production of Text

5            Messages. Plaintiffs retain their rights to meet and confer on the production

6            format to address any concerns.

7         k.   The Parties reserve the right to request production of other ESI types in

8            Native Format, for example, that documents be produced in Microsoft

9            Word, in addition to TIFF images. The Parties agree to meet and confer

10          regarding such requests.

11       l.   PowerPoint or other presentation files should be produced in Native Format

12          as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in

13          full-slide image format, along with speaker notes (which should follow the

14          full images of the slides) with related searchable text, Metadata, and

15          bibliographic information.

16      m. In the case of personal database (e.g., MS Access) files containing

17          confidential or privileged information, the parties shall meet and confer to

18          determine the appropriate form of production.

19       n.  ESI shall be processed in a manner that preserves hidden columns or rows,

20          hidden text, worksheets, notes, tracked changes, and comments. Any Party

21          seeking a deviation from this provision must provide notice to other Parties

22          and the Parties agree to meet and confer regarding such requests.

23       o.  The Parties will meet and confer about objective coding fields and

24          Metadata that will be produced for all ESI—including ESI produced in

25          TIFF or Native Format, and any such Metadata will be produced in

26          accordance with the Parties' agreement or in accordance with any ESI

27          Protocol to be agreed upon by the Parties.

28       p.  Any Document produced in native format, will be produced according to

the following specifications:

    i.  A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.  The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.      These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.      If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.      If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.      If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1.  All licensing agreements related to AI training data.
2.  All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.
3.  All Documents and Communications related to licensing books for the use as AI training data.
4.  All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.
5.  All Documents and Communications relating to the valuation of licenses for AI training data.
6.  All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3 business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4 over the age of eighteen and not a party to this action.

5      On November 7, 2024, I caused the following documents to be served by email upon the

6 parties listed on the attached Service List:

7     • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO MACMILLIAN**

8       **PUBLISHERS, INC.**

9      I declare under penalty of perjury that the foregoing is true and correct. Executed

10 November 7, 2024, at San Francisco, California.

11

12                */s/Daniel M. Hutchinson*_____
               Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

             - 14 -            PLAINTIFFS' NOTICE OF SUBPOENA
                                          CASE NO. 3:23-CV-03417-VC

1

## SERVICE LIST

2

**COOLEY LLP**
Bobby A. Ghajar
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
jlauter@cooley.com
lstameshkin@cooley.com

**LEX LUMINA PLLC**
Mark Alan Lemley
745 Fifth Avenue, Suite 500
New York, NY 10151
mlemley@lex-lumina.com

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
Angela L. Dunning
1841 Page Mill Road
Palo Alto, CA 94304-1254
adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-7

## Plaintiffs' Document Subpoena Packet to Moya Chen

**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Moya Chen
2257 Sarazen Drive
Vernon Hills, IL 60061-1021

RE:     *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

Dear Moya Chen:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

*Daniel Hutch*

Daniel M. Hutchinson

DMH/wp

1    Elizabeth J. Cabraser (State Bar No. 083151)
     Daniel M. Hutchinson (State Bar No. 239458)
2    Reilly T. Stoler (State Bar No. 310761)
     LIEFF CABRASER HEIMANN &
3    BERNSTEIN, LLP
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
5    ecabraser@lchb.com
     dhutchinson@lchb.com
6    rstoler@lchb.com

7    Rachel Geman (*pro hac vice*)
     LIEFF CABRASER HEIMANN &
8    BERNSTEIN, LLP
     250 Hudson Street, 8th Floor
9    New York, New York 10013-1413
     Telephone: (212) 355-9500
10   rgeman@lchb.com

11   Scott J. Sholder (*pro hac vice*)
     CeCe M. Cole (*pro hac vice*)
12   COWAN DEBAETS ABRAHAMS &
     SHEPPARD LLP
13   60 Broad Street, 30th Floor
     New York, New York 10004
14   Telephone: (212) 974-7474
     ssholder@cdas.com
15   ccole@cdas.com

16   *Counsel for Individual and Representative*
     *Plaintiffs and the Proposed Class*
17
     [Additional counsel included below]
18

19                    **UNITED STATES DISTRICT COURT**

20                  **NORTHERN DISTRICT OF CALIFORNIA**

                         **SAN FRANCISCO DIVISION**
21

22
     RICHARD KADREY, et al.,                    Case No.  3:23-cv-03417-VC
23
              *Individual and Representative Plaintiff,*    **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                               **AND SUBPOENA TO MOYA CHEN**

25                    Plaintiffs,

26   v.

27   META PLATFORMS, INC.,

28                    Defendant.

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2  Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Moya

3  Chen to produce the information described in the Schedule A attached thereto at the time and

4  place specified on the Subpoena or a time and place as counsel may agree.

5

6  Dated: November 7, 2024                    Respectfully submitted,

7

8                                            By:   /s/ Daniel M. Hutchinson
                                                   Daniel M. Hutchinson
9
   David Boies (*pro hac vice*)              Elizabeth J. Cabraser (State Bar No. 083151)
10 **BOIES SCHILLER FLEXNER LLP**            Daniel M. Hutchinson (State Bar No. 239458)
   333 Main Street                           Reilly T. Stoler (State Bar No. 310761)
11 Armonk, NY 10504                          **LIEFF CABRASER HEIMANN**
   (914) 749-8200                            **& BERNSTEIN, LLP**
12 dboies@bsfllp.com                         275 Battery Street, 29th Floor
                                             San Francisco, CA 94111-3339
13 Maxwell V. Pritt (SBN 253155)             Telephone: (415) 956-1000
   Joshua I. Schiller (SBN 330653)           ecabraser@lchb.com
14 Joshua M. Stein (SBN 298856)              dhutchinson@lchb.com
   44 Montgomery Street, 41st Floor          rstoler@lchb.com
15 San Francisco, CA 94104
   (415) 293-6800                            Rachel Geman (*pro hac vice*)
16 mpritt@bsfllp.com                         **LIEFF CABRASER HEIMANN**
   jischiller@bsfllp.com                     **& BERNSTEIN, LLP**
17 jstein@bsfllp.com                         250 Hudson Street, 8th Floor
                                             New York, New York 10013-1413
18 Jesse Panuccio (*pro hac vice*)           Telephone: (212) 355-9500
   1401 New York Ave, NW                     rgeman@lchb.com
19 Washington, DC 20005
   (202) 237-2727                            Scott J. Sholder (*pro hac vice*)
20 jpanuccio@bsfllp.com                      CeCe M. Cole (*pro hac vice*)
                                             **COWAN DEBAETS ABRAHAMS**
21 David L. Simons (*pro hac vice*)          **& SHEPPARD LLP**
   55 Hudson Yards, 20th Floor               60 Broad Street, 30th Floor
22 New York, NY 10001                        New York, New York 10004
   (914) 749-8200                            Telephone: (212) 974-7474
23 dsimons@bsfllp.com                        ssholder@cdas.com
                                             ccole@cdas.com
24

25

26

27

28

PLAINTIFFS' NOTICE OF SUBPOENA
                                             CASE NO. 3:23-CV-03417-VC

1  Joseph R. Saveri (SBN 130064)
   Cadio Zirpoli (SBN 179108)
2  Christopher K.L. Young (SBN 318371)
   Holden Benon (SBN 325847)
3  Aaron Cera (SBN 351163)
   **JOSEPH SAVERI LAW FIRM, LLP**
4  601 California Street, Suite 1505
   San Francisco, California 94108
5  (415) 500-6800
   jsaveri@saverilawfirm.com
6  czirpoli@saverilawfirm.com
   cyoung@saverilawfirm.com
7  hbenon@saverilawfirm.com
   acera@saverilawfirm.com
8
   Matthew Butterick (SBN 250953)
9  1920 Hillhurst Avenue, #406
   Los Angeles, CA 90027
10 (323) 968-2632
   mb@butericklaw.com
11
   **CAFFERTY CLOBES**
12 **MERIWETHER & SPRENGEL LLP**
   Bryan L. Clobes (*pro hac vice*)
13 135 S. LaSalle Street, Suite 3210
   Chicago, IL 60603
14 (312) 782-4880
   bclobes@caffertyclobes.com
15
   **DICELLO LEVITT**
16 David A. Straite (*pro hac vice*)
   485 Lexington Avenue, Suite 1001
17 New York, NY 10017
   (646) 933-1000
18 dstraite@dicellolevitt.com
19 Amy Keller
   Nada Djordjevic
20 James A. Ulwick
   Madeline Hills
21 10 North Dearborn Street, 6th Floor
   Chicago, Illinois 60602
22 (312) 214-7900
   akeller@dicellolevitt.com
23 ndjordjevic@dicellolevitt.com
   julwick@dicellolevitt.com
24 mhills@dicellolevitt.com
25
26          *Counsel for Individual and Representative*
            *Plaintiffs and the Proposed Class*
27
28

## **SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## **DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1. "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text

messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

4.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

5.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

6.    "Defendant" means Defendant Meta Platforms, Inc.

7.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;

- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press

releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

8.      "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

9.      "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

10.      "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

11.      " "RLHF" means "reinforcement learning from human feedback."

12.      "You" or "Your" refers to you.

## INSTRUCTIONS

1.      Please separately respond to each item by stating (a) you will produce, (b) you are

1    presently unable to produce, or (c) you object to production.

2        2.    These Requests for Productions should be deemed continuing such that if You

3    subsequently discover or obtain possession, custody, or control of any document or ESI

4    previously requested or required to be produced, and supplemental productions should be

5    provided as additional documents become available.

6        3.    If You claim You are unable to produce a Document, you must state whether that

7    inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

8    has never been or is no longer in your possession, custody or control. Such a statement must

9    further set forth the name and address of any person or entity that you know or believe to have

10   possession, custody or control of that item or category of item. If any Document responsive to a

11   request has been destroyed, produce all documents describing or referencing: (1) the contents of

12   the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

13   Document had been maintained; (3) the date of any such loss or destruction to the extent known;

14   (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

15   destroyed Document; (5) all document retention and destruction policies in effect at the time any

16   requested Document was destroyed; and (6) all efforts made to locate any responsive Document

17   alleged to have been lost or destroyed.

18       4.    If You object to any item or category of item, Your response shall (a) identify with

19   particularity each document or thing to which the objection is made and (b) set forth clearly the

20   extent of, and specific ground for, the objection; and You should respond to the Request to the

21   extent it is not objectionable.

22       5.    If You object that a Document is covered by the attorney-client or other privilege,

23   or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

24   (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

25   directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

26   name and address of the person(s) now in possession of the Document; (6) the description of the

27   subject matter of the Document; and (7) the specific nature of the privilege claimed, including the

28   reasons and each and every fact supporting the withholding, and legal basis sufficient to

determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## REQUESTS FOR PRODUCTION

1. All Documents and Communications related to Library Genesis.

2. All Documents and Communications related to Your involvement in processing Library Genesis for use as AI training data.

3. All Documents and Communications related to Your knowledge of Meta's use of Library Genesis as AI training data.

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3  business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4  over the age of eighteen and not a party to this action.

5      On November 7, 2024, I caused the following documents to be served by email upon the

6  parties listed on the attached Service List:

7      • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO MOYA CHEN**

8      I declare under penalty of perjury that the foregoing is true and correct. Executed

9  November 7, 2024, at San Francisco, California.

10

11                                          */s/Daniel M. Hutchinson*_____
                                          Daniel M. Hutchinson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

| | |
|---|---|
| **COOLEY LLP** | **BOIES SCHILLER FLEXNER LLP** |

3

Bobby A. Ghajar
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
cghazarian@cooley.com

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
jlauter@cooley.com
lstameshkin@cooley.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

**LEX LUMINA PLLC**
Mark Alan Lemley
745 Fifth Avenue, Suite 500
New York, NY 10151
mlemley@lex-lumina.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning
1841 Page Mill Road
Palo Alto, CA 94304-1254
adunning@cgsh.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

*Counsel for Defendant Meta Platforms, Inc.*

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

3121059.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)   Civil Action No.<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR |  |
| _____<br>*Signature of Clerk or Deputy Clerk* |  | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-8

## Plaintiffs' Document Subpoena Packet to Penguin Random House, LLC

# Lieff Cabraser Heimann& Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Penguin Random House, LLC
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703-4261

RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

Daniel M. Hutchinson

DMH/wp

San Francisco    New York    Nashville    Munich    www.lieffcabraser.co

1   Elizabeth J. Cabraser (State Bar No. 083151)
    Daniel M. Hutchinson (State Bar No. 239458)
2   Reilly T. Stoler (State Bar No. 310761)
    LIEFF CABRASER HEIMANN &
3   BERNSTEIN, LLP
    275 Battery Street, 29th Floor
4   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
5   ecabraser@lchb.com
    dhutchinson@lchb.com
6   rstoler@lchb.com

7   Rachel Geman (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
8   BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
9   New York, New York 10013-1413
    Telephone: (212) 355-9500
10  rgeman@lchb.com

11  Scott J. Sholder (*pro hac vice*)
    CeCe M. Cole (*pro hac vice*)
12  COWAN DEBAETS ABRAHAMS &
    SHEPPARD LLP
13  60 Broad Street, 30th Floor
    New York, New York 10004
14  Telephone: (212) 974-7474
    ssholder@cdas.com
15  ccole@cdas.com

16  *Counsel for Individual and Representative*
    *Plaintiffs and the Proposed Class*
17
    [Additional counsel included below]
18

19              UNITED STATES DISTRICT COURT

20            NORTHERN DISTRICT OF CALIFORNIA

                 SAN FRANCISCO DIVISION
21

22
    RICHARD KADREY, et al.,                    Case No.  3:23-cv-03417-VC
23
         *Individual and Representative Plaintiff,*   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                             **AND SUBPOENA TO PENGUIN RANDOM**
                    Plaintiffs,                **HOUSE, LLC**
25
    v.
26
    META PLATFORMS, INC.,
27
                    Defendant.
28

PLAINTIFFS' NOTICE OF SUBPOENA
                                                    CASE NO: 3:23-CV-03417-VC

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2  Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Penguin

3  Random House, LLC to produce the information described in the Schedule A attached thereto at

4  the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6  Dated: November 7, 2024                Respectfully submitted,

7

8                                         By:  /s/ Daniel M. Hutchinson
                                               Daniel M. Hutchinson

9
    David Boies (*pro hac vice*)          Elizabeth J. Cabraser (State Bar No. 083151)
10  **BOIES SCHILLER FLEXNER LLP**        Daniel M. Hutchinson (State Bar No. 239458)
    333 Main Street                       Reilly T. Stoler (State Bar No. 310761)
11  Armonk, NY 10504                      **LIEFF CABRASER HEIMANN**
    (914) 749-8200                        **& BERNSTEIN, LLP**
12  dboies@bsfllp.com                     275 Battery Street, 29th Floor
                                          San Francisco, CA 94111-3339
13  Maxwell V. Pritt (SBN 253155)         Telephone: (415) 956-1000
    Joshua I. Schiller (SBN 330653)       ecabraser@lchb.com
14  Joshua M. Stein (SBN 298856)          dhutchinson@lchb.com
    44 Montgomery Street, 41st Floor      rstoler@lchb.com
15  San Francisco, CA 94104
    (415) 293-6800                        Rachel Geman (*pro hac vice*)
16  mpritt@bsfllp.com                     **LIEFF CABRASER HEIMANN**
    jischiller@bsfllp.com                 **& BERNSTEIN, LLP**
17  jstein@bsfllp.com                     250 Hudson Street, 8th Floor
                                          New York, New York 10013-1413
18  Jesse Panuccio (*pro hac vice*)       Telephone: (212) 355-9500
    1401 New York Ave, NW                 rgeman@lchb.com
19  Washington, DC 20005
    (202) 237-2727                        Scott J. Sholder (*pro hac vice*)
20  jpanuccio@bsfllp.com                  CeCe M. Cole (*pro hac vice*)
                                          **COWAN DEBAETS ABRAHAMS**
21  David L. Simons (*pro hac vice*)      **& SHEPPARD LLP**
    55 Hudson Yards, 20th Floor           60 Broad Street, 30th Floor
22  New York, NY 10001                    New York, New York 10004
    (914) 749-8200                        Telephone: (212) 974-7474
23  dsimons@bsfllp.com                    ssholder@cdas.com
                                          ccole@cdas.com
24

25

26

27

28

1    Joseph R. Saveri (SBN 130064)
     Cadio Zirpoli (SBN 179108)
2    Christopher K.L. Young (SBN 318371)
     Holden Benon (SBN 325847)
3    Aaron Cera (SBN 351163)
     **JOSEPH SAVERI LAW FIRM, LLP**
4    601 California Street, Suite 1505
     San Francisco, California 94108
5    (415) 500-6800
     jsaveri@saverilawfirm.com
6    czirpoli@saverilawfirm.com
     cyoung@saverilawfirm.com
7    hbenon@saverilawfirm.com
     acera@saverilawfirm.com
8
     Matthew Butterick (SBN 250953)
9    1920 Hillhurst Avenue, #406
     Los Angeles, CA 90027
10   (323) 968-2632
     mb@butterricklaw.com
11
     **CAFFERTY CLOBES**
12   **MERIWETHER & SPRENGEL LLP**
     Bryan L. Clobes (*pro hac vice*)
13   135 S. LaSalle Street, Suite 3210
     Chicago, IL 60603
14   (312) 782-4880
     bclobes@caffertyclobes.com
15
     **DICELLO LEVITT**
16   David A. Straite (*pro hac vice*)
     485 Lexington Avenue, Suite 1001
17   New York, NY 10017
     (646) 933-1000
18   dstraite@dicellolevitt.com
19   Amy Keller
     Nada Djordjevic
20   James A. Ulwick
     Madeline Hills
21   10 North Dearborn Street, 6th Floor
     Chicago, Illinois 60602
22   (312) 214-7900
     akeller@dicellolevitt.com
23   ndjordjevic@dicellolevitt.com
     julwick@dicellolevitt.com
24   mhills@dicellolevitt.com
25
                    *Counsel for Individual and Representative*
26                      *Plaintiffs and the Proposed Class*
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7. "Defendant" means Defendant Meta Platforms, Inc.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

1   entries, inventory sheets, diaries, appointment books or calendars, teletypes,

2   telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press

3   releases, advertisements, notes, working papers, drawings, schedules, tabulations,

4   projections, information or programs stored in a computer (whether or not ever

5   printed out or displayed), and All drafts, alterations, modifications, changes or

6   amendments of any of the foregoing;

7   •   Graphic or aural representations of any kind, including, without limitation,

8   photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and

9   motion pictures;

10  •   All letters, words, pictures, sounds, or symbols, or combinations thereof stored in

11  or on any electronic, mechanical, magnetic, or optical device including, but not

12  limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash

13  drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as

14  e-mail, web posts, social media posts, internet pages, etc.), and (iii) information

15  stored on cell phones.

16  9.   "Including" and "Includes," whether capitalized or not, are used to provide

17  examples of certain types of information and should not be construed as limiting a request or

18  definition in any way. The terms "including" and "includes" shall be construed as if followed by

19  the phrase "but not limited to."

20  10.   "Licensing agreement" means a strategic collaboration agreement and/or any

21  agreement with the purpose and/or effect of developing AI products and/or features using Your

22  content and/or materials.

23  11.   "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys,

24  accountants, representatives, predecessors or successors-in-interest, any corporation or

25  partnership under its direction, or any other person or entity acting on its behalf or under its

26  control.

27  12.   "OCR" means optical character recognition.

28  13.   "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Penguin Random House.

## **INSTRUCTIONS**

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

    a.    All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

    b.    In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

    c.    Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

    d.    Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1   Documents ("ESI Protocol") to be entered by the Parties.

2       e.  You will utilize best efforts to ensure that paper records for a particular

3           custodian, which are included in a single production, are produced in

4           consecutive Bates-stamp order.

5       3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6   of ESI, All Documents shall be produced in accordance with the specifications below except for

7   source code, which may be produced in accordance with the specifications below.

8       a.  Where technically feasible, emails shall be produced in TIFF format.

9           TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10          11-inch page size images at a resolution of at least 300 DPI with the quality

11          setting of 75% or higher.

12      b.  When producing documents in TIFF format, the image files shall be

13          produced along with Concordance/Opticon image load files, linking the

14          images to the corresponding document that indicate the beginning and

15          ending of each document, showing the Bates number of each page and the

16          appropriate unitization of the documents.

17      c.  Each image file of an electronic document will be created directly from

18          the original electronic document. Image files shall show all text and

19          images that would be visible in the original electronic format (Native

20          Format), including redlines and speaker notes.

21      d.  All TIFF files are to be provided with an accompanying searchable text

22          (.TXT) file extracted from the native, electronic file (not generated as an

23          OCR file from the TIFF image(s)), and such text files shall contain the full

24          text extraction. To the extent technically feasible, extracted text shall provide

25          all comments, tracked changes, speaker's notes, and text from hidden

26          worksheets, slides, columns and rows. In the case of files with redacted text,

27          OCR'ed text of the redacted documents may be provided in lieu of extracted

28          text. OCR software should be set to the highest quality setting during

1    processing.

2    e.   All documents shall be produced in their original language. For documents

3         in foreign languages, the OCR shall be performed using an OCR tool and

4         settings suitable for the particular byte or multi-byte languages.

5    f.   Each text file shall be named according to the Bates number of the first page

6         of the corresponding image files (e.g., BATES000001.TXT).

7    g.   Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8         similar non-Microsoft file formats) should be produced as a single color

9         PDF file for each Document, containing all images for that document, and

10        should be imaged in a manner that captures track changes and comments.

11        To the extent Plaintiffs believes the converted image format distorts, omits,

12        or causes information to be improperly displayed, Plaintiffs may request

13        the Document in Native Format and the Parties shall meet and confer to

14        attempt to resolve the problem(s).

15   h.   In the case of email, the corresponding text file shall include, where

16        reasonably available: (1) the individual(s) to whom the communication was

17        directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18        who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19        subject line of the email ("RE" or "Subject"); (5) the names of any

20        attachments; and (6) the text (body) of the email.

21   i.   The following ESI shall be produced in native file format:

22            i.   Excel files;

23            ii.  Text message files;

24            iii. Presentation files (e.g., PowerPoint);

25            iv.  Personal databases (MS Access);

26            v.   Audio/video files;

27            vi.  Web pages;

28            vii. Animations;

1          viii.   Source code.

2    j.   To the extent responsive Text Messages are being produced, they will be

3         produced in a reasonable usable format. YOU will disclose its production

4         format of Text Messages to the Plaintiffs prior to the production of Text

5         Messages. Plaintiffs retain their rights to meet and confer on the production

6         format to address any concerns.

7    k.   The Parties reserve the right to request production of other ESI types in

8         Native Format, for example, that documents be produced in Microsoft

9         Word, in addition to TIFF images. The Parties agree to meet and confer

10        regarding such requests.

11   l.   PowerPoint or other presentation files should be produced in Native Format

12        as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in

13        full-slide image format, along with speaker notes (which should follow the

14        full images of the slides) with related searchable text, Metadata, and

15        bibliographic information.

16   m.   In the case of personal database (e.g., MS Access) files containing

17        confidential or privileged information, the parties shall meet and confer to

18        determine the appropriate form of production.

19   n.   ESI shall be processed in a manner that preserves hidden columns or rows,

20        hidden text, worksheets, notes, tracked changes, and comments. Any Party

21        seeking a deviation from this provision must provide notice to other Parties

22        and the Parties agree to meet and confer regarding such requests.

23   o.   The Parties will meet and confer about objective coding fields and

24        Metadata that will be produced for all ESI—including ESI produced in

25        TIFF or Native Format, and any such Metadata will be produced in

26        accordance with the Parties' agreement or in accordance with any ESI

27        Protocol to be agreed upon by the Parties.

28   p.   Any Document produced in native format, will be produced according to

the following specifications:

    i.   A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.   The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.   In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.   In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.   Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.    These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.    If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.    If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.    If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1

## <u>CERTIFICATE OF SERVICE</u>

2    I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3  business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4  over the age of eighteen and not a party to this action.

5    On November 7, 2024, I caused the following documents to be served by email upon the

6  parties listed on the attached Service List:

7    • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO PENGUIN**

8      **RANDOM HOUSE, LLC**

9    I declare under penalty of perjury that the foregoing is true and correct. Executed

10 November 7, 2024, at San Francisco, California.

11

12                    */s/Daniel M. Hutchinson*_____
                      Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

**COOLEY LLP**
Bobby A. Ghajar

3

Colette Ani Ghazarian
1333 2nd Street, Suite 400

4

Santa Monica, CA 90401
bghajar@cooley.com

5

cghazarian@cooley.com

6

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor

7

San Francisco, CA 94111-4004
khartnett@cooley.com

8

Judd D. Lauter

9

Elizabeth Lee Stameshkin
3175 Hanover Street

10

Palo Alto, CA 94304
jlauter@cooley.com

11

lstameshkin@cooley.com

12

**LEX LUMINA PLLC**
Mark Alan Lemley

13

745 Fifth Avenue, Suite 500
New York, NY 10151

14

mlemley@lex-lumina.com

15

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**

16

Angela L. Dunning
1841 Page Mill Road

17

Palo Alto, CA 94304-1254
adunning@cgsh.com

18

19

*Counsel for Defendant
Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-9

## Plaintiffs' Document Subpoena Packet to Simon & Schuster International LLC

# Lieff
# Cabraser
# Heimann&
# Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Simon & Schuster International LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

Daniel M. Hutchinson

DMH/wp

1    Elizabeth J. Cabraser (State Bar No. 083151)
     Daniel M. Hutchinson (State Bar No. 239458)
2    Reilly T. Stoler (State Bar No. 310761)
     LIEFF CABRASER HEIMANN &
3    BERNSTEIN, LLP
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
5    ecabraser@lchb.com
     dhutchinson@lchb.com
6    rstoler@lchb.com

7    Rachel Geman (*pro hac vice*)
     LIEFF CABRASER HEIMANN &
8    BERNSTEIN, LLP
     250 Hudson Street, 8th Floor
9    New York, New York 10013-1413
     Telephone: (212) 355-9500
10   rgeman@lchb.com

11   Scott J. Sholder (*pro hac vice*)
     CeCe M. Cole (*pro hac vice*)
12   COWAN DEBAETS ABRAHAMS &
     SHEPPARD LLP
13   60 Broad Street, 30th Floor
     New York, New York 10004
14   Telephone: (212) 974-7474
     ssholder@cdas.com
15   ccole@cdas.com

16   *Counsel for Individual and Representative*
     *Plaintiffs and the Proposed Class*
17
     [Additional counsel included below]
18

19                  UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

                     SAN FRANCISCO DIVISION
21

22
     RICHARD KADREY, et al.,                   Case No.  3:23-cv-03417-VC
23
         *Individual and Representative Plaintiff,*   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                              **AND SUBPOENA TO SIMON &**
                     Plaintiffs,                **SCHUSTER INTERNATIONAL LLC**
25
     v.
26
     META PLATFORMS, INC.,
27
                     Defendant.
28

1        PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2   Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Simon &

3   Schuster International LLC to produce the information described in the Schedule A attached

4   thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6   Dated: November 7, 2024                    Respectfully submitted,

7

8                                              By: __/s/ Daniel M. Hutchinson_____
                                                   Daniel M. Hutchinson
9
    David Boies (*pro hac vice*)              Elizabeth J. Cabraser (State Bar No. 083151)
10  **BOIES SCHILLER FLEXNER LLP**            Daniel M. Hutchinson (State Bar No. 239458)
    333 Main Street                           Reilly T. Stoler (State Bar No. 310761)
11  Armonk, NY 10504                          **LIEFF CABRASER HEIMANN**
    (914) 749-8200                            **& BERNSTEIN, LLP**
12  dboies@bsfllp.com                         275 Battery Street, 29th Floor
                                              San Francisco, CA 94111-3339
13  Maxwell V. Pritt (SBN 253155)            Telephone: (415) 956-1000
    Joshua I. Schiller (SBN 330653)          ecabraser@lchb.com
14  Joshua M. Stein (SBN 298856)             dhutchinson@lchb.com
    44 Montgomery Street, 41st Floor          rstoler@lchb.com
15  San Francisco, CA 94104
    (415) 293-6800                           Rachel Geman (*pro hac vice*)
16  mpritt@bsfllp.com                         **LIEFF CABRASER HEIMANN**
    jischiller@bsfllp.com                     **& BERNSTEIN, LLP**
17  jstein@bsfllp.com                         250 Hudson Street, 8th Floor
                                              New York, New York 10013-1413
18  Jesse Panuccio (*pro hac vice*)           Telephone: (212) 355-9500
    1401 New York Ave, NW                     rgeman@lchb.com
19  Washington, DC 20005
    (202) 237-2727                           Scott J. Sholder (*pro hac vice*)
20  jpanuccio@bsfllp.com                      CeCe M. Cole (*pro hac vice*)
                                              **COWAN DEBAETS ABRAHAMS**
21  David L. Simons (*pro hac vice*)          **& SHEPPARD LLP**
    55 Hudson Yards, 20th Floor               60 Broad Street, 30th Floor
22  New York, NY 10001                        New York, New York 10004
    (914) 749-8200                            Telephone: (212) 974-7474
23  dsimons@bsfllp.com                        ssholder@cdas.com
                                              ccole@cdas.com
24

25

26

27

28

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

## **SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## **DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.
This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9.    "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10.    "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12.    "OCR" means optical character recognition.

13.    "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Simon & Schuster.

**INSTRUCTIONS**

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

   a.   All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

   b.   In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

   c.   Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

   d.   Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1    Documents ("ESI Protocol") to be entered by the Parties.

2    e.  You will utilize best efforts to ensure that paper records for a particular

3    custodian, which are included in a single production, are produced in

4    consecutive Bates-stamp order.

5    3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6    of ESI, All Documents shall be produced in accordance with the specifications below except for

7    source code, which may be produced in accordance with the specifications below.

8    a.  Where technically feasible, emails shall be produced in TIFF format.

9    TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10    11-inch page size images at a resolution of at least 300 DPI with the quality

11    setting of 75% or higher.

12    b.  When producing documents in TIFF format, the image files shall be

13    produced along with Concordance/Opticon image load files, linking the

14    images to the corresponding document that indicate the beginning and

15    ending of each document, showing the Bates number of each page and the

16    appropriate unitization of the documents.

17    c.  Each image file of an electronic document will be created directly from

18    the original electronic document. Image files shall show all text and

19    images that would be visible in the original electronic format (Native

20    Format), including redlines and speaker notes.

21    d.  All TIFF files are to be provided with an accompanying searchable text

22    (.TXT) file extracted from the native, electronic file (not generated as an

23    OCR file from the TIFF image(s)), and such text files shall contain the full

24    text extraction. To the extent technically feasible, extracted text shall provide

25    all comments, tracked changes, speaker's notes, and text from hidden

26    worksheets, slides, columns and rows. In the case of files with redacted text,

27    OCR'ed text of the redacted documents may be provided in lieu of extracted

28    text. OCR software should be set to the highest quality setting during

1     processing.

2     e.   All documents shall be produced in their original language. For documents

3          in foreign languages, the OCR shall be performed using an OCR tool and

4          settings suitable for the particular byte or multi-byte languages.

5     f.   Each text file shall be named according to the Bates number of the first page

6          of the corresponding image files (e.g., BATES000001.TXT).

7     g.   Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8          similar non-Microsoft file formats) should be produced as a single color

9          PDF file for each Document, containing all images for that document, and

10         should be imaged in a manner that captures track changes and comments.

11         To the extent Plaintiffs believes the converted image format distorts, omits,

12         or causes information to be improperly displayed, Plaintiffs may request

13         the Document in Native Format and the Parties shall meet and confer to

14         attempt to resolve the problem(s).

15    h.   In the case of email, the corresponding text file shall include, where

16         reasonably available: (1) the individual(s) to whom the communication was

17         directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18         who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19         subject line of the email ("RE" or "Subject"); (5) the names of any

20         attachments; and (6) the text (body) of the email.

21    i.   The following ESI shall be produced in native file format:

22         i.    Excel files;

23         ii.   Text message files;

24         iii.  Presentation files (e.g., PowerPoint);

25         iv.   Personal databases (MS Access);

26         v.    Audio/video files;

27         vi.   Web pages;

28         vii.  Animations;

viii.   Source code.

j.   To the extent responsive Text Messages are being produced, they will be produced in a reasonable usable format. YOU will disclose its production format of Text Messages to the Plaintiffs prior to the production of Text Messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k.   The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l.   PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m.   In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n.   ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o.   The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p.   Any Document produced in native format, will be produced according to

the following specifications:

 i. A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

 ii. The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

 iii. In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

 iv. In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

 v. Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.    These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.    If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.    If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.    If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.
2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.
3. All Documents and Communications related to licensing books for the use as AI training data.
4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.
5. All Documents and Communications relating to the valuation of licenses for AI training data.
6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am over the age of eighteen and not a party to this action.

On November 7, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO SIMON & SCHUSTER INTERNATIONAL LLC**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 7, 2024, at San Francisco, California.

*/s/Daniel M. Hutchinson*_____
Daniel M. Hutchinson

1

<u>SERVICE LIST</u>

2

**COOLEY LLP**
Bobby A. Ghajar

3
Colette Ani Ghazarian
1333 2nd Street, Suite 400

4
Santa Monica, CA 90401
bghajar@cooley.com

5
cghazarian@cooley.com

6
Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor

7
San Francisco, CA 94111-4004
khartnett@cooley.com

8

Judd D. Lauter

9
Elizabeth Lee Stameshkin
3175 Hanover Street

10
Palo Alto, CA 94304
jlauter@cooley.com

11
lstameshkin@cooley.com

12
**LEX LUMINA PLLC**
Mark Alan Lemley

13
745 Fifth Avenue, Suite 500
New York, NY 10151

14
mlemley@lex-lumina.com

15
**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**

16
Angela L. Dunning
1841 Page Mill Road

17
Palo Alto, CA 94304-1254
adunning@cgsh.com

18

*Counsel for Defendant*

19
*Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
|  | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-10

## Plaintiffs' Document Subpoena Packet to Springer Nature AG & Co. KGaA

# Lieff Cabraser Heimann & Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Springer Nature AG & Co. KGaA
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

RE:     *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

Daniel M. Hutchinson

DMH/wp

San Francisco          New York          Nashville          Munich          www.lieffcabraser.co

1  Elizabeth J. Cabraser (State Bar No. 083151)
   Daniel M. Hutchinson (State Bar No. 239458)
2  Reilly T. Stoler (State Bar No. 310761)
   LIEFF CABRASER HEIMANN &
3  BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
5  ecabraser@lchb.com
   dhutchinson@lchb.com
6  rstoler@lchb.com

7  Rachel Geman (*pro hac vice*)
   LIEFF CABRASER HEIMANN &
8  BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
9  New York, New York 10013-1413
   Telephone: (212) 355-9500
10 rgeman@lchb.com

11 Scott J. Sholder (*pro hac vice*)
   CeCe M. Cole (*pro hac vice*)
12 COWAN DEBAETS ABRAHAMS &
   SHEPPARD LLP
13 60 Broad Street, 30th Floor
   New York, New York 10004
14 Telephone: (212) 974-7474
   ssholder@cdas.com
15 ccole@cdas.com

16 *Counsel for Individual and Representative
   Plaintiffs and the Proposed Class*
17
   [Additional counsel included below]
18

19               **UNITED STATES DISTRICT COURT**

20             **NORTHERN DISTRICT OF CALIFORNIA**

                   **SAN FRANCISCO DIVISION**
21

22
   RICHARD KADREY, et al.,                    Case No.  3:23-cv-03417-VC
23
        *Individual and Representative Plaintiff,*   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                               **AND SUBPOENA TO SPRINGER**
                    Plaintiffs,                  **NATURE AG & CO. KGAA**
25
   v.
26
   META PLATFORMS, INC.,
27
                    Defendant.
28

PLAINTIFFS' NOTICE OF SUBPOENA
                                              CASE NO: 3:23-CV-03417-VC

1     PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2   Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Springer

3   Nature AG & Co. KGaA to produce the information described in the Schedule A attached thereto

4   at the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6   Dated: November 7, 2024                Respectfully submitted,

7

8                                          By:    /s/ Daniel M. Hutchinson
                                                  Daniel M. Hutchinson
9
    David Boies (*pro hac vice*)            Elizabeth J. Cabraser (State Bar No. 083151)
10  **BOIES SCHILLER FLEXNER LLP**          Daniel M. Hutchinson (State Bar No. 239458)
    333 Main Street                         Reilly T. Stoler (State Bar No. 310761)
11  Armonk, NY 10504                        **LIEFF CABRASER HEIMANN**
    (914) 749-8200                          **& BERNSTEIN, LLP**
12  dboies@bsfllp.com                       275 Battery Street, 29th Floor
                                            San Francisco, CA 94111-3339
13  Maxwell V. Pritt (SBN 253155)           Telephone: (415) 956-1000
    Joshua I. Schiller (SBN 330653)         ecabraser@lchb.com
14  Joshua M. Stein (SBN 298856)            dhutchinson@lchb.com
    44 Montgomery Street, 41st Floor        rstoler@lchb.com
15  San Francisco, CA 94104
    (415) 293-6800                          Rachel Geman (*pro hac vice*)
16  mpritt@bsfllp.com                       **LIEFF CABRASER HEIMANN**
    jischiller@bsfllp.com                   **& BERNSTEIN, LLP**
17  jstein@bsfllp.com                       250 Hudson Street, 8th Floor
                                            New York, New York 10013-1413
18  Jesse Panuccio (*pro hac vice*)         Telephone: (212) 355-9500
    1401 New York Ave, NW                   rgeman@lchb.com
19  Washington, DC 20005
    (202) 237-2727                          Scott J. Sholder (*pro hac vice*)
20  jpanuccio@bsfllp.com                    CeCe M. Cole (*pro hac vice*)
                                            **COWAN DEBAETS ABRAHAMS**
21  David L. Simons (*pro hac vice*)        **& SHEPPARD LLP**
    55 Hudson Yards, 20th Floor             60 Broad Street, 30th Floor
22  New York, NY 10001                      New York, New York 10004
    (914) 749-8200                          Telephone: (212) 974-7474
23  dsimons@bsfllp.com                      ssholder@cdas.com
                                            ccole@cdas.com
24

25

26

27

28

1   Joseph R. Saveri (SBN 130064)
    Cadio Zirpoli (SBN 179108)
2   Christopher K.L. Young (SBN 318371)
    Holden Benon (SBN 325847)
3   Aaron Cera (SBN 351163)
    **JOSEPH SAVERI LAW FIRM, LLP**
4   601 California Street, Suite 1505
    San Francisco, California 94108
5   (415) 500-6800
    jsaveri@saverilawfirm.com
6   czirpoli@saverilawfirm.com
    cyoung@saverilawfirm.com
7   hbenon@saverilawfirm.com
    acera@saverilawfirm.com
8
    Matthew Butterick (SBN 250953)
9   1920 Hillhurst Avenue, #406
    Los Angeles, CA 90027
10  (323) 968-2632
    mb@butericklaw.com
11
    **CAFFERTY CLOBES**
12  **MERIWETHER & SPRENGEL LLP**
    Bryan L. Clobes (*pro hac vice*)
13  135 S. LaSalle Street, Suite 3210
    Chicago, IL 60603
14  (312) 782-4880
    bclobes@caffertyclobes.com
15
    **DICELLO LEVITT**
16  David A. Straite (*pro hac vice*)
    485 Lexington Avenue, Suite 1001
17  New York, NY 10017
    (646) 933-1000
18  dstraite@dicellolevitt.com
19  Amy Keller
    Nada Djordjevic
20  James A. Ulwick
    Madeline Hills
21  10 North Dearborn Street, 6th Floor
    Chicago, Illinois 60602
22  (312) 214-7900
    akeller@dicellolevitt.com
23  ndjordjevic@dicellolevitt.com
    julwick@dicellolevitt.com
24  mhills@dicellolevitt.com
25
                    *Counsel for Individual and Representative*
26                      *Plaintiffs and the Proposed Class*
27
28

- 3 -                    PLAINTIFFS' NOTICE OF SUBPOENA
                                                      CASE NO. 3:23-CV-03417-VC

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.    "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.    "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.    "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.    "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.
This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9.     "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10.     "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11.     "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12.     "OCR" means optical character recognition.

13.     "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Springer.

<u>**INSTRUCTIONS**</u>

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

  a.  All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

  b.  In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

  c.  Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

  d.  Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1    Documents ("ESI Protocol") to be entered by the Parties.

2    e.   You will utilize best efforts to ensure that paper records for a particular

3         custodian, which are included in a single production, are produced in

4         consecutive Bates-stamp order.

5    3.   Unless superseded by a mutually-agreed-upon stipulation regarding the production

6    of ESI, All Documents shall be produced in accordance with the specifications below except for

7    source code, which may be produced in accordance with the specifications below.

8    a.   Where technically feasible, emails shall be produced in TIFF format.

9         TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10        11-inch page size images at a resolution of at least 300 DPI with the quality

11        setting of 75% or higher.

12   b.   When producing documents in TIFF format, the image files shall be

13        produced along with Concordance/Opticon image load files, linking the

14        images to the corresponding document that indicate the beginning and

15        ending of each document, showing the Bates number of each page and the

16        appropriate unitization of the documents.

17   c.   Each image file of an electronic document will be created directly from

18        the original electronic document. Image files shall show all text and

19        images that would be visible in the original electronic format (Native

20        Format), including redlines and speaker notes.

21   d.   All TIFF files are to be provided with an accompanying searchable text

22        (.TXT) file extracted from the native, electronic file (not generated as an

23        OCR file from the TIFF image(s)), and such text files shall contain the full

24        text extraction. To the extent technically feasible, extracted text shall provide

25        all comments, tracked changes, speaker's notes, and text from hidden

26        worksheets, slides, columns and rows. In the case of files with redacted text,

27        OCR'ed text of the redacted documents may be provided in lieu of extracted

28        text. OCR software should be set to the highest quality setting during

1    processing.

2    e.  All documents shall be produced in their original language. For documents

3        in foreign languages, the OCR shall be performed using an OCR tool and

4        settings suitable for the particular byte or multi-byte languages.

5    f.  Each text file shall be named according to the Bates number of the first page

6        of the corresponding image files (e.g., BATES000001.TXT).

7    g.  Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8        similar non-Microsoft file formats) should be produced as a single color

9        PDF file for each Document, containing all images for that document, and

10       should be imaged in a manner that captures track changes and comments.

11       To the extent Plaintiffs believes the converted image format distorts, omits,

12       or causes information to be improperly displayed, Plaintiffs may request

13       the Document in Native Format and the Parties shall meet and confer to

14       attempt to resolve the problem(s).

15   h.  In the case of email, the corresponding text file shall include, where

16       reasonably available: (1) the individual(s) to whom the communication was

17       directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18       who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19       subject line of the email ("RE" or "Subject"); (5) the names of any

20       attachments; and (6) the text (body) of the email.

21   i.  The following ESI shall be produced in native file format:

22       i.   Excel files;

23       ii.  Text message files;

24       iii. Presentation files (e.g., PowerPoint);

25       iv.  Personal databases (MS Access);

26       v.   Audio/video files;

27       vi.  Web pages;

28       vii. Animations;

viii.  Source code.

j.  To the extent responsive Text Messages are being produced, they will be produced in a reasonable usable format. YOU will disclose its production format of Text Messages to the Plaintiffs prior to the production of Text Messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k.  The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l.  PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m.  In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n.  ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o.  The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p.  Any Document produced in native format, will be produced according to

the following specifications:

    i.  A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.  The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.      These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.      If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.      If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.      If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the

1  subject matter of the Document; and (7) the specific nature of the privilege claimed, including the

2  reasons and each and every fact supporting the withholding, and legal basis sufficient to

3  determine whether the claim of privilege is valid with respect to the Document (without revealing

4  privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1

## CERTIFICATE OF SERVICE

2    I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3 business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4 over the age of eighteen and not a party to this action.

5    On November 7, 2024, I caused the following documents to be served by email upon the

6 parties listed on the attached Service List:

7    • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO SPRINGER**

8       **NATURE AG & Co. KGaA**

9    I declare under penalty of perjury that the foregoing is true and correct. Executed

10 November 7, 2024, at San Francisco, California.

11

12                              */s/Daniel M. Hutchinson*_____
                                Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2

**COOLEY LLP**
Bobby A. Ghajar
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
jlauter@cooley.com
lstameshkin@cooley.com

**LEX LUMINA PLLC**
Mark Alan Lemley
745 Fifth Avenue, Suite 500
New York, NY 10151
mlemley@lex-lumina.com

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
Angela L. Dunning
1841 Page Mill Road
Palo Alto, CA 94304-1254
adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | )
|---|---|
| _____ <br> *Plaintiff* | ) <br> ) |
| v. | )     Civil Action No. |
| | ) |
| _____ <br> *Defendant* | ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

       *CLERK OF COURT*

                                  OR

_____     _____
      *Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-11

Plaintiffs' Document Subpoena Packet to
Susan Zhang

**Lieff
Cabraser
Heimann &
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Susan Zhang
3622 Fulton Street
San Francisco, CA 94118-3603

RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

Dear Susan Zhang:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

*Daniel Hutch*

Daniel M. Hutchinson

DMH/wp

3120939.1

San Francisco        New York        Nashville        Munich        www.lieffcabraser.co

Elizabeth J. Cabraser (State Bar No. 083151)
Daniel M. Hutchinson (State Bar No. 239458)
Reilly T. Stoler (State Bar No. 310761)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel included below]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiff*,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No.  3:23-cv-03417-VC<br><br>**PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO SUSAN ZHANG** |

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2  Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Susan

3  Zhang to produce the information described in the Schedule A attached thereto at the time and

4  place specified on the Subpoena or a time and place as counsel may agree.

5

6  Dated: November 7, 2024                Respectfully submitted,

7

8                                          By:   */s/ Daniel M. Hutchinson*
                                                 Daniel M. Hutchinson

9
    David Boies (*pro hac vice*)           Elizabeth J. Cabraser (State Bar No. 083151)
10  **BOIES SCHILLER FLEXNER LLP**         Daniel M. Hutchinson (State Bar No. 239458)
    333 Main Street                        Reilly T. Stoler (State Bar No. 310761)
11  Armonk, NY 10504                       **LIEFF CABRASER HEIMANN**
    (914) 749-8200                         **& BERNSTEIN, LLP**
12  dboies@bsfllp.com                      275 Battery Street, 29th Floor
                                           San Francisco, CA 94111-3339
13  Maxwell V. Pritt (SBN 253155)          Telephone: (415) 956-1000
    Joshua I. Schiller (SBN 330653)        ecabraser@lchb.com
14  Joshua M. Stein (SBN 298856)           dhutchinson@lchb.com
    44 Montgomery Street, 41st Floor       rstoler@lchb.com
15  San Francisco, CA 94104
    (415) 293-6800                         Rachel Geman (*pro hac vice*)
16  mpritt@bsfllp.com                      **LIEFF CABRASER HEIMANN**
    jischiller@bsfllp.com                  **& BERNSTEIN, LLP**
17  jstein@bsfllp.com                      250 Hudson Street, 8th Floor
                                           New York, New York 10013-1413
18  Jesse Panuccio (*pro hac vice*)        Telephone: (212) 355-9500
    1401 New York Ave, NW                  rgeman@lchb.com
19  Washington, DC 20005
    (202) 237-2727                         Scott J. Sholder (*pro hac vice*)
20  jpanuccio@bsfllp.com                   CeCe M. Cole (*pro hac vice*)
                                           **COWAN DEBAETS ABRAHAMS**
21  David L. Simons (*pro hac vice*)       **& SHEPPARD LLP**
    55 Hudson Yards, 20th Floor            60 Broad Street, 30th Floor
22  New York, NY 10001                     New York, New York 10004
    (914) 749-8200                         Telephone: (212) 974-7474
23  dsimons@bsfllp.com                     ssholder@cdas.com
                                           ccole@cdas.com
24

25

26

27

28

PLAINTIFFS' NOTICE OF SUBPOENA
                                          CASE NO. 3:23-CV-03417-VC

1  Joseph R. Saveri (SBN 130064)
   Cadio Zirpoli (SBN 179108)
2  Christopher K.L. Young (SBN 318371)
   Holden Benon (SBN 325847)
3  Aaron Cera (SBN 351163)
   **JOSEPH SAVERI LAW FIRM, LLP**
4  601 California Street, Suite 1505
   San Francisco, California 94108
5  (415) 500-6800
   jsaveri@saverilawfirm.com
6  czirpoli@saverilawfirm.com
   cyoung@saverilawfirm.com
7  hbenon@saverilawfirm.com
   acera@saverilawfirm.com
8
   Matthew Butterick (SBN 250953)
9  1920 Hillhurst Avenue, #406
   Los Angeles, CA 90027
10 (323) 968-2632
   mb@buttericklaw.com
11
   **CAFFERTY CLOBES**
12 **MERIWETHER & SPRENGEL LLP**
   Bryan L. Clobes (*pro hac vice*)
13 135 S. LaSalle Street, Suite 3210
   Chicago, IL 60603
14 (312) 782-4880
   bclobes@caffertyclobes.com
15
   **DICELLO LEVITT**
16 David A. Straite (*pro hac vice*)
   485 Lexington Avenue, Suite 1001
17 New York, NY 10017
   (646) 933-1000
18 dstraite@dicellolevitt.com
19 Amy Keller
   Nada Djordjevic
20 James A. Ulwick
   Madeline Hills
21 10 North Dearborn Street, 6th Floor
   Chicago, Illinois 60602
22 (312) 214-7900
   akeller@dicellolevitt.com
23 ndjordjevic@dicellolevitt.com
   julwick@dicellolevitt.com
24 mhills@dicellolevitt.com
25
26                *Counsel for Individual and Representative*
                  *Plaintiffs and the Proposed Class*
27
28

PLAINTIFFS' NOTICE OF SUBPOENA
CASE NO. 3:23-CV-03417-VC

## **SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## **DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

2.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text

messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

4.      "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

5.      "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

6.      "Defendant" means Defendant Meta Platforms, Inc.

7.      "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press

releases, advertisements, notes, working papers, drawings, schedules, tabulations,

projections, information or programs stored in a computer (whether or not ever

printed out or displayed), and All drafts, alterations, modifications, changes or

amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation,
  photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and
  motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in
  or on any electronic, mechanical, magnetic, or optical device including, but not
  limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash
  drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as
  e-mail, web posts, social media posts, internet pages, etc.), and (iii) information
  stored on cell phones.

8.    "Including" and "Includes," whether capitalized or not, are used to provide

examples of certain types of information and should not be construed as limiting a request or

definition in any way. The terms "including" and "includes" shall be construed as if followed by

the phrase "but not limited to."

9.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys,

accountants, representatives, predecessors or successors-in-interest, any corporation or

partnership under its direction, or any other person or entity acting on its behalf or under its

control.

10.    "Relevant Period" includes and encompasses all times relevant to the acts and

failures to act which are relevant to the Complaint.

11.    " "RLHF" means "reinforcement learning from human feedback."

12.    "You" or "Your" refers to you.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are

presently unable to produce, or (c) you object to production.

2.      These Requests for Productions should be deemed continuing such that if You subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

3.      If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

4.      If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

5.      If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to

determine whether the claim of privilege is valid with respect to the Document (without revealing

privileged information).

### **SCHEDULE A**

1. All Documents and Communications related to ethical considerations regarding the use of copyrighted material as AI training data.

2. All Documents and Communications related to the use of books as AI training data.

1

**CERTIFICATE OF SERVICE**

2   I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3 business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4 over the age of eighteen and not a party to this action.

5   On November 7, 2024, I caused the following documents to be served by email upon the

6 parties listed on the attached Service List:

7   •  **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO SUSAN**

8    **ZHANG**

9   I declare under penalty of perjury that the foregoing is true and correct. Executed

10 November 7, 2024, at San Francisco, California.

11

12          */s/Daniel M. Hutchinson*_____
           Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
<u>SERVICE LIST</u>

2 | **COOLEY LLP** | **BOIES SCHILLER FLEXNER LLP**
Bobby A. Ghajar | David Boies (*pro hac vice*)

3 | Colette Ani Ghazarian | 333 Main Street
1333 2nd Street, Suite 400 | Armonk, NY 10504

4 | Santa Monica, CA 90401 | dboies@bsfllp.com
bghajar@cooley.com

5 | cghazarian@cooley.com | Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)

6 | Kathleen R. Hartnett | Joshua M. Stein (SBN 298856)
3 Embarcadero Center, 20th Floor | 44 Montgomery Street, 41st Floor

7 | San Francisco, CA 94111-4004 | San Francisco, CA 94104
khartnett@cooley.com | mpritt@bsfllp.com

8 | | jischiller@bsfllp.com
Judd D. Lauter | jstein@bsfllp.com

9 | Elizabeth Lee Stameshkin
3175 Hanover Street | Jesse Panuccio (*pro hac vice*)

10 | Palo Alto, CA 94304 | 1401 New York Ave, NW
jlauter@cooley.com | Washington, DC 20005

11 | lstameshkin@cooley.com | jpanuccio@bsfllp.com

12 | **LEX LUMINA PLLC** | David L. Simons (*pro hac vice*)
Mark Alan Lemley | 55 Hudson Yards, 20th Floor

13 | 745 Fifth Avenue, Suite 500 | New York, NY 10001
New York, NY 10151 | dsimons@bsfllp.com

14 | mlemley@lex-lumina.com
| **CAFFERTY CLOBES MERIWETHER**

15 | **CLEARY GOTTLIEB STEEN &** | **& SPRENGEL LLP**
**HAMILTON LLP** | Bryan L. Clobes (*pro hac vice*)

16 | Angela L. Dunning | 135 S. LaSalle Street, Suite 3210
1841 Page Mill Road | Chicago, IL 60603

17 | Palo Alto, CA 94304-1254 | bclobes@caffertyclobes.com
adunning@cgsh.com

18 | | **DICELLO LEVITT**
*Counsel for Defendant* | David A. Straite (*pro hac vice*)

19 | *Meta Platforms, Inc.* | 485 Lexington Avenue, Suite 1001
New York, NY 10017

20 | | dstraite@dicellolevitt.com

21 | | Amy Keller
Nada Djordjevic

22 | | James A. Ulwick
Madeline Hills

23 | | 10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602

24 | | akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

25 | | julwick@dicellolevitt.com
mhills@dicellolevitt.com

26
| *Counsel for Plaintiffs*

27

28 | 3121062.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-12

Plaintiffs' Document Subpoena Packet to Theater Communications Group, Inc.

**Lieff**
**Cabraser**
**Heimann&**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Theater Communications Group, Inc.
355 Lexington Ave.
New York, NY 10017

RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

*Daniel Hutch*

Daniel M. Hutchinson

DMH/wp

1    Elizabeth J. Cabraser (State Bar No. 083151)
     Daniel M. Hutchinson (State Bar No. 239458)
2    Reilly T. Stoler (State Bar No. 310761)
     LIEFF CABRASER HEIMANN &
3    BERNSTEIN, LLP
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
5    ecabraser@lchb.com
     dhutchinson@lchb.com
6    rstoler@lchb.com

7    Rachel Geman (*pro hac vice*)
     LIEFF CABRASER HEIMANN &
8    BERNSTEIN, LLP
     250 Hudson Street, 8th Floor
9    New York, New York 10013-1413
     Telephone: (212) 355-9500
10   rgeman@lchb.com

11   Scott J. Sholder (*pro hac vice*)
     CeCe M. Cole (*pro hac vice*)
12   COWAN DEBAETS ABRAHAMS &
     SHEPPARD LLP
13   60 Broad Street, 30th Floor
     New York, New York 10004
14   Telephone: (212) 974-7474
     ssholder@cdas.com
15   ccole@cdas.com

16   *Counsel for Individual and Representative*
     *Plaintiffs and the Proposed Class*
17
     [Additional counsel included below]
18

19                 **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

                     **SAN FRANCISCO DIVISION**
21

22
     RICHARD KADREY, et al.,                    Case No.  3:23-cv-03417-VC
23
           *Individual and Representative Plaintiff,*   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                              **AND SUBPOENA TO THEATER**
                     Plaintiffs,                **COMMUNICATIONS GROUP, INC.**
25
     v.
26
     META PLATFORMS, INC.,
27
                     Defendant.
28

PLAINTIFFS' NOTICE OF SUBPOENA
                                             CASE NO: 3:23-CV-03417-VC

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2    Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Theater

3    Communications Group, Inc. to produce the information described in the Schedule A attached

4    thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6    Dated: November 7, 2024               Respectfully submitted,

7

8                                          By:   */s/ Daniel M. Hutchinson*
                                                Daniel M. Hutchinson

9
     David Boies (*pro hac vice*)              Elizabeth J. Cabraser (State Bar No. 083151)
10   **BOIES SCHILLER FLEXNER LLP**            Daniel M. Hutchinson (State Bar No. 239458)
     333 Main Street                           Reilly T. Stoler (State Bar No. 310761)
11   Armonk, NY 10504                          **LIEFF CABRASER HEIMANN**
     (914) 749-8200                            **& BERNSTEIN, LLP**
12   dboies@bsfllp.com                         275 Battery Street, 29th Floor
                                               San Francisco, CA 94111-3339
13   Maxwell V. Pritt (SBN 253155)             Telephone: (415) 956-1000
     Joshua I. Schiller (SBN 330653)           ecabraser@lchb.com
14   Joshua M. Stein (SBN 298856)              dhutchinson@lchb.com
     44 Montgomery Street, 41st Floor          rstoler@lchb.com
15   San Francisco, CA 94104
     (415) 293-6800                            Rachel Geman (*pro hac vice*)
16   mpritt@bsfllp.com                         **LIEFF CABRASER HEIMANN**
     jischiller@bsfllp.com                     **& BERNSTEIN, LLP**
17   jstein@bsfllp.com                         250 Hudson Street, 8th Floor
                                               New York, New York 10013-1413
18   Jesse Panuccio (*pro hac vice*)           Telephone: (212) 355-9500
     1401 New York Ave, NW                     rgeman@lchb.com
19   Washington, DC 20005
     (202) 237-2727                            Scott J. Sholder (*pro hac vice*)
20   jpanuccio@bsfllp.com                      CeCe M. Cole (*pro hac vice*)
                                               **COWAN DEBAETS ABRAHAMS**
21   David L. Simons (*pro hac vice*)          **& SHEPPARD LLP**
     55 Hudson Yards, 20th Floor               60 Broad Street, 30th Floor
22   New York, NY 10001                        New York, New York 10004
     (914) 749-8200                            Telephone: (212) 974-7474
23   dsimons@bsfllp.com                        ssholder@cdas.com
                                               ccole@cdas.com
24

25

26

27

28

1 Joseph R. Saveri (SBN 130064)
 Cadio Zirpoli (SBN 179108)
2 Christopher K.L. Young (SBN 318371)
 Holden Benon (SBN 325847)
3 Aaron Cera (SBN 351163)
 **JOSEPH SAVERI LAW FIRM, LLP**
4 601 California Street, Suite 1505
 San Francisco, California 94108
5 (415) 500-6800
 jsaveri@saverilawfirm.com
6 czirpoli@saverilawfirm.com
 cyoung@saverilawfirm.com
7 hbenon@saverilawfirm.com
 acera@saverilawfirm.com
8

9 Matthew Butterick (SBN 250953)
 1920 Hillhurst Avenue, #406
 Los Angeles, CA 90027
10 (323) 968-2632
 mb@butericklaw.com
11

 **CAFFERTY CLOBES**
12 **MERIWETHER & SPRENGEL LLP**
 Bryan L. Clobes (*pro hac vice*)
13 135 S. LaSalle Street, Suite 3210
 Chicago, IL 60603
14 (312) 782-4880
 bclobes@caffertyclobes.com
15

 **DICELLO LEVITT**
16 David A. Straite (*pro hac vice*)
 485 Lexington Avenue, Suite 1001
17 New York, NY 10017
 (646) 933-1000
18 dstraite@dicellolevitt.com

19 Amy Keller
 Nada Djordjevic
20 James A. Ulwick
 Madeline Hills
21 10 North Dearborn Street, 6th Floor
 Chicago, Illinois 60602
22 (312) 214-7900
 akeller@dicellolevitt.com
23 ndjordjevic@dicellolevitt.com
 julwick@dicellolevitt.com
24 mhills@dicellolevitt.com

25
       *Counsel for Individual and Representative*
26        *Plaintiffs and the Proposed Class*

27

28

**SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

**DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.    "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.    "Defendant" means Defendant Meta Platforms, Inc.

8.    "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

- 5 -

entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9.    "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10.    "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12.    "OCR" means optical character recognition.

13.    "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Theater Communications Group, Inc.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

    a.    All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

    b.    In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

    c.    Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

    d.    Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1    Documents ("ESI Protocol") to be entered by the Parties.

2    e.    You will utilize best efforts to ensure that paper records for a particular

3          custodian, which are included in a single production, are produced in

4          consecutive Bates-stamp order.

5    3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6    of ESI, All Documents shall be produced in accordance with the specifications below except for

7    source code, which may be produced in accordance with the specifications below.

8    a.    Where technically feasible, emails shall be produced in TIFF format.

9          TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10         11-inch page size images at a resolution of at least 300 DPI with the quality

11         setting of 75% or higher.

12   b.    When producing documents in TIFF format, the image files shall be

13         produced along with Concordance/Opticon image load files, linking the

14         images to the corresponding document that indicate the beginning and

15         ending of each document, showing the Bates number of each page and the

16         appropriate unitization of the documents.

17   c.    Each image file of an electronic document will be created directly from

18         the original electronic document. Image files shall show all text and

19         images that would be visible in the original electronic format (Native

20         Format), including redlines and speaker notes.

21   d.    All TIFF files are to be provided with an accompanying searchable text

22         (.TXT) file extracted from the native, electronic file (not generated as an

23         OCR file from the TIFF image(s)), and such text files shall contain the full

24         text extraction. To the extent technically feasible, extracted text shall provide

25         all comments, tracked changes, speaker's notes, and text from hidden

26         worksheets, slides, columns and rows. In the case of files with redacted text,

27         OCR'ed text of the redacted documents may be provided in lieu of extracted

28         text. OCR software should be set to the highest quality setting during

1    processing.

2    e.  All documents shall be produced in their original language. For documents

3        in foreign languages, the OCR shall be performed using an OCR tool and

4        settings suitable for the particular byte or multi-byte languages.

5    f.  Each text file shall be named according to the Bates number of the first page

6        of the corresponding image files (e.g., BATES000001.TXT).

7    g.  Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8        similar non-Microsoft file formats) should be produced as a single color

9        PDF file for each Document, containing all images for that document, and

10       should be imaged in a manner that captures track changes and comments.

11       To the extent Plaintiffs believes the converted image format distorts, omits,

12       or causes information to be improperly displayed, Plaintiffs may request

13       the Document in Native Format and the Parties shall meet and confer to

14       attempt to resolve the problem(s).

15   h.  In the case of email, the corresponding text file shall include, where

16       reasonably available: (1) the individual(s) to whom the communication was

17       directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18       who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19       subject line of the email ("RE" or "Subject"); (5) the names of any

20       attachments; and (6) the text (body) of the email.

21   i.  The following ESI shall be produced in native file format:

22       i.   Excel files;

23       ii.  Text message files;

24       iii. Presentation files (e.g., PowerPoint);

25       iv.  Personal databases (MS Access);

26       v.   Audio/video files;

27       vi.  Web pages;

28       vii. Animations;

1            viii.   Source code.

2    j.   To the extent responsive Text Messages are being produced, they will be

3         produced in a reasonable usable format. YOU will disclose its production

4         format of Text Messages to the Plaintiffs prior to the production of Text

5         Messages. Plaintiffs retain their rights to meet and confer on the production

6         format to address any concerns.

7    k.   The Parties reserve the right to request production of other ESI types in

8         Native Format, for example, that documents be produced in Microsoft

9         Word, in addition to TIFF images. The Parties agree to meet and confer

10        regarding such requests.

11   l.   PowerPoint or other presentation files should be produced in Native Format

12        as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in

13        full-slide image format, along with speaker notes (which should follow the

14        full images of the slides) with related searchable text, Metadata, and

15        bibliographic information.

16   m.   In the case of personal database (e.g., MS Access) files containing

17        confidential or privileged information, the parties shall meet and confer to

18        determine the appropriate form of production.

19   n.   ESI shall be processed in a manner that preserves hidden columns or rows,

20        hidden text, worksheets, notes, tracked changes, and comments. Any Party

21        seeking a deviation from this provision must provide notice to other Parties

22        and the Parties agree to meet and confer regarding such requests.

23   o.   The Parties will meet and confer about objective coding fields and

24        Metadata that will be produced for all ESI—including ESI produced in

25        TIFF or Native Format, and any such Metadata will be produced in

26        accordance with the Parties' agreement or in accordance with any ESI

27        Protocol to be agreed upon by the Parties.

28   p.   Any Document produced in native format, will be produced according to

the following specifications:

    i. A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii. The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii. In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv. In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v. Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.      These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.      If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.      If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.      If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

6. All Communications with Meta relating to topics 1-5, above, for the time period from January 1, 2023, to June 30, 2023.

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3 business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4 over the age of eighteen and not a party to this action.

5        On November 7, 2024, I caused the following documents to be served by email upon the

6 parties listed on the attached Service List:

7        • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO THEATER**

8            **COMMUNICATIONS GROUP, INC.**

9        I declare under penalty of perjury that the foregoing is true and correct. Executed

10 November 7, 2024, at San Francisco, California.

11

12                                    */s/Daniel M. Hutchinson_____*
                                       Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

**COOLEY LLP**
Bobby A. Ghajar

3

Colette Ani Ghazarian
1333 2nd Street, Suite 400

4

Santa Monica, CA 90401
bghajar@cooley.com

5

cghazarian@cooley.com

6

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor

7

San Francisco, CA 94111-4004
khartnett@cooley.com

8

Judd D. Lauter

9

Elizabeth Lee Stameshkin
3175 Hanover Street

10

Palo Alto, CA 94304
jlauter@cooley.com

11

lstameshkin@cooley.com

12

**LEX LUMINA PLLC**
Mark Alan Lemley

13

745 Fifth Avenue, Suite 500
New York, NY 10151

14

mlemley@lex-lumina.com

15

**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**

16

Angela L. Dunning
1841 Page Mill Road

17

Palo Alto, CA 94304-1254
adunning@cgsh.com

18

19

*Counsel for Defendant*
*Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____<br>*Plaintiff* | ) |
| v. | ) |
|  | )    Civil Action No. |
| _____<br>*Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-13

## Plaintiffs' Document Subpoena Packet to Tim Dettmers

# Lieff Cabraser Heimann & Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 25, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Tim Dettmers
6805 Woodlawn Ave NE Apt 16
Seattle, WA 98115-5441

RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

Dear Tim Dettmers:

Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

Very truly yours,

Daniel M. Hutchinson

DMH/wp

3120926.1

San Francisco        New York        Nashville        Munich        www.lieffcabraser.co

1   Elizabeth J. Cabraser (State Bar No. 083151)
    Daniel M. Hutchinson (State Bar No. 239458)
2   Reilly T. Stoler (State Bar No. 310761)
    LIEFF CABRASER HEIMANN &
3   BERNSTEIN, LLP
    275 Battery Street, 29th Floor
4   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
5   ecabraser@lchb.com
    dhutchinson@lchb.com
6   rstoler@lchb.com

7   Rachel Geman (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
8   BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
9   New York, New York 10013-1413
    Telephone: (212) 355-9500
10  rgeman@lchb.com

11  Scott J. Sholder (*pro hac vice*)
    CeCe M. Cole (*pro hac vice*)
12  COWAN DEBAETS ABRAHAMS &
    SHEPPARD LLP
13  60 Broad Street, 30th Floor
    New York, New York 10004
14  Telephone: (212) 974-7474
    ssholder@cdas.com
15  ccole@cdas.com

16  *Counsel for Individual and Representative*
    *Plaintiffs and the Proposed Class*
17
    [Additional counsel included below]
18

19              **UNITED STATES DISTRICT COURT**

20            **NORTHERN DISTRICT OF CALIFORNIA**

                 **SAN FRANCISCO DIVISION**
21

22
    RICHARD KADREY, et al.,                 Case No.  3:23-cv-03417-VC
23
         *Individual and Representative Plaintiff,*   **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                           **AND SUBPOENA TO TIM DETTMERS**
                 Plaintiffs,
25
    v.
26
    META PLATFORMS, INC.,
27
                 Defendant.
28

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2    Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Tim

3    Dettmers to produce the information described in the Schedule A attached thereto at the time and

4    place specified on the Subpoena or a time and place as counsel may agree.

5

6    Dated: November 7, 2024                Respectfully submitted,

7

8                                          By:   /s/ Daniel M. Hutchinson
                                                 Daniel M. Hutchinson
9
     David Boies (*pro hac vice*)          Elizabeth J. Cabraser (State Bar No. 083151)
10   **BOIES SCHILLER FLEXNER LLP**        Daniel M. Hutchinson (State Bar No. 239458)
     333 Main Street                       Reilly T. Stoler (State Bar No. 310761)
11   Armonk, NY 10504                      **LIEFF CABRASER HEIMANN**
     (914) 749-8200                        **& BERNSTEIN, LLP**
12   dboies@bsfllp.com                     275 Battery Street, 29th Floor
                                           San Francisco, CA 94111-3339
13   Maxwell V. Pritt (SBN 253155)         Telephone: (415) 956-1000
     Joshua I. Schiller (SBN 330653)       ecabraser@lchb.com
14   Joshua M. Stein (SBN 298856)          dhutchinson@lchb.com
     44 Montgomery Street, 41st Floor      rstoler@lchb.com
15   San Francisco, CA 94104
     (415) 293-6800                        Rachel Geman (*pro hac vice*)
16   mpritt@bsfllp.com                     **LIEFF CABRASER HEIMANN**
     jischiller@bsfllp.com                 **& BERNSTEIN, LLP**
17   jstein@bsfllp.com                     250 Hudson Street, 8th Floor
                                           New York, New York 10013-1413
18   Jesse Panuccio (*pro hac vice*)       Telephone: (212) 355-9500
     1401 New York Ave, NW                 rgeman@lchb.com
19   Washington, DC 20005
     (202) 237-2727                        Scott J. Sholder (*pro hac vice*)
20   jpanuccio@bsfllp.com                  CeCe M. Cole (*pro hac vice*)
                                           **COWAN DEBAETS ABRAHAMS**
21   David L. Simons (*pro hac vice*)      **& SHEPPARD LLP**
     55 Hudson Yards, 20th Floor           60 Broad Street, 30th Floor
22   New York, NY 10001                    New York, New York 10004
     (914) 749-8200                        Telephone: (212) 974-7474
23   dsimons@bsfllp.com                    ssholder@cdas.com
                                           ccole@cdas.com
24

25

26

27

28

1 | Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
2 | Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
3 | Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
4 | 601 California Street, Suite 1505
San Francisco, California 94108
5 | (415) 500-6800
jsaveri@saverilawfirm.com
6 | czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
7 | hbenon@saverilawfirm.com
acera@saverilawfirm.com
8 |
Matthew Butterick (SBN 250953)
9 | 1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
10 | (323) 968-2632
mb@butticklaw.com
11 |
**CAFFERTY CLOBES**
12 | **MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
13 | 135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
14 | (312) 782-4880
bclobes@caffertyclobes.com
15 |
**DICELLO LEVITT**
16 | David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
17 | New York, NY 10017
(646) 933-1000
18 | dstraite@dicellolevitt.com
19 | Amy Keller
Nada Djordjevic
20 | James A. Ulwick
Madeline Hills
21 | 10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
22 | (312) 214-7900
akeller@dicellolevitt.com
23 | ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
24 | mhills@dicellolevitt.com
25 |
26 | *Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*
27 |
28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## **DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.    "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

2.    "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3.    "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text

messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

4.     "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

5.     "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

6.     "Defendant" means Defendant Meta Platforms, Inc.

7.     "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.
This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press

releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

8.    "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

9.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

10.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

11.    " "RLHF" means "reinforcement learning from human feedback."

12.    "You" or "Your" refers to you.

## **INSTRUCTIONS**

1.    Please separately respond to each item by stating (a) you will produce, (b) you are

1    presently unable to produce, or (c) you object to production.

2    2.    These Requests for Productions should be deemed continuing such that if You

3    subsequently discover or obtain possession, custody, or control of any document or ESI

4    previously requested or required to be produced, and supplemental productions should be

5    provided as additional documents become available.

6    3.    If You claim You are unable to produce a Document, you must state whether that

7    inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

8    has never been or is no longer in your possession, custody or control. Such a statement must

9    further set forth the name and address of any person or entity that you know or believe to have

10   possession, custody or control of that item or category of item. If any Document responsive to a

11   request has been destroyed, produce all documents describing or referencing: (1) the contents of

12   the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

13   Document had been maintained; (3) the date of any such loss or destruction to the extent known;

14   (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

15   destroyed Document; (5) all document retention and destruction policies in effect at the time any

16   requested Document was destroyed; and (6) all efforts made to locate any responsive Document

17   alleged to have been lost or destroyed.

18   4.    If You object to any item or category of item, Your response shall (a) identify with

19   particularity each document or thing to which the objection is made and (b) set forth clearly the

20   extent of, and specific ground for, the objection; and You should respond to the Request to the

21   extent it is not objectionable.

22   5.    If You object that a Document is covered by the attorney-client or other privilege,

23   or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

24   (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

25   directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

26   name and address of the person(s) now in possession of the Document; (6) the description of the

27   subject matter of the Document; and (7) the specific nature of the privilege claimed, including the

28   reasons and each and every fact supporting the withholding, and legal basis sufficient to

determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **SCHEDULE A**

1.  All Documents and Communications related to Your involvement in reaching out to EleutherAI to discuss the use of the Pile for training Meta's language models.

2.  All Documents and Communications related to Your knowledge of the value of books for use as AI training data.

1

**<u>CERTIFICATE OF SERVICE</u>**

2       I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3  business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4  over the age of eighteen and not a party to this action.

5       On November 7, 2024, I caused the following documents to be served by email upon the

6  parties listed on the attached Service List:

7       • **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TIM DETTMERS**

8       I declare under penalty of perjury that the foregoing is true and correct. Executed

9  November 7, 2024, at San Francisco, California.

10

11                                        */s/Daniel M. Hutchinson*_____
                                         Daniel M. Hutchinson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**SERVICE LIST**</u>

| | |
|---|---|
| **COOLEY LLP** | **BOIES SCHILLER FLEXNER LLP** |
| Bobby A. Ghajar | David Boies (*pro hac vice*) |
| Colette Ani Ghazarian | 333 Main Street |
| 1333 2nd Street, Suite 400 | Armonk, NY 10504 |
| Santa Monica, CA 90401 | dboies@bsfllp.com |
| bghajar@cooley.com | |
| cghazarian@cooley.com | Maxwell V. Pritt (SBN 253155) |
| | Joshua I. Schiller (SBN 330653) |
| Kathleen R. Hartnett | Joshua M. Stein (SBN 298856) |
| 3 Embarcadero Center, 20th Floor | 44 Montgomery Street, 41st Floor |
| San Francisco, CA 94111-4004 | San Francisco, CA 94104 |
| khartnett@cooley.com | mpritt@bsfllp.com |
| | jischiller@bsfllp.com |
| Judd D. Lauter | jstein@bsfllp.com |
| Elizabeth Lee Stameshkin | |
| 3175 Hanover Street | Jesse Panuccio (*pro hac vice*) |
| Palo Alto, CA 94304 | 1401 New York Ave, NW |
| jlauter@cooley.com | Washington, DC 20005 |
| lstameshkin@cooley.com | jpanuccio@bsfllp.com |
| | |
| **LEX LUMINA PLLC** | David L. Simons (*pro hac vice*) |
| Mark Alan Lemley | 55 Hudson Yards, 20th Floor |
| 745 Fifth Avenue, Suite 500 | New York, NY 10001 |
| New York, NY 10151 | dsimons@bsfllp.com |
| mlemley@lex-lumina.com | |
| | **CAFFERTY CLOBES MERIWETHER** |
| **CLEARY GOTTLIEB STEEN &** | **& SPRENGEL LLP** |
| **HAMILTON LLP** | Bryan L. Clobes (*pro hac vice*) |
| Angela L. Dunning | 135 S. LaSalle Street, Suite 3210 |
| 1841 Page Mill Road | Chicago, IL 60603 |
| Palo Alto, CA 94304-1254 | bclobes@caffertyclobes.com |
| adunning@cgsh.com | |
| | **DICELLO LEVITT** |
| *Counsel for Defendant* | David A. Straite (*pro hac vice*) |
| *Meta Platforms, Inc.* | 485 Lexington Avenue, Suite 1001 |
| | New York, NY 10017 |
| | dstraite@dicellolevitt.com |
| | |
| | Amy Keller |
| | Nada Djordjevic |
| | James A. Ulwick |
| | Madeline Hills |
| | 10 North Dearborn Street, 6th Floor |
| | Chicago, Illinois 60602 |
| | akeller@dicellolevitt.com |
| | ndjordjevic@dicellolevitt.com |
| | julwick@dicellolevitt.com |
| | mhills@dicellolevitt.com |
| | |
| | *Counsel for Plaintiffs* |

3121063.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B-14

## Plaintiffs' Document Subpoena Packet to Reuters News & Media, Inc.

**Lieff**
**Cabraser**
**Heimann&**
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 28, 2024

Daniel M. Hutchinson
Partner
dhutchinson@lchb.com

**VIA HAND DELIVER**

Reuters News & Media, Inc.
c/o Corporation Service Company
80 State Street, Albany, NY, 12207

      RE:    *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC

To Whom It May Concern:

    Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") represents Plaintiffs in the above captioned class-action lawsuit. As part of that lawsuit, LCHB is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

    We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

    We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Daniel M. Hutchinson, dhutchinson@lchb.com, (415) 956.1000. Please feel free to contact us with any questions.

      Very truly yours,

      *Daniel Hutch*

      Daniel M. Hutchinson

DMH/wp

3121574.1

San Francisco     New York     Nashville     Munich     www.lieffcabraser.co

1   Elizabeth J. Cabraser (State Bar No. 083151)
    Daniel M. Hutchinson (State Bar No. 239458)
2   Reilly T. Stoler (State Bar No. 310761)
    LIEFF CABRASER HEIMANN &
3   BERNSTEIN, LLP
    275 Battery Street, 29th Floor
4   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
5   ecabraser@lchb.com
    dhutchinson@lchb.com
6   rstoler@lchb.com

7   Rachel Geman (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
8   BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
9   New York, New York 10013-1413
    Telephone: (212) 355-9500
10  rgeman@lchb.com

11  Scott J. Sholder (*pro hac vice*)
    CeCe M. Cole (*pro hac vice*)
12  COWAN DEBAETS ABRAHAMS &
    SHEPPARD LLP
13  60 Broad Street, 30th Floor
    New York, New York 10004
14  Telephone: (212) 974-7474
    ssholder@cdas.com
15  ccole@cdas.com

16  *Counsel for Individual and Representative*
    *Plaintiffs and the Proposed Class*

17  [Additional counsel included below]

18

19              **UNITED STATES DISTRICT COURT**

20            **NORTHERN DISTRICT OF CALIFORNIA**

                  **SAN FRANCISCO DIVISION**
21

22

23  RICHARD KADREY, et al.,              Case No.  3:23-cv-03417-VC

        *Individual and Representative Plaintiff,*    **PLAINTIFFS' NOTICE OF SUBPOENA**
24                                                    **AND SUBPOENA TO REUTERS NEWS &**
                  Plaintiffs,                         **MEDIA, INC.**
25

26  v.

27  META PLATFORMS, INC.,

28                Defendant.

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

2    Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon Reuters

3    News & Media, Inc. to produce the information described in the Schedule A attached thereto at

4    the time and place specified on the Subpoena or a time and place as counsel may agree.

5

6    Dated: November 7, 2024                Respectfully submitted,

7

8                                          By:    /s/ Daniel M. Hutchinson
                                                  Daniel M. Hutchinson
9
     David Boies (*pro hac vice*)          Elizabeth J. Cabraser (State Bar No. 083151)
10   **BOIES SCHILLER FLEXNER LLP**        Daniel M. Hutchinson (State Bar No. 239458)
     333 Main Street                       Reilly T. Stoler (State Bar No. 310761)
11   Armonk, NY 10504                      **LIEFF CABRASER HEIMANN**
     (914) 749-8200                        **& BERNSTEIN, LLP**
12   dboies@bsfllp.com                     275 Battery Street, 29th Floor
                                           San Francisco, CA 94111-3339
13   Maxwell V. Pritt (SBN 253155)         Telephone: (415) 956-1000
     Joshua I. Schiller (SBN 330653)       ecabraser@lchb.com
14   Joshua M. Stein (SBN 298856)          dhutchinson@lchb.com
     44 Montgomery Street, 41st Floor      rstoler@lchb.com
15   San Francisco, CA 94104
     (415) 293-6800                        Rachel Geman (*pro hac vice*)
16   mpritt@bsfllp.com                     **LIEFF CABRASER HEIMANN**
     jischiller@bsfllp.com                 **& BERNSTEIN, LLP**
17   jstein@bsfllp.com                     250 Hudson Street, 8th Floor
                                           New York, New York 10013-1413
18   Jesse Panuccio (*pro hac vice*)       Telephone: (212) 355-9500
     1401 New York Ave, NW                 rgeman@lchb.com
19   Washington, DC 20005
     (202) 237-2727                        Scott J. Sholder (*pro hac vice*)
20   jpanuccio@bsfllp.com                  CeCe M. Cole (*pro hac vice*)
                                           **COWAN DEBAETS ABRAHAMS**
21   David L. Simons (*pro hac vice*)      **& SHEPPARD LLP**
     55 Hudson Yards, 20th Floor           60 Broad Street, 30th Floor
22   New York, NY 10001                    New York, New York 10004
     (914) 749-8200                        Telephone: (212) 974-7474
23   dsimons@bsfllp.com                    ssholder@cdas.com
                                           ccole@cdas.com
24

25

26

27

28

PLAINTIFFS' NOTICE OF SUBPOENA
                                               CASE NO. 3:23-CV-03417-VC

1
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
2
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
3
Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
4
601 California Street, Suite 1505
San Francisco, California 94108
5
(415) 500-6800
jsaveri@saverilawfirm.com
6
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
7
hbenon@saverilawfirm.com
acera@saverilawfirm.com
8

9
Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
10
(323) 968-2632
mb@butticklaw.com
11

12
**CAFFERTY CLOBES**
**MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
13
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
14
(312) 782-4880
bclobes@caffertyclobes.com
15

16
**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
17
New York, NY 10017
(646) 933-1000
18
dstraite@dicellolevitt.com

19
Amy Keller
Nada Djordjevic
20
James A. Ulwick
Madeline Hills
21
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
22
(312) 214-7900
akeller@dicellolevitt.com
23
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
24
mhills@dicellolevitt.com

25
*Counsel for Individual and Representative*
26
*Plaintiffs and the Proposed Class*

27

28

PLAINTIFFS' NOTICE OF SUBPOENA
CASE NO. 3:23-CV-03417-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

**DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.    "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.    "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.    "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.    "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone

conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.     "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.     "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.     "Defendant" means Defendant Meta Platforms, Inc.

8.     "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.
This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary

entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to:  (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9.    "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10.    "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12.    "OCR" means optical character recognition.

13.    "Person" means any natural person or any business, legal, or governmental entity

or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to Reuters.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

a.    All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

b.    In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

c.    Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

d.    Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper

1    Documents ("ESI Protocol") to be entered by the Parties.

2    e.   You will utilize best efforts to ensure that paper records for a particular

3    custodian, which are included in a single production, are produced in

4    consecutive Bates-stamp order.

5    3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production

6    of ESI, All Documents shall be produced in accordance with the specifications below except for

7    source code, which may be produced in accordance with the specifications below.

8    a.   Where technically feasible, emails shall be produced in TIFF format.

9    TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X

10    11-inch page size images at a resolution of at least 300 DPI with the quality

11    setting of 75% or higher.

12    b.   When producing documents in TIFF format, the image files shall be

13    produced along with Concordance/Opticon image load files, linking the

14    images to the corresponding document that indicate the beginning and

15    ending of each document, showing the Bates number of each page and the

16    appropriate unitization of the documents.

17    c.   Each image file of an electronic document will be created directly from

18    the original electronic document. Image files shall show all text and

19    images that would be visible in the original electronic format (Native

20    Format), including redlines and speaker notes.

21    d.   All TIFF files are to be provided with an accompanying searchable text

22    (.TXT) file extracted from the native, electronic file (not generated as an

23    OCR file from the TIFF image(s)), and such text files shall contain the full

24    text extraction. To the extent technically feasible, extracted text shall provide

25    all comments, tracked changes, speaker's notes, and text from hidden

26    worksheets, slides, columns and rows. In the case of files with redacted text,

27    OCR'ed text of the redacted documents may be provided in lieu of extracted

28    text. OCR software should be set to the highest quality setting during

1      processing.

2      e.   All documents shall be produced in their original language. For documents

3           in foreign languages, the OCR shall be performed using an OCR tool and

4           settings suitable for the particular byte or multi-byte languages.

5      f.   Each text file shall be named according to the Bates number of the first page

6           of the corresponding image files (e.g., BATES000001.TXT).

7      g.   Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially

8           similar non-Microsoft file formats) should be produced as a single color

9           PDF file for each Document, containing all images for that document, and

10          should be imaged in a manner that captures track changes and comments.

11          To the extent Plaintiffs believes the converted image format distorts, omits,

12          or causes information to be improperly displayed, Plaintiffs may request

13          the Document in Native Format and the Parties shall meet and confer to

14          attempt to resolve the problem(s).

15     h.   In the case of email, the corresponding text file shall include, where

16          reasonably available: (1) the individual(s) to whom the communication was

17          directed ("To"); (2) the author(s) of the email communication ("From"); (3)

18          who was copied and blind copied on such email ("CC" and "BCC"); (4) the

19          subject line of the email ("RE" or "Subject"); (5) the names of any

20          attachments; and (6) the text (body) of the email.

21     i.   The following ESI shall be produced in native file format:

22          i.    Excel files;

23          ii.   Text message files;

24          iii.  Presentation files (e.g., PowerPoint);

25          iv.   Personal databases (MS Access);

26          v.    Audio/video files;

27          vi.   Web pages;

28          vii.  Animations;

viii.   Source code.

j.   To the extent responsive Text Messages are being produced, they will be produced in a reasonable usable format. YOU will disclose its production format of Text Messages to the Plaintiffs prior to the production of Text Messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k.   The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l.   PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files).  PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m.   In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n.   ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o.   The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p.   Any Document produced in native format, will be produced according to

the following specifications:

    i.  A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii.  The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

    iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

    v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly

1           displayed. The Parties shall meet and confer regarding such requests

2           in good faith and cooperation.

3         4.      These Requests for Productions should be deemed continuing such that if Your

4 directors, officers, employees, agents, representatives or any person acting on Your behalf,

5 subsequently discover or obtain possession, custody, or control of any document or ESI

6 previously requested or required to be produced, and supplemental productions should be

7 provided as additional documents become available.

8         5.      If You claim You are unable to produce a Document, you must state whether that

9 inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or

10 has never been or is no longer in your possession, custody or control. Such a statement must

11 further set forth the name and address of any person or entity that you know or believe to have

12 possession, custody or control of that item or category of item. If any Document responsive to a

13 request has been destroyed, produce all documents describing or referencing: (1) the contents of

14 the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed

15 Document had been maintained; (3) the date of any such loss or destruction to the extent known;

16 (4) the name of each person who ordered, authorized and carried out the destruction of any lost or

17 destroyed Document; (5) all document retention and destruction policies in effect at the time any

18 requested Document was destroyed; and (6) all efforts made to locate any responsive Document

19 alleged to have been lost or destroyed.

20         6.      If You object to any item or category of item, Your response shall (a) identify with

21 particularity each document or thing to which the objection is made and (b) set forth clearly the

22 extent of, and specific ground for, the objection; and You should respond to the Request to the

23 extent it is not objectionable.

24         7.      If You object that a Document is covered by the attorney-client or other privilege,

25 or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document;

26 (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was

27 directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the

28 name and address of the person(s) now in possession of the Document; (6) the description of the

subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1. All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

6. All Communications with Meta relating to topics 1-5.

1

**CERTIFICATE OF SERVICE**

2        I, the undersigned, am employed by the Lieff Cabraser Heimann & Bernstein, LLP. My

3    business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. I am

4    over the age of eighteen and not a party to this action.

5        On November 7, 2024, I caused the following documents to be served by email upon the

6    parties listed on the attached Service List:

7        •  **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO**

8           **REUTERS NEWS & MEDIA, INC.**

9        I declare under penalty of perjury that the foregoing is true and correct. Executed

10   November 7, 2024, at San Francisco, California.

11

12                                    */s/Daniel M. Hutchinson*_____
                                      Daniel M. Hutchinson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2

**COOLEY LLP**
Bobby A. Ghajar
3 Colette Ani Ghazarian
1333 2nd Street, Suite 400
4 Santa Monica, CA 90401
bghajar@cooley.com
5 cghazarian@cooley.com

6 Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
7 San Francisco, CA 94111-4004
khartnett@cooley.com

8
Judd D. Lauter
9 Elizabeth Lee Stameshkin
3175 Hanover Street
10 Palo Alto, CA 94304
jlauter@cooley.com
11 lstameshkin@cooley.com

12 **LEX LUMINA PLLC**
Mark Alan Lemley
13 745 Fifth Avenue, Suite 500
New York, NY 10151
14 mlemley@lex-lumina.com

15 **CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
16 Angela L. Dunning
1841 Page Mill Road
17 Palo Alto, CA 94304-1254
adunning@cgsh.com

18
*Counsel for Defendant*
19 *Meta Platforms, Inc.*

20

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs*

21

22

23

24

25

26

27

28

3121573.1

PLAINTIFFS' NOTICE OF SUBPOENA
CASE NO. 3:23-CV-03417-VC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).