# Exhibit D-1

## Plaintiffs' Document Subpoena Packet to OpenAI, Inc.

# JOSEPH SAVERI
## LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL 415.500.6800
FAX 415.395.9940

**Via E-Mail**

November 7, 2024

OpenAI, Inc.
c/o Corporations Service Company
2710 Gateway Oaks Drive
Sacramento, CA 95883

Re:    *Kadrey et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC.

Dear OpenAI, Inc.:

The Joseph Saveri Law Firm ("JSLF") represents Richard Kadrey, Sarah Silverman, and Christopher Golden ("Plaintiffs") in the above captioned class-action lawsuit. As part of that lawsuit, JSLF is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Aaron Cera, acera@saverilawfirm.com, (415) 500-6800. Please feel free to contact us with any questions.

Sincerely,

*/s /Joseph R. Saveri*
Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel included below]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., | Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiff*, | **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO OPENAI, INC.** |
| v. | |
| META PLATFORMS, INC., | |
| *Defendant.* | |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon OpenAI, Inc. to produce the information described in the Schedule A attached thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

Dated: October 25, 2024    By: _____/s/Joseph R. Saveri_____
                                        Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butterricklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

## DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences,

memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.      "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.      "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.      "Defendant" means Defendant Meta Platforms, Inc.

8.      "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:
- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases,

advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9.    "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10.    "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11.    "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12.    "OCR" means optical character recognition.

13.    "Person" means any natural person or any business, legal, or governmental entity or association.

14.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15.    " "RLHF" means "reinforcement learning from human feedback."

16.    "You" or "Your" refers to OPENAI INC.

### INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

      a.   All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

      b.   In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

      c.   Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

      d.   Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper Documents ("ESI Protocol") to be entered by the Parties.

      e.   You will utilize best efforts to ensure that paper records for a particular custodian, which are included in a single production, are produced in consecutive Bates-stamp order.

3.    Unless superseded by a mutually-agreed-upon stipulation regarding the production of

ESI, All Documents shall be produced in accordance with the specifications below except for source code, which may be produced in accordance with the specifications below.

    a.  Where technically feasible, emails shall be produced in TIFF format. TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X 11-inch page size images at a resolution of at least 300 DPI with the quality setting of 75% or higher.

    b.  When producing documents in TIFF format, the image files shall be produced along with Concordance/Opticon image load files, linking the images to the corresponding document that indicate the beginning and ending of each document, showing the Bates number of each page and the appropriate unitization of the documents.

    c.  Each image file of an electronic document will be created directly from the original electronic document. Image files shall show all text and images that would be visible in the original electronic format (Native Format), including redlines and speaker notes.

    d.  All TIFF files are to be provided with an accompanying searchable text (.TXT) file extracted from the native, electronic file (not generated as an OCR file from the TIFF image(s)), and such text files shall contain the full text extraction. To the extent technically feasible, extracted text shall provide all comments, tracked changes, speaker's notes, and text from hidden worksheets, slides, columns and rows. In the case of files with redacted text, OCR'ed text of the redacted documents may be provided in lieu of extracted text. OCR software should be set to the highest quality setting during processing.

    e.  All documents shall be produced in their original language. For documents in foreign languages, the OCR shall be performed using an OCR tool and settings suitable for the particular byte or multi-byte languages.

    f.  Each text file shall be named according to the Bates number of the first page of the corresponding image files (e.g., BATES000001.TXT).

7

g. Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced as a single color PDF file for each Document, containing all images for that document, and should be imaged in a manner that captures track changes and comments. To the extent Plaintiffs believes the converted image format distorts, omits, or causes information to be improperly displayed, Plaintiffs may request the Document in Native Format and the Parties shall meet and confer to attempt to resolve the problem(s).

h. In the case of email, the corresponding text file shall include, where reasonably available: (1) the individual(s) to whom the communication was directed ("To"); (2) the author(s) of the email communication ("From"); (3) who was copied and blind copied on such email ("CC" and "BCC"); (4) the subject line of the email ("RE" or "Subject"); (5) the names of any attachments; and (6) the text (body) of the email.

i. The following ESI shall be produced in native file format:

    i. Excel files;

    ii. Text message files;

    iii. Presentation files (e.g., PowerPoint);

    iv. Personal databases (MS Access);

    v. Audio/video files;

    vi. Web pages;

    vii. Animations;

    viii. Source code.

j. To the extent responsive Text Messages are being produced, they will be produced in a reasonable usable format. You will disclose its production format of Text Messages to the Plaintiffs prior to the production of Text Messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k. The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l. PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files). PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m. In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n. ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o. The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p. Any Document produced in native format, will be produced according to the following specifications:

    i. A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii. The native format Documents shall be accompanied by reference

information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

iii.  In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

iv.  In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

v.  Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.    These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.      If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.      If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.      If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## **REQUESTS FOR PRODUCTION**

1.   All licensing agreements related to AI training data.

2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3. All Documents and Communications related to licensing books for the use as AI training data.

4. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5. All Documents and Communications relating to the valuation of licenses for AI training data.

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On November 7, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO OPENAI, INC.**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 7, 2024, at San Francisco, California.

By:    */s/*  _____

<strong><u>SERVICE LIST</u></strong>

**COOLEY LLP**
Bobby A. Ghajar
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
jlauter@cooley.com
lstameshkin@cooley.com

**LEX LUMINA PLLC**
Mark Alan Lemley
745 Fifth Avenue, Suite 500
New York, NY 10151
mlemley@lex-lumina.com

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
Angela L. Dunning
1841 Page Mill Road
Palo Alto, CA 94304-1254
adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com

julwick@dicellolevitt.com
mhills@dicellolevitt.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

              *CLERK OF COURT*

                                                    OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit D-2

Plaintiffs' Document Subpoena Packet to John Wiley & Sons, Inc.

# JOSEPH SAVERI
## LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL 415.500.6800
FAX 415.395.9940

**Via E-Mail**

October 28, 2024

John Wiley & Sons, Inc.
111 River Street
Hoboken, NJ 07030

Re:    *Kadrey et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC.

Dear John Wiley & Sons, Inc.:

    The Joseph Saveri Law Firm ("JSLF") represents Richard Kadrey, Sarah Silverman, and Christopher Golden ("Plaintiffs") in the above captioned class-action lawsuit. As part of that lawsuit, JSLF is seeking relevant information (documents and data) to support Plaintiffs' claims. You are not being sued, and you are not a party to this lawsuit. Rather, you are receiving the enclosed Notice of Subpoena and Subpoena because Plaintiffs believe that you are among those who possess highly relevant information related to Plaintiffs' claims. Plaintiffs' claims are fully described in the Complaint, attached to the Subpoena as Exhibit 1.

    We hope that you will work with us to provide the documents and/or data sought by the Subpoena. We are happy to work with you or your attorney to make the production of such information as efficient and easy as possible. Any information you provide will be kept confidential under the Stipulated Protective Order issued by the Court in this case and attached to the Subpoena as Exhibit 2.

    We hope that you or your attorney will contact us so that we may further discuss the subpoena and any issues involved in production, including the date, location, and easiest method for production. The contact at our firm regarding the Subpoena is Aaron Cera, acera@saverilawfirm.com, (415) 500-6800. Please feel free to contact us with any questions.

Sincerely,

*/s/Joseph R. Saveri*
Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[Additional counsel included below]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., | Case No. 3:23-cv-03417-VC |
|     *Individual and Representative Plaintiff*, | **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO JOHN WILEY & SONS, INC.** |
| v. | |
| META PLATFORMS, INC., | |
|     *Defendant.* | |

PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO JOHN WILEY & SONS, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Richard Kadrey, et al., intend to serve the attached Subpoena upon John Wiley & Sons, Inc. to produce the information described in the Schedule A attached thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

Dated: October 28, 2024              By:      */s/Joseph R. Saveri*
                                              Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

**DICELLO LEVITT**
Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Corrected Second Consolidated Amended Complaint in *Kadrey et al. v. Meta Platforms Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal. 2023).

**DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or information, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes, but is not limited to, feeding data into the model, adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams

messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5.     "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Corrected Second Consolidated Amended Complaint. ECF No. 133.

6.     "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7.     "Defendant" means Defendant Meta Platforms, Inc.

8.     "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;

- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or

displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Licensing agreement" means a strategic collaboration agreement and/or any agreement with the purpose and/or effect of developing AI products and/or features using Your content and/or materials.

11. "Meta" means Meta Platforms, Inc., and its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

12. "OCR" means optical character recognition.

13. "Person" means any natural person or any business, legal, or governmental entity or association.

14. "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

15. " "RLHF" means "reinforcement learning from human feedback."

16. "You" or "Your" refers to JOHN WILEY & SONS, INC.

## INSTRUCTIONS

1. Please separately respond to each item by stating (a) you will produce, (b) you are

presently unable to produce, or (c) you object to production.

2.      Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

   a.   All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

   b.   In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

   c.   Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

   d.   Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper Documents ("ESI Protocol") to be entered by the Parties.

   e.   You will utilize best efforts to ensure that paper records for a particular custodian, which are included in a single production, are produced in consecutive Bates-stamp order.

3.      Unless superseded by a mutually-agreed-upon stipulation regarding the production of ESI, All Documents shall be produced in accordance with the specifications below except for source code, which may be produced in accordance with the specifications below.

   a.   Where technically feasible, emails shall be produced in TIFF format. TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X 11-inch page size images at a resolution of at least 300 DPI with the quality setting of 75% or higher.

b.  When producing documents in TIFF format, the image files shall be produced along with Concordance/Opticon image load files, linking the images to the corresponding document that indicate the beginning and ending of each document, showing the Bates number of each page and the appropriate unitization of the documents.

c.  Each image file of an electronic document will be created directly from the original electronic document. Image files shall show all text and images that would be visible in the original electronic format (Native Format), including redlines and speaker notes.

d.  All TIFF files are to be provided with an accompanying searchable text (.TXT) file extracted from the native, electronic file (not generated as an OCR file from the TIFF image(s)), and such text files shall contain the full text extraction. To the extent technically feasible, extracted text shall provide all comments, tracked changes, speaker's notes, and text from hidden worksheets, slides, columns and rows. In the case of files with redacted text, OCR'ed text of the redacted documents may be provided in lieu of extracted text. OCR software should be set to the highest quality setting during processing.

e.  All documents shall be produced in their original language. For documents in foreign languages, the OCR shall be performed using an OCR tool and settings suitable for the particular byte or multi-byte languages.

f.  Each text file shall be named according to the Bates number of the first page of the corresponding image files (e.g., BATES000001.TXT).

g.  Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced as a single color PDF file for each Document, containing all images for that document, and should be imaged in a manner that captures track changes and comments. To the extent Plaintiffs believes the converted image format distorts, omits, or causes information to be

1    improperly displayed, Plaintiffs may request the Document in Native Format and

2    the Parties shall meet and confer to attempt to resolve the problem(s).

3    h.  In the case of email, the corresponding text file shall include, where reasonably

4    available: (1) the individual(s) to whom the communication was directed ("To");

5    (2) the author(s) of the email communication ("From"); (3) who was copied and

6    blind copied on such email ("CC" and "BCC"); (4) the subject line of the email

7    ("RE" or "Subject"); (5) the names of any attachments; and (6) the text (body) of

8    the email.

9    i.  The following ESI shall be produced in native file format:

10       i.  Excel files;

11       ii.  Text message files;

12       iii.  Presentation files (e.g., PowerPoint);

13       iv.  Personal databases (MS Access);

14       v.  Audio/video files;

15       vi.  Web pages;

16       vii.  Animations;

17       viii.  Source code.

18    j.  To the extent responsive Text Messages are being produced, they will be

19    produced in a reasonable usable format. YOU will disclose its production format

20    of Text Messages to the Plaintiffs prior to the production of Text Messages.

21    Plaintiffs retain their rights to meet and confer on the production format to

22    address any concerns.

23    k.  The Parties reserve the right to request production of other ESI types in Native

24    Format, for example, that documents be produced in Microsoft Word, in addition

25    to TIFF images. The Parties agree to meet and confer regarding such requests.

26    l.  PowerPoint or other presentation files should be produced in Native Format as

27    (e.g., as .PPT files).  PowerPoint presentations shall also be produced in full-slide

28    image format, along with speaker notes (which should follow the full images of

the slides) with related searchable text, Metadata, and bibliographic information.

m. In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n. ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o. The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p. Any Document produced in native format, will be produced according to the following specifications:

    i. A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

    ii. The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

    iii. In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a

separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

iv. In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

v. Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly displayed. The Parties shall meet and confer regarding such requests in good faith and cooperation.

4.     These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.     If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and

destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.     If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.     If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## REQUESTS FOR PRODUCTION

1.  All licensing agreements related to AI training data.

2.  All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, and consideration.

3.  All Documents and Communications related to licensing books for the use as AI training data.

4.   All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training data, including any actual, proposed, or contemplated terms, conditions, and consideration.

5.  All Documents and Communications relating to the valuation of licenses for AI training data.

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On October 28, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO JOHN WILEY & SONS, INC.**

I declare under penalty of perjury that the foregoing is true and correct. Executed October 28, 2024, at San Francisco, California.

By:    _Rya Fishman_
       Rya Fishman

**SERVICE LIST**

**COOLEY LLP**
Bobby A. Ghajar
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
jlauter@cooley.com
lstameshkin@cooley.com

**LEX LUMINA PLLC**
Mark Alan Lemley
745 Fifth Avenue, Suite 500
New York, NY 10151
mlemley@lex-lumina.com

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
Angela L. Dunning
1841 Page Mill Road
Palo Alto, CA 94304-1254
adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
dsimons@bsfllp.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
bclobes@caffertyclobes.com

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
akeller@dicellolevitt.com

ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

*Counsel for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Richard Kadrey, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:23-cv-03417-VC |
| Meta Platforms, Inc., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          JOHN WILEY & SONS, INC.
          111 River Street, Hoboken, NJ 07030

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: JOSEPH SAVERI LAW FIRM, LLP<br>40 Worth Street, Suite 602<br>New York, NY 10013 | Date and Time:<br><br>11/11/2024 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/28/2024

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joseph R. Saveri |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-cv-03417-VC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).