# Exhibit E-1

## Plaintiffs' Fifth Set of Requests for Production of Documents, served Oct. 18, 2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADREY, ET. AL.,<br><br>            Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>            Defendant. | Case No.  3:23-cv-3471-VC<br><br>**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   Plaintiffs

RESPONDING PARTY:   Defendant

SET NUMBER:   Five

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant Meta Platforms Inc. ("Meta") respond to the following Fifth Set of Requests for Production of Documents ("Requests"). Responses to these Requests, as well as any responsive documents, shall be delivered to, or made available for inspection and copying at, the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10003, or at another place mutually agreed upon by the parties, within thirty (30) days of the date of service or as otherwise mutually agreed by the parties. Plaintiffs are amenable to an electronic production, subject to agreement by the parties.

In accordance with Rule 34(b), Meta shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in these Requests. In accordance with Rule 26(e), Meta shall supplement or correct its responses or productions as necessary.

- 1 -

## **DEFINITIONS**

1. **Action** means the *Farnsworth v. Meta Platforms, Inc.*, No. 3:24-cv-6893 (N.D. Cal.) (filed Oct. 1, 2024).

2. **Books3** has the same meaning as described in paragraphs 25 through 31 of the **Complaint**.

3. **Communications** means the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and **Includes** correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, mail, email, exchanges of recorded information, and postings of any type. **Communications Includes** instances where one party disseminates information that the other party receives but does not respond to.

4. **Complaint** means the operative complaint in the **Action** as of the date these Requests are served.

5. **Defendants**, **Meta Platforms, Inc.**, **Meta**, or **You** means the entities addressed in paragraph 9 of the **Complaint** and any of their directors, officers, employees, partners, members, representatives, agents (**Including** attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

6. **Discuss** means refer to, describe, evidence, constitute (in whole or in part), comment on, identify, or contain text or images about the stated topic.

7. **Documents** means all materials within the full scope of Federal Rule of Civil Procedure 34 **Including** all writings and recordings, **Including** the originals, drafts and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (**Including** email and attachments, correspondence, memoranda, notes,

diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (**Including** photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, or electric records or representations of any kind (**Including** computer files and programs, tapes, cassettes, discs, and recordings), **Including Metadata**.

8. **Electronically Stored Information** or **ESI** refers to information and **Documents** within the full scope of Federal Rule of Civil Procedure 34—with all **Metadata** intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on electronic media. Examples of **ESI Include** e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

9. **Including** means including but not limited to.

10. **Large Language Model** or **LLM** has the same meaning as described by **You** at https://ai.meta.com/blog/llama-2-updates-connect-2023/, https://ai.meta.com/blog/meta-llama-3/, and https://arxiv.org/abs/2407.21783.

11. **Metadata** refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file.

12. **Plaintiff** means the plaintiff in the **Action** named in the **Complaint**.

13. **Proposed Class Members** means members of the Proposed Class as defined in paragraph 55 of the **Complaint.**

14. **Reflecting** means refer to, describe, evidence, or constitute, in whole or in part.

15.     **Your LLMs** or **Your Large Language Models** has the same meaning as set forth in Paragraphs 12 through 14 in the **Complaint**, **Including** LLaMa, Llama 1, Llama 2, and Llama 3.

## RELEVANT TIME PERIOD

The relevant time period is January 1, 2021 through the present ("Relevant Time Period"), unless otherwise specifically indicated and shall **Include** all **Documents** and any other information relating to such period, even though prepared or published outside of the Relevant Time Period. If a **Document** prepared before the Relevant Time Period is necessary for a correct or complete understanding of any **Document** covered by any of these Requests, please provide the earlier **Document** as well. If any **Document** is undated and the date of its preparation cannot be determined, please produce the **Document** if it is otherwise responsive to any Request.

## INSTRUCTIONS

1.      The production by one person, party, or entity of a **Document** does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that **Document.**

2.      Produce **Documents** not otherwise responsive to these Requests if such **Documents Discuss** the **Documents** that are called for by these Requests, or if such **Documents** are attached to **Documents** called for by these Requests.

3.      Produce each **Documents** requested herein in its entirety and without deletion, excisions, redaction, or other modification regardless of whether **You** consider the entire document to be relevant or responsive.

4.      If any **Document** is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, identify the **Document**, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by **You** to have had

possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the **Document**.

5. If no **Documents** are responsive to a particular Request exist, state that no responsive **Documents** exist.

6. If **You** assert that any of the **Documents** and things requested are protected from discovery by attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege, specify for each **Document** (1) the grounds asserted as the reason for non-production; (2) the date the document was prepared; (3) the identity of the attorney(s) who drafted or received the **Document(s)** (if attorney-client privilege or attorney work product protection is claimed); (4) the identity of the parties who prepared or received the document; and (5) the nature of the **Document**.

7. Construe the conjunctions "and" and "or" non-restrictively or non-exclusively if doing so would bring within the scope of these Requests **Documents** that might otherwise be construed to be outside of their scope.

8. Construe the use of the singular to include the plural; the use of the masculine, feminine, or neuter gender to include the others; and the use of one form of the verb to include the others if doing so would bring within the scope of these Requests **Documents** that might otherwise be construed to be outside of their scope.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All **Documents Discussing Plaintiff** or any of his copyrighted works of fiction.

**REQUEST FOR PRODUCTION NO. 2:**

All **Documents** supporting any answers to the Requests for Admissions that is anything other than an unconditional, "ADMIT."

**REQUEST FOR PRODUCTION NO. 3:**

All **Documents Reflecting** or **Discussing** actual, potential, or prospective licensing and/or data access agreements that would or do encompass **Plaintiff's** copyrighted work.

**REQUEST FOR PRODUCTION NO. 4:**

All **Documents Reflecting** or **Discussing** the value of books, **Including** those by Christopher Farnsworth, for training large language models.

**REQUEST FOR PRODUCTION NO. 4:**

All **Documents Reflecting** or **Discussing** any use of **Books3** by **You** to train **Your LLMs**.

**REQUEST FOR PRODUCTION NO. 5:**

All **Documents Reflecting** or **Discussing** any policies or procedures, formal or informal, regarding using potentially copyrighted material—including datasets like **Books3**—to train **Your LLMs**, **Including** changes in policies or procedures between each iteration of **Your LLMs**.

Dated:  October 18, 2024
*/s/ Daniel Hutchinson*
Daniel Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
dhutchinson@lchb.com

- 6 -

3109435.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2024, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

*/s/ Ariana Delucchi*
(Signature)

# Exhibit E-2

Plaintiffs' First Set of Requests for Admission, served Oct. 18, 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADREY, ET. AL.,<br><br>  Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>  Defendants. | Case No.  3:23-cv-3417-VC |

# PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS

## INTRODUCTION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, hereby propound the following Requests for Admission ("Requests") to Defendants Meta Platforms, Inc. ("Meta"). Defendants are requested to respond to the Requests for Admissions separately and fully, in writing and under oath and submit the said responses within thirty (30) days of service hereof.

## INSTRUCTIONS

1. In addition to the specific instructions set forth below, these Requests incorporate the instructions set forth in Plaintiffs' First Set of Requests for Production of Documents, Federal Rules of Civil Procedure 26 and 36, and any other applicable orders and rules.

2. Your answers must include all information known to you or otherwise available to you, including information within the knowledge or possession of your attorneys, investigators or other agents.

3117040.1

      3.      If you admit only a part of a Request, it must specify which part is admitted and qualify or deny the remainder. If you deny only a part of a Request, it must specify which part is denied and qualify or admit the remainder.

      4.      If you fail to respond in a timely fashion to any Request, you waive any objection to the Requests, and the Court may order all Requests deemed admitted.

      5.      In formulating your answer, you may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry that the information known or readily obtainable to you is insufficient to enable you to admit or deny the Request.

      6.      Any objection to a Request or part of a Request must clearly state the specific grounds for the objection.

      7.      If only part of a Request is objectionable, you must answer the remainder of the Request.

      8.      A denial of all or any portion of a Request must be unequivocal.

      9.      If you withhold any information under a claim of privilege, identify the nature of the privilege (including work product) which is being claimed and:

      (a) For documents, (i) the type of document, e.g., letter or memorandum; (ii) the subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

      (b) For oral communications, (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the subject matter of the communication.

      10.      The obligation to answer these Requests is continuing pursuant to Federal Rule of Civil Procedure 26(e). If at any time after answering these Requests you discover

3117040.1

additional information that will make your answers to these Requests more complete or correct, amend your answers as soon as practicable.

## DEFINITIONS

In answering these Requests, please note that the following terms are intended to have the following meanings in addition to the plain language of the Request:

1.      The terms "You", "Your", and "Meta Platforms" shall mean Defendants Meta Platforms, Inc., its subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that *Blood Oath* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 2:**

Admit that *The President's Vampire* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 3:**

Admit that *Red, White, and Blood* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 4:**

Admit that *The Burning Men: A Nathaniel Cade Story* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 5:**

Admit that *The Eternal World* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 6:**

Admit that *Killfile* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 7:**

Admit that *Flashmob* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 8:**

Admit that *Deep State: A Nathaniel Cade Story* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you used books sourced from Books3 to train one or more of your large language models.

Dated:  October 18, 2024        */s/ Daniel Hutchinson*
Daniel Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
dhutchinson@lchb.com

3117040.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2024, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

*/s/ Ariana Delucchi*
(Signature)

3117040.1