COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br>                                Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT DISCOVERY LETTER BRIEF AND EXHIBITS** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, unredacted versions of certain documents relating to the Parties' Omnibus briefing Re: Existing Written Discovery ("Joint Letter Brief"). Meta respectfully submits that good cause exists for the filing of these documents under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Michelle Woodhouse in support of this Unopposed Administrative Motion to File Under Seal.

The following chart lists the documents for which Meta requests sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
|---|---|
| Joint Letter Brief | • Redacted portions |
| Exhibit B to Declaration of Maxwell V. Pritt ("Pritt Declaration") | • Redacted portions |
| Exhibit D to Pritt Declaration ("Krein Declaration") | • Redacted portions |
| Exhibit 6 to Joint Letter Brief | • Redacted portions |

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to the Joint Letter Brief itself and the supporting evidence attached thereto as further support for this Unopposed Administrative Motion.

**I.   LEGAL ARGUMENT**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Brief, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in

1   discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the
2   interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-
3   05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963
4   (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

5         The portions of the Joint Letter Brief, Exhibit B to the Pritt Declaration, the Krein Declaration, and Exhibit 6 to the Joint Letter Brief contain Meta's confidential information, for which Meta requests sealing. Exhibit B to the Pritt Declaration and Exhibit 6 to the Joint Letter Brief consist of excerpts of Meta's responses to Plaintiffs' Interrogatories which contain highly confidential information regarding Meta's Llama models, including highly sensitive technical information. The Krein Declaration also includes detailed technical discussion concerning the Meta's source code for its Llama models, which Meta seeks to redact. The portions of the Joint Letter Brief that Meta seeks to redact quote from or describe the contents of the documents discussed above. Meta must request sealing of these materials, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort, as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable). These sealing requests are critical to protect Meta's confidential sensitive technical and competitive information.

      The specific basis for sealing these materials is outlined in the accompanying declaration of Meta's Associate General Counsel, Michelle Woodhouse. As outlined in Ms. Woodhouse's declaration, disclosure of the protected information contained in the materials Meta seeks to seal would cause competitive harm to Meta if this information is publicly disclosed. Meta's sealing requests and proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration. In each

instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents).

## II. CONCLUSION

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed documents accompany this Unopposed Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant their Joint Administrative Motion to Seal.

Dated: November 9, 2024

COOLEY LLP

By: */s/Phillip E. Morton*
Bobby Ghajar
Philip Morton
Mark Weinstein
Kathleen Hartnett
Matthew Brigham
Judd Lauter
Liz Stameshkin
Colette Ghazarian
Juan Pablo Gonzalez
Cole Poppell

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

**CERTIFICATE OF CONFERENCE**

I hereby attest that I spoke with counsel for Plaintiffs, who confirmed they do not oppose the relief sought in this motion. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 8, 2024

          COOLEY LLP

          */s/Phillip E. Morton*
          Phillip E. Morton
          *Attorneys for Defendant*
          Meta Platforms, Inc.

310548276