# EXHIBIT C

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:     (310) 883-6400
Facsimile:     (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| RICHARD KADREY, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                    Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Trial Date: None<br>Date Action Filed: July 7, 2023 |
|---|---|

**13.**     Meta objects to Instruction 6 as vague, ambiguous, and unintelligible as to the phrase "item or category of item."  Meta further objects to this instruction to the extent that it purports to require Meta to state objections as to specific documents.

**14.**     Meta objects to Instruction 7 as overbroad and unduly burdensome to the extent that it purports to require more of Meta than any obligation imposed by law and would subject Meta to unreasonable, disproportionate, and undue burden and expense.  Meta will provide Plaintiffs with a privilege log in accordance with Rule 26.

**15.**     Meta objects to Instruction 8 to the extent that it purports to require Meta to produce documents protected by attorney-client privilege and/or attorney work product doctrine.

### III.     OBJECTIONS AND RESPONSES TO INDIVIDUAL DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

The Training Data for Llama 1.

**RESPONSE TO REQUEST NO. 1:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Llama 1."

Subject to and without waiving the foregoing objections, and pursuant to the terms the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if technically infeasible or impractical to produce, identify public sources of or permit inspection of a copy of the training data set(s) used to train Llama 1.  Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 2:**

The Training Data for Llama 2.

**RESPONSE TO REQUEST NO. 2:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Llama 2."

Subject to and without waiving the foregoing objections, and pursuant to the terms the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if

technically infeasible or impractical to produce, identify public sources of or permit inspection of a copy of the training data set(s) used to train Llama 2. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 3:**

The Training Data for Llama 3.

**RESPONSE TO REQUEST NO. 3:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Llama 3."

Meta objects to this Request as vague and ambiguous as to "Llama 3" because Llama 3 has not yet been completed. To the extent that the released version of Llama 3 will have been trained on datasets other than those responsive to Request Nos. 2 and 3, this Request is premature.

**REQUEST FOR PRODUCTION NO. 4:**

The Training Data comprising the "Books3" dataset referenced in the paper "LLaMA: Open and Efficient Foundation Language Models," and all Documents and Communications Concerning Your selection and assembly of this dataset.

**RESPONSE TO REQUEST NO. 4:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data," "Communications," and "Your." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request to the extent that it implies that Meta "assembl[ed]" the Books3 dataset.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "all" documents and communications concerning the

1    identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to

2    be used to search for email and electronic communications, and subject to the foregoing objections

3    as well as Meta's objections to said custodians and search terms, Meta will also search for and

4    produce non-privileged, relevant communications between Meta and United States governmental

5    entities, elected officeholders, or appointed officials that concern alleged use of copyrighted works

6    to train LLMs, if any, in accordance with the limitations set forth in the ESI Order.  Any such

7    production shall be on a rolling basis, and the timing of any such production shall be governed by

8    terms of the Scheduling Order (ECF No. 87).

9    **REQUEST FOR PRODUCTION NO. 45:**

10        All Documents and Communications Concerning any licensing, accreditation, or attribution

11   mechanism, or similar tool for crediting, compensating, or seeking consent from owners of

12   copyrighted works that were used to train the Meta Language Models.

13   **RESPONSE TO REQUEST NO. 45:**

14        Meta incorporates by reference its objections and definitions above, including to the terms

15   "Meta Language Models" and "Communications."  Any electronic communications, including

16   email and documents attached thereto, must be requested pursuant to the ESI Order.

17        Meta also objects to this Request as vague and ambiguous as to the phrase "mechanism or

18   similar tool," which is undefined.  Meta will construe this phrase to mean a software-based solution

19   or feature developed or used by Meta.

20        Meta objects to this Request because, on its face, it does not exclude documents and

21   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

22   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

23   documents will not be produced.

24        Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

25   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

26   including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

27   and Meta's defenses thereto.

28

1    Meta objects to this Request to the extent it seeks information that is not relevant to any

2    party's claims or defenses, including claims dismissed from the original complaint and not included

3    in the FCAC.

4    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

5    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

6    privileged, relevant documents in its possession, custody, or control sufficient to show any

7    licensing, accreditation, or attribution mechanism or tool developed or used by Meta for crediting,

8    compensating, or seeking consent from owners of copyrighted works that were used to train any

9    Meta Language Models (as construed above).  Following the identification of appropriate search

10   terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and

11   electronic communications, and subject to the foregoing objections as well as Meta's objections to

12   said custodians and search terms, Meta will also search for and produce non-privileged, relevant

13   communications responsive to this Request, if any, in accordance with the limitations set forth in

14   the ESI Order.  Any such production shall be on a rolling basis, and the timing of any such

15   production shall be governed by terms of the Scheduling Order (ECF No. 87).

16   **REQUEST FOR PRODUCTION NO. 46:**

17   All Documents and Communications sufficient to show Your actual or projected income

18   from the sale or licensing of the Meta Language Models.

19   **RESPONSE TO REQUEST NO. 46:**

20   Meta incorporates by reference its objections and definitions above, including to the terms

21   "Your," "Meta Language Models," and "Communications."  Any electronic communications,

22   including email and documents attached thereto, must be requested pursuant to the ESI Order.

23   Meta objects to this Request because, on its face, it does not exclude documents and

24   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

25   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

26   documents will not be produced.

27   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

28   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

1  including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

2  and Meta's defenses thereto.

3      Meta objects to this Request to the extent it seeks information that is not relevant to any

4  party's claims or defenses.

5      Subject to and without waiving the foregoing objections, and pursuant to the terms of the

6  Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

7  privileged, relevant documents in its possession, custody, or control sufficient to show Meta's

8  actual or projected income from the sale or licensing of the Meta Language Models (as construed

9  above).  Any such production shall be on a rolling basis, and the timing of any such production

10  shall be governed by terms of the Scheduling Order (ECF No. 87).

11  **REQUEST FOR PRODUCTION NO. 47:**

12      All Documents and Communications Concerning the action entitled *Huckabee et al. v. Meta*

13  *Platforms, Inc.*, Case No. 1:23-cv-09152 (S.D.N.Y), Including any Documents and

14  Communications You produce, or have produced, to any parties (or third-parties) in that action.

15  **RESPONSE TO REQUEST NO. 47:**

16      Meta incorporates by reference its objections and definitions above, including to the terms

17  "You" and "Communications."  Any electronic communications, including email and documents

18  attached thereto, must be requested pursuant to the ESI Order.

19      Meta objects to this Request because, on its face, it does not exclude documents and

20  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

21  opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

22  documents will not be produced.

23      Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

24  needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

25  including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

26  and Meta's defenses thereto.

27      Meta objects to this Request to the extent it seeks information that is not relevant to any

28  party's claims or defenses.

attached thereto. In the context of this Request, Meta will construe this phrase to mean documents, other than those subject to the procedure for requesting electronic communications under the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, relevant documents in its possession, custody, or control sufficient to show the individuals granted or denied access to Llama 1 and Llama 2. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

Dated: February 23, 2024                      COOLEY LLP


                                        By: _/s/ Judd Lauter_____
                                            Judd Lauter
                                            Bobby Ghajar
                                            Mark Weinstein
                                            Kathleen Hartnett
                                            Colette Ghazarian

                                            Attorneys for Defendant
                                            META PLATFORMS, INC.

1   COOLEY LLP
    BOBBY GHAJAR (198719)
2   (bghajar@cooley.com)
    COLETTE GHAZARIAN (322235)
3   (cghazarian@cooley.com)
    1333 2nd Street, Suite 400
4   Santa Monica, California 90401
    Telephone:    (310) 883-6400
5
    MARK WEINSTEIN (193043)
6   (mweinstein@cooley.com)
    KATHLEEN HARTNETT (314267)
7   (khartnett@cooley.com)
    JUDD LAUTER (290945)
8   (jlauter@cooley.com)
    ELIZABETH L. STAMESHKIN (260865)
9   (lstameshkin@cooley.com)
    3175 Hanover Street
10  Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000
11  LEX LUMINA PLLC
    MARK A. LEMLEY (155830)
12  (mlemley@lex-lumina.com)
    745 Fifth Avenue, Suite 500
13  New York, NY 10151
    Telephone: (646) 898-2055
14
    CLEARY GOTTLIEB STEEN & HAMILTON LLP
15  ANGELA L. DUNNING (212047)
    (adunning@cgsh.com)
16  1841 Page Mill Road, Suite 250
    Palo Alto, CA 94304
17  Telephone: (650) 815-4131

18  *Counsel for Defendant Meta Platforms, Inc.*

19              **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

21                **SAN FRANCISCO DIVISION**

22  RICHARD KADREY, *et al.*,              Case No. 3:23-cv-03417-VC

23      Individual and Representative Plaintiffs,   **DEFENDANT META PLATFORMS, INC.'S
                                                     OBJECTIONS AND RESPONSES TO
24      v.                                           PLAINTIFFS' CORRECTED SECOND SET OF
                                                     REQUESTS FOR PRODUCTION**
25  META PLATFORMS, INC., a Delaware
    corporation;
26                                          Trial Date: None
                      Defendant.            Date Action Filed: July 7, 2023
27

28

1    **RESPONSE TO REQUEST NO. 52:**

2        Meta incorporates by reference its objections and definitions above, including to the term

3    "Meta Language Model." Any electronic communications, including email and documents attached

4    thereto, will only be produced pursuant to and in accordance with the ESI Order.

5        Meta objects to this Request because, on its face, it does not exclude documents and

6    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

7    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such

8    documents will not be produced.

9        Meta objects to this Request as vague and ambiguous as to the terms "SWOT analysis,"

10   "go-to-market strategy," "executive summary," "growth plan," "product integration strategy, and

11   "revenue operations plans," which are undefined. Meta will construe these terms to refer to

12   business plans for Meta Language Models (as construed above).

13       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

14   needs of the case to the extent that it seeks "all" documents and communications concerning the

15   subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs'

16   copyright infringement allegations and Meta's defenses thereto.

17       Subject to and without waiving the foregoing objections, and pursuant to the terms of the

18   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

19   privileged, relevant documents in its possession, custody, or control sufficient to show business

20   plans and go-to-market strategy related thereto, for the Meta Language Models (as construed

21   above).

22   **REQUEST FOR PRODUCTION NO. 53:**

23       All Documents and Communications Concerning any income statement, balance sheet, or

24   statement of cash flows, Concerning any of the Meta Language Models.

25   **RESPONSE TO REQUEST NO. 53:**

26       Meta incorporates by reference its objections and definitions above, including to the term

27   "Meta Language Model." Any electronic communications, including email and documents attached

28   thereto, will only be produced pursuant to and in accordance with the ESI Order.

1    Meta objects to this Request because, on its face, it does not exclude documents and

2    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

3    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such

4    documents will not be produced.

5    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

6    needs of the case to the extent that it seeks "all" documents and communications "concerning" the

7    subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs'

8    copyright infringement allegations and Meta's defenses thereto.

9    Meta objects to this Request to the extent that it presumes that Meta maintains "income

10   statements," "balance sheets," or "statement of cash flows" (an undefined and ambiguous phrase)

11   specific to a particular Meta Language Model. By responding to this Request, Meta does not

12   represent that such documents exist.

13   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

14   Protective Order and ESI Order, to the extent there are any "income statements" or "balance

15   sheets," or any "cash flow" that are specific to a particular Meta Language Model (as construed

16   above), Meta will search for and produce such non-privileged, relevant documents in its possession,

17   custody, or control. Meta will also search for and produce evidence sufficient to show its significant

18   investment in AI research and developing the Meta Language Models (as construed above).

19   **REQUEST FOR PRODUCTION NO. 54:**

20   All Documents and Communications Concerning any decision by You to not develop an

21   interface for end users to interact with any of the Meta Language Models.

22   **RESPONSE TO REQUEST NO. 54:**

23   Meta incorporates by reference its objections and definitions above, including to the term

24   "Meta Language Model." Any electronic communications, including email and documents attached

25   thereto, will only be produced pursuant to and in accordance with the ESI Order.

26   Meta objects to this Request because, on its face, it does not exclude documents and

27   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

28

opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "all" documents and communications "concerning" the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.  Meta's reasons (or lack thereof) for not doing something have no bearing on any claim or issue in the case.

Meta objects to the phrase "interface for end users to interact with" as vague, ambiguous, and undefined.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses and to the extent the Request rests upon an incorrect assumption.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications Concerning any plans to develop an interface for end users to interact with any of the Meta Language Models.

**RESPONSE TO REQUEST NO. 55:**

Meta incorporates by reference its objections and definitions above, including to the term "Meta Language Model." Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "all" documents and communications "concerning" the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to the phrase "interface for end users to interact with" as vague, ambiguous, and undefined.

**RESPONSE TO REQUEST NO. 59:**

Meta incorporates by reference its objections and definitions above, including to the term "Meta Language Model." Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrase "fictional works," which could refer to the ability of the model to output pre-existing fictional works, the production of outputs that are factually inaccurate, and/or the ability of the model to output fictional (as opposed to factual/non-fictional) content.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto, including because there are no claims in the operative Complaint relating to the purported "output" of any of the Meta Language Models (as construed). Accordingly, Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 60:**

Documents and Communications to, from, or with Tim Dettmers and You Concerning copyright infringement or the fair use doctrine.

**RESPONSE TO REQUEST NO. 60:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it seeks and does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice

Cooley LLP
Attorneys at Law

13

Meta's Obj & Resps to
Pltf's Second Set of RFPs
3:23-cv-03417-VC

**RESPONSE TO REQUEST NO. 63:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it seeks and does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks all documents and communications from or to Mr. Dettmers concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses, in particular as Mr. Dettmers was uninvolved in the development or training of the Meta Language Models (as construed above).

**REQUEST FOR PRODUCTION NO. 64:**

Documents and Communications sufficient to show each instance within the last three years where You have licensed copyrighted works for Meta's commercial use.

**RESPONSE TO REQUEST NO. 64:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to the phrase "commercial use" as vague, ambiguous, and undefined.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

needs of the case because it seeks documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.  In particular, the Request appears to seek documents relating to Meta's licensing of third party materials for any purpose, irrespective of any connection to the development or training of the Meta Language Models (as construed above).

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 65:**

Documents and Communications sufficient to show each instance within the last five years where You have alleged a claim of copyright infringement against another.

**RESPONSE TO REQUEST NO. 65:**

Meta incorporates by reference its objections and definitions above.  Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.  Further, on its face, it is not limited to claims in the United States.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses. Copyright infringement is a fact-specific inquiry; any claims Meta may have asserted turn on the facts of those cases and are not relevant to the claim asserted here, which is limited to a claim based on the alleged copying of Plaintiffs' registered works for training the Meta Language Models (as construed above).

1   Meta objects to this Request because, on its face, it does not exclude documents and

2   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

3   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such

4   documents will not be produced.

5   Meta objects to "produce output 25,000 words or longer" as vague and ambiguous.

6   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

7   needs of the case to the extent that it seeks all documents and communications concerning the

8   subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs'

9   copyright infringement allegations and Meta's defenses thereto.

10   Meta objects to this Request to the extent it seeks information that is not relevant to any

11   party's claims or defenses.

12

13   Dated: April 19, 2024                        COOLEY LLP

14

15                                        By: /s/ Judd Lauter
                                              _____
16                                            Bobby Ghajar
                                              Mark Weinstein
                                              Kathleen Hartnett
17                                            Judd Lauter
                                              Liz Stameshkin
                                              Colette Ghazarian

18
                                              LEX LUMINA PLLC
19                                            Mark A. Lemley

20                                            CLEARY GOTTLIEB STEEN &
                                              HAMILTON LLP
21                                            Angela L. Dunning

22                                            Attorneys for Defendant
                                              META PLATFORMS, INC.

23

24

25

26

27

28

1  COOLEY LLP
   BOBBY GHAJAR (198719)
2  (bghajar@cooley.com)
   COLETTE GHAZARIAN (322235)
3  (cghazarian@cooley.com)
   1333 2nd Street, Suite 400
4  Santa Monica, California 90401
   Telephone:    (310) 883-6400
5
   MARK WEINSTEIN (193043)
6  (mweinstein@cooley.com)
   KATHLEEN HARTNETT (314267)
7  (khartnett@cooley.com)
   JUDD LAUTER (290945)
8  (jlauter@cooley.com)
   ELIZABETH L. STAMESHKIN (260865)
9  (lstameshkin@cooley.com)
   3175 Hanover Street
10 Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5000
11
   LEX LUMINA PLLC
12 MARK A. LEMLEY (155830)
   (mlemley@lex-lumina.com)
13 745 Fifth Avenue, Suite 500
   New York, NY 10151
14 Telephone: (646) 898-2055

15 CLEARY GOTTLIEB STEEN & HAMILTON LLP
   ANGELA L. DUNNING (212047)
16 (adunning@cgsh.com)
   1841 Page Mill Road, Suite 250
17 Palo Alto, CA 94304
   Telephone: (650) 815-4131

18 *Counsel for Defendant Meta Platforms, Inc.*

19              **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

21                 **SAN FRANCISCO DIVISION**

22 RICHARD KADREY, *et al.*,                    | Case No. 3:23-cv-03417-VC

23     Individual and Representative Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO**
24            v.                                 | **PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION**

25 META PLATFORMS, INC., a Delaware
   corporation;
26
27                        Defendant.

28

require Meta to state objections as to specific documents.

16.    Meta objects to Instruction 7 as overbroad and unduly burdensome to the extent that it purports to require more of Meta than any obligation imposed by law and would subject Meta to unreasonable, disproportionate, and undue burden and expense.  Meta will provide Plaintiffs with a privilege log in accordance with Rule 26.

17.    Meta objects to Instruction 8 to the extent that it purports to require Meta to produce documents protected by attorney-client privilege and/or attorney work product doctrine.

III.    OBJECTIONS AND RESPONSES TO INDIVIDUAL DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 76:

Documents and Communications Concerning mandatory training titled "Legal" given to former employee Tim Dettmers while employed with Meta before December 2020.

RESPONSE TO REQUEST NO. 76:

Meta incorporates by reference its objections and definitions above.  Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses.

REQUEST FOR PRODUCTION NO. 77:

Communications Concerning any licensing copyrighted works that were used to train the Meta Language Models.

**RESPONSE TO REQUEST NO. 77:**

Meta incorporates by reference its objections and definitions above, including to the term "Meta Language Model." Any electronic communications, including email and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrasing "Communications Concerning licensing copyrighted works," which appears to be missing one or more words. Meta further objects to this Request as vague, ambiguous, and unduly burdensome as to the term "copyrighted works," as Meta is not in a position to know whether any particular work is subject to copyright protection. Meta will construe this Request to seek communications concerning Meta's negotiations of licenses for datasets, if any, that were used to train the Meta Language Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta has conducted a reasonable search and did not locate communications in its possession, custody, or control concerning the negotiation of licenses for datasets that were used to train the Meta Language Models (as construed above).

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show what the term "invite-only" means as used by Defendant in ECF No. 105.

**RESPONSE TO REQUEST NO. 78:**

Meta incorporates by reference its objections and definitions above. Any electronic

communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses.

Dated: September 30, 2024                         COOLEY LLP

                                    By:  /s/Judd Lauter
                                         Bobby Ghajar
                                         Mark Weinstein
                                         Kathleen Hartnett
                                         Judd Lauter
                                         Liz Stameshkin
                                         Colette Ghazarian

                                         LEX LUMINA PLLC
                                         Mark A. Lemley

                                         CLEARY GOTTLIEB STEEN &
                                         HAMILTON LLP
                                         Angela L. Dunning

                                         Attorneys for Defendant
                                         META PLATFORMS, INC.