# EXHIBIT 2

1  COOLEY LLP
   BOBBY GHAJAR (198719)
2  (bghajar@cooley.com)
   COLETTE GHAZARIAN (322235)
3  (cghazarian@cooley.com)
   1333 2nd Street, Suite 400
4  Santa Monica, California 90401
   Telephone:    (310) 883-6400
5  Facsimile:    (310) 883-6500

6  MARK WEINSTEIN (193043)
   (mweinstein@cooley.com)
7  KATHLEEN HARTNETT (314267)
   (khartnett@cooley.com)
8  JUDD LAUTER (290945)
   (jlauter@cooley.com)
9  3175 Hanover Street
   Palo Alto, CA 94304-1130
10 Telephone:    (650) 843-5000
   Facsimile:    (650) 849-7400

11
   *Counsel for Defendant Meta Platforms, Inc.*
12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15 RICHARD KADREY, et al.,                Case No. 3:23-cv-03417-VC

16     Individual and Representative Plaintiffs,   **DEFENDANT META PLATFORMS, INC.'S**
                                             **OBJECTIONS AND RESPONSES TO**
17         v.                               **PLAINTIFFS' FIRST SET OF REQUESTS FOR**
                                             **PRODUCTION**
18 META PLATFORMS, INC., a Delaware
   corporation;
19                                          Trial Date: None
                          Defendant.        Date Action Filed: July 7, 2023
20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **PROPOUNDING PARTY:** | **PLAINTIFFS RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, MICHAEL CHABON, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, AYELET WALDMAN, AND JACQUELINE WOODSON** |
| **RESPONDING PARTY:** | **DEFENDANT META PLATFORMS, INC.** |
| **SET NUMBER: ONE** | **ONE** |

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, and Local Rule 34, Defendant Meta Platforms, Inc. ("Meta") responds as follows to Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson's ("Plaintiffs") First Set of Requests for Production ("Requests").

## I.    RESPONSES TO ALL REQUESTS

**1.** Meta's responses to the Requests are made to the best of Meta's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and Meta reserves the right to amend, revise, correct, supplement, or clarify the responses and objections propounded herein.

**2.** Meta reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Meta's initial production, including, but not limited to, any documents obtained in discovery herein.

**3.** To the extent that Meta agrees to produce documents in response to any Requests, Meta will respond with responsive, non-privileged information currently in its possession, custody, or control. Meta has no duty to produce or identify information outside of its possession, custody or control. By stating in these responses that Meta will produce documents or is searching for documents, Meta does not represent that any document actually exists, but rather that it will make a good faith search and reasonable inquiry to ascertain whether documents responsive to these Requests do, in fact, exist and to produce such documents if they are found to exist and are within Meta's possession, custody, or control.

4.      To the extent that Meta responds to a Request by stating that Meta will provide documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the parties' stipulated protective order governing the unauthorized use or disclosure of such information or documents with a designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction (ECF No. 90, the "Protective Order").

5.      The provision of a response to any of these Requests does not constitute a waiver of any objection regarding the use of said response in these proceedings.  Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

6.      Meta reserves the right to object on any ground and at any time to such other or supplemental requests for production that Plaintiffs may propound involving or relating to the subject matter of these Requests.

7.      Unless otherwise stipulated in a production protocol or ordered by the Court, Meta will produce each document in response to these Requests in a form in which it is ordinarily maintained or in a reasonably usable form.

## II.      OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Whether or not separately set forth in response to each Request, Meta makes these objections to the following Instructions and Definitions.

1.      Meta objects to the definition of "Agreement" as overbroad and unduly burdensome to the extent that it encompasses oral contracts, arrangements, or understandings, including those that are informal.  Meta further objects to the definition of "Agreement" as vague, ambiguous, and unintelligible as to the term "modifications" to the extent it is intended to mean something distinct from "versions" or "amendments."  Meta will construe "Agreement" to mean written contracts, including drafts, versions, amendments, exhibits, and appendices thereof.

2.    Meta objects to the definition of "Communications" to the extent it encompasses email and other forms of electronic correspondence (collectively "email"). The parties are currently negotiating a protocol for managing electronic discovery ("ESI Order"), including email. The parties continue to meet and confer regarding that language. Regardless, under Meta's understanding of both parties' current proposals, email production shall be limited to a specified number of custodians and search terms to be identified by the requesting party, and such "search terms shall be narrowly tailored to particular issues." In view of this, Meta objects to production of email or information therefrom in response to these Requests at this time. Pending the entry of an ESI Order, and pending service of identification of custodians and search terms that comply with any such additional agreed upon or Court-ordered requirements for email production in an entered ESI Order, Meta does not intend to search for or produce email. At such time, Meta will respond to any identification of custodians and search terms that comply with the requirements of the entered ESI Order in the manner set forth by the ESI Order. To the extent that Meta responds to a Request for "Communications" by agreeing to search for relevant, non-privileged communications in Meta's possession, custody, or control, such response is not a representation that any particular custodian or search term is appropriate. Meta expressly reserves the right to object to any custodians and search terms proposed by Plaintiffs.

3.    Meta objects to the definition of "Identify" as there are Requests for Production and not Interrogatories. Purporting to require Meta to "Identify" certain information in response to a Request for Production would otherwise circumvent the interrogatory limit. Meta further objects to this definition to the extent it exceeds the scope of Federal Rule 34 by imposing an obligation that Meta create new documents in response to these Requests.

4.    Meta objects to the definitions of "Llama 1," "Llama 2," and "Llama 3" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further objects to these definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning large language models ("LLMs") that were not publicly released and/or were not trained on corpuses of text that include any of Plaintiffs' allegedly copyrighted works. For the same reason,

Meta objects to these definitions to the extent that they purport to require Meta to produce documents or information concerning LLMs that are not relevant to any party's claims or defenses. For purposes of these responses, Meta construes the term "Llama 1" to refer to the LLM released by Meta as Llama on February 24, 2023, and the term "Llama 2" to refer to the LLM released by Meta under that name on July 18, 2023. Meta objects to the term "Llama 3," and to all Instructions and Requests that include it, on the ground that Llama 3 is not yet completed and not the subject of any claim in this litigation.

5.      Meta objects to the definition of "Meta" as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning any "owners" regardless of shareholder interest and shareholders with an ownership of in Meta of greater than 5%. Meta will construe "Meta" or "You" to mean Meta Platforms, Inc.

6.      Meta objects to the definition of "Meta Language Models" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents concerning LLMs that were not publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs' allegedly copyrighted works. For the same reason, Meta objects to this definition to the extent that it purports to require Meta to produce documents that are not relevant to any party's claims or defenses. Meta will construe "Meta Language Models" to mean the models within the Llama family of LLMs that have been publicly released by Meta, namely, Llama 1, Llama 2, and Code Llama.

7.      Meta objects to the definition of "Relevant Period" as vague, ambiguous, and unintelligible, as it is defined circularly to mean "all times relevant to . . . the Complaint." Meta will construe the Relevant Period to mean January 1, 2022 to the present.

8.      Meta objects to the definition of "Training Data" as vague, ambiguous, and unintelligible as to the term "other material," which is indefinite and undefined. Meta further objects to the definition of "Training Data" as vague and ambiguous as to the phrase "considered

for use," which, read literally, would encompass any dataset considered by any Meta employee, regardless of the seriousness of such consideration and whether or not that consideration was ever acted upon. Meta further objects to this definition to the extent it purports to include datasets (or "considered" datasets) that include content to which Plaintiffs have made no claim of ownership and which are not the subject of any allegations of copyright infringement by Plaintiffs. Meta will construe "Training Data" to mean the "Books3" textual dataset used to train the Meta Language Models (as construed above).

9.      Meta objects to the definition of "You" and "Your" as overbroad, unduly burdensome, and nonsensical, insofar as it refers to "the specific Defendant producing documents in response to these Requests." Meta further objects to this definition to the extent it seeks to impose upon Meta an obligation to investigate information or documents outside of its possession, custody, or control. For purposes of these responses, Meta construes the terms "You" and "Your" coextensively with Meta (as construed above).

10.     Meta objects to Instructions 2 and 3 to the extent that they purport to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense. Meta will produce responsive documents in a reasonably usable form and/or in accordance with an ESI Order.

11.     Meta objects to Instruction 4 to the extent that it purports to require more of Meta than any obligation imposed by law, would subject Meta to unreasonable, disproportionate  and undue burden and expense, and would seek to impose upon Meta an obligation to investigate or discover information or materials in the possession, custody, or control of third parties.

12.     Meta objects to Instruction 5 as overbroad and unduly burdensome to the extent that it purports to require more of Meta than any obligation imposed by law and would subject Meta to unreasonable, disproportionate, and undue burden and expense. Meta also objects to this instruction to the extent that it purports to require Meta to investigate and opine on documents that are not within Meta's possession, custody, or control. Meta further objects to this instruction as improperly demanding a narrative response, which is the proper subject of an interrogatory, and thereby seeking to circumvent the interrogatory limit.

**13.** Meta objects to Instruction 6 as vague, ambiguous, and unintelligible as to the phrase "item or category of item." Meta further objects to this instruction to the extent that it purports to require Meta to state objections as to specific documents.

**14.** Meta objects to Instruction 7 as overbroad and unduly burdensome to the extent that it purports to require more of Meta than any obligation imposed by law and would subject Meta to unreasonable, disproportionate, and undue burden and expense. Meta will provide Plaintiffs with a privilege log in accordance with Rule 26.

**15.** Meta objects to Instruction 8 to the extent that it purports to require Meta to produce documents protected by attorney-client privilege and/or attorney work product doctrine.

### III.    OBJECTIONS AND RESPONSES TO INDIVIDUAL DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

The Training Data for Llama 1.

**RESPONSE TO REQUEST NO. 1:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Llama 1."

Subject to and without waiving the foregoing objections, and pursuant to the terms the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if technically infeasible or impractical to produce, identify public sources of or permit inspection of a copy of the training data set(s) used to train Llama 1. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 2:**

The Training Data for Llama 2.

**RESPONSE TO REQUEST NO. 2:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Llama 2."

Subject to and without waiving the foregoing objections, and pursuant to the terms the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if

technically infeasible or impractical to produce, identify public sources of or permit inspection of a copy of the training data set(s) used to train Llama 2. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 3:**

The Training Data for Llama 3.

**RESPONSE TO REQUEST NO. 3:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Llama 3."

Meta objects to this Request as vague and ambiguous as to "Llama 3" because Llama 3 has not yet been completed. To the extent that the released version of Llama 3 will have been trained on datasets other than those responsive to Request Nos. 2 and 3, this Request is premature.

**REQUEST FOR PRODUCTION NO. 4:**

The Training Data comprising the "Books3" dataset referenced in the paper "LLaMA: Open and Efficient Foundation Language Models," and all Documents and Communications Concerning Your selection and assembly of this dataset.

**RESPONSE TO REQUEST NO. 4:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data," "Communications," and "Your." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request to the extent that it implies that Meta "assembl[ed]" the Books3 dataset.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "all" documents and communications concerning the

1    subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs'

2    copyright infringement allegations and Meta's defenses thereto.

3         Subject to and without waiving the foregoing objections, and pursuant to the terms of the

4    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if

5    technically infeasible or impractical to produce, identify public sources of or permit inspection of

6    a copy of the "Books3" dataset referenced in the paper "LLaMA: Open and Efficient Foundation

7    Language Models." Meta will also conduct a reasonable search for and produce non-privileged,

8    relevant documents, if any, in its possession, custody, or control sufficient to show the selection of

9    said dataset for use in training any Meta Language Models (as construed above). Following the

10   identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to

11   be used to search for email and electronic communications, and subject to the foregoing objections

12   as well as Meta's objections to said custodians and search terms, Meta will also search for and

13   produce non-privileged, relevant communications responsive to this Request, if any, in accordance

14   with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and

15   the timing of any such production shall be governed by terms of the Scheduling Order (ECF No.

16   87).

17   **REQUEST FOR PRODUCTION NO. 5:**

18        The Training Data comprising the "Gutenberg" dataset referenced in the paper "LLaMA:

19   Open and Efficient Foundation Language Models", and all Documents and Communications

20   Concerning Your selection and assembly of this dataset.

21   **RESPONSE TO REQUEST NO. 5:**

22        Meta incorporates by reference its objections and definitions above, including to the terms

23   "Training Data," "Communications," and "Your."   Any electronic communications, including

24   email and documents attached thereto, must be requested pursuant to the ESI Order.

25        Meta objects to this Request because, on its face, it does not exclude documents and

26   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

27   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

28   documents will not be produced.

1    Meta objects to this Request to the extent that it implies that Meta is responsible for having

2    "assembl[ed]" the Gutenberg dataset.

3    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

4    needs of the case to the extent that it seeks "all" documents and communications concerning the

5    subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs'

6    copyright infringement allegations and Meta's defenses thereto.

7    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

8    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if

9    technically infeasible or impractical to produce, identify public sources of or permit inspection of

10   a copy of the "Gutenberg" dataset referenced in the paper "LLaMA: Open and Efficient Foundation

11   Language Models." Meta will also conduct a reasonable search for and produce non-privileged,

12   relevant documents, if any, in its possession, custody, or control concerning the selection of said

13   dataset for use in training any Meta Language Models (as construed above). Following the

14   identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to

15   be used to search for email and electronic communications, and subject to the foregoing objections

16   as well as Meta's objections to said custodians and search terms, Meta will also search for and

17   produce non-privileged, relevant communications responsive to this Request, if any, in accordance

18   with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and

19   the timing of any such production shall be governed by terms of the Scheduling Order (ECF No.

20   87).

21   **REQUEST FOR PRODUCTION NO. 6:**

22   Documents and Communications to, from, or with Project Gutenberg Concerning Training

23   Data.

24   **RESPONSE TO REQUEST NO. 6:**

25   Meta incorporates by reference its objections and definitions above, including to the terms

26   "Training Data" and "Communications."  Any electronic communications, including email and

27   documents attached thereto, must be requested pursuant to the ESI Order.

28

COOLEY LLP
ATTORNEYS AT LAW

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.  This Request is also vague and ambiguous as to the term "Project Gutenberg," which is undefined.  In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://www.gutenberg.org/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 7:**

Documents and Communications to, from, or with Library Genesis (aka LibGen) Concerning Training Data.

**RESPONSE TO REQUEST NO. 7:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Library Genesis," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: http://libgen.li/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 8:**

Documents and Communications to, from, or with Z-Library (aka B-ok) Concerning Training Data.

**RESPONSE TO REQUEST NO. 8:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

1    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

2    Communications to, from, or with" to the extent it is seeking materials other than those governed

3    by the procedure for requesting email and electronic communications under the ESI Order, and

4    Meta interprets the Request as seeking such email and electronic communications and Documents

5    attached thereto.  This Request is also vague and ambiguous as to the term "Z-Library," which is

6    undefined.  In the context of this Request, Meta will construe this phrase to mean the organization

7    referenced here: https://z-lib.io/.

8    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

9    needs of the case to the extent that it is interpreted to seek all documents and communications

10   concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome,

11   and disproportionate to the needs of the case to the extent it seeks documents and communications

12   in the possession, custody, or control of, and/or concerns a third-party.

13   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

14   Protective Order and ESI Order, following the identification of appropriate search terms and

15   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

16   communications, and subject to the foregoing objections as well as Meta's objections to said

17   custodians and search terms, Meta will search for and produce non-privileged, relevant

18   communications responsive to this Request, if any, in accordance with the limitations set forth in

19   the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

20   production shall be governed by terms of the Scheduling Order (ECF No. 87).

21   **REQUEST FOR PRODUCTION NO. 9:**

22   Documents and Communications to, from, or with Sci-Hub Concerning Training Data.

23   **RESPONSE TO REQUEST NO. 9:**

24   Meta incorporates by reference its objections and definitions above, including to the terms

25   "Training Data" and "Communications."  Any electronic communications, including email and

26   documents attached thereto, must be requested pursuant to the ESI Order.

27   Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

28   Communications to, from, or with" to the extent it is seeking materials other than those governed

by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.  This Request is also vague and ambiguous as to the term "Sci-Hub," which is undefined.  In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://sci-hub.se/database.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 10:**

Documents and Communications to, from, or with Bibliotik Concerning Training Data.

**RESPONSE TO REQUEST NO. 10:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents

attached thereto.  This Request is also vague and ambiguous as to the term "Bibliotik," which is undefined.  Furthermore, the Request is vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with Bibliotik," which Meta understands to be the name of a dataset rather than an individual, group, business, or organization.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns what Plaintiffs appear to believe is third-party.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and Communications to, from, or with The Eye Concerning Training Data.

**RESPONSE TO REQUEST NO. 11:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.  This Request is also vague and ambiguous as to the term "The Eye," which is undefined.  In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://the-eye.eu/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 12:**

Documents and Communications to, from, or with Anna's Archive Concerning Training Data.

**RESPONSE TO REQUEST NO. 12:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Anna's Archive," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://annas-archive.org/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

1    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

2    Protective Order and ESI Order, following the identification of appropriate search terms and

3    custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

4    communications, and subject to the foregoing objections as well as Meta's objections to said

5    custodians and search terms, Meta will search for and produce non-privileged, relevant

6    communications responsive to this Request, if any, in accordance with the limitations set forth in

7    the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

8    production shall be governed by terms of the Scheduling Order (ECF No. 87).

9    **REQUEST FOR PRODUCTION NO. 13:**

10    Documents and Communications to, from, or with Hugo Touvron Concerning Training

11    Data.

12    **RESPONSE TO REQUEST NO. 13:**

13    Meta incorporates by reference its objections and definitions above, including to the terms

14    "Training Data" and "Communications."  Any electronic communications, including email and

15    documents attached thereto, must be requested pursuant to the ESI Order.

16    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

17    Communications to, from, or with" to the extent it is seeking materials other than those governed

18    by the procedure for requesting email and electronic communications under the ESI Order, and

19    Meta interprets the Request as seeking such email and electronic communications and Documents

20    attached thereto.

21    Meta objects to this Request because, on its face, it does not exclude documents and

22    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

23    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

24    documents will not be produced.

25    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

26    needs of the case to the extent that it is interpreted to seek all documents and communications

27    concerning the subject matter of the Request, including documents with limited, if any, relevance

28    to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

1    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

2    Protective Order and ESI Order, following the identification of appropriate search terms and

3    custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

4    communications, and subject to the foregoing objections as well as Meta's objections to said

5    custodians and search terms, Meta will search for and produce non-privileged, relevant

6    communications responsive to this Request, if any, in accordance with the limitations set forth in

7    the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

8    production shall be governed by terms of the Scheduling Order (ECF No. 87).

9    **REQUEST FOR PRODUCTION NO. 14:**

10    Documents and Communications to, from, or with Aurélien Rodriguez Concerning

11    Training Data.

12    **RESPONSE TO REQUEST NO. 14:**

13    Meta incorporates by reference its objections and definitions above, including to the terms

14    "Training Data" and "Communications."  Any electronic communications, including email and

15    documents attached thereto, must be requested pursuant to the ESI Order.

16    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

17    Communications to, from, or with" to the extent it is seeking materials other than those governed

18    by the procedure for requesting email and electronic communications under the ESI Order, and

19    Meta interprets the Request as seeking such email and electronic communications and Documents

20    attached thereto.

21    Meta objects to this Request because, on its face, it does not exclude documents and

22    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

23    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

24    documents will not be produced.

25    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

26    needs of the case to the extent that it is interpreted to seek all documents and communications

27    concerning the subject matter of the Request, including documents with limited, if any, relevance

28    to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

1    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

2    Protective Order and ESI Order, following the identification of appropriate search terms and

3    custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

4    communications, and subject to the foregoing objections as well as Meta's objections to said

5    custodians and search terms, Meta will search for and produce non-privileged, relevant

6    communications responsive to this Request, if any, in accordance with the limitations set forth in

7    the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

8    production shall be governed by terms of the Scheduling Order (ECF No. 87).

9    **REQUEST FOR PRODUCTION NO. 15:**

10    Documents and Communications to, from, or with Tim Dettmers Concerning Training

11    Data.

12    **RESPONSE TO REQUEST NO. 15:**

13    Meta incorporates by reference its objections and definitions above, including to the terms

14    "Training Data" and "Communications." Any electronic communications, including email and

15    documents attached thereto, must be requested pursuant to the ESI Order.

16    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

17    Communications to, from, or with" to the extent it is seeking materials other than those governed

18    by the procedure for requesting email and electronic communications under the ESI Order, and

19    Meta interprets the Request as seeking such email and electronic communications and Documents

20    attached thereto.

21    Meta objects to this Request because, on its face, it does not exclude documents and

22    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

23    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such

24    documents will not be produced.

25    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

26    needs of the case to the extent that it is interpreted to seek all documents and communications

27    concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome,

28    and disproportionate to the needs of the case, in particular as it concerns a former Meta researcher

who was not a participant in the development or training of the Meta Language Models (as construed above).

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses, in particular information concerning language models other than the Meta Language Models (as construed above).

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 16:**

Documents and Communications to, from, or with Luke Zettlemoyer Concerning Training Data.

**RESPONSE TO REQUEST NO. 16:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

1    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

2    documents will not be produced.

3        Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

4    needs of the case to the extent that it is interpreted to seek all documents and communications

5    concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome,

6    and disproportionate to the needs of the case, in particular as it concerns a Meta researcher who

7    was not a participant in the development or training of the Meta Language Models (as construed

8    above).

9        Meta objects to this Request to the extent it seeks information that is not relevant to any

10   party's claims or defenses, in particular information concerning language models other than the

11   Meta Language Models (as construed above).

12       Subject to and without waiving the foregoing objections, and pursuant to the terms of the

13   Protective Order and ESI Order, following the identification of appropriate search terms and

14   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

15   communications, and subject to the foregoing objections as well as Meta's objections to said

16   custodians and search terms, Meta will search for and produce non-privileged, relevant

17   communications responsive to this Request, if any, in accordance with the limitations set forth in

18   the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

19   production shall be governed by terms of the Scheduling Order (ECF No. 87).

20   **REQUEST FOR PRODUCTION NO. 17:**

21       Documents and Communications to, from, or with Shawn Presser Concerning Training

22   Data.

23   **RESPONSE TO REQUEST NO. 17:**

24       Meta incorporates by reference its objections and definitions above, including to the terms

25   "Training Data" and "Communications."  Any electronic communications, including email and

26   documents attached thereto, must be requested pursuant to the ESI Order.

27       Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

28   Communications to, from, or with" to the extent it is seeking materials other than those governed

COOLEY LLP
ATTORNEYS AT LAW

by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 18:**

Documents and Communications to, from, or with Stella Biderman Concerning Training Data.

**RESPONSE TO REQUEST NO. 18:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request to the extent it seeks production of documents protected by attorney-client privilege and/or attorney work product doctrines.  As counsel for Meta has informed counsel for Plaintiffs, Meta learned through the allegations in the First Amended Consolidated Complaint that Tim Dettmers, a PhD student and part time AI researcher at Meta, inadvertently and without Meta's knowledge or authorization, shared Meta's privileged information on an EleutherAI Discord channel.  Meta does not yet have access to those Discord communications, which it is now seeking to obtain.  Meta does not intend to produce such communications.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 19:**

Documents and Communications to, from, or with Leo Gao Concerning Training Data.

**RESPONSE TO REQUEST NO. 19:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed

1  by the procedure for requesting email and electronic communications under the ESI Order, and
2  Meta interprets the Request as seeking such email and electronic communications and Documents
3  attached thereto.

4      Meta objects to this Request to the extent it seeks production of documents protected by
5  attorney-client privilege and/or attorney work product doctrines.  As counsel for Meta has informed
6  counsel for Plaintiffs, Meta learned through the allegations in the First Amended Consolidated
7  Complaint that Tim Dettmers, a PhD student and part time AI researcher at Meta, inadvertently and
8  without Meta's knowledge or authorization, shared Meta's privileged information on an EleutherAI
9  Discord channel.  Meta does not yet have access to those Discord communications, which it is now
10 seeking to obtain.  Meta does not intend to produce such communications.

11     Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the
12 needs of the case to the extent that it is interpreted to seek all documents and communications
13 concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome,
14 and disproportionate to the needs of the case to the extent it seeks documents and communications
15 in the possession, custody, or control of, and/or concerns a third-party.

16      Subject to and without waiving the foregoing objections, and pursuant to the terms of the
17 Protective Order and ESI Order, following the identification of appropriate search terms and
18 custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic
19 communications, and subject to the foregoing objections as well as Meta's objections to said
20 custodians and search terms, Meta will search for and produce non-privileged, relevant
21 communications responsive to this Request, if any, in accordance with the limitations set forth in
22 the ESI Order. Any such production shall be on a rolling basis, and the timing of any such
23 production shall be governed by terms of the Scheduling Order (ECF No. 87).

24 **REQUEST FOR PRODUCTION NO. 20:**

25     Documents and Communications to, from, or with EleutherAI Concerning Training Data.

26 **RESPONSE TO REQUEST NO. 20:**

27     Meta incorporates by reference its objections and definitions above, including to the terms
28 "Training Data" and "Communications."  Any electronic communications, including email and

1    documents attached thereto, must be requested pursuant to the ESI Order.

2    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

3    Communications to, from, or with" to the extent it is seeking materials other than those governed

4    by the procedure for requesting email and electronic communications under the ESI Order, and

5    Meta interprets the Request as seeking such email and electronic communications and Documents

6    attached thereto.  This Request is also vague and ambiguous as to "EleutherAI," which is undefined.

7    In the context of this Request, Meta will construe this term to mean the organization referenced

8    here: https://www.eleuther.ai/.

9    Meta objects to this Request to the extent it seeks production of documents protected by

10   attorney-client privilege and/or attorney work product doctrines.  As counsel for Meta has informed

11   counsel for Plaintiffs, Meta learned through the allegations in the First Amended Consolidated

12   Complaint that Tim Dettmers, a PhD student and part time AI researcher at Meta, inadvertently and

13   without Meta's knowledge or authorization, shared Meta's privileged information on an EleutherAI

14   Discord channel.  Meta does not yet have access to those Discord communications, which it is now

15   seeking to obtain.  Meta does not intend to produce such communications.

16   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

17   needs of the case to the extent that it is interpreted to seek all documents and communications

18   concerning the subject matter of the Request.  This Request is also overbroad, unduly burdensome,

19   and disproportionate to the needs of the case to the extent it seeks documents and communications

20   in the possession, custody, or control of, and/or concerns a third-party.

21   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

22   Protective Order and ESI Order, following the identification of appropriate search terms and

23   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

24   communications, and subject to the foregoing objections as well as Meta's objections to said

25   custodians and search terms, Meta will search for and produce non-privileged, relevant

26   communications responsive to this Request, if any, in accordance with the limitations set forth in

27   the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

28   production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 21:**

Documents and Communications to, from, or with Yann LeCun Concerning Training Data.

**RESPONSE TO REQUEST NO. 21:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, and because the identified Person is an executive and no showing has been made that the information sought is unavailable from others with direct involvement with Training Data.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and Communications to, from, or with John Carmack Concerning Training Data.

**RESPONSE TO REQUEST NO. 22:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and

1    documents attached thereto, must be requested pursuant to the ESI Order.

2        Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

3    Communications to, from, or with" to the extent it is seeking materials other than those governed

4    by the procedure for requesting email and electronic communications under the ESI Order, and

5    Meta interprets the Request as seeking such email and electronic communications and Documents

6    attached thereto.

7        Meta objects to this Request because, on its face, it does not exclude documents and

8    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

9    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such

10   documents will not be produced.

11       Meta objects to this Request to the extent it seeks information that is not relevant to any

12   party's claims or defenses.

13       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

14   needs of the case to the extent that it is interpreted to seek all documents and communications

15   concerning the subject matter of the Request, and because the identified Person is a former

16   executive and no showing has been made that the information sought is unavailable from others

17   with direct involvement with Training Data. Meta further objects to this Requests to the extent it

18   seeks documents and communications in the possession, custody, or control of a third-party.

19   **REQUEST FOR PRODUCTION NO. 23:**

20       Documents and Communications to, from, or with Andrew Bosworth Concerning Training

21   Data.

22   **RESPONSE TO REQUEST NO. 23:**

23       Meta incorporates by reference its objections and definitions above, including to the terms

24   "Training Data" and "Communications." Any electronic communications, including email and

25   documents attached thereto, must be requested pursuant to the ESI Order.

26       Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

27   Communications to, from, or with" to the extent it is seeking materials other than those governed

28   by the procedure for requesting email and electronic communications under the ESI Order, and

1  Meta interprets the Request as seeking such email and electronic communications and Documents
2  attached thereto.

3      Meta objects to this Request because, on its face, it does not exclude documents and
4  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or
5  opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such
6  documents will not be produced.

7      Meta objects to this Request to the extent it seeks information that is not relevant to any
8  party's claims or defenses.

9      Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the
10  needs of the case to the extent that it is interpreted to seek all documents and communications
11  concerning the subject matter of the Request, and because the identified Person is an executive and
12  no showing has been made that the information sought is unavailable from others with direct
13  involvement with Training Data.

14  **REQUEST FOR PRODUCTION NO. 24:**

15      Documents and Communications to, from, or with Chris Cox Concerning Training Data.

16  **RESPONSE TO REQUEST NO. 24:**

17      Meta incorporates by reference its objections and definitions above, including to the terms
18  "Training Data" and "Communications."  Any electronic communications, including email and
19  documents attached thereto, must be requested pursuant to the ESI Order.

20      Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and
21  Communications to, from, or with" to the extent it is seeking materials other than those governed
22  by the procedure for requesting email and electronic communications under the ESI Order, and
23  Meta interprets the Request as seeking such email and electronic communications and Documents
24  attached thereto.

25      Meta objects to this Request because, on its face, it does not exclude documents and
26  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or
27  opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such
28  documents will not be produced.

COOLEY LLP
ATTORNEYS AT LAW

META'S OBJ & RESPS TO
PLTFS' FIRST SET OF RFPD
3:23-CV-03417-VC

1    Meta objects to this Request to the extent it seeks information that is not relevant to any

2  party's claims or defenses.

3    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

4  needs of the case to the extent that it is interpreted to seek all documents and communications

5  concerning the subject matter of the Request, and because the identified Person is an executive and

6  no showing has been made that the information sought is unavailable from others with direct

7  involvement with Training Data.

8  **REQUEST FOR PRODUCTION NO. 25:**

9    Documents and Communications to, from, or with Jennifer Newstead Concerning Training

10  Data.

11  **RESPONSE TO REQUEST NO. 25:**

12    Meta incorporates by reference its objections and definitions above, including to the terms

13  "Training Data" and "Communications." Any electronic communications, including email and

14  documents attached thereto, must be requested pursuant to the ESI Order.

15    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

16  Communications to, from, or with" to the extent it is seeking materials other than those governed

17  by the procedure for requesting email and electronic communications under the ESI Order, and

18  Meta interprets the Request as seeking such email and electronic communications and Documents

19  attached thereto.

20    Meta objects to this Request because, on its face, it does not exclude documents and

21  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

22  opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.

23  Rather, on its face, the Request explicitly seeks Documents and Communications with Jennifer

24  Newstead, an attorney serving as Chief Legal Officer at Meta, which role necessarily implicates

25  the attorney-client privilege and/or attorney work product doctrine. Documents are subject to the

26  attorney-client privilege and/or attorney work product doctrine will not be produced.

27    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

28  needs of the case to the extent that it is interpreted to seek all documents and communications

concerning the subject matter of the Request, and because the identified Person is an executive and no showing has been made that the information sought is unavailable from others with direct involvement with Training Data.

**REQUEST FOR PRODUCTION NO. 26:**

Documents and Communications to, from, or with Ahmad Al-Dahle Concerning Training Data.

**RESPONSE TO REQUEST NO. 26:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, and because the identified Person is an executive and no showing has been made that the information sought is unavailable from others with direct involvement with Training Data.

1    **REQUEST FOR PRODUCTION NO. 27:**

2        Documents and Communications to, from, or with Mark Zuckerberg Concerning Training

3    Data.

4    **RESPONSE TO REQUEST NO. 27:**

5        Meta incorporates by reference its objections and definitions above, including to the terms

6    "Training Data" and "Communications."  Any electronic communications, including email and

7    documents attached thereto, must be requested pursuant to the ESI Order.

8        Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

9    Communications to, from, or with" to the extent it is seeking materials other than those governed

10   by the procedure for requesting email and electronic communications under the ESI Order, and

11   Meta interprets the Request as seeking such email and electronic communications and Documents

12   attached thereto.

13       Meta objects to this Request because, on its face, it does not exclude documents and

14   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

15   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

16   documents will not be produced.

17       Meta objects to this Request to the extent it seeks information that is not relevant to any

18   party's claims or defenses.

19       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

20   needs of the case to the extent that it is interpreted to seek all documents and communications

21   concerning the subject matter of the Request, and because the identified Person is an executive and

22   no showing has been made that the information sought is unavailable from others with direct

23   involvement with Training Data.

24   **REQUEST FOR PRODUCTION NO. 28:**

25       Documents and Communications to, from, or with Marc Andreessen Concerning Training

26   Data.

27

28

**RESPONSE TO REQUEST NO. 28:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request because Mr. Andreesen is a board member of Meta and, on its face, the Request does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, and because the identified Person is a Meta board member and no showing has been made that the information sought is unavailable from others with direct involvement with Training Data.

**REQUEST FOR PRODUCTION NO. 29:**

Documents and Communications to, from, or with Microsoft Corporation Concerning Training Data.

**RESPONSE TO REQUEST NO. 29:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta also objects to this Request as vague and ambiguous as to the term "Microsoft Corporation," and, in particular, whether such term encompasses all employees and/or agents of that company.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged under common interest privilege or that concern legal advice or opinions, which are subject to privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, because Microsoft Corporation is a third-party, and to the extent this Request seeks documents and communications in the possession, custody, or control of a third-party.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses, in particular because Microsoft Corporation is a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 30:**

Documents and Communications to, from, or with OpenAI Concerning Training Data.

**RESPONSE TO REQUEST NO. 30:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. Meta further objects to this Request as vague, ambiguous, and unintelligible as to the term "OpenAI," and, in particular, as to which "OpenAI" entity and whether such term encompasses all employees and/or agents of the company. In the context of this Request, Meta will construe "OpenAI" to mean OpenAI LLC.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged under common interest privilege or that concern legal advice or opinions, which are subject to privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, because OpenAI is a third-party, and to the extent this Request seeks documents and communications in the possession, custody, or control of a third-party.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses, in particular because OpenAI is a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 31:**

Documents and Communications to, from, or with Anthropic Concerning Training Data.

**RESPONSE TO REQUEST NO. 31:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. Meta further objects to this Request as vague, ambiguous, and unintelligible as to the term "Anthropic," and, in particular, as to which "Anthropic" entity and as to whether such term encompasses all employees and/or agents of that company. Meta will construe "Anthropic" to mean Anthropic PBC.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged under common interest privilege or that concern legal advice or opinions, which are subject to privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, because Anthropic is a third-party, and to the extent this Request seeks documents and communications in the possession, custody, or control of a third-party.

1    Meta objects to this Request to the extent it seeks information that is not relevant to any

2    party's claims or defenses, in particular because Anthropic is a third-party.

3    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

4    Protective Order and ESI Order, following the identification of appropriate search terms and

5    custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

6    communications, and subject to the foregoing objections as well as Meta's objections to said

7    custodians and search terms, Meta will search for and produce non-privileged, relevant

8    communications responsive to this Request, if any, in accordance with the limitations set forth in

9    the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

10    production shall be governed by terms of the Scheduling Order (ECF No. 87).

11    **REQUEST FOR PRODUCTION NO. 32:**

12    Documents and Communications to, from, or with Dell Inc. Concerning Training Data.

13    **RESPONSE TO REQUEST NO. 32:**

14    Meta incorporates by reference its objections and definitions above, including to the terms

15    "Training Data" and "Communications."  Any electronic communications, including email and

16    documents attached thereto, must be requested pursuant to the ESI Order.

17    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

18    Communications to, from, or with" to the extent it is seeking materials other than those governed

19    by the procedure for requesting email and electronic communications under the ESI Order, and

20    Meta interprets the Request as seeking such email and electronic communications and Documents

21    attached thereto.

22    Meta also objects to this Request as vague and ambiguous as to the term "Dell Inc.," and,

23    in particular, as to whether such term encompasses all employees and/or agents of the company.

24    Meta objects to this Request because, on its face, it does not exclude documents and

25    communications exchanged under common interest privilege or that concern legal advice or

26    opinions, which are subject to privilege and/or attorney work product doctrine.  Such documents

27    will not be produced.

28

1    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

2    needs of the case to the extent that it is interpreted to seek all documents and communications

3    concerning the subject matter of the Request, because Dell, Inc. is a third party, and to the extent

4    this Request seeks documents and communications in the possession, custody, or control of a third-

5    party.

6    Meta objects to this Request to the extent it seeks information that is not relevant to any

7    party's claims or defenses, in particular because Dell, Inc. is a third-party.

8    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

9    Protective Order and ESI Order, following the identification of appropriate search terms and

10   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

11   communications, and subject to the foregoing objections as well as Meta's objections to said

12   custodians and search terms, Meta will search for and produce non-privileged, relevant

13   communications responsive to this Request, if any, in accordance with the limitations set forth in

14   the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

15   production shall be governed by terms of the Scheduling Order (ECF No. 87).

16   **REQUEST FOR PRODUCTION NO. 33:**

17   Documents and Communications to, from, or with Cloudflare, Inc. Concerning Training

18   Data.

19   **RESPONSE TO REQUEST NO. 33:**

20   Meta incorporates by reference its objections and definitions above, including to the terms

21   "Training Data" and "Communications."  Any electronic communications, including email and

22   documents attached thereto, must be requested pursuant to the ESI Order.

23   Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

24   Communications to, from, or with" to the extent it is seeking materials other than those governed

25   by the procedure for requesting email and electronic communications under the ESI Order, and

26   Meta interprets the Request as seeking such email and electronic communications and Documents

27   attached thereto.

28

1    Meta also objects to this Request as vague and ambiguous as to the term "Cloudflare, Inc.,"

2    and, in particular, as to whether such term encompasses all employees and/or agents of the

3    company.

4    Meta objects to this Request because, on its face, it does not exclude documents and

5    communications exchanged under common interest privilege or that concern legal advice or

6    opinions, which are subject to privilege and/or attorney work product doctrine.  Such documents

7    will not be produced.

8    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

9    needs of the case to the extent that it is interpreted to seek all documents and communications

10   concerning the subject matter of the Request, because Cloudflare, Inc. is a third-party, and to the

11   extent this Request seeks documents and communications in the possession, custody, or control of

12   a third-party.

13   Meta objects to this Request to the extent it seeks information that is not relevant to any

14   party's claims or defenses, in particular because Cloudflare, Inc. is a third-party.

15   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

16   Protective Order and ESI Order, following the identification of appropriate search terms and

17   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

18   communications, and subject to the foregoing objections as well as Meta's objections to said

19   custodians and search terms, Meta will search for and produce non-privileged, relevant

20   communications responsive to this Request, if any, in accordance with the limitations set forth in

21   the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

22   production shall be governed by terms of the Scheduling Order (ECF No. 87).

23   **REQUEST FOR PRODUCTION NO. 34:**

24   Documents and Communications to, from, or with Qualcomm Incorporated Concerning

25   Training Data.

26   **RESPONSE TO REQUEST NO. 34:**

27   Meta incorporates by reference its objections and definitions above, including to the terms

28   "Training Data" and "Communications."  Any electronic communications, including email and

1    documents attached thereto, must be requested pursuant to the ESI Order.

2         Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

3    Communications to, from, or with" to the extent it is seeking materials other than those governed

4    by the procedure for requesting email and electronic communications under the ESI Order, and

5    Meta interprets the Request as seeking such email and electronic communications and Documents

6    attached thereto.

7         Meta also objects to this Request as vague and ambiguous as to the term "Qualcomm

8    Incorporated," and, in particular, as to whether such term encompasses all employees and/or agents

9    of the company.

10        Meta objects to this Request because, on its face, it does not exclude documents and

11   communications exchanged under common interest privilege or that concern legal advice or

12   opinions, which are subject to privilege and/or attorney work product doctrine.  Such documents

13   will not be produced.

14        Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

15   needs of the case to the extent that it is interpreted to seek all documents and communications

16   concerning the subject matter of the Request, because Qualcomm Incorporated is a third-party, and

17   to the extent this Request seeks documents and communications in the possession, custody, or

18   control of a third-party.

19        Meta objects to this Request to the extent it seeks information that is not relevant to any

20   party's claims or defenses, in particular because Qualcomm Incorporated is a third-party.

21        Subject to and without waiving the foregoing objections, and pursuant to the terms of the

22   Protective Order and ESI Order, following the identification of appropriate search terms and

23   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

24   communications, and subject to the foregoing objections as well as Meta's objections to said

25   custodians and search terms, Meta will search for and produce non-privileged, relevant

26   communications responsive to this Request, if any, in accordance with the limitations set forth in

27   the ESI Order. Any such production shall be on a rolling basis, and the timing of any such

28   production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications to, from, with, or Concerning Shawn Presser's involvement with either Books3, The Pile, any Meta Language Model, or anyone on Meta's AI team.

**RESPONSE TO REQUEST NO. 35:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Meta Language Model." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. Meta further objects to this Request as vague, ambiguous, and unintelligible as to the phrase "to, from, or with Shawn Presser's involvement with." In the context of this Request and considering the scope of Request No. 17, Meta will construe this phrase to mean documents, other than those subject to the procedure for requesting electronic communications under the ESI Order, concerning Shawn Presser's alleged involvement with Books3, The Pile, or the Meta Language Models.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Meta's AI team," which Meta will construe to mean individuals with primary responsibility for or direct oversight over the development or training of Meta Language Models (as construed above).

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, because Shawn Presser is a third-party, and to the

1    extent this Request seeks documents and communications in the possession, custody, or control of

2    a third-party.

3         Subject to and without waiving the foregoing objections, and pursuant to the terms of the

4    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

5    privileged, relevant documents in its possession, custody, or control sufficient to show Shawn

6    Presser's involvement with Books3, The Pile, and/or any Meta Language Models (as construed

7    above), if any.  Following the identification of appropriate search terms and custodians by Plaintiffs

8    pursuant to the ESI Order to be used to search for email and electronic communications, and subject

9    to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta

10   will also search for and produce non-privileged, relevant communications responsive to this

11   Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production

12   shall be on a rolling basis, and the timing of any such production shall be governed by terms of the

13   Scheduling Order (ECF No. 87).

14   **REQUEST FOR PRODUCTION NO. 36:**

15        All Documents and Communications Concerning any named Plaintiff's work being used as

16   input for the Meta Language Models, or their work (or portions thereof) being reproduced in the

17   output of any Meta Language Model.

18   **RESPONSE TO REQUEST NO. 36:**

19        Meta incorporates by reference its objections and definitions above, including to the terms

20   "Training Data" and "Meta Language Model."  Any electronic communications, including email

21   and documents attached thereto, must be requested pursuant to the ESI Order.

22        Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and

23   Communications to, from, or with" to the extent it is seeking materials other than those governed

24   by the procedure for requesting email and electronic communications under the ESI Order, and

25   Meta interprets the Request as seeking such email and electronic communications and Documents

26   attached thereto.

27

28

1    Meta objects to this Request as vague, ambiguous, and unintelligible as to "Plaintiff's work"

2    which is undefined.  Meta is unable to determine what Plaintiffs claim as their respective "works"

3    other than those referenced in the First Consolidated Amended Complaint ("FCAC").

4    Meta objects to this Request because, on its face, it does not exclude documents and

5    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

6    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

7    documents will not be produced.

8    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

9    needs of the case to the extent that it seeks "[a]ll" documents and communications concerning the

10    subject matter of the Request.

11    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

12    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

13    privileged, relevant documents in its possession, custody, or control sufficient to show any

14    copyrighted works asserted by the named Plaintiffs in the FCAC being used as training data for

15    Meta Language Models (as construed above) or being reproduced as outputs from such models, if

16    any.  Following the identification of appropriate search terms and custodians by Plaintiffs pursuant

17    to the ESI Order to be used to search for email and electronic communications, and subject to the

18    foregoing objections as well as Meta's objections to said custodians and search terms, Meta will

19    also search for and produce non-privileged, relevant communications concerning any copyrighted

20    works asserted in the FCAC being used as training data for Meta Language Models (as construed

21    above) or being reproduced as outputs from such models, if any, in accordance with the limitations

22    set forth in the ESI Order.  Any such production shall be on a rolling basis, and the timing of any

23    such production shall be governed by terms of the Scheduling Order (ECF No. 87).

24    **REQUEST FOR PRODUCTION NO. 37:**

25    All Training Data authored by any named Plaintiff in the Complaint.

26    **RESPONSE TO REQUEST NO. 37:**

27    Meta incorporates by reference its objections and definitions above, including to the term

28    "Training Data."

1   Meta objects to this Request as vague, ambiguous, and unintelligible as to "Training Data
2   authored by any named Plaintiff," as Meta is unable to determine what Plaintiffs purport to have
3   authored.

4   Meta objects to this Request as duplicative of Request Nos. 1-3.

5   Subject to and without waiving the foregoing objections, and pursuant to the terms the
6   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if
7   technically infeasible or impractical to produce, identify public sources of or permit inspection of,
8   a copy of the training data set(s) used to train the Meta Language Models (as construed above).

9   **REQUEST FOR PRODUCTION NO. 38:**

10   All contracts, promissory notes, loans, obligations, estoppels, reservations of rights,
11   investment agreements, shareholder agreements, shareholder rights agreements, purchase
12   agreements, Or other agreements, including any drafts, between or among You and:

13   a.      Any of Meta Platforms Inc.'s parent companies, subsidiaries, affiliates, and
14   affiliates;

15   b.      Any officer or director of any of Meta Platforms Inc.'s parent companies,
16   subsidiaries, affiliates [sic], and affiliates;

17   c.      Any third parties involved in training any of the Meta Language Models;

18   d.      Any third parties involved in testing any of the Meta Language Models; Or

19   e.      Any third parties involved in creating filters for the Meta Language Models' output.

20   **RESPONSE TO REQUEST NO. 38:**

21   Meta incorporates by reference its objections and definitions above, including to the term
22   "Meta Language Model."

23   Meta objects to this Request because, on its face, it does not exclude documents and
24   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or
25   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such
26   documents will not be produced.

27   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the
28   needs of the case as it seeks "[a]ll" contracts and any promissory notes, loans, obligations,

Case 3:23-cv-03417-VC    Document 267-8    Filed 11/09/24    Page 45 of 58

estoppels, reservations of rights, investment agreements, shareholder agreements, shareholder rights agreements, purchase agreements, or other agreements, which have limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses, in particular as to any "promissory notes, loans, obligations, estoppels, reservations of rights, investment agreements, shareholder agreements, shareholder rights agreements, purchase agreements, or other agreements," as well as subparts (a) and (b) of this Request. Meta will not search for or produce such agreements or drafts thereof.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, relevant documents in its possession, custody, or control sufficient to show contracts between Meta and third-parties with direct involvement in training, testing, and creating filters for the Meta Language Models (as construed above), if any. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 39:**

All Communications Concerning the contracts, promissory notes, loans, obligations, estoppels reservations of rights, investment agreements purchaser agreements, or other Agreements responsive to the immediately preceding request.

**RESPONSE TO REQUEST NO. 39:**

Meta incorporates by reference its objections and definitions above, including to the term "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

1    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

2    needs of the case as it seeks "[a]ll" communications concerning the subject matter of the Request,

3    and, in particular, concerning any promissory notes, loans, obligations, estoppels, reservations of

4    rights, investment agreements, shareholder agreements, shareholder rights agreements, purchase

5    agreements, or other agreements, which have limited, if any, relevance to Plaintiffs' copyright

6    infringement allegations and Meta's defenses thereto.

7    Meta objects to this Request to the extent it seeks information that is not relevant to any

8    party's claims or defenses, in particular as to any communications concerning "promissory notes,

9    loans, obligations, estoppels, reservations of rights, investment agreements, shareholder

10   agreements, shareholder rights agreements, purchase agreements, or other agreements," as well as

11   subparts (a) and (b) of the preceding Request.

12   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

13   Protective Order and ESI Order, following the identification of appropriate search terms and

14   custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic

15   communications, and subject to the foregoing objections as well as Meta's objections to said

16   custodians and search terms, Meta will conduct a reasonable search for and produce non-privileged,

17   relevant communications concerning contracts between Meta and third-parties with direct

18   involvement in training, testing, and creating filters for the Meta Language Models (as construed

19   above), if any, in accordance with the limitations set forth in the ESI Order.  Any such production

20   shall be on a rolling basis, and the timing of any such production shall be governed by terms of the

21   Scheduling Order (ECF No. 87).

22   **REQUEST FOR PRODUCTION NO. 40:**

23   All Documents that describe the formation Or constitution of You, Including partnership

24   agreements, shareholder agreements, shareholder rights agreements, articles of incorporation,

25   certificates or plans of dissolution, operating agreements, bylaws, capitalization tables, shareholder

26   registers, secretary of state filings, Or nonprofit registrations.

27

28

1    **RESPONSE TO REQUEST NO. 40:**

2        Meta incorporates by reference its objections and definitions above, including to the term

3    "You."  Any electronic communications, including email and documents attached thereto, must be

4    requested pursuant to the ESI Order.

5        Meta objects to this Request because, on its face, it does not exclude documents and

6    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

7    opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

8    documents will not be produced.

9        Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

10   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request, which

11   have limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses

12   thereto.

13       Meta objects to this Request to the extent it seeks information that is not relevant to any

14   party's claims or defenses.

15       Meta objects to this Request to the extent it seeks documents that are publicly available and

16   equally accessible to Plaintiffs.

17   **REQUEST FOR PRODUCTION NO. 41:**

18       All Documents You have provided to the United States Senate in response to the letter You

19   received from Senators Josh Hawley and Richard Blumenthal on or around June 6, 2023.

20   **RESPONSE TO REQUEST NO. 41:**

21       Meta incorporates by reference its objections and definitions above, including to the term

22   "You."  Any electronic communications, including email and documents attached thereto, must be

23   requested pursuant to the ESI Order.

24       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

25   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

26   including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

27   and Meta's defenses thereto.

28

COOLEY LLP
ATTORNEYS AT LAW

1    Meta objects to this Request to the extent it seeks information that is not relevant to any

2    party's claims or defenses.

3    Meta objects to this Request to the extent it seeks documents that are publicly available and

4    equally accessible to Plaintiffs.

5    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

6    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

7    privileged, relevant documents in its possession, custody, or control provided by Meta to the United

8    States Senate in response to the letter Meta received from Senators Josh Hawley and Richard

9    Blumenthal on or around June 6, 2023. Any such production shall be on a rolling basis, and the

10   timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

11   **REQUEST FOR PRODUCTION NO. 42:**

12   All Documents You have provided to any United States regulatory body, Including state or

13   local regulatory Documents, voluntarily or otherwise, regarding the Meta Language Models.

14   **RESPONSE TO REQUEST NO. 42:**

15   Meta incorporates by reference its objections and definitions above, including to the terms

16   "You" and "Meta Language Models."   Any electronic communications, including email and

17   documents attached thereto, must be requested pursuant to the ESI Order.

18   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

19   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

20   including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

21   and Meta's defenses thereto.

22   Meta objects to this Request to the extent it seeks information that is not relevant to any

23   party's claims or defenses.

24   Meta objects to this Request to the extent it seeks documents that are publicly available and

25   equally accessible to Plaintiffs.

26   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

27   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

28   privileged, relevant documents in its possession, custody, or control provided by Meta to United

1  States regulatory bodies and that concern alleged use of copyrighted works to train LLMs.  Any

2  such production shall be on a rolling basis, and the timing of any such production shall be governed

3  by terms of the Scheduling Order (ECF No. 87).

4  **REQUEST FOR PRODUCTION NO. 43:**

5  All Documents and Communications Concerning the "AI Insight Forum" held on

6  September 13, 2023 and organized by Sen. Charles Schumer.

7  **RESPONSE TO REQUEST NO. 43:**

8  Meta incorporates by reference its objections and definitions above, including to the term

9  "Communications."  Any electronic communications, including email and documents attached

10  thereto, must be requested pursuant to the ESI Order.

11  Meta objects to this Request because, on its face, it does not exclude documents and

12  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

13  opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

14  documents will not be produced.

15  Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

16  needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

17  including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

18  and Meta's defenses thereto.

19  Meta objects to this Request to the extent it seeks information that is not relevant to any

20  party's claims or defenses.

21  Meta objects to this Request to the extent it seeks documents that are publicly available and

22  equally accessible to Plaintiffs.

23  Subject to and without waiving the foregoing objections, and pursuant to the terms of the

24  Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

25  privileged, relevant documents in its possession, custody, or control sufficient to show the

26  documents shared by Meta with the Senate in connection with the "AI Insight Forum" held on

27  September 13, 2023.  Following the identification of appropriate search terms and custodians by

28  Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications,

1  and subject to the foregoing objections as well as Meta's objections to said custodians and search

2  terms, Meta will also search for and produce non-privileged, relevant communications responsive

3  to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such

4  production shall be on a rolling basis, and the timing of any such production shall be governed by

5  terms of the Scheduling Order (ECF No. 87).

6  **REQUEST FOR PRODUCTION NO. 44:**

7      All Documents You have provided to any governmental entity, elected officeholder, or

8  appointed official, Including state or local regulatory Documents, voluntarily or otherwise,

9  regarding generative AI, Training Data, the Meta Language Models, and all related

10  Communications.

11  **RESPONSE TO REQUEST NO. 44:**

12      Meta incorporates by reference its objections and definitions above, including to the terms

13  "You," "Training Data," "Meta Language Models," and "Communications."  Any electronic

14  communications, including email and documents attached thereto, must be requested pursuant to

15  the ESI Order.

16      Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

17  needs of the case as it seeks "[a]ll" documents and communications concerning the subject matter

18  of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright

19  infringement allegations and Meta's defenses thereto.

20      Meta objects to this Request to the extent it seeks information that is not relevant to any

21  party's claims or defenses, including materials provided to foreign governments.

22      Meta objects to this Request to the extent it seeks documents that are publicly available and

23  equally accessible to Plaintiffs.

24      Subject to and without waiving the foregoing objections, and pursuant to the terms of the

25  Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

26  privileged, relevant documents in its possession, custody, or control sufficient to show the

27  documents provided by Meta to United States governmental entities, elected officeholders, or

28  appointed officials that concern alleged use of copyrighted works to train LLMs.  Following the

identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will also search for and produce non-privileged, relevant communications between Meta and United States governmental entities, elected officeholders, or appointed officials that concern alleged use of copyrighted works to train LLMs, if any, in accordance with the limitations set forth in the ESI Order.  Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications Concerning any licensing, accreditation, or attribution mechanism, or similar tool for crediting, compensating, or seeking consent from owners of copyrighted works that were used to train the Meta Language Models.

**RESPONSE TO REQUEST NO. 45:**

Meta incorporates by reference its objections and definitions above, including to the terms "Meta Language Models" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta also objects to this Request as vague and ambiguous as to the phrase "mechanism or similar tool," which is undefined.  Meta will construe this phrase to mean a software-based solution or feature developed or used by Meta.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

1    Meta objects to this Request to the extent it seeks information that is not relevant to any

2  party's claims or defenses, including claims dismissed from the original complaint and not included

3  in the FCAC.

4    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

5  Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

6  privileged, relevant documents in its possession, custody, or control sufficient to show any

7  licensing, accreditation, or attribution mechanism or tool developed or used by Meta for crediting,

8  compensating, or seeking consent from owners of copyrighted works that were used to train any

9  Meta Language Models (as construed above).  Following the identification of appropriate search

10  terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and

11  electronic communications, and subject to the foregoing objections as well as Meta's objections to

12  said custodians and search terms, Meta will also search for and produce non-privileged, relevant

13  communications responsive to this Request, if any, in accordance with the limitations set forth in

14  the ESI Order.  Any such production shall be on a rolling basis, and the timing of any such

15  production shall be governed by terms of the Scheduling Order (ECF No. 87).

16  **REQUEST FOR PRODUCTION NO. 46:**

17    All Documents and Communications sufficient to show Your actual or projected income

18  from the sale or licensing of the Meta Language Models.

19  **RESPONSE TO REQUEST NO. 46:**

20    Meta incorporates by reference its objections and definitions above, including to the terms

21  "Your," "Meta Language Models," and "Communications."  Any electronic communications,

22  including email and documents attached thereto, must be requested pursuant to the ESI Order.

23    Meta objects to this Request because, on its face, it does not exclude documents and

24  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

25  opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

26  documents will not be produced.

27    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

28  needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

1    including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

2    and Meta's defenses thereto.

3        Meta objects to this Request to the extent it seeks information that is not relevant to any

4    party's claims or defenses.

5        Subject to and without waiving the foregoing objections, and pursuant to the terms of the

6    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

7    privileged, relevant documents in its possession, custody, or control sufficient to show Meta's

8    actual or projected income from the sale or licensing of the Meta Language Models (as construed

9    above).  Any such production shall be on a rolling basis, and the timing of any such production

10   shall be governed by terms of the Scheduling Order (ECF No. 87).

11   **REQUEST FOR PRODUCTION NO. 47:**

12       All Documents and Communications Concerning the action entitled *Huckabee et al. v. Meta*

13   *Platforms, Inc.*, Case No. 1:23-cv-09152 (S.D.N.Y), Including any Documents and

14   Communications You produce, or have produced, to any parties (or third-parties) in that action.

15   **RESPONSE TO REQUEST NO. 47:**

16       Meta incorporates by reference its objections and definitions above, including to the terms

17   "You" and "Communications."  Any electronic communications, including email and documents

18   attached thereto, must be requested pursuant to the ESI Order.

19       Meta objects to this Request because, on its face, it does not exclude documents and

20   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

21   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

22   documents will not be produced.

23       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

24   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

25   including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

26   and Meta's defenses thereto.

27       Meta objects to this Request to the extent it seeks information that is not relevant to any

28   party's claims or defenses.

1    Meta objects to this Request to the extent it seeks documents that are publicly available and

2    equally accessible to Plaintiffs, or are in Plaintiffs' possession, custody, or control, in particular

3    because Case No. 1:23-cv-09152 will be consolidated with this action, and Meta did not produce

4    documents in the S.D.N.Y. action.

5    **REQUEST FOR PRODUCTION NO. 48:**

6    All Documents You relied on in responding to Plaintiffs' Interrogatory No. 14, served

7    concurrently herewith.

8    **RESPONSE TO REQUEST NO. 48:**

9    Meta incorporates by reference its objections and definitions above, including to the term

10   "You." Any electronic communications, including email and documents attached thereto, must be

11   requested pursuant to the ESI Order.

12   Meta objects to this Request because, on its face, it does not exclude documents and

13   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

14   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such

15   documents will not be produced.

16   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

17   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

18   privileged, relevant documents in its possession, custody, or control responsive to this Request.

19   Any such production shall be on a rolling basis, and the timing of any such production shall be

20   governed by terms of the Scheduling Order (ECF No. 87).

21   **REQUEST FOR PRODUCTION NO. 49:**

22   All Documents and Communications Concerning the decision to release the Meta Language

23   Models under what Meta calls an "open source" license.

24   **RESPONSE TO REQUEST NO. 49:**

25   Meta incorporates by reference its objections and definitions above, including to the terms

26   "Meta," "Meta Language Models," and "Communications." Any electronic communications,

27   including email and documents attached thereto, must be requested pursuant to the ESI Order.

28

COOLEY LLP
ATTORNEYS AT LAW

META'S OBJ & RESPS TO
PLTFS' FIRST SET OF RFPD
3:23-CV-03417-VC

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, relevant documents in its possession, custody, or control sufficient to show the reasoning behind Meta's decision to make its Meta Language Models (as construed above) available to the public under an open license. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications Concerning any individuals or entities who have been given access to, or denied or limited access from, Llama 1 or Llama 2.

**RESPONSE TO REQUEST NO. 50:**

Meta incorporates by reference its objections and definitions above, including to the terms "Communications," "Llama 1," and "Llama 2." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents

1   attached thereto.  In the context of this Request, Meta will construe this phrase to mean documents,

2   other than those subject to the procedure for requesting electronic communications under the ESI

3   Order.

4          Meta objects to this Request because, on its face, it does not exclude documents and

5   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

6   opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such

7   documents will not be produced.

8          Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

9   needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request,

10  including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations

11  and Meta's defenses thereto.

12         Subject to and without waiving the foregoing objections, and pursuant to the terms of the

13  Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

14  privileged, relevant documents in its possession, custody, or control sufficient to show the

15  individuals granted or denied access to Llama 1 and Llama 2.  Any such production shall be on a

16  rolling basis, and the timing of any such production shall be governed by terms of the Scheduling

17  Order (ECF No. 87).

18

19  Dated: February 23, 2024                      COOLEY LLP

20

21                                    By:  /s/ Judd Lauter
                                          Judd Lauter
22                                        Bobby Ghajar
                                          Mark Weinstein
23                                        Kathleen Hartnett
                                          Colette Ghazarian
24
                                          Attorneys for Defendant
25                                        META PLATFORMS, INC.

26

27

28

1

**PROOF OF SERVICE**

2          I am a citizen of the United States and a resident of the State of California.  I am employed

3    in Santa Clara County, State of California, in the office of a member of the bar of this Court, at

4    whose direction the service was made.  I am over the age of eighteen years, and not a party to the

5    within action.  My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California

6    94304-1130.  On the date set forth below I served the documents described below in the manner

7    described below:

8
           • **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO**
9             **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

10   ⊠       (BY ELECTRONIC MAIL) I am personally and readily familiar with the business
            practice of Cooley LLP for the preparation and processing of documents in
11          portable document format (PDF) for e-mailing, and I caused said documents to be
            prepared in PDF and then served by electronic mail to the parties listed below.
12
     on the following part(ies) in this action:
13

14         Executed on February 23, 2024, at Palo Alto, California.

15

16                                                    _____

17                                                         Jessica G. Alvarez-Lopez

18

19

20

21

22

23

24

25

26

27

28

1

SERVICE LIST

2

Joseph R. Saveri
3  Cadio Zirpoli
Christopher K.L. Young
4  Holden Benon
Kathleen J. McMahon
5  Travis Manfredi
Aaron Cera
6  **JOSEPH SAVERI LAW FIRM, LLP**
7  601 California Street, Suite 1000
San Francisco, CA 94108
8  Telephone: (415) 500-6800
Facsimile: (415) 395-9940
9  Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
10        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
11        kmcmahon@saverilawfirm.com
        tmanfredi@saverilawfirm.com
12        acera@saverilawfirm.com

13
Matthew Butterick
14  **JOSEPH SAVERI LAW FIRM, LLP**
15  1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
16  Email: mb@butericklaw.com

17  *Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

28

Bryan L. Clobes (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Email: bclobes@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Alexander J. Sweatman
(*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: asweatman@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant
META PLATFORMS, INC.*