# EXHIBIT 6

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Rd., Suite 250
Palo Alto, CA 9430
Telephone: (650) 815-4100

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Trial Date: None<br>Date Action Filed: July 7, 2023 |

17. In responding to all Interrogatories, Meta will comply with the requirements of the Federal Rules of Evidence and Federal Rule of Civil Procedure 26.

### III. OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the data You have used to train or otherwise develop the Meta Language Models, Including, for each:

a. How You obtained the data, e.g., by scraping the data, purchasing it from third parties, or by other means;

b. All sources of Data, including any third parties that provided data sets;

c. To the extent the data was derived from publicly available websites, a list of all such websites and, for each, the percentage of the data corpus that is derived from that website;

d. The categories of content included in the data and the extent to which each category is represented in the data corpus (i.e., as a percentage of data used to train the model);

e. All policies and procedures Related to identifying, assessing, vetting and selecting sources of data for the model.

**RESPONSE TO INTERROGATORY NO. 1:**

Meta incorporates by reference its objections and definitions above, including to the terms "You" and "Meta Language Models." Meta further notes that the capitalized term "Related" is not defined; Meta construes that term coextensively with "concerning."

As an initial matter, Meta objects to this Interrogatory because it consists of multiple, separate Interrogatories, each which count toward Plaintiffs' limit under the Federal Rules. For example, the question about what data used to train a model is separate from how it was obtained, and further, subparts (d) and (e) are not subsumed within and necessarily related to the primary question, and purport to require a calculation of percentages of data, and separate identification of "policies" and "procedures" for (1) identifying, (2) assessing, (3) vetting, and (4) selecting data. This Interrogatory consists of *at least* three Interrogatories, and depending on how it is interpreted, many more. In answering the Interrogatory, Meta does not waive this objection.

Meta objects to this Interrogatory because, on its face, it does not exclude legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine, in particular as to subpart (e). Meta will not produce privileged materials or attorney work product.

Meta objects to this Interrogatory as vague and ambiguous as to the term "data," which is undefined. Meta will construe "data" to mean Training Data (as construed above).

Meta objects to this Interrogatory as vague, ambiguous, and unintelligible as to "percentage of that data corpus that is derived from that website" because "data corpus" is undefined, and Meta is accordingly unable to interpret and respond to subpart (c). Even if "data corpus" were defined, the subject matter of subpart (c) would be overbroad, unduly burdensome, and disproportionate to the needs of the case and seeks information that is not relevant to the parties' claims and defenses. Meta will not respond to subpart (c).

Meta objects to the undefined phrase "categories of content, which is vague, ambiguous, and unintelligible.

Meta objects to this Interrogatory to the extent that it seeks information that is not within Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and the ESI Order, Meta responds as follows: Meta incorporates by reference the identification of datasets used to train Llama 1 that is included in the publicly available paper "LLaMA: Open and Efficient Foundation Language Models." Such datasets were used to train Llama 1. Meta will produce a copy of that paper in its forthcoming production pursuant to Rule 33(d).

Meta will conduct a reasonable search for additional non-privileged information or, in accordance with Rule 33(d), documents in Meta's possession, custody, or control, sufficient to show any other datasets used to train the Meta Language Models (as construed above), as well as policies and procedures for identifying, assessing, vetting, and selecting sources of data for those models.

Discovery is ongoing and Meta will also supplement its response to this Interrogatory to identify the sources of such datasets and general categories of data within them, to the extent that

such information is within Meta's possession, custody, or control.

Discovery is continuing and Meta reserves the right to supplement or amend its response at a later time.

**Meta's First Supplemental Response to Interrogatory No. 1:**

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order, Meta responds as follows.

| | | | | |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

[redacted]

1. [redacted]
2. [redacted]
3. [redacted]
4. [redacted]
5. [redacted]
6. [redacted]

**INTERROGATORY NO. 2:**

Describe in detail the RLHF process for each Meta Language Model. Include in Your response:

a. Examples of types of experts who write questions and answers for use in RLHF;

b. Examples of questions and answers;

c. An explanation of the rating system or method of evaluation for the Meta Language Model's responses;

d. A description of the RLHF You actually undertook in order to correct or remediate any Meta Language Model's propensity to emit protected expression from its Training Data.

**RESPONSE TO INTERROGATORY NO. 2:**

Meta incorporates by reference its objections and definitions above, including to the terms "Meta Language Model," "You," and "Your."

As an initial matter, Meta objects to this Interrogatory because it consists of multiple, separate Interrogatories, each which count toward Plaintiffs' limit under the Federal Rules. For example, the question about the RLHF process is separate from subpart (b), which asks for "examples of questions answers" or subpart (c) which asks for a description of a rating system. Moreover, subpart (d) asks about steps taken to "correct or remediate" *any* language model's "propensity" to emit "protected expression," which is a separate inquiry altogether. This Interrogatory consists of *at least* three Interrogatories. In answering the Interrogatory, Meta does not waive this objection.

Meta objects to this Interrogatory as vague and ambiguous as to "examples of types of experts." Meta will construe this phrase to refer to examples of the general background of

responsibility for the planning, conception, design, programming, testing, or operation of Llama 1.

**Meta's First Supplemental Response to Interrogatory No. 12:**

**This response is designated as Highly Confidential – Attorney's Eyes Only under the Protective Order.**

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order, Meta incorporates herein its Supplemental and Amended Response to Interrogatory No. 7.

Meta has produced a copy of "Llama 2: Open Foundation and Fine-Tuned Chat Models" as Bates No. Meta_Kadrey_00000001- Meta_Kadrey_00000077. Pursuant to Rule 33(d), Meta also refers Plaintiffs to the paper titled "The Llama 3 Herd of Models," published by Meta on July 23, 2024, for further information.

Dated: August 22, 2024                                      COOLEY LLP

By: */s/ Judd Lauter*
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Colette Ghazarian

Attorneys for Defendant
META PLATFORMS, INC.

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

[X] (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Executed on August 22, 2024, at Palo Alto, California.

_Jessica G. Alvarez-Lopez_

COOLEY LLP
ATTORNEYS AT LAW

1                                                                           PROOF OF SERVICE

SERVICE LIST

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Louis A. Kessler
Holden Benon
Aaron Cera
Margaux Poueymirou
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
       czirpoli@saverilawfirm.com
       cyoung@saverilawfirm.com
       lkessler@saverilawfirm.com
       hbenon@saverilawfirm.com
       acera@saverilawfirm.com
       mpoueymirou@saverilawfirm.com

Matthew Butterick
**JOSEPH SAVERI LAW FIRM, LLP**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@buttericklaw.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Bryan L. Clobes (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
(215) 864-2800
Email: bclobes@caffertyclobes.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Alexander J. Sweatman
(admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: asweatman@caffertyclobes.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 933-1000
Email: dstraite@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Telephone: (312) 214-7900
Email: akeller@dicellolevitt.com
julwick@dicellolevitt.com

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Telephone: (619) 923-3929
Email: BrianO@dicellolevitt.com

*Attorneys for Plaintiff Lysa TerKeurst*