COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                    Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO META'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, unredacted versions of certain documents relating to Meta's Opposition to Plaintiffs' Administrative Motion ("Meta's Letter Brief"). Meta respectfully submits that good cause exists for the filing of these documents under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Michelle Woodhouse in support of this Administrative Motion to File Under Seal.

The following chart lists the documents for which Meta requests sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
| --- | --- |
| Exhibit C to Meta's Letter Brief | • Redacted portions |
| Exhibit D to Meta's Letter Brief | • Redacted portions |
| Exhibit E to Meta's Letter Brief | • Redacted portions |
| Exhibit F to Meta's Letter Brief | • Redacted portions |
| Exhibit H to Meta's Letter Brief | • Redacted portions |
| Exhibit I to Meta's Letter Brief | • Entire document |

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to Meta's Letter Brief itself and the supporting evidence attached thereto as further support for this Administrative Motion.

I.  **LEGAL ARGUMENT**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Meta's Letter Brief, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in

1  discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the
2  interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-
3  05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963
4  (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

5        Portions of Exhibits C through F, H and the entirety of Exhibit I, attached to Meta's Letter
6  Brief, contain Meta's confidential information, for which Meta requests sealing. Exhibits C, D, F,
7  and I are letters from counsel in this action regarding Meta's privilege log, which contain significant
8  discussion and descriptions of Meta's highly confidential internal communications. Exhibits E and
9  H are emails exchanged between counsel in this action regarding Meta's privilege logs, which
10 include information regarding the content of the privilege logs. Meta must request sealing of these
11 materials, as this information is highly confidential, and Meta takes steps to carefully protect the
12 confidentiality of information of this sort as disclosure has the potential to cause significant
13 competitive injury to Meta. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK,
14 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-
15 term financial projections, discussions of business strategy, and competitive analyses" sealable);
16 *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal.
17 Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical
18 information, and sensitive financial information sealable). These sealing requests are critical to
19 protect Meta's confidential sensitive technical and competitive information.

20       The specific basis for sealing these materials is outlined in the accompanying declaration
21 of Meta's Associate General Counsel, Michelle Woodhouse. As outlined in Ms. Woodhouse's
22 declaration, disclosure of the protected information contained in the materials Meta seeks to seal
23 would cause competitive harm to Meta if this information is publicly disclosed. Meta's sealing
24 requests and proposed redactions are narrowly tailored to include only that information which
25 would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration. In each
26 instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone*
27 *App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting
28 motion to seal where the defendant's interest in "maintaining the confidentiality of information

about its technology and internal business operations" outweighed that of the public in accessing such documents).

## II. CONCLUSION

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed documents accompany this Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant their Joint Administrative Motion to Seal.

Dated: November 12, 2024                              COOLEY LLP

By: /s/Kathleen Hartnett
Bobby Ghajar
Philip Morton
Mark Weinstein
Kathleen Hartnett
Matthew Brigham
Judd Lauter
Teresa Michaud
Liz Stameshkin
Colette Ghazarian
Juan Pablo Gonzalez
Cole Poppell

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | MATTHEW BRIGHAM (191428)<br>(mbrigham@cooley.com) |
| 3 | JUAN PABLO GONZALEZ (334470)<br>(jgonzalez@cooley.com) |
| 4 | 3175 Hanover Street<br>Palo Alto, CA  94304-1130 |
| 5 | Telephone:    (650) 843-5000 |
| 6 | LEX LUMINA PLLC<br>MARK A. LEMLEY (155830) |
| 7 | (mlemley@lex-lumina.com)<br>745 Fifth Avenue, Suite 500 |
| 8 | New York, NY 10151<br>Telephone:    (646) 898-2055 |