COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE EXCESS PAGES AND TO ESTABLISH A PRIVILEGE BRIEFING SCHEDULE (DKT. 259)**<br><br>Discovery Cut-Off: December 13, 2024<br>Trial Date: None<br>Date Action Filed: July 7, 2023 |

Plaintiffs' Administrative Motion to File Excess Pages And To Establish a Privilege Briefing Schedule (Dkt. 259, "Motion"), should be denied. Plaintiffs are "at fault, once again, for failing to meet the deadline to present disputes regarding 'existing written discovery.'" Dkt. 253 (citing Dkt. 238). Friday, November 8 was the deadline for "Letter Briefs re: Existing Written Discovery." Dkts. 238, 253. Yet, rather than submit a 5-page joint letter brief on November 8 regarding Plaintiffs' claimed privilege issues, as required by Judge Hixson's Discovery Standing Order,[1] Plaintiffs disregarded that process entirely: they never provided Meta with a draft joint statement; they unilaterally filed an unauthorized 10-page brief on November 8 (in which they flagrantly violated the protective order by filing Meta's highly sensitive confidential material on the public docket); and on the same date they for the first time sought the Court's approval for an elongated briefing schedule. Plaintiffs also failed to meet the October 16 deadline set by this Court (Dkt. 238) for meeting and conferring about the privilege issues they now seek to present to the Court. Plaintiffs' repeated approach of disregarding this Court's orders should not be countenanced. Because there is no good cause for the extension, their motion should be denied.[2]

## I. THE MOTION IGNORES AND FAILS UNDER THE APPLICABLE STANDARD.

Although they do not forthrightly acknowledge it, Plaintiffs' Motion seeks extensions of two deadlines in the Court-ordered case schedule: the October 16 deadline to meet and confer regarding existing written discovery disputes (Dkt. 238), and the November 8 deadline for the parties to submit letter briefing regarding existing written discovery disputes (Dkts. 238, 253).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610–11 (9th Cir. 1992). Under the Federal Rules, "[a] schedule may be modified only for good cause

---

[1] Available at the following link: https://www.cand.uscourts.gov/wp-content/uploads/2023/03/TSH-Discovery-Standing-Order.pdf

[2] Meta takes very seriously its obligation to make accurate and legally supported privilege assertions and to provide an accurate privilege log. Meta has been working with Plaintiffs for weeks to respond to their seriatim critiques of Meta's log—many of which are unfounded and conflict with Plaintiffs' own practices—and will continue doing so. Notably, Plaintiffs' present attack challenges the vast majority of Meta's privilege assertions, largely with only broad, generic arguments about the "insufficiency" of descriptions in Meta's logs. Meta does not seek to shield its privilege determinations from this Court's review. Rather, it seeks to prevent Plaintiffs from, yet again, violating this Court's scheduling orders when there is no good cause to do so.

and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* Fed. R. Civ. P. 6(b).  Good cause requires "reasonable diligence." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 174 n.6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609) (absent diligence, "the inquiry should end"); *see, e.g., Casillas v. Bayer Corp.*, 2024 WL 3440449, at *2 (N.D. Cal. July 16, 2024) (denying motion to extend).  The Civil Local Rules set forth additional requirements for a motion to extend case deadlines.  *See* Civil L.R. 6-1, 6-3.  Among other things, a party moving for such an extension must include a declaration that "identifies the substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R. 6-3(3).  Plaintiffs' declaration does not attempt to make this showing.

## II.    BACKGROUND

Meta proposed to mutually exchange privilege logs on August 30, 2024.  Dkt. 137 at 3. Meta served its logs on that date, *see id.*,[3] whereas Plaintiffs did not, *see* Exhibit A.  Meta did not receive logs from all Plaintiffs (other than Farnsworth) until September 30, 2024.  *See* Exhibit B.

On September 18, 2024, Plaintiffs sent a letter outlining purported deficiencies in Meta's privilege logs.  Exhibit C (9/18/24 Plaintiffs' Letter).  The parties met and conferred, and on September 30, 2024, Meta wrote to Plaintiffs explaining how Meta was addressing their complaints, even where not required.  *See* Exhibit D (9/30/24 Meta Letter).  As promised, Meta then served Plaintiffs with its amended and supplemental privilege logs on October 7, 2024.  Exhibit E.

Meanwhile, on October 4, 2024, Judge Chhabria extended fact discovery until December 13, 2024 and required the parties to propose a schedule for "all surrounding dates." Dkt. 211.  On October 11, 2024, the parties stipulated to an October 16, 2024 deadline to meet and confer regarding existing written discovery ("M&C Deadline") and an October 23rd deadline to file letter briefs regarding existing written discovery ("Letter Brief Deadline").  Dkt. 227.  Judge Chhabria entered the stipulation as an order on October 24, 2024.  Dkt. 238; *see* Dkt. 253.

On the October 16, 2024 M&C Deadline, the parties held a 3-hour meet and confer, Dkt. 250 at 2, but Plaintiffs did not raise any complaints about privilege, including with respect to Meta's October 7 amended and supplemental logs.  Indeed, it was not until October 23, 2024—***seven days*** after the M&C Deadline and ***sixteen days*** after Meta served its logs—that Plaintiffs wrote Meta

---

[3] Meta has provided Plaintiffs with two privilege logs—one for email and one for non-email.

claiming to have issues with Meta's amended and supplemental logs. See Exhibit F.

On October 29, 2024, having missed the October 23 deadline, Plaintiffs moved to extend the Letter Brief Deadline, citing thirteen purported deficiencies in Meta's existing written discovery, but not mentioning any issues with Meta's privilege logs. See Dkt. 244 ("October 29 Motion"). The Court allowed Plaintiffs to present their challenges to Meta's existing written discovery by November 8 if they paid Meta's fees for the October 29 Motion. Dkt. 253. Plaintiffs then presented five issues regarding Meta's existing written discovery on the Letter Brief Deadline—none concerning Meta's privilege logs. Dkt. 267.[4]

Meanwhile, the parties sought to negotiate a potential global resolution of the process for resolving existing discovery disputes, see Exhibit G, with Meta making clear that "[w]ithout an agreement on all terms we do not have an agreement on any." Id. at 15. Meta considered consenting to Plaintiffs' request to allow privilege briefing after the November 8 deadline, but ultimately did not agree to do so, given Plaintiffs' shifting and unreasonable positions (including Plaintiffs' failure to timely identify the alleged privilege issues they intended to brief and failure to share the brief with Meta in advance, despite Meta expressly requesting that they do, insistence on a reply, page length, and other issues). See Exhibit G. The deadline for briefing Plaintiffs' privilege issues with Meta's existing written discovery thus remained November 8.

At 5:00 p.m. on November 7, 2024, Plaintiffs sent Meta a long list of "the issues/log entries that Plaintiffs intend to brief on privilege issues." Exhibit H (11/7/24 Plaintiffs' Email). At no point did Plaintiffs send Meta a section of a joint statement regarding the privilege issues for submission to the Court. Then, on November 8, 2024, at almost midnight Plaintiffs filed the instant extension Motion regarding their privilege disputes, Dkt. 259, as well as an unauthorized 10-page letter brief on Plaintiffs' privilege disputes, Dkt. 262. Plaintiffs' unauthorized brief flagrantly violated the protective order by highlighting Meta's highly confidential information rather than redacting it, see id.; had Plaintiffs not taken unilateral, rash action but instead complied with Judge Hixson's procedures, Meta would have seen the brief first and could have addressed the issue.

---

[4] Plaintiffs did not send Meta their portion of the 30-page joint letter brief regarding those five issues until 3:45 p.m. on Wednesday, November 6, and did not provide their exhibits until later that evening, resulting in an unnecessary chaotic process for the briefing submitted at Dkt. 267.

### III. NO GOOD CAUSE EXISTS TO EXTEND THE APPLICABLE DEADLINES.

The Court's Orders are clear: Plaintiffs were required to meet and confer on existing written discovery disputes by October 16 (Dkt. 238) and present any letter brief regarding existing written discovery disputes by November 8 (Dkts. 238, 253). Because Plaintiffs failed to comply with these deadlines without good cause, the Court should deny the Motion.

With respect to the October 16th deadline, Dkt. 238, Plaintiffs cite earlier conferrals that are beside the point. *See* Dkt. 259 at 1 (stating that "[t]he parties already met and conferred on September 24, 2024 regarding Meta's privilege log"). As explained above, following the parties' September conferral, Meta followed up with a letter to Plaintiffs and provided amended and supplemental privilege logs on October 7, 2024. To the extent Plaintiffs continued to have issues with Meta's privilege assertions, the Court's scheduling order required Plaintiffs to meet and confer with Meta by October 16. Yet Plaintiffs raised no privilege issues on the parties' 3-hour meet and confer on October 16 and instead failed to notify Meta of any issues with its October 7 privilege log until October 23. *See* Dkt 259 at 1. Because Plaintiffs failed to timely meet and confer regarding the privilege issues they seek to present to the Court, those issues are time-barred.[5]

With respect to the November 8 deadline for briefing disputes regarding existing written discovery, Plaintiffs have violated that deadline in several respects—all without good cause. **First**, Plaintiffs failed to provide their portion of a 5-page joint statement regarding the claimed privilege issues to Meta in advance of the November 8 deadline, per Judge Hixson's procedures. Instead, Plaintiffs sent a laundry list of alleged privilege disputes to Meta *on the evening* of November 7, and Meta only received Plaintiffs' briefing when Plaintiffs unilaterally filed their unauthorized brief on November 8. **Second**, Plaintiffs failed to file a proper joint statement regarding privilege issues on November 8. Judge Hixson's Discovery Standing Order makes clear that the Court may "order more formal briefing" as a result of a joint statement. Thus, to the extent Plaintiffs wanted more briefing of their privilege issue, they should have requested it in a joint statement, not ignored the joint statement requirement. **Third**, Plaintiffs filed a 10-page, unauthorized brief on November 8,

---

[5] Plaintiffs also violated Judge Hixson's Discovery Standing Order by failing to have a meet and confer "conducted by lead counsel" on the issues they now seek to present to the Court.

without leave of Court.  All of this is entirely unwarranted.

Plaintiffs' excuses are unavailing.  ***First***, they argue that "existing written discovery" disputes do not include privilege log disputes, and that Meta acknowledged this during the parties' scheduling meet and confer.  *See* Dkt. 259 at 1–2.  Plaintiffs are wrong on both points.  As Meta has made clear to Plaintiffs, *see, e.g.*, **Exhibit I**, Meta's privilege logs embody Meta's claims of privilege regarding its existing written discovery, so disputes about those logs are plainly disputes about "existing written discovery."  *See* Fed. R. Civ. P. 26(b)(5)(A) (describing privilege log process).  And Meta's view that there was no need for separate privilege deadlines (as those deadlines were covered by the existing written discovery deadlines), *see* Dkt. 259 at 1–2; Dkt. 259-2 at 7 (Meta, explaining that Plaintiffs' proposed privilege deadlines were not "necessary for this schedule"), only confirms Meta's point.  Notably, the Court required the parties to submit deadlines for "***all*** surrounding dates," Dkt. 211 (emphasis added), meaning that if the "existing written discovery" deadlines excluded privilege issues, the Court-ordered schedule would be incomplete.

***Second***, Plaintiffs suggest that Meta's willingness to consider an extension of the deadline for briefing privilege issues, *see* Dkt. 259 at 1; **Exhibit G,** excuses Plaintiffs' untimeliness.  It does not.  Meta considered consenting to a revised briefing schedule as part of a potential global resolution of procedural issues, but ultimately could not do so in light of Plaintiffs shifting and unreasonable demands (including that they would be briefing five other issues on short notice, and that they demanded extra pages, a reply, and allowance for a declaration).  *See* **Exhibit G.**  At no time did Meta indicate that the November 8 deadline did not apply.

Finally, Plaintiffs claim that the parties were not truly at an impasse until November 1.  *See id.*  Not only is this incorrect (nor is Plaintiffs' privilege brief limited to any such issues) but it is no excuse for Plaintiffs' failure to submit a compliant joint statement on November 8.

For the foregoing reasons, the Court should enforce the relevant deadlines and rule that Plaintiffs' claimed privilege disputes are time-barred.  Alternatively, if the Court is willing to consider Plaintiffs' unauthorized and untimely letter brief, Meta respectfully requests that this Court grant Meta leave to file a ten-page letter brief opposition by Tuesday, November 19, 2024.  Plaintiffs should not be granted a reply.

| | |
|---|---|
| Dated: November 12, 2024 | COOLEY LLP |
| | By: */s/Kathleen Hartnett* |
| | Bobby Ghajar |
| | Mark Weinstein |
| | Kathleen Hartnett |
| | Teresa Michaud |
| | Phillip Morton |
| | Judd Lauter |
| | Liz Stameshkin |
| | Matthew Brigham |
| | Colette Ghazarian |
| | Juan Pablo Gonzalez |
| | Cole A. Poppell |
| | |
| | LEX LUMINA PLLC |
| | Mark A. Lemley |
| | |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | Angela L. Dunning |
| | |
| | Attorneys for Defendant |
| | META PLATFORMS, INC. |

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:    (646) 898-2055