# EXHIBIT A



Juan Pablo Gonzalez
T: +1 650 843 5095
jgonzalez@cooley.com

September 25, 2024 *Via E-Mail*

Joseph Saveri Law Firm, LLP
601 California Street, Suite 1505
San Francisco, California 94108

Cafferty Clobes Meriwether & Sprengel LLP
135 S. LaSalle Street, Suite 3210
Chicago, Illinois 60603

DiCello Levitt LLP
4747 Executive Drive, Second Floor
San Diego, California 92121

Matthew Butterick
1920 Hillhurst Avenue, #406
Los Angeles, California 90027

**Re:** *Kadrey et al v. Meta Platforms, Inc.*, **Case No.: 3:23-cv-03417-VC**
**Plaintiffs' Privilege Logs**

Counsel:

Please provide your availability to meet and confer regarding widespread deficiencies found across the privilege logs served by the Joseph Saveri Law Firm and Cafferty Clobes on August 21, 2024, and September 20, 2024, respectively, and Ms. TerKeurst's ongoing failure to serve any privilege log at all.

As Plaintiffs' counsel is undoubtedly aware, the Federal Rules require that when a party withholds information otherwise discoverable on the basis of privilege, it must sufficiently describe the information so as to "enable other parties to assess" the claimed privilege or protection. (Fed. R. Civ. Pro. 26(b)(5)). In the Ninth Circuit, a party meets this burden by providing a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1989)). Across the two privilege logs thus far disclosed, Plaintiffs failed to adequately meet at least requirements (a)-(d).

As an initial matter, Plaintiffs' privilege logs contain boilerplate descriptions throughout. In fact, every single one of Plaintiffs' 195 entries across both privilege logs refers to "pending legal proceedings and legal issues," and the same typographical error is found across 175 entries in Cafferty Clobes' privilege log ("pending legal proceeding and legal issues related therin [sic]"), which indicates that these descriptions were not bespoke or otherwise individually prepared. We ask that you confirm that you have reviewed each document reflected in Plaintiffs' privilege log and provide sufficient descriptions of each document so that Meta may assess Plaintiffs' claims of privilege.

# Cooley

September 25, 2024
Page Two

Second, there are several instances within the Cafferty Clobes privilege log that fail to identify any attorney or group of attorneys (e.g., entries corresponding to Bates/Control Numbers: #708242.1; #708253.1; #708271.1; #708271.1; #708284.1; #708718.1; SNYDER000067; SNYDER000069-91). Thus, on its face, and in view of the deficient descriptions, we cannot ascertain why there is a privilege claim. Therefore, for each entry, please explain the basis for the claimed privilege and identify the attorney or group of attorneys who provided the allegedly protected legal advice.

Third, there are at least several instances where Plaintiffs appear to lack a basis to assert any claimed privilege altogether. For example, #708271.1 describes an instance where Mr. David Hwang is communicating with a third party, Mr. "Kevin Y.," who does not appear to be an agent or employee of either Mr. Hwang or his attorneys. Why was this withheld on privilege grounds? Even if Mr. Hwang's communication "reflected" legal advice, which is not apparent from the description, his disclosure to a third party like Mr. "Y." would waive attorney client privilege. Please provide Plaintiffs' basis for withholding this document. As another example, LIPPMAN004564 is an email chain forwarded by Ms. Tayari Jones to Ms. Laura Lippman. Ms. Jones appears to be a third party who is not an agent or employee of either Ms. Lippman or her attorneys, and her forwarding of the redacted email to Ms. Lippman constitutes a waiver of the claimed privilege. Please provide Plaintiffs' basis for redacting this document.

Fourth, there are a number of unidentified third parties listed throughout the Cafferty Clobes privilege log that do not readily present as employees or agents of either Plaintiffs or their respective counsel (e.g., <bblanco@peyalex.com>; <octavia@maceolyn.com.>; <cfoley@penguinrandomhouse.com>; <julia@watkinsloomis.com>). We observe that Plaintiffs are not claiming these documents were withheld on the basis of the common interest doctrine. Without additional information, we are unable to assess the extent to which disclosure to these third parties waived any claimed privilege. Without more, that conclusion seems likely. Please provide information sufficient to explain why the disclosure to such third parties is not a waiver of the claimed privilege.

Fifth, we note that across both sets of privilege logs there are only 14 documents (all in the Cafferty Clobes privilege log) dated in 2023. Please confirm that this constitutes the entire body of 2023 documents for which Plaintiffs claim a basis for withholding. To the extent there are additional responsive documents from 2023 that are being withheld, please provide an explanation regarding Plaintiffs' failure to account for these or confirm your intention to waive any privilege or protection as to these documents.

Sixth, the earliest entries in the Saveri privilege log (for Mr. Golden and Ms. Silverman) begin in February 2024. This suggests that there were no privileged communications between those plaintiffs and any attorneys or others with whom they are claiming common interest prior to that date. However, we know this is not the case, as Mr. Golden, for example, testified that he had written communications with his attorney both before retaining the Saveri and Butterick firms in 2023, and leading up and through the filing of the Complaint. Given that Mr. Golden testified that he reviewed the Complaint, it appears unlikely that there was not a single privileged communication prior to 2024. Please correct the log and ensure it captures all documents that the Saveri Plaintiffs (Golden, Kadrey, and Silverman) are withholding on the basis of privilege.

Finally, relevant to counsel to Ms. TerKeurst, we note – again – that she has failed to timely serve a privilege log and failed to do so before her deposition.

We reserve all rights in connection with Plaintiffs' late and deficient logs.

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com



September 25, 2024
Page Three

Thank you,

*Juan Pablo Gonzalez*
Juan Pablo Gonzalez

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com