# EXHIBIT C



DICELLO LEVITT

TEN NORTH DEARBORN STREET    SIXTH FLOOR    CHICAGO, ILLINOIS 60602

NADA DJORDJEVIC
NDJORDJEVIC@DICELLOLEVITT.COM
312.214.7900

September 18, 2024

**VIA EMAIL**

Bobby Ghajar (bghajar@cooley.com)
Colette Ghazarian (cghazarian@cooley.com)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401

Mark Weinstein (mweinstein@cooley.com)
Kathleen Hartnett (khartnett@cooley.com)
Judd Lauter (jlauter@cooley.com)
Elizabeth L. Stameshkin (lstameshkin@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Mark A. Lemley (mlemley@lex-lumina.com)
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151

Angela L. Dunning (adunning@cgsh.com)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304

   Re:   *Kadrey et al v. Meta Platforms, Inc.*, Case No. 3:23-CV-03417

Dear Counsel:

   We write to address Defendant Meta Platforms, Inc.'s ("Meta") privilege log, which was produced to Plaintiffs on August 30, 2024. Plaintiffs have already identified various deficiencies and inconsistencies in Meta's redaction of documents and inclusion of improperly redacted documents in its privilege log. This letter addresses additional deficiencies in Meta's privilege log that need to be remedied immediately. This letter does not purport to address everything that is deficient and objectionable about Meta's privilege log and Plaintiffs reserve all rights regarding additional deficiencies identified.

   The deficiencies addressed in this letter can be grouped into the following general categories, each of which are discussed in greater detail below:

   a. Privilege log entries that fail to identify all persons known to have sent, received, or been made aware of the document over which Meta is claiming privilege (890 of the 1129 entries fail to identify any recipients and 195 fail to identify the author or sender);

Counsel for Defendant Meta in *Kadrey v. Meta Platforms, Inc.*
Page 2
September 18, 2024

- b. Privilege log entries with deficient descriptions purportedly substantiating the basis of the claimed privilege, including:
    - Six hundred and seventy one (671) entries that merely say the document "reflects" legal advice in a broad legal category;
    - Ninety four (94) entries that merely say the document either requests or provides information "for the purpose of facilitating legal advice;" and
    - Fifty eight (58) entries stating generally that the document is "seeking and reflecting legal advice" without identifying the author or recipients; and
    - Thirty nine (39) entries with the description "providing legal advice" that fail to identify an attorney in the "Author/From" column
- c. Privilege log entries which include individuals who do not appear to be attorneys in the "Legal Source" column;
- d. Privilege log entries which simply state "MPI in house" or "External counsel" in the "Legal Source" column without identifying any counsel by name; and
- e. Privilege log entries involving Meta's in-house counsel that fail to provide sufficient information for Plaintiffs to meaningfully assess whether the communications involving its in-house counsel were made for the primary purpose of seeking legal advice.

**The Ninth Circuit Has Strict and Detailed Requirements For Privilege Log Contents**

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted); *see Vasudevan Software, Inc. v. IBM Corp.*, Case No. 09-cv-5897-RS (PSG), 2011 WL 1599646, at * 1 (N.D. Cal. Apr. 27, 2011). The party asserting the privilege bears the burden of proving each essential element. *Id.*[1]

"The Ninth Circuit is clear: a party cannot withhold documents as privileged if it fails to substantiate its privilege assertions." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 239 (N.D. Cal. 2015) (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005)). The requirements for a privilege log are exacting:

> In the Ninth Circuit, a privilege log must identify (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. The failure to substantiate privilege in a log also may waive the privilege.

---

[1] A communication is covered by the attorney-client privilege only if it satisfies an eight-part test: (1) legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010).

Counsel for Defendant Meta in *Kadrey v. Meta Platforms, Inc.*
Page 3
September 18, 2024

*Apple*, 306 F.R.D. at 237 (internal quotations omitted); *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO (VKD), 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) (same); *Trejo v. Macy's, Inc.*, No. 513CV02064LHKPSG, 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (listing similar elements). A privilege log must provide sufficient information to enable other parties to assess whether privilege applies. *Apple*, 306 F.R.D at 237; Fed. R. Civ. P. 26(b)(5). Meta's privilege log fails to satisfy these requirements.

### Meta's Privilege Log Fails To Meet Ninth Circuit Standards In Numerous Ways

#### A. Failure to Identify All Parties To the Communication or Who Received or Saw the Document

***Authors/Senders and Recipients.*** "The purpose of attorney-client privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). However, the privilege is "strictly construed." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). "[I]t applies only where necessary to achieve its purpose" and "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

A privilege log must indicate all persons known to have sent, received, or been made aware of a document. *Apple*, 306 F.R.D. at 237. Here, Meta failed to identify an author or sender for 195 items included in its privilege log. Meta also failed to identify the recipient for a whopping 890 of 1129 items, including 37 "presentations," presumably viewed by multiple people. Meta's privilege log is plainly deficient. *See In re Meta Pixel Healthcare Litig.*, 2024 WL 3381029, at *3 (N.D. Cal. July 10, 2024) (observing that Meta's privilege log generally satisfied Ninth Circuit requirements where it identified: the attorneys involved in the communications; the nature, subject matter, and purpose of the communications; all persons known to have sent or received the communications or been informed of the contents of the communications; and the dates of the communications).

The omissions of authors and recipients make it impossible for Plaintiffs to reliably assess whether the corresponding document is in fact privileged, particularly where a given item suffers both deficiencies. For example, record number 580 is described as a "Document seeking and reflecting legal advice concerning data privacy." Neither the author/sender nor recipient are identified. The "Legal Source" is vaguely described as "External Legal Counsel" and "MPI In-House Legal Counsel." Meta has not provided sufficient information for Plaintiffs to meaningfully assess any element of attorney client privilege. And, with recipients omitted, Plaintiffs are unable to assess whether these communications occurred in confidence. *See United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009) (Voluntary disclosure of privileged information to third parties waives the attorney-client privilege).

#### B. Failure to substantiate purported privileged status of document

***"Reflecting" Legal Advice.*** For 671 items—nearly sixty percent of Meta's privilege log—the notation purporting to substantiate the privileged status of the item merely states that the item "reflects" legal advice in a broad legal category. For example, item number 980 is described as a "Document reflecting legal advice concerning data privacy." The caselaw plainly deems this description deficient to assert attorney-client privilege. "A vague declaration that states only that

Counsel for Defendant Meta in *Kadrey v. Meta Platforms, Inc.*
Page 4
September 18, 2024

the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (quoting *Hynix Semiconductor Inc. v. Rambus Inc.*, No. 00-cv-20905-RMW, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008).

**"Facilitating" Legal Advice.** For 94 items, the notation purporting to substantiate the item's privileged status states that the item either requests or provides information "for the purpose of facilitating legal advice." Like the items "reflecting" legal advice, this description is far too vague to substantiate attorney-client privilege.

The descriptions also fail to provide enough information for Plaintiffs to assess whether Meta waived privilege by disclosing the information. To retain privileged status when disclosing information to third parties, the third party must have been enlisted by the attorney or client to act as a "translator" of the attorney-client communications. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1071 (N.D. Cal. 2002). Although the privilege does extend to communications between counsel and non-attorney employees for the purpose of seeking legal advice (*Id.* at 1077), Plaintiffs cannot assess whether the principle applies here, as Meta failed to identify the recipient for 59 of the 94 items described as facilitating legal advice.

### C.  Failure to Sufficiently Identify "Legal Source" of Purported Privilege

**The Attorney Involved.** First, the "Legal Source" column of Meta's privilege log includes several individuals whom Plaintiffs believe to be non-attorneys and thus cannot be the "source" of attorney-client privilege. These include █████████████████████████████████

In addition to identifying non-attorneys as the "Legal Source" for various entries in the privilege log, Meta cites generic groups in the "Legal Source" column. Meta lists "MPI In-House Counsel" as the "Legal Source" for 579 items, and "External Legal Counsel" as "Legal Source" for 21 items. These descriptions do not provide Plaintiffs sufficient information to assess whether the corresponding items are genuinely privileged. *See e.g., Eastman v. Thompson*, 594 F. Supp. 3d 1156, 1181 (C.D. Cal. 2022) ("Dr. Eastman's description in the privilege log is conclusory, describing the sender merely as his "co-counsel.'").

**"Providing" Legal Advice.** Of particular concern, 39 items in Meta's privilege log are described as "providing legal advice," yet fail to identify an attorney in the "Author/From" column. Among these, nine items described as "providing legal advice" were authored solely by individuals Plaintiffs believe to be non-attorneys, including: ████████████████████████████████

Four items identify the author with only a Meta email address, which was insufficient for Plaintiffs to determine whether the individual is an attorney. Seven items purporting to provide legal advice have no author at all; the "From/Author" column is blank. For the remaining items,

Counsel for Defendant Meta in *Kadrey v. Meta Platforms, Inc.*
Page 5
September 18, 2024

the "author" is a non-descript "Shared drive (unavailable)" or Meta's legal hold system address, "Legal Hold – Meta Legal ▉▉▉▉▉▉▉▉▉▉."

Attorney-client privilege "must be strictly confined within the narrowest possible limits consistent with the logic of its principles." *Sierra Club, Inc. v. United States Fish & Wildlife Serv.*, 925 F.3d 1000, 1011 (9th Cir. 2019). The privilege plainly does not encompass legal advice "provided" by non-lawyers.

### D. Failure to Demonstrate That Primary Purpose of Communications with Meta's In-House Counsel Was to Seek Legal Advice

*In-House Counsel.* Most of the attorneys included in Meta's privilege log are Meta's in-house legal counsel. "Because in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors, the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel." *Apple*, 306 F.R.D. 234, 244 (N.D. Cal. 2015).

Attorney-client privilege does not protect advice from an in-house counsel regarding business matters. S*ee Oracle Am., Inc. v. Google, Inc.*, No. C-10-03561-WHA DMR, 2011 WL 3794892, at *3 (N.D. Cal. Aug. 26, 2011) (finding that an email relaying a business discussion was not protected by attorney-client privilege). "When a communication may relate to both legal and business advice, the proponent of the privilege must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby Lab'ys Licensing Corp*, 402 F. Supp. at 873 (quoting *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076).

Here, Meta has not provided sufficient information for Plaintiffs to meaningfully assess whether the communications involving its in-house counsel were made for the primary purpose of seeking legal advice. The Ninth Circuit follows the narrower "primary purpose test" for determining whether a communication is protected by attorney-client privilege. *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). A communication is protected by attorney-client privilege only where the "primary purpose" of the communication is "to give or receive legal advice, as opposed to business ... advice." *Id.* at 1091.

********

Plaintiffs demand that Meta correct the deficiencies identified in this letter by **Tuesday September 24, 2024**. If Meta is unwilling to correct the deficiencies in its privilege log, Plaintiffs will raise the issue with the Court.

Plaintiffs are available **Friday September 20, 2024 from 12-4 Pacific** to meet and confer with Meta on the issues raised in this letter. Please let us know Meta's availability as soon as possible.

Sincerely,

*/s/ Nada Djordjevic*
Nada Djordjevic