# EXHIBIT D



September 30, 2024
Page 1

**VIA EMAIL**

Elizabeth L. Stameshkin
T: +1 650 843 5121
lstameshkin@cooley.com

September 30, 2024

Amy Keller
DiCello Levitt
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602

**Re:**   *Kadrey, et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417 (N.D. Cal.),
Privilege Log Follow Up

Dear Amy,

As promised, we respond further to your firm's September 18 letter and our meet and confer discussions on September 24 relating to your questions regarding Meta's privilege log.  We appreciate the productive nature of that call  and expect to continue to work with you to resolve these issues as well as those raised by Meta regarding Plaintiffs' privilege logs.  To that end, and without any waiver or admission regarding the propriety of Plaintiffs' criticisms of Meta's August 30 privilege log, we provide the following updates and responses.

As an initial matter, as a show of good faith, we plan to provide you with an updated privilege log in one week (October 7).  We are open to stipulating to hold off on any briefing by both sides relating to privilege log issues (currently scheduled for Thursday, October 3) to a later date.  That would allow both parties to review any revised logs and responses, and determine if open issues still exist.  To that end, we need your written response to our September 25 letter concerning Plaintiffs' privilege logs, followed by updated privilege logs for Plaintiffs by October 7.

As to the other matters discussed in your letter and on our call:

First, at Plaintiffs' request, we have completed a re-review of Meta's redacted documents and completed an updated production and reproduction (which you have now received).  We will revise or remove any privilege log entries relating to these documents, as appropriate.

Second, you requested on our call that we provide our updated privilege log in Excel format.  We are prepared to undertake that burden, and understand that Plaintiffs will do the same for any updated or additional logs based on our call.  Please confirm.

Third, on our call, you requested that we provide you with "metadata" including the subject line and filename of documents.  You have not cited any case law that requires a party to do so in a privilege log and none of the Plaintiffs did so for their privilege log.  Nonetheless, if doing so would help obviate motion practice, we are prepared to do that -- with the understanding that we may need to redact or remove certain subject lines or filenames if they contain information that themselves are Attorney-Client Privileged and/or Work Product.  Please confirm.

Cooley LLP   3175 Hanover Street  Palo Alto, CA  94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



September 30, 2024
Page 2

Fourth, during our call, you asked us various questions about Meta's August 30 privilege log. We voluntarily provided you with answers on the following points, which we memorialize here:

- The "Legal Source" column identifies attorneys by name, if possible, or identifies Meta's in house legal team in the instance where there is no reference to a specific attorney.



- We explained that, when used in our log, the phrase "providing legal advice" referred to attorneys directly providing advice in the document, such as authoring the document, providing comments in the document, or sending an email. Meanwhile, "reflecting legal advice" would refer to, for example, another Meta employee reiterating legal advice they obtained from legal counsel or a document that was prepared with legal counsel and incorporates counsel's advice but was not directly authored by counsel.

Fifth, although we are unaware of any case law requiring us to oblige the requests, you asked us to make numerous changes to the log when it is updated. As a courtesy, and to avoid unnecessary motion practice, we agree to do what you asked, as follows:

- We will add a column noting whether a document is redacted or withheld in full.
- If possible, we will revise the log in an attempt to group/log duplicate documents together.
- If feasible, we will identify whether a document is an attachment, and which entry/Bates number the document is attached to.
- At your request, we will remove the small handful of non-attorneys identified by your letter in the Legal Source column, and reaffirm each of those entries.
- We will investigate the identity of external counsel, to the extent possible, where they are not named, and include their names and/or firms as we can.
- We will investigate the provenance of author information that does not appear to reflect names/email addresses (e.g., "Share Drive (unavailable)") and provide additional information regarding these sources to the extent available.

Sixth, notwithstanding the specificity in Meta's privilege log, you asked us to consider providing you with additional information regarding the documents in the log. We are willing to consider this so long as the additional specificity is mutual (in this respect, we refer you to our September 25 letter regarding Plaintiffs' logs). Perhaps providing the title and subject line of these documents may help. Beyond this, to the extent there are specific documents you have legitimate questions about with respect to their description or other information, as we discussed, and provided there are only a few entries at issue, we would be



September 30, 2024
Page 3

willing to schedule a call to talk about a reasonable number of documents and, if possible, provide more detail (e.g., if a document is a proposal provided to attorneys for review which includes attorney comments). Lastly, we would consider providing file extension information, to the extent that would be helpful.

We trust that this response will be received in the spirit of resolving any potential disputes between the parties over the privilege logs.

Very truly yours,

*/s/ Elizabeth L. Stameshkin*
Elizabeth L. Stameshkin

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY