# EXHIBIT H

**Hartnett, Kathleen**

| | |
|---|---|
| **From:** | Maxwell Pritt <mpritt@BSFLLP.com> |
| **Sent:** | Thursday, November 7, 2024 5:00 PM |
| **To:** | z/Meta-Kadrey; Dunning, Angela L.; mlemley@lex-lumina.com |
| **Subject:** | Kadrey v. Meta - Privilege Issues/Briefing |

**[External]**

Counsel,

Although Meta has not responded to the latest scheduling proposal we discussed and I emailed this morning, in the hopes of moving toward resolution on scheduling, we're sending the below per Meta's request that Plaintiffs email by COB the issues/log entries that Plaintiffs intend to brief on privilege issues.

Plaintiffs intend to brief issues identified in our October 23 meet and confer letter that were not resolved by Meta's November 1 letter, as reflected below. Plaintiffs appreciate that Meta appears to have begun reproducing documents for some of the issues Plaintiffs identified in their letter, and if there are additional issues identified below that Meta believes the parties can resolve informally, please let us know by noon pacific tomorrow, 11/8. We're also available to further meet and confer to discuss any potential resolution and reserve the right to modify issues/entries based on any meet and confer.

1. Unresolved issues re: Meta's amended privilege logs:

    a. Meta fails to identify which individuals named in its privilege logs are attorneys, and Meta fails to identify the names corresponding to email addresses.

        i. <u>Relief requested</u>: If Meta is unable to provide a list of the names, email address, and job titles of Meta's in-house and outside counsel to "assist Plaintiffs with cross-referencing names and email addresses to the extent applicable to any particular document" as Meta agreed to, Plaintiffs will request that the Court enter an order requiring Meta to provide this information.

    b. Meta produced documents with improper redactions to names of senders and recipients, headings, and filenames.

        i. <u>Relief requested</u>: If Meta will not agree to complete the "re-review" it agreed to conduct by November 12, Plaintiffs will ask the Court to order Meta to complete its re-review and reproduce documents with all of the identified senders, recipients, and non-privileged headers, filenames, and slides unredacted by November 18. For any headings, slides, and filenames over which Meta continues to assert attorney-client privilege, Plaintiffs will ask the Court to order Meta to provide the documents to the Court for *in camera* review.

        ii. Related entries:

      1. Email Log Nos. 35, 57, 59, 60, 132, 133, 134, 136, 137, 138, 139, 142, 143, 431, 432, 446, 447, 533, 534, 535, 543, 589, 590, 591, 603, 604, 757. See Email Log No. 492 (sender, date, and time redacted) vs. Email Log. No. 485 (same text in same message not redacted).

      2. Non-Email Log Nos. 76, 84, 107, 135, 194, 276, 324, 325, 354, 366, 380, 386, 422 (improperly redacted headings) and Nos. 3, 71, 79, 95, 109, 110, 111, 125, 127, 128, 129, 133, 134, 141, 142, 147, 158, 166, 185, 188, 190, 196, 199, 240, 279, 294, 299, 307, 312, 329, 349, 352, 398, 420, 421, 424, 435, 537, 440, 442, 452, 467 (fully and partially redacted filenames)

c. Meta's "Legal Source" column is vague and insufficient.

  i. Relief requested:

    1. If Meta will not agree to supplement its amended logs with additional information regarding the entries showing "External Legal Counsel" as the "Legal Source" by November 12, Plaintiffs will request that the Court enter an order requiring Meta to further amend its logs to identify by name the "External Legal Counsel" in each current log entry. Plaintiff also will ask the Court to order Meta to produce:

- All documents identified in the amended logs where the only "Legal Source" is "MPI In-House Counsel;" and
- All documents identified in the amended logs where the "Legal Source" is "External Legal Counsel; MPI In-House Legal Counsel" and Meta does not amend the log entry for those documents to identify the "External Legal Counsel" by name;

Alternatively, Plaintiffs will request that the documents be submitted to the Court for *in camera* review.

      a. Related entries:

        i. Non-Email Log Nos. 3, 4, 7–17, 23–25, 28, 30, 35, 36, 45, 46, 51, 59–61, 67, 69, 74–79, 81, 85, 87, 91, 93, 114, 115, 117, 118, 120, 121, 125, 126, 128, 131, 136, 142, 154, 158, 160, 163, 165, 166, 169, 172, 173, 176, 178, 181, 182, 184–187, 190, 194, 198, 201, 203, 207–217, 220, 221, 229–231, 234, 236, 238, 240, 242, 244, 245, 250–252, 254, 255, 257, 264, 265, 267, 269–272, 275, 277–279, 281, 282, 286, 288, 290, 291, 293, 294, 302, 309, 311, 314–317, 319, 321, 322, 326–328, 330–333, 335, 337, 339, 341, 342, 345, 346, 349, 354, 357–361, 363–365, 367, 369, 372–377, 380–388, 391–393, 401, 402, 405–407, 410, 412–416, 418–420, 422–425, 428, 429, 431, 434–436, 441, 445–450, 455–458, 461–463, 466 (only "Legal Source" is "MPH In-House Counsel); Nos. 29, 193, 195, 304, 454 (only "Legal Source" is "External Legal Counsel; MPI In-House Legal Counsel"); and Nos. 18, 31, 94, 96, 97, 129, 130, 139, 199, 235, 298, 305, 318, 355, 379, 394 (listing "MPI In-House Legal Counsel" and specific in-house counsel as the "Legal Source").

        ii. Email Log Nos. 3, 10, 20, 24, 25, 27, 28, 34, 39, 42, 43, 46, 65, 72, 135, 144, 145, 152, 159, 160, 165, 169, 183, 185, 189, 191, 194, 195, 205, 215, 217, 218, 227, 237, 238, 279, 285, 287,

> 294, 295, 301, 302, 304, 305, 307, 346, 357, 358, 368, 374, 392, 393, 399, 403, 413, 416, 429, 435, 446, 450, 453, 454, 456, 457, 461, 462, 463, 465, 478, 483, 491, 505, 506, 512, 513, 515, 517, 529, 537, 546, 551, 556, 563, 572, 574, 578, 580, 586, 587, 589, 590, 591, 593, 595, 596, 601, 642, 645, 661, 675, 677, 679, 693, 696, 699, 714, 724, 730, 736, 737, 738, 740, 741, 762, 764 (only "Legal Source" is "MPI In-House Legal Counsel"); Nos. 409, 411, 424, 508, 510, 525, 540, 542 (only "Legal Source" is "External Legal Counsel; MPI In-House Legal Counsel"); and Nos. 36, 53, 80, 120, 163, 174, 293, 520, 727 (listing "MPI In-House Legal Counsel" and specific in-house counsel as the "Legal Source").

2. Plaintiffs will ask the Court to order Meta to further amend its privilege logs to explain if or how the identified "Legal Source" interacted with the document, including whether they did so in a legal or non-legal capacity. For any documents where Meta does not do so, it fails to substantiate its privilege claim, and Plaintiffs will ask the Court to order Meta to produce those documents.

   a. Related entries:
   
   i. Email Log Nos. 1–16, 20, 22, 25, 28, 29, 35, 39, 42, 43, 46, 50, 51, 55, 58, 60, 62, 72, 129, 130, 131–143, 145, 152, 159, 160, 165, 169, 174, 176–178, 180, 183, 185, 186–188, 190, 191, 194, 195, 205, 215, 217, 218, 227, 237, 238, 279, 285, 287, 293–295, 301, 302, 304, 305, 307, 346, 357, 358, 368, 374, 392, 393, 399, 403, 406, 412, 413, 418, 420, 421, 422, 426, 453, 456, 461, 465, 478, 483, 485, 491, 492, 496, 501, 505, 506, 512, 522, 523, 526, 547, 556, 572, 578, 594, 596, 642, 645, 661, 679, 693, 696, 699, 714, 717, 718, 720, 724, 727, 728, 729, 735, 737, 738, 760, 762, 764.
   
   ii. Non-Email Log Nos. 2, 4, 5, 7–9, 27, 28, 37, 44, 45, 57, 58, 59, 69, 74, 75, 77, 78, 84, 87, 96, 112, 118, 121, 126, 135, 144, 154, 168, 169, 173, 177, 182, 183, 190, 191, 192, 193, 197, 198, 200, 202, 204, 207, 208, 209, 210, 211, 213, 216, 220, 222, 235, 238, 247, 249, 250, 263, 264, 267, 271, 278, 281, 286, 319, 329, 334, 337, 338, 339, 341, 342, 344, 346, 34, 348, 350, 351, 355, 356, 357, 358, 364, 365, 367, 371, 373, 374, 376, 378, 379, 380, 381, 383, 391, 392, 396, 402, 403, 404, 406, 407, 408, 410, 412, 413, 414, 415, 418, 423, 425, 426, 428, 429, 436, 441, 443, 444, 445, 449, 454, 455, 456, 457, 458, 459.
   
   iii. Non-Email Log Nos. 1, 3, 12, 25, 26, 29, 30, 36, 40, 41, 42, 46, 56, 67, 70, 76, 89, 94, 97, 109, 110, 140, 143, 155, 166, 184, 185, 194, 203, 224, 225, 227, 231, 232, 244, 258, 259, 260, 261, 262, 265, 273, 276, 291, 294, 296, 300, 303, 322, 323, 324, 325, 326, 327, 345, 360, 363, 388, 390, 419, 422, 438, 439, 465.

d. Meta fails to provide sufficiently detailed descriptions of entries in its amended logs.

3

    i. <u>Relief requested</u>:  Plaintiffs will request that the Court order Meta to further amend its privilege logs to provide more detailed descriptions demonstrating privilege.  For any documents where Meta does not do so, it fails to substantiate its privilege claim as to those documents, and Plaintiffs will ask the Court to order Meta to produce those documents.

        1. Related entries:
            a. Non-Email Log Nos. 1, 2, 5, 17, 19, 20, 22, 26, 27, 32, 33, 34, 37–44, 47–50, 52–58, 62–66, 68, 70–73, 80, 82–84, 86, 88–90, 92, 95, 98–113, 116, 119, 122–124, 127, 132–135, 137, 138, 140, 141, 143, 144, 146–151, 153 , 155, 156, 159, 164, 167, 168, 170, 171, 174, 175, 177, 179, 180, 183, 188, 189, 191, 192, 196, 197, 200, 204, 205, 218, 219, 222–228, 232, 233, 237, 239, 241, 243, 246–249, 256, 258, 259, 263, 266, 268, 273, 274, 276, 280, 283–285, 287, 289, 295–297, 300, 301, 303, 307, 308, 310, 312, 313, 320, 323–325, 329, 334, 336, 338, 340, 343, 344, 347, 348, 350–353, 356, 362, 366, 368, 370, 371, 378, 389, 395–400, 403, 404, 408, 409, 411, 417, 421, 426, 427, 430, 432, 433, 439, 440, 442–444, 451, 452, 459, 464, 465, 467, 468.
            b. Email Log Nos. 1, 16–19, 21–23, 26, 29–33, 35, 37, 40, 50–52, 55–60, 62, 79, 87, 113, 129–134, 136, 140–143, 150, 153–158, 161, 162, 164, 166–168, 170–173, 175–180, 182, 184, 186–188, 190, 406, 407, 412, 417, 419, 420, 421, 422, 425, 426, 427, 430, 431, 432, 438, 439, 440, 441, 442, 443, 445, 446, 455, 458, 459, 460, 471, 473, 485, 492, 496, 501, 511, 522, 523, 526, 527, 530, 532, 533, 534, 535, 538, 543, 544, 547, 553, 564, 565, 566, 567, 568, 569, 570, 571, 588, 594, 602, 603, 605, 606, 607, 611, 618, 627, 639, 640, 715, 716, 717, 718, 719, 720, 721, 722, 723, 725, 728, 729, 731, 735, 733, 742, 743, 744, 746, 748, 749, 750, 752, 753, 755, 756, 757, 758, 759, 760, 761, 766, 767.

e. Meta fails to provide sufficient information in the "To" and "Author/From" columns by using inappropriately broad sender and recipient groupings.

    i. <u>Relief requested</u>:  If Meta will not amend its privilege logs to supplement the "To" and "Author/From" columns as it previously agreed to do by November 12, then Plaintiffs will request that the Court order Meta to do so by November 19.  For any documents where Meta does not done so, it fails to substantiate its privilege claim and Plaintiffs will ask the Court to order Meta to produce those documents collected from the ███████████████████████████████████████████████ to the Court for *in camera* review.

        1. Related entries:
            a. Non-Email Log Nos. 3, 12, 25, 26, 29, 30, 36, 40–42, 46, 56, 67, 70, 76, 89, 94, 109, 110, 135, 140, 143, 166, 174, 194, 224, 225, 227, 231, 244, 265, 273, 276, 291, 296, 303, 345, 360, 363, 422, 438, 439, 465.
            b. Non-Email Log Nos. 33, 38, 39, 53, 62–65, 187, 399.

4

      c. Non-Email Log Nos. 54, 55, 78, 111, 141, 228, 277, 312, 433.

f. Meta's amended privilege logs are missing data in the "To" and "Author/From" fields, and Meta's non-email-log does not include information about who received or viewed documents.

   i. <u>Relief requested</u>:  If Meta will not produce audit logs or other administrative reports identifying who received and viewed each document for which such logs/reports exist in the non-email log by November 12, Plaintiffs will ask the Court to order Meta to produce the logs/reports.

      1. Related entries:
         a. Non-Email Log Nos. 7–9, 155, 184, 232, 259–263, 294, 300, 390, 419.
         b. Email Log Nos. 2, 9.

g. Meta failed to produce documents that show all included text.

   i. <u>Relief requested</u>:  If Meta will not complete its reproduction of all documents with cut-off charts, tables, graphs, comments, and filenames with the missing information now visible by November 12, Plaintiffs will ask the Court to order Meta to do so.

      1. Related documents: *E.g.*, Meta_Kadrey_00033090; Meta_Kadrey_00035380.

2. Plaintiffs currently intend to raise the two substantive challenges to Meta's privilege claims from the 10/23 M&C Letter that Meta's 11/1 letter confirmed are at an impasse: that many documents are primarily business communications, and that many documents are subject to the crime-fraud exception.  Plaintiffs reserve the right not to include either or both of these arguments, like the issues re: Meta's logs raised above, in their final motion.

   a. Business Communications

      i. <u>Relief requested</u>:  Plaintiffs will ask the Court to conduct an *in camera* review of a sampling of documents that Plaintiffs believe were improperly redacted and/or withheld as privileged because they are business documents and/or communications and do not satisfy the primary purpose test.  Plaintiffs will ask the Court to order Meta to produce those documents without redaction and to review its remaining logged documents for other documents similarly withheld or redacted, and to produce them without redaction.

         1. Related entries:
            a. Email Log Nos. 37, 57, 159, 163, 169, 176, 177, 178, 179, 184, 429, 440, 444, 445, 460, 523, 565, 566, 567, 569, 570, 571, 589, 590, 591, 603, 604, 721, 742, 722, 734, 749, 753, 756, 757, 759, 761, 767.
            b. Non-Email Log Nos. 58, 59, 60, 168, 171, 172, 215, 316, 330, 340, 414.

         1. Related documents:
            a. Meta_Kadrey_001010508

   b. Meta_Kadrey_00079062
   c. Meta_Kadrey_00093927
   d. Meta_Kadrey_00064494
   e. Meta_Kadrey_00094284
   f. Meta_Kadrey_00047085
   g. Meta_Kadrey_00055255
   h. Meta_Kadrey_00051427
   i. Meta_Kadrey_00093927
   j. Meta_Kadrey_00064494

a. Crime-Fraud

   i. <u>Relief requested</u>:  Plaintiffs will ask the Court to conduct an *in camera* review of a sampling of documents that Plaintiffs believe are improperly redacted and/or withheld as privileged because they are subject to the crime-fraud doctrine.  Plaintiffs will ask the Court to order Meta to produce those documents without redaction and to review its remaining logged documents for other documents similarly withheld or redacted, and to produce them without redaction (and to order deponents to answer questions for which Meta claimed privilege).

      1. Related documents:
         a. Meta_Kadrey_00074729
         b. Meta_Kadrey_00094231
         c. Meta_Kadrey_00079054
         d. Meta_Kadrey_00054894
         e. Meta_Kadrey_00054898
         f. Meta_Kadrey_00048149
         g. Meta_Kadrey_00065244
         h. Meta_Kadrey_00037441
         i. Meta_Kadrey_00054435
         j. Meta_Kadrey_00054433
         k. Meta_Kadrey_00050459
         l. Meta_Kadrey_00054905
         m. Meta_Kadrey_00093383
         n. Meta_Kadrey_00049684
         o. Meta_Kadrey_00039741
         p. Meta_Kadrey_00054518
         q. Melanie Kambadur's Deposition Transcript
         r. Sergey Edunov's [Rough] Deposition Transcript
         s. Joelle Pineau's [Rough] Deposition Transcript

3. Plaintiffs plan to propose the following documents for *in camera* review:
   a. Meta_Kadrey_00045251
   b. Meta_Kadrey_00045315
   c. Meta_Kadrey_00047085
   d. Meta_Kadrey_00047103
   e. Meta_Kadrey_00048977
   f. Meta_Kadrey_00051427

      g. Meta_Kadrey_00055255
      h. Meta_Kadrey_00054415
      i. Meta_Kadrey_00054419
      j. Meta_Kadrey_00054482
      k. Meta_Kadrey_00054654
      l. Meta_Kadrey_00054898
      m. Meta_Kadrey_00057872
      n. Meta_Kadrey_00061623
      o. Meta_Kadrey_00064494
      p. Meta_Kadrey_00074344
      q. Meta_Kadrey_00074729
      r. Meta_Kadrey_00077681
      s. Meta_Kadrey_00078073
      t. Meta_Kadrey_00078099
      u. Meta_Kadrey_00079040
      v. Meta_Kadrey_00077906
      w. Meta_Kadrey_00079062
      x. Meta_Kadrey_00079787
      y. Meta_Kadrey_00080298
      z. Meta_Kadrey_00080065
      aa. Meta_Kadrey_00081124
      bb. Meta_Kadrey_00081639
      cc. Meta_Kadrey_00088838
      dd. Meta_Kadrey_00089498
      ee. Meta_Kadrey_00093927
      ff. Meta_Kadrey_00054905

Again, Plaintiffs continue to seek informal resolution on as many of the issues identified above as possible without court intervention. We just ask that Meta identify any such issues by noon tomorrow (Friday, 11/8). And, as always, we are available to M&C further if Meta believes that it can help resolve anything.

Best,
Max

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]