UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 259, 263, 267 |

The parties have raised a number of discovery disputes. In this order the Court rules on ECF No. 259, ECF No. 263, and the first three issues in ECF No. 267. The Court will address the last two issues in ECF No. 267 by separate order.

**A.    ECF No. 259**

In ECF No. 259, Plaintiffs move for a briefing schedule and expanded pages concerning their disputes over Meta's October 7, 2024 amended privilege log. Meta opposes this request on several grounds, one of which is that a challenge to their amended privilege log is time-barred under the Court's scheduling order because Plaintiffs failed to meet and confer by the required deadline.

The scheduling order at ECF No. 238 so-ordered the parties' stipulation concerning the case schedule. One of the deadlines the parties asked the Court to set, and the Court did set, was an October 16, 2024 deadline to "meet and confer re: existing written discovery."

On September 18, 2024, Plaintiffs sent a meet and confer letter to Meta concerning Meta's August 30, 2024 privilege log. ECF No. 274-3. Meta responded on September 30, 2024, stating it intended to produce an updated privilege log by October 7, 2024. ECF No. 274-4. Meta provided that amended privilege log on October 7, 2024. ECF No. 274-5. There is no indication that

1   Plaintiffs met and conferred with Meta about the amended log until they sent a letter on October

2   23, 2024. ECF No. 274-6. Thus, Plaintiffs appear to have missed the meet and confer deadline.

3       Plaintiffs argue that "[t]he parties already met and conferred on September 24, 2024

4   regarding Meta's privilege log, and Plaintiffs' thorough October 23, 2024 letter plainly put Meta

5   on notice of those issues once again. Meta responded to that letter in writing on November 1,

6   2024." The meet and confer on September 24, however, could not have been about Meta's

7   October 7 amended privilege log, which Plaintiffs did not have yet. Plaintiffs' October 23 letter is

8   the problem, not the solution, because it was after the deadline. And Meta's willingness to

9   respond in writing on November 1 is not a waiver of the time-bar. That is especially true because

10  Meta's November 1 letter says: "As an initial point, your letter was untimely, and you have

11  waived any arguments regarding deficiencies in Meta's privilege logs." ECF No. 274-8.

12      Plaintiffs also contend that "[t]he timeline concerning 'existing written discovery' was not

13  intended to address privilege issues at all." However, Plaintiffs are mistaken. Plaintiffs proposed

14  separate deadlines for meeting and conferring about existing written discovery and for updated

15  privilege logs, but Meta rejected having separate deadlines, and Plaintiffs acquiesced to that. ECF

16  No. 259-2. Meta's October 7 amended privilege log is of course about existing written discovery

17  because it embodies Meta's claims of privilege over documents that were sought by the existing

18  written discovery requests. That is the entire point of the log.

19      Accordingly, the Court agrees with Meta that Plaintiffs did not comply the meet and confer

20  deadline concerning Meta's amended privilege log, and therefore this whole dispute is time-barred

21  under the scheduling order. Accordingly, Plaintiffs' motion is **DENIED**.

22  **B.  ECF No. 263**

23      Meta moves for a protective order barring all of the requests for production and third-party

24  document subpoenas that Plaintiffs served after October 18, 2024. Meta cites the scheduling order

25  at ECF No. 238, which states that October 18, 2024 is the deadline to "serve additional written

26  discovery requests." The Court agrees with Meta. Requests for document production and third-

27  party document subpoenas are forms of written discovery.

28      Plaintiffs argue that Meta lacks standing to file a motion to quash the subpoenas. Whether

1  or not that is true, "[a] party . . . may move for a protective order in the court where the action is
2  pending," Fed. R. Civ. Proc. 26(c)(1), which is this Court.  A motion for a protective order to
3  enforce the scheduling order is a proper motion.  The Court does not agree with Plaintiffs that the
4  deadlines in the scheduling order apply only to party discovery.  The scheduling order refers to
5  "written discovery requests," with no carve out for document subpoenas to third parties.

6  Plaintiffs also argue that there is good cause for certain of their untimely document
7  requests.  "Good cause" is the standard under Rule 16 to modify a scheduling order.  Fed. R. Civ.
8  Proc. 16(b)(4).  If Plaintiffs would like Judge Chhabria to modify his scheduling order, they
9  should ask him to do so.  The undersigned magistrate judge cannot do that.

10  Accordingly, Meta's motion for a protective order is **GRANTED**.  All requests for
11  production and document subpoenas served after October 18, 2024 are time-barred under the
12  scheduling order.  The Court **ORDERS** Plaintiffs to serve this order on everyone it served a
13  subpoena on after October 18 and to file a certificate of service showing that they have done so.

### C. ECF No. 267

#### 1. Issue 1

Plaintiffs request that "(a) the Court order that non-custodial sources of relevant information should be subject to reasonable and proportional searching (or alternatively, that Meta expand its list of custodians) and (b) that Meta disclose its search terms.  Plaintiffs request that the Court (1) order that the parties exchange the search terms run and data sources searched for all requests and all custodians, the resulting hit counts, and any non-custodial data sources that were not searched but may contain relevant information, on November 13; (2) require the parties to meet and confer by November 15 to discuss whether any additional search terms need to be run or data sources searched; and (3) set a November 18 deadline for a joint letter brief on any unresolved issues involving search terms and data sources."  ECF No. 267 at 4.  In the alternative, Plaintiffs request that the Court order Meta to add 12 additional document custodians.  *Id.* at 3 n.2.

Whatever merit this request might have had earlier in the case, it has no merit now.  This is a request to redo Meta's non-custodial document productions essentially from the beginning, or to add a dozen more document custodians, and it was filed 35 days before the close of fact discovery.

3

1 Making such a sweeping request for foundational discovery right near the end of fact discovery is
2 incompatible with the case schedule.  Further, Plaintiffs' request contemplates commencing an
3 exchange of search terms and then further briefing by November 18 in the event of disagreement
4 about the search terms and data sources.  However, November 8, 2024 was the deadline to present
5 disputes regarding existing written discovery, ECF No. 258, so Plaintiffs' proposal on its face does
6 not comply with that deadline.  Plaintiffs' motion is **DENIED**.

### 2. Issue 2

Plaintiffs request the following:  "To the extent that Meta's original search terms did not encompass Llama 4, Plaintiffs request an opportunity to propose a set of discrete additional search terms involving Llama 4 that Meta can run for all fifteen document custodians.  And, if Meta has withheld documents responsive to its initial search terms on the ground that the documents pertain to Llama 4, Plaintiffs request that Meta revisit those documents and make supplemental productions accordingly."  ECF No. 267 at 11.

The Court agrees with Plaintiffs that Llama 4 is relevant to this case, notwithstanding that it is still under development.  As to the first form of relief Plaintiffs seek, Meta says that its search terms did encompass documents about Llama 4 because Meta did not limit its searches for documents to any particular version of Llama.  In addition, Plaintiff's request to propose a set of additional search terms is the commencement of a new discovery process, which would require Meta to provide hit counts and then for the parties to meet and confer on the search terms, with a need for further briefing in the likely event they disagree on which search terms to use.  The November 8 deadline to present disputes concerning existing written discovery was the last day to present such disputes.  It would be inconsistent with that deadline for the Court to kick off a new discovery process for existing written discovery that would require further disputes to be litigated later.  As for Plaintiffs' second request, the Court grants that.  Accordingly, the Court **ORDERS** that Meta cannot exclude otherwise responsive documents from production on the ground that they relate to Llama 4.  If Meta has done so, it must produce those documents.

### 3. Issue 3

#### a. Interrogatories 15 and 17

4

Meta says it will answer rog 15 by November 19, 2024 and will supplement its answer to rog 17 by November 19, 2024. The Court **ORDERS** Meta to do so.

### b. Third Set of Interrogatories

Plaintiffs state that with their third set of rogs, they have served 22 in excess of the presumptive limit of 25. Plaintiffs request an order under Rule 33 authorizing the additional rogs. Meta opposes the request.

The Court would likely have granted some version of this request had it been made earlier. This is a complex case, and the Court expanded the deposition limits in recognition of that fact. However, the question the Court faces now is whether to authorize 22 additional rogs when Plaintiffs made that request 35 days before the close of fact discovery. The new interrogatories (*see* ECF No. 266-4) are broad and sweeping. Requiring Meta to answer them in this compressed time frame would likely turn the close of fact discovery into a train wreck. Please bear in mind that the parties are buried in depositions, sometimes two a day, between now and the close of fact discovery. *See* ECF No. 272. The Court simply does not understand why Plaintiffs waited until November 8 to request this relief. It doesn't matter that Plaintiffs served the rogs on Meta on October 10, 2024, and therefore Meta was on notice since that time of what information Plaintiffs were seeking. Meta was not on notice that it had any obligation to respond to these rogs because under Rule 33, Plaintiffs needed either Meta's agreement or a court order to get the additional rogs, and Plaintiffs had neither. In fact, that Plaintiffs waited nearly a month after they served these rogs to ask for an order allowing them is confounding. Plaintiffs' request is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 15, 2024

THOMAS S. HIXSON
United States Magistrate Judge