1   COOLEY LLP
    BOBBY GHAJAR (198719)
2   (bghajar@cooley.com)
    TERESA MICHAUD (296329)
3   (tmichaud@cooley.com)
    COLETTE GHAZARIAN (322235)
4   (cghazarian@cooley.com)
    1333 2nd Street, Suite 400
5   Santa Monica, California 90401
    Telephone:    (310) 883-6400
6
    COOLEY LLP
7   MARK WEINSTEIN (193043)
    (mweinstein@cooley.com)
8   KATHLEEN HARTNETT (314267)
    (khartnett@cooley.com)
9   JUDD LAUTER (290945)
    (jlauter@cooley.com)
10  ELIZABETH L. STAMESHKIN (260865)
    (lstameshkin@cooley.com)
11  3175 Hanover Street
    Palo Alto, CA  94304-1130
12  Telephone:    (650) 843-5000

13  CLEARY GOTTLIEB STEEN & HAMILTON LLP
    ANGELA L. DUNNING (212047)
14  (adunning@cgsh.com)
    1841 Page Mill Road, Suite 250
15  Palo Alto, CA 94304
    Telephone:    (650) 815-4131
16
17  *[Full Listing on Signature Page]*

    *Counsel for Defendant Meta Platforms, Inc.*
18

19              **UNITED STATES DISTRICT COURT**

20              **NORTHERN DISTRICT OF CALIFORNIA**

21              **SAN FRANCISCO DIVISION**

22  RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC-TSH

23      Individual and Representative Plaintiffs,    **DECLARATION OF MICHELLE WOODHOUSE
                                                     IN SUPPORT OF PLAINTIFFS'**
24      v.                                           **ADMINISTRATIVE MOTION TO CONSIDER
                                                     WHETHER ANOTHER PARTY'S MATERIAL**
25  META PLATFORMS, INC., a Delaware             **SHOULD BE SEALED (DKT. 260)**
    corporation;
26
27                          Defendant.

28

I, Michelle Woodhouse, hereby declare:

1.      I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta").  I have personal knowledge of the facts set forth in this Declaration and, if called to testify as a witness, could and would testify competently thereto.

2.      Pursuant to Local Rule 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion (the "Motion") to Consider Whether Another Party's Material Should Be Sealed (Dkt. 260).  The Motion seeks leave to file under seal portions of Plaintiffs' Letter Brief Regarding Meta's Amended Privilege Logs (the "Letter Brief") (Dkt. 269 (replacing Dkt. 262)). The Motion also seeks leave to have exhibits to the Declaration of Maxwell V. Pritt ("Pritt Declaration") in Support of Plaintiffs' Letter Brief partially or entirely sealed.  The materials for which the Motion seeks leave to file under seal are set forth in the table below, alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| Letter Brief | • Redacted materials in Dkt. 269 |
| Exhibit A to Pritt Declaration | • Redacted portions in Exhibit 1, attached to this Declaration |
| Exhibit B to Pritt Declaration | • Redacted portions in Exhibit 2, attached to this Declaration |
| Exhibit C to Pritt Declaration | • Entire document |
| Exhibit D to Pritt Declaration | • Entire document |
| Exhibit E to Pritt Declaration | • Entire document |
| Exhibit F to Pritt Declaration | • Entire document |
| Exhibit H to Pritt Declaration | • Entire document |
| Exhibit I to Pritt Declaration | • Entire document |
| Exhibit J to Pritt Declaration | • Entire document |
| Exhibit K to Pritt Declaration | • Entire document |
| Exhibit L to Pritt Declaration | • Entire document |

| Exhibit M to Pritt Declaration | • Entire document |
|---|---|
| Exhibit N to Pritt Declaration | • Entire document |
| Exhibit O to Pritt Declaration | • Entire document |
| Exhibit P to Pritt Declaration | • Entire document |
| Exhibit Q to Pritt Declaration | • Entire document |
| Exhibit R to Pritt Declaration | • Entire document |
| Exhibit S to Pritt Declaration | • Entire document |
| Exhibit T to Pritt Declaration | • Entire document |
| Exhibit U to Pritt Declaration | • Entire document |

3.      The **Letter Brief** contains significant discussion and descriptions of Meta's documents and communications relating to AI development, including quotes from these materials. These materials contain Meta's highly sensitive information, including business strategies and technical information regarding the development of Meta's AI models, as well as internal discussions concerning this information.  Maintaining the confidentiality of this information is critical to Meta's business and Meta treats this information as highly confidential, trade secret. Public disclosure of the information in these documents exposes Meta to the risk of competitive harm.  The redactions in Dkt. 269 comprise narrowly tailored portions reflecting Meta confidential information sought to be sealed.

4.      **Exhibit A to Pritt Declaration** is a letter from Plaintiffs' counsel in this action regarding Meta's privilege log, which contains significant discussion and descriptions of Meta's highly confidential internal communications.  Public disclosure of the letter exposes Meta to the risk of competitive harm.  While the Motion, relying on Meta's confidential information, sought to have the entirety of Exhibit A sealed, Meta does not consider all of the information in the letter to be confidential.  Attached as **Exhibit 1** to this Declaration is a newly redacted version of **Exhibit A to Pritt Declaration**, with narrowly tailored redactions applied to Meta confidential information.

5.      **Exhibit B to Pritt Declaration** is a letter from Plaintiffs' counsel in this action regarding Meta's privilege log, which contains significant discussion and descriptions of Meta's

highly confidential internal communications.  Public disclosure of the letter exposes Meta to the risk of competitive harm.  While the Motion, relying on Meta's confidential information, sought to have the entirety of Exhibit B sealed, Meta does not consider all of the information in the letter to be confidential.  Attached as **Exhibit 2** to this Declaration is a newly redacted version of **Exhibit B to Pritt Declaration**, with narrowly tailored redactions applied to Meta confidential information.

6.    **Exhibit C to Pritt Declaration** is a letter from Meta's counsel in this action regarding Meta's privilege log, which contains significant discussion and descriptions of Meta's highly confidential internal communications.  Public disclosure of the letter exposes Meta to the risk of competitive harm.

7.    **Exhibit D to Pritt Declaration** is the deposition transcript of Melanie Kambadur, dated September 17, 2024.  The deposition of Ms. Kambadur was designated as highly confidential, pursuant to the Protective Order (Dkt. 90).  The deposition transcript of Ms. Kambadur contains references to Meta's highly sensitive business strategies and technical information regarding the development of Meta's AI models.  Maintaining the confidentiality of this information is critical to Meta's business and Meta treats this information as highly confidential, trade secret.  Public disclosure of the information in this deposition transcript exposes Meta to the risk of competitive harm.

8.    **Exhibit E to Pritt Declaration** is Meta's Amended Non-Email Privilege Log, which contains significant discussion and descriptions of Meta's highly confidential internal communications.  Public disclosure of this document exposes Meta to the risk of competitive harm.

9.    **Exhibit F to Pritt Declaration** is Meta's Amended Email Privilege Log, which contains significant discussion and descriptions of Meta's highly confidential internal communications.  Public disclosure of this document exposes Meta to the risk of competitive harm.

10.    **Exhibits H, I, J, K, L, M, N, O, P, Q, R, S, T, and U to Pritt Declaration** comprise internal Meta documents and communications relating to AI development.  These materials include highly sensitive information regarding Meta's AI business strategies, and the technical development and components of Meta's AI models and include internal discussion of this information.  Maintaining the confidentiality of this information is critical to Meta's business and

Meta treats this information as highly confidential, trade secret. Public disclosure of the information in these documents exposes Meta to the risk of competitive harm. These materials are designated highly confidential, pursuant to the Protective Order (Dkt. 90.)

11. Public disclosure of the information contained in the above-referenced Letter Brief and exhibits exposes Meta to the risk of competitive and financial harm by revealing Meta's non-public trade secret information and technical data pertaining to its generative AI offerings. For this reason, Meta takes steps to carefully protect the confidentiality of this sort of information.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed in San Jose, CA on this 15th day of November, 2024.

4

5

6    Michelle Woodhouse

7

8

9    *Full Counsel List*

10   COOLEY LLP

11   PHILLIP MORTON *(pro hac vice)*
     (pmorton@cooley.com)

12   COLE A. POPPELL *(pro hac vice)*
     (cpoppell@cooley.com)

13   1299 Pennsylvania Avenue, NW, Suite 700
     Washington, DC 20004-2400

14   Telephone:    (202) 842-7800

15   COOLEY LLP
     MATTHEW BRIGHAM (191428)

16   (mbrigham@cooley.com)
     JUAN PABLO GONZALEZ (334470)

17   (jgonzalez@cooley.com)
     3175 Hanover Street

18   Palo Alto, CA  94304-1130
     Telephone:    (650) 843-5000

19

20   LEX LUMINA PLLC
     MARK A. LEMLEY (155830)

21   (mlemley@lex-lumina.com)
     745 Fifth Avenue, Suite 500

22   New York, NY 10151
     Telephone:    (646) 898-2055

23

24

25

26

27

28

WOODHOUSE DECL. ISO MOTION TO SEAL
3:23-CV-03417-VC-TSH