**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., *Individual and Representative Plaintiffs*, v. META PLATFORMS, INC., *Defendant.* | Case No. 3:23-cv-03417-VC **PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

## MOTION

Plaintiffs move under 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule 72-2 for relief from a non-dispositive pretrial order of a Magistrate Judge. Plaintiffs respectfully object to and ask the Court to set aside the Discovery Order at Dkt. No. 279 issued by Magistrate Judge Thomas S. Hixson on November 15, 2024, as set forth in the accompanying Memorandum of Points and Authorities ("Memo"). In addition to this Motion and the Memo, the Motion is based on the relevant underlying briefing at Dkt. Nos. 259, 263, and 267, the Proposed Order for this Motion, the records and docket in this matter, and any oral argument the Court may hear.

Dated: November 19, 2024

By: /s/ *Jesse Panuccio*
    Jesse Panuccio

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

## MEMORANDUM OF POINTS AND AUTHORITIES

In his Discovery Order, Dkt. No. 279 (the "Order"), Magistrate Judge Hixson found that Plaintiffs were untimely in seeking their requested relief—a conclusion that runs contrary to the case management deadlines in multiple ways. The Order, aside from being legally erroneous, has far-reaching consequences for this case and for the putative class whose copyrights have been violated. Chief among those consequences is that Plaintiffs are unable to challenge Meta's attempt to shield critical evidence through erroneous assertions of attorney-client privilege. The Order also determined that Plaintiffs' third-party subpoenas were untimely even though the case deadlines cited in the Order do not apply to subpoenas. Finally, the Order left Plaintiffs without an opportunity to raise other timely discovery disputes, such as Meta's failure to conduct proper searches. The whole point of the Court's directive to augment Plaintiffs' legal team was to ensure that this case is litigated on a "proper record." Hrg. Tr. 16:19-20 (Sept. 20, 2024) (Chhabria, J.). The Order will foreclose that possibility. That outcome is not warranted, and the Order was clearly erroneous.[1]

### I. Plaintiffs Were Timely in Raising Privilege Issues with the Court

Plaintiffs timely challenged Meta's privilege claims because they did so before the December 20, 2024 deadline to present discovery disputes. The Order incorrectly held that Plaintiffs' privilege challenge nonetheless was time-barred because the parties met and conferred after the stipulated scheduling order's October 16 deadline to meet and confer regarding "existing written discovery." Dkt. No. 279 at 1-2.

The stipulated deadline concerning "existing written discovery" was never intended to address privilege issues. The only support for the Order's contrary conclusion is the claim that "Meta rejected having separate deadlines" for meeting and conferring regarding existing written discovery and privilege issues. Dkt. No. 279 at 2. Not so. At no point during the parties' negotiations over the remaining case deadlines did Meta reject separate deadlines. Rather, the

---

[1] A district judge must consider timely objections to a magistrate judge's non-dispositive orders and modify or set aside any part of them that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a).

parties removed "Priv. Logs" from the proposed deadline for "Letter Briefs re: Existing Written Discovery/Priv Logs" in their ultimate agreement. *See* Dkt. No. 259-2 at 6, 8. Prior iterations of the schedule placed an (also removed) meet-and-confer on privilege issues after both the deadline to meet and confer regarding "existing written discovery" and the deadline for filing letter briefs on "existing written discovery." *See id.* at 6. But Meta requested, and Plaintiffs agreed, to "remov[e] the dates that we do not think are necessary for this schedule," including those dates relating to privilege issues. Dkt. No. 259-2 at 7-8. Ultimately, the parties filed their stipulation as Dkt. No. 227 without any reference to a deadline for meeting and conferring or briefing any privilege issues, reflecting a clear intent that no such deadline be set.

Even if Plaintiffs' privilege challenge addresses "existing written discovery," Plaintiffs timely raised it. The only condition this Court placed on the ability to present disputes regarding "existing written discovery" by November 8 was Plaintiffs' agreement to pay Meta's reasonable attorneys' fees. *See* Dkt. No. 258. Plaintiffs agreed to pay $23,000 to Meta and, therefore, the Court's order extended the briefing deadline. Regardless, the parties had already met and conferred about inadequacies in Meta's privilege log well before the interim October 16 deadline. Dkt. No. 259 at 2 (noting the parties met and conferred on privilege issues on September 24, 2024). Meta then produced amended privilege logs that contained the very same inadequacies, prompting Plaintiffs' follow-up letter. Dkt. No. 282-2. Meta did not argue that Plaintiffs' follow-up letter was untimely when it initially responded on October 25. Meta instead waited until its November 1 response letter—which Meta sent only after filing its opposition to Plaintiffs' administrative motion—to argue for the first time that Plaintiffs' privilege challenges were untimely.

In any event, the Order substantially prejudices Plaintiffs. A timely privilege challenge, even late in fact discovery, does not amount to a "redo" of Meta's document productions. *See* Dkt. No. 252 at 2; Dkt. No. 279 at 3-4. Courts routinely adjudicate privilege challenges near the end of fact discovery. *See, e.g.*, *Roblox Corp. v. WowWee Grp. Ltd.*, 2024 WL 815516, at *1 (N.D. Cal. Feb. 27, 2024) (adjudicating as timely a privilege challenge filed after the fact discovery cut-off because "production [was] still ongoing" in light of recent discovery orders). Plaintiffs' privilege

motion was filed long before the December 20, 2024 deadline for raising discovery disputes, and it can be adjudicated without rewriting the litigation schedule.

Further, Plaintiffs are right on the merits. Meta has improperly withheld hundreds of documents that do not satisfy the Ninth Circuit's primary purpose test or, alternatively, that are subject to the crime-fraud exception. In short, Meta has wielded privilege in a manner contrary to law. Emblematic of its vastly overbroad privilege assertions, Meta has *withheld* more documents for some non-attorney custodians than it *produced* for them. Dkt. No. 269 at 2. Discovery is not a game of "gotcha," *see Martin v. Her*, 2019 WL 13374981, at *2 n.1 (E.D. Cal. July 29, 2019), and Meta should not be rewarded for its excessive and unsupported privilege designations due to a meet-and-confer deadline whose scope was, at best, ambiguous.

## II. Plaintiffs Timely Served Third-Party Discovery

The Order completely barred Plaintiffs from enforcing third-party subpoenas that were served nearly two months before the fact discovery cut-off. Because the scheduling order set December 13, 2024, as the fact discovery deadline, *see* Dkt. No. 227, Plaintiffs served subpoenas on October 25, 2024, to obtain a discrete set of relevant documents in advance of the deadline. The Order's conclusion that the parties' interim deadline to "serve additional written discovery requests" also applied to third-party discovery is not supported by the record. All relevant filings mention only *the parties'* written discovery, *see, e.g.*, Dkt. Nos. 184 & 184-2, not third-party discovery. Likewise, in all correspondence, both Plaintiffs and Meta were clear that interim deadlines applied only to party discovery. Because the parties never agreed to deadlines for third-party discovery, the December 13, 2024 fact discovery cut-off applies.

If, however, Plaintiffs had a good-faith misunderstanding and an interim deadline applied to third-party discovery, there would be good cause to extend that deadline. It would be prejudicial to bar Plaintiffs' third-party subpoenas while Meta seeks them. Indeed, Meta just produced documents from Hachette Book Group in response to Meta's subpoena on November 14, 2024, and confirmed that documents related to an agreement with Reuters to purchase AI content "will be produced." Dkt. No. 263 at 2 n.5. Meta does not dispute the relevance of the materials sought

by Plaintiffs' subpoenas, or the appropriately targeted nature of the subpoenas (whose targets primarily came from Meta's own discovery). Further, one of the fair use factors is "the effect of the use on the potential market for or the value of the copyrighted work." 17 U.S.C. § 107(4). Documents and correspondence relating to agreements to license content for use as AI training data, both for Meta and generally, are relevant to "the potential market for or the value of the copyrighted work." *See* 17 U.S.C. § 107. This discovery is especially important because Meta has attempted to downplay the market for licensing content as AI training data, yet public announcements from third parties show that AI developers are beginning to enter into these exact licensing arrangements.[2] Precluding this relevant discovery was erroneous.[3]

### III. The Order's Other Rulings Are Likewise Erroneous

The Order makes similarly erroneous findings in adjudicating the issues contained in Plaintiffs' Omnibus Discovery Letter, Dkt. No. 267. The Court expressly extended "the deadline to present disputes regarding 'existing written discovery' to November 8, 2024" once Plaintiffs agreed to pay $23,000 in Meta's attorneys' fees. Dkt. No. 258. Plaintiffs then engaged in joint letter briefing with Meta concerning (1) the setting of a schedule for the parties to exchange and challenge existing search terms (or, alternatively, requiring Meta to add additional document custodians); (2) permission for Plaintiffs to propose a set of search terms to ensure Llama 4 was properly included within Meta's search and production of responsive documents; and (3) leave to serve additional interrogatories.[4] *See* Dkt. No. 267. All of these issues were expressly raised in Plaintiffs' administrative motion that resulted in the briefing extension. Dkt. No. 244 at 1-2. Yet for each of them, the Order rules that any effort by Plaintiffs was untimely. That was plain error:

---

[2] *HarperCollins Inks AI Licensing Deal for Nonfiction Books*, PUBLISHERS WEEKLY (Nov. 18, 2024), available at https://www.publishersweekly.com/pw/newsbrief/index.html?record=5076.

[3] Because Meta represented that documents that are responsive to Plaintiffs' recent discovery requests will be produced, Plaintiffs do not challenge that portion of the Order.

[4] The additional interrogatories are not "existing written discovery" at all. They were served on October 10, 2024, one day after Plaintiffs served RFPs and RFAs that all parties agree are "additional discovery."

Plaintiffs literally paid to be able to raise these issues, and they should have been decided on the merits.

Technical time-barring aside, the Order also concluded that it was too late in fact discovery to grant Plaintiffs their requested relief.[5] The Order primarily focused on the "sweeping" nature of any request for Meta to run additional search terms. Dkt. No. 279 at 4. But running a discrete set of new search terms over a small universe of fifteen custodians is not "sweeping" relief. Enough time remains in the fact discovery period for Meta to conduct these searches, especially since the Order already agreed that at least one covered subject—Llama 4—is relevant. *Id.* On the issue of additional interrogatories, the Order was wrong to describe the fact that "Plaintiffs waited nearly a month after they served these rogs to ask for an order allowing them" as "confounding." Dkt. No. 279 at 5. Plaintiffs began their efforts to get the Court to address the parties' litany of discovery disputes on October 22 by leaving a voicemail with Judge Hixson's Courtroom Deputy that sought a telephonic conference with the Court. Plaintiffs sent follow-up emails and left voicemails seeking that conference on October 23, October 25, and October 29. Dkt. No. 244-1 at 1. Plaintiffs then sought on October 28 to stipulate with Meta to an expedited joint briefing schedule, but Meta rejected that effort even though the underlying disputes were timely raised to the Court on October 22. Dkt. No. 244-13. In a case where scheduling a meet-and-confer with Meta routinely takes a week (plus another week for joint briefing), Plaintiffs acted sufficiently timely to warrant the requested leave to serve additional interrogatories. These interrogatories could have easily been answered in the five weeks between the Omnibus Discovery Letter and the fact discovery cut-off. *See* Fed. R. Civ. P. 33(b)(2) (requiring parties to respond to interrogatories within 30 days).

## IV. Relief Requested

Plaintiffs respectfully request the Court sustain Plaintiffs' objections to the Order.

---

[5] Namely, the Order characterizes Plaintiffs' request as to Issue 1 as "a request to redo Meta's non-custodial documents productions essentially from the beginning." Dkt. No. 279 at 3. For Issue 2, the Order warns that Plaintiffs' proposal of Llama 4 search terms is "commencement of a new discovery process." *Id.* at 4. With respect to Issue 3, the Order presupposes that requiring Meta to answer additional interrogatories "would likely turn the close of fact discovery into a train wreck" because of the parties' upcoming deposition schedule. Dkt. No. 279 at 5.

Dated: November 19, 2024

By: /s/ *Jesse Panuccio*
     Jesse Panuccio

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 356000)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

---

**PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**
CASE NO. 3:23-cv-03417-VC

bclobes@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butvericklaw.com

**COWAN DEBAETS ABRAMS & SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*