1   COOLEY LLP
    BOBBY GHAJAR (198719)
2   (bghajar@cooley.com)
    COLETTE GHAZARIAN (322235)
3   (cghazarian@cooley.com)
    1333 2nd Street, Suite 400
4   Santa Monica, California 90401
    Telephone:    (310) 883-6400
5
    MARK WEINSTEIN (193043)
6   (mweinstein@cooley.com)
    KATHLEEN HARTNETT (314267)
7   (khartnett@cooley.com)
    JUDD LAUTER (290945)
8   (jlauter@cooley.com)
    ELIZABETH L. STAMESHKIN (260865)
9   (lstameshkin@cooley.com)
    3175 Hanover Street
10  Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000
11
    CLEARY GOTTLIEB STEEN & HAMILTON LLP
12  ANGELA L. DUNNING (212047)
    (adunning@cgsh.com)
13  1841 Page Mill Road, Suite 250
    Palo Alto, CA 94304
14  Telephone: (650) 815-4131

15  *[Full Listing on Signature Page]*

16  *Counsel for Defendant Meta Platforms, Inc.*

17

18                  **UNITED STATES DISTRICT COURT**

19                  **NORTHERN DISTRICT OF CALIFORNIA**

20  RICHARD KADREY, et al.,                        Case No. 3:23-cv-03417-VC

21      Individual and Representative Plaintiffs,   **DEFENDANT META PLATFORMS, INC.'S
                                                    RESPONSE TO PLAINTIFFS' MOTION FOR
22      v.                                          RELIEF FROM NONDISPOSITIVE PRETRIAL
                                                    ORDER OF MAGISTRATE JUDGE (DKT. 284)**
23  META PLATFORMS, INC., a Delaware
    corporation;
24
                                Defendant.         Discovery Cut-Off: December 13, 2024
25                                                 Date Action Filed: July 7, 2023

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

1    Meta opposes Plaintiffs' Motion for Relief ("Motion") regarding their untimely document

2    subpoenas (Dkt. 284).  Plaintiffs' Motion should be denied for disregarding this Court's Scheduling

3    Order (Dkt. 238), mischaracterizing the timing and nature of Meta's discovery, and failing to

4    establish that Magistrate Judge Hixson's Order (Dkt. 279) is clearly erroneous or contrary to law.

5    **Background.**  Pursuant to the Court's Order extending discovery (Dkt. 211), the parties

6    stipulated (Dkt. 227) to an October 18, 2024 deadline to "Serve Additional Written Discovery

7    Requests" ("Written Discovery Deadline").  Notwithstanding the stipulation, Plaintiffs served 16

8    untimely third-party document subpoenas: 13 on October 25; 2 on October 28; and 1 on November

9    13.  Dkt. 263 at 2.  12 of the subpoenas were directed to organizations (primarily publishers of

10   Plaintiffs' books) regarding licensing of training data[1] while the other 4 subpoenas were directed

11   to former and current Meta employees in their personal capacity regarding their knowledge of

12   datasets.[2]  All but one[3] of these requests could have been made earlier but were not.

13   **Legal Standard.**  Judge Hixson's order may only be modified or set aside if it is "clearly

14   erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a). "This standard is highly deferential—the

15   district judge may not simply substitute his or her judgment for that of the magistrate judge."

16   *Campbell v. City of Milpitas*, 2014 WL 5077135, at *1 (N.D. Cal. Oct. 9, 2014) (cleaned up).

17   **Judge Hixson Correctly Ruled That Plaintiffs' Subpoenas Were Untimely.**  Plaintiffs'

18   argument that their document subpoenas were not subject to the Written Discovery Deadline is

19   without merit.  Plaintiffs cite to their Motion to Amend Case Management Schedule (Dkt. 184), but

20   that filing made no distinction between party and third-party discovery. Plaintiffs also argue—

21   citing nothing—that "the parties were clear that interim deadlines applied only to party discovery."

22   However, the term "written discovery" in the Scheduling Order has no carve-out for document

23   subpoenas, and caselaw confirms that this term includes third-party subpoenas. *See, e.g.*, *Valcor*

24   *Engineering Corp. v. Parker Hannifin Corp.*, 2018 WL 6186796, at *2 (C.D. Cal. July 11, 2018)

25

---

26   [1] Bloomsbury, Dramatists Play, Hachette, Harper Collins, MacMillan, OpenAI, Penguin Random House, Simon & Schuster, Springer, Theater Communications Group, Wily, and Reuters.

27   [2] Moya Chen (current), Susan Zhang (former), Tim Dettmers (former), and Elisa Anzano (former).
     [3] Meta's agreement with Reuters was announced on Oct. 25, 2024, and Plaintiffs' subpoena to

28   Reuters was issued on October 28, 2024.  Meta has agreed to produce this agreement, which is otherwise responsive to Plaintiffs' discovery requests to Meta.

1   (deadline for "[a]ll requests for production" includes Rule 45 document subpoenas); *Essociate, Inc.*

2   *v. Blue Whaler Investments, LLC*, 2012 WL 12953823, at *2 (C.D. Cal. Apr. 12, 2012) (deadline

3   for "all requests for production" includes third-party subpoena including document requests); *see*

4   *also* Dkt. 263 (citing additional cases).  Thus, Judge Hixson's conclusion that Plaintiffs' document

5   subpoenas (including Meta's former employees) were "written discovery" is not clearly erroneous.

6   **Plaintiff's Requested Extension is Untimely and Unjustified.**  Plaintiffs' argument that

7   the Court should extend the Written Discovery Deadline for the subpoenas was not raised with

8   Judge Hixson and is waived.  Plaintiffs' "newly raised facts and arguments need not be considered

9   by the Court for reconsideration purposes under Rule 72" because Plaintiffs are "not entitled to

10   reconsideration 'of an argument never raised' before the Magistrate Judge."  *Sung Gon Kang v.*

11   *Credit Bureau Connection, Inc.*, 2019 WL 5862289, at *2 (E.D. Cal. Nov. 8, 2019) (citations

12   omitted).  Further, Plaintiffs' argument is based on a misleading description of Meta's third-party

13   subpoenas.  Motion at 3-4 (claiming Meta produced documents from Hachette on Nov. 14, 2024).

14   Meta timely served subpoenas on publishers of Plaintiffs' books (including Hachette) months ago,

15   in **June**; the documents produced on Nov. 14 were provided to Meta 2 days prior.  And those

16   document requests did not target the alleged "market for licensing content as AI training data"

17   (Motion at 4), but rather royalty and sales information for Plaintiffs' books.

18   In any case, Plaintiffs have failed to show good cause for yet another extension of a missed

19   deadline.  Plaintiffs should have requested an extension of the deadline in advance—not as part of

20   this untimely Motion.  Plaintiffs also incorrectly assert that Meta does not dispute the subpoenas'

21   relevance or breadth.  For the subpoenas to current and former Meta employees in their *personal*

22   capacity, Plaintiffs have made no relevance showing.  And with respect to the organizations, Meta

23   will be producing documents addressing licensing, including the recent agreement with Reuters.

24   Regardless, Plaintiffs were required to serve the subpoenas before the Written Discovery Deadline,

25   and allegedly "misunderstanding" that deadline does not establish good cause for their failure to do

26   so.  With just 11 business days left in discovery, there is no time to accommodate these late requests,

27   and Meta would be prejudiced if Plaintiffs were permitted to serve them now.  *See* Dkt. 263 at 3.

28   For the foregoing reasons, Meta respectfully requests that the Court deny Plaintiffs' Motion.

COOLEY LLP
ATTORNEYS AT LAW

2

META'S RESPONSE TO MTN FOR RELIEF
3:23-CV-03417-VC

| | |
|---|---|
| 1 | Dated: November 26, 2024 |
| 2 | |

COOLEY LLP

By: _/s/ Phillip Morton_
       Bobby Ghajar
       Mark Weinstein
       Kathleen Hartnett
       Teresa Michaud
       Phillip Morton
       Judd Lauter
       Liz Stameshkin
       Matthew Brigham
       Colette Ghazarian
       Juan Pablo Gonzalez
       Cole A. Poppell

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:    (646) 898-2055

311253862