# EXHIBIT A

1   COOLEY LLP
    BOBBY GHAJAR (198719)
2   (bghajar@cooley.com)
    COLETTE GHAZARIAN (322235)
3   (cghazarian@cooley.com)
    1333 2nd Street, Suite 400
4   Santa Monica, California 90401
    Telephone:    (310) 883-6400
5
    MARK WEINSTEIN (193043)
6   (mweinstein@cooley.com)
    KATHLEEN HARTNETT (314267)
7   (khartnett@cooley.com)
    JUDD LAUTER (290945)
8   (jlauter@cooley.com)
    ELIZABETH L. STAMESHKIN (260865)
9   (lstameshkin@cooley.com)
    3175 Hanover Street
10  Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000
11  CLEARY GOTTLIEB STEEN & HAMILTON LLP
    ANGELA L. DUNNING (212047)
12  (adunning@cgsh.com)
    1841 Page Mill Road, Suite 250
13  Palo Alto, CA 94304
    Telephone: (650) 815-4131
14
    *[Full Listing on Signature Page]*
15
    *Counsel for Defendant Meta Platforms, Inc.*
16
                **UNITED STATES DISTRICT COURT**
17
                **NORTHERN DISTRICT OF CALIFORNIA**
18
                **SAN FRANCISCO DIVISION**
19
20  RICHARD KADREY, *et al.*,              Case No. 3:23-cv-03417-VC

21  Individual and Representative

                    Plaintiffs,            **DEFENDANT META PLATFORMS, INC.'S**
22                                         **OBJECTIONS AND RESPONSES TO**
                                           **PLAINTIFFS' FIFTH SET OF REQUESTS FOR**
23       v.                                **PRODUCTION**

24  META PLATFORMS, INC., a Delaware
    corporation;
25
                    Defendant.
26

27

28

**4.** To the extent that Meta responds to a Request by stating that Meta will provide documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to, and in accordance with, the parties' stipulated protective order (ECF No. 90, the "Protective Order").

**5.** The provision of a response to any of these Requests does not constitute a waiver of any objection regarding the use of said response in these proceedings. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**6.** Meta reserves the right to object on any ground and at any time to such other or supplemental requests for production that Plaintiffs may propound involving or relating to the subject matter of these Requests.

**7.** Unless otherwise stipulated in a production protocol or ordered by the Court, Meta will produce each document in response to these Requests in a form in which it is ordinarily maintained or in a reasonably usable form.

## II. OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Whether or not separately set forth in response to each Request, Meta makes the following objections to the Instructions and Definitions accompanying Plaintiffs' Requests, and to each Request that includes them.

**1.** Meta objects to the definition of "Agreements" as overbroad and unduly burdensome to the extent that it encompasses oral contracts, arrangements, or understandings, including those that are informal. Meta further objects to the definition of "Agreements" as vague, ambiguous, and unintelligible as to the term "modifications" to the extent it is intended to mean something distinct from "versions" or "amendments." Meta construes "Agreements" to mean written contracts, including drafts, versions, amendments, exhibits, and appendices thereof.

**2.** Meta objects to the definition of "Communications" to the extent it is inconsistent with and otherwise seeks to circumvent the custodian and search term limits for electronic

communications (including emails and other electronic correspondence, and documents attached thereto), as provided in the Stipulated Protocol regarding Electronic Discovery ("ESI Order"). Meta will produce Documents, including Communications, pursuant to the terms of the ESI Order, and any agreement to produce such Documents is explicitly in view of the terms of the ESI Order. To the extent that Meta responds to a Request, including by agreeing to search for relevant, non-privileged communications in Meta's possession, custody, or control, such response is not a representation that any particular custodian or search term is appropriate. Meta expressly reserves the right to object to any custodians and search terms proposed by Plaintiffs.

**3.**     Meta objects to the definition of "Identify" as these are Requests for Production and not Interrogatories. Purporting to require Meta to "Identify" certain information in response to a Request for Production would otherwise circumvent the interrogatory limit. Meta further objects to this definition to the extent it exceeds the scope of Rule 34 by imposing an obligation that Meta create new documents in response to these Requests.

**4.**     Meta objects to the definition of "Llama Models" as vague and ambiguous as to the terms and phrases "other AI models," "instances," "iterations," "versions," "updates," "modifications," "original version," "experimental versions," "subsequent versions," and "refinements to the underlying algorithm, parameters, or architecture," as applied to Llama and "any other AI models developed or in development by Meta." Meta further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents concerning large language models ("LLMs") that were not publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs' allegedly copyrighted works. For the same reason, Meta objects to this definition to the extent that it purports to require Meta to produce documents that are not relevant to any party's claims or defenses. Meta construes "Llama Models" to mean the models within the Llama family of LLMs that have been publicly released by Meta, namely, Llama 1, Llama 2, Code Llama, and Llama 3.

**5.**     Meta objects to the definitions of "Llama 1," "Llama 2," and "Llama 3" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further

objects to these definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning LLMs that were not publicly released and/or were not trained on corpuses of text that include any of Plaintiffs' allegedly copyrighted works.  For the same reason, Meta objects to these definitions to the extent that they purport to require Meta to produce documents or information concerning LLMs that are not relevant to any party's claims or defenses.  For purposes of these responses, Meta construes the term "Llama 1" to refer to the LLM released by Meta as Llama on February 24, 2023, the term "Llama 2" to refer to the LLM released by Meta under that name on July 18, 2023, and the term "Llama 3" to refer to the LLMs released by Meta under that name on April 18, 2024, July 23, 2024, and September 25, 2024.

6.    Meta objects to the definition of "Meta" as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents outside of its possession, custody, or control.  Meta construes "Meta" or "You" to mean Meta Platforms, Inc.

7.    Meta objects to the definition of "Relevant Period" as vague, ambiguous, and unintelligible, as it is defined circularly to mean "all times relevant to . . . the Complaint."  Meta construes the Relevant Period to mean January 1, 2022 to the present.

8.    Meta objects to the definition of "Shadow Dataset(s)" as vague and ambiguous as to the phrasing "the type of databases described in paragraph 37 of the Complaint—databases including but not limited to . . ." and "encompass all versions, updates, augmentations, or modifications of such databases."  Without any admission with respect to their content or nature, Meta construes the term "Shadow Dataset(s)" as used in the Requests and the term "Third Party Datasets" synonymously to refer to the third party datasets that are commonly referred to as Books3, Z-Library (aka B-ok), Library Genesis, Bibliotik, Anna's Archive, and The Pile.

9.    Meta objects to the definition of "Torrent System" as vague and ambiguous as to the phrasing "a network application designed for sharing computer data."  Meta construes the term "Torrent System" as used in these Requests to refer to software for using the BitTorrent protocol to obtain data.

1    subject matter of the Request, including documents and communications with limited, if any,

2    relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

3        Meta objects to this Request to the extent it seeks information that is not relevant to any

4    party's claims or defenses, and on the ground that it presumes that a "decision" was made to include

5    this language.

6        Subject to and without waiving the foregoing objections, and pursuant to the terms of the

7    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

8    privileged, responsive documents in its possession, custody, or control, if any, concerning Meta's

9    decision, if any, to describe Llama 2 training data as "publicly available" in the Llama 2 Paper.

10   **REQUEST FOR PRODUCTION NO. 81:**

11       All Documents and Communications related to the decision to use Shadow Datasets for

12   training Llama Models.

13   **RESPONSE TO REQUEST NO. 81:**

14       Meta incorporates by reference its objections and definitions above, including to the term

15   Shadow Datasets.  Any electronic communications, including emails and documents attached

16   thereto, will only be produced pursuant to and in accordance with the ESI Order.

17       Meta objects to this Request because, on its face, it does not exclude documents and

18   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

19   opinions, which are subject to attorney-client privilege and/or attorney work product

20   doctrine.  Such documents will not be produced.

21       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

22   needs of the case to the extent that it seeks all documents and communications concerning the

23   subject matter of the Request, including documents and communications with limited, if any,

24   relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto, in particular

25   to the extent it concerns datasets that do not include Plaintiffs' asserted works.

26       Meta objects to this Request to the extent it seeks information that is not relevant to any

27   party's claims or defenses.

28       Meta objects to this Request to the extent that Meta has already searched for and provided

1    documents responsive to this Request, which overlaps with prior Requests.

2        Subject to and without waiving the foregoing objections, and pursuant to the terms of the

3    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

4    privileged, responsive documents in its possession, custody, or control concerning Meta's decision

5    to use data from Third Party Datasets (as construed above) to train the Llama Models (as construed

6    above).

7    **REQUEST FOR PRODUCTION NO. 82:**

8        All Documents and Communications related to the role of EleutherAI in the acquisition and

9    use of Books3.

10   **RESPONSE TO REQUEST NO. 82:**

11       Meta incorporates by reference its objections and definitions above, including to the term

12   EleutherAI.  Any electronic communications, including emails and documents attached thereto,

13   will only be produced pursuant to and in accordance with the ESI Order.

14       Meta objects to this Request because, on its face, it does not exclude documents and

15   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

16   opinions, which are subject to attorney-client privilege and/or attorney work product

17   doctrine.  Such documents will not be produced.

18       Meta objects to this Request as vague and ambiguous as to the terms "role" and "acquisition

19   and use," as it fails to identify with specificity the scope of what the Request is referring to,

20   including what constitutes a "role" or the "acquisition and use" of Books3, and fails to specify

21   whose "acquisition and use" of Books3 is at issue.  Meta construes this Request as seeking

22   documents related to EleutherAI's involvement, if any, in Meta's use of Books3 to train the Llama

23   Models (as construed above).

24       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

25   needs of the case to the extent that it seeks all documents and communications concerning the

26   subject matter of the Request, including documents and communications with limited, if any,

27   relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

28       Meta objects to this Request to the extent it seeks information that is not relevant to any

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show any revenues and profits generated by Meta from its dissemination of the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications related to any licensing agreements for Llama Models, including terms, conditions, and consideration.

**RESPONSE TO REQUEST NO. 91:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrase "licensing agreements for the Llama Models" and the term "distributing." Meta construes this Request as seeking documents related to agreements entered by Meta to license use of the Llama Models (as construed above) to third parties.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

1      Meta objects to this Request to the extent it seeks documents for which Meta is contractually

2 bound to seek consent or disclosure prior to production. Meta will only produce documents in

3 accordance with such obligations.

4      Meta objects to this Request to the extent it seeks information that is not relevant to any

5 party's claims or defenses.

6      Meta objects to this Request to the extent that Meta has already searched for and produced

7 documents responsive to this Request, which overlaps with prior Requests.

8      Subject to and without waiving the foregoing objections, and pursuant to the terms of the

9 Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

10 privileged, responsive documents in its possession, custody, or control, sufficient to show any

11 agreements entered by Meta to license use of the Llama Models (as construed above) to third

12 parties.

13 **REQUEST FOR PRODUCTION NO. 92:**

14      All Documents and Communications related to the pricing strategy for distributing Llama

15 Models.

16 **RESPONSE TO REQUEST NO. 92:**

17      Meta incorporates by reference its objections and definitions above. Any electronic

18 communications, including emails and documents attached thereto, will only be produced pursuant

19 to and in accordance with the ESI Order.

20      Meta objects to this Request because, on its face, it does not exclude documents and

21 communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

22 opinions, which are subject to attorney-client privilege and/or attorney work product

23 doctrine. Such documents will not be produced.

24      Meta objects to this Request as vague and ambiguous as to the phrase "pricing strategy"

25 and the term "distributing." Meta construes this Request as seeking documents related to Meta's

26 strategy, if any, concerning payments required to be made to Meta by licensees pursuant to licenses

27 for the Llama Models (as construed above).

28

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show Meta's costs to market and promote the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications related to the financial projections and actual financial performance of distributing Llama Models, including financial statements, income statements, balance sheets, cash flow statements, and forecasts, that reflect or predict the revenue and profits associated with Llama Models.

**RESPONSE TO REQUEST NO. 94:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the terms "distributing" and "associated" and the phrases "actual financial performance of distributing the Llama Models." Meta construes this Request as seeking documents reflecting Meta's actual and projected

1   revenues and profits from the Llama Models (as construed above).

2       Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

3   needs of the case to the extent that it seeks all documents and communications concerning the

4   subject matter of the Request, including documents and communications with limited, if any,

5   relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

6       Meta objects to this Request to the extent it seeks information that is not relevant to any

7   party's claims or defenses.

8       Meta objects to this Request to the extent that Meta has already searched for and produced

9   documents responsive to this Request, which overlaps with prior Requests.

10      Subject to and without waiving the foregoing objections, and pursuant to the terms of the

11  Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

12  privileged, responsive documents in its possession, custody, or control, if any, sufficient to show

13  Meta's actual and projected revenues and profits from the Llama Models (as construed above).

14  **REQUEST FOR PRODUCTION NO. 95:**

15      All Documents and Communications related to the financial impact of Llama Models on

16  the stock price and market valuation of Meta.

17  **RESPONSE TO REQUEST NO. 95:**

18      Meta incorporates by reference its objections and definitions above. Any electronic

19  communications, including emails and documents attached thereto, will only be produced pursuant

20  to and in accordance with the ESI Order.

21      Meta objects to this Request because, on its face, it does not exclude documents and

22  communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

23  opinions, which are subject to attorney-client privilege and/or attorney work product

24  doctrine. Such documents will not be produced.

25      Meta objects to this Request as vague and ambiguous as to the phrase "financial impact" as

26  it pertains to Meta's stock price. Meta also objects to this Request as vague and ambiguous as to

27  "market valuation" Meta construes this Request as seeking documents concerning the impact of

28  the Llama Models on Meta's stock price.

Meta objects to this Request to the extent that it seeks information that is publicly available, including as part of Meta's disclosures complying with its obligations as a publicly traded company.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show Meta's operations expenses associated with the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications related to the financial impact of the Llama Models on Meta's profitability metrics, such as gross margin, operating margin, and net profit margin.

**RESPONSE TO REQUEST NO. 100:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrases "financial impact" and "profitability metrics." Meta will construe this Request as seeking documents reflecting the effect of the Llama Models (as construed above) on Meta's gross margin, operating margin, and net profit margin.

Cooley LLP
Attorneys at Law

27

Meta's Obj & Resps to
Pltf's Fifth Set of RFPs
3:23-cv-03417-VC

Meta objects to this Request as vague and ambiguous as to which profitability metrics beyond those identified in the Request are being referring to, such that the Request fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Fed. R. Civ. P. 34. Meta will understand this Request as seeking materials describing the impact of the Llama Models on Meta's gross margin, operating margin, and net profit margin.

Meta objects to this Request to the extent that it seeks information that is publicly available, including as part of Meta's disclosures complying with its obligations as a publicly traded company.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as duplicative of other Requests, including Request Nos. 90 and 97.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show the effect of the Llama Models (as construed above) on Meta's gross margin, operating margin, and net profit margin.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications related to the financial impact of the Llama Models on Meta's cash flow from operating activities.

**RESPONSE TO REQUEST NO. 101:**

Meta incorporates by reference its objections and definitions above. Any electronic

communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrase "financial impact." Meta construes this Request as seeking documents reflecting the effect of the Llama Models (as construed above) on Meta's cash flow from operating activities.

Meta objects to this Request to the extent that it seeks information that is publicly available, including as part of Meta's disclosures complying with its obligations as a publicly traded company

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show effect of the Llama Models (as construed above) on Meta's cash flow from operating activities.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications related to the financial impact of the Llama Models on Meta's earnings per share (EPS).

**RESPONSE TO REQUEST NO. 102:**

Meta incorporates by reference its objections and definitions above. Any electronic

the data used to train Llama Models, including but not limited to the inclusion of any copyrighted material within data used to train Llama Models.

**RESPONSE TO REQUEST NO. 105:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as compound, vague, and ambiguous as to the phrasing "related to licensing the Llama Models and concerning the data used to train Llama Models," in particular as this clause conflates separate subject matter (i.e., licensing the models and training data). Meta further objects to this Request as vague, ambiguous, indefinite, and unduly burdensome as to the term "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular work is subject to copyright protection. Meta is unable to construe this Request.

Meta objects to this Request to the extent that it is duplicative of other Requests, such as Request Nos. 77, 91, and 130.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications related to Meta guidelines for including or excluding copyrighted material from data used to train Llama Models.

**RESPONSE TO REQUEST NO. 106:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the term "guidelines." Meta further objects to this Request as vague, ambiguous, indefinite, and unduly burdensome as to the term "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular work is subject to copyright protection. Meta construes this Request as seeking documents concerning legal guidance related to use of potentially copyrighted material as training data for the Llama Models (as construed above). Such documents are privileged and will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request as duplicative of other Requests.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show guidance related to use of potentially copyrighted material as training data for the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications related to Meta's use of Llama Models to develop or augment any new or existing Meta products, including but not limited to Facebook, Instagram, Reels, WhatsApp, Threads, Oculus, Meta virtual reality (or "metaverse") products, and Meta's AR glasses (or "Orion").

**RESPONSE TO REQUEST NO. 107:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the term "use . . . to develop or augment" and "Meta products." Meta construes this Request as seeking documents related to Meta's integration of the Llama Models (as construed) above, into features within Facebook, Instagram, Reels, WhatsApp, Threads, Oculus, metaverse products, and Meta's AR glasses products.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in Meta's possession, custody, or control, if any, sufficient to show Meta's plans to develop new products using the Llama Models (as construed above) and its plans to integrate the models into Facebook, Instagram, Reels, WhatsApp, Threads, Oculus,

1    Meta objects to this Request as vague and ambiguous as to the term "use . . . to develop or

2    augment" and "Meta products."  Meta construes this Request as seeking documents related to

3    Meta's plans, if any, for the integration of the Llama Models (as construed above), into features

4    within Facebook, Instagram, Reels, WhatsApp, Threads, Oculus, metaverse products, and Meta's

5    AR glasses products.

6    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

7    needs of the case to the extent that it seeks all documents and communications concerning the

8    subject matter of the Request, including documents and communications with limited, if any,

9    relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

10    Meta objects to this Request to the extent it seeks information that is not relevant to any

11    party's claims or defenses.

12    Meta objects to this Request as duplicative of other Requests, including Request No. 107.

13    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

14    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

15    privileged, responsive documents in Meta's possession, custody, or control, if any, sufficient to

16    show Meta's plans to develop new products using the Llama Models (as construed above) and its

17    plans to integrate the models into Facebook, Instagram, Reels, WhatsApp, Threads, Oculus,

18    metaverse products, and/or Meta's AR glasses products.

19    **REQUEST FOR PRODUCTION NO. 114:**

20    All Documents and Communications regarding Meta's proposed or actual partnership with

21    celebrities—including but not limited to John Cena, Judi Dench, Kristen Bell, Awkwafina, and

22    Keegan-Michael Key—to train Meta's AI chatbot, including regarding the commercial terms Meta

23    proposed or entered into with any of them, including for any celebrities who did not finalize a

24    partnership with Meta.

25    **RESPONSE TO REQUEST NO. 114:**

26    Meta incorporates by reference its objections and definitions above.  Any electronic

27    communications, including emails and documents attached thereto, will only be produced pursuant

28    to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to "proposed or actual partnership… to train Meta's AI chatbot." Meta construes this Request as seeking documents concerning any agreements to use the likenesses, personalities, or other publicity rights associated with celebrities to train or promote Meta's AI chatbots.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with no relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents and Communications relating to Meta's decision to withhold release of its newest multimodal AI models from distribution in the European Union.

**RESPONSE TO REQUEST NO. 115:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with no relevance to

Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 116:**

All source code relating to Llama Models.

**RESPONSE TO REQUEST NO. 116:**

Meta incorporates by reference its objections and definitions above.

Meta objects to this Request as vague, ambiguous, and unduly burdensome as to the term "relating to," including because Meta is not in a position to know the scope of source code that could conceivably be "relat[ed] to" Llama Models (as construed above). Meta construes this Request as seeking the source code of the Llama Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all source code concerning the subject matter of the Request, including source code with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce source code used by Meta for training the Llama Models and for evaluating the performance of Llama Models.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents and Communications relating to Meta's decision to not identify databases used for training Llama Models.

**RESPONSE TO REQUEST NO. 117:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrasing "not identify" and "databases used for training Llama Models."  Meta construes this Request as seeking documents concerning Meta's decision, if any, not to publicly identify with specificity the training data used to train the Llama Models (as construed above) other than Llama 1.

Meta objects to this Request to the extent it assumes that Meta did not publicly identify datasets used to train any Llama Models.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents and Communications, including source code, relating to any efforts, attempts, or measures implemented by Meta to prevent Llama Models from emitting or outputting copyrighted material.

**RESPONSE TO REQUEST NO. 118:**

Meta incorporates by reference its objections and definitions above.  Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine.  Such documents will not be produced.

communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague, ambiguous, and indefinite as to "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular training data is protected by copyright. Meta also objects to this Request on the ground that it presupposes that there are documents related to the processing, storage, and deletion of copyrighted material separate and apart from other training data.

Meta objects to this Request as duplicative of other Requests.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications, including source code, with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as duplicative of other Requests, including Request Nos. 116 and 118.

Meta is willing to meet and confer with Plaintiffs regarding the appropriate scope, if any of this Request.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents and Communications, including source code, relating to actual or contemplated source code changes within Llama Models, including source code "commits" and "pull requests."

**RESPONSE TO REQUEST NO. 120:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

1   Meta objects to this Request because, on its face, it does not exclude documents and
2   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or
3   opinions, which are subject to attorney-client privilege and/or attorney work product
4   doctrine.  Such documents will not be produced.

5   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the
6   needs of the case to the extent that it seeks all documents and communications, including source
7   code, concerning the subject matter of the Request, including documents and communications with
8   limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses
9   thereto.

10   Meta objects to this Request to the extent it seeks information that is not relevant to any
11   party's claims or defenses.

12   Meta objects to this Request as duplicative of other Requests, including Request Nos. 116,
13   118 and 119.

14   Subject to and without waiving the foregoing objections, and pursuant to the terms of the
15   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-
16   privileged, responsive documents in its possession, custody, or control, if any, sufficient to show
17   actual or contemplated source code changes within Llama Models, including source code
18   "commits" and "pull requests" where available and reasonably technologically feasible to produce.

19   **REQUEST FOR PRODUCTION NO. 121:**

20   All Documents and Communications, including source code, relating to production code
21   for Llama Models.

22   **RESPONSE TO REQUEST NO. 121:**

23   Meta incorporates by reference its objections and definitions above.  Any electronic
24   communications, including emails and documents attached thereto, will only be produced pursuant
25   to and in accordance with the ESI Order.

26   Meta objects to this Request because, on its face, it does not exclude documents and
27   communications exchanged with or at the direction of Meta's attorneys concerning legal advice or
28   opinions, which are subject to attorney-client privilege and/or attorney work product

1    Meta objects to this Request to the extent it seeks information that is not relevant to any

2    party's claims or defenses.

3    Meta objects to this Request as duplicative of other Requests, including Request Nos. 116,

4    118, 119, 120, and 121.

5    Meta is willing to meet and confer with Plaintiffs regarding the appropriate scope, if any of

6    this Request.

7    **REQUEST FOR PRODUCTION NO. 123:**

8    All non-privileged Communications with third parties regarding Plaintiffs' allegations and

9    Meta's actual or contemplated defenses, including fair use.

10    **RESPONSE TO REQUEST NO. 123:**

11    Meta incorporates by reference its objections and definitions above. Any electronic

12    communications, including emails and documents attached thereto, will only be produced pursuant

13    to and in accordance with the ESI Order.

14    Meta objects to this Request as vague and ambiguous as to the phrasing "actual or

15    contemplated defenses." Meta will construe this Request as seeking communications with third

16    parties regarding Plaintiff's allegations and Meta's asserted defenses, including fair use, in

17    connection with this litigation.

18    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

19    needs of the case to the extent that it seeks all documents and communications concerning the

20    subject matter of the Request, including documents and communications with limited, if any,

21    relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

22    Subject to and without waiving the foregoing objections, and pursuant to the terms of the

23    Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

24    privileged, responsive documents in its possession, custody, or control, if any, sufficient to show

25    Meta's communications with third parties regarding Plaintiffs' allegations and Meta's actual

26    defenses, including fair use, in this litigation.

27    **REQUEST FOR PRODUCTION NO. 124:**

28    Documents or Communications sufficient to show the functionalities and purpose of the

1    SRT.

2    **RESPONSE TO REQUEST NO. 124:**

3         Meta incorporates by reference its objections and definitions above. Any electronic

4    communications, including emails and documents attached thereto, will only be produced pursuant

5    to and in accordance with the ESI Order.

6         Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

7    needs of the case to the extent that it seeks all documents and communications concerning the

8    subject matter of the Request, including documents and communications with limited, if any,

9    relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

10        Meta objects to this Request to the extent it seeks information that is not relevant to any

11   party's claims or defenses.

12        Subject to and without waiving the foregoing objections, and pursuant to the terms of the

13   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

14   privileged, responsive documents in its possession, custody, or control, if any, sufficient to show

15   the functionalities and purpose of Meta's SRT.

16   **REQUEST FOR PRODUCTION NO. 125:**

17        Documents sufficient to show the identity of persons included on the following "list serv"

18   accounts identified on Meta's privilege log(s): "GenAI Trust & RAI," "GenAI LLM Research,"

19   "GenAI – Leadership," "MPI in house."

20   **RESPONSE TO REQUEST NO. 125:**

21        Meta incorporates by reference its objections and definitions above. Any electronic

22   communications, including emails and documents attached thereto, will only be produced pursuant

23   to and in accordance with the ESI Order.

24        Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

25   needs of the case because it seeks documents with limited, if any, relevance to Plaintiffs' copyright

26   infringement allegations and Meta's defenses thereto.

27        Meta objects to this Request on the ground that it seeks information that is not relevant to

28   any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Communications related to Meta's decision to use the SRT for obtaining or relaying legal advice.

**RESPONSE TO REQUEST NO. 126:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 127:**

All Documents, Communications, Guidelines, or policies related to the handling, sharing, or disclosure of potentially privileged communications or attorney work product, including but not limited to guidelines or policies regarding the sharing of potentially privileged information with third parties or the storage of potentially privileged communications or attorney work product in secure locations.

**RESPONSE TO REQUEST NO. 127:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 129:**

Documents sufficient to identify all individuals, currently or formerly employed by Meta, including their roles and titles, who work or worked on Meta's AI research and development projects, including Llama models, and/or on Meta's licensing efforts with respect to AI training data.

**RESPONSE TO REQUEST NO. 129:**

Meta incorporates by reference its objections and definitions above.

Meta objects to this Request as vague and ambiguous as to the term "Meta's AI research" projects, which could include any number of projects dating back years.

Meta also objects to this Request to the extent that it seeks information that is publicly available, in particular information published within the Llama 1 Paper, the Llama 2 Paper, and the similar paper published in conjunction with Llama 3.   Meta refers Plaintiffs to those papers, which have been produced by Meta, as well as other thousands of other documents produced by Meta which identify individuals involved in the research and development of the Llama Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks information not kept in the ordinary course of business and information, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements (even if never written or executed) for AI training data, including any actual, proposed, or contemplated terms, conditions,

1    and consideration.

2    **RESPONSE TO REQUEST NO. 130:**

3    Meta incorporates by reference its objections and definitions above. Any electronic

4    communications, including emails and documents attached thereto, will only be produced pursuant

5    to and in accordance with the ESI Order.

6    Meta objects to this Request because, on its face, it does not exclude documents and

7    communications exchanged with or at the direction of Meta's attorneys concerning legal advice or

8    opinions, which are subject to attorney-client privilege and/or attorney work product

9    doctrine. Such documents will not be produced.

10   Meta objects to this Request as vague and ambiguous as to the term "AI training data,"

11   which is not limited in scope and could include training data other than text, and other than for the

12   Llama Models (as construed above). Meta construes this Request as concerning text training data

13   for the Llama Models (as construed above).

14   Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the

15   needs of the case to the extent that it seeks all documents and communications concerning the

16   subject matter of the Request, including documents and communications with limited, if any,

17   relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

18   Meta objects to this Request to the extent it seeks information that is not relevant to any

19   party's claims or defenses.

20   Subject to and without waiving the foregoing objections, and pursuant to the terms of the

21   Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-

22   privileged, responsive documents in its possession, custody, or control concerning Meta's efforts

23   to license text training data for the Llama Models (as construed above).

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

**META'S OBJ & RESPS TO
PLTF'S FIFTH SET OF RFPS
3:23-CV-03417-VC**

1    Dated: November 8, 2024                          COOLEY LLP

2

3                                              By:  /s/ Judd Lauter
                                                   Bobby Ghajar
4                                                  Mark Weinstein
                                                   Kathleen Hartnett
5                                                  Judd Lauter
                                                   Liz Stameshkin
6                                                  Colette Ghazarian

7                                                  LEX LUMINA PLLC
                                                   Mark A. Lemley
8
                                                   CLEARY GOTTLIEB STEEN &
9                                                  HAMILTON LLP
                                                   Angela L. Dunning
10                                                 Attorneys for Defendant
                                                   META PLATFORMS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28