# EXHIBIT 1

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:     (310) 883-6400
Facsimile:      (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al., | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| v. | |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | Trial Date: None<br>Date Action Filed: July 7, 2023 |

**PROPOUNDING PARTY:**     **PLAINTIFFS RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, MICHAEL CHABON, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, AYELET WALDMAN, AND JACQUELINE WOODSON**

**RESPONDING PARTY:**     **DEFENDANT META PLATFORMS, INC.**

**SET NUMBER: ONE**     **ONE**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, and Local Rule 34, Defendant Meta Platforms, Inc. ("Meta") responds as follows to Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson's ("Plaintiffs") First Set of Requests for Production ("Requests").

## I.    RESPONSES TO ALL REQUESTS

1.    Meta's responses to the Requests are made to the best of Meta's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and Meta reserves the right to amend, revise, correct, supplement, or clarify the responses and objections propounded herein.

2.    Meta reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Meta's initial production, including, but not limited to, any documents obtained in discovery herein.

3.    To the extent that Meta agrees to produce documents in response to any Requests, Meta will respond with responsive, non-privileged information currently in its possession, custody, or control. Meta has no duty to produce or identify information outside of its possession, custody or control. By stating in these responses that Meta will produce documents or is searching for documents, Meta does not represent that any document actually exists, but rather that it will make a good faith search and reasonable inquiry to ascertain whether documents responsive to these Requests do, in fact, exist and to produce such documents if they are found to exist and are within Meta's possession, custody, or control.

4.      To the extent that Meta responds to a Request by stating that Meta will provide documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the parties' stipulated protective order governing the unauthorized use or disclosure of such information or documents with a designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction (ECF No. 90, the "Protective Order").

5.      The provision of a response to any of these Requests does not constitute a waiver of any objection regarding the use of said response in these proceedings.  Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

6.      Meta reserves the right to object on any ground and at any time to such other or supplemental requests for production that Plaintiffs may propound involving or relating to the subject matter of these Requests.

7.      Unless otherwise stipulated in a production protocol or ordered by the Court, Meta will produce each document in response to these Requests in a form in which it is ordinarily maintained or in a reasonably usable form.

## II.      OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Whether or not separately set forth in response to each Request, Meta makes these objections to the following Instructions and Definitions.

1.      Meta objects to the definition of "Agreement" as overbroad and unduly burdensome to the extent that it encompasses oral contracts, arrangements, or understandings, including those that are informal.  Meta further objects to the definition of "Agreement" as vague, ambiguous, and unintelligible as to the term "modifications" to the extent it is intended to mean something distinct from "versions" or "amendments."  Meta will construe "Agreement" to mean written contracts, including drafts, versions, amendments, exhibits, and appendices thereof.

attached thereto. In the context of this Request, Meta will construe this phrase to mean documents, other than those subject to the procedure for requesting electronic communications under the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll" documents concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, relevant documents in its possession, custody, or control sufficient to show the individuals granted or denied access to Llama 1 and Llama 2. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

Dated: February 23, 2024                           COOLEY LLP


By:  /s/ Judd Lauter
                                                   Judd Lauter
                                                   Bobby Ghajar
                                                   Mark Weinstein
                                                   Kathleen Hartnett
                                                   Colette Ghazarian

                                                   Attorneys for Defendant
                                                   META PLATFORMS, INC.

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California.  I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years, and not a party to the within action.  My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130.  On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Executed on February 23, 2024, at Palo Alto, California.

_____
Jessica G. Alvarez-Lopez

1

SERVICE LIST

2

Joseph R. Saveri
Cadio Zirpoli

3

Christopher K.L. Young

4

Holden Benon
Kathleen J. McMahon

5

Travis Manfredi
Aaron Cera

6

**JOSEPH SAVERI LAW FIRM, LLP**

7

601 California Street, Suite 1000
San Francisco, CA 94108

8

Telephone: (415) 500-6800
Facsimile: (415) 395-9940

9

Email: jsaveri@saverilawfirm.com

10

czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com

11

hbenon@saverilawfirm.com
kmcmahon@saverilawfirm.com

12

tmanfredi@saverilawfirm.com
acera@saverilawfirm.com

13

Matthew Butterick

14

**JOSEPH SAVERI LAW FIRM, LLP**

15

1920 Hillhurst Avenue, #406
Los Angeles, CA 90027

16

Email: mb@butericklaw.com

17

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

28

Bryan L. Clobes (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Email: bclobes@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Alexander J. Sweatman
(*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: asweatman@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant
META PLATFORMS, INC.*