COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                        Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT DISCOVERY LETTER BRIEF** |

Pursuant to Civil Local Rule 79-5(c)–(e), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal a confidential, unredacted version of the Parties' Joint Discovery Letter regarding Meta's Responses to Plaintiffs' First and Second Sets of Requests for Production ("Joint Letter Brief"). Meta respectfully submits that good cause exists for the filing of this document under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Nikki Vo in support of this Unopposed Administrative Motion to File Under Seal.

The following chart lists the documents for which Meta requests sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
| --- | --- |
| Joint Letter Brief | • Redacted portions |

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to the Joint Letter Brief itself and the supporting evidence attached thereto as further support for this Unopposed Administrative Motion.

I.   LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Brief, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

The portions of the Joint Letter Brief that Meta seeks to seal contains Meta's confidential information, for which Meta requests sealing. They refer to highly sensitive, confidential information concerning Meta's business strategies in developing its Llama models taken from documents produced by Meta that were marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in this case. Meta must request sealing of these materials, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort, as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable). These sealing requests are critical to protect Meta's confidential sensitive technical and competitive information.

The specific basis for sealing the redacted portions of the Joint Letter Brief is outlined in the accompanying declaration of Meta's Director and Associate General Counsel, Nikki Vo. As outlined in Ms. Vo's declaration, notwithstanding Plaintiffs' mischaracterization of Meta's actions, disclosure of the protected information contained in the Joint Letter Brief would cause competitive harm to Meta if this information is publicly disclosed. Meta's sealing requests and proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Vo's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents).

**II.   CONCLUSION**

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed document accompany this Unopposed Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant its Administrative Motion to Seal.

| | | |
|---|---|---|
| 1 | Dated: November 26, 2024 | COOLEY LLP |
| 2 | | |
| 3 | | By: /s/Judd Lauter |
| 4 | | Bobby Ghajar<br>Philip Morton<br>Mark Weinstein |
| 5 | | Kathleen Hartnett<br>Matthew Brigham |
| 6 | | Judd Lauter<br>Liz Stameshkin |
| 7 | | Colette Ghazarian<br>Juan Pablo Gonzalez |
| 8 | | Cole Poppell |
| 9 | | LEX LUMINA PLLC<br>Mark A. Lemley |
| 10 | | |
| 11 | | CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>Angela L. Dunning |
| 12 | | |
| 13 | | Attorneys for Defendant<br>META PLATFORMS, INC. |

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:    (646) 898-2055

## CERTIFICATE OF CONFERENCE

I hereby attest that I spoke with counsel for Plaintiffs, who confirmed they do not oppose the relief sought in this motion. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2024

COOLEY LLP

/s/Judd Lauter
Judd Lauter

*Attorneys for Defendant*
Meta Platforms, Inc.

311335041