# EXHIBIT 1

1   Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
2   Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
3   **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:      bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
6               mrathur@caffertyclobes.com
    *Counsel for Individual and Representative Plaintiffs and*
7   *the Proposed Class*

8

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                     **SAN FRANCISCO DIVISION**

12

13  RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC

14          Individual and Representative         PLAINTIFF TA-NEHISI COATES'S
            Plaintiffs,                           RESPONSES TO DEFENDANT'S FOURTH
15                                                SET OF INTERROGATORIES

16  v.

17  META PLATFORMS, INC, a Delaware
    corporation,
18
            Defendant.
19

20

21

22

23

24

25

26

27

28

10.     Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.     Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## RESPONSES

### INTERROGATORY NO. 1:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 2:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production Nos. 77-78.

Subject to and without waiving these and the general objections, Plaintiff is not obligated

1   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2   this interrogatory.

3   **INTERROGATORY NO. 3:**

4       Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5   use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6   its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7   contend demonstrate any alleged lack of good faith.

8   **RESPONSE TO INTERROGATORY NO. 3:**

9       Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10  information over which Defendant has custody or control, and is duplicative. Each subpart is a

11  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12  Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13  subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14  expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15  documents and information over which Defendant has equal or greater possession, custody, and

16  control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17  in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19      Subject to and without waiving these and the general objections, Plaintiff is not obligated

20  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21  this interrogatory.

22  **INTERROGATORY NO. 4:**

23      If YOU contend that a market or potential market exists for licensing of YOUR

24  ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25  a detailed identification of when and how such market arose and all transactions and documents

26  you contend support the existence of such market.

27  **RESPONSE TO INTERROGATORY NO. 4:**

28      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 5:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Works for use in training LLMs.

1    **INTERROGATORY NO. 6:**

2         State all facts supporting any contention by YOU that the amount and substantiality of the

3    portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4    relation to the purpose of training the META AI LLMs.

5    **RESPONSE TO INTERROGATORY NO. 6:**

6         Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7    information over which Defendant has custody or control, and is duplicative. Each subpart is a

8    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13   seeks documents and information over which Defendant has equal or greater possession, custody,

14   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18   for Production No. 77.

19        Subject to and without waiving these and the general objections, Plaintiff is not obligated

20   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21   this interrogatory.

22   **INTERROGATORY NO. 7:**

23        IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24   YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25   purchasers of YOUR ASSERTED WORKS.

26   **RESPONSE TO INTERROGATORY NO. 7:**

27        The parties have not reached agreement, nor has the Court ordered additional

28   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1   not respond to this Interrogatory.

2   **<u>INTERROGATORY NO. 8:</u>**

3      Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4   YOU contend it is a factual or creative work, and the target audience for the work.

5   **<u>RESPONSE TO INTERROGATORY NO. 8:</u>**

6      The parties have not reached agreement, nor has the Court ordered additional

7   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8   not respond to this Interrogatory.

9   **<u>INTERROGATORY NO. 9:</u>**

10     State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  **<u>RESPONSE TO INTERROGATORY NO. 9:</u>**

14     The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024     By:     */s/ Mohammed A. Rathur*

20                                          Mohammed A. Rathur

21                                          Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (pro hac vice)
22                                          Mohammed A. Rathur (pro hac vice)
                                            **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
23                                          135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
24                                          Telephone: (312) 782-4880
                                            Email:     bclobes@caffertyclobes.com
25                                                     asweatman@caffertyclobes.com
                                                       mrathur@caffertyclobes.com
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VERIFICATION</u>

My name is Ta-Nehisi Coates. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on _11/18/2024_.

_____

Ta-Nehisi Coates

1

2

3

## **CERTIFICATE OF SERVICE**

4        I hereby certify that on November 18, 2024, and based on the Parties' agreements in this

5  regard, a copy of the foregoing was served via electronic mail to all counsel of record in this

6  matter.

7

8                                                          /s/ Mohammed A. Rathur
                                                           Mohammed A. Rathur
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Bryan L. Clobes (pro hac vice)
   Alexander J. Sweatman (pro hac vice)
2  Mohammed A. Rathur (pro hac vice)
   **CAFFERTY CLOBES MERIWETHER**
3  **& SPRENGEL LLP**
   135 South LaSalle Street, Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:      bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
6              mrathur@caffertyclobes.com
   *Counsel for Individual and Representative Plaintiffs and*
7  *the Proposed Class*

8

                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10
                      **SAN FRANCISCO DIVISION**
11

12

13
   RICHARD KADREY, *et al.*,                  Case No. 3:23-cv-03417-VC
14
          Individual and Representative        PLAINTIFF JUNOT DIAZ'S RESPONSES TO
15        Plaintiffs,                          DEFENDANT'S FOURTH SET OF
                                               INTERROGATORIES
16  v.

17  META PLATFORMS, INC, a Delaware
    corporation,
18
          Defendant.
19

20

21

22

23

24

25

26

27

28

10.     Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.     Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## RESPONSES

### INTERROGATORY NO. 1:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 2:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production Nos. 77-78.

Subject to and without waiving these and the general objections, Plaintiff is not obligated

1  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2  this interrogatory.

3  **INTERROGATORY NO. 3:**

4      Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5  use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6  its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7  contend demonstrate any alleged lack of good faith.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10  information over which Defendant has custody or control, and is duplicative. Each subpart is a

11  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12  Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13  subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14  expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15  documents and information over which Defendant has equal or greater possession, custody, and

16  control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17  in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19      Subject to and without waiving these and the general objections, Plaintiff is not obligated

20  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21  this interrogatory.

22  **INTERROGATORY NO. 4:**

23      If YOU contend that a market or potential market exists for licensing of YOUR

24  ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25  a detailed identification of when and how such market arose and all transactions and documents

26  you contend support the existence of such market.

27  **RESPONSE TO INTERROGATORY NO. 4:**

28      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1  information over which Defendant has custody or control, and is duplicative. Each subpart is a

2  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7  seeks documents and information over which Defendant has equal or greater possession, custody,

8  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12  for Production No. 77.

13       Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 5:**

17       IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18  the possibility of licensing (via collective license, blanket license, individual license, or any other

19  licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20  **RESPONSE TO INTERROGATORY NO. 5:**

21       Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22  objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23  Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24  requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25  conduct of others.

26       Subject to and without waiving these and the general objections, based on Plaintiff's

27  preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28  parties regarding licensing his Asserted Works for use in training LLMs.

1    **INTERROGATORY NO. 6:**

2          State all facts supporting any contention by YOU that the amount and substantiality of the

3    portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4    relation to the purpose of training the META AI LLMs.

5    **RESPONSE TO INTERROGATORY NO. 6:**

6          Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7    information over which Defendant has custody or control, and is duplicative. Each subpart is a

8    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13   seeks documents and information over which Defendant has equal or greater possession, custody,

14   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18   for Production No. 77.

19          Subject to and without waiving these and the general objections, Plaintiff is not obligated

20   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21   this interrogatory.

22   **INTERROGATORY NO. 7:**

23          IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24   YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25   purchasers of YOUR ASSERTED WORKS.

26   **RESPONSE TO INTERROGATORY NO. 7:**

27          The parties have not reached agreement, nor has the Court ordered additional

28   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1    not respond to this Interrogatory.

2    **INTERROGATORY NO. 8:**

3      Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4    YOU contend it is a factual or creative work, and the target audience for the work.

5    **RESPONSE TO INTERROGATORY NO. 8:**

6      The parties have not reached agreement, nor has the Court ordered additional

7    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8    not respond to this Interrogatory.

9    **INTERROGATORY NO. 9:**

10     State the total revenue that YOU (including any entity or company owned, operated, or

11   controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12   earned from sales and licensing of the works.

13   **RESPONSE TO INTERROGATORY NO. 9:**

14     The parties have not reached agreement, nor has the Court ordered additional

15   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16   not respond to this Interrogatory.

17

18

19   Dated: November 18, 2024     By:   _/s/ Mohammed A. Rathur_

20             Mohammed A. Rathur

21            Bryan L. Clobes (pro hac vice)
         Alexander J. Sweatman (pro hac vice)

22            Mohammed A. Rathur (pro hac vice)
         **CAFFERTY CLOBES MERIWETHER**

23            **& SPRENGEL LLP**
         135 South LaSalle Street, Suite 3210

24            Chicago, IL 60603
         Telephone: (312) 782-4880

25            Email:    bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com

26                mrathur@caffertyclobes.com

27

28

1

## <u>VERIFICATION</u>

2    My name is Junot Diaz. I am one of the Plaintiffs in the action captioned *Kadrey et al. v.*

3    *Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4    I have reviewed the following document:

5

6    • **PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT
       META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

7

8    I believe this document to be true and accurate with respect to statements based on my

9    personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

10   and correct.

11   I declare under penalty of perjury under the laws of the United States that these answers

12   are true and correct. Executed on _11/15/2024_____.

13

14                                                    _____

15                                                    Junot Diaz

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 18, 2024, and based on the Parties' agreements in this regard, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

/s/ Mohammed A. Rathur
Mohammed A. Rathur

PLAINTIFF JUNOT DIAZ'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1  Rachel Geman (*pro hac vice*)
   rgeman@lchb.com
2  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
3  New York, NY 10013-1413
   Telephone: 212.355.9500
4  Facsimile: 212.355.9592
   Email: rgeman@lchb.com
5

6  Elizabeth J. Cabraser, Esq.
   Daniel M. Hutchinson, Esq.
   Reilly T. Stoler, Esq.
7  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
8  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
9  Email: ecabraser@lchb.com
   dhutchinson@lchb.com
10 rstoler@lchb.com

11 Kenneth S. Byrd. (*pro hac vice* forthcoming)
   Betsy A. Sugar (*pro hac vice* forthcoming)
12 LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   222 2nd Avenue South, Suite 1640
13 Nashville, TN 37201-2375
   Telephone: 615.313.9000
14 Email: kbyrd@lchb.com
   bsugar@lchb.com
15

16 Scott J. Sholder (*pro hac vice*)
   CeCe M. Cole (*pro hac vice*)
17 COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
   60 Broad Street, 30th Floor
18 New York, New York 10004
   Telephone: (212) 974-7474
19 Email: ssholder@cdas.com
   ccole@cdas.com

20 Proposed Class Counsel and Counsel for Plaintiff
   Christopher Farnsworth
21

22            UNITED STATES DISTRICT COURT

23          NORTHERN DISTRICT OF CALIFORNIA

24             SAN FRANCISCO DIVISION

25
   RICHARD KADREY, *et al*.,                    Case No. 3:23-cv-03417-VC
26
        Individual and Representative           PLAINTIFF CHRISTOPHER
27      Plaintiffs,                             FARNSWORTH'S RESPONSES TO
                                                DEFENDANT'S FIRST SET OF
28 v.                                           INTERROGATORIES

1  META PLATFORMS, INC, a Delaware
corporation,

2

3          Defendant.

4

5

6  PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

7  RESPONDING PARTY:     PLAINTIFF CHRISTOPHER FARNSWORTH

8  SET NO.:              ONE

9

10                      **<u>INTRODUCTION</u>**

11         Plaintiff Christopher Farnsworth hereby responds to Defendant Meta Platforms, Inc.

12  ("Defendant") First Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of

13  Civil Procedure.

14         All responses to the following Interrogatories are based on information currently known to

15  Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses

16  pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information

17  become available. Plaintiff anticipates that as investigation and trial preparation continue, it is

18  possible that additional facts may become known, which may in turn warrant additions to or

19  changes in the responses provided herein.

20         These responses are made in a good faith effort to supply such information as is presently

21  known to Plaintiff. These responses and objections are made without prejudice to, and are not a

22  waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an

23  admission of any fact set forth or assumed by an Interrogatory. The inadvertent disclosure of any

24  privileged information shall not be deemed a waiver of any applicable privilege with respect to

25  such information or any other information.

26                      **<u>GENERAL OBJECTIONS</u>**

27         Plaintiff makes the following General Objections to the Interrogatories, including the

28  Definitions and Guidelines sections. Plaintiff's General Objections are incorporated into its

1    Subject to and without waiving these and the general objections, Plaintiff agrees to meet

2    and confer regarding the scope of this Interrogatory.

3    **INTERROGATORY NO. 19:**

4    To the extent YOU contend that the alleged use of YOUR ASSERTED WORKS in the

5    process(es) for training any META AI LLM resulted in Meta having reproduced YOUR

6    ASSERTED WORKS, describe in detail how, and at what point(s) in the training process(es), you

7    contend any copies of YOUR ASSERTED WORKS were made.

8    **RESPONSE TO INTERROGATORY NO. 19:**

9    Plaintiff objects to this Interrogatory to the extent it is overbroad, irrelevant, and

10   speculative. Plaintiff objects to the extent this Interrogatory seeks a response that will be the

11   subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

12   expert witness work product. Plaintiff objects to this Interrogatory to the extent that it requests

13   information in Defendant's possession, custody, and control.

14   Subject to and without waiving these and the general objections, Plaintiff agrees to meet

15   and confer regarding the scope of the Interrogatory.

16   **INTERROGATORY NO. 20:**

17   State all facts supporting any contention by YOU that Meta's alleged use of YOUR

18   ASSERTED WORKS in connection with training any META AI LLM is not transformative for

19   purposes of fair use.

20   **RESPONSE TO INTERROGATORY NO. 20:**

21   Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

22   information over which Defendant has custody or control, and is duplicative. Each subpart is a

23   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

24   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

25   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

26   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

27   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

28   seeks documents and information over which Defendant has equal or greater possession, custody,

1  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

2  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

3  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

4         Subject to and without waiving these and the general objections, Plaintiff is not obligated

5  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

6  this interrogatory.

7  **INTERROGATORY NO. 21:**

8         State all facts supporting any contention by YOU that Meta's alleged use of YOUR

9  ASSERTED WORKS in connection with training any META AI LLM has or will affect the

10  market or potential market for YOUR ASSERTED WORKS, including identifying with

11  particularly each alleged market or potential market that you contend was affected and how

12  Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR

13  ASSERTED WORKS in that market.

14  **RESPONSE TO INTERROGATORY NO. 21:**

15         Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

16  information over which Defendant has custody or control, and is duplicative. Each subpart is a

17  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

18  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

19  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

20  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

21  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

22  seeks documents and information over which Defendant has equal or greater possession, custody,

23  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

24  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

25  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

26  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

27  for Production Nos. 77-78.

28         Subject to and without waiving these and the general objections, Plaintiff is not obligated

1    to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2    this interrogatory.

3    **INTERROGATORY NO. 22:**

4         Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5    use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6    its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7    contend demonstrate any alleged lack of good faith.

8    **RESPONSE TO INTERROGATORY NO. 22:**

9         Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10   information over which Defendant has custody or control, and is duplicative. Each subpart is a

11   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12   Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13   subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14   expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15   documents and information over which Defendant has equal or greater possession, custody, and

16   control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17   in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19        Subject to and without waiving these and the general objections, Plaintiff is not obligated

20   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21   this interrogatory.

22   **INTERROGATORY NO. 23:**

23        If YOU contend that a market or potential market exists for licensing of YOUR

24   ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25   a detailed identification of when and how such market arose and all transactions and documents

26   you contend support the existence of such market.

27   **RESPONSE TO INTERROGATORY NO. 23:**

28        Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12   for Production No. 77.

13        Subject to and without waiving these and the general objections, Plaintiff is not obligated

14   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15   this interrogatory.

16   **INTERROGATORY NO. 24:**

17        IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18   the possibility of licensing (via collective license, blanket license, individual license, or any other

19   licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20   **RESPONSE TO INTERROGATORY NO. 24:**

21        Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22   objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23   Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24   requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25   conduct of others.

26        Subject to and without waiving these and the general objections, based on Plaintiff's

27   preliminary investigation, Plaintiff has not entered into any negotiations with any third-parties

28   regarding licensing his Asserted Work for use in training LLMs.

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO ROGS, SET 1
No. 3:23-CV-03417-VC

1    **INTERROGATORY NO. 25:**

2    State all facts supporting any contention by YOU that the amount and substantiality of the

3    portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4    relation to the purpose of training the META AI LLMs. [Respond Only If the Parties Reach

5    Agreement On, and the Court Orders, Discovery Exceeding Fed. R. Civ. 33(a)(1)]

6    **RESPONSE TO INTERROGATORY NO. 25:**

7    Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

8    information over which Defendant has custody or control, and is duplicative. Each subpart is a

9    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

10   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

11   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

12   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

13   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

14   seeks documents and information over which Defendant has equal or greater possession, custody,

15   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

16   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

17   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

18   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

19   for Production No. 77.

20   Subject to and without waiving these and the general objections, Plaintiff is not obligated

21   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

22   this interrogatory.

23   **INTERROGATORY NO. 26:**

24   IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

25   YOU contend competes with YOUR ASSERTED WORKS among readers or potential

26   purchasers of YOUR ASSERTED WORKS.

27   **RESPONSE TO INTERROGATORY NO. 26:**

28   The parties have not reached agreement, nor has the Court ordered additional

1  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

2  not respond to this Interrogatory.

3  **INTERROGATORY NO. 27:**

4       Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

5  YOU contend it is a factual or creative work, and the target audience for the work.

6  **RESPONSE TO INTERROGATORY NO. 27:**

7       The parties have not reached agreement, nor has the Court ordered additional

8  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

9  not respond to this Interrogatory.

10  **INTERROGATORY NO. 28:**

11       State the total revenue that YOU (including any entity or company owned, operated, or

12  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

13  earned from sales and licensing of the works.

14  **RESPONSE TO INTERROGATORY NO. 28:**

15       The parties have not reached agreement, nor has the Court ordered additional

16  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

17  not respond to this Interrogatory.

18

19

20      Dated: November 18, 2024    Respectfully submitted,

21                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

22                                       By: */s/ Rachel Geman*
                                         Rachel Geman

23                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

24                                       250 Hudson Street, 8th Floor
                                     New York, NY 10013-1413

25                                       Telephone: 212.355.9500
                                     Facsimile: 212.355.959

26                                       Email: rgeman@lchb.com

27

28

1

## **VERIFICATION**

2      I, Christopher Farnsworth, understand the contents of the foregoing Responses to

3  Defendant's First Set of Interrogatories.

4      I declare under penalty of perjury and that the Responses to these Interrogatories are true

5  and correct to the best of my present knowledge.

6      Executed on  November 15, 2024    , in Los Angeles, California.

7

8  _____

9                        Christopher Farnsworth

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, and based on the Parties' agreements in this regard, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.


*/s/ Betsy Anne Sugar*

1

**BOIES SCHILLER FLEXNER LLP**

2

David Boies (*pro hac vice*)

333 Main Street

3

Armonk, NY 10504

(914) 749-8200

4

dboies@bsfllp.com

5

**JOSEPH SAVERI LAW FIRM, LLP**

6

Joseph R. Saveri (SBN 130064)

Christopher K.L. Young (SBN 318371)

7

601 California Street, Suite 1505

San Francisco, California 94108

8

(415) 500-6800

9

jsaveri@saverilawfirm.com

cyoung@saverilawfirm.com

10

11

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

12

[Additional counsel included below]

13

14

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

15

**SAN FRANCISCO DIVISION**

16

17

Richard Kadrey, et al.,

Lead Case No. 3:23-cv-03417-VC
Related Case No. 4:23-cv-06663

18

*Individual and Representative Plaintiffs*,

**PLAINTIFF CHRISTOPHER GOLDEN'S**
**RESPONSES AND OBJECTIONS TO**

19

v.

**DEFENDANT META PLATFORMS,**
**INC.'S FOURTH SET OF**

20

Meta Platforms, Inc.,

**INTERROGATORIES**

21

*Defendant.*

22

23

24

25

26

27

28

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

change the ordinary meaning of the terms identified or impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

      a.    Plaintiff objects to the definitions of DESCRIBE to the extent that it is vague, ambiguous, overbroad in nature and is nonsensical as word the "description" is used to define it.

    10.    Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

      a.    Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

## INTERROGATORY NO. 20:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

## RESPONSE TO INTERROGATORY NO. 20:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 21:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for

Production Nos. 77-78.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 22:**

Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU contend demonstrate any alleged lack of good faith.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 23:**

If YOU contend that a market or potential market exists for licensing of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including a detailed identification of when and how such market arose and all transactions and documents you contend support the existence of such market.

1

2 **RESPONSE TO INTERROGATORY NO. 23:**

3       Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

4 information over which Defendant has custody or control, and is duplicative. Each subpart is a

5 separate Interrogatory, each of which counts separately toward Defendant's limit under the

6 Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to

7 the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response

8 that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks

9 the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

10 seeks documents and information over which Defendant has equal or greater possession, custody,

11 and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

12 use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

13 Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

14 Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

15 for Production No. 77.

16       Subject to and without waiving these and the general objections, Plaintiff is not obligated to

17 and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this

18 interrogatory.

19 **INTERROGATORY NO. 24:**

20       IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

21 the possibility of licensing (via collective license, blanket license, individual license, or any other

22 licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

23 **RESPONSE TO INTERROGATORY NO. 24:**

24       Plaintiff objects to this Interrogatory to the extent it overbroad and duplicative. Plaintiff

25 objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Request for

26 Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests

27 information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct

28 of others. Plaintiff also objects to this request as unduly burdensome insofar it has no time

Lead Case No. 3:23-cv-03417-VC                    6

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

1    limitation.

2        Subject to and without waiving these and the general objections, based on Plaintiff's

3    preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

4    parties regarding licensing his Asserted Work for use in training generative AI.

5    **INTERROGATORY NO. 25:**

6        State all facts supporting any contention by YOU that the amount and substantiality of the

7    portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

8    relation to the purpose of training the META AI LLMs.

9    **RESPONSE TO INTERROGATORY NO. 25:**

10       Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

11   information over which Defendant has custody or control, and is duplicative. Each subpart is a

12   separate Interrogatory, each of which counts separately toward Defendant's limit under the

13   Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to

14   the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response

15   that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks

16   the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

17   seeks documents and information over which Defendant has equal or greater possession, custody,

18   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

19   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

20   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

21   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for

22   Production No. 77.

23       Subject to and without waiving these and the general objections, Plaintiff is not obligated to

24   and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this

25   interrogatory.

26

27

28

Dated: November 18, 2024    By:    /s/ Joseph R. Saveri
                                    Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**    **JOSEPH SAVERI LAW FIRM, LLP**
David Boies (*pro hac vice*)    Joseph R. Saveri (SBN 130064)
333 Main Street    Cadio Zirpoli (SBN 179108)
Armonk, NY 10504    Christopher K.L. Young (SBN 318371)
(914) 749-8200    Holden Benon (SBN 325847)
dboies@bsfllp.com    Aaron Cera (SBN 351163)
                    Margaux Poueymirou (SBN 35600)
Maxwell V. Pritt (SBN 253155)    601 California Street, Suite 1505
Joshua I. Schiller (SBN 330653)    San Francisco, California 94108
Joshua M. Stein (SBN 298856)    (415) 500-6800
44 Montgomery Street, 41st Floor    jsaveri@saverilawfirm.com
San Francisco, CA 94104    czirpoli@saverilawfirm.com
(415) 293-6800    cyoung@saverilawfirm.com
mpritt@bsfllp.com    hbenon@saverilawfirm.com
jischiller@bsfllp.com    acera@saverilawfirm.com
jstein@bsfllp.com    mpoueymirou@saverilawfirm.com

Jesse Panuccio (*pro hac vice*)    Matthew Butterick (SBN 250953)
1401 New York Ave, NW    1920 Hillhurst Avenue, #406
Washington, DC 20005    Los Angeles, CA 90027
(202) 237-2727    (323) 968-2632
jpanuccio@bsfllp.com    mb@butericklaw.com

David L. Simons (*pro hac vice*)    **CAFFERTY CLOBES MERIWETHER &**
55 Hudson Yards, 20th Floor    **SPRENGEL LLP**
New York, NY 10001    Bryan L. Clobes (*pro hac vice*)
(914) 749-8200    135 S. LaSalle Street, Suite 3210
dsimons@bsfllp.com    Chicago, IL 60603
                    (312) 782-4880
                    bclobes@caffertyclobes.com

                    [*continued on next page*]

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

My name is Christopher Golden. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on the __15__ day of November, 2024.

DocuSigned by:

*Christopher Golden*

30050E507AA7420...

Christopher Golden

Lead Case No. 3:23-cv-03417-VC

11

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

1

## CERTIFICATE OF SERVICE

2   I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address

3 is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen

4 and not a party to this action.

5   On November 18, 2024, I caused the following documents to be served by email upon the

6 parties listed on the attached Service List:

7   •  **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO**
    **DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF**
8    **INTERROGATORIES**

9

10   I declare under penalty of perjury that the foregoing is true and correct. Executed November 18,

11 2024, at San Francisco, California.

12

13         By:  *Rya Fishman*

14             Rya Fishman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
2   Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
3   **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:      bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
6               mrathur@caffertyclobes.com
    *Counsel for Individual and Representative Plaintiffs and*
7   *the Proposed Class*

8
                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10
                       **SAN FRANCISCO DIVISION**
11

12

13
    RICHARD KADREY, *et al*.,                    Case No. 3:23-cv-03417-VC
14
            Individual and Representative         PLAINTIFF ANDREW SEAN GREER'S
15          Plaintiffs,                           RESPONSES TO DEFENDANT'S FOURTH
                                                  SET OF INTERROGATORIES
16   v.

17   META PLATFORMS, INC, a Delaware
     corporation,
18
            Defendant.
19

20

21

22

23

24

25

26

27

28

10.     Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.     Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## **RESPONSES**

**INTERROGATORY NO. 1:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

1  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

2  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

3  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

4  Subject to and without waiving these and the general objections, Plaintiff is not obligated

5  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

6  this interrogatory.

7  **INTERROGATORY NO. 2:**

8  State all facts supporting any contention by YOU that Meta's alleged use of YOUR

9  ASSERTED WORKS in connection with training any META AI LLM has or will affect the

10  market or potential market for YOUR ASSERTED WORKS, including identifying with

11  particularly each alleged market or potential market that you contend was affected and how

12  Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR

13  ASSERTED WORKS in that market.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15  Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

16  information over which Defendant has custody or control, and is duplicative. Each subpart is a

17  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

18  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

19  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

20  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

21  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

22  seeks documents and information over which Defendant has equal or greater possession, custody,

23  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

24  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

25  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

26  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

27  for Production Nos. 77-78.

28  Subject to and without waiving these and the general objections, Plaintiff is not obligated

to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 3:**

Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU contend demonstrate any alleged lack of good faith.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 4:**

If YOU contend that a market or potential market exists for licensing of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including a detailed identification of when and how such market arose and all transactions and documents you contend support the existence of such market.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10    Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11    Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12    for Production No. 77.

13         Subject to and without waiving these and the general objections, Plaintiff is not obligated

14    to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15    this interrogatory.

16    **INTERROGATORY NO. 5:**

17         IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18    the possibility of licensing (via collective license, blanket license, individual license, or any other

19    licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20    **RESPONSE TO INTERROGATORY NO. 5:**

21         Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22    objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23    Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24    requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25    conduct of others.

26         Subject to and without waiving these and the general objections, based on Plaintiff's

27    preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28    parties regarding licensing his Asserted Works for use in training LLMs.

**INTERROGATORY NO. 6:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 7:**

IDENTIFY every output created by a META AI LLM, of which YOU are aware, that YOU contend competes with YOUR ASSERTED WORKS among readers or potential purchasers of YOUR ASSERTED WORKS.

**RESPONSE TO INTERROGATORY NO. 7:**

The parties have not reached agreement, nor has the Court ordered additional Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1    not respond to this Interrogatory.

2    **INTERROGATORY NO. 8:**

3        Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4    YOU contend it is a factual or creative work, and the target audience for the work.

5    **RESPONSE TO INTERROGATORY NO. 8:**

6        The parties have not reached agreement, nor has the Court ordered additional

7    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8    not respond to this Interrogatory.

9    **INTERROGATORY NO. 9:**

10       State the total revenue that YOU (including any entity or company owned, operated, or

11   controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12   earned from sales and licensing of the works.

13   **RESPONSE TO INTERROGATORY NO. 9:**

14       The parties have not reached agreement, nor has the Court ordered additional

15   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16   not respond to this Interrogatory.

17

18

19   Dated: November 18, 2024          By:  _____*/s/ Mohammed A. Rathur*_____

20                                          Mohammed A. Rathur

21                                      Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
22                                      Mohammed A. Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
23                                      **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
24                                      Chicago, IL 60603
                                        Telephone: (312) 782-4880
25                                      Email:    bclobes@caffertyclobes.com
                                                  asweatman@caffertyclobes.com
26                                                mrathur@caffertyclobes.com

27

28

1

## <u>VERIFICATION</u>

2      My name is Andrew Sean Greer. I am one of the Plaintiffs in the action captioned *Kadrey*

3  *et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4      I have reviewed the following document:

5

6  • **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO**
    **DEFENDANT META PLATFORM INC.'S FOURTH SET OF**
7    **INTERROGATORIES**

8

9      I believe this document to be true and accurate with respect to statements based on my

10  personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

    and correct.

11
       I declare under penalty of perjury under the laws of the United States that these answers
12
    are true and correct. Executed on ___11/16/2024___.
13

14                                                      _____

15
                                                        Andrew Sean Greer
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, and based on the Parties' agreements in this regard, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.


<em>/s/ Mohammed A. Rathur</em><br>Mohammed A. Rathur

1  Bryan L. Clobes (pro hac vice)
   Alexander J. Sweatman (pro hac vice)
2  Mohammed A. Rathur (pro hac vice)
   **CAFFERTY CLOBES MERIWETHER**
3  **& SPRENGEL LLP**
   135 South LaSalle Street, Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:       bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
6               mrathur@caffertyclobes.com
   *Counsel for Individual and Representative Plaintiffs and*
7  *the Proposed Class*

8
                    **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10
                     **SAN FRANCISCO DIVISION**
11

12

13
   RICHARD KADREY, *et al*.,                    Case No. 3:23-cv-03417-VC
14
        Individual and Representative           PLAINTIFF DAVID HENRY HWANG'S
15      Plaintiffs,                             RESPONSES TO DEFENDANT'S FOURTH
                                                SET OF INTERROGATORIES
16  v.

17  META PLATFORMS, INC, a Delaware
    corporation,
18
        Defendant.
19

20

21

22

23

24

25

26

27

28

PLAINTIFF DAVID HENRY HWANG'S
                                                       RESPONSES TO ROGS, SET 4
                                                       No. 3:23-CV-03417-VC

10.     Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.     Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## RESPONSES

### INTERROGATORY NO. 1:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 2:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production Nos. 77-78.

Subject to and without waiving these and the general objections, Plaintiff is not obligated

1    to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2    this interrogatory.

3    **INTERROGATORY NO. 3:**

4          Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5    use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6    its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7    contend demonstrate any alleged lack of good faith.

8    **RESPONSE TO INTERROGATORY NO. 3:**

9          Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10   information over which Defendant has custody or control, and is duplicative. Each subpart is a

11   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12   Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13   subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14   expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15   documents and information over which Defendant has equal or greater possession, custody, and

16   control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17   in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19         Subject to and without waiving these and the general objections, Plaintiff is not obligated

20   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21   this interrogatory.

22   **INTERROGATORY NO. 4:**

23         If YOU contend that a market or potential market exists for licensing of YOUR

24   ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25   a detailed identification of when and how such market arose and all transactions and documents

26   you contend support the existence of such market.

27   **RESPONSE TO INTERROGATORY NO. 4:**

28         Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12   for Production No. 77.

13        Subject to and without waiving these and the general objections, Plaintiff is not obligated

14   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15   this interrogatory.

16   **INTERROGATORY NO. 5:**

17        IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18   the possibility of licensing (via collective license, blanket license, individual license, or any other

19   licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20   **RESPONSE TO INTERROGATORY NO. 5:**

21        Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22   objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23   Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24   requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25   conduct of others.

26        Subject to and without waiving these and the general objections, based on Plaintiff's

27   preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28   parties regarding licensing his Asserted Works for use in training LLMs.

1

**INTERROGATORY NO. 6:**

2

State all facts supporting any contention by YOU that the amount and substantiality of the

3

portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4

relation to the purpose of training the META AI LLMs.

5

**RESPONSE TO INTERROGATORY NO. 6:**

6

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7

information over which Defendant has custody or control, and is duplicative. Each subpart is a

8

separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9

Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10

needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11

will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12

disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13

seeks documents and information over which Defendant has equal or greater possession, custody,

14

and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15

use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16

Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17

Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18

for Production No. 77.

19

Subject to and without waiving these and the general objections, Plaintiff is not obligated

20

to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21

this interrogatory.

22

**INTERROGATORY NO. 7:**

23

IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24

YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25

purchasers of YOUR ASSERTED WORKS.

26

**RESPONSE TO INTERROGATORY NO. 7:**

27

The parties have not reached agreement, nor has the Court ordered additional

28

Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1   not respond to this Interrogatory.

2   **<u>INTERROGATORY NO. 8</u>:**

3   Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4   YOU contend it is a factual or creative work, and the target audience for the work.

5   **<u>RESPONSE TO INTERROGATORY NO. 8</u>:**

6   The parties have not reached agreement, nor has the Court ordered additional

7   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8   not respond to this Interrogatory.

9   **<u>INTERROGATORY NO. 9</u>:**

10   State the total revenue that YOU (including any entity or company owned, operated, or

11   controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12   earned from sales and licensing of the works.

13   **<u>RESPONSE TO INTERROGATORY NO. 9</u>:**

14   The parties have not reached agreement, nor has the Court ordered additional

15   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16   not respond to this Interrogatory.

17

18

19   Dated: November 18, 2024                By:  _____*/s/ Mohammed A. Rathur*_____

20                                                Mohammed A. Rathur

21                                           Bryan L. Clobes (pro hac vice)
                                             Alexander J. Sweatman (pro hac vice)
22                                           Mohammed A. Rathur (pro hac vice)
                                             **CAFFERTY CLOBES MERIWETHER**
                                             **& SPRENGEL LLP**
23                                           135 South LaSalle Street, Suite 3210
                                             Chicago, IL 60603
24                                           Telephone: (312) 782-4880
                                             Email:    bclobes@caffertyclobes.com
25                                                      asweatman@caffertyclobes.com
                                                        mrathur@caffertyclobes.com
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VERIFICATION</u>

My name is David Henry Hwang. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on ___11/15/2024___.

David Henry Hwang
_____

David Henry Hwang

1

2

3                                 <u>**CERTIFICATE OF SERVICE**</u>

4              I hereby certify that on November 18, 2024, and based on the Parties' agreements in this

5     regard, a copy of the foregoing was served via electronic mail to all counsel of record in this

6     matter.

7

8                                                          <u>*/s/ Mohammed A. Rathur*</u>
                                                          Mohammed A. Rathur
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DAVID HENRY HWANG'S
                                               RESPONSES TO ROGS, SET 4
                                               No. 3:23-CV-03417-VC

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[Additional counsel included below]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Related Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs,* | |
| | **PLAINTIFF RICHARD KADREY'S** |
| v. | **RESPONSES AND OBJECTIONS TO** |
| | **DEFENDANT META PLATFORMS,** |
| Meta Platforms, Inc., | **INC.'S FOURTH SET OF** |
| | **INTERROGATORIES** |
| *Defendant.* | |

change the ordinary meaning of the terms identified or impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

        a.    Plaintiff objects to the definitions of DESCRIBE to the extent that it is vague, ambiguous, overbroad in nature and is nonsensical as word the "description" is used to define it.

    10.    Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

        a.    Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 20:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

### RESPONSE TO INTERROGATORY NO. 20:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks

the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 21:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Requests for

Production Nos. 77-78.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 22:**

Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU contend demonstrate any alleged lack of good faith.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 23:**

If YOU contend that a market or potential market exists for licensing of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including a detailed identification of when and how such market arose and all transactions and documents you contend support the existence of such market.

1

2  **RESPONSE TO INTERROGATORY NO. 23:**

3        Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

4  information over which Defendant has custody or control, and is duplicative. Each subpart is a

5  separate Interrogatory, each of which counts separately toward Defendant's limit under the

6  Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to

7  the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response

8  that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks

9  the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

10  seeks documents and information over which Defendant has equal or greater possession, custody,

11  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

12  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

13  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

14  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

15  for Production No. 77.

16        Subject to and without waiving these and the general objections, Plaintiff is not obligated to

17  and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this

18  interrogatory.

19  **INTERROGATORY NO. 24:**

20        IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

21  the possibility of licensing (via collective license, blanket license, individual license, or any other

22  licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

23  **RESPONSE TO INTERROGATORY NO. 24:**

24        Plaintiff objects to this Interrogatory to the extent it overbroad and duplicative. Plaintiff

25  objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Request for

26  Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests

27  information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct

28  of others. Plaintiff also objects to this request as unduly burdensome insofar it has no time

limitation.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Work for use in training generative AI.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

Dated: November 18, 2024

By:    /s/ Joseph R. Saveri
                Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butcoricklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

1

## VERIFICATION

2        My name is Richard Kadrey. I am one of the Plaintiffs in the action captioned *Kadrey et al. v.*

3    *Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4        I have reviewed the following document:

5       • **PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO**

6         **DEFENDANT META PLATFORM INC.'S FOURTH SET OF**

           **INTERROGATORIES**

7

8        I believe this document to be true and accurate with respect to statements based on my

9  personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

10  and correct.

11        I declare under penalty of perjury under the laws of the United States that these answers

12  are true and correct. Executed on the ___15th___ day of November, 2024.

13

                                    Signed by:

14                              Richard Kadrey

                              183881A504AB4E4...

15  Richard Kadrey

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

1

## CERTIFICATE OF SERVICE

2

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address

3

is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen

4

and not a party to this action.

5

On November 18, 2024, I caused the following documents to be served by email upon the

6

parties listed on the attached Service List:

7

8

- **PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES**

9

10

I declare under penalty of perjury that the foregoing is true and correct. Executed November 18,

11

2024, at San Francisco, California.

12

13

By:  *Rya Fishman*

14

Rya Fishman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
|     Individual and Representative Plaintiffs, | PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES |
| v. | |
| META PLATFORMS, INC, a Delaware corporation, | |
|     Defendant. | |

10. Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a. Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## **RESPONSES**

**INTERROGATORY NO. 1:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

1  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

2  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

3  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

4      Subject to and without waiving these and the general objections, Plaintiff is not obligated

5  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

6  this interrogatory.

7  **INTERROGATORY NO. 2:**

8      State all facts supporting any contention by YOU that Meta's alleged use of YOUR

9  ASSERTED WORKS in connection with training any META AI LLM has or will affect the

10  market or potential market for YOUR ASSERTED WORKS, including identifying with

11  particularly each alleged market or potential market that you contend was affected and how

12  Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR

13  ASSERTED WORKS in that market.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

16  information over which Defendant has custody or control, and is duplicative. Each subpart is a

17  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

18  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

19  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

20  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

21  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

22  seeks documents and information over which Defendant has equal or greater possession, custody,

23  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

24  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

25  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

26  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

27  for Production Nos. 77-78.

28      Subject to and without waiving these and the general objections, Plaintiff is not obligated

to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 3:**

Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU contend demonstrate any alleged lack of good faith.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 4:**

If YOU contend that a market or potential market exists for licensing of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including a detailed identification of when and how such market arose and all transactions and documents you contend support the existence of such market.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12   for Production No. 77.

13          Subject to and without waiving these and the general objections, Plaintiff is not obligated

14   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15   this interrogatory.

16   **INTERROGATORY NO. 5:**

17          IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18   the possibility of licensing (via collective license, blanket license, individual license, or any other

19   licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20   **RESPONSE TO INTERROGATORY NO. 5:**

21          Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22   objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23   Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24   requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25   conduct of others.

26          Subject to and without waiving these and the general objections, based on Plaintiff's

27   preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28   parties regarding licensing his Asserted Works for use in training LLMs.

1    **INTERROGATORY NO. 6:**

2        State all facts supporting any contention by YOU that the amount and substantiality of the

3    portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4    relation to the purpose of training the META AI LLMs.

5    **RESPONSE TO INTERROGATORY NO. 6:**

6        Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7    information over which Defendant has custody or control, and is duplicative. Each subpart is a

8    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13   seeks documents and information over which Defendant has equal or greater possession, custody,

14   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18   for Production No. 77.

19       Subject to and without waiving these and the general objections, Plaintiff is not obligated

20   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21   this interrogatory.

22   **INTERROGATORY NO. 7:**

23       IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24   YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25   purchasers of YOUR ASSERTED WORKS.

26   **RESPONSE TO INTERROGATORY NO. 7:**

27       The parties have not reached agreement, nor has the Court ordered additional

28   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1    not respond to this Interrogatory.

2    **INTERROGATORY NO. 8:**

3    Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4    YOU contend it is a factual or creative work, and the target audience for the work.

5    **RESPONSE TO INTERROGATORY NO. 8:**

6    The parties have not reached agreement, nor has the Court ordered additional

7    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8    not respond to this Interrogatory.

9    **INTERROGATORY NO. 9:**

10    State the total revenue that YOU (including any entity or company owned, operated, or

11    controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12    earned from sales and licensing of the works.

13    **RESPONSE TO INTERROGATORY NO. 9:**

14    The parties have not reached agreement, nor has the Court ordered additional

15    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16    not respond to this Interrogatory.

17

18

19    Dated: November 18, 2024

By:    _/s/ Mohammed A. Rathur_

20    Mohammed A. Rathur

21    Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)

22    **CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**

23    135 South LaSalle Street, Suite 3210
Chicago, IL 60603

24    Telephone: (312) 782-4880

25    Email:    bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

26

27

28

1

## **VERIFICATION**

2       My name is Matthew Klam. I am one of the Plaintiffs in the action captioned *Kadrey et al.*

3   *v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4       I have reviewed the following document:

5

6   • **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO
        DEFENDANT META PLATFORM INC.'S FOURTH SET OF**

7       **INTERROGATORIES**

8

9       I believe this document to be true and accurate with respect to statements based on my

10  personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

    and correct.

11

12      I declare under penalty of perjury under the laws of the United States that these answers

    are true and correct. Executed on ___11/16/2024___.

13

14                                            *Matthew Klam*

15                                            _____

16                                            Matthew Klam

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                                    **<u>CERTIFICATE OF SERVICE</u>**

4          I hereby certify that on November 18, 2024, and based on the Parties' agreements in this

5   regard, a copy of the foregoing was served via electronic mail to all counsel of record in this

6   matter.

7

8                                                          */s/ Mohammed A. Rathur*
                                                           Mohammed A. Rathur
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MATTHEW KLAM'S
                                                     RESPONSES TO ROGS, SET 4
                                                     No. 3:23-CV-03417-VC

1    Bryan L. Clobes (pro hac vice)
     Alexander J. Sweatman (pro hac vice)
2    Mohammed A. Rathur (pro hac vice)
     **CAFFERTY CLOBES MERIWETHER**
3    **& SPRENGEL LLP**
     135 South LaSalle Street, Suite 3210
4    Chicago, IL 60603
     Telephone: (312) 782-4880
5    Email:      bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
6                mrathur@caffertyclobes.com
     *Counsel for Individual and Representative Plaintiffs and*
7    *the Proposed Class*

8
                        **UNITED STATES DISTRICT COURT**
9
                       **NORTHERN DISTRICT OF CALIFORNIA**
10
                           **SAN FRANCISCO DIVISION**
11

12

13
     RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC
14
              Individual and Representative        PLAINTIFF LAURA LIPPMAN'S
15            Plaintiffs,                           RESPONSES TO DEFENDANT'S FOURTH
                                                   SET OF INTERROGATORIES
16   v.

17   META PLATFORMS, INC, a Delaware
     corporation,
18
              Defendant.
19

20

21

22

23

24

25

26

27

28

PLAINTIFF LAURA LIPPMAN'S
                                                   RESPONSES TO ROGS, SET 4
                                                   No. 3:23-CV-03417-VC

10.    Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.    Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## RESPONSES

**INTERROGATORY NO. 1:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

1   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

2   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

3   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

4       Subject to and without waiving these and the general objections, Plaintiff is not obligated

5   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

6   this interrogatory.

7   **INTERROGATORY NO. 2:**

8       State all facts supporting any contention by YOU that Meta's alleged use of YOUR

9   ASSERTED WORKS in connection with training any META AI LLM has or will affect the

10  market or potential market for YOUR ASSERTED WORKS, including identifying with

11  particularly each alleged market or potential market that you contend was affected and how

12  Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR

13  ASSERTED WORKS in that market.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

16  information over which Defendant has custody or control, and is duplicative. Each subpart is a

17  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

18  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

19  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

20  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

21  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

22  seeks documents and information over which Defendant has equal or greater possession, custody,

23  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

24  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

25  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

26  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

27  for Production Nos. 77-78.

28      Subject to and without waiving these and the general objections, Plaintiff is not obligated

1    to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2    this interrogatory.

3    **INTERROGATORY NO. 3:**

4          Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5    use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6    its use OF YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7    contend demonstrate any alleged lack of good faith.

8    **RESPONSE TO INTERROGATORY NO. 3:**

9          Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10   information over which Defendant has custody or control, and is duplicative. Each subpart is a

11   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12   Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13   subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14   expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15   documents and information over which Defendant has equal or greater possession, custody, and

16   control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17   in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19         Subject to and without waiving these and the general objections, Plaintiff is not obligated

20   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21   this interrogatory.

22   **INTERROGATORY NO. 4:**

23         If YOU contend that a market or potential market exists for licensing of YOUR

24   ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25   a detailed identification of when and how such market arose and all transactions and documents

26   you contend support the existence of such market.

27   **RESPONSE TO INTERROGATORY NO. 4:**

28         Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1   information over which Defendant has custody or control, and is duplicative. Each subpart is a

2   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7   seeks documents and information over which Defendant has equal or greater possession, custody,

8   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12  for Production No. 77.

13      Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 5:**

17      IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18  the possibility of licensing (via collective license, blanket license, individual license, or any other

19  licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20  **RESPONSE TO INTERROGATORY NO. 5:**

21      Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22  objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23  Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24  requests information about third-parties. Plaintiff will limit her answer to her own conduct, not

25  the conduct of others.

26      Subject to and without waiving these and the general objections, based on Plaintiff's

27  preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28  parties regarding licensing her Asserted Works for use in training LLMs.

1  **INTERROGATORY NO. 6:**

2      State all facts supporting any contention by YOU that the amount and substantiality of the

3  portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4  relation to the purpose of training the META AI LLMs.

5  **RESPONSE TO INTERROGATORY NO. 6:**

6      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7  information over which Defendant has custody or control, and is duplicative. Each subpart is a

8  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13  seeks documents and information over which Defendant has equal or greater possession, custody,

14  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18  for Production No. 77.

19      Subject to and without waiving these and the general objections, Plaintiff is not obligated

20  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21  this interrogatory.

22  **INTERROGATORY NO. 7:**

23      IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24  YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25  purchasers of YOUR ASSERTED WORKS.

26  **RESPONSE TO INTERROGATORY NO. 7:**

27      The parties have not reached agreement, nor has the Court ordered additional

28  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1   not respond to this Interrogatory.

2   **<u>INTERROGATORY NO. 8</u>:**

3         Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4   YOU contend it is a factual or creative work, and the target audience for the work.

5   **<u>RESPONSE TO INTERROGATORY NO. 8</u>:**

6         The parties have not reached agreement, nor has the Court ordered additional

7   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8   not respond to this Interrogatory.

9   **<u>INTERROGATORY NO. 9</u>:**

10        State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  **<u>RESPONSE TO INTERROGATORY NO. 9</u>:**

14        The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024          By:    ___*/s/ Mohammed A. Rathur*___

20                                             Mohammed A. Rathur

21                                      Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
22                                      Mohammed A. Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
                                        **& SPRENGEL LLP**
23                                      135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
24                                      Telephone: (312) 782-4880
                                        Email:    bclobes@caffertyclobes.com
25                                                aasweatman@caffertyclobes.com
                                                  mrathur@caffertyclobes.com
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VERIFICATION</u>

My name is Laura Lippman. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on    11/15/2024    .

Laura Lippman

PLAINTIFF LAURA LIPPMAN'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, and based on the Parties' agreements in this regard, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

*/s/ Mohammed A. Rathur*
Mohammed A. Rathur

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel included below]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES** |

change the ordinary meaning of the terms identified or impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

      a.    Plaintiff objects to the definitions of DESCRIBE to the extent that it is vague, ambiguous, overbroad in nature and is nonsensical as word the "description" is used to define it.

    10.    Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

      a.    Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

## INTERROGATORY NO. 20:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

## RESPONSE TO INTERROGATORY NO. 20:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks

the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

## INTERROGATORY NO. 21:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

## RESPONSE TO INTERROGATORY NO. 21:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Requests for

Production Nos. 77-78.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 22:**

Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU contend demonstrate any alleged lack of good faith.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 23:**

If YOU contend that a market or potential market exists for licensing of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including a detailed identification of when and how such market arose and all transactions and documents you contend support the existence of such market.

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this Interrogatory to the extent it overbroad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Request for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit her answer to her own conduct, not the conduct of others. Plaintiff also objects to this request as unduly burdensome insofar it has no time

limitation.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing her Asserted Work for use in training generative AI.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

Dated: November 18, 2024

By:    _/s/ Joseph R. Saveri_
           Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

**VERIFICATION**

My name is Sarah Silverman. I am one of the Plaintiffs in the action captioned *Kadrey et al.*

*v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my

personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

and correct.

I declare under penalty of perjury under the laws of the United States that these answers

are true and correct. Executed on the ___17___ day of November, 2024.

DocuSigned by:

*sarah silverman*

EDDADCDCA0884AD...

_____

Sarah Silverman

1

**CERTIFICATE OF SERVICE**

2        I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address

3   is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen

4   and not a party to this action.

5        On November 18, 2024, I caused the following documents to be served by email upon the

6   parties listed on the attached Service List:

7   • **PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO
      DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF**
8     **INTERROGATORIES**

9

10       I declare under penalty of perjury that the foregoing is true and correct. Executed November 18,

11  2024, at San Francisco, California.

12

13                              By:  _Rya Fishman_
                                     _____
14                                   Rya Fishman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
2   Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
3   **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:      bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
6               mrathur@caffertyclobes.com
    *Counsel for Individual and Representative Plaintiffs and*
7   *the Proposed Class*

8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                    **SAN FRANCISCO DIVISION**
11

12

13
    RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC
14
            Individual and Representative         PLAINTIFF RACHEL LOUISE SNYDER'S
15          Plaintiffs,                           RESPONSES TO DEFENDANT'S FOURTH
                                                  SET OF INTERROGATORIES
16   v.

17   META PLATFORMS, INC, a Delaware
     corporation,
18
            Defendant.
19

20

21

22

23

24

25

26

27

28

PLAINTIFF RACHEL LOUISE SNYDER'S
                                                                RESPONSES TO ROGS, SET 4
                                                                No. 3:23-CV-03417-VC

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:         bclobes@caffertyclobes.com
                    asweatman@caffertyclobes.com
                    mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and
the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
|     Individual and Representative Plaintiffs, | PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES |
| v. | |
| META PLATFORMS, INC, a Delaware corporation, | |
|     Defendant. | |

10.     Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.     Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## RESPONSES

### INTERROGATORY NO. 1:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

1   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

2   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

3   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

4         Subject to and without waiving these and the general objections, Plaintiff is not obligated

5   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

6   this interrogatory.

7   **INTERROGATORY NO. 2:**

8         State all facts supporting any contention by YOU that Meta's alleged use of YOUR

9   ASSERTED WORKS in connection with training any META AI LLM has or will affect the

10  market or potential market for YOUR ASSERTED WORKS, including identifying with

11  particularly each alleged market or potential market that you contend was affected and how

12  Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR

13  ASSERTED WORKS in that market.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15        Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

16  information over which Defendant has custody or control, and is duplicative. Each subpart is a

17  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

18  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

19  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

20  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

21  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

22  seeks documents and information over which Defendant has equal or greater possession, custody,

23  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

24  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

25  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

26  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

27  for Production Nos. 77-78.

28        Subject to and without waiving these and the general objections, Plaintiff is not obligated

1    to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2    this interrogatory.

3    **INTERROGATORY NO. 3:**

4        Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5    use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6    its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7    contend demonstrate any alleged lack of good faith.

8    **RESPONSE TO INTERROGATORY NO. 3:**

9        Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10    information over which Defendant has custody or control, and is duplicative. Each subpart is a

11    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12    Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13    subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14    expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15    documents and information over which Defendant has equal or greater possession, custody, and

16    control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17    in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18    Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19        Subject to and without waiving these and the general objections, Plaintiff is not obligated

20    to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21    this interrogatory.

22    **INTERROGATORY NO. 4:**

23        If YOU contend that a market or potential market exists for licensing of YOUR

24    ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25    a detailed identification of when and how such market arose and all transactions and documents

26    you contend support the existence of such market.

27    **RESPONSE TO INTERROGATORY NO. 4:**

28        Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1   information over which Defendant has custody or control, and is duplicative. Each subpart is a

2   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7   seeks documents and information over which Defendant has equal or greater possession, custody,

8   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12  for Production No. 77.

13      Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 5:**

17      IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18  the possibility of licensing (via collective license, blanket license, individual license, or any other

19  licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20  **RESPONSE TO INTERROGATORY NO. 5:**

21      Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22  objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23  Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24  requests information about third-parties. Plaintiff will limit her answer to her own conduct, not

25  the conduct of others.

26      Subject to and without waiving these and the general objections, based on Plaintiff's

27  preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28  parties regarding licensing her Asserted Works for use in training LLMs.

1   **INTERROGATORY NO. 6:**

2          State all facts supporting any contention by YOU that the amount and substantiality of the

3   portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4   relation to the purpose of training the META AI LLMs.

5   **RESPONSE TO INTERROGATORY NO. 6:**

6          Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7   information over which Defendant has custody or control, and is duplicative. Each subpart is a

8   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13  seeks documents and information over which Defendant has equal or greater possession, custody,

14  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18  for Production No. 77.

19         Subject to and without waiving these and the general objections, Plaintiff is not obligated

20  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21  this interrogatory.

22  **INTERROGATORY NO. 7:**

23         IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24  YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25  purchasers of YOUR ASSERTED WORKS.

26  **RESPONSE TO INTERROGATORY NO. 7:**

27         The parties have not reached agreement, nor has the Court ordered additional

28  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

1    not respond to this Interrogatory.

2    **INTERROGATORY NO. 8:**

3    Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4    YOU contend it is a factual or creative work, and the target audience for the work.

5    **RESPONSE TO INTERROGATORY NO. 8:**

6    The parties have not reached agreement, nor has the Court ordered additional

7    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8    not respond to this Interrogatory.

9    **INTERROGATORY NO. 9:**

10    State the total revenue that YOU (including any entity or company owned, operated, or

11    controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12    earned from sales and licensing of the works.

13    **RESPONSE TO INTERROGATORY NO. 9:**

14    The parties have not reached agreement, nor has the Court ordered additional

15    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16    not respond to this Interrogatory.

17

18

19    Dated: November 18, 2024

By:    _/s/ Mohammed A. Rathur_

20    Mohammed A. Rathur

21    Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)

22    **CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**

23    135 South LaSalle Street, Suite 3210
Chicago, IL 60603

24    Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com

25              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VERIFICATION</u>

My name is Rachel Louise Snyder. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on ____11/18/2024____.

_____
Rachel Louise Snyder

PLAINTIFF RACHEL LOUISE SNYDER'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1

2                              **<u>CERTIFICATE OF SERVICE</u>**

3              I hereby certify that on November 18, 2024, and based on the Parties' agreements in this

4    regard, a copy of the foregoing was served via electronic mail to all counsel of record in this

5    matter.

6

7                                              */s/ Mohammed A. Rathur*
                                               Mohammed A. Rathur
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn Street
6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*ndjordjevic@dicellolevitt.com*

*Counsel for Plaintiffs and the Proposed Class, Additional
Counsel Listed Below*

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   RICHARD KADREY, *et al.*,                Case No. 3:23-cv-03417-VC

13        Individual and Representative        PLAINTIFF LYSA TERKEURST'S
          Plaintiffs,                          RESPONSES TO DEFENDANT'S FOURTH
14                                             SET OF INTERROGATORIES
     v.

15
     META PLATFORMS, INC, a Delaware
16   corporation,

17        Defendant.

18

19

20
     PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.
21
     RESPONDING PARTY:     PLAINTIFF LYSA TERKEURST
22
     SET NO.:              FOUR (4)
23

24                            **<u>INTRODUCTION</u>**

25        Plaintiff Lysa TerKeurst hereby responds to Defendant Meta Platforms, Inc.

26   ("Defendant") Fourth Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of

27   Civil Procedure.

28

1  Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and

2  not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

3  In addition to the General Objections set forth above, Plaintiff will also state specific

4  objections to Interrogatories where appropriate, including objections that are not generally

5  applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend

6  to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to

7  Interrogatories to which they object, such objections are not waived.

8  <u>**RESPONSES**</u>

9  <u>**INTERROGATORY NO. 20**</u>:

10  State all facts supporting any contention by YOU that Meta's alleged use of YOUR

11  ASSERTED WORKS in connection with training any META AI LLM is not transformative for

12  purposes of fair use.

13  <u>**RESPONSE TO INTERROGATORY NO. 20**</u>:

14  Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

15  information over which Defendant has custody or control, and is duplicative. Each subpart is a

16  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

17  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

18  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

19  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

20  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

21  seeks documents and information over which Defendant has equal or greater possession, custody,

22  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

23  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

24  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

25  Subject to and without waiving these and the general objections, Plaintiff is not obligated

26  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

27  this interrogatory.

28

**INTERROGATORY NO. 21:**

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Fourth Requests for Production Nos. 77-78 as well as Meta's Interrogatory No. 16.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 22:**

Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

1  contend demonstrate any alleged lack of good faith.

2  **RESPONSE TO INTERROGATORY NO. 22:**

3      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

4  information over which Defendant has custody or control, and is duplicative. Each subpart is a

5  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

6  Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

7  subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

8  expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

9  documents and information over which Defendant has equal or greater possession, custody, and

10  control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

11  in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

12  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

13      Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 23:**

17      If YOU contend that a market or potential market exists for licensing of YOUR

18  ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

19  a detailed identification of when and how such market arose and all transactions and documents

20  you contend support the existence of such market.

21  **RESPONSE TO INTERROGATORY NO. 23:**

22      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

23  information over which Defendant has custody or control, and is duplicative. Each subpart is a

24  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

25  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

26  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

27  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

28  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77, as well as Interrogatory No. 16.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Requests for Production No. 15, and Second Requests for Production Nos. 34–35. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit her answer to her own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing her Asserted Work for use in training LLMs.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1  information over which Defendant has custody or control, and is duplicative. Each subpart is a

2  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7  seeks documents and information over which Defendant has equal or greater possession, custody,

8  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for

12  Production No. 77.

13      Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 26:**

17      IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

18  YOU contend competes with YOUR ASSERTED WORKS among readers or potential

19  purchasers of YOUR ASSERTED WORKS.

20  **RESPONSE TO INTERROGATORY NO. 26:**

21      The parties have not reached agreement, nor has the Court ordered additional

22  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

23  not respond to this Interrogatory.

24  **INTERROGATORY NO. 27:**

25      Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

26  YOU contend it is a factual or creative work, and the target audience for the work.

27  **RESPONSE TO INTERROGATORY NO. 27:**

28      The parties have not reached agreement, nor has the Court ordered additional

1  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

2  not respond to this Interrogatory.

3  **INTERROGATORY NO. 28:**

4  State the total revenue that YOU (including any entity or company owned, operated, or

5  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

6  earned from sales and licensing of the works.

7  **RESPONSE TO INTERROGATORY NO. 28:**

8  The parties have not reached agreement, nor has the Court ordered additional

9  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

10  not respond to this Interrogatory.

11

12  Dated: November 18, 2024          Respectfully submitted,

13

14                    By: /s/ *James A. Ulwick*
                     Amy Keller (admitted *pro hac vice*)
15                   Nada Djordjevic (*pro hac vice*)
                     James A. Ulwick (*pro hac vice*)
16                   Madeline E. Hills (*pro hac vice*)
                     DiCello Levitt LLP
17                   10 North Dearborn St., Sixth Floor
                     Chicago, Illinois 60602
18                   Tel.: (312) 214-7900
                     Email: akeller@dicellolevitt.com
19                          ndjordjevic@dicellolevitt.com
                            julwick@dicellolevitt.com
20                          mhills@dicellolevitt.com

21

22                   David A. Straite (admitted *pro hac vice*)
                     DiCello Levitt LLP
23                   485 Lexington Avenue, Suite 1001
                     New York, NY 10017
24                   Tel. (646) 933-1000
                     Email: dstraite@dicellolevitt.com
25

26                   Brian O'Mara
                     DiCello Levitt LLP
27                   4747 Executive Drive, Suite 240
                     San Diego, California 92121
28                   Tel.: (619) 923-3939

PLAINTIFF TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S FOURTH SET OF INTERROGATORIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KADREY, SARAH
SILVERMAN, CHRISTOPHER
GOLDEN, TA-NEHISI COATES,
JUNOT DÍAZ, ANDREW SEAN
GREER, DAVID HENRY HWANG,
MATTHEW KLAM, LAURA
LIPPMAN, RACHEL LOUISE
SNYDER, JACQUELINE WOODSON,
AND LYSA TERKEURST,

Case No. 3:23-cv-03417-VC

*Individual and Representative*
*Plaintiffs*,

v.

META PLATFORMS, INC.;

*Defendant.*

## **VERIFICATION OF LYSA TERKEURST**

I, Lysa TerKeurst, hereby declare under oath that I have reviewed Plaintiff Lysa TerKeurst's Responses and Objections to the Fourth Set of Defendant's Interrogatories, and the statements of fact made therein are true and correct to the best of my knowledge based upon the information currently available to me. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[signature on following page]

1

1    Executed on _____11/18/2024_____.

2

3

4

5    _____
      958C2F7C55BE4D7...

6    Lysa TerKeurst

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    2

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 18, 2024, a true and correct copy of the following document was served via email on the following counsel of record in the attached service list:

- **PLAINTIFF LYSA TERKEURST'S REPSONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES**

/s/ *James A. Ulwick*
James A. Ulwick

DiCello Levitt LLP
10 N Dearborn Street, 6th Floor
Chicago, IL 60602
Email: julwick@dicellolevitt.com

*One of Plaintiffs' Counsel*

1    Bryan L. Clobes (pro hac vice)
     Alexander J. Sweatman (pro hac vice)
2    Mohammed A. Rathur (pro hac vice)
     **CAFFERTY CLOBES MERIWETHER**
3    **& SPRENGEL LLP**
     135 South LaSalle Street, Suite 3210
4    Chicago, IL 60603
     Telephone: (312) 782-4880
5    Email:       bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
6                 mrathur@caffertyclobes.com
     *Counsel for Individual and Representative Plaintiffs and*
7    *the Proposed Class*

8
                        **UNITED STATES DISTRICT COURT**
9
                        **NORTHERN DISTRICT OF CALIFORNIA**
10
                        **SAN FRANCISCO DIVISION**
11

12

13
     RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC
14
            Individual and Representative          PLAINTIFF JACQUELINE WOODSON'S
15          Plaintiffs,                            RESPONSES TO DEFENDANT'S FOURTH
                                                   SET OF INTERROGATORIES
16   v.

17   META PLATFORMS, INC, a Delaware
     corporation,
18
            Defendant.
19

20

21

22

23

24

25

26

27

28

10.     Plaintiff objects to instructions used by Defendant to the extent they seek to impose obligations on Plaintiff inconsistent with the Federal Rules. Specifically:

a.     Plaintiff objects to Paragraphs 3-6 and 8 as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek cumulative or duplicative discovery and seek to impose upon Plaintiff burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or laws. Plaintiff will interpret these instructions as not requiring Plaintiff to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Plaintiff to exceed the obligations set forth in the applicable rules and laws.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which they object, such objections are not waived.

## RESPONSES

### INTERROGATORY NO. 1:

State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody,

1  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

2  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

3  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

4      Subject to and without waiving these and the general objections, Plaintiff is not obligated

5  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

6  this interrogatory.

7  **INTERROGATORY NO. 2:**

8      State all facts supporting any contention by YOU that Meta's alleged use of YOUR

9  ASSERTED WORKS in connection with training any META AI LLM has or will affect the

10  market or potential market for YOUR ASSERTED WORKS, including identifying with

11  particularly each alleged market or potential market that you contend was affected and how

12  Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR

13  ASSERTED WORKS in that market.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

16  information over which Defendant has custody or control, and is duplicative. Each subpart is a

17  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

18  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

19  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

20  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

21  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

22  seeks documents and information over which Defendant has equal or greater possession, custody,

23  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

24  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

25  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

26  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

27  for Production Nos. 77-78.

28      Subject to and without waiving these and the general objections, Plaintiff is not obligated

PLAINTIFF JACQUELINE WOODSON'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

2  this interrogatory.

3  **INTERROGATORY NO. 3:**

4      Describe in detail the factual basis for any contention by YOU that Meta's assertion of fair

5  use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in

6  its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU

7  contend demonstrate any alleged lack of good faith.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

10  information over which Defendant has custody or control, and is duplicative. Each subpart is a

11  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

12  Rules. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the

13  subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of

14  expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks

15  documents and information over which Defendant has equal or greater possession, custody, and

16  control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use

17  in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

18  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

19      Subject to and without waiving these and the general objections, Plaintiff is not obligated

20  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21  this interrogatory.

22  **INTERROGATORY NO. 4:**

23      If YOU contend that a market or potential market exists for licensing of YOUR

24  ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including

25  a detailed identification of when and how such market arose and all transactions and documents

26  you contend support the existence of such market.

27  **RESPONSE TO INTERROGATORY NO. 4:**

28      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12   for Production No. 77.

13        Subject to and without waiving these and the general objections, Plaintiff is not obligated

14   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15   this interrogatory.

16   **INTERROGATORY NO. 5:**

17        IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18   the possibility of licensing (via collective license, blanket license, individual license, or any other

19   licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20   **RESPONSE TO INTERROGATORY NO. 5:**

21        Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22   objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23   Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24   requests information about third-parties. Plaintiff will limit her answer to her own conduct, not

25   the conduct of others.

26        Subject to and without waiving these and the general objections, based on Plaintiff's

27   preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28   parties regarding licensing her Asserted Works for use in training LLMs.

1  **INTERROGATORY NO. 6**:

2      State all facts supporting any contention by YOU that the amount and substantiality of the

3  portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in

4  relation to the purpose of training the META AI LLMs.

5  **RESPONSE TO INTERROGATORY NO. 6**:

6      Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

7  information over which Defendant has custody or control, and is duplicative. Each subpart is a

8  separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

9  Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

10  needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

11  will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

12  disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

13  seeks documents and information over which Defendant has equal or greater possession, custody,

14  and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

15  use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

16  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

17  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

18  for Production No. 77.

19      Subject to and without waiving these and the general objections, Plaintiff is not obligated

20  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

21  this interrogatory.

22  **INTERROGATORY NO. 7**:

23      IDENTIFY every output created by a META AI LLM, of which YOU are aware, that

24  YOU contend competes with YOUR ASSERTED WORKS among readers or potential

25  purchasers of YOUR ASSERTED WORKS.

26  **RESPONSE TO INTERROGATORY NO. 7**:

27      The parties have not reached agreement, nor has the Court ordered additional

28  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

not respond to this Interrogatory.

**INTERROGATORY NO. 8:**

Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether YOU contend it is a factual or creative work, and the target audience for the work.

**RESPONSE TO INTERROGATORY NO. 8:**

The parties have not reached agreement, nor has the Court ordered additional Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will not respond to this Interrogatory.

**INTERROGATORY NO. 9:**

State the total revenue that YOU (including any entity or company owned, operated, or controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues earned from sales and licensing of the works.

**RESPONSE TO INTERROGATORY NO. 9:**

The parties have not reached agreement, nor has the Court ordered additional Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will not respond to this Interrogatory.


Dated: November 18, 2024

By:      _/s/ Mohammed A. Rathur_
Mohammed A. Rathur

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

PLAINTIFF JACQUELINE WOODSON'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1

2    **<u>VERIFICATION</u>**

3    My name is Jacqueline Woodson. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4    I have reviewed the following document:

5

6    • **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

7

8

9    I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

10

11    I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on 11/18/2024 .

12

13

14    *Jacqueline Woodson*

15    _____

16    Jacqueline Woodson

17

18

19

20

21

22

23

24

25

26

27

28

1

2                       <u>**CERTIFICATE OF SERVICE**</u>

3          I hereby certify that on November 18, 2024, and based on the Parties' agreements in this

4    regard, a copy of the foregoing was served via electronic mail to all counsel of record in this

5    matter.

6

7                                              <u>*/s/ Mohammed A. Rathur*</u>
                                                    Mohammed A. Rathur
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JACQUELINE WOODSON'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC