# EXHIBIT 2

1  Bryan L. Clobes (pro hac vice)
   Alexander J. Sweatman (pro hac vice)
2  Mohammed A. Rathur (pro hac vice)
   **CAFFERTY CLOBES MERIWETHER**
3  **& SPRENGEL LLP**
   135 South LaSalle Street, Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:      bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
6              mrathur@caffertyclobes.com
7  *Counsel for Individual and*
   *Representative Plaintiffs and the*
8  *Proposed Class*

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12 RICHARD KADREY, SARAH SILVERMAN,        Case No. 3:23-cv-03417-VC
13 CHRISTOPHER GOLDEN, TA-NEHISI
   COATES, JUNOT DÍAZ, ANDREW SEAN          **PLAINTIFF TA-NEHISI COATES'S**
14 GREER, DAVID HENRY HWANG,                **RESPONSES AND OBJECTIONS TO**
   MATTHEW KLAM, LAURA LIPPMAN,             **DEFENDANT META PLATFORMS,**
15 RACHEL LOUISE SNYDER, JACQUELINE         **INC.'S THIRD SET OF REQUESTS FOR**
   WOODSON, AND LYSA TERKEURST,             **ADMISSION**
16
17    *Individual and Representative Plaintiffs*,
18         v.
19 META PLATFORMS, INC.;
20                              *Defendant.*
21 **PROPOUNDING PARTY: Defendant Meta Platforms, Inc.**
22 **RESPONDING PARTY:    TA-NEHISI COATES**
   **SET NUMBER:          Three (3)**
23
24
25
26
27                              1

28

no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 69:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

34

licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 71:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission. Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to compel where the Request for Admission was a hypothetical not tied to the facts at issue and an affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION 72:**

Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 72:**

**REQUEST FOR ADMISSION 76:**

Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED WORK(S) that have not already been produced in this ACTION.

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous, because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain 'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C 10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No. 115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff otherwise denies this Request.


Dated: November 18, 2024          By: */s/Mohammed A. Rathur*
                                      Mohammed A. Rathur

                                  Bryan L. Clobes (pro hac vice)
                                  Alexander J. Sweatman (pro hac vice)
                                  Mohammed A. Rathur (pro hac vice)
                                  **CAFFERTY CLOBES MERIWETHER
                                  & SPRENGEL LLP**
                                  135 South LaSalle Street, Suite 3210
                                  Chicago, IL 60603
                                  Telephone: (312) 782-4880
                                  Email:      bclobes@caffertyclobes.com
                                              asweatman@caffertyclobes.com
                                              mrathur@caffertyclobes.com

                                  *Counsel for Plaintiffs and the Proposed Class*

1

2

### CERTIFICATE OF SERVICE

3    The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4 following document was served via email on the following counsel of record in the attached

5 service list:

6    • **PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO**

7    **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8    **ADMISSION**

9

10

11
/s/*Mohammed A. Rathur*
Mohammed A. Rathur

12
Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)

13
Mohammed A. Rathur (pro hac vice)

14
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

15
135 South LaSalle Street, Suite 3210
Chicago, IL 60603

16
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com

17
aswaetman@caffertyclobes.com
mrathur@caffertyclobes.com

18
*Counsel for Individual and*

19
*Representative Plaintiffs and the*
*Proposed Class*

20

21
*One of Plaintiffs' Counsel*

22

23

24

25

26

27                                        1

28

1

## SERVICE LIST

2

3    Bobby A. Ghajar                         Kathleen R. Hartnett
     Colette Ani Ghazarian                   COOLEY LLP
4    COOLEY LLP                              3 Embarcadero Center, 20th Floor
     1333 2nd Street, Suite 400              San Francisco, CA 94111-4004
5    Santa Monica, CA 90401                  Email: khartnett@cooley.com
     Email: bghajar@cooley.com
6    cghazarian@cooley.com

7

8    Judd D. Lauter                          Mark Alan Lemley
     COOLEY LLP                              LEX LUMINA PLLC
9    3175 Hanover Street                     745 Fifth Avenue, Suite 500
     Palo Alto, CA 94304                     New York, NY 10151
10   Email: jlauter@cooley.com               Email: mlemley@lex-lumina.com

11

12   *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         2

28

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com
*Counsel for Individual and
Representative Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      JUNOT DIAZ**

**SET NUMBER:              Three (3)**

1

\*4 (N.D. Cal. Mar. 20, 2012)). Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial. "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence." *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at \*6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at \*2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion. Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 67:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at \*5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

32

1  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

2  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

3  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

4  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

5  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

6  the terms of such licensing agreements, which speak for themselves.

7  **REQUEST FOR ADMISSION 68:**

8  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

9  ASSERTED WORK(S) as training data for LLMs.

10  **RESPONSE TO REQUEST NO. 68:**

11  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

12  9, 10, 11, and 69. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

13  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

14  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

15  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

16  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

17  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

18  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

19  the terms of such licensing agreements, which speak for themselves.

20  **REQUEST FOR ADMISSION 69:**

21  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

22  license the ASSERTED WORK(S) as training data for LLMs.

23  **RESPONSE TO REQUEST NO. 69:**

24  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

25  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

26  facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

27  33

28

115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff otherwise denies this Request.


Dated: November 18, 2024               By: */s/Mohammed A. Rathur*
                                            Mohammed A. Rathur

                                       Bryan L. Clobes (pro hac vice)
                                       Alexander J. Sweatman (pro hac vice)
                                       Mohammed A. Rathur (pro hac vice)
                                       **CAFFERTY CLOBES MERIWETHER
                                       & SPRENGEL LLP**
                                       135 South LaSalle Street, Suite 3210
                                       Chicago, IL 60603
                                       Telephone: (312) 782-4880
                                       Email:    bclobes@caffertyclobes.com
                                                 asweatman@caffertyclobes.com
                                                 mrathur@caffertyclobes.com


                                       *Counsel for Plaintiffs and the Proposed Class*

36

1

2

### CERTIFICATE OF SERVICE

3      The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4   following document was served via email on the following counsel of record in the attached

5   service list:

6    • **PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO**

7       **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8       **ADMISSION**

9

10

11                                          /s/*Mohammed A. Rathur*
                                            Mohammed A. Rathur

12
                                            Bryan L. Clobes (pro hac vice)
13                                          Alexander J. Sweatman (pro hac vice)
                                            Mohammed A. Rathur (pro hac vice)
14                                          **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
15                                          135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
16                                          Telephone: (312) 782-4880
                                            Email:      bclobes@caffertyclobes.com
17
                                                        asweatman@caffertyclobes.com
18                                                      mrathur@caffertyclobes.com
                                            *Counsel for Individual and*
19                                          *Representative Plaintiffs and the*
                                            *Proposed Class*
20

21                                          *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                          1

28

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email:  bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email:  khartnett@cooley.com

Judd D. Lauter
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Email:  mlemley@lex-lumina.com

*Counsel for Defendant Meta Platforms, Inc.*

2

Rachel Geman (*pro hac vice*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592
Email: rgeman@lchb.com

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice* forthcoming)
Betsy A. Sugar (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: 212.974.7474
Email: ssholder@cdas.com
ccole@cdas.com

Attorneys for Plaintiff
*Christopher Farnsworth and*
*Representative Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | PLAINTIFF CHRISTOPHER FARNSWORTH'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS |

1    v.

2    META PLATFORMS, INC, a Delaware
     corporation,
3

4            Defendant.

5

6

7    PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

8    RESPONDING PARTY:    PLAINTIFF CHRISTOPHER FARNSWORTH

9    SET NO.:            ONE

10

11                        **INTRODUCTION**

12        Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13   to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14   Admissions (the "Requests" or "RFAs").

15                     **GENERAL OBJECTIONS**

16        1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent

17   they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18   local rules.

19        2.      Plaintiff objects to the Requests to the extent they seek information or materials

20   that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21   disclosure rules, or other applicable privileges and protections, including communications with

22   Plaintiff's attorneys regarding the Action.

23        3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24   modify, or supplement these responses with subsequently discovered responsive information and

25   to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

3120862.2

1  where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this

2  Request as calling for legal analysis and a legal conclusion.

3      Subject to and without waiving these general and specific objections, no response is

4  required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or

5  deny this Request.

6  **REQUEST FOR ADMISSION NO. 74:**

7      Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

8  right to license the ASSERTED WORK(S) as training data for LLMs.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

10      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

11  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

12  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

13  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

14  36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

15  *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

16      Subject to and without waiving these general and specific objections, Plaintiff admits that

17  Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

18  and directs Meta to the terms of such licensing agreements, which speak for themselves.

19  **REQUEST FOR ADMISSION NO. 75:**

20      Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

21  license the ASSERTED WORK(S) as training data for LLMs.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

23      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

24  Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

25  at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

26  and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

27  36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

28  *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Plaintiff objects that the terms "YOUR permission" are vague and ambiguous. Plaintiff objects to this Request because it is a hypothetical untethered to the facts of the case. *See, e.g.,* *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to compel where the Request for Admission was a hypothetical not tied to the facts at issue and an affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)).

Subject to and without waiving these general and specific objections, Plaintiff admits Request No. 76.

**REQUEST FOR ADMISSION NO. 77:**

Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

1    **REQUEST FOR ADMISSION NO. 81:**

2         Admit that you are not aware of any agreements to assign rights in or to YOUR

3    ASSERTED WORK(S) that have not already been produced in this ACTION.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5         Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

6    ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

7    includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

8    'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

9    10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England*

10   *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

11   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

12        Subject to and without waiving these general and specific objections, Plaintiff admits

13   discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

14   documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

15   production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

16   denies this Request.

17

18   Dated:        November 18, 2024        Respectfully submitted,

19                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20

21                                         By: */s/ Rachel Geman*
                                               Rachel Geman
22

23                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                           250 Hudson Street, 8th Floor
24                                         New York, NY10013-1413
                                           Telephone: 212.355.9500
25                                         Facsimile: 212.355.959
                                           Email: rgeman@lchb.com
26

27

28

3120862.2                                      - 53 -          PLAINTIFF CHRISTOPHER FARNSWORTH'S
                                                              RESPONSES TO RFA'S, SET 1
                                                              No. 3:23-CV-03417-VC

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice* forthcoming)
Betsy A. Sugar (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: 212.974.7474
Email: ssholder@cdas.com
ccole@cdas.com

*Representative Plaintiffs and the Proposed Class*

3120862.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, and based on the Parties' agreements in this regard, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

/s/ *Betsy Anne Sugar*

3120862.2

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO RFA'S, SET 1
No. 3:23-CV-03417-VC

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF CHRISTOPHER GOLDEN'S** |
| v. | **RESPONSES TO DEFENDANT META** |
| | **PLATFORMS, INC.'S THIRD SET OF** |
| Meta Platforms, Inc., | **REQUESTS FOR ADMISSION** |
| *Defendant.* | |

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD
SET OF REQUESTS FOR ADMISSION

No. 08-CV-1661-LAB-NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C. 03-5340 JF (RS), 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose." (quoting 7 Moore's Federal Practice § 36.02[1])); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18-CV-11386-VSB-KHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.

Subject to and without waiver of the foregoing objections, Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admission Numbers 9, 10, and 11. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits he has not granted the publisher of his ASSERTED WORKS the right to license the ASSERTED WORKS as training data for LLMs. Plaintiff further responds that Plaintiff has entered into licensing agreements with Plaintiff's

publisher for the ASSERTED WORK and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 72:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 72:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits that the publisher of his ASSERTED WORKS does not possess the right to license the ASSERTED WORKS as training data for LLMs. Plaintiff further responds that he has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 73:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 73:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission." Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, No. Civ. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P.

Dated: November 18, 2024

By: ___/s/ Joseph R. Saveri___
Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butticklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION

**DICELLO LEVITT**

David A. Straite (pro hac vice)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

**LIEFF CABRASER HEIMANN & BERNSTEIN,**
**LLP**

Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD
SET OF REQUESTS FOR ADMISSION

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On November 18, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 18, 2024, at San Francisco, California.

By:  *Rya Fishman*
     Rya Fishman

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION

1

**SERVICE LIST**

2  Bobby A. Ghajar                              Mark Alan Lemley
   Colette Ani Ghazarian                        **LEX LUMINA PLLC**
3  **COOLEY LLP**                               745 Fifth Avenue, Suite 500
4  1333 2nd Street, Suite 400                   New York, NY 10151
   Santa Monica, CA 90401                       Email: mlemley@lex-lumina.com
5  Email: bghajar@cooley.com
6          cghazarian@cooley.com                zmetakadrey@cooley.com

7  Kathleen R. Hartnett                         *Counsel for Defendant*
   **COOLEY LLP**                               *Meta Platforms, Inc.*
8  3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111-4004                 Brian O. O'Mara
9  Email: khartnett@cooley.com                  **DICELLO LEVITT LLP**
10                                              4747 Executive Dr., Ste 240
   Judd D. Lauter                               San Diego, CA 92121
11 Elizabeth Lee Stameshkin                     Email: briano@dicellolevitt.com
   Juan Pablo Gonzalez
12 **COOLEY LLP**                               *Counsel for Plaintiffs*
13 3175 Hanover Street
   Palo Alto, CA 94304
14 Email: jlauter@cooley.com
           lstameshkin@cooley.com
15         jgonzalez@cooley.com
16
17 Cole Augustus Poppell
   Phillip Edward Morton
18 **COOLEY LLP**
   1299 Pennsylvania Avenue, NW, Suite 700
19 Washington, DC 20004-2400
   (202) 776-2317
20 Fax: (202) 842-7899
   Email: cpoppell@cooley.com
21         pmorton@cooley.com
22
   Angela L. Dunning
23 **CLEARY GOTTLIEB STEEN &**
   **HAMILTON LLP**
24 1841 Page Mill Road
   Palo Alto, CA 94304-1254
25 Email: adunning@cgsh.com
26
27
28

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD
SET OF REQUESTS FOR ADMISSION

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

*Counsel for Individual and*
*Representative Plaintiffs and the*
*Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, DAVID HENRY HWANG, ANDREW SEAN GREER, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      ANDREW SEAN GREER**

**SET NUMBER:              Three (3)**

1

*4 (N.D. Cal. Mar. 20, 2012)).  Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial.  "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence."  *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories.  *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 70:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

34

1  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

2  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

3  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

4  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

5  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

6  the terms of such licensing agreements, which speak for themselves.

7  **REQUEST FOR ADMISSION 71:**

8  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

9  ASSERTED WORK(S) as training data for LLMs.

10  **RESPONSE TO REQUEST NO. 71:**

11  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

12  9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

13  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

14  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

15  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

16  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

17  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

18  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

19  the terms of such licensing agreements, which speak for themselves.

20  **REQUEST FOR ADMISSION 72:**

21  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

22  license the ASSERTED WORK(S) as training data for LLMs.

23  **RESPONSE TO REQUEST NO. 72:**

24  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

25  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

26  facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

27  35

28

115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff otherwise denies this Request.

Dated: November 18, 2024                    By: */s/Mohammed A. Rathur*
                                                Mohammed A. Rathur

                                            Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (pro hac vice)
                                            Mohammed A. Rathur (pro hac vice)
                                            **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
                                            135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
                                            Telephone: (312) 782-4880
                                            Email:      bclobes@caffertyclobes.com
                                                        asweatman@caffertyclobes.com
                                                        mrathur@caffertyclobes.com

                                            *Counsel for Plaintiffs and the Proposed Class*

38

1

2

### CERTIFICATE OF SERVICE

3      The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4  following document was served via email on the following counsel of record in the attached

5  service list:

6  • **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO**

7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8      **ADMISSION**

9

10

11                                    /s/*Mohammed A. Rathur*
                                      Mohammed A. Rathur

12                                    Bryan L. Clobes (pro hac vice)
                                      Alexander J. Sweatman (pro hac vice)
13                                    Mohammed A. Rathur (pro hac vice)
                                      **CAFFERTY CLOBES MERIWETHER**
14                                    **& SPRENGEL LLP**
                                      135 South LaSalle Street, Suite 3210
15                                    Chicago, IL 60603
                                      Telephone: (312) 782-4880
16                                    Email:      bclobes@caffertyclobes.com

17                                    asweatman@caffertyclobes.com
                                      mrathur@caffertyclobes.com
18                                    *Counsel for Individual and*
                                      *Representative Plaintiffs and the*
19                                    *Proposed Class*

20

21                                    *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                    1

28

1

## SERVICE LIST

2

3   Bobby A. Ghajar                          Kathleen R. Hartnett
    Colette Ani Ghazarian                    COOLEY LLP
4   COOLEY LLP                               3 Embarcadero Center, 20th Floor
    1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5   Santa Monica, CA 90401                   Email: khartnett@cooley.com
    Email: bghajar@cooley.com
6   cghazarian@cooley.com

7

8   Judd D. Lauter                           Mark Alan Lemley
    COOLEY LLP                               LEX LUMINA PLLC
9   3175 Hanover Street                      745 Fifth Avenue, Suite 500
    Palo Alto, CA 94304                      New York, NY 10151
10  Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12  *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          2

28
_____
    PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META
    PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
    No. 3:23-cv-03417-VC

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com
*Counsel for Individual and*
*Representative Plaintiffs and the*
*Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      DAVID HENRY HWANG**

**SET NUMBER:              Three (3)**

1

**REQUEST FOR ADMISSION 69:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

34

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous, because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain 'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C 10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No. 115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff otherwise denies this Request.


Dated: November 18, 2024            By: */s/Mohammed A. Rathur*
                                        Mohammed A. Rathur

                                    Bryan L. Clobes (pro hac vice)
                                    Alexander J. Sweatman (pro hac vice)
                                    Mohammed A. Rathur (pro hac vice)
                                    **CAFFERTY CLOBES MERIWETHER**
                                    **& SPRENGEL LLP**
                                    135 South LaSalle Street, Suite 3210
                                    Chicago, IL 60603
                                    Telephone: (312) 782-4880
                                    Email:      bclobes@caffertyclobes.com
                                                asweatman@caffertyclobes.com
                                                mrathur@caffertyclobes.com


                                    *Counsel for Plaintiffs and the Proposed Class*

37

1

2                                    **CERTIFICATE OF SERVICE**

3              The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4    following document was served via email on the following counsel of record in the attached

5    service list:

6    • **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO**

7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8      **ADMISSION**

9

10

11                                          /s/*Mohammed A. Rathur*
                                            Mohammed A. Rathur

12
                                            Bryan L. Clobes (pro hac vice)
13                                          Alexander J. Sweatman (pro hac vice)
                                            Mohammed A. Rathur (pro hac vice)
14                                          **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
15                                          135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
16                                          Telephone: (312) 782-4880
                                            Email:       bclobes@caffertyclobes.com
17
                                                         asweatman@caffertyclobes.com
18                                                       mrathur@caffertyclobes.com
                                            *Counsel for Individual and*
19                                          *Representative Plaintiffs and the*
                                            *Proposed Class*
20

21                                          *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                                      1

28

1

## SERVICE LIST

2

3   Bobby A. Ghajar                          Kathleen R. Hartnett
    Colette Ani Ghazarian                    COOLEY LLP
4   COOLEY LLP                               3 Embarcadero Center, 20th Floor
    1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5   Santa Monica, CA 90401                   Email: khartnett@cooley.com
    Email: bghajar@cooley.com
6   cghazarian@cooley.com

7

8   Judd D. Lauter                           Mark Alan Lemley
    COOLEY LLP                               LEX LUMINA PLLC
9   3175 Hanover Street                      745 Fifth Avenue, Suite 500
    Palo Alto, CA 94304                      New York, NY 10151
10  Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12  *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          2

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-06663 <br><br> **PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |

**REQUEST FOR ADMISSION NO. 75:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 75:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admission Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits he has not granted the publisher of his ASSERTED WORKS the right to license the ASSERTED WORKS as training data for LLMs. Plaintiff further responds that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits that the publisher of his ASSERTED WORKS does not possess the right to license the ASSERTED WORKS as training data for LLMs. Plaintiff further responds that he has entered into licensing agreements with Plaintiff's

publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 77:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 77:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission." Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, No. Civ. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV-223741-FLA-RAO, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to compel where the Request for Admission was a hypothetical not tied to the facts at issue and an affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper of Cal., Inc.*, No. 19-cv-1892-CAB (NLS), 2021 WL 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)).

Subject to and without waiver of the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 78:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, 69, and 70. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

Dated: November 18, 2024

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

By:     */s/ Joseph R. Saveri*
            Joseph R. Saveri

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

**BOIES SCHILLER FLEXNER LLP**

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butterlicklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butterricklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

**DICELLO LEVITT**

David A. Straite (pro hac vice)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On November 18, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 18, 2024, at San Francisco, California.

By:    *Rya Fishman*
          Rya Fishman

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
      cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
Juan Pablo Gonzalez
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com
      lstameshkin@cooley.com
      jgonzalez@cooley.com

Cole Augustus Poppell
Phillip Edward Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 776-2317
Fax: (202) 842-7899
Email: cpoppell@cooley.com
      pmorton@cooley.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

zmetakadrey@cooley.com

*Counsel for Defendant
Meta Platforms, Inc.*

Brian O. O'Mara
**DICELLO LEVITT LLP**
4747 Executive Dr., Ste 240
San Diego, CA 92121
Email: briano@dicellolevitt.com

*Counsel for Plaintiffs*

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

*Counsel for Plaintiffs and the Proposed Class,
Additional Counsel Listed Below*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      Matthew Klam**

**SET NUMBER:            Three (3)**

1

*4 (N.D. Cal. Mar. 20, 2012)). Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial. "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence." *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion. Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 67:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

32

1  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

2  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

3  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

4  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

5  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

6  the terms of such licensing agreements, which speak for themselves.

7  **REQUEST FOR ADMISSION 68:**

8  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

9  ASSERTED WORK(S) as training data for LLMs.

10  **RESPONSE TO REQUEST NO. 68:**

11  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

12  9, 10, 11, and 69. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

13  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission ... are unreasonably cumulative and

14  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

15  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

16  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

17  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

18  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

19  the terms of such licensing agreements, which speak for themselves.

20  **REQUEST FOR ADMISSION 69:**

21  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

22  license the ASSERTED WORK(S) as training data for LLMs.

23  **RESPONSE TO REQUEST NO. 69:**

24  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

25  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

26  facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

27  33

28

1

2

3    Dated: November 18, 2024              By: */s/Mohammed A. Rathur*
                                              Mohammed A. Rathur

4
                                          Bryan L. Clobes (pro hac vice)
5                                         Alexander J. Sweatman (pro hac vice)
                                          Mohammed A. Rathur (pro hac vice)
6                                         **CAFFERTY CLOBES MERIWETHER**
                                          **& SPRENGEL LLP**
7                                         135 South LaSalle Street, Suite 3210
                                          Chicago, IL 60603
8                                         Telephone: (312) 782-4880
                                          Email:        bclobes@caffertyclobes.com
9                                                       asweatman@caffertyclobes.com
                                                        mrathur@caffertyclobes.com
10

11                                        *Counsel for Plaintiffs and the Proposed Class*
                                          *Class*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        37

28

1

2 **CERTIFICATE OF SERVICE**

3    The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4 following document was served via email on the following counsel of record in the attached

5 service list:

6 • **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO**

7    **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8    **ADMISSION**

9

10

11 /s/*Mohammed A. Rathur*
Mohammed A. Rathur

12 Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)

13 Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**

14 **& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210

15 Chicago, IL 60603
Telephone: (312) 782-4880

16 Email:      bclobes@caffertyclobes.com

17          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

18 *Counsel for Individual and*

19 *Representative Plaintiffs and the*
*Proposed Class*

20

21 *One of Plaintiffs' Counsel*

22

23

24

25

26

27 1

28

1

## SERVICE LIST

2

3

Bobby A. Ghajar                              Kathleen R. Hartnett
Colette Ani Ghazarian                        COOLEY LLP
COOLEY LLP                                   3 Embarcadero Center, 20th Floor
4
1333 2nd Street, Suite 400                   San Francisco, CA 94111-4004
5
Santa Monica, CA 90401                       Email: khartnett@cooley.com
Email: bghajar@cooley.com
6
cghazarian@cooley.com

7

8
Judd D. Lauter                               Mark Alan Lemley
COOLEY LLP                                   LEX LUMINA PLLC
9
3175 Hanover Street                          745 Fifth Avenue, Suite 500
Palo Alto, CA 94304                          New York, NY 10151
10
Email: jlauter@cooley.com                    Email: mlemley@lex-lumina.com

11

12
*Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
2
28

1
2
3
4
5
6
7

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

8

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12
13
14
15
16
17
18
19

RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST,

    *Individual and Representative Plaintiffs*,

      v.

META PLATFORMS, INC.;

             *Defendant.*

Case No. 3:23-cv-03417-VC

**PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION**

20

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

21

**RESPONDING PARTY:     LAURA LIPPMAN**

22

**SET NUMBER:              Three (3)**

23
24
25
26
27
28

1

1    "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for

2    legal analysis and a legal conclusion. Subject to and without waiver of the foregoing objections,

3    no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to

4    either admit or deny this Request.

5    **REQUEST FOR ADMISSION 75:**

6    Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to

7    license the ASSERTED WORK(S) as training data for LLMs.

8    **RESPONSE TO REQUEST NO. 75:**

9    Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

10   9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D.

11   Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

12   duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

13   and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

14   *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

15   to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

16   licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

17   the terms of such licensing agreements, which speak for themselves.

18   **REQUEST FOR ADMISSION 76:**

19   Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

20   ASSERTED WORK(S) as training data for LLMs.

21   **RESPONSE TO REQUEST NO. 76:**

22   Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

23   9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

24   (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

25   duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

26   and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

27                                                          38

28

*Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 77:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 77:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission. Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to compel where the Request for Admission was a hypothetical not tied to the facts at issue and an affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION 78:**

Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED WORK(S) as training data for LLMs.

39

1    Request regarding the content of the ASSERTED WORKS of any other Plaintiff. Plaintiff therefore

2    lacks sufficient knowledge to either admit or deny this Request.

3    **REQUEST FOR ADMISSION 82:**

4    Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED

5    WORK(S) that have not already been produced in this ACTION.

6    **RESPONSE TO REQUEST NO. 82:**

7    Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and

8    "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous,

9    because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

10   'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

11   10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England*

12   *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

13   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

14   waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits

15   that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control,

16   responsive to Meta's requests for production regarding licensing agreements for Plaintiff's

17   ASSERTED WORKS. Plaintiff otherwise denies this Request.

18

19   Dated: November 18, 2024          By: */s/Mohammed A. Rathur*
                                             Mohammed A. Rathur

20

21   Bryan L. Clobes (pro hac vice)
     Alexander J. Sweatman (pro hac vice)

22   Mohammed A. Rathur (pro hac vice)
     **CAFFERTY CLOBES MERIWETHER**

23   **& SPRENGEL LLP**
     135 South LaSalle Street, Suite 3210

24   Chicago, IL 60603
     Telephone: (312) 782-4880

25   Email:     bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com

26               mrathur@caffertyclobes.com

27                                         41

28

*Counsel for Plaintiffs and the Proposed Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

2                              **CERTIFICATE OF SERVICE**

3        The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4   following document was served via email on the following counsel of record in the attached

5   service list:

6    • **PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO**

7       **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8       **ADMISSION**

9

10

11                                          /s/*Mohammed A. Rathur*
                                           Mohammed A. Rathur

12
                                           Bryan L. Clobes (pro hac vice)
                                           Alexander J. Sweatman (pro hac vice)
13                                         Mohammed A. Rathur (pro hac vice)
                                           **CAFFERTY CLOBES MERIWETHER**
14                                         **& SPRENGEL LLP**
                                           135 South LaSalle Street, Suite 3210
15                                         Chicago, IL 60603
                                           Telephone: (312) 782-4880
16                                         Email:      bclobes@caffertyclobes.com

17                                                    asweatman@caffertyclobes.com
                                           mrathur@caffertyclobes.com
18                                         *Counsel for Individual and*
                                           *Representative Plaintiffs and the*
19                                         *Proposed Class*

20

21                                         *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                          1

28

1

## SERVICE LIST

2

3
Bobby A. Ghajar                     Kathleen R. Hartnett
Colette Ani Ghazarian               COOLEY LLP
4
COOLEY LLP                          3 Embarcadero Center, 20th Floor
1333 2nd Street, Suite 400          San Francisco, CA 94111-4004
5
Santa Monica, CA 90401              Email: khartnett@cooley.com
Email: bghajar@cooley.com
6
cghazarian@cooley.com

7

8
Judd D. Lauter                      Mark Alan Lemley
COOLEY LLP                          LEX LUMINA PLLC
9
3175 Hanover Street                 745 Fifth Avenue, Suite 500
Palo Alto, CA 94304                 New York, NY 10151
10
Email: jlauter@cooley.com           Email: mlemley@lex-lumina.com

11

12
*Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
2

28

PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
|        *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF SARAH SILVERMAN'S** |
| v. | **RESPONSES TO DEFENDANT META** |
| | **PLATFORMS, INC.'S THIRD SET OF** |
| Meta Platforms, Inc., | **REQUESTS FOR ADMISSION** |
| | |
|        *Defendant*. | |

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION

eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence." *Bovarie v. Schwarzenegger*, No. 08-CV-1661-LAB-NLS, 2011 WL 719206, at \*6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C. 03-5340 JF (RS), 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose." (quoting 7 Moore's Federal Practice § 36.02[1])); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18-CV-11386-VSB-KHP, 2021 WL 735241, at \*2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.

Subject to and without waiver of the foregoing objections, Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admission Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at \*5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at \*4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits she has not granted the publisher of her ASSERTED WORK the right to license the ASSERTED WORK as training data

for LLMs. Plaintiff further responds that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORK and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 66:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits that the publisher of her ASSERTED WORK does not possess the right to license the ASSERTED WORK as training data for LLMs. Plaintiff further responds that she has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORK and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION NO. 67:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission." Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, No. Civ. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

Dated: November 18, 2024

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

By:    */s/ Joseph R. Saveri*
      Joseph R. Saveri

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION

**DICELLO LEVITT**
David A. Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 933-1000
dstraite@dicellolevitt.com

Amy Keller
Nada Djordjevic
James A. Ulwick
Madeline Hills
10 North Dearborn Street, 6th Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
hutchinson@lchb.com

# CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On November 18, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 18, 2024, at San Francisco, California.

By: *Rya Fishman*
Rya Fishman

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
            cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
Juan Pablo Gonzalez
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com
            lstameshkin@cooley.com
            jgonzalez@cooley.com

Cole Augustus Poppell
Phillip Edward Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 776-2317
Fax: (202) 842-7899
Email: cpoppell@cooley.com
            pmorton@cooley.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

zmetakadrey@cooley.com

*Counsel for Defendant
Meta Platforms, Inc.*

Brian O. O'Mara
**DICELLO LEVITT LLP**
4747 Executive Dr., Ste 240
San Diego, CA 92121
Email: briano@dicellolevitt.com

*Counsel for Plaintiffs*

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com
*Counsel for Individual and
Representative Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      RACHEL LOUISE SNYDER**

**SET NUMBER:               Three (3)**

1

1  methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v.*

2  *Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose

3  of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was

4  not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum*

5  *Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y.

6  Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other

7  discovery rules such as Rule 34" and excusing a party from responding where RFAs were

8  "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for

9  legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections,

10  no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to

11  either admit or deny this Request.

12  **REQUEST FOR ADMISSION 65:**

13  Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to

14  license the ASSERTED WORK(S) as training data for LLMs.

15  **RESPONSE TO REQUEST NO. 65:**

16  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

17  9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D.

18  Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

19  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

20  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

21  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

22  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

23  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

24  the terms of such licensing agreements, which speak for themselves.

25  **REQUEST FOR ADMISSION 66:**

26

27                                                           31

28

1  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

2  ASSERTED WORK(S) as training data for LLMs.

3  **RESPONSE TO REQUEST NO. 66:**

4  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

5  9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

6  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

7  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

8  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los

9  Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

10  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

11  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

12  the terms of such licensing agreements, which speak for themselves.

13  **REQUEST FOR ADMISSION 67:**

14  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

15  license the ASSERTED WORK(S) as training data for LLMs.

16  **RESPONSE TO REQUEST NO. 67:**

17  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

18  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

19  facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

20  7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

21  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997

22  WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

23  infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

24  committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No.

25  CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to

26  compel where the Request for Admission was a hypothetical not tied to the facts at issue and an

27                                          32

28

1

2   Dated: November 18, 2024               By: */s/Mohammed A. Rathur*
                                              Mohammed A. Rathur

3
                                          Bryan L. Clobes (pro hac vice)
4                                         Alexander J. Sweatman (pro hac vice)
                                          Mohammed A. Rathur (pro hac vice)
5                                         **CAFFERTY CLOBES MERIWETHER
                                          & SPRENGEL LLP**
6                                         135 South LaSalle Street, Suite 3210
                                          Chicago, IL 60603
7                                         Telephone: (312) 782-4880
                                          Email:      bclobes@caffertyclobes.com
8                                                     asweatman@caffertyclobes.com
                                                      mrathur@caffertyclobes.com
9

10                                        *Counsel for Plaintiffs and the Proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              35

28

1

2

**CERTIFICATE  OF SERVICE**

3          The undersigned  certifies  that on November 18, 2024 a true and accurate  copy of the

4    following  document  was served  via email  on the following  counsel of record  in the attached

5    service  list:

6    • **PLAINTIFF  RACHEL  LOUISE  SNYDER'S  RESPONSES  AND OBJECTIONS**

7      **TO DEFENDANT  META PLATFORMS,  INC.'S THIRD SET OF REQUESTS**

8      **FOR ADMISSION**

9

10

                                              /s/*Mohammed A. Rathur*
11                                           Mohammed  A. Rathur

12                                           Bryan L. Clobes (pro hac vice)
                                             Alexander  J. Sweatman  (pro hac vice)
13                                           Mohammed  A. Rathur (pro hac vice)
                                             **CAFFERTY  CLOBES  MERIWETHER**
14                                           **& SPRENGEL  LLP**
                                             135 South LaSalle  Street, Suite  3210
15                                           Chicago,  IL 60603
                                             Telephone:  (312) 782-4880
16                                           Email:        bclobes@caffertyclobes.com

17                                                     asweatman@caffertyclobes.com
                                             mrathur@caffertyclobes.com
18                                           *Counsel for Individual and*
                                             *Representative Plaintiffs and the*
19                                           *Proposed Class*

20

21                                           *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                           1

28

1

## SERVICE LIST

2

3   Bobby A. Ghajar                          Kathleen R. Hartnett
    Colette Ani Ghazarian                    COOLEY LLP
4   COOLEY LLP                               3 Embarcadero Center, 20th Floor
    1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5   Santa Monica, CA 90401                   Email: khartnett@cooley.com
    Email: bghajar@cooley.com
6   cghazarian@cooley.com

7

8   Judd D. Lauter                           Mark Alan Lemley
    COOLEY LLP                               LEX LUMINA PLLC
9   3175 Hanover Street                      745 Fifth Avenue, Suite 500
    Palo Alto, CA 94304                      New York, NY 10151
10  Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12  *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          2

28
---
PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

1  Nada Djordjevic (admitted *pro hac vice*)
   10 North Dearborn St., Sixth Floor
2  Chicago, Illinois 60602
   Tel.: (312) 214-7900
3  Email: ndjordjevic@dicellolevitt.com

4  *Counsel for Plaintiffs and the Proposed*
   *Class, Additional Counsel Listed Below*
5

6             UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8  RICHARD KADREY, SARAH SILVERMAN,          Case No. 3:23-cv-03417-VC
   CHRISTOPHER GOLDEN, TA-NEHISI
9  COATES, JUNOT DÍAZ, ANDREW SEAN           **PLAINTIFF LYSA TERKEURST'S**
   GREER, DAVID HENRY HWANG,                  **RESPONSES AND OBJECTIONS TO**
10 MATTHEW KLAM, LAURA LIPPMAN,              **DEFENDANT META PLATFORMS,**
   RACHEL LOUISE SNYDER, JACQUELINE          **INC.'S THIRD SET OF REQUESTS FOR**
11 WOODSON, AND LYSA TERKEURST,              **ADMISSION**

12        *Individual and Representative Plaintiffs*,
13              v.
14 META PLATFORMS, INC.;
15                    *Defendant.*

16 **PROPOUNDING PARTY: Defendant Meta Platforms, Inc.**

17 **RESPONDING PARTY:     Lysa TerKeurst**

18 **SET NUMBER:           Three (3)**

19

20

21

22

23

24

25

26

27                              1

28

2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)).  Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial. "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence."  *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

## REQUEST FOR ADMISSION 69:

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

## RESPONSE TO REQUEST NO. 69:

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D.

33

Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 71:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission." Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

34

1  *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

2  115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

3  waiving the foregoing objections, Plaintiff admits that Plaintiff has produced non-privileged

4  documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

5  production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff

6  otherwise denies this Request.

7

8

9  Dated: November 18, 2024                    By: /s/ *James A. Ulwick*
                                                   Amy Keller (admitted *pro hac vice*)
10                                                 Nada Djordjevic (*pro hac vice* forthcoming)
                                                   James A. Ulwick (admitted *pro hac vice*)
11                                                 Madeline Hills (admitted *pro hac vice*)
                                                   10 North Dearborn St., Sixth Floor
12                                                 Chicago, Illinois 60602
                                                   Tel.: (312) 214-7900
13                                                 Email: akeller@dicellolevitt.com
                                                         ndjordjevic@dicellolevitt.com
14                                                       julwick@dicellolevitt.com
                                                         mhills@dicellolevitt.com
15

16                                                 David A. Straite (admitted *pro hac vice*)
                                                   485 Lexington Avenue, Suite 1001
17                                                 New York, NY 10017
                                                   Tel. (646) 933-1000
18                                                 Email: dstraite@dicellolevitt.com

19
                                                   Brian O'Mara
20                                                 4747 Executive Drive, Suite 240
                                                   San Diego, California 92121
21                                                 Tel.: (619) 923-3939
                                                   Email: bomara@dicellolevitt.com
22

23                                                 RMP, LLP
                                                   Seth Haines (admitted *pro hac vice*)
24                                                 Timothy Hutchinson (admitted *pro hac vice*)
                                                   5519 Hackett St., Suite 300
25                                                 Springdale, AR 72762
                                                   Telephone: (479) 443-2705
26                                                 Email: shaines@rmp.law

27                                                      37

28

thutchinson@rmp.law
lgeary@rmp.law

POYNTER LAW GROUP
Scott Poynter (admitted *pro hac vice*)
407 President Clinton Ave., Suite 201
Little Rock, AR 72201
Telephone: (501) 812-3943
Email: scott@poynterlawgroup.com

*Counsel for Plaintiff TerKeurst and the Proposed Class*

38

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned certifies that on November 18, 2024, a true and correct copy of the following

3

document was served via email on the following counsel of record in the attached service list:

4

- **PLAINTIFF LYSA TERKEURST'S REPSONSES AND OBJECTIONS TO**

5

   **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

6

   **ADMISSION**

7

<u>/s/ James A. Ulwick</u>

8

James A. Ulwick

9

DiCello Levitt LLP

10

10 N Dearborn Street, 6th Floor
Chicago, IL 60602

11

Email: julwick@dicellolevitt.com

12

*One of Plaintiffs' Counsel*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
THIRD SET OF REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
      cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com
      lstameshkin@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

PLAINTIFF TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
THIRD SET OF REQUESTS FOR ADMISSION

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com
                aswetman@caffertyclobes.com
                mrathur@caffertyclobes.com

*Counsel for Individual and
Representative Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      JACQUELINE WOODSON**

**SET NUMBER:               Three (3)**

1

1  "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for

2  legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections,

3  no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to

4  either admit or deny this Request.

5  **REQUEST FOR ADMISSION 83:**

6  Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to

7  license the ASSERTED WORK(S) as training data for LLMs.

8  **RESPONSE TO REQUEST NO. 83:**

9  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

10  9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D.

11  Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

12  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

13  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

14  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

15  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

16  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

17  the terms of such licensing agreements, which speak for themselves.

18  **REQUEST FOR ADMISSION 84:**

19  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

20  ASSERTED WORK(S) as training data for LLMs.

21  **RESPONSE TO REQUEST NO. 84:**

22  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

23  9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

24  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

25  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

26  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

27

28

43

*Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 85:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 85:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission. Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to compel where the Request for Admission was a hypothetical not tied to the facts at issue and an affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION 86:**

Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED WORK(S) as training data for LLMs.

44

1  Request regarding the content of the ASSERTED WORKS of any other Plaintiff. Plaintiff therefore

2  lacks sufficient knowledge to either admit or deny this Request.

3  **REQUEST FOR ADMISSION 90:**

4  Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED

5  WORK(S) that have not already been produced in this ACTION.

6  **RESPONSE TO REQUEST NO. 90:**

7  Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and

8  "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous,

9  because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

10 'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

11 10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

12 v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

13 115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

14 waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits

15 that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control,

16 responsive to Meta's requests for production regarding licensing agreements for Plaintiff's

17 ASSERTED WORKS. Plaintiff otherwise denies this Request.

18
19 Dated: November 18, 2024          By: */s/Mohammed A. Rathur*
                                         Mohammed A. Rathur
20
21                                       Bryan L. Clobes (pro hac vice)
                                         Alexander J. Sweatman (pro hac vice)
22                                       Mohammed A. Rathur (pro hac vice)
                                         **CAFFERTY CLOBES MERIWETHER
23                                       & SPRENGEL LLP**
                                         135 South LaSalle Street, Suite 3210
24                                       Chicago, IL 60603
                                         Telephone: (312) 782-4880
25                                       Email:      bclobes@caffertyclobes.com
                                                     asweatman@caffertyclobes.com
26                                                   mrathur@caffertyclobes.com
27                                       46
28

1

*Counsel for Plaintiffs and the Proposed Class*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

28

1

2

**CERTIFICATE OF SERVICE**

3      The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4  following document was served via email on the following counsel of record in the attached

5  service list:

6   • **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO**

7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8      **ADMISSION**

9

10

11
/s/*Mohammed A. Rathur*
Mohammed A. Rathur

12
Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
13
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
14
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
15
Chicago, IL 60603
Telephone: (312) 782-4880
16
Email:      bclobes@caffertyclobes.com

17
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com
18
*Counsel for Individual and*
*Representative Plaintiffs and the*
19
*Proposed Class*

20

21
*One of Plaintiffs' Counsel*

22

23

24

25

26

27
1

28

1

## SERVICE LIST

2

3   Bobby A. Ghajar                        Kathleen R. Hartnett
   Colette Ani Ghazarian                  COOLEY LLP

4   COOLEY LLP                           3 Embarcadero Center, 20th Floor
   1333 2nd Street, Suite 400           San Francisco, CA 94111-4004

5   Santa Monica, CA 90401           Email: khartnett@cooley.com
   Email: bghajar@cooley.com

6   cghazarian@cooley.com

7

8   Judd D. Lauter                       Mark Alan Lemley
   COOLEY LLP                           LEX LUMINA PLLC

9   3175 Hanover Street               745 Fifth Avenue, Suite 500
   Palo Alto, CA 94304              New York, NY 10151

10   Email: jlauter@cooley.com         Email: mlemley@lex-lumina.com

11

12   *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC