# EXHIBIT 4

1  Bryan L. Clobes (pro hac vice)
   Alexander J. Sweatman (pro hac vice)
2  Mohammed A. Rathur (pro hac vice)
   **CAFFERTY CLOBES MERIWETHER**
   **& SPRENGEL LLP**
3  135 South LaSalle Street, Suite 3210
   Chicago, IL 60603
4  Telephone: (312) 782-4880
   Email:    bclobes@caffertyclobes.com
5            asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com
6
7  *Counsel for Individual and*
   *Representative Plaintiffs and the*
8  *Proposed Class*

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12
   RICHARD KADREY, SARAH SILVERMAN,      Case No. 3:23-cv-03417-VC
13 CHRISTOPHER GOLDEN, TA-NEHISI
   COATES, JUNOT DÍAZ, ANDREW SEAN       **PLAINTIFF TA-NEHISI COATES'S**
14 GREER, DAVID HENRY HWANG,             **RESPONSES AND OBJECTIONS TO**
   MATTHEW KLAM, LAURA LIPPMAN,          **DEFENDANT META PLATFORMS,**
15 RACHEL LOUISE SNYDER, JACQUELINE      **INC.'S THIRD SET OF REQUESTS FOR**
   WOODSON, AND LYSA TERKEURST,          **ADMISSION**
16
17     *Individual and Representative Plaintiffs*,

18          v.

19 META PLATFORMS, INC.;

20                          *Defendant.*

21 **PROPOUNDING PARTY: Defendant Meta Platforms, Inc.**

22 **RESPONDING PARTY:    TA-NEHISI COATES**

23 **SET NUMBER:          Three (3)**

24

25

26

27                           1
28

no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 69:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

1 licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

2 the terms of such licensing agreements, which speak for themselves.

3 **REQUEST FOR ADMISSION 71:**

4 Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

5 license the ASSERTED WORK(S) as training data for LLMs.

6 **RESPONSE TO REQUEST NO. 71:**

7 Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

8 Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

9 facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

10 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

11 "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997

12 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

13 infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

14 committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No.

15 CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to

16 compel where the Request for Admission was a hypothetical not tied to the facts at issue and an

17 affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v.*

18 *Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21,

19 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at

20 *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff

21 admits this Request.

22 **REQUEST FOR ADMISSION 72:**

23 Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED

24 WORK(S) as training data for LLMs.

25 **RESPONSE TO REQUEST NO. 72:**

26

27

28

35

1    **REQUEST FOR ADMISSION 76:**

2    Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED

3    WORK(S) that have not already been produced in this ACTION.

4    **RESPONSE TO REQUEST NO. 76:**

5    Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and

6    "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous,

7    because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

8    'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

9    10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

10   v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

11   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

12   waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits

13   that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control,

14   responsive to Meta's requests for production regarding licensing agreements for Plaintiff's

15   ASSERTED WORKS. Plaintiff otherwise denies this Request.

16

17

18   Dated: November 18, 2024            By: */s/Mohammed A. Rathur*
                                              Mohammed A. Rathur

19
                                         Bryan L. Clobes (pro hac vice)
20                                       Alexander J. Sweatman (pro hac vice)
                                         Mohammed A. Rathur (pro hac vice)
21                                       **CAFFERTY CLOBES MERIWETHER
                                         & SPRENGEL LLP**
22                                       135 South LaSalle Street, Suite 3210
                                         Chicago, IL 60603
23                                       Telephone: (312) 782-4880
                                         Email:      bclobes@caffertyclobes.com
24                                                   asweatman@caffertyclobes.com
                                                     mrathur@caffertyclobes.com
25

26                                       *Counsel for Plaintiffs and the Proposed Class*

27                                       37

28

1

2

**CERTIFICATE OF SERVICE**

3      The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4 following document was served via email on the following counsel of record in the attached

5 service list:

6   • **PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO**

7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8      **ADMISSION**

9

10

11
/s/*Mohammed A. Rathur*
Mohammed A. Rathur

12
Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
13
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
14
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
15
Chicago, IL 60603
Telephone: (312) 782-4880
16
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
17
            mrathur@caffertyclobes.com

18
*Counsel for Individual and*
*Representative Plaintiffs and the*
19
*Proposed Class*

20

21
*One of Plaintiffs' Counsel*

22

23

24

25

26

27                                          1

28

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email:  bghajar@cooley.com
cghazarian@cooley.com

Kathleen R. Hartnett
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email:  khartnett@cooley.com

Judd D. Lauter
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

*Counsel for Defendant Meta Platforms, Inc.*

2

1  Bryan L. Clobes (pro hac vice)
   Alexander J. Sweatman (pro hac vice)
   Mohammed A. Rathur (pro hac vice)
2  **CAFFERTY CLOBES MERIWETHER
   & SPRENGEL LLP**
3  135 South LaSalle Street, Suite 3210
   Chicago, IL 60603
4  Telephone: (312) 782-4880
   Email:    bclobes@caffertyclobes.com
5             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com
6  *Counsel for Individual and*
   *Representative Plaintiffs and the*
7  *Proposed Class*

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12  RICHARD KADREY, SARAH SILVERMAN,        Case No. 3:23-cv-03417-VC
    CHRISTOPHER GOLDEN, TA-NEHISI
13  COATES, JUNOT DÍAZ, ANDREW SEAN         **PLAINTIFF JUNOT DIAZ'S**
    GREER, DAVID HENRY HWANG,               **RESPONSES AND OBJECTIONS TO**
14  MATTHEW KLAM, LAURA LIPPMAN,            **DEFENDANT META PLATFORMS,**
    RACHEL LOUISE SNYDER, JACQUELINE        **INC.'S THIRD SET OF REQUESTS FOR**
15  WOODSON, AND LYSA TERKEURST,            **ADMISSION**
16
       *Individual and Representative Plaintiffs*,
17
          v.
18
    META PLATFORMS, INC.;
19
                     *Defendant.*
20  **PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

21  **RESPONDING PARTY:     JUNOT DIAZ**

22  **SET NUMBER:            Three (3)**

23

24

25

26

27                          1

28
    _____

*4 (N.D. Cal. Mar. 20, 2012)).  Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial.  "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence."  *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories.  *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories").  Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 67:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 68:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 68:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 69:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission. Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

33

1   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

2   waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits

3   that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control,

4   responsive to Meta's requests for production regarding licensing agreements for Plaintiff's

5   ASSERTED WORKS. Plaintiff otherwise denies this Request.

6

7

8   Dated: November 18, 2024                    By: */s/Mohammed A. Rathur*
                                                      Mohammed A. Rathur

9
                                                 Bryan L. Clobes (pro hac vice)
10                                               Alexander J. Sweatman (pro hac vice)
                                                 Mohammed A. Rathur (pro hac vice)
11                                               **CAFFERTY CLOBES MERIWETHER
                                                 & SPRENGEL LLP**
12                                               135 South LaSalle Street, Suite 3210
                                                 Chicago, IL 60603
13                                               Telephone: (312) 782-4880
                                                 Email:      bclobes@caffertyclobes.com
14                                                           asweatman@caffertyclobes.com
                                                             mrathur@caffertyclobes.com
15

16                                               *Counsel for Plaintiffs and the Proposed Class*

17

18

19

20

21

22

23

24

25

26

27                                              36

28

---

1
2                        **CERTIFICATE OF SERVICE**
3         The undersigned certifies that on November 18, 2024 a true and accurate copy of the
4  following document was served via email on the following counsel of record in the attached
5  service list:
6    • **PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO**
7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**
8      **ADMISSION**
9
10
11                                    /s/*Mohammed A. Rathur*
                                      Mohammed A. Rathur
12
                                      Bryan L. Clobes (pro hac vice)
13                                    Alexander J. Sweatman (pro hac vice)
                                      Mohammed A. Rathur (pro hac vice)
14                                    **CAFFERTY CLOBES MERIWETHER**
                                      **& SPRENGEL LLP**
15                                    135 South LaSalle Street, Suite 3210
                                      Chicago, IL 60603
16                                    Telephone: (312) 782-4880
                                      Email:      bclobes@caffertyclobes.com
17
                                                asweatman@caffertyclobes.com
18                                              mrathur@caffertyclobes.com
                                      *Counsel for Individual and*
19                                    *Representative Plaintiffs and the*
                                      *Proposed Class*
20
21                                    *One of Plaintiffs' Counsel*
22
23
24
25
26
27                                    1
28

1

## <u>SERVICE LIST</u>

2

3  Bobby A. Ghajar                    Kathleen R. Hartnett
   Colette Ani Ghazarian              COOLEY LLP
4  COOLEY LLP                         3 Embarcadero Center, 20th Floor
   1333 2nd Street, Suite 400         San Francisco, CA 94111-4004
5  Santa Monica, CA 90401             Email: khartnett@cooley.com
   Email: bghajar@cooley.com
6  cghazarian@cooley.com

7

8  Judd D. Lauter                     Mark Alan Lemley
   COOLEY LLP                         LEX LUMINA PLLC
9  3175 Hanover Street                745 Fifth Avenue, Suite 500
   Palo Alto, CA 94304                New York, NY 10151
10 Email: jlauter@cooley.com          Email: mlemley@lex-lumina.com

11

12 *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    2

28

---

Rachel Geman (*pro hac vice*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592
Email: rgeman@lchb.com

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice* forthcoming)
Betsy A. Sugar (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: 212.974.7474
Email: ssholder@cdas.com
ccole@cdas.com

Attorneys for Plaintiff
*Christopher Farnsworth and*
*Representative Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC |
|---|---|
| Individual and Representative Plaintiffs, | PLAINTIFF CHRISTOPHER FARNSWORTH'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS |

1

v.

2

META PLATFORMS, INC, a Delaware
corporation,

3

4

Defendant.

5

6

7

PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

8

RESPONDING PARTY:    PLAINTIFF CHRISTOPHER FARNSWORTH

9

SET NO.:    ONE

10

11

**INTRODUCTION**

12

Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13

to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14

Admissions (the "Requests" or "RFAs").

15

**GENERAL OBJECTIONS**

16

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent

17

they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18

local rules.

19

2.    Plaintiff objects to the Requests to the extent they seek information or materials

20

that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21

disclosure rules, or other applicable privileges and protections, including communications with

22

Plaintiff's attorneys regarding the Action.

23

3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24

modify, or supplement these responses with subsequently discovered responsive information and

25

to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

1    where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this

2    Request as calling for legal analysis and a legal conclusion.

3        Subject to and without waiving these general and specific objections, no response is

4    required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or

5    deny this Request.

6    **REQUEST FOR ADMISSION NO. 74:**

7        Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

8    right to license the ASSERTED WORK(S) as training data for LLMs.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

10        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

11    Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

12    *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

13    duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

14    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

15    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

16        Subject to and without waiving these general and specific objections, Plaintiff admits that

17    Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

18    and directs Meta to the terms of such licensing agreements, which speak for themselves.

19    **REQUEST FOR ADMISSION NO. 75:**

20        Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

21    license the ASSERTED WORK(S) as training data for LLMs.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

23        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

24    Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

25    at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

26    and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

27    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

28    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

1    Subject to and without waiving these general and specific objections, Plaintiff admits that

2    Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

3    and directs Meta to the terms of such licensing agreements, which speak for themselves.

4    **REQUEST FOR ADMISSION NO. 76:**

5    Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR

6    permission to license the ASSERTED WORK(S) as training data for LLMs.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

8    Plaintiff objects that the terms "YOUR permission" are vague and ambiguous. Plaintiff

9    objects to this Request because it is a hypothetical untethered to the facts of the case. *See, e.g.*,

10   *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since

11   requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical"

12   questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548,

13   at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the

14   context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to

15   1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No.

16   CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to

17   compel where the Request for Admission was a hypothetical not tied to the facts at issue and an

18   affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v.*

19   *Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21,

20   2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at

21   *4 (N.D. Cal. Mar. 20, 2012)).

22   Subject to and without waiving these general and specific objections, Plaintiff admits

23   Request No. 76.

24   **REQUEST FOR ADMISSION NO. 77:**

25   Admit that YOU have not granted another PERSON the right to license YOUR

26   ASSERTED WORK(S) as training data for LLMs.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

28   Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

**REQUEST FOR ADMISSION NO. 81:**

Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED WORK(S) that have not already been produced in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain 'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C 10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No. 115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

Subject to and without waiving these general and specific objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise denies this Request.


Dated:        November 18, 2024        Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


By: */s/ Rachel Geman*
      Rachel Geman


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.959
Email: rgeman@lchb.com

1

2     Elizabeth J. Cabraser, Esq.
      Daniel M. Hutchinson, Esq.

3     Reilly T. Stoler, Esq.
      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
      275 Battery Street, 29th Floor

4     San Francisco, CA 94111-3339
      Email: ecabraser@lchb.com

5     dhutchinson@lchb.com
      rstoler@lchb.com

6
      Kenneth S. Byrd. (*pro hac vice* forthcoming)

7     Betsy A. Sugar (*pro hac vice* forthcoming)
      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

8     222 2nd Avenue South, Suite 1640
      Nashville, TN 37201-2375

9     Telephone: 615.313.9000
      Email: kbyrd@lchb.com

10    bsugar@lchb.com

11    Scott J. Sholder (*pro hac vice*)
      CeCe M. Cole (*pro hac vice*)

12    COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
      60 Broad Street, 30th Floor

13    New York, New York 10004
      Telephone: 212.974.7474

14    Email: ssholder@cdas.com
      ccole@cdas.com

15
      *Representative Plaintiffs and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

3120862.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, and based on the Parties' agreements in this regard, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

/s/ *Betsy Anne Sugar*

3120862.2

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
                mrathur@caffertyclobes.com
*Counsel for Individual and*
*Representative Plaintiffs and the*
*Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, DAVID HENRY HWANG, ANDREW SEAN GREER, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC |
| | **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      ANDREW SEAN GREER**

**SET NUMBER:              Three (3)**

1

*4 (N.D. Cal. Mar. 20, 2012)).  Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial.  "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence."  *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories.  *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 70:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

34

1   duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

2   and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

3   *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

4   to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

5   licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

6   the terms of such licensing agreements, which speak for themselves.

7   **REQUEST FOR ADMISSION 71:**

8   Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

9   ASSERTED WORK(S) as training data for LLMs.

10  **RESPONSE TO REQUEST NO. 71:**

11  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

12  9, 10, 11, and 69. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

13  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

14  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

15  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

16  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

17  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

18  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

19  the terms of such licensing agreements, which speak for themselves.

20  **REQUEST FOR ADMISSION 72:**

21  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

22  license the ASSERTED WORK(S) as training data for LLMs.

23  **RESPONSE TO REQUEST NO. 72:**

24  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

25  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

26  facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

27  35

28

115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff otherwise denies this Request.

Dated: November 18, 2024                    By: */s/Mohammed A. Rathur*
                                                Mohammed A. Rathur

                                            Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (pro hac vice)
                                            Mohammed A. Rathur (pro hac vice)
                                            **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
                                            135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
                                            Telephone: (312) 782-4880
                                            Email:      bclobes@caffertyclobes.com
                                                        asweatman@caffertyclobes.com
                                                        mrathur@caffertyclobes.com

                                            *Counsel for Plaintiffs and the Proposed Class*

38

1

2

**CERTIFICATE OF SERVICE**

3          The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4    following document was served via email on the following counsel of record in the attached

5    service list:

6    • **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO**

7       **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8       **ADMISSION**

9

10

11
/s/*Mohammed A. Rathur*
Mohammed A. Rathur

12
Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)

13
Mohammed A. Rathur (pro hac vice)

14
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**

15
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880

16
Email:        bclobes@caffertyclobes.com

17
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

18
*Counsel for Individual and*

19
*Representative Plaintiffs and the*
*Proposed Class*

20

21
*One of Plaintiffs' Counsel*

22

23

24

25

26

27                                                    1

28

---

1

## SERVICE LIST

2

3  Bobby A. Ghajar                          Kathleen R. Hartnett
   Colette Ani Ghazarian                    COOLEY LLP
4  COOLEY LLP                               3 Embarcadero Center, 20th Floor
   1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5  Santa Monica, CA 90401                   Email: khartnett@cooley.com
   Email: bghajar@cooley.com
6  cghazarian@cooley.com

7

8  Judd D. Lauter                           Mark Alan Lemley
   COOLEY LLP                               LEX LUMINA PLLC
9  3175 Hanover Street                      745 Fifth Avenue, Suite 500
   Palo Alto, CA 94304                      New York, NY 10151
10 Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12 *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        2

28
   _____
   PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META
   PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
   No. 3:23-cv-03417-VC

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
                 mrathur@caffertyclobes.com
*Counsel for Individual and
Representative Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      DAVID HENRY HWANG**

**SET NUMBER:              Three (3)**

1

**REQUEST FOR ADMISSION 69:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous, because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain 'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C 10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No. 115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff otherwise denies this Request.

Dated: November 18, 2024

By: */s/Mohammed A. Rathur*
    Mohammed A. Rathur

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Plaintiffs and the Proposed Class*

37

1
2

# CERTIFICATE OF SERVICE

3        The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4  following document was served via email on the following counsel of record in the attached

5  service list:

6  • **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO**

7     **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8     **ADMISSION**

9
10

11  */s/Mohammed A. Rathur*
    Mohammed A. Rathur

12
    Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
13   Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
14   **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210
15   Chicago, IL 60603
    Telephone: (312) 782-4880
16   Email:      bclobes@caffertyclobes.com

17                aswaetman@caffertyclobes.com
                 mrathur@caffertyclobes.com
18   *Counsel for Individual and*
    *Representative Plaintiffs and the*
19   *Proposed Class*

20
21   *One of Plaintiffs' Counsel*

22
23
24
25
26
27                              1
28

1

## SERVICE LIST

2

3  Bobby A. Ghajar                          Kathleen R. Hartnett
   Colette Ani Ghazarian                    COOLEY LLP
4  COOLEY LLP                               3 Embarcadero Center, 20th Floor
   1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5  Santa Monica, CA 90401                   Email: khartnett@cooley.com
   Email: bghajar@cooley.com
6  cghazarian@cooley.com

7

8  Judd D. Lauter                           Mark Alan Lemley
   COOLEY LLP                               LEX LUMINA PLLC
9  3175 Hanover Street                      745 Fifth Avenue, Suite 500
   Palo Alto, CA 94304                      New York, NY 10151
10 Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12 *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           2

28

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Plaintiffs and the Proposed Class,*
*Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC |
| | **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs,* | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:     Matthew Klam**

**SET NUMBER:              Three (3)**

1

*4 (N.D. Cal. Mar. 20, 2012)).  Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial.  "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence."  *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories.  *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories").  Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 67:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

32

1  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

2  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

3  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

4  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

5  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

6  the terms of such licensing agreements, which speak for themselves.

7  **REQUEST FOR ADMISSION 68:**

8  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

9  ASSERTED WORK(S) as training data for LLMs.

10  **RESPONSE TO REQUEST NO. 68:**

11  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

12  9, 10, 11, and 69. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

13  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

14  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

15  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

16  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

17  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

18  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

19  the terms of such licensing agreements, which speak for themselves.

20  **REQUEST FOR ADMISSION 69:**

21  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

22  license the ASSERTED WORK(S) as training data for LLMs.

23  **RESPONSE TO REQUEST NO. 69:**

24  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

25  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

26  facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

27  33

28  _____

1

2

3   Dated: November 18, 2024          By: */s/Mohammed A. Rathur*
                                          Mohammed A. Rathur

4

5                                     Bryan L. Clobes (pro hac vice)
                                      Alexander J. Sweatman (pro hac vice)
                                      Mohammed A. Rathur (pro hac vice)

6                                     **CAFFERTY CLOBES MERIWETHER
                                      & SPRENGEL LLP**

7                                     135 South LaSalle Street, Suite 3210
                                      Chicago, IL 60603

8                                     Telephone: (312) 782-4880
                                      Email:      bclobes@caffertyclobes.com

9                                                 asweatman@caffertyclobes.com
                                                  mrathur@caffertyclobes.com

10

11                                    *Counsel for Plaintiffs and the Proposed Class
                                      Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              37

28

1

2

**CERTIFICATE OF SERVICE**

3        The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4    following document was served via email on the following counsel of record in the attached

5    service list:

6    •   **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO**

7        **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8        **ADMISSION**

9

10

11                                          /s/*Mohammed A. Rathur*
                                            Mohammed A. Rathur

12
                                            Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (pro hac vice)
13                                          Mohammed A. Rathur (pro hac vice)
                                            **CAFFERTY CLOBES MERIWETHER**
14                                          **& SPRENGEL LLP**
                                            135 South LaSalle Street, Suite 3210
15                                          Chicago, IL 60603
                                            Telephone: (312) 782-4880
16                                          Email:      bclobes@caffertyclobes.com
                                                        asweatman@caffertyclobes.com
17                                                      mrathur@caffertyclobes.com

18                                          *Counsel for Individual and*
                                            *Representative Plaintiffs and the*
19                                          *Proposed Class*

20
                                            *One of Plaintiffs' Counsel*
21

22

23

24

25

26

27                                          1

28

1

## SERVICE LIST

2

3   Bobby A. Ghajar                          Kathleen R. Hartnett
    Colette Ani Ghazarian                    COOLEY LLP
4   COOLEY LLP                               3 Embarcadero Center, 20th Floor
    1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5   Santa Monica, CA 90401                   Email: khartnett@cooley.com
    Email: bghajar@cooley.com
6   cghazarian@cooley.com

7

8   Judd D. Lauter                           Mark Alan Lemley
    COOLEY LLP                               LEX LUMINA PLLC
9   3175 Hanover Street                      745 Fifth Avenue, Suite 500
    Palo Alto, CA 94304                      New York, NY 10151
10  Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12  *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          2

28
---
PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
                 mrathur@caffertyclobes.com
*Counsel for Individual and*
*Representative Plaintiffs and the*
*Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:      LAURA LIPPMAN**

**SET NUMBER:              Three (3)**

1

"tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion. Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 75:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 75:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 76:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

38

*Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 77:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 77:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission. Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to compel where the Request for Admission was a hypothetical not tied to the facts at issue and an affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff admits this Request.

**REQUEST FOR ADMISSION 78:**

Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED WORK(S) as training data for LLMs.

1  Request regarding the content of the ASSERTED WORKS of any other Plaintiff. Plaintiff therefore

2  lacks sufficient knowledge to either admit or deny this Request.

3  **REQUEST FOR ADMISSION 82:**

4  Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED

5  WORK(S) that have not already been produced in this ACTION.

6  **RESPONSE TO REQUEST NO. 82:**

7  Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and

8  "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous,

9  because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

10  'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

11  10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England*

12  *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

13  115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

14  waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits

15  that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control,

16  responsive to Meta's requests for production regarding licensing agreements for Plaintiff's

17  ASSERTED WORKS. Plaintiff otherwise denies this Request.

18

19  Dated: November 18, 2024             By: */s/Mohammed A. Rathur*
                                             Mohammed A. Rathur

20
                                       Bryan L. Clobes (pro hac vice)
21                                     Alexander J. Sweatman (pro hac vice)
                                       Mohammed A. Rathur (pro hac vice)
22                                     **CAFFERTY CLOBES MERIWETHER**
                                       **& SPRENGEL LLP**
23                                     135 South LaSalle Street, Suite 3210
                                       Chicago, IL 60603
24                                     Telephone: (312) 782-4880
                                       Email:     bclobes@caffertyclobes.com
25                                                asweatman@caffertyclobes.com
                                                  mrathur@caffertyclobes.com
26

27                                            41

28

*Counsel for Plaintiffs and the Proposed Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

2                                  **CERTIFICATE OF SERVICE**

3          The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4    following document was served via email on the following counsel of record in the attached

5    service list:

6    • **PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO**

7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8      **ADMISSION**

9

10

11                                          /s/*Mohammed A. Rathur*
                                            Mohammed A. Rathur

12
                                            Bryan L. Clobes (pro hac vice)
13                                          Alexander J. Sweatman (pro hac vice)
                                            Mohammed A. Rathur (pro hac vice)
14                                          **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
15                                          135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
16                                          Telephone: (312) 782-4880
                                            Email:        bclobes@caffertyclobes.com

17                                                         asweatman@caffertyclobes.com
                                            mrathur@caffertyclobes.com
18                                          *Counsel for Individual and*
                                            *Representative Plaintiffs and the*
19                                          *Proposed Class*

20
                                            *One of Plaintiffs' Counsel*
21

22

23

24

25

26

27                                           1

28

1

### SERVICE LIST

2

3   Bobby A. Ghajar                         Kathleen R. Hartnett
    Colette Ani Ghazarian                   COOLEY LLP
4   COOLEY LLP                              3 Embarcadero Center, 20th Floor
    1333 2nd Street, Suite 400              San Francisco, CA 94111-4004
5   Santa Monica, CA 90401                  Email: khartnett@cooley.com
    Email: bghajar@cooley.com
6   cghazarian@cooley.com

7

8   Judd D. Lauter                          Mark Alan Lemley
    COOLEY LLP                              LEX LUMINA PLLC
9   3175 Hanover Street                     745 Fifth Avenue, Suite 500
    Palo Alto, CA 94304                     New York, NY 10151
10  Email: jlauter@cooley.com               Email: mlemley@lex-lumina.com

11

12  *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           2

28
─────────────────────────────────────────────────────────────
PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com
*Counsel for Individual and
Representative Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:     RACHEL LOUISE SNYDER**

**SET NUMBER:            Three (3)**

1

methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 65:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 66:**

1  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

2  ASSERTED WORK(S) as training data for LLMs.

3  **RESPONSE TO REQUEST NO. 66:**

4  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

5  9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

6  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

7  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

8  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los

9  Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

10  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

11  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

12  the terms of such licensing agreements, which speak for themselves.

13  **REQUEST FOR ADMISSION 67:**

14  Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

15  license the ASSERTED WORK(S) as training data for LLMs.

16  **RESPONSE TO REQUEST NO. 67:**

17  Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

18  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

19  facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

20  7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

21  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997

22  WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

23  infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

24  committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No.

25  CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to

26  compel where the Request for Admission was a hypothetical not tied to the facts at issue and an

27  32

28

1

2    Dated: November 18, 2024        By: */s/Mohammed A. Rathur*
                                      Mohammed A. Rathur

3

4                                    Bryan L. Clobes (pro hac vice)
                                    Alexander J. Sweatman (pro hac vice)

5                                    Mohammed A. Rathur (pro hac vice)
                                    **CAFFERTY CLOBES MERIWETHER**

6                                    **& SPRENGEL LLP**
                                    135 South LaSalle Street, Suite 3210

7                                    Chicago, IL 60603
                                    Telephone: (312) 782-4880

8                                    Email:      bclobes@caffertyclobes.com
                                            asweatman@caffertyclobes.com

9                                            mrathur@caffertyclobes.com

10                               *Counsel for Plaintiffs and the Proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    35

28

1

2
## CERTIFICATE OF SERVICE

3         The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4  following document was served via email on the following counsel of record in the attached

5  service list:

6  • **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS**

7     **TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS**

8     **FOR ADMISSION**

9

10
                                        /s/*Mohammed A. Rathur*
11                                      Mohammed A. Rathur

12                                      Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
13                                      Mohammed A. Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
14                                      **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
15                                      Chicago, IL 60603
                                        Telephone: (312) 782-4880
16                                      Email:      bclobes@caffertyclobes.com

17                                                  asweatman@caffertyclobes.com
                                        mrathur@caffertyclobes.com
18                                      *Counsel for Individual and*
                                        *Representative Plaintiffs and the*
19                                      *Proposed Class*

20

21                                      *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                     1

28

1

## SERVICE LIST

2

3    Bobby A. Ghajar                    Kathleen R. Hartnett
     Colette Ani Ghazarian              COOLEY LLP
4    COOLEY LLP                         3 Embarcadero Center, 20th Floor
     1333 2nd Street, Suite 400         San Francisco, CA 94111-4004
5    Santa Monica, CA 90401             Email: khartnett@cooley.com
     Email: bghajar@cooley.com
6    cghazarian@cooley.com

7

8    Judd D. Lauter                     Mark Alan Lemley
     COOLEY LLP                         LEX LUMINA PLLC
9    3175 Hanover Street                745 Fifth Avenue, Suite 500
     Palo Alto, CA 94304                New York, NY 10151
10   Email: jlauter@cooley.com          Email: mlemley@lex-lumina.com

11

12   *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      2

28
─────────────────────────────────────────────────────
PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

Nada Djordjevic (admitted *pro hac vice*)
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Email: ndjordjevic@dicellolevitt.com

*Counsel for Plaintiffs and the Proposed*
*Class, Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, <br><br>    *Individual and Representative Plaintiffs*, <br><br>        v. <br><br> META PLATFORMS, INC.; <br><br>                    *Defendant.* | Case No. 3:23-cv-03417-VC <br><br> **PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:    Lysa TerKeurst**

**SET NUMBER:          Three (3)**

1

1    2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at

2    *4 (N.D. Cal. Mar. 20, 2012)).  Plaintiff further objects to this Request as an improper use of

3    requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather

4    evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for

5    trial. "The goal of Requests for Admission is to eliminate from the trial issues as to which there is

6    no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means

7    of gathering evidence."  *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206,

8    at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*,

9    2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other

10   methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v.*

11   *Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose

12   of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was

13   not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum*

14   *Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y.

15   Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other

16   discovery rules such as Rule 34" and excusing a party from responding where RFAs were

17   "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for

18   legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections,

19   no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to

20   either admit or deny this Request.

21   **REQUEST FOR ADMISSION 69:**

22   Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to

23   license the ASSERTED WORK(S) as training data for LLMs.

24   **RESPONSE TO REQUEST NO. 69:**

25   Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

26   9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D.

27                                             33

28   _____

Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 71:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission." Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

34

1    *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

2    115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

3    waiving the foregoing objections, Plaintiff admits that Plaintiff has produced non-privileged

4    documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

5    production regarding licensing agreements for Plaintiff's ASSERTED WORKS. Plaintiff

6    otherwise denies this Request.

7

8

9    Dated: November 18, 2024                    By: /s/ *James A. Ulwick*
                                                 Amy Keller (admitted *pro hac vice*)
10                                               Nada Djordjevic (*pro hac vice* forthcoming)
                                                 James A. Ulwick (admitted *pro hac vice*)
11                                               Madeline Hills (admitted *pro hac vice*)
                                                 10 North Dearborn St., Sixth Floor
12                                               Chicago, Illinois 60602
                                                 Tel.: (312) 214-7900
13                                               Email: akeller@dicellolevitt.com
14                                                     ndjordjevic@dicellolevitt.com
                                                       julwick@dicellolevitt.com
15                                                     mhills@dicellolevitt.com

16                                               David A. Straite (admitted *pro hac vice*)
17                                               485 Lexington Avenue, Suite 1001
                                                 New York, NY 10017
18                                               Tel. (646) 933-1000
                                                 Email: dstraite@dicellolevitt.com
19
                                                 Brian O'Mara
20                                               4747 Executive Drive, Suite 240
                                                 San Diego, California 92121
21                                               Tel.: (619) 923-3939
                                                 Email: bomara@dicellolevitt.com
22

23                                               RMP, LLP
                                                 Seth Haines (admitted *pro hac vice*)
24                                               Timothy Hutchinson (admitted *pro hac vice*)
25                                               5519 Hackett St., Suite 300
                                                 Springdale, AR 72762
26                                               Telephone: (479) 443-2705
                                                 Email: shaines@rmp.law
27                                                               37
28

thutchinson@rmp.law
lgeary@rmp.law

POYNTER LAW GROUP
Scott Poynter (admitted *pro hac vice*)
407 President Clinton Ave., Suite 201
Little Rock, AR 72201
Telephone: (501) 812-3943
Email: scott@poynterlawgroup.com

*Counsel for Plaintiff TerKeurst and the Proposed Class*

38

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 18, 2024, a true and correct copy of the following document was served via email on the following counsel of record in the attached service list:

- **PLAINTIFF LYSA TERKEURST'S REPSONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION**

<u>/s/ *James A. Ulwick*  </u>
James A. Ulwick

DiCello Levitt LLP
10 N Dearborn Street, 6th Floor
Chicago, IL 60602
Email: julwick@dicellolevitt.com

*One of Plaintiffs' Counsel*

39

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
        cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com
        lstameshkin@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*

PLAINTIFF TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S
THIRD SET OF REQUESTS FOR ADMISSION

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
                 mrathur@caffertyclobes.com
*Counsel for Individual and*
*Representative Plaintiffs and the*
*Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:     JACQUELINE WOODSON**

**SET NUMBER:            Three (3)**

1

1  "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for

2  legal analysis and a legal conclusion.  Subject to and without waiver of the foregoing objections,

3  no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to

4  either admit or deny this Request.

5  **REQUEST FOR ADMISSION 83:**

6  Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to

7  license the ASSERTED WORK(S) as training data for LLMs.

8  **RESPONSE TO REQUEST NO. 83:**

9  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

10  9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D.

11  Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

12  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

13  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

14  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

15  to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

16  licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

17  the terms of such licensing agreements, which speak for themselves.

18  **REQUEST FOR ADMISSION 84:**

19  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the

20  ASSERTED WORK(S) as training data for LLMs.

21  **RESPONSE TO REQUEST NO. 84:**

22  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers

23  9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

24  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

25  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

26  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

27  43

28

1   *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject

2   to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into

3   licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to

4   the terms of such licensing agreements, which speak for themselves.

5   **REQUEST FOR ADMISSION 85:**

6   Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

7   license the ASSERTED WORK(S) as training data for LLMs.

8   **RESPONSE TO REQUEST NO. 85:**

9   Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission.

10  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the

11  facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

12  7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

13  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997

14  WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

15  infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

16  committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No.

17  CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to

18  compel where the Request for Admission was a hypothetical not tied to the facts at issue and an

19  affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v.*

20  *Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21,

21  2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at

22  *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff

23  admits this Request.

24  **REQUEST FOR ADMISSION 86:**

25  Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED

26  WORK(S) as training data for LLMs.

27  44

28

1   Request regarding the content of the ASSERTED WORKS of any other Plaintiff. Plaintiff therefore

2   lacks sufficient knowledge to either admit or deny this Request.

3   **REQUEST FOR ADMISSION 90:**

4   Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED

5   WORK(S) that have not already been produced in this ACTION.

6   **RESPONSE TO REQUEST NO. 90:**

7   Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and

8   "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous,

9   because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

10  'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

11  10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

12  v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

13  115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018). Subject to and without

14  waiving the foregoing objections, Plaintiff admits discovery is ongoing. Plaintiff further admits

15  that Plaintiff has produced non-privileged documents in Plaintiff's possession, custody, or control,

16  responsive to Meta's requests for production regarding licensing agreements for Plaintiff's

17  ASSERTED WORKS. Plaintiff otherwise denies this Request.

18

19  Dated: November 18, 2024          By: */s/Mohammed A. Rathur*
                                           Mohammed A. Rathur

20

21                                    Bryan L. Clobes (pro hac vice)
                                      Alexander J. Sweatman (pro hac vice)

22                                    Mohammed A. Rathur (pro hac vice)
                                      **CAFFERTY CLOBES MERIWETHER**

23                                    **& SPRENGEL LLP**
                                      135 South LaSalle Street, Suite 3210

24                                    Chicago, IL 60603
                                      Telephone: (312) 782-4880

25                                    Email:    bclobes@caffertyclobes.com
                                                asweatman@caffertyclobes.com

26                                                mrathur@caffertyclobes.com

27                                    46

28

*Counsel for Plaintiffs and the Proposed Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

1

2

**CERTIFICATE OF SERVICE**

3    The undersigned certifies that on November 18, 2024 a true and accurate copy of the

4  following document was served via email on the following counsel of record in the attached

5  service list:

6    • **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO**

7      **DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR**

8      **ADMISSION**

9

10

11
                                        /s/*Mohammed A. Rathur*
                                        Mohammed A. Rathur

12
                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
13                                      Mohammed A. Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
14                                      **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
15                                      Chicago, IL 60603
                                        Telephone: (312) 782-4880
16                                      Email:        bclobes@caffertyclobes.com

17                                                    asweatman@caffertyclobes.com
                                                      mrathur@caffertyclobes.com
18                                      *Counsel for Individual and*
                                        *Representative Plaintiffs and the*
19                                      *Proposed Class*

20

21                                      *One of Plaintiffs' Counsel*

22

23

24

25

26

27                                              1

28

1

## SERVICE LIST

2

3    Bobby A. Ghajar                          Kathleen R. Hartnett
     Colette Ani Ghazarian                    COOLEY LLP
4    COOLEY LLP                               3 Embarcadero Center, 20th Floor
     1333 2nd Street, Suite 400               San Francisco, CA 94111-4004
5    Santa Monica, CA 90401                   Email: khartnett@cooley.com
     Email: bghajar@cooley.com
6    cghazarian@cooley.com

7

8    Judd D. Lauter                           Mark Alan Lemley
     COOLEY LLP                               LEX LUMINA PLLC
9    3175 Hanover Street                      745 Fifth Avenue, Suite 500
     Palo Alto, CA 94304                      New York, NY 10151
10   Email: jlauter@cooley.com                Email: mlemley@lex-lumina.com

11

12   *Counsel for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           2

28

---