# PLAINTIFFS' EXHIBIT A

| | |
|---|---|
| **From:** | Geman, Rachel |
| **Sent:** | Monday, December 2, 2024 11:32 AM |
| **To:** | 'Lauter, Judd'; 'Jay Schuffenhauer'; 'Maxwell Pritt'; 'Ghazarian, Colette A'; 'Llama C-Counsel' |
| **Cc:** | 'z/Meta-Kadrey'; 'Dunning, Angela L.' |
| **Subject:** | RE: [EXT] RE: Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses |

Counsel:  Here are our responses.  We are happy to discuss, but believe our counter proposal is more than reasonable.

**INTERROGATORIES:**  As an initial matter, your case does not stand for the proposition that a plaintiff (or any party) is required to anticipate how another party will build essentially the entirety of its own case, and prepare an omnibus response that is a complex mixture of fact and law about the entire record. *See generally, e.g., In re Facebook, Inc.,* No. MDL 12-2389, 2016 WL 5080152, at *4 (S.D.N.Y. July 7, 2016) ("It would be inappropriate to require Plaintiffs to devise a theory for an element which is not required for their prima facie case. Defendants' motion to compel is accordingly denied.")  Even your own case, in that ERISA context, did *not* ask directly about the affirmative defense at issue (i.e., whether a transaction was a prohibited transaction), but instead asked *FACT*-based questions about the terms under which outside investors invested in the plan at issue.

Thus, you have shown no basis that would require us to answer an interrogatory that requires us to "[s]tate all facts supporting any contention by YOU that the alleged use of YOUR ASSERTED WORKS for training any META AI LLM was not fair use under 17 U.S.C. 107."  We therefore decline to answer that rog.  Likewise, the demand that would require us to "[s]tate all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use" is too far removed from an appropriate, fact based question.  "Transformative-ness" is a judge-made doctrine superimposed onto the first fair use factor, which is the nature of the use.  We can answer a question about the nature of the use because that's factual, but we would need a revised rog.

In the interests of compromise, if you agree to withdraw the first rog above, and withdraw or modify the second, we would be willing to answer modified versions of *certain* of the additional rogs in dispute. Your rog asks us to "[s]tate all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market."

This is too many issues/too broad, but we would agree answer a rog that asked for "[f]acts supporting the contention that Meta's alleged use of asserted works is connection with training has or will affect the market for the works."   You also have a rog stating that "[i]f YOU contend that a market or potential market exists for licensing of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention, including a detailed identification of when and how such market arose and all transactions and documents you contend support the existence of such market."  Given our general willingness to answer a rog about the licensing market, we do not agree to answer this second rog, as it is overbroad in terms of burden (listing all documents) and scope (e.g., derivation of a market), and the delta between the rogs is unclear.

Finally, you have a rog stating "[d]escribe in detail the factual basis for any contention by YOU that Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all acts by Meta that YOU contend demonstrate any alleged lack of good faith."  Again, you are trying to do far too much - and it is improper.   We would consider a rog asking us to state acts by Meta that show willful infringement.

**REQUESTS FOR PRODUCTION:**

We refer you to the authority we provided in the Farnsworth correspondence.

RFP 69:  You noted that "Meta is willing to construe this Request as seeking Plaintiffs' research and notes prepared in the ordinary course of writing the asserted works."  This is not an adequate compromise from our view given the request seeks irrelevant information.  It is also broader than what we understood you to be proposing on the call.  We do not agree to provide these materials. We repeat that if there is an issue with a particular work, we can meet and confer as to that work.

RFP 70: You noted that "[w]ith respect to Request No. 70, Meta will construe this Request to seek only documents and communications reflecting substantive contributions of third-parties to the text of the asserted works."  As a proposed compromise, realizing this is not a question about copyright ownership, and that you are not asking about issues like readers/agents/editors, we would invite you to advise if you think, based on sworn deposition testimony and materials already produced, there is a question about a particular work, and we will work in good faith.  But since you have the depositions and the documents, we do not agree to do more than what we have done, other than, if it would resolve this, answer that RFP for virtually everyone saying we don't have documents.

RFP 73:  We agree to search for and produce royalty statements for loan-out companies.  We do not agree, and you have shown no basis, to obtain tax documents or duplicative additional financial documents.  If you have a question about any particular statement, we can agree to confer on a case-by-case basis.

**RFAs:**

As the *Baird* case confirms in discussing the difference between an RFA that asks about what an agreement *states* versus a question about *entitlements* in an agreement, RFAs that seek legal conclusions are improper.  We would agree to answer the below RFAs in this way: Plaintiffs  ADMIT that our agreements do not state that publishers have that right.

- "Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs."
- Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

Please advise if you agree to these counter-proposals.  If not, please send your current position(s).

Best, Rachel

---

**From:** Geman, Rachel
**Sent:** Friday, November 29, 2024 8:37 AM
**To:** 'Lauter, Judd' <jlauter@cooley.com>; Jay Schuffenhauer <Jschuffenhauer@bsfllp.com>; Maxwell Pritt <mpritt@BSFLLP.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** RE: [EXT] RE: Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses

Judd and all -

Thank you for your email.

We will consider the issues you raise below and, as we said on the call, request that you furnish any authority.

Either way, whether or not you decide/are able to send support, we will respond to you at or before 1 p.m. PT on Monday, Dec. 2.

Best, Rachel

**From:** Lauter, Judd <jlauter@cooley.com>
**Sent:** Wednesday, November 27, 2024 6:34 PM
**To:** Jay Schuffenhauer <Jschuffenhauer@bsfllp.com>; Maxwell Pritt <mpritt@BSFLLP.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** [EXT] RE: Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel,

We write to follow up on and memorialize yesterday's meet and confer. We've set forth below our understanding of the outcome of each issue discussed during the call. If you believe we have mischaracterized anything, please promptly let us know.

I. **Interrogatories**

During the call we discussed Plaintiffs' refusal to substantively respond to Interrogatories 20-23, 25. As to each, Plaintiffs represented that because these Interrogatories concern fair use, which Meta bears the burden of establishing, Plaintiffs are under no obligation to respond.

We asked for Plaintiffs' authority for its position. Plaintiffs did not provide any and, instead, suggested that Meta must do so in order for Plaintiffs to reconsider their position.

Rule 33 states that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." This includes the facts underpinning Plaintiffs' position on Meta's fair use defense. *See e.g., Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17CV01892HSGKAW, 2019 WL 1897489, at *3 (N.D. Cal. Apr. 29, 2019) (requiring a plaintiff to respond to interrogatory concerning a defendant's affirmative defense). Accordingly, <u>*please confirm whether Plaintiffs will provide substantive responses to Interrogatories 20-23, 25*</u>.

II. **Requests for Production**

We discussed RFP Nos. 69, 70, and 73. We explained that as to Request No. 69, Meta is willing to construe this Request as seeking Plaintiffs' research and notes prepared in the ordinary course of writing the asserted works. With respect to Request No. 70, Meta will construe this Request to seek only documents and communications reflecting substantive contributions of third-parties to the text of the asserted works. We also asked those Plaintiffs with holding companies to reconsider their positions on Request No. 73. <u>*Please confirm whether Plaintiffs will search for documents responsive to these Requests*</u>.

III. **Requests for Admission**

During our call, Plaintiffs refused to amend any of the RFA responses identified in our November 22 email. As a proposed compromise, if Plaintiffs agree to admit or deny the following RFAs, Meta will set aside its concerns as to the other RFAs discussed.

- Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

- Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

*Please confirm whether Plaintiffs will amend their responses to these RFAs.*

4. **Timing of Document Productions**

Plaintiffs advised that if documents responsive to earlier requests, including requests that were the subject of the Court's motion to compel, were only just produced, that is because they were identified recently during searches that included search terms and Plaintiffs were making a supplementation pursuant to Rule 26. Plaintiffs advised that if Meta identifies specific documents that it is concerned about, Plaintiffs are prepared to discuss them. Meta reserves all rights.

*    *    *

Given the long weekend we plan to take up any unresolved issues with Judge Hixson early next week, and accordingly request Plaintiffs' final position on these issues by the end of this week. If we cannot reach a compromise on these issues, we will provide our portion of a letter brief by 3pm on Monday, following the same briefing schedule as yesterday's filings:

- 3 PM PST Monday – Meta to provide a 2-page letter brief
- 12 PM Wednesday – Plaintiffs submit a 2.5 page response
- 4 PM Wednesday – Meta to provide a .5 page reply
- 7:30 PM Wednesday – Plaintiffs to provide any redactions
- 8:30 PM Wednesday – Meta to finalize and file

Regards,
Judd

---

**From:** Lauter, Judd
**Sent:** Monday, November 25, 2024 9:59 PM
**To:** Jay Schuffenhauer <Jschuffenhauer@bsfllp.com>; Maxwell Pritt <mpritt@BSFLLP.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** RE: Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses

Jay,

We will make that work. I will circulate an invite.

Thanks,
Judd

---

**From:** Jay Schuffenhauer <Jschuffenhauer@bsfllp.com>
**Sent:** Monday, November 25, 2024 9:13 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Ghazarian, Colette A <cghazarian@cooley.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** RE: Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses

<span style="color:red">**[External]**</span>

Colette,

4

Following up on Max's email, Plaintiffs' counsel is available at 11 AM PT tomorrow (Tuesday) if that works for your team.

Best,
Jay

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Monday, November 25, 2024 11:34 PM
**To:** Ghazarian, Colette A <cghazarian@cooley.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** RE: Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses

Hi Colette, we have not yet been able to find a time tomorrow that works for everyone to discuss the issues you raise below—it's possible tomorrow between 10:30am and noon pacific could work, or 3-5pm pacific. Will try to nail it down.

Best,
Max

---

**From:** Ghazarian, Colette A <cghazarian@cooley.com>
**Sent:** Friday, November 22, 2024 5:46 PM
**To:** Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Dunning, Angela L. <adunning@cgsh.com>
**Subject:** Kadrey, et al. v. Meta Platforms, Inc. - Request to Meet and Confer Re: Plaintiffs' Discovery Responses

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Counsel,

We ask to meet and confer on Monday (between 10am and 3pm PT) regarding Plaintiff's Responses to Meta's Fourth Set of Interrogatory responses (Nos. 20-25 (mislabeled by certain Plaintiffs as Nos. 1-6, *see, e.g.*, Diaz 11/18 Interrogatory responses)); Responses to Meta's Third Set of Requests for Admission (see list below); and Responses to Meta's Fourth Set of Requests for Production of Documents (Nos. 63, 64, 72, 77-78, 79). Throughout these responses, Plaintiffs have either outright refused to provide an answer or declined to answer and offered to "meet and confer."

Requests for Admission
1. Admit that portions of YOUR book entitled [TITLE] are available to read for free on Google Books.
2. Admit that YOU have not sent notice of objection (including by cease and desist letter or in any other manner of COMMUNICATION) to Google for displaying portions of YOUR ASSERTED WORK(S) for free on Google Books.
3. Admit that YOU have received no compensation in connection with the online, free display of portions of YOUR ASSERTED WORK(S) on Google Books.
4. Admit that YOUR AGENTS have not sent a notice of objection (including by cease and desist letter or in any other manner of COMMUNICATION) to Google for displaying portions of YOUR ASSERTED WORK(S) on Google Books.
5. Admit that YOU are not aware of any documentary evidence of any summary of one or more of YOUR ASSERTED WORK(S), prepared by a META AI LLM, that YOU contend infringes your copyrights in YOUR ASSERTED WORK(S).
6. Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

7. Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

Separately, we received additional document productions this past week from several Plaintiffs (e.g. from Ms. Silverman) and seek to meet and confer with you regarding the untimeliness of this production under the Court's substantial completion deadline and the Court's September 12 Order granting Meta's motion to compel as to various document requests (Dkt. 139).

Please provide your availability on Monday (between 10am and 3pm PT) to discuss.

Thank you,
Colette


**Colette Ghazarian**
Cooley LLP
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 900
Los Angeles, CA  90071-1560
+1 213 561 3222 office
+1 213 561 3244 fax
cghazarian@cooley.com

Pronouns: she, her, hers

www.cooley.com

Cooley is committed to racial justice

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]