# PLAINTIFFS' EXHIBIT B

1  Bryan L. Clobes (pro hac vice)
   Alexander J. Sweatman (pro hac vice)
2  Mohammed A. Rathur (pro hac vice)
   **CAFFERTY CLOBES MERIWETHER**
3  **& SPRENGEL LLP**
   135 South LaSalle Street, Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:    bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
6            mrathur@caffertyclobes.com
   *Counsel for Individual and*
7  *Representative Plaintiffs and the*
   *Proposed Class*

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                           SAN FRANCISCO DIVISION

12 | RICHARD KADREY, SARAH SILVERMAN,        | Case No. 3:23-cv-03417-VC
   | CHRISTOPHER GOLDEN, TA-NEHISI
13 | COATES, JUNOT DÍAZ, ANDREW SEAN         | **PLAINTIFF JUNOT DIAZ'S**
   | GREER, DAVID HENRY HWANG,               | **RESPONSES AND OBJECTIONS TO**
14 | MATTHEW KLAM, LAURA LIPPMAN,            | **DEFENDANT META PLATFORMS,**
   | RACHEL LOUISE SNYDER, JACQUELINE        | **INC.'S THIRD SET OF REQUESTS FOR**
15 | WOODSON, AND LYSA TERKEURST,            | **ADMISSION**
16 |   *Individual and Representative Plaintiffs*,
17 |         v.
18 | META PLATFORMS, INC.;
19 |                          *Defendant.*

20 **PROPOUNDING PARTY:** Defendant Meta Platforms, Inc.

21 **RESPONDING PARTY:** JUNOT DIAZ

22 **SET NUMBER:** Three (3)

23

24

25

26

27                                       1

28

*4 (N.D. Cal. Mar. 20, 2012)). Plaintiff further objects to this Request as an improper use of requests for admissions under Federal Rule 36 because it reflects an attempt by Meta to gather evidence regarding a new topic and non-defendant, rather than an effort to narrow the issues for trial. "The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence." *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose") ( quoting 7 Moore's Federal Practice § 36.02[1]); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18CV11386VSBKHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion. Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION 67:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, and 11. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

32

PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 68:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 68:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject to and without waiver of the foregoing objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements, which speak for themselves.

**REQUEST FOR ADMISSION 69:**

Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 69:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission. Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec.

33

PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC

1  7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit
2  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997
3  WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to
4  infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory
5  committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No.
6  CV223741FLARAOX, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to
7  compel where the Request for Admission was a hypothetical not tied to the facts at issue and an
8  affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v.*
9  *Sandpiper of Cal., Inc.*, No.: 19cv1892-CAB (NLS), 2021 Wl 2038318, at *2 (S.D. Cal. May 21,
10 2021) and *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at
11 *4 (N.D. Cal. Mar. 20, 2012)). Subject to and without waiver of the foregoing objections, Plaintiff
12 admits this Request.

13 **REQUEST FOR ADMISSION 70:**

14 Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED
15 WORK(S) as training data for LLMs.

16 **RESPONSE TO REQUEST NO. 70:**

17 Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Numbers
18 9, 10, 11, 69, and 70. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at
19 *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and
20 duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)
21 and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*
22 *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Subject
23 to and without waiver of the foregoing objections, Plaintiff admits this Request.

24 **REQUEST FOR ADMISSION 71:**

25 Admit that YOUR ASSERTED WORK(S) are published.

26 **RESPONSE TO REQUEST NO. 71:**

27

28

1  Plaintiff admits that Plaintiff's ASSERTED WORKS are published.

2  **REQUEST FOR ADMISSION 72:**

3  Admit that YOUR ASSERTED WORK(S) were published before the acts of purported
4  infringement by Meta alleged in the COMPLAINT.

5  **RESPONSE TO REQUEST NO. 72:**

6  Plaintiff admits that Plaintiff's ASSERTED WORKS were published prior to Meta's infringement
7  as alleged in the operative complaint, and therefore admits this Request.

8  **REQUEST FOR ADMISSION 73:**

9  Admit that not all of the ASSERTED WORK(S) (including those of YOUR co-Plaintiffs) are of
10  the same genre.

11  **RESPONSE TO REQUEST NO. 73:**

12  Plaintiff objects to this Request as vague and ambiguous as to the term "genre," as the term is
13  subject to different interpretations. Subject to and without waiving the foregoing objection,
14  Plaintiff further states that Plaintiff lacks sufficient knowledge or information to respond to this
15  Request regarding the content of the ASSERTED WORKS of any other Plaintiff. Plaintiff therefore
16  lacks sufficient knowledge to either admit or deny this Request.

17  **REQUEST FOR ADMISSION 74:**

18  Admit that you are not aware of any agreements to assign rights in or to YOUR ASSERTED
19  WORK(S) that have not already been produced in this ACTION.

20  **RESPONSE TO REQUEST NO. 74:**

21  Plaintiff objects to this Request as vague and ambiguous as to the phrase "any agreements" and
22  "assign rights in or to." Plaintiff further objects to this Request as compound and ambiguous,
23  because it includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain
24  'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C
25  10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England*
26  *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

27  35
28