December 4, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Magistrate Judge Hixson:

      Plaintiffs in the above-captioned action ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") jointly submit this letter brief regarding Meta's redaction of recently produced documents as attorney-client privileged. The parties met and conferred on December 2, 2024, but were unable to reach a resolution.

I.   **PLAINTIFFS' STATEMENT**

Meta has improperly redacted (and likely withheld) many business-related communications in response to "additional discovery" served since the Court's extension of the discovery deadline. Since Meta served its last set of privilege logs on October 7, it has produced more than 6,500 documents. Yet Meta has not served a new privilege log and refuses to state when it will do so. While Plaintiffs wait for that log, hundreds of new partially redacted documents, to say nothing of documents withheld, demonstrate Meta is abusing privilege. The primary purpose of these redacted documents is business—not legal—communication. Plaintiffs respectfully request that the Court, after *in camera* review, order Meta to produce these communications in full.

The attorney-client privilege is "strictly construed." *E.g.*, *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). "It applies only where necessary to achieve its purpose" and "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The privilege does *not* protect advice from an in-house counsel concerning business matters. *See, e.g., Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *3 (N.D. Cal. Aug. 26, 2011). For communications that "may relate to both legal and business advice, the proponent of the privilege"—here, Meta—"must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019).

Where a document just references legal review, or even communicates legal policies within the context of business recommendations, it is not privileged. *See, e.g., Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 2699971, at *6 (N.D. Cal. Mar. 29, 2023) (rejecting privilege over set of comments in slide deck and within slide deck allegedly reflecting the substance of legal advice); *Stirratt v. Uber Technologies, Inc.*, 2024 WL 1723710, at *4 (N.D. Cal. Apr. 19, 2024) (rejecting privilege over partially redacted spreadsheet that was "prepared by multiple nonlawyer employees as well as in-house and outside counsel."); *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at *4 (N.D. Cal. June 29, 2021) (holding that "[a] businessperson's statement that the company needs to assess legal risk as part of its SWOT analysis is not privileged," and a "slide deck that mentions potential legal risk twice in passing is not how a company asks for legal advice either").

In its productions, Meta warps the "primary purpose" test, applying it to each compartmentalized communication or comment/snippet within lengthy business documents without any regard for the document's overall purpose. Such sentences or partial sentences within lengthy business documents do not reflect entirely discrete "legal advice," let alone to a degree that would alter the primary, business purpose of the rest of the document. Specifically, Meta has improperly redacted portions of documents and communications dealing squarely with business-related issues, like public relations and business partnerships. The entire list of first Bates numbers for these primarily business-related documents that include Meta's redactions is set forth in **Exhibit A**.

Plaintiffs note the following examples of redactions within what appear to be business documents:

- **Meta_Kadrey_00152812**. This message has a redaction under a "Llama 3 Preview" heading. The text leading up to the redaction discusses ███████████████ ██████

- **Meta_Kadrey_00153722**. After a message discussing logistics and availability, an entire message from (non-lawyer) Amanda Kallet is entirely redacted. She followed with another message, which reads ███████████████████████████ The conversation goes on to discuss ███████████████████████████ ███████

- **Meta_Kadrey_00154472**. In this email discussing upcoming model releases, there are redactions under the "commercial restrictions" category. "Commercial" issues are business issues.

- **Meta_Kadrey_00154479**. This document, entitled "6/8 Llama Commercial Release Followup," includes a large portion of redacted text under "Launch Progress Update." The surrounding context discusses release tracking and responsibility artifacts, all business issues.

- **Meta_Kadrey_00154661**. On this chain, a single message from (non-lawyer) Joe Spisak is redacted amidst business conversation about an update on language support for Llama.

- **Meta_Kadrey_00146477**. This status email includes redacted notes for all listed "milestones," not just those labeled "legal" and "risk" (though even those cannot be withheld under the primary purpose test given the business nature of the rest of the email).

- **Meta_Kadrey_00146519**. This message chain includes a redacted message related to anticipated external feedback on a document and discusses integration of Llama with third-party partners.

- **Meta_Kadrey_00146557**. This message redacts part of a discussion of the Meta/Microsoft business partnership announcement and ███████████████████ ██████████████.

- **Meta_Kadrey_00146583**. This message discusses public support for Llama. The message immediately preceding the redacted message reads: ██████████████ ████████████████████████████████████████████████████ ████████████

- **Meta_Kadrey_00153393**. The conversation preceding the redacted language discusses ████████████████████████████████████████████████ The text immediately before one redaction reads ███████████████████████████████████ ██████████████████████████████ Later on the same thread, an entire message from Azadeh Yazdan is redacted in the context of ███████ ████████████

- **Meta_Kadrey_00154729**. This chain discusses licensing, including ███████ ████████████████ Entire messages discussing the need for books for training are redacted.

    Plaintiffs respectfully request that the Court order (1) *in camera* review for all documents Plaintiffs identified as primarily business communications in **Exhibit A**, and (2) that Meta produce those documents without redaction, as well as any other documents redacted or withheld on a similar basis. Plaintiffs remain in the dark as to the corpus of withheld documents because Meta has not served a privilege log for additional discovery and has refused to say when it will do so.

II.    **META'S STATEMENT**

Plaintiffs' purported dispute over Meta's redaction of legal advice that Plaintiffs claim to be business advice is unripe and meritless. The Court should deny relief.

As Plaintiffs acknowledge, Meta has not yet served its privilege log regarding the documents at issue, which is a critical part of assessing Meta's redactions for privilege. To be clear, Meta has not "refuse[d] to state" when it will provide a log. Rather as the parties have done in this case, Meta planned to serve a log after completing its rolling productions of documents. Nevertheless, Meta is expediting a privilege log for the 13 remaining documents in dispute[1] and will provide it on Friday, Dec. 6. Plaintiffs cite no authority requiring Meta to supply incremental logs with each portion of a rolling production. Indeed, that would only slow down the process of producing responsive, non-privileged documents, particularly when Plaintiffs are burdening Meta with filing repetitive discovery motions multiple times a week. The Court thus should deny Plaintiffs' request as unripe pending service of Meta's privilege log on the 13 remaining documents.

In addition to being premature, Plaintiffs' arguments also mischaracterize the privileged redacted portions of the 13 documents based only on unsupported speculation from the non-privileged portions of the documents. Such speculation is not a sufficient factual basis to justify *in camera* review as the request must be justified. *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). The challenger must present a factual basis sufficient to support a reasonable, good faith belief that an *in camera* inspection may reveal evidence that the materials are not privileged. *Id.* at 1075. However, as the Supreme Court has cautioned, a party cannot use a privilege challenge to go on a fishing expedition. *United States v. Zolin*, 491 U.S. 554, 571 (1989) ("There is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." ).

Plaintiffs' complaints are based primarily on the proposition that it is improper for a party to redact privileged legal advice from documents that have both legal and business purposes. Plaintiffs cite no authority supporting this proposition because it is contrary to 9th Circuit precedent, as *United States v. Chevron Corp.* held, the fact "[t]hat the document as a whole addresses predominantly business matters ***does not negate the privilege as to the portion containing requests for legal advice***." 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) (emphasis added). District courts within the Ninth Circuit regularly heed this maxim. *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, No. 19CV02033YGRJCS, 2023 WL 5519304, at *8 (N.D. Cal. Aug. 25, 2023) (permitting redactions of legal advice even though "the remainder of the document involves business advice." ); *see also In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO (VKD), 2024 WL 3381029, at *6 (N.D. Cal. July 10, 2024) (same). Likewise, the cases cited by Plaintiffs acknowledge the propriety of redacting legal advice found within business documents. *See*, *e.g.*, *Stirratt v. Uber Techs., Inc.*, No. 19-CV-06361-RS (DMR), 2024 WL 1723710, at *5 (N.D. Cal. Apr. 19, 2024) (approving redactions in dual-purpose documents where "the primary purpose of the *redacted information* is to give or receive legal advice rather than business advice.") (emphasis added); *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 872 (N.D. Cal. 2019)

---

[1] Meta has re-reviewed the documents and is producing six of the disputed documents as unredacted: Meta_Kadrey_00153722; Meta_Kadrey_00154661; Meta_Kadrey_00146477; Meta_Kadrey_00146519; Meta_Kadrey_00146524; and Meta_Kadrey_00156292.

(finding redactions proper regarding counsel instructions in a document to support on-going licensing negotiations); *Illumina Inc. v. BGI Genomics Co.*, No. 19CV03770WHOTSH, 2021 WL 2662074, at *4 (N.D. Cal. June 29, 2021) (finding proper redactions to an org chart where the "redaction…identifies a specific legal risk"). Plaintiffs' cases are inapposite because Meta only redacts legal advice, not business actions implementing that advice.

Plaintiffs also challenge documents exchanged between Meta employees discussing legal advice. But it is well-established that the attorney-client privilege protects non-attorney communications made "for the purpose of facilitating the rendition of professional legal services." *In re Grand Jury*, 23 F.4th 1088, 1092–93 (9th Cir. 2021). "Courts in the Ninth Circuit have determined that 'the attorney-client privilege is not lost where non-attorney employees (i.e., the client) engage in communications primarily for the purposes of transmitting information to legal counsel so they may provide legal advice or disseminating information from legal counsel to the employees of the corporation.'" *PUMA SE v. Brooks Sports, Inc*., No. 2:23-CV-00116-LK, 2024 WL 4476767, at *3 (W.D. Wash. Oct. 11, 2024). This includes the transmission of legal advice "between non-attorneys so that the corporation may be properly informed of legal advice and act appropriately." *Stevens*, No. 14CV1158 BAS (JLB), at *7.

Meta's redactions of privileged legal advice from documents that also address business matters adhere to this precedent, as do Meta's redactions of legal advice from discussions between non-attorney clients about that advice - all are plainly proper, as detailed further below:

1. **Meta_Kadrey_00152812.** The redactions protect legal advice from Meta's in-house counsel on legal risks relating to allowing certain business partners access to Llama 3.
2. **Meta_Kadrey_00154472**. The redacted portion protects direct questions regarding commercial legal issues addressed to attorney, Beau James, who is a recipient of the email.
3. **Meta_Kadrey_00154479.** The redacted portion protects legal advice from Meta's in-house counsel regarding privacy and content standards risks for the LLaMa commercial release.
4. **Meta_Kadrey_00146557**. The single redaction protects a description of legal advice received from Meta's in-house legal team on the legal risks of open sourcing the model.
5. **Meta_Kadrey_00146583.** The redacted portion of this message protects legal advice about litigation risks from attorney Jennifer Newstead.
6. **Meta_Kadrey_00153393.** The first redaction protects the Meta employee's understanding of legal advice she received from Meta's in-house legal team and a clarifying question she intends to take back to them. The second redaction reflects the response from the legal team. The third redaction reflects related legal advice provided by Meta's in-house legal team to the other employee on the chain regarding legal risks of using third-party APIs.
7. **Meta_Kadrey_00154729.** The redacted portions protect legal advice provided by Ahuva Goldstand, Associate General Counsel of AI, to two Meta employees regarding licensing.
8. **Meta_Kadrey_00146534.** The redacted portion protects legal advice from Meta's in-house counsel about pending litigation and related risks.
9. **Meta_Kadrey_00152994.** The redacted portion protects legal advice from Meta's in-house counsel on legal risks relating to allowing certain business partners access to Llama 3.
10. **Meta_Kadrey_00153799.** The redactions protect a question posed to Meta's litigation counsel regarding legal risks with third party communications due to pending litigation.

4

11.     **Meta_Kadrey_00155464.** The redactions protect specific legal advice received by the Meta employee from Meta's in-house counsel regarding training datasets.

12.     **Meta_Kadrey_00155715.** The redactions protect a description of legal advice received by the Meta employee from Meta's in-house counsel that he discusses raising in a follow-up question to attorney, Jennifer Newstead.

13.     **Meta_Kadrey_00156178.** The redactions protect a summary of a conversation in which questions were prepared for Meta's in-house counsel to provide legal advice on a partnership proposal with a third party.

Because Plaintiffs' arguments are based on "unsupported speculation" regarding information surrounding the redactions, they are insufficient to warrant in camera review. *Yphantides v. County of San Diego*, 2022 WL 3362271, at *10 (S.D. Cal. Aug. 15, 2022) (holding that "unsupported speculation" "does not provide a basis to require Defendant to provide" certain information). Under Plaintiffs' view, *in camera* review would be required for all redactions, because a party can always speculate that the redactions is to business advice, not legal advice. That is not the law. Because Meta's carefully tailored redactions to protect legal advice are proper and lack any contrary factual basis, Plaintiffs' motion should be denied.

### III.     PLAINTIFFS' REPLY

While portions of business documents *can* be redacted in limited circumstances, the burden falls on Meta. *See United States v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) (noting the client must "demonstrate to the court that . . . privilege applies to segregable portions" of the documents). *In camera* review is Meta's chance to substantiate partial privilege; otherwise, these business documents should be produced to Plaintiffs outright. This is particularly true because many of the challenged documents appear to have been circulated broadly within Meta.[2] "The attorney-client privilege does not attach . . . to documents which were prepared for simultaneous review by both legal and nonlegal personnel." *Id.*; *see also Epic Games, Inc. v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024) (Hixson, J.) ("[p]rivilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance."). More generally, this is not an instance where Plaintiffs regurgitated "unsupported speculation" about redacted documents to force *in camera* review. Plaintiffs carefully reviewed Meta's recent productions and challenged the most questionable of many redacted documents. The proof is already evident—Meta now agrees to produce six of Plaintiffs' 19 challenged documents that were initially identified with questionable redactions. *See* n.1. In light of this, the Court should *at least* perform *in camera* review of the remaining 13 documents.

After prior allegations of time-barring, Meta now alleges that Plaintiffs raised this privilege dispute *too early* because Meta has not served its privilege logs (it apparently will do so by Friday). This is the first time Meta has offered a date by which it will serve privilege logs for "additional discovery." Plaintiffs repeatedly asked Meta for such a date; unfortunately, writing a letter brief has often become the necessary predicate for Plaintiffs to receive such answers. Plaintiffs have also been penalized before for waiting to raise privilege disputes, *see* Dkt. Nos. 279 & 285. Consequently, Plaintiffs are now raising these disputes "sooner rather than later." Dkt. No. 211.

---

[2] At least one document that Meta alleges was sent to an attorney (#2) has no indication of this on its face.

By:  /s/ *Bobby Ghajar*

Bobby A. Ghajar
Colette A. Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email: bghajar@cooley.com
           cghazarian@cooley.com

Mark R. Weinstein
Elizabeth L. Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
Email: mweinstein@cooley.com
           lstameshkin@cooley.com

Kathleen R. Hartnett
Judd D. Lauter
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2071
Facsimile:  (415) 693-2222
Email: khartnett@cooley.com
           jlauter@cooley.com

Phillip Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile:  (202) 842-7899
Email: pmorton@cooley.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4121

By:  /s/ *Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com
jischiller@bsfllp.com

*Interim Lead Counsel for Plaintiffs*

Facsimile:  (650) 849-7400
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 4, 2024                              BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt
Reed Forbush
Jay Schuffenhauer

*Attorneys for Plaintiffs*