COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT'S SUPPORT FOR ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 301]** |

Pursuant to Civil Local Rule 79-5(f), Defendant Meta Platforms, Inc. ("Meta") respectfully supports Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 301).

Meta requests to seal the following documents in order to protect Meta's confidential business information:

| Document | Sealing Request |
|---|---|
| Plaintiffs' Notice of Motion and Motion for Leave to Amend Consolidated Complaint ("Motion") (Dkt. 300) | • Redacted Portions in Exhibit A to Declaration of Nikki Vo ("Vo Declaration) |
| Exhibit 1 to the Declaration of Joshua M. Stein ("Stein Declaration") (Dkt. 300-2) | • Entire document |
| Exhibit 2 to Stein Declaration (Dkt. 300-3) | • Entire document |
| Exhibit 3 to Stein Declaration (Dkt. 300-4) | • Entire document |
| Exhibit 5 to Stein Declaration (Dkt. 300-6) | • Entire document |
| Exhibit 6 to Stein Declaration (Dkt. 300-7) | • Entire document |
| Exhibit 7 to Stein Declaration (Dkt. 300-8) | • Entire document |
| Exhibit 8 to Stein Declaration (Dkt. 300-9) | • Entire document |
| Exhibit 9 to Stein Declaration (Dkt. 300-10) | • Entire document |
| Appendix A to Stein Declaration (Dkt. 300-11) | • Redacted portions in Exhibit B to Vo Declaration |
| Appendix B to Stein Declaration (Dkt. 300-12) | • Redacted portions in Exhibit C to Vo Declaration |

I.   **LEGAL ARGUMENT**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (19787).  The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016).  For non-dispositive motions, such as Plaintiffs' Motion to Amend Case Management Schedule (Dkt.

1  193), the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

The Exhibits to the Stein Declaration consist of highly confidential internal discussions among Meta employees, deposition testimony by Meta's employees, and internal business documents concerning Meta's processes in developing its generative AI offerings. Many of the documents contain detailed technical information and trade secret information. The redacted portions of Plaintiffs' Motion and Appendices A and B to the Stein Declaration – which consist of Plaintiffs' proposed Third Amended Consolidated Complaint and a redline of that complaint against the operative complaint in this case – reflect, refer to, and discuss the information contained in these documents.

As this information is highly confidential, Meta must request sealing of the documents and redaction portions listed above. Meta takes steps to carefully protect the confidentiality of information of this sort because the disclosure of such information has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information sealable). To the extent the materials Meta seeks to seal include non-confidential background information, sealing of such information within the context of Plaintiffs' Motion and proposed amended complaint is necessary to maintain the confidentiality of Meta's protected information, as the discussion necessarily implies conduct by Meta which is highly sensitive, non-public, and which Meta has taken steps to keep confidential. Accordingly, this sealing request is critical to protecting Meta's confidential sensitive technical and competitive information.

The specific basis for sealing these materials is outlined in the accompanying declaration of Meta's Director and Associate General Counsel, Nikki Vo. As outlined in Ms. Vo's declaration, disclosure of the protected information contained in these materials would work competitive harm to Meta if this information is publicly disclosed. The Parties' sealing requests and proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Vo's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents).

## II.  CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court grant Plaintiffs' Motion to Consider Whether Another Party's Material Should Be Sealed.

Dated: December 4, 2024                                      COOLEY LLP

By: /s/Colette Ghazarian
Bobby Ghajar
Philip Morton
Mark Weinstein
Kathleen Hartnett
Matthew Brigham
Judd Lauter
Liz Stameshkin
Colette Ghazarian
Juan Pablo Gonzalez
Cole Poppell

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:     (646) 898-2055

311546259