# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br> Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **DECLARATION OF NIKKI K. VO IN SUPPORT OF DEFENDANT'S SUPPORT FOR ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, Nikki K. Vo, hereby declare:

1. I am a Director and Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta"). I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would testify competently thereto.

2. I make this declaration in support of Defendant's Support for Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion"). The Motion seeks to have the following documents entirely or partially sealed:

| Document | Sealing Request |
| --- | --- |
| Plaintiffs' Notice of Motion and Motion for Leave to Amend Consolidated Complaint ("Motion") (Dkt. 300) | • Redacted Portions in Exhibit A, attached to this declaration |
| Exhibit 1 to the Declaration of Joshua M. Stein ("Stein Declaration") (Dkt. 300-2) | • Entire document |
| Exhibit 2 to Stein Declaration (Dkt. 300-3) | • Entire document |
| Exhibit 3 to Stein Declaration (Dkt. 300-4) | • Entire document |
| Exhibit 5 to Stein Declaration (Dkt. 300-6) | • Entire document |
| Exhibit 6 to Stein Declaration (Dkt. 300-7) | • Entire document |
| Exhibit 7 to Stein Declaration (Dkt. 300-8) | • Entire document |
| Exhibit 8 to Stein Declaration (Dkt. 300-9) | • Entire document |
| Exhibit 9 to Stein Declaration (Dkt. 300-10) | • Entire document |
| Appendix A to Stein Declaration (Dkt. 300-11 | • Redacted portions in Exhibit B, attached to this declaration |
| Appendix B to Stein Declaration (Dkt. 300-12) | • Redacted portions in Exhibit C, attached to this declaration |

3. Exhibit 1 to the Stein Declaration is a highly sensitive, internal communication between Meta employees discussing the use of various datasets to train Meta's generative AI models. The discussion includes technical details regarding Meta's processes in developing its AI

1   models. The document was designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 90). Public disclosure of the information in this document exposes Meta to the risk of competitive harm.

4.  Exhibit 2 to the Stein Declaration is a compilation of highly sensitive comments made by Meta employees on a confidential internal document concerning datasets used to train Meta's generative AI models. The comments reflect Meta's internal decision-making as to development of its AI models and include technical details regarding Meta's processes in developing those models. The document was designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. Public disclosure of the information in this document exposes Meta to the risk of competitive harm.

5.  Exhibit 3 to the Stein Declaration is an excerpt of the transcript of the deposition of Meta employee Todor Mihaylov, which has been designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. The excerpt includes discussion of Meta's highly sensitive internal processes for training its generative AI models and refers to a document produced by Meta reflecting the same, which was also designated "Highly Confidential – Source Code" under the Stipulated Protective Order. Public disclosure of the information in this excerpt exposes Meta to the risk of competitive harm.

6.  Exhibit 5 to the Stein Declaration is an excerpt of the transcript of the deposition of Meta employee Michael Patrick Clark, which has been designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. The excerpt includes discussion of Meta's confidential processes in obtaining data to train its generative AI models and technical measures implemented in using that data. The excerpted discussion also references and directly quotes from a document produced by Meta designated "Highly Confidential – Attorneys' Eyes Only." Public disclosure of the information in this excerpt exposes Meta to the risk of competitive harm.

7.  Exhibit 6 to the Stein Declaration is an excerpt of the transcript of the deposition of Meta employee Michael Patrick Clark, which has been designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. The excerpt includes discussion of

1  a dataset and technology used by Meta in the development of its generative AI models, which is
2  confidential and has not been disclosed to the public. Sealing of the background discussion of these
3  topics is necessary to protect the confidentiality of Meta's sensitive business information, as the
4  discussion when taken in context, necessarily implies Meta's involvement.

5  8. Exhibit 7 to the Stein Declaration is a highly sensitive internal document with detailed technical discussion concerning one of the datasets used to train Meta's generative AI models, including discussion of its implementation and use in developing those models. The document was designated "Highly Confidential – Attorneys Eyes Only" under the Stipulated Protective Order. Public disclosure of the information in this document exposes Meta to the risk of competitive harm.

9. Exhibit 8 to the Stein Declaration is a confidential communication between Meta employees concerning, among other things, non-public techniques for data processing, training datamix strategy, and positioning relative to competitors. This document was produced by Meta and marked "Highly Confidential – Attorneys' Eyes Only." Public disclosure of the information in this document exposes Meta to the risk of competitive harm.

10. Exhibit 9 to the Stein Declaration is an internal communication concerning Meta's highly sensitive methods and processes for obtaining data for use in training its generative AI models. The document was designated "Highly Confidential – Attorneys Eyes Only" under the Stipulated Protective Order. Public disclosure of the information in this document exposes Meta to the risk of competitive harm.

11. The redacted portions of Plaintiffs' Motion and Appendices A and B to the Stein Declaration – which consist of Plaintiffs' proposed Third Amended Consolidated Complaint and a redline of that complaint against the operative complaint in this case – reflect, refer to, and discuss the information contained in the highly confidential documents above. To the extent portions of the materials Meta seeks to seal include non-confidential background information, sealing of such information within the context of Plaintiffs' Motion and proposed amended complaint is necessary to maintain the confidentiality of Meta's protected information, as the discussion necessarily implies conduct by Meta which is highly sensitive, non-public, and which Meta has taken steps to

keep confidential. As such, public disclosure of the information in those redacted portions exposes Meta to the risk of competitive harm.

12. Public disclosure of the information contained in the above-referenced exhibit exposes Meta to the risk of competitive harm by revealing Meta's non-public trade secret information and technical data pertaining to the development of its generative AI offerings. For this reason, Meta takes steps to carefully protect the confidentiality of this sort of information

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed in Oakland, California on this 4th day of December, 2024.

_____
Nikki K. Vo

311546300