December 9, 2024

*E-Filed*

The Honorable Thomas S. Hixson
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey, et al. v. Meta Platforms, Inc.*; Case No. 23-cv-3417-VC (TSH)

Dear Judge Hixson:

Plaintiffs submit this supplement to the parties' joint letter brief filed 12/4 at Dkt. No. 309.

Meta argued that Plaintiffs' privilege challenges were "unripe" because Meta had not yet served a corresponding privilege log. Meta also represented it would "expedite" and serve its log on December 6. As it turns out, Plaintiffs were right not to wait for Meta. The 12/6 Log contains just ████████████████████████████████████████████████████████████. *See* **Attach. A**. Yet since early October, Meta has produced more than 200 redacted documents and has withheld an unknown number. Plaintiffs apparently will receive Meta's *full* privilege log right at the discovery cut-off.

Meta's paltry 12/6 Log confirms that Meta cannot establish attorney-client privilege over any of the 13 challenged documents (████████████████████████████████████████): they are business documents with improper redactions. ████████████████████████████████████████
████████████ Meta's inability to identify an actual attorney (even once it *already knew* Plaintiffs were challenging these documents) further demonstrates Meta cannot satisfy its burden. This Court can—and, respectfully, should—order Meta to produce these documents in full, without the need to conduct *in camera* review. *See, e.g., Epic Games, Inc. v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024) (Hixson, J.) ("Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance.").

Further, the 12/6 Log is rife with vague descriptions like ████████████████████
████████ Based on the context and lack of attorney involvement, the redactions likely reflect Meta businesspeople who merely reference copyright issues and/or tag counsel. That is not *legal advice* and is nowhere near enough to substantiate privilege, *see Epic Games*, 2024 WL 4947269, at *1 ("A business analysis of ways to comply with a legal requirement is not privileged"), let alone sufficient to satisfy the "primary purpose" doctrine even if there were any legal advice or request.

The inadequacy of Meta's 12/6 Log warrants outright production of these 14 documents and an admonition to apply the Court's order across the other documents Meta has similarly redacted and withheld improperly. Plaintiffs do not oppose *in camera* review if the Court prefers.

/s/ *Maxwell V. Pritt*
Maxwell V. Pritt
Boies Schiller Flexner LLP
*Interim Lead Counsel for Plaintiffs*