COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:     (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**JOINT STATUS REPORT PER ECF NO. 231** |

Pursuant to the Court's Order, ECF No. 231, the parties respectfully submit this status report.

**Meta's witnesses**

| Deponent | Relevant Date |
|---|---|
| *Depositions Taken or Disputed* | |
| 1. Melanie Kambadur | Completed |
| 2. Ahmad Al-Dahle | Completed |
| 3. Eleonora Presani | Completed |
| 4. Todor Mihaylov | Completed |
| 5. Chaya Nayak | Completed |
| 6. Joelle Pineau | Completed |
| 7. Sergey Edunov | Completed |
| 8. Amanda Kallet | Completed |
| 9. Angela Fan | Completed |
| 10. Alex Boesenberg | Completed |
| 11. Mike Clark | Completed 30(b)(1); 30(b)(6), *see* Row 26 below |
| 12. Yann LeCun | Completed |
| 13. Amrish Acharya | Completed (30(b)(1) and 30(b)(6)) |
| 14. Chris Cox | Completed |
| 15. Logan Kerr | Completed |
| 16. Hugo Touvron | Completed |
| 17. Sy Choudhury | 30(b)(6), *see* Row 26 below<br><br>**Plaintiffs' Position re 30(b)(1):** Plaintiffs seek an additional hour of 30(b)(1) testimony from Mr. Choudhury due to an improper document clawback and improper privilege assertions in his deposition held on December 4. Plaintiffs submitted their portion of a letter brief on this topic to Meta at 3 p.m. on Monday, Dec. 9. Meta has stated it will not abide by the parties' previously-agreed schedule to provide its responsive portion of that letter brief by noon on Wed., Dec. 11, which would enable filing with the Court that night. Meta's proposed alternative schedule unilaterally gives them an additional day to respond (on Thurs, Dec. 12). The discovery cut-off is Friday, Dec. 13. Filing on Thurs. night will leave only one day for the Court to review the issues and will leave no time for the relief Plaintiffs seek. Plaintiffs respectfully request the Court to order Meta to abide by the parties' previously-agreed schedule (with response and filing |

by Wed. night) or to order Meta to respond by today to enable filing by tonight.

As to Meta's point regarding the agreement between the parties on briefing, Plaintiffs attach correspondence (see Ex. A) between the parties outlining the structure for briefing that Meta itself proposed and that the parties have adhered to to raise both sides' disputes. For Meta to now claim there is no such understanding puts at risk a mechanism for joint briefing that has worked well in this case. Plaintiffs respectfully submit that Meta (and its multiple outside counsel law firms) have the resources to continue operating under this scheduling in order to prevent undue delay, particularly given the need to complete depositions by this Friday absent Judge Chhabria's agreement to extend the deadline for any depositions.

**Meta's Position re 30(b)(1):** This joint report is supposed to be about deposition scheduling, not Plaintiffs' views on discovery disputes that are not yet ripe for the Court. It is not proper for Plaintiffs to use this report to present an incomplete view of a dispute and try to force Meta into an unreasonable briefing schedule.

First, Plaintiffs repeatedly cite an alleged "agreement" regarding the timing of letter briefs. There is no such universal agreement or stipulation between the parties applicable to all discovery motions. In the past, Meta has accommodated Plaintiffs' desire for 2-3 day turnarounds on isolated discovery motions. Here, Meta has no interest in delaying any issues, and will respond, but it needs time to investigate and respond to Plaintiffs' dispute regarding the clawback of a privileged document and their request for additional deposition time with Mr. Choudhury. Meta told Plaintiffs (twice) that it could not do so in less than 48 hours – instead indicating it would work with Plaintiffs to file this brief, among others, by Thursday. Plaintiffs categorically refused.

For context, this week, Meta will be responding to at least three discovery dispute briefs, opposing Plaintiffs' untimely, surprise motion to amend the complaint, and preparing for and attending multiple double tracked depositions, see above and below, among other discovery tasks in view of Friday's close of discovery. Given the allegations in Plaintiffs' letter briefing, Meta needs sufficient time to investigate and respond to Plaintiffs' assertions.

As Meta has already told Plaintiffs, it will provide its response to this letter brief by Thursday, with the expectation that the parties will file the letter brief that day. That Plaintiffs "need" to file the brief on Wednesday is belied by Plaintiffs' own conduct and the notion that they expect the Court to issue rulings on multiple motions with a day or two notice. If Plaintiffs wanted review of these issues earlier, Plaintiffs should have provided their portion of the letter brief immediately after Mr. Choudhury's deposition, rather than waiting 5 days and demanding Meta's response on that motion – and two others – in less than 48 hours.

| | |
|---|---|
| | At 4:25pm PT, nearly 4.5 hours after this joint status report was due, Plaintiffs provided more revisions and attached Exhibit A, which is lengthy correspondence regarding some of plaintiffs' discovery motions from November and the parties' negotiation of a schedule for briefing *those* disputes. Meta objects to Plaintiffs delaying this joint deposition status report to turn it into a brief about timing of discovery briefing that is largely unrelated to depositions. The correspondence demonstrates that Meta negotiated a schedule in late November for completion of *that* set of briefing. Meta has repeatedly made it clear that there is no agreement obligating a party to respond to any discovery motion in two days. Recent correspondence corroborates Meta's position. If the Court is interested in reviewing the correspondence about the pending discovery disputes or emails about briefing schedules, Meta is willing to submit them for the Court's review. But Meta has chosen not to do so here out of respect for the Court's time and to ensure this status report is not delayed any further. |
| 18. Thomas Scialom | Completed |
| 19. Nikolay Basklykov | Completed 30(b)(1); 30(b)(6), *see* Row 26 below |
| 20. Eugene Nho | Completed (30(b)(1) and 30(b)(6)) |
| *Depositions Scheduled and 30(b)(6) Status* | |
| 21. Sean Bell | Dec. 11 |
| 22. Steven Roller | Originally scheduled for Dec. 11, but due to illness of witness, parties agreed to reschedule for Dec. 18. Meta will draft and the parties will submit a stipulation to Judge Chhabria requesting permission to take the deposition out of time. |
| 23. Arun Rao | Dec. 13 |
| 24. David Esiobu | Dec. 13 |
| 25. Mark Zuckerberg | Dec. 17 (*see* ECF No. 277) |
| 26. Meta's 30(b)(6) Deposition | Except as noted, Meta has offered its 30(b)(6) designees for deposition on the same date as their respective 30(b)(1) depositions.<br><br>**Plaintiffs' Position:** Plaintiffs seek three hours of 30(b)(6) testimony of an adequately prepared witness on specific methods Meta employed to acquire and also distribute copyrighted text data, including the alleged manner of download,* during which Meta should be required to make available to both the witness and Plaintiffs computers with identical source code/data and tools so they can use them in connection with the deposition.<br><br>Meta did not provide any witness sufficiently prepared to testify concerning Meta's employment of those methods, even though it had stated on the record during Mr. Clark's deposition (who should have been prepared) that Mr. Bashlykov would be prepared to testify about them. Mr. Choudhury was also supposed to be prepared to discuss the same but was not. |

| | Plaintiffs submitted their portion of a letter brief on this issue to Meta at 3 p.m. on Monday, Dec. 9. Meta has stated it will not abide by the parties' previously-agreed schedule to provide its responsive portion of that letter brief by noon on Wed., Dec. 11, which would enable filing with the Court that night. *See* Row 17, *supra*. Meta's proposed alternative schedule unilaterally gives them an additional day to respond (on Thurs, Dec. 12). The discovery cut-off is Friday, Dec. 13. Filing on Thurs. night will leave only one day for the Court to review the issues and will leave no time for the relief Plaintiffs seek. Plaintiffs respectfully request the Court to order Meta to abide by the parties' previously-agreed schedule (with response and filing by Wed. night) or to order Meta to respond by today to enable filing by tonight.<br><br>Plaintiffs also seek three additional hours of Rule 30(b)(6) testimony in connection with Meta's withholding of documents concerning its efforts, euphemistically dubbed "mitigation," to mask its copyright infringement in training Llama under the guides of attorney-client privilege. "Mitigation" efforts and communications about it primarily serve a business purpose (not a legal one) and cannot be concealed by privilege. Further, Meta cannot cite mitigation as a central to its fair use defense while withholding evidence of it as privileged. That is a classic sword-and-shield issue. Plaintiffs served its part of the letter brief on this issue today at 3pm pacific and intend to file the letter brief on Thursday after receiving Meta's response by noon pacific on Thursday, unless the Court shortens the time for this brief to be filed.<br><br>Meta mentions the lack of a "lead counsel" meet and confer, but neglects to mention that the parties discussed the underlying issue and reached an impasse at the deposition itself, without Meta lodging any objection related to the presence of lead counsel or seeking additional conference at any time after the parties' meet and confer. Moreover, Meta fails to mention that Plaintiffs notified Meta at the deposition and in writing afterward that their portion of a related brief would come Monday for response due Wednesday. Meta failed to seek an additional day until after it received that portion.<br><br>*Meta's 30(b)(6) witness testified under oath as to the method of downloading and uploading, but Meta has stated that the specifics must be kept under seal. In order to offer this status report to the Court promptly, Plaintiffs do not state the specific method here.<br><br>**Meta's Position:** Again, this joint report is supposed to be about deposition scheduling, not Plaintiffs' views on discovery disputes that are not yet ripe for the Court. As Meta's forthcoming response will show, Meta's witnesses were prepared to discuss the designated topics as Meta proposed and/or the Court allowed. That Plaintiffs chose not to focus their limited time on the |

|  | |
|---|---|
|  | designated topics was their choice and should not be rewarded for wasting their 30(b)(6) time. |
|  | As discussed above for the dispute with Mr. Choudhury's deposition, without any lead counsel meet and confer, the Plaintiffs' portion of this letter brief was served on Meta Monday afternoon.  Meta needs sufficient time to investigate, review multiple deposition transcripts, and respond to Plaintiffs' allegations.  Thus, , Meta proposed providing its portion of the letter brief by Thursday – not the less than 48 hours demanded by Plaintiffs.  This would allow Plaintiffs plenty of time to get the dispute on file this week ahead of the discovery motion deadline. |
|  | At 2:30 pm PT, 2.5 hours after this status report was due, Plaintiffs added the above paragraph regarding yet another letter brief they intend to file on deposition testimony and privilege related to "mitigation" issues.  The issues being raised by Plaintiffs address important issues of attorney-client privilege and cannot be dealt with on an abbreviated schedule.  Meta has not had an opportunity to assess the scope of the letter brief arguments that Plaintiffs will serve later today, but will work with Plaintiffs to get the letter brief filed well ahead of the December 20 deadline. |

**Plaintiffs' witnesses**

| Deponent | Relevant Date |
|---|---|
| *Depositions Taken* | |
| 1.  David Henry Hwang | Completed |
| 2.  Christopher Golden | Completed |
| 3.  Laura Lippman | Completed |
| 4.  Lysa TerKeurst | Completed |
| 5.  Andrew Greer | Completed |
| 6.  Richard Kadrey | Completed |
| 7.  Jacqueline Woodson | Completed |
| 8.  Sarah Silverman | Completed |
| 9.  Junot Díaz | Completed |
| 10. Ta-Nehisi Coates | Completed |
| 11. Christopher Farnsworth | Completed |
| *Depositions Scheduled* | |
| 12.  Matthew Klam | Dec. 10 |
| 13. Rachel Louise Snyder | Dec. 11 |
| 14. Daniel Sterling | Dec. 13 |

Dated: December 10, 2024

| | |
|---|---|
| By: */S/Phillip Morton* <br> Bobby A. Ghajar <br> Colette A. Ghazarian <br> **COOLEY LLP** <br> 1333 2nd Street, Suite 400 <br> Santa Monica, CA 90401 <br> Telephone: (310) 883-6400 <br> Facsimile:  (310) 883-6500 <br> Email:  bghajar@cooley.com <br>           cghazarian@cooley.com <br><br> Mark R. Weinstein <br> Elizabeth L. Stameshkin <br> Juan Pablo Gonzalez <br> **COOLEY LLP** <br> 3175 Hanover Street <br> Palo Alto, CA 94304 <br> Telephone: (650) 843-5000 <br> Facsimile:  (650) 849-7400 <br> Email:  mweinstein@cooley.com <br>           lstameshkin@cooley.com <br><br> Kathleen R. Hartnett <br> Judd D. Lauter <br> **COOLEY LLP** <br> 3 Embarcadero Center, 20th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 693-2071 <br> Facsimile:  (415) 693-2222 <br> Email:  khartnett@cooley.com <br>           jlauter@cooley.com <br><br> Phillip Morton <br> Cole A. Poppell <br> **COOLEY LLP** <br> 1299 Pennsylvania Avenue, NW, Suite 700 <br> Washington, DC 20004 <br> Telephone: (202) 842-7800 <br> Facsimile: (202) 842-7899 <br> Email:  pmorton@cooley.com | By:    */S/Joshua M Stein* <br> **BOIES SCHILLER FLEXNER LLP** <br> David Boies (*pro hac vice*) <br> 333 Main Street <br> Armonk, NY 10504 <br> (914) 749-8200 <br> dboies@bsfllp.com <br><br> Maxwell V. Pritt (SBN 253155) <br> Joshua I. Schiller (SBN 330653) <br> Joshua M. Stein (SBN 298856) <br> 44 Montgomery Street, 41st Floor <br> San Francisco, CA 94104 <br> (415) 293-6800 <br> mpritt@bsfllp.com <br> jischiller@bsfllp.com <br> jstein@bsfllp.com <br><br> Jesse Panuccio (*pro hac vice*) <br> 1401 New York Ave, NW <br> Washington, DC 20005 <br> (202) 237-2727 <br> jpanuccio@bsfllp.com <br><br> David L. Simons (*pro hac vice*) <br> 55 Hudson Yards, 20th Floor <br> New York, NY 10001 <br> (914) 749-8200 <br> dsimons@bsfllp.com <br><br> *Attorneys for Plaintiffs* |

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4121
Facsimile:  (650) 849-7400
Email:  adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Phillip Morton, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of December, 2024, at Washington DC

By:     */S/Phillip Morton*