December 10, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Magistrate Judge Hixson:

    Yesterday, Plaintiffs filed an unauthorized "supplemental" brief (Dkt. 319) relating to the parties' joint letter brief regarding redactions (Dkt. 309). Because that brief is procedurally improper, unpermitted, and unilateral, Defendant Meta Platforms, Inc. ("Meta") requests leave to file the attached brief and declaration in response thereto. *See* **Exhibit A**.

    Sincerely,

Teresa Michaud
Bobby Ghajar
Kathleen Hartnett
Phillip Morton
COOLEY LLP,
Attorneys for Meta Platforms, Inc.

# EXHIBIT A

December 10, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:  *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Magistrate Judge Hixson:

      This letter is submitted pursuant to Defendant Meta Platforms, Inc.'s ("Meta") request for leave to respond to Plaintiffs' "supplemental" brief (Dkt. 319) regarding the parties' joint letter brief regarding privilege redactions (Dkt. 309). Plaintiffs' "supplement" should be stricken as it violates the Court's procedures for presenting discovery disputes and was filed without leave of Court. Plaintiffs also failed to confer with Meta regarding their alleged complaints about Meta's recently served privilege log before filing their unilateral "supplement." Because Plaintiffs have again violated the Court's procedures (*see* Dkt. 279), their brief should be rejected for that reason alone.

      More troubling, Plaintiffs' "supplement" also misrepresents the facts. On December 4, 2024, Meta committed to providing Plaintiffs a privilege log by December 6, 2024 regarding the 13 documents challenged in the parties' joint statement (Dkt. 309). Meta kept that promise. And, as Meta has repeatedly explained to Plaintiffs, it is preparing privilege logs for its recent and ongoing discovery productions, and it will provide those by the discovery cutoff. This process is not automated and requires multiple levels of document-by-document review, including to redact documents where possible rather than withhold them completely.

      Although Plaintiffs criticize Meta's privilege log, it is notable that only one of the 13 Plaintiffs (Mr. Farnsworth) has even provided an updated privilege log relating to the recent productions. And Plaintiffs' own privilege logs do not satisfy the legally unsupported and unreasonably high standard they advocate for Meta. *See Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 121 (E.D. Mich. 2019) (A party's "complaint that [the opposing party's] privilege log does not give it sufficient information to assess the claimed privilege rings hollow when its own log is identical."). Plaintiffs' descriptions provide far less detail than Meta's, and for the eight Plaintiffs represented by Cafferty Clobes, the descriptions were copied *verbatim* across nearly all entries. *See, e.g.*, Declaration of T. Michaud, ¶¶ 4-11, Ex. 1 (Joseph Saveri Law Firm privilege log), Ex. 2 (Cafferty Clobes privilege log).

Regardless, Meta has more than met its burden of satisfying Rule 26(b)(5) to "expressly make" a claim of privilege and to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A) (emphasis added); *see Robinson v. Chefs' Warehouse*, No. 3:15-cv-05421-RS (KAW), 2017 WL 2895915, at *3 (N.D. Cal. July 7, 2017) ("A party does not have to provide a description of the subject matter of each document to meet its burden."). Meta has provided similar descriptions in privilege logs that were previously challenged and upheld as sufficient. *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO (VKD), 2024 WL 3381029, at *6 (N.D. Cal. July 10, 2024).

Plaintiffs' complaint about Meta's lack of attorneys' identification is unfounded. Meta has repeatedly explained that "Legal Source" refers to the attorney(s) who provided legal advice or were asked to provide legal advice on the documents listed in the privilege log. Where the attorneys were identifiable by name from the face of the document or its metadata, the individual names were provided, and where Meta's in-house legal team was referenced in the document only by identifiers like "Legal" or "our attorneys," Meta used the identifier "MPI In-House Legal Counsel." Plaintiffs' demand that Meta identify attorneys by name for each reference to "Legal" would require Meta to conduct a separate investigation into each of these documents—an effort that would be entirely disproportionate to the needs of this case and inconsistent with the case schedule. Courts that have considered privilege assertions by entities with large in-house legal teams, as here, have found the privilege log sufficient where it identified the client's in-house legal team as the attorney(s). *See Washtenaw Cnty. Emps.' Ret. Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *5 (N.D. Ill. July 14, 2020) ("the fact that these attorneys are not identified specifically does not defeat the privilege claim or trigger *in camera* review").

Finally, even if Meta's descriptions were insufficient—and they are not—the appropriate remedy would be for Meta to conduct any necessary investigation and amend its privilege log, not *in camera* review or rejection of privilege.

Plaintiffs' "supplement" should be stricken, and their requested relief should be denied in its entirety.

Sincerely,


/s/*Teresa Michaud*
Teresa Michaud
Bobby Ghajar
Kathleen Hartnett
Phillip Morton
COOLEY LLP,
Attorneys for Meta Platforms, Inc.