December 12, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Judge Hixson:

      Plaintiffs and Defendant Meta Platforms, Inc. ("Meta") jointly submit this letter brief regarding Plaintiffs' argument that Meta waived privilege over documents related to its copyright mitigation efforts for the Llama models. The parties conferred on December 10, but were unable to reach a resolution.

I.  **PLAINTIFFS' STATEMENT**

Meta has improperly redacted dozens of documents concerning its efforts to mask the copyright infringement at issue in this case.[1] Its lawyers have also instructed its witnesses to refuse to answer questions about those efforts during depositions. Yet Meta frequently cites those efforts, euphemistically dubbed "mitigation," whenever it believes it's advantageous to do so in this case.

Meta is abusing attorney-client privilege. To start, "mitigation" efforts and communications about it primarily serve a business purpose (it's not legal advice). Nor can Meta wield "mitigation" as a sword only to invoke privilege to shield those efforts whenever it faces any scrutiny. Absent the Court's intervention, Plaintiffs must face Meta's fair use defense with one hand tied behind their back. Indeed, Meta already cited mitigation as central to its defense. *See* Ex. A (relying on "efforts to minimize the models' ability to memorize and/or output training data verbatim" as part of Meta's fair use defense). Plaintiffs respectfully ask the Court to order Meta to produce redacted and withheld mitigation-related documents in full and order three hours of Rule 30(b)(6) testimony on this topic.

### A. The Assertion of Privilege Over "Mitigation" Fails the Primary Purpose Test.

Privilege is "strictly construed." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). It does not protect advice from an in-house counsel about business matters. *See Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *3 (N.D. Cal. Aug. 26, 2011). And for communications that "may relate to both legal and business advice, the proponent of the privilege"—here, Meta—"must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019).

"Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance." *Epic Games, Inc. v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024). When businesspeople make decisions based on the "options legally available to them, . . . those communications are not privileged." *Id.* Mitigation efforts with Llama has clearly become a companywide compliance issue at Meta—not discrete legal advice. Yet Meta claims privilege over many non-attorney mitigation discussions, including:

- **Meta_Kadrey_00045976.** This document titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- **Meta_Kadrey_00046203.** This ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- **Meta_Kadrey_00051427.** This document titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  For at least one dataset, the response is entirely redacted.
- **Meta_Kadrey_00078920.** The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ includes a table listing "descriptions" and "checklists" for various action items. The entire description and checklist for the item labeled "Risk Assessments and Mitigations" is redacted.

---

[1] Meta is likely also withholding documents in full in response to Plaintiffs' additional discovery requests, but it still refuses to serve its privilege logs, serving a log for a small subset of challenged documents Friday.

Meta has also frequently invoked privilege over certain mitigation efforts in depositions, specifically copyright mitigation. For example, ███████████████████████████████

███████████████████████████████████████████████████████████████████████████████

Bates numbers for these business-related documents—which also fail the primary purpose test—are in **Exhibit C**. Plaintiffs ask the Court to order Meta to produce them unredacted.

### B. Alternatively, Meta Waived Privilege by Wielding Mitigation as a Sword.

In addition to asserting it affirmatively as a core component of its fair use defense, *see supra*, Ex. A, Meta has selectively produced hundreds of documents and hours of testimony on its mitigation efforts. At the same time, Meta has sought to conceal certain key communications on copyright/IP mitigation under the guise of privilege. Meta cannot have it both ways.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil,* 974 F.2d 1156, 1162 (9th Cir. 1992). The "subject matter waiver [doctrine] prevents a party from disclosing certain privileged materials, while selectively withholding others, presumably to mislead an adversary and gain an advantage." *Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.,* 2012 WL 3062294, at *7 (N.D. Cal. July 26, 2012). Such waiver is appropriate in "situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Fed. R. Evid. 502(a), adv. comm. note; *see also Theranos, Inc. v. Fuisz Techs., Ltd.,* 2013 WL 2153276, at *1 (N.D. Cal. May 16, 2013) (finding subject matter waiver over all communications involving relevant patent prosecution after defendant made selective disclosures).

Meta seeks to use its "mitigation" efforts as both a sword and a shield. As noted above, Meta made clear that ███████████████████████████████████████████████ ███████████ was core to its fair use defense. *See* Ex. A. And during a recent deposition, one of Meta's witnesses, ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████. Meta also produced dozens of documents on the subject. *E.g.,* Meta_Kadrey_48223 (re "IP mitigation").

Meta cannot produce and rely on evidence of this kind and then withhold related information. *See* Ex. C (identifying select documents over which privilege was asserted). Where a party "explicitly put[s] at issue the factual underpinnings and scope of [its] fair use analysis," fairness requires the disclosure of "otherwise privileged communications" related to the basis of the fair use defense. *E.g., Symettrica Ent. LTD. v. UMG Recording, Inc.,* 2020 WL 13311700, at *10 (C.D. Cal. Apr. 30, 2020) (where party relied fair use analysis in pleadings, there was "an implicit waiver of the attorney-client privilege with respect to the factual and legal basis supporting the fair use analysis"). Time and again, Meta cites its "mitigation" efforts to support its alleged fair use of copyrighted works. It cannot be allowed to shield related, less favorable evidence under the guise of privilege. Plaintiffs thus respectfully request that the Court order Meta to produce without redaction documents involving its copyright/IP mitigation efforts that Meta has withheld and order Meta to make a Rule 30(b)(6) witness available for three hours of testimony on this topic.

II. **META'S STATEMENT**

Plaintiffs' attempt to invade Meta's legal advice regarding its mitigation efforts is improper and meritless. Meta properly redacted narrow portions of selected documents to protect privileged information. Plaintiffs repeatedly ignore Ninth Circuit precedent approving of a party's careful redaction of legally privileged material from documents that serve both a business and legal purpose. Their argument that Meta must produce entire documents unredacted because they are purportedly primarily business documents—regardless of the legally privileged portions—is wrong. By Plaintiffs' logic, no dual-purpose document could ever be produced in redacted form.

The other fallacy in Plaintiffs' brief is that Meta has improperly used its mitigation efforts as both a "sword and shield" to support its position that use of allegedly copyrighted material to train its LLMs is fair use. That argument, too, is wrong. Plaintiffs conflate the non-privileged actions Meta took to mitigate against risk (which Meta has disclosed), with the privileged legal advice that Meta received leading up to those mitigation efforts (which Meta has appropriately protected). Meta has properly provided discovery requested by Plaintiffs on the *facts* about Meta's mitigation efforts, including what mitigations were implemented and how they mitigate against various harms, while nevertheless properly protecting the *legal advice* it sought and received. Plaintiffs concede that Meta has provided such discovery, admitting that Mike Clark "described certain of Meta's copyright/IP mitigation efforts in detail and without any privilege objection" and that "Meta also produced dozens of documents on the subject." Plaintiffs point to no instance where Meta has used privileged advice as a "sword." In fact, Meta has stated unequivocally that it is not relying on the advice of counsel defense,[2] and it is not arguing that its efforts were lawful because it followed the advice of counsel. Relief should be denied.

### A. Meta's Assertion of Privilege Over Legal Advice on Mitigation Efforts is Proper

As before (*see* Dkts. 259, 309[3]), Plaintiffs' attacks on Meta's redacted documents, mischaracterize the privileged redacted portions based on unsupported speculation from the non-privileged portions of the document. This is not a sufficient factual basis to justify *in camera* review. *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). To obtain *in camera* review, Plaintiffs must present a *factual* basis sufficient to support a reasonable, good faith belief that an *in camera* inspection may reveal evidence that the materials are not privileged. *Id.* at 1075. For the four documents briefed by Plaintiffs, they describe the non-privileged portions of the documents but provide **no facts** to support the argument that the redactions are not privileged. And Plaintiffs' challenge to the list of 21 additional documents consists solely of a naked list of Bates numbers (Ex. C), with **no facts** or reasoning whatsoever to support their privilege challenge. This falls far short of their burden.

Plaintiffs' complaints are again based on the legally unsupported proposition that it is improper for a party to redact privileged legal advice from documents that have both legal and business purposes. Plaintiffs are wrong, as they have been on this point before. *See* Dkt. 309. The fact "[t]hat the document as a whole addresses predominantly business matters ***does not negate the privilege as to the portion containing requests for legal advice***." *U.S. v. Chevron Corp.*, No.

---

[2] Indeed, Plaintiffs served an interrogatory asking whether Meta was relying on advice of counsel to support its fair use defense. Meta answered that it was not. Ex. F (Amended Resp. ROG 17).
[3] In addition, Plaintiffs make the argument in the concurrently filed brief regarding Mr. Choudhury's deposition.

3

C 94-1885 SBA, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) (emphasis added); *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, No. 19CV02033YGRJCS, 2023 WL 5519304, at *8 (N.D. Cal. Aug. 25, 2023) (permitting redactions of legal advice even though "the remainder of the document involves business advice."); *see also In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO (VKD), 2024 WL 3381029, at *6 (N.D. Cal. July 10, 2024) (same). In fact, it is proper to redact legal advice found within business documents. *See*, *e.g.*, *Stirratt v. Uber Techs., Inc.*, No. 19-CV-06361-RS (DMR), 2024 WL 1723710, at *5 (N.D. Cal. Apr. 19, 2024) (approving redactions in dual-purpose documents where "the primary purpose of the *redacted information* is to give or receive legal advice rather than business advice.") (emphasis added); *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 872 (N.D. Cal. 2019) (finding redactions proper regarding counsel instructions in a document to support on-going licensing negotiations); *Illumina Inc. v. BGI Genomics Co.*, No. 19CV03770WHOTSH, 2021 WL 2662074, at *4 (N.D. Cal. June 29, 2021) (finding proper redactions to an org chart where the "redaction…identifies a specific legal risk").

Meta's redactions of privileged legal advice from the three[4] challenged documents that also address business matters adhere to this precedent. As detailed below, they are plainly proper:

- **Meta_Kadrey_00045976.** The redacted table Plaintiffs cite is titled "Legal Challenges" and contains a question to Meta's in-house counsel, ███████████████████████████████.

- **Meta_Kadrey_00046203.** The redacted table that Plaintiffs cite includes the summary of legal advice regarding ███████████████████████████████

- **Meta_Kadrey_00078920.** The document is a *draft* customer playbook that includes comments to and from Meta's in-house counsel, Ahuva Goldstead, regarding various legal risks.

### B. Meta has not Waived the Privilege

Contrary to Plaintiffs' assertion, Meta has not used privilege as a sword; nor has Meta put its legal advice at issue in this action. Under Plaintiffs' improper argument, any legal advice to a client about how to avoid infringing another's copyright would be waived in a case alleging copyright infringement. But evidence about *facts*—including what mitigation efforts Meta employed ███████████████████████████████████████████████████████████████████████████████—does not waive privilege over the legal advice Meta received. As Judge Corley explained: "***Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner.*** The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." *Planet Aid, Inc. v. Reveal*, No. 17-cv-03695-MMC (JSC), 2018 WL 6079617, at *2 (N.D. Cal. Nov. 21, 2018) (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (emphasis in original). Plaintiffs do not have a copyright infringement claim regarding the output. (Dkt. 56 (dismissing Plaintiffs' output theory).) Here, Meta denies Plaintiffs' allegation of copyright infringement as to training materials and has asserted a defense of fair use—including because of the transformative nature of its use and the lack of effect on the market for Plaintiffs'

---

[4] Meta has re-reviewed the documents and is producing one of the disputed documents as unredacted: Meta_Kadrey_00051427.

books. Plaintiffs point to nowhere that Meta has stated it cannot be liable *because* it relied on the advice of its lawyers; nor has Meta tried to prove its defenses by disclosing or describing an attorney client communication. *See Planet Aid, Inc.*, 2018 WL 6079617 at *2. Instead, Meta's witnesses have recounted the *fact* that they employed certain mechanisms and processes to, for example, ███████████████████████████████████ and in answering questions about such mitigations, have truthfully answered that they consulted with counsel. *See id.* This is evident in Exhibits B, D, and E submitted by Plaintiffs, where each of Meta's witnesses testified regarding the *fact* that they had spoken with counsel; none of them put the advice of counsel at issue as the basis for the fair use defense. Under Plaintiffs' extreme view, "to avoid a waiver [Meta] would have had to submit an inaccurate or at least incomplete [testimony] that omitted the true fact that they consulted with counsel." *See Planet Aid, Inc. 2018 WL 6079617, at *2.* This is not the law.

Finally, the sparse case law cited by Plaintiffs is inapposite. *Symettrica Ent. LTD. v. UMG Recording, Inc.*, *supra*, held that the plaintiff asserting fair use of copyrighted material waived privilege because it ***expressly and extensively quoted from its counsel's Fair Use Opinion Letter*** in the text of its publicly filed complaint, relying on this document to make its case. 2020 WL 13311700, at *29 (C.D. Cal. Apr. 30, 2020). Similarly, in *Theranos,* the defendant was found to have waived the privilege because it intentionally disclosed privileged materials to the plaintiff's board in an explicit effort to refute the plaintiff's claims of patent infringement and prove inventorship, and it refused to disavow any reliance on the advice of counsel defense. *Theranos, Inc. v. Fuisz Techs. Ltd.*, No. C 11-5236 PSG, 2013 WL 2153276, at *13-15 (N.D. Cal. May 16, 2013)  No such facts or other indicia of waiver are present here.  The Court should deny Plaintiffs' motion, decline to review the documents in Exhibit C *in camera*, and reject Plaintiffs' assertion that the cited documents are improperly redacted.

### III. PLAINTIFFS' REPLY

Meta argues that Plaintiffs' analysis "falls far short of *their* burden" (emphasis added). This flies in the face of the well-established rule that the "party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication," which is strictly construed. *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) (citations omitted). And even if Meta can meet that burden, it must make a further "clear showing" that its dual-purpose documents concern primarily legal advice. Meta does neither. Meta's copyright and IP mitigations are business issues; they are not converted into legal advice just because Meta includes in-house counsel on every business team and in business communications and documents. Meta again seems to think simply "attributing" information to in-house counsel in documents or having in-house counsel comment on "legal risks" in business communications and documents converts that into legal *advice*. Not so. *See, e.g.*, *Epic Games*, 2024 WL 4947269 at *1.

Even if Meta could satisfy its burden as to any of its redactions or documents withheld in full on IP/copyright mitigation, Meta fails to grapple with the fact that it has produced documents and testimony on other types of mitigation, including to address privacy risks. Ex. A-B. This sort of selective production and withholding—disclosing some types of mitigation but not others, and disclosing IP/copyright mitigation efforts in some contexts while claiming privilege in others—is a sword-and-shield scenario constituting waiver. Even in purportedly disclaiming an advice-of-counsel defense, Meta again put at issue its "legal review" of Llama training datasets when answering ROG 17. Ex. F. Meta's response confirms it intends to rely on its mitigation efforts, including its IP/copyright mitigation as well as its in-house counsel's input on those business matters. The Court should not permit Meta to selectively withhold documents about those efforts.

5

<div style="column-count:2">

By:  /s/ *Bobby Ghajar*

Bobby A. Ghajar
Teresa H. Michaud
Colette A. Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email: bghajar@cooley.com
           cghazarian@cooley.com

Mark R. Weinstein
Elizabeth L. Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
Email: mweinstein@cooley.com
           lstameshkin@cooley.com

Kathleen R. Hartnett
Judd D. Lauter
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2071
Facsimile:  (415) 693-2222
Email: khartnett@cooley.com
           jlauter@cooley.com

Phillip Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile:  (202) 842-7899
Email: pmorton@cooley.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304

By:  /s/ *Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com
jischiller@bsfllp.com

*Interim Lead Counsel for Plaintiffs*

</div>

Telephone: (650) 815-4121
Facsimile:  (650) 849-7400
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 12, 2024                                BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt
Reed Forbush
Jay Schuffenhauer

*Attorneys for Plaintiffs*