COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                     Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEFS AND SUPPORTING EVIDENCE (DKTS. 334, 335, & 336)** |

Pursuant to Civil Local Rule 79-5, Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, unredacted versions of the Joint Letter Brief Regarding Mitigation Privilege ("Privilege Joint Letter Brief"), the Joint Letter Brief Regarding Sy Choudhury's Deposition ("Choudhury Joint Letter Brief"), and the Joint Letter Brief Regarding 30(b)(6) Preparation ("30(b)(6) Joint Letter Brief") (collectively, the "Joint Letter Briefs") and certain supporting evidence submitted with the Joint Letter Briefs. Meta respectfully submits that good cause exists for the filing of these materials under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Kyanna Sabanoglu in support of this Unopposed Administrative Motion to File Under Seal.

The following chart lists the documents for which Meta requests sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
|---|---|
| **Choudhury Joint Letter Brief (Dkt. 334)** | • **Redacted portions** |
| Exhibit A to the Choudhury Joint Letter Brief (Dkt. 334-1) | • Entire document |
| Exhibit B to the Choudhury Joint Letter Brief (Dkt. 334-2) | • Entire document |
| Exhibit 1 to the Choudhury Joint Letter Brief (Dkt. 334-4) | • Entire document |
| Exhibit 2 to the Choudhury Joint Letter Brief (Dkt. 334-5) | • Entire document |
| Exhibit 3 to the Choudhury Joint Letter Brief (Dkt. 334-6) | • Entire document |
| Declaration of Sy Choudhury In Support of Choudhury Joint Letter Brief ("Choudhury Declaration") (Dkt. 334-8) | • Redacted portions |
| Declaration of Mo Metanat In Support of Choudhury Joint Letter Brief ("Metanat Declaration") (Dkt. 334-9) | • Redacted portions |
| | |
| **30(b)(6) Joint Letter Brief (Dkt. 335)** | • **Redacted portions** |
| Exhibit A to 30(b)(6) Joint Letter Brief (Dkt. 335-1) | • Entire document |
| Exhibit B to 30(b)(6) Joint Letter Brief (Dkt. 335-2) | • Entire document |
| Exhibit C to 30(b)(6) Joint Letter Brief (Dkt. 335-3) | • Entire document |
| Exhibit F to 30(b)(6) Joint Letter Brief (Dkt. 335-6) | • Entire document |

| | |
|---|---|
| Exhibit H to 30(b)(6) Joint Letter Brief (Dkt. 335-8) | • Entire document |
| Exhibit I to 30(b)(6) Joint Letter Brief (Dkt. 335-9) | • Entire document |
| | |
| **Privilege Joint Letter Brief (Dkt. 336)** | • **Redacted portions** |
| Exhibit A to Privilege Joint Letter Brief (Dkt. 336-1) | • Redacted portions |
| Exhibit B to Privilege Joint Letter Brief (Dkt. 336-2) | • Entire document |
| Exhibit D to Privilege Joint Letter Brief (Dkt. 336-4) | • Entire document |
| Exhibit E to Privilege Joint Letter Brief (Dkt. 336-5) | • Entire document |

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to the Joint Letter Briefs themselves and supporting evidence attached thereto as further support for this Unopposed Administrative Motion.

I.    LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Briefs, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

Portions of the Joint Letter Briefs and corresponding supporting evidence contain Meta's confidential information, for which Meta requests sealing.

The redacted portions of the Choudhury Joint Letter Brief contain significant discussion and descriptions, including quotes from deposition transcripts of Meta employees, of Meta's highly confidential business strategies and business decisions relating to its generative AI models. The Choudhury Declaration and Metanat Declaration similarly discuss these highly confidential business strategies and decisions, as to Exhibits A, B, 1, 2, and 5 to the Choudhury Joint Letter Brief, which are excerpts from depositions of Meta employees, marked "Highly Confidential – Attorneys' Eyes Only."

Exhibits A, B, C, F, H, and I to the 30(b)(6) Joint Letter are excerpts from depositions of Meta employees, marked "Highly Confidential – Attorneys' Eyes Only." These excerpts discuss highly confidential information relating to the datasets used to train Meta's AI models and Meta's use of those datasets. The portions of the 30(b)(6) Joint Letter Brief Meta seeks to redact contain significant discussion of and descriptions, including quotes, of these deposition transcripts of Meta employees.

The redacted portions of the Privilege Joint Letter Brief discuss Meta's highly sensitive, confidential practices and processes surrounding its Llama models and the datasets used to train the Llama models. The redacted portions of Exhibit A to the Privilege Joint Letter Brief is Meta's response to Plaintiffs' Interrogatory No. 1, which includes detailed technical discussion concerning Meta's generative AI models and the data used to train them. Exhibits B, D, and E to the Privilege Joint Letter Brief are excerpts from depositions of Meta employees, marked "Highly Confidential – Attorneys' Eyes Only," discussing these highly sensitive, confidential practices and processes.

Meta must request sealing of these materials, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g., Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable).

These sealing requests are critical to protect Meta's confidential sensitive technical and competitive information.

The specific basis for sealing these materials is outlined in the accompanying declaration of Meta's Associate General Counsel, Kyanna Sabanoglu. As outlined in Ms. Sabanoglu's declaration, public disclosure of the protected information contained in the materials Meta seeks to seal would cause competitive harm to Meta. Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Sabanoglu's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents). To the extent the materials Meta seeks to seal include non-confidential background information, sealing of such information within the context of Meta's Opposition and proposed amended complaint is necessary to maintain the confidentiality of Meta's protected information, as the discussion necessarily implies conduct by Meta which is highly sensitive, non-public, and which Meta has taken steps to keep confidential. Accordingly, this sealing request is critical to protecting Meta's confidential sensitive technical and competitive information.

## II.  CONCLUSION

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed document accompany this Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant the Administrative Motion to Seal.

| | | |
|---|---|---|
| 1 | Dated: December 12, 2024 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/Colette Ghazarian* |
| 4 | | Bobby Ghajar<br>Philip Morton |
| 5 | | Mark Weinstein<br>Kathleen Hartnett |
| 6 | | Matthew Brigham<br>Judd Lauter |
| 7 | | Teresa Michaud<br>Liz Stameshkin |
| 8 | | Colette Ghazarian<br>Juan Pablo Gonzalez<br>Cole Poppell |
| 9 | | |
| 10 | | LEX LUMINA PLLC<br>Mark A. Lemley |
| 11 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 12 | | Angela L. Dunning |
| 13 | | Attorneys for Defendant |
| 14 | | META PLATFORMS, INC. |
| 15 | *Full Counsel List* | |
| 16 | COOLEY LLP | |
| 17 | PHILLIP MORTON *(pro hac vice)*<br>(pmorton@cooley.com) | |
| 18 | COLE A. POPPELL (pro hac vice)<br>(cpoppell@cooley.com) | |
| 19 | 1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400 | |
| 20 | Telephone:    (202) 842-7800 | |
| 21 | COOLEY LLP | |
| 22 | MATTHEW BRIGHAM (191428)<br>(mbrigham@cooley.com) | |
| 23 | JUAN PABLO GONZALEZ (334470)<br>(jgonzalez@cooley.com) | |
| 24 | 3175 Hanover Street<br>Palo Alto, CA  94304-1130 | |
| 25 | Telephone:    (650) 843-5000 | |
| 26 | LEX LUMINA PLLC<br>MARK A. LEMLEY (155830) | |
| 27 | (mlemley@lex-lumina.com)<br>745 Fifth Avenue, Suite 500 | |
| 28 | New York, NY 10151<br>Telephone:    (646) 898-2055 | |