UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 23-cv-03417-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 307 |

In ECF No. 307, Meta moves to compel responses to certain interrogatories ("rogs") and requests for admission ("RFAs"). The Court rules as follows.

**A.  Rogs**

Meta served five rogs on Plaintiffs asking about fair use. For most of the Plaintiffs they are rogs 20-23 and 25, but some of the Plaintiffs starting numbering their responses over at 1, so for those Plaintiffs the rogs are 1-4 and 6 in Meta's third set of rogs.

Here are the rogs:

Rog 20 (or rog 1): "State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM is not transformative for purposes of fair use."

Rog 21 (or rog 2): "State all facts supporting any contention by YOU that Meta's alleged use of YOUR ASSERTED WORKS in connection with training any META AI LLM has or will affect the market or potential market for YOUR ASSERTED WORKS, including identifying with particularly each alleged market or potential market that you contend was affected and how Meta's alleged use of YOUR ASSERTED WORKS affected such market or the value of YOUR ASSERTED WORKS in that market."

1  Rog 22 (or rog 3): "Describe in detail the factual basis for any contention by YOU that
2  Meta's assertion of fair use is precluded or in any way diminished by any alleged lack of good
3  faith on the part of Meta in its use of YOUR ASSERTED WORKS, including by identifying all
4  acts by Meta that YOU contend demonstrate any alleged lack of good faith."

5  Rog 23 (or rog 4): "If YOU contend that a market or potential market exists for licensing
6  of YOUR ASSERTED WORKS for training LLMs, state all facts supporting any such contention,
7  including a detailed identification of when and how such market arose and all transactions and
8  documents you contend support the existence of such market."

9  Rog 25 (or rog 6): "State all facts supporting any contention by YOU that the amount and
10 substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta
11 was not reasonable in relation to the purpose of training the META AI LLMs."

12 Plaintiffs did not respond substantively to these rogs, and Meta now moves to compel.
13 First, Plaintiffs argue that fair use is an affirmative defense on which Meta will bear the burden of
14 proof, and therefore the rogs are improper. However, that argument is wrong. Who bears the
15 burden of proof at trial has nothing to do with what is discoverable. Rule 33(a)(2) states that "[a]n
16 interrogatory may relate to any matter that may be inquired into under Rule 26(b). An
17 interrogatory is not objectionable merely because it asks for an opinion or contention that relates
18 to fact or the application of law to fact . . ." These rogs all relate to a matter that may be inquired
19 into under Rule 26(b), namely fair use, and they all ask for the application of law to fact. These
20 are standard contention rogs. Of course, one party cannot force another party to have contentions
21 if it doesn't have any. If Plaintiffs do not make the identified contentions, they are free to state
22 that. But if they do make those contentions, they can't hide the ball and refuse to disclose the
23 basis for those contentions.

24 Second, Plaintiffs argue that the rogs are overbroad in seeking the identification of "all
25 facts" and they should be narrowed to the "material facts" and the "material factual basis" for the
26 contentions. The Court agrees. Plaintiffs make additional arguments about each specific rog, but
27 the Court finds those arguments unpersuasive.

28 Accordingly, the Court **GRANTS** Meta's motion to compel and **ORDERS** Plaintiffs to

1   answer rogs 20-23 and 25 (or 1-4 and 6), but Plaintiffs may limit their responses to the material

2   facts and the material factual basis, rather than all facts.

3   **B.     RFAs**

4   Meta served RFAs on Plaintiffs asking them to "Admit that YOU have not granted the

5   publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as

6   training data for LLMs" and to "Admit that the publishers of YOUR ASSERTED WORK(S) do

7   not possess the right to license the ASSERTED WORK(S) as training data for LLMs."  Meta does

8   not refer to these RFAs by number because the numbering differs depending on the Plaintiff.

9   Plaintiffs Silverman, Kadrey and Golden admitted these RFAs, but the remaining Plaintiffs did not

10  respond, asserting that the licenses "speak for themselves."  Meta now moves to compel.

11  Of course, documents do not speak for themselves; that's the reason for these RFAs.  Rule

12  36(a)(1)(A) states that an RFA may ask another party to admit "the truth of any matters within the

13  scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either .

14  . ."  These RFAs relate to matters within the scope of Rule 26(b)(1), and they ask about the

15  application of law to fact and for opinions about that application.  Plaintiffs' objections are

16  **OVERRULED**.  The Court **GRANTS** Meta's motion to compel and **ORDERS** Plaintiffs (other

17  than Silverman, Kadrey and Golden) to answer these RFAs.

18  **IT IS SO ORDERED.**

20  Dated: December 13, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge

3