December 20, 2024

*E-Filed*

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 23-cv-03417-VC (TSH)

Dear Magistrate Judge Hixson:

    Plaintiffs and Defendant Meta Platforms, Inc. ("Meta") jointly submit this letter brief regarding Meta's third and fourth sets of privilege logs, produced on December 13 and 16, 2024, respectively. The parties met and conferred on December 17, 2024, but were unable to reach a resolution.

I. **PLAINTIFFS' STATEMENT**

Meta's efforts to withhold business documents and business advice under the guise of attorney-client privilege continue unabated. *See* Dkt. Nos. 269; 309; 319. Less than two hours before the close of fact discovery on December 13, Meta served its third set of privilege logs, comprising 1,919 new entries. Then, on Monday, December 16, Meta served a fourth log with 57 more entries. Like Meta's other privilege logs, these massive, last-minute logs contain hundreds of entries reflecting privilege claims that both fail to substantiate any actual "legal advice" requested or provided by counsel rather than business discussion and analysis, and fail the "primary purpose" test. Attached as **Exhibit A** are the privilege log entries for the documents that Plaintiffs challenge (the "Challenged Documents"), many of which contain no identified attorneys whatsoever; many others that appear to reflect minimal attorney involvement; and none of which appear to involve privileged communications as opposed to business considerations and analyses.

Attorney-client privilege "must be strictly confined within the narrowest possible limits consistent with the logic of its principles." *Sierra Club, Inc. v. United States Fish & Wildlife Serv.*, 925 F.3d 1000, 1011 (9th Cir. 2019). The privilege "applies only where necessary to achieve its purpose" and "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). Meta bears the burden of proving privilege applies. *Vasudevan Software, Inc. v. IBM Corp.*, 2011 WL 1599646, at * 1 (N.D. Cal. Apr. 27, 2011). Meta fails to do so for the Challenged Documents.

A. **Meta's Log Entries Fail To Establish Privilege Over Hundreds of Logged Documents.**

Meta's privilege logs are deficient on their face for the majority of the Challenged Documents. A privilege log must identify (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. Dozens of entries in Meta's logs do not identify a single attorney in the "Author/From," "To," or "CC" columns, or any attorneys by name in the "Legal Source" column. Instead, the "Legal Source" is vaguely identified as "MPI In-House Legal Counsel." *See* Ex. B (showing the subset of Challenged Documents where no specific attorney is listed as the "Legal Source").[1]

This practice is insufficient. Privilege assertions must identify attorneys by name—mere references to "counsel" fail to state a prima facie claim of privilege. *See, e.g.*, *Laatz v. Zazzle, Inc.*, 2024 WL 3849348, at *2 (N.D. Cal. Aug. 15, 2024) (prima facie showing requires "identif[ying] the attorney involved"). General references to some communication with unnamed in-house counsel are insufficient to withhold documents. *See, e.g.*, *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923, at *5–6 (N.D. Cal. Aug. 8, 2011) (logs deficient when they fail to identify attorneys by name); *Palmer v. Cognizant Tech. Sols. Corp.*, 2021 WL 3145982, at *12 (C.D. Cal. July 9, 2021) (ordered to amend log by "providing the name of the attorney(s) involved and stating where in the email chain/document the attorney(s) was involved"). Meta thus failed to substantiate its privilege claims for these documents and the Court should hold that Meta thereby waived any privilege over them. *See Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015).

---

[1] The Challenged Documents also include a small number where: the named "Legal Source" is not on Meta's list of counsel; the author is "anonymous"; and "legal advice" is being sought from a non-attorney.

1

### B. Meta Withholds Hundreds of Business Documents Without Attorney Involvement.

The Challenged Documents appear to involve primarily business matters. But the privilege only covers legal advice, i.e., what is legally permissible and impermissible; "that's it." *Epic Games, Inc. v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 3, 2024). It doesn't cover in-house counsel's involvement or input on business considerations and analyses, let alone things like "business analys[e]s and recommendation[s] for how to comply with a legal requirement." *Id.*

"[D]ual purpose communication[s] can only have a single primary purpose." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2022). For communications that "may relate to both legal and business advice, the proponent of the privilege"—here, Meta—"must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). Meta's paltry attempts to give the Challenged Documents the gloss of legal advice through vague statements that a document "reflects" such advice and passing references to legal considerations fall far short of satisfying the "primary purpose" test. *See, e.g., Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 2699971, at *6 (N.D. Cal. Mar. 29, 2023); *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at *4 (N.D. Cal. June 29, 2021) (a "businessperson's statement that the company needs to assess legal risk as part of its SWOT analysis is not privileged" and a "slide deck that mentions potential legal risk twice in passing is not how a company asks for legal advice").

Meta's catch-all "MPI In-House Legal Counsel" is again the primary offender. Dozens of withheld documents purportedly reflect legal advice *from* unspecified attorneys and conveyed *by* non-attorneys. For example, Log No. 277 in Meta's Third Privilege Log (Emails) is described as a "chat reflecting legal advice concerning copyright issues." But the chat is authored by non-attorney Melanie Kambadur, a research manager, and sent only to non-attorney Thibaut Lavril, an engineer. Apparently, this is what "MPI In-House Legal Counsel" refers to. But there also is another, more accurate phrase to describe "MPI In-House Legal Counsel": business communications. In other words, Meta attempts to have privilege "descend like a giant fog bank over every document that is in some"—here, unidentified—"way connected with an effort to achieve legal compliance." *Epic Games,* 2024 WL 4947269, at *1.

Moreover, the surrounding context in many of Meta's partially-redacted Challenged Documents make their primary business purpose abundantly clear. As just a few examples[2]:

- **Meta_Kadrey_00097364.** This presentation titled "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" has redactions on the introductory "Context" slide.
- **Meta_Kadrey_00096657.** This document reflects notes from an "AI Sync" among businesspeople. An entire ½ page section under "▇▇▇▇▇▇▇▇▇▇" is redacted.
- **Meta_Kadrey_00209461.** This email is between a research scientist and a communications manager and just concerns a comms strategy for product launches.

Because Meta's logs fail to establish privilege over Challenged Documents and, regardless, the Challenged Documents primarily (or exclusively) involve business considerations and analysis, the Court should order their production. The Court should also order Meta to re-review its other redacted and withheld documents in light of the Court's ruling and re-produce similar documents.

---

[2] Due to page limitations, Plaintiffs are unable to provide more examples here but can do so upon request.

**II. DEFENDANT'S STATEMENT**[3]

Plaintiffs' *seriatim* challenges to Meta's privilege redactions as allegedly covering business advice are based on an erroneous statement of the law and otherwise lack merit. Plaintiffs argue here again that the "primary purpose" test has to be measured against a document as a whole, and that the attorney-client privilege cannot apply to part of a document. But this Court has ruled that is not correct. (ECF 351) (citing *United States v. Chevron Corp.*, 1996 WL 444597, *2 (N.D. Cal. May 30, 1996).) Thus, Meta may assert the attorney-client privilege over isolated sentences or paragraphs within a document. *See id.*; *see also In re Meta Pixel Healthcare Litigation*, 2024 WL 3381029, *6 (N.D. Cal. July 10, 2024) (approving redactions for attorney-client privilege). Plaintiffs' challenge, like their earlier one, should be denied.

Plaintiffs again seek review of **hundreds** of entries on Meta's privilege log based on the same erroneous legal standard, as well as on mere speculation that a withheld document that does not expressly name an attorney in the "Legal Source" column is *per se* business and not legal related. These arguments provide no basis for invading Meta's privilege or even for permitting *in camera* review. As the Supreme Court has made clear, *in camera* review is permitted only where a challenger presents a ***factual basis*** to support its challenge. *See United States v. Zolin*, 491 U.S. 554, 571-72 (1989). Plaintiffs' bare list of **287** documents and arguments under the wrong legal standard fall far short of that burden. Relief should be denied.

An *in camera* review of privileged documents "is an intrusion which must be justified." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). The challenging party must present a factual basis sufficient to support a reasonable, good faith belief that an *in camera* inspection may reveal evidence that the materials are not privileged. *Id.* at 1074-75 (discussing *Zolin*, 491 U.S. at 569-572). Here, Plaintiffs have simply provided a list of 287 documents and made generalized, speculative arguments. Notably, Plaintiffs' list of challenged documents includes: documents where attorneys are identified as the "Legal Source" (See, e.g., Ex. A, Entry 342); documents redacting portions labeled clearly as "***Legal Risks***" (in the unredacted portion); a document including "***Product Liability Risk***" in its title, attached to an email from an attorney (id., Entry 584); and documents that are clearly legal hold notices (id., Entry 68, 249, 252). That such plainly privileged documents are on Plaintiffs' list only underscores its impropriety.

Plaintiffs also seek to challenge documents where a non-attorney Meta employee (i.e., the client) was describing legal advice received or needed from an attorney in Meta's in-house legal department without naming the attorney (e.g., "Legal said we should do 'x'…"). For such situations—as Meta has told Plaintiffs—Meta's log uses the identifier "MPI In-House Legal Counsel" in the "Legal Source" column to identify the source as an attorney within Meta's in-house legal team.[4] Notably, Meta's in-house team includes approximately 1,500 attorneys who are

---

[3] Following the parties' meet and confer on December 17, Meta conducted a document-by-document re-review of the list of documents Plaintiffs stated they would challenge and agreed to reproduce some additional documents without or with fewer redactions, as well as to update its privilege log with additional names of the attorneys under Legal Source.

[4] Plaintiffs challenge 7 documents even though a Meta attorney is specifically identified: Jennifer Newstead, Mo Metanat, Robert Vega, Korey Anvaripour, and Victoria Ajayi. Ex. A, Entry, 158, 159, 342, 418, 658, 1065, 54. A simple search - or question to the undersigned - would have confirmed these are Meta attorneys. Plaintiffs' challenge to these documents is frivolous.

consulted daily on legal matters. Plaintiffs' demand to identify individual attorneys underlying each reference to "Legal" would require Meta to conduct a separate investigation into each document. This effort would be entirely disproportional to the needs of this case, particularly when the document is otherwise sufficiently identified and shown to be privileged. For example, a recent District Court opinion from the Northern District of Illinois addressed this issue of large in-house legal teams and correctly found privilege logs sufficient where they identify a client's in-house legal team as the attorney(s). *See Washtenaw Cnty. Emps.' Ret. Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944, at *5 (N.D. Ill. July 14, 2020).[5]

Plaintiffs' cited authority does not require more. In *Laatz v. Zazzle, Inc.*, it was unclear that there were *any* in-house legal counsel involved, let alone that counsel was the source of the advice at issue. No. 22-cv-04844, 2024 WL 3849348, at *2 (N.D. Cal. Aug. 15, 2024). Similarly, *Elan Microelectronics Corp. v. Apple, Inc.,* 2011 WL 3443923, at *5–6 (N.D. Cal. Aug. 8, 2011), involved entries regarding "communications with Elan's 'legal' department withheld on the basis of attorney-client privilege even though the department does not include any licensed attorneys." And the court in *Palmer v. Cognizant Technology Solutions Corp.*, No. CV 17-6848, 2021 WL 3145982, at *12 (C.D. Cal. July 9, 2021), found that the challenging party did not even meet the standard for *in camera* review, let alone the draconian relief sought by Plaintiffs of waiver of all privilege in these documents. Finally, *Apple Inc. v. Samsung Electronics Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015), is not about the lack of identification of each legal source by name.

In short, Meta did identify the source of legal advice for all of its privilege assertions (including, where relevant, "MPI In-House Legal Counsel"). Plaintiffs have not provided any justification for forcing Meta to undertake the incredibly burdensome process of investigating every document to name the attorney on Meta's in-house legal team who provided the advice, particularly when the other information provided to Plaintiffs confirms the document is privileged.

In addition, as before (ECF Nos. 309, 336), Plaintiffs challenge documents where non-attorneys are discussing legal advice or plans to seek legal advice. But the attorney-client privilege protects non-attorney communications made "for the purpose of facilitating the rendition of professional legal services." *In re Grand Jury*, 23 F.4th 1088, 1092–93 (9th Cir. 2021) (citations omitted). "Courts in the Ninth Circuit have determined that 'the attorney-client privilege is not lost where non-attorney employees [i.e., the client] engage in communications primarily for the purposes of transmitting information to legal counsel so they may provide legal advice or disseminating information from legal counsel to the employees of the corporation.'" *PUMA SE v. Brooks Sports, Inc.*, No. 2:23-CV-00116, 2024 WL 4476767, at *3 (W.D. Wash. Oct. 11, 2024). As is particularly relevant for many of the documents challenged here, legal advice may be transmitted "between non-attorneys ... so that the corporation may be properly informed of legal advice and act appropriately." *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083, 2012 WL 3150532, at *4 (C.D. Cal. Aug. 2, 2012) (protecting from disclosure "emails explicitly referred to

---

[5] As *Washtenaw* explains, that the in-house attorneys are not identified "does not defeat the privilege claim or trigger *in camera* review. Depending on the complexity of the issues and the size of the corporation, identifying each advising attorney as to each email may be difficult and even cost-prohibitive." *Id.* Moreover, "[t]he lack of identification of these attorneys does not engender a disbelief in the veracity of the log entries sufficient to require *in camera* review. In any event, the Court is not persuaded that further identification of the lawyers who gave the advice is proportional to the needs of the case at this time." *Id.*

4

counsel, were sent in furtherance of the defense of this action, and appear to have been made in confidence").

Finally, Plaintiffs' three specific examples—again, out of 287 documents with no specific showing—fail to demonstrate a factual basis for *in camera* review, let alone disclosure. To begin, none of these documents are being withheld in full; they are partially, surgically redacted. Meta_Kadrey_00097364 includes on its cover the statement that the presentation " ▇ ▇ ." The redactions in Meta_Kadrey_00096657 that reflect legal advice on copyright issues would make sense given this section's discussion of the " ▇ ." Likewise, it is unsurprising that there would be references to privileged legal communications and advice in an email discussing communications strategy for a product announcement, such as in Meta_Kadrey_00209461.

The Court should deny Plaintiffs' motion seeking production of **hundreds** of Meta's privileged documents—a motion based on the wrong legal standard and speculation. Should the Court consider granting this motion, Meta requests additional briefing (including an opportunity to provide declarations) and/or consideration of less draconian relief. As a party can substantiate a claim of privilege by other means, *Apple Inc.*, 306 F.R.D. at 237, granting Plaintiffs' requested relief without any opportunity to cure—based on a 5-page letter brief—would be manifestly unjust.

### III. PLAINTIFFS' REPLY

Meta relies on outdated precedent in *United States v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996), decided decades before the Ninth Circuit adopted the primary purpose test. *See In re Grand Jury*, 23 F.4th 1088, 1090 (9th Cir. 2021) (observing, "the natural implication of this inquiry is that a dual-purpose communication can only have a single 'primary' purpose."). Plaintiffs note this Court's adherence to *Chevron* in Dkt. No. 351, but respectfully submit that *Chevron* has been abrogated in relevant part by *In Re Grand Jury*, a case that is especially probative with respect to attempts to redact discrete excerpts from business documents.

As such, this Court has repeatedly held that discrete sections of overwhelmingly business-related documents cannot be properly redacted based on an attenuated connection to legal advice. *See Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 2699971, at *6 (N.D. Cal. Mar. 29, 2023) (applying *In Re Grand Jury* and overruling privilege claims over set of comments mentioning legal risk). Meta's attempt to shield discrete portions of business documents cannot be squared with the primary purpose test. Meta emphasizes brief references to "Legal Risks" and "Product Liability Risk," including employees' attempts to weigh in on risks without the involvement of counsel, in the challenged documents. This ignores *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at *4 (N.D. Cal. June 29, 2021) (overruling privilege claims over mere mentions of "legal risk").

Meta also cites to *In re Meta Pixel Healthcare Litig.*, 2024 WL 3381029, at *6 (N.D. Cal. July 10, 2024). There, the Court relied heavily on the fact that Meta "identified the attorneys involved in the communications." *Id.* Meta repeatedly fails to do the same here—indeed, Plaintiffs selected the documents at issue here largely because Meta did *not* identify individual attorneys. Even where Meta names individuals as the "Legal Source," many of those individuals do not appear on the list of attorneys Meta provided Plaintiffs for exactly this purpose. As such, there is no *prima facie* privilege assertion over the withheld documents. The documents at issue are business documents, not legal ones. They primarily advance Meta's business goals of obtaining massive amounts of data to train its AI models. Meta should not be able to keep Plaintiffs in the dark about the relevant decision-making.

By:  /s/ *Bobby Ghajar*

Bobby A. Ghajar
Colette A. Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email: bghajar@cooley.com
　　　　cghazarian@cooley.com

Mark R. Weinstein
Elizabeth L. Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
Email: mweinstein@cooley.com
　　　　lstameshkin@cooley.com

Kathleen R. Hartnett
Judd D. Lauter
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2071
Facsimile:  (415) 693-2222
Email: khartnett@cooley.com
　　　　jlauter@cooley.com

Phillip Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile:  (202) 842-7899
Email: pmorton@cooley.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4121

By:  /s/ *Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com
jischiller@bsfllp.com

*Interim Lead Counsel for Plaintiffs*

6

Facsimile: (650) 849-7400
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 20, 2024                                BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt
Reed Forbush
Jay Schuffenhauer

*Attorneys for Plaintiffs*

8