# EXHIBIT D

| | |
|---|---|
| **From:** | Hartnett, Kathleen |
| **Sent:** | Sunday, December 15, 2024 11:34 PM |
| **To:** | Joshua Stein; z/Meta-Kadrey |
| **Cc:** | Llama C-Counsel; adunning@cgsh.com |
| **Subject:** | RE: Urgent Message re: MZ Deposition (Kadrey) |

Counsel,

The accusations and innuendo in your email are inappropriate and incorrect. There is no basis for postponing the long-scheduled deposition of Mr. Zuckerberg. He will appear on Tuesday at 8:45 am local time and his deposition should go forward pursuant to the parties' agreement and the Court's Order. *See* Dkt. 277 (stipulated order).

First, as we have explained to you previously, the location and timing of this deposition are not an "accommodation" to Meta. The parties' agreement concerning this deposition resolved a conflict after Meta provided a date for Mr. Zuckerberg in October (in the Bay Area), Plaintiffs refused to take it, and Meta had briefed a motion seeking to limit the deposition both in terms of length and for it to occur via Zoom. The parties' agreement is binding, and Plaintiffs' repeated attempts to undo the agreement after having reached it are not well-taken.

Second, there was no document "dump" by Meta—either on Friday or at any point. Friday was the close of fact discovery, and both parties thus—unsurprisingly—completed their productions and served revised discovery responses on that date. Plaintiffs produced voluminous productions on Friday. Moreover, Plaintiffs repeatedly produced significant portions of their document productions after their depositions, but Meta took their depositions anyway, as Judge Hixson directed the parties to do. *See* Dkt. 231 (directing parties to "promptly take their allotted depositions with the documents they have from discovery requests they served and from the custodians they identified months ago"). In any event, Plaintiffs were fully on notice that Meta would be making a production in accordance with its ongoing production of documents from other custodians, production of documents in response to RFPs served in October (responses to which were not due until November 8 and 18), additional collections of documents in response to Plaintiffs' numerous requests in meet and confers, and recent court orders requiring supplementation and/or additional collections of documents by Meta (Dkt. 288 (Nov. 25, 2024); Dkt. 315 (Dec. 6, 2024)). This is not "sandbagging" but complying with discovery obligations and court orders.

Third, you are wrong that Meta did not substantially complete Mr. Zuckerberg's document production by November 1, that Meta did not make reasonable efforts to complete its production by that date, and/or that Meta breached the parties' agreement regarding his deposition in any way. Notably, your email makes broad allegations about Meta's production but does not point to anything specific. In contrast, the actual data (all available to you) shows that Meta met its obligation under the parties' agreement—it produced nearly 80% of Mr. Zuckerberg's total custodial documents by October 31, and the documents it produced after that date largely resulted from new RFPs (to which responses were not due until after November 1) and/or new court orders, including orders issued just the week before the close of discovery. Plainly Meta's reasonable efforts included continuing to produce documents called for by RFPs and court orders with post-November 1 deadlines. The data shows as follows:

    Total custodial documents for Mr. Zuckerberg produced during discovery:  1,436
    Total last week:  222 (~15% of his production)
        Friday's production:  144 (~10%) (largely part of an additional review to ensure compliance with a recent court order re licensing)
        Production earlier last week:  78 (60 are Messenger/Instagram Direct messages with reporters)
    Total produced after 10/31: 320 (~22%) (generally responsive to new search terms for new RFPs; small number of WhatsApp/other messaging services)

As to the hit counts you reference, those were for Mr. Zuckerberg's Messenger and Instagram Direct data.  The vast majority of the documents with hits were unsolicited messages from members of the public which contained hits on our broad search terms but had no relevance to this case—including, for example, the Spanish world "llama."  After our review of these documents for responsiveness, approximately 60 documents from this data source were ultimately produced earlier last week.  And as to Meta's privilege log, we do not understand your reference to "650 entries" in the "redaction log" (there is not a "redaction log").  Mr. Zuckerberg is a custodian for 11 documents on the non-email privilege log (9 of which are priv-redact), and 410 documents on the email privilege log.  However, the 410 number is family complete and includes non-privileged documents in the family for context.  Thus, of these 410 documents, only 228 are privileged, only 138 are priv-redact, and only 39 were produced last week.

In sum, there is no basis for Plaintiffs' latest attempt to claim a breach of the parties' agreement and postpone this deposition.  The deposition will take place on December 17 at 8:45 am local time.  There also is no basis for Plaintiffs to file a motion by 5 PST tomorrow, which, in any event, under the Court's rules must be a joint statement to which Meta responds (and is given adequate time to do so).

Thanks,
Kathleen

Kathleen R. Hartnett
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
+1 415 693 2071 office
+1 415 693 2222 fax
+1 202 368 5916 mobile
khartnett@cooley.com
www.cooley.com/people/kathleen-hartnett
Pronouns: she, her, hers

---

**From:** Joshua Stein <jstein@bsfllp.com>
**Sent:** Sunday, December 15, 2024 5:21 PM
**To:** z/Meta-Kadrey <zmetakadrey@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Subject:** Urgent Message re: MZ Deposition (Kadrey)
**Importance:** High

**[External]**

---

Counsel:

As you are aware, our agreement regarding Mr. Zuckerberg's deposition required Meta, by November 1, 2024, to "substantially complete Mr. Zuckerberg's document production no later than November 1, 2024," and to "take reasonable steps to complete the production by November 1, 2024." On November 1, Meta made a production that Meta stated satisfied this obligation. Plaintiffs questioned how this meager production could have possibly constituted substantial completion, but Meta repeatedly insisted—including in draft court filings—that it had produced all or nearly all responsive Zuckerberg documents. On that understanding, Plaintiffs proceeded with scheduling Mr. Zuckerberg's deposition for December 17, 2025, including agreeing to a joint motion seeking leave of Court to hold the deposition on that date. To accommodate Mr. Zuckerberg, we agreed to fly to a remote Hawaiian island where we have no office. Accordingly, we have had to complete our deposition preparation, including curation of exhibits, well in advance of December 17.

In light of the above, we were surprised to receive from Meta, just two hours before the close of discovery on Friday night, December 13, a document production of 21 GBs. Because of the timing of the production (late on a Friday night) and its size, we are still processing it to understand just what Meta dumped on Plaintiffs at the close of discovery. But what is immediately apparent is that the production includes many documents for which Mr. Zuckerberg is the custodian and/or that are relevant to his deposition. Indeed, some of the documents—and we are far from through the production—appear to be the most relevant produced in discovery thus far. Meta also for the first time late Friday produced search term hit counts that show many thousands of hits for Mr. Zuckerberg and a privilege log for these productions that includes 650 entries with Mr. Zuckerberg in just the redaction log.

This late-night, last-minute production of documents, including Mr. Zuckerberg's highly relevant documents, appears to be sandbagging at its worst. Meta has violated the parties' agreement to "substantially complete Mr. Zuckerberg's document production no later than November 1, 2024," and to "take reasonable steps to complete the production by November 1, 2024." Meta's actions are also inconsistent with the Northern District's guidelines for professional conduct to, inter alia, "not delay producing documents to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason."

Given Meta's prejudicial and improper conduct, there are now two options to permit Plaintiffs the time necessary to ingest, review, and potentially use in Mr. Zuckerberg's deposition the documents and communications that Meta untimely produced:

3

1. the parties agree to file a stipulation and proposed order tomorrow to postpone Mr. Zuckerberg's deposition to early January; or
2. Plaintiffs proceed to depose Mr. Zuckerberg on December 17 and then, after Plaintiffs have processed Meta's late-produced documents, Mr. Zuckerberg will appear at BSF's San Francisco office for the remainder of his deposition.

**Please let us know by 9 am PST tomorrow December 16 (as our flight leaves at 10am)** which of the foregoing options Meta prefers.  We anticipate Meta's prompt cooperation so that we can avoid raising with the Court Meta's improper and prejudicial conduct.  If Meta does not respond with agreement to one of the two options above by 10am tomorrow, Plaintiffs will file a motion with the Court by 5pm PST on December 16.  Plaintiffs reserve all rights, including but not limited to the right to reopen any deposition and to sanctions, fees, and costs as appropriate.

Thank you.

Best,
Josh


**Joshua Michelangelo Stein**
Partner

BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(t)   +1  415 293 6813
(m) +1 617 365 3991
jstein@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]