COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:     (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                 Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEFS AND SUPPORTING EVIDENCE (DKTS. 352 – 357)** |

Pursuant to Civil Local Rule 79-5, Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, unredacted versions of joint letter briefs regarding (1) Meta's responses to Plaintiffs' Requests for Admission ("RFA Joint Letter Brief"), (2) the crime-fraud exception ("Crime-Fraud Joint Letter Brief"), (3) Meta's responses to Plaintiffs' Requests for Production ("RFP Joint Letter Brief"), (4) privilege log issues relating business advice ("Business Advice Joint Letter Brief"), (5) additional deposition time ("Deposition Joint Letter Brief"), and (6) Meta's responses to Plaintiffs' Interrogatories ("ROG Join Letter Brief") (collectively, the "Joint Letter Briefs") and certain supporting evidence submitted with the Joint Letter Briefs. Meta respectfully submits that good cause exists for the filing of these materials under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Kyanna Sabanoglu in support of this Administrative Motion to File Under Seal.

The following chart lists the documents for which Meta requests sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
|---|---|
| **RFA Joint Letter Brief (Dkt. 352)** | • **Redacted portions** |
| Exhibit A to the RFA Joint Letter Brief (Dkt. 352-1) | • Redacted portions |
| | |
| **Crime-Fraud Joint Letter Brief (Dkt. 355)** | • **Redacted portions** |
| Exhibit A to Crime-Fraud Joint Letter Brief (Dkt. 355-1) | • Redacted portions |
| Exhibit B to Crime-Fraud Joint Letter Brief (Dkt. 355-2) | • Entire document |
| | |
| **RFP Joint Letter Brief (Dkt. 356)** | • **Redacted portions** |
| Exhibit B to RFP Joint Letter Brief (Dkt. 356-2) | • Entire document |
| Exhibit C to RFP Joint Letter Brief (Dkt. 356-3) | • Entire document |
| | |
| **Business Advice Joint Letter Brief (Dkt. 353)** | • **Redacted portions** |
| Exhibit A to Business Advice Joint Letter Brief (Dkt. 353-1) | • Redacted portions |

| | |
|---|---|
| Exhibit B to Business Advice Joint Letter Brief (Dkt. 353-2) | • Redacted portions |
| **Deposition Joint Letter Brief (Dkt. 354)** | • **Redacted Portions** |
| Exhibit A to Deposition Joint Letter Brief (Dkt. 354-1) | • Entire document |
| Exhibit B to Deposition Joint Letter Brief (Dkt. 354-2) | • Entire document |
| Exhibit C to Deposition Joint Letter Brief (Dkt. 354-3) | • Entire document |
| Exhibit E to Deposition Joint Letter Brief (Dkt. 354-5) | • Redacted Portions |
| **ROG Joint Letter Brief (Dkt. 357)** | • **Redacted portions** |
| Exhibit A to ROG Joint Letter Brief (Dkt. 357-1) | • Redacted portions |
| Exhibit D to ROG Joint Letter Brief (Dkt. 357-4) | • Redacted portions |

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to the Joint Letter Briefs themselves and supporting evidence attached thereto as further support for this Administrative Motion.

I.   **LEGAL ARGUMENT**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Briefs, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

Portions of the Joint Letter Briefs and corresponding supporting evidence contain Meta's confidential information, for which Meta requests sealing.

The redacted portions of Exhibit A to the RFA Joint Letter Brief are responses to Plaintiffs' Requests for Admission that Meta has designated "CONFIDENTIAL" under the Protective Order and refer to highly sensitive, non-public information concerning Meta's business practices surrounding its Llama models and the datasets used to train the Llama models. The redacted portions of the RFA Joint Letter Brief refer to these responses.

The redacted portions of the Crime-Fraud Joint Letter Brief describe, refer to, and quote from Meta witness testimony and documents produced by Meta in this case designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. These documents and testimony refer to highly sensitive, non-public information concerning Meta's internal methods and procedures relating to datasets used to train its Llama models and Meta's development of its Llama models. The redacted portions of Exhibit A to the Crime-Fraud Joint Letter Brief only cover highly sensitive information in Meta's privilege log, namely Meta employee names email addresses, non-public filenames, and non-public email subject lines. Exhibit B to the Crime-Fraud Joint Letter brief are excerpts of the deposition of Meta's CEO, Mark Zuckerberg, which has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order and discusses Meta's internal policies relating to the acquisition of data to train Meta's Llama models.

Exhibits B and C to the RFP Joint Letter Brief are excerpts of deposition testimony from Meta employees, marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." These excerpts discuss highly sensitive, confidential practices and processes surrounding training data for Meta's Llama models, including how that data was obtained, and the development of the Llama models. The redacted portions of the RFP Joint Letter Brief describe and quote from this testimony, as well as documents produced by Meta and marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. These portions similarly discuss Meta's confidential practices and processes surrounding its Llama models.

The redacted portions of Exhibits A and B to the Business Advice Joint Letter brief only cover highly sensitive information in Meta's privilege log, namely Meta employee names and email addresses, non-public filenames, and non-public email subject lines. The redacted portions of the Business Advice joint Letter Brief similarly only cover filenames or direct quotes from documents produced by Meta and designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Exhibits A–C to the Deposition Joint Letter Brief are excerpts of deposition testimony from Meta employees, marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." These excerpts discuss highly sensitive, confidential practices and processes surrounding Meta's Llama models and the datasets used to train them. The redacted portions of the Deposition Joint Letter Brief describe and quote from this testimony as well as documents produced by Meta and marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The redacted portions of Exhibit E to the Deposition Joint Letter Brief discuss Meta's confidential agreements as well as practices and procedures concerning its Llama models and the datasets used to train them.

The redacted portions of Exhibit A to the ROG Joint Letter Brief are responses to Plaintiffs' Interrogatories that Meta has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. These responses include highly sensitive details concerning Meta's business practices and business decisions relating to its Llama models, its internal development of its Llama models, and highly confidential details concerning Meta's business partnerships and agreements. The redacted portions of the ROG Joint Letter Brief refer to or describe the confidential information contained in these Interrogatory responses. The redacted portions of Exhibit D to the ROG Joint Letter Brief discuss confidential information concerning the Meta's use of certain datasets to train the Llama models.

Meta must request sealing of these materials, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF,

2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable). These sealing requests are critical to protect Meta's confidential sensitive technical and competitive information.

The specific basis for sealing these materials is outlined in the accompanying declaration of Meta's Associate General Counsel, Kyanna Sabanoglu. As outlined in Ms. Sabanoglu's declaration, public disclosure of the protected information contained in the materials Meta seeks to seal would cause competitive harm to Meta. Meta's proposed redactions and sealing requests are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Sabanoglu's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents). To the extent the materials Meta seeks to seal include non-confidential background information, sealing of such information within the context of the Joint Letter Briefs is necessary to maintain the confidentiality of Meta's protected information, as the discussion necessarily implies conduct by Meta which is highly sensitive, non-public, and which Meta has taken steps to keep confidential. Accordingly, this sealing request is critical to protecting Meta's confidential sensitive technical and competitive information.

## II. CONCLUSION

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed document accompany this Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant the Administrative Motion to Seal.

| | | |
|---|---|---|
| 1 | Dated: December 20, 2024 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/Colette Ghazarian* |
| 4 | | Bobby Ghajar<br>Philip Morton |
| 5 | | Mark Weinstein<br>Kathleen Hartnett |
| 6 | | Matthew Brigham<br>Judd Lauter |
| 7 | | Teresa Michaud<br>Liz Stameshkin |
| 8 | | Colette Ghazarian<br>Juan Pablo Gonzalez<br>Cole Poppell |
| 9 | | |
| 10 | | LEX LUMINA PLLC<br>Mark A. Lemley |
| 11 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 12 | | Angela L. Dunning |
| 13 | | Attorneys for Defendant<br>META PLATFORMS, INC. |

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:   (646) 898-2055