| | |
|---|---|
| 1 | COOLEY LLP<br>BOBBY GHAJAR (198719) |
| 2 | (bghajar@cooley.com)<br>TERESA MICHAUD (296329) |
| 3 | (tmichaud@cooley.com)<br>COLETTE GHAZARIAN (322235) |
| 4 | (cghazarian@cooley.com)<br>1333 2nd Street, Suite 400 |
| 5 | Santa Monica, California 90401<br>Telephone:    (310) 883-6400 |
| 6 | MARK WEINSTEIN (193043) |
| 7 | (mweinstein@cooley.com)<br>KATHLEEN HARTNETT (314267) |
| 8 | (khartnett@cooley.com)<br>JUDD LAUTER (290945) |
| 9 | (jlauter@cooley.com)<br>ELIZABETH L. STAMESHKIN (260865) |
| 10 | (lstameshkin@cooley.com)<br>3175 Hanover Street |
| 11 | Palo Alto, CA  94304-1130<br>Telephone:    (650) 843-5000 |
| 12 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 13 | ANGELA L. DUNNING (212047)<br>(adunning@cgsh.com) |
| 14 | 1841 Page Mill Road, Suite 250<br>Palo Alto, CA 94304 |
| 15 | Telephone: (650) 815-4131 |
| 16 | *Counsel for Defendant Meta Platforms, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>  Individual and Representative Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                       Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF KYANA SABANOGLU IN SUPPORT OF META'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEFS AND SUPPORTING EVIDENCE (DKTS. 352– 357)** |

I, Kyanna Sabanoglu, hereby declare:

1. I am Associate General Counsel, IP for Defendant, Meta Platforms, Inc. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would testify competently thereto.

2. I make this declaration in support of Meta's administrative motion to file under seal portions of joint letter briefs regarding (1) Meta's responses to Plaintiffs' Requests for Admission ("RFA Joint Letter Brief"), (2) the crime-fraud exception ("Crime-Fraud Joint Letter Brief"), (3) Meta's responses to Plaintiffs' Requests for Production ("RFP Joint Letter Brief"), (4) privilege log issues relating business advice ("Business Advice Joint Letter Brief"), (5) additional deposition time ("Deposition Joint Letter Brief"), and (6) Meta's responses to Plaintiffs' Interrogatories ("ROG Join Letter Brief") (collectively, the "Joint Letter Briefs") and certain supporting evidence submitted with the Joint Letter Briefs. The motion seeks to have the following partially sealed or entirely sealed:

| Document | Sealing Request |
|---|---|
| **RFA Joint Letter Brief** | • **Redacted portions** |
| Exhibit A to the RFA Joint Letter Brief | • Redacted portions |
| | |
| **Crime-Fraud Joint Letter Brief** | • **Redacted portions** |
| Exhibit A to Crime-Fraud Joint Letter Brief | • Redacted portions |
| Exhibit B to Crime-Fraud Joint Letter Brief | • Entire document |
| | |
| **RFP Joint Letter Brief** | • **Redacted portions** |
| Exhibit B to RFP Joint Letter Brief | • Entire document |
| Exhibit C to RFP Joint Letter Brief | • Entire document |
| | |
| **Business Advice Joint Letter Brief** | • **Redacted portions** |
| Exhibit A to Business Advice Joint Letter Brief | • Redacted portions |

| | |
|---|---|
| Exhibit B to Business Advice Joint Letter Brief | • Redacted portions |
| | |
| **Deposition Joint Letter Brief** | • **Redacted Portions** |
| Exhibit A to Deposition Joint Letter Brief | • Entire document |
| Exhibit B to Deposition Joint Letter Brief | • Entire document |
| Exhibit C to Deposition Joint Letter Brief | • Entire document |
| Exhibit E to Deposition Joint Letter Brief | • Redacted Portions |
| | |
| **ROG Joint Letter Brief** | • **Redacted portions** |
| Exhibit A to ROG Joint Letter Brief | • Redacted portions |
| Exhibit D to ROG Joint Letter Brief | • Redacted portions |

3. The redacted portions of Exhibit A to the RFA Joint Letter Brief are responses to Plaintiffs' Requests for Admission that Meta has designated "CONFIDENTIAL" under the Protective Order and refer to highly sensitive, non-public information concerning Meta's business practices surrounding its Llama models and the datasets used to train the Llama models.

4. The redacted portions of the RFA Joint Letter Brief refer to the confidential responses in Exhibit A to the RFA Joint Letter Brief.

5. The redacted portions of the Crime-Fraud Joint Letter Brief describe, refer to, and quote from Meta witness testimony and documents produced by Meta in this case designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. These documents and testimony refer to highly sensitive, non-public information concerning Meta's internal methods and procedures relating to datasets used to train its Llama models and Meta's development of its Llama models.

6. The redacted portions of Exhibit A to the Crime-Fraud Joint Letter Brief only cover highly sensitive information in Meta's privilege log, namely Meta employee names and email addresses, non-public filenames, and non-public email subject lines.

7. Exhibit B to the Crime-Fraud Joint Letter brief are excerpts of the deposition of

1  Meta's CEO, Mark Zuckerberg, which has been designated "HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY" under the Stipulated Protective Order and discusses Meta's internal
3  policies relating to the acquisition of data to train Meta's Llama models.

4      8.    Exhibits B and C to the RFP Joint Letter Brief are excerpts of deposition testimony
5  from Meta employees, marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
6  These excerpts discuss highly sensitive, confidential practices and processes surrounding training
7  data for Meta's Llama models, including how that data was obtained, and the development of the
8  Llama models.

9      9.    The redacted portions of the RFP Joint Letter Brief describe and quote from the
10  testimony in Exhibits B and C to the RFP Joint Letter Brief, as well as documents produced by
11  Meta and marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the
12  Stipulated Protective Order. These portions similarly discuss Meta's confidential practices and
13  processes surrounding its Llama models, the data used to train Meta's Llama models, and its
14  internal data systems.

15      10.    The redacted portions of Exhibits A and B to the Business Advice Joint Letter brief
16  only cover highly sensitive information in Meta's privilege log, namely Meta employee names and
17  email addresses, non-public filenames, and non-public email subject lines.

18      11.    The redacted portions of the Business Advice joint Letter Brief similarly only cover
19  filenames or direct quotes from documents produced by Meta, which are designated "HIGHLY
20  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21      12.    Exhibits A–C to the Deposition Joint Letter Brief are excerpts of deposition
22  testimony from Meta employees, marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23  ONLY." These excerpts discuss highly sensitive, confidential practices and processes surrounding
24  Meta's Llama models and the datasets used to train them.

25      13.    The redacted portions of the Deposition Joint Letter Brief describe and quote from
26  the testimony in Exhibits A–C as well as documents produced by Meta and marked "HIGHLY
27  CONFIDENTIAL – ATTORNEYS' EYES ONLY." These documents similarly discuss Meta's

highly sensitive, confidential practices and processes surrounding its Llama models, including internal decision-making relating to those practices and processes.

14. The redacted portions of Exhibit E to the Deposition Joint Letter Brief discuss Meta's confidential agreements as well as practices and procedures concerning its Llama models and the datasets used to train them. Much of the redacted information reflects or is based on deposition testimony from Meta witnesses, Meta's written discovery responses, or documents produced by Meta that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order.

15. The redacted portions of Exhibit A to the ROG Joint Letter Brief are responses to Plaintiffs' Interrogatories that Meta has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. These responses include highly sensitive details concerning Meta's business practices and business decisions relating to its Llama models, its internal development of its Llama models, including highly technical details regarding such development, and highly confidential details concerning Meta's business partnerships and agreements.

16. The redacted portions of the ROG Joint Letter Brief refer to or describe the confidential information contained in the redacted Interrogatory responses in Exhibit A to the ROG Joint Letter Brief.

17. The redacted portions of Exhibit D to the ROG Joint Letter Brief discuss confidential information concerning the Meta's use of certain datasets to train the Llama models.

18. Public disclosure of the information contained in the redacted portions of the Joint Letter Briefs and the corresponding exhibits and declarations exposes Meta to the risk of competitive and financial harm by revealing Meta's non-public business strategies and decisions, internal practices and processes, technical details, and trade secret information pertaining to its generative AI offerings. For this reason, Meta takes steps to carefully protect the confidentiality of this sort of information.

19. To the extent the materials Meta seeks to seal include non-confidential background information, sealing of such information within the context of the Joint Letter Briefs is necessary

to maintain the confidentiality of Meta's protected information, as the discussion necessarily implies conduct by Meta which is highly sensitive, non-public, and which Meta has taken steps to keep confidential. Accordingly, this sealing request is critical to protecting Meta's confidential sensitive technical and competitive information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on this 20th day of December, 2024.

_____
Kyanna Sabanoglu