# EXHIBIT D

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson, | Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT META** |
| v. | |
| Meta Platforms, Inc., a Delaware corporation; | |
| *Defendant.* | |

In accordance with Federal Rules of Civil Procedure Rules 26 and 34, Plaintiffs, by and through their undersigned attorneys, hereby request that Defendant Meta produce for inspection and copying, within thirty days of service, the documents and things described below, in accordance with the following definitions and instructions. Plaintiffs request that Defendant Meta produce documents and other things described below electronically or at the offices of Joseph Saveri Law Firm, LLP, 601 California Street, Suite 1000, San Francisco, California 94108.

## **DEFINITIONS**

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3.      "Communications" means oral or written communications of any kind, communicated directly or indirectly, Including, without limitation, inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (Including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" Includes instances where one party disseminates information that the other party receives but does not respond to.

4.     "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' First Amended Complaint. ECF No. 64.

5.     "Concerning" refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

6.     "Defendant" means Defendant Meta Platforms, Inc.

7.     "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, Including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This Includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;

- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, Including, without limitation, photographs,

microfiche, microfilm, videotapes, recordings, drawings, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device Including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

8.    "Identify" as it pertains to Persons means to describe each Person by name, residence address, residence telephone number, occupation, title, business address, and business telephone number. The term "Identify" as pertains to Documents means to state, to the extent known, the date the Document bears, if any; the title of the Document; the author(s) of the Document; the recipient(s) of the Document and the present location(s) or custodian of the Document.

9.    "Including" and "Includes" are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "Including" and "Includes" shall be construed as if followed by the phrase "but not limited to."

10.    "Llama 1" means the series of language models originally styled "LLaMA" and released by Meta in February 2023, as well as precursor models and variant models.

11.    "Llama 2" means the series of language models of the same name released by Meta in July 2023, as well as precursor models and variant models.

12.    "Llama 3" means the series of language models of the same name intended as a successor to Llama 2 and currently in development at Meta (according to a public statement by Meta in October 2023), as well as precursor models and variant models.

13.    "Meta" means Meta Platforms, Inc., their respective parents, owners, directors, subsidiaries and any company, business entity or person in which any of them possess an ownership interest greater than five percent.

14.    "Meta Language Models" means the series of large language models known as Llama 1, Llama 2, and Llama 3, as well as their precursor models and variant models.

15.    "OCR" means optical character recognition.

16.    "Person" means any natural person or any business, legal, or governmental entity or

association.

17.    "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

18.    "RLHF" means "reinforcement learning from human feedback."

19.    "Training Data" means textual or other material used, or considered for use, as input to a machine-learning model to achieve or improve its performance during any phase of its development, Including pretraining, training, validation, testing, fine-tuning, and alignment.

20.    "You" or "Your" refers to and includes the specific Defendant producing documents in response to these Requests, its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

## INSTRUCTIONS

1.    Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2.    Unless superseded by a mutually-agreed-upon stipulation, the following provisions shall generally govern the production format and procedure for Hard Copy Documents and images:

    a.    All Documents originating in hardcopy format will be produced as black-and-white or color (if originally in color), single-page, 300 dpi Group IV tagged image file format ("TIFF") images, with OCR text and related path provided in document level text files.

    b.    In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The Producing Party will use reasonable efforts to unitize documents correctly.

    c.    Where a document, or a document group – such as folder, clipped bundle, or binder – has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

d.  Productions of the images shall be made using an image load file (.OPT or .LFP) and a delimited database/Metadata load file (.DAT), pursuant to any agreement to be made by the Parties or in accordance with any Stipulated Order Regarding ESI Protocol and Production of ESI and Paper Documents ("ESI Protocol") to be entered by the Parties.

e.  YOU will utilize best efforts to ensure that paper records for a particular custodian, which are included in a single production, are produced in consecutive Bates-stamp order.

3.  Unless superseded by a mutually-agreed-upon stipulation regarding the production of ESI, All Documents shall be produced in accordance with the specifications below except for source code, which may be produced in accordance with the specifications below.

a.  Where technically feasible, emails shall be produced in TIFF format. TIFFs shall be produced as true color, single-page Group IV TIFF in 8½ X 11-inch page size images at a resolution of at least 300 DPI with the quality setting of 75% or higher.

b.  When producing documents in TIFF format, the image files shall be produced along with Concordance/Opticon image load files, linking the images to the corresponding document that indicate the beginning and ending of each document, showing the Bates number of each page and the appropriate unitization of the documents.

c.  Each image file of an electronic document will be created directly from the original electronic document. Image files shall show all text and images that would be visible in the original electronic format (Native Format), including redlines and speaker notes.

d.  All TIFF files are to be provided with an accompanying searchable text (.TXT) file extracted from the native, electronic file (not generated as an OCR file from the TIFF image(s)), and such text files shall contain the full text extraction. To the extent technically feasible, extracted text shall provide all comments, tracked

changes, speaker's notes, and text from hidden worksheets, slides, columns and rows. In the case of files with redacted text, OCR'ed text of the redacted documents may be provided in lieu of extracted text. OCR software should be set to the highest quality setting during processing.

e.  All documents shall be produced in their original language. For documents in foreign languages, the OCR shall be performed using an OCR tool and settings suitable for the particular byte or multi-byte languages.

f.  Each text file shall be named according to the Bates number of the first page of the corresponding image files (e.g., BATES000001.TXT).

g.  Microsoft Word Documents (or similar) (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced as a single color PDF file for each Document, containing all images for that document, and should be imaged in a manner that captures track changes and comments. To the extent Plaintiffs believes the converted image format distorts, omits, or causes information to be improperly displayed, Plaintiffs may request the Document in Native Format and the Parties shall meet and confer to attempt to resolve the problem(s).

h.  In the case of email, the corresponding text file shall include, where reasonably available: (1) the individual(s) to whom the communication was directed ("To"); (2) the author(s) of the email communication ("From"); (3) who was copied and blind copied on such email ("CC" and "BCC"); (4) the subject line of the email ("RE" or "Subject"); (5) the names of any attachments; and (6) the text (body) of the email.

i.  The following ESI shall be produced in native file format:

    i.  Excel files;

    ii.  Text message files;

    iii.  Presentation files (e.g., PowerPoint);

    iv.  Personal databases (MS Access);

    v.  Audio/video files;

6

      vi.  Web pages;

     vii.  Animations;

   viii.  Source code.

j.  To the extent responsive text messages are being produced, they will be produced in a reasonable usable format. You will disclose its production format of text messages to the Plaintiffs prior to the production of text messages. Plaintiffs retain their rights to meet and confer on the production format to address any concerns.

k.  The Parties reserve the right to request production of other ESI types in Native Format, for example, that documents be produced in Microsoft Word, in addition to TIFF images. The Parties agree to meet and confer regarding such requests.

l.  PowerPoint or other presentation files should be produced in Native Format as (e.g., as .PPT files). PowerPoint presentations shall also be produced in full-slide image format, along with speaker notes (which should follow the full images of the slides) with related searchable text, Metadata, and bibliographic information.

m.  In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production.

n.  ESI shall be processed in a manner that preserves hidden columns or rows, hidden text, worksheets, notes, tracked changes, and comments. Any Party seeking a deviation from this provision must provide notice to other Parties and the Parties agree to meet and confer regarding such requests.

o.  The Parties will meet and confer about objective coding fields and Metadata that will be produced for all ESI—including ESI produced in TIFF or Native Format, and any such Metadata will be produced in accordance with the Parties' agreement or in accordance with any ESI Protocol to be agreed upon by the Parties.

p.  Any Document produced in native format, will be produced according to the

following specifications:

   i.   A unique Bates number and confidentiality designation shall be used as the file name and the original file name and file extension shall be preserved in the corresponding load file. An example of this convention would be: "BATES000001_HighlyConfidential.xls"

  ii.   The native format Documents shall be accompanied by reference information that sets forth for each document, sufficient information to allow the Parties to track and authenticate the native format documents produced, including: (i) the name of the custodian from whose files the electronic file is produced; (ii) an appropriately calculated "MD-5 Hash Value"; (iii) the original name of the file; and (iv) a Bates number.

 iii.   In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the native file. For any native format documents that cannot be imaged or where the image is produced as a separate document, a single page placeholder image shall be provided that indicates the file was produced in native format and contains the Bates number and confidential designation, if any, of the corresponding file.

 iv.   In order to preserve the integrity of any file produced in Native Format, no Bates number, confidentiality designation or internal tracking number should be added to the body of the Native Format document unless otherwise agreed to between the Producing Party and the Receiving Party during any meet and confer related to the production of that Native Format document.

  v.   Plaintiffs may also request that You produce additional file types of electronic Documents in Native Format where converted image formats distort or otherwise cause information to be improperly displayed. The Parties shall meet and confer regarding such requests in good faith and

PLAINTIFFS' FIRST SET OF RFPS TO DEFENDANT META

cooperation.

4.      These Requests for Productions should be deemed continuing such that if Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

5.      If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

6.      If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

7.      If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

8.      In responding to these Requests for Production, You are to Include Documents (1) obtained from witnesses who gave information to any governmental agency or investigatory body, including Congress; (2) that constitute, refer or relate to summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation, including before Congress; or (3) obtained on Your behalf in preparation for testimony or interviews before any governmental agency or investigatory body, including Congress.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

The Training Data for Llama 1.

**REQUEST FOR PRODUCTION NO. 2**

The Training Data for Llama 2.

**REQUEST FOR PRODUCTION NO. 3**

The Training Data for Llama 3.

**REQUEST FOR PRODUCTION NO. 4**

The Training Data comprising the "Books3" dataset referenced in the paper "LLaMA: Open and Efficient Foundation Language Models," and all Documents and Communications Concerning Your selection and assembly of this dataset.

**REQUEST FOR PRODUCTION NO. 5**

The Training Data comprising the "Gutenberg" dataset referenced in the paper "LLaMA: Open and Efficient Foundation Language Models", and all Documents and Communications Concerning Your selection and assembly of this dataset.

**REQUEST FOR PRODUCTION NO. 6**

Documents and Communications to, from, or with Project Gutenberg Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 7**

Documents and Communications to, from, or with Library Genesis (aka LibGen) Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 8**

Documents and Communications to, from, or with Z-Library (aka B-ok) Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 9**

Documents and Communications to, from, or with Sci-Hub Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 10**

Documents and Communications to, from, or with Bibliotik Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 11**

Documents and Communications to, from, or with The Eye Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 12**

Documents and Communications to, from, or with Anna's Archive Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 13**

Documents and Communications to, from, or with Hugo Touvron Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 14**

Documents and Communications to, from, or with Aurélien Rodriguez Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 15**

Documents and Communications to, from, or with Tim Dettmers Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 16**

Documents and Communications to, from, or with Luke Zettlemoyer Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 17**

Documents and Communications to, from, or with Shawn Presser Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 18**

Documents and Communications to, from, or with Stella Biderman Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 19**

Documents and Communications to, from, or with Leo Gao Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 20**

Documents and Communications to, from, or with EleutherAI Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 21**

Documents and Communications to, from, or with Yann LeCun Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 22**

Documents and Communications to, from, or with John Carmack Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 23**

Documents and Communications to, from, or with Andrew Bosworth Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 24**

Documents and Communications to, from, or with Chris Cox Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 25**

Documents and Communications to, from, or with Jennifer Newstead Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 26**

Documents and Communications to, from, or with Ahmad Al-Dahle Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 27**

Documents and Communications to, from, or with Mark Zuckerberg Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 28**

Documents and Communications to, from, or with Marc Andreessen Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 29**

Documents and Communications to, from, or with Microsoft Corporation Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 30**

Documents and Communications to, from, or with OpenAI Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 31**

Documents and Communications to, from, or with Anthropic Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 32**

Documents and Communications to, from, or with Dell Inc. Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 33**

Documents and Communications to, from, or with Cloudflare, Inc. Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 34**

Documents and Communications to, from, or with Qualcomm Incorporated Concerning Training Data.

**REQUEST FOR PRODUCTION NO. 35**

Documents and Communications to, from, with, or Concerning Shawn Presser's involvement with either Books3, The Pile, any Meta Language Model, or anyone on Meta's AI team.

**REQUEST FOR PRODUCTION NO. 36**

All Documents and Communications Concerning any named Plaintiff's work being used as input for the Meta Language Models, or their work (or portions thereof) being reproduced in the output of any Meta Language Model.

**REQUEST FOR PRODUCTION NO. 37**

All Training Data authored by any named Plaintiff in the Complaint.

**REQUEST FOR PRODUCTION NO. 38**

All contracts, promissory notes, loans, obligations, estoppels, reservations of rights, investment agreements, shareholder agreements, shareholder rights agreements, purchase agreements, Or other agreements, including any drafts, between or among You and:

a.  Any of Meta Platforms Inc.'s parent companies, subsidiaries, affiliates, and affiliates;

b.  Any officer or director of any of Meta Platforms Inc.'s parent companies, subsidiaries, affiliates, and affiliates;

c.  Any third parties involved in training any of the Meta Language Models;

d.  Any third parties involved in testing any of the Meta Language Models; Or

e.  Any third parties involved in creating filters for the Meta Language Models' output.

**REQUEST FOR PRODUCTION NO. 39**

All Communications Concerning the contracts, promissory notes, loans, obligations, estoppels reservations of rights, investment agreements purchaser agreements, or other Agreements responsive to the immediately preceding request.

**REQUEST FOR PRODUCTION NO. 40**

All Documents that describe the formation Or constitution of You, Including partnership agreements, shareholder agreements, shareholder rights agreements, articles of incorporation, certificates or plans of dissolution, operating agreements, bylaws, capitalization tables, shareholder registers, secretary of state filings, Or nonprofit registrations.

**REQUEST FOR PRODUCTION NO. 41**

All Documents You have provided to the United States Senate in response to the letter You received from Senators Josh Hawley and Richard Blumenthal on or around June 6, 2023.

**REQUEST FOR PRODUCTION NO. 42**

All Documents You have provided to any United States regulatory body, Including state or local regulatory Documents, voluntarily or otherwise, regarding the Meta Language Models.

**REQUEST FOR PRODUCTION NO. 43**

All Documents and Communications Concerning the "AI Insight Forum" held on September 13, 2023 and organized by Sen. Charles Schumer.

**REQUEST FOR PRODUCTION NO. 44**

All Documents You have provided to any governmental entity, elected officeholder, or appointed official, Including state or local regulatory Documents, voluntarily or otherwise, regarding generative AI, Training Data, the Meta Language Models, and all related Communications.

**REQUEST FOR PRODUCTION NO. 45**

All Documents and Communications Concerning any licensing, accreditation, or attribution mechanism, or similar tool for crediting, compensating, or seeking consent from owners of copyrighted works that were used to train the Meta Language Models.

**REQUEST FOR PRODUCTION NO. 46**

All Documents and Communications sufficient to show Your actual or projected income from the sale or licensing of the Meta Language Models.

**REQUEST FOR PRODUCTION NO. 47**

All Documents and Communications Concerning the action entitled *Huckabee et al. v. Meta Platforms, Inc.*, Case No. 1:23-cv-09152 (S.D.N.Y), Including any Documents and Communications You produce, or have produced, to any parties (or third-parties) in that action.

**REQUEST FOR PRODUCTION NO. 48**

All Documents You relied on in responding to Plaintiffs' Interrogatory No. 14, served concurrently herewith.

**REQUEST FOR PRODUCTION NO. 49**

All Documents and Communications Concerning the decision to release the Meta Language Models under what Meta calls an "open source" license.

**REQUEST FOR PRODUCTION NO. 50**

All Documents and Communications Concerning any individuals or entities who have been given access to, or denied or limited access from, Llama 1 or Llama 2.

Dated: December 27, 2023

By:  ___/s/ Joseph R. Saveri___
          Joseph R. Saveri
Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
       czirpoli@saverilawfirm.com
       cyoung@saverilawfirm.com
       hbenon@saverilawfirm.com
       kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:          mb@butToricklaw.com

Bryan L. Clobes (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Tel: 215-864-2800
bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: 312-782-4880
          asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

## PROOF OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1000, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On December 27, 2023, I caused the following documents to be served by email upon all persons appearing on the attached Service List:

- **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT META**

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 27, 2023.

_____

Ruby Ponce

1

## SERVICE LIST

2
Bobby A. Ghajar
Colette Ani Ghazarian

3
**COOLEY LLP**
1333 2nd Street, Suite 400

4
Santa Monica, CA 90401
Email: bghajar@cooley.com

5
      cghazarian@cooley.com

6

7
Kathleen R. Hartnett
**COOLEY LLP**

8
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004

9
Email: khartnett@cooley.com

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28