COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                  Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPLEMENTAL JOINT LETTER BRIEF AND SUPPORTING EVIDENCE** |

Pursuant to Civil Local Rule 79-5, Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal a confidential, unredacted version of the parties' Supplemental Joint Letter Brief concerning Meta's response to Plaintiffs' Requests for Production No. 118 ("Joint Letter Brief") and supporting evidence submitted with the Joint Letter Brief. Meta respectfully submits that good cause exists for the filing of these materials under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Kyanna Sabanoglu in support of this Administrative Motion to File Under Seal.

The following chart lists the documents for which Meta requests sealing – in whole or in part – in order to protect Meta's confidential business information.

| Document | Sealing Request |
| --- | --- |
| Joint Letter Brief | • Redacted portions |
| Exhibit A to Joint Letter Brief | • Entire document |
| Exhibit B to Joint Letter Brief | • Entire document |
| Exhibit C to Joint Letter Brief | • Redacted portions |

A [Proposed] Order is filed concurrently herewith, and Meta refers the Court to the Joint Letter Brief itself and supporting evidence attached thereto as further support for this Administrative Motion.

I.    LEGAL ARGUMENT

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats documents "attached to dispositive motions differently from records [*i.e.*, documents] attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the Parties' Joint Letter Briefs, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the

interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

Portions of the Joint Letter Brief and corresponding supporting evidence contain Meta's confidential information, for which Meta requests sealing. Exhibits A and B to the Joint Letter Brief are excerpts of the transcripts of the depositions of Meta employees, which have been marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. These excerpts include discussion of Meta's highly sensitive internal practices and processes relating to the development of its Llama models, including, in particular, the training of the models. The redacted portions of the Joint Letter Brief itself refer to and describe this deposition testimony and include further discussion of Meta's highly confidential internal processes relating to the training of its Llama models. The redacted portions of Exhibit C to the Joint Letter Brief discuss confidential information concerning Meta's use of certain datasets to train the Llama models.

Meta must request sealing of these materials, as this information is highly confidential, and Meta takes steps to carefully protect the confidentiality of information of this sort as disclosure has the potential to cause significant competitive injury to Meta. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable). These sealing requests are critical to protect Meta's confidential sensitive technical and competitive information.

The specific basis for sealing these materials is outlined in the accompanying declaration of Meta's Associate General Counsel, Kyanna Sabanoglu. As outlined in Ms. Sabanoglu declaration, public disclosure of the protected information contained in the materials Meta seeks to seal would cause competitive harm to Meta. Meta's proposed redactions and sealing requests are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Sabanoglu's declaration. In each instance, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013

WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where the defendant's interest in "maintaining the confidentiality of information about its technology and internal business operations" outweighed that of the public in accessing such documents). Accordingly, this sealing request is critical to protecting Meta's confidential sensitive technical and competitive information.

## II. CONCLUSION

Pursuant to Civil Local Rule 79-5, as appropriate, redacted and unredacted versions of the above-listed document accompany this Administrative Motion. For the foregoing reasons, Meta respectfully requests that the Court grant the Administrative Motion to Seal.

Dated: December 23, 2024

COOLEY LLP

By: */s/Colette Ghazarian*
Bobby Ghajar
Philip Morton
Mark Weinstein
Kathleen Hartnett
Matthew Brigham
Judd Lauter
Teresa Michaud
Liz Stameshkin
Colette Ghazarian
Juan Pablo Gonzalez
Cole Poppell

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone:     (646) 898-2055

312391077