UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 23-cv-03417-VC<br><br>**ORDER RE META'S SEALING REQUESTS**<br><br>Re: Dkt. Nos. 301, 328, 347, 368 |

      The plaintiffs have filed a motion for leave to file an amended complaint, scheduled to be heard tomorrow. Meta requests that significant portions of the motion and opposition be redacted, and the plaintiffs have proposed similar redactions to the reply based on Meta's designations of protected materials. Meta's request is preposterous. With one possible exception, there is not a single thing in those briefs that should be sealed. The possible exception is the document title beginning with the phrase "Fair-Use Lib" that appears in Footnote 5 of the opposition, but even that seems dubious.

      It is clear that Meta's sealing request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage. Rather, it is designed to avoid negative publicity. This is reflected in a statement by a Meta employee from one of the documents Meta seeks to seal: "If there is media coverage suggesting we have used a dataset we know to be pirated, such as LibGen, this may undermine our negotiating position with regulators on these issues." Dkt. No. 347-3.

      By the end of today, the parties must file unredacted versions of the motion, opposition, and reply. If Meta chooses to redact the above-referenced document title from Footnote 5, its filing

must be accompanied by a detailed declaration explaining precisely how disclosure of that title would expose Meta to competitive harm. But no other portions of the briefs may be redacted.

As for the other sealing requests—relating to the proposed amended complaint, the exhibits filed in connection with the briefing on the motion for leave to amend the complaint, and the motion for relief from Judge Hixson's order and accompanying exhibit (which the plaintiffs redacted and sealed in accordance with Meta's designations)—they are denied without prejudice to submitting a revised sealing request by Monday, January 13. If Meta again submits an unreasonably broad sealing request, all materials will simply be unsealed.

One final comment. Between this sealing request and assertions in Meta's opposition brief such as "[t]hat document expressly discusses torrents and seeding," Opp. at 7, the Court is becoming concerned that Meta and its counsel are starting to travel down a familiar road. *See In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 655 F. Supp. 3d 899 (N.D. Cal. 2023).

**IT IS SO ORDERED.**

Dated: January 8, 2025

VINCE CHHABRIA
United States District Judge