COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, California 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

Counsel for Defendant Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSE TO COURT'S ORDER OF JANUARY 6, 2025 [DKT. 370][1]** |

---

[1] This version corrects ECF 375, which had a formatting issue and incorrect footer.

Pursuant to the Court's January 6, 2025 Order (Dkt. 370), Meta Platforms, Inc. ("Meta") hereby addresses the portions of Plaintiffs' motion for relief from Judge Hixson's December 20, 2025 Order (Dkt. 351) regarding seeding, a blocklist, and the related deposition of Michael Clark.[2]

Judge Hixson's Order – which was based on a review of the record and fulsome briefing, rather than the snippets and innuendo in Plaintiffs' motion for review – is far from being "clearly erroneous or contrary to the law," but rather is well-supported by the record. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (cleaned up).  This Court should not set aside Judge Hixson's factual determinations unless "it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (cleaned up); *Grimes*, 951 F.2d at 241 (the district court "may not simply substitute its judgment" for that of the magistrate judge).  Without identifying any such "mistake," Plaintiffs seek additional 30(b)(6) witness testimony on the topics of "seeding" and Meta's blocklist. However, Meta produced all discovery on these topics to which Plaintiffs are entitled, and though "seeding" was not a particularized subject of any 30(b)(6) topic Plaintiffs served, Meta's witness *was* prepared to discuss it, and Plaintiffs' counsel inexplicably chose not to examine him further. Plaintiffs have not—and cannot—meet their burden to set aside Judge Hixson's well-reasoned order as to these issues.  The motion should be denied.

## I. "Seeding" Was Not Covered by Plaintiffs' 30(b)(6) Topics and is Not Relevant

The record supports Judge Hixson's determination that seeding does not fall within any of Plaintiffs' 30(b)(6) topics.  (Dkt. 351 at 6.)  Plaintiffs point to Topic 1 ("Meta's access to, identification of, assembly, processing, and/or curation of datasets to train its Large Language Models")[3], Topic 2 ("Meta's access, copying, reproduction and/or use of the datasets")[4], and Topic 8 ("Meta's efforts to acquire text data to train the Meta Language Models") as supporting their

---

[2] The Jan. 6 Order refers to the "Kerr deposition," which is not referenced in the parties' joint letters (Dkts. 335–336) or Plaintiffs' motion for relief (Dkt 367).  Meta understands this to refer to Mr. Clark, who testified on both matters at issue.
[3] Dkt. 335-4 at 3.  For Topic 1, Meta agreed to "designate one or more witnesses to testify generally regarding Meta's selection, downloading, assembly, and processing of text datasets used to pretrain the Meta Language Models." *Id.* at 4.  Plaintiffs did not object to this narrowing.
[4] Meta also agreed to a narrowing of Topic 2 to testify generally regarding Meta's "use" and "storage" of certain datasets, as well as the contents of those datasets and communications about them,, to which Plaintiff did not object. Dkt. 335-4 at 4–5.

demand for 30(b)(6) testimony on seeding. But these broad and vaguely worded topics do not reference "seeding" or the "uploading" or "distribution" of datasets. Nor do they support Plaintiffs' claim that their notice "sought 30(b)(6) testimony concerning exactly which clients were used, what was seeded, to whom, and other technical details." Dkt. 335 at 1.)

"If a party wishes to bind a corporation to Rule 30(b)(6) testimony, it must serve a **sufficiently specific notice** to apprise the corporation of the topics that will be covered." *Jacksen v. Chapman Scottsdale Autoplex, LLC*, 2023 WL 142533, at *3 (D. Ariz. Jan. 10, 2023) (emphasis added); *accord ChriMar Sys. Inc. v. Cisco Sys. Inc*, 312 F.R.D. 560, 563 (N.D. Cal. 2016). Otherwise, *"*if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *Detoy v. City and Cty. of San Francisco,* 196 F.R.D. 362, 366–67 (N.D. Cal. 2000) (citation omitted).

These principles dictate rejection of Plaintiffs' request for further testimony on seeding. Plaintiffs served their Amended 30(b)(6) Notice on October 8. Contrary to their representations to the Court, none of the topics in this notice "specifically" cover seeding (Dkt. 335 at 1). And, despite having met and conferred on the scope of the topics, followed by motion practice (Dkt. 247), neither "seeding" nor any similar concept was raised by Plaintiffs in the context of 30(b)(6) topics or testimony until counsel questioned Mr. Clark about seeding on November 19, Lauter Decl. ¶ 4, and written discovery was limited to a single document request about the "decision" to torrent.

Plaintiffs' argue in their Motion that, had "Meta cleanly objected to seeding as falling outside the 30(b)(6) notice, Plaintiffs would have filed a letter brief long ago challenging that objection and, if necessary, seeking to add 'seeding' as its own Rule 30(b)(6) topic." Mot at 3. This revisionist argument fails for several reasons. ***First***, Meta had no reason to believe these topics covered seeding and thus had no obligation or reason to object in advance to testimony that Plaintiffs' notice did not seek. ***Second***, when Plaintiffs first broached the issue of seeding—at Mr. Clark's deposition, despite the lack of notice—***Meta's counsel objected*** that Plaintiffs' inquiry into specific details of seeding was beyond the scope of their 30(b)(6) topics. *See* Dkt. 335-6 at 356:14–357:17 ("I don't read the topics to include that nor I don't think reasonably put him on notice"). ***Third***, Plaintiffs' request for further testimony on this topic conflicts with their representation in

their motion to amend that their proposed amendments regarding seeding do ***not*** require any new discovery.  *See* Dkt. 301-2 at 7 ("[T]hese claims are premised entirely on … deposition testimony already provided by Meta.")

While objecting at Mr. Clark's deposition that Plaintiffs' 30(b)(6) topics did not encompass seeding, Meta's counsel also told Plaintiffs that any questions about seeding should be put to a different witness, Nikolay Bashlykov, who was designated on Topic 7 and whom Mr. Clark had identified as involved with the datasets at issue.  Dkt. 335-6 at 394:2-9.  Mr. Bashlykov was directly involved in the dataset download process that, according to Plaintiffs, resulted in the alleged seeding.  *See, e.g.*, Dkt. 335-8 at 132:1-12 (personal involvement in downloading).  Mr. Bashlykov also spoke with several Meta employees and reviewed numerous documents to prepare.  Dkt. 335-9 at 18:3–21:6; 49:22–50:18 ("I refreshed my knowledge of the work I did [and] … looked into the internal documentation."); *Tradeshift, Inc. v. Buyerquest, Inc.*, 2021 WL 2222811, at *1 (N.D. Cal. June 2, 2021) ("The amount of preparation that is necessary for a Rule 30(b)(6) deposition depends on the nature of the topics and what information the witness already knows or can remember.").  Rather than evincing a lack of knowledge regarding seeding, Mr. Bashlykov in fact confirmed that, based on this preparation, he was not aware of any evidence of seeding and testified about steps Meta took to ***prevent*** seeding.  Dkt. 335-9 at 53:14–55:21, 152:3-13.  Given their present complaints, Plaintiffs' counsel inexplicably chose ***not*** to ask Mr. Bashlykov follow-up questions on these subjects, including about the details of the dataset download process he spearheaded.  *Id.* at 153:3-4.  Plaintiffs instead unilaterally decided that Mr. Bashlykov was not prepared and elected to forgo asking him about relevant documents.  *Id.* at 150:14-22 ("I had several documents today that I had planned to talk with Mr. Bashlykov about that I'm not going to discuss with him…."); *id.* at 152:3-13 (witness confirming that he was prepared but not asked questions about documents he had reviewed and about "measures Meta took to prevent the seeding of sci-mag pursuant to the bit torrent process" that he employed).  That Plaintiffs did not obtain the answers they wanted from Mr. Bashlykov, and failed to fully question him on issues on which he was prepared, are not grounds to order further 30(b)(6) testimony, particularly where Plaintiffs fully exhausted their entire allotment of 30(b)(6) deposition time on other matters.

Separately, Judge Hixson correctly determined that "seeding" is not a relevant issue in this case. Dkt. 351 at 6. There is presently no claim against Meta for purported seeding of Plaintiffs' asserted works.[5] Plaintiffs contend that seeding is nevertheless relevant because Meta allegedly engaged in copying their works in downloading them via torrents and, in their view, torrenting is "brazen and illegal conduct" that necessarily entails seeding. Dkt. 367 at 1. But torrenting is simply a means of downloading data; it is not inherently wrongful. Plaintiffs proffer no support for their claim that it requires seeding. More critically here, Plaintiffs cite no evidence that *their works* were torrented, let alone seeded. To the contrary, Mr. Bashlykov testified only that the "sci-mag" portion of Libgen (*i.e.*, a corpus of scientific "articles") was downloaded using torrents. *Id*. at 46:15-22, 90:13-16. Thus, *even if* it were the case that torrenting always resulted in seeding (it is not), Plaintiffs have no evidence that Meta torrented (or seeded) books, much less their books.

The Court should sustain Judge Hixson's sound conclusions that Plaintiffs did not properly seek 30(b)(6) testimony on seeding and are not entitled to further testimony on that topic.

**II.   Meta Appropriately Objected to the Disclosure of Attorney Advice About the Blocklist; It Did Not Assert Privilege Over the List's Existence or Contents**

Plaintiffs assert for the first time in their motion for review that Meta improperly "asserted privilege over a 'blocklist,'" using this new argument to demand not only further 30(b)(6) testimony on mitigations, but also production of the blocklist. These issues were not raised in the joint letter that was the subject of Judge Hixson's order (see Dkt. 366), and therefore are not properly before the Court. Plaintiffs' requested relief should be denied on that basis alone.

Plaintiffs' request, which is premised on falsehoods, also fails on the merits. The attorney-client privilege does not protect from disclosure the fact that something occurred, *State Farm Fire & Cas. Co. v. Superior Court*, 54 Cal. App. 4th 625, 640, (1997), but it **does** protect the substance of legal guidance about factual matters. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("A fact is one thing and a communication concerning that fact is an entirely different thing."); *accord Zurich Am. Ins. Co. v. Sup. Ct.*, 155 Cal. App. 4th 1485, 1504 (2007).

Meta carefully adhered to this distinction in connection with 30(b)(6) testimony about the

---

[5] Plaintiffs are seeking to add claims about torrenting and seeding (Dkt. 300), but those claims are not presently in the case, and, as detailed in Meta's opposition (Dkt. 329), Plaintiffs' new claims are untimely and inadequately pleaded.

"blocklist." Contrary to Plaintiffs' allegations (Mot. at 5), Meta did not seek to prevent disclosure of facts about the blocklist or the blocklist itself.[6] During his 30(b)(6) testimony, Plaintiffs asked Mr. Clark a number of questions about the list, and he freely discussed the existence of the list and its contents without any assertion of privilege. Ex. 1. It was only when Plaintiffs asked *why* certain domains were not included on the list that Meta properly objected on privilege grounds. Dkt. 367-2. Mr. Clark explained that "[t]he block list is created and developed as guidance from counsel, and so I can't answer *that* part of it." *Id*. In other words, an explanation would have required disclosure of the substance of legal guidance. In short, Meta's demarcation between *what* it did on the basis of attorney advice and *why* it did it is exactly how privilege is supposed to work. Thus, Plaintiffs' argument that privilege "does not extend to actions taken based on [legal] advice," while generally correct, does not identify any error in Judge Hixson's ruling. Dkt. 367 at 5 (citing *In re MacBook Keyboard Litig.*, 2020 WL 1265629, at *3 (N.D. Cal. Mar. 17, 2020)).[7]

Plaintiffs also seek an order compelling Meta to produce the blocklist despite never having raised this issue during meet and confers, Mr. Clark's deposition, or in the parties' joint letter addressing Meta's privilege claims. *See* Dkt. 336. To be sure, this request is especially unfounded given that Meta in fact ***produced*** multiple copies of the blocklist in advance of Mr. Clark's 30(b)(6) deposition (*see* Meta_Kadrey_00156958 and Meta_Kadrey_00156982), Contrary to the suggestion in their brief, Plaintiffs had those blocklists and chose not to ask any questions about them during the 17 hours Mr. Clark was on the record. There is no clear error in Judge Hixson's finding that seeding is not relevant and was not encompassed by Plaintiffs' 30(b)(6) topics, or his conclusion that Meta appropriately distinguished between facts and privileged communications.

---

[6] Plaintiffs similarly misrepresented to the Court that Meta "asserted privilege over its IP mitigations," (Mot. at 5), citing a single, demonstrably appropriate instance in which Meta's counsel objected to testimony as to the legal advice underlying the mitigations, as opposed to facts about what mitigation efforts were implemented. Plaintiffs' inexplicably omit *dozens* of pages of 30(b)(6) testimony from Mr. Clark about Meta's mitigation efforts. Indeed, Mr. Clark's discussion of mitigations was so extensive that Meta attaches hereto only the index pages from his multiple days of 30(b)(6) testimony reflecting mentions of "mitigation" (and variations thereof) as well as mentions of "privilege." *See* Ex. 2. Meta can provide the actual excerpts upon request.

[7] Plaintiffs filed multiple briefs challenging Meta's assertion of privilege, and Judge Hixson carefully reviewed numerous documents *in camera* and concluded that he "saw no problems with Meta's privilege redactions," which were "restrained." Dkt. 351 at 7. Thus, any suggestion that Meta has abused the privilege is baseless and contrary to Judge Hixson's reasoned findings.

COOLEY LLP
ATTORNEYS AT LAW

5

DEF. META'S RESPONSE TO COURT'S
ORDER OF JANUARY 6, 2025 [DKT 370]
3:23-CV-03417-VC-TSH

| | | |
|---|---|---|
| 1 | Dated: January 8, 2025 | COOLEY LLP |
| 2 | | |
| 3 | | By:  /s/ Judd Lauter |
| 4 | | Bobby Ghajar<br>Philip Morton |
| 5 | | Mark Weinstein<br>Kathleen Hartnett |
| 6 | | Teresa Michaud<br>Matthew Brigham |
| 7 | | Judd Lauter<br>Liz Stameshkin |
| 8 | | Colette Ghazarian<br>Juan Pablo Gonzalez |
| 9 | | Cole A. Poppell |
| 10 | | LEX LUMINA PLLC<br>Mark A. Lemley |
| 11 | | CLEARY GOTTLIEB STEEN & |
| 12 | | HAMILTON LLP<br>Angela L. Dunning |
| 13 | *Full Counsel List* | Attorneys for Defendant |
| 14 | COOLEY LLP | META PLATFORMS, INC. |
| 15 | PHILLIP MORTON *(pro hac vice)*<br>(pmorton@cooley.com) | |
| 16 | COLE A. POPPELL *(pro hac vice)*<br>(cpoppell@cooley.com) | |
| 17 | 1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400 | |
| 18 | Telephone:    (202) 842-7800 | |
| 19 | COOLEY LLP<br>MATTHEW BRIGHAM (191428) | |
| 20 | (mbrigham@cooley.com)<br>JUAN PABLO GONZALEZ (334470) | |
| 21 | (jgonzalez@cooley.com)<br>3175 Hanover Street | |
| 22 | Palo Alto, CA  94304-1130<br>Telephone:    (650) 843-5000 | |