UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-03417-VC<br><br>**ORDER**<br>Re: Dkt. Nos. 300, 367 |

　　　　The motion for leave to amend is granted. The motion for relief from the nondispositive order of the Magistrate Judge is granted in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

　　　　*Leave to amend.* The Rule 15 factors favor permitting amendment.

　　　　It does not appear that the plaintiffs unduly delayed in seeking leave to amend. The earlier reference to torrenting indicated that Meta was *not* torrenting. And although the plaintiffs may have had information regarding Meta's alleged use of LibGen and removal of CMI earlier than November, they did not unduly delay by waiting to move for leave to amend "until they had sufficient evidence . . . upon which they could base claims of wrongful conduct." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 182, 187 (9th Cir. 1987). In any event, "delay, by itself, is insufficient to justify denial of leave to amend." *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1011 (9th Cir. 2023).

　　　　Allowing amendment will not cause Meta significant prejudice. Much of the evidence it will need to develop is within its own knowledge. To the extent that additional discovery is truly necessary, it can be accommodated without significantly disrupting the case schedule. That Meta

will need to defend against the new claims on the merits and may need to take additional discovery to do so does not constitute prejudice. *See Wang v. Zymergen Inc.*, 2024 WL 773603, at *3 (N.D. Cal. Feb. 26, 2024).

Nor are the new claims so obviously futile as to deny leave to amend on that basis. Meta's arguments against the merits of the plaintiffs' new claims "will be better addressed in the context of a fully briefed motion to dismiss" the new complaint. *Id.* at *2.

Finally, there is no indication that the plaintiffs sought leave to amend in bad faith. And to the degree it is necessary to modify the case schedule (such as to permit additional discovery), there is good cause to do so. To that end, the parties are ordered to meet and confer and submit a stipulation proposing a schedule for Meta's motion to dismiss, as well as any other modifications to the case schedule that are necessary as a result of the amendment. That stipulation is due within 7 days of this order.

*Relief from the Magistrate Judge's order.* The plaintiffs' request for 30(b)(6) testimony on seeding (as stated in the joint letter brief, ECF No. 338-11) is granted. The plaintiffs assert that Meta acquired LibGen by torrenting it. Thus, as Meta does not appear to contest, torrenting fell within the plaintiffs' 30(b)(6) topics asking about how Meta acquired training datasets. And the plaintiffs cite testimony by one of Meta's 30(b)(6) witnesses suggesting that the torrenting protocol that Meta allegedly used required its users to engage in some amount of seeding. So because that testimony suggests that seeding is a necessary part of torrenting (or at least of Meta's alleged torrenting), seeding also necessarily falls within the 30(b)(6) topics that encompass torrenting. Moreover, evidence about seeding is relevant to the existing claim because it is potentially relevant to the plaintiffs' assertion of willful infringement or to Meta's fair use defense. (That it is relevant to the claims in the new complaint goes without saying.)

As discussed at the hearing, Meta will make sure it has produced the blocklist (except to the extent it contains privileged information regarding why certain items were or were not on it). Meta is ordered to provide two hours of 30(b)(6) witness testimony on mitigations. The blocklist itself is, at least primarily, not privileged. And while most of the privilege assertions the

plaintiffs challenge were meritorious, at least one was not: One witness, Logan Kerr, refused to answer a question about what prompts the "model was trained not to engage in." This question asked about an action Meta took, not about why Meta took it. *See also* ECF No. 338-18 at 2 (plaintiffs' portion of joint letter brief citing this as example of improper invocation of privilege).

**IT IS SO ORDERED.**

Dated: January 13, 2025

VINCE CHHABRIA
United States District Judge