COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:  (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:  (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

RICHARD KADREY, *et al.*,

   Individual and Representative Plaintiffs,

   v.

META PLATFORMS, INC., a Delaware corporation;

                                    Defendant.

Case No. 3:23-cv-03417-VC-TSH

**DEFENDANT META PLATFORMS, INC.'S SEALING MOTION IN RESPONSE TO ORDER RE META'S SEALING REQUESTS [DKT. 373]**

In response to this Court's January 8, 2025 Order Regarding Meta's Sealing Requests, (Dkt. 373) (the "Sealing Order"), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to seal limited portions of certain exhibits accompanying: (1) Plaintiffs' Motion for Leave to File Third Amended Consolidated Complaint (*see* Dkt. 300 ("Motion for Leave"); Dkt. 301 ("Sealing Motion re Motion for Leave")); (2) Meta's Opposition to Plaintiffs' Motion for Leave to File Third Amended Consolidated Complaint (*see* Dkt. 329 ("Opposition"); Dkt. 328 ("Sealing Motion re Opposition")); and (3) Plaintiffs' Reply in Support of Plaintiffs' Motion for Leave to File Third Amended Consolidated Complaint (*see* Dkt. 346 ("Reply"); Dkt. 347 ("Sealing Motion re Reply")). Meta respectfully submits that compelling reasons and good cause exist for the filing of these materials under seal. The Motion is based on the following Memorandum of Points and Authorities and the Declaration of Nikki Vo ("Vo Declaration") in support of this Motion. A [Proposed] Order is filed concurrently herewith.

I.   **LEGAL STANDARD**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas dispositive motions are subject to the "compelling reason" standard, non-dispositive motions are subject to the "good cause" standard. *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

Courts in this District appear to be split on which standard applies to motions for leave to amend a pleading. *E.g.*, *Santelices v. Apttus*, No. 19-cv-07414-HSG, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 2, 2020) ("The Court will apply the lower good cause standard for the documents related to the motion for leave to amend [the complaint]."); *Real Action Paintball v. Advanced Tactical Ordnance Sys.,* No. 14-cv-02435-MEJ, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) ("Furthermore, other courts have recognized that motions to amend pleadings are not dispositive for sealing purposes and thus the good cause standard generally applies."); *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 U.S. Dist. LEXIS 33050, at *5 (N.D. Cal. Feb. 26, 2020) ("[The] Court will apply the lower good cause standard for documents related . . . [to] motion for leave to file an amended answer."); *but see Heath v. Google*, No. 15-cv-01824-BLF, 2017 WL 3530593, at *2 (N.D. Cal. Aug. 14, 2017) ("Courts also apply the compelling reasons standard in connection with a motion to amend the complaint and proposed complaint, because they involve central issues that are 'more than tangentially related to the underlying cause of action.'" (citation omitted)); *Reyna v. ARRIS Int'l Plc*, No. 17-CV-01834-LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (applying "compelling reason" standard where the party sought to seal "either an amended complaint or a motion for leave to file an amended complaint.").

## II.   ARGUMENT

In an abundance of caution, and taking into consideration the Court's guidance in its Sealing Order, Meta submits that it satisfies both the "good cause" and "compelling reason" standards and respectfully requests that limited portions of the following materials be sealed, including portions of the exhibits accompanying: (1) Plaintiffs' Motion for Leave; (2) Meta's Opposition; and (3) Plaintiffs' Reply.

The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569

(9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

In consideration of the Court's guidance in its Sealing Order, Meta requests sealing only narrowly tailored portions of the documents in the following chart. Specifically, Meta respectfully requests the Court's permission to seal three discrete categories of information: **(1)** information subject to third-party confidentiality obligations; **(2)** Meta employee email addresses to safeguard privacy; and **(3)** randomized portions of internal Meta file paths and document URL paths, disclosure of which risks facilitating access by unauthorized parties—these materials have no relevance to the case, and Meta has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing the need for public access to the information.

| **Document** | **Sealing Request** |
|---|---|
| **Exhibits Accompanying Plaintiffs' Motion for Leave** | |
| **Vo Ex. A** – Exhibit 1 to Declaration of Joshua M. Stein ISO Plaintiffs' Motion ("Stein Motion Declaration") (Dkt. 301-3) | • Redacted Highlighted Portions |
| **Vo Ex. B** – Exhibit 2 to Stein Motion Declaration (Dkt. 301-4) | • Redacted Highlighted Portions |
| **Vo Ex. C** – Exhibit 7 to Stein Motion Declaration (Dkt. 301-9) | • Redacted Highlighted Portions |
| **Vo Ex. D** – Exhibit 8 to Stein Motion Declaration (Dkt. 301-10) | • Redacted Highlighted Portions |
| **Vo Ex. E** – Exhibit 9 to Stein Motion Declaration (Dkt. 301-11) | • Redacted Highlighted Portions |
| **Exhibits Accompanying Meta's Opposition** | |
| **Vo Ex. F** – Exhibit A to Declaration of Kathleen Hartnett ISO Meta's Opposition ("Hartnett Declaration") (Dkt. 328-5) | • Redacted Highlighted Portions |
| **Vo Ex. G** – Exhibit B to Hartnett Declaration (Dkt. 328-6) | • Redacted Highlighted Portions |
| **Vo Ex. H** – Exhibit F to Hartnett Declaration (Dkt. 328-10) | • Redacted Highlighted Portions |
| **Vo Ex. I** – Exhibit G to Hartnett Declaration (Dkt. 328-11) | • Redacted Highlighted Portions |

| | |
|---|---|
| **Vo Ex. J** – Exhibit H to Hartnett Declaration (Dkt. 328-12) | • Redacted Highlighted Portions |
| **Exhibits Accompanying Plaintiffs' Reply** | |
| **Vo Ex. K** – Exhibit A to the Declaration of Joshua M. Stein ISO Plaintiffs' Reply ("Stein Reply Declaration") (Dkt. 346-2) | • Redacted Highlighted Portions |
| **Vo Ex. L** – Exhibit B to Stein Reply Declaration (Dkt. 346-3) | • Redacted Highlighted Portions |
| **Vo Ex. M** – Exhibit C to Stein Reply Declaration (Dkt. 346-4) | • Redacted Highlighted Portions |
| **Vo Ex. N** – Exhibit D to Stein Reply Declaration (Dkt. 346-5) | • Redacted Highlighted Portions |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials subject to third-party confidentiality obligations,** *e.g.*, *Open Text S.A. v. Box*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations); *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014) ("compelling reasons . . . to seal . . . confidential [agreement] terms …."); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (similar); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard"); **(2) materials comprising employees' personally identifying information,** *e.g.*, *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (compelling reasons to seal personally identifying information, including employee names and emails); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (similar, and collecting cases); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (compelling reasons to seal employee identification numbers); **and (3) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S.

Dist. LEXIS 85089 , at *6 (N.D. Cal. June 30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to Meta's third-party obligations, and to protecting Meta and its employees from harm.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents). Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Vo's declaration, and are limited to materials that are either tangential or irrelevant to the claims at issue in this case, such as employee emails and file pathways. Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta, its employees, and third-party partners against competitive and illicit harms, but also the public's interest in accessing these materials is minimal at best.

Additionally, and in consideration of the Court's guidance in its Sealing Order, Meta withdraws its sealing requests in their entirety as to (1) Exhibits 3-6 to Stein Motion Declaration (Dkts. 301: 5-8); (2) Exhibits C-E to Hartnett Declaration (Dkts. 328: 7-9); and (3) Exhibits E-G to Stein Reply Declaration (Dkts. 347:7-9).

### III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

| | | |
|---|---|---|
| Dated: January 13, 2025 | | COOLEY LLP |
| | By: | */s/ Juan Pablo Gonzalez* |
| | | Bobby Ghajar |
| | | Mark Weinstein |
| | | Kathleen Hartnett |
| | | Teresa Michaud |
| | | Phillip Morton |
| | | Judd Lauter |
| | | Liz Stameshkin |
| | | Matthew Brigham |
| | | Colette Ghazarian |
| | | Juan Pablo Gonzalez |
| | | Cole A. Poppell |
| | | |
| | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | | Angela L. Dunning |
| | | |
| | | Attorneys for Defendant |
| | | META PLATFORMS, INC. |

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL *(pro hac vice)*
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000