**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>                          *Defendant*. | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 351]** |

## MOTION

Plaintiffs move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and N.D. Cal. Local Rule 72-2 for relief from a non-dispositive pretrial order of a Magistrate Judge. Plaintiffs respectfully object to and ask the Court to set aside portions of the Discovery Order at Dkt. No. 351 issued by Magistrate Judge Thomas S. Hixson on December 20, 2024, as set forth in the accompanying Memorandum of Points and Authorities ("Memo"). In addition to this Motion and the Memo, the Motion is based on the relevant underlying briefing, the Proposed Order for this Motion, the records and docket in this matter, and any oral argument the Court may hear.

Dated: January 2, 2025                          By:   /s/ *Maxwell V. Pritt*
                                                      Maxwell V. Pritt

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and
Representative Plaintiffs and the Proposed Class.*

### MEMORANDUM OF POINTS AND AUTHORITIES

On December 20, 2024, Judge Hixson ruled on several letter briefs (the "Order"). *See* Dkt. Nos. 308, 309, 321, 334-36. That Order erred in three ways. First, it denied Rule 30(b)(6) deposition time to Plaintiffs on Meta's torrenting and seeding of copyrighted works—a topic on which Meta's counsel promised to tender an educated witness. Second, it incorrectly sustained Meta's privilege redactions over isolated parts of documents whose primary purpose was business-related, not the communication of legal advice. Third, it failed to address Plaintiffs' challenge to Meta's assertions of privilege during 30(b)(6) testimony about IP and copyright mitigations for the Llama Models—factual processes Meta uses to prevent models from emitting copyrighted materials, which in no way contain legal advice. This Court should reverse those parts of the Order.

### I.   The Order Erroneously Denied Rule 30(b)(6) Testimony That Meta Had Promised.

Judge Hixson agreed that Meta's 30(b)(6) witnesses were not prepared to testify about Meta's seeding[1] from shadow libraries. Yet he denied Plaintiffs' request for an adequately prepared 30(b)(6) witness on that subject, holding seeding was irrelevant to Plaintiffs' claims and did not fall within Plaintiffs' 30(b)(6) deposition topics. *See* Order at 6. This was clearly erroneous.

First, the Order's holding that "seeding" is irrelevant to "the claims in the existing pleadings" is wrong. Order at 6. Plaintiffs allege that Meta willfully infringed their copyrights by taking and using pirated copies of their works without permission to train its Llama Models. Meta did so at least in part by torrenting/seeding those works, which is a simultaneous process of downloading and distributing. This brazen and illegal conduct is relevant both to Meta's willful copyright infringement and Meta's affirmative defenses. Indeed, Judge Hixson held that Meta's use of a BitTorrent client to obtain copyrighted works *is* relevant. *Id.* But torrenting and seeding are two sides of the same coin as illegal sites do not allow users to torrent (download) data unless they also agree to seed it (share) in return. *See* Dkt. No. 335 at 1 & n.2. Making only one aspect of

---

[1] The processes of "torrenting" and "seeding" are explained in Plaintiffs' Motion for Leave to File Third Amended Consolidated Complaint. *See* Dkt. No. 300. Judge Hixson's Order correctly describes torrenting as "tak[ing] data" and seeding as "supply[ing] some [data] in return." In other words, "torrenting" is downloading large quantities of data, and "seeding" is simultaneously making the data available to others.

Meta's use of a BitTorrent client subject to discovery would truncate (or prevent) fulsome and accurate information.[2] This is especially problematic because such discovery is highly relevant to Meta's fair use defense, as illegally torrenting (including seeding) pirated works is inconsistent with alleged fair use. *See, e.g., Glacier Films, Inc. v. Turchin,* 896 F.3d 1033, 1043 (9th Cir. 2018).

The Order's finding that seeding falls outside the scope of Plaintiffs' 30(b)(6) topics is also wrong. Since Judge Hixson correctly held that "torrenting is relevant because that's how Meta acquired LibGen," he necessarily held torrenting fell within the scope of the noticed topics. Order at 6. And, as explained above, given the linked nature of torrenting and seeding, multiple topics that implicate torrenting should properly be read to include seeding. This is true for at least the following:

- **Topic 1:** "Meta's *access* to, identification of, assembly, *processing*, and/or curation of datasets to train its Large Language Models." Meta's 30(b)(6) witnesses testified that "access to" LibGen (one of the pirated datasets Meta used to train Llama Models) by torrenting (via LibTorrent) required seeding. Dkt. 335 at 2. Seeding copyrighted works in the datasets Meta downloaded also constituted part of how Meta "processed" them.

- **Topic 2:** "Meta's *access*, *copying*, *reproduction* and/or *use* of the datasets." Meta accessed and copied the datasets using a BitTorrent client, which included seeding the datasets. Seeding is also one way Meta used the datasets and reproduced them.

- **Topic 8:** "Meta's efforts to acquire text data to train the Meta Language Models, including licensing efforts, if any." Meta acquired text data via a BitTorrent client, which required Meta to both torrent copyrighted works and simultaneously seed them.

Finally, the Order fails to mention—much less analyze—the fact that Meta's counsel expressly represented that Meta witness Nikolay Bashlykov would be prepared to address seeding as Meta's corporate representative. Although Meta's letter brief attempted to walk that statement back, Meta's counsel stated on the record during Meta witness Mike Clark's 30(b)(6) deposition:

> With respect to your questioning about seeding, kind of without arguing about whether it's under [Topic] 1 or 7, Mr. Bashlykov will be the 30(b)(6) witness for Topic 7, and he's prepared to talk about the seeding in more detail. This witness [Mr. Clark] has some obvious technical knowledge, but Mr. Bashlykov will be the person to provide more information on that [seeding] for you.

---

[2] "Both uploading and downloading copyrighted material are infringing acts. The former violates the copyright holder's right to distribution, the latter the right to reproduction." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013). The operative complaint alleges that Plaintiffs never authorized Meta to copy (e.g., download) their works or to distribute or use (e.g., upload) them. Dkt. No. 133 at ¶ 80.

Dkt. No. 335-1 at 394:2-9. But when Plaintiffs asked Mr. Bashlykov seeding questions, a different Meta counsel initially objected as outside the scope and then (appropriately) changed course on review of the above language: "Okay. I had neglected—I had forgotten about that point. I agree [that Meta counsel at Mr. Clark's deposition] said that. I do remember that." Dkt. No. 335-2 at 47:17-48:9. Mr. Bashlykov, however, was still unprepared to testify about Meta's seeding practice.

These deposition excerpts reflect the following truths: (1) Meta's counsel believed seeding was sufficiently relevant to Plaintiffs' 30(b)(6) notice that it represented that Mr. Bashlykov would be "prepared to talk about the seeding in more detail," and (2) Meta's counsel then failed to prepare Mr. Bashlykov accordingly. Meta created the reasonable expectation that it would offer a witness to testify about its seeding practices, only to engage in "bandying by corporations where individual officers disclaim knowledge of facts clearly known to the corporation." *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). This was prejudicial to Plaintiffs. Had Meta cleanly objected to seeding as falling outside the 30(b)(6) notice, Plaintiffs would have filed a letter brief long ago challenging that objection and, if necessary, seeking to add "seeding" as its own Rule 30(b)(6) topic. Instead, Plaintiffs accepted Meta's representation that Mr. Bashlykov would be prepared to testify about seeding, then discovered on December 6 that he was not prepared, and nevertheless were denied any relief via the Order. Plaintiffs should be entitled to obtain the 30(b)(6) testimony on seeding that Meta promised and Plaintiffs requested in the joint letter brief.

## II. The Order Applies the Wrong "Primary Purpose" Test.

Judge Hixson held that Meta can "'assert the attorney-client privilege over isolated sentences or paragraphs within a document.'" Dkt. 351 at 3 (quoting *United States v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996)) (hereinafter, "*Chevron*"). But the Ninth Circuit rejected that expansive scope of the "primary purpose" test in 2021 when it decided, as a matter of first impression, that a dual-purpose communication "can only have a *single* 'primary' purpose" and that privilege can be asserted only where the document's "primary purpose" is to give or receive legal advice. *In re Grand Jury*, 23 F.4th 1088, 1090-92 (9th Cir. 2021) (emphasis

added). Thus, the Order's (and Meta's) reliance on a decades-old district court decision stating privilege can be asserted over "isolated" parts of a dual-purpose document "*despite* the overall nature of the document," *Chevron* at *2 (emphasis added), contradicts Circuit precedent and should be reversed. *Accord. In re Cnty. of Erie*, 473 F.3d 413 at 420-21 (2d Cir. 2007) (the primary purpose of a dual-purpose document "cannot be ascertained by quantification or classification of one passage or another," but rather "should be assessed dynamically and in light of the advice being sought or rendered").[3] Because Meta did not dispute that the primary purpose of any of the challenged documents is nonlegal, the Court should order Meta to produce them without redaction.

In addition, even under *Chevron*'s (not the Ninth Circuit's) primary purpose test, the Order is clearly erroneous because it ignores *Chevron*'s key exceptions—that privilege *cannot* be asserted over "discrete and segregable portions of the withheld documents" when "those documents were prepared for simultaneous review by both legal and nonlegal personnel, or are otherwise non-privileged." *Chevron* at *2. Meta did not dispute that the challenged documents were prepared for simultaneous review by both legal and, primarily, nonlegal personnel. This reason alone also requires reversal of the Order and production of the remaining challenged documents.

Finally, Meta's practice is to assign one or more in-house counsel to each business team, and to have those lawyers participate in the business team's nonlegal work, which enables Meta to blur the line when it comes to privilege. This is exactly why courts apply "heighted scrutiny" to privilege assertions involving in-house counsel: because they "act as integral players in a company's business decisions or activities, as well as its legal matters." *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011). But the Order did not apply the requisite heightened scrutiny to Meta's privilege assertions, all of which involve legal advice purportedly requested from or given by in-house counsel on business issues such as "training datasets," "licensing," "open sourcing," and "a partnership proposal." Plaintiffs thus request, in

---

[3] The Second Circuit nonetheless permits redaction of legal advice within a dual-purpose document that is "incidental" to its nonlegal purpose. 473 F.3d at 413 n.8. Even if the Ninth Circuit had adopted this exception, however, Meta did not (and cannot) argue that any of the material it has redacted is "incidental."

the alternative, that the Court send the matter back to Judge Hixson to apply heighted scrutiny to the remaining challenged documents under the primary purpose test set forth in *In re Grand Jury*.

### III. The Order Erroneously Affirmed Privilege Over Meta's IP/Copyright Mitigations.

"Mitigations" are Meta's processes that prevent Llama Models from emitting undesirable output. Some mitigations include efforts to prevent Llama from regurgitating copyrighted material. Meta claimed privilege over much of its IP mitigations, including over documents and testimony about the mitigations themselves. The Order held that Meta was not "abusing the privilege" with respect to some documents reviewed *in camera*, Order at 7, but it failed to address Plaintiffs' challenge to Meta's privilege assertions during 30(b)(6) testimony about Meta's IP mitigations. Meta's privilege claims over the IP mitigations themselves are improper, as were Meta's instructions for its 30(b)(6) witnesses not to respond to even basic questions about the mitigations.

The attorney-client privilege covers communications requesting and conveying legal advice, but it does not extend to actions taken based on that advice "even if that decision was informed by advice from legal counsel." *In re MacBook Keyboard Litig.*, 2020 WL 1265629, at *3 (N.D. Cal. Mar. 17, 2020). Meta concedes that "actions [it] took to mitigate against risk" are "non-privileged," Dkt. No. 336 at 3, and Meta says it disclosed these efforts. The former is correct, but the latter is not. Meta erroneously asserted privilege over its IP mitigations—business-related *actions*—when its witnesses were asked about them during depositions. During one 30(b)(6) deposition, for example, Meta asserted privilege over a "blocklist" of prohibited websites from which Meta will not source Llama training data. Ex. A at 234:1-12. This "blocklist" contains facts, not communications, and is not privileged. Further, the fact that Meta did not claim privilege over testimony regarding *some* of Meta's mitigations, *see* Ex. A at 416:16-417:9 (discussing deduplicating and epoching); Dkt. No. 336-2 at 102:11-19 (claiming data that "self-identified" as pirated "was pulled out") does not excuse Meta's concealment of other mitigation efforts. Accordingly, the Court should reverse the Order in part by compelling production of Meta's "blocklist" and ordering Meta to produce a 30(b)(6) witness for two hours to testify about its IP mitigations.

Dated: January 2, 2025

By: /s/ *Maxwell V. Pritt*
      Maxwell V. Pritt

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 356000)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class.*

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttericklaw.com

**COWAN DEBAETS ABRAMS & SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*