# EXHIBIT I

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF RACHEL LOUISE SNYDER'S** |
| v. | **AMENDED RESPONSES TO DEFENDANT** |
| | **META PLATFORMS, INC.'S SECOND SET** |
| Meta Platforms, Inc., | **OF REQUESTS FOR ADMISSION** |
| | |
| *Defendant*. | |

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1  facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2  *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3  "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5  duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6  Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7  objections, Plaintiff responds as follows: admit.

8  **REQUEST FOR ADMISSION NO. 13:**

9       Admit that YOU have no documentary evidence that any PERSON has offered any

10  consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11  **AMENDED RESPONSE TO REQUEST NO. 13:**

12       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

16  objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17  specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18  duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19  objections, Plaintiff responds as follows: admit.

20  **REQUEST FOR ADMISSION NO. 14:**

21       Admit that YOU have no documentary evidence that any PERSON has actually compensated

22  YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23  **AMENDED RESPONSE TO REQUEST NO. 14:**

24       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Lead Case No. 3:23-cv-03417-VC                    5
PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Rachel Louise Snyder** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Rachel Louise Snyder ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS
## REQUEST FOR ADMISSION NO. 18:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

## RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

1  terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request
2  as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff
3  objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.,*
4  *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to
5  admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within
6  requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,
7  1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use
8  of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for
9  Plaintiff to know what her licensing opportunities would have been but for Meta's failure to
10 compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,
11 Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained
12 by her is insufficient to enable her to admit or deny.

13 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

14     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for
15 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it
16 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the
17 terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request
18 as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff
19 objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.,*
20 *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to
21 admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within
22 requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,
23 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use
24 of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for
25 Plaintiff to know what her licensing opportunities would have been but for Meta's failure to
26 compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,
27 Plaintiff responds, admit.

28 **REQUEST FOR ADMISSION NO. 19:**

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1  facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2  *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3  "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5  duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6  Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7  objections, Plaintiff responds as follows: admit.

8  **REQUEST FOR ADMISSION NO. 13:**

9       Admit that YOU have no documentary evidence that any PERSON has offered any

10 consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11 **AMENDED RESPONSE TO REQUEST NO. 13:**

12      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

16 objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17 specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18 duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19 objections, Plaintiff responds as follows: admit.

20 **REQUEST FOR ADMISSION NO. 14:**

21      Admit that YOU have no documentary evidence that any PERSON has actually compensated

22 YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23 **AMENDED RESPONSE TO REQUEST NO. 14:**

24      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

28 objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>     *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>     *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF MATTHEW KLAM'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF MATTHEW KLAM'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:            **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:             **Plaintiff Matthew Klam**

SET NUMBER:                     **Two (2)**


Plaintiff Matthew Klam ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

## REQUEST FOR ADMISSION NO. 18:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

## RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

## REQUEST FOR ADMISSION NO. 19:

Admit that, other than YOUR contention that LLM developers such as Meta should have

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1  facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2  *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3  "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5  duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6  Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7  objections, Plaintiff responds as follows: admit.

8  **REQUEST FOR ADMISSION NO. 13:**

9      Admit that YOU have no documentary evidence that any PERSON has offered any

10  consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11  **AMENDED RESPONSE TO REQUEST NO. 13:**

12      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

16  objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17  specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18  duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19  objections, Plaintiff responds as follows: admit.

20  **REQUEST FOR ADMISSION NO. 14:**

21      Admit that YOU have no documentary evidence that any PERSON has actually compensated

22  YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23  **AMENDED RESPONSE TO REQUEST NO. 14:**

24      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>            *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JACQUELINE WOODSON'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF JACQUELINE WOODSON'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Jacqueline Woodson** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Jacqueline Woodson ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION