**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and
 Representative Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br>                                      Defendant. | Case No. 3:23-cv-03417-VC <br><br> **STIPULATION RE CASE SCHEDULE** |

Pursuant to Civ. L.R. 7-12, Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Jacqueline Woodson, Andrew Sean Greer, Rachel Louise Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Díaz, Lysa Terkeurst and Christopher Farnsworth ("Plaintiffs"); and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel, stipulate to the following:

WHEREAS, following a hearing on January 9, 2025, the Court entered an Order on January 13, 2025 granting Plaintiffs leave to file the proposed Third Amended Consolidated Complaint (the "TCAC") (Dkt. No. 300-11) and directing the Parties "to meet and confer and submit a stipulation proposing a schedule for Meta's motion to dismiss, as well as any other modifications to the case schedule that are necessary as a result of the amendment," Dkt. No. 389 at 2;

WHEREAS, the Parties met and conferred on Friday, January 17, 2025;

WHEREAS, the Parties reached agreement on a briefing schedule for Meta's motion to dismiss the TCAC (set forth below), but did not reach agreement as to other modifications to the case schedule;

WHEREAS, the Parties agreed to submit their respective proposed modifications to the case schedule, with no more than one explanatory page each, as attachments to this stipulation for the Court's consideration;

WHEREAS, Plaintiffs' and Meta's proposed modifications to the case schedule are attached as **Attachments A and B, respectively**;

IT IS HEREBY STIPULATED AND AGREED, by and through Plaintiffs and Meta, that the Parties shall adhere to the following briefing schedule for Meta's forthcoming motion to dismiss the TCAC:

| | |
|---|---|
| Plaintiffs to file the TCAC (Dkt. 300-11) | January 21, 2025 |
| Meta's Motion to Dismiss | January 31, 2025 |
| Plaintiffs' Opposition | February 11, 2025 |
| Meta's Reply | February 18, 2025 |

| Hearing on Motion to Dismiss | February 27, 2025 (or the Court's earliest availability) |
|---|---|

Dated: January 20, 2025

By: */s/ Bobby A. Ghajar*

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email:  mweinstein@cooley.com
Email: lstameshkin@cooley.com

Kathleen R. Hartnett
Judd D. Lauter
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Angela Dunning
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant
META PLATFORMS, INC.*

Respectfully submitted,

By: */s/ Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC  20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ECF ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.

/s/ *Maxwell V. Pritt*
    Maxwell V. Pritt

# ATTACHMENT A

*Kadrey v. Meta Platforms* – Plaintiffs' Proposed Amended Case Schedule

| Case Event | Proposed Deadline |
|---|---|
| **Fact Discovery** | |
| Deadline to Serve New Discovery[1] | January 23, 2025 |
| R&Os to New Discovery | February 6, 2025 |
| Substantial Completion & Privilege Logs | February 13, 2025 |
| Close of Fact Discovery[2] | February 28, 2025 |
| **Motion to Dismiss re DMCA & CDAFA Claims** | |
| Meta's Motion to Dismiss | January 31, 2025 |
| Plaintiffs' Opposition | February 11, 2025 |
| Meta's Reply | February 18, 2025 |
| Hearing on Motion to Dismiss | February 27, 2025 (or earliest availability) |
| **Expert Reports** | |
| Rebuttal Expert Reports | February 3, 2025 |
| Close of Expert Discovery re Original Expert Discovery; Expert Report on Torrenting/Seeding Due (one per side) | February 28, 2025 |
| Close of Expert Discovery for Torrenting/Seeding Experts | March 5, 2025 |
| **Summary Judgment & *Daubert* Briefing** | |
| Plaintiffs' Brief #1 | March 10, 2025 |
| Meta's Brief #2 and Opening *Daubert* Briefs | March 24, 2025 |
| Plaintiffs' Brief #3 and *Daubert* Oppositions | April 7, 2025 |
| Meta Brief #4 and *Daubert* Replies | April 17, 2025 |
| MSJ & *Daubert* Hearing | May 1, 2025 |

---

[1] Including 10 additional custodians, 5 interrogatories, and up to 13 depositions per side, not including 10 hours of 30(b)(6) and any depositions of in-house counsel if the Court finds a *prima facie* showing of crime-fraud. Absent court order, further depositions are limited to 4 hours each.

[2] Absent court order, witnesses must make themselves available between February 17–28, 2025.

<u>*Kadrey v. Meta Platforms*</u> – Plaintiffs' Proposed Amended Case Schedule

At the January 9th hearing, the Court expressed interest in fully developing the record on Plaintiffs' new allegations. 1/9 Tr. at 11:1-5. The Court's order granting leave to amend then found good cause "to the degree it is necessary to modify the case schedule (such as to permit additional discovery)." Dkt. 389 at 2. Plaintiffs thus propose a modified schedule that permits a limited period for the parties to conduct targeted discovery into Plaintiffs' new allegations while maintaining the MSJ hearing date.[3] It also conforms the parties' MSJ briefing schedule to the Court's Standing Order (¶41) requiring four sequential briefs since both sides intend to move affirmatively for relief.

***Meta's proposal of no additional party discovery would require Plaintiffs' new allegations to be adjudicated on an incomplete and truncated record.*** In opposing amendment, Meta raised the specter of considerable additional fact discovery that would be required. *E.g.*, Dkt. 404 at 8 (arguing Meta "would be deeply prejudiced if Plaintiffs' Motion is granted without allowing Meta further discovery—as it has a right to develop evidence and defend itself against Plaintiffs' new DMCA and CDAFA claim"); *id.* at 10 (stating "Meta has not had a fair opportunity to take either written or deposition discovery from Plaintiffs or third parties regarding the proposed new claims," and arguing "discovery would need to reopen"). Meta's counsel then doubled down at the January 9th hearing, Tr. at 8:15-18, and asked "for [a] modest extension of discovery" if leave was granted, *id.* at 13:7-8.

Now that the Court permitted amendment and gave Meta the opportunity it requested to take discovery into Plaintiffs' new allegations, Meta demurs. Instead, Meta proposes ***zero*** party discovery into its peer-to-peer piracy.[4] This 180-degree turn should not be countenanced. *See* Dkt. 373 at 2.[5]

***The parties can accommodate Plaintiffs' schedule.*** Meta argues Plaintiffs' proposal infeasible. To be sure, it will require "hard work" from both sides, *see* 1/9 Tr. at 13:21, but the parties have the resources to get it done. To facilitate notice to Meta of what Plaintiffs need, Plaintiffs ***already*** served Meta with their additional RFPs (on 1/16) and ROGs (on 1/19).[6] That discovery is tailored to the new allegations: the technical data necessary to find out how much data Meta torrented and seeded, *what* it seeded, etc. The rest concerns Meta's Llama 4 training datasets and the copies Meta made of Plaintiffs' works—items Plaintiffs have sought for months, and that Meta knows where to find. *See* Dkt. 267 at 28. Plaintiffs also already identified for Meta the 7 witnesses they seek to depose in addition to the 6 further depositions already before the Court in Dkt. 354 (Meta argued it'd need to re-depose the 13 plaintiffs)—one identified in a declaration Meta served last week, one identified in last week's 30(b)(6) deposition as a participant in a key meeting, and the rest on Meta torrenting and seeding documents produced late in discovery (*e.g.*, Dkt. 397, Exs. C, F & H). Finally, Plaintiffs propose one expert per side to address Meta's use of P2P networks to torrent and seed; Plaintiffs' source code expert identified code showing Meta engaged in this activity, but that isn't a dedicated expert report analyzing the extent of Meta's torrenting/seeding.

---

[3] Adopting Plaintiffs' schedule in full also will moot the first three issues in the pending motion for relief, *see* Dkt. 397 at 1-3, leaving only the fourth issue (crime-fraud) for the Court's resolution.

[4] The only fact discovery Meta now proposes are third-party subpoenas to HarperCollins and its AI company counterparty for text data licensing, which has nothing to do with any new allegations.

[5] This is not Meta's first about-face: *e.g.*, it took two trips to Judge Hixson to overcome Meta's "meritless" objections to numerous RFAs, Dkt. 315 at 3, and then its evasive amended answers that were a "pretext for providing no information at all about how much of [the Asserted Works and other copyrighted works] w[ere] included" in the Books3 pirated dataset and used by Meta without consent to train Llama models, Dkt. 400 at 1-2. Meta finally admitted the RFAs on Friday.

[6] Meta objected to Plaintiffs submitting a copy of their RFPs and five ROGs alongside this filing.

# ATTACHMENT B

**Meta's Position**

After unequivocally and repeatedly representing to the Court that they do not need and "*will not seek to initiate any additional discovery*" if allowed to amend, Dkt. 300 at 6–7 (all emphases added), Plaintiffs now seek a massive expansion of discovery that is unworkable on the Court's timeframe for resolution of summary judgment: *six* new 30(b)(1) depositions (*42* hours); *seven* renewed 30(b)(1) depositions (*15* hours); *five* 30(b)(6) hours on top of the five additional hours already ordered); *10* more ESI custodians (impossible on Plaintiffs' timeline, (*cf.* Dkt. 196 at 2)); *36* new RFPs; *five* new interrogatories; and a supplemental expert report. If the Court were inclined to grant anything beyond Meta's carefully tailored discovery proposal, Meta respectfully requests a hearing before Your Honor or Judge Hixson, as well as an opportunity to brief and provide supporting declarations from Meta, on the unfeasibility, disproportionality, and impropriety of the additional discovery Plaintiffs now demand, which Meta is unable to address in this 1-page filing.

Judicial estoppel—and basic fairness—preclude Plaintiffs' requested discovery. In support of their motion to amend, Plaintiffs unequivocally represented that they would not seek additional discovery. *See* Dkt. 300 at 1 (amendment "will not require ... additional discovery"); *id.* at 6–7 (Plaintiffs "*will not* seek to initiate any additional discovery"; amendment is "premised entirely on documents already produced and/or … deposition testimony already provided by Meta"); Dkt. 396 ("new claims are based on discovery *already obtained*"); *id.* at 10 ("Plaintiffs also seek no discovery extension or to change the case schedule"). Plaintiffs reiterated this at the January 9, 2025 Hearing. (Dkt. 387 at 22:20-23:16). Despite these representations, Plaintiffs now seek nearly 70 more hours of deposition testimony and voluminous written discovery (much of which does not even relate to their new claims), as well as a new expert report they said they did not need. (*id.* at 23:25-24:2). This was a classic bait and switch, designed to prejudice Meta and inevitably derail this Court's long-planned MSJ schedule. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (affirming finding of judicial estoppel).

Meta's key concern remains its ability to defend against Plaintiffs' new claims. After reviewing the amendment order and Plaintiffs' expert reports served on January 10 (addressing copyright information removal and torrenting/seeding), Meta carefully considered what discovery is "truly necessary," Dkt. 389 at 1, for its defense. Meta believes the Court-ordered 5 additional hours of 30(b)(6) time (including on torrenting/seeding) and Meta's rebuttal expert reports (so long as it has an additional week to respond to the Krein report) will allow it to set the record straight and defend itself. Separately, Plaintiffs and their experts rely on a Harper-Collins agreement produced *after* the close of discovery that is meaningless and inadmissible without context; Meta seeks narrow third-party discovery related to it to which Plaintiffs do *not* object.

Plaintiffs' schedule is entirely unworkable. There is no way to conduct the new depositions and discovery within the existing expert and MSJ schedule. And Plaintiffs' proposed do-over on expert reports (after their experts *already* addressed the new claims) is unjustified and would not allow Meta to respond. Lastly, Meta respectfully submits that Meta should be permitted to move for summary judgment on fair use, Plaintiffs may respond, then Meta will reply. Plaintiffs' cross-motion proposal would only reduce the pages available to address the central issue of fair use.

**Meta's Position**

## Meta's Proposed Schedule

**Motion to Dismiss**

| Case Event | Date |
| --- | --- |
| Meta's Motion to Dismiss Third Amended Complaint | January 31, 2025 |
| Opposition to Motion to Dismiss Third Amended Complaint | February 11, 2025 |
| Reply in Support of Motion to Dismiss Third Amended Complaint | February 18, 2025 |
| Hearing on Motion to Dismiss Third Amended Complaint | February 27, 2025 (or earlier, depending on the Court's availability) |

**Discovery and Summary Judgment**

| Case Event | Date |
| --- | --- |
| Fact discovery cut-off (including deadline to bring discovery motions) | Closed |
| Initial Expert Disclosures | Served on January 10, 2025 (unchanged; Dkt. No. 238) |
| Limited reopening of discovery to allow Meta to take discovery regarding an agreement between Harper-Collins and a "large technology company" (identity confidential), produced after the close of discovery. Deadline for Meta to serve document subpoenas and deposition notices to Harper-Collins relating to that agreement. (In the alternative, Meta would seek to exclude any reference to the agreement under Rule 37 and the Federal Rules of Evidence). | January 27, 2025 (*new*) |
| Rebuttal Expert Reports (other than Meta rebuttal to Krein report addressing alleged torrenting/seeding and copyright information removal) | February 3, 2025 (unchanged; Dkt. No. 238) |
| Meta Rebuttal to Krein Expert Report regarding alleged torrenting/seeding and copyright information removal | February 10, 2025 (*new*) |
| Close of Expert Discovery | February 26, 2025 (unchanged) |
| Opening Summary Judgment and *Daubert* Briefs Due. (Meta intends to file summary judgment as to fair use, lack of standing, and any claims that might survive the MTD) | March 7, 2025 (unchanged; Dkt. No. 238) |
| Oppositions to Summary Judgment and *Daubert* Briefs Due | April 3, 2025 (unchanged; Dkt. No. 238) |
| Replies in Support of Summary Judgment and *Daubert* Briefs Due | April 17, 2025 (unchanged; Dkt. No. 238) |
| Hearing on Summary Judgment Motions | May 1, 2025 (set by the Court) (unchanged; Dkt. No. 238) |