UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **DECLARATION OF MICHELLE WOODHOUSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 398]** |

I, Michelle Woodhouse, hereby declare:

1. I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, (Dkt. 398 ("Sealing Motion")). The Sealing Motion seeks leave to file under seal portions of Plaintiffs' Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge [Dkt. 366], (Dkt. 397 ("Plaintiffs' Motion for Relief")), accompanying appendices ("Appendices"), and certain exhibits to the Declaration of Maxwell V. Pritt in Support of Plaintiffs' Motion for Relief, (Dkt. 397-3 (the "Pritt Declaration")).

3. I have reviewed Plaintiffs' counsel's January 15, 2025, 12:08 p.m. (PT) email, asking Meta to provide a response within four hours to determine what materials Meta would seek leave to file under seal from the Sealing Motion, Appendices, and seventeen exhibits attached to the Pritt Declaration (the "Filing Materials"). To my knowledge, prior to this email, Plaintiffs provided no notice that they would make the Filing Materials available to Meta for review on this date, let alone for only four hours. The Filing Materials comprised over 200 pages of documents containing information sensitive to Meta, to Meta employees, and to third parties. Due to the need to consult with various individuals across the company, including individuals who work in different time zones, Meta was unable to review the materials in the time period provided by Plaintiffs.

4. Now having had the opportunity to fully review the Filing Materials, Meta does not seek to keep under seal the following materials: (1) Appendix A to Plaintiffs' Motion for Relief; (2) Appendix B to Plaintiffs' Motion for Relief; and (3) Exhibits I, K, L, M, N, O, P, Q, and R to the Pritt Declaration. Each of these may be filed publicly, without redactions.

//
//
//
//

5. The subset of the Filing Materials which Meta does request the Court's permission to file under seal are set forth in the table below, alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| **Previously Allowed Sealed by the Court** | |
| **Exhibit B to the Pritt Declaration** (Dkt. 397-5) | *As filed (Dkt. 397-5) and previously allowed by this Court (Dkt. 393)* |
| **Exhibit D to the Pritt Declaration** (Dkt. 397-7) | *As filed (Dkt. 397-7) and previously allowed by this Court (Dkt. 393)* |
| **Exhibit G to the Pritt Declaration** (Dkt. 397-10) | *As filed (Dkt. 397-10) and previously allowed by this Court (Dkt. 393)* |
| **Requested Redactions to Newly Filed Exhibits** | |
| **Woodhouse Ex. 1** – Plaintiffs' Motion for Relief (Dkt. 397) | **Redacted portions** |
| **Woodhouse Ex. 2** – Ex. A to the Pritt Declaration (Dkt. 397-4) | **Redacted portions** |
| **Woodhouse Ex. 3** – Ex. C to the Pritt Declaration (Dkt. 397-6) | **Redacted portions** |
| **Woodhouse Ex. 4** – Ex. F to the Pritt Declaration (Dkt. 397-9) | **Redacted portions** |
| **Woodhouse Ex. 5** – Ex. H to the Pritt Declaration (Dkt. 397-11) | **Redacted portions** |
| **Woodhouse Ex. 6** – Ex. J to the Pritt Declaration (Dkt. 397-13) | **Redacted portions** |

6. **Exhibits B, D, and G to the Pritt Declaration**, (*see* Dkts. 397-5, -7, -10), are the same documents previously filed under seal pursuant to this Court's Order, (*see* Dkt. 393 (granting Meta's sealing request (Dkt. 391) as to 391-24, -8, -26)). The redacted portions of these materials are identical to those granted by this Court as to the same documents, (*see id.*).

7. As to the remaining documents, **Woodhouse Exhibits 1–6**, Meta seeks the Court's permission to file under seal discrete portions of the documents, as further explained below.

8. Attached as **Woodhouse Exhibit 1** is Plaintiffs' Motion for Relief with Meta's

1  proposed narrowly tailored redactions. Here, Meta respectfully seeks to redact only information
2  necessary to prevent the disclosure of an agreement between Meta and a third party which is subject
3  to confidentiality and non-disclosure obligations and agreements. Disclosure of such information
4  would put the third party's confidential information at risk and pose a competitive disadvantage to
5  Meta and the third party who obtained promises of confidentiality from Meta for this information
6  and is not party to this lawsuit. Meta previously requested to seal documents based on the similar
7  third-party information, (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393).

8       9.    Attached as **Woodhouse Exhibit 2** is Exhibit A to the Pritt Declaration, (*see*
9  Dkt. 397-4), with Meta's proposed narrowly tailored redactions. Meta respectfully requests the
10 Court's permission to seal the redacted information for two reasons. First, as above, Meta seeks a
11 single redaction for the purpose of preventing the disclosure of an agreement between Meta and a
12 third party which is subject to confidentiality and non-disclosure obligations and
13 agreements. Disclosure of such information would place Meta and the third-party confidential
14 information at risk and pose a competitive disadvantage to the third party who obtained promises
15 of confidentiality from Meta over this information and is not party to this lawsuit. Meta previously
16 requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was
17 granted by the Court, (Dkt. 393). Second, Meta also seeks to redact materials comprising
18 employees' personal identifiable information, namely, the email addresses for Meta's individual
19 employees, who are not parties to the case. Such information has been redacted to protect the
20 employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the
21 information, such as for automated or unwanted solicitation or contact. Meta previously requested
22 to seal documents based on the same personal identifiable information, (Dkt. 391-1, ¶ 5), which
23 was granted by the Court, (Dkt. 393).

24      10.   Attached as **Woodhouse Exhibit 3** is Exhibit C to the Pritt Declaration, (*see*
25 Dkt. 397-6), with Meta's proposed narrowly tailored redactions. Meta respectfully requests the
26 Court's permission to seal the redacted information for two reasons. First, the redactions seek to
27 protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data)
28 that point to Meta's confidential and proprietary information and sensitive features of its internal

systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security, (Dkt. 391-1, ¶ 9), which was granted by the Court, (Dkt. 393). Second, the redactions seek to protect materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (Dkt. 391-1, ¶ 5), which was granted by the Court, (Dkt. 393).

11.  Attached as **Woodhouse Exhibit 4** is Exhibit F to the Pritt Declaration, (*see* Dkt. 397-9), with Meta's proposed narrowly tailored redactions. Meta respectfully requests the Court's permission to seal the redacted information for two reasons. First, the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security,

1  (Dkt. 391-1, ¶ 9), which was granted by the Court, (Dkt. 393).  Second, the redactions seek to
2  protect materials comprising employees' personal identifiable information, namely, the email
3  addresses for Meta's individual employees, who are not parties to the case.  Such information has
4  been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized
5  and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta
6  previously requested to seal documents based on the same personal identifiable information,
7  (Dkt. 391-1, ¶ 5), which was granted by the Court, (Dkt. 393).

8     12. Attached as **Woodhouse Exhibit 5** is Exhibit H to the Pritt Declaration, (*see*
9  Dkt. 397-11), with Meta's proposed narrowly tailored redactions.  Meta respectfully requests the
10 Court's permission to seal the redacted information for two reasons.  First, the redactions seek to
11 protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data)
12 that point to Meta's confidential and proprietary information and sensitive features of its internal
13 systems.  These materials are maintained with restricted access in the ordinary course of Meta's
14 business and are not generally known to the public or Meta's competitors.  The hyperlinks and file
15 paths have been redacted in a limited way to avoid disclosure, while preserving sufficient
16 information for the public to understand any relevance of the same.  Disclosure of this confidential
17 and proprietary information about Meta's infrastructure may increase the risk of cyber security
18 threats or breaches as third parties may seek to gain access to and use the information to
19 compromise and intrude upon Meta's internal systems and other confidential information.  Meta
20 previously requested to seal documents based on the same concerns regarding network security,
21 (Dkt. 391-1, ¶ 9), which was granted by the Court, (Dkt. 393).  Second, the redactions seek to
22 protect materials comprising employees' personal identifiable information, namely, the email
23 addresses for Meta's individual employees, who are not parties to the case.  Such information has
24 been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized
25 and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta
26 previously requested to seal documents based on the same personal identifiable information,
27 (Dkt. 391-1, ¶ 5), which was granted by the Court, (Dkt. 393).

28    13. Attached as **Woodhouse Exhibit 6** is Exhibit J to the Pritt Declaration, (*see*

1  Dkt. 397-13), with Meta's proposed narrowly tailored redactions. Meta respectfully requests the
2  Court's permission to seal the redacted information for two reasons. First, the redactions seek to
3  protect hyperlinks, file paths, and certain file names (*e.g.*, links to access Meta's internally stored
4  documents and data) that point to Meta's confidential and proprietary information and sensitive
5  features of its internal systems. These materials are maintained with restricted access in the
6  ordinary course of Meta's business and are not generally known to the public or Meta's
7  competitors. The hyperlinks, file paths, and file names have been redacted in a limited way to avoid
8  disclosure, while preserving sufficient information for the public to understand any relevance of
9  the same. Disclosure of this confidential and proprietary information about Meta's infrastructure
10 may increase the risk of cyber security threats or breaches as third parties may seek to gain access
11 to and use the information to compromise and intrude upon Meta's internal systems and other
12 confidential information. Meta previously requested to seal documents based on the same concerns
13 regarding network security, (Dkt. 391-1, ¶ 9), which was granted by the Court, (Dkt. 393). Second,
14 the redactions seek to protect materials comprising employees' personal identifiable information,
15 namely, the email addresses for Meta's individual employees, who are not parties to the case. Such
16 information has been redacted to protect the employees' privacy and to avoid the risk of third
17 parties' unauthorized and/or illicit use of the information, such as for automated or unwanted
18 solicitation or contact. Meta previously requested to seal documents based on the same personal
19 identifiable information, (Dkt. 391-1, ¶ 5), which was granted by the Court, (Dkt. 393).

\*     \*     \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Jose, California on this 22nd day of January 2025.

*/s/ Michelle Woodhouse*
Michelle Woodhouse