COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                             Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: ORDER OF JANUARY 9, 2025 [DKT. 383]** |

In response to this Court's January 9, 2025 Order Regarding Meta's Sealing Requests, (Dkt. 383) (the "Sealing Order"), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to seal narrowly tailored portions of certain documents, which were originally filed provisionally under seal in connection with the sealing motions at Dkts. 311, 320, 322, 338, 358, 362.[1] Meta respectfully submits that compelling reasons and good cause exist for the filing of these materials under seal. Indeed, the information that Meta now seeks to redact is similar to the information Meta recently sought to redact, which the Court granted. (*See* Dkt. 393 (granting Meta's sealing request (Dkt. 391)).) The Motion is based on the following Memorandum of Points and Authorities and the Declaration of Michelle Woodhouse ("Woodhouse Declaration") in support of this Motion. A [Proposed] Order is filed concurrently herewith.

I. **LEGAL STANDARD**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas dispositive motions are subject to the "compelling reason" standard, non-dispositive motions are subject to the "good cause" standard. *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

---

[1] Meta makes no request to file under seal any documents originally filed in connection with the sealing motion at Dkt. 326, which comprised an Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed pursuant to Civil L.R. 79-5(f) based on the possible confidentiality of Plaintiffs' information.

## II. ARGUMENT

Given the non-dispositive nature of the underlying motions, the good cause standard applies here. However, in an abundance of caution, and in consideration of the Court's guidance, Meta submits that it satisfies both the "good cause" and "compelling reason" standards and respectfully requests to seal narrowly tailored portions of certain documents, which were originally filed provisionally under seal in connection with the sealing motions at Dkts. 311, 320, 322, 338, 358.

The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

In consideration of the Court's guidance in its Sealing Order, Meta requests sealing only narrowly tailored portions of the documents in the following chart. Specifically, Meta respectfully requests the Court's permission to seal four discrete categories of information: **(1)** information subject to third-party confidentiality obligations; **(2)** technical information and business strategies concerning third parties comprising proprietary Meta knowhow; **(3)** Meta employee email addresses to safeguard privacy; and **(4)** randomized portions of internal Meta file paths and document URL paths, disclosure of which risks facilitating access by unauthorized parties—these materials have no relevance to the case, and Meta has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing the need for public access to the information.

//

//

| Document | Sealing Request |
|---|---|
| **Woodhouse Ex. 1** – Attachment A to Plaintiffs' Supplemental Brief re: Privilege Joint Letter Brief (Dkt. 319-1) | Redacted highlighted portions |
| **Woodhouse Ex. 2** – Joint Discovery Letter Brief re: Search Terms (Dkt. 321) | Redacted highlighted portions |
| **Woodhouse Ex. 3** – Exhibit B to Joint Discovery Letter Brief re: Search Terms (Dkt. 321-2) | Redacted highlighted portions |
| **Woodhouse Ex. 4** – Exhibit 2 to Joint Discovery Letter Brief re: Choudhury Deposition (Dkt. 334-6) | Redacted highlighted portions |
| **Woodhouse Ex. 5** – Exhibit A to Joint Discovery Letter Brief re Privilege Logs (Business Communications) (Dkt. 353-1) | Redacted highlighted portions |
| **Woodhouse Ex. 6** – Exhibit B to Joint Discovery Letter Brief re: Privilege Logs (Business Communications) (Dkt. 353-2) | Redacted highlighted portions |
| **Woodhouse Ex. 7** – Exhibit E to Joint Discovery Letter Brief re: Additional Deposition Time (Dkt. 354-5) | Redacted highlighted portions |
| **Woodhouse Ex. 8** – Exhibit A to Joint Discovery Letter Brief re: Privilege Logs (Crime-Fraud) (Dkt. 355-1) | Redacted highlighted portions |
| **Woodhouse Ex. 9** – Joint Discovery Letter Brief re: Interrogatories (Dkt. 357) | Redacted highlighted portions |
| **Woodhouse Ex. 10** – Exhibit A to Joint Discovery Letter Brief re: Interrogatories (Dkt. 357-1) | Redacted highlighted portions |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials subject to third-party confidentiality obligations,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on third-party confidentiality obligations, (Dkt. 391-1, ¶ 6))); *Open Text S.A. v. Box*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations); *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014) ("compelling reasons . . . to seal . . . confidential [agreement] terms ...."); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (similar); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that

'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard"); **(2) proprietary technical information and business strategies,** *e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable); *In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal portions of the parties' briefing on summary judgment and class certification, and accompanying materials to "maintain[] the confidentiality of information about [defendant's] technology and internal business operations"); *Kyowa Hakko Kirin v. Aragen Bioscience*, No. 16-cv-05993-JD, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding good cause to protect "confidential third-party information, the disclosure of which may violate confidentiality provisions in . . . agreements . . . and cause competitive and financial harm by allowing . . . competitors insight into . . . [business] strategies and efforts"); *Nextpulse v. Brunswick*, No. 22-cv-04071-HSG, 2023 WL 1880949, at *7 (N.D. Cal. Feb. 10, 2023) (finding "compelling reasons to seal [asset purchase agreement because it comprises] confidential, strategic and competitively sensitive business information"); **(3) materials comprising employees' personally identifying information,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on concerns regarding disclosure of employee personally identifiable information, (Dkt. 391-1, ¶ 5))); *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (compelling reasons to seal personally identifying information, including employee names and emails); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (similar, and collecting cases); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (compelling reasons to seal employee identification numbers); **and (4) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on cybersecurity concerns, (Dkt. 391-1, ¶ 9))); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089 , at *6 (N.D. Cal. June

30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to Meta's third-party obligations, and to protecting Meta and its employees from harm.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents). Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration, and are limited to materials that are either tangential or irrelevant to the claims at issue in this case, such as employee emails and file pathways. Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta, its employees, and third-party partners against competitive and illicit harms, but also the public's interest in accessing these materials is minimal at best.

**III. CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

| | | |
|---|---|---|
| 1 | Dated: January 23, 2025 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Juan Pablo Gonzalez*<br>Bobby Ghajar |
| 4 | | Mark Weinstein<br>Kathleen Hartnett |
| 5 | | Teresa Michaud<br>Phillip Morton |
| 6 | | Judd Lauter<br>Liz Stameshkin |
| 7 | | Matthew Brigham<br>Colette Ghazarian |
| 8 | | Juan Pablo Gonzalez<br>Cole A. Poppell |
| 9 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 10 | | Angela L. Dunning |
| 11 | | Attorneys for Defendant<br>META PLATFORMS, INC. |
| 12 | *Full Counsel List* | |

13  COOLEY LLP
14  PHILLIP MORTON *(pro hac vice)*
    (pmorton@cooley.com)
15  COLE A. POPPELL *(pro hac vice)*
    (cpoppell@cooley.com)
16  1299 Pennsylvania Avenue, NW, Suite 700
    Washington, DC 20004-2400
17  Telephone:    (202) 842-7800

18  COOLEY LLP
    MATTHEW BRIGHAM (191428)
19  (mbrigham@cooley.com)
    JUAN PABLO GONZALEZ (334470)
20  (jgonzalez@cooley.com)
    3175 Hanover Street
21  Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000

22  313819575