UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>  Individual and Representative Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>  Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF MICHELLE WOODHOUSE IN SUPPORT OF DEFENDANT META PLATFORM INC.'S MOTION TO SEAL RE: ORDER OF JANUARY 9, 2025 [DKT. 383]** |

I, Michelle Woodhouse, hereby declare:

1. I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of Meta's Motion to Seal re: Order of January 9, 2025 [Dkt. 383] ("Sealing Motion"). In consideration and in accordance with the Court's guidance, Meta requests the Court's permission to file under seal narrowly tailored portions of certain documents, which were originally filed provisionally under seal in connection with the sealing motions at Dkts. 311, 320, 322, 338, 358, 362. These documents are set forth in the table below, alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| **Woodhouse Ex. 1** – Attachment A to Plaintiffs' Supplemental Brief re: Privilege Joint Letter Brief (Dkt. 319-1) | Redacted highlighted portions |
| **Woodhouse Ex. 2** – Joint Discovery Letter Brief re: Search Terms (Dkt. 321) | Redacted highlighted portions |
| **Woodhouse Ex. 3** – Exhibit B to Joint Discovery Letter Brief re: Search Terms (Dkt. 321-2) | Redacted highlighted portions |
| **Woodhouse Ex. 4** – Exhibit 2 to Joint Discovery Letter Brief re: Choudhury Deposition (Dkt. 334-6) | Redacted highlighted portions |
| **Woodhouse Ex. 5** – Exhibit A to Joint Discovery Letter Brief re Privilege Logs (Business Communications) (Dkt. 353-1) | Redacted highlighted portions |
| **Woodhouse Ex. 6** – Exhibit B to Joint Discovery Letter Brief re: Privilege Logs (Business Communications) (Dkt. 353-2) | Redacted highlighted portions |
| **Woodhouse Ex. 7** – Exhibit E to Joint Discovery Letter Brief re: Additional Deposition Time (Dkt. 354-5) | Redacted highlighted portions |
| **Woodhouse Ex. 8** – Exhibit A to Joint Discovery Letter Brief re: Privilege Logs (Crime-Fraud) (Dkt. 355-1) | Redacted highlighted portions |
| **Woodhouse Ex. 9** – Joint Discovery Letter Brief re: Interrogatories (Dkt. 357) | Redacted highlighted portions |
| **Woodhouse Ex. 10** – Exhibit A to Joint Discovery Letter Brief re: Interrogatories (Dkt. 357-1) | Redacted highlighted portions |

1  Meta makes no request to file under seal any documents originally filed in connection with the
2  sealing motion at Dkt. 326, which comprised an Administrative Motion to Consider Whether
3  Another Party's Materials Should Be Sealed pursuant to Civil L.R. 79-5(f) that was based on the
4  possible confidentiality of Plaintiffs' information.

5     3. Attached as **Woodhouse Exhibit 1** is Attachment A to Plaintiffs' Supplemental
6  Brief re: Privilege Joint Letter Brief, (Dkt. 319-1), with Meta's proposed narrowly tailored
7  redactions highlighted in teal. Meta respectfully requests the Court's permission to seal the
8  redacted information for two reasons. First, the redactions seek to protect hyperlinks, file paths,
9  and certain file names (*e.g.*, links to access Meta's internally stored documents and data) that point
10 to Meta's confidential and proprietary information and sensitive features of its internal
11 systems. These materials are maintained with restricted access in the ordinary course of Meta's
12 business and are not generally known to the public or Meta's competitors. The hyperlinks, file
13 paths, and file names have been redacted in a limited way to avoid disclosure, while preserving
14 sufficient information for the public to understand any relevance of the same. Disclosure of this
15 confidential and proprietary information about Meta's infrastructure may increase the risk of cyber
16 security threats or breaches as third parties may seek to gain access to and use the information to
17 compromise and intrude upon Meta's internal systems and other confidential information. Meta
18 previously requested to seal documents based on the same concerns regarding network security,
19 (Dkt. 391-1, ¶ 9), which was granted by the Court, (Dkt. 393). Second, the redactions seek to
20 protect materials comprising employees' personal identifiable information, namely, the email
21 addresses for Meta's individual employees, who are not parties to the case. Such information has
22 been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized
23 and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta
24 previously requested to seal documents based on the same personal identifiable information,
25 (Dkt. 391-1, ¶ 5), which was granted by the Court, (Dkt. 393).

26    4. Attached as **Woodhouse Exhibit 2** is the Joint Discovery Letter Brief re: Search
27 Terms, (Dkt. 321), with Meta's proposed narrowly tailored redactions highlighted in teal. Here,
28 Meta respectfully seeks to redact information necessary to prevent the disclosure of a third party

1  which is subject to confidentiality and non-disclosure obligations and agreements. Disclosure of
2  such information would put the third party's confidential information at risk and pose a competitive
3  disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for
4  this information and is not party to this lawsuit. Meta previously requested to seal documents based
5  on similar third-party information, (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393).
6  Meta also respectfully seeks to redact only information necessary to prevent the disclosure of
7  Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal
8  considerations regarding possible strategic partnerships. Certain of this information involves
9  business discussions that are ongoing. Disclosure of such information risks competitive harm to
10 Meta, including by hampering Meta's third-party relationship management.

11        5.       Attached as **Woodhouse Exhibit 3** is the Exhibit B to Joint Discovery Letter Brief
12 re: Search Terms, (Dkt. 321-2), with Meta's proposed narrowly tailored redactions highlighted in
13 teal. Here, Meta respectfully seeks to redact only information necessary to prevent the disclosure
14 of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal
15 considerations regarding possible strategic partnerships. Certain of this information involves
16 business discussions that are ongoing. Disclosure of such information risks competitive harm to
17 Meta, including by hampering Meta's third-party relationship management. The identity of some
18 of the third-parties is also subject to confidentiality and non-disclosure obligations and
19 agreements. Disclosure of such information would put the third party's confidential information at
20 risk and pose a competitive disadvantage to Meta and the third party who obtained promises of
21 confidentiality from Meta for this information and is not party to this lawsuit. Meta previously
22 requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was
23 granted by the Court, (Dkt. 393).

24        6.       Attached as **Woodhouse Exhibit 4** is Exhibit 2 to the Joint Discovery Letter Brief
25 re: Choudhury Deposition, (Dkt. 334-6), with Meta's proposed narrowly tailored redactions
26 highlighted in teal. Here, Meta respectfully seeks to redact only information necessary to prevent
27 the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including
28 Meta's internal considerations regarding possible strategic partnerships. Certain of this information

1  involves business discussions that are ongoing. Disclosure of such information risks competitive
2  harm to Meta, including by hampering Meta's third-party relationship management. The identity
3  of some of the third-parties is also subject to confidentiality and non-disclosure obligations and
4  agreements. Disclosure of such information would put the third party's confidential information at
5  risk and pose a competitive disadvantage to Meta and the third party who obtained promises of
6  confidentiality from Meta for this information and is not party to this lawsuit. Meta previously
7  requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was
8  granted by the Court, (Dkt. 393).

9   7.  Attached as **Woodhouse Exhibit 5** is Exhibit A to the Joint Discovery Letter Brief
10 re Privilege Logs (Business Communications), (Dkt. 353-1), with Meta's proposed narrowly
11 tailored redactions highlighted in teal. Here, Meta respectfully requests the Court's permission to
12 seal the redacted information for three reasons. First, the redactions seek to protect hyperlinks, file
13 paths, and certain file names (*e.g.*, links to access Meta's internally stored documents and data) that
14 point to Meta's confidential and proprietary information and sensitive features of its internal
15 systems. These materials are maintained with restricted access in the ordinary course of Meta's
16 business and are not generally known to the public or Meta's competitors. The hyperlinks, file
17 paths, and file names have been redacted in a limited way to avoid disclosure, while preserving
18 sufficient information for the public to understand any relevance of the same. Disclosure of this
19 confidential and proprietary information about Meta's infrastructure may increase the risk of cyber
20 security threats or breaches as third parties may seek to gain access to and use the information to
21 compromise and intrude upon Meta's internal systems and other confidential information. Meta
22 previously requested to seal documents based on the same concerns regarding network security,
23 (Dkt. 391-1, ¶ 9), which was granted by the Court, (Dkt. 393). Second, the redactions seek to
24 protect materials comprising employees' personal identifiable information, namely, the email
25 addresses for Meta's individual employees, who are not parties to the case. Such information has
26 been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized
27 and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta
28 previously requested to seal documents based on the same personal identifiable information, (Dkt.

1  391-1, ¶ 5), which was granted by the Court, (Dkt. 393). Third, Meta also seeks to redact information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships. Certain of this information involves business discussions that are ongoing. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. The identity of some of the third-parties is also subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit. Meta previously requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393).

8.  Attached as **Woodhouse Exhibit 6** is Exhibit B to the Joint Discovery Letter Brief re: Privilege Logs (Business Communications), (Dkt. 353-2), with Meta's proposed narrowly tailored redactions highlighted in teal. Here, Meta respectfully requests the Court's permission to seal the redacted information for three reasons. First, the redactions seek to protect hyperlinks, file paths, and certain file names (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. The hyperlinks, file paths, and file names have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security, (Dkt. 391-1, ¶9), which was granted by the Court, (Dkt. 393). Second, the redactions seek to protect materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been

redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (Dkt. 391-1, ¶5), which was granted by the Court, (Dkt. 393). Third, Meta also seeks to redact information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships. Certain of this information involves business discussions that are ongoing. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. The identity of some of the third-parties is also subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit. Meta previously requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393).

9. Attached as **Woodhouse Exhibit 7** is Exhibit E to the Joint Discovery Letter Brief re: Additional Deposition Time, (Dkt. 354-5), with Meta's proposed narrowly tailored redactions highlighted in teal. Here, Meta respectfully seeks to redact only information necessary to prevent the disclosure of terms to an agreement between Meta and a third party which is subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit. Meta previously requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393).

10. Attached as **Woodhouse Exhibit 8** is Exhibit A to the Joint Discovery Letter Brief re: Privilege Logs (Crime-Fraud), (Dkt. 355-1), with Meta's proposed narrowly tailored redactions highlighted in teal. Here, Meta respectfully requests the Court's permission to seal the redacted information for two reasons. First, the redactions seek to protect hyperlinks, file paths, and certain file names (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's

1  confidential and proprietary information and sensitive features of its internal systems. These
2  materials are maintained with restricted access in the ordinary course of Meta's business and are
3  not generally known to the public or Meta's competitors. The hyperlinks, file paths, and file names
4  have been redacted in a limited way to avoid disclosure, while preserving sufficient information for
5  the public to understand any relevance of the same. Disclosure of this confidential and proprietary
6  information about Meta's infrastructure may increase the risk of cyber security threats or breaches
7  as third parties may seek to gain access to and use the information to compromise and intrude upon
8  Meta's internal systems and other confidential information. Meta previously requested to seal
9  documents based on the same concerns regarding network security, (Dkt. 391-1, ¶ 9), which was
10 granted by the Court, (Dkt. 393). Second, the redactions seek to protect materials comprising
11 employees' personal identifiable information, namely, the email addresses for Meta's individual
12 employees, who are not parties to the case. Such information has been redacted to protect the
13 employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the
14 information, such as for automated or unwanted solicitation or contact. Meta previously requested
15 to seal documents based on the same personal identifiable information, (Dkt. 391-1, ¶ 5), which
16 was granted by the Court, (Dkt. 393).

17     11.    Attached as **Woodhouse Exhibit 9** is the Joint Discovery Letter Brief re:
18 Interrogatories, (Dkt. 357), with Meta's proposed narrowly tailored redactions highlighted in teal.
19 Here, Meta respectfully seeks to redact only information necessary to prevent the disclosure of
20 terms to an agreement between Meta and a third party which is subject to confidentiality and non-
21 disclosure obligations and agreements. Disclosure of such information would put the third party's
22 confidential information at risk and pose a competitive disadvantage to Meta and the third party
23 who obtained promises of confidentiality from Meta for this information and is not party to this
24 lawsuit. Meta previously requested to seal documents based on similar third-party information,
25 (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393).

26     12.    Attached as **Woodhouse Exhibit 10** is Exhibit A to the Joint Discovery Letter Brief
27 re: Interrogatories, (Dkt. 357-1), with Meta's proposed narrowly tailored redactions highlighted in
28 teal. Here, Meta respectfully requests the Court's permission to seal the redacted information for

three reasons. First, the redacted material relates to datasets that were used to train the Llama models, which has not been disclosed publicly. Meta regards the combination of datasets (in essence the data "recipe" used for training) to be confidential and competitively sensitive information, as knowing the mixture of datasets used by Meta would enable competitors to more easily duplicate or replicate the Llama models. In fact, the rationale for the confidentiality of the identity of these datasets is explained in the Interrogatory response, which describes the various factors by which Meta evaluated and decided to include certain datasets for Llama training. Additionally, some of these datasets involve annotations that are not publicly available and/or that were created pursuant to agreements between Meta and third parties. Because there is no allegation that these other datasets contain copies of Plaintiffs' works, Meta does not believe that any of the datasets subject to proposed redactions are relevant to this case. Second, Meta also seeks to redact information necessary to prevent the disclosure of agreements and terms to such agreements between Meta and third parties which are subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third parties' confidential information at risk and pose a competitive disadvantage to Meta and the third parties who obtained promises of confidentiality from Meta for this information and are not party to this lawsuit. Meta previously requested to seal documents based on similar third-party information, (Dkt. 391-1, ¶ 6), which was granted by the Court, (Dkt. 393). Third, Meta also seeks to redact information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships. Certain of this information involves business discussions that are ongoing. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management.

*    *    *

8

M. Woodhouse Decl. iso Mot. to Seal
re: Order of Jan. 9, 2025 [Dkt. 383]
3:23-cv-03417-VC-TSH

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Menlo Park, California on this 23rd day of January 2025.

Michelle Woodhouse