

February 7, 2025

*E-Filed*

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

Re:   *Kadrey, et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC
       Enclosure of Documents for *In Camera* Review

Dear Judge Chhabria,

We write on behalf of Defendant Meta Platforms, Inc. ("Meta"), in response to the Court's Order on Motion for Relief from Nondispositive Order of the Magistrate Judge directing Meta to submit for *in camera* review "the documents identified in Exhibit J to the Pritt declaration (as well as those in Appendix A to the plaintiffs' motion and in Exhibit A to the parties' joint letter brief on the crime-fraud exception submitted to Judge Hixson)." Dkt. 416 at 2.

Meta has submitted to Your Honor, in hard copy, two copies of each document and a flash drive containing the documents. Two of the documents are lengthy excel spreadsheets that could not be printed in a readily usable manner; Meta therefore provided these documents on the flash drive only. Where a document is redacted, Meta also has highlighted the portions over which privilege has been asserted. Please let us know if you have any issues accessing the documents.

Meta notes that there was overlap in the documents listed in the three exhibits identified by the Court as the source for the documents to be reviewed *in camera* (*i.e.*, Exhibit J, Appendix A, and Exhibit A). Whereas the three exhibits collectively list 127 documents, there are only 63 unique documents, which includes three documents for which Meta did not claim privilege. Meta has provided the de-duplicated set for the Court's review.

Meta also has provided the Court with its privilege log entries for the documents submitted to the Court, along with an additional column (second column entitled "Column Added…") that provides information relevant to the Court's review. Meta has served this exact log on Plaintiffs' counsel.

While preparing the documents identified by the Court for *in camera* review, Meta identified 4 of those documents over which it does not seek to maintain an assertion of privilege and 10 of those documents where Meta does not seek to maintain all redactions. Meta will produce these documents to Plaintiffs and has included them in the submission to the Court. Those documents are identified in the second column of the log provided to the Court and to Plaintiffs' counsel.

Finally, in the course of preparing its *in camera* submission, Meta and its counsel learned late afternoon yesterday that Meta's e-discovery vendor had inadvertently sequestered approximately 18,000 documents. Meta's separate letter to the Court, filed earlier today (Dkt. 420), addresses that issue in more detail.



# Cooley

February 7, 2025
Page Two

Meta appreciates the Court's attention to this matter and is hopeful that *in camera* review will dispel any concern related to the crime-fraud exception. If it does not, Meta requests an opportunity to fully brief the inapplicability of the crime-fraud exception to the documents submitted before the Court reaches any conclusion about the applicability of the exception. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1093 (9th Cir. 2007) ("[t]he party seeking to preserve the privilege has the right to introduce countervailing evidence.") (*abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009)).[1]

/s/ Bobby Ghajar
/s/ Kathleen Hartnett
Bobby A. Ghajar
Kathleen Hartnett
COOLEY LLP
*Counsel for Defendant Meta Platforms, Inc.*

---

[1] Yesterday Plaintiffs submitted an unauthorized "supplemental letter" regarding their Motion for Review. *See* Dkts. 418, 419. Because Plaintiffs did not raise the issues presented in their letter to Judge Hixson, they are not properly before the Court and, in any event, they are meritless.