# Cooley

February 10, 2025

*E-Filed*

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

      Re:    *Kadrey, et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC
             Update re: Dkt. 420 and Response to Plaintiffs' Letter (Dkt. 423)

Dear Judge Chhabria,

We write on behalf of Defendant Meta Platforms, Inc. ("Meta"), both to provide an update regarding our letter submitted on Friday (Dkt. 420), and to briefly respond to Plaintiffs' letter submitted on Saturday evening (Dkt. 423).

**Update on Documents (Dkt. 420)**

We have been working expeditiously to gather all facts regarding the documents that Meta's e-discovery vendor inadvertently sequestered. As of our Friday afternoon letter, as we noted, we had not yet assessed what was in that tranche of documents. Additionally, in light of the Court's current *in camera* review process, we will provide the Court with a copy of Meta's privilege logs relating to these documents when we serve them on Plaintiffs.

Meta's e-discovery vendor, Lighthouse, is prepared to submit a declaration to the Court explaining the basis for the technical error that resulted in the inadvertent sequestration of the approximately 18,000 documents. As explained in Meta's Friday letter, this issue did not come to the attention of Meta or its attorneys until the afternoon of Thursday, February 6, 2025, and Meta and its attorneys promptly took action to address this issue, including by filing a letter disclosing the issue the next day. In addition, Meta has confirmed with Lighthouse that there are no other documents that were subject to inadvertent sequestration.

Having assessed the situation with the vendor and analyzed the approximately 18,000 documents, we have determined as follows:

- Approximately 3,200 of these documents were previously produced to Plaintiffs. Therefore, they need no further review or processing, as they are already in Plaintiffs' possession.

- Approximately 3,400 of these documents were previously reviewed for a null set review under the ESI Order and were determined to be non-responsive and therefore required no additional review. Given these are not responsive documents, they need not be produced.

- For the remainder of the documents (approximately 11,000), a large proportion were previously reviewed prior to the sequestration and deemed non-responsive. For the rest, Meta has nearly completed its review and will take the next steps outlined below.

We expect to complete our analysis, processing, and production of these documents as follows:

- Monday, February 10, 2025: Meta intends to make an initial, primary production to Plaintiffs of non-privileged English language responsive documents. Based on current estimates, this production will likely be fewer than 1,000 documents, including family members.

- Tuesday, February 11, 2025: Meta intends to produce to Plaintiffs any documents with partial redactions for privilege and a privilege log, and any remaining non-privileged, English language responsive documents.

February 10, 2025
Page 2

- Wednesday, February 12, 2025: There is a remaining batch of approximately 100 documents in French that must be reviewed, and this review requires French language reviewers. Meta intends to produce to Plaintiffs any non-privileged responsive documents and any privilege log entries for these documents by this time.

**Initial Response to Plaintiffs' Letter (Dkt. 423)**

In their Saturday evening letter, Plaintiffs made several allegations regarding Meta's conduct. Meta reserves its rights to respond more fully to those allegations later but briefly explains here why they are unfounded.

*First*, Plaintiffs assert that, because Meta is able to review and produce documents from the inadvertently sequestered documents over the course of several days, it somehow misrepresented the time it takes to respond to requests for discovery in the past. *See* Dkt. 423 at 5. Meta was able to review the inadvertently sequestered documents in a matter of days because those documents already were collected from Meta, processed by Meta's vendor, and ingested in a review database; the inadvertent sequestration simply rendered them invisible to Meta and its attorneys for review for responsiveness and privilege. And as described above, a large subset had already been reviewed prior to the sequestration. In contrast, collecting, reviewing, and producing documents from new custodians generally takes many weeks because that process entails collection by Meta in-house's e-discovery team, processing by Meta's vendors, and only then review by Meta's outside counsel.

*Second*, Plaintiffs make certain claims about alleged "reversal of privilege assertions." Dkt. 423 at 2. In the course of preparing documents for *in camera* review, Meta identified a discrete number of privilege assertions that it no longer seeks to maintain. In one instance, variations of a single email thread appeared multiple times on Meta's log, accounting for a large portion of the modifications. Eight of the fourteen documents with revised privilege assertions were related to that email thread (Entries 6-8, 11-15), of which Plaintiffs already had a redacted version (Entry 5). Meta apologizes for identifying these issues during the *in camera* review process, but it did so to facilitate the Court's review of documents and passages under a claim of privilege. None of these revisions have any bearing on the issue for which the Court is conducting review. Although Plaintiffs repeat an argument that they made previously in challenging various aspects of Meta's privilege logs, they offer no genuine basis for more broadly doubting Meta's privilege assertions. *See, e.g.,* Dkt. 366 (Judge Hixson Order conducting *in camera* review and rejecting Plaintiffs' challenge to Meta's privilege logs).

*Finally*, Plaintiffs' characterization of the Ninth Circuit's decision in *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1093 (9th Cir. 2007) is inaccurate. That decision does not concern copyright infringement; it is a case about the attorney-client privilege in which the Ninth Circuit held that "[t]he party seeking to preserve the privilege has the right to introduce countervailing evidence." Dkt. 422 at 2. The decision thus supports Meta's request for the Court to receive further briefing and argument following *in camera* review if the Court considers ordering the production of any documents based on the crime-fraud exception.

Absent further direction from the Court, Meta will provide another status update by Wednesday after the above steps have been completed. Meta is prepared to address the Court on any of the other matters raised in the parties' submissions as needed or directed by the Court.

Sincerely,

/s/ Bobby Ghajar
/s/ Kathleen Hartnett
Bobby A. Ghajar
Kathleen Hartnett
COOLEY LLP

*Counsel for Defendant Meta Platforms, Inc.*