COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: BROWN DECLARATION** |

By request of third-party Lighthouse, Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing the sealing of narrowly tailored portions of the Declaration of Jamie Brown ("Brown Declaration"). Based on the Declaration of John Pollard ("Pollard Declaration"), Meta respectfully submits that compelling reasons and good cause exist for the filing of these limited portions under seal to safeguard third-party Lighthouse's proprietary information. The Motion is based on the following Memorandum of Points and Authorities and the Pollard Declaration in support of this Motion. A [Proposed] Order is filed concurrently herewith.

I. **LEGAL STANDARD**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas dispositive motions are subject to the "compelling reason" standard, non-dispositive motions are subject to the "good cause" standard. *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

II. **ARGUMENT**

Given the non-dispositive nature of the underlying filing, the good cause standard applies here. However, in an abundance of caution, and in consideration of the Court's guidance, Meta submits that Lighthouse's sealing request satisfies both the "good cause" and "compelling reason" standards, and respectfully requests to seal narrowly tailored portions of the Brown Declaration.

The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

Cognizant of this Court's guidance in its Sealing Order (Dkt. 373), sealing is warranted here as to Lighthouse's narrowly tailored, highlighted portions of the Brown Declaration. Specifically, Meta respectfully requests the Court's permission to seal detailed technical information concerning Lighthouse's proprietary document processing techniques—this information has no relevance to the merits issues in the above-captioned matter, and Lighthouse has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Lighthouse has applied the least redactions possible to minimize the risk of competitive harm to Lighthouse, while balancing the need for public access to the information. Courts in this district have found compelling reasons to seal such materials, including proprietary technical and competitively sensitive business information. *E.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable); *In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal portions of the parties' briefing on summary judgment and class certification, and accompanying materials to "maintain[] the confidentiality of information about [defendant's] technology and internal business operations"); *Kyowa Hakko Kirin v. Aragen Bioscience*, No. 16-cv-05993-JD, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding good cause to protect "confidential third-party information, the disclosure of which may violate confidentiality provisions in . . . agreements . . . and cause competitive and financial harm by allowing . . . competitors insight into . . . [business] strategies and efforts"); *Nextpulse v.*

*Brunswick*, No. 22-cv-04071-HSG, 2023 WL 1880949, at *7 (N.D. Cal. Feb. 10, 2023) (finding "compelling reasons to seal [asset purchase agreement because it comprises] confidential, strategic and competitively sensitive business information").

Here, as in the above-cited cases, the harm to Lighthouse outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents). Lighthouse's proposed highlighted redactions are narrowly tailored to include only that information which disclosure of would cause specific, articulable harm to Lighthouse, as identified in the Pollard Declaration, and are limited to materials that are either tangential or irrelevant to the claims at issue in this case. Thus, not only is sealing Lighthouse's proposed highlighted redactions necessary to safeguard Lighthouse against competitive harms, but also the public's interest in accessing these materials is minimal at best.

### III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

| | | |
|---|---|---|
| 1 | Dated: February 12, 2025 | COOLEY LLP |
| 2 | | |
| 3 | | By: /s/ Juan Pablo Gonzalez |
| | | Bobby Ghajar |
| | | Mark Weinstein |
| 4 | | Kathleen Hartnett |
| | | Teresa Michaud |
| 5 | | Phillip Morton |
| | | Judd Lauter |
| 6 | | Liz Stameshkin |
| | | Matthew Brigham |
| 7 | | Colette Ghazarian |
| | | Juan Pablo Gonzalez |
| 8 | | Cole A. Poppell |
| 9 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 10 | | Angela L. Dunning |
| 11 | | Attorneys for Defendant META PLATFORMS, INC. |
| 12 | *Full Counsel List* | |

13  COOLEY LLP
14  PHILLIP MORTON *(pro hac vice)*
    (pmorton@cooley.com)
15  COLE A. POPPELL *(pro hac vice)*
    (cpoppell@cooley.com)
16  1299 Pennsylvania Avenue, NW, Suite 700
    Washington, DC 20004-2400
17  Telephone:    (202) 842-7800

18  COOLEY LLP
    MATTHEW BRIGHAM (191428)
19  (mbrigham@cooley.com)
    JUAN PABLO GONZALEZ (334470)
20  (jgonzalez@cooley.com)
    3175 Hanover Street
21  Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000

22  314678578