UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>　　Individual and Representative Plaintiffs,<br><br>　　v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>　　　　　　　　　　　　　Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF JOHN POLLARD IN SUPPORT OF DEFENDANT META PLATFORMS INC.'S MOTION TO SEAL RE: BROWN DECLARATION** |

I, John Pollard, hereby declare:

1. I am the Chief Solutions Officer at Lighthouse, where I manage US-based client delivery teams, including Client Services, Review and Analytics, Forensics, and Information Governance. I am an officer of the company and authorized to speak on its behalf. I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Lighthouse provides eDiscovery services to companies and their outside counsel in connection with litigation and investigation matters. It has been in business for more than 30 years and is considered a leading provider of eDiscovery services. Meta Platforms, Inc. ("Meta"), a Defendant in the above captioned matter, is a client of Lighthouse.

3. Lighthouse provided a declaration at Defendant Meta's request and in connection with the inadvertent sequestration (or suppression) of certain messages from review and production, which was executed by Jamie Brown on February 12, 2025. (*See* Declaration of Jamie Brown ("Brown Declaration").)

4. Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Meta's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Sealing Motion"). The Sealing Motion seeks leave to file under seal portions of the Brown Declaration. Attached as **Exhibit 1** is the Brown Declaration, with proposed narrowly tailored redactions, highlighted in teal, which Lighthouse requests the Court's permission to file under seal.

5. Specifically, certain provisions in paragraphs 17-18, 21-22 and 25-28 (highlighted in teal) contain information related to Lighthouse's "know-how" of Relativity Analytics and describe its specific application of Relativity technology for duplication purposes. Lighthouse considers its duplication methodology, including but not limited to the queries it used to implement such technologies, to be business proprietary and confidential information. Similarly, it considers its quality control methodology – including steps taken to validate such technology – to be business proprietary and confidential information. Lighthouse does not publish this information within the public domain today and has no intention of doing so in the future. This "know-how" and methodology has been developed over its 30-year history and is unique to Lighthouse's business

operations relative to its competitors in the industry.

6. Lighthouse respectfully requests that the Court grant the Sealing Motion as to these narrowly tailored portions for two reasons. First, the highlighted materials relate to confidential material (per the above), the disclosure of which would risk competitive harm. Lighthouse provides eDiscovery services to hundreds of clients across various sectors, and has developed proprietary techniques to meet its clients' needs, including proprietary processes for identifying and processing duplicate material. The highlighted materials provide detailed information related to how some of these processes are implemented, disclosure of which would place Lighthouse at a competitive disadvantage vis-à-vis other discovery vendors who could leverage Lighthouse's know-how. It would also pose risk to other Lighthouse customers that rely upon Lighthouse to perform the same services it provides to Meta, where the confidential and proprietary information could be used against them in discovery in litigation matters.

7. Second, the public interest in accessing the highlighted portions is limited because Lighthouse's document processing techniques are not subject to any claim at issue in the above-captioned matter. Indeed, the highlighted portions of the Brown Declaration are limited to technical details regarding Lighthouse' proprietary document processing techniques, the disclosure of which is not necessary to inform the public as to the key issues and facts explained in the Brown Declaration.

\*   \*   \*

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed in Seattle, Washington on this 12th day of February 2025.

_____
John Pollard