February 13, 2025

**E-Filed**

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

      Re: *Kadrey, et al v. Meta Platforms, Inc.*, Case No. 23-cv-03417-VC

Dear Judge Chhabria,

      On Monday night, Meta produced 827 documents it claims were "inadvertently sequestered" during fact discovery, as well as 14 downgraded crime-fraud documents referenced in Dkt. 422. On Tuesday night, Meta produced another 487 documents. And on Wednesday night, Meta produced 34 more documents and represented it has completed its post-deadline productions. Plaintiffs immediately commenced a review of Meta's belatedly produced documents; that review is still ongoing. But far from Meta's "nothing-to-see-here" claim, the improperly withheld documents contain damning additional evidence of in-house counsel's involvement in Meta's decision to unlawfully acquire massive quantities of copyrighted works from LibGen and other known pirated databases, which is what led this Court to grant *in camera* review in the first place. *See* Dkt. 416.

      **Appendix A** details some of the additional evidence buried Meta's new productions—notwithstanding the many new documents Meta is also withholding entirely. As just a few examples:

- A heavily redacted WorkChat [REDACTED] after Meta's decision on April 7, 2023 to "pause" its efforts to license copyrighted works and instead pirate massive quantities of copyrighted works from LibGen. [REDACTED] *See* Ex. H, Meta_Kadrey_00235448. That webpage starts: "You don't get arrested for using Torrent. Torrent (or BitTorrent, to be more precise), is just a file copy protocol which very efficiently moves files around the Internet. ***You get arrested for downloading licensed content for which you do not have a license.***" https://www.quora.com/What-is-the-probability-of-getting-arrested-for-using-torrents-in-the-USA (emphasis added). Yet Meta did it anyway, and to date has largely resisted discovery into the technical aspects of its torrenting methods, including the BitTorrent protocols it used, configurations it employed, and methods it used to conceal its massive piracy scheme.

- The Court is already familiar with the MZ Escalation Memo stating that LibGen, "a dataset we know to be pirated," was approved for use with Llama 3 "[a]fter a prior escalation to

[Mark Zuckerberg]." Dkt. 396-2; Dkt. 373 (quoting this document as evidence Meta tried to seal it "to avoid negative publicity"). As it turns out, the Zuckerberg Memo, in addition to containing a redacted "Legal Risk" section from "Legal," was ██████████████████████████████████████████████████████████████ *See* Ex. L, Meta_Kadrey_00232249.

- Despite Meta's repeated attempts to obscure the details of the April 7, 2023 decision to pause its efforts to license copyrighted material for use as training data with Meta's LLMs, an internal WorkChat from that exact day shows ██████████████████████████████ *See* Ex. F, Meta_Kadrey_00235350.

- ██████████████████████████████████████████████████████████████ *See* Ex. D, Meta_Kadrey_00232214.

The evidence is now overwhelming that the crime-fraud exception applies here. It is illegal to download a pirated song using a peer-to-peer network ("P2P network"). *See A&M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 927 (N.D. Cal. 2000) (Napster "has contributed to illegal copying on a scale that is without precedent"). It is illegal to download a pirated movie using a P2P network. *See Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1025 (9th Cir. 2013) (P2P networks are "ideally suited for sharing large files, a feature that has led to their adoption by, among others, those wanting access to pirated media, including music, movies, and television shows"). And it is certainly illegal to download *tens of millions* of pirated books using P2P networks like Meta did. Indeed, ██████████████████████████████████████████████ There is nothing novel about data piracy; it is illegal, and Meta's involvement of in-house counsel to engage in the activity of pirating unprecedented amounts of copyrighted works renders the communications subject to disclosure.

Plaintiffs request *in camera* review of the eight redacted documents identified in the attached **Appendix A** (marked with an asterisk) for the same reasons the parties already briefed. There is good cause for the Court to grant Plaintiffs' request. Plaintiffs had never seen any of these belatedly produced documents until this week and therefore had no prior opportunity to present them to the Court or incorporate them into the prior requests for *in camera* review. The documents' contents are undisputably relevant to the Court's crime-fraud determination. Plaintiffs also reiterate their request for the Court to review the seven additional documents they identified in Dkt. 418.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt
Boies Schiller Flexner LLP
*Interim Lead Counsel for Plaintiffs*
