UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                                            Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF MICHELLE WOODHOUSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 419]** |

I, Michelle Woodhouse, hereby declare:

1. I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, (Dkt. 419 ("Sealing Motion")). Meta seeks leave to file under seal portions of materials accompanying Plaintiffs' Supplemental Letter Brief re: Motion for Relief from Non-Dispositive Order of a Magistrate Judge (Dkt. 418) ("Plaintiffs' Supplemental Filing").

3. Meta requests the Court's permission to file under seal narrowly tailored portions of the subset of Plaintiffs' Supplemental Filing, as set forth in the chart below alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| **Woodhouse Ex. 1** – Ex. A to the Pritt Declaration (Dkt. 419-2) | **Redacted portions** |
| **Woodhouse Ex. 2** – Ex. B to the Pritt Declaration (Dkt. 419-3) | **Redacted portions** |
| **Woodhouse Ex. 3** – Ex. C to the Pritt Declaration (Dkt. 419-4) | **Redacted portions** |
| **Woodhouse Ex. 4** – Ex. D to the Pritt Declaration (Dkt. 419-5) | **Redacted portions** |
| **Woodhouse Ex. 5** – Ex. E to the Pritt Declaration (Dkt. 419-6) | **Redacted portions** |
| **Woodhouse Ex. 6** – Ex. F to the Pritt Declaration (Dkt. 419-7) | **Redacted portions** |

Meta seeks the Court's permission to file under seal discrete portions of **Woodhouse Exhibits 1–6**, as further explained below.

4. Attached as **Woodhouse Exhibit 1** is Exhibit A to the Pritt Declaration with Meta's proposed narrowly tailored redactions. Meta respectfully requests the Court's permission to seal

the redacted information for two reasons. **First,** Meta respectfully seeks to redact only information necessary to prevent the disclosure of an agreement between Meta and a third party, which is subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit. Meta previously requested to seal documents based on the similar third-party information, (*e.g.*, Dkt. 391-1, ¶ 6), which was granted by the Court, (*e.g.*, Dkt. 393). **Second,** Meta seeks to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

5. Attached as **Woodhouse Exhibit 2** is Exhibit B to the Pritt Declaration with Meta's proposed narrowly tailored redactions. Meta respectfully requests the Court's permission to seal the redacted information for two reasons. **First,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393). **Second,** the redactions seek to protect materials comprising employees' personal identifiable information, namely, the email addresses for Meta's

1 individual employees, who are not parties to the case. Such information has been redacted to
2 protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use
3 of the information, such as for automated or unwanted solicitation or contact. Meta previously
4 requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-
5 1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

6       6. Attached as **Woodhouse Exhibit 3** is Exhibit C to the Pritt Declaration with Meta's
7 proposed narrowly tailored redactions. Here, Meta respectfully requests the Court's permission to
8 redact hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data)
9 that point to Meta's confidential and proprietary information and sensitive features of its internal
10 systems. These materials are maintained with restricted access in the ordinary course of Meta's
11 business and are not generally known to the public or Meta's competitors. The hyperlinks and file
12 paths have been redacted in a limited way to avoid disclosure, while preserving sufficient
13 information for the public to understand any relevance of the same. Disclosure of this confidential
14 and proprietary information about Meta's infrastructure may increase the risk of cyber security
15 threats or breaches as third parties may seek to gain access to and use the information to
16 compromise and intrude upon Meta's internal systems and other confidential information. Meta
17 previously requested to seal documents based on the same concerns regarding network security,
18 (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393).

19       7. Attached as **Woodhouse Exhibit 4** is Exhibit D to the Pritt Declaration with Meta's
20 proposed narrowly tailored redactions. Here, Meta respectfully requests the Court's permission to
21 redact materials comprising employees' personal identifiable information, namely, the email
22 addresses for Meta's individual employees, who are not parties to the case. Such information has
23 been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized
24 and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta
25 previously requested to seal documents based on the same personal identifiable information,
26 (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

27       8. Attached as **Woodhouse Exhibit 5** is Exhibit E to the Pritt Declaration with Meta's
28 proposed narrowly tailored redactions. Meta respectfully requests the Court's permission to seal

the redacted information for three reasons. **First,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393). **Second,** the redactions seek to protect materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393). **Third,** the redactions seek to protect detailed information concerning the finetuning steps undertaken by Meta as to its large language models. The material Meta seeks to seal relates to specific prompts and associated scoring that Meta employed as part of its finetuning processes. Meta considers this information to be proprietary knowhow, the disclosure of which would risk competitive harm to Meta. Moreover, the granular details surrounding Meta's finetuning process, which Meta seeks to redact here, have limited (if any) relevance to the merit issues in the above-captioned matter. Meta previously requested to seal documents concerning proprietary knowhow as to the training of its large language model with similarly tangential relevance to this case, (*e.g.*, Dkt. 409-1, ¶ 12), which was granted by the Court, (*e.g.*, Dkt. 414.)

9. Attached as **Woodhouse Exhibit 6** is Exhibit F to the Pritt Declaration with Meta's

1  proposed narrowly tailored redactions. **Woodhouse Exhibit 6** comprises excerpted pages from a
2  deposition transcript, which were previously subject to this Court's Order granting Meta's sealing
3  request, (*see* Dkt. 414 (granting Meta's sealing request (Dkt. 409) as to Woodhouse Ex. 4)).  Here,
4  Meta respectfully seeks to redact portions of **Woodhouse Exhibit 6,** identical to those granted by
5  this Court as to the same documents, (*see id.*).  The redactions are necessary to prevent the
6  disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's
7  internal considerations regarding possible strategic partnerships.  Certain of this information
8  involves business discussions that are ongoing.  Disclosure of such information risks competitive
9  harm to Meta, including by hampering Meta's third-party relationship management.  The identity
10 of some of the third-parties is also subject to confidentiality and non-disclosure obligations and
11 agreements. Disclosure of such information would put the third party's confidential information at
12 risk and pose a competitive disadvantage to Meta and the third party who obtained promises of
13 confidentiality from Meta for this information and is not party to this lawsuit.

14                                *   *   *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Jose, California on this 13th day of February 2025.

*Michelle Woodhouse*