# EXHIBIT A

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; <br><br> Defendant. | Case No. 3:23-cv-03417-VC <br><br> **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION** |

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the phrasing "not identify" and "databases used for training Llama Models." Meta construes this Request as seeking documents concerning Meta's decision, if any, not to publicly identify with specificity the training data used to train the Llama Models (as construed above) other than Llama 1.

Meta objects to this Request to the extent it assumes that Meta did not publicly identify datasets used to train any Llama Models.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents and Communications, including source code, relating to any efforts, attempts, or measures implemented by Meta to prevent Llama Models from emitting or outputting copyrighted material.

**RESPONSE TO REQUEST NO. 118:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague, ambiguous, and indefinite as to "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular work is subject to copyright protection. Meta construes this Request as seeking documents concerning Meta's training data memorization mitigations for the Llama Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications, including source code, concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as duplicative of other Requests, including Request No. 116.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show Meta's training data memorization mitigations for the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 119:**

All Documents and Communications, including source code, relating to the processing of copyrighted material used in training Llama Models, including storage and deletion of copyrighted material.

**RESPONSE TO REQUEST NO. 119:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and

communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague, ambiguous, and indefinite as to "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular training data is protected by copyright. Meta also objects to this Request on the ground that it presupposes that there are documents related to the processing, storage, and deletion of copyrighted material separate and apart from other training data.

Meta objects to this Request as duplicative of other Requests.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications, including source code, with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as duplicative of other Requests, including Request Nos. 116 and 118.

Meta is willing to meet and confer with Plaintiffs regarding the appropriate scope, if any of this Request.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents and Communications, including source code, relating to actual or contemplated source code changes within Llama Models, including source code "commits" and "pull requests."

**RESPONSE TO REQUEST NO. 120:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

| | | |
|---|---|---|
| 1 | Dated: November 8, 2024 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Judd Lauter* |
| 4 | | Bobby Ghajar<br>Mark Weinstein |
| 5 | | Kathleen Hartnett<br>Judd Lauter |
| 6 | | Liz Stameshkin<br>Colette Ghazarian |
| 7 | | LEX LUMINA PLLC |
| 8 | | Mark A. Lemley |
| 9 | | CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP |
| 10 | | Angela L. Dunning<br>Attorneys for Defendant |
| 11 | | META PLATFORMS, INC. |