# Exhibit D

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>        v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                    Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) TO META PLATFORMS, INC. (SERVED ON 10/8/24)** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Meta Platforms, Inc. ("Meta") by and through its undersigned counsel, hereby provides the following responses and objections to Plaintiffs Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Meta Platforms, Inc. ("Notice") served on October 8, 2024, and the individual numbered topics identified therein ("Topics"), as follows:

## I.    Objections To Notice and All Topics

Meta makes the following objections to the Notice and all Topics and definitions therein, whether or not separately set forth in response to each Topic or definition:

1. Meta objects to the definition of "Relevant Period" as overbroad, unduly burdensome, unreasonable, and disproportionate to the needs of the case on the ground that it encompasses years prior to any conduct conceivably relevant to Plaintiffs' allegations. Meta construes the "Relevant Period" to mean January 1, 2022 through the Present.

2. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Meta's Response to the Notice and any information, document, or thing identified or provided in response to the Notice.

3. Meta objects to all Topics to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or ground for withholding documents or information. Meta will not provide such protected information. Each designee is testifying on behalf of Meta and not in his or her personal capacity to the extent within the scope of the Topics, subject to Defendant's objections and responses below. Any inadvertent disclosure of any privileged or protected information is not a waiver of any applicable privilege or protection. Meta expressly reserves the right to object to the introduction at trial or other use of any privileged or otherwise protected information that may be inadvertently disclosed.

4. By stating that Meta will make a witness available on a Topic, Meta does not represent that information exists on such Topic, but rather that Meta will make a reasonable attempt to

Cooley LLP
Attorneys at Law

1

Def's Resp. & Objs. to
Amended Ntc of 30(b)(6) Depo
Case No. 3:23-cv-03417-VC

ascertain whether information concerning the Topic does, in fact, exist, and to prepare a witness to testify on that Topic to the extent reasonably practicable, based on a reasonable investigation under the circumstances. Meta has no obligation to create new documents, information, or analysis in response to this Notice. Nor does Meta have an obligation to obtain information from sources beyond its control that are equally accessible to Plaintiffs.

5. To the extent the Notice uses capitalized letters in suggesting that a term or phrase is defined, but for which no definition is provided, Meta objects to those terms or phrases as vague, ambiguous, and overly broad. Meta interprets the capitalized, but undefined terms "Meta LLMs," "Meta's LLMs," "Meta AI products" to have the same meaning as "Meta Language Models," defined below in Objection 8.

6. Meta objects to all definitions and Topics to the extent they seek to require Meta to search for information about documents no longer in existence or no longer in Meta's possession, custody, or control on the grounds that they are overly broad, would subject Meta to undue annoyance, oppression, burden, and expense, and seek to impose upon Meta an obligation to investigate information or materials from third parties or services who are equally accessible to Plaintiffs.

7. Meta objects to the Notice to the extent it seeks to define terms and/or characterize the evidence in this matter. Nothing in this response should be construed as an admission of any facts or assumptions advanced by Plaintiffs in the Notice.

8. The term "Meta Language Models," as used by Meta herein, shares the same meaning as Meta's definition of the term in Meta's objections and responses to Plaintiffs' discovery requests, i.e. models within the Llama family of LLMs that have been publicly released by Meta, namely, Llama 1, Llama 2, Code Llama, and Llama 3.

## II.    Specific Objections And Responses

Without waiving or limiting in any manner any of the foregoing objections, but rather incorporating them into each of the following responses to the extent applicable, Meta responds to the specific Topics as follows:

**Topic No. 1:**

Meta's access to, identification of, assembly, processing, and/or curation of datasets to train its Large Language Models, including Meta's gathering of works, including copyrighted works, from websites for potential use and/or use as data for training, testing, validating, and/or benchmarking, including but not limited to "shadow library" websites like Z-Lib, Library Genesis ("LibGen"), Bibliotik, and Anna's Archive.

**Response to Topic No. 1:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The terms "access to," "identification of," "curation," "datasets," "Large Language Models," "validating," "benchmarking," "gathering of works," "copyrighted works," and "shadow library" are vague, ambiguous, and undefined. Meta construes this Topic as referring to Meta's selection, downloading, assembly, and processing of text datasets used to train the Meta Language Models.

2) The Topic seeks information that is not or no longer in Meta's possession, considering that several individuals involved in the selection and processing of certain datasets are no longer employed at Meta.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., the notion that a corporate witness would be responsible for testifying as to the historical minutiae of every text training dataset).

5) To the extent that Plaintiffs are contending that any particular material is protected by copyright, this Topic calls for a legal conclusion and seeks information outside of Meta's possession, custody, or control.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding Meta's selection, downloading, assembly, and processing of text datasets used to pretrain the Meta Language Models .

**Topic No. 2:**

Meta's access, copying, reproduction and/or use of the datasets, including the datasets commonly known as "Books3" (or "b3g"), "The Pile," "LibGen,", and the "Fair Use Library"; the individuals who accessed or made these copies or reproductions; the storage of these copies or reproductions; the content of these datasets; and Meta's communications with the creators of and/or individuals who control or maintain these datasets.

**Response to Topic No. 2:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The term "access" and the phrases "the datasets," "individuals who accessed or made these copies or reproductions," "copies and reproductions," and "individuals who control or maintain these datasets" are vague, ambiguous, and undefined. Meta construes "access" to refer to downloading; "the datasets" to refer to text datasets used to pretrain the Meta Language Models; "copies and reproductions" to refer to copies made by Meta for purposes of pretraining the Meta Language Models, and "individuals who control or maintain these datasets" to refer to unidentified third parties.

2) The Topic seeks information that is not or no longer in Meta's possession, considering that several individuals involved in Meta's downloading and reproduction of these datasets are no longer employed at Meta and such information was not kept in the ordinary course of business.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and

1    unduly burdensome (e.g., the notion that a corporate witness would be responsible for testifying as

2    to every ablation experiment).

3        5) To the extent the Topic seeks information concerning the contents or creation of datasets

4    not created by Meta such information is equally accessible to Plaintiffs.

5        6) This Topic is duplicative of Topic 1.

6        Subject to and without waiving any of these objections, Meta will designate one or more

7    witnesses to testify generally regarding Meta's use, if any, of the datasets commonly known as

8    "Books3" (or "b3g"), "The Pile," "LibGen,", and the "Fair Use Library"; the individual employees

9    or contractors of Meta who accessed or made copies or reproductions of such datasets; the general

10   contents of any datasets used by Meta; the storage by Meta of any copies or reproductions; and

11   Meta's communications, if any, with the creators of and/or individuals who control or maintain

12   these datasets.

13       **Topic No. 3:**

14       The Meta LLMs trained on material and/or datasets obtained and/or accessed from public

15   websites, including any material sourced from "Books3," "The Pile," and "Library Genesis," and

16   including how Meta trains subsequent versions of its LLMs using training data from prior versions,

17   whether Meta may or does remove training data from LLMs, and whether Meta still accesses or

18   otherwise uses these datasets for LLM training purposes, or if not, why it no longer accesses or

19   uses these datasets.

20       **Response to Topic No. 3:**

21       In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic

22   on the following grounds:

23       1) The terms "Meta LLMs," "material sourced from" and "accessed" and the phrase "trains

24   subsequent versions of its LLMs using earlier versions" are vague, ambiguous, and

25   undefined.  Meta construes "material sourced from" to mean text data copied or reproduced from

26   the designated locations, "accessed" to mean downloaded, "Meta LLMs" to mean "Meta Language

27   Models" as defined above, and interprets "trains subsequent versions of its LLMs using earlier

28   versions" to refer to prior versions of training datasets.

Cooley LLP
Attorneys at Law

5

Def's Resp. & Objs. to
Amended Ntc of 30(b)(6) Depo
Case No. 3:23-cv-03417-VC

2) The Topic seeks information that is not or no longer in Meta's possession, considering that several individuals involved in Meta's downloading of certain datasets are no longer employed at Meta, certain datasets were downloaded years ago, and such information was not kept in the ordinary course of business.

3) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., it goes beyond the Meta Language Models at issue in this suit and purports to require Meta to go prepare a witness to testify on conduct having no bearing on the works at issue in this case).

4) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify regarding the identification of the Meta Language Models, if any, that were trained on material sourced from "Books3," "The Pile," and "Library Genesis," if/how Meta trains subsequent versions of the Meta Language Models using training data from prior versions, whether Meta may or does remove training data from Meta Language Models, and whether Meta still accesses or otherwise uses Books3," "The Pile," or "Library Genesis" for training purposes, or if not, why it no longer does so.

**Topic No. 4:**

Meta's knowledge that its LLM training datasets included copyrighted material, including any discussions or deliberations regarding the same; any discussions, deliberations, or efforts to mitigate potential copyright infringement relating to Meta's LLMs; and any steps Meta has taken to train or otherwise program its LLMs not to output infringing material.

**Response to Topic No. 4:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

Cooley LLP
Attorneys at Law

6

Def's Resp. & Objs. to
Amended Ntc of 30(b)(6) Depo
Case No. 3:23-cv-03417-VC

1) The terms "Meta's LLMs," "LLM training datasets" and "copyrighted material" are vague, ambiguous, and undefined.  Meta construes "Meta's LLMs" to mean the Meta Language Models as defined above, "LLM training datasets" to refer to datasets used to pretrain the Meta Language Models, and "copyrighted material" to refer to material that is subject to copyright protection under U.S. law.

2) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., it goes beyond the Meta Language Models at issue in this suit and purports to require Meta to go prepare a witness to testify regarding "any discussions, deliberations, or efforts" concerning the Topic).

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) 2) To the extent that Plaintiffs are contending that any particular material is protected by copyright, this Topic calls for a legal conclusion and seeks information outside of Meta's possession, custody, or control.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding Meta's knowledge of whether certain datasets used to pretrain the Meta Language Models contain material that is protected by copyright under U.S. law and Meta's efforts to reduce the possibility, if any, that the models can reproduce verbatim content contained within training data.

**Topic No. 5:**

Meta's policies and procedures regarding its adherence to any laws or regulations, including the EU AI Act, that require transparency around the datasets used to train AI models, require authorization from rightsholders for the use of the text and data in training AI models, and require disclosure of the use of any copyrighted materials to train an AI model.

**Response to Topic No. 5:**

In addition to the foregoing objections applicable to all Topics, Defendant objects to this Topic on the following grounds:

1) The term "copyrighted materials," "transparency," "authorization," and "rightsholders" are vague, ambiguous, and undefined. Meta construes "copyrighted materials" to refer to material that is subject to copyright protection under U.S. law. The remaining terms are legal concepts, the definition of which would require Meta to make a legal judgment and divulge information which is protected by the attorney-client privilege and/or the attorney work product doctrine.

2) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Defendant does not intend to disclose privileged information or waive those privileges.

3) The Topic improperly purports to characterize the requirements of the EU AI Act.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, as Meta's response to recently enacted foreign regulations is irrelevant to the issues in dispute under U.S. law.

Meta will not designate a witness on this Topic.

**Topic No. 6:**

All internal policies, including approval policies, relating to Meta's access and/or use of datasets, including the "Books3," "The Pile," and "LibGen" datasets, for any purpose relating to the development of Meta's AI technology.

**Response to Topic No. 6:**

In addition to the foregoing objections applicable to all Topics, Metaobjects to this Topic on the following grounds:

1) The phrase "internal policies" and terms "datasets" and "Meta's AI technology" are vague and ambiguous— Meta construes this Topic as seeking information concerning Meta's policies for obtaining approval to use text datasets used to pretrain the Meta Language Models.

2) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

3) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., it goes beyond the Meta Language Models at issue in this suit and purports to obligate a corporate witness to testify as to every internal policy during the relevant period that may relate to use of datasets).

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding Meta's policies for obtaining approval to use text datasets used to pretrain the Meta Language Models.

**Topic No. 7:**

The origin and contents of the datasets Meta has produced in this case, labeled Meta_Kadrey_Data_001, Meta_Kadrey_Data_002, Meta_Kadrey_Data_003, Meta_Kadrey_Data_004, and Meta_Kadrey_Data_005, including who identified and compiled each dataset produced, and how each dataset produced has been used by Meta in training each of its LLMs from Llama 1 through any Llama version currently in development, including whether Meta accessed, obtained and/or sourced the datasets at multiple points in time and, if so, when and for what purpose.

**Response to Topic No. 7:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., the notion that a corporate witness would be responsible for testifying as to the specific contents of terabytes of data, let alone the extent to which data has been downloaded multiple times).

2) The Topic seeks information that is not or no longer in Meta's possession, considering that several individuals involved in the selection and downloading of certain datasets are no longer employed at Meta.

3) The identified datasets are within the possession of Plaintiffs and therefore equally accessible to Plaintiffs.

4) This Topic is duplicative of Topics 1, 2, and 3.

5) The terms "origin and contents of the datasets Meta has produced in this case" and "who identified and compiled each dataset produced" are vague, ambiguous, undefined, and nonsensical. Meta interprets this Topic to seek information on the third party source(s) from which Meta copied or reproduced text datasets used to pretrain the Meta Language Models and subsequently produced in this case, and the employees at Meta who originally identified and compiled those text datasets for that pretraining.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding the origin of the datasets Meta has produced in this case, labeled Meta_Kadrey_Data_001, Meta_Kadrey_Data_002, Meta_Kadrey_Data_003, Meta_Kadrey_Data_004, and Meta_Kadrey_Data_005, how each dataset produced has been used by Meta in training the Meta Language Models, including, generally, whether Meta downloaded the datasets at multiple points in time.

**Topic No. 8:**

Meta's communications including discussions, deliberations, and negotiations concerning each and every dataset regardless of the source, type, or potential use that may or could have been used in training generative AI products (whether or not related only to Meta products) or for use in any other Meta AI product, other than generative AI, including but not limited to, all such discussions referenced in the April 6, 2024 New York Times article, "How Tech Giants Cut Corners to Harvest Data for A.I." or the September 25, 2024 The Verge article and interview, "Why Mark Zuckerberg thinks AR glasses will replace your phone." Some examples that are obvious may include actual or potential licensing deals related to Meta's AI assistant, or actual or potential licensing deals related to Meta's AI instant video generator, regardless of whether they resulted in

actual licensing deals. This topic includes all communications related to these discussions, deliberations, negotiations and or attempts by Meta or other generative AI companies that may have been discussed by Meta that did not result in an executed licensing agreement with a third party.

**Response to Topic No. 8:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The phrase "generative AI products (whether or not related only to Meta products)" and "Meta AI product" are vague and ambiguous. Meta construes this Topic to concern the Meta Language Models.

2) The reference to "discussions referenced" in the April 6, 2024 New York Times article is vague and ambiguous, as any such discussions are not identified with particularity such that Meta can determine who participated in them and when. And even if Meta could do so, such discussions purportedly occurred 1.5 years ago.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., the Topic seeks information concerning generative AI solutions other than the Meta Language Models and datasets for other types of AI models such as video; and the Topic seeks "discussions… concerning each and every dataset," irrespective of whether Meta ever used or considered using it).

5) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding Meta's efforts to acquire text data to train the Meta Language Models, including licensing efforts, if any.

Cooley LLP
Attorneys at Law

11

Def's Resp. & Objs. to
Amended Ntc of 30(b)(6) Depo
Case No. 3:23-cv-03417-VC

**Topic No. 9:**

Financial information about the Llama models' actual and expected revenue and profit impacts, including Meta's understanding of the actual and expected financial impact its AI technology will have on Meta's various commercial product lines, including Facebook, Instagram, Facebook Reels, and WhatsApp.

**Response to Topic No. 9:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds: The phrases "AI technology," and "expected revenue and profit impacts," and "various commercial product lines" are vague and ambiguous— Meta  construes "AI technology" to refer to the Meta Language Models, "expected revenue and profit impacts" to refer to revenue and profit projections, and "various commercial product lines" to refer to those specifically listed: Facebook, Instagram, Facebook Reels, and WhatsApp.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding projections, if any, of revenue and profits from the Meta Language Models, if any, including Meta's understanding of any financial impact the Meta Language Models are expected to have on Facebook, Instagram, Facebook Reels, and WhatsApp.

**Topic No. 10:**

The source code provided to Plaintiffs for review, including who compiled the source code; what the source code consists of; any source code repositories used by Meta's LLMs not captured by the production to date; the dates the source code was created; how recently the source code has been updated; what LLM models the source code covers; how the source code is organized; what models are used within each version of Llama and what each of these models do; whether any Llama model uses or incorporates different tools, including for web research, and if so, what these tools do; differentiations between the model production system on the web versus what Meta has shared in its public repositories; source code pertaining to Meta's efforts to train its models to identify copyrighted material; whether there are any pull requests or commits from certain date ranges that are not included in the source code; whether the source code produced to date includes

or omits production or application code; and any of the issues raised in the October 4, 2024

Declaration of Dr. Jonathan Krein.

**Response to Topic No. 10:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The Topic improperly seeks discovery on discovery.

2) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., it has no bearing on the issues in dispute).

3) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome.  For example, this Topic encompasses detailed information about each of tens of thousands of source code-related files, including revision histories, created as a result of efforts of a large number of individuals at Meta taking place over an extended period of time.  It is not possible as a practical matter to prepare a human being to testify as a Rule 30(b)(6) designee about the breadth of information encompassed by this Topic.

4) The Topic is also vague and ambiguous as to the phrases, "production or application code," and as such, Meta has interpreted this phrase as referring to code for the "Meta AI" large language model  available as a web application.  The Topic is also vague and ambiguous as to "any source code repositories used by Meta's LLMs," and as such, Meta has interpreted this phrase as referring to source code repositories for the pre-training and post-training of the Meta Language Models.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify generally regarding the source code and source code repositories provided to Plaintiffs for review, including generally the purpose and functionality each repository provides, the identity of source code repositories if any for Meta Language Models that were not included in the discovery production to date, pull requests or commits (if any) not included in the discovery

production to date, and generally the differences if any between source code repositories used by the Llama models versus the Meta AI web-based model.

**Topic No. 11:**

Meta's process for identifying and collecting documents in response to Plaintiffs' RFPs, including data sources reviewed, non-custodial files reviewed, search terms used, date ranges applied, metadata collection and capabilities concerning what metadata may be collected, and Meta's policies and practices relating to labeling internal documents "attorney-client privileged" or the equivalent.

**Response to Topic No. 11:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The Topic improperly seeks discovery on discovery.

2) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome (e.g., it has no bearing on the issues in dispute).

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

Meta will not designate a witness on this Topic.

**Topic No. 12:**

The factual bases and any other supporting analysis for Meta's October 30, 2023 submission to the U.S. Copyright Office contending that its use of copyrighted material to train its LLMs is either non-infringing or otherwise constitutes "fair use."

**Response to Topic No. 12:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the ground that it seeks testimony protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those

Cooley LLP
Attorneys at Law

14

Def's Resp. & Objs. to
Amended Ntc of 30(b)(6) Depo
Case No. 3:23-cv-03417-VC

1   privileges.  Meta further objects on the ground that any non-privileged "factual bases" for the

2   submission are set out in the submission itself.

3          Meta will not designate a witness on this Topic.

4   **Topic No. 13:**

5          Meta's current or future intention to carry out the guidance from Meta's CEO, Mark

6   Zuckerberg, that if content creators do not want their content used to train Meta's LLMs, then Meta

7   will stop training its LLMs on their content. This topic includes the means and methods by which

8   Meta would stop training its LLMs on certain creators' content, how creators would opt-out, as

9   well as any analysis Meta has done regarding the effects an opt-out system would have on its LLMs,

10  including their efficacy.

11  **Response to Topic No. 13:**

12         In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic

13  on the ground that the Topic mischaracterizes statements made by Mark Zuckerberg, namely, by

14  suggesting that Mr. Zuckerberg has provided guidance that Meta will stop training its large

15  language models on creator content upon request.

16         Subject to and without waiving any of these objections, Meta will designate one or more

17  witnesses to testify regarding Meta's plans, if any, to carry out purported guidance from Mark

18  Zuckerberg, if any, to cease training future large language models on content in response to requests

19  by the creators of such content, and any non-privileged analysis of the effects, if any, of such plans

20  on the Meta Language Models or their efficacy.

21

22

23

24

25

26

27

28

1    Dated: October 28, 2024                COOLEY LLP

2

3                                           By: */s/ Judd Lauter*
                                                Bobby Ghajar
4                                               Mark Weinstein
                                                Kathleen Hartnett
                                                Judd Lauter
5                                               Liz Stameshkin
                                                Colette Ghazarian
6
                                            CLEARY GOTTLIEB STEEN &
7                                           HAMILTON LLP
                                            Angela L. Dunning
8
                                            Attorneys for Defendant
9                                           META PLATFORMS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO META PLATFORMS, INC.**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Executed October 28, 2024, at Palo Alto, California.

_____
Jessica G. Alvarez-Lopez

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Louis Andrew Kessler
Aaron Cera
Margaux Poueymirou
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Email: jsaveri@saverilawfirm.com
    czirpoli@saverilawfirm.com
    cyoung@saverilawfirm.com
    hbenon@saverilawfirm.com
    lkessler@saverilawfirm.com
    acera@saverilawfirm.com
    mpoueymirou@saverilawfirm.com

Matthew Butterick
**MATTHEW BUTTERICK,
ATTORNEY AT LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@butericklaw.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: bclobes@caffertyclobes.com
    asweatman@caffertyclobes.com
    mrathur@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Joshua I. Schiller, Esq.
Maxwell Vaughn Pritt, Esq.
**BOIES SCHILLE FLEXNER**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Email: jischiller@bsfllp.com
    mpritt@bsfllp.com

David Boise, Esq. (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
333 Main Street
Armonk, NY  10504
Email: dboies@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
1401 New York Ave. NW
Washington, DC  20005
Email: jpanuccio@bsfllp.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Email: BrianO@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Email: akeller@dicellolevitt.com
    julwick@dicellolevitt.com
    ndjordjevic@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Email: dstraite@dicellolevitt.com

*Attorneys for Plaintiff Lysa TerKeurst*

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: ecabraser@lchb.com
        dhutchinson@lchb.com
        rstoler@lchb.com

Rachel Geman
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Email: rgeman@lchb.com

Attorneys for Plaintiff *Christopher Farnsworth
and Representative Plaintiffs and the Proposed
Class*

.

Nancy Evelyn Wolff
**COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP**
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Fax: (310) 492-4394
Email: NWolff@cdas.com

Scott J. Sholder
CeCe M. Cole
**COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
Email: ssholder@cdas.com
        ccole@cdas.com

Attorneys for Plaintiff *Christopher Farnsworth
and Representative Plaintiffs and the Proposed
Class*