# EXHIBIT B

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
4747 Executive Drive, 2nd Floor
San Diego, California 92121
Telephone: (619) 923-3939
Email:      dstraite@dicellolevitt.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

|   |   |   |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Sarah Silverman** |
| 3 | **SET NUMBER:** | **Two (2)** |

Plaintiff Sarah Silverman ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1. Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2. Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. ==Subject to and without waiving the foregoing objections==, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff also objects to the term "documentary

evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff admits in part and denies in part. Plaintiffs do not possess such documents and will rely on documents produced by Meta and third parties.

| | | |
|---|---|---|
| Dated: September 19, 2024 | By: | */s/ Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             hbenon@saverilawfirm.com
             acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:   (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:         bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

Lead Case No. 3:23-cv-03417-VC                5
PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Seth Haines
Timothy Hutchinson
Lisa Geary
**RMP, LLP**
5519 Hackett Street, Suite 300
Springdale, Arkansas 72762
Telephone: (479) 443-2705
Email: shaines@rmp.law
thutchinson@rmp.law
lgeary@rmp.law

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
475 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone: (646) 933-1000
Email: dstraite@dicellolevitt.com

Scott Poynter*
**POYNTER LAW GROUP**
407 President Clinton Avenue, Suite 201
Little Rock, Arkansas 72201
Telephone: (501) 812-3943
Email: scott@poynterlawgroup.com

Brian O'Mara
**DICELLO LEVITT LLP**
4747 Executive Drive, Second Floor
San Diego, California 92121
Telephone: (619) 923-3939
Email: bomara@dicellolevitt.com

Adam J. Levitt
Amy E. Keller
Nada Djordjevic (*pro hac vice*)
James A. Ulwick
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Email: alevitt@dicellolevitt.com
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On September 19, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury that the foregoing is true and correct. Executed September 19, 2024, at San Francisco, California.

By: *Rya Fishman*
        Rya Fishman

# SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
         cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

Judd D. Lauter
Elizabeth Lee Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com
         lstameshkin@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304-1254
Email: adunning@cgsh.com

*Counsel for Defendant
Meta Platforms, Inc.*