# EXHIBIT A

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400
Facsimile:     (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>   Individual and Representative Plaintiffs,<br><br>   v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                               Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Trial Date: None<br>Date Action Filed: July 7, 2023 |

Meta objects to this Request to the extent that it implies that Meta is responsible for having "assembl[ed]" the Gutenberg dataset.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "all" documents and communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce, or, if technically infeasible or impractical to produce, identify public sources of or permit inspection of a copy of the "Gutenberg" dataset referenced in the paper "LLaMA: Open and Efficient Foundation Language Models." Meta will also conduct a reasonable search for and produce non-privileged, relevant documents, if any, in its possession, custody, or control concerning the selection of said dataset for use in training any Meta Language Models (as construed above). Following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will also search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications to, from, or with Project Gutenberg Concerning Training Data.

**RESPONSE TO REQUEST NO. 6:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications."  Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Project Gutenberg," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://www.gutenberg.org/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 7:**

Documents and Communications to, from, or with Library Genesis (aka LibGen) Concerning Training Data.

**RESPONSE TO REQUEST NO. 7:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Library Genesis," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: http://libgen.li/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 8:**

Documents and Communications to, from, or with Z-Library (aka B-ok) Concerning Training Data.

**RESPONSE TO REQUEST NO. 8:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Z-Library," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://z-lib.io/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications to, from, or with Sci-Hub Concerning Training Data.

**RESPONSE TO REQUEST NO. 9:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed

by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Sci-Hub," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://sci-hub.se/database.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 10:**

Documents and Communications to, from, or with Bibliotik Concerning Training Data.

**RESPONSE TO REQUEST NO. 10:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents

attached thereto. This Request is also vague and ambiguous as to the term "Bibliotik," which is undefined. Furthermore, the Request is vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with Bibliotik," which Meta understands to be the name of a dataset rather than an individual, group, business, or organization.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns what Plaintiffs appear to believe is third-party.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and Communications to, from, or with The Eye Concerning Training Data.

**RESPONSE TO REQUEST NO. 11:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "The Eye," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://the-eye.eu/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 12:**

Documents and Communications to, from, or with Anna's Archive Concerning Training Data.

**RESPONSE TO REQUEST NO. 12:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto. This Request is also vague and ambiguous as to the term "Anna's Archive," which is undefined. In the context of this Request, Meta will construe this phrase to mean the organization referenced here: https://annas-archive.org/.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request. This Request is also overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents and communications in the possession, custody, or control of, and/or concerns a third-party.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, following the identification of appropriate search terms and custodians by Plaintiffs pursuant to the ESI Order to be used to search for email and electronic communications, and subject to the foregoing objections as well as Meta's objections to said custodians and search terms, Meta will search for and produce non-privileged, relevant communications responsive to this Request, if any, in accordance with the limitations set forth in the ESI Order. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (ECF No. 87).

**REQUEST FOR PRODUCTION NO. 13:**

Documents and Communications to, from, or with Hugo Touvron Concerning Training Data.

**RESPONSE TO REQUEST NO. 13:**

Meta incorporates by reference its objections and definitions above, including to the terms "Training Data" and "Communications." Any electronic communications, including email and documents attached thereto, must be requested pursuant to the ESI Order.

Meta objects to this Request as vague, ambiguous, and unintelligible as to "Documents and Communications to, from, or with" to the extent it is seeking materials other than those governed by the procedure for requesting email and electronic communications under the ESI Order, and Meta interprets the Request as seeking such email and electronic communications and Documents attached thereto.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it is interpreted to seek all documents and communications concerning the subject matter of the Request, including documents with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

| | |
|---|---|
| 1 | COOLEY LLP |
| | BOBBY GHAJAR (198719) |
| 2 | (bghajar@cooley.com) |
| | COLETTE GHAZARIAN (322235) |
| 3 | (cghazarian@cooley.com) |
| | 1333 2nd Street, Suite 400 |
| 4 | Santa Monica, California 90401 |
| | Telephone:    (310) 883-6400 |
| 5 | |
| | MARK WEINSTEIN (193043) |
| 6 | (mweinstein@cooley.com) |
| | KATHLEEN HARTNETT (314267) |
| 7 | (khartnett@cooley.com) |
| | JUDD LAUTER (290945) |
| 8 | (jlauter@cooley.com) |
| | ELIZABETH L. STAMESHKIN (260865) |
| 9 | (lstameshkin@cooley.com) |
| | 3175 Hanover Street |
| 10 | Palo Alto, CA  94304-1130 |
| | Telephone:    (650) 843-5000 |
| 11 | |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 12 | ANGELA L. DUNNING (212047) |
| | (adunning@cgsh.com) |
| 13 | 1841 Page Mill Road, Suite 250 |
| | Palo Alto, CA 94304 |
| 14 | Telephone: (650) 815-4131 |

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC |
| Individual and Representative | |
| Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION** |
| v. | |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | |

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, concerning Hugging Face's involvement, if any, in the dissemination of Books3.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications related to the decision to use Torrent Systems to acquire data for training Llama Models.

**RESPONSE TO REQUEST NO. 85:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague and ambiguous as to the terms "decision to use" and "acquire data." Meta construes this Request as seeking documents related to any decision by Meta to use data accessed through Torrent Systems (as construed above) for training Llama Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the

Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, concerning any decision by Meta to use Torrent Systems (as construed above) to acquire data for training the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications related to the decision to use books for long-range context modeling research.

**RESPONSE TO REQUEST NO. 86:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request on the ground that it assumes that Meta used books for long-range context research.

Meta objects to this Request as vague and ambiguous as to the terms "decision," which is non-specific as to the purported decisionmaker at issue, and "use of books," which is not limited in time or scope or to particular LLMs. Meta construes this Request as seeking documents concerning Meta's decision, if any, to use books as training data for long-range context research related to the Llama Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as vague, ambiguous, and indefinite as to "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular work is subject to copyright protection. Meta construes this Request as seeking documents concerning Meta's training data memorization mitigations for the Llama Models (as construed above).

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications, including source code, concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as duplicative of other Requests, including Request No. 116.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, which overlaps with prior Requests.

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order and ESI Order, Meta will conduct a reasonable search for and produce non-privileged, responsive documents in its possession, custody, or control, if any, sufficient to show Meta's training data memorization mitigations for the Llama Models (as construed above).

**REQUEST FOR PRODUCTION NO. 119:**

All Documents and Communications, including source code, relating to the processing of copyrighted material used in training Llama Models, including storage and deletion of copyrighted material.

**RESPONSE TO REQUEST NO. 119:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.

Meta objects to this Request because, on its face, it does not exclude documents and

communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request as vague, ambiguous, and indefinite as to "copyrighted material," as the Request does not identify any and Meta is not in a position to know whether any particular training data is protected by copyright. Meta also objects to this Request on the ground that it presupposes that there are documents related to the processing, storage, and deletion of copyrighted material separate and apart from other training data.

Meta objects to this Request as duplicative of other Requests.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications, including source code, with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request as duplicative of other Requests, including Request Nos. 116 and 118.

Meta is willing to meet and confer with Plaintiffs regarding the appropriate scope, if any of this Request.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents and Communications, including source code, relating to actual or contemplated source code changes within Llama Models, including source code "commits" and "pull requests."

**RESPONSE TO REQUEST NO. 120:**

Meta incorporates by reference its objections and definitions above. Any electronic communications, including emails and documents attached thereto, will only be produced pursuant to and in accordance with the ESI Order.