# EXHIBIT B

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400
Facsimile:    (310) 883-6500

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Trial Date: None<br>Date Action Filed: July 7, 2023 |

**PROPOUNDING PARTY:**      **PLAINTIFFS RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, MICHAEL CHABON, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, AYELET WALDMAN, AND JACQUELINE WOODSON**

**RESPONDING PARTY:**       **DEFENDANT META PLATFORMS, INC.**

**SET NUMBER: ONE**         **ONE**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33, Defendant Meta Platforms, Inc. ("Meta") responds as follows to Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson's ("Plaintiffs") First Set of Interrogatories ("Interrogatories").

## I.    RESPONSES TO ALL INTERROGATORIES

1.      Meta's responses to these Interrogatories are made to the best of Meta's current employees' present knowledge, information, and belief.  Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Meta's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Meta's further discovery or investigation.  Meta reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to these Interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

2.      To the extent that Meta responds to an Interrogatory by stating that Meta will provide information or documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the parties' stipulated protective order governing the unauthorized use or disclosure of such information or documents with a designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

- ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction (ECF No. 90, the "Protective Order").

**3.** Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Meta's responses herein and any document or thing identified or provided in response to the Interrogatories.

## II.    OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Whether or not separately set forth in response to each Interrogatory, Meta makes these objections to the following Instructions and Definitions:

**1.** Meta objects to the definition of "Agreement" as overbroad and unduly burdensome to the extent that it encompasses oral contracts, arrangements, or understandings, including those that are informal. Meta further objects to the definition of "Agreement" as vague, ambiguous, and unintelligible as to the term "modifications" to the extent it is intended to mean something distinct from "versions" or "amendments." Meta will construe "Agreement" to mean written contracts, including drafts, versions, amendments, exhibits, and appendices thereof.

**2.** Meta objects to the definition of "Communications" to the extent it encompasses email and other forms of electronic correspondence (collectively "email"). The parties are currently negotiating a protocol for managing electronic discovery ("ESI Order"), including email. The parties continue to meet and confer regarding that language. Regardless, under Meta's understanding of both parties' current proposals, email production shall be limited to a specified number of custodians and search terms to be identified by the requesting party, and such "search terms shall be narrowly tailored to particular issues." In view of this, Meta objects to production of email or information therefrom in response to these Interrogatories at this time. Pending the entry of an ESI Order, and pending service of identification of custodians and search terms that comply with any such additional agreed upon or Court-ordered requirements for email production in an entered ESI Order, Meta does not intend to search for or produce email. At such time, Meta will respond to any identification of custodians and search terms that comply with the requirements

of the entered ESI Order in the manner set forth by the ESI Order. Meta expressly reserves the right to object to any custodians and search terms proposed by Plaintiffs.

**3.** Meta objects to the definitions of "Llama 1," "Llama 2," and "Llama 3" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further objects to these definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning large language models ("LLMs") that were not publicly released and/or were not trained on corpuses of text that include any of Plaintiffs' allegedly copyrighted works. For the same reason, Meta objects to these definitions to the extent that they purport to require Meta to produce documents or information concerning LLMs that are not relevant to any party's claims or defenses. For purposes of these responses, Meta construes the term "Llama 1" to refer to the LLM released by Meta as Llama on February 24, 2023, and the term "Llama 2" to refer to the LLM released by Meta under that name on July 18, 2023. Meta objects to the term "Llama 3," and to all Instructions and Interrogatories that include it, on the ground that Llama 3 is not yet completed and not the subject of any claim in this litigation.

**4.** Meta objects to the definition of "Meta" as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning any "owners" regardless of shareholder interest and shareholders with an ownership of in Meta of greater than 5%. Meta will construe "Meta" or "You" to mean Meta Platforms, Inc.

**5.** Meta objects to the definition of "Meta Language Models" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning LLMs that were not publicly released and/or were not trained on corpuses of text that include any of Plaintiffs' allegedly copyrighted works. For the same reason, Meta objects to this definition to the extent that it purports to require Meta to produce documents or information that are not relevant to any party's claims or defenses. Meta will construe "Meta Language Models" to mean the models within the

Llama family of LLMs that have been publicly released by Meta, namely Llama 1, Llama 2, and Code Llama.

**6.** Meta objects to the definition of "Relevant Period" as vague, ambiguous, and unintelligible, as it is defined circularly to mean "all times relevant to… the Complaint." Meta will construe the Relevant Period to mean January 1, 2022 to the present.

**7.** Meta objects to the definition of "Training Data" as vague, ambiguous, and unintelligible as to the term "other material," which is indefinite and undefined. Meta further objects to the definition of "Training Data" as vague and ambiguous as to the phrase "considered for use," which, read literally, would encompass any dataset considered by any Meta employee, regardless of the seriousness of such consideration and whether or not that consideration was ever acted upon. Meta further objects to this definition to the extent it purports to include datasets (or "considered" datasets) that include content to which Plaintiffs have made no claim of ownership and which are not the subject of any allegations of copyright infringement by Plaintiffs. Meta will construe "Training Data" to mean the "Books3" textual dataset used to train the Meta Language Models (as construed above).

**8.** Meta objects to the definition of "You" and "Your" as overbroad, unduly burdensome, and nonsensical, insofar as it refers to "the specific Defendant(s) producing documents in response to these Requests." There is only one defendant in this case, Meta, and this response is to the Interrogatories, not any document requests. Meta further objects to this definition to the extent it seeks to impose upon Meta an obligation to investigate information or documents outside of its possession, custody, or control. For purposes of these responses, Meta construes the terms "You" and "Your" coextensively with Meta (as construed above).

**9.** Meta objects to Instruction 1 to the extent that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense. Meta will supplement or amend its responses to these Interrogatories in accordance with Meta's obligations under Rule 26(e).

**10.** Meta objects to Instruction 2, which defines the "Relevant Period" as January 1, 2000 to the present. Such definition is overbroad, unduly burdensome, and disproportionate to the

needs of the case because it both precedes the existence of Facebook (and therefore Meta) by several years, and the development of the Meta Language Models by decades. For the same reason, the definition of "Relevant Period," as applied to the Interrogatories, would encompass information that is irrelevant to the parties' claims and defenses. The Instruction is also inconsistent with the definition of "Relevant Period" provided on page 3 of the Interrogatories and is therefore vague and ambiguous. Meta will construe the Relevant Period to mean January 1, 2022 to the present.

11.    Meta objects to Instruction 4 (referring to Fed. R. Civ. P. Rule 33(d)) on the ground that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense.

12.    Meta objects to Instruction 6 (outlining additional obligations for allegedly incomplete responses) to the extent that it purports to require Meta to investigate information outside of its possession, custody, or control.

13.    Meta objects to Instruction 8 (outlining additional obligations for any privilege objection) on the ground that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense.

14.    Meta objects to Instruction 9 (outlining additional obligations for any work product objection) on the ground that it purports to require more of Meta than any obligation imposed by law, and would itself require disclosure of information protected by attorney-client privilege and/or attorney work product doctrine.

15.    Meta objects to Instruction 10 (building in a separate question for each Interrogatory) on the ground that it purports to require more of Meta than any obligation imposed by law, seeks disclosure of information protected by attorney-client privilege and/or attorney work product doctrine, and seeks to circumvent Plaintiffs' interrogatory limit.

16.    Meta objects to Instruction 11 (purporting to require responses for "all predecessors, successors, subsidiaries … divisions and/or affiliates of Meta"),  on the ground that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense. Meta further objects to Instruction 11 to the extent that it purports to require Meta to investigate information outside of its possession, custody, or control. As such

the Instruction if overly broad, as well.  Subject to any objections applicable to a particular Interrogatory, Meta will conduct a reasonable, proportionate search for non-privileged, relevant, responsive information within its possession, custody, or control.

**17.**    In responding to all Interrogatories, Meta will comply with the requirements of the Federal Rules of Evidence and Federal Rule of Civil Procedure 26.

**III.    OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail the data You have used to train or otherwise develop the Meta Language Models, Including, for each:

a.    How You obtained the data, e.g., by scraping the data, purchasing it from third parties, or by other means;

b.    All sources of Data, including any third parties that provided data sets;

c.    To the extent the data was derived from publicly available websites, a list of all such websites and, for each, the percentage of the data corpus that is derived from that website;

d.    The categories of content included in the data and the extent to which each category is represented in the data corpus (i.e., as a percentage of data used to train the model);

e.    All policies and procedures Related to identifying, assessing, vetting and selecting sources of data for the model.

**RESPONSE TO INTERROGATORY NO. 1:**

Meta incorporates by reference its objections and definitions above, including to the terms "You" and "Meta Language Models."  Meta further notes that the capitalized term "Related" is not defined; Meta construes that term coextensively with "concerning."

As an initial matter, Meta objects to this Interrogatory because it consists of multiple, separate Interrogatories, each which count toward Plaintiffs' limit under the Federal Rules.  For example, the question about what data used to train a model is separate from how it was obtained, and further, subparts (d) and (e) are not subsumed within and necessarily related to the primary question, and purport to require a calculation of percentages of data, and separate identification of "policies" and "procedures" for (1) identifying, (2) assessing, (3) vetting, and (4) selecting data.

1      n.      Marc Zuckerberg

2      o.      Marc Andreessen

3   **RESPONSE TO INTERROGATORY NO. 15:**

4      Meta incorporates by reference its objections and definitions above, including to the term

5   "Meta Language Models."

6      As an initial matter, Meta objects to this Interrogatory because it consists of at least fifteen

7   Interrogatories, which count toward Plaintiffs' limit.  Specifically, each individual's role in the

8   broad subjects of "design, training, development, testing, marketing, release or support" are

9   separate subjects, and are not necessarily related to one another.

10     Meta objects to this Interrogatory as vague and ambiguous as to the term "support," which

11  is undefined and effectively meaningless.  Meta also objects to this Interrogatory as vague and

12  ambiguous as to the phrase "involved in any aspect of," which is undefined and overbroad.  Meta

13  will construe this Interrogatory to seek information concerning the identified individuals' job

14  responsibilities in connection with the "design, training, development, testing, marketing, and

15  release" of the Meta Language Models (as construed above).

16     Meta objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate

17  to the needs of the case and seeks information that is not relevant to the parties' claims and defenses,

18  in particular to the extent it seeks information concerning issues unrelated to Plaintiffs' theory of

19  copyright infringement.

20     Finally, Meta objects to this Interrogatory because it exceeds Plaintiffs' limit of 25

21  Interrogatories under Rule 33(a)(1).

22     For these reasons, Meta will not respond to the Interrogatory.

23  Dated: February 23, 2024                COOLEY LLP

24

25                                    By:  /s/ Judd Lauter
                                         Judd Lauter
26                                       Bobby Ghajar
                                         Mark Weinstein
27                                       Kathleen Hartnett
                                         Colette Ghazarian
28
                                         Attorneys for Defendant
                                         META PLATFORMS, INC.

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of California.  I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years, and not a party to the within action.  My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130.  On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

☒  (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Executed on February 23, 2024, at Palo Alto, California.

Jessica G. Alvarez-Lopez

1

SERVICE LIST

2

Joseph R. Saveri
Cadio Zirpoli
3
Christopher K.L. Young
Holden Benon
4
Kathleen J. McMahon
Travis Manfredi
5
Aaron Cera
6
**JOSEPH SAVERI LAW FIRM, LLP**
7
601 California Street, Suite 1000
San Francisco, CA 94108
8
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
9
Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
10
        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
11
        kmcmahon@saverilawfirm.com
        tmanfredi@saverilawfirm.com
12
        acera@saverilawfirm.com
13

Matthew Butterick
14
**JOSEPH SAVERI LAW FIRM, LLP**
15
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
16
Email: mb@butericklaw.com

17
*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*
18

19

20

21

22

23

24

25

26

27

28

Bryan L. Clobes (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Email: bclobes@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Alexander J. Sweatman
(*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: asweatman@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant
META PLATFORMS, INC.*