# EXHIBIT C

| | |
|---|---|
| 1 | COOLEY LLP |
| | BOBBY GHAJAR (198719) |
| 2 | (bghajar@cooley.com) |
| | COLETTE GHAZARIAN (322235) |
| 3 | (cghazarian@cooley.com) |
| | 1333 2nd Street, Suite 400 |
| 4 | Santa Monica, California 90401 |
| | Telephone:    (310) 883-6400 |
| 5 | |
| | MARK WEINSTEIN (193043) |
| 6 | (mweinstein@cooley.com) |
| | KATHLEEN HARTNETT (314267) |
| 7 | (khartnett@cooley.com) |
| | JUDD LAUTER (290945) |
| 8 | (jlauter@cooley.com) |
| | ELIZABETH L. STAMESHKIN (260865) |
| 9 | (lstameshkin@cooley.com) |
| | 3175 Hanover Street |
| 10 | Palo Alto, CA  94304-1130 |
| | Telephone:    (650) 843-5000 |
| 11 | |
| | LEX LUMINA PLLC |
| 12 | MARK A. LEMLEY (155830) |
| | (mlemley@lex-lumina.com) |
| 13 | 745 Fifth Avenue, Suite 500 |
| | New York, NY 10151 |
| 14 | Telephone: (646) 898-2055 |
| | |
| 15 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | ANGELA L. DUNNING (212047) |
| 16 | (adunning@cgsh.com) |
| | 1841 Page Mill Road, Suite 250 |
| 17 | Palo Alto, CA 94304 |
| | Telephone: (650) 815-4131 |
| 18 | |
| | *Counsel for Defendant Meta Platforms, Inc.* |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al., | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
| v. | |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | Trial Date:<br>Date Action Filed: July 7, 2023 |

COOLEY LLP
ATTORNEYS AT LAW

META'S RESP & OBJ'S TO
PLTFS' SECOND SET OF ROGS
3:23-CV-03417-VC

| | |
|---|---|
| **PROPOUNDING PARTY:** | **PLAINTIFFS RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST** |
| **RESPONDING PARTY:** | **DEFENDANT META PLATFORMS, INC.** |
| **SET NUMBER: ~~ONE~~  SECOND** | |

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33, Defendant Meta Platforms, Inc. ("Meta") responds as follows to Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, and Lysa TerKeurst's ("Plaintiffs") Second Set of Interrogatories ("Interrogatories").

## I. RESPONSES TO ALL INTERROGATORIES

**1.** Meta's responses to these Interrogatories are made to the best of Meta's current employees' present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Meta's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Meta's further discovery or investigation. Meta reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to these Interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

**2.** To the extent that Meta responds to an Interrogatory by stating that Meta will provide information or documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the parties' stipulated protective order governing the unauthorized use or disclosure of such information or documents with a designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

- ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction (ECF No. 90, the "Protective Order").

3. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Meta's responses herein and any document or thing identified or provided in response to the Interrogatories.

## II.   OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Whether or not separately set forth in response to each Interrogatory, Meta makes these objections to the following Instructions and Definitions:

1. Meta objects to all defined terms to the extent that they are not utilized in Plaintiffs Second Set of Interrogatories.

2. Meta objects to the definition of "Agreements" as overbroad and unduly burdensome to the extent that it encompasses oral contracts, arrangements, or understandings, including those that are informal. Meta further objects to the definition of "Agreements" as vague, ambiguous, and unintelligible as to the term "modifications" to the extent it is intended to mean something distinct from "versions" or "amendments." Meta will construe "Agreements" to mean written contracts, including drafts, versions, amendments, exhibits, and appendices thereof.

3. Meta objects to the definition of "Communications" to the extent it is inconsistent with and otherwise seeks to circumvent the custodian and search term limits for electronic communications (including emails and other electronic correspondence, and documents attached thereto), as provided in the Stipulated Protocol regarding Electronic Discovery ("ESI Order"). Meta will produce Documents, including Communications, pursuant to the terms of the ESI Order, and any agreement to produce such Documents is explicitly in view of the terms of the ESI Order. To the extent that Meta responds to a Request, including by agreeing to search for relevant, non-privileged communications in Meta's possession, custody, or control, such response is not a representation that any particular custodian or search term is appropriate. Meta expressly reserves the right to object to any custodians and search terms proposed by Plaintiffs.

4.  Meta objects to the definition of "Complaint" which refers to an outdated complaint that has since been replaced by the Corrected Second Consolidated Amended Complaint (ECF No. 133). Meta will construe "Complaint" to refer to the Corrected Second Consolidated Amended Complaint.

5.  Meta objects to the definitions of "Llama 1," "Llama 2," and "Llama 3" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further objects to these definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning large language models ("LLMs") that were not publicly released and/or were not trained on corpuses of text that include any of Plaintiffs' allegedly copyrighted works. For the same reason, Meta objects to these definitions to the extent that they purport to require Meta to produce documents or information concerning LLMs that are not relevant to any party's claims or defenses. For purposes of these responses, Meta construes the term "Llama 1" to refer to the LLM released by Meta as Llama on February 24, 2023, the term "Llama 2" to refer to the LLM released by Meta under that name on July 18, 2023, and the term "Llama 3" to refer to the LLM released by Meta under that name on April 18, 2024 and July 23, 2024.

6.  Meta objects to the definition of "Meta" as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents or information concerning any "owners" regardless of shareholder interest and shareholders with an ownership of in Meta of greater than 5%. Meta will construe "Meta" or "You" to mean Meta Platforms, Inc.

7.  Meta objects to the definition of "Meta Language Models" as vague and ambiguous as to the undefined terms "precursor models" and "variant models." Meta further objects to this definition as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to require Meta to produce documents concerning LLMs that were not publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs' allegedly copyrighted works. For the same reason, Meta objects to this definition to the extent that it purports to require Meta to produce documents that are not relevant to any party's claims or

defenses. Meta will construe "Meta Language Models" to mean the models within the Llama family of LLMs that have been publicly released by Meta, namely, Llama 1, Llama 2, Code Llama, and Llama 3 (as those terms are construed above).

8. Meta objects to the definition of "Relevant Period" as vague, ambiguous, and unintelligible, as it is defined circularly to mean "all times relevant to… the Complaint." Meta will construe the Relevant Period to mean January 1, 2022 to the present.

9. Meta objects to the definition of "Training Data" as vague, ambiguous, and unintelligible as to the term "other material," which is indefinite and undefined. Meta further objects to the definition of "Training Data" as vague and ambiguous as to the phrase "considered for use," which, read literally, would encompass any dataset considered by any Meta employee, regardless of the seriousness of such consideration and whether or not that consideration was ever acted upon. Meta further objects to this definition to the extent it purports to include datasets (or "considered" datasets) that include content to which Plaintiffs have made no claim of ownership and which are not the subject of any allegations of copyright infringement by Plaintiffs. Meta will construe "Training Data" to mean the "Books3" textual dataset used to train the Meta Language Models (as construed above).

10. Meta objects to the definition of "You" and "Your" as overbroad, unduly burdensome, and nonsensical, insofar as it refers to "the specific Defendant(s) producing documents in response to these Requests." There is only one defendant in this case, Meta, and this response is to the Interrogatories, not any document requests. Meta further objects to this definition to the extent it seeks to impose upon Meta an obligation to investigate information or documents outside of its possession, custody, or control. For purposes of these responses, Meta construes the terms "You" and "Your" coextensively with Meta (as construed above).

11. Meta objects to Instruction 1 to the extent that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense. Meta will supplement or amend its responses to these Interrogatories in accordance with Meta's obligations under Rule 26(e).

12. Meta objects to Instruction 2, which defines the "Relevant Period" as January 1, 2000 to the present. Such definition is overbroad, unduly burdensome, and disproportionate to the needs of the case because it both precedes the existence of Facebook (and therefore Meta) by several years, and the development of the Meta Language Models by decades. For the same reason, the definition of "Relevant Period," as applied to the Interrogatories, would encompass information that is irrelevant to the parties' claims and defenses. The Instruction is also inconsistent with the definition of "Relevant Period" provided on page 3 of the Interrogatories and is therefore vague and ambiguous. Meta will construe the Relevant Period to mean January 1, 2022 to the present.

13. Meta objects to Instruction 4 (referring to Fed. R. Civ. P. Rule 33(d)) on the ground that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense.

14. Meta objects to Instruction 6 (outlining additional obligations for allegedly incomplete responses) to the extent that it purports to require Meta to investigate information outside of its possession, custody, or control.

15. Meta objects to Instruction 8 (outlining additional obligations for any privilege objection) on the ground that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable and undue burden and expense.

16. Meta objects to Instruction 9 (outlining additional obligations for any work product objection) on the ground that it purports to require more of Meta than any obligation imposed by law, and would itself require disclosure of information protected by attorney-client privilege and/or attorney work product doctrine.

17. Meta objects to Instruction 10 (building in a separate question for each Interrogatory) on the ground that it purports to require more of Meta than any obligation imposed by law, seeks disclosure of information protected by attorney-client privilege and/or attorney work product doctrine, and seeks to circumvent Plaintiffs' interrogatory limit.

18. Meta objects to Instruction 11 (purporting to require responses for "all predecessors, successors, subsidiaries … divisions and/or affiliates of Meta"), on the ground that it purports to require more of Meta than any obligation imposed by law, and would subject Meta to unreasonable

and undue burden and expense. Meta further objects to Instruction 11 to the extent that it purports to require Meta to investigate information outside of its possession, custody, or control. As such the Instruction if overly broad, as well. Subject to any objections applicable to a particular Interrogatory, Meta will conduct a reasonable, proportionate search for non-privileged, relevant, responsive information within its possession, custody, or control.

19. In responding to all Interrogatories, Meta will comply with the requirements of the Federal Rules of Evidence and Federal Rule of Civil Procedure 26.

### III. OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:**

State all facts on which you base Your contention that Your conduct constitutes fair use (17 U.S.C. § 107).

**RESPONSE TO INTERROGATORY NO. 1:**

Meta incorporates by reference its objections and definitions above.

Meta objects to this Interrogatory as vague and ambiguous as to the phrase "Your conduct," which is undefined and could refer to any conduct. Meta will construe this Interrogatory to seek information concerning Meta's claim of fair use in connection with the conduct alleged in the Complaint (as construed above).

Meta objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information that Meta does not intend to rely on to support a claim of fair use and calls for a lengthy narrative with regard to twelve different plaintiffs and more than forty works.

Meta objects to this Interrogatory to the extent it prematurely calls for expert testimony or identification of facts yet to be disclosed by Plaintiffs, and to the extent that it requires Meta to respond to legal arguments or theories not yet disclosed by Plaintiffs.

Finally, Meta objects to this Interrogatory because it exceeds Plaintiffs' limit of 25 Interrogatories under Rule 33(a)(1).

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order, Meta responds as follows:

| | |
|---|---|
| Dated: September 30, 2024 | COOLEY LLP |
| | By: */s/ Judd Lauter* |
| | Bobby Ghajar |
| | Mark Weinstein |
| | Kathleen Hartnett |
| | Judd Lauter |
| | Liz Stameshkin |
| | Colette Ghazarian |
| | |
| | LEX LUMINA PLLC |
| | Mark A. Lemley |
| | |
| | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | Angela L. Dunning |
| | |
| | Attorneys for Defendant |
| | META PLATFORMS, INC. |

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Los Angeles County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 355 South Grand Avenue, Suite 900, Los Angeles, CA 90071. On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Executed on September 30, 2024, at Los Angeles, California.

_____
Jerry Gonzalez

## SERVICE LIST

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Louis Andrew Kessler
Aaron Cera
Margaux Poueymirou
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
lkessler@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick
**MATTHEW BUTTERICK, ATTORNEY AT LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@buttericklaw.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Joshua I. Schiller, Esq.
Maxwell Vaughn Prtt, Esq.
**BOIES SCHILLE FLEXNER**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Email: jischiller@bsfllp.com
mpritt@bsfllp.com

David Boise, Esq. (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
1401 New York Ave. NW
Washington, DC 20005
Email: jpanuccio@bsfllp.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Email: BrianO@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Email: akeller@dicellolevitt.com
julwick@dicellolevitt.com
ndjordjevic@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Email: dstraite@dicellolevitt.com

*Attorneys for Plaintiff Lysa TerKeurst*