1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN FRANCISCO DIVISION**

12 | RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC-TSH

13 |    Individual and Representative Plaintiffs, | **DECLARATION OF MICHELLE WOODHOUSE IN SUPPORT OF PLAINTIFFS'**

14 |    v. | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL**

15 | META PLATFORMS, INC., a Delaware corporation, | **SHOULD BE SEALED [DKT. 430]**

16

17 |    Defendant.

18

19

20

21

22

23

24

25

26

27

28

I, Michelle Woodhouse, hereby declare:

1.      I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta").  I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts.  If called to testify as a witness, I could and would testify competently thereto.

2.      Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, (Dkt. 430 ("Sealing Motion")).  Meta seeks leave to file under seal portions of Plaintiffs' February 13, 2025 Supplemental Letter ("Plaintiffs' Letter") and certain portions of the accompanying materials (Dkt. 429) (collectively, "Plaintiffs' Letter Filing").

3.      Meta requests the Court's permission to file under seal narrowly tailored portions of Plaintiffs' Letter Filing, as set forth in the chart below alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| **Woodhouse Ex. 1 –** Supplemental Letter (Dkt. 430-1) | **Redacted portions** |
| **Woodhouse Ex. 2 –** Ex. A to the Supplemental Letter (Dkt. 430-3) | **Redacted portions** |
| **Woodhouse Ex. 3 –** Ex. B to the Supplemental Letter (Dkt. 430-4) | **Redacted portions** |
| **Woodhouse Ex. 4 –** Ex. C to the Supplemental Letter (Dkt. 430-5) | **Redacted portions** |
| **Woodhouse Ex. 5 –** Ex. D to the Supplemental Letter (Dkt. 430-6) | **Redacted portions** |
| **Woodhouse Ex. 6 –** Ex. E to the Supplemental Letter (Dkt. 430-7) | **Redacted portions** |
| **Woodhouse Ex. 7 –** Ex. F to the Supplemental Letter (Dkt. 430-8) | **Redacted portions** |
| **Woodhouse Ex. 8 –** Ex. G to the Supplemental Letter (Dkt. 430-9) | **Redacted portions** |
| **Woodhouse Ex. 9 –** Ex. H to the Supplemental Letter (Dkt. 430-10) | **Redacted portions** |

| | |
|---|---|
| **Woodhouse Ex. 10 –** Ex. I to the Supplemental Letter (Dkt. 430-11) | **Redacted portions** |
| **Woodhouse Ex. 11 –** Ex. J to the Supplemental Letter (Dkt. 430-12) | **Redacted portions** |
| **Woodhouse Ex. 12 –** Ex. K to the Supplemental Letter (Dkt. 430-13) | **Redacted portions** |
| **Woodhouse Ex. 13 –** Ex. L to the Supplemental Letter (Dkt. 430-14) | **Redacted portions** |
| **Woodhouse Ex. 14 –** Ex. M to the Supplemental Letter (Dkt. 430-15) | **Redacted portions** |

Meta seeks the Court's permission to file under seal discrete portions of **Woodhouse Exhibits 1– 14**, as further explained below.

1.      Attached as **Woodhouse Exhibit 1** is Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.   Here, Meta respectfully requests the Court's permission to make a single redaction.  The redaction is necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis a third party, including Meta's internal considerations regarding possible strategic partnerships.  Certain of this information involves business discussions that are ongoing. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management.   The identity of the third-party is also subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit.  Meta has previously requested to seal documents based on similar third-party information, (*e.g.*, Dkt. 391-1, ¶ 6; Dkt. 409-1, ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409).)

2.      Attached as **Woodhouse Exhibit 2** is Exhibit A to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Here, Meta respectfully requests the Court's permission to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has

been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

3.    Attached as **Woodhouse Exhibit 3** is Exhibit B to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions. Here, Meta respectfully requests the Court's permission to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

4.    Attached as **Woodhouse Exhibit 4** is Exhibit C to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions. Meta respectfully requests the Court's permission to seal the redacted information for three reasons. **First,** Meta respectfully seeks to redact only information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships. Certain of this information involves business discussions that are ongoing. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. The identity of the third-party is also subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit. Meta has previously requested to seal documents based on similar third-party information, (*e.g.*, Dkt. 391-1, ¶ 6; Dkt. 409-1, ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409).) **Second,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal

systems.  These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors.  The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same.  Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information.  Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393).  **Third**, Meta respectfully requests the Court's permission to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

5.    Attached as **Woodhouse Exhibit 5** is Exhibit D to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Meta respectfully requests the Court's permission to seal the redacted information for two reasons.  **First,** Meta respectfully seeks to redact only information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships.  Certain of this information involves business discussions that are ongoing.  Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management.  The identity of some of the third-parties is also subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit.  Meta has previously requested to seal documents based on similar third-party information,

1  (*e.g.*, Dkt. 391-1, ¶ 6; Dkt. 409-1, ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting

2  Dkt. 391); Dkt. 414 (granting Dkt. 409).)  **Second,** Meta seeks to redact materials comprising

3  employees' personal identifiable information, namely, the email addresses for Meta's individual

4  employees, who are not parties to the case.  Such information has been redacted to protect the

5  employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the

6  information, such as for automated or unwanted solicitation or contact.  Meta previously requested

7  to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5),

8  which was granted by the Court, (*e.g.*, Dkt. 393).

9        6.        Attached as **Woodhouse Exhibit 6** is Exhibit E to Plaintiffs' Letter with Meta's

10 proposed narrowly tailored redactions.  Meta respectfully requests the Court's permission to seal

11 the redacted information for two reasons.  **First,** Meta respectfully seeks to redact only information

12 necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third

13 parties, including Meta's internal considerations regarding possible strategic partnerships.  Certain

14 of this information involves business discussions that are ongoing.  Disclosure of such information

15 risks competitive harm to Meta, including by hampering Meta's third-party relationship

16 management.  The identity of the third-party is also subject to confidentiality and non-disclosure

17 obligations and agreements. Disclosure of such information would put the third party's confidential

18 information at risk and pose a competitive disadvantage to Meta and the third party who obtained

19 promises of confidentiality from Meta for this information and is not party to this lawsuit.  Meta

20 has previously requested to seal documents based on similar third-party information, (*e.g.*, Dkt.

21 391-1, ¶ 6; Dkt. 409-1, ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt.

22 414 (granting Dkt. 409).)  **Second,** Meta seeks to redact materials comprising employees' personal

23 identifiable information, namely, the email addresses for Meta's individual employees, who are not

24 parties to the case.  Such information has been redacted to protect the employees' privacy and to

25 avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for

26 automated or unwanted solicitation or contact.  Meta previously requested to seal documents based

27 on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the

28 Court, (*e.g.*, Dkt. 393).

7.      Attached as **Woodhouse Exhibit 7** is Exhibit F to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Here, Meta seeks to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

8.      Attached as **Woodhouse Exhibit 8** is Exhibit G to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Here, Meta seeks to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

9.      Attached as **Woodhouse Exhibit 9** is Exhibit H to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Meta respectfully requests the Court's permission to seal the redacted information for three reasons.  **First,** Meta respectfully seeks to redact only information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships.  Certain of this information involves business discussions that are ongoing.  Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management.  The identity of the third-party is also subject to confidentiality and non-disclosure obligations and agreements. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit.  Meta has previously requested to seal documents based on similar

third-party information, (*e.g.*, Dkt. 391-1, ¶ 6; Dkt. 409-1, ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409).)  **Second,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems.  These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors.  The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same.  Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information.  Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393).  **Third,** Meta seeks to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

10.     Attached as **Woodhouse Exhibit 10** is Exhibit I to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Meta respectfully requests the Court's permission to seal the redacted information for two reasons.  **First,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems.  These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors.  The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same.  Disclosure of this confidential and proprietary

information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information.  Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393).  **Second,** the redactions seek to protect materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

11.    Attached as **Woodhouse Exhibit 11** is Exhibit J to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Here, Meta seeks to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case.  Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact.  Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

12.    Attached as **Woodhouse Exhibit 12** is Exhibit K to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions.  Meta respectfully requests the Court's permission to seal the redacted information for two reasons.  **First,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems.  These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors.  The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same.  Disclosure of this confidential and proprietary

information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393). **Second,** the redactions seek to protect materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

13.    Attached as **Woodhouse Exhibit 13** is Exhibit L to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions. Here, Meta seeks to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

14.    Attached as **Woodhouse Exhibit 14** is Exhibit M to Plaintiffs' Letter with Meta's proposed narrowly tailored redactions. Meta respectfully requests the Court's permission to seal the redacted information for three reasons. **First,** Meta respectfully seeks to redact only information necessary to prevent the disclosure of Meta's business strategies and negotiations vis-à-vis third parties, including Meta's internal considerations regarding possible strategic partnerships. Certain of this information involves business discussions that are ongoing. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party

who obtained promises of confidentiality from Meta for this information and is not party to this lawsuit. Meta has previously requested to seal documents based on similar third-party information, (*e.g.*, Dkt. 391-1, ¶ 6; Dkt. 409-1, ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409).) **Second,** the redactions seek to protect hyperlinks or file paths (*e.g.*, links to access Meta's internally stored documents and data) that point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. The hyperlinks and file paths have been redacted in a limited way to avoid disclosure, while preserving sufficient information for the public to understand any relevance of the same. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cyber security threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1, ¶ 9), which was granted by the Court, (*e.g.*, Dkt. 393). **Third**, Meta respectfully requests the Court's permission to redact materials comprising employees' personal identifiable information, namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect the employees' privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1, ¶ 5), which was granted by the Court, (*e.g.*, Dkt. 393).

\*     \*     \*

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3    Executed in *Menlo Park*, California on this 20th day of February 2025.

4

5

6                        Michelle Woodhouse

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11