# WOODHOUSE EXHIBIT 1

February 13, 2025

*E-Filed*

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

Re: *Kadrey, et al v. Meta Platforms, Inc.*, Case No. 23-cv-03417-VC

Dear Judge Chhabria,

On Monday night, Meta produced 827 documents it claims were "inadvertently sequestered" during fact discovery, as well as 14 downgraded crime-fraud documents referenced in Dkt. 422. On Tuesday night, Meta produced another 487 documents. And on Wednesday night, Meta produced 34 more documents and represented it has completed its post-deadline productions. Plaintiffs immediately commenced a review of Meta's belatedly produced documents; that review is still ongoing. But far from Meta's "nothing-to-see-here" claim, the improperly withheld documents contain damning additional evidence of in-house counsel's involvement in Meta's decision to unlawfully acquire massive quantities of copyrighted works from LibGen and other known pirated databases, which is what led this Court to grant *in camera* review in the first place. *See* Dkt. 416.

**Appendix A** details some of the additional evidence buried Meta's new productions—notwithstanding the many new documents Meta is also withholding entirely. As just a few examples:

- A heavily redacted WorkChat conveys communications from the "lawyers/product team" on April 20, 2023, two weeks after Meta's decision on April 7, 2023 to "pause" its efforts to license copyrighted works and instead pirate massive quantities of copyrighted works from LibGen. Further down, Meta's engineers discuss how to extract LibGen data in high-quality format and expressly disavow using datasets from textbook publisher ███ which would have required a license. Engineer Todor Mihaylov then says, "Btw, it would not be trivial to download libgen if everything is in torrents." He sends the team a hyperlink to a Quora page discussing, "***What is the probability of getting arrested for using torrents in the USA?***" *See* Ex. H, Meta_Kadrey_00235448. That webpage starts: "You don't get arrested for using Torrent. Torrent (or BitTorrent, to be more precise), is just a file copy protocol which very efficiently moves files around the Internet. ***You get arrested for downloading licensed content for which you do not have a license.***" https://www.quora.com/What-is-the-probability-of-getting-arrested-for-using-torrents-in-the-USA (emphasis added). Yet Meta did it anyway, and to date has largely resisted discovery into the technical aspects of its torrenting methods, including the BitTorrent protocols it used, configurations it employed, and methods it used to conceal its massive piracy scheme.

- The Court is already familiar with the MZ Escalation Memo stating that LibGen, "a dataset we know to be pirated," was approved for use with Llama 3 "[a]fter a prior escalation to

[Mark Zuckerberg]." Dkt. 396-2; Dkt. 373 (quoting this document as evidence Meta tried to seal it "to avoid negative publicity"). As it turns out, the Zuckerberg Memo, in addition to containing a redacted "Legal Risk" section from "Legal," was precipitated by "*talking with Legal*" (Ahuva Goldstand) about using LibGen; prepared and sent *at Legal's "request[]"*; "escalate[d] given the *high policy and legal risk of the dataset*"; forwarded to "policy and *legal* so we can get started on *acquiring the dataset*"; and followed by redacted communications with Meta in-house counsel (Mo Metanat). See Ex. L, Meta_Kadrey_00232249.

- Despite Meta's repeated attempts to obscure the details of the April 7, 2023 decision to pause its efforts to license copyrighted material for use as training data with Meta's LLMs, an internal WorkChat from that exact day shows Meta's business development team "escalated to zuck" "whether we can use libgen or what our mitigations for IP should be." The WorkChat says *legal* had also become involved. See Ex. F, Meta_Kadrey_00235350.

- An "A/C PRIV" memo lists potential datasets that would be useful for training Llama. LibGen is listed first, and an unnamed commenter writes, "agree with libgen first" while tagging Ahuva Goldstand, a Meta lawyer. Much of the memo is then redacted. See Ex. D, Meta_Kadrey_00232214.

The evidence is now overwhelming that the crime-fraud exception applies here. It is illegal to download a pirated song using a peer-to-peer network ("P2P network"). *See A&M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 927 (N.D. Cal. 2000) (Napster "has contributed to illegal copying on a scale that is without precedent"). It is illegal to download a pirated movie using a P2P network. *See Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1025 (9th Cir. 2013) (P2P networks are "ideally suited for sharing large files, a feature that has led to their adoption by, among others, those wanting access to pirated media, including music, movies, and television shows"). And it is certainly illegal to download *tens of millions* of pirated books using P2P networks like Meta did. Indeed, Meta's rebuttal expert confirmed in her report that Meta torrented *267.4 terabytes* from just three pirated datasets (of many), *containing 666 "instances" (copies) of Plaintiffs' works. See* Frederiksen-Cross Rebuttal Report at 47, 49. There is nothing novel about data piracy; it is illegal, and Meta's involvement of in-house counsel to engage in the activity of pirating unprecedented amounts of copyrighted works renders the communications subject to disclosure.

Plaintiffs request *in camera* review of the eight redacted documents identified in the attached **Appendix A** (marked with an asterisk) for the same reasons the parties already briefed. There is good cause for the Court to grant Plaintiffs' request. Plaintiffs had never seen any of these belatedly produced documents until this week and therefore had no prior opportunity to present them to the Court or incorporate them into the prior requests for *in camera* review. The documents' contents are undisputably relevant to the Court's crime-fraud determination. Plaintiffs also reiterate their request for the Court to review the seven additional documents they identified in Dkt. 418.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt
Boies Schiller Flexner LLP
*Interim Lead Counsel for Plaintiffs*
