# Cooley

March 5, 2025

*E-Filed*

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

      Re:    *Kadrey, et al v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC
             Meta's Proposal re Dkt. 461

Dear Judge Chhabria,

Pursuant to the Court's February 28, 2025 Order, Dkt. 461, Defendant Meta Platforms, Inc. ("Meta") respectfully submits its proposal regarding "whether it would be reasonable to do any additional discovery in light of the new documents combined with the prior arguments." *Id.*

As detailed below and in the attached proposed order (attached hereto as Exhibit A), Meta proposes that the Court authorize (1) six Rule 30(b)(1) depositions (each 2 or 3 hours) and (2) a reply report by Plaintiffs' torrenting expert Dr. Krein. Plaintiffs' proposal for voluminous additional discovery (attached hereto as Exhibit B) should otherwise be rejected.

**<u>Introduction and Context For Meta's Proposal</u>**

At the February 27 hearing, Meta explained that the February 2025 sequestration production did not add anything new to the record to warrant additional discovery beyond the already ordered five hour Rule 30(b)(6) deposition of Meta on torrenting/seeding and mitigations. Nonetheless, mindful of the Court's comments and interest in ensuring a complete record, Meta proposes (as detailed below) that Plaintiffs be allowed to take six short depositions of witnesses identified in Plaintiffs' February 27 presentation to the Court. These depositions include two Meta VPs responsible for AI and multiple Meta engineers and researchers identified by Plaintiffs. Under Meta's proposal, Plaintiffs also may have their existing torrenting expert Dr. Krein submit a reply report on the issue of seeding in response to Meta's Frederiksen-Cross report. However, Plaintiffs should not be permitted a broad "redo" of discovery based on the inadvertent sequestration and relatively small additional document production that resulted. Among other things, Plaintiffs should not be permitted to introduce a brand new expert and report on a newly revealed topic of "leeching"---a term that is found nowhere in the February 2025 production or Plaintiffs' Third Amended Complaint. Nor should Plaintiffs be permitted additional depositions and written discovery, all of which is unnecessary, unwarranted, and infeasible.

As further context, the inadvertent error by Meta's e-discovery vendor did ***not*** ultimately result in a large production of new documents after the close of fact discovery. As of the December 13, 2024 fact discovery cutoff Meta had produced 31,309 documents (excluding code and code-related

March 5, 2025
Page 2

documents). Meta's February 2025 production from the inadvertently sequestered documents consisted of 1,348 documents, but only approximately 805 of these were new documents (after removing duplicates, slipsheets, and irrelevant images such as stickers and GIFs). And in light of the production's overall responsiveness rate of 42% (as Meta produces not only responsive documents, but also nonresponsive family members), the February 2025 production likely comprised significantly fewer than 805 new, responsive documents.

Moreover, the documents produced in February 2025 are not qualitatively different from previously-produced documents so as to justify reopening of fact discovery. This is evident alone from Plaintiffs' slides presented to the Court on February 27: the terms they highlight as appearing in the recent production, such as libgen, books3, torrent, and license (Slide 3) are all terms that have appeared in numerous previously produced documents, a reality overlooked by Plaintiffs' pie charts, which purport to show unidentified percentages of *Workplace chats* ("WP Chat(s)"), not of all documents produced by Meta (Slides 4-7). There also is simply no support for Plaintiffs' contention that Meta deliberately caused a vendor error that caused the sequestration so that Meta could withhold purported "worse versions" of documents and then suddenly produced them after discovery closed (Slides 8-10).

Further, the parties understood all along that depositions would need to take place even as the parties were propounding new requests and producing new documents. The parties were expressly directed by Judge Hixson to take depositions without waiting for documents, given that Plaintiffs served most of their Requests for Production after the Court granted Plaintiffs' requested extension of the fact discovery cutoff in October 2024. *See* Dkt. 231 at 3. Thus, parties took depositions without all documents by design, and, as Judge Hixson found, "Plaintiffs have not demonstrated that Meta inappropriately delayed produc[tion]." Dkt. 366 at 5.[1]

**Meta's Proposal**

**(1)     Six Additional 30(b)(1) Depositions**

Meta proposes that Plaintiffs may take six additional 30(b)(1) depositions via Zoom with the durations below of individuals identified by Plaintiffs in the slide deck they presented to the Court at the February 27, 2025 hearing ("February 27 Slide Deck"). Meta has proposed six shorter depositions to more promptly provide Plaintiffs with a wider group of their requested individuals while tailoring the length of the depositions given the relatively small number of inadvertently sequestered documents, the extent to which the individuals have previously been deposed, and the feasibility of getting through these depositions alongside the summary judgment briefing schedule.

---

[1] Plaintiffs themselves produced thousands of documents after their depositions. *See* Dkt. 354-6 (chart of productions, showing that 10 out of the 13 Plaintiffs produced nearly a third of their documents after they were deposed, with 5 of those 10 Plaintiffs producing thousands of documents totaling over 60% of their productions after deposition).

March 5, 2025
Page 3

- Joelle Pineau (2 hours). Dr. Pineau is a Meta Vice President and leads FAIR, Meta's AI research organization. She was previously deposed on November 6, 2024 in Montreal, Canada for nearly the full seven (7) hours. Plaintiffs have cited a WP Chat involving her regarding the relationship between datasets and performance (Slide 18). Although she has already been thoroughly deposed, the 2 hour deposition provides ample time to ask her about the cited document and any documents from newer productions.

- Ahmad Al-Dahle (2 hours). Mr. Al-Dahle, a Vice President and head of Meta's Generative AI organization, was previously deposed on October 3, 2024 for the full seven (7) hours. Plaintiffs cite a single WP Chat (Slide 20 of February 27 Slide Deck) in which he asked a question about a "blocklist," but Plaintiffs already have the blocklists and took an additional 30(b)(6) deposition where they asked about the blocklists on March 3, 2025. The WP Chat also references "scientific data" (which is not at issue in this case) and "Libgen", which Mr. Al-Dahle was questioned about extensively in his deposition. Meta is nonetheless prepared to offer two more hours of deposition time to answer questions about documents from newer productions.

- Melanie Kambadur (2 hours). Ms. Kambadur, a senior research manager in Meta's Generative AI group, was previously deposed on September 17, 2024. This was before Plaintiffs served their Fifth Set of Requests for Production to which the inadvertently sequestered documents were responsive. Plaintiffs voluntarily scheduled and took her deposition before serving any discovery about the topics for which they seek to re-open her deposition. Plaintiffs identified Ms. Kambadur at Slide 22 of the February 27 Slide Deck regarding consideration of licenses and use of data. Two hours is more than enough for Plaintiffs to examine Ms. Kambadur about the cited document and others in the newer productions.

- Todor Mihaylov (2 hours). Mr. Mihaylov, a research scientist at Meta, was previously deposed on September 19, 2024, also before Plaintiffs served their Fifth Set of Requests for Production to which the inadvertently sequestered documents were responsive. Again, Meta is offering this deposition even though Mr. Mihaylov was not a document custodian and Plaintiffs voluntarily took his deposition before serving the discovery they are seeking to re-open his deposition about. Plaintiffs cite a single discussion with Mr. Mihaylov about torrenting on Slide 19 of the February 27 Slide Deck. Two hours are more than sufficient for Plaintiffs to examine him about this WP Chat and any documents that were produced in the newer productions.

- Xiaolan Wang (3 hours). Ms. Wang is a software engineer at Meta. She was not previously deposed. She was identified during a November 2024 30(b)(6) deposition as a person involved in acquiring datasets. Yet Plaintiffs did not seek her deposition when they had the opportunity to swap out an unavailable deponent pursuant an order from Judge Hixson (Dkt. 303). Plaintiffs identified her on page 23 of the February 27 Slide Deck, noting that

March 5, 2025
Page 4

> Ms. Wang was interviewed by Meta's torrenting/seeding expert Barbara Frederiksen-Cross. Meta is making the offer of her (new) deposition even though she was not a document custodian and was not a sender or recipient of any of the inadvertently sequestered WP Chat documents. Three hours is more than sufficient to cover the few documents Plaintiffs have cited that are from Ms. Wang.

- Nikolay Bashlykov (2 hours). Mr. Bashlykov is a software engineer based in Meta's London office. He was already deposed for over 10 hours in his 30(b)(1) and 30(b)(6) capacities in December 2024 in London, England. He was involved in acquiring and processing datasets and has testified extensively on those topics. Plaintiffs identified Mr. Bashlykov at Slide 21 of the February 27 Slide Deck on topics that he already testified about. Given the amount of time Plaintiffs have already spent deposing him, Meta offers him for 2 hours, which is more than sufficient to cover the cited documents.

**(2)    Expert Reports**

The parties have already exchanged opening and rebuttal expert reports and expert discovery closes in two days. Moreover, as provided in the Court's scheduling order (Dkt. 238), there are no reply expert reports in this case—only opening reports and rebuttals.

Nonetheless, Meta will not object to Plaintiffs serving a true reply report from their torrenting expert Dr. Krein—*i.e.*, one that is limited to responding to Ms. Frederiksen-Cross's rebuttal report which specifically rebuts Dr. Krein's opening report regarding seeding. As needed, Dr. Krein's report may also refer to the new documents produced in February 2025. Under this proposal, Dr. Krein's reply may not expand the scope of Plaintiffs' torrenting theories as sought in an unauthorized expert report from Dr. Choffnes regarding the brand new theory of "leeching" (discussed below). If Plaintiffs choose to serve a reply from Dr. Krein to Ms. Frederiksen-Cross's rebuttal expert report on seeding, Meta would have the opportunity to serve a sur-reply report limited to responding to Dr. Krein's reply report and thereafter take Dr. Krein's continued deposition (as he is scheduled for deposition on March 6, 2025) for up to three hours. In view of the summary judgment schedule, Meta would ask to receive this report within 7 days of the Court's Order adopting the proposal and that Meta would be permitted to serve a sur-reply from Ms. Frederiksen-Cross 7 days later (and take her deposition for up to three hours). Due to the timing of these reports relative to the summary judgment and Daubert briefing schedule, Meta would ask that if it seeks to challenge any aspect of Dr. Krein's report, Meta could do so no later than 7 days after Dr. Krein's continued deposition, on a schedule that would maintain the Court's May 1, 2025 summary judgment hearing date.

**No Continuance of the Summary Judgment Schedule is Necessary Under Meta's Proposal**

Due to the streamlined nature of Meta's proposal, including conducting a number of shorter depositions by Zoom, no modification to the Court's current summary judgment schedule is

required. However, to the extent the Court deems advisable a short continuation of the briefing schedule or the summary judgment hearing, Meta has no objection.

**The Other Items That Plaintiffs Have Proposed are Not Reasonable, Justified, or Practical, and Thus Are Excluded from Meta's Proposal**

Meta respectfully submits that Plaintiffs' additional demands for discovery (as set forth in Exhibit B and the Slide Deck, and as discussed at the hearing) are unreasonable:

- Discovery on Discovery: Plaintiffs asked Meta for a 3-hour deposition of its vendor, Lighthouse and a 4-hour 30(b)(6) deposition of Meta regarding the "alleged sequestration." There is no basis to question Lighthouse's sworn declaration regarding the ill-timed, inadvertent error. Nor is there any basis to question counsel's representations regarding sequestration or Meta's conduct of document review and production more generally. Discovery on discovery is disfavored and should be denied.

- Additional 30(b)(1) depositions: As reflected above, Meta's proposal includes depositions of 6 of the 9 witnesses proposed by Plaintiffs. Plaintiffs have made no showing of need for new depositions of non-custodians Xavier Martinet and Jort Gemmeke. Martinet also is based in France, presenting an additional obstacle. Plaintiffs have known about both of these witnesses for months from other documents and 30(b)(6) testimony, yet Plaintiffs did not seek their depositions until now. The lone WP Chats cited as a basis for Mr. Martinet (Slide 24) and Mr. Gemmeke (Slide 25) do not justify their depositions or add anything new or revelatory to the existing record.

- Likewise, Plaintiffs have made no showing to justify additional deposition time with Meta's CEO Mr. Zuckerberg, who was already deposed on December 17, 2024, after the fact discovery closed. The only document Plaintiffs rely on in their February 27 Slide Deck regarding Mr. Zuckerberg (Slide 17) is a document that *he is neither on nor the custodian of*. Indeed, only one document family in the sequestration production had Mr. Zuckerberg as a custodian, and that document was not even mentioned by Plaintiffs in the February 27 Slide Deck.[2] Nonetheless, Meta has offered depositions of two senior level employees (Ahmad Al-Dahle and Joelle Pineau, both vice presidents at Meta) who can speak to executive decision making.
.
- New document custodians: Plaintiffs seek to add three new document custodians (Wang, Martinet, and Gemmeke). The parties agreed to 10 custodians, Judge Hixson allowed 5 more, and there is no basis for Plaintiffs to add three new custodians now, all of whom who

---

[2] Meta objects to any further deposition of Mr. Zuckerberg absent further briefing, which would demonstrate Mr. Zuckerberg's apex status and the lack of need for this deposition, particularly given that Plaintiffs already exhausted the agreed-upon allotment of time with him.

March 5, 2025
Page 6

could have been requested earlier. Moreover, adding these custodians would be infeasible on the current schedule as it would require identifying, collecting, processing, reviewing, and producing documents from brand new custodians, which would take many weeks[3] and an additional privilege review. *See, e.g.*, Dkt. 190-8 (declaration explaining collection and production process) and Dkt. 196 at 2 (order finding that adding five custodians is a "big change.").

- New Requests for Production and Interrogatory: Plaintiffs seek Meta's response to 26 new requests for production for all custodians, none of which was prompted by the sequestration. To the contrary, prior to discovery of the sequestration, Plaintiffs already sought permission to serve the same requests for production (Dkt. 405), which the Court denied (Dkt. 406). In any event, these requests for production are unnecessary, burdensome, and would not be feasible to respond to on the present schedule. The requests seek documents regarding allegedly "pirated" datasets and torrenting/seeding, which plaintiffs already have substantial discovery about, including document production and depositions. Additionally, the proposed interrogatory on "torrenting," which was previously disallowed by the Court, is overly broad, goes beyond the scope of the documents produced in February 2025, and is further the subject of expert reports. Moreover, Plaintiffs had a full opportunity to depose a Meta 30(b)(6) witness on torrenting issues on March 3, 2025 and should have asked any questions they had related to this proposed interrogatory at that deposition.

- New Expert and Unpermitted Expert Report: On February 26, 2025, in violation of the Court's scheduling orders (Dkts. 238, 406), Plaintiffs served on Meta an unauthorized expert report of Dr. David Choffnes regarding "leeching." "Leeching" is distinct from "seeding." Seeding was addressed in Plaintiffs' timely served torrenting expert report of Dr. Krein, which Meta's expert rebutted on February 10, 2025.[4] After the Court made clear at the February 27 hearing that no additional expert report had been authorized, Plaintiffs then emailed Meta that same day to seek Meta's availability to depose their unauthorized new expert, which Meta declined given the lack of authorization.

---

[3] Meta notes that the inadvertently sequestered documents were reviewed and produced expeditiously because they had already been retrieved, initially processed and in some cases were reviewed prior to sequestration, but none of this would have occurred for new document custodians.

[4] Leeching refers to the uploading of data while downloading via torrent, whereas seeding refers to the uploading of data after completion of a torrent download. This distinction was confirmed by Plaintiffs' counsel at the February 27 hearing, in which he explained that "seeding is what happens after the download is fully complete," whereas leeching "is in the downloading" 02/27/2025 Tr. at 15. The Court acknowledged at the February 27 hearing that leeching was potentially a new, not previously disclosed topic of inquiry: "that description that I just heard, I don't remember hearing it before." 02/27/25 Tr. at 47.

March 5, 2025
Page 7

As context for the unreasonableness of Plaintiffs' request, in arguing for leave to amend their complaint at the January 9, 2025 hearing, Plaintiffs' counsel stated that with respect to "torrenting," "our expert will be addressing that in his opening brief [*i.e.*, report] due tomorrow." 1/9/25 Tr. at 24-25. On January 10, Plaintiffs then submitted the expert report of Dr. Krein regarding torrenting and seeding; that report did not address the concept of "leeching." Nor does the Third Amended Complaint allege that Meta engaged in "leeching" (as opposed to "seeding"). Dkt 407 at ¶87. And none of the documents in the February 2025 production relate to leeching; for that matter, none of the documents produced in December 2024 refer to leeching, either. Thus, there is no basis to allow Plaintiffs to redo their expert discovery—much less put in a brand new theory, expert, and report—given that by Plaintiffs' own account (*see* Slide 3) the inadvertently sequestered documents largely do not pertain to torrenting or seeding, and none pertain to "leeching."

As Plaintiffs told the Court, they intend to move for summary judgment on torrenting issues, presumably in reliance on this new theory in a new expert report from a new expert, to which Meta has not had an opportunity to investigate or respond. It would be fundamentally unfair and raise due process concerns for Plaintiffs to present a new theory from a new expert at this juncture. At most, per Meta's proposal above, Plaintiffs should be permitted to submit a reply report by Dr. Krein limited to addressing Meta's rebuttal regarding torrenting/seeding, but not leeching or other new theories.

- Fees and costs for inadvertently sequestered documents and potential evidentiary sanctions: There is no basis for an order of fees/costs against Meta. Plaintiffs would have had to receive/review the new documents regardless of the inadvertent sequestration. Nor is there any basis for an evidentiary sanction. Meta has diligently addressed an unintentional vendor error—one involving a relatively small number of documents—and there is no basis for Plaintiffs' sweeping requests.

\*\*\*

Meta appreciates the Court's consideration, and respectfully requests that the Court adopt Meta's proposal.

                Respectfully submitted,

                /s/ Bobby Ghajar
                /s/ Kathleen Hartnett
                Bobby A. Ghajar
                Kathleen Hartnett
                COOLEY LLP

                *Counsel for Defendant Meta Platforms, Inc.*