UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>  Defendant. | Case No. 23-cv-03417-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 413 |

The motion to dismiss is granted as to the CDAFA claim and denied as to the DMCA claim. This order assumes the reader's familiarity with the facts, procedural history, governing law, and arguments made by the parties.

*1. DMCA.* The plaintiffs have alleged a sufficient injury for Article III standing. Although "the specific right created by the DMCA may be comparatively new," Meta's removal of copyright management information is an interference with a property right that is closely related to the "kind of property-based harms traditionally actionable in copyright." *The Intercept Media, Inc. v. OpenAI, Inc.*, 2025 WL 556019, at *5–6 (S.D.N.Y. Feb. 20, 2025). *But see Raw Story Media, Inc. v. OpenAI, Inc.,* 2024 WL 4711729, at *3–4 (S.D.N.Y. Nov. 7, 2024). The removal of CMI is thus a concrete injury for standing purposes.

Moreover, the plaintiffs allege that the CMI removal facilitated and concealed actual infringement of their copyrights. Copyright infringement is obviously a concrete injury sufficient for standing. So even if the CMI removal isn't sufficiently concrete, the plaintiffs have alleged a different injury that is traceable to the CMI removal.

Meta argues that these injuries don't suffice for standing because the DMCA protects

different "interests" than traditional copyright law, and standing requires an injury that is closely related to a harm traditionally recognized as providing a basis for a lawsuit. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 422–30 (2021); *Raw Story*, 2024 WL 4711729, at *3. It's not clear that Meta is completely right about the goals of the DMCA. *See Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 n.2 (2d Cir. 2020) ("purpose of the DMCA" is "to provide broad protections to copyright owners"). But in any event, whether the DMCA seeks to prevent the exact injuries the plaintiffs allege is a separate question from whether the plaintiffs have been concretely injured by Meta's CMI removal. Article III standing requires that the injury to the plaintiff—not their cause of action or the statute under which it arises—have a close relationship to a traditional harm. *TransUnion*, 594 U.S. at 424. The DMCA's purpose might be relevant to the merits of their claim, or to whether the plaintiffs fall within the statute's zone of interests. But it is irrelevant to whether the plaintiffs have suffered a concrete injury. *See, e.g.*, *ThermoLife International, LLC v. BPI Sports, LLC*, 2022 WL 612669, at *1–2 (9th Cir. Mar. 2, 2022) (discussing differences between standing and zone-of-interests test).

Although it's a closer call, the plaintiffs have also stated a claim under 17 U.S.C. § 1202(b)(1). The plaintiffs have not plausibly alleged that Meta's CMI removal enabled or facilitated infringement. The fact that removing CMI might make the plaintiffs' books work better as training data does not mean that removing CMI made it easier for Meta to commit copyright infringement. And as the plaintiffs seem to concede, the complaint does not adequately allege that the CMI removal would or did aid infringement by anyone other than Meta.

But the plaintiffs have adequately alleged that Meta intentionally removed CMI to conceal copyright infringement. The plaintiffs allege that Meta "knew that Llama was especially 'prone' to memorizing and generating outputs of CMI unless CMI was removed from" its training data. They also allege that Meta took a number of other steps to reduce the likelihood that Llama would generate outputs that would reveal or indicate that copyrighted material was included in training datasets. Taken together, these allegations raise a "reasonable, if not particularly strong, inference" that Meta removed CMI to try to prevent Llama from outputting

CMI and thus revealing that it was trained on copyrighted material. *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016). This use of copyrighted material is clearly an identifiable (alleged) infringement. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673–75 (9th Cir. 2018). And that Meta voluntarily revealed that an early Llama model was trained on a particular dataset containing copyrighted material doesn't mean that it would have had no reason to hide the use of other such datasets to train later models.[1]

    *2. CDAFA.* The CDAFA claim is dismissed without leave to amend because it is preempted. The plaintiffs do not allege that Meta accessed their computers or servers—only their data (in the form of their books). And the only reason that the books Meta acquired could plausibly be considered the plaintiffs' data is because the plaintiffs own the copyrights on those books. If, by contrast, the plaintiffs' books were in the public domain, the plaintiffs would have no CDAFA claim against Meta, because there would be no reason that Meta would have needed their permission to download the books. So there is no way to understand the plaintiffs' CDAFA claim as based on any right that is "qualitatively different" from the plaintiffs' rights under the Copyright Act. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019 (9th Cir. 2017).[2]

    **IT IS SO ORDERED.**

Dated: March 7, 2025

                                                          VINCE CHHABRIA
                                                          United States District Judge

---

[1] As discussed at the hearing, this motion comes in an odd posture because it follows over a year of discovery. Nevertheless, because it is a ruling on a motion to dismiss, this order considers only the facts pled in the complaint, accepts those facts as true, and draws all reasonable inferences in the plaintiffs' favor.

[2] Although giving notice to the state attorney general might be the "better practice," it wasn't required here because holding the plaintiffs' claim preempted still leaves CDAFA "in force in most of its domain." *United States v. Zadeh*, 820 F.3d 746, 755 (5th Cir. 2016).