UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KADREY, et al.,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 23-cv-03417-VC   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 481

The parties have a dispute concerning notes taken by Meta's rebuttal expert Christopher Bakewell's staff during interviews he conducted of Meta employees Sy Choudhury and Amrish Archaya and Meta experts Dr. Ungar and Dr. Sinkinson. ECF No. 481. According to Bakewell's deposition testimony (ECF No. 481-1), he doesn't think he took any notes during those interviews. 130:3-5. Instead, "I looked back at the report not long after the discussions to ensure that they [the notes] were consistent. What was in there was consistent with my memory and added stuff in accordance with my memory." 130:7-11. Bakewell said that he "couldn't know" if his staff put their notes directly in the then-existing draft of the expert report or in a separate document, but "[o]ur practice is to get the information in the report." 134:10-15. He clarified that the notes were either put directly into the draft of the report or "that was done quickly thereafter." 134:16-22; *see also* 142:6-16.

Plaintiffs now move to compel those notes. Rule 26 states that an expert report must contain "the facts or data considered by the witness," Fed. R. Civ. Proc. 26(a)(2)(B)(ii). "[I]n federal court . . . an expert witness must produce all data she has considered in reaching her conclusions." *Biestek v. Berryhill*, 587 U.S. 97, 104 (2019). "With respect to the disclosure obligations, the [advisory committee's] notes indicate that the requirements should 'be interpreted broadly' to encompass 'any material considered by the expert, from whatever source, that contains factual ingredients' but to exclude the 'theories or mental impressions of counsel.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 (9th Cir. 2014) (quoting advisory committee's notes for

the 2010 amendments).

Meta argues, first, that Plaintiffs have not subpoenaed Bakewell or his firm and therefore the only legal basis for production is Rule 26(a)(2), which is limited to facts or data considered by the expert witness. Plaintiffs do not disagree.

Meta argues, second, that Bakewell did not "consider" the notes his staff took. That argument is a nonstarter. Bakewell's testimony makes clear that he read the notes and at times edited them. "[C]ourts apply an 'objective test' that defines 'considered' as any facts or data on the subject matter learned by the expert at any time before rendering her opinion." *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 471 (S.D.N.Y. 2016). "Rather than asking whether the expert subjectively believed she considered the materials, the court should simply ask whether the 'expert had read or reviewed the . . . materials before or in connection with formulating his or her opinion.'" *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, 2019 WL 2766912, *2 (D.N.M. July 2, 2019) (quoting *Johnson v. Gmeinder*, 191 F.R.D. 638, 649 (D. Kan. 2000)). Here, Bakewell considered the notes.

That's not necessarily the end of the matter, though, because the notes could be part of a draft report (Rule 26(b)(4)(B)) or could be work product (Rule 26(b)(4)(C)). *See Wenk v. O'Reilly*, 2014 WL 1121920, *6 (S.D. Ohio March 20, 2014) ("the Court will require Defendants to submit the notes in question for *in camera* review before making a decision about whether they can be legitimately characterized as 'draft reports.'"); *Mackay*, 742 F.3d at 870 ("materials containing 'factual ingredients' are discoverable, while opinion work product is not discoverable").

Accordingly, the Court **ORDERS** Meta to submit the notes in hard copy for in camera review within seven days. At the same time, the Court **ORDERS** Meta to lodge a copy of Bakewell's report with the Court.

**IT IS SO ORDERED.**

Dated: March 21, 2025

THOMAS S. HIXSON
United States Magistrate Judge