COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:  (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:  (650) 815-4131

*[Full Listing on Signature Page]*

Counsel for Defendant Meta Platforms, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br>   Individual and Representative Plaintiffs, <br><br>   v. <br><br> META PLATFORMS, INC., a Delaware corporation, <br><br>                                    Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **DEFENDANT META PLATFORMS INC.'S ADMINISTRATIVE MOTION REQUESTING LEAVE FOR REBUTTAL EXPERT REPORT AND DEPOSITIONS** |

Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, Civ. L.R. 7-11 and the Court's March 7, 2025 Order permitting additional discovery, including Plaintiffs' service of a report from a new expert (Dkt. 470), Defendant Meta Platforms, Inc. ("Meta") by and through its undersigned counsel, hereby seeks leave to conduct additional expert discovery directed to Plaintiffs' recently served expert report of Dr. David Choffnes and allegations of distribution of copyrighted works to which Dr. Choffnes's report apparently relates. Meta met and conferred with Plaintiffs on March 20, 2025 regarding the relief requested herein and Plaintiffs opposed. Morton Decl.

On January 13, 2025, the Court allowed Plaintiffs to file the Third Amended Complaint ("TAC"). *See* Dkt. 389. Among other new claims, the TAC alleged that Meta infringed Plaintiffs' exclusive rights of distribution under 17 U.S.C. § 106(3) by "seeding" Plaintiffs' works via a torrenting protocol. Dkt. 389, 407, ¶ 87. Seeding occurs when a copy of a torrented file is uploaded to another computer "after downloading" it, and is distinct from "leeching," which involves the "upload or shar[ing of] files with others during" the process of downloading it. Dkt. 472 at 12 (separating the concepts of "leeching" and "seeding" in Plaintiffs' summary judgment motion); *see also* Dkt. 426 n.6; Feb. 27, 2025 Hearing Tr. at 15:4–10. The TAC refers only to seeding; it does not refer to leeching.

On January 10, 2025, Plaintiffs served an opening report from Dr. Jonathan Krein in support of the TAC's new distribution claim. Like the TAC, Dr. Krein's report was directed solely to seeding, not leeching. Accordingly, consistent with the appropriate scope of a rebuttal report, Meta's own expert, Barbara Frederiksen-Cross, provided a rebuttal expert report on the February 10, 2025 deadline that addressed Plaintiffs' seeding theory—not the leeching theory that Plaintiffs had not yet disclosed. Dkt. 406. While Ms. Frederiksen-Cross discussed the concept of "leechers" in her report—i.e., peers that have begun the download of the file and have no pieces, or that have downloaded only a portion of a complete file—she did not express any opinions regarding whether Meta engaged in any "leeching" (as Plaintiffs describe it) because Dr. Krein[1] did not opine on any

---

[1] Plaintiffs will likely claim that Dr. Krein was a "source code" expert, not a torrenting expert. This is incorrect. Indeed, when Plaintiffs sought this Court's permission to amend the complaint,

alleged distribution of data via torrenting beyond the concept of seeding.

On February 26, 2025, without leave of Court, Plaintiffs purported to serve on Meta an expert report from a new expert, Dr. David Choffnes (the "Choffnes Report"), advancing a new distribution theory of copyright infringement based on "leeching." Although styled as a "rebuttal report," the Choffnes Report was based on Plaintiffs' new "leeching" theory, which no Meta expert has yet had an opportunity to address.[2] The Choffnes Report focused on "leeching" and opined on the purported likelihood it occurred relying, in part, on a newly disclosed and flawed probability analysis.

At the February 27, 2025 hearing, the Court instructed the parties to submit proposals to address Plaintiffs' claim of prejudice due to Meta's February 2025 production related to the inadvertent sequestration. On March 5, 2025, Plaintiffs submitted their proposal, seeking leave to serve the Choffnes Report, which they attached as an exhibit to their proposal. Dkt. 467. Plaintiffs also proposed a new request for production regarding torrenting, as well as a search of email and chat messages for four Meta employees who were not previously document custodians in the case. Finally, Plaintiffs requested a further 7-hour 30(b)(6) deposition directed to, among other things, Meta's alleged "uploading of data during the torrenting process," i.e., "leeching."

On March 7, 2025, the Court adopted Plaintiffs' proposal. Dkt. 470. The Court's Order stated that, "[i]f it becomes apparent during the course of briefing on the parties-cross motions for summary judgment that it would be unfair to Meta to preclude it from adding another expert to respond to the plaintiffs' new rebuttal report, the issue can be addressed at that time or before trial." *Id.*

What the Court anticipated has come to pass: Plaintiffs have submitted a summary judgment motion relying, in part, on the Choffnes Report to argue against Meta's fair use defense. *See* Dkt. 472 at 13, 26.[3] Meta has not had the opportunity to respond to Dr. Choffnes's "leeching"

---

they asserted that with respect to their new claims of "torrenting," "our expert will be addressing that in his opening brief [i.e., report] due tomorrow." Jan. 9, 2025 Tr. at 24-25.

[2] *See Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1065 (C.D. Cal. 2010) ("Rebuttal reports are limited to evidence 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in an expert report" (quoting Fed. R. Civ. P. 26(a)(2)(C)(ii)).

[3] Plaintiffs' summary judgment motion is directed to reproduction of their works in claimed violation of 17 U.S.C. § 106(1), and does not seek judgment that Meta distributed any Plaintiff's

opinions, which were not previously disclosed by any of Plaintiffs' experts. Meta respectfully submits that fairness, due process and the interests of the Court in having a complete record to address summary judgment support Meta's good cause for conducting additional expert discovery responsive to the Choffnes Report (including permission to serve a rebuttal report and related declaration) in the course of the current summary judgment briefing, as set forth below. *See AFD China Intellectual Prop. Law (USA) Office, Inc. v. AFD China Intellectual Prop. Law Office,* 2012 WL 13051085, at *5 (D. Or. Aug. 22, 2012) ("Although the Court concludes the [untimely expert declaration] should not be stricken … AFD China … should have the opportunity to submit its own expert report" rebutting that declaration); *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2018 WL 3491854, at *12-13 (S.D. Cal. July 18, 2018) (granting request to serve rebuttal to a new expert report upon a showing of good cause where the court defined good cause as "a plausible reason that would not prejudice an opposing party.") Meta's requested rebuttal report and related declaration are necessary to explain how and why the Choffnes report relies on faulty methodologies and assumptions, and why it is unlikely that Meta distributed Plaintiffs' works via "leeching." Plaintiffs cannot claim any legitimate prejudice when Meta is prepared to promptly address all of the requested expert discovery before the completion of summary judgment briefing.

Lay witness testimony and documents alone are not adequate to provide Meta with a fair opportunity to rebut Dr. Choffnes's expert opinions, which rely on a flawed analysis to inaccurately assert that there was a 99.99999% probability that a piece of one of Plaintiffs' works was allegedly uploaded to a peer during the alleged "leeching." Dr. Choffnes's expert opinions are quintessential expert testimony, and cannot merely be rebutted via lay witness testimony or documents, such as the discovery Meta is providing pursuant to the Court's recent Order permitting additional discovery. Dkt. 470. Fairness demands that Meta have an opportunity to have an expert provide rebuttal opinions to address Dr. Choffnes's flawed probability analysis and the faulty methodologies and assumptions Dr. Choffnes relied on to support his opinions. Even if documents

---

work in violation of 17 U.S.C. § 106(3). Dkt. 472 at 2–3. Nonetheless, their summary judgment motion relies on the Choffnes Report to argue that Meta must have distributed "at least some quantity" of content via "leeching," claiming based on a flawed analysis a 99.99999% probability that a piece of one of Plaintiffs' works was allegedly uploaded to a peer, and that this precludes Meta's fair use defense.

produced pursuant to the Court's Order are pertinent to rebutting the opinions in the Choffnes Report, a Meta rebuttal expert is necessary to assess and provide opinions regarding their applicability to the new expert opinions in the Choffnes Report.

Meta's first summary judgment brief is due on March 24, 2025 and summary judgment briefing will be complete by April 17, 2025.[4] For the reasons above, Meta respectfully requests the Court's permission to make the following disclosure and conduct limited rebuttal expert discovery:

(1) filing a declaration from Meta's expert Barbara Frederiksen-Cross with Meta's March 24, 2025 summary judgment submission, rebutting the Choffnes Report as relevant to Plaintiffs' summary judgment motion;[5]

(2) serving a rebuttal expert report addressing the full scope of the Choffnes Report from Ms. Frederiksen-Cross by April 4, 2025;

(3) conducting a deposition of Dr. Choffnes, by April 1, 2025;[6] and

(4) making Ms. Frederiksen-Cross available for deposition on her April 4, 2025 rebuttal report shortly thereafter.

No further expert discovery (e.g., a further rebuttal report by Plaintiffs to Ms. Frederiksen-Cross's April 4 rebuttal report) should be permitted, given that Plaintiffs have the burden of proof on their distribution claim and should have disclosed their expert opinions in the opening Krein report and had the opportunity to expand their expert opinions on torrenting with the new "leeching" theory in the Choffnes Report.

To be clear, Meta is <u>not</u> seeking to modify the existing schedule for Plaintiffs' or Meta's summary judgment briefing. Meta does not wish to burden the Court or delay resolution of

---

[4] In the interests of maintaining the Court's current summary judgment schedule, and because newly-ordered discovery on the issue is not yet complete, Meta is not requesting leave to file a supplemental summary judgment motion specific to Plaintiffs' distribution claim at this time or a motion challenging the Choffnes Report. If and when Meta determines such motion(s) may be appropriate, Meta will approach the Court to request such leave.

[5] Pending a ruling from the Court on this Motion, Meta intends to include Ms. Frederiksen-Cross's declaration with its summary judgment filing on March 24, 2025, which will detail many of the deficiencies in the Choffnes Report.

[6] With respect to item (3), the deposition of Dr. Choffnes, Plaintiffs stated during the parties' meet and confer that they would not object to Meta taking his deposition if the Court authorized it, but that they would not offer him for deposition without Court authorization. For obvious reasons, it would be unfair to deprive Meta of the opportunity to depose Plaintiffs' newly-disclosed expert.

summary judgment briefing. It simply seeks to defend itself consistent with fairness and due process, in light of Plaintiffs' new expert, new expert report, and material pivot on their torrenting allegations.

A proposed order is attached including the requested relief specified above.

Dated: March 21, 2025                                COOLEY LLP

                                                    By: */s/ Phillip E. Morton*
                                                    Bobby Ghajar
                                                    Mark Weinstein
                                                    Kathleen Hartnett
                                                    Teresa Michaud
                                                    Phillip Morton
                                                    Judd Lauter
                                                    Liz Stameshkin
                                                    Matthew Brigham
                                                    Colette Ghazarian
                                                    Juan Pablo Gonzalez
                                                    Cole A. Poppell

                                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                                    Angela L. Dunning

                                                    Attorneys for Defendant
                                                    META PLATFORMS, INC.

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL *(pro hac vice)*
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000