**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butticklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

(additional counsel included below)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' OPPOSITION TO META'S ADMINISTRATIVE MOTION REQUESTING LEAVE FOR REBUTTAL EXPERT REPORT AND DEPOSITIONS** |

Pursuant to Civ. L.R. 7-11(b), Plaintiffs respectfully submit this opposition to Meta's Administrative Motion Requesting Leave for Rebuttal Expert Report and Depositions ("Motion"). *See* Dkt. 486. Despite possessing Dr. David Choffnes's rebuttal expert report since February 26, and despite knowing that the Court would permit that report since March 7, Meta now—one business day before its summary judgment submission—seeks administrative relief to submit additional expert materials related to topics Meta has long known about. Meta has not shown any unfairness warranting another expert report, and consequently, Meta's Motion should be denied.

I.  **META FAILS TO SHOW UNFAIRNESS IN PERMITTING DR. CHOFFNES'S REPORT**

Plaintiffs oppose Meta's request to serve another report from its torrenting expert, Barbara Frederiksen-Cross. Permitting Dr. Choffnes to submit a nine-page rebuttal report to Frederiksen-Cross's 51-page rebuttal report raised no issue of unfairness to Meta. Dr. Choffnes' report, which the Court already possesses in full, merely explains how peer-to-peer file sharing works and makes clear that distribution risks exist during the torrenting process both *while* a party is torrenting data (referred to as the "leeching" phase) and *after* a party has fully downloaded torrent files (referred to as the "seeding" phase) unless that party changes configuration settings in its BitTorrent client.

Nothing about Dr. Choffnes's opinions should surprise Meta or necessitate another expert report from Frederiksen-Cross. Frederiksen-Cross's existing report already mentions "leecher" *53 times* and "leechers" *23 more times*—precisely because leeching is an inseparable part of torrenting. It is difficult to credit Meta's argument that it didn't know the leeching phase was relevant when its own expert submitted a report mentioning leechers 76 times. Similarly, Frederiksen-Cross testified that Meta never changed the network configuration settings of its libtorrent client to prevent uploading during the leeching phase, and thus, that it was possible Meta uploaded pirated data while it was downloading it. *See* Dkt. 482 at 14. In other words, Frederiksen-Cross's report and later deposition testimony fully align with the core points in Dr. Choffnes's report: (1) "leeching" is a standard part of torrenting, and (2) distribution risks exist unless a peer

takes active steps to prevent those risks while torrenting data. Meta therefore fails to explain any "unfairness" that it would suffer if it cannot submit its expert's reply to Dr. Choffnes's report.

Meta also contends that evidence and argument about making pirated data available to other users during the leeching phase is a "new theory" predicated on a "distribution claim" that somehow implicates "due process." Mot. at 3-4; Dkt. 469 at 7. But Plaintiffs do *not* advance a free-standing distribution claim or any "new" theory predicated on "leeching." Since learning of Meta's conduct, Plaintiffs have always argued Meta's decision to torrent voluminous quantities of pirated data despite the known distribution risks is squarely relevant to Meta's willfulness and fair use defense. This Court similarly recognized the relevance of this evidence. Dkt. 389 at 2. And as the parties' torrenting experts each confirmed, distribution risks exist as soon as an entity uses a peer-to-peer network to obtain data because that is simply how torrenting works by default.

For this reason, Plaintiffs' interest in Meta's use of peer-to-peer networks has always focused on data uploaded *at any point* in the torrenting process. *See* Dkt. 467 at 3 ("That mid-downloading 'leeching' information is just as relevant as any 'seeding' that occurred post-downloading—it goes to the ultimate question of what Meta uploaded in connection with the torrenting process."). Dr. Jonathan Krein's report never suggested otherwise: instead, his report merely explained the evidence of Meta's torrenting activity that existed in Meta's source code repositories. And regardless, there is no principled (or even rational) basis to focus on some forms of data uploading while ignoring other forms. Uploading is uploading, regardless of when it occurs.

## II.   META SOUGHT TO LIMIT THE FACTUAL RECORD ON ITS TORRENTING.

To the extent Meta is truly surprised Dr. Choffnes's rebuttal report noted that Frederiksen-Cross ignored any data that was uploaded *during* Meta's torrenting process, not just after, it is a consequence of Meta's own efforts to limit the factual record on torrenting—a record Meta had ample opportunity to investigate and develop over many months. Consider just the following:

**November 2024: Meta argues Llama 4 is not relevant.** Meta argued to Judge Hixson that Llama 4 was irrelevant to the case because it has not yet been released, stating, "[t]here is nothing about Meta's efforts with respect to Llama 4 that make any fact in dispute more or less likely."

Dkt. 267 at 12. But the vast majority of Meta's torrenting—over 250 TB from multiple pirated datasets via Anna's Archive and over 650 copies of Plaintiffs' works—occurred in connection with Llama 4's development between April and June 2024, a fact Meta surely knew at the time.

***December 2024-January 2025: Meta argues torrenting is just an allegation.*** In addition to attempting to seal any reference to "torrenting," Meta repeatedly referred to its use of BitTorrent protocol as "alleged" torrenting. *See* Dkt. 405 at 10; Dkt. 437 at 3-4; Dkt. 443 at 3. On January 8, 2025, Meta even argued, "*Plaintiffs have no evidence that Meta torrented (or seeded) books*." Dkt 379 at 4 (emphasis added). One month later, Meta served Frederiksen-Cross's rebuttal report showing Meta actually torrented over 267 TB from websites containing pirated copyrighted works.

***December 2024-January 2025: Meta argues seeding is outside the scope.*** Meta next argued "'seeding' is not a relevant issue in this case." Dkt. 379 at 4. The Court rejected that argument too. Dkt. 389 at 2. Notably, the term "seeding" was used by *both sides* at that time to mean *any* form of uploading. *See* Dkt. 437 at 3-4 (Meta defining seeding as "sharing files by uploading" and quoting Meta witness testimony that "*during torrenting* of [LibGen] sci-mag, there were precautions in place to limit *seeding*") (emphasis added). Meta thus knew Plaintiffs' efforts to conduct discovery into "seeding" encompassed *any* uploading occurring in the torrenting process.

***February-March 2025: Meta argues leeching is outside the scope.*** Meta served Frederiksen-Cross's rebuttal report, which opined exclusively on Meta's uploading of pirated copyrighted data *after* torrent files were fully downloaded. As Plaintiffs learned with the benefit of Dr. Choffnes, that is actually what the term "seeding" typically means within the torrenting community. Frederiksen-Cross's rebuttal report was the first submission in this case that deviated from using the term "seeding" as a catch-all for *any* uploading in the torrenting process. In response, Dr. Choffnes immediately recognized that Frederiksen-Cross's report ignored Meta's leeching activity, which he noted in his rebuttal report. Dkt. 474-27, ¶ 19.

***March 2025: Meta argues Dr. Choffnes's rebuttal report prejudices Meta.*** At any one of these junctures, Meta could have chosen to provide fulsome discovery into the full extent to which

it uploaded the data (whether via seeding *or* leeching) that it acquired from pirated online databases—something Meta still has not done. Instead, Meta made repeated efforts to limit the scope of discovery into its torrenting activities. In light of that strategy, it should come as no surprise that Meta now wants another bite at the apple with an expert report on leeching even though Meta previously chose to intentionally ignore it. Meta should not be afforded that relief.

Nevertheless, if the Court does permit a second expert report from Frederiksen-Cross, Plaintiffs respectfully request that the Court order Meta to serve it no later than March 27. Presently, Meta proposes an April 4 deadline to serve the report, but that would leave Plaintiffs with less than 3 days to react since Plaintiffs' final summary judgment submission is due April 7.

### III. THE BASEBALL ARBITRATION SHOULD NOT BE CIRCUMVENTED BY A DECLARATION THAT META COULD HAVE SOUGHT IN ITS PROPOSAL

Meta's additional request for leave to file a declaration from Frederiksen-Cross with its March 24 summary judgment submission should also be denied (or the declaration stricken). Notwithstanding that Meta waited until Friday night before its Monday filing to seek relief, Meta could have included this declaration request in its discovery proposal. Instead, Meta focused on excluding Dr. Choffnes's report and proposed nothing in the alternative. But the Court was clear: "No middle ground. Baseball arbitration." Feb. 27, 2025 Hr'g Tr. 43:20-21. If, however, the Court permits Meta to file a new declaration from Frederiksen-Cross, then Plaintiffs respectfully request leave to submit declarations from their relevant experts with their April 7 summary judgment brief. This would allow both sides the opportunity to address new information with expert declarations.[1]

### IV. EXPERT DEPOSITIONS

Plaintiffs offered to make Dr. Choffnes available for deposition when they first served his report on February 26. And while his deposition was not part of either side's discovery proposals, he remains willing to sit for deposition—and is available in Boston on April 4—if the Court permits it. If the Court allows Meta to submit a second report from Frederiksen-Cross, Plaintiffs ask that the Court order her deposition at BSF's San Francisco office on or before April 3.

---

[1] Meta should not be permitted to submit new declarations with its reply. *See* Civ. L.R. 7-3(d)(1).

## V. THE COURT SHOULD ORDER META TO COMPLY WITH PLAINTIFFS' DISCOVERY PROPOSAL

Meta continues to resist efforts to produce data entirely within its control regarding whether, and to what extent, it uploaded copyrighted data during the torrenting process. Despite the Court's order adopting Plaintiffs' additional discovery proposal, Dkt. 470, Meta has not turned over the full set of materials.

**A. AWS Logs:** On March 19, Meta made a document production of Amazon Web Services ("AWS") invoices and data transfer logs. The corresponding RFP, as approved by the Court, requested such data from January 1, 2022 to the present. Dkt. 467-2 at 2. Despite this, Meta only produced the requested data from April to October 2024, purportedly because that was the time period it torrented from Anna's Archive via AWS. But as Plaintiffs explained from the very beginning, the point of requesting the broader time period was to compare Meta's data transfer usage *during* the torrenting period against *other, non-torrenting* periods: "If the invoices spiked around the periods that Meta was torrenting . . . it will provide additional evidence that uploading occurred" since "AWS bills its users based on, among other things, the amount of data uploaded out of AWS." Dkt. 467 at 3-4. Plaintiffs request that the Court order Meta to comply with its order adopting Plaintiffs' proposal and produce documents for the full time range set forth in the RFP.

**B. Meta refuses to run Plaintiffs' search string on its existing custodians:** Meta was obligated to run Plaintiffs' targeted search over its 15 existing document custodians and "four *additional* individuals," as Plaintiffs proposed. Dkt. 467 at 2 (emphasis added). However, Meta opted to run the search over just the four new custodians' email and WorkChat, which yielded a production of about 150 documents—many highly relevant, including a 100-page progress digest of Meta's torrenting and experiments with Anna's Archive data. Moreover, these new documents contain numerous hyperlinks to other internal Meta documents that have not yet been produced, but that contain probative titles referencing Llama 4 books mitigations and an Internet Archive digest, among others. Plaintiffs thus respectfully ask that the Court order Meta to fulfill its obligations by running the targeted search across Meta's *existing* custodians' files, and to produce all responsive documents, including all documents hyperlinked within them, no later than April 1.

Dated: March 24, 2025

By: /s/ *Maxwell V. Pritt*
    Maxwell V. Pritt

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Kenneth S. Byrd (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
kbyrd@lchb.com
bsugar@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttericklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

**COWAN DEBAETS ABRAMS &
SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*