COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

PAUL, WEISS, RIFKIN, WHARTON & GARRISON LLP
KANNON K. SHANMUGAM (*pro hac vice*)
(kshanmugam@paulweiss.com)
2001 K Street, NW
Washington, DC 20006
Telephone:    (202) 223-7300

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY *et al.*,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DECLARATION OF BOBBY GHAJAR IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S: (1) NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (2) OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 472]** |

I, Bobby Ghajar, hereby declare:

1. I am a Partner at Cooley LLP and a member in good standing of the state bar of California. I am outside counsel for Defendant Meta Platforms, Inc. ("Meta") in this litigation. Unless otherwise stated, the contents of this Declaration are based on my personal knowledge of the relevant facts and, if called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Federal Rule of Civil Procedure 56(c) and Civil L.R. 7-5, I make this declaration in support of Meta's (1) Notice of Motion and Motion for Partial Summary Judgment; and (2) Opposition to Plaintiffs' Motion for Partial Summary Judgment [Dkt. 472]. Relevant portions of the attached exhibits are highlighted for the Court's convenience.

**Relevant Deposition Testimony and Discovery Responses from Plaintiffs About Llama Output and Their Works**

3. Either I or members of Meta's defense litigation team took the depositions of each of the Plaintiffs. Below, we compile excerpts of Plaintiffs' depositions, separated by topic for the Court's ease of reference. Attached as **Exhibit 1** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Ta-Nehisi Coates, taken November 21, 2024; Junot Díaz, taken November 20, 2024; Christopher Farnsworth, taken December 4, 2024; Christopher Golden, taken September 17, 2024; Andrew Sean Greer, taken September 24, 2024; David Henry Hwang, taken September 16, 2024; Richard Kadrey, taken September 25, 2024; Matthew Klam, taken December 10, 2024; Laura Lippman, taken September 17, 2024; Sarah Silverman, taken October 10, 2024; Rachel Louis Snyder, taken December 11, 2024; Lysa TerKeurst, taken September 23, 2024; and Jacqueline Woodson, taken September 30, 2024; each testifying as to whether he or she is aware of any Llama outputs that replicate text from his or her works. Also included are the cover pages and the court reporters' certificates for these deposition transcripts.

4. Attached as **Exhibit 2** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Coates, Díaz, Farnsworth, Golden, Greer, Hwang, Klam, Lippman, Silverman, Snyder, TerKeurst, and Woodson, each testifying as to whether he or she is aware of Llama outputs that are substantially similar to and/or that might substitute for any of Plaintiffs books.

5. During discovery in this case, Meta served each of the Plaintiffs with various Requests for Admission. Attached as **Exhibit 3** are true and correct copies of excerpts from Plaintiffs' Second Supplemental Responses to Meta's Second and Third Sets of Requests for Admissions (Supplemental Responses to Meta's First Set of Requests for Admissions to Plaintiff Farnsworth), namely responses to Request No. 24 (No. 26 as to Pl. Farnsworth). In these responses, subject to their objections, each Plaintiff admitted that he or she is not personally aware of any text generated by any of Meta's Llama models that infringes his or her at-issue works. 12 of the 13 Plaintiffs attempted to withdraw these admissions on December 27, 2024, 14 days after the close of discovery. Plaintiffs did not seek leave of the Court to withdraw or amend these responses under Federal Rule of Civil Procedure 36.

6. Attached as **Exhibit 4** are true and correct copies of excerpts from the transcript of the deposition of Plaintiff Klam, testifying about whether Llama generated text from his books in response to his prompting.

7. Attached as **Exhibit 5** are true and correct copies of excerpts from Plaintiffs' Responses to Meta's Second Set of Requests for Admissions (First Set as to Pl. Farnsworth), namely responses to Request Nos. 22–23 (Nos. 24–25 as to Pl. Farnsworth), which concern each Plaintiffs' awareness, if any, of an instance in which a person read text generated by any of Meta's Llama models as a substitute for reading his or her at–issue work(s) or any documentary evidence of the same.

**Relevant Deposition Testimony from Plaintiffs About Their Use of Generative AI**

8. Attached as **Exhibit 6** are true and correct copies of excerpts from transcripts of the depositions of Plaintiffs Farnsworth, Greer, Hwang, and Klam, each testifying as to their use, if any, of generative AI tools.

9. Attached as **Exhibit 7** are true and correct copies of excerpts from transcripts of the depositions of Plaintiffs Klam, Silverman, and Snyder, each testifying as to the purposes of generative AI as compared to Plaintiffs' books.

//
//

**Relevant Deposition Testimony and Discovery Responses from Plaintiffs**

**About the Effect of Llama on Plaintiffs' Book Sales and Licensing**

10.  Attached as **Exhibit 8** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Coates, Díaz, Farnsworth, Greer, Hwang, Kadrey, Klam, Lippman, Silverman, Snyder, TerKeurst, and Woodson, each testifying as to whether he or she is aware of any lost sales or licensing opportunities due to the infringement alleged in this case.

11.  Attached as **Exhibit 9** are true and correct copies of excerpts from Plaintiffs' Amended and Supplemental Responses to Meta's Second Set of Requests for Admissions (Responses to Meta's First Set of Requests for Admission to Plaintiff Farnsworth), namely responses to Request Nos. 12, 15, and 18, concerning Plaintiffs' lack of awareness of any lost sales or licensing opportunities due to the infringement alleged in this case or of any documentary evidence of the same.

**Relevant Deposition Testimony and Discovery Responses from Plaintiffs**

**About Licensing of Plaintiffs' Works to Train AI Models**

12.  Attached as **Exhibit 10** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Coates, Díaz, Farnsworth, Golden, Greer, Hwang, Kadrey, Klam, Lippman, Silverman, Snyder, TerKeurst, and Woodson, each testifying as to whether he or she has ever entered a license, offered to license, or received an offer to license his or her works for purposes of training an AI model.

13.  Attached as **Exhibit 11** are true and correct copies of Plaintiffs' Amended Responses to Meta's Second Set of Requests for Admissions (Responses to Meta's First Set of Requests for Admissions to Plaintiff Farnsworth), namely responses to Request Nos. 8–10 and 31, which concern Plaintiffs' lack of licensing of their at-issue works for use as training data for artificial intelligence.

14.  Attached as **Exhibit 12** are true and correct copies of Plaintiffs' Responses to Meta's Fourth Set of Interrogatories (first set to Plaintiff Farnsworth), namely responses to Interrogatory No. 24, which asked them to identify third parties, if any, with whom Plaintiffs have discussed the possibility of licensing any of their at–issue books as training data for large language models. None

of the Plaintiffs identified any such third parties.

15. Attached as **Exhibit 13** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Coates, Greer, Lippman, Snyder, and Woodson, each testifying as to whether Meta's Llama affected his or her intent to continue writing books.

16. Attached as **Exhibit 14** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Golden, Lippman, and Snyder, each testifying as to whether he or she wrote his or her books with an expectation or intent to monetize his or her works through licenses for AI training.

17. Attached as **Exhibit 15** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Lippman, Silverman, and TerKeurst, each testifying as to whether he or she would license their books for AI training.

18. Attached as **Exhibit 16** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Coates, Díaz (together with Exhibits 452 and 458 to the Díaz deposition, which were introduced and authenticated in the same), Golden, Kadrey, and Lippman, each testifying as to his or her opinions on generative AI.

19. Attached as **Exhibit 17** are true and correct copies of excerpts from the transcripts of the depositions of Plaintiffs Coates, Díaz, Farnsworth, Golden, Klam, Lippman, Silverman, Snyder, TerKeurst, and Woodson, each testifying as to whether his or her publisher(s) have the right to license his or her books for AI training.

20. Attached as **Exhibit 18** are true and correct copies of excerpts from Plaintiffs' Second Supplemental Responses to Meta's Second and Third Sets of Requests for Admissions (Supplemental Responses to Meta's First Set of Requests for Admission as to Plaintiff Farnsworth), namely responses to Request Nos. 69 and 70 (as to Pl. Coates); 67 and 68 (as to Pl. Díaz); 71 and 72 (as to Pl. Golden); 70 and 71 (as to Pl. Greer); 69 and 70 (as to Pl. Hwang); 75 and 76 (as to Pl. Kadrey); 67 and 68 (as to Pl. Klam); 75 and 76 (as to Pl. Lippman); 65 and 66 (as to Pl .Silverman); 65 and 66 (as to Pl. Snyder); 69 and 70 (as to Pl. TerKeurst); 83 and 84 (as to Pl. Woodson); and 74 and 75 (as to Pl. Farnsworth), concerning the rights, if any, of the publishers of Plaintiffs' at–issue works to license those works as training data for large language models.

**Relevant Discovery Responses from Plaintiffs About Publication of Plaintiffs' Works**

21. Attached as **Exhibit 19** are true and correct copies of excerpts from Plaintiffs' Responses to Meta's Third Set of Requests for Admissions (first set to Plaintiff Farnsworth), namely Request Nos. 73 and 74 (as to Pl. Coates); 71 and 72 (as to Pl. Díaz); 78 and 79 (as to Pl. Farnsworth), 75 and 76 (as to Pl. Golden), 74 and 75 (as to Pl. Greer), 73 and 74 (as to Hwang), 79 and 80 (as to Pl. Kadrey), 71 and 72 (as to Pl. Klam), 79 and 80 (as to Pl. Lippman), 69 and 70 (as to Pl. Silverman), 69 and 70 (as to Pl. Snyder), 73 and 74 (as to Pl. TerKeurst), and 87 and 88 (as to Pl. Woodson), confirming that their books at issue in this case were all published before Meta used them to train its large language models.

**Relevant Deposition Testimony and Documents From**

**Plaintiffs' Expert Witnesses (Bender, Krein, Lopes, Spulber)**

22. Attached as **Exhibit 20** are true and correct copies of excerpts from the transcript of the deposition of Plaintiffs' expert Dr. Emily Bender, taken February 25, 2025.

23. Attached as **Exhibit 21** are true and correct copies of excerpts from the transcript of the deposition of Plaintiffs' expert Dr. Jonathan Krein, taken March 6, 2025.

24. Attached as **Exhibit 22** is a true and correct copy of excerpts of Exhibit 1 (Opening Expert Report of Dr. Jonathan Krien) to the deposition of Plaintiffs' expert Dr. Jonathan Krein, taken March 6, 2025, together with relevant excerpts from the deposition transcript in which the exhibit was introduced and authenticated.

25. Attached as **Exhibit 23** are true and correct copies of excerpts from the transcript of the deposition of Plaintiffs' rebuttal expert Dr. Cristina Lopes, taken February 13, 2025.

26. Dr. Lopes was deposed a second time regarding changes she made to her expert report. Attached as **Exhibit 24** are true and correct copies of excerpts from the transcript of the deposition of Plaintiffs' rebuttal expert Dr. Cristina Lopes, taken March 7, 2025.

27. Attached as **Exhibit 25** are true and correct copies of excerpts from the transcript of the deposition of Plaintiffs' expert Dr. Daniel Spulber, taken March 3, 2025.

**Relevant Documents and Deposition Testimony from Various Meta Witnesses**

28. Attached as **Exhibit 26** are true and correct copies of excerpts from the transcript of

the Rule 30(b)(1) deposition of Amrish Acharya, taken November 21, 2024. He testified as to his role at Meta as a Senior Director of Finance, with responsibilities including providing finance support for certain of Meta's applications and working on initiatives for new revenue.

29. Attached as **Exhibit 27** is a true and correct copy of Exhibit 643 to the Rule 30(b)(1) deposition of Amrish Acharya, taken November 21, 2024, together with relevant excerpts from the deposition transcript in which the exhibit was introduced and authenticated.

30. Attached as **Exhibit 29** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Nikolay Bashlykov, taken December 5, 2024. He testified as to his role at Meta as a software engineer that contributed to the Llama models.

31. Attached as **Exhibit 30** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Sean Bell, taken December 11, 2024. He testified as to his role at Meta as a research scientist manager, with responsibilities including providing strategic guidance on collecting and using training data for the Llama models.

32. Attached as **Exhibit 31** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Alexander Boesenberg, taken November 18, 2024. He testified as to his role at Meta as an AI partnerships manager, with responsibilities including supporting inbound and outbound deals related to licensing data in connection with AI models.

33. Attached as **Exhibit 32** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Sy Choudhury, taken December 5, 2024. He testified as to his role at Meta as a Director of Business Development for AI Partnerships, with responsibilities including overseeing efforts relating to third-party partnerships regarding AI.

34. Mr. Choudhury also testified as a 30(b)(6) witness on certain subjects. Attached as **Exhibit 33** are true and correct copies of excerpts from the transcript of the Rule 30(b)(6) deposition of Meta, by and through its corporate designee, Sy Choudhury, taken December 5, 2024.

35. Mr. Choudhury was deposed again in mid-January as a Rule 30(b)(1) witness. Attached as **Exhibit 34** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Sy Choudhury, taken January 14, 2025.

36. Attached as **Exhibit 35** are true and correct copies of excerpts from the transcript of

the Rule 30(b)(1) deposition of Michael Clark, taken November 13, 2024. He testified as to his role at Meta as a Director of Product Management in its Generative AI organization, with responsibilities including building out internal administrative infrastructure for review and use of training data for the Llama models and risk mitigations associated therewith.

37. Mr. Clark was deposed on November 14, as well. Attached as **Exhibit 36** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Michael Clark, taken November 14, 2024.

38. Mr. Clark also testified as a 30(b)(6) witness on certain subjects. Attached as **Exhibit 37** are true and correct copies of excerpts from the transcript of the Rule 30(b)(6) deposition of Meta, by and through its corporate designee, Michael Clark, taken December 19, 2024.

39. Mr. Clark provided further testimony as a 30(b)(6) witness on March 3, 2025, on the topic of alleged torrenting. Attached as **Exhibit 38** are true and correct copies of excerpts from the transcript of the Rule 30(b)(6) deposition of Meta, by and through its corporate designee, Michael Clark, taken March 3, 2025.

40. Attached as **Exhibit 40** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Sergey Edunov, taken November 6, 2024. He testified as to his role at Meta as a Director of Engineering, with responsibilities including managing the team that pretrains the Llama models.

41. Attached as **Exhibit 41** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of David Esiobu, taken December 13, 2024. He testified as to his role at Meta as a software engineer, with responsibilities including the training, testing, and development of large language models.

42. Attached as **Exhibit 42** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Melanie Kambadur, taken September 17, 2024. She testified as to her role at Meta as a research engineering manager in its Generative AI organization, with responsibilities including supporting and managing AI research teams.

43. Attached as **Exhibit 43** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Dr. Yann LeCun, taken November 21, 2024. He testified as to his

role at Meta as its Chief AI Scientist, with responsibilities including advising scientists and engineers within Meta's Fundamental AI Research (FAIR) team.

44. Attached as **Exhibit 44** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Chaya Nayak, taken October 31, 2024. She testified as to her role at Meta as a Director of Product Management for Generative AI, with responsibilities including, in part, helping define Meta's generative AI data strategy.

45. Attached as **Exhibit 45** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Eugene Nho, taken December 6, 2024. He testified regarding his role at Meta as a Director of Product Management, with responsibilities including, in part, helping define Meta's generative AI data strategy.

46. Attached as **Exhibit 46** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Joelle Pineau, taken November 6, 2024. She testified as to her role at Meta as a Vice President of AI Research with oversight of FAIR, Meta's fundamental AI research division.

47. Attached as **Exhibit 47** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Thomas Scialom, taken December 5, 2024. He testified as to his role at Meta as an AI research scientist, with responsibilities including developing large language models, including the Llama models.

48. Attached as **Exhibit 48** are true and correct copies of excerpts from the transcript of the Rule 30(b)(1) deposition of Hugo Touvron, taken December 3, 2024. He testified as to his role at Meta as an AI research scientist, with responsibilities including developing large language models, including the Llama models.

**Documents and Testimony from Depositions of Meta's Expert Witnesses**

49. Attached as **Exhibit 49** are true and correct copies of excerpts from the transcript of the deposition of Meta's technical expert Professor Lyle Ungar, PhD, taken February 26, 2025.

**Relevant Excerpts from Meta's Written Discovery Responses**

50. Attached as **Exhibit 50** are true and correct copies of excerpts from Meta's Further Supplemental and Amended Responses and Objections to Plaintiffs' First Set of Interrogatories,

namely Meta's initial response and objections and further supplemental and amended response to Interrogatory No. 1, concerning data used to train the Llama models.

51. Attached as **Exhibit 51** are true and correct copies of excerpts from Meta's Further Supplemental and Amended Responses and Objections to Plaintiffs' First Set of Interrogatories, namely Meta's initial response and objections and further supplemental and amended response to Interrogatory No. 7, concerning, among other things, Meta's efforts to mitigate the risk of the Llama models reproducing training data verbatim.

### Documents Produced by Meta

52. Attached as **Exhibit 52** is a true and correct copy of a document produced by Meta Bates labelled Meta_Kadrey_00000185–00000223. Plaintiffs' Notice of Motion and Motion for Partial Summary Judgement (Dkt. 472) at 7 n.14 cites to this document as follows: Leo Gao et al., *The Pile: An 800GB Dataset of Diverse Text for Language Modeling*, ELEUTHERAI (Dec. 31, 2020), available at https://arxiv.org/abs/2101.00027.

### Plaintiffs' Supplemental Initial Disclosures

53. Attached as **Exhibit 53** is a true and correct copy of Plaintiffs' Supplemental Initial Disclosures, served December 13, 2024. As far as I am aware, Plaintiffs did not serve any further Initial Disclosures after this version.

\*   \*   \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California on this 24th day of March, 2025.

_____
Bobby Ghajar