# GHAJAR
# EXHIBIT 5

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

      *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

          *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-04663

**PLAINTIFF TA-NEHISI COATES'S
RESPONSES TO DEFENDANT META
PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION**

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:    _/s/ Bryan Clobes_
                     Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:    dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>      *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                 *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use"

as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the

only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the

infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase, "other than

YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use"

as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text

generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff further objects to the phrase "you

are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any

PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

Dated: July 22, 2024

By: _____*/s/ Bryan Clobes*_____
Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

1   Rachel Geman (*pro hac vice*)
    rgeman@lchb.com
2   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
3   New York, NY  10013-1413
    Telephone:  212.355.9500
4   Facsimile:  212.355.9592
    Email: rgeman@lchb.com
5
    Elizabeth J. Cabraser, Esq.
6   Daniel M. Hutchinson, Esq.
    Reilly T. Stoler, Esq.
7   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
8   San Francisco, CA 94111-3339
    Telephone: 415.956.1000
9   Email: ecabraser@lchb.com
    dhutchinson@lchb.com
10  rstoler@lchb.com

11  Kenneth S. Byrd. (*pro hac vice* forthcoming)
    Betsy A. Sugar (*pro hac vice* forthcoming)
12  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    222 2nd Avenue South, Suite 1640
13  Nashville, TN 37201-2375
    Telephone: 615.313.9000
14  Email: kbyrd@lchb.com
    bsugar@lchb.com
15
    Scott J. Sholder (*pro hac vice*)
16  CeCe M. Cole (*pro hac vice*)
    COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
17  60 Broad Street, 30th Floor
    New York, New York 10004
18  Telephone: 212.974.7474
    Email: ssholder@cdas.com
19  ccole@cdas.com

20  Attorneys for Plaintiff
    *Christopher Farnsworth and*
21  *Representative Plaintiffs and the Proposed Class*

22               UNITED STATES DISTRICT COURT

23             NORTHERN DISTRICT OF CALIFORNIA

24                SAN FRANCISCO DIVISION

25

26  RICHARD KADREY, *et al*.,                    Case No. 3:23-cv-03417-VC

27         Individual and Representative          PLAINTIFF CHRISTOPHER
           Plaintiffs,                            FARNSWORTH'S RESPONSES TO
28                                                DEFENDANT'S FIRST SET OF REQUESTS
                                                  FOR ADMISSIONS

PLAINTIFF CHRISTOPHER FARNSWORTH'S
                                                         RESPONSES TO RFA'S, SET 1
                                                         No. 3:23-CV-03417-VC

1    v.

2    META PLATFORMS, INC, a Delaware
     corporation,
3

4           Defendant.

5

6

7    PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

8    RESPONDING PARTY:     PLAINTIFF CHRISTOPHER FARNSWORTH

9    SET NO.:              ONE

10

11                        **INTRODUCTION**

12          Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13   to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14   Admissions (the "Requests" or "RFAs").

15                        **GENERAL OBJECTIONS**

16          1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent

17   they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18   local rules.

19          2.     Plaintiff objects to the Requests to the extent they seek information or materials

20   that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21   disclosure rules, or other applicable privileges and protections, including communications with

22   Plaintiff's attorneys regarding the Action.

23          3.     Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24   modify, or supplement these responses with subsequently discovered responsive information and

25   to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

3120862.2

1    duplicative in whole or in part of Request No. 12. Plaintiff also objects that Plaintiff's position

2    regarding other Request for Admission responses is not the proper subject of a Request for

3    Admission.

4          Subject to and without waiving these general and specific objections, Plaintiff does not

5    respond to this Request because by its own terms the Request is conditioned upon denying

6    Request No. 22 as described. Plaintiff did not deny Request No. 22 as described and directs

7    Defendant to his response to Response No. 22.

8    **REQUEST FOR ADMISSION NO. 24:**

9          Admit that YOU are personally unaware of any instance in which a PERSON read text

10   generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED

11   WORKS.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

13         Plaintiff objects that the term "substitute" is vague and ambiguous. Plaintiff further

14   objects to this Request as an improper subject of a Request for Admission.

15         Subject to and without waiving these general and specific objections, Plaintiff responds

16   that he will not admit or deny this Request, on the grounds that the information requested is not a

17   proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the

18   Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for

19   discovering Plaintiffs' current knowledge or awareness.

20   **REQUEST FOR ADMISSION NO. 25:**

21         Admit that YOU are personally unaware of any documentary evidence demonstrating that

22   any PERSON has read text generated by any of Meta's Llama models as a substitute for reading

23   YOUR ASSERTED WORKS.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

25         Plaintiff objects that the terms "documentary evidence" and "substitute" are vague and

26   ambiguous. Plaintiff further objects to this Request as an improper subject of a Request for

27   Admission.

28         Subject to and without waiving these general and specific objections, Plaintiff responds

that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff responds that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiff objects that this Request is not relevant to any claims or defenses.

Subject to and without waiving these general and specific objections, Plaintiff denies Request No. 27.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiff objects that this Request is not relevant to any claims or defenses.

Subject to and without waiving these general and specific objections, Plaintiff admits Request No. 28.

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO RFA'S, SET 1
No. 3:23-CV-03417-VC

**REQUEST FOR ADMISSION NO. 81:**

Admit that you are not aware of any agreements to assign rights in or to YOUR

ASSERTED WORK(S) that have not already been produced in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

Subject to and without waiving these general and specific objections, Plaintiff admits

discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

denies this Request.


Dated:        November 18, 2024        Respectfully submitted,

                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                       By: */s/ Rachel Geman*
                                           Rachel Geman


                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                       250 Hudson Street, 8th Floor
                                       New York, NY10013-1413
                                       Telephone:  212.355.9500
                                       Facsimile:  212.355.959
                                       Email: rgeman@lchb.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterlaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

1    **REQUEST FOR ADMISSION NO. 23:**

2         Admit that YOU are personally unaware of any documentary evidence demonstrating that any

3    PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

4    ASSERTED WORKS.

5    **RESPONSE TO REQUEST NO. 23:**

6         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8    includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9    terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff also objects to the term

10   "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

11   and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

12   as unintelligible. Plaintiff, in his individual capacity, responds, admit.

13   **REQUEST FOR ADMISSION NO. 24:**

14        Admit that YOU are personally unaware of any text generated by any of  Meta's Llama models

15   that infringes YOUR ASSERTED WORKS.

16   **RESPONSE TO REQUEST NO. 24:**

17        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

18   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

19   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

20   terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase

21   "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

22   **REQUEST FOR ADMISSION NO. 25:**

23        Admit that YOU have personally used one of Meta's Llama models.

24   **RESPONSE TO REQUEST NO. 25:**

25        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

26   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

27   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

28   phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024                    By:    */s/ Joseph R. Saveri*
                                                Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K.L. Young (State Bar No. 318371)
                                        Holden Benon (State Bar No. 325847)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:    jsaveri@saverilawfirm.com
                                                  czirpoli@saverilawfirm.com
                                                  cyoung@saverilawfirm.com
                                                  hbenon@saverilawfirm.com
                                                  acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:  (323)968-2632
                                        Facsimile:  (415) 395-9940
                                        Email:     mb@buttericklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (*pro hac vice anticipated*)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone:   (312) 782-4880
                                        Email:      bclobes@caffertyclobes.com
                                                    asweatman@caffertyclobes.com

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@butterpicklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>　　　*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>　　　　　　　　　　　　　　　*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3  ASSERTED WORKS.

4  **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff also objects to the term

9  "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13    Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22    Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024                By:    _/s/ Bryan Clobes_
                                           Bryan L. Clobes

                                           Bryan L. Clobes (pro hac vice)
                                           Alexander J. Sweatman (pro hac vice)
                                           Mohammed Rathur (pro hac vice)
                                           **CAFFERTY CLOBES MERIWETHER**
                                           **& SPRENGEL LLP**
                                           135 South LaSalle Street, Suite 3210
                                           Chicago, IL 60603
                                           Telephone: (312) 782-4880
                                           Email:    asweatman@caffertyclobes.com

                                           Daniel J. Muller (State Bar No. 193396)
                                           **VENTURA HERSEY & MULLER, LLP**
                                           1506 Hamilton Avenue
                                           San Jose, California 95125
                                           Telephone: (408) 512-3022
                                           Facsimile: (408) 512-3023
                                           Email:    dmuller@venturahersey.com

                                           *Counsel for Individual and Representative Plaintiffs*
                                           *and the Proposed Class*

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttoricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>      *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                      *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2   PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3   ASSERTED WORKS.

4   **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8   terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff also objects to the term

9   "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13   Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22   Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024          By:      _/s/ Bryan L. Clobes_
                                              Bryan L. Clobes


                              Bryan L. Clobes (pro hac vice)
                              Alexander J. Sweatman (pro hac vice)
                              Mohammed Rathur (pro hac vice)
                              **CAFFERTY CLOBES MERIWETHER**
                              **& SPRENGEL LLP**
                              135 South LaSalle Street, Suite 3210
                              Chicago, IL 60603
                              Telephone: (312) 782-4880
                              Email:      asweatman@caffertyclobes.com

                              Daniel J. Muller (State Bar No. 193396)
                              **VENTURA HERSEY & MULLER, LLP**
                              1506 Hamilton Avenue
                              San Jose, California 95125
                              Telephone: (408) 512-3022
                              Facsimile: (408) 512-3023
                              Email:      dmuller@venturahersey.com

                              *Counsel for Individual and Representative Plaintiffs*
                              *and the Proposed Class*

PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to

allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether

Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

     Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the

infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase,

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to

allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

     Admit that YOU are personally unaware of any instance in which a PERSON read text

generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the

phrase "you are personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds,

admit.

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

1  **REQUEST FOR ADMISSION NO. 23:**

2      Admit that YOU are personally unaware of any documentary evidence demonstrating that any

3  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

4  ASSERTED WORKS.

5  **RESPONSE TO REQUEST NO. 23:**

6      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9  terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff also objects to the term

10 "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

11 and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

12 as unintelligible. Plaintiff, in his individual capacity, responds, admit.

13 **REQUEST FOR ADMISSION NO. 24:**

14     Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

15 that infringes YOUR ASSERTED WORKS.

16 **RESPONSE TO REQUEST NO. 24:**

17     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

18 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

19 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

20 terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase

21 "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

22 **REQUEST FOR ADMISSION NO. 25:**

23     Admit that YOU have personally used one of Meta's Llama models.

24 **RESPONSE TO REQUEST NO. 25:**

25     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

26 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

27 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

28 phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.


Dated: July 22, 2024                    By:        /s/ Joseph R. Saveri
                                                    Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K.L. Young (State Bar No. 318371)
                                        Holden Benon (State Bar No. 325847)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:      jsaveri@saverilawfirm.com
                                                    czirpoli@saverilawfirm.com
                                                    cyoung@saverilawfirm.com
                                                    hbenon@saverilawfirm.com
                                                    acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:  (323)968-2632
                                        Facsimile:  (415) 395-9940
                                        Email:      mb@butticklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice anticipated)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone:   (312) 782-4880
                                        Email:       bclobes@caffertyclobes.com
                                                     asweatman@caffertyclobes.com

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

Dated: July 22, 2024

By:     /s/ Bryan L. Clobes
        Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-04663 <br><br> **PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly

use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff

believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the

infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase, "other

than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly

use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text

generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff further objects to the phrase

"you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any

PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

Dated: July 22, 2024

By: _____/s/ Bryan Clobes_____
          Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant.* | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-06663 <br><br> **PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

1  **REQUEST FOR ADMISSION NO. 23:**

2      Admit that YOU are personally unaware of any documentary evidence demonstrating that any

3  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

4  ASSERTED WORKS.

5  **RESPONSE TO REQUEST NO. 23:**

6      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9  terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff also objects to the term

10  "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

11  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

12  as unintelligible. Plaintiff, in her individual capacity, responds, admit.

13  **REQUEST FOR ADMISSION NO. 24:**

14      Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

15  that infringes YOUR ASSERTED WORKS.

16  **RESPONSE TO REQUEST NO. 24:**

17      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

18  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

19  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

20  terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase

21  "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

22  **REQUEST FOR ADMISSION NO. 25:**

23      Admit that YOU have personally used one of Meta's Llama models.

24  **RESPONSE TO REQUEST NO. 25:**

25      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

26  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

27  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

28  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024

By:    _/s/ Joseph R. Saveri_
           Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (_pro hac vice anticipated_)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
|  | Case No. 4:23-cv-04663 |
| *Individual and Representative Plaintiffs*, | |
| v. | **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

1  "other than YOUR contention that LLM developers such as Meta should have compensated YOU to

2  allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether

3  Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

4  **REQUEST FOR ADMISSION NO. 21:**

5      Admit that, other than YOUR contention that LLM developers such as Meta should have

6  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

7  are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the

8  infringement alleged in the COMPLAINT.

9  **RESPONSE TO REQUEST NO. 21:**

10      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

11  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

12  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

13  terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase,

14  "other than YOUR contention that LLM developers such as Meta should have compensated YOU to

15  allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

16  **REQUEST FOR ADMISSION NO. 22:**

17      Admit that YOU are personally unaware of any instance in which a PERSON read text

18  generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

19  **RESPONSE TO REQUEST NO. 22:**

20      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

21  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

22  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

23  terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the

24  phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds,

25  admit.

26  **REQUEST FOR ADMISSION NO. 23:**

27

28

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3  ASSERTED WORKS.

4  **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff also objects to the

9  term "documentary evidence" as being vague and overbroad because it is not limited to the specific

10  claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally

11  unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13    Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22    Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024                    By:    _/s/ Bryan Clobes_____
                                                      Bryan L. Clobes

                                            Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (pro hac vice)
                                            Mohammed Rathur (pro hac vice)
                                            **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
                                            135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
                                            Telephone: (312) 782-4880
                                            Email:        asweatman@caffertyclobes.com

                                            Daniel J. Muller (State Bar No. 193396)
                                            **VENTURA HERSEY & MULLER, LLP**
                                            1506 Hamilton Avenue
                                            San Jose, California 95125
                                            Telephone: (408) 512-3022
                                            Facsimile: (408) 512-3023
                                            Email:        dmuller@venturahersey.com

                                            *Counsel for Individual and Representative Plaintiffs*
                                            *and the Proposed Class*

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs and the Proposed
Class, Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> META PLATFORMS, INC.; <br><br> *Defendant.* | Case No. 3:23-cv-03417-VC <br><br> **PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Plaintiff Lysa TerKeurst ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

**GENERAL OBJECTIONS**

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert

1

1  have compensated YOU to allegedly use" as irrelevant and unintelligible. Subject to and without

2  waiving these objections, Plaintiff denies Request No. 21.

3  **REQUEST FOR ADMISSION NO. 22:**

4  Admit that YOU are personally unaware of any instance in which a PERSON read text

5  generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED

6  WORKS.

7  **RESPONSE TO REQUEST NO. 22:**

8  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

9  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

10  defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

11  will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

12  further objects to the phrase "you are personally unaware" as unintelligible. Subject to and

13  without waiving these objections, Plaintiff admits that she is currently personally unaware of any

14  instance in which a PERSON read text generated by any of Meta's Llama models as a substitute

15  for reading any of Plaintiff's ASSERTED WORKS but denies that Plaintiff's lack of awareness

16  has any bearing on whether such conduct has occurred.

17  **REQUEST FOR ADMISSION NO. 23:**

18  Admit that YOU are personally unaware of any documentary evidence demonstrating

19  that any PERSON has read text generated by any of Meta's Llama models as a substitute for

20  reading YOUR ASSERTED WORKS.

21  **RESPONSE TO REQUEST NO. 23:**

22  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

23  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

24  defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

25  will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff also

26  objects to the term "documentary evidence" as being vague and overbroad because it is not

27  12

28

1    limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the

2    phrase "you are personally unaware" as unintelligible. Subject to and without waiving these

3    objections, Plaintiff admits that she is currently personally unaware of any documentary

4    evidence demonstrating that a PERSON read text generated by any of Meta's Llama models as a

5    substitute for reading any of Plaintiff's ASSERTED WORKS but denies that Plaintiff's lack of

6    awareness has any bearing on whether such conduct occurred or whether documentary evidence

7    of such conduct exists. Plaintiff otherwise denies Request No. 23.

8

9

10   **REQUEST FOR ADMISSION NO. 24:**

11          Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12   models that infringes YOUR ASSERTED WORKS.

13   **RESPONSE TO REQUEST NO. 24:**

14          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

15   calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

16   defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

17   will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

18   objects to the phrase "personally unaware" as unintelligible. Subject to and without waiving

19   these objections, Plaintiff denies Request No. 24.

20   **REQUEST FOR ADMISSION NO. 25:**

21          Admit that YOU have personally used one of Meta's Llama models.

22   **RESPONSE TO REQUEST NO. 25:**

23          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

24   calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

25   defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

26   will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

27                                                  13

28

1

2   Dated: August 21, 2024                    By: /s/ *James A. Ulwick*
                                              Amy Keller (admitted *pro hac vice*)
3                                             Nada Djordjevic (*pro hac vice* forthcoming)
                                              James A. Ulwick (admitted *pro hac vice*)
4                                             10 North Dearborn St., Sixth Floor
                                              Chicago, Illinois 60602
5                                             Tel.: (312) 214-7900
                                              Email: akeller@dicellolevitt.com
6                                                     ndjordjevic@dicellolevitt.com
7                                                     julwick@dicellolevitt.com

8                                             David A. Straite (admitted *pro hac vice*)
                                              485 Lexington Avenue, Suite 1001
9                                             New York, NY 10017
                                              Tel. (646) 933-1000
10                                            Email: dstraite@dicellolevitt.com

11
                                              Brian O'Mara
12                                            4747 Executive Drive, Suite 240
                                              San Diego, California 92121
13                                            Tel.: (619) 923-3939
                                              Email: bomara@dicellolevitt.com
14
                                              RMP, LLP
15                                            Seth Haines (admitted *pro hac vice*)
                                              Timothy Hutchinson (admitted *pro hac vice*)
16                                            5519 Hackett St., Suite 300
                                              Springdale, AK 72762
17                                            Telephone: (479) 443-2705
                                              Email: shaines@rmp.law
18                                                    thutchinson@rmp.law
19                                                    lgeary@rmp.law

20
                                              POYNTER LAW GROUP
21                                            Scott Poynter (admitted *pro hac vice*)
                                              407 President Clinton Ave., Suite 201
22                                            Little Rock, AK 72201
                                              Telephone: (501) 812-3943
23                                            Email: scott@poynterlawgroup.com
24
                                              Bryan L. Clobes (admitted *pro hac vice*)
25                                            CAFFERTY CLOBES MERIWETHER
                                              & SPRENGEL LLP
26                                            205 N. Monroe Street

27                                            18

28

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>       *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

"other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff interprets this Request as asking whether Plaintiff believed the only remedy for Meta's conduct is actual damages. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence demonstrating an injury that YOU have suffered due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase, "other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use" as irrelevant and unintelligible. Plaintiff responds, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are personally unaware of any instance in which a PERSON read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 23:**

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1  Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3  ASSERTED WORKS.

4  **RESPONSE TO REQUEST NO. 23:**

5  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff also objects to the term

9  "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in her individual capacity, responds, admit.

12  **REQUEST FOR ADMISSION NO. 24:**

13  Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22  Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024                    By:    _/s/ Bryan Clobes_
                                                      Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION