# GHAJAR
# EXHIBIT 9

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

1    duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

2    foregoing objections, Plaintiff responds as follows: admit.

3    **REQUEST FOR ADMISSION NO. 11:**

4        Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

5    so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for

6    artificial intelligence.

7    **AMENDED RESPONSE TO REQUEST NO. 11:**

8        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

9    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

10   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

11   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

12   objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

13   construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

14   duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

15   objections, Plaintiff responds as follows: admit.

16   **REQUEST FOR ADMISSION NO. 12:**

17       Admit that, other than YOUR contention that LLM developers such as Meta should have

18   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

19   e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

20   alleged in the COMPLAINT.

21   **AMENDED RESPONSE TO REQUEST NO. 12:**

22       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

23   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

24   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

25   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

26   objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

27   because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

     2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1  facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2  *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3  "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5  duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6  Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7  objections, Plaintiff responds as follows: admit.

8  **REQUEST FOR ADMISSION NO. 13:**

9  Admit that YOU have no documentary evidence that any PERSON has offered any

10  consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11  **AMENDED RESPONSE TO REQUEST NO. 13:**

12  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

16  objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17  specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18  duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19  objections, Plaintiff responds as follows: admit.

20  **REQUEST FOR ADMISSION NO. 14:**

21  Admit that YOU have no documentary evidence that any PERSON has actually compensated

22  YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23  **AMENDED RESPONSE TO REQUEST NO. 14:**

24  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

1  specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

2  duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing

3  objections, Plaintiff responds as follows: admit.

4  **REQUEST FOR ADMISSION NO. 15:**

5  Admit that, other than YOUR contention that LLM developers such as Meta should have

6  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

7  are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due

8  to the infringement alleged in the COMPLAINT.

9  **AMENDED RESPONSE TO REQUEST NO. 15:**

10  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

11  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

12  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

13  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

14  objects to the term "documentary evidence" as being vague and overbroad because it is not limited to

15  the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as

16  vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the

17  facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7,

18  2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

19  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL

20  873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the

21  context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946

22  amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12.

23  Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

24  **REQUEST FOR ADMISSION NO. 16:**

25  Admit that book sales for YOUR ASSERTED WORKS (including through any physical

26  bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due

27  to the alleged use of YOUR ASSERTED WORKS to train large language models.

1   Dated: September 6, 2024

2

3                                          By:    _/s/ Bryan L. Clobes_
                                                     Bryan L. Clobes

        Joseph R. Saveri (State Bar No. 130064)
        Cadio Zirpoli (State Bar No. 179108)
4       Christopher K.L. Young (State Bar No. 318371)
        Holden Benon (State Bar No. 325847)
5       Aaron Cera (State Bar No. 351163)
        Margaux Poueymirou (State Bar No. 356000)
6       **JOSEPH SAVERI LAW FIRM, LLP**
        601 California Street, Suite 1505
7       San Francisco, California 94108
        Telephone:  (415) 500-6800
8       Facsimile:  (415) 395-9940
        Email:      jsaveri@saverilawfirm.com
9                   czirpoli@saverilawfirm.com
                    cyoung@saverilawfirm.com
10                  hbenon@saverilawfirm.com
                    acera@saverilawfirm.com
11                   mpoueymirou@saverilawfirm.com
        Matthew Butterick (State Bar No. 250953)
12      1920 Hillhurst Avenue, 406
        Los Angeles, CA 90027
13      Telephone:  (323)968-2632
        Facsimile:  (415) 395-9940
14      Email:      mb@butericklaw.com

15
        Bryan L. Clobes (pro hac vice)
16      Alexander J. Sweatman (*pro hac vice*)
        Mohammed A. Rathur (*pro hac vice anticipated*)
17      **CAFFERTY CLOBES MERIWETHER
        & SPRENGEL LLP**
18      135 South LaSalle Street, Suite 3210
        Chicago, IL 60603
19      Telephone:    (312) 782-4880
        Email:        bclobes@caffertyclobes.com
20                    asweatman@caffertyclobes.com
                      mrathur@caffertyclobes.com
21

22      Daniel J. Muller (State Bar No. 193396)
        **VENTURA HERSEY & MULLER, LLP**
23      1506 Hamilton Avenue
        San Jose, California 95125
24      Telephone: (408) 512-3022
        Facsimile: (408) 512-3023
25      Email:      dmuller@venturahersey.com

26      *Counsel for Individual and Representative Plaintiffs
        and the Proposed Class*

27

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>       *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF TA-NEHISI COATES'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF TA-NEHISI COATES'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1    **PROPOUNDING PARTIES:**                **Defendant Meta Platforms, Inc.**

2    **RESPONDING PARTIES:**                **Plaintiff Ta-Nehisi Coates**

3    **SET NUMBER:**                            **Two (2)**

4

5        Plaintiff Ta-Nehisi Coates ("Plaintiff") hereby amends his responses to Defendant Meta

6    Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7    "RFAs").

8                                    **GENERAL OBJECTIONS**

9        1.        Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10   purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11   rules.

12       2.        Plaintiff objects to the Requests to the extent they seek information or materials that are

13   protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14   rules, or other applicable privileges and protections, including communications with Plaintiff's

15   attorneys regarding the Action.

16       Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17   supplement these responses with subsequently discovered responsive information and to introduce and

18   rely upon any such subsequently discovered information in this litigation.

19       **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

20   **REQUEST FOR ADMISSION NO. 18:**

21       Admit that, other than YOUR contention that LLM developers such as Meta should have

22   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

23   are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the

24   COMPLAINT.

25   **RESPONSE TO REQUEST NO. 18:**

26       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

27   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

28   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

### REQUEST FOR ADMISSION NO. 19:

Dated: September 19, 2024

By:      /s/ Bryan L. Clobes
         Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:   (323)968-2632
Facsimile:   (415) 395-9940
Email:       mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

| | |
|---|---|
| 1 | Dated: September 6, 2024 |

By:  ___/s/ Bryan L. Clobes___
          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
                mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:         bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JUNOT DIAZ'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| 1 | **PROPOUNDING PARTIES:** |
| 2 | **RESPONDING PARTIES:** |
| 3 | **SET NUMBER:** |

**PROPOUNDING PARTIES:**      **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**      **Plaintiff Junot Diaz**

**SET NUMBER:**      **Two (2)**

Plaintiff Junot Diaz ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 18:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

### RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

*Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

Plaintiff to know what his licensing opportunities would have been but for Meta's failure to

compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to this Request as

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

*Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

Plaintiff to know what his licensing opportunities would have been but for Meta's failure to

compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,

Plaintiff responds, admit.

## REQUEST FOR ADMISSION NO. 19:

Admit that, other than YOUR contention that LLM developers such as Meta should have

Dated: September 19, 2024

By:    _/s/ Bryan L. Clobes_
                    Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:          bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
                mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

1  Rachel Geman (*pro hac vice*)
   rgeman@lchb.com
2  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
3  New York, NY 10013-1413
   Telephone: 212.355.9500
4  Facsimile: 212.355.9592
   Email: rgeman@lchb.com
5
   Elizabeth J. Cabraser, Esq.
6  Daniel M. Hutchinson, Esq.
   Reilly T. Stoler, Esq.
7  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
8  San Francisco, CA 94111-3339
   Telephone: 415.956.1000
9  Email: ecabraser@lchb.com
   dhutchinson@lchb.com
10 rstoler@lchb.com

11 Kenneth S. Byrd. (*pro hac vice* forthcoming)
   Betsy A. Sugar (*pro hac vice* forthcoming)
12 LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   222 2nd Avenue South, Suite 1640
13 Nashville, TN 37201-2375
   Telephone: 615.313.9000
14 Email: kbyrd@lchb.com
   bsugar@lchb.com
15
   Scott J. Sholder (*pro hac vice*)
16 CeCe M. Cole (*pro hac vice*)
   COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
17 60 Broad Street, 30th Floor
   New York, New York 10004
18 Telephone: 212.974.7474
   Email: ssholder@cdas.com
19 ccole@cdas.com

20 Attorneys for Plaintiff
   *Christopher Farnsworth and*
21 *Representative Plaintiffs and the Proposed Class*

22                    UNITED STATES DISTRICT COURT

23                    NORTHERN DISTRICT OF CALIFORNIA

24                       SAN FRANCISCO DIVISION

25

26 RICHARD KADREY, *et al*.,                    Case No. 3:23-cv-03417-VC

27      Individual and Representative            PLAINTIFF CHRISTOPHER
        Plaintiffs,                              FARNSWORTH'S RESPONSES TO
28                                               DEFENDANT'S FIRST SET OF REQUESTS
                                                 FOR ADMISSIONS

3120862.2

1

2    v.

3    META PLATFORMS, INC, a Delaware
     corporation,

4            Defendant.

5

6

7    PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

8    RESPONDING PARTY:     PLAINTIFF CHRISTOPHER FARNSWORTH

9    SET NO.:              ONE

10

11                         **INTRODUCTION**

12        Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13   to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14   Admissions (the "Requests" or "RFAs").

15                         **GENERAL OBJECTIONS**

16        1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent

17   they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18   local rules.

19        2.    Plaintiff objects to the Requests to the extent they seek information or materials

20   that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21   disclosure rules, or other applicable privileges and protections, including communications with

22   Plaintiff's attorneys regarding the Action.

23        3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24   modify, or supplement these responses with subsequently discovered responsive information and

25   to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO RFA'S, SET 1
No. 3:23-CV-03417-VC

1   sought Plaintiff's permission to use any of Plaintiff's Asserted Works as training data for

2   generative artificial intelligence, and so further responding, Plaintiff admits Request No. 10.

3   **REQUEST FOR ADMISSION NO. 11:**

4        Admit that YOU are unaware of consent ever having been given (either by YOU or

5   somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as

6   training data for artificial intelligence.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

8        Plaintiff objects that the term "artificial intelligence" is vague and ambiguous and will

9   construe that term to mean generative artificial intelligence. Plaintiff further objects to this

10  Request to the extent that it is duplicative in whole or in part of Requests for Admissions Nos. 8–

11  10 and 13–14. Plaintiff further objects to this Request as an improper subject of a Request for

12  Admission.

13       Subject to and without waiving these general and specific objections, Plaintiff admits

14  Request No. 11.

15  **REQUEST FOR ADMISSION NO. 12:**

16       To the extent YOU denied Request for Admission No. 1 because YOU contend that LLM

17  developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED

18  WORKS to train large language models, admit that YOU are unaware of any lost sales due to the

19  infringement alleged in the COMPLAINT.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

21       Plaintiff objects that the term "lost sales" is vague and ambiguous. Plaintiff also objects to

22  this Request to the extent that it is an incomplete hypothetical not tied to the facts of the case. *See,*

23  *e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since

24  requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical"

25  questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548,

26  at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the

27  context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to

28  1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of

1    Request No. 15. Plaintiffs also objects that Plaintiff's position regarding other Request for

2    Admission responses is not the proper subject of a Request for Admission.

3        Subject to and without waiving these general and specific objections, ==Plaintiff does not==

4    ==respond to this Request== because by its own terms the Request is conditioned upon denying

5    Request No. 1 as described. Plaintiff did not deny Request No. 1 as described and directs

6    Defendant to his response to Request No. 1.

7    **REQUEST FOR ADMISSION NO. 13:**

8        Admit that YOU have no documentary evidence that any PERSON has offered any

9    consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

11        Plaintiff objects that the terms "documentary evidence" and "consideration" are vague and

12    ambiguous and to the extent that they call for a legal determination. Plaintiff further objects to

13    this Request as duplicative in whole or in part of Requests for Admissions Nos. 8–11 and 14.

14        Subject to and without waiving these general and specific objections, Plaintiff admits that

15    neither Meta nor any other entity gathering training data for large language models has sought

16    Plaintiff's permission to use any of Plaintiff's Asserted Works as training data for large language

17    models, and so, further responding, Plaintiff admits Request No. 13.

18    **REQUEST FOR ADMISSION NO. 14:**

19        Admit that YOU have no documentary evidence that any PERSON has actually

20    compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large

21    language models.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

23        Plaintiff objects that the terms "documentary evidence" and "consideration" are vague and

24    ambiguous and to the extent that they call for a legal determination. Plaintiff objects to the phrase

25    "actually compensated" as vague. Plaintiff further objects to this Request as duplicative in whole

26    or in part of Requests for Admissions Nos. 8–11 and 13.

27        Subject to and without waiving these general and specific objections, Plaintiff admits that

28    neither Meta nor any other entity gathering training data for large language models has sought

1  Plaintiff's permission to use any of Plaintiff's Asserted Works as training data for large language

2  models, and so, further responding, Plaintiff admits Request for Admission No. 14.

3  **REQUEST FOR ADMISSION NO. 15:**

4  To the extent YOU denied Request for Admission No. 2 because YOU contend that LLM

5  developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED

6  WORKS to train large language models, admit that YOU are unaware of any documentary

7  evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged

8  in the COMPLAINT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

10  Plaintiff objects that the terms "documentary evidence" and "lost sales" are vague and

11  ambiguous. Plaintiff objects to this Request to the extent that it is an incomplete hypothetical and

12  not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at

13  *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case,

14  courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un.*

15  *Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

16  Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

17  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request

18  as duplicative in whole or in part of Request No. 12. Plaintiff also objects that Plaintiff's position

19  regarding other Request for Admission responses is not the proper subject of a Request for

20  Admission.

21  Subject to and without waiving these general and specific objections, Plaintiff does not

22  respond to this Request because by its own terms the Request is conditioned upon denying

23  Request No. 2 as described. Plaintiff did not deny Request No. 2 as described and directs

24  Defendant to his response to Request No. 2.

25  **REQUEST FOR ADMISSION NO. 16:**

26  Admit that book sales for YOUR ASSERTED WORKS (including through any physical

27  bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased

28  due to the alleged use of YOUR ASSERTED WORKS to train large language models.

1    **REQUEST FOR ADMISSION NO. 81**:

2         Admit that you are not aware of any agreements to assign rights in or to YOUR

3    ASSERTED WORK(S) that have not already been produced in this ACTION.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 80**:

5         Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

6    ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

7    includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

8    'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

9    10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England*

10   *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

11   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

12        Subject to and without waiving these general and specific objections, Plaintiff admits

13   discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

14   documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

15   production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

16   denies this Request.

17

18   Dated:        November 18, 2024        Respectfully submitted,

19                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20

21                                          By: */s/ Rachel Geman*

22                                              Rachel Geman

23                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            250 Hudson Street, 8th Floor
24                                          New York, NY10013-1413
                                            Telephone:  212.355.9500
25                                          Facsimile:  212.355.959
                                            Email: rgeman@lchb.com
26

27

28

- 53 -

1  Rachel Geman (*pro hac vice*)
   rgeman@lchb.com
2  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
3  New York, NY  10013-1413
   Telephone:  212.355.9500
4  Facsimile:  212.355.9592
   Email: rgeman@lchb.com
5
   Elizabeth J. Cabraser, Esq.
6  Daniel M. Hutchinson, Esq.
   Reilly T. Stoler, Esq.
7  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
8  San Francisco, CA 94111-3339
   Telephone: 415.956.1000
9  Email: ecabraser@lchb.com
   dhutchinson@lchb.com
10 rstoler@lchb.com

11 Kenneth S. Byrd. (*pro hac vice* forthcoming)
   Betsy A. Sugar (*pro hac vice* forthcoming)
12 LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   222 2nd Avenue South, Suite 1640
13 Nashville, TN 37201-2375
   Telephone: 615.313.9000
14 Email: kbyrd@lchb.com
   bsugar@lchb.com
15
   Scott J. Sholder (*pro hac vice*)
16 CeCe M. Cole (*pro hac vice*)
   COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
17 60 Broad Street, 30th Floor
   New York, New York 10004
18 Telephone: 212.974.7474
   Email: ssholder@cdas.com
19 ccole@cdas.com

20 Attorneys for Plaintiff
   *Christopher Farnsworth and*
21 *Representative Plaintiffs and the Proposed Class*

22                    UNITED STATES DISTRICT COURT

23                  NORTHERN DISTRICT OF CALIFORNIA

24                      SAN FRANCISCO DIVISION

25

26 RICHARD KADREY, *et al.*,                Case No. 3:23-cv-03417-VC

27    Individual and Representative          PLAINTIFF CHRISTOPHER
      Plaintiffs,                            FARNSWORTH'S RESPONSES TO
28                                           DEFENDANT'S FIRST SET OF REQUESTS
                                             FOR ADMISSIONS

1

2    v.

3    META PLATFORMS, INC, a Delaware
     corporation,

4            Defendant.

5

6

7    PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

8    RESPONDING PARTY:    PLAINTIFF CHRISTOPHER FARNSWORTH

9    SET NO.:             ONE

10

11                           **INTRODUCTION**

12       Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13   to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14   Admissions (the "Requests" or "RFAs").

15                        **GENERAL OBJECTIONS**

16       1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent

17   they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18   local rules.

19       2.    Plaintiff objects to the Requests to the extent they seek information or materials

20   that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21   disclosure rules, or other applicable privileges and protections, including communications with

22   Plaintiff's attorneys regarding the Action.

23       3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24   modify, or supplement these responses with subsequently discovered responsive information and

25   to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

- 2 -

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2        Plaintiff objects that the term "book sales" is vague and ambiguous. Plaintiff objects that

3    the Request is not limited in time and is therefore overbroad and vague as to "decline." Plaintiff

4    objects to this Request to the extent that it is an incomplete hypothetical and not tied to the facts

5    of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7,

6    2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

7    "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*,

8    1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

9    infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

10   committee's note to 1946 amendment. Plaintiff objects to this Request to the extent that it seeks

11   information that is properly the subject of expert testimony. Plaintiff further objects to this

12   Request as an improper subject of a Request for Admission.

13       Subject to and without waiving these general and specific objections, Plaintiff responds

14   that he will not admit or deny this Request, on the grounds that the information requested is not a

15   proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the

16   Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for

17   discovering Plaintiffs' current knowledge or awareness.

18   **REQUEST FOR ADMISSION NO. 17:**

19       Admit that YOU are aware that YOUR ASSERTED WORKS have been a part of a

20   dataset that has been used to train large language models beyond those large language models by

21   Meta.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

23       Plaintiff objects to the term "book sales" is vague and ambiguous. Plaintiff further objects

24   to this Request as an improper subject of a Request for Admission.

25       Subject to and without waiving these general and specific objections, Plaintiff admits

26   Request No. 17.

27   **REQUEST FOR ADMISSION NO. 18:**

28       To the extent YOU denied Request for Admission No. 3 because YOU contend that LLM

- 10 -

1   developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED

2   WORKS to train large language models, admit that YOU are unaware of any specific licensing

3   opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

5          Plaintiff objects that the terms "opportunity" and "lost" are vague and ambiguous.

6   Plaintiff objects to this Request to the extent that it is an incomplete hypothetical and not tied to

7   the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill.

8   Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not

9   permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto.,*

10  *Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit

11  to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

12  committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing

13  opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM

14  developers. Plaintiff also objects that Plaintiff's position regarding other Request for Admission

15  responses is not the proper subject of a Request for Admission.

16         Subject to and without waiving these general and specific objections, Plaintiff does not

17  respond to this Request because by its own terms the Request is conditioned upon denying

18  Request No. 3 as described. Plaintiff did not deny Request No. 3 as described and directs

19  Defendant to his response to Request No. 3.

20  **REQUEST FOR ADMISSION NO. 19:**

21         To the extent YOU denied Request for Admission No. 4 because YOU contend that LLM

22  developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED

23  WORKS to train large language models, admit that YOU are unaware of any documentary

24  evidence that YOU lost a specific licensing opportunity due to the infringement alleged in the

25  COMPLAINT.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

27         Plaintiff objects that the terms "opportunity" and "documentary evidence" are vague and

28  ambiguous. Plaintiff further objects to this Request to the extent that it is an incomplete

1    **REQUEST FOR ADMISSION NO. 81:**

2        Admit that you are not aware of any agreements to assign rights in or to YOUR

3    ASSERTED WORK(S) that have not already been produced in this ACTION.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5        Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

6    ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

7    includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

8    'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

9    10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England*

10   *v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

11   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

12       Subject to and without waiving these general and specific objections, Plaintiff admits

13   discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

14   documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

15   production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

16   denies this Request.

17

18   Dated:      November 18, 2024       Respectfully submitted,

19                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20

21                                       By: */s/ Rachel Geman*

22                                            Rachel Geman

23                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                         250 Hudson Street, 8th Floor
24                                       New York, NY10013-1413
                                         Telephone:  212.355.9500
25                                       Facsimile:  212.355.959
                                         Email: rgeman@lchb.com
26

27

28

3120862.2                                PLAINTIFF CHRISTOPHER FARNSWORTH'S
                                         RESPONSES TO RFA'S, SET 1
                                         No. 3:23-CV-03417-VC

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         hbenon@saverilawfirm.com
         acera@saverilawfirm.com
         mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:   mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

        *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

                        *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF CHRISTOPHER GOLDEN'S
AMENDED RESPONSES TO
DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR
ADMISSION**

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1  duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing

2  objections, Plaintiff responds, admit.

3  **REQUEST FOR ADMISSION NO. 11:**

4       Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

5  authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

6  intelligence.

7  **AMENDED RESPONSE TO REQUEST NO. 11:**

8       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

9  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

10  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

11  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

12  objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

13  construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

14  duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

15  objections, Plaintiff responds, admit.

16  **REQUEST FOR ADMISSION NO. 12:**

17       Admit that, other than YOUR contention that LLM developers such as Meta should have

18  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

19  e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

20  alleged in the COMPLAINT.

21  **AMENDED RESPONSE TO REQUEST NO. 12:**

22       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

23  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

24  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

25  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

26  objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

27  to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

*Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds, as of today, admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical

Dated: August 28, 2024                    By:        /s/ Joseph R. Saveri
                                                       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butiericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@butterricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
4747 Executive Drive, 2nd Floor
San Diego, California 92121
Telephone: (619) 923-3939
Email:      dstraite@dicellolevitt.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>          *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>          *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Defendant Meta Platforms, Inc. |
| 2 | RESPONDING PARTIES: | Plaintiff Christopher Golden |
| 3 | SET NUMBER: | Two (2) |

Plaintiff Christopher Golden ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1.       Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.       Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 18:

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

### RESPONSE TO REQUEST NO. 18:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request

as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

*Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

Plaintiff to know what his licensing opportunities would have been but for Meta's failure to

compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request

as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

*Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

Plaintiff to know what his licensing opportunities would have been but for Meta's failure to

compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,

Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

Dated: September 19, 2024

By: _____/s/ Joseph R. Saveri_____
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:          bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterlaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1    facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2    *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3    "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4    Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5    duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6    Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7    objections, Plaintiff responds as follows: admit.

8    **REQUEST FOR ADMISSION NO. 13:**

9        Admit that YOU have no documentary evidence that any PERSON has offered any

10    consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11    **AMENDED RESPONSE TO REQUEST NO. 13:**

12        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also

16    objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17    specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18    duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19    objections, Plaintiff responds as follows: admit.

20    **REQUEST FOR ADMISSION NO. 14:**

21        Admit that YOU have no documentary evidence that any PERSON has actually compensated

22    YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23    **AMENDED RESPONSE TO REQUEST NO. 14:**

24        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also

28    objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Dated: September 6, 2024

By:    */s/ Bryan L. Clobes*
            Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:       jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                hbenon@saverilawfirm.com
                acera@saverilawfirm.com
                 mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:         bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
                 mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF ANDREW SEAN GREER'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1  PROPOUNDING PARTIES:              Defendant Meta Platforms, Inc.

2  RESPONDING PARTIES:               Plaintiff Andrew Sean Greer

3  SET NUMBER:                       Two (2)

4

5       Plaintiff Andrew Sean Greer ("Plaintiff") hereby amends his responses to Defendant Meta

6  Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7  "RFAs").

8                         **GENERAL OBJECTIONS**

9       1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10  purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11  rules.

12      2.      Plaintiff objects to the Requests to the extent they seek information or materials that are

13  protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14  rules, or other applicable privileges and protections, including communications with Plaintiff's

15  attorneys regarding the Action.

16      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17  supplement these responses with subsequently discovered responsive information and to introduce and

18  rely upon any such subsequently discovered information in this litigation.

19      **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

20  **REQUEST FOR ADMISSION NO. 18:**

21      Admit that, other than YOUR contention that LLM developers such as Meta should have

22  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

23  are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the

24  COMPLAINT.

25  **RESPONSE TO REQUEST NO. 18:**

26      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

27  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

28  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Dated: September 19, 2024

By:     _/s/ Bryan L. Clobes_
         Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         hbenon@saverilawfirm.com
         acera@saverilawfirm.com
         mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:     mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:     bclobes@caffertyclobes.com
         asweatman@caffertyclobes.com
         mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

_Counsel for Individual and Representative Plaintiffs_
_and the Proposed Class_

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1  duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

2  foregoing objections, Plaintiff responds as follows: admit.

3  **REQUEST FOR ADMISSION NO. 11:**

4      Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

5  so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

6  artificial intelligence.

7  **AMENDED RESPONSE TO REQUEST NO. 11:**

8      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

9  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

10  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

11  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

12  objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

13  construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

14  duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

15  objections, Plaintiff responds as follows: admit.

16  **REQUEST FOR ADMISSION NO. 12:**

17      Admit that, other than YOUR contention that LLM developers such as Meta should have

18  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

19  e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

20  alleged in the COMPLAINT.

21  **AMENDED RESPONSE TO REQUEST NO. 12:**

22      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

23  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

24  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

25  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

26  objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

27  because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1    facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2    *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3    "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4    Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5    duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6    Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7    objections, Plaintiff responds as follows: admit.

8    **REQUEST FOR ADMISSION NO. 13:**

9         Admit that YOU have no documentary evidence that any PERSON has offered any

10   consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11   **AMENDED RESPONSE TO REQUEST NO. 13:**

12        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

16   objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17   specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18   duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19   objections, Plaintiff responds as follows: admit.

20   **REQUEST FOR ADMISSION NO. 14:**

21        Admit that YOU have no documentary evidence that any PERSON has actually compensated

22   YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23   **AMENDED RESPONSE TO REQUEST NO. 14:**

24        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Dated: September 6, 2024

By:  ___/s/ Bryan L. Clobes___
                Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterickllaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF DAVID HENRY HWANG'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF DAVID HENRY HWANG'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1    PROPOUNDING PARTIES:              Defendant Meta Platforms, Inc.

2    RESPONDING PARTIES:               Plaintiff David Henry Hwang

3    SET NUMBER:                       Two (2)

4

5          Plaintiff David Henry Hwang ("Plaintiff") hereby amends his responses to Defendant Meta

6    Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7    "RFAs").

8                              **GENERAL OBJECTIONS**

9          1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10   purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11   rules.

12         2.      Plaintiff objects to the Requests to the extent they seek information or materials that are

13   protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14   rules, or other applicable privileges and protections, including communications with Plaintiff's

15   attorneys regarding the Action.

16         Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17   supplement these responses with subsequently discovered responsive information and to introduce and

18   rely upon any such subsequently discovered information in this litigation.

19         **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

20   **REQUEST FOR ADMISSION NO. 18:**

21         Admit that, other than YOUR contention that LLM developers such as Meta should have

22   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

23   are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the

24   COMPLAINT.

25   **RESPONSE TO REQUEST NO. 18:**

26         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

27   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

28   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

1   terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request

2   as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

3   objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

4   *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

5   admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

6   requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

7   1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

8   of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

9   Plaintiff to know what his licensing opportunities would have been but for Meta's failure to

10  compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,

11  Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

12  by him is insufficient to enable him to admit or deny.

13  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

14          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

15  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

16  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

17  terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to this Request

18  as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff

19  objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*,

20  *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

21  admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

22  requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

23  1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

24  of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for

25  Plaintiff to know what his licensing opportunities would have been but for Meta's failure to

26  compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections,

27  Plaintiff responds, admit.

28  **REQUEST FOR ADMISSION NO. 19:**

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Dated: September 19, 2024

By:    /s/ Bryan L. Clobes
          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
                mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
                mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterickhaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1    objections, Plaintiff responds, admit.

2    **REQUEST FOR ADMISSION NO. 11:**

3         Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

4    authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

5    intelligence.

6    **AMENDED RESPONSE TO REQUEST NO. 11:**

7         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

8    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

9    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

10    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

11    objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

12    construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

13    duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

14    objections, Plaintiff responds, admit.

15    **REQUEST FOR ADMISSION NO. 12:**

16         Admit that, other than YOUR contention that LLM developers such as Meta should have

17    compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

18    e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

19    alleged in the COMPLAINT.

20    **AMENDED RESPONSE TO REQUEST NO. 12:**

21         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

23    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

25    objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

26    to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

27    *Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be

connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, Plaintiff responds, as of today, admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due

Dated: August 28, 2024

By:    /s/ Joseph R. Saveri
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterickyaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butticklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
4747 Executive Drive, 2nd Floor
San Diego, California 92121
Telephone: (619) 923-3939
Email:    dstraite@dicellolevitt.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Richard Kadrey** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Richard Kadrey ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to this Request as

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

Dated: September 19, 2024

By:    */s/ Joseph R. Saveri*
　　　　　　　　Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:　　jsaveri@saverilawfirm.com
　　　　　czirpoli@saverilawfirm.com
　　　　　cyoung@saverilawfirm.com
　　　　　hbenon@saverilawfirm.com
　　　　　acera@saverilawfirm.com
　　　　　mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:　(323)968-2632
Facsimile:　(415) 395-9940
Email:　　mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:　(312) 782-4880
Email:　　bclobes@caffertyclobes.com
　　　　　asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:　　dmuller@venturahersey.com

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>       *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

*Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

"asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any

consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated

YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Dated: September 6, 2024                    By:    _/s/ Bryan L. Clobes_
                                                   Bryan L. Clobes

                                            Joseph R. Saveri (State Bar No. 130064)
                                            Cadio Zirpoli (State Bar No. 179108)
                                            Christopher K.L. Young (State Bar No. 318371)
                                            Holden Benon (State Bar No. 325847)
                                            Aaron Cera (State Bar No. 351163)
                                            Margaux Poueymirou (State Bar No. 356000)
                                            **JOSEPH SAVERI LAW FIRM, LLP**
                                            601 California Street, Suite 1505
                                            San Francisco, California 94108
                                            Telephone: (415) 500-6800
                                            Facsimile: (415) 395-9940
                                            Email:    jsaveri@saverilawfirm.com
                                                      czirpoli@saverilawfirm.com
                                                      cyoung@saverilawfirm.com
                                                      hbenon@saverilawfirm.com
                                                      acera@saverilawfirm.com
                                                       mpoueymirou@saverilawfirm.com
                                            Matthew Butterick (State Bar No. 250953)
                                            1920 Hillhurst Avenue, 406
                                            Los Angeles, CA 90027
                                            Telephone: (323)968-2632
                                            Facsimile: (415) 395-9940
                                            Email:    mb@butericklaw.com

                                            Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (*pro hac vice*)
                                            Mohammed A. Rathur (*pro hac vice anticipated*)
                                            **CAFFERTY CLOBES MERIWETHER
                                            & SPRENGEL LLP**
                                            135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
                                            Telephone:    (312) 782-4880
                                            Email:        bclobes@caffertyclobes.com
                                                          asweatman@caffertyclobes.com
                                                          mrathur@caffertyclobes.com

                                            Daniel J. Muller (State Bar No. 193396)
                                            **VENTURA HERSEY & MULLER, LLP**
                                            1506 Hamilton Avenue
                                            San Jose, California 95125
                                            Telephone: (408) 512-3022
                                            Facsimile: (408) 512-3023
                                            Email:    dmuller@venturahersey.com

                                            *Counsel for Individual and Representative Plaintiffs
                                            and the Proposed Class*

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

       *Individual and Representative Plaintiffs,*

v.

Meta Platforms, Inc.,

       *Defendant.*

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF MATTHEW KLAM'S
SUPPLEMENTAL RESPONSES TO
DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR
ADMISSION**

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF MATTHEW KLAM'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1    **PROPOUNDING PARTIES:**                    **Defendant Meta Platforms, Inc.**

2    **RESPONDING PARTIES:**                     **Plaintiff Matthew Klam**

3    **SET NUMBER:**                             **Two (2)**

4

5        Plaintiff Matthew Klam ("Plaintiff") hereby amends his responses to Defendant Meta Platforms,

6    Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

7                                    **GENERAL OBJECTIONS**

8        1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they

9    purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

10   rules.

11       2.      Plaintiff objects to the Requests to the extent they seek information or materials that are

12   protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

13   rules, or other applicable privileges and protections, including communications with Plaintiff's

14   attorneys regarding the Action.

15       Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

16   supplement these responses with subsequently discovered responsive information and to introduce and

17   rely upon any such subsequently discovered information in this litigation.

18       **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

19   **REQUEST FOR ADMISSION NO. 18:**

20       Admit that, other than YOUR contention that LLM developers such as Meta should have

21   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

22   are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the

23   COMPLAINT.

24   **RESPONSE TO REQUEST NO. 18:**

25       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

26   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

27   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

28   terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Dated: September 19, 2024

By: _____/s/ Bryan L. Clobes_____
                   Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@butterickllaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:         bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1    facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2    *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3    "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4    Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5    duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6    Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7    objections, ==Plaintiff responds as follows: admit.==

8    **REQUEST FOR ADMISSION NO. 13:**

9        Admit that YOU have no documentary evidence that any PERSON has offered any

10    consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11    **AMENDED RESPONSE TO REQUEST NO. 13:**

12        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

16    objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17    specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18    duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19    objections, Plaintiff responds as follows: admit.

20    **REQUEST FOR ADMISSION NO. 14:**

21        Admit that YOU have no documentary evidence that any PERSON has actually compensated

22    YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23    **AMENDED RESPONSE TO REQUEST NO. 14:**

24        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

28    objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Dated: September 6, 2024                    By:   ___/s/ Bryan L. Clobes___
                                                       Bryan L. Clobes

                                             Joseph R. Saveri (State Bar No. 130064)
                                             Cadio Zirpoli (State Bar No. 179108)
                                             Christopher K.L. Young (State Bar No. 318371)
                                             Holden Benon (State Bar No. 325847)
                                             Aaron Cera (State Bar No. 351163)
                                             Margaux Poueymirou (State Bar No. 356000)
                                             **JOSEPH SAVERI LAW FIRM, LLP**
                                             601 California Street, Suite 1505
                                             San Francisco, California 94108
                                             Telephone: (415) 500-6800
                                             Facsimile: (415) 395-9940
                                             Email:     jsaveri@saverilawfirm.com
                                                        czirpoli@saverilawfirm.com
                                                        cyoung@saverilawfirm.com
                                                        hbenon@saverilawfirm.com
                                                        acera@saverilawfirm.com
                                                         mpoueymirou@saverilawfirm.com
                                             Matthew Butterick (State Bar No. 250953)
                                             1920 Hillhurst Avenue, 406
                                             Los Angeles, CA 90027
                                             Telephone: (323)968-2632
                                             Facsimile: (415) 395-9940
                                             Email:     mb@butterficklaw.com


                                             Bryan L. Clobes (pro hac vice)
                                             Alexander J. Sweatman (*pro hac vice*)
                                             Mohammed A. Rathur (*pro hac vice anticipated*)
                                             **CAFFERTY CLOBES MERIWETHER
                                             & SPRENGEL LLP**
                                             135 South LaSalle Street, Suite 3210
                                             Chicago, IL 60603
                                             Telephone:   (312) 782-4880
                                             Email:       bclobes@caffertyclobes.com
                                                          asweatman@caffertyclobes.com
                                                          mrathur@caffertyclobes.com


                                             Daniel J. Muller (State Bar No. 193396)
                                             **VENTURA HERSEY & MULLER, LLP**
                                             1506 Hamilton Avenue
                                             San Jose, California 95125
                                             Telephone: (408) 512-3022
                                             Facsimile: (408) 512-3023
                                             Email:     dmuller@venturahersey.com

                                             *Counsel for Individual and Representative Plaintiffs
                                             and the Proposed Class*

PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF LAURA LIPPMAN'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF LAURA LIPPMAN'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:         **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:          **Plaintiff Laura Lippman**

SET NUMBER:              **Two (2)**

Plaintiff Laura Lippman ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

Dated: September 19, 2024

By:    /s/ Bryan L. Clobes
                Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                hbenon@saverilawfirm.com
                acera@saverilawfirm.com
                  mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:   (323)968-2632
Facsimile:   (415) 395-9940
Email:        mb@butterlicklaw.com


Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice )
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:          bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com


Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
          aswatman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

        *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

        *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

1   objections, Plaintiff responds, admit.

2   **REQUEST FOR ADMISSION NO. 11:**

3        Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

4   authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for artificial

5   intelligence.

6   **AMENDED RESPONSE TO REQUEST NO. 11:**

7        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

8   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

9   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

10  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

11  objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

12  construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

13  duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

14  objections, Plaintiff responds, admit.

15  **REQUEST FOR ADMISSION NO. 12:**

16       Admit that, other than YOUR contention that LLM developers such as Meta should have

17  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

18  e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

19  alleged in the COMPLAINT.

20  **AMENDED RESPONSE TO REQUEST NO. 12:**

21       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

23  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

25  objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

26  to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

27  *Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be

connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion. Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing objections, ==Plaintiff responds, as of today, admit.==

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU have no documentary evidence that any PERSON has offered any consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no documentary evidence that any PERSON has actually compensated YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due

Dated: August 28, 2024

By:    /s/ Joseph R. Saveri
            Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:    mb@butterickslaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:    dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@butticklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

David A. Straite (*pro hac vice*)
**DICELLO LEVITT LLP**
4747 Executive Drive, 2nd Floor
San Diego, California 92121
Telephone: (619) 923-3939
Email:      dstraite@dicellolevitt.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| PROPOUNDING PARTIES: | **Defendant Meta Platforms, Inc.** |
| RESPONDING PARTIES: | **Plaintiff Sarah Silverman** |
| SET NUMBER: | **Two (2)** |

Plaintiff Sarah Silverman ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to this Request as

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what his licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

Dated: September 19, 2024

By:     _/s/ Joseph R. Saveri_
            Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:          mb@butterickkaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:            bclobes@caffertyclobes.com
                    asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>    *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1    facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2    *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

3    "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4    Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5    duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6    Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7    objections, Plaintiff responds as follows: admit.

8    **REQUEST FOR ADMISSION NO. 13:**

9         Admit that YOU have no documentary evidence that any PERSON has offered any

10   consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11   **AMENDED RESPONSE TO REQUEST NO. 13:**

12        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

16   objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17   specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18   duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19   objections, Plaintiff responds as follows: admit.

20   **REQUEST FOR ADMISSION NO. 14:**

21        Admit that YOU have no documentary evidence that any PERSON has actually compensated

22   YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23   **AMENDED RESPONSE TO REQUEST NO. 14:**

24        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

     objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Dated: September 6, 2024

By:    /s/ Bryan L. Clobes
             Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:       bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butserickandlaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs,*<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1    **PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

2    **RESPONDING PARTIES:**          **Plaintiff Rachel Louise Snyder**

3    **SET NUMBER:**          **Two (2)**

4

5          Plaintiff Rachel Louise Snyder ("Plaintiff") hereby amends her responses to Defendant Meta

6    Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7    "RFAs").

8                              **GENERAL OBJECTIONS**

9          1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10   purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11   rules.

12         2.     Plaintiff objects to the Requests to the extent they seek information or materials that are

13   protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14   rules, or other applicable privileges and protections, including communications with Plaintiff's

15   attorneys regarding the Action.

16         Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17   supplement these responses with subsequently discovered responsive information and to introduce and

18   rely upon any such subsequently discovered information in this litigation.

19         **SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

20   **REQUEST FOR ADMISSION NO. 18:**

21         Admit that, other than YOUR contention that LLM developers such as Meta should have

22   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU

23   are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the

24   COMPLAINT.

25   **RESPONSE TO REQUEST NO. 18:**

26         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

27   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

28   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Dated: September 19, 2024

By:     /s/ Bryan L. Clobes
        Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs and the Proposed
Class, Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC **PLAINTIFF LYSA TERKEURST'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

Plaintiff Lysa TerKeurst ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

**GENERAL OBJECTIONS**

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

1

1  disclosure rules, or other applicable privileges and protections, including communications with

2  Plaintiff's attorneys regarding the Action.

3       Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

4  supplement these responses with subsequently discovered responsive information and to introduce

5  and rely upon any such subsequently discovered information in this litigation.

6             **SUPPLEMENTAL RESPONSES AND OBJECTIONS TO**

7                  **REQUESTS FOR ADMISSION**

8  **REQUEST FOR ADMISSION NO. 12:**

9       Admit that, other than YOUR contention that LLM developers such as Meta should have

10  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models

11  (see, e.g., March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the

12  infringement alleged in the COMPLAINT.

13  **RESPONSE TO REQUEST NO. 12:**

14       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15  for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16  it includes any person asked, hired, retained, or contracted to assist Plaintiff. For the purposes of

17  this Request, Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa

18  TerKeurst. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous.

19  Plaintiff further objects to this Request because it is hypothetical and is not tied to the facts of the

20  case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016)

21  ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

22  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997

23  WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

24  infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

25  committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in

26  whole or in part of RFA 15. Subject to and without waiving the foregoing objections, Plaintiff

27                                   2

28

1    admits that she is currently unaware of any lost book sales through retailers caused by the

2    infringement alleged in the Complaint and denies that her lack of awareness has any bearing on

3    whether there have been any such lost sales. Plaintiff otherwise denies Request No. 12.

4    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 12**

5         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

6    for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

7    it includes any person asked, hired, retained, or contracted to assist Plaintiff. For the purposes of

8    this Request, Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa

9    TerKeurst and her agent, Meredith Brock. Plaintiff objects to the term "lost sales" as rendering

10   this Request vague and ambiguous. Plaintiff further objects to this Request because it is

11   hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

12   WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

13   facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

14   *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying

15   request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its

16   device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further

17   objects to this Request as duplicative in whole or in part of RFA 15. Subject to and without waiving

18   the foregoing objections, Plaintiff admits that she is currently unaware of any lost book sales

19   through retailers caused by the infringement alleged in the Complaint and denies that her lack of

20   awareness has any bearing on whether there have been any such lost sales. Plaintiff otherwise

21   denies Request No. 12.

22   **REQUEST FOR ADMISSION NO. 13:**

23        Admit that YOU have no documentary evidence that any PERSON has offered any

24   consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

25   **RESPONSE TO REQUEST NO. 13:**

26        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

27                                                      3

28

1

2 **REQUEST FOR ADMISSION NO. 15:**

3          Admit that, other than YOUR contention that LLM developers such as Meta should have

4 compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models,

5 YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED

6 WORKS due to the infringement alleged in the COMPLAINT.

7 **RESPONSE TO REQUEST NO. 15:**

8          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

9 for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

10 it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

11 the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff also objects to the

12 term "documentary evidence" as being vague and overbroad because it is not limited to the specific

13 claims and defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as

14 rendering this Request vague and ambiguous. Plaintiff also objects to this Request because it is

15 hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016

16 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

17 facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

18 *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying

19 request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its

20 device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further

21 objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving

22 the foregoing objections, Plaintiff admits that she is currently unaware of any documentary

23 evidence of lost book sales through retailers due to the infringement alleged in the Complaint and

24 denies that her lack of awareness has any bearing on whether any such lost sales have occurred or

25 whether documentary evidence of the same exists.  Plaintiff otherwise denies Request No. 15.

26 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15**

27                                                                6

28

1    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

2    for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

3    it includes any person asked, hired, retained, or contracted to assist Plaintiff. For the purposes of

4    this Request, Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa

5    TerKeurst and her agent, Meredith Brock. Plaintiff also objects to the term "documentary

6    evidence" as being vague and overbroad because it is not limited to the specific claims and

7    defenses raised in this dispute. Plaintiff further objects to the term "lost sales" as rendering this

8    Request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and

9    is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at

10   *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case,

11   courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un.*

12   *Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

13   Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ.

14   P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

15   duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections,

16   Plaintiff admits that she is currently unaware of any documentary evidence of lost book sales

17   through retailers due to the infringement alleged in the Complaint and denies that her lack of

18   awareness has any bearing on whether any such lost sales have occurred or whether documentary

19   evidence of the same exists.  Plaintiff otherwise denies Request No. 15.

20   **REQUEST FOR ADMISSION NO. 16:**

21       Admit that book sales for YOUR ASSERTED WORKS (including through any physical

22   bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased

23   due to the alleged use of YOUR ASSERTED WORKS to train large language models.

24   **RESPONSE TO REQUEST NO. 16:**

25       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

26   for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

27                                                    7

28

intelligence large language model, for a fee, under certain circumstances. Plaintiff otherwise denies Request No. 33.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Plaintiff further objects that Request No. 33 poses an incomplete hypothetical, making a single definitive answer impossible. Subject to and without waiving the foregoing objections, Plaintiff admits only that she may be willing to consider permitting a third party to use her asserted works for the purpose of training an artificial intelligence large language model, for a fee, under certain circumstances. Plaintiff otherwise denies Request No. 33.

Dated: September 12, 2024

By: /s/ *James A. Ulwick*
Amy Keller (admitted *pro hac vice*)
Nada Djordjevic (*pro hac vice* forthcoming)
James A. Ulwick (admitted *pro hac vice*)
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Email: akeller@dicellolevitt.com
        ndjordjevic@dicellolevitt.com
        julwick@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
Email: dstraite@dicellolevitt.com

Brian O'Mara
4747 Executive Drive, Suite 240
San Diego, California 92121
Tel.: (619) 923-3939
Email: bomara@dicellolevitt.com

13

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs and the Proposed
Class, Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF LYSA TERKEURST'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

Plaintiff Lysa TerKeurst ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## **GENERAL OBJECTIONS**

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

1

1  device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Subject to and without

2  waiving the foregoing objections, Plaintiff admits that she is currently unaware of a decrease in

3  sales of her book caused by the infringement alleged in the COMPLAINT but denies that her lack

4  of awareness has any bearing on whether such a decrease in sales has occurred or whether

5  documentary evidence of the same exists. Plaintiff otherwise denies Request No. 16.

6  **REQUEST FOR ADMISSION NO. 18:**

7      Admit that, other than YOUR contention that LLM developers such as Meta should have

8  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models,

9  YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement

10  alleged in the COMPLAINT.

11  **RESPONSE TO REQUEST NO. 18:**

12      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

13  for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

14  it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

15  the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff objects to this

16  Request as irrelevant to any claim or defense and disproportional to the status and needs of this

17  case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the

18  case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016)

19  ("Since requests to admit 'must be connected to the facts of the case, courts do not permit

20  "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997

21  WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to

22  infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory

23  committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing

24  opportunities would have been but for Meta's failure to compensate Plaintiff, let alone other LLM

25  developers. Subject to and without waiving the foregoing objections, Plaintiff admits that Plaintiff

26  is currently unaware of any specific licensing opportunity that she has lost due to the infringement

27                                            9

28

1  alleged in the COMPLAINT, but denies that her lack of awareness has any bearing on whether

2  any such licensing opportunities were lost.  Plaintiff otherwise denies Request No. 18.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18**

4        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

5  for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

6  it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

7  the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent, Meredith

8  Brock. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to

9  the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is

10  not tied to the facts of the case. *See, e.g., Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at

11  *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case,

12  courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un.*

13  *Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

14  Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ.

15  P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what

16  her licensing opportunities would have been but for Meta's failure to compensate, let alone other

17  LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds,

18  admit.

19  **REQUEST FOR ADMISSION NO. 19:**

20        Admit that, other than YOUR contention that LLM developers such as Meta should have

21  compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models,

22  YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity

23  due to the infringement alleged in the COMPLAINT.

24  **RESPONSE TO REQUEST NO. 19:**

25        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

26  for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

27                                                        10

28  _____

intelligence large language model, for a fee, under certain circumstances. Plaintiff otherwise denies Request No. 33.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Plaintiff further objects that Request No. 33 poses an incomplete hypothetical, making a single definitive answer impossible. Subject to and without waiving the foregoing objections, Plaintiff admits only that she may be willing to consider permitting a third party to use her asserted works for the purpose of training an artificial intelligence large language model, for a fee, under certain circumstances. Plaintiff otherwise denies Request No. 33.

Dated: September 12, 2024            By: /s/ *James A. Ulwick*
                                     Amy Keller (admitted *pro hac vice*)
                                     Nada Djordjevic (*pro hac vice* forthcoming)
                                     James A. Ulwick (admitted *pro hac vice*)
                                     10 North Dearborn St., Sixth Floor
                                     Chicago, Illinois 60602
                                     Tel.: (312) 214-7900
                                     Email: akeller@dicellolevitt.com
                                            ndjordjevic@dicellolevitt.com
                                            julwick@dicellolevitt.com

                                     David A. Straite (admitted *pro hac vice*)
                                     485 Lexington Avenue, Suite 1001
                                     New York, NY 10017
                                     Tel. (646) 933-1000
                                     Email: dstraite@dicellolevitt.com

                                     Brian O'Mara
                                     4747 Executive Drive, Suite 240
                                     San Diego, California 92121
                                     Tel.: (619) 923-3939
                                     Email: bomara@dicellolevitt.com

13

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1    duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

2    foregoing objections, Plaintiff responds as follows: admit.

3    **REQUEST FOR ADMISSION NO. 11:**

4        Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

5    so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for

6    artificial intelligence.

7    **AMENDED RESPONSE TO REQUEST NO. 11:**

8        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

9    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

10   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

11   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

12   objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

13   construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

14   duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

15   objections, Plaintiff responds as follows: admit.

16   **REQUEST FOR ADMISSION NO. 12:**

17       Admit that, other than YOUR contention that LLM developers such as Meta should have

18   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

19   e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

20   alleged in the COMPLAINT.

21   **AMENDED RESPONSE TO REQUEST NO. 12:**

22       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

23   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

24   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

25   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

26   objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

27   because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1    facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

2    *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at \*3 (D. Del. Nov. 17, 1997) (denying request

3    "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

4    Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as

5    duplicative in whole or in part of RFA 15. Further, this Request seeks premature expert opinion.

6    Plaintiffs are still investigating their damages theory. Subject to and without waiving the foregoing

7    objections, Plaintiff responds as follows: admit.

8    **REQUEST FOR ADMISSION NO. 13:**

9        Admit that YOU have no documentary evidence that any PERSON has offered any

10    consideration to YOU for the use of YOUR ASSERTED WORKS to train large language models.

11    **AMENDED RESPONSE TO REQUEST NO. 13:**

12        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

13    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

14    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

15    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

16    objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

17    specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as

18    duplicative in whole or in part of RFAs 8-11, and 14. Subject to and without waiving the foregoing

19    objections, Plaintiff responds as follows: admit.

20    **REQUEST FOR ADMISSION NO. 14:**

21        Admit that YOU have no documentary evidence that any PERSON has actually compensated

22    YOU any consideration for use of YOUR ASSERTED WORKS to train large language models.

23    **AMENDED RESPONSE TO REQUEST NO. 14:**

24        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also

objects to the term "documentary evidence" as vague and overbroad because it is not limited to the

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11, and 13. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any documentary evidence that YOU have lost sales of any ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this case. Plaintiff further objects to the term "lost sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of RFA 12. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that book sales for YOUR ASSERTED WORKS (including through any physical bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

Dated: September 6, 2024

By: _____/s/ Bryan L. Clobes_____
        Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:   (323)968-2632
Facsimile:   (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

      *Individual and Representative Plaintiffs,*

v.

Meta Platforms, Inc.,

      *Defendant.*

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF JACQUELINE WOODSON'S
SUPPLEMENTAL RESPONSES TO
DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR
ADMISSION**

PROPOUNDING PARTIES:                 **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:                  **Plaintiff Jacqueline Woodson**

SET NUMBER:                          **Two (2)**

Plaintiff Jacqueline Woodson ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 18:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, YOU are unaware of any specific licensing opportunity that YOU lost due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to this Request as irrelevant to any claim or defense and disproportional to the status and needs of this case. Plaintiff objects to this Request because it is hypothetical and is not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. There is no way for Plaintiff to know what her licensing opportunities would have been but for Meta's failure to compensate, let alone other LLM developers. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 19:**

1    Dated: September 19, 2024                    By:    */s/ Bryan L. Clobes*
                                                        Bryan L. Clobes
2

3                                                 Joseph R. Saveri (State Bar No. 130064)
                                                  Cadio Zirpoli (State Bar No. 179108)
4                                                 Christopher K.L. Young (State Bar No. 318371)
                                                  Holden Benon (State Bar No. 325847)
5                                                 Aaron Cera (State Bar No. 351163)
                                                  Margaux Poueymirou (State Bar No. 356000)
6                                                 **JOSEPH SAVERI LAW FIRM, LLP**
                                                  601 California Street, Suite 1505
7                                                 San Francisco, California 94108
                                                  Telephone: (415) 500-6800
8                                                 Facsimile: (415) 395-9940
                                                  Email:     jsaveri@saverilawfirm.com
9                                                            czirpoli@saverilawfirm.com
                                                             cyoung@saverilawfirm.com
10                                                           hbenon@saverilawfirm.com
                                                             acera@saverilawfirm.com
11                                                             mpoueymirou@saverilawfirm.com
                                                  Matthew Butterick (State Bar No. 250953)
12                                                1920 Hillhurst Avenue, 406
                                                  Los Angeles, CA 90027
13                                                Telephone:  (323)968-2632
                                                  Facsimile:  (415) 395-9940
14                                                Email:      mb@butericklaw.com

15
                                                  Bryan L. Clobes (pro hac vice)
16                                                Alexander J. Sweatman (pro hac vice)
                                                  Mohammed A. Rathur (pro hac vice)
17                                                **CAFFERTY CLOBES MERIWETHER
                                                  & SPRENGEL LLP**
18                                                135 South LaSalle Street, Suite 3210
                                                  Chicago, IL 60603
19                                                Telephone:     (312) 782-4880
                                                  Email:         bclobes@caffertyclobes.com
20                                                               asweatman@caffertyclobes.com
                                                                 mrathur@caffertyclobes.com
21
                                                  Daniel J. Muller (State Bar No. 193396)
22                                                **VENTURA HERSEY & MULLER, LLP**
                                                  1506 Hamilton Avenue
23                                                San Jose, California 95125
                                                  Telephone: (408) 512-3022
24                                                Facsimile: (408) 512-3023
                                                  Email:      dmuller@venturahersey.com
25
                                                  *Counsel for Individual and Representative Plaintiffs*
26                                                *and the Proposed Class*

27

28