# GHAJAR
# EXHIBIT 11

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1  **PROPOUNDING PARTIES:**              **Defendant Meta Platforms, Inc.**

2  **RESPONDING PARTIES:**               **Plaintiff Ta-Nehisi Coates**

3  **SET NUMBER:**                       **Two (2)**

4

5    Plaintiff Ta-Nehisi Coates ("Plaintiff") hereby amends his responses to Defendant Meta

6  Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7  "RFAs").

8                          **GENERAL OBJECTIONS**

9    1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10 purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11 rules.

12   2.    Plaintiff objects to the Requests to the extent they seek information or materials that are

13 protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14 rules, or other applicable privileges and protections, including communications with Plaintiff's

15 attorneys regarding the Action.

16   3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17 supplement these responses with subsequently discovered responsive information and to introduce and

18 rely upon any such subsequently discovered information in this litigation.

19       **AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

20 **REQUEST FOR ADMISSION NO. 8:**

21    Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

22 data for artificial intelligence.

23 **AMENDED RESPONSE TO REQUEST NO. 8:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25 discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

26 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

PLAINTIFF TA-NEHISI COATES'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

1   construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

2   duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing

3   objections, Plaintiff responds as follows: admit.

4   **REQUEST FOR ADMISSION NO. 9:**

5       Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been

6   licensed for use as training data for artificial intelligence.

7   **AMENDED RESPONSE TO REQUEST NO. 9:**

8       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

9   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

10  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

11  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

12  objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

13  construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

14  duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as

15  irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections,

16  see response to RFA 8. Plaintiff responds as follows: admit.

17  **REQUEST FOR ADMISSION NO. 10:**

18      Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as

19  training data for artificial intelligence.

20  **AMENDED RESPONSE TO REQUEST NO. 10:**

21      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

23  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

25  objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

26  construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

27

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, <mark>Plaintiff responds as follows: admit.</mark>

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

Dated: September 6, 2024          By:     /s/ Bryan L. Clobes
                                          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:    bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant Meta Platforms, Inc.** |
| **RESPONDING PARTIES:** | **Plaintiff Junot Diaz** |
| **SET NUMBER:** | **Two (2)** |

Plaintiff Junot Diaz ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been

licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as

irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections,

see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as

training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

PLAINTIFF JUNOT DIAZ'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

Dated: September 6, 2024

By: _____/s/ Bryan L. Clobes_____
            Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
                mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:        mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:         bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
                mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Rachel Geman (*pro hac vice*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592
Email: rgeman@lchb.com

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice* forthcoming)
Betsy A. Sugar (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: 212.974.7474
Email: ssholder@cdas.com
ccole@cdas.com

Attorneys for Plaintiff
*Christopher Farnsworth and*
*Representative Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
|---|---|
| Individual and Representative Plaintiffs, | PLAINTIFF CHRISTOPHER FARNSWORTH'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS |

1  v.

2  META PLATFORMS, INC, a Delaware
   corporation,
3

4        Defendant.

5

6

7  PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

8  RESPONDING PARTY:    PLAINTIFF CHRISTOPHER FARNSWORTH

9  SET NO.:        ONE

10

11                    **INTRODUCTION**

12        Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13  to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14  Admissions (the "Requests" or "RFAs").

15                  **GENERAL OBJECTIONS**

16        1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent

17  they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18  local rules.

19        2.    Plaintiff objects to the Requests to the extent they seek information or materials

20  that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21  disclosure rules, or other applicable privileges and protections, including communications with

22  Plaintiff's attorneys regarding the Action.

23        3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24  modify, or supplement these responses with subsequently discovered responsive information and

25  to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

1       Subject to and without waiving these general and specific objections, Plaintiff denies in

2 part and admits in part. Plaintiff denies that he has not been offered compensation from a Third

3 Party to use Plaintiff's Asserted Works. Plaintiff admits that he has not been offered

4 compensation from a Third Party to use Plaintiff's Asserted Works to train an artificial

5 intelligence model.

6 **REQUEST FOR ADMISSION NO. 6:**

7       Admit that YOU are unaware of any COMMUNICATIONS preceding the initiation of the

8 ACTION in which a THIRD PARTY offered YOU compensation to use YOUR ASSERTED

9 WORKS to train an artificial intelligence model.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

11       Plaintiff objects to the definition of You as it relates to this Request as it calls for a legal

12 conclusion. Plaintiff objects that the terms "compensation" and "artificial intelligence model" are

13 vague and ambiguous. Plaintiff further objects to this Request as an improper subject of a Request

14 for Admission.

15       Subject to and without waiving these general and specific objections, Plaintiff admits

16 Request No. 6.

17 **REQUEST FOR ADMISSION NO. 7:**

18       Admit that other PERSONS (*i.e.* THIRD PARTIES) wrote portions of YOUR

19 ASSERTED WORKS.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21       Plaintiff objects that the term "wrote portions of" is vague and unintelligible. Plaintiff

22 objects to the term "wrote portions of" to the extent it implies a legal conclusion.

23       Subject to and without waiving these general and specific objections, will not respond to

24 this Request, as it is unintelligible. If a response is deemed required, Plaintiff denies the Request

25 on this same basis.

26 **REQUEST FOR ADMISSION NO. 8:**

27       Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as

28 training data for artificial intelligence.

                   - 5 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects that the term "artificial intelligence" is vague and ambiguous. Plaintiff further objects to this Request to the extent that it is duplicative in whole or in part of Requests for Admission Nos. 9–11 and 13–14.

Subject to and without waiving these general and specific objections, Plaintiff admits that neither Meta nor any other entity gathering training data for generative artificial intelligence has requested to license any of Plaintiff's Asserted Works, and so further responding, admits Request No. 8.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects that the term "artificial intelligence" is vague and ambiguous. Plaintiff further objects to this Request to the extent that it is duplicative in whole or in part of Requests for Admissions Nos. 8, 10–11, and 13–14. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff admits Request No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff objects that the term "artificial intelligence" is vague and ambiguous and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request to the extent that it is duplicative in whole or in part of Requests for Admission Nos. 8–9, 11, and 13–14.

Subject to and without waiving these general and specific objections, Plaintiff admits that neither Meta nor any other entity gathering training data for generative artificial intelligence has

sought Plaintiff's permission to use any of Plaintiff's Asserted Works as training data for generative artificial intelligence, and so further responding, Plaintiff admits Request No. 10.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiff objects that the term "artificial intelligence" is vague and ambiguous and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request to the extent that it is duplicative in whole or in part of Requests for Admissions Nos. 8– 10 and 13–14. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff admits Request No. 11.

**REQUEST FOR ADMISSION NO. 12:**

To the extent YOU denied Request for Admission No. 1 because YOU contend that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models, admit that YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff objects that the term "lost sales" is vague and ambiguous. Plaintiff also objects to this Request to the extent that it is an incomplete hypothetical not tied to the facts of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as duplicative in whole or in part of

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 32**

2        Plaintiff objects to the terms "contributed" and "literary content" are vague and

3    unintelligible.

4        Subject to and without waiving these general and specific objections, will not respond to

5    this Request, as it is unintelligible. If a response is deemed required, Plaintiff denies the Request

6    on this same basis.

7    **REQUEST FOR ADMISSION NO. 33:**

8        Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS

9    for use in the training of an artificial intelligence large language model.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

11        Plaintiff objects that the term "artificial intelligence" is vague and ambiguous. Plaintiff

12    further objects to this Request as duplicative in whole or in part of Requests Nos. 8–11.

13        Subject to and without waiving these general and specific objections, Plaintiff admits that

14    neither Meta nor any other entity gathering training data for generative artificial intelligence has

15    asked to license or purchase any of Plaintiff's Asserted Works, and so, further responding,

16    Plaintiff admits Request for Production No. 33.

17    **REQUEST FOR ADMISSION NO. 34:**

18        Admit that YOUR publisher has the ability, on your behalf, to license YOUR ASSERTED

19    WORKS to THIRD PARTIES.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

21        Plaintiff objects to this Request to the extent that Defendant has access to Plaintiff's

22    publishing agreements and can review the publishing agreements for any such terms giving a

23    publisher the ability to licensing Asserted Works to Third Parties.

24        Subject to and without waiving these general and specific objections, Plaintiff thus directs

25    Defendant to the already produced publishing agreements. If a response is deemed required,

26    Plaintiff denies the Request on this same basis.

27    **REQUEST FOR ADMISSION NO. 35:**

28        Admit that for a fee, YOU are willing to allow a THIRD PARTY to use YOUR

1    **REQUEST FOR ADMISSION NO. 81:**

2          Admit that you are not aware of any agreements to assign rights in or to YOUR

3    ASSERTED WORK(S) that have not already been produced in this ACTION.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5          Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

6    ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

7    includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

8    'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

9    10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

10   v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

11   115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

12         Subject to and without waiving these general and specific objections, Plaintiff admits

13   discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

14   documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

15   production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

16   denies this Request.

17

18   Dated:        November 18, 2024         Respectfully submitted,

19                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20

21                                          By: */s/ Rachel Geman*
                                               _____

22                                               Rachel Geman

23                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            250 Hudson Street, 8th Floor
24                                          New York, NY10013-1413
                                            Telephone:  212.355.9500
25                                          Facsimile:  212.355.959
                                            Email: rgeman@lchb.com
26

27

28

3120862.2

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:    bclobes@caffertyclobes.com
          aswearman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:          **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:           **Plaintiff Christopher Golden**

SET NUMBER:                   **Two (2)**

Plaintiff Christopher Golden ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

bookstore, on-line bookseller, or any other type of book wholesaler or retailer) have not decreased due to the alleged use of YOUR ASSERTED WORKS to train large language models.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it calls for expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds, admit.

Dated: August 28, 2024

By:     /s/ Joseph R. Saveri
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF CHRISTOPHER GOLDEN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:            **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Andrew Sean Greer**

**SET NUMBER:**                  **Two (2)**

Plaintiff Andrew Sean Greer ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1

2    **AMENDED RESPONSE TO REQUEST NO. 16:**

3          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7    further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8    because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9    *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10   to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11   *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12   "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13   Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14   prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15   responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16   is insufficient to enable him to admit or deny.

17   **REQUEST FOR ADMISSION NO. 31:**

18          Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19   use in the training of an artificial intelligence large language model.

20   **AMENDED RESPONSE TO REQUEST NO. 31:**

21          Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25   further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26   waiving the foregoing objections, Plaintiff responds as follows: admit.

27

Dated: September 6, 2024

By:    _/s/ Bryan L. Clobes_
          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (_pro hac vice_)
Mohammed A. Rathur (_pro hac vice anticipated_)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

_Counsel for Individual and Representative Plaintiffs
and the Proposed Class_

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF DAVID HENRY HWANG'S** |
| v. | **AMENDED RESPONSES TO DEFENDANT** |
| | **META PLATFORMS, INC.'S SECOND SET** |
| Meta Platforms, Inc., | **OF REQUESTS FOR ADMISSION** |
| | |
| *Defendant*. | |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF DAVID HENRY HWANG'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:          **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:           **Plaintiff David Henry Hwang**

SET NUMBER:                   **Two (2)**

Plaintiff David Henry Hwang ("Plaintiff") hereby amends his responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1

2      **AMENDED RESPONSE TO REQUEST NO. 16:**

3             Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4      discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5      includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6      Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7      further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8      because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9      *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10     to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11     *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12     "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13     Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14     prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15     responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16     is insufficient to enable him to admit or deny.

17     **REQUEST FOR ADMISSION NO. 31:**

18            Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19     use in the training of an artificial intelligence large language model.

20     **AMENDED RESPONSE TO REQUEST NO. 31:**

21            Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22     discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23     includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24     Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25     further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26     waiving the foregoing objections, Plaintiff responds as follows: admit.

27

1    Dated: September 6, 2024                    By:    _/s/ Bryan L. Clobes_
2                                                       Bryan L. Clobes

3                                                Joseph R. Saveri (State Bar No. 130064)
                                                 Cadio Zirpoli (State Bar No. 179108)
4                                                Christopher K.L. Young (State Bar No. 318371)
                                                 Holden Benon (State Bar No. 325847)
5                                                Aaron Cera (State Bar No. 351163)
                                                 Margaux Poueymirou (State Bar No. 356000)
6                                                **JOSEPH SAVERI LAW FIRM, LLP**
                                                 601 California Street, Suite 1505
7                                                San Francisco, California 94108
                                                 Telephone: (415) 500-6800
8                                                Facsimile: (415) 395-9940
                                                 Email:     jsaveri@saverilawfirm.com
9                                                           czirpoli@saverilawfirm.com
                                                           cyoung@saverilawfirm.com
10                                                          hbenon@saverilawfirm.com
                                                           acera@saverilawfirm.com
11                                                          mpoueymirou@saverilawfirm.com
                                                 Matthew Butterick (State Bar No. 250953)
12                                               1920 Hillhurst Avenue, 406
                                                 Los Angeles, CA 90027
13                                               Telephone: (323)968-2632
                                                 Facsimile: (415) 395-9940
14                                               Email:     mb@butericklaw.com

15
                                                 Bryan L. Clobes (pro hac vice)
16                                               Alexander J. Sweatman (_pro hac vice_)
                                                 Mohammed A. Rathur (_pro hac vice anticipated_)
17                                               **CAFFERTY CLOBES MERIWETHER
                                                 & SPRENGEL LLP**
18                                               135 South LaSalle Street, Suite 3210
                                                 Chicago, IL 60603
19                                               Telephone:   (312) 782-4880
                                                 Email:       bclobes@caffertyclobes.com
20                                                            asweatman@caffertyclobes.com
                                                              mrathur@caffertyclobes.com
21

22                                               Daniel J. Muller (State Bar No. 193396)
                                                 **VENTURA HERSEY & MULLER, LLP**
23                                               1506 Hamilton Avenue
                                                 San Jose, California 95125
24                                               Telephone: (408) 512-3022
                                                 Facsimile: (408) 512-3023
25                                               Email:     dmuller@venturahersey.com

26                                               _Counsel for Individual and Representative Plaintiffs_
                                                 _and the Proposed Class_
27

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

    *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

       *Defendant.*

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-06663

**PLAINTIFF RICHARD KADREY'S
AMENDED RESPONSES TO
DEFENDANT META PLATFORMS,
INC.'S SECOND SET OF REQUESTS FOR
ADMISSION**

1   **PROPOUNDING PARTIES:**           **Defendant Meta Platforms, Inc.**

2   **RESPONDING PARTIES:**           **Plaintiff Richard Kadrey**

3   **SET NUMBER:**                   **Two (2)**

4

5       Plaintiff Richard Kadrey ("Plaintiff") hereby amends his responses to Defendant Meta

6   Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests"

7   or "RFAs").

8                          **GENERAL OBJECTIONS**

9       1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10  purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

11      2.      Plaintiff objects to the Requests to the extent they seek information or materials that are

12  protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

13  rules, or other applicable privileges and protections, including communications with Plaintiff's

14  attorneys regarding the Action.

15      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

16  supplement these responses with subsequently discovered responsive information and to introduce and

17  rely upon any such subsequently discovered information in this litigation.

18          **AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

19  **REQUEST FOR ADMISSION NO. 8:**

20      Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

21  data for artificial intelligence.

22  **AMENDED RESPONSE TO REQUEST NO. 8:**

23      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

24  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

25  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

26  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

27  objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been

licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as

irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see

response to RFA 8. Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training

data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing

1    objections, Plaintiff responds, admit.

2    **REQUEST FOR ADMISSION NO. 11:**

3    　　　Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

4    authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

5    intelligence.

6    **AMENDED RESPONSE TO REQUEST NO. 11:**

7    　　　Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

8    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

9    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

10    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

11    objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

12    construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

13    duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

14    objections, Plaintiff responds, admit.

15    **REQUEST FOR ADMISSION NO. 12:**

16    　　　Admit that, other than YOUR contention that LLM developers such as Meta should have

17    compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

18    e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

19    alleged in the COMPLAINT.

20    **AMENDED RESPONSE TO REQUEST NO. 12:**

21    　　　Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

23    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

25    objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

26    to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

27    *Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be

1   to the alleged use of YOUR ASSERTED WORKS to train large language models.

2   **AMENDED RESPONSE TO REQUEST NO. 16:**

3         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7   further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also

8   objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g.,

9   *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

10   admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

11   requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

12   1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

13   of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further

14   objects to this Request as it calls for expert testimony. Subject to and without waiving the foregoing

15   objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be

16   readily obtained by him is insufficient to enable him to admit or deny.

17   **REQUEST FOR ADMISSION NO. 31:**

18         Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19   use in the training of an artificial intelligence large language model.

20   **AMENDED RESPONSE TO REQUEST NO. 31:**

21         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

25   further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26   waiving the foregoing objections, Plaintiff responds, admit.

27

Dated: August 28, 2024

By:    */s/ Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:         bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF RICHARD KADREY'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-06663 <br><br> **PLAINTIFF MATTHEW KLAM'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1    **PROPOUNDING PARTIES:**              **Defendant Meta Platforms, Inc.**

2    **RESPONDING PARTIES:**              **Plaintiff Matthew Klam**

3    **SET NUMBER:**                      **Two (2)**

4

5        Plaintiff Matthew Klam ("Plaintiff") hereby amends his responses to Defendant Meta Platforms,

6    Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

7    <u>**GENERAL OBJECTIONS**</u>

8        1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they

9    purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

10    rules.

11        2.    Plaintiff objects to the Requests to the extent they seek information or materials that are

12    protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

13    rules, or other applicable privileges and protections, including communications with Plaintiff's

14    attorneys regarding the Action.

15        3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

16    supplement these responses with subsequently discovered responsive information and to introduce and

17    rely upon any such subsequently discovered information in this litigation.

18    <u>**AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**</u>

19    <u>**REQUEST FOR ADMISSION NO. 8:**</u>

20        Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

21    data for artificial intelligence.

22    <u>**AMENDED RESPONSE TO REQUEST NO. 8:**</u>

23        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

24    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

25    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

26    Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff

27    objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED  WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1

2 **AMENDED RESPONSE TO REQUEST NO. 16:**

3 Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

7 further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8 because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9 *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10 to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11 *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12 "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13 Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14 prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15 responds that after a reasonable inquiry, the information known or that can be readily obtained by him

16 is insufficient to enable him to admit or deny.

17 **REQUEST FOR ADMISSION NO. 31:**

18     Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19 use in the training of an artificial intelligence large language model.

20 **AMENDED RESPONSE TO REQUEST NO. 31:**

21     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23 includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24 Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25 further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26 waiving the foregoing objections, Plaintiff responds as follows: admit.

27

Dated: September 6, 2024

By: _____/s/ Bryan L. Clobes_____
Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterickLaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-06663 <br><br> **PLAINTIFF LAURA LIPPMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1  **PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

2  **RESPONDING PARTIES:**          **Plaintiff Laura Lippman**

3  **SET NUMBER:**                  **Two (2)**

4

5      Plaintiff Laura Lippman ("Plaintiff") hereby amends her responses to Defendant Meta

6  Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

7  "RFAs").

8                          **GENERAL OBJECTIONS**

9      1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they

10  purport to require Plaintiff to respond in any way beyond what is required by the Federal and local

11  rules.

12     2.      Plaintiff objects to the Requests to the extent they seek information or materials that are

13  protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure

14  rules, or other applicable privileges and protections, including communications with Plaintiff's

15  attorneys regarding the Action.

16     3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

17  supplement these responses with subsequently discovered responsive information and to introduce and

18  rely upon any such subsequently discovered information in this litigation.

19          **AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

20  **REQUEST FOR ADMISSION NO. 8:**

21      Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training

22  data for artificial intelligence.

23  **AMENDED RESPONSE TO REQUEST NO. 8:**

24     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

27  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1

2  **AMENDED RESPONSE TO REQUEST NO. 16:**

3        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff

7  further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8  because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9  *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10  to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11  *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12  "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14  prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15  responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

16  insufficient to enable her to admit or deny.

17  **REQUEST FOR ADMISSION NO. 31:**

18        Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19  use in the training of an artificial intelligence large language model.

20  **AMENDED RESPONSE TO REQUEST NO. 31:**

21        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff

25  further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26  waiving the foregoing objections, Plaintiff responds as follows: admit.

27

Dated: September 6, 2024

By:    _/s/ Bryan L. Clobes_
       Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:       mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
          mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:    bclobes@caffertyclobes.com
          aswatman@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br> *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-06663 <br><br> **PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| PROPOUNDING PARTIES: | **Defendant Meta Platforms, Inc.** |
| RESPONDING PARTIES: | **Plaintiff Sarah Silverman** |
| SET NUMBER: | **Two (2)** |

Plaintiff Sarah Silverman ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1. Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2. Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been

licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as

irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see

response to RFA 8. Plaintiff responds, admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training

data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing

1    objections, Plaintiff responds, admit.

2    **REQUEST FOR ADMISSION NO. 11:**

3    Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so

4    authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial

5    intelligence.

6    **AMENDED RESPONSE TO REQUEST NO. 11:**

7    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

8    discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

9    includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

10   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

11   objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

12   construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

13   duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

14   objections, Plaintiff responds, admit.

15   **REQUEST FOR ADMISSION NO. 12:**

16   Admit that, other than YOUR contention that LLM developers such as Meta should have

17   compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

18   e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

19   alleged in the COMPLAINT.

20   **AMENDED RESPONSE TO REQUEST NO. 12:**

21   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22   discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

23   includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24   Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

25   objects to the term "lost sales" as rendering this Request vague and ambiguous. Plaintiff further objects

26   to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi.*

27   *Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be

1  to the alleged use of YOUR ASSERTED WORKS to train large language models.

2  **AMENDED RESPONSE TO REQUEST NO. 16:**

3       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

7  further objects to the term "book sales" as rendering this request vague and ambiguous. Plaintiff also

8  objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g.,

9  *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to

10  admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within

11  requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17,

12  1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use

13  of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further

14  objects to this Request as it calls for expert testimony. Subject to and without waiving the foregoing

15  objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be

16  readily obtained by her is insufficient to enable her to admit or deny.

17  **REQUEST FOR ADMISSION NO. 31:**

18       Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19  use in the training of an artificial intelligence large language model.

20  **AMENDED RESPONSE TO REQUEST NO. 31:**

21       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and his agents.  Plaintiff

25  further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26  waiving the foregoing objections, Plaintiff responds, admit.

27

Dated: August 28, 2024

By:      /s/ Joseph R. Saveri
         Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@butterickkaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile:  (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF SARAH SILVERMAN'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>     *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>     *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Lead Case No. 3:23-cv-03417-VC

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

PROPOUNDING PARTIES:          **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:           **Plaintiff Rachel Louise Snyder**

SET NUMBER:                   **Two (2)**

Plaintiff Rachel Louise Snyder ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that  YOU are unaware of any of YOUR ASSERTED  WORKS ever having been

licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as

irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections,

see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as

training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the

foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody

so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for

artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing

objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have

compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see,

e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement

alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it

includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff

objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request

because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*,

2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

Lead Case No. 3:23-cv-03417-VC                3

PLAINTIFF RACHEL LOUISE SNYDER'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

**AMENDED RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for use in the training of an artificial intelligence large language model.

**AMENDED RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

Dated: September 6, 2024

By:     */s/ Bryan L. Clobes*
            Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
             mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:     mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   (312) 782-4880
Email:       bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

1   David A. Straite (admitted *pro hac vice*)
    **DiCELLO LEVITT LLP**
2   485 Lexington Ave., Suite 1001
    New York, New York 10017
3   Tel.: (646) 933-1000
    Fax: (646) 494-9648
4   *dstraite@dicellolevitt.com*

5   *Counsel for Plaintiffs and the Proposed*
6   *Class, Additional Counsel Listed Below*

7               UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9   RICHARD KADREY, SARAH SILVERMAN,        Case No. 3:23-cv-03417-VC
    CHRISTOPHER GOLDEN, TA-NEHISI
10  COATES, JUNOT DÍAZ, ANDREW SEAN         **PLAINTIFF LYSA TERKEURST'S**
    GREER, DAVID HENRY HWANG,               **RESPONSES AND OBJECTIONS TO**
11  MATTHEW KLAM, LAURA LIPPMAN,            **DEFENDANT META PLATFORMS,**
12  RACHEL LOUISE SNYDER, JACQUELINE        **INC.'S SECOND SET OF REQUESTS**
    WOODSON, AND LYSA TERKEURST,            **FOR ADMISSION**
13
14          *Individual and Representative Plaintiffs*,

15              v.

16  META PLATFORMS, INC.;
                    *Defendant.*
17

18          Plaintiff Lysa TerKeurst ("Plaintiff") hereby responds to Defendant Meta Platforms,

19  Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

20  "RFAs").

21                        **GENERAL OBJECTIONS**

22          1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent

23  they purport to require Plaintiff to respond in any way beyond what is required by the Federal

24  and local rules.

25          2.      Plaintiff objects to the Requests to the extent they seek information or materials

26  that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert

27                                          1

28

1  disclosure rules, or other applicable privileges and protections, including communications with

2  Plaintiff's attorneys regarding the Action.

3       Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or

4  supplement these responses with subsequently discovered responsive information and to

5  introduce and rely upon any such subsequently discovered information in this litigation.

6              **<u>OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS</u>**

7  **<u>REQUEST FOR ADMISSION NO. 8:</u>**

8       Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as

9  training data for artificial intelligence.

10  **<u>RESPONSE TO REQUEST NO. 8:</u>**

11       Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so

12  for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your"

13  as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this

14  Request as unintelligible and vague as to the term "artificial intelligence" and will construe that

15  term to mean generative artificial intelligence. Plaintiff further objects to this Request to the

16  extent it is duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without

17  waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity

18  gathering training data for generative artificial intelligence has requested to license any of

19  Plaintiff's ASSERTED WORKS, and so further responding, admits Request No. 8.

20  **<u>REQUEST FOR ADMISSION NO. 9:</u>**

21       Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been

22  licensed for use as training data for artificial intelligence.

23  **<u>RESPONSE TO REQUEST NO. 9:</u>**

24       Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so

25  for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your"

26  as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this

27                                          2

28

1 Request as unintelligible and vague as to the term "artificial intelligence" and will construe that

2 term to mean generative artificial intelligence. Plaintiff further objects to this Request to the

3 extent it is duplicative in whole or in part of RFAs 8, 10, 11, and 13-14. Subject to and without

4 waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity

5 gathering training data for generative artificial intelligence has requested to license any of

6 Plaintiff's ASSERTED WORKS, and so further responding, Plaintiff admits Request No. 9.

7 **REQUEST FOR ADMISSION NO. 10:**

8        Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as

9 training data for artificial intelligence.

10 **RESPONSE TO REQUEST NO. 10:**

11        Plaintiff objects to the defined terms "You" and "Your" as vague and ambiguous, and so

12 for the purposes of answering this Request, Plaintiff will construe the terms "You" and "Your"

13 as referring to Plaintiff Lysa TerKeurst and her agent, Meredith Brock. Plaintiff objects to this

14 Request as unintelligible and vague as to the term "artificial intelligence" and will construe that

15 term to mean generative artificial intelligence. Plaintiff further objects to this Request to the

16 extent it is duplicative in whole or in part of RFAs 8, 9, 11, 13 and 14. Subject to and without

17 waiving the foregoing objections, Plaintiff admits that neither Meta nor any other entity

18 gathering training data for generative artificial intelligence has sought Plaintiff's permission to

19 use any of Plaintiff's ASSERTED WORKS as training data for generative artificial intelligence,

20 and so further responding, Plaintiff admits Request No. 10.

21 **REQUEST FOR ADMISSION NO. 11:**

22        Admit that YOU are unaware of consent ever having been given (either by YOU or

23 somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as

24 training data for artificial intelligence.

25

26

27                                          3

28 _____

1    Admit that YOU are not the only person who contributed literary content in each of

2  YOUR ASSERTED WORKS.

3  **RESPONSE TO REQUEST NO. 30:**

4    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

5  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

6  defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

7  will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

8  further objects to the phrase "contributed literary content" as vague and unintelligible. Subject to

9  and without waiving these objections, Plaintiff admits Request No. 30 to the extent that she had

10 assistance in editing manuscripts that became her ASSERTED WORKS. Plaintiff otherwise

11 denies Request No. 30.

12 **REQUEST FOR ADMISSION NO. 31:**

13    Admit that YOU have never offered to license or sell any of YOUR ASSERTED

14 WORKS for use in the training of an artificial intelligence large language model.

15 **RESPONSE TO REQUEST NO. 31:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

17 calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

18 defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

19 will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst and her agent,

20 Meredith Brock. Plaintiff further objects to this Request as unintelligible and vague as to the

21 term "artificial intelligence" and will construe that term to mean generative artificial intelligence.

22 Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject

23 to and without waiving the foregoing objections, Plaintiff admits that neither Meta nor any other

24 entity gathering training data for generative artificial intelligence has asked to license or

25 purchase any of Plaintiff's ASSERTED WORKS, and so, further responding, Plaintiff admits

26 Request No. 31.

27                                           16

28

1

2

Dated: August 21, 2024

By: /s/ James A. Ulwick
Amy Keller (admitted *pro hac vice*)

3

Nada Djordjevic (*pro hac vice* forthcoming)
James A. Ulwick (admitted *pro hac vice*)

4

10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602

5

Tel.: (312) 214-7900
Email: akeller@dicellolevitt.com

6

ndjordjevic@dicellolevitt.com

7

julwick@dicellolevitt.com

8

David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001

9

New York, NY 10017
Tel. (646) 933-1000

10

Email: dstraite@dicellolevitt.com

11

12

Brian O'Mara
4747 Executive Drive, Suite 240
San Diego, California 92121

13

Tel.: (619) 923-3939
Email: bomara@dicellolevitt.com

14

15

RMP, LLP
Seth Haines (admitted *pro hac vice*)

16

Timothy Hutchinson (admitted *pro hac vice*)
5519 Hackett St., Suite 300

17

Springdale, AK 72762
Telephone: (479) 443-2705

18

Email: shaines@rmp.law

19

thutchinson@rmp.law
lgeary@rmp.law

20

21

POYNTER LAW GROUP
Scott Poynter (admitted *pro hac vice*)

22

407 President Clinton Ave., Suite 201
Little Rock, AK 72201

23

Telephone: (501) 812-3943
Email: scott@poynterlawgroup.com

24

25

Bryan L. Clobes (admitted *pro hac vice*)
CAFFERTY CLOBES MERIWETHER

26

& SPRENGEL LLP
205 N. Monroe Street

27

18

28

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                                    *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION

**PROPOUNDING PARTIES:**            **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**            **Plaintiff Jacqueline Woodson**

**SET NUMBER:**            **Two (2)**

Plaintiff Jacqueline Woodson ("Plaintiff") hereby amends her responses to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have never licensed any of YOUR ASSERTED WORKS for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will

construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 9-11 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any of YOUR ASSERTED WORKS ever having been licensed for use as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8, 10-11 and 13-14. Plaintiff further objects to this Request as irrelevant to any disputed issue in the case. Subject to and without waiving the foregoing objections, see response to RFA 8. Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never consented to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as

duplicative in whole or in part of RFAs 8-9, 11, and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of consent ever having been given (either by YOU or somebody so authorized on YOUR behalf) to use of any of YOUR ASSERTED WORKS as training data for artificial intelligence.

**AMENDED RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to this Request as unintelligible and vague as to the term "artificial intelligence" and will construe that term to mean generative artificial intelligence. Plaintiff further objects to this Request as duplicative in whole or in part of RFAs 8-10 and 13-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use YOUR ASSERTED WORKS to train large language models (see, e.g., [March 7, 2024 denial of RFA No. 1), YOU are unaware of any lost sales due to the infringement alleged in the COMPLAINT.

**AMENDED RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and /or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties, Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents. Plaintiff objects to the term "lost sales" as vague and ambiguous. Plaintiff further objects to this Request because it is hypothetical and not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected to the

1

2  **AMENDED RESPONSE TO REQUEST NO. 16:**

3        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

4  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

5  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

6  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff

7  further objects to the term "book sales" as vague and ambiguous. Plaintiff also objects to this Request

8  because it is hypothetical and is not tied to the facts of the case. See, e.g., *Buchanan v. Chi. Transit*

9  *Auth.*, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016) ("Since requests to admit 'must be connected

10  to the facts of the case, courts do not permit "hypothetical" questions within requests for admission.'");

11  *Fulhorst v. Un. Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request

12  "asking Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R.

13  Civ. P. 36 advisory committee's note to 1946 amendment. Plaintiff further objects to this Request as it

14  prematurely seeks expert testimony. Subject to and without waiving the foregoing objections, Plaintiff

15  responds that after a reasonable inquiry, the information known or that can be readily obtained by her is

16  insufficient to enable her to admit or deny.

17  **REQUEST FOR ADMISSION NO. 31:**

18        Admit that YOU have never offered to license or sell any of YOUR ASSERTED WORKS for

19  use in the training of an artificial intelligence large language model.

20  **AMENDED RESPONSE TO REQUEST NO. 31:**

21        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

22  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

23  includes any person asked, hired, retained, or contracted to assist Plaintiff. As narrowed by the parties,

24  Plaintiff will construe "You" and "Your" to include Plaintiff individually, and her agents.  Plaintiff

25  further objects to this Request as duplicative in whole or in part of RFAs 8-11. Subject to and without

26  waiving the foregoing objections, Plaintiff responds as follows: admit.

27

Dated: September 6, 2024

By:     */s/ Bryan L. Clobes*
          Bryan L. Clobes

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com
           mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:     bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF JACQUELINE WOODSON'S AMENDED RESPONSES TO DEFENDANT META PLATFORMS, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION