# GHAJAR
# EXHIBIT 12

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
                 mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

RICHARD KADREY, *et al*.,

    Individual and Representative
    Plaintiffs,

v.

META PLATFORMS, INC, a Delaware
corporation,

    Defendant.

Case No. 3:23-cv-03417-VC

PLAINTIFF TA-NEHISI COATES'S
RESPONSES TO DEFENDANT'S FOURTH
SET OF INTERROGATORIES

1   information over which Defendant has custody or control, and is duplicative. Each subpart is a

2   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7   seeks documents and information over which Defendant has equal or greater possession, custody,

8   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12  for Production No. 77.

13         Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 24:**

17         IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18  the possibility of licensing (via collective license, blanket license, individual license, or any other

19  licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20  **RESPONSE TO INTERROGATORY NO. 24:**

21         Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22  objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23  Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24  requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25  conduct of others.

26         Subject to and without waiving these and the general objections, based on Plaintiff's

27  preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28  parties regarding licensing his Asserted Works for use in training LLMs.

1    not respond to this Interrogatory.

2    **INTERROGATORY NO. 27:**

3         Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4    YOU contend it is a factual or creative work, and the target audience for the work.

5    **RESPONSE TO INTERROGATORY NO. 27:**

6         The parties have not reached agreement, nor has the Court ordered additional

7    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8    not respond to this Interrogatory.

9    **INTERROGATORY NO. 28:**

10        State the total revenue that YOU (including any entity or company owned, operated, or

11   controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12   earned from sales and licensing of the works.

13   **RESPONSE TO INTERROGATORY NO. 28:**

14        The parties have not reached agreement, nor has the Court ordered additional

15   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16   not respond to this Interrogatory.

17

18

19   Dated: November 18, 2024        By:    _/s/ Mohammed A. Rathur_

20                                          Mohammed A. Rathur

21                                          Bryan L. Clobes (pro hac vice)
                                            Alexander J. Sweatman (pro hac vice)
22                                          Mohammed A. Rathur (pro hac vice)
                                            **CAFFERTY CLOBES MERIWETHER**
                                            **& SPRENGEL LLP**
23                                          135 South LaSalle Street, Suite 3210
                                            Chicago, IL 60603
24                                          Telephone: (312) 782-4880
                                            Email:    bclobes@caffertyclobes.com
25                                                     asweatman@caffertyclobes.com
                                                       mrathur@caffertyclobes.com
26

27

28

PLAINTIFF TA-NEHISI COATES'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VERIFICATION</u>

My name is Ta-Nehisi Coates. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF TA-NEHISI COATES'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on <u>11/18/2024</u>.

_____

Ta-Nehisi Coates

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
                 mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and
the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>        Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC, a Delaware corporation,<br><br>        Defendant. | Case No. 3:23-cv-03417-VC<br><br>PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES |

information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Works for use in training LLMs.

1  not respond to this Interrogatory.

2  <u>**INTERROGATORY NO. 27:**</u>

3        Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4  YOU contend it is a factual or creative work, and the target audience for the work.

5  <u>**RESPONSE TO INTERROGATORY NO. 27:**</u>

6        The parties have not reached agreement, nor has the Court ordered additional

7  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8  not respond to this Interrogatory.

9  <u>**INTERROGATORY NO. 28:**</u>

10       State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  <u>**RESPONSE TO INTERROGATORY NO. 28:**</u>

14       The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024        By:      */s/ Mohammed A. Rathur*

20                                       Mohammed A. Rathur

21                                       Bryan L. Clobes (pro hac vice)
                                         Alexander J. Sweatman (pro hac vice)

22                                       Mohammed A. Rathur (pro hac vice)
                                         **CAFFERTY CLOBES MERIWETHER**

23                                       **& SPRENGEL LLP**
                                         135 South LaSalle Street, Suite 3210

24                                       Chicago, IL 60603
                                         Telephone: (312) 782-4880

25                                       Email:     bclobes@caffertyclobes.com
                                                    asweatman@caffertyclobes.com

26                                                  mrathur@caffertyclobes.com

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

My name is Junot Diaz. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF JUNOT DIAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on _11/15/2024_.

_Junot Diaz_

Junot Diaz

Rachel Geman (*pro hac vice*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592
Email: rgeman@lchb.com

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice* forthcoming)
Betsy A. Sugar (*pro hac vice* forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
Email: ssholder@cdas.com
ccole@cdas.com

Proposed Class Counsel and Counsel for Plaintiff
Christopher Farnsworth

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC |
|     Individual and Representative Plaintiffs, | PLAINTIFF CHRISTOPHER FARNSWORTH'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES |
| v. | |

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12   for Production No. 77.

13           Subject to and without waiving these and the general objections, Plaintiff is not obligated

14   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15   this interrogatory.

16   **INTERROGATORY NO. 24:**

17           IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18   the possibility of licensing (via collective license, blanket license, individual license, or any other

19   licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20   **RESPONSE TO INTERROGATORY NO. 24:**

21           Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22   objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23   Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24   requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25   conduct of others.

26           Subject to and without waiving these and the general objections, based on Plaintiff's

27   preliminary investigation, Plaintiff has not entered into any negotiations with any third-parties

28   regarding licensing his Asserted Work for use in training LLMs.

1  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

2  not respond to this Interrogatory.

3  **INTERROGATORY NO. 27:**

4  Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

5  YOU contend it is a factual or creative work, and the target audience for the work.

6  **RESPONSE TO INTERROGATORY NO. 27:**

7  The parties have not reached agreement, nor has the Court ordered additional

8  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

9  not respond to this Interrogatory.

10  **INTERROGATORY NO. 28:**

11  State the total revenue that YOU (including any entity or company owned, operated, or

12  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

13  earned from sales and licensing of the works.

14  **RESPONSE TO INTERROGATORY NO. 28:**

15  The parties have not reached agreement, nor has the Court ordered additional

16  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

17  not respond to this Interrogatory.

18

19

20  Dated: November 18, 2024          Respectfully submitted,

21                                     LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

22                                     By: */s/ Rachel Geman*
                                          Rachel Geman

23                                     LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
24                                     250 Hudson Street, 8th Floor
                                       New York, NY 10013-1413
25                                     Telephone: 212.355.9500
                                       Facsimile: 212.355.959
26                                     Email: rgeman@lchb.com

27

28

1

## **<u>VERIFICATION</u>**

2      I, Christopher Farnsworth, understand the contents of the foregoing Responses to

3  Defendant's First Set of Interrogatories.

4      I declare under penalty of perjury and that the Responses to these Interrogatories are true

5  and correct to the best of my present knowledge.

6      Executed on  November 15, 2024    , in Los Angeles, California.

7

8  _____

9                          Christopher Farnsworth

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

[Additional counsel included below]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Related Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF CHRISTOPHER GOLDEN'S** |
| v. | **RESPONSES AND OBJECTIONS TO** |
| | **DEFENDANT META PLATFORMS,** |
| Meta Platforms, Inc., | **INC.'S FOURTH SET OF** |
| | **INTERROGATORIES** |
| *Defendant.* | |

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this Interrogatory to the extent it overbroad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Request for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct of others. Plaintiff also objects to this request as unduly burdensome insofar it has no time

limitation.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Work for use in training generative AI.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

Dated: November 18, 2024

By:    _/s/ Joseph R. Saveri_
         Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

*[continued on next page]*

1

## **VERIFICATION**

2    My name is Christopher Golden. I am one of the Plaintiffs in the action captioned *Kadrey et*

3    *al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4    I have reviewed the following document:

5    - **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO**
6      **DEFENDANT META PLATFORM INC.'S FOURTH SET OF**
       **INTERROGATORIES**
7

8    I believe this document to be true and accurate with respect to statements based on my

9    personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

10   and correct.

11   I declare under penalty of perjury under the laws of the United States that these answers

12   are true and correct. Executed on the ___15___ day of November, 2024.

13

14                                        DocuSign by:

                                          *Christopher Golden*
                                          ─────────────────────────
15                                        30050E507AA7420...
                                          Christopher Golden

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
               mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

RICHARD KADREY, *et al*.,

    Individual and Representative
    Plaintiffs,

v.

META PLATFORMS, INC, a Delaware
corporation,

    Defendant.

Case No. 3:23-cv-03417-VC

PLAINTIFF ANDREW SEAN GREER'S
RESPONSES TO DEFENDANT'S FOURTH
SET OF INTERROGATORIES

information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Works for use in training LLMs.

1  not respond to this Interrogatory.

2  <u>**INTERROGATORY NO. 27:**</u>

3      Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4  YOU contend it is a factual or creative work, and the target audience for the work.

5  <u>**RESPONSE TO INTERROGATORY NO. 27:**</u>

6      The parties have not reached agreement, nor has the Court ordered additional

7  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8  not respond to this Interrogatory.

9  <u>**INTERROGATORY NO. 28:**</u>

10      State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  <u>**RESPONSE TO INTERROGATORY NO. 28:**</u>

14      The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024

By:    */s/ Mohammed A. Rathur*

20      Mohammed A. Rathur

21  Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
22  Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
    **& SPRENGEL LLP**
23  135 South LaSalle Street, Suite 3210
    Chicago, IL 60603
24  Telephone: (312) 782-4880
    Email:    bclobes@caffertyclobes.com
25              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com
26

27

28

PLAINTIFF ANDREW SEAN GREER'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1

## **VERIFICATION**

My name is Andrew Sean Greer. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF ANDREW SEAN GREER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on _____11/16/2024_____.

<br>

_____

Andrew Sean Greer

1   Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
2   Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
3   **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:       bclobes@caffertyclobes.com
                 asweatman@caffertyclobes.com
6                mrathur@caffertyclobes.com
    *Counsel for Individual and Representative Plaintiffs and*
7   *the Proposed Class*

8

9                        **UNITED STATES DISTRICT COURT**

10                      **NORTHERN DISTRICT OF CALIFORNIA**

11                         **SAN FRANCISCO DIVISION**

12

13
     RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC
14
            Individual and Representative          PLAINTIFF DAVID HENRY HWANG'S
15          Plaintiffs,                            RESPONSES TO DEFENDANT'S FOURTH
                                                   SET OF INTERROGATORIES
16   v.

17   META PLATFORMS, INC, a Delaware
     corporation,
18
            Defendant.
19

20

21

22

23

24

25

26

27

28

1   information over which Defendant has custody or control, and is duplicative. Each subpart is a

2   separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3   Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4   needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5   will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6   disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7   seeks documents and information over which Defendant has equal or greater possession, custody,

8   and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9   use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10  Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11  Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12  for Production No. 77.

13      Subject to and without waiving these and the general objections, Plaintiff is not obligated

14  to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15  this interrogatory.

16  **INTERROGATORY NO. 24:**

17      IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18  the possibility of licensing (via collective license, blanket license, individual license, or any other

19  licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20  **RESPONSE TO INTERROGATORY NO. 24:**

21      Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22  objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23  Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24  requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the

25  conduct of others.

26      Subject to and without waiving these and the general objections, based on Plaintiff's

27  preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28  parties regarding licensing his Asserted Works for use in training LLMs.

1   not respond to this Interrogatory.

2   **<u>INTERROGATORY NO. 27:</u>**

3          Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4   YOU contend it is a factual or creative work, and the target audience for the work.

5   **<u>RESPONSE TO INTERROGATORY NO. 27:</u>**

6          The parties have not reached agreement, nor has the Court ordered additional

7   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8   not respond to this Interrogatory.

9   **<u>INTERROGATORY NO. 28:</u>**

10          State the total revenue that YOU (including any entity or company owned, operated, or

11   controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12   earned from sales and licensing of the works.

13   **<u>RESPONSE TO INTERROGATORY NO. 28:</u>**

14          The parties have not reached agreement, nor has the Court ordered additional

15   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16   not respond to this Interrogatory.

17

18

19   Dated: November 18, 2024          By:      */s/ Mohammed A. Rathur*

20                                               Mohammed A. Rathur

21                                        Bryan L. Clobes (pro hac vice)
                                          Alexander J. Sweatman (pro hac vice)
22                                        Mohammed A. Rathur (pro hac vice)
                                          **CAFFERTY CLOBES MERIWETHER**
                                          **& SPRENGEL LLP**
23                                        135 South LaSalle Street, Suite 3210
                                          Chicago, IL 60603
24                                        Telephone: (312) 782-4880
                                          Email:      bclobes@caffertyclobes.com
25                                                    asweatman@caffertyclobes.com
                                                      mrathur@caffertyclobes.com
26

27

28

1

## **VERIFICATION**

2      My name is David Henry Hwang. I am one of the Plaintiffs in the action captioned *Kadrey*

3   *et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4      I have reviewed the following document:

5

6   - **PLAINTIFF DAVID HENRY HWANG'S RESPONSES AND OBJECTIONS TO**
       **DEFENDANT META PLATFORM INC.'S FOURTH SET OF**
7       **INTERROGATORIES**

8

9      I believe this document to be true and accurate with respect to statements based on my

10  personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

    and correct.

11

12     I declare under penalty of perjury under the laws of the United States that these answers

    are true and correct. Executed on  <u>11/15/2024</u>.

13

14                                        <u>David Henry Hwang</u>

15

16                                        David Henry Hwang

17

18

19

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel included below]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br>      *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br>          *Defendant.* | Lead Case No. 3:23-cv-03417-VC <br> Related Case No. 4:23-cv-06663 <br><br> **PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES** |

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this Interrogatory to the extent it overbroad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Request for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct of others. Plaintiff also objects to this request as unduly burdensome insofar it has no time

PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

limitation.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Work for use in training generative AI.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

Dated: November 18, 2024

By:    /s/ Joseph R. Saveri
Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

1

## **VERIFICATION**

2    My name is Richard Kadrey. I am one of the Plaintiffs in the action captioned *Kadrey et al. v.*

3    *Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4    I have reviewed the following document:

5
- **PLAINTIFF RICHARD KADREY'S RESPONSES AND OBJECTIONS TO**
6    **DEFENDANT META PLATFORM INC.'S FOURTH SET OF**
    **INTERROGATORIES**
7

8    I believe this document to be true and accurate with respect to statements based on my

9    personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

10   and correct.

11   I declare under penalty of perjury under the laws of the United States that these answers

12   are true and correct. Executed on the _____ day of November, 2024.
                                      15th

13

14                                    ┌─ Signed by:
                                      │  *Richard Kadrey*
                                      │  182881A504AB4E4...
                                      _____

15   Richard Kadrey

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)
2   Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**
3   **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:     bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com
6              mrathur@caffertyclobes.com
    *Counsel for Individual and Representative Plaintiffs and*
7   *the Proposed Class*

8

9                   **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                   **SAN FRANCISCO DIVISION**

12

13

14   RICHARD KADREY, *et al.*,          Case No. 3:23-cv-03417-VC

15       Individual and Representative    PLAINTIFF MATTHEW KLAM'S
      Plaintiffs,                   RESPONSES TO DEFENDANT'S FOURTH
16                               SET OF INTERROGATORIES
  v.

17   META PLATFORMS, INC, a Delaware
    corporation,
18

      Defendant.
19

20

21

22

23

24

25

26

27

28

information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit his answer to his own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing his Asserted Works for use in training LLMs.

1  not respond to this Interrogatory.

2  **INTERROGATORY NO. 27:**

3      Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4  YOU contend it is a factual or creative work, and the target audience for the work.

5  **RESPONSE TO INTERROGATORY NO. 27:**

6      The parties have not reached agreement, nor has the Court ordered additional

7  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8  not respond to this Interrogatory.

9  **INTERROGATORY NO. 28:**

10      State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  **RESPONSE TO INTERROGATORY NO. 28:**

14      The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024        By:    */s/ Mohammed A. Rathur*

20                                            Mohammed A. Rathur

21                                    Bryan L. Clobes (pro hac vice)
                                      Alexander J. Sweatman (pro hac vice)
22                                    Mohammed A. Rathur (pro hac vice)
                                      **CAFFERTY CLOBES MERIWETHER**
                                      **& SPRENGEL LLP**
23                                    135 South LaSalle Street, Suite 3210
                                      Chicago, IL 60603
24                                    Telephone: (312) 782-4880
                                      Email:    bclobes@caffertyclobes.com
25                                              asweatman@caffertyclobes.com
                                              mrathur@caffertyclobes.com
26

27

28

1

## <u>VERIFICATION</u>

2      My name is Matthew Klam. I am one of the Plaintiffs in the action captioned *Kadrey et al.*

3 *v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4      I have reviewed the following document:

5

6    • **PLAINTIFF MATTHEW KLAM'S RESPONSES AND OBJECTIONS TO
        DEFENDANT META PLATFORM INC.'S FOURTH SET OF
7        INTERROGATORIES**

8

9      I believe this document to be true and accurate with respect to statements based on my

10 personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

and correct.

11      I declare under penalty of perjury under the laws of the United States that these answers

12 are true and correct. Executed on 11/16/2024                .

13

14                                        *Matthew Klam*

15                                        _____

16                                        Matthew Klam

17

18

19

20

21

22

23

24

25

26

27

28

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com
                asweatman@caffertyclobes.com
                mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES |
| v. | |
| META PLATFORMS, INC, a Delaware corporation, | |
| Defendant. | |

1    information over which Defendant has custody or control, and is duplicative. Each subpart is a

2    separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal

3    Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the

4    needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that

5    will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the

6    disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory

7    seeks documents and information over which Defendant has equal or greater possession, custody,

8    and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair

9    use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that

10   Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use.

11   Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests

12   for Production No. 77.

13          Subject to and without waiving these and the general objections, Plaintiff is not obligated

14   to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding

15   this interrogatory.

16   **INTERROGATORY NO. 24:**

17          IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed

18   the possibility of licensing (via collective license, blanket license, individual license, or any other

19   licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

20   **RESPONSE TO INTERROGATORY NO. 24:**

21          Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff

22   objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First

23   Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory

24   requests information about third-parties. Plaintiff will limit her answer to her own conduct, not

25   the conduct of others.

26          Subject to and without waiving these and the general objections, based on Plaintiff's

27   preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-

28   parties regarding licensing her Asserted Works for use in training LLMs.

1   not respond to this Interrogatory.

2   **INTERROGATORY NO. 27:**

3       Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4   YOU contend it is a factual or creative work, and the target audience for the work.

5   **RESPONSE TO INTERROGATORY NO. 27:**

6       The parties have not reached agreement, nor has the Court ordered additional

7   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8   not respond to this Interrogatory.

9   **INTERROGATORY NO. 28:**

10      State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  **RESPONSE TO INTERROGATORY NO. 28:**

14      The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024

20

21

22

23

24

25

26

27

28

By:    _/s/ Mohammed A. Rathur_

      Mohammed A. Rathur

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

My name is Laura Lippman. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF LAURA LIPPMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on  ___11/15/2024___.

Laura Lippman

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel included below]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>       *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>       *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES** |

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this Interrogatory to the extent it overbroad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Request for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit her answer to her own conduct, not the conduct of others. Plaintiff also objects to this request as unduly burdensome insofar it has no time

limitation.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing her Asserted Work for use in training generative AI.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each of which counts separately toward Defendant's limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

Dated: November 18, 2024

By:    */s/ Joseph R. Saveri*
⠀⠀⠀⠀⠀⠀⠀Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

## **VERIFICATION**

My name is Sarah Silverman. I am one of the Plaintiffs in the action captioned *Kadrey et al.*

*v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my

personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

and correct.

I declare under penalty of perjury under the laws of the United States that these answers

are true and correct. Executed on the ___17___ day of November, 2024.

DocuSigned by:

*sarah silverman*

EDDADCDCA0884AD...

Sarah Silverman

PLAINTIFF SARAH SILVERMAN'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com
              mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
|     Individual and Representative Plaintiffs, | PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES |
| v. | |
| META PLATFORMS, INC, a Delaware corporation, | |
|     Defendant. | |

information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit her answer to her own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing her Asserted Works for use in training LLMs.

1    not respond to this Interrogatory.

2    <u>**INTERROGATORY NO. 27:**</u>

3           Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4    YOU contend it is a factual or creative work, and the target audience for the work.

5    <u>**RESPONSE TO INTERROGATORY NO. 27:**</u>

6           The parties have not reached agreement, nor has the Court ordered additional

7    Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8    not respond to this Interrogatory.

9    <u>**INTERROGATORY NO. 28:**</u>

10          State the total revenue that YOU (including any entity or company owned, operated, or

11   controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12   earned from sales and licensing of the works.

13   <u>**RESPONSE TO INTERROGATORY NO. 28:**</u>

14          The parties have not reached agreement, nor has the Court ordered additional

15   Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16   not respond to this Interrogatory.

17

18

19   Dated: November 18, 2024            By:    <u>*/s/ Mohammed A. Rathur*</u>

20                                              Mohammed A. Rathur

21                                       Bryan L. Clobes (pro hac vice)
                                         Alexander J. Sweatman (pro hac vice)
22                                       Mohammed A. Rathur (pro hac vice)
                                         **CAFFERTY CLOBES MERIWETHER**
23                                       **& SPRENGEL LLP**
                                         135 South LaSalle Street, Suite 3210
24                                       Chicago, IL 60603
                                         Telephone: (312) 782-4880
25                                       Email:    bclobes@caffertyclobes.com
                                                   asweatman@caffertyclobes.com
26                                                 mrathur@caffertyclobes.com

27

28

PLAINTIFF RACHEL LOUISE SNYDER'S
RESPONSES TO ROGS, SET 4
No. 3:23-CV-03417-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

My name is Rachel Louise Snyder. I am one of the Plaintiffs in the action captioned *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

I have reviewed the following document:

- **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORM INC.'S FOURTH SET OF INTERROGATORIES**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on ___11/18/2024___.

_____

Rachel Louise Snyder

1   Nada Djordjevic (admitted *pro hac vice*)
2   **DiCELLO LEVITT LLP**
    10 North Dearborn Street
3   6th Floor
    Chicago, IL 60602
4   Tel.: (312) 214-7900
    *ndjordjevic@dicellolevitt.com*
5
    *Counsel for Plaintiffs and the Proposed Class, Additional*
6   *Counsel Listed Below*

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12   RICHARD KADREY, *et al.*,              Case No. 3:23-cv-03417-VC

13        Individual and Representative      PLAINTIFF LYSA TERKEURST'S
          Plaintiffs,                        RESPONSES TO DEFENDANT'S FOURTH
14                                           SET OF INTERROGATORIES
     v.
15
     META PLATFORMS, INC, a Delaware
16   corporation,

17        Defendant.

18

19

20

21   PROPOUNDING PARTY:   DEFENDANT META PLATFORMS, INC.

     RESPONDING PARTY:    PLAINTIFF LYSA TERKEURST
22
     SET NO.:             FOUR (4)
23

24                            **<u>INTRODUCTION</u>**

25        Plaintiff Lysa TerKeurst hereby responds to Defendant Meta Platforms, Inc.

26   ("Defendant") Fourth Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of

27   Civil Procedure.

28

     PLAINTIFF TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS,
                     INC.'S FOURTH SET OF INTERROGATORIES

seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's Request for Production No. 77, as well as Interrogatory No. 16.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's Requests for Production No. 15, and Second Requests for Production Nos. 34–35. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit her answer to her own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing her Asserted Work for use in training LLMs.

**INTERROGATORY NO. 25:**

State all facts supporting any contention by YOU that the amount and substantiality of the portion of YOUR ASSERTED WORKS that was allegedly copied by Meta was not reasonable in relation to the purpose of training the META AI LLMs.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it is compound, premature, requests

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

## **VERIFICATION OF LYSA TERKEURST**

I, Lysa TerKeurst, hereby declare under oath that I have reviewed Plaintiff Lysa TerKeurst's Responses and Objections to the Fourth Set of Defendant's Interrogatories, and the statements of fact made therein are true and correct to the best of my knowledge based upon the information currently available to me. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[signature on following page]

1

1  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

2  not respond to this Interrogatory.

3  **INTERROGATORY NO. 28:**

4      State the total revenue that YOU (including any entity or company owned, operated, or

5  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

6  earned from sales and licensing of the works.

7  **RESPONSE TO INTERROGATORY NO. 28:**

8      The parties have not reached agreement, nor has the Court ordered additional

9  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

10  not respond to this Interrogatory.

11

12      Dated: November 18, 2024          Respectfully submitted,

13

14                                        By: /s/ *James A. Ulwick*
                                          Amy Keller (admitted *pro hac vice*)
15                                        Nada Djordjevic (*pro hac vice*)
                                          James A. Ulwick (*pro hac vice*)
16                                        Madeline E. Hills (*pro hac vice*)
                                          DiCello Levitt LLP
17                                        10 North Dearborn St., Sixth Floor
                                          Chicago, Illinois 60602
18                                        Tel.: (312) 214-7900
19                                        Email: akeller@dicellolevitt.com
                                                 ndjordjevic@dicellolevitt.com
20                                               julwick@dicellolevitt.com
                                                 mhills@dicellolevitt.com
21
22                                        David A. Straite (admitted *pro hac vice*)
                                          DiCello Levitt LLP
23                                        485 Lexington Avenue, Suite 1001
                                          New York, NY 10017
24                                        Tel. (646) 933-1000
                                          Email: dstraite@dicellolevitt.com
25
26                                        Brian O'Mara
                                          DiCello Levitt LLP
27                                        4747 Executive Drive, Suite 240
                                          San Diego, California 92121
28                                        Tel.: (619) 923-3939

1    Executed on _11/18/2024_____.

2

3

4    DocuSigned by:

     *Lysa TerKeurst*

5    _____
     958C2F7C55BE4D7...

6    Lysa TerKeurst

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              2

28
_____
PLAINTIFF LYSA TERKEURST'S VERIFICATION OF HER RESPONSES AND OBJECTIONS TO
DEFENDANT META PLATFORMS, INC.'S FOURTH SET OF INTERROGATORIES
No. 3:23-cv-03417-VC

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com
                  asweatman@caffertyclobes.com
                  mrathur@caffertyclobes.com
*Counsel for Individual and Representative Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES |
| v. | |
| META PLATFORMS, INC, a Delaware corporation, | |
| Defendant. | |

information over which Defendant has custody or control, and is duplicative. Each subpart is a separate Interrogatory, each which counts separately toward Plaintiffs' limit under the Federal Rules. Plaintiff objects to this Interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent that it seeks a response that will be the subject of expert discovery and objects to the extent that this Interrogatory seeks the disclosure of expert witness work product. Plaintiff also objects to the extent this Interrogatory seeks documents and information over which Defendant has equal or greater possession, custody, and control. Plaintiff objects that this request improperly shifts the burden of proof regarding fair use in this case and thus Plaintiff need not respond. It is Defendant's burden of proof to show that Defendant's use of the Asserted Works in connection with training any Meta AI LLM is fair use. Plaintiff further objects to this Interrogatory to the extent it is duplicative of Meta's First Requests for Production No. 77.

Subject to and without waiving these and the general objections, Plaintiff is not obligated to and so will not respond to this interrogatory. Plaintiff is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 24:**

IDENTIFY all THIRD PARTIES with whom YOU or YOUR AGENTS have discussed the possibility of licensing (via collective license, blanket license, individual license, or any other licensing system) any of YOUR ASSERTED WORKS as training data for LLMs.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs object to this Interrogatory to the extent it over broad and duplicative. Plaintiff objects that this Interrogatory is duplicative of Interrogatories Nos. 2, 12 and Meta's First Requests for Production Nos. 15, 35–36. Plaintiff further objects to the extent this Interrogatory requests information about third-parties. Plaintiff will limit her answer to her own conduct, not the conduct of others.

Subject to and without waiving these and the general objections, based on Plaintiff's preliminary investigation, Plaintiff has not entered into any individual negotiations with any third-parties regarding licensing her Asserted Works for use in training LLMs.

1  not respond to this Interrogatory.

2  **INTERROGATORY NO. 27:**

3      Describe the nature of each of YOUR ASSERTED WORKS, including its genre, whether

4  YOU contend it is a factual or creative work, and the target audience for the work.

5  **RESPONSE TO INTERROGATORY NO. 27:**

6      The parties have not reached agreement, nor has the Court ordered additional

7  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

8  not respond to this Interrogatory.

9  **INTERROGATORY NO. 28:**

10      State the total revenue that YOU (including any entity or company owned, operated, or

11  controlled by YOU) have earned from each of YOUR ASSERTED WORKS, including revenues

12  earned from sales and licensing of the works.

13  **RESPONSE TO INTERROGATORY NO. 28:**

14      The parties have not reached agreement, nor has the Court ordered additional

15  Interrogatories beyond the twenty-five allowed by Fed. R. Civ. P. 33(a)(1). As such, Plaintiff will

16  not respond to this Interrogatory.

17

18

19  Dated: November 18, 2024

By:      */s/ Mohammed A. Rathur*

20      Mohammed A. Rathur

21      Bryan L. Clobes (pro hac vice)
    Alexander J. Sweatman (pro hac vice)

22      Mohammed A. Rathur (pro hac vice)
    **CAFFERTY CLOBES MERIWETHER**

23      **& SPRENGEL LLP**
    135 South LaSalle Street, Suite 3210

24      Chicago, IL 60603
    Telephone: (312) 782-4880

25      Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

26              mrathur@caffertyclobes.com

27

28

1

## <u>VERIFICATION</u>

2      My name is Jacqueline Woodson. I am one of the Plaintiffs in the action captioned *Kadrey*

3   *et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. (N.D. Cal.).

4      I have reviewed the following document:

5

6   •   **PLAINTIFF JACQUELINE WOODSON'S RESPONSES AND OBJECTIONS TO**
        **DEFENDANT META PLATFORM INC.'S FOURTH SET OF**
7       **INTERROGATORIES**

8

9      I believe this document to be true and accurate with respect to statements based on my

10  personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true

    and correct.
11

12     I declare under penalty of perjury under the laws of the United States that these answers

    are true and correct. Executed on ___11/18/2024___.
13

14                                          *Jacqueline Woodson*
                                            _____
15

16                                          Jacqueline Woodson

17

18

19

20

21

22

23

24

25

26

27

28