# GHAJAR EXHIBIT 18

1   Bryan L. Clobes (*pro hac vice*)
2   **CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP**
3   135 S. LaSalle Street
    Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:      bclobes@caffertyclobes.com

6   **BOIES SCHILLER FLEXNER LLP**
    David Boies (*pro hac vice*)
7   333 Main Street
    Armonk, NY 10504
8   (914) 749-8200
    dboies@bsfllp.com
9

10  *Counsel for Individual and Representative
    Plaintiffs and the Proposed Class*

11

12              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
13                 **SAN FRANCISCO DIVISION**

14

15  RICHARD KADREY, *et al.*,               Case No. 3:23-cv-03417-VC

16      Individual and Representative        **PLAINTIFF TA-NEHISI COATES'S**
        Plaintiffs,                          **SECOND SUPPLEMENTAL RESPONSES**
17                                           **TO DEFENDANT'S SECOND AND THIRD**
    v.                                       **SETS OF REQUESTS FOR ADMISSIONS**
18
    META PLATFORMS, INC, a Delaware
19  corporation,

20      Defendant.

21

22

23

24

25

26

27

28

1  PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.

2  RESPONDING PARTY:    Plaintiff Ta-Nehisi Coates

3  SET NO.:                    One (Requests Nos. 24 [Second Supplemental], 69 And 70

4  [First Supplemental])

5  ## INTRODUCTION

6  Plaintiff Ta-Nehisi Coates ("Plaintiff") hereby serves his responses and objections to

7  Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions

8  (the "Requests" or "RFAs").

9  ## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

10 **REQUEST FOR ADMISSION NO. 24:**

11 Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12 models that infringes YOUR ASSERTED WORKS.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14 Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15 for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16 it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

17 the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the

18 phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

19 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

20 Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

21 objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

22 further objects to this Request as an improper subject of a Request for Admission.

23 Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based

24 on the existence of material from his Asserted Works that purportedly is output from a Meta Large

25 Language Model and has been made publicly available without his permission

26 **REQUEST FOR ADMISSION NO. 69:**

27 Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

28 right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 69 insofar as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that publishers assist in aggregating licenses that compensate authors for the acquisition of and use of their copyrighted material in connection with LLMs.

**REQUEST FOR ADMISSION NO. 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the extent that it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 70 to the extent that he is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as intermediaries and DENIES any implication that publishers play no role in licensing copyrighted works, including the acquisition of and use of such works in connection with LLMs.

1    Dated: December 27, 2024                    By:     /s/ Bryan L. Clobes

2                                                         Bryan L. Clobes

3                                                Bryan L. Clobes (*pro hac vice*)
                                                Alexander J. Sweatman (*pro hac vice*)
4                                                Mohammed A. Rathur (*pro hac vice*)
                                                **CAFFERTY CLOBES MERIWETHER**
5                                                **& SPRENGEL LLP**
                                                135 S. LaSalle Street
6                                                Suite 3210
                                                Chicago, IL 60603
7                                                Telephone: (312) 782-4880
                                                Email:      bclobes@caffertyclobes.com
8                                                           asweatman@caffertyclobes.com
9                                                           mrathur@caffertyclobes.com

10

11                                               **BOIES SCHILLER FLEXNER LLP**
                                                David Boies (*pro hac vice*)
12                                               333 Main Street
                                                Armonk, NY 10504
13                                               (914) 749-8200
                                                dboies@bsfllp.com
14
                                                *Counsel for Individual and Representative Plaintiffs*
15                                               *and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF TA-NEHISI COATES'S SUPPLEMENTAL
RESPONSES TO REQUESTS FOR ADMISSION
No. 3:23-CV-03417-VC

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       bclobes@caffertyclobes.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>   Individual and Representative<br>   Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC, a Delaware<br>corporation,<br><br>   Defendant. | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF JUNOT DIAZ'S SECOND<br>SUPPLEMENTAL RESPONSES TO<br>DEFENDANT'S SECOND AND THIRD<br>SETS OF REQUESTS FOR ADMISSIONS** |

**PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

**RESPONDING PARTY:     Plaintiff Junot Diaz**

**SET NO.:                      One (Requests Nos. 24 [Second Supplemental], 67 And 68 [First Supplemental])**

## INTRODUCTION

Plaintiff Junot Diaz ("Plaintiff") hereby serves his responses and objections to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 24:

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

### RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based on the existence of material from his Asserted Works that purportedly is output from a Meta Large Language Model and has been made publicly available without his permission

### REQUEST FOR ADMISSION NO. 67:

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

2         Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

3    Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

4    *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

5    duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

6    and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

7    *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

8         Subject to and without waiving these general and specific objections, Plaintiff admits that

9    Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

10   and directs Meta to the terms of such licensing agreements, which speak for themselves.

11   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

12        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

13   Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

14   *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

15   duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

16   and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

17   *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff

18   objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it

19   calls for privileged information.

20        Subject to and without waiving these objections, Plaintiff ADMITS Request No. 67 insofar

21   as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a

22   proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that

23   publishers assist in aggregating licenses that compensate authors for the acquisition of and use of

24   their copyrighted material in connection with LLMs.

25   **REQUEST FOR ADMISSION NO. 68:**

26        Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

27   license the ASSERTED WORK(S) as training data for LLMs.

28

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

2        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

3 Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

4 at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

5 and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

6 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

7 *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

8        Subject to and without waiving these general and specific objections, Plaintiff admits that

9 Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

10 and directs Meta to the terms of such licensing agreements, which speak for themselves.

11    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

12        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

13 Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

14 at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

15 and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

16 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

17 *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

18 Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the

19 extent that it calls for privileged information.

20        Subject to and without waiving these objections, Plaintiff ADMITS Request No. 68 to the

21 extent that he is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as

22 intermediaries and DENIES any implication that publishers play no role in licensing copyrighted

23 works, including the acquisition of and use of such works in connection with LLMs.

24

25

26

27

28

1

Dated: December 27, 2024                    By:    /s/ Bryan L. Clobes
2                                                        Bryan L. Clobes

3                                          Bryan L. Clobes (*pro hac vice*)
                                           Alexander J. Sweatman (*pro hac vice*)
4                                          Mohammed A. Rathur (*pro hac vice*)
                                           **CAFFERTY CLOBES MERIWETHER**
5                                          **& SPRENGEL LLP**
                                           135 S. LaSalle Street
6                                          Suite 3210
                                           Chicago, IL 60603
7                                          Telephone: (312) 782-4880
                                           Email:        bclobes@caffertyclobes.com
8                                                         asweatman@caffertyclobes.com
9                                                         mrathur@caffertyclobes.com

10

11                                         **BOIES SCHILLER FLEXNER LLP**
                                           David Boies (*pro hac vice*)
12                                         333 Main Street
                                           Armonk, NY 10504
13                                         (914) 749-8200
                                           dboies@bsfllp.com
14
                                           *Counsel for Individual and Representative*
15                                         *Plaintiffs*
                                           *and the Proposed Class*
16

17

18

19

20

21

22

23

24

25

26

27

28

1   Rachel Geman (*pro hac vice*)
    rgeman@lchb.com
2   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
3   New York, NY  10013-1413
    Telephone:  212.355.9500
4   Email: rgeman@lchb.com

5   Elizabeth J. Cabraser, Esq.
    Daniel M. Hutchinson, Esq.
6   Reilly T. Stoler, Esq.
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
7   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
8   Telephone: 415.956.1000
    Email: ecabraser@lchb.com, dhutchinson@lchb.com,
9   rstoler@lchb.com

10  Kenneth S. Byrd. (*pro hac vice*)
    Betsy A. Sugar (*pro hac vice*)
11  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    222 2nd Avenue South, Suite 1640
12  Nashville, TN 37201-2375
    Telephone: 615.313.9000
13  Email: kbyrd@lchb.com, bsugar@lchb.com

14  Scott J. Sholder (*pro hac vice*)
    CeCe M. Cole (*pro hac vice*)
15  COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
    60 Broad Street, 30th Floor
16  New York, New York 10004
    Telephone: 212.974.7474
17  Email: ssholder@cdas.com, ccole@cdas.com

18  *Attorneys for Plaintiff Christopher Farnsworth and*
    *Representative Plaintiffs and the Proposed Class*
19
                    UNITED STATES DISTRICT COURT
20
                   NORTHERN DISTRICT OF CALIFORNIA
21
                       SAN FRANCISCO DIVISION
22

23  RICHARD KADREY, *et al.*,              Case No. 3:23-cv-03417-VC

24        Individual and Representative    PLAINTIFF CHRISTOPHER
          Plaintiffs,                      FARNSWORTH'S SECOND
25                                         SUPPLEMENTAL RESPONSES TO
    v.                                     DEFENDANT'S FIRST SET OF REQUESTS
26                                         FOR ADMISSIONS
    META PLATFORMS, INC, a Delaware
27  corporation,

28        Defendant.

1    **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

2        Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

3    objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

4    further objects to this Request as an improper subject of a Request for Admission.

5        Subject to and without waiving these objections, Plaintiff DENIES Request No. 26 based

6    on the existence of material from his Asserted Works that purportedly is output from a Meta

7    Large Language Model and has been made publicly available without his permission.

8    **REQUEST FOR ADMISSION NO. 74:**

9        Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

10    right to license the ASSERTED WORK(S) as training data for LLMs.

11    **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

12        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

13    Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

14    *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

15    duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

16    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

17    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

18        Subject to and without waiving these general and specific objections, Plaintiff admits that

19    Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

20    and directs Meta to the terms of such licensing agreements, which speak for themselves.

21    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

22        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

23    Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

24    *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

25    duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

26    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

27    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

28    Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the

1    extent it calls for privileged information.

2        Subject to and without waiving these objections, ==Plaintiff ADMITS Request No. 74==

3    ==insofar as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented==

4    ==Plaintiff a proposal similar to the publicly-reported Harper Collins agreement, which==

5    ==demonstrates that publishers can assist in aggregating licenses that compensate authors for the==

6    ==acquisition of and use of their copyrighted material in connection with LLMs.==

7    **REQUEST FOR ADMISSION NO. 75:**

8        Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

9    license the ASSERTED WORK(S) as training data for LLMs.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

11        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

12    Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

13    at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

14    and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

15    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

16    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

17        Subject to and without waiving these general and specific objections, ==Plaintiff admits that==

18    ==Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works==

19    ==and directs Meta to the terms of such licensing agreements, which speak for themselves.==

20    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

21        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

22    Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

23    at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

24    and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

25    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

26    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

27    Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to

28    the extent that it calls for privileged information.

1          Subject to and without waiving these objections, Plaintiff ADMITS Request No. 75 to the

2    extent that he is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as

3    intermediaries and DENIES any implication that publishers play no role in licensing copyrighted

4    works, including the acquisition of and use of such works in connection with LLMs.

5

6    Dated:          December 27, 2024          Respectfully submitted,

7                                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

8

9                                               By: /s/ Rachel Geman
                                                    Rachel Geman
10

11                                              LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                                250 Hudson Street, 8th Floor
12                                              New York, NY 10013-1413
                                                Telephone: 212.355.9500
13                                              Facsimile: 212.355.959
                                                Email: rgeman@lchb.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3154910.4

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:   jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs,* | |
| | **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant.* | |

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD
SET OF REQUESTS FOR ADMISSION

No. 08-CV-1661-LAB-NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C. 03-5340 JF (RS), 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose." (quoting 7 Moore's Federal Practice § 36.02[1])); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18-CV-11386-VSB-KHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.

Subject to and without waiver of the foregoing objections, Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 71:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admission Numbers 9, 10, and 11. *See e.g., Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits he has not granted the publisher of his ASSERTED WORKS the right to license the ASSERTED WORKS as training data for LLMs. Plaintiff further responds that Plaintiff has entered into licensing agreements with Plaintiff's

1   publisher for the ASSERTED WORK and directs Meta to the terms of such licensing agreements,

2   which speak for themselves.

3   **REQUEST FOR ADMISSION NO. 72:**

4       Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license

5   the ASSERTED WORK(S) as training data for LLMs.

6   **RESPONSE TO REQUEST NO. 72:**

7       Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

8   Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

9   (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

10  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and

11  are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*,

12  No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

13      Subject to and without waiver of the foregoing objections, Plaintiff admits that the publisher of

14  his ASSERTED WORKS does not possess the right to license the ASSERTED WORKS as training

15  data for LLMs. Plaintiff further responds that he has entered into licensing agreements with Plaintiff's

16  publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements,

17  which speak for themselves.

18  **REQUEST FOR ADMISSION NO. 73:**

19      Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

20  license the ASSERTED WORK(S) as training data for LLMs.

21  **RESPONSE TO REQUEST NO. 73:**

22      Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission."

23  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts

24  of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591, at *5 (N.D. Ill.

25  Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not

26  permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*,

27  No. Civ. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

28  Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P.

Dated: November 18, 2024

By:    _/s/ Joseph R. Saveri_
Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD
SET OF REQUESTS FOR ADMISSION

1  Bryan L. Clobes (*pro hac vice*)
2  **CAFFERTY CLOBES MERIWETHER
   & SPRENGEL LLP**
3  135 S. LaSalle Street
   Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:      bclobes@caffertyclobes.com

6  **BOIES SCHILLER FLEXNER LLP**
7  David Boies (*pro hac vice*)
   333 Main Street
8  Armonk, NY 10504
   (914) 749-8200
9  dboies@bsfllp.com

10 *Counsel for Individual and Representative
   Plaintiffs and the Proposed Class*

11

12              **UNITED STATES DISTRICT COURT
13          NORTHERN DISTRICT OF CALIFORNIA
                SAN FRANCISCO DIVISION**

14

15 | RICHARD KADREY, *et al.*,            | Case No. 3:23-cv-03417-VC

16 |     Individual and Representative    | **PLAINTIFF ANDREW SEAN GREER'S**
   |     Plaintiffs,                       | **SECOND SUPPLEMENTAL RESPONSES**
17 |                                       | **TO DEFENDANT'S SECOND AND THIRD**
   | v.                                    | **SETS OF REQUESTS FOR ADMISSIONS**
18 |
   | META PLATFORMS, INC, a Delaware
19 | corporation,
20 |     Defendant.

21
22
23
24
25
26
27
28

1  PROPOUNDING PARTY:  **Defendant Meta Platforms, Inc.**

2  **RESPONDING PARTY:**    **Plaintiff Andrew Sean Greer**

3  **SET NO.:**                **One (Requests Nos. 24 [Second Supplemental], 70 And 71**

4  **[First Supplemental])**

5  ## INTRODUCTION

6  Plaintiff Andrew Sean Greer ("Plaintiff") hereby serves his responses and objections to

7  Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions

8  (the "Requests" or "RFAs").

9  ## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

10  **REQUEST FOR ADMISSION NO. 24:**

11  Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12  models that infringes YOUR ASSERTED WORKS.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15  for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16  it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

17  the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the

18  phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

20  Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

21  objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

22  further objects to this Request as an improper subject of a Request for Admission.

23  Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based

24  on the existence of material from his Asserted Works that purportedly is output from a Meta Large

25  Language Model and has been made publicly available without his permission

26  **REQUEST FOR ADMISSION NO. 70:**

27  Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

28  right to license the ASSERTED WORK(S) as training data for LLMs.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

2         Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

3    Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

4    *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

5    duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

6    and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

7    *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3443925, at *4 (C.D. Cal. July 14, 2014).

8         Subject to and without waiving these general and specific objections, Plaintiff admits that

9    Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

10   and directs Meta to the terms of such licensing agreements, which speak for themselves.

11   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

12        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

13   Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

14   *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

15   duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

16   and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

17   *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3443925, at *4 (C.D. Cal. July 14, 2014). Plaintiff

18   objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it

19   calls for privileged information.

20        Subject to and without waiving these objections, Plaintiff ADMITS Request No. 70 insofar

21   as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a

22   proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that

23   publishers assist in aggregating licenses that compensate authors for the acquisition of and use of

24   their copyrighted material in connection with LLMs.

25   **REQUEST FOR ADMISSION NO. 71:**

26        Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

27   license the ASSERTED WORK(S) as training data for LLMs.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the extent that it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 71 to the extent that he is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as intermediaries and DENIES any implication that publishers play no role in licensing copyrighted works, including the acquisition of and use of such works in connection with LLMs.

1   Dated: December 27, 2024            By:      */s/ Bryan L. Clobes*

2                                                Bryan L. Clobes

3                                       Bryan L. Clobes (*pro hac vice*)
                                        Alexander J. Sweatman (*pro hac vice*)
4                                       Mohammed A. Rathur (*pro hac vice*)
                                        **CAFFERTY CLOBES MERIWETHER**
5                                       **& SPRENGEL LLP**
                                        135 S. LaSalle Street
6                                       Suite 3210
                                        Chicago, IL 60603
7                                       Telephone: (312) 782-4880
                                        Email:      bclobes@caffertyclobes.com
8                                                   asweatman@caffertyclobes.com
9                                                   mrathur@caffertyclobes.com

10

11                                      **BOIES SCHILLER FLEXNER LLP**
                                        David Boies (*pro hac vice*)
12                                      333 Main Street
                                        Armonk, NY 10504
13                                      (914) 749-8200
                                        dboies@bsfllp.com
14
                                        *Counsel for Individual and Representative Plaintiffs*
15                                      *and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Bryan L. Clobes (*pro hac vice*)
2    **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
3    135 S. LaSalle Street
     Suite 3210
4    Chicago, IL 60603
     Telephone: (312) 782-4880
5    Email:       bclobes@caffertyclobes.com

6    **BOIES SCHILLER FLEXNER LLP**
7    David Boies (*pro hac vice*)
     333 Main Street
     Armonk, NY 10504
8    (914) 749-8200
9    dboies@bsfllp.com

10   *Counsel for Individual and Representative Plaintiffs and the Proposed Class*

11

12                **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
13                   **SAN FRANCISCO DIVISION**

14

15   RICHARD KADREY, *et al.*,                   Case No. 3:23-cv-03417-VC

16        Individual and Representative           **PLAINTIFF DAVID HENRY HWANG'S**
          Plaintiffs,                             **SECOND SUPPLEMENTAL RESPONSES**
17                                                **TO DEFENDANT'S SECOND AND THIRD**
     v.                                           **SET OF REQUESTS FOR ADMISSIONS**
18
     META PLATFORMS, INC, a Delaware
19   corporation,

20        Defendant.

21

22

23

24

25

26

27

28

PROPOUNDING PARTY:  **Defendant Meta Platforms, Inc.**

RESPONDING PARTY:  **Plaintiff David Henry Hwang**

SET NO.:  **One (Requests Nos. 24 [Second Supplemental], 69 And 70 [First Supplemental])**

## INTRODUCTION

Plaintiff David Henry Hwang ("Plaintiff") hereby serves his responses and objections to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 24:

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based on the existence of material from his Asserted Works that purportedly is output from a Meta Large Language Model and has been made publicly available without his permission

## REQUEST FOR ADMISSION NO. 69:

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 69 insofar as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that publishers assist in aggregating licenses that compensate authors for the acquisition of and use of their copyrighted material in connection with LLMs.

**REQUEST FOR ADMISSION NO. 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

2           Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

3    Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

4    at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

5    and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

6    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

7    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

8           Subject to and without waiving these general and specific objections, Plaintiff admits that

9    Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

10   and directs Meta to the terms of such licensing agreements, which speak for themselves.

11   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

12          Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

13   Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

14   at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

15   and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

16   36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

17   *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

18   Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the

19   extent that it calls for privileged information.

20          Subject to and without waiving these objections, Plaintiff ADMITS Request No. 70 to the

21   extent that he is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as

22   intermediaries and DENIES any implication that publishers play no role in licensing copyrighted

23   works, including the acquisition of and use of such works in connection with LLMs.

24

25

26

27

28

Dated: December 27, 2024

By:      /s/ Bryan L. Clobes
         Bryan L. Clobes

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 S. LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com


**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:   jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>        *Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 75:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 75:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admission Numbers

9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal.

Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of

other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly

subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-

3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits he has not granted the

publisher of his ASSERTED WORKS the right to license the ASSERTED WORKS as training data for

LLMs. Plaintiff further responds that Plaintiff has entered into licensing agreements with Plaintiff's

publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements,

which speak for themselves.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 76:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

(E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and

are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*,

No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits that the publisher of

his ASSERTED WORKS does not possess the right to license the ASSERTED WORKS as training

data for LLMs. Plaintiff further responds that he has entered into licensing agreements with Plaintiff's

1 ==publisher for the ASSERTED WORKS and directs Meta to the terms of such licensing agreements,==
2 ==which speak for themselves.==

3 **REQUEST FOR ADMISSION NO. 77:**

4     Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission

5 to license the ASSERTED WORK(S) as training data for LLMs.

6 **RESPONSE TO REQUEST NO. 77:**

7     Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission."

8 Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts

9 of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591, at *5 (N.D. Ill.

10 Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not

11 permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*,

12 No. Civ. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

13 Plaintiff to admit to infringement in the context of the hypothetical use of its device"); Fed. R. Civ. P.

14 36 advisory committee's note to 1946 amendment; *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*,

15 No. CV-223741-FLA-RAO, 2023 WL 9004983, at *21 (C.D. Cal. June 23, 2023) (denying motion to

16 compel where the Request for Admission was a hypothetical not tied to the facts at issue and an

17 affirmative response would not reduce the burden on a jury at trial) (*citing Advantus, Corp. v. Sandpiper*

18 *of Cal., Inc.*, No. 19-cv-1892-CAB (NLS), 2021 WL 2038318, at *2 (S.D. Cal. May 21, 2021) and *Apple*

19 *Inc. v. Samsung Elecs. Co.*, No. C 11-cv-1846 LHK (PSG), 2012 WL 952254, at *4 (N.D. Cal. Mar. 20,

20 2012)).

21     Subject to and without waiver of the foregoing objections, Plaintiff admits this Request.

22 **REQUEST FOR ADMISSION NO. 78:**

23     Admit that YOU have not granted another PERSON the right to license YOUR ASSERTED

24 WORK(S) as training data for LLMs.

25 **RESPONSE TO REQUEST NO. 78:**

26     Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

27 Numbers 9, 10, 11, 69, and 70. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

28 at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION

Dated: November 18, 2024

**BOIES SCHILLER FLEXNER LLP**

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

By:     /s/ Joseph R. Saveri
            Joseph R. Saveri

**JOSEPH SAVERI LAW FIRM, LLP**

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

1  Bryan L. Clobes (*pro hac vice*)
2  **CAFFERTY CLOBES MERIWETHER
   & SPRENGEL LLP**
3  135 S. LaSalle Street
   Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:      bclobes@caffertyclobes.com

6  **BOIES SCHILLER FLEXNER LLP**
   David Boies (*pro hac vice*)
7  333 Main Street
   Armonk, NY 10504
8  (914) 749-8200
   dboies@bsfllp.com
9

10 *Counsel for Individual and Representative
   Plaintiffs and the Proposed Class*

11

12              **UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13                    SAN FRANCISCO DIVISION**

14

15 RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC

16      Individual and Representative           **PLAINTIFF MATTHEW KLAM'S
        Plaintiffs,                             SECOND SUPPLEMENTAL RESPONSES
17                                              TO DEFENDANT'S SECOND AND THIRD
   v.                                           SETS OF REQUESTS FOR ADMISSIONS**
18
   META PLATFORMS, INC, a Delaware
19 corporation,

20      Defendant.

21

22

23

24

25

26

27

28

1    **PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

2    **RESPONDING PARTY:    Plaintiff Matthew Klam**

3    **SET NO.:                One (Requests Nos. 24 [Second Supplemental], 67 And 68**

4    **[First Supplemental])**

5                                **INTRODUCTION**

6        Plaintiff Matthew Klam ("Plaintiff") hereby serves his responses and objections to

7    Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions

8    (the "Requests" or "RFAs").

9                **SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

10   **REQUEST FOR ADMISSION NO. 24:**

11       Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12   models that infringes YOUR ASSERTED WORKS.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15   for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16   it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

17   the terms "You" and "Your" as referring to Plaintiff Matthew Klam. Plaintiff objects to the phrase

18   "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

19   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

20       Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

21   objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

22   further objects to this Request as an improper subject of a Request for Admission.

23       Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based

24   on the existence of material from his Asserted Works that purportedly is output from a Meta Large

25   Language Model and has been made publicly available without his permission

26   **REQUEST FOR ADMISSION NO. 67:**

27       Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

28   right to license the ASSERTED WORK(S) as training data for LLMs.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

2      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

3  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

4  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

5  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

6  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

7  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

8      Subject to and without waiving these general and specific objections, Plaintiff admits that

9  Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

10  and directs Meta to the terms of such licensing agreements, which speak for themselves.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

12      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

13  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

14  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

15  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

16  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

17  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff

18  objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it

19  calls for privileged information.

20      Subject to and without waiving these objections, Plaintiff ADMITS Request No. 67 insofar

21  as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a

22  proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that

23  publishers assist in aggregating licenses that compensate authors for the acquisition of and use of

24  their copyrighted material in connection with LLMs.

25  **REQUEST FOR ADMISSION NO. 68:**

26      Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

27  license the ASSERTED WORK(S) as training data for LLMs.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the extent that it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 68 to the extent that he is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as intermediaries and DENIES any implication that publishers play no role in licensing copyrighted works, including the acquisition of and use of such works in connection with LLMs.

Dated: December 27, 2024

By:    _/s/ Bryan L. Clobes_
       Bryan L. Clobes

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 S. LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

PLAINTIFF MATTHEW KLAM'S SUPPLEMENTAL
RESPONSES TO REQUESTS FOR ADMISSION
No. 3:23-CV-03417-VC

1  Bryan L. Clobes (*pro hac vice*)
2  **CAFFERTY CLOBES MERIWETHER
   & SPRENGEL LLP**
3  135 S. LaSalle Street
   Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:      bclobes@caffertyclobes.com

6  **BOIES SCHILLER FLEXNER LLP**
   David Boies (*pro hac vice*)
7  333 Main Street
   Armonk, NY 10504
8  (914) 749-8200
   dboies@bsfllp.com
9

10 *Counsel for Individual and Representative
   Plaintiffs and the Proposed Class*

11

12                **UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA**
13                    **SAN FRANCISCO DIVISION**

14

15 RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC

16        Individual and Representative          **PLAINTIFF LAURA LIPPMAN'S
          Plaintiffs,                            SECOND SUPPLEMENTAL RESPONSES
17                                               TO DEFENDANT'S SECOND AND THIRD
   v.                                            SETS OF REQUESTS FOR ADMISSIONS**
18
   META PLATFORMS, INC, a Delaware
19 corporation,

20        Defendant.

21

22

23

24

25

26

27

28

1    **PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

2    **RESPONDING PARTY:    Plaintiff Laura Lippman**

3    **SET NO.:               One (Requests Nos. 24 [Second Supplemental], 75 And 76**

4    **[First Supplemental])**

5                                     **INTRODUCTION**

6          Plaintiff Laura Lippman ("Plaintiff") hereby serves her responses and objections to

7    Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions

8    (the "Requests" or "RFAs").

9          **SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

10   **REQUEST FOR ADMISSION NO. 24:**

11         Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12   models that infringes YOUR ASSERTED WORKS.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15   for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16   it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

17   the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase

18   "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

19   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

20         Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

21   objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

22   further objects to this Request as an improper subject of a Request for Admission.

23         Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based

24   on the existence of material from her Asserted Works that purportedly is output from a Meta Large

25   Language Model and has been made publicly available without her permission

26   **REQUEST FOR ADMISSION NO. 75:**

27         Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

28   right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 75 insofar as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that publishers assist in aggregating licenses that compensate authors for the acquisition of and use of their copyrighted material in connection with LLMs.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the extent that it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 76 to the extent that she is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as intermediaries and DENIES any implication that publishers play no role in licensing copyrighted works, including the acquisition of and use of such works in connection with LLMs.

1

Dated: December 27, 2024                    By:     _/s/ Bryan L. Clobes_

2                                                  Bryan L. Clobes

3                                          Bryan L. Clobes (*pro hac vice*)
                                           Alexander J. Sweatman (*pro hac vice*)

4                                          Mohammed A. Rathur (*pro hac vice*)
                                           **CAFFERTY CLOBES MERIWETHER**

5                                          **& SPRENGEL LLP**
                                           135 S. LaSalle Street

6                                          Suite 3210

7                                          Chicago, IL 60603
                                           Telephone: (312) 782-4880

8                                          Email:      bclobes@caffertyclobes.com

9                                                       asweatman@caffertyclobes.com
                                                        mrathur@caffertyclobes.com

10

11                                         **BOIES SCHILLER FLEXNER LLP**
                                           David Boies (*pro hac vice*)

12                                         333 Main Street
                                           Armonk, NY 10504

13                                         (914) 749-8200
                                           dboies@bsfllp.com

14
                                           *Counsel for Individual and Representative Plaintiffs*

15                                         *and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:   jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence." *Bovarie v. Schwarzenegger*, No. 08-CV-1661-LAB-NLS, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (*citing Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C. 03-5340 JF (RS), 2006 WL 2578277 (N.D. Cal. Sept. 6, 2006)). To discover new information, parties must use other methods, like depositions, document requests, or interrogatories. *See, e.g., Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that "[w]hile the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose." (quoting 7 Moore's Federal Practice § 36.02[1])); *Spectrum Dynamics Med. Ltd. V. Gen. Elec. Co.*, 18-CV-11386-VSB-KHP, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021) (explaining that RFAs "are not designed to discover information like other discovery rules such as Rule 34" and excusing a party from responding where RFAs were "tantamount to contention interrogatories"). Plaintiff further objects to this Request as calling for legal analysis and a legal conclusion.

Subject to and without waiver of the foregoing objections, Subject to and without waiver of the foregoing objections, no response is required; and to the extent one is required, Plaintiff lacks sufficient knowledge to either admit or deny this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admission Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiver of the foregoing objections, Plaintiff admits she has not granted the publisher of her ASSERTED WORK the right to license the ASSERTED WORK as training data

1  for LLMs. Plaintiff further responds that Plaintiff has entered into licensing agreements with Plaintiff's

2  publisher for the ASSERTED WORK and directs Meta to the terms of such licensing agreements,

3  which speak for themselves.

4  **REQUEST FOR ADMISSION NO. 66:**

5      Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license

6  the ASSERTED WORK(S) as training data for LLMs.

7  **RESPONSE TO REQUEST NO. 66:**

8      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

9  Numbers 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5

10  (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

11  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and

12  are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*,

13  No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

14      Subject to and without waiver of the foregoing objections, Plaintiff admits that the publisher of

15  her ASSERTED WORK does not possess the right to license the ASSERTED WORK as training data

16  for LLMs. Plaintiff further responds that she has entered into licensing agreements with Plaintiff's

17  publisher for the ASSERTED WORK and directs Meta to the terms of such licensing agreements,

18  which speak for themselves.

19  **REQUEST FOR ADMISSION NO. 67:**

20      Admit that the publishers of YOUR ASSERTED WORK(S) would need YOUR permission to

21  license the ASSERTED WORK(S) as training data for LLMs.

22  **RESPONSE TO REQUEST NO. 67:**

23      Plaintiff objects to this Request as vague and ambiguous as to the phrase, "YOUR permission."

24  Plaintiff further objects to this Request because it is an incomplete hypothetical untethered to the facts

25  of the case. *See, e.g.*, *Buchanan v. Chi. Transit Auth.*, No. 16-cv-4577, 2016 WL 7116591, at *5 (N.D. Ill.

26  Dec. 7, 2016) ("Since requests to admit 'must be connected to the facts of the case, courts do not

27  permit "hypothetical" questions within requests for admission.'"); *Fulhorst v. Un. Techs. Auto., Inc.*,

28  No. Civ. A. 96-577-JJF, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997) (denying request "asking

Dated: November 18, 2024

By:     _/s/ Joseph R. Saveri_
                Joseph R. Saveri

**BOIES SCHILLER FLEXNER LLP**

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua I. Schiller (SBN 330653)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jischiller@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
Margaux Poueymirou (SBN 35600)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttoricklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

[*continued on next page*]

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION

1   Bryan L. Clobes (*pro hac vice*)
2   **CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP**
3   135 S. LaSalle Street
    Suite 3210
4   Chicago, IL 60603
    Telephone: (312) 782-4880
5   Email:       bclobes@caffertyclobes.com

6   **BOIES SCHILLER FLEXNER LLP**
    David Boies (*pro hac vice*)
7   333 Main Street
    Armonk, NY 10504
8   (914) 749-8200
    dboies@bsfllp.com
9

10  *Counsel for Individual and Representative
    Plaintiffs and the Proposed Class*

11

12                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
13                     **SAN FRANCISCO DIVISION**

14

15  RICHARD KADREY, *et al.*,                    Case No. 3:23-cv-03417-VC

16          Individual and Representative         **PLAINTIFF RACHEL LOUISE SNYDER'S**
            Plaintiffs,                           **SECOND SUPPLEMENTAL RESPONSES**
17                                                **TO DEFENDANT'S SECOND AND THIRD**
    v.                                            **SETS OF REQUESTS FOR ADMISSIONS**
18
    META PLATFORMS, INC, a Delaware
19  corporation,

20          Defendant.

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:  Defendant Meta Platforms, Inc.**

2  **RESPONDING PARTY:    Plaintiff Rachel Louise Snyder**

3  **SET NO.:                One (Requests Nos. 24 [Second Supplemental], 65 And 66**

4  **[First Supplemental])**

5  ## INTRODUCTION

6  Plaintiff Rachel Louise Snyder ("Plaintiff") hereby serves her responses and objections to

7  Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions

8  (the "Requests" or "RFAs").

9  ## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

10 **REQUEST FOR ADMISSION NO. 24:**

11 Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12 models that infringes YOUR ASSERTED WORKS.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14 Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15 for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16 it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

17 the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the

18 phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds,

19 admit.

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

21 Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

22 objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

23 further objects to this Request as an improper subject of a Request for Admission.

24 Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based

25 on the existence of material from her Asserted Works that purportedly is output from a Meta Large

26 Language Model and has been made publicly available without her permission

27 **REQUEST FOR ADMISSION NO. 65:**

28 Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

1  right to license the ASSERTED WORK(S) as training data for LLMs.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

3      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

4  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

5  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

6  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

7  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los

8  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

9      Subject to and without waiving these general and specific objections, Plaintiff admits that

10  Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

11  and directs Meta to the terms of such licensing agreements, which speak for themselves.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

13      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

14  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

15  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

16  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

17  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los

18  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).  Plaintiff

19  objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it

20  calls for privileged information.

21      Subject to and without waiving these objections, Plaintiff ADMITS Request No. 65 insofar

22  as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a

23  proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that

24  publishers assist in aggregating licenses that compensate authors for the acquisition of and use of

25  their copyrighted material in connection with LLMs.

26  **REQUEST FOR ADMISSION NO. 66:**

27      Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

28  license the ASSERTED WORK(S) as training data for LLMs.

1

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

3         Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

4    Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

5    at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

6    and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

7    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

8    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

9         Subject to and without waiving these general and specific objections, Plaintiff admits that

10   Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

11   and directs Meta to the terms of such licensing agreements, which speak for themselves.

12   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

13        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

14   Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

15   at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

16   and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

17   36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

18   *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

19   Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the

20   extent that it calls for privileged information.

21        Subject to and without waiving these objections, Plaintiff ADMITS Request No. 66 to the

22   extent that she is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as

23   intermediaries and DENIES any implication that publishers play no role in licensing copyrighted

24   works, including the acquisition of and use of such works in connection with LLMs.

25

26

27

28

Dated: December 27, 2024

By:      */s/ Bryan L. Clobes*
Bryan L. Clobes

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com


**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

1  Nada Djordjevic (admitted *pro hac vice*)
2  **DICELLO LEVITT LLP**
   10 North Dearborn St., Sixth Floor
3  Chicago, Illinois 60602
   (312) 214-7900
4  ndjordjevic@dicellolevitt.com

5  *Counsel for Plaintiffs and the Proposed*
   *Class, Additional Counsel Listed Below*
6

                    UNITED STATES DISTRICT COURT
7
                   NORTHERN DISTRICT OF CALIFORNIA
8
                      SAN FRANCISCO DIVISION
9

10  RICHARD KADREY, *et al.*,                Case No. 3:23-cv-03417-VC

11        Individual and Representative       PLAINTIFF LYSA TERKEURST'S SECOND
          Plaintiffs,                         SUPPLEMENTAL RESPONSES TO
12                                            DEFENDANT'S SECOND AND THIRD
    v.                                        SETS OF REQUESTS FOR ADMISSIONS
13
    META PLATFORMS, INC, a Delaware
14  corporation,

15        Defendant.

16  PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

17  RESPONDING PARTY:     PLAINTIFF LYSA TERKEURST

18  SET NO.:              ONE (Requests Nos. 24 [SECOND SUPPLEMENTAL], 69 and 70

19  [FIRST SUPPLEMENTAL])

20                            **INTRODUCTION**

21       Plaintiff Lysa TerKeurst ("Plaintiff") hereby serves her responses and objections to

22  Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second and Third Set of Requests for

23  Admissions (the "Requests" or "RFAs").

24      **SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

25  **REQUEST FOR ADMISSION NO. 24:**

26       Admit that YOU are personally unaware of any text generated by any of Meta's Llama

27  models that infringes YOUR ASSERTED WORKS.

28

PLAINTIFF LYSA TERKEURST'S SUPPLEMENTAL
                                                       RESPONSES TO RFA'S, SET 1
                                                       No. 3:23-CV-03417-VC

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

2         Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

3         calling for discovery that is irrelevant and/or disproportional to the needs of the case

4    because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff.

5    Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst.

6    Plaintiff objects to the phrase "personally unaware" as unintelligible. Subject to and without

7    waiving these objections, Plaintiff denies Request No. 24.

8    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

9         Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

10   objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

11   further objects to this Request as an improper subject of a Request for Admission.

12        Subject to and without waiving these objections, Plaintiff DENIES Request No. 26 based

13   on the existence of material from her Asserted Works that purportedly is output from a Meta

14   Large Language Model and has been made publicly available without her permission.

15   **REQUEST FOR ADMISSION NO. 69:**

16        Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

17   right to license the ASSERTED WORK(S) as training data for LLMs.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

19        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

20   Numbers 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

21   at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

22   and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

23   36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

24   *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

25   Subject to and without waiver of the foregoing objections, ==Plaintiff admits that Plaintiff has entered==

26   ==into licensing agreements with Plaintiff's publisher for the ASSERTED WORKS and directs Meta==

27   ==to the terms of such licensing agreements, which speak for themselves.==

28

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).  Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it calls for privileged information.

Subject to and without waiving these objections, Plaintiff ADMITS Request No. 69 insofar as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that publishers can assist in aggregating licenses that compensate authors for the acquisition of and use of their copyrighted material in connection with LLMs.

**REQUEST FOR ADMISSION NO. 70:**

Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to license the ASSERTED WORK(S) as training data for LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

Subject to and without waiving these general and specific objections, Plaintiff admits that Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works and directs Meta to the terms of such licensing agreements, which speak for themselves.

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

2      Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

3  Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

4  at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

5  and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

6  36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

7  *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

8  Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to

9  the extent that it calls for privileged information.

10      Subject to and without waiving these objections, Plaintiff ADMITS Request No. 70 to the

11  extent that she is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as

12  intermediaries and DENIES any implication that publishers play no role in licensing copyrighted

13  works, including the acquisition of and use of such works in connection with LLMs.

14

15  Dated: December 27, 2024                    By: */s/ James A. Ulwick*

16                                              Amy Keller (admitted *pro hac vice*)
                                                Nada Djordjevic (*pro hac vice*)

17                                              James A. Ulwick (*pro hac vice*)
                                                Madeline E. Hills (*pro hac vice*)

18                                              DiCello Levitt LLP
                                                10 North Dearborn St., Sixth Floor

19                                              Chicago, Illinois 60602
                                                Tel.: (312) 214-7900

20                                              Email: akeller@dicellolevitt.com
                                                      ndjordjevic@dicellolevitt.com

21                                                    julwick@dicellolevitt.com
                                                      mhills@dicellolevitt.com

22

23                                              David A. Straite (admitted *pro hac vice*)
                                                485 Lexington Avenue, Suite 1001

24                                              New York, NY 10017
                                                Tel. (646) 933-1000

25                                              Email: dstraite@dicellolevitt.com

26

27

28

1  Bryan L. Clobes (*pro hac vice*)
2  **CAFFERTY CLOBES MERIWETHER**
   **& SPRENGEL LLP**
3  135 S. LaSalle Street
   Suite 3210
4  Chicago, IL 60603
   Telephone: (312) 782-4880
5  Email:      bclobes@caffertyclobes.com

6  **BOIES SCHILLER FLEXNER LLP**
7  David Boies (*pro hac vice*)
   333 Main Street
   Armonk, NY 10504
8  (914) 749-8200
   dboies@bsfllp.com
9

10 *Counsel for Individual and Representative*
   *Plaintiffs and the Proposed Class*

11

12                **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
13                  **SAN FRANCISCO DIVISION**

14

15  RICHARD KADREY, *et al.*,                Case No. 3:23-cv-03417-VC

16       Individual and Representative       **PLAINTIFF JACQUELINE WOODSON'S**
         Plaintiffs,                         **SECOND SUPPLEMENTAL RESPONSES**
17                                           **TO DEFENDANT'S SECOND AND THIRD**
    v.                                       **SETS OF REQUESTS FOR ADMISSIONS**
18
    META PLATFORMS, INC, a Delaware
19  corporation,

20       Defendant.

21

22

23

24

25

26

27

28

1   **PROPOUNDING PARTY:**  **Defendant Meta Platforms, Inc.**

2   **RESPONDING PARTY:**   **Plaintiff Jacqueline Woodson**

3   **SET NO.:**         **One (Requests Nos. 24 [Second Supplemental], 83 And 84**

4   **[First Supplemental])**

5   <u>**INTRODUCTION**</u>

6       Plaintiff Jacqueline Woodson ("Plaintiff") hereby serves her responses and objections to

7   Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions

8   (the "Requests" or "RFAs").

9   <u>**SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**</u>

10   <u>**REQUEST FOR ADMISSION NO. 24:**</u>

11       Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12   models that infringes YOUR ASSERTED WORKS.

13   <u>**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**</u>

14       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling

15   for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined,

16   it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

17   the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the

18   phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds,

19   admit.

20   <u>**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**</u>

21       Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff

22   objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff

23   further objects to this Request as an improper subject of a Request for Admission.

24       Subject to and without waiving these objections, Plaintiff DENIES Request No. 24 based

25   on the existence of material from her Asserted Works that purportedly is output from a Meta Large

26   Language Model and has been made publicly available without her permission

27   <u>**REQUEST FOR ADMISSION NO. 83:**</u>

28       Admit that YOU have not granted the publishers of YOUR ASSERTED WORK(S) the

1  right to license the ASSERTED WORK(S) as training data for LLMs.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

3  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

4  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

5  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

6  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

7  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

8  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

9  Subject to and without waiving these general and specific objections, Plaintiff admits that

10  Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

11  and directs Meta to the terms of such licensing agreements, which speak for themselves.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

13  Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

14  Nos. 9, 10, and 11. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891, at

15  *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative and

16  duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)

17  and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty. of Los*

18  *Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014). Plaintiff

19  objects to this Request to the extent it calls for a legal conclusion, is overbroad and to the extent it

20  calls for privileged information.

21  Subject to and without waiving these objections, Plaintiff ADMITS Request No. 83 insofar

22  as Plaintiff maintains these rights, and Plaintiff's publisher has not, to date, presented Plaintiff a

23  proposal similar to the publicly-reported Harper Collins agreement, which demonstrates that

24  publishers assist in aggregating licenses that compensate authors for the acquisition of and use of

25  their copyrighted material in connection with LLMs.

26  **REQUEST FOR ADMISSION NO. 84:**

27  Admit that the publishers of YOUR ASSERTED WORK(S) do not possess the right to

28  license the ASSERTED WORK(S) as training data for LLMs.

1

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

3        Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

4    Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

5    at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

6    and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

7    36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

8    *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

9        Subject to and without waiving these general and specific objections, Plaintiff admits that

10   Plaintiff has entered into licensing agreements with Plaintiff's publisher for the Asserted Works

11   and directs Meta to the terms of such licensing agreements, which speak for themselves.

12   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

13       Plaintiff objects to this Request as unreasonably cumulative of Requests for Admissions

14   Nos. 9, 10, 11, and 69. *See e.g.*, *Thorpe v. Hearn*, No. 219CV1974KJMKJNP, 2022 WL 902891,

15   at *5 (E.D. Cal. Mar. 28, 2022) ("Where requests for admission … are unreasonably cumulative

16   and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

17   36(a) and are properly subject to objection.") (internal citations omitted); *see also K.C.R. v. Cnty.*

18   *of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3433925, at *4 (C.D. Cal. July 14, 2014).

19   Plaintiff objects to this Request to the extent it calls for a legal conclusion, is overbroad, and to the

20   extent that it calls for privileged information.

21       Subject to and without waiving these objections, Plaintiff ADMITS Request No. 84 to the

22   extent that she is the owner of those rights, but Plaintiff DENIES that publishers cannot serve as

23   intermediaries and DENIES any implication that publishers play no role in licensing copyrighted

24   works, including the acquisition of and use of such works in connection with LLMs.

25

26

27

28

PLAINTIFF JACQUELINE WOODSON'S SUPPLEMENTAL
RESPONSES TO REQUESTS FOR ADMISSION
No. 3:23-CV-03417-VC

1    Dated: December 27, 2024                By:    _/s/ Bryan L. Clobes_
2                                                    Bryan L. Clobes
3                                            Bryan L. Clobes (*pro hac vice*)
     Alexander J. Sweatman (*pro hac vice*)
4                                            Mohammed A. Rathur (*pro hac vice*)
     **CAFFERTY CLOBES MERIWETHER**
5    **& SPRENGEL LLP**
     135 S. LaSalle Street
6    Suite 3210
     Chicago, IL 60603
7    Telephone: (312) 782-4880
     Email:    bclobes@caffertyclobes.com
8                                                    asweatman@caffertyclobes.com
9                                                    mrathur@caffertyclobes.com
10
11   **BOIES SCHILLER FLEXNER LLP**
     David Boies (*pro hac vice*)
12   333 Main Street
     Armonk, NY 10504
13   (914) 749-8200
     dboies@bsfllp.com
14
     *Counsel for Individual and Representative Plaintiffs*
15   *and the Proposed Class*
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF JACQUELINE WOODSON'S SUPPLEMENTAL
RESPONSES TO REQUESTS FOR ADMISSION
No. 3:23-CV-03417-VC