COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:    (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: META'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, narrowly tailored portions of certain documents, related to Meta's Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Summary Judgment Motion"). Meta respectfully submits that compelling reasons and good cause exist for the filing of these materials under seal. The Motion is based on the following Memorandum of Points and Authorities and the Declaration of Michelle Woodhouse ("Woodhouse Declaration") in support of this Motion.

Pursuant to Civil Local Rule 79-5(f), Meta also respectfully submits this Administrative Motion To Consider Whether Another Party's Material Should Be Sealed Re: Meta's Motion for Summary Judgement.

A [Proposed] Order is filed concurrently herewith.

**I.   LEGAL STANDARD**

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas non-dispositive motions are subject to the "good cause" standard, dispositive motions are subject to the "compelling reason" standard . *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information"). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle

for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal quotations and citation omitted).

II. **ARGUMENT**

Given the dispositive nature of the underlying motions, the compelling reason standard applies here. The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

In consideration of the Court's guidance in its Sealing Order, Meta requests sealing only narrowly tailored portions of the documents in the following chart. Specifically, Meta respectfully requests the Court's permission to seal four discrete categories of information: **(1)** information subject to third-party confidentiality obligations; **(2)** Meta employee home addresses to safeguard privacy; **(3)** internal financial information and forecasts; and **(4)** randomized portions of internal Meta file paths and document URL paths, disclosure of which risks facilitating access by unauthorized parties—these materials have no relevance to the case, and Meta has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing the need for public access to the information.

| Document | Sealing Request |
|---|---|
| **Woodhouse Ex. A** – Ex. 22 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. B** – Ex. 26 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |

| | |
|---|---|
| **Woodhouse Ex. C** – Ex. 27 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. D** – Ex. 31 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. E** – Ex. 32 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. F** – Ex. 35 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. G** – Ex. 40 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. H** – Ex. 42 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. I** – Ex. 44 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. J** – Ex. 46 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |
| **Woodhouse Ex. K** – Ex. 50 to the Ghajar Declaration | **Portions annotated in BLUE boxes** |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials subject to third-party confidentiality obligations,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on third-party confidentiality obligations, (Dkt. 391-1, ¶ 6))); *Open Text S.A. v. Box*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations); *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014) ("compelling reasons . . . to seal . . . confidential [agreement] terms …."); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (similar); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons'

standard"); **(2) materials comprising employees' personally identifying information,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on concerns regarding disclosure of employee personally identifiable information, (Dkt. 391-1, ¶ 5))); *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (compelling reasons to seal personally identifying information, including employee names and emails); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (similar, and collecting cases); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (compelling reasons to seal employee identification numbers); **(3) internal financial information,** *e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information, and sensitive financial information sealable); *In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal portions of the parties' briefing on summary judgment and class certification, and accompanying materials to "maintain[] the confidentiality of information about [defendant's] technology and internal business operations"); *Kyowa Hakko Kirin v. Aragen Bioscience*, No. 16-cv-05993-JD, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding good cause to protect "confidential third-party information, the disclosure of which may violate confidentiality provisions in . . . agreements . . . and cause competitive and financial harm by allowing . . . competitors insight into . . . [business] strategies and efforts"); *Nextpulse v. Brunswick*, No. 22-cv-04071-HSG, 2023 WL 1880949, at *7 (N.D. Cal. Feb. 10, 2023) (finding "compelling reasons to seal [asset purchase agreement because it comprises] confidential, strategic and competitively sensitive business information"); **and (4) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on cybersecurity concerns, (Dkt. 391-1, ¶ 9))); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089, at *6 (N.D. Cal. June 30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No.

20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to Meta's third-party obligations, and to protecting Meta and its employees from harm.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents). Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration, and are limited to materials that are either tangential or irrelevant to the claims at issue in this case, such as employee emails and file pathways, and competitive information such as product-specific internal financial information and forecasts. Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta, its employees, and third-party partners against competitive and illicit harms, but also the public's interest in accessing these materials is minimal at best.

### III. ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: META'S MOTION FOR SUMMARY JUDGEMENT

Pursuant to Civil Local Rules 7-11, 79-5(f), and this Court's Standing Order on Motions to Seal, Meta respectfully submits this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, filed in connection with Meta's Summary Judgement Motion. The Motion contains, in various places, summaries or descriptions of material that Plaintiff has designated as "Confidential" or "Highly Confidential - Attorneys Eyes Only," as defined in the parties' Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (ECF No. 90, the "Protective Order"), or a third party has indicated is confidential. Meta is also filing the exhibits in support of the Motion listed in the

following chart under seal because they are either designated, or refer to material that is designated, as "Confidential" or "Attorneys' Eyes Only" by Plaintiffs.

| Document | Sealing Request |
|---|---|
| **Meta's Summary Judgment Motion** | Portions annotated in GREEN and/or RED boxes |
| **Sinkinson Declaration** | Portions annotated in GREEN and/or RED boxes |
| **Ex. 1 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 2 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 4 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 6 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 7 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 8 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 10 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 13 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 14 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 15 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 16 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 17 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |
| **Ex. 22 to Ghajar Declaration ISO Meta's Summary Judgement Motion** | Entire document |

A [Proposed] Order is filed concurrently herewith.

Meta is provisionally filing these materials under seal out of an abundance of caution based on the potential confidentiality of the information contained in these exhibits.

**IV.    CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

| | | |
|---|---|---|
| 1 | Dated: March 24, 2025 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Juan Pablo Gonzalez* |
| | | Bobby Ghajar |
| 4 | | Mark Weinstein |
| | | Kathleen Hartnett |
| 5 | | Teresa Michaud |
| | | Phillip Morton |
| 6 | | Judd Lauter |
| | | Liz Stameshkin |
| 7 | | Matthew Brigham |
| | | Colette Ghazarian |
| 8 | | Juan Pablo Gonzalez |
| | | Cole A. Poppell |
| 9 | | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 10 | | Angela L. Dunning |
| 11 | | Attorneys for Defendant META PLATFORMS, INC. |
| 12 | *Full Counsel List* | |
| 13 | COOLEY LLP | |
| 14 | PHILLIP MORTON *(pro hac vice)* (pmorton@cooley.com) | |
| 15 | COLE A. POPPELL *(pro hac vice)* (cpoppell@cooley.com) | |
| 16 | 1299 Pennsylvania Avenue, NW, Suite 700 Washington, DC 20004-2400 | |
| 17 | Telephone:     (202) 842-7800 | |
| 18 | COOLEY LLP MATTHEW BRIGHAM (191428) | |
| 19 | (mbrigham@cooley.com) JUAN PABLO GONZALEZ (334470) | |
| 20 | (jgonzalez@cooley.com) 3175 Hanover Street | |
| 21 | Palo Alto, CA  94304-1130 Telephone:     (650) 843-5000 | |

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Los Angel County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 355 South Grand Avenue, Suite 900, Los Angeles, CA 90071. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: META'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

*See Service List on next page:*

Executed this March 24, 2025, at Palo Alto, California.

/s/ Jocelyn McIntosh
Jocelyn McIntsh

**SERVICE LIST**

| | |
|---|---|
| Joseph R. Saveri<br>Cadio Zirpoli<br>Christopher K.L. Young<br>Holden Benon<br>Louis Andrew Kessler<br>Aaron Cera<br>Margaux Poueymirou<br>Melissa Tribble<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Email: jsaveri@saverilawfirm.com<br>       czirpoli@saverilawfirm.com<br>       cyoung@saverilawfirm.com<br>       hbenon@saverilawfirm.com<br>       lkessler@saverilawfirm.com<br>       acera@saverilawfirm.com<br>       mpoueymirou@saverilawfirm.com<br>       mtribble@saverilawfirm.com<br><br>Matthew Butterick<br>**MATTHEW BUTTERICK, ATTORNEY AT LAW**<br>1920 Hillhurst Avenue, #406<br>Los Angeles, CA 90027<br>Email: mb@butterricklaw.com<br><br>*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*<br><br>Bryan L. Clobes (admitted *pro hac vice*)<br>Alexander J. Sweatman (admitted *pro hac vice*)<br>Mohammed Rathur<br>**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**<br>135 South LaSalle Street, Suite 3210<br>Chicago, IL 60603<br>Email: bclobes@caffertyclobes.com<br>       asweatman@caffertyclobes.com<br>       mrathur@caffertyclobes.com<br><br>*Attorneys for Individual and Representative Plaintiffs and the Proposed Class* | Joshua I. Schiller, Esq.<br>Maxwell Vaughn Pritt, Esq.<br>**BOIES SCHILLE FLEXNER**<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Email: jischiller@bsfllp.com<br>       mpritt@bsfllp.com<br><br>David Boise, Esq. (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER**<br>333 Main Street<br>Armonk, NY 10504<br>Email: dboies@bsfllp.com<br><br>Jesse Panuccio (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER**<br>1401 New York Ave. NW<br>Washington, DC 20005<br>Email: jpanuccio@bsfllp.com<br><br>*Attorneys for Individual and Representative Plaintiffs and the Proposed Class* |

Cooley LLP
Attorneys at Law

10

Meta Platforms, inc.
Admin Mtn to Seal
3:23-cv-03417-VC-TSH

| | |
|---|---|
| Elizabeth J. Cabraser, Esq.<br>Daniel M. Hutchinson, Esq.<br>Reilly T. Stoler, Esq.<br>**LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Email: ecabraser@lchb.com<br>       dhutchinson@lchb.com<br>       rstoler@lchb.com<br><br>Rachel Geman<br>**LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP**<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>Telephone: (212) 355-9500<br>Email: rgeman@lchb.com<br><br>Attorneys for Plaintiff *Christopher Farnsworth and Representative Plaintiffs and the Proposed Class* | Brian O'Mara<br>**DiCELLO LEVITT LLP**<br>4747 Executive Drive, Suite 240<br>San Diego, CA 92121<br>Email: BrianO@dicellolevitt.com<br><br>Amy Keller (admitted *pro hac vice*)<br>James A. Ulwick (admitted *pro hac vice*)<br>Nada Djordjevic (admitted *pro hac vice*)<br>**DiCELLO LEVITT LLP**<br>10 North Dearborn St., Sixth Floor<br>Chicago, IL 60602<br>Email: akeller@dicellolevitt.com<br>       julwick@dicellolevitt.com<br>       ndjordjevic@dicellolevitt.com<br><br>David A. Straite (admitted *pro hac vice*)<br>**DiCELLO LEVITT LLP**<br>485 Lexington Avenue, Suite 1001<br>New York, NY 10017<br>Email: dstraite@dicellolevitt.com<br><br>*Attorneys for Plaintiff Lysa TerKeurst* |
| | Nancy Evelyn Wolff<br>**COWAN DEBAETS ABRAHAMS &<br>SHEPPARD LLP**<br>9454 Wilshire Boulevard, Suite 901<br>Beverly Hills, CA 90212<br>Telephone: (310) 340-6334<br>Fax: (310) 492-4394<br>Email: NWolff@cdas.com<br><br>Scott J. Sholder<br>CeCe M. Cole<br>**COWAN DEBAETS ABRAHAMS &<br>SHEPPARD LLP**<br>60 Broad Street, 30th Floor<br>New York, New York 10004<br>Telephone: (212) 974-7474<br>Email: ssholder@cdas.com<br>       ccole@cdas.com<br><br>Attorneys for Plaintiff *Christopher Farnsworth and Representative Plaintiffs and the Proposed Class* |