UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　Defendant. | Case No.  23-cv-03417-VC<br><br>**ORDER ON SEALING REQUESTS**<br>Re: Dkt. Nos. 428, 431, 449, 479 |

　　　　Meta's sealing requests in dkt. nos. 428, 431, 449, and 479 are granted except with respect to certain proposed redactions to Exhibit 4 to the February 20 Woodhouse declaration, dkt. no. 449-4, and certain proposed redactions to the plaintiffs' baseball arbitration proposal, dkt. no. 479-1. With respect to Exhibit 4, Meta's request is denied as to the fourth redaction on ECF page 4, the third redaction on ECF page 5, and the redaction on ECF page 6. With respect to the plaintiffs' baseball arbitration letter, Meta's request is denied as to the third redaction on ECF page 3, the word "Backpedal" on ECF page 3, and the word "dataset" where Meta seeks to redact it from ECF pages 3 and 4. Meta is ordered to refile these documents without those redactions by Friday, March 28. The parties are also ordered to refile by Friday any materials submitted in connection with the plaintiffs' recent letters (dkt. nos. 419, 430, and 468) that were originally filed under seal but for which Meta did not request redactions.

　　　　For future reference, the Court will likely grant requests to redact the names of third parties with which Meta was or is negotiating. But it will likely reject requests to redact information about Meta evaluating the tradeoffs between licensing and using LibGen, or about the prices Meta would have needed to pay for licensing, because that information is potentially

of high relevance to the merits of the case and it's not clear how disclosure would be unfair to Meta.

**IT IS SO ORDERED.**

Dated: March 25, 2025

_____
VINCE CHHABRIA
United States District Judge