United States District Court
Northern District of California

1

2

3

4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7    RICHARD KADREY, et al.,                    Case No.  23-cv-03417-VC   (TSH)

8                Plaintiffs,

9        v.                                     **DISCOVERY ORDER**

10   META PLATFORMS, INC.,                      Re: Dkt. No. 481

11               Defendant.

12

13       In ECF No. 484, the Court addressed Plaintiffs' motion to compel the production of the

14   notes taken by Meta's rebuttal expert Christopher Bakewell's staff during interviews he conducted

15   of Meta employees Sy Choudhury and Amrish Acharya and Meta experts Dr. Lyle Ungar and Dr.

16   Michael Sinkinson.  The Court concluded that Bakewell had read the notes and considered them

17   based on his deposition testimony that his staff either put the notes directly into the draft of the

18   report or that this was done quickly thereafter.  However, the Court also noted that this was not

19   necessarily the end of the story because the notes could be part of a draft report or could be

20   opinion work product.  Accordingly, the Court ordered Meta to submit the notes in hard copy for

21   in camera review, and to lodge a copy of Bakewell's report.

22       Meta has now submitted for in camera review the following items:

23       • Documents 1 and 2 relate to a January 30, 2025 interview with Acharya.

24         Document 7 is a draft of Bakewell's report dated January 30, 2025.  It is the earliest

25         saved draft of the report following the interview with Acharya.

26       • Document 3 relates to a January 29, 2025 interview with Choudhury.  Document 6

27         is a January 29, 2025 draft of Bakewell's report.  It is the earliest saved draft of the

28         report following the interview with Choudhury.

United States District Court
Northern District of California

1    • Document 4 relates to a January 31, 2025 interview with Ungar. Document 8 is a

2    January 31, 2025 draft of Bakewell's report. It is the earliest saved draft of the

3    report following the interview with Ungar.

4    • Document 5 is a January 21, 2025 draft of Bakewell's report. It is the earliest

5    saved draft of the report following the January 21 interview with Sinkinson.[1]

6    Having reviewed these items, the Court now concludes that there is no basis to think that

7 Bakewell considered the notes his staff took of these interviews. Meta states that those notes are

8 the items boxed in green in documents 1-4. Contrary to the impression left by Bakewell's

9 deposition testimony, those notes did not end up in the draft reports.

10    There are references to the interviews in the draft reports, but in every case they are part of

11 the draft of the report or they are opinion work product. There is not, for example, a summary of

12 any of these interviews in the drafts of the report.

13    Accordingly, the Court finds that the notes of these interviews were not "considered" by

14 Bakewell (Rule 26(a)(2)(B)(ii)), and the references to the interviews in the draft reports are either

15 drafts of the report (Rule 26(b)(4)(B)) or opinion work product (Rule 26(b)(4)(C)). Plaintiffs'

16 motion to compel is therefore **DENIED**.

17    **IT IS SO ORDERED.**

18

19 Dated: April 1, 2025

20

21    THOMAS S. HIXSON
      United States Magistrate Judge

22

23

24

25

26

27

28 [1] Meta represents that Bakewell's staff did not take any notes regarding the interview with Sinkinson.