# EXHIBIT 161

**PROPOUNDING PARTIES:**        **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**        **Plaintiff Ta-Nehisi Coates**

**SET NUMBER:**        **One (1)**

Plaintiff Ta-Nehisi Coates ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

### REQUEST FOR ADMISSION NO. 1:

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

### RESPONSE TO REQUEST NO. 1:

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff responds: Deny.

Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    215-864-2800
Email:          bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
Email:
          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:          dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
                  czirpoli@saverilawfirm.com
                  cyoung@saverilawfirm.com
                  Lkessler@saverilawfirm.com
                  hbenon@saverilawfirm.com
                  kmcmahon@saverilawfirm.com
                  acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

## SERVICE LIST

Bobby A. Ghajar
Colette Ani Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com
      cghazarian@cooley.com

Kathleen R. Hartnett
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Email: khartnett@cooley.com

*Counsel for Defendant*
*Meta Platforms, Inc.*

Judd D. Lauter
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Email: jlauter@cooley.com

Mark Alan Lemley
**LEX LUMINA PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Email: mlemley@lex-lumina.com

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:          mb@butterricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:          bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>              *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF JUNOT DÍAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Junot Díaz**

**SET NUMBER:**          **One (1)**

Plaintiff Junot Díaz ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Lead Case No. 3:23-cv-03417-VC          1

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF JUNOT DÍAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff responds: Deny.

Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    215-864-2800
Email:        bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
Email:
          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:        dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          Lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632

Lead Case No. 3:23-cv-03417-VC

4

PLAINTIFF JUNOT DÍAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940
Email:       jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             tmanfredi@saverilawfirm.com
             hbenon@saverilawfirm.com
             kmcmahon@saverilawfirm.com
             acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

**PROPOUNDING PARTIES:**         **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Andrew Sean Greer**

**SET NUMBER:**                  **One (1)**

Plaintiff Andrew Sean Greer ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

### GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

### OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Plaintiff responds: Deny.


Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     215-864-2800
Email:         bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     312-782-4880
Email:
          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:         dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          Lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:   (323)968-2632

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               tmanfredi@saverilawfirm.com
               hbenon@saverilawfirm.com
               kmcmahon@saverilawfirm.com
               acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@butcoricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

**PROPOUNDING PARTIES:**     **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**     **Plaintiff David Henry Hwang**

**SET NUMBER:**     **One (1)**

Plaintiff David Henry Hwang ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Plaintiff responds: Deny.


Dated: March 7, 2024                    /s/ *Bryan L. Clobes*
                                        Bryan L. Clobes (*pro hac vice*)
                                        **CAFFERTY CLOBES MERIWETHER**
                                        **& SPRENGEL LLP**
                                        205 N. Monroe Street
                                        Media, PA 19063
                                        Telephone:    215-864-2800
                                        Email:        bclobes@caffertyclobes.com


                                        Alexander J. Sweatman (*pro hac vice*)
                                        **CAFFERTY CLOBES MERIWETHER**
                                        **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone:    312-782-4880
                                        Email:
                                              asweatman@caffertyclobes.com


                                        Daniel J. Muller (State Bar No. 193396)
                                        **VENTURA HERSEY & MULLER, LLP**
                                        1506 Hamilton Avenue
                                        San Jose, California 95125
                                        Telephone: (408) 512-3022
                                        Facsimile: (408) 512-3023
                                        Email:        dmuller@venturahersey.com


                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K. L. Young (State Bar No. 318371)
                                        Louis A. Kessler (State Bar No. 243703))
                                        Holden Benon (State Bar No. 325847)
                                        Kathleen J. McMahon (State Bar No. 340007)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1000
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:        jsaveri@saverilawfirm.com
                                                      czirpoli@saverilawfirm.com
                                                      cyoung@saverilawfirm.com
                                                      Lkessler@saverilawfirm.com
                                                      hbenon@saverilawfirm.com
                                                      kmcmahon@saverilawfirm.com
                                                      acera@saverilawfirm.com


                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:   (323)968-2632

Lead Case No. 3:23-cv-03417-VC                    4
PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@buttercklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PROPOUNDING PARTIES:            **Defendant Meta Platforms, Inc.**

RESPONDING PARTIES:             **Plaintiff Matthew Klam**

SET NUMBER:                     **One (1)**

Plaintiff Matthew Klam ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Lead Case No. 3:23-cv-03417-VC                    1

PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff responds: Deny.


Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     215-864-2800
Email:          bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     312-782-4880
Email:
          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:          dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          Lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632

Lead Case No. 3:23-cv-03417-VC                     4

PLAINTIFF MATTHEW KLAM'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butticklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

**PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Laura Lippman**

**SET NUMBER:**          **One (1)**

Plaintiff Laura Lippman ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.     Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU  lost  a  specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Plaintiff responds: Deny.

Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     215-864-2800
Email:          bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     312-782-4880
Email:
          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:          dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          Lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632

Lead Case No. 3:23-cv-03417-VC                                    4
PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            lkessler@saverilawfirm.com
            hbenon@saverilawfirm.com
            kmcmahon@saverilawfirm.com
            acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:        mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
| *Defendant*. | |

**PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Christopher Golden**

**SET NUMBER:**          **One (1)**

Plaintiff Christopher Golden ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.          Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.          Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Lead Case No. 3:23-cv-03417-VC                    1

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "wrote portions of."

Plaintiff responds: Deny.

Dated: March 7, 2024

By:    */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
lkessler@saverilawfirm.com
hbenon@saverilawfirm.com
kmcmahon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:    mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST
SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          lkessler@saverilawfirm.com
          hbenon@saverilawfirm.com
          kmcmahon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTIES:**        **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**        **Plaintiff Richard Kadrey**

**SET NUMBER:**        **One (1)**

Plaintiff Richard Kadrey ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Lead Case No. 3:23-cv-03417-VC                1

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "wrote portions of."

Plaintiff responds: Deny.

Dated: March 7, 2024

By:    */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
Lkessler@saverilawfirm.com
hbenon@saverilawfirm.com
kmcmahon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:    mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            lkessler@saverilawfirm.com
            hbenon@saverilawfirm.com
            kmcmahon@saverilawfirm.com
            acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:        mb@butticklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF SARAH SILVERMAN'S** |
| v. | **RESPONSES TO DEFENDANT META** |
| | **PLATFORMS, INC.'S FIRST SET OF** |
| Meta Platforms, Inc., | **REQUESTS FOR ADMISSION** |
| | |
| *Defendant*. | |

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

**PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Sarah Silverman**

**SET NUMBER:**          **One (1)**

Plaintiff Sarah Silverman ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "wrote portions of."

Plaintiff responds: Deny.


Dated: March 7, 2024                    By:    _/s/ Joseph R. Saveri_
                                                Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K. L. Young (State Bar No. 318371)
                                        Louis A. Kessler (State Bar No. 243703)
                                        Holden Benon (State Bar No. 325847)
                                        Kathleen J. McMahon (State Bar No. 340007)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1000
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:    jsaveri@saverilawfirm.com
                                                  czirpoli@saverilawfirm.com
                                                  cyoung@saverilawfirm.com
                                                  lkessler@saverilawfirm.com
                                                  hbenon@saverilawfirm.com
                                                  kmcmahon@saverilawfirm.com
                                                  acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:  (323)968-2632
                                        Facsimile:  (415) 395-9940
                                        Email:    mb@buttoricklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        205 N. Monroe Street
                                        Media, PA 19063
                                        Telephone: (215) 864-2800
                                        Email:    bclobes@caffertyclobes.com

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        tmanfredi@saverilawfirm.com
        hbenon@saverilawfirm.com
        kmcmahon@saverilawfirm.com
        acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:    mb@butticklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:    bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>    *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>    *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTIES:**          **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**          **Plaintiff Rachel Louise Snyder**

**SET NUMBER:**          **One (1)**

Plaintiff Rachel Louise Snyder ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff responds: Deny.

Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:      215-864-2800
Email:           bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:      312-782-4880
Email:
          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:           dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                Lkessler@saverilawfirm.com
                hbenon@saverilawfirm.com
                kmcmahon@saverilawfirm.com
                acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
|     *Individual and Representative Plaintiffs*, | **PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Meta Platforms, Inc., | |
|     *Defendant*. | |

**PROPOUNDING PARTIES:**    **Defendant Meta Platforms, Inc.**

**RESPONDING PARTIES:**    **Plaintiff Jacqueline Woodson**

**SET NUMBER:**    **One (1)**

Plaintiff Jacqueline Woodson ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

Lead Case No. 3:23-cv-03417-VC                    1

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this Request as vague and ambiguous as to the terms "unaware," "any specific licensing opportunity," and "lost." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any documentary evidence that YOU lost a specific licensing opportunity due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "lost," and "specific licensing opportunity." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff responds: Deny.

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff responds: Deny.


Dated: March 7, 2024

/s/ *Bryan L. Clobes*
Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    215-864-2800
Email:    bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
Email:
    asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:    dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Louis A. Kessler (State Bar No. 243703))
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:    jsaveri@saverilawfirm.com
    czirpoli@saverilawfirm.com
    cyoung@saverilawfirm.com
    Lkessler@saverilawfirm.com
    hbenon@saverilawfirm.com
    kmcmahon@saverilawfirm.com
    acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632

Lead Case No. 3:23-cv-03417-VC                4
PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Rachel Geman (*pro hac vice*)
rgeman@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592
Email: rgeman@lchb.com

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: 212.974.7474
Email: ssholder@cdas.com
ccole@cdas.com

Attorneys for Plaintiff
*Christopher Farnsworth and*
*Representative Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al*., | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | PLAINTIFF CHRISTOPHER FARNSWORTH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS |

3139042.2

v.

META PLATFORMS, INC, a Delaware corporation,

    Defendant.

PROPOUNDING PARTY:   DEFENDANT META PLATFORMS, INC.

RESPONDING PARTY:    PLAINTIFF CHRISTOPHER FARNSWORTH

SET NO.:           ONE

## INTRODUCTION

Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his supplemental responses and objections to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work product doctrine, expert disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

3.    Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

3139042.2

- 2 -

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO RFA'S, SET 1
No. 3:23-CV-03417-VC

**RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects that the terms "unaware," "lost sales," and "due to the infringement alleged" are vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff responds that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects that the terms "unaware," "lost sales," and "due to the infringement alleged" are vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff denies Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects that the terms "unaware," "any documentary evidence," "supporting the contention," and "lost sales" are vague and ambiguous. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff responds that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects that the terms "unaware," "any documentary evidence," "supporting the contention," and "lost sales" are vague and ambiguous. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff denies Request No. 2.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost due to Meta's alleged infringement of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects that the terms "unaware," "any specific licensing opportunity," and "lost" are vague and ambiguous. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff responds that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects that the terms "unaware," "any specific licensing opportunity," and "lost" are vague and ambiguous. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff denies

Dated:        November 27, 2024        Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


By: */s/ Rachel Geman*
        Rachel Geman


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.959
Email: rgeman@lchb.com

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Kenneth S. Byrd. (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2375
Telephone: 615.313.9000
Email: kbyrd@lchb.com
bsugar@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: 212.974.7474
Email: ssholder@cdas.com
ccole@cdas.com

*Representative Plaintiffs and the Proposed Class*

3139042.2

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO RFA'S, SET 1
No. 3:23-CV-03417-VC

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs and the Proposed
Class, Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST, | Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| META PLATFORMS, INC.; | |
| *Defendant.* | |

Plaintiff Lysa TerKeurst ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admissions (the "Requests" or "RFAs").

## GENERAL OBJECTIONS

1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert

1

disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action.

Discovery in this matter is ongoing and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any of YOUR ASSERTED WORKS due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "lost sales," and "due to the infringement alleged." Subject to and without waiving the foregoing objections, and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff denies Request for Admission No. 1.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any documentary evidence supporting the contention that YOU have lost sales of any work due to the infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to this Request as vague and ambiguous as to the terms and/or phrases "unaware," "any documentary evidence," "supporting the contention," and "lost sales." Subject to and without waiving the foregoing objections and given that Plaintiff has alleged that Defendant's training dataset "comes from copyrighted works—including books written by Plaintiff—that were copied by Meta without consent, without credit, and without compensation," Plaintiff denies Request for Admission No. 2.

foregoing objections, Plaintiff denies in part and admits in part. Plaintiff denies that she has not received compensation from a THIRD PARTY to use Plaintiff's ASSERTED WORKS. Plaintiff admits that she has not received compensation from a THIRD PARTY to use Plaintiff's ASSERTED WORKS to train an artificial intelligence model.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU are unaware of any COMMUNICATIONS preceding the initiation of the ACTION in which a THIRD PARTY offered YOU compensation to use YOUR ASSERTED WORKS to train an artificial intelligence model.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects to the definition of YOU as it relates to this Request as it calls for a legal conclusion. Plaintiff objects to this Request as vague and overbroad as to the terms and/or phrases "compensation" and "train an artificial intelligence model." Subject to and without waiving the foregoing objections, Plaintiff admits in part and denies in part. Plaintiff admits that she is unaware of any COMMUNICATIONS preceding the initiation of the ACTION in which a THIRD PARTY offered Plaintiff compensation to use her ASSERTED WORKS to train an artificial intelligence model. Plaintiff denies that she is unaware of any COMMUNICATIONS preceding the initiation of the ACTION in which a THIRD PARTY offered Plaintiff compensation to use her ASSERTED WORKS.

**REQUEST FOR ADMISSION NO. 7:**

Admit that other PERSONS (i.e. THIRD PARTIES) wrote portions of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to this Request as vague and ambiguous as to the phrase "wrote portions of." Without waiving any objections, Plaintiff denies Request for Admission No. 7.

Dated: August 16, 2024                    By: /s/ *James A. Ulwick*
                                          David A. Straite (admitted *pro hac vice*)

4

485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel. (646) 933-1000
Email: dstraite@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
Email: akeller@dicellolevitt.com
           ndjordjevic@dicellolevitt.com
           julwick@dicellolevitt.com

Brian O'Mara
4747 Executive Drive, Suite 240
San Diego, California 92121
Tel.: (619) 923-3939
Email: bomara@dicellolevitt.com

RMP, LLP
Seth Haines (admitted *pro hac vice*)
Timothy Hutchinson (admitted *pro hac vice*)
5519 Hackett St., Suite 300
Springdale, AK 72762
Telephone: (479) 443-2705
Email: shaines@rmp.law
           thutchinson@rmp.law
           lgeary@rmp.law

POYNTER LAW GROUP
Scott Poynter (admitted *pro hac vice*)
407 President Clinton Ave., Suite 201
Little Rock, AK 72201
Telephone: (501) 812-3943
Email: scott@poynterlawgroup.com

Bryan L. Clobes (admitted *pro hac vice*)
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP
205 N. Monroe Street
Media, PA 19063
Telephone: 215-864-2800
Email: bclobes@caffertyclobes.com

5

PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META
PLATFORMS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION
No. 3:23-cv-03417-VC