GHAJAR
EXHIBIT 54

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION

4    ----------------------------:

5    RICHARD KADREY, et al.,        :

6        Individual and            :

7      Representative Plaintiffs,:

8            vs.                   : Case No.:

9    META PLATFORMS, INC.,          : 3:23-cv-03417-VC

10   a Delaware corporation;        :

11              Defendant.         :

12   ----------------------------:

13      VIDEOTAPED DEPOSITION OF MATTHEW C. KLAM

14      Cleary Gottlieb Steen & Hamilton, LLP

15          Tuesday, December 10, 2024

16                 9:40 a.m.

17

18   Reported by:

19   Robert M. Jakupciak, RPR

20   JOB No. SF-7030273

21

22   PAGES 1 - 381

                                        Page 1



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Page 27

```
1              REPORTER'S CERTIFICATE

2

3         I, ROBERT M. JAKUPCIAK, an RPR and

4    Notary Public within and for the District of

5    Columbia do hereby certify:

6         That the witness whose deposition is

7    hereinbefore set forth, was duly sworn and that

8    the within transcript is a true record of the

9    testimony given by such witness.

10         I further certify that I am not

11   related to any of these parties to this action

12   by blood or marriage and that I am in no way

13   interested in the outcome of this matter.

14         IN WITNESS WHEREOF, I have hereunto

15   set my hand this 20th day of December, 2024.

16

17

18         ROBERT M. JAKUPCIAK, an RPR and

19         Notary Public

20

21   My Commission Expires:

22   February 28, 2029
```

Page 377

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>   *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>         *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1   Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2   PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3   ASSERTED WORKS.

4   **RESPONSE TO REQUEST NO. 23:**

5   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8   terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff also objects to the term

9   "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12  **REQUEST FOR ADMISSION NO. 24:**

13  Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22  Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 26:

Admit that YOU have personally used one of the ChatGPT large language models.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 27:

Admit that each of YOUR ASSERTED WORKS have been made public.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

### REQUEST FOR ADMISSION NO. 28:

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By: _/s/ Bryan Clobes_
Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:    dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>　　　　*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>　　　　　　　　　　　　　　*Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

1    Dated: July 22, 2024                          By:    _____/s/ Bryan Clobes_____
2                                                          Bryan L. Clobes

3
4                                                    Bryan L. Clobes (pro hac vice)
                                                     Alexander J. Sweatman (pro hac vice)
5                                                    Mohammed Rathur (pro hac vice)
                                                     **CAFFERTY CLOBES MERIWETHER**
6                                                    **& SPRENGEL LLP**
                                                     135 South LaSalle Street, Suite 3210
7                                                    Chicago, IL 60603
                                                     Telephone: (312) 782-4880
8                                                    Email:      asweatman@caffertyclobes.com

9                                                    Daniel J. Muller (State Bar No. 193396)
                                                     **VENTURA HERSEY & MULLER, LLP**
10                                                   1506 Hamilton Avenue
                                                     San Jose, California 95125
11                                                   Telephone: (408) 512-3022
                                                     Facsimile: (408) 512-3023
12                                                   Email:      dmuller@venturahersey.com

13                                                   *Counsel for Individual and Representative Plaintiffs*
                                                     *and the Proposed Class*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

1 | Rachel Geman (*pro hac vice*)
  | rgeman@lchb.com
2 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
  | 250 Hudson Street, 8th Floor
3 | New York, NY  10013-1413
  | Telephone:  212.355.9500
4 | Facsimile:  212.355.9592
  | Email: rgeman@lchb.com
5 |
  | Elizabeth J. Cabraser, Esq.
6 | Daniel M. Hutchinson, Esq.
  | Reilly T. Stoler, Esq.
7 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
  | 275 Battery Street, 29th Floor
8 | San Francisco, CA 94111-3339
  | Telephone: 415.956.1000
9 | Email: ecabraser@lchb.com
  | dhutchinson@lchb.com
10 | rstoler@lchb.com
11 | Kenneth S. Byrd. (*pro hac vice* forthcoming)
   | Betsy A. Sugar (*pro hac vice* forthcoming)
12 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   | 222 2nd Avenue South, Suite 1640
13 | Nashville, TN 37201-2375
   | Telephone: 615.313.9000
14 | Email: kbyrd@lchb.com
   | bsugar@lchb.com
15 |
   | Scott J. Sholder (*pro hac vice*)
16 | CeCe M. Cole (*pro hac vice*)
   | COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
17 | 60 Broad Street, 30th Floor
   | New York, New York 10004
18 | Telephone: 212.974.7474
   | Email: ssholder@cdas.com
19 | ccole@cdas.com
20 | Attorneys for Plaintiff
   | *Christopher Farnsworth and*
21 | *Representative Plaintiffs and the Proposed Class*

22 |                    UNITED STATES DISTRICT COURT

23 |                  NORTHERN DISTRICT OF CALIFORNIA

24 |                      SAN FRANCISCO DIVISION

25 |

26 | RICHARD KADREY, *et al*.,                      | Case No. 3:23-cv-03417-VC

27 |        Individual and Representative           | PLAINTIFF CHRISTOPHER
   |        Plaintiffs,                             | FARNSWORTH'S RESPONSES TO
28 |                                                | DEFENDANT'S FIRST SET OF REQUESTS
   |                                                | FOR ADMISSIONS

1
2  v.

3  META PLATFORMS, INC, a Delaware
   corporation,

4        Defendant.

5

6

7  PROPOUNDING PARTY:     DEFENDANT META PLATFORMS, INC.

8  RESPONDING PARTY:      PLAINTIFF CHRISTOPHER FARNSWORTH

9  SET NO.:               ONE
10

11                     **INTRODUCTION**
12
       Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections
13
   to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for
14
   Admissions (the "Requests" or "RFAs").
15
                     **GENERAL OBJECTIONS**
16
       1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent
17
   they purport to require Plaintiff to respond in any way beyond what is required by the Federal and
18
   local rules.
19
       2.      Plaintiff objects to the Requests to the extent they seek information or materials
20
   that are protected from disclosure by attorney-client privilege, the work product doctrine, expert
21
   disclosure rules, or other applicable privileges and protections, including communications with
22
   Plaintiff's attorneys regarding the Action.
23
       3.      Discovery in this matter is ongoing and Plaintiff reserves the right to amend,
24
   modify, or supplement these responses with subsequently discovered responsive information and
25
   to introduce and rely upon any such subsequently discovered information in this litigation.
26

27

28

3120862.2

PLAINTIFF CHRISTOPHER FARNSWORTH'S
RESPONSES TO RFA'S, SET 1
No. 3:23-CV-03417-VC

that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff responds that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiff objects that this Request is not relevant to any claims or defenses.

Subject to and without waiving these general and specific objections, Plaintiff denies Request No. 27.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiff objects that this Request is not relevant to any claims or defenses.

Subject to and without waiving these general and specific objections, Plaintiff admits Request No. 28.

**REQUEST FOR ADMISSION NO. 81:**

Admit that you are not aware of any agreements to assign rights in or to YOUR

ASSERTED WORK(S) that have not already been produced in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

Subject to and without waiving these general and specific objections, Plaintiff admits

discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

denies this Request.


Dated:         November 18, 2024         Respectfully submitted,

                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                         By: */s/ Rachel Geman*
                                              Rachel Geman


                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                         250 Hudson Street, 8th Floor
                                         New York, NY10013-1413
                                         Telephone:  212.355.9500
                                         Facsimile:  212.355.959
                                         Email: rgeman@lchb.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in his individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in his individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of YOUR ASSERTED WORKS have been made public.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that his Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Golden's response to RFP 12.

**REQUEST FOR ADMISSION NO. 28:**

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:      */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (312) 782-4880
Email:      bclobes@caffertyclobes.com
asweatman@caffertyclobes.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-04663 |
| v. | **PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2    PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3    ASSERTED WORKS.

4    **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7    includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8    terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff also objects to the term

9    "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10   and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11   as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13   Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14   that infringes YOUR ASSERTED WORKS.

15   **RESPONSE TO REQUEST NO. 24:**

16   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19   terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase

20   "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21   **REQUEST FOR ADMISSION NO. 25:**

22   Admit that YOU have personally used one of Meta's Llama models.

23   **RESPONSE TO REQUEST NO. 25:**

24   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27   phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 26:

Admit that YOU have personally used one of the ChatGPT large language models.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 27:

Admit that each of YOUR ASSERTED WORKS have been made public.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

### REQUEST FOR ADMISSION NO. 28:

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024                        By:      /s/ Bryan Clobes
                                                         Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

                *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

                      *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-04663

**PLAINTIFF DAVID HENRY HWANG'S
RESPONSES TO DEFENDANT META
PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION**

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3  ASSERTED WORKS.

4  **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff also objects to the term

9  "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13    Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22    Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 26:

Admit that YOU have personally used one of the ChatGPT large language models.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 27:

Admit that each of YOUR ASSERTED WORKS have been made public.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

### REQUEST FOR ADMISSION NO. 28:

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024                          By:    _/s/ Bryan L. Clobes_
                                                      Bryan L. Clobes


                                              Bryan L. Clobes (pro hac vice)
                                              Alexander J. Sweatman (pro hac vice)
                                              Mohammed Rathur (pro hac vice)
                                              **CAFFERTY CLOBES MERIWETHER**
                                              **& SPRENGEL LLP**
                                              135 South LaSalle Street, Suite 3210
                                              Chicago, IL 60603
                                              Telephone: (312) 782-4880
                                              Email:      asweatman@caffertyclobes.com

                                              Daniel J. Muller (State Bar No. 193396)
                                              **VENTURA HERSEY & MULLER, LLP**
                                              1506 Hamilton Avenue
                                              San Jose, California 95125
                                              Telephone: (408) 512-3022
                                              Facsimile: (408) 512-3023
                                              Email:      dmuller@venturahersey.com

                                              *Counsel for Individual and Representative Plaintiffs*
                                              *and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>*Defendant.* | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1  **REQUEST FOR ADMISSION NO. 23:**

2        Admit that YOU are personally unaware of any documentary evidence demonstrating that any

3  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

4  ASSERTED WORKS.

5  **RESPONSE TO REQUEST NO. 23:**

6        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9  terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff also objects to the term

10 "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

11 and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

12 as unintelligible. Plaintiff, in his individual capacity, responds, admit.

13 **REQUEST FOR ADMISSION NO. 24:**

14       Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

15 that infringes YOUR ASSERTED WORKS.

16 **RESPONSE TO REQUEST NO. 24:**

17       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

18 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

19 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

20 terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase

21 "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

22 **REQUEST FOR ADMISSION NO. 25:**

23       Admit that YOU have personally used one of Meta's Llama models.

24 **RESPONSE TO REQUEST NO. 25:**

25       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

26 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

27 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

28 phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

1   relevant to any claims or defenses in this dispute since this case concerns Meta's large language models.

2   Plaintiff, in his individual capacity, responds, deny.

3   **REQUEST FOR ADMISSION NO. 26:**

4        Admit that YOU have personally used one of the ChatGPT large language models.

5   **RESPONSE TO REQUEST NO. 26:**

6        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9   terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase

10  "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to

11  any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff,

12  in his individual capacity, responds, deny.

13  **REQUEST FOR ADMISSION NO. 27:**

14       Admit that each of YOUR ASSERTED WORKS have been made public.

15  **RESPONSE TO REQUEST NO. 27:**

16       Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery

17  that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any

18  person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as

19  referring to Plaintiff Richard Kadrey. Plaintiff further objects to the phrase "made public" as vague and

20  misleading; that a work is available publicly does not mean that it is free to use without any

21  consideration. Plaintiff admits that his Asserted Works have been made available to the public through

22  various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff

23  refers Meta to Plaintiff Kadrey's response to RFP 12.

24  **REQUEST FOR ADMISSION NO. 28:**

25       Admit that each of YOUR ASSERTED WORKS had been made public prior to the

26  infringement alleged in the COMPLAINT.

27

28

terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.


Dated: July 22, 2024                    By:    _/s/ Joseph R. Saveri_
                                               Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K.L. Young (State Bar No. 318371)
                                        Holden Benon (State Bar No. 325847)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:    jsaveri@saverilawfirm.com
                                                  czirpoli@saverilawfirm.com
                                                  cyoung@saverilawfirm.com
                                                  hbenon@saverilawfirm.com
                                                  acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:  (323)968-2632
                                        Facsimile:  (415) 395-9940
                                        Email:      mb@buttericklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice anticipated)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone:   (312) 782-4880
                                        Email:       bclobes@caffertyclobes.com
                                                     asweatman@caffertyclobes.com

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:       mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:       bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com
             mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

        *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

        *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-04663

**PLAINTIFF LAURA LIPPMAN'S
RESPONSES TO DEFENDANT META
PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION**

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

| | |
|---|---|
| 1 | Dated: July 22, 2024 |
| 2 | |

By:     _/s/ Bryan Clobes_____
                  Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed A. Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:        dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF SARAH SILVERMAN'S** |
| v. | **RESPONSES TO DEFENDANT META** |
| | **PLATFORMS, INC.'S SECOND SET OF** |
| Meta Platforms, Inc., | **REQUESTS FOR ADMISSION** |
| | |
| *Defendant.* | |

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

1 relevant to any claims or defenses in this dispute since this case concerns Meta's large language models.
2 Plaintiff, in her individual capacity, responds, deny.

3 **REQUEST FOR ADMISSION NO. 26:**

4     Admit that YOU have personally used one of the ChatGPT large language models.

5 **RESPONSE TO REQUEST NO. 26:**

6     Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for
7 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it
8 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the
9 terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase
10 "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to
11 any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff,
12 in her individual capacity, responds, deny.

13 **REQUEST FOR ADMISSION NO. 27:**

14     Admit that each of YOUR ASSERTED WORKS have been made public.

15 **RESPONSE TO REQUEST NO. 27:**

16     Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery
17 that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any
18 person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as
19 referring to Plaintiff Sarah Silverman. Plaintiff further objects to the phrase "made public" as vague
20 and misleading; that a work is available publicly does not mean that it is free to use without any
21 consideration. Plaintiff admits that her Asserted Works have been made available to the public through
22 various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff
23 refers Meta to Plaintiff Silverman's response to RFP 12.

24 **REQUEST FOR ADMISSION NO. 28:**

25     Admit that each of YOUR ASSERTED WORKS had been made public prior to the
26 infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by her is insufficient to enable her to admit or deny.


Dated: July 22, 2024                    By:     _/s/ Joseph R. Saveri_
                                                Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K.L. Young (State Bar No. 318371)
                                        Holden Benon (State Bar No. 325847)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:    jsaveri@saverilawfirm.com
                                                  czirpoli@saverilawfirm.com
                                                  cyoung@saverilawfirm.com
                                                  hbenon@saverilawfirm.com
                                                  acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone: (323)968-2632
                                        Facsimile: (415) 395-9940
                                        Email:    mb@buttericklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (*pro hac vice anticipated*)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone: (312) 782-4880
                                        Email:    bclobes@caffertyclobes.com
                                                  asweatman@caffertyclobes.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:    mb@butterickLaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-04663 |
| v. | **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

1   Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2   PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3   ASSERTED WORKS.

4   **RESPONSE TO REQUEST NO. 23:**

5   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8   terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff also objects to the

9   term "documentary evidence" as being vague and overbroad because it is not limited to the specific

10  claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally

11  unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

12  **REQUEST FOR ADMISSION NO. 24:**

13  Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22  Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

1    relevant to any claims or defenses in this dispute since this case concerns Meta's large language

2    models. Plaintiff, in her individual capacity, responds, deny.

3           **REQUEST FOR ADMISSION NO. 26:**

4           Admit that YOU have personally used one of the ChatGPT large language models.

5    **RESPONSE TO REQUEST NO. 26:**

6           Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

7    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

8    includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

9    terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase

10   "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to

11   any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff,

12   in her individual capacity, responds, deny.

13   **REQUEST FOR ADMISSION NO. 27:**

14          Admit that each of YOUR ASSERTED WORKS have been made public.

15   **RESPONSE TO REQUEST NO. 27:**

16          Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery

17   that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any

18   person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as

19   referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the phrase "made public" as

20   vague and misleading; that a work is available publicly does not mean that it is free to use without any

21   consideration. Plaintiff admits that her Asserted Works have been made available to the public through

22   various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff

23   refers Meta to Plaintiff Silverman's response to RFP 12.

24   **REQUEST FOR ADMISSION NO. 28:**

25          Admit that each of YOUR ASSERTED WORKS had been made public prior to the

26   infringement alleged in the COMPLAINT.

27

28

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024

By:    _/s/ Bryan Clobes_
                    Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:     asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1    David A. Straite (admitted *pro hac vice*)
     **DiCELLO LEVITT LLP**
2    485 Lexington Ave., Suite 1001
     New York, New York 10017
3    Tel.: (646) 933-1000
     Fax: (646) 494-9648
4    *dstraite@dicellolevitt.com*

5    *Counsel for Plaintiffs and the Proposed*
6    *Class, Additional Counsel Listed Below*

7                    UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9    RICHARD KADREY, SARAH SILVERMAN,        Case No. 3:23-cv-03417-VC
     CHRISTOPHER GOLDEN, TA-NEHISI
10   COATES, JUNOT DÍAZ, ANDREW SEAN         **PLAINTIFF LYSA TERKEURST'S**
     GREER, DAVID HENRY HWANG,               **RESPONSES AND OBJECTIONS TO**
11                                           **DEFENDANT META PLATFORMS,**
     MATTHEW KLAM, LAURA LIPPMAN,            **INC.'S SECOND SET OF REQUESTS**
12   RACHEL LOUISE SNYDER, JACQUELINE        **FOR ADMISSION**
     WOODSON, AND LYSA TERKEURST,
13
14        *Individual and Representative Plaintiffs*,

15          v.

16   META PLATFORMS, INC.;

             *Defendant.*
17

18        Plaintiff Lysa TerKeurst ("Plaintiff") hereby responds to Defendant Meta Platforms,

19   Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or

20   "RFAs").

21                       **GENERAL OBJECTIONS**

22        1.      Plaintiff generally objects to Defendant's definitions and instructions to the extent

23   they purport to require Plaintiff to respond in any way beyond what is required by the Federal

24   and local rules.

25        2.      Plaintiff objects to the Requests to the extent they seek information or materials

26   that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert

27                                      1

28   _____

1   limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the

2   phrase "you are personally unaware" as unintelligible. Subject to and without waiving these

3   objections, Plaintiff admits that she is currently personally unaware of any documentary

4   evidence demonstrating that a PERSON read text generated by any of Meta's Llama models as a

5   substitute for reading any of Plaintiff's ASSERTED WORKS but denies that Plaintiff's lack of

6   awareness has any bearing on whether such conduct occurred or whether documentary evidence

7   of such conduct exists. Plaintiff otherwise denies Request No. 23.

8

9

10   **REQUEST FOR ADMISSION NO. 24:**

11       Admit that YOU are personally unaware of any text generated by any of Meta's Llama

12   models that infringes YOUR ASSERTED WORKS.

13   **RESPONSE TO REQUEST NO. 24:**

14       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

15   calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

16   defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

17   will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

18   objects to the phrase "personally unaware" as unintelligible. Subject to and without waiving

19   these objections, Plaintiff denies Request No. 24.

20   **REQUEST FOR ADMISSION NO. 25:**

21       Admit that YOU have personally used one of Meta's Llama models.

22   **RESPONSE TO REQUEST NO. 25:**

23       Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

24   calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

25   defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

26   will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

27                   13

28

1  further objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further

2  objects to this Request as not relevant to any claims or defenses in this dispute since this case

3  concerns Meta's conduct in connection with Meta's large language models. Subject to and

4  without waiving these objections, Plaintiff denies Request No. 25.

5  **REQUEST FOR ADMISSION NO. 26:**

6      Admit that YOU have personally used one of the ChatGPT large language models.

7  **RESPONSE TO REQUEST NO. 26:**

8      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

9  calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

10 defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

11 will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

12 objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to

13 this Request as not relevant to any claims or defenses in this dispute since this case concerns

14 Meta's conduct in connection with Meta's large language models. Subject to and without

15 waiving these objections, Plaintiff denies Request No. 26.

16 **REQUEST FOR ADMISSION NO. 27:**

17     Admit that each of YOUR ASSERTED WORKS have been made public.

18 **RESPONSE TO REQUEST NO. 27:**

19     Plaintiff objects to the defined term "Your" as vague and overbroad and calling for

20 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

21 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

22 the term "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff further objects to the phrase

23 "made public" as vague and misleading; that a work is available publicly does not mean that it is

24 free to use without any consideration. Subject to and without waiving these objections, Plaintiff

25 admits Request No. 27 to the extent that her Asserted Works have been made available to the

26

27                                14

28

1

2    Dated: August 21, 2024                    By: /s/ James A. Ulwick
                                              Amy Keller (admitted *pro hac vice*)
3                                             Nada Djordjevic (*pro hac vice* forthcoming)
                                              James A. Ulwick (admitted *pro hac vice*)
4                                             10 North Dearborn St., Sixth Floor
                                              Chicago, Illinois 60602
5                                             Tel.: (312) 214-7900
                                              Email: akeller@dicellolevitt.com
6                                                     ndjordjevic@dicellolevitt.com
                                                      julwick@dicellolevitt.com
7

8                                             David A. Straite (admitted *pro hac vice*)
                                              485 Lexington Avenue, Suite 1001
9                                             New York, NY 10017
                                              Tel. (646) 933-1000
10                                            Email: dstraite@dicellolevitt.com

11
                                              Brian O'Mara
12                                            4747 Executive Drive, Suite 240
                                              San Diego, California 92121
13                                            Tel.: (619) 923-3939
                                              Email: bomara@dicellolevitt.com
14

15                                            RMP, LLP
                                              Seth Haines (admitted *pro hac vice*)
16                                            Timothy Hutchinson (admitted *pro hac vice*)
                                              5519 Hackett St., Suite 300
17                                            Springdale, AK 72762
                                              Telephone: (479) 443-2705
18                                            Email: shaines@rmp.law
                                                      thutchinson@rmp.law
19                                                    lgeary@rmp.law

20
                                              POYNTER LAW GROUP
21                                            Scott Poynter (admitted *pro hac vice*)
                                              407 President Clinton Ave., Suite 201
22                                            Little Rock, AK 72201
                                              Telephone: (501) 812-3943
23                                            Email: scott@poynterlawgroup.com

24
                                              Bryan L. Clobes (admitted *pro hac vice*)
25                                            CAFFERTY CLOBES MERIWETHER
                                              & SPRENGEL LLP
26                                            205 N. Monroe Street

27                                                        18

28

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>     *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>     *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1      Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2 PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3 ASSERTED WORKS.

4 **RESPONSE TO REQUEST NO. 23:**

5      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8 terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff also objects to the term

9 "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10 and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11 as unintelligible. Plaintiff, in her individual capacity, responds, admit.

12  **REQUEST FOR ADMISSION NO. 24:**

13      Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14 that infringes YOUR ASSERTED WORKS.

15 **RESPONSE TO REQUEST NO. 24:**

16      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19 terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase

20 "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

21 **REQUEST FOR ADMISSION NO. 25:**

22      Admit that YOU have personally used one of Meta's Llama models.

23 **RESPONSE TO REQUEST NO. 25:**

24      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25 discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26 includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27 phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of YOUR ASSERTED WORKS have been made public.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that her Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

**REQUEST FOR ADMISSION NO. 28:**

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024                          By:    _/s/ Bryan Clobes_
                                                     Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:      dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION