# GHAJAR EXHIBIT 57

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 2 of 11

4/4/2025   Richard Kadrey, et al. v. Meta Platforms, Inc.   Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

_____

| | |
|---|---|
| IN RE MATTER OF: | ) |
| RICHARD KADREY, et al., | ) |
| Plaintiff, | ) |
| vs. | ) C.A. NO.: |
| META PLATFORMS, INC., | ) 3:23-cv-03417-VC |
| Defendant. | ) |
| _____ | ) |

** HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY **

VIDEOTAPED DEPOSITION OF BARBARA FREDERIKSEN-CROSS

Palo Alto, California

Friday, April 4, 2025


Stenographically Reported by:

HEATHER J. BAUTISTA, CSR, CRR, RPR, CLR

Realtime Systems Administrator

California CSR License #11600

Oregon CSR License #21-0005

Washington License #21009491

Nevada CCR License #980

Texas CSR License #10725

_____

DIGITAL EVIDENCE GROUP

1730 M. Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 3 of 11

4/4/2025   Richard Kadrey, et al. v. Meta Platforms, Inc.   Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 14

```
 1   sworn, rather?
 2       A.   Yes.
 3       Q.   And that you submitted it under penalty of
 4   perjury --
 5       A.   Correct.
 6       Q.   -- is that correct?
 7            Is there anything in this declaration that
 8   you now know to be untrue?
 9       A.   Nothing that I'm aware of.
10       Q.   Okay.
11            And you mentioned that you submitted a
12   rebuttal expert report, Paragraph 1 of this
13   declaration, on February 10th, 2025.
14            Do you see that there?
15       A.   Yes.
16       Q.   And then you see in Paragraph 2 that "all
17   of the statements in my rebuttal report are accurate
18   to the best of my knowledge, information, and
19   belief."
20            Do you see that there?
21       A.   Yes.
22       Q.   Do you today, under oath, still believe
```

4/4/2025    Richard Kadrey, et al. v. Meta Platforms, Inc.    Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 15

1  that all of the statements in your rebuttal report
2  of February 10th, 2025 are accurate to the best of
3  your knowledge, information, and belief?
4     A.   There is one table that I provided new
5  counts for in my -- as an appendix to my next
6  report.  Because after the filing of my original
7  report, when I looked -- was working with that
8  information to just examine it more closely, I
9  realized that I had erroneously double-counted some
10 files because there were what are called .tar files.
11 That's a container file.  And then the files from
12 the .tar had been extracted from the tar file and so
13 in deriving my counts, I had erroneously counted
14 those twice basically and so I provided a
15 replacement table for that in my most recent report.
16         But as I sit here today, that's the only
17 thing that I'm aware of that would have been
18 erroneous from that earlier report.
19    Q.   Okay.
20         Besides what might have been erroneous, do
21 you -- the statement here is that it's accurate to
22 the best of your knowledge, information, and belief.

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 5 of 11

4/4/2025        Richard Kadrey, et al. v. Meta Platforms, Inc.    Barbara Frederiksen-Cross
                       Highly Confidential - Attorneys' Eyes Only

Page 16

1      Do you still stand by that statement apart
2  from the table you just mentioned?
3      A.   Yes.
4           THE VIDEOGRAPHER:  Excuse me.  David
5  Choffnes has joined the Zoom.
6           MR. STEIN:  Thank you.
7      Q.   (By Mr. Stein)  And is there any
8  information that you have reviewed with respect to
9  the subject matter of your first rebuttal report
10 subsequent to your submitting of that property that
11 might alter any of the conclusions that you make in
12 that first report?
13     A.   Nothing that I can think of as I sit here,
14 no.
15     Q.   What information have you accessed about
16 the subject matter of your report -- first report
17 from February since the submission of that report?
18     A.   It would be helpful to me if you could
19 provide me a copy of that report just so as I flip
20 through, I see what materials were already listed in
21 that report.
22          But as a general category, there was some

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 6 of 11

4/4/2025    Richard Kadrey, et al. v. Meta Platforms, Inc.    Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 22

1     Q.    You mean the footnote number?

2     A.    Yeah, that would be the footnote number.

3     Q.    Okay.

4     A.    So I would want to look at that and, you

5  know, the -- the report itself.  I didn't memorize

6  the numbers.

7     Q.    And do you recall having determined whether

8  they were, in your words, in the same ballpark when

9  you saw those tabulations?

10    A.    That is my recollection, yes.

11    Q.    Okay.

12          And you -- you submitted a report on

13  your -- it's entitled "The Second Rebuttal Expert

14  Report" on April 1st, 2025.

15          Do you recall that?

16    A.    Yes.

17    Q.    And would you say the same thing today that

18  you said about your first report, that all of the

19  statements therein are accurate to the best of your

20  knowledge, information, and belief?

21    A.    Yes.

22          MR. STEIN:  I'd like to enter BFC Exhibit 1

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 7 of 11

4/4/2025        Richard Kadrey, et al. v. Meta Platforms, Inc.        Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 118

 1   "it is unlikely that Meta shared complete pieces
 2   comprising each of the plaintiffs' works during the
 3   leeching phase."
 4            Could you say the same thing about the
 5   likelihood of Meta sharing partial or parts of
 6   pieces of Plaintiffs' works?
 7      A.   Yes, I would say the same thing about parts
 8   of pieces.  If we're talking parts of piece by parts
 9   of piece, you mean a block.
10      Q.   Even a single block?
11      A.   Even a single block, yeah.
12      Q.   Your testimony today is that it is unlikely
13   that Meta shared even a single block comprising the
14   plaintiffs' works during the leeching phase?
15      A.   That's what my analysis suggests, yes.
16      Q.   Why -- setting aside your concerns about
17   whether the 30 percent number is completely the
18   result of uploading during the leeching phase, if
19   that 30 percent were all data that was uploaded
20   during the leeching phase of the data that was
21   downloaded, why wouldn't the likelihood that
22   Plaintiffs' works were shared be 30 percent?

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 8 of 11

4/4/2025        Richard Kadrey, et al. v. Meta Platforms, Inc.        Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 119

1           MR. WEINSTEIN:  Object to form.
2           THE WITNESS:  Because you are comparing the
3   total percent of what was downloaded, which are
4   these datasets that contain millions of works, to
5   the percent of that download that are comprised by
6   Plaintiff's works which is a tiny, tiny portion of
7   that.
8           You're looking at me like you're not
9   understanding what I'm saying.
10      Q.   (By Mr. Stein)  Well, to me, 30 percent is
11  30 percent.  So if you have a huge collection of
12  work and 30 percent of that huge collection of work
13  was shared, why couldn't you say that the likelihood
14  of any part of that work being shared was 30
15  percent?
16      A.   Well, first of all, you're making an
17  assumption that the raw number of bytes uploaded and
18  downloaded are always from different works or always
19  different -- different pieces of different torrents
20  if you will.  My own experience, again, with
21  BitTorrent and with analyzing BitTorrent traffic, is
22  that that is not necessarily the case and not even

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 9 of 11

4/4/2025                Richard Kadrey, et al. v. Meta Platforms, Inc.    Barbara Frederiksen-Cross
                        Highly Confidential - Attorneys' Eyes Only

Page 120

1   likely to be the case.
2           So as a first point, you can't draw that
3   direct "I uploaded a hundred, I downloaded" -- or
4   I'm sorry -- "I downloaded a hundred, I uploaded a
5   hundred."
6           You can't say that that means that 30 of
7   the hundred were uploaded, because that -- there's
8   no evidence that you have available here that tells
9   you that.
10          Typically, some torrents are more popular
11  than others.  So if you're downloading a selection
12  of torrents, the more popular ones will be
13  downloaded more frequently by multiple peers.  The
14  less popular ones less frequently.  There may be no
15  peers at all asking for some of them.  So that's a
16  first issue.
17          And then with respect to -- so you don't
18  know that the 30 percent is 30 percent of the total
19  work.  You just know that it's 30 percent of the
20  number of bytes.
21          And then as I think I've explained, if --
22  it's kind of like the lottery, you know, if the odds

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 10 of 11

4/4/2025    Richard Kadrey, et al. v. Meta Platforms, Inc.   Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 121

1  of a particular -- let's do it easy at the file
2  level here.  If the odds of a particular file being
3  downloaded are 1 in 4 million or 1 in 3 million,
4  then the odds of some small piece of that file are
5  even more attenuated in that process.
6           And so if you're talking about some finite
7  period of time -- and we're not talking about a
8  situation here when leeching went on for years or
9  the leeching that was followed by seeding that went
10 on for years; we're talking about activity that
11 happened in a finite amount of time for a known
12 quantum of data and in a situation where the portion
13 of that known quantum that is represented by
14 Plaintiffs' works is minuscule.
15          In that situation, the likelihood of the
16 plaintiffs' works or a portion thereof being what
17 was in the uploaded content I think is very low
18 likelihood, very unlikely.
19     Q.   What evidence do you have that tells us
20 anything about the content of what was shared?
21     A.   I do not have direct evidence about the
22 content that was shared.  As we discussed earlier,

Case 3:23-cv-03417-VC   Document 543-5   Filed 04/17/25   Page 11 of 11

4/4/2025   Richard Kadrey, et al. v. Meta Platforms, Inc.   Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 293

1       I, HEATHER J. BAUTISTA, CSR No. 11600,
2   Certified Shorthand Reporter, certify:
3       That the foregoing proceedings were taken
4   before me at the time and place therein set forth,
5   at which time the witness declared under penalty of
6   perjury; that the testimony of the witness and all
7   objections made at the time of the examination were
8   recorded stenographically by me and were thereafter
9   transcribed under my direction and supervision; that
10  the foregoing is a full, true, and correct
11  transcript of my shorthand notes so taken and of the
12  testimony so given;
13  (XX) Reading and signing was not requested/offered.
14      I further certify that I am not financially
15  interested in the action, and I am not a relative or
16  employee of any attorney of the parties, nor of any
17  of the parties.
18      I declare under penalty of perjury under the
    laws of California that the foregoing is true and
19  correct.   Dated:   April 6, 2025
20
21
22

HEATHER J. BAUTISTA, CSR, CRR, RPR, CLR