COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:     (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:     (650) 815-4131

PAUL, WEISS, RIFKIN, WHARTON & GARRISON LLP
KANNON K. SHANMUGAM (*pro hac vice*)
(kshanmugam@paulweiss.com)
2001 K Street, NW
Washington, DC 20006
Telephone:     (202) 223-7300

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                                    Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: META'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, narrowly tailored portions of Meta's Reply in Support of its Motion for Partial Summary Judgment ("Reply Brief") and accompanying materials.  Meta respectfully submits that compelling reasons exist for the filing of these materials under seal.  The Motion is based on the following Memorandum of Points and Authorities and the Declaration of Kyanna Sabanoglu ("Sabanoglu Declaration") in support of this Motion.

Pursuant to Civil Local Rule 79-5(f), Meta also respectfully submits this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Meta's Reply Brief and accompanying materials.

A [Proposed] Order is filed concurrently herewith.

## I.  LEGAL STANDARD

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute."  *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978).  The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016).  Whereas non-dispositive motions are subject to the "good cause" standard, dispositive motions are subject to the "compelling reason" standard .  *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015).  The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties."  *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal,

1  circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal

2  quotations and citation omitted).

3  **II.    ARGUMENT**

4      Given the dispositive nature of the underlying motions, the compelling reason standard

5  applies here.  The Supreme Court has limited "the right to inspect and copy judicial records,"

6  recognizing that "the common-law right of inspection has bowed before the power of a court to

7  insure that its records are not used . . . as sources of business information that might harm a litigant's

8  competitive standing."  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).  Similarly, the Ninth

9  Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and

10  protecting the interests of private parties."  *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F.

11  App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district

12  court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

13      In consideration of the Court's guidance in its Sealing Order, Meta requests sealing only

14  narrowly tailored portions of the documents in the following chart.  Specifically, Meta respectfully

15  requests the Court's permission to seal three discrete categories of information: **(1)** information

16  subject to third-party confidentiality obligations; **(2)** Meta's highly confidential and proprietary

17  technical information, including non-public portions of Meta's source code, and **(3)** portions of

18  internal Meta IP addresses, file paths, and document URL paths, disclosure of which risks

19  facilitating access by unauthorized parties—any limited public interest in accessing these materials

20  is substantially outweighed by the strong security and competitive interests that Meta has in

21  maintaining their confidentiality. The information sought to be sealed is highly confidential, and

22  Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing

23  the need for public access to the information.

| Document | Sealing Request |
|---|---|
| **Sabanoglu Ex. A –** Meta's Reply Brief | **Portions annotated in BLUE** |
| **Sabanoglu Ex. B –** Ex. 58 to the Ghajar Declaration | **Portions annotated in BLUE** |

| **Sabanoglu Ex. C** – Ex. 61 to the Ghajar Declaration | **Portions annotated in BLUE** |
|---|---|
| **Sabanoglu Ex. D** – Ex. 62 to the Ghajar Declaration | **Portions annotated in BLUE** |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials subject to third-party confidentiality obligations,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on third-party confidentiality obligations, (Dkt. 391-1, ¶ 6))); *Open Text S.A. v. Box*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations); *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014) ("compelling reasons . . . to seal . . . confidential [agreement] terms . . . ."); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (similar); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard"); **(2) Meta's highly confidential and proprietary technical information, including non-public portions of source code**, *e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information sealable); *In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal portions of the parties' briefing on summary judgment and class certification, and accompanying materials to "maintain[] the confidentiality of information about [defendant's] technology") **and (3) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on cybersecurity concerns, (Dkt. 391-1, ¶ 9))); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089 , at *6 (N.D. Cal. June 30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems,"

which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to Meta's third-party obligations, and to protecting Meta and its employees from harm.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents). Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Sabanoglu's Declaration, and are limited to materials that are either (1) tangential or irrelevant to the claims at issue in this case, such as source code and file pathways, or (2) confidential third-party information and/or proprietary information whose disclosure would cause competitive harm. Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta and third-party partners against competitive and illicit harms, but also the public's interest in accessing these materials is minimal at best.

### III.    ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: META'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

Pursuant to Civil Local Rule 79-5(f), Meta respectfully submits this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Meta's Reply Brief and accompanying materials.

Meta is provisionally filing under seal certain portions of the Reply Brief and accompanying materials set forth in the chart below which may reflect information deemed confidential by Plaintiffs and/or third parties, including material that Plaintiffs and third parties have designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" pursuant to the parties' Stipulated Protective Order (Dkt. 90, the "Protective Order"). Pursuant to the Parties' Stipulation Extending

the Deadline for Third Party Sealings Regarding Motions for Summary Judgment (Dkt. 539, "Stipulation") entered on April 14, 2025, Meta proposes allowing third parties to submit declarations in support of sealing confidential third party information in Meta's Reply and related exhibits by April 25, 2025.

| Document | Sealing Request |
|---|---|
| Meta's Reply Brief | Portions annotated in GREEN and/or RED |
| Ex. 54 to the Ghajar Declaration | Portions annotated in GREEN |
| Ex. 64 to the Ghajar Declaration | Entire document |
| Declaration Of Professor Michael Sinkinson, Ph.D. In Support Of Meta's Reply In Support Of Its Motion For Partial Summary Judgment | Portions annotated in RED |

**IV.  CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

1    Dated: April 18, 2025                              COOLEY LLP

2
                                              By:  /s/ Matthew Brigham
3                                                  Bobby Ghajar
                                                   Mark Weinstein
4                                                  Kathleen Hartnett
                                                   Teresa Michaud
5                                                  Phillip Morton
                                                   Judd Lauter
6                                                  Liz Stameshkin
                                                   Matthew Brigham
7                                                  Colette Ghazarian
                                                   Juan Pablo Gonzalez
8                                                  Cole A. Poppell

9                                                  CLEARY GOTTLIEB STEEN &
     *Full Counsel List*                           HAMILTON LLP
10                                                 Angela L. Dunning
     COOLEY LLP
11   PHILLIP MORTON (pro hac vice)                 PAUL, WEISS, RIFKIND, WHARTON &
     (pmorton@cooley.com)                          GARRISON LLP
12   COLE A. POPPELL (pro hac vice)                Kannon K. Shanmugam
     (cpoppell@cooley.com)                         William T. Marks
13   1299 Pennsylvania Avenue, NW, Suite 700       Anna Stapleton
     Washington, DC 20004-2400
14   Telephone:    (202) 842-7800                  Attorneys for Defendant
                                                   META PLATFORMS, INC.
15   COOLEY LLP
     MATTHEW BRIGHAM (191428)
16   (mbrigham@cooley.com)
     JUAN PABLO GONZALEZ (334470)
17   (jgonzalez@cooley.com)
     3175 Hanover Street
18   Palo Alto, CA  94304-1130
     Telephone:    (650) 843-5000
19
     PAUL, WEISS, RIFKIND, WHARTON &
20   GARRISON LLP
     WILLIAM T. MARKS (pro hac vice)
21   (wmarks@paulweiss.com)
     2001 K Street, NW
22   Washington, DC 20006
     Telephone:    (202) 223-7300
23
     PAUL, WEISS, RIFKIND, WHARTON &
24   GARRISON LLP
     ANNA STAPLETON (337686)
25   535 Mission Street, 25th Floor
     San Francisco, CA 94105
26   Telephone:    (415) 432-5000

27

28

META PLATFORMS, INC.
ADMIN MTN TO SEAL
3:23-CV-03417-VC-TSH