# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>  Individual and Representative Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>  Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF ANGELA DUNNING IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 544]** |

I, Angela Dunning, hereby declare as follows:

1. I am a Partner at Cleary Gottlieb Steen & Hamilton LLP. I am also counsel of record for Defendant Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Civil L.R. 79-5(f)(3), the Court's March 12, 2025 Order (Dkt. 477), and the Parties' Stipulation Extending Third-Party Sealing Deadline (Dkt. 539), I make this Declaration in support of Meta's Administrative Motion to File Under Seal and to Consider Whether Another Party's Material Should be Sealed, (Dkt. 544 ("Sealing Motion")), in consideration of and in accordance with the Court's guidance. Meta submits this Declaration on behalf of a third party ("Designating Third Party") that produced documents designated as Highly Confidential-Attorneys' Eyes Only in response to a subpoena issued by Meta in this action and that seeks leave to file under seal certain portions of and an exhibit to Meta's Reply in Support of its Motion for Partial Summary Judgment ("Reply Brief").

3. Meta, on behalf of the Designating Third Party, requests the Court's permission to file under seal narrowly tailored portions of the Reply Brief as well as a singular exhibit thereto, as set forth in the chart below alongside the relief requested for each:

| Document | Sealing Request |
| --- | --- |
| Reply Brief | Portions annotated in RED |
| Ex. 64 to the Ghajar Declaration | Entire document |

4. There is adequate support for the Court to find compelling reasons to seal such materials. In addition to the fact that the Designating Third Party designated the produced documents as Highly Confidential-Attorneys' Eyes Only, I have reviewed these documents, which include an agreement that indicates therein that the existence of the agreement, the parties thereto, and all terms of the agreement are confidential, as well as a declaration that discusses confidential information related to the agreement. Neither the Designating Third Party nor the

1

A. Dunning Decl. ISO
Mot. to Seal (Dkt. 544)
3:23-cv-03417-VC-TSH

other party to the agreement are parties to this action, and disclosure of such information may put the third parties' confidential information at risk and pose a competitive disadvantage to those parties who were acting under promises of confidentiality. I reconfirmed with counsel for the third party that the third party considers the material at issue highly confidential and wishes it to remain under seal.

5. Courts in this district have found compelling reasons to seal materials subject to third party confidentiality obligations. *See, e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on third party confidentiality obligations, (Dkt. 391-1, ¶6))); *Open Text S.A. v. Box.*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations); *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014) ("compelling reasons . . . to seal . . . confidential [agreement] terms . . . ."); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (similar); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard").

6. Because the existence of the agreement itself is confidential, the parties thereto are also confidential, preventing the Designating Third Party from filing a declaration in support of this narrowly tailored sealing request, which is consistent with this Court's guidance that it will likely grant requests to redact names of third parties in the context of negotiations. (Dkt. 498.) To the extent the Court believes it needs a declaration directly from the Designating Third Party in order to seal this material, Meta requests that the Court allow the Designating Third Party an opportunity to submit such declaration *in camera* in order to preserve the confidentiality of the identity of the Designating Third Party.

\* \* \*

2

A. Dunning Decl. ISO
Mot. to Seal (Dkt. 544)
3:23-cv-03417-VC-TSH

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on this 25th day of April 2025.

_____
Angela Dunning

3

A. Dunning Decl. ISO
Mot. to Seal (Dkt. 544)
3:23-cv-03417-VC-TSH