UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KADREY, et al.,

    Plaintiffs,

v.

META PLATFORMS, INC.

    Defendant.

Case No. 23-cv-03417-VC

## DECLARATION OF TRINA HUNN

Trina Hunn declares as follows under 28 U.S.C. § 1746:

1.    I am Vice President/Associate General Counsel of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2.    HarperCollins has been informed that Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Jacqueline Woodson, Andrew Sean Greer, Rachel Louise, Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Díaz, Lysa Terkeurst and Christopher Farnsworth ("Plaintiffs") relied on two documents produced by HarperCollins as exhibits to their summary judgment opposition and reply brief (Dkt. 517 and 518), and made reference to HarperCollins and its documents in its reply brief (Dkt. 517). Plaintiffs have identified the two documents as Plaintiffs Exhibit 135 and Plaintiffs Exhibit 139, documents which were produced by HarperCollins in response to subpoenas served by Defendant Meta Platforms, Inc. ("Defendant").

3.    In producing Exhibits 135 and 139, HarperCollins designated those documents "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (Dkt. 90).

4.    Accordingly, Plaintiffs separately filed an Administrative Motion to Consider whether documents from HarperCollins (among others) should be sealed (Dkt. 520–23.)

5.    I write now, under Civil L.R. 79-5(f)(3), to offer this declaration in support of the request to redact any reference to the content of Exhibit 139 in Plaintiffs' reply brief and to file

Exhibit 139 under seal due to the highly confidential nature of the document and the harm that disclosure of the contents of the document would cause. (HarperCollins does not oppose disclosure of Plaintiffs' Exhibit 135 or references to Exhibit 135 in the parties' briefs.)

6. Plaintiffs Exhibit 139 is a data access and delivery agreement (the "Agreement") between HarperCollins and an undisclosed technology company which contains trade secrets, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ Given the sensitive nature of the Agreement, HarperCollins only disclosed the existence of and produced this Agreement based on Defendant's representation and agreement that the document would be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and that HarperCollins would accordingly receive the protection of the Stipulated Protective Order (Dkt. 90, the "Protective Order"). Further, Defendant represented to HarperCollins that if any documents produced by HarperCollins were to be filed, they would be filed under seal, and that there would be no public reference to the content of HarperCollins's documents in any filings. This representation was based on Defendant's legitimate expectation that documents such as the Agreement contained confidential business information and trade secrets and rightfully deserved protection.

7. In my position as VP/Associate General Counsel, I have direct personal knowledge that the Agreement has received highly confidential treatment throughout its creation and implementation and contains information which HarperCollins was and is contractually required to keep confidential. Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the Agreement and the contents of the Agreement confidential, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓

8. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and

the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure" which this court found includes "confidential business and proprietary information." *Id.* and *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), aff'd, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana*, 447 F.3d at 1179.

9. Given that Plaintiffs intend to make reference to the content of HarperCollins's highly confidential Agreement and file it with their dispositive motions, namely their summary judgment opposition and reply brief, the "compelling reason" standard applies here. *Id.*

10. Any reference to HarperCollins's Agreement or reference to the content of the Agreement should be redacted and sealed for two "compelling reasons." *Id.* First, the Agreement contains confidential business information, ▮▮▮▮▮ The disclosure of the confidential business information in the Agreement would cause harm to HarperCollins that outweighs the public's interest in the disclosure, ▮▮▮▮▮ Specifically, HarperCollins ▮▮▮▮▮ Further, confidential internal business information contained in this Agreement such as ▮▮▮▮▮ Next, the specific and final terms of the Agreement also reveal HarperCollins' trade secrets which HarperCollins conceals from its competitors in the industry. Disclosure of the Agreement will ▮▮▮

3

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

11.     Further, per Civil L.R. 79-5(c)(1)(iii), there are no practicable less restrictive alternatives to redacting references to HarperCollins's Agreement or the content of the Agreement in Plaintiffs' reply brief and sealing the entirety of the Agreement that will adequately protect HarperCollins. HarperCollins' involvement in such an agreement, and the entirety of the Agreement itself is sensitive and revealing. HarperCollins will experience harm if any specific provisions and even basic details of the Agreement are disclosed. ████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████

12.     Accordingly, both any reference to the Agreement in Plaintiffs reply brief and contents of the Agreement in Plaintiffs Exhibit 139 deserve protection pursuant to Civil L.R. 79-5 and the Protective Order, and HarperCollins hereby respectfully requests that any reference to the existence of and the content of the Agreement be redacted and that Plaintiffs Exhibit 139 be filed under seal to prevent the disclosure of the Agreement and harm to HarperCollins.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 25, 2025
New York, New York

Trina Hunn