# EXHIBIT 2

1   COOLEY LLP
    BOBBY GHAJAR (198719)
2   (bghajar@cooley.com)
    COLETTE GHAZARIAN (322235)
3   (cghazarian@cooley.com)
    1333 2nd Street, Suite 400
4   Santa Monica, California 90401
    Telephone:    (310) 883-6400
5
    MARK WEINSTEIN (193043)
6   (mweinstein@cooley.com)
    KATHLEEN HARTNETT (314267)
7   (khartnett@cooley.com)
    JUDD LAUTER (290945)
8   (jlauter@cooley.com)
    ELIZABETH L. STAMESHKIN (260865)
9   (lstameshkin@cooley.com)
    3175 Hanover Street
10  Palo Alto, CA  94304-1130
    Telephone:    (650) 843-5000
11  CLEARY GOTTLIEB STEEN & HAMILTON LLP
    ANGELA L. DUNNING (212047)
12  (adunning@cgsh.com)
    1841 Page Mill Road, Suite 250
13  Palo Alto, CA 94304
    Telephone: (650) 815-4131
14
    [Full Listing on Signature Page]
15
    Counsel for Defendant Meta Platforms, Inc.
16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                      SAN FRANCISCO DIVISION
19  RICHARD KADREY, et al.,                Case No. 3:23-cv-03417-VC
20  Individual and Representative
21                              Plaintiffs,   **DEFENDANT META PLATFORMS, INC.'S**
                                              **SECOND AMENDED OBJECTIONS AND**
22          v.                                **RESPONSES TO PLAINTIFFS' FIRST SET OF**
                                              **REQUESTS FOR ADMISSIONS**
23  META PLATFORMS, INC., a Delaware
    corporation;
24
25                              Defendant.
26
27
28

COOLEY LLP
ATTORNEYS AT LAW

**REQUEST FOR ADMISSION NO. 9:**

Admit that You did not compensate Plaintiffs for the inclusion of the content of books they authored in the Datasets used to train Llama Models.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Meta incorporates by reference its Objections to Instructions and Definitions, including its own definitions stated therein, which are applicable to this Request.  Meta objects to the term "compensate" as vague and ambiguous.  Meta will construe "compensate" to refer to financial compensation.  Meta objects to the Request as compound insofar as it seeks an admission as to multiple datasets used to train Llama Models.  Meta further objects on the ground that the term "content of books they authored" is vague, ambiguous, indefinite, undefined, and overbroad in that it is untethered to the allegedly copyright registered works at issue in this Action.  Meta further objects to this Request on the ground that information about who authored the books at issue in this case is outside of Meta's possession, custody, or control.  Even reviewing the copyright registration or copyright notice in a book would not tell Meta who "authored" all or any part of the book, because the information may be inaccurate.  In this case, authorship is a disputed issue as to at least one at-issue work.  Moreover, even where a person is identified as the "author" of a book in a copyright notice or registration, that authorship may not extend to all text in the book (by way of example, content contributed by another author, or previously published or registered works appearing in a collection or anthology, such as a collection of short stories, would not be authored by the copyright holder and are not covered by any copyright in the book, whether registered or not).  For purposes of its response below, Meta construes the term "books they authored" as used in this Request to refer to the at-issue books Plaintiffs claim in this case to have authored, without admitting that any Plaintiff was, in fact, the author or owns a valid copyright in the book, and without admitting what any copyright in the book may cover.  Meta objects to this Request to the extent it improperly suggests that Meta participated in the selection of the content of books or other content to be included in the datasets used to train the Llama Models or that Meta was required to compensate Plaintiffs to train the Llama Models on any unspecified content of books Plaintiffs authored.

1    Subject to and without waiving the foregoing objections, Meta responds as follows: Meta

2 admits that it did not compensate Plaintiffs for the inclusion of the content of books they

3 purportedly authored in the Datasets used to train Llama Models, to the extent those Datasets

4 included the content of books they purportedly authored.  Except as expressly admitted, Meta

5 denies the Request.

6 **REQUEST FOR ADMISSION NO. 10:**

7    Admit that You have made Llama 1 available for use by Third Parties.

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

9    Meta incorporates by reference its Objections to Instructions and Definitions, including its

10 own definitions stated therein, which are applicable to this Request.

11    Subject to and without waiving the foregoing objections, Meta responds as follows: Meta

12 admits that it has made Llama 1 available for use by Third Parties under certain circumstances and

13 subject to certain terms and restrictions.  Except as expressly admitted, Meta denies the Request.

14 **REQUEST FOR ADMISSION NO. 11:**

15    Admit that You have made Llama 2 available for use by Third Parties.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

17    Meta incorporates by reference its Objections to Instructions and Definitions, including its

18 own definitions stated therein, which are applicable to this Request.

19    Subject to and without waiving the foregoing objections, Meta responds as follows: Meta

20 admits that it has made Llama 2 available for use by Third Parties under certain circumstances and

21 subject to certain terms and restrictions.  Except as expressly admitted, Meta denies the Request.

22 **REQUEST FOR ADMISSION NO. 12:**

23    Admit that You have made Llama 3 available for use by Third Parties.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

25    Meta incorporates by reference its Objections to Instructions and Definitions, including its

26 own definitions stated therein, which are applicable to this Request.

27    Subject to and without waiving the foregoing objections, Meta responds as follows: Meta

28 admits that it has made Llama 3 available for use by Third Parties under certain circumstances and

1   discovery in this case.

2   **\*CONFIDENTIAL\* AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

3       Meta incorporates by reference its Objections to Instructions and Definitions, including its

4   own definitions stated therein, which are applicable to this Request, including, in particular

5   Objection No. 4.  Meta objects to this Request as improperly seeking discovery on discovery.  Meta

6   further objects to this Request to the extent it seeks information that is not relevant to the claims or

7   defenses of any party.

8       Subject to and without waiving the foregoing objections, Meta responds as follows: Meta

9   admits that it has not disclosed all Datasets used to train all Llama 4 models because those models

10  remain in development and decisions concerning which Datasets to use for certain versions of the

11  model have not been finalized.  Meta admits that it has not disclosed any Datasets used to train

12  Llama 5 because that model has not yet been trained and decisions concerning which Datasets to

13  use have not been made.  Except as expressly admitted, Meta denies this Request.

14  **REQUEST FOR ADMISSION NO. 16:**

15      Admit that You used the Books3 database as a Dataset to train one or more Llama Models.

16  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

17      Meta incorporates by reference its Objections to Instructions and Definitions, including its

18  own definitions stated therein, which are applicable to this Request.  Meta objects to the term

19  "Books3 database" as vague and ambiguous.  Meta will construe "Books3 database" to mean the

20  third-party dataset commonly known as Books3.  Meta further objects to this Request as compound.

21      Subject to and without waiving the foregoing objections, Meta responds as follows: Meta

22  admits that it has used most of the third-party dataset commonly known as Books3 as training data

23  to train one or more Llama Models.  Except as expressly admitted, Meta denies this Request.

24  **REQUEST FOR ADMISSION NO. 17:**

25      Admit that the Books3 database contains copyrighted works.

26  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

27      Meta incorporates by reference its Objections to Instructions and Definitions, including its

28  own definitions stated therein, which are applicable to this Request.  Meta objects to the term

1    **REQUEST FOR ADMISSION NO. 45:**

2         Admit that the Books3 database contains Plaintiff Richard Kadrey's work *Aloha from Hell*.

3    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

4         Meta incorporates by reference its Objections to Instructions and Definitions, which are

5    applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and

6    unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and

7    ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create,

8    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

9    burdensome for Meta to determine whether the books3 dataset contains the entirety of any

10   particular book, and would require Meta to conduct an analysis of a third party database that is

11   equally accessible to Plaintiffs for every word of any particular work. Meta further object to this

12   Request to the extent that it presumes that the referenced author in fact authored the referenced

13   work—information that is outside of Meta's possession, custody, or control.

14        Subject to and without waiving the foregoing objections, Meta responds as follows: Based

15   on a reasonable investigation, Meta admits that substantially all of the text from a published and

16   commercially-available version of *Aloha from Hell* is included in the third party Books3

17   dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

18   truth of this request, and on that basis denies it.

19   **REQUEST FOR ADMISSION NO. 46:**

20        Admit that the Books3 database contains Plaintiff Richard Kadrey's work *The Everything*

21   *Box*.

22   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

23        Meta incorporates by reference its Objections to Instructions and Definitions, which are

24   applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and

25   unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and

26   ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create,

27   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

28   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *The Everything Box* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it..

**REQUEST FOR ADMISSION NO. 47:**

Admit that the Books3 database contains Plaintiff Richard Kadrey's work *Kill the Dead*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *Kill the Dead* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

1    **REQUEST FOR ADMISSION NO. 48:**

2        Admit that the Books3 database contains Plaintiff Richard Kadrey's work *The Perdition*

3    *Score*.

4    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

5        Meta incorporates by reference its Objections to Instructions and Definitions, which are

6    applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

7    unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

8    ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

9    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

10   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

11   particular book, and would require Meta to conduct an analysis of a third party database that is

12   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

13   Request to the extent that it presumes that the referenced author in fact authored the referenced

14   work—information that is outside of Meta's possession, custody, or control.

15       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

16   on a reasonable investigation, Meta admits that substantially all of the text from a published and

17   commercially-available version of *The Perdition Score* is included in the third party Books3

18   dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

19   truth of this request, and on that basis denies it.

20   **REQUEST FOR ADMISSION NO. 49:**

21       Admit that the Books3 database contains Plaintiff Richard Kadrey's work *Sandman Slim*.

22   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

23       Meta incorporates by reference its Objections to Instructions and Definitions, which are

24   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

25   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

26   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

27   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

28   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *Sandman Slim* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 50:**

Admit that the Books3 database contains Plaintiff Richard Kadrey's work *The Wrong Dead Guy*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *The Wrong Dead Guy* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the Books3 database contains Plaintiff Sarah Silverman's work *The Bedwetter*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *The Bedwetter* is included in the third party Books3 dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the Books3 database contains Plaintiff Christopher Golden's work *Ararat*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is

1  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

2  Request to the extent that it presumes that the referenced author in fact authored the referenced

3  work—information that is outside of Meta's possession, custody, or control.

4      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

5  on a reasonable investigation, Meta admits that substantially all of the text from a published and

6  commercially-available version of *Ararat* is included in the third party Books3 dataset.  Except as

7  expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request,

8  and on that basis denies it.

9  **REQUEST FOR ADMISSION NO. 53:**

10      Admit that the Books3 database contains Plaintiff Christopher Golden's work *Dead*

11  *Ringers*.

12  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

13      Meta incorporates by reference its Objections to Instructions and Definitions, which are

14  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

15  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

16  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

17  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

18  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

19  particular book, and would require Meta to conduct an analysis of a third party database that is

20  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

21  Request to the extent that it presumes that the referenced author in fact authored the referenced

22  work—information that is outside of Meta's possession, custody, or control.

23      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

24  on a reasonable investigation, Meta admits that substantially all of the text from a published and

25  commercially-available version of *Dead Ringers* is included in the third party Books3

26  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

27  truth of this request, and on that basis denies it.

28

1  **REQUEST FOR ADMISSION NO. 54:**

2      Admit that the Books3 database contains Plaintiff Christopher Golden's work *The Pandora*

3  *Room*.

4  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

5      Meta incorporates by reference its Objections to Instructions and Definitions, which are

6  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

7  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

8  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

9  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

10  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

11  particular book, and would require Meta to conduct an analysis of a third party database that is

12  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

13  Request to the extent that it presumes that the referenced author in fact authored the referenced

14  work—information that is outside of Meta's possession, custody, or control.

15      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

16  on a reasonable investigation, Meta admits that substantially all of the text from a published and

17  commercially-available version of *The Pandora Room* is included in the third party Books3

18  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

19  truth of this request, and on that basis denies it.

20  **REQUEST FOR ADMISSION NO. 55:**

21      Admit that the Books3 database contains Plaintiff Christopher Golden's work *Snowblind*.

22  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

23      Meta incorporates by reference its Objections to Instructions and Definitions, which are

24  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

25  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

26  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

27  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

28  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

1    particular book, and would require Meta to conduct an analysis of a third party database that is

2    equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

3    Request to the extent that it presumes that the referenced author in fact authored the referenced

4    work—information that is outside of Meta's possession, custody, or control.

5        Subject to and without waiving the foregoing objections, Meta responds as follows: Based

6    on a reasonable investigation, Meta admits that substantially all of the text from a published and

7    commercially-available version of *Snowblind* is included in the third party Books3 dataset.  Except

8    as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this

9    request, and on that basis denies it.

10   **REQUEST FOR ADMISSION NO. 56:**

11       Admit that the Books3 database contains Plaintiff Ta-Nehisi Coates's work *The Beautiful*

12   *Struggle*.

13   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

14       Meta incorporates by reference its Objections to Instructions and Definitions, which are

15   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

16   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

17   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

18   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

19   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

20   particular book, and would require Meta to conduct an analysis of a third party database that is

21   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

22   Request to the extent that it presumes that the referenced author in fact authored the referenced

23   work—information that is outside of Meta's possession, custody, or control.

24       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

25   on a reasonable investigation, Meta admits that substantially all of the text from a published and

26   commercially-available version of *The Beautiful Struggle* is included in the third party Books3

27   dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

28   truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the Books3 database contains Plaintiff Ta-Nehisi Coates's work *The Water Dancer*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *The Water Dancer* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the Books3 database contains Plaintiff Ta-Nehisi Coates's work *We Were Eight Years in Power*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

1  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

2  particular book, and would require Meta to conduct an analysis of a third party database that is

3  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

4  Request to the extent that it presumes that the referenced author in fact authored the referenced

5  work—information that is outside of Meta's possession, custody, or control.

6       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

7  on a reasonable investigation, Meta admits that substantially all of the text from a published and

8  commercially-available version of *We Were Eight Years in Power* is included in the third party

9  Books3 dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief

10  as to the truth of this request, and on that basis denies it.

11  **REQUEST FOR ADMISSION NO. 59:**

12       Admit that the Books3 database contains Plaintiff Junot Díaz's work *The Brief Wondrous*

13  *Life of Oscar Wao*.

14  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

15       Meta incorporates by reference its Objections to Instructions and Definitions, which are

16  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

17  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

18  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

19  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

20  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

21  particular book, and would require Meta to conduct an analysis of a third party database that is

22  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

23  Request to the extent that it presumes that the referenced author in fact authored the referenced

24  work—information that is outside of Meta's possession, custody, or control.

25       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

26  on a reasonable investigation, Meta admits that substantially all of the text from a published and

27  commercially-available version of *The Brief Wondrous Life of Oscar Wao* is included in the third

28  party Books3 dataset.  Except as expressly admitted, Meta lacks information sufficient to form a

1  belief as to the truth of this request, and on that basis denies it.

2  **REQUEST FOR ADMISSION NO. 60:**

3      Admit that the Books3 database contains Plaintiff Junot Díaz's work *Drown*.

4  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

5      Meta incorporates by reference its Objections to Instructions and Definitions, which are

6  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

7  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

8  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

9  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

10  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

11  particular book, and would require Meta to conduct an analysis of a third party database that is

12  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

13  Request to the extent that it presumes that the referenced author in fact authored the referenced

14  work—information that is outside of Meta's possession, custody, or control.

15      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

16  on a reasonable investigation, Meta admits that substantially all of the text from a published and

17  commercially-available version of *Drown* is included in the third party Books3 dataset.  Except as

18  expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request,

19  and on that basis denies it.

20  **REQUEST FOR ADMISSION NO. 61:**

21      Admit that the Books3 database contains Plaintiff Andrew Sean Greer's work *The*

22  *Confessions of Max Tivoli*.

23  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

24      Meta incorporates by reference its Objections to Instructions and Definitions, which are

25  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

26  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

27  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

28  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *The Confessions of Max Tivoli* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the Books3 database contains Plaintiff Andrew Sean Greer's work *How It Was For Me*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *How It Was For Me* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

1    truth of this request, and on that basis denies it.

2    **REQUEST FOR ADMISSION NO. 63:**

3    Admit that the Books3 database contains Plaintiff Andrew Sean Greer's work *Less*.

4    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

5    Meta incorporates by reference its Objections to Instructions and Definitions, which are

6    applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

7    unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

8    ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

9    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

10   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

11   particular book, and would require Meta to conduct an analysis of a third party database that is

12   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

13   Request to the extent that it presumes that the referenced author in fact authored the referenced

14   work—information that is outside of Meta's possession, custody, or control.

15   Subject to and without waiving the foregoing objections, Meta responds as follows: Based

16   on a reasonable investigation, Meta admits that substantially all of the text from a published and

17   commercially-available version of *Less* is included in the third party Books3 dataset.  Except as

18   expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request,

19   and on that basis denies it.

20   **REQUEST FOR ADMISSION NO. 64:**

21   Admit that the Books3 database contains Plaintiff Andrew Sean Greer's work *The Path of*

22   *Minor Planets*.

23   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

24   Meta incorporates by reference its Objections to Instructions and Definitions, which are

25   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

26   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

27   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

28   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *The Path of Minor Planets* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 65:**

Admit that the Books3 database contains Plaintiff David Henry Hwang's work *Golden Child*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *Golden Child* is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

1  truth of this request, and on that basis denies it.

2  **REQUEST FOR ADMISSION NO. 66:**

3      Admit that the Books3 database contains Plaintiff David Henry Hwang's work *M. Butterfly*.

4  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

5      Meta incorporates by reference its Objections to Instructions and Definitions, which are

6  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

7  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

8  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

9  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

10  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

11  particular book, and would require Meta to conduct an analysis of a third party database that is

12  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

13  Request to the extent that it presumes that the referenced author in fact authored the referenced

14  work—information that is outside of Meta's possession, custody, or control.

15      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

16  on a reasonable investigation, Meta admits that substantially all of the text from a published and

17  commercially-available version of *M. Butterfly* is included in the third party Books3

18  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

19  truth of this request, and on that basis denies it.

20  **REQUEST FOR ADMISSION NO. 67:**

21      Admit that the Books3 database contains Plaintiff David Henry Hwang's work *Trying to*

22  *Find Chinatown*.

23  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

24      Meta incorporates by reference its Objections to Instructions and Definitions, which are

25  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

26  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

27  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

28  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

COOLEY LLP
ATTORNEYS AT LAW

META'S 2ND AMENDED OBJ & RESPS
TO PLTF'S FIRST SET OF RFA'S
3:23-CV-03417-VC

1  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

2  particular book, and would require Meta to conduct an analysis of a third party database that is

3  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

4  Request to the extent that it presumes that the referenced author in fact authored the referenced

5  work—information that is outside of Meta's possession, custody, or control.

6      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

7  on a reasonable investigation, Meta admits that substantially all of the text from a published and

8  commercially-available version of *Trying to Find Chinatown* is included in the third party Books3

9  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

10  truth of this request, and on that basis denies it.

11  **REQUEST FOR ADMISSION NO. 68:**

12      Admit that the Books3 database contains Plaintiff Matthew Klam's work *Sam the Cat*.

13  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

14      Meta incorporates by reference its Objections to Instructions and Definitions, which are

15  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

16  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

17  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

18  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

19  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

20  particular book, and would require Meta to conduct an analysis of a third party database that is

21  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

22  Request to the extent that it presumes that the referenced author in fact authored the referenced

23  work—information that is outside of Meta's possession, custody, or control.

24      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

25  on a reasonable investigation, Meta admits that substantially all of the text from a published and

26  commercially-available version of *Sam the Cat* is included in the third party Books3

27  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

28  truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 69:**

Admit that the Books3 database contains Plaintiff Matthew Klam's work *Who is Rich*?

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *Who is Rich*? is included in the third party Books3 dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 70:**

Admit that the Books3 database contains Plaintiff Laura Lippman's work *After I'm Gone*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is

1  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this
2  Request to the extent that it presumes that the referenced author in fact authored the referenced
3  work—information that is outside of Meta's possession, custody, or control.

4       Subject to and without waiving the foregoing objections, Meta responds as follows: Based
5  on a reasonable investigation, Meta admits that substantially all of the text from a published and
6  commercially-available version of *After I'm Gone* is included in the third party Books3
7  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the
8  truth of this request, and on that basis denies it.

9  **REQUEST FOR ADMISSION NO. 71:**

10      Admit that the Books3 database contains Plaintiff Laura Lippman's work *In a Strange City*.

11 **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

12      Meta incorporates by reference its Objections to Instructions and Definitions, which are
13 applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and
14 unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and
15 ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,
16 commonly known as Books3. Meta further objects to this Request on the ground that it is unduly
17 burdensome for Meta to determine whether the books3 dataset contains the entirety of any
18 particular book, and would require Meta to conduct an analysis of a third party database that is
19 equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this
20 Request to the extent that it presumes that the referenced author in fact authored the referenced
21 work—information that is outside of Meta's possession, custody, or control.

22      Subject to and without waiving the foregoing objections, Meta responds as follows: Based
23 on a reasonable investigation, Meta admits that substantially all of the text from a published and
24 commercially-available version of *In a Strange City* is included in the third party Books3
25 dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the
26 truth of this request, and on that basis denies it.

27 **REQUEST FOR ADMISSION NO. 72:**

28      Admit that the Books3 database contains Plaintiff Laura Lippman's work *Lady in the Lake*.

1    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

2    Meta incorporates by reference its Objections to Instructions and Definitions, which are

3    applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

4    unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

5    ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

6    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

7    burdensome for Meta to determine whether the books3 dataset contains the entirety of any

8    particular book, and would require Meta to conduct an analysis of a third party database that is

9    equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

10   Request to the extent that it presumes that the referenced author in fact authored the referenced

11   work—information that is outside of Meta's possession, custody, or control.

12   Subject to and without waiving the foregoing objections, Meta responds as follows: Based

13   on a reasonable investigation, Meta admits that substantially all of the text from a published and

14   commercially-available version of *Lady in the Lake* is included in the third party Books3

15   dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

16   truth of this request, and on that basis denies it.

17   **REQUEST FOR ADMISSION NO. 73:**

18   Admit that the Books3 database contains Plaintiff Laura Lippman's work *Sunburn*.

19   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

20   Meta incorporates by reference its Objections to Instructions and Definitions, which are

21   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

22   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

23   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

24   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

25   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

26   particular book, and would require Meta to conduct an analysis of a third party database that is

27   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

28   Request to the extent that it presumes that the referenced author in fact authored the referenced

1    work—information that is outside of Meta's possession, custody, or control.

2        Subject to and without waiving the foregoing objections, Meta responds as follows: Based

3    on a reasonable investigation, Meta admits that substantially all of the text from a published and

4    commercially-available version of *Sunburn* is included in the third party Books3 dataset. Except

5    as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this

6    request, and on that basis denies it.

7    **REQUEST FOR ADMISSION NO. 74:**

8        Admit that the Books3 database contains Plaintiff Laura Lippman's work *What the Dead*

9    *Know*.

10   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

11       Meta incorporates by reference its Objections to Instructions and Definitions, which are

12   applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and

13   unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and

14   ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create,

15   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

16   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

17   particular book, and would require Meta to conduct an analysis of a third party database that is

18   equally accessible to Plaintiffs for every word of any particular work. Meta further object to this

19   Request to the extent that it presumes that the referenced author in fact authored the referenced

20   work—information that is outside of Meta's possession, custody, or control.

21       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

22   on a reasonable investigation, Meta admits that substantially all of the text from a published and

23   commercially-available version of *What the Dead Know* is included in the third party Books3

24   dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

25   truth of this request, and on that basis denies it.

26   **REQUEST FOR ADMISSION NO. 75:**

27       Admit that the Books3 database contains Plaintiff Laura Lippman's work *Wilde Lake*.

28

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *Wilde Lake* is included in the third party Books3 dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the Books3 database contains Plaintiff Rachel Louise Snyder's work *No Visible Bruises: What We Don't Know About Domestic Violence Can Kill Us*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

1    Request to the extent that it presumes that the referenced author in fact authored the referenced

2    work—information that is outside of Meta's possession, custody, or control.

3        Subject to and without waiving the foregoing objections, Meta responds as follows: Based

4    on a reasonable investigation, Meta admits that substantially all of the text from a published and

5    commercially-available version of *No Visible Bruises: What We Don't Know About Domestic*

6    *Violence Can Kill Us l* is included in the third party Books3 dataset.  Except as expressly admitted,

7    Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis

8    denies it.

9    **REQUEST FOR ADMISSION NO. 77:**

10        Admit that the Books3 database contains Plaintiff Lysa TerKeurst's work *Embraced*.

11    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

12        Meta incorporates by reference its Objections to Instructions and Definitions, which are

13    applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

14    unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

15    ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

16    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

17    burdensome for Meta to determine whether the books3 dataset contains the entirety of any

18    particular book, and would require Meta to conduct an analysis of a third party database that is

19    equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

20    Request to the extent that it presumes that the referenced author in fact authored the referenced

21    work—information that is outside of Meta's possession, custody, or control.

22        Subject to and without waiving the foregoing objections, Meta responds as follows: Based

23    on a reasonable investigation, Meta admits that substantially all of the text from a published and

24    commercially-available version of *Embraced* is included in the third party Books3 dataset.  Except

25    as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this

26    request, and on that basis denies it.

27    **REQUEST FOR ADMISSION NO. 78:**

28        Admit that the Books3 database contains Plaintiff Lysa TerKeurst's work *Unglued*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

Subject to and without waiving the foregoing objections, Meta responds as follows: Based on a reasonable investigation, Meta admits that substantially all of the text from a published and commercially-available version of *Unglued* is included in the third party Books3 dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this request, and on that basis denies it.

**REQUEST FOR ADMISSION NO. 79:**

Admit that the Books3 database contains Plaintiff Lysa TerKeurst's work *Made to Crave Devotional*.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create, commonly known as Books3. Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the books3 dataset contains the entirety of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

1  Request to the extent that it presumes that the referenced author in fact authored the referenced

2  work—information that is outside of Meta's possession, custody, or control.

3      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

4  on a reasonable investigation, Meta admits that substantially all of the text from a published and

5  commercially-available version of *Made to Crave Devotional* is included in the third party Books3

6  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

7  truth of this request, and on that basis denies it.

8  **REQUEST FOR ADMISSION NO. 80:**

9      Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *After Tupac*

10  *& D Foster*.

11  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

12      Meta incorporates by reference its Objections to Instructions and Definitions, which are

13  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

14  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

15  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

16  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

17  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

18  particular book, and would require Meta to conduct an analysis of a third party database that is

19  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

20  Request to the extent that it presumes that the referenced author in fact authored the referenced

21  work—information that is outside of Meta's possession, custody, or control.

22      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

23  on a reasonable investigation, Meta admits that substantially all of the text from a published and

24  commercially-available version of *After Tupac & D Foster* is included in the third party Books3

25  dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

26  truth of this request, and on that basis denies it.

27  **REQUEST FOR ADMISSION NO. 81:**

28      Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Another*

1    *Brooklyn*.

2    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

3    Meta incorporates by reference its Objections to Instructions and Definitions, which are

4    applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

5    unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

6    ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

7    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

8    burdensome for Meta to determine whether the books3 dataset contains the entirety of any

9    particular book, and would require Meta to conduct an analysis of a third party database that is

10   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

11   Request to the extent that it presumes that the referenced author in fact authored the referenced

12   work—information that is outside of Meta's possession, custody, or control.

13   Subject to and without waiving the foregoing objections, Meta responds as follows: Based

14   on a reasonable investigation, Meta admits that substantially all of the text from a published and

15   commercially-available version of *Another Brooklyn* is included in the third party Books3

16   dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

17   truth of this request, and on that basis denies it.

18   **REQUEST FOR ADMISSION NO. 82:**

19   Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Behind You*.

20   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

21   Meta incorporates by reference its Objections to Instructions and Definitions, which are

22   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

23   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

24   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

25   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

26   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

27   particular book, and would require Meta to conduct an analysis of a third party database that is

28   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

1    Request to the extent that it presumes that the referenced author in fact authored the referenced

2    work—information that is outside of Meta's possession, custody, or control.

3        Subject to and without waiving the foregoing objections, Meta responds as follows: Based

4    on a reasonable investigation, Meta admits that substantially all of the text from a published and

5    commercially-available version of *Behind You* is included in the third party Books3 dataset.  Except

6    as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this

7    request, and on that basis denies it.

8    **REQUEST FOR ADMISSION NO. 83:**

9        Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Beneath a*

10   *Meth Moon*.

11   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

12       Meta incorporates by reference its Objections to Instructions and Definitions, which are

13   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

14   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

15   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

16   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

17   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

18   particular book, and would require Meta to conduct an analysis of a third party database that is

19   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

20   Request to the extent that it presumes that the referenced author in fact authored the referenced

21   work—information that is outside of Meta's possession, custody, or control.

22       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

23   on a reasonable investigation, Meta admits that substantially all of the text from a published and

24   commercially-available version of *Beneath a Meth Moon* is included in the third party Books3

25   dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

26   truth of this request, and on that basis denies it.

27   **REQUEST FOR ADMISSION NO. 84:**

28       Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Brown Girl*

COOLEY LLP
ATTORNEYS AT LAW

**META'S 2ND AMENDED OBJ & RESPS
TO PLTF'S FIRST SET OF RFA'S
3:23-CV-03417-VC**

1   *Dreaming*.

2   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

3       Meta incorporates by reference its Objections to Instructions and Definitions, which are

4   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

5   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

6   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

7   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

8   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

9   particular book, and would require Meta to conduct an analysis of a third party database that is

10   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

11   Request to the extent that it presumes that the referenced author in fact authored the referenced

12   work—information that is outside of Meta's possession, custody, or control.

13       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

14   on a reasonable investigation, Meta admits that substantially all of the text from a published and

15   commercially-available version of *Brown Girl Dreaming* is included in the third party Books3

16   dataset.  Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

17   truth of this request, and on that basis denies it.

18   **REQUEST FOR ADMISSION NO. 85:**

19       Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Feathers*.

20   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

21       Meta incorporates by reference its Objections to Instructions and Definitions, which are

22   applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

23   unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

24   ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

25   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

26   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

27   particular book, and would require Meta to conduct an analysis of a third party database that is

28   equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

1  Request to the extent that it presumes that the referenced author in fact authored the referenced

2  work—information that is outside of Meta's possession, custody, or control.

3      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

4  on a reasonable investigation, Meta admits that substantially all of the text from a published and

5  commercially-available version of *Feathers* is included in the third party Books3 dataset.  Except

6  as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this

7  request, and on that basis denies it.

8  **REQUEST FOR ADMISSION NO. 86:**

9      Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Harbor Me*.

10  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

11      Meta incorporates by reference its Objections to Instructions and Definitions, which are

12  applicable to this Request.  Meta objects to the term "contains" as vague and ambiguous and

13  unintelligible in the context of this RFA.  Meta objects to the term "Books3 database" as vague and

14  ambiguous.  Meta will construe this term to mean the third party dataset that Meta did not create,

15  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

16  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

17  particular book, and would require Meta to conduct an analysis of a third party database that is

18  equally accessible to Plaintiffs for every word of any particular work.  Meta further object to this

19  Request to the extent that it presumes that the referenced author in fact authored the referenced

20  work—information that is outside of Meta's possession, custody, or control.

21      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

22  on a reasonable investigation, Meta admits that substantially all of the text from a published and

23  commercially-available version of *Harbor Me* is included in the third party Books3 dataset.  Except

24  as expressly admitted, Meta lacks information sufficient to form a belief as to the truth of this

25  request, and on that basis denies it.

26  **REQUEST FOR ADMISSION NO. 87:**

27      Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *If You Come*

28  *Softly*.

1    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

2        Meta incorporates by reference its Objections to Instructions and Definitions, which are

3    applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and

4    unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and

5    ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create,

6    commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

7    burdensome for Meta to determine whether the books3 dataset contains the entirety of any

8    particular book, and would require Meta to conduct an analysis of a third party database that is

9    equally accessible to Plaintiffs for every word of any particular work. Meta further object to this

10   Request to the extent that it presumes that the referenced author in fact authored the referenced

11   work—information that is outside of Meta's possession, custody, or control.

12       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

13   on a reasonable investigation, Meta admits that substantially all of the text from a published and

14   commercially-available version of *If You Come Softly* is included in the third party Books3

15   dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

16   truth of this request, and on that basis denies it.

17   **REQUEST FOR ADMISSION NO. 88:**

18       Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Miracle's*

19   *Boys*.

20   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

21       Meta incorporates by reference its Objections to Instructions and Definitions, which are

22   applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and

23   unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and

24   ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create,

25   commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

26   burdensome for Meta to determine whether the books3 dataset contains the entirety of any

27   particular book, and would require Meta to conduct an analysis of a third party database that is

28   equally accessible to Plaintiffs for every word of any particular work. Meta further object to this

1   Request to the extent that it presumes that the referenced author in fact authored the referenced

2   work—information that is outside of Meta's possession, custody, or control.

3       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

4   on a reasonable investigation, Meta admits that substantially all of the text from a published and

5   commercially-available version of *Miracle's Boys* is included in the third party Books3

6   dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

7   truth of this request, and on that basis denies it..

8   **REQUEST FOR ADMISSION NO. 89:**

9       Admit that the Books3 database contains Plaintiff Jacqueline Woodson's work *Red at the*

10  *Bone*.

11  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

12      Meta incorporates by reference its Objections to Instructions and Definitions, which are

13  applicable to this Request. Meta objects to the term "contains" as vague and ambiguous and

14  unintelligible in the context of this RFA. Meta objects to the term "Books3 database" as vague and

15  ambiguous. Meta will construe this term to mean the third party dataset that Meta did not create,

16  commonly known as Books3. Meta further objects to this Request on the ground that it is unduly

17  burdensome for Meta to determine whether the books3 dataset contains the entirety of any

18  particular book, and would require Meta to conduct an analysis of a third party database that is

19  equally accessible to Plaintiffs for every word of any particular work. Meta further object to this

20  Request to the extent that it presumes that the referenced author in fact authored the referenced

21  work—information that is outside of Meta's possession, custody, or control.

22      Subject to and without waiving the foregoing objections, Meta responds as follows: Based

23  on a reasonable investigation, Meta admits that substantially all of the text from a published and

24  commercially-available version of *Red at the Bone* is included in the third party Books3

25  dataset. Except as expressly admitted, Meta lacks information sufficient to form a belief as to the

26  truth of this request, and on that basis denies it.

27

28

Dated: January 17, 2025

COOLEY LLP

By: /s/Judd Lauter
Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Liz Stameshkin
Colette Ghazarian

*Full Counsel List*

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL (pro hac vice)
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

COOLEY LLP
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUAN PABLO GONZALEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

COOLEY LLP
ATTORNEYS AT LAW

57

META'S 2ND AMENDED OBJ & RESPS
TO PLTF'S FIRST SET OF RFA'S
3:23-CV-03417-VC

1

<u>**SERVICE LIST**</u>

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Louis Andrew Kessler
Aaron Cera
Margaux Poueymirou
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
        lkessler@saverilawfirm.com
        acera@saverilawfirm.com
        mpoueymirou@saverilawfirm.com

Matthew Butterick
**MATTHEW BUTTERICK,**
**ATTORNEY AT LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@butericklaw.com

*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: bclobes@caffertyclobes.com
        asweatman@caffertyclobes.com
        mrathur@caffertyclobes.com

*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*

18
19
20
21
22
23
24
25
26
27
28

Joshua I. Schiller, Esq.
Maxwell Vaughn Pritt, Esq.
**BOIES SCHILLE FLEXNER**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Email: jischiller@bsfllp.com
        mpritt@bsfllp.com

David Boise, Esq. (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
333 Main Street
Armonk, NY  10504
Email: dboies@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
1401 New York Ave. NW
Washington, DC  20005
Email: jpanuccio@bsfllp.com

*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Email: BrianO@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Email: akeller@dicellolevitt.com
        julwick@dicellolevitt.com
        ndjordjevic@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Email: dstraite@dicellolevitt.com

*Attorneys for Plaintiff Lysa TerKeurst*

1  Elizabeth J. Cabraser, Esq.
   Daniel M. Hutchinson, Esq.
2  Reilly T. Stoler, Esq.
   **LIEFF CABRASER HEIMANN &**
3  **BERNSTEIN, LLP**
   275 Battery Street, 29th Floor
4  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
5  Email: ecabraser@lchb.com
           dhutchinson@lchb.com
6          rstoler@lchb.com

7  Rachel Geman
   **LIEFF CABRASER HEIMANN &**
8  **BERNSTEIN, LLP**
   250 Hudson Street, 8th Floor
9  New York, New York 10013-1413
   Telephone: (212) 355-9500
10 Email: rgeman@lchb.com

11
   Attorneys for Plaintiff *Christopher Farnsworth*
12 *and Representative Plaintiffs and the Proposed*
   *Class*
13

Nancy Evelyn Wolff
**COWAN DEBAETS ABRAHAMS &**
**SHEPPARD LLP**
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Fax: (310) 492-4394
Email: NWolff@cdas.com

Scott J. Sholder
CeCe M. Cole
**COWAN DEBAETS ABRAHAMS &**
**SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
Email:  ssholder@cdas.com
        ccole@cdas.com

Attorneys for Plaintiff *Christopher Farnsworth*
*and Representative Plaintiffs and the Proposed*
*Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COOLEY LLP
   BOBBY GHAJAR (198719)
2  (bghajar@cooley.com)
   TERESA MICHAUD (296329)
3  (tmichaud@cooley.com)
   COLETTE GHAZARIAN (322235)
4  (cghazarian@cooley.com)
   1333 2nd Street, Suite 400
5  Santa Monica, California 90401
   Telephone:    (310) 883-6400
6
   MARK WEINSTEIN (193043)
7  (mweinstein@cooley.com)
   KATHLEEN HARTNETT (314267)
8  (khartnett@cooley.com)
   JUDD LAUTER (290945)
9  (jlauter@cooley.com)
   ELIZABETH L. STAMESHKIN (260865)
10 (lstameshkin@cooley.com)
   3175 Hanover Street
11 Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5000
12 CLEARY GOTTLIEB STEEN & HAMILTON LLP
   ANGELA L. DUNNING (212047)
13 (adunning@cgsh.com)
   1841 Page Mill Road, Suite 250
14 Palo Alto, CA 94304
   Telephone: (650) 815-4131
15
   *[Full Listing on Signature Page]*
16
   *Counsel for Defendant Meta Platforms, Inc.*

17              **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                 **SAN FRANCISCO DIVISION**

20 RICHARD KADREY, *et al.*,                 | Case No. 3:23-cv-03417-VC

21 Individual and Representative

22                          Plaintiffs,       **DEFENDANT META PLATFORMS, INC.'S SECOND AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS**

23       v.

24 META PLATFORMS, INC., a Delaware
   corporation;
25
                            Defendant.
26

27

28

**5.** Meta objects to Instruction Nos. 8 and 9 as overbroad and unduly burdensome to the extent that they purport to require more of Meta than any obligation imposed by law.

**6.** Meta objects to Instruction 10 as overbroad and unduly burdensome to the extent that it purports to require more of Meta than any obligation imposed by law. Meta also objects to this instruction on the ground that it improperly demands narrative responses, which are the proper subject not of requests for admissions but of interrogatories, and thereby seeks to circumvent the interrogatory limit.

## III.    AMENDED OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 90:**

Admit that *Blood Oath* by Christopher Farnsworth was included in a dataset used to train Your large language models.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Meta incorporates by reference its Objections to Instructions and Definitions, which are applicable to this Request. Meta further objects to the term "large language models" as vague, ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to the needs of the case to the extent that it purports to include large language models ("LLMs") that were not publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs' allegedly copyrighted works. Meta construes the term "large language models" to mean the models within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama 1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5.

Meta further objects to this Request on the ground that it is unduly burdensome for Meta to determine whether the datasets used to train Meta's large language models (as construed above) contain the entirety of the text of any particular book, and would require Meta to conduct an analysis of a third party database that is equally accessible to Plaintiffs for every word of any particular work. Meta further object to this Request to the extent that it presumes that the referenced author in fact authored the referenced work—information that is outside of Meta's possession, custody, or control.

1    Subject to and without waiving the foregoing objections, Meta responds as follows:  Based

2    on a reasonable investigation, Meta admits that substantially all of the text from a published and

3    commercially-available version of *Blood Oath* is included in a dataset used to train Meta's large

4    language models, as that term is construed above.   Except as expressly admitted, Meta lacks

5    information sufficient to form a belief as to the truth of this request, and on that basis denies it.

6    **REQUEST FOR ADMISSION NO. 91:**

7    Admit that *The President's Vampire* by Christopher Farnsworth was included in a dataset

8    used to train Your large language models.

9    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

10    Meta incorporates by reference its Objections to Instructions and Definitions, which are

11    applicable to this Request.  Meta further objects to the term "large language models" as vague,

12    ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

13    the needs of the case to the extent that it purports to include large language models that were not

14    publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

15    allegedly copyrighted works.  Meta construes the term "large language models" to mean the models

16    within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama

17    1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5.

18    Meta further objects to this Request on the ground that it is unduly burdensome for Meta to

19    determine whether the datasets used to train Meta's large language models (as construed above)

20    contain the entirety of the text of any particular book, and would require Meta to conduct an analysis

21    of a third party database that is equally accessible to Plaintiffs for every word of any particular

22    work.  Meta further object to this Request to the extent that it presumes that the referenced author

23    in fact authored the referenced work—information that is outside of Meta's possession, custody, or

24    control.

25    Subject to and without waiving the foregoing objections, Meta responds as follows:  Based

26    on a reasonable investigation, Meta admits that substantially all of the text from a published and

27    commercially-available version of *The President's Vampire* is included in a dataset used to train

28    Meta's large language models, as that term is construed above.  Except as expressly admitted, Meta

1    lacks information sufficient to form a belief as to the truth of this request, and on that basis denies

2    it.

3    **REQUEST FOR ADMISSION NO. 92:**

4        Admit that *Red, White, and Blood* by Christopher Farnsworth was included in a dataset used

5    to train Your large language models.

6    **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

7        Meta incorporates by reference its Objections to Instructions and Definitions, which are

8    applicable to this Request.  Meta further objects to the term "large language models" as vague,

9    ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

10   the needs of the case to the extent that it purports to include large language models that were not

11   publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

12   allegedly copyrighted works.  Meta construes "large language models" to mean the models within

13   the Llama family of LLMs that have been or are being developed by Meta, namely, Llama 1, Llama

14   2, Code Llama, Llama 3, Llama 4, and Llama 5.  Meta further objects to this Request on the ground

15   that the referenced work, *Red, White, and Blood*, is not alleged to be at issue in this action.

16   **REQUEST FOR ADMISSION NO. 93:**

17       Admit that *The Burning Men: A Nathaniel Cade Story* by Christopher Farnsworth was

18   included in a dataset used to train Your large language models.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

20       Meta incorporates by reference its Objections to Instructions and Definitions, which are

21   applicable to this Request.  Meta further objects to the term "large language models" as vague,

22   ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

23   the needs of the case to the extent that it purports to include large language models that were not

24   publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

25   allegedly copyrighted works.  Meta construes the term "large language models" to mean the models

26   within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama

27   1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5.  Meta further objects to this Request on

28

1  the ground that the referenced work, *The Burning Men: A Nathaniel Cade Story* is not alleged to

2  be at issue in this action.

3  **REQUEST FOR ADMISSION NO. 94:**

4      Admit that *The Eternal World* by Christopher Farnsworth was included in a dataset used to

5  train Your large language models.

6  **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

7      Meta incorporates by reference its Objections to Instructions and Definitions, which are

8  applicable to this Request.  Meta further objects to the term "large language models" as vague,

9  ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

10  the needs of the case to the extent that it purports to include large language models that were not

11  publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

12  allegedly copyrighted works.  Meta construes the term "large language models" to mean the models

13  within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama

14  1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5.

15      Meta further objects to this Request on the ground that it is unduly burdensome for Meta to

16  determine whether the datasets used to train Meta's large language models (as construed above)

17  contain the entirety of the text of any particular book, and would require Meta to conduct an analysis

18  of a third party database that is equally accessible to Plaintiffs for every word of any particular

19  work.  Meta further object to this Request to the extent that it presumes that the referenced author

20  in fact authored the referenced work—information that is outside of Meta's possession, custody, or

21  control.

22      Subject to and without waiving the foregoing objections, Meta responds as follows:  Based

23  on a reasonable investigation, Meta admits that substantially all of the text from a published and

24  commercially-available version of *The Eternal World* is included in a dataset used to train Meta's

25  large language models, as that term is construed above.  Except as expressly admitted, Meta lacks

26  information sufficient to form a belief as to the truth of this request, and on that basis denies it.

27

28

COOLEY LLP
ATTORNEYS AT LAW

1    **REQUEST FOR ADMISSION NO. 95:**

2        Admit that *Killfile* by Christopher Farnsworth was included in a dataset used to train Your

3    large language models.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

5        Meta incorporates by reference its Objections to Instructions and Definitions, which are

6    applicable to this Request.  Meta further objects to the term "large language models" as vague,

7    ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

8    the needs of the case to the extent that it purports to include large language models that were not

9    publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

10   allegedly copyrighted works.  Meta construes the term "large language models" to mean the models

11   within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama

12   1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5.  Meta further objects to this Request on

13   the ground that the referenced work, *Killfile*, is not alleged to be at issue in this action.

14   **REQUEST FOR ADMISSION NO. 96:**

15       Admit that *Flashmob* by Christopher Farnsworth was included in a dataset used to train

16   Your large language models.

17   **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

18       Meta incorporates by reference its Objections to Instructions and Definitions, which are

19   applicable to this Request.  Meta further objects to the term "large language models" as vague,

20   ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

21   the needs of the case to the extent that it purports to include large language models that were not

22   publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

23   allegedly copyrighted works.  Meta construes the term "large language models" to mean the models

24   within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama

25   1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5.

26       Meta further objects to this Request on the ground that it is unduly burdensome for Meta to

27   determine whether the datasets used to train Meta's large language models (as construed above)

28   contain the entirety of the text of any particular book, and would require Meta to conduct an analysis

1 of a third party database that is equally accessible to Plaintiffs for every word of any particular

2 work. Meta further object to this Request to the extent that it presumes that the referenced author

3 in fact authored the referenced work—information that is outside of Meta's possession, custody, or

4 control.

5       Subject to and without waiving the foregoing objections, Meta responds as follows: Based

6 on a reasonable investigation, Meta admits that substantially all of the text from a published and

7 commercially-available version of *Flashmob* is included in a dataset used to train Meta's large

8 language models, as that term is construed above. Except as expressly admitted, Meta lacks

9 information sufficient to form a belief as to the truth of this request, and on that basis denies it.

10 **REQUEST FOR ADMISSION NO. 97:**

11       Admit that *Deep State: A Nathaniel Cade Story* by Christopher Farnsworth was included in

12 a dataset used to train Your large language models.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

14       Meta incorporates by reference its Objections to Instructions and Definitions, which are

15 applicable to this Request. Meta further objects to the term "large language models" as vague,

16 ambiguous, and undefined, as well as overbroad, and unduly burdensome, and disproportionate to

17 the needs of the case to the extent that it purports to include large language models that were not

18 publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiffs'

19 allegedly copyrighted works. Meta construes the term "large language models" to mean the models

20 within the Llama family of LLMs that have been or are being developed by Meta, namely, Llama

21 1, Llama 2, Code Llama, Llama 3, Llama 4, and Llama 5. Meta further objects to this Request on

22 the ground that the referenced work, *Deep State: A Nathaniel Cade Story*, is not alleged to be at

23 issue in this action.

24 **REQUEST FOR ADMISSION NO. 98:**

25       Admit that you used books sourced from Books3 to train one or more of your large language

26 models.

27 **AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

28       Meta incorporates by reference its Objections to Instructions and Definitions, which are

1    applicable to this Request.  Meta objects to this Request and vague, ambiguous, and unintelligible,

2    as written.  It is not clear to Meta what it means to use "books sourced from Books3."  Meta further

3    objects to the term "large language models" as vague, ambiguous, and undefined, as well as

4    overbroad, and unduly burdensome, and disproportionate to the needs of the case to the extent that

5    it purports to include large language models that were not publicly released and/or were not trained

6    on corpuses of text that allegedly include any of Plaintiffs' allegedly copyrighted works.  Meta

7    construes the term "large language models" to mean the models within the Llama family of LLMs

8    that have been or are being developed by Meta, namely, Llama 1, Llama 2, Code Llama, Llama 3,

9    Llama 4, and Llama 5.

10        Subject to and without waiving the foregoing objections, Meta responds as

11   follows: admitted.

12   Dated: January 17, 2025                      COOLEY LLP

13

14                                                By:  */s/Judd Lauter*_____
                                                      Bobby Ghajar
15                                                    Mark Weinstein
                                                      Kathleen Hartnett
16                                                    Teresa Michaud
                                                      Judd Lauter
17                                                    Liz Stameshkin
                                                      Colette Ghazarian
18   *Full Counsel List*
                                                      CLEARY GOTTLIEB STEEN &
19   COOLEY LLP                                        HAMILTON LLP
     PHILLIP MORTON *(pro hac vice)*                  Angela L. Dunning
20   (pmorton@cooley.com)
     COLE A. POPPELL *(pro hac vice)*                 Attorneys for Defendant
21   (cpoppell@cooley.com)                            META PLATFORMS, INC.
     1299 Pennsylvania Avenue, NW, Suite 700
22   Washington, DC 20004-2400
     Telephone:    (202) 842-7800
23
     COOLEY LLP
24   MATTHEW BRIGHAM (191428)
     (mbrigham@cooley.com)
25   JUAN PABLO GONZALEZ (334470)
     (jgonzalez@cooley.com)
26   3175 Hanover Street
     Palo Alto, CA  94304-1130
27   Telephone:    (650) 843-5000

28