# EXHIBIT 83

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

_____

RICHARD KADREY, et al.,          )

                                 )

          Individual and         )

          Representative         )

          Plaintiffs,            )

                                 )

v.                               )   Case No. 3:23-cv-03417-VC

                                 )

META PLATFORMS, INC.,            )

                                 )

          Defendant.             )

_____)


     ** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

     Videotaped Deposition of SERGEY EDUNOV

          San Francisco, California

          Wednesday, November 6, 2024


          Reported Stenographically by

     Michael P. Hensley, RDR, CSR No. 14114

_____

          DIGITAL EVIDENCE GROUP

          1730 M Street, NW, Suite 812

          Washington, D.C. 20036

          (202) 232-0646

Page 77

1    used in training for Llama 3?

2              ATTORNEY MORTON:  Object to form.

3              THE WITNESS:  Similarly, I don't remember

4    the circumstances.

5    BY ATTORNEY STEIN:

6        Q.    Okay.  Do you know who at Meta might know

7    the answer to that question?

8              ATTORNEY MORTON:  Object to form.

9              THE WITNESS:  The closest person I could

10   think of is Todor.

11   BY ATTORNEY STEIN:

12       Q.    Was Todor responsible for finding data for

13   pretraining?

14             ATTORNEY MORTON:  Object to form.

15             THE WITNESS:  I don't know what "finding"

16   means in this context again.  Todor was responsible

17   for preparing the data for pretraining.

18   BY ATTORNEY STEIN:

19       Q.    Did you know that LibGen had copyrighted

20   books in there?

21             ATTORNEY MORTON:  Object to form.

22             THE WITNESS:  Did I know?

Page 78

1    BY ATTORNEY STEIN:

2        Q.    That LibGen contained copyrighted books.

3        A.    I heard about it.

4        Q.    How did you hear about it?

5        A.    I don't remember specifically.  Could have

6    been online or some conversation.

7        Q.    Can you provide us any details with how

8    you knew that LibGen contained copyrighted

9    materials?

10           ATTORNEY MORTON:  Object to form.

11           THE WITNESS:  I just don't remember.

12   BY ATTORNEY STEIN:

13       Q.    Did you know that Books3 contained

14   copyrighted materials?

15       A.    No.

16       Q.    Was there any discussion on your team

17   about the fact that LibGen contained copyrighted

18   materials?

19       A.    Nothing that I could recall.

20       Q.    Do you recall hearing the term "fair use"?

21       A.    Yeah.

22       Q.    What does "fair use" mean to you?

11/6/2024          Richard Kadrey, et al. v. Meta Platforms, Inc.          Sergey Edunov
Highly Confidential - Attorneys' Eyes Only

Page 79

1          ATTORNEY MORTON:  Objection.  I'm going to

2    caution the witness.  To the extent your

3    understanding of "fair use" would come from an

4    attorney-client communication, caution you not to

5    reveal that.  If you have an understanding separate

6    from that, you can discuss it.

7          THE WITNESS:  Yeah, my personal

8    understanding of fair use is -- I'll give an

9    example.

10          If I read a book myself or see a piece of

11   art, and I decide to write my own book or produce my

12   own piece of art, I -- I am inspired by what I've

13   read or saw, is a fair use of the content for me to

14   do so.

15   BY ATTORNEY STEIN:

16      Q.   Are you familiar with the term "fair use

17   dataset"?

18      A.   Fair use dataset, no, I'm not familiar

19   with this term.

20      Q.   Was it your understanding that pretraining

21   Llama 3 on LibGen was fair use?

22          ATTORNEY MORTON:  Objection.

Page 383

1                CERTIFICATE OF SHORTHAND REPORTER

2

3        I, Michael P. Hensley, Registered Diplomate

4    Reporter for the State of California, CSR No. 14114,

5    the officer before whom the foregoing deposition was

6    taken, do hereby certify that the foregoing

7    transcript is a true and correct record of the

8    testimony given; that said testimony was taken by me

9    stenographically and thereafter reduced to

10   typewriting under my direction; that reading and

11   signing was requested; and that I am neither counsel

12   for, related to, nor employed by any of the parties

13   to this case and have no interest, financial or

14   otherwise, in its outcome.

15

16

17

18

19

20

21              Michael P. Hensley, CSR, RDR

22