**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

(additional counsel included below)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>   Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC, a Delaware corporation,<br><br>   Defendant. | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: EXHIBITS TO META'S MOTION IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), and consistent with the Court's prior orders regarding sealing in this matter, *see, e.g.*, Dkt. 498, Plaintiffs Richard Kadrey, *et al.*,

("Plaintiffs") respectfully move this Court for an Order allowing Plaintiffs to file under seal narrowly tailored portions of testimony, which Defendant Meta Platforms, Inc. ("Meta") submitted with its Motion for Partial Summary Judgment. The narrowly tailored portions of these three Exhibits contain personal financial information unrelated to the case. Plaintiffs therefore respectfully submit that compelling reasons exist for filing these materials under seal.

This motion complies with Civil Local Rule 7-11 and 79-5, and the following attachments accompany this motion:

1. The Declaration of Betsy Sugar in Support of this Motion;
2. A Proposed Order that lists in tabular format all material sought to be sealed.

## I. Legal Standard

Though "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents," the right "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). The Ninth Circuit has established that for dispositive motions and their attachments, "a court may seal records only when it finds 'a compelling reason.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). It is within the "the sound discretion of the trial court" to determine what constitutes a compelling reason. *Nixon*, 435 U.S. at 599. Pursuant to Civil Local Rule 79-5(c)(1), a party seeking to seal documents must explain: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

## II. Argument

As the underlying motion is dispositive, the compelling reason standard applies. While the standard is a fact-specific inquiry, courts tend to find a "compelling reason" to seal personal

information that is unrelated to the case. *See, e.g., Nia v. Bank of Am., N.A.*, 2024 WL 171659, at *6 (S.D. Cal. Jan. 12, 2024) (granting plaintiffs' motion to seal exhibit "contain[ing] personal financial information"); *Tsatas v. Airborne Wireless Network, Inc.*, 2025 WL 973840, at *14 (D. Nev. Mar. 31, 2025) (redacting "personal financial information that is not relevant to Plaintiffs' damages"); *Laron v. Wright Med. Tech., Inc.*, 587 F. Supp. 3d 1065, 1071 (D. Nev. 2022) ("Plaintiff's personal medical information warrants sealing the indicated deposition excerpts."). Courts also regularly seal personally identifiable information of non-parties. *See, e.g., Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (sealing personally identifiable information of non-parties); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 2025 WL 885598, at *3 (N.D. Cal. Mar. 21, 2025) (granting sealing of non-testifying employees names and personally identifiable information).

As Plaintiffs recognize the importance of open public records, Plaintiffs request sealing only a handful of lines of deposition testimony that squarely relate to Plaintiffs' and/or third parties' personal financial information, personal medical information, or personally identifiable information. Plaintiffs have highlighted in green the portions of the exhibits they seek to seal.

| Document | Sealing Request |
|---|---|
| **Ghajar Ex. 6** – Meta's Brief | Farnsworth Tr. 304:8, Farnsworth Tr. 304:18, and Farnsworth Tr. 305:12 (PDF pages 5–6). |
| **Ghajar Ex. 6** – Meta's Brief | Greer Tr. 231:24–232:3; Greer Tr. 262:20–25 (PDF pages 22–23, 37). |
| **Ghajar Ex. 6** – Meta's Brief | Hwang Tr. 128:18–129:22; Hwang Tr. 149:1–2; Hwang 277:7 (PDF pages 46–47, 55, 62). |
| **Ghajar Ex. 10** – Meta's Brief | Woodson Tr. 372:5 (PDF page 55). |
| **Ghajar Ex. 17** – Meta's Brief | Golden Tr. 288:9 (PDF page 21). |
| **Ghajar Ex. 17** – Meta's Brief | Klam Tr. 314:15, 319:4, 319:9 (PDF pages 40–41). |
| **Ghajar Ex. 17** – Meta's Brief | Lippman Tr. 283:2, 283:4, 283:8, 283:10 (PDF page 46) |
| **Ghajar Ex. 17** – Meta's Brief | Snyder Tr. 198:10 (PDF page 59) |

3226295.1

**Plaintiffs' Personal Financial Information.** Unsealing these Exhibits would harm Plaintiffs' privacy interests. *See Nia*, 2024 WL 171659, at *6 (finding personal financial information "falls under the umbrella of personally identifiable information" appropriate to seal). The financial information Plaintiffs seek to seal is not the type of which is publicly available and could harm future business opportunities. *See Pena v. E&A Trucking Co., LLC*, No. 24-CV-1085-H-SBC, 2025 WL 276147, at *4 (S.D. Cal. Jan. 23, 2025) (sealing personal financial information).

**Plaintiffs' Personal Medical Information.** In a case such as this where the Plaintiffs' medical information is not at issue, courts throughout the Ninth Circuit "have recognized that the need to protect medical privacy qualifies as a 'compelling reason.'" *Laron, Inc.*, 587 F. Supp. 3d at 1071 (compiling cases). Plaintiffs' face a serious loss of privacy if irrelevant medical information were to be released. As this case concerns copyright infringement, there is no reason for Plaintiffs to suffer such a loss of privacy.

**Third-Parties' Personally Identifiable Information.** Third-parties' privacy interests, including Plaintiffs' spouses, are also at risk if the exhibits are left unsealed, especially since they are not parties to the litigation. *See Snapkeys, Ltd.*, 2021 WL 1951250, at *3; *WhatsApp Inc. Ltd.*, 2025 WL 885598, at *3. The importance of such sealing is especially true where the information includes third parties' business and financial information—such as contract and payment structures with publishing houses—that could harm third parties' business practices. *See Provide Com., Inc. v. Hartford Fire Ins. Co.*, 2014 WL 11961957 (S.D. Cal. Mar. 17, 2014) (granting motion to seal where document included a third party's "non-public financial information . . . and commercially sensitive information"). Further, the third parties' personal information has no bearing on the litigation.

For each of these narrowly tailored redactions, Plaintiffs and third parties' privacy interests outweighs the public interest in complete disclosures, as the information Plaintiffs seek to seal are unrelated to their alleged damages. *See Tsatas*, 2025 WL 973840, at *14. Further, because the personal information Plaintiffs seek to seal is unrelated to the purported purpose the Exhibits serve, the public will therefore have access to *all* portions of the documents *relevant* to this litigation. Thus, on balance, the privacy interests outweigh the public interest, as the public will be able to view all relevant information related to the case.

Plaintiffs have redacted only personally identifiable information from the three Exhibits; the rest of each document will remain unsealed. This minimal redacting is the least restrictive way to protect Plaintiffs' and third parties' private information, while still allowing the public access to all relevant, non-sensitive portions of the documents.

## III.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

Dated: April 25, 2025

By: /s/ *Daniel M. Hutchinson*
Daniel M. Hutchinson

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com
Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (State Bar No. 083151)
Daniel M. Hutchinson (State Bar No. 239458)
Reilly T. Stoler (State Bar No. 310761)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500

(202) 237-2727
jpanuccio@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

rgeman@lchb.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com
Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butthericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

- 6 -