# EXHIBIT L

1            UNITED STATES DISTRICT COURT

2           NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION

4      ----------------------------:

5      RICHARD KADREY, et al.,      :

6          Individual and          :

7        Representative Plaintiffs,:

8              vs.                  : Case No.:

9      META PLATFORMS, INC.,        : 3:23-cv-03417-VC

10     a Delaware corporation;      :

11              Defendant.          :

       ----------------------------:

12

13      VIDEOTAPED DEPOSITION OF MATTHEW C. KLAM

14       Cleary Gottlieb Steen & Hamilton, LLP

15           Tuesday, December 10, 2024

16                  9:40 a.m.

17

18     Reported by:

19     Robert M. Jakupciak, RPR

20     JOB No. SF-7030273

21

22     PAGES 1 - 381

                                    Page 1

| | | |
|---|---|---|
| 1 | And then on the output part it is | 10:01:11 |
| 2 | doing something that in my mind sounds like | 10:01:21 |
| 3 | auto-complete on steroids.  It receives prompts | 10:01:24 |
| 4 | for a story in the style of author Matthew | 10:01:30 |
| 5 | Klam, a short story, or, you know, I don't know | 10:01:35 |
| 6 | how many prompts fit in that prompt box, but if | 10:01:40 |
| 7 | there are more prompts, it tries to do more | 10:01:43 |
| 8 | things to accommodate that prompt. | 10:01:46 |
| 9 | Q.    Have you ever used any AI model | 10:01:53 |
| 10 | created by Meta? | 10:01:57 |
| 11 | A.    Yeah.  In the last couple days I | 10:01:59 |
| 12 | was playing around with it. | 10:02:01 |
| 13 | Q.    We haven't seen any documents | 10:02:07 |
| 14 | reflecting this use, and so this would be | 10:02:08 |
| 15 | responsive to our document requests and so I | 10:02:15 |
| 16 | would ask that those be produced as soon as | 10:02:17 |
| 17 | possible. | 10:02:20 |
| 18 | A.    I wasn't signed in to anything.  I | 10:02:20 |
| 19 | was just on the website.  It doesn't record | 10:02:22 |
| 20 | anything as far as I can tell. | 10:02:26 |
| 21 | Q.    Did it you print anything? | 10:02:28 |
| 22 | A.    No.  I can tell you about it.  If | 10:02:29 |

Page 27

```
1              REPORTER'S CERTIFICATE

2

3              I, ROBERT M. JAKUPCIAK, an RPR and

4     Notary Public within and for the District of

5     Columbia do hereby certify:

6              That the witness whose deposition is

7     hereinbefore set forth, was duly sworn and that

8     the within transcript is a true record of the

9     testimony given by such witness.

10              I further certify that I am not

11     related to any of these parties to this action

12     by blood or marriage and that I am in no way

13     interested in the outcome of this matter.

14              IN WITNESS WHEREOF, I have hereunto

15     set my hand this 20th day of December, 2024.

16

17

18              ROBERT M. JAKUPCIAK, an RPR and

19              Notary Public

20

21     My Commission Expires:

22     February 28, 2029
```

Page 377

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-04663 |
| *Individual and Representative Plaintiffs*, | |
| | **PLAINTIFF TA-NEHISI COATES'S** |
| v. | **RESPONSES TO DEFENDANT META** |
| | **PLATFORMS, INC.'S SECOND SET OF** |
| Meta Platforms, Inc., | **REQUESTS FOR ADMISSION** |
| | |
| *Defendant*. | |

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2    PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3    ASSERTED WORKS.

4    **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6    discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7    includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8    terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff also objects to the term

9    "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10   and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11   as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13   Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14   that infringes YOUR ASSERTED WORKS.

15   **RESPONSE TO REQUEST NO. 24:**

16   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19   terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase

20   "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21   **REQUEST FOR ADMISSION NO. 25:**

22   Admit that YOU have personally used one of Meta's Llama models.

23   **RESPONSE TO REQUEST NO. 25:**

24   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27   phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 26:

Admit that YOU have personally used one of the ChatGPT large language models.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 27:

Admit that each of YOUR ASSERTED WORKS have been made public.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

### REQUEST FOR ADMISSION NO. 28:

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Ta-Nehisi Coates. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:     _/s/ Bryan Clobes_
                    Bryan L. Clobes

                  Bryan L. Clobes (pro hac vice)
                  Alexander J. Sweatman (pro hac vice)
                  Mohammed Rathur (pro hac vice)
                  **CAFFERTY CLOBES MERIWETHER**
                  **& SPRENGEL LLP**
                  135 South LaSalle Street, Suite 3210
                  Chicago, IL 60603
                  Telephone: (312) 782-4880
                  Email:      asweatman@caffertyclobes.com

                  Daniel J. Muller (State Bar No. 193396)
                  **VENTURA HERSEY & MULLER, LLP**
                  1506 Hamilton Avenue
                  San Jose, California 95125
                  Telephone: (408) 512-3022
                  Facsimile: (408) 512-3023
                  Email:      dmuller@venturahersey.com

                  *Counsel for Individual and Representative Plaintiffs*
                  *and the Proposed Class*

PLAINTIFF TA-NEHISI COATES'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-04663 |
| v. | **PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Diaz. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

1

Dated: July 22, 2024                    By:    _/s/ Bryan Clobes_____
                                                Bryan L. Clobes

2

3

4          Bryan L. Clobes (pro hac vice)
           Alexander J. Sweatman (pro hac vice)
5          Mohammed Rathur (pro hac vice)
           **CAFFERTY CLOBES MERIWETHER**
           **& SPRENGEL LLP**
6          135 South LaSalle Street, Suite 3210
           Chicago, IL 60603
7          Telephone: (312) 782-4880
           Email:      asweatman@caffertyclobes.com

8

9          Daniel J. Muller (State Bar No. 193396)
           **VENTURA HERSEY & MULLER, LLP**
10         1506 Hamilton Avenue
           San Jose, California 95125
11         Telephone: (408) 512-3022
           Facsimile: (408) 512-3023
           Email:      dmuller@venturahersey.com

12

13         *Counsel for Individual and Representative Plaintiffs*
           *and the Proposed Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JUNOT DIAZ'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION

1   Rachel Geman (*pro hac vice*)
    rgeman@lchb.com
2   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
3   New York, NY 10013-1413
    Telephone: 212.355.9500
4   Facsimile: 212.355.9592
    Email: rgeman@lchb.com
5
    Elizabeth J. Cabraser, Esq.
6   Daniel M. Hutchinson, Esq.
    Reilly T. Stoler, Esq.
7   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
8   San Francisco, CA 94111-3339
    Telephone: 415.956.1000
9   Email: ecabraser@lchb.com
    dhutchinson@lchb.com
10  rstoler@lchb.com

11  Kenneth S. Byrd. (*pro hac vice* forthcoming)
    Betsy A. Sugar (*pro hac vice* forthcoming)
12  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    222 2nd Avenue South, Suite 1640
13  Nashville, TN 37201-2375
    Telephone: 615.313.9000
14  Email: kbyrd@lchb.com
    bsugar@lchb.com
15
    Scott J. Sholder (*pro hac vice*)
16  CeCe M. Cole (*pro hac vice*)
    COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
17  60 Broad Street, 30th Floor
    New York, New York 10004
18  Telephone: 212.974.7474
    Email: ssholder@cdas.com
19  ccole@cdas.com

20  Attorneys for Plaintiff
    *Christopher Farnsworth and*
21  *Representative Plaintiffs and the Proposed Class*

22                    UNITED STATES DISTRICT COURT

23                  NORTHERN DISTRICT OF CALIFORNIA

24                      SAN FRANCISCO DIVISION

25

26  RICHARD KADREY, *et al*.,              Case No. 3:23-cv-03417-VC

27          Individual and Representative   PLAINTIFF CHRISTOPHER
            Plaintiffs,                      FARNSWORTH'S RESPONSES TO
                                             DEFENDANT'S FIRST SET OF REQUESTS
28                                           FOR ADMISSIONS

1

2   v.

3   META PLATFORMS, INC, a Delaware
    corporation,

4          Defendant.

5

6

7

8   PROPOUNDING PARTY:    DEFENDANT META PLATFORMS, INC.

9   RESPONDING PARTY:     PLAINTIFF CHRISTOPHER FARNSWORTH

10  SET NO.:              ONE

11                          **INTRODUCTION**

12         Plaintiff Christopher Farnsworth ("Plaintiff") hereby serves his responses and objections

13  to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for

14  Admissions (the "Requests" or "RFAs").

15                        **GENERAL OBJECTIONS**

16         1.     Plaintiff generally objects to Defendant's definitions and instructions to the extent

17  they purport to require Plaintiff to respond in any way beyond what is required by the Federal and

18  local rules.

19         2.     Plaintiff objects to the Requests to the extent they seek information or materials

20  that are protected from disclosure by attorney-client privilege, the work product doctrine, expert

21  disclosure rules, or other applicable privileges and protections, including communications with

22  Plaintiff's attorneys regarding the Action.

23         3.     Discovery in this matter is ongoing and Plaintiff reserves the right to amend,

24  modify, or supplement these responses with subsequently discovered responsive information and

25  to introduce and rely upon any such subsequently discovered information in this litigation.

26

27

28

3120862.2

that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiff objects that the term "personally unaware" is vague and ambiguous. Plaintiff objects to the extent that responding to this Request requires adopting a legal conclusion. Plaintiff further objects to this Request as an improper subject of a Request for Admission.

Subject to and without waiving these general and specific objections, Plaintiff responds that he will not admit or deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Plaintiff denies the Request on this same basis. Plaintiff agrees to meet and confer on the appropriate vehicle for discovering Plaintiffs' current knowledge or awareness.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiff objects that this Request is not relevant to any claims or defenses.

Subject to and without waiving these general and specific objections, Plaintiff denies Request No. 27.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiff objects that this Request is not relevant to any claims or defenses.

Subject to and without waiving these general and specific objections, Plaintiff admits Request No. 28.

**REQUEST FOR ADMISSION NO. 81:**

Admit that you are not aware of any agreements to assign rights in or to YOUR

ASSERTED WORK(S) that have not already been produced in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Plaintiff objects that the terms "any agreements" and "assign rights in or to" are vague and

ambiguous. Plaintiff further objects to this Request as compound and ambiguous, because it

includes the disjunctive phrase, "in or to." "[R]equests for admissions should not contain

'compound, conjunctive, or disjunctive ... statements.'" *James v. Maguire Corr. Facility*, No. C

10-1795 SI PR, 2012 WL 3939343, at *4 (N.D. Cal. Sept. 10, 2012) (*quoting U.S. ex rel. England

v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006)); *see also King v. Biter*, No.

115CV00414LJOSABPC, 2018 WL 339052, at *6 (E.D. Cal. Jan. 9, 2018).

Subject to and without waiving these general and specific objections, Plaintiff admits

discovery is ongoing. Plaintiff further admits that Plaintiff has produced non-privileged

documents in Plaintiff's possession, custody, or control, responsive to Meta's requests for

production regarding licensing agreements for Plaintiff's Asserted Works. Plaintiff otherwise

denies this Request.


Dated:        November 18, 2024        Respectfully submitted,

                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                       By: */s/ Rachel Geman*
                                           Rachel Geman


                                       LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                       250 Hudson Street, 8th Floor
                                       New York, NY10013-1413
                                       Telephone:  212.355.9500
                                       Facsimile:  212.355.959
                                       Email: rgeman@lchb.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:         bclobes@caffertyclobes.com
               asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>            *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                              *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663<br><br>**PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in his individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in his individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of YOUR ASSERTED WORKS have been made public.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that his Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Golden's response to RFP 12.

**REQUEST FOR ADMISSION NO. 28:**

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Christopher Golden. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.


Dated: July 22, 2024                    By:    _/s/ Joseph R. Saveri_
                                              Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K.L. Young (State Bar No. 318371)
                                        Holden Benon (State Bar No. 325847)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:    jsaveri@saverilawfirm.com
                                                  czirpoli@saverilawfirm.com
                                                  cyoung@saverilawfirm.com
                                                  hbenon@saverilawfirm.com
                                                  acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:  (323)968-2632
                                        Facsimile:  (415) 395-9940
                                        Email:    mb@buttericklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (_pro hac vice anticipated_)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone:  (312) 782-4880
                                        Email:    bclobes@caffertyclobes.com
                                                  asweatman@caffertyclobes.com

PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., <br><br> *Individual and Representative Plaintiffs*, <br><br> v. <br><br> Meta Platforms, Inc., <br><br>  *Defendant*. | Lead Case No. 3:23-cv-03417-VC <br> Case No. 4:23-cv-04663 <br><br> **PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2   PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3   ASSERTED WORKS.

4   **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8   terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff also objects to the term

9   "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13    Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22    Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

1  relevant to any claims or defenses in this dispute since this case concerns Meta's large language
2  models. Plaintiff, in him individual capacity, responds, deny.

3      **REQUEST FOR ADMISSION NO. 26:**

4      Admit that YOU have personally used one of the ChatGPT large language models.

5  **RESPONSE TO REQUEST NO. 26:**

6      Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for
7  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it
8  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the
9  terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff objects to the phrase
10  "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to
11  any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff,
12  in him individual capacity, responds, deny.

13  **REQUEST FOR ADMISSION NO. 27:**

14      Admit that each of YOUR ASSERTED WORKS have been made public.

15  **RESPONSE TO REQUEST NO. 27:**

16      Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery
17  that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any
18  person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as
19  referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the phrase "made public" as vague
20  and misleading; that a work is available publicly does not mean that it is free to use without any
21  consideration. Plaintiff admits that him Asserted Works have been made available to the public through
22  various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff
23  refers Meta to Plaintiff Silverman's response to RFP 12.

24  **REQUEST FOR ADMISSION NO. 28:**

25      Admit that each of YOUR ASSERTED WORKS had been made public prior to the
26  infringement alleged in the COMPLAINT.

27
28

terms "You" and "Your" as referring to Plaintiff Andrew Sean Greer. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024

By:    _/s/ Bryan Clobes_
            Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:        asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:        dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

PLAINTIFF ANDREW SEAN GREER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:    mb@butuericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| | Case No. 4:23-cv-04663 |
| *Individual and Representative Plaintiffs*, | |
| v. | **PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2  PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3  ASSERTED WORKS.

4  **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8  terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff also objects to the term

9  "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in him individual capacity, responds, admit.

12  **REQUEST FOR ADMISSION NO. 24:**

13    Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in him individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22    Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in him individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of YOUR ASSERTED WORKS have been made public.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that him Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

**REQUEST FOR ADMISSION NO. 28:**

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff David Henry Hwang. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.

Dated: July 22, 2024                    By:    _/s/ Bryan L. Clobes_
                                               Bryan L. Clobes


                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
                                        Mohammed Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
                                        **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone: (312) 782-4880
                                        Email:    asweatman@caffertyclobes.com

                                        Daniel J. Muller (State Bar No. 193396)
                                        **VENTURA HERSEY & MULLER, LLP**
                                        1506 Hamilton Avenue
                                        San Jose, California 95125
                                        Telephone: (408) 512-3022
                                        Facsimile: (408) 512-3023
                                        Email:    dmuller@venturahersey.com

                                        *Counsel for Individual and Representative Plaintiffs*
                                        *and the Proposed Class*

PLAINTIFF DAVID HENRY HWANG'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-06663 |
| *Individual and Representative Plaintiffs*, | **PLAINTIFF RICHARD KADREY'S** |
| v. | **RESPONSES TO DEFENDANT META**<br>**PLATFORMS, INC.'S SECOND SET OF**<br>**REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant.* | |

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama  models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in his individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in his individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in his individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of YOUR ASSERTED WORKS have been made public.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that his Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Kadrey's response to RFP 12.

**REQUEST FOR ADMISSION NO. 28:**

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Richard Kadrey. Plaintiff further objects to the

phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections,

Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained

by him is insufficient to enable him to admit or deny.


Dated: July 22, 2024                    By:        */s/ Joseph R. Saveri*
                                                   Joseph R. Saveri

                                        Joseph R. Saveri (State Bar No. 130064)
                                        Cadio Zirpoli (State Bar No. 179108)
                                        Christopher K.L. Young (State Bar No. 318371)
                                        Holden Benon (State Bar No. 325847)
                                        Aaron Cera (State Bar No. 351163)
                                        **JOSEPH SAVERI LAW FIRM, LLP**
                                        601 California Street, Suite 1505
                                        San Francisco, California 94108
                                        Telephone: (415) 500-6800
                                        Facsimile: (415) 395-9940
                                        Email:      jsaveri@saverilawfirm.com
                                                    czirpoli@saverilawfirm.com
                                                    cyoung@saverilawfirm.com
                                                    hbenon@saverilawfirm.com
                                                    acera@saverilawfirm.com

                                        Matthew Butterick (State Bar No. 250953)
                                        1920 Hillhurst Avenue, 406
                                        Los Angeles, CA 90027
                                        Telephone:  (323)968-2632
                                        Facsimile:  (415) 395-9940
                                        Email:      mb@butterricklaw.com

                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice anticipated)
                                        **CAFFERTY CLOBES MERIWETHER
                                        & SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone:  (312) 782-4880
                                        Email:      bclobes@caffertyclobes.com
                                                    asweatman@caffertyclobes.com

PLAINTIFF RICHARD KADREY'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET
OF REQUESTS FOR ADMISSION

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        *Individual and Representative Plaintiffs*,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>                        *Defendant*. | Lead Case No. 3:23-cv-03417-VC<br>Case No. 4:23-cv-04663<br><br>**PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Laura Lippman. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

PLAINTIFF LAURA LIPPMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

1

Dated: July 22, 2024                    By:    _/s/ Bryan Clobes_____
                                                Bryan L. Clobes

2

3

4          Bryan L. Clobes (pro hac vice)
           Alexander J. Sweatman (pro hac vice)
5          Mohammed A. Rathur (pro hac vice)
           **CAFFERTY CLOBES MERIWETHER**
           **& SPRENGEL LLP**
6          135 South LaSalle Street, Suite 3210
           Chicago, IL 60603
7          Telephone: (312) 782-4880
           Email:      asweatman@caffertyclobes.com

8

9          Daniel J. Muller (State Bar No. 193396)
           **VENTURA HERSEY & MULLER, LLP**
10         1506 Hamilton Avenue
           San Jose, California 95125
11         Telephone: (408) 512-3022
           Facsimile: (408) 512-3023
           Email:      dmuller@venturahersey.com

12

13         _Counsel for Individual and Representative Plaintiffs_
           _and the Proposed Class_

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butcoricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Email:        bclobes@caffertyclobes.com
              asweatman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-06663 |
| v. | **PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., |  |
| *Defendant*. |  |

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are personally unaware of any documentary evidence demonstrating that any PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff also objects to the term "documentary evidence" as being vague and overbroad because it is not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

PLAINTIFF SARAH SILVERMAN'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU have personally used one of the ChatGPT large language models.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of YOUR ASSERTED WORKS have been made public.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that her Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

**REQUEST FOR ADMISSION NO. 28:**

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Sarah Silverman. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024

By:     */s/ Joseph R. Saveri*
               Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             hbenon@saverilawfirm.com
             acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (*pro hac vice anticipated*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:      bclobes@caffertyclobes.com
             asweatman@caffertyclobes.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:   (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com
            mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al., | Lead Case No. 3:23-cv-03417-VC |
| *Individual and Representative Plaintiffs*, | Case No. 4:23-cv-04663 |
| v. | **PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| Meta Platforms, Inc., | |
| *Defendant*. | |

1    Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2   PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3   ASSERTED WORKS.

4   **RESPONSE TO REQUEST NO. 23:**

5    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8   terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff also objects to the

9   term "documentary evidence" as being vague and overbroad because it is not limited to the specific

10   claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally

11   unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13    Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14   that infringes YOUR ASSERTED WORKS.

15   **RESPONSE TO REQUEST NO. 24:**

16    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19   terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase

20   "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

21   **REQUEST FOR ADMISSION NO. 25:**

22    Admit that YOU have personally used one of Meta's Llama models.

23   **RESPONSE TO REQUEST NO. 25:**

24    Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27   phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 26:

Admit that YOU have personally used one of the ChatGPT large language models.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 27:

Admit that each of YOUR ASSERTED WORKS have been made public.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that her Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

### REQUEST FOR ADMISSION NO. 28:

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Rachel Louise Snyder. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024                By:        _/s/ Bryan Clobes_
                                              Bryan L. Clobes


                                        Bryan L. Clobes (pro hac vice)
                                        Alexander J. Sweatman (pro hac vice)
                                        Mohammed Rathur (pro hac vice)
                                        **CAFFERTY CLOBES MERIWETHER**
                                        **& SPRENGEL LLP**
                                        135 South LaSalle Street, Suite 3210
                                        Chicago, IL 60603
                                        Telephone: (312) 782-4880
                                        Email:      asweatman@caffertyclobes.com

                                        Daniel J. Muller (State Bar No. 193396)
                                        **VENTURA HERSEY & MULLER, LLP**
                                        1506 Hamilton Avenue
                                        San Jose, California 95125
                                        Telephone: (408) 512-3022
                                        Facsimile: (408) 512-3023
                                        Email:      dmuller@venturahersey.com

                                        *Counsel for Individual and Representative Plaintiffs*
                                        *and the Proposed Class*

PLAINTIFF RACHEL LOUISE SNYDER'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND
SET OF REQUESTS FOR ADMISSION

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs and the Proposed*
*Class, Additional Counsel Listed Below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, AND LYSA TERKEURST,<br><br>        *Individual and Representative Plaintiffs*,<br><br>        v.<br><br>META PLATFORMS, INC.;<br><br>                *Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFF LYSA TERKEURST'S RESPONSES AND OBJECTIONS TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |

Plaintiff Lysa TerKeurst ("Plaintiff") hereby responds to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") Second Set of Requests for Admissions (the "Requests" or "RFAs").

**GENERAL OBJECTIONS**

1.    Plaintiff generally objects to Defendant's definitions and instructions to the extent they purport to require Plaintiff to respond in any way beyond what is required by the Federal and local rules.

2.    Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert

1

limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware" as unintelligible. Subject to and without waiving these objections, Plaintiff admits that she is currently personally unaware of any documentary evidence demonstrating that a PERSON read text generated by any of Meta's Llama models as a substitute for reading any of Plaintiff's ASSERTED WORKS but denies that Plaintiff's lack of awareness has any bearing on whether such conduct occurred or whether documentary evidence of such conduct exists. Plaintiff otherwise denies Request No. 23.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are personally unaware of any text generated by any of Meta's Llama models that infringes YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff objects to the phrase "personally unaware" as unintelligible. Subject to and without waiving these objections, Plaintiff denies Request No. 24.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU have personally used one of Meta's Llama models.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

13

1   further objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further

2   objects to this Request as not relevant to any claims or defenses in this dispute since this case

3   concerns Meta's conduct in connection with Meta's large language models. Subject to and

4   without waiving these objections, Plaintiff denies Request No. 25.

5   **REQUEST FOR ADMISSION NO. 26:**

6        Admit that YOU have personally used one of the ChatGPT large language models.

7   **RESPONSE TO REQUEST NO. 26:**

8        Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and

9   calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as

10   defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff

11   will construe the terms "You" and "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff

12   objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to

13   this Request as not relevant to any claims or defenses in this dispute since this case concerns

14   Meta's conduct in connection with Meta's large language models. Subject to and without

15   waiving these objections, Plaintiff denies Request No. 26.

16   **REQUEST FOR ADMISSION NO. 27:**

17        Admit that each of YOUR ASSERTED WORKS have been made public.

18   **RESPONSE TO REQUEST NO. 27:**

19        Plaintiff objects to the defined term "Your" as vague and overbroad and calling for

20   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

21   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe

22   the term "Your" as referring to Plaintiff Lysa TerKeurst. Plaintiff further objects to the phrase

23   "made public" as vague and misleading; that a work is available publicly does not mean that it is

24   free to use without any consideration. Subject to and without waiving these objections, Plaintiff

25   admits Request No. 27 to the extent that her Asserted Works have been made available to the

26

27                        14

28

1

2    Dated: August 21, 2024                     By: /s/ *James A. Ulwick*

3                                 Amy Keller (admitted *pro hac vice*)

Nada Djordjevic (*pro hac vice* forthcoming)

4                                 James A. Ulwick (admitted *pro hac vice*)

10 North Dearborn St., Sixth Floor

5                                 Chicago, Illinois 60602

Tel.: (312) 214-7900

6                                 Email: akeller@dicellolevitt.com

7                                        ndjordjevic@dicellolevitt.com

julwick@dicellolevitt.com

8                                 David A. Straite (admitted *pro hac vice*)

485 Lexington Avenue, Suite 1001

9                                 New York, NY 10017

Tel. (646) 933-1000

10                                Email: dstraite@dicellolevitt.com

11

12                                Brian O'Mara

4747 Executive Drive, Suite 240

13                                San Diego, California 92121

Tel.: (619) 923-3939

14                                Email: bomara@dicellolevitt.com

15                                RMP, LLP

Seth Haines (admitted *pro hac vice*)

16                                Timothy Hutchinson (admitted *pro hac vice*)

5519 Hackett St., Suite 300

17                                Springdale, AK 72762

Telephone: (479) 443-2705

18                                Email:  shaines@rmp.law

19                                      thutchinson@rmp.law

lgeary@rmp.law

20

21                                POYNTER LAW GROUP

Scott Poynter (admitted *pro hac vice*)

22                                407 President Clinton Ave., Suite 201

Little Rock, AK 72201

23                                Telephone: (501) 812-3943

Email: scott@poynterlawgroup.com

24

25                                Bryan L. Clobes (admitted *pro hac vice*)

CAFFERY CLOBES MERIWETHER

26                                & SPRENGEL LLP

205 N. Monroe Street

27                                   18

28

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          czirpoli@saverilawfirm.com
          cyoung@saverilawfirm.com
          hbenon@saverilawfirm.com
          acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butoricklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:    bclobes@caffertyclobes.com
          asweatman@caffertyclobes.com
          mrathur@caffertyclobes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Richard Kadrey, et al.,

    *Individual and Representative Plaintiffs*,

v.

Meta Platforms, Inc.,

        *Defendant*.

Lead Case No. 3:23-cv-03417-VC
Case No. 4:23-cv-04663

**PLAINTIFF JACQUELINE WOODSON'S
RESPONSES TO DEFENDANT META
PLATFORMS, INC.'S SECOND SET OF
REQUESTS FOR ADMISSION**

1   Admit that YOU are personally unaware of any documentary evidence demonstrating that any

2   PERSON has read text generated by any of Meta's Llama models as a substitute for reading YOUR

3   ASSERTED WORKS.

4   **RESPONSE TO REQUEST NO. 23:**

5   Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

6   discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

7   includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

8   terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff also objects to the term

9   "documentary evidence" as being vague and overbroad because it is not limited to the specific claims

10  and defenses raised in this dispute. Plaintiff further objects to the phrase "you are personally unaware"

11  as unintelligible. Plaintiff, in her individual capacity, responds, admit.

12   **REQUEST FOR ADMISSION NO. 24:**

13  Admit that YOU are personally unaware of any text generated by any of Meta's Llama models

14  that infringes YOUR ASSERTED WORKS.

15  **RESPONSE TO REQUEST NO. 24:**

16  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

17  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

18  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

19  terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase

20  "personally unaware" as unintelligible. Plaintiff, in her individual capacity, responds, admit.

21  **REQUEST FOR ADMISSION NO. 25:**

22  Admit that YOU have personally used one of Meta's Llama models.

23  **RESPONSE TO REQUEST NO. 25:**

24  Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for

25  discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it

26  includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to the

27  phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not

28

relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 26:

Admit that YOU have personally used one of the ChatGPT large language models.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the defined terms "You" and "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff objects to the phrase "YOU have personally used" as unintelligible. Plaintiff further objects to this Request as not relevant to any claims or defenses in this dispute since this case concerns Meta's large language models. Plaintiff, in her individual capacity, responds, deny.

### REQUEST FOR ADMISSION NO. 27:

Admit that each of YOUR ASSERTED WORKS have been made public.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the defined term "Your" as vague and overbroad and calling for discovery that is irrelevant and/or disproportional to the needs of the case because, as defined, it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "made public" as vague and misleading; that a work is available publicly does not mean that it is free to use without any consideration. Plaintiff admits that her Asserted Works have been made available to the public through various licensing agreements that made copies of the Asserted Works available for a price. Plaintiff refers Meta to Plaintiff Silverman's response to RFP 12.

### REQUEST FOR ADMISSION NO. 28:

Admit that each of YOUR ASSERTED WORKS had been made public prior to the infringement alleged in the COMPLAINT.

terms "You" and "Your" as referring to Plaintiff Jacqueline Woodson. Plaintiff further objects to the phrase "for a fee" as vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds that after a reasonable inquiry, the information known or that can be readily obtained by her is insufficient to enable her to admit or deny.

Dated: July 22, 2024                    By:    _/s/ Bryan Clobes_
                                                Bryan L. Clobes

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice)
Mohammed Rathur (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:       asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:       dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

PLAINTIFF JACQUELINE WOODSON'S RESPONSES TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION