UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY *et al.*,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DECLARATION OF MICHELLE WOODHOUSE ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKTS. 473, 520] PURSUANT TO ORDER OF MARCH 12, 2025 [DKT. 477]** |

I, Michelle Woodhouse, hereby declare:

1. I am an Associate General Counsel for Defendant Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Civil L.R. 79-5(f)(3) and the Court's March 12, 2025 Order (Dkt. 477), I make this Declaration in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (Dkts. 473, 520) regarding documents filed in support of (1) Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' MSJ") and (2) Plaintiffs' Reply in support of their Motion for Partial Summary Judgment and Opposition to Meta's Motion for Partial Summary Judgment ("Plaintiffs' Reply"), (*see* Dkts. 473–75, 520–23).

3. In accordance with the Court's guidance and for the reasons detailed herein, Meta seeks leave to file under seal certain documents and portions of documents filed by Plaintiffs in support of Plaintiffs' MSJ and Plaintiffs' Reply as set forth in the chart below:

| Document[1] | Sealing Request |
|---|---|
| **Woodhouse Ex. 1** – Declaration of Matthew Butterick ISO Plaintiffs' Reply (Dkt. 523-1) | **Redacted Portions** |
| **Woodhouse Ex. 2** – Exhibit A to Declaration of Matthew Butterick ISO Plaintiffs' Reply (Dkt. 523-2) | **Redacted Portions** |
| **Woodhouse Ex. 6** – Exhibit 6 to Plaintiffs' MSJ (Dkt. 473-5) | **Redacted Portions** |
| **Woodhouse Ex. 7** – Exhibit 7 to Plaintiffs' MSJ (Dkt. 473-6) | **Entirety** |
| **Woodhouse Ex. 8** – Exhibit 8 to Plaintiffs' MSJ (Dkt. 473-7) | **Entirety** |
| **Woodhouse Ex. 9** – Exhibit 9 to Plaintiffs' MSJ (Dkt. 473-8) | **Redacted Portions** |
| **Woodhouse Ex. 10** – Exhibit 10 to Plaintiffs' MSJ (Dkt. 473-9) | **Redacted Portions** |
| **Woodhouse Ex. 12** – Exhibit 12 to Plaintiffs' MSJ (Dkt. 473-11) | **Entirety** |
| **Woodhouse Ex. 13** – Exhibit 13 to Plaintiffs' MSJ (Dkt. 473-12) | **Redacted Portions** |
| **Woodhouse Ex. 15** – Exhibit 15 to Plaintiffs' MSJ (Dkt. 473-14) | **Redacted Portions** |

---

[1] For the Court's ease of reference, the Woodhouse Exhibits adopt the same exhibit number as the original exhibit filed in support of Plaintiffs' MSJ or Plaintiff's Reply, where applicable.

| | |
|---|---|
| **Woodhouse Ex. 16** – Exhibit 16 to Plaintiffs' MSJ (Dkt. 473-15) | **Redacted Portions** |
| **Woodhouse Ex. 17** – Exhibit 17 to Plaintiffs' MSJ (Dkt. 473-16) | **Redacted Portions** |
| **Woodhouse Ex. 18** – Exhibit 18 to Plaintiffs' MSJ (Dkt. 473-17) | **Redacted Portions** |
| **Woodhouse Ex. 19** – Exhibit 19 to Plaintiffs' MSJ (Dkt. 473-18) | **Redacted Portions** |
| **Woodhouse Ex. 20** – Exhibit 20 to Plaintiffs' MSJ (Dkt. 473-19) | **Redacted Portions** |
| **Woodhouse Ex. 22** – Exhibit 22 to Plaintiffs' MSJ (Dkt. 473-21) | **Redacted Portions** |
| **Woodhouse Ex. 23** – Exhibit 23 to Plaintiffs' MSJ (Dkt. 473-22) | **Redacted Portions** |
| **Woodhouse Ex. 24** – Exhibit 24 to Plaintiffs' MSJ (Dkt. 473-23) | **Redacted Portions** |
| **Woodhouse Ex. 25** – Exhibit 25 to Plaintiffs' MSJ (Dkt. 473-24) | **Redacted Portions** |
| **Woodhouse Ex. 26** – Exhibit 26 to Plaintiffs' MSJ (Dkt. 473-25) | **Redacted Portions** |
| **Woodhouse Ex. 27** – Exhibit 27 to Plaintiffs' MSJ (Dkt. 473-26) | **Redacted Portions** |
| **Woodhouse Ex. 30** – Exhibit 30 to Plaintiffs' MSJ (Dkt. 473-29) | **Redacted Portions** |
| **Woodhouse Ex. 31** – Exhibit 31 to Plaintiffs' MSJ (Dkt. 473-30) | **Redacted Portions** |
| **Woodhouse Ex. 32** – Exhibit 32 to Plaintiffs' MSJ (Dkt. 473-31) | **Redacted Portions** |
| **Woodhouse Ex. 33** – Exhibit 33 to Plaintiffs' MSJ (Dkt. 473-32) | **Redacted Portions** |
| **Woodhouse Ex. 35** – Exhibit 35 to Plaintiffs' MSJ (Dkt. 473-34) | **Redacted Portions** |
| **Woodhouse Ex. 36** – Exhibit 36 to Plaintiffs' MSJ (Dkt. 473-35) | **Redacted Portions** |
| **Woodhouse Ex. 37** – Exhibit 37 to Plaintiffs' MSJ (Dkt. 473-36) | **Redacted Portions** |
| **Woodhouse Ex. 38** – Exhibit 38 to Plaintiffs' MSJ (Dkt. 473-37) | **Redacted Portions** |
| **Woodhouse Ex. 39** – Exhibit 39 to Plaintiffs' MSJ (Dkt. 473-38) | **Redacted Portions** |
| **Woodhouse Ex. 40** – Exhibit 40 to Plaintiffs' MSJ (Dkt. 473-39) | **Redacted Portions** |
| **Woodhouse Ex. 41** – Exhibit 41 to Plaintiffs' MSJ (Dkt. 473-40) | **Redacted Portions** |
| **Woodhouse Ex. 42** – Exhibit 42 to Plaintiffs' MSJ (Dkt. 473-41) | **Redacted Portions** |
| **Woodhouse Ex. 43** – Exhibit 43 to Plaintiffs' MSJ (Dkt. 473-42) | **Entirety** |
| **Woodhouse Ex. 44** – Exhibit 44 to Plaintiffs' MSJ (Dkt. 473-43) | **Redacted Portions** |

| | |
|---|---|
| **Woodhouse Ex. 45** – Exhibit 45 to Plaintiffs' MSJ (Dkt. 474-1) | **Entirety** |
| **Woodhouse Ex. 46** – Exhibit 46 to Plaintiffs' MSJ (Dkt. 474-2) | **Entirety** |
| **Woodhouse Ex. 47** – Exhibit 47 to Plaintiffs' MSJ (Dkt. 474-3) | **Redacted Portions** |
| **Woodhouse Ex. 48** – Exhibit 48 to Plaintiffs' MSJ (Dkt. 474-4) | **Redacted Portions** |
| **Woodhouse Ex. 49** – Exhibit 49 to Plaintiffs' MSJ (Dkt. 474-5) | **Redacted Portions** |
| **Woodhouse Ex. 50** – Exhibit 50 to Plaintiffs' MSJ (Dkt. 474-6) | **Redacted Portions** |
| **Woodhouse Ex. 51** – Exhibit 51 to Plaintiffs' MSJ (Dkt. 474-7) | **Redacted Portions** |
| **Woodhouse Ex. 52** – Exhibit 52 to Plaintiffs' MSJ (Dkt. 474-8) | **Redacted Portions** |
| **Woodhouse Ex. 53** – Exhibit 53 to Plaintiffs' MSJ (Dkt. 474-9) | **Redacted Portions** |
| **Woodhouse Ex. 54** – Exhibit 54 to Plaintiffs' MSJ (Dkt. 474-10) | **Redacted Portions** |
| **Woodhouse Ex. 56** – Exhibit 56 to Plaintiffs' MSJ (Dkt. 474-12) | **Redacted Portions** |
| **Woodhouse Ex. 57** – Exhibit 57 to Plaintiffs' MSJ (Dkt. 474-13) | **Redacted Portions** |
| **Woodhouse Ex. 58** – Exhibit 58 to Plaintiffs' MSJ (Dkt. 474-14) | **Redacted Portions** |
| **Woodhouse Ex. 59** – Exhibit 59 to Plaintiffs' MSJ (Dkt. 474-15) | **Redacted Portions** |
| **Woodhouse Ex. 60** – Exhibit 60 to Plaintiffs' MSJ (Dkt. 474-16) | **Redacted Portions** |
| **Woodhouse Ex. 61** – Exhibit 61 to Plaintiffs' MSJ (Dkt. 474-17) | **Redacted Portions** |
| **Woodhouse Ex. 62** – Exhibit 62 to Plaintiffs' MSJ (Dkt. 474-18) | **Redacted Portions** |
| **Woodhouse Ex. 63** – Exhibit 63 to Plaintiffs' MSJ (Dkt. 474-19) | **Redacted Portions** |
| **Woodhouse Ex. 64** – Exhibit 64 to Plaintiffs' MSJ (Dkt. 474-20) | **Redacted Portions** |
| **Woodhouse Ex. 65** – Exhibit 65 to Plaintiffs' MSJ (Dkt. 474-21) | **Redacted Portions** |
| **Woodhouse Ex. 68** – Exhibit 68 to Plaintiffs' MSJ (Dkt. 474-24) | **Redacted Portions** |
| **Woodhouse Ex. 69** – Exhibit 69 to Plaintiffs' MSJ (Dkt. 474-25) | **Redacted Portions** |
| **Woodhouse Ex. 70** – Exhibit 70 to Plaintiffs' MSJ (Dkt. 474-26) | **Redacted Portions** |
| **Woodhouse Ex. 72** – Exhibit 72 to Plaintiffs' MSJ (Dkt. 474-28) | **Redacted Portions** |
| **Woodhouse Ex. 73** – Exhibit 73 to Plaintiffs' MSJ (Dkt. 474-29) | **Redacted Portions** |

| | |
|---|---|
| **Woodhouse Ex. 75** – Exhibit 75 to Plaintiffs' MSJ (Dkt. 474-31) | **Redacted Portions** |
| **Woodhouse Ex. 80** – Exhibit 80 to Plaintiffs' MSJ (Dkt. 474-36) | **Redacted Portions** |
| **Woodhouse Ex. 81** – Exhibit 81 to Plaintiffs' MSJ (Dkt. 474-37) | **Redacted Portions** |
| **Woodhouse Ex. 84** – Exhibit 84 to Plaintiffs' MSJ (Dkt. 474-40) | **Redacted Portions** |
| **Woodhouse Ex. 85** – Exhibit 85 to Plaintiffs' MSJ (Dkt. 474-41) | **Redacted Portions** |
| **Woodhouse Ex. 88** – Exhibit 88 to Plaintiffs' MSJ (Dkt. 475-3) | **Redacted Portions** |
| **Woodhouse Ex. 89** – Exhibit 89 to Plaintiffs' MSJ (Dkt. 475-4) | **Redacted Portions** |
| **Woodhouse Ex. 90** – Exhibit 90 to Plaintiffs' MSJ (Dkt. 475-5) | **Redacted Portions** |
| **Woodhouse Ex. 92** – Exhibit 92 to Plaintiffs' MSJ (Dkt. 475-7) | **Redacted Portions** |
| **Woodhouse Ex. 97** – Exhibit 97 to Plaintiffs' Reply (Dkt. 520-3) | **Redacted Portions** |
| **Woodhouse Ex. 99** – Exhibit 99 to Plaintiffs' Reply (Dkt. 520-5) | **Redacted Portions** |
| **Woodhouse Ex. 101** – Exhibit 101 to Plaintiffs' Reply (Dkt. 520-7) | **Redacted Portions** |
| **Woodhouse Ex. 102** – Exhibit 102 to Plaintiffs' Reply (Dkt. 520-8) | **Redacted Portions** |
| **Woodhouse Ex. 104** – Exhibit 104 to Plaintiffs' Reply (Dkt. 520-10) | **Redacted Portions** |
| **Woodhouse Ex. 105** – Exhibit 105 to Plaintiffs' Reply (Dkt. 520-11) | **Redacted Portions** |
| **Woodhouse Ex. 106** – Exhibit 106 to Plaintiffs' Reply (Dkt. 520-12) | **Redacted Portions** |
| **Woodhouse Ex. 107** – Exhibit 107 to Plaintiffs' Reply (Dkt. 520-13) | **Redacted Portions** |
| **Woodhouse Ex. 108** – Exhibit 108 to Plaintiffs' Reply (Dkt. 520-14) | **Redacted Portions** |
| **Woodhouse Ex. 110** – Exhibit 110 to Plaintiffs' Reply (Dkt. 520-16) | **Redacted Portions** |
| **Woodhouse Ex. 111** – Exhibit 111 to Plaintiffs' Reply (Dkt. 520-17) | **Redacted Portions** |
| **Woodhouse Ex. 114** – Exhibit 114 to Plaintiffs' Reply (Dkt. 520-20) | **Redacted Portions** |
| **Woodhouse Ex. 117** – Exhibit 117 to Plaintiffs' Reply (Dkt. 520-23) | **Redacted Portions** |
| **Woodhouse Ex. 118** – Exhibit 118 to Plaintiffs' Reply (Dkt. 520-24) | **Redacted Portions** |
| **Woodhouse Ex. 119** – Exhibit 119 to Plaintiffs' Reply (Dkt. 520-25) | **Redacted Portions** |
| **Woodhouse Ex. 121** – Exhibit 121 to Plaintiffs' Reply (Dkt. 520-27) | **Redacted Portions** |

| | |
|---|---|
| **Woodhouse Ex. 122** – Exhibit 122 to Plaintiffs' Reply (Dkt. 520-28) | **Redacted Portions** |
| **Woodhouse Ex. 126** – Exhibit 126 to Plaintiffs' Reply (Dkt. 520-32) | **Redacted Portions** |
| **Woodhouse Ex. 128** – Exhibit 128 to Plaintiffs' Reply (Dkt. 520-33) | **Entirety** |
| **Woodhouse Ex. 129** – Exhibit 129 to Plaintiffs' Reply (Dkt. 520-34) | **Entirety** |
| **Woodhouse Ex. 130** – Exhibit 130 to Plaintiffs' Reply (Dkt. 521-1) | **Entirety** |
| **Woodhouse Ex. 131** – Exhibit 131 to Plaintiffs' Reply (Dkt. 521-2) | **Entirety** |
| **Woodhouse Ex. 132** – Exhibit 132 to Plaintiffs' Reply (Dkt. 521-3) | **Entirety** |
| **Woodhouse Ex. 134** – Exhibit 134 to Plaintiffs' Reply (Dkt. 521-5) | **Entirety** |
| **Woodhouse Ex. 135** – Exhibit 135 to Plaintiffs' Reply (Dkt. 521-6) | **Entirety** |
| **Woodhouse Ex. 136** – Exhibit 136 to Plaintiffs' Reply (Dkt. 521-7) | **Redacted Portions** |
| **Woodhouse Ex. 137** – Exhibit 137 to Plaintiffs' Reply (Dkt. 521-8) | **Redacted Portions** |
| **Woodhouse Ex. 138** – Exhibit 138 to Plaintiffs' Reply (Dkt. 521-9) | **Redacted Portions** |
| **Woodhouse Ex. 141** – Exhibit 141 to Plaintiffs' Reply (Dkt. 522-3) | **Entirety** |
| **Woodhouse Ex. 143** – Exhibit 143 to Plaintiffs' Reply (Dkt. 522-5) | **Redacted Portions** |
| **Woodhouse Ex. 146** – Exhibit 146 to Plaintiffs' Reply (Dkt. 522-7) | **Redacted Portions** |
| **Woodhouse Ex. 148** – Exhibit 148 to Plaintiffs' Reply (Dkt. 522-9) | **Redacted Portions** |
| **Woodhouse Ex. 149** – Exhibit 149 to Plaintiffs' Reply (Dkt. 522-10) | **Redacted Portions** |
| **Woodhouse Ex. 152** – Exhibit 152 to Plaintiffs' Reply (Dkt. 522-13) | **Entirety** |
| **Woodhouse Ex. 154** – Exhibit 154 to Plaintiffs' Reply (Dkt. 522-15) | **Redacted Portions** |
| **Woodhouse Ex. 156** – Exhibit 156 to Plaintiffs' Reply (Dkt. 522-17) | **Redacted Portions** |
| **Woodhouse Ex. 158** – Exhibit 158 to Plaintiffs' Reply (Dkt. 522-19) | **Redacted Portions** |
| **Woodhouse Ex. 160** – Exhibit 160 to Plaintiffs' Reply (Dkt. 522-21) | **Redacted Portions** |

**Documents Requested to be Sealed in Part**

4. Meta seeks the Court's permission to file under seal discrete portions of the following exhibits, as further explained below.

5. **Meta Employee PII**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits 10**, **13**, **15**, **16**, **17**, **18**, **19**, **22**, **23**, **24**, **25**, **30**, **31**, **32**, **33**, **35**, **36**, **37**, **38**, **39**, **40**, **41**, **42**, **44**, **47**, **48**, **49**, **51**, **52**, **53**, **54**, **56**, **57**, **58**, **60**, **61**, **62**, **63**, **64**, **65**, **68**, **69**, **70**, **73**, **80**, **81**, **84**, **85**, **88**, **89**, **90**, **92**, **97**, **99**, **104**, **105**, **106**, **107**, **108**, **110**, **111**, **114**, **117**, **118**, **121**, **122**, **136**, **137**, **138**, **143**, **148**, **149**, **156**, **158**, and **160** that reflect employees' personal identifiable information (PII), namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect employee privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta has previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1 ¶ 5; Dkt. 409-1 ¶¶ 3, 7–8, 10), which this Court has granted, (*e.g.*, Dkt. 393; Dkt. 414).

6. **Meta Employee's Personnel Record Information**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibit 26** that reflect staffing and personnel related information, namely, sensitive discussions about an individual's workplace performance. These discussions are not relevant to any claim or defense at issue in the above-captioned matter, and would not aid in the public's understanding thereof. Public disclosure of nonparty employee performance information would inherently harm the employee's significant privacy interests, exposing their sensitive information to use for improper or illicit purposes. Further, disclosure would damage the relationship and trust between Meta and its employees, which is built on an expectation of privacy regarding such information.

7. **Meta's Cybersecurity Information**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits 1**, **2**, **10**, **16**, **17**, **18**, **19**, **22**, **23**, **24**, **25**, **33**, **35**, **38**, **40**, **41**, **44**, **47**, **48**, **49**, **52**, **56**, **57**, **58**, **60**, **61**, **65**, **68**, **69**, **70**, **72**, **73**, **81**, **84**, **85**, **88**, **89**, **90**, **92**, **99**, **101**, **106**, **107**, **108**, **110**, **114**, **117**, **118**, **121**, **137**, **138**, **143**, and **146** that reflect hyperlinks, file paths, and certain file names (e.g., links to access Meta's internally stored documents and data), which point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors.

1  Disclosure of this confidential and proprietary information about Meta's infrastructure may
2  increase the risk of cybersecurity threats or breaches as third parties may seek to gain access to and
3  use the information to compromise and intrude upon Meta's internal systems and other confidential
4  information. Accordingly, hyperlinks, file paths, and file names have been sufficiently redacted to
5  mitigate these risks. Meta previously requested to seal documents based on the same concerns
6  regarding network security, (*e.g.*, Dkt. 391-1 ¶ 9), which this Court has granted, (*e.g.*, Dkt. 393).

7      8.  **Meta's Nonpublic Financial Information**. Meta respectfully requests the Court's
8  permission to redact limited portions of **Woodhouse Exhibits 6**, **48**, **49**, **138**, **143**, and **154** that
9  reflect Meta's nonpublic financial information and internal considerations, including information
10 concerning Meta's budgets, costs, estimated revenues, and other financial forecasts. This
11 information not only reflects recent historical expenditures, but also future projections.
12 Maintaining the confidentiality of Meta's nonpublic financial information is critical to Meta's
13 business. Disclosure of this type of nonpublic information, including financial information
14 associated with specific projects or ventures, risks competitive harm to Meta, including by
15 providing competitors and potential counterparties insight into Meta's financial analyses and
16 business strategies, which the competitors may in turn use to unfairly adjust their own strategies. I
17 understand we have previously provided the Court with prior examples of courts finding such
18 financial information and business strategies to be properly maintained as confidential. (Dkt. 409
19 at 4.)

20     9.  **Meta's Third-Party Relationship Information**. Meta respectfully requests the
21 Court's permission to redact limited portions of **Woodhouse Exhibits 6**, **10**, **13**, **15**, **18**, **19**, **20**, **27**,
22 **32**, **40**, **41**, **42**, **44**, **47**, **48**, **49**, **50**, **53**, **56**, **57**, **58**, **59**, **68**, **75**, **92**, **97**, **102**, **107**, **108**, **110**, **122**, **126**,
23 **138**, **149**, and **154** that reflect confidential third-party identities and agreement terms subject to non-
24 disclosure obligations, as well as sensitive and nonpublic information concerning Meta's business
25 strategies and negotiations vis-à-vis third parties (including Meta's internal considerations
26 regarding possible strategic partnerships). Disclosure of third-party identities and agreement terms
27 subject to non-disclosure obligations would put the third parties' confidential information at risk
28 and pose a competitive disadvantage to Meta and the third parties who obtained promises of

confidentiality from Meta for this information and who are not parties to this lawsuit. Additionally, certain of this information is relevant to ongoing and/or future business discussions. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. Meta has limited its proposed redactions to those necessary to mitigate the aforementioned harms, while maintaining the public's access to information with potential relevance to the merits of the case. Meta has previously requested to seal documents based on similar information concerning third parties, (*e.g.*, Dkt. 391-1 ¶ 6; Dkt. 409-1 ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409)). To the extent the Court believes that any third-party information covered by the proposed redactions should be made public, Meta requests that the Court allow these third parties an opportunity to put in their own declaration justifying confidentiality.

10. **Meta's Trade Secret Technical Information**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits 6**, **9**, **22**, **27**, **72**, **88**, **92**, **101**, **111**, **114**, **117**, **119**, **121**, **122**, **143**, **146**, and **158** that reflect Meta's highly sensitive, confidential, technical, and trade secret information. For example, these exhibits contain nonpublic and proprietary large language model training data compositions, benchmark protocols and specific benchmark scores resulting from internal experiments, testing and evaluation of internal research models, and risk assessments related to AI development. **Woodhouse Exhibits 6**, **9**, **92**, and **122**, for example, include details about computational resources and hardware configurations. **Woodhouse Exhibits 72**, **88**, **101**, **114** and **146**, for example, include source code commands and/or narrative descriptions of such commands. **Woodhouse Exhibits 101**, **111**, and **119** also include detailed evaluation results such as numeric metrics. **Woodhouse Exhibit 117**, for example, includes highly detailed technical information about datasets used internally at Meta in connection with its Llama models, including for training and conducting research and experiments; this information includes details about the compositions of particular datasets including token counts or volumes and data mixes, internal experiments conducted and results obtained using such datasets, and information about the processing of these datasets. **Woodhouse Exhibit 121**, for example, includes data extraction methodology, results, and prompt sampling approaches.

**Woodhouse Exhibits 22**, **27**, **143**, and **158**, for example, contain details about Meta's proprietary datamix. **Woodhouse Exhibit 143** also includes a "deep dive" into one of Meta's proprietary data acquisition techniques, including architecture diagrams, flow charts, and performance results. Public disclosure of this information would expose Meta to competitive harm by enabling competitors to utilize Meta's proprietary techniques and results of extensive development efforts in its own products. Accordingly, maintaining the confidentiality of this information is critical to Meta's business and Meta treats this information as highly confidential, trade secret. Meta has previously requested to seal documents based on similar nonpublic business strategies, technical information, and trade secret information pertaining to its generative AI offerings, (*e.g.*, Dkt. 266-1 ¶ 6), which this Court has granted, (*e.g.*, Dkt. 317 (granting Dkt. 266)).

**Documents Requested to be Sealed in Full**

11. Meta further seeks the Court's permission to file entirely under seal a narrow subset of highly confidential documents, as further explained below.

12. Attached as **Woodhouse Exhibit 7** is a spreadsheet reflecting billing data between Meta and a third-party. Meta respectfully requests the Court's permission to file this exhibit entirely under seal for the following reasons. Meta seeks to prevent the disclosure of pricing information which would reveal the monetary terms of an agreement with a third-party vendor which both Meta and the vendor consider to be confidential. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not a party to this lawsuit. Sealing this document would prevent the disclosure of the monetary terms of an agreement between Meta and a third party, which is subject to confidentiality and non-disclosure obligations and agreements. Redactions alone would be inadequate here because the aforementioned materials are interwoven throughout the exhibit. Moreover, to the extent the document reflects information of any interest to the public, the public can derive the same or similar information from the briefing in which it is cited and the other exhibits filed publicly in support thereof. To the extent the document reflects additional information, if any, disclosure of the same is substantially outweighed by the significant harms Meta would incur from its disclosure. Meta

previously requested to seal documents based on similar third-party information, (*e.g.*, Dkt. 391-1, ¶ 6), which was granted by the Court, (*e.g.*, Dkt. 393).

13. Attached as **Woodhouse Exhibit 8** is a document reflecting Meta's internal long range planning and financial modeling. Meta respectfully requests the Court's permission to file this exhibit entirely under seal for the following reasons. Meta seeks to prevent the disclosure of Meta's nonpublic forecasted financial information and internal strategic considerations, including information concerning Meta's ongoing and future monetization efforts. Maintaining the confidentiality of Meta's nonpublic financial information is critical to Meta's business, especially where, as here, it is forward-looking and would inform competitors as to Meta's ongoing and future business strategies. Disclosure of this type of nonpublic information would cause competitive harm to Meta, including by providing competitors and potential counterparties with insight into Meta's intended and projected milestones. Redactions alone would be inadequate here because the aforementioned materials are interwoven throughout the exhibit. Moreover, to the extent the document reflects information of any interest to the public, the public can derive the same or similar information from the briefing in which it is cited and the other exhibits filed publicly in support thereof. To the extent the document reflects additional information, if any, disclosure of the same is substantially outweighed by the significant harms Meta would incur from its disclosure.

14. Attached as **Woodhouse Exhibit 12** is a document concerning Meta's internal financial metrics for 2025, such as budget line items and key drivers. Meta respectfully requests the Court's permission to file this exhibit entirely under seal for the following reasons. Meta seeks to prevent the disclosure of Meta's nonpublic financial information and internal strategic considerations, including information concerning ongoing and future initiatives, and Meta's prioritization of these initiatives. Maintaining the confidentiality of Meta's nonpublic financial information is critical to Meta's business. Disclosure of this type of nonpublic information, including financial information associated with specific projects or ventures, risks competitive harm to Meta, including by providing competitors and potential counterparties insight into Meta's financial analyses and business strategies. Redactions alone would be inadequate here because the aforementioned materials are interwoven throughout the exhibit. Moreover, to the extent the

document reflects information of any interest to the public, the public can derive the same or similar information from the briefing in which it is cited and the other exhibits filed publicly in support thereof. To the extent the document reflects additional information, if any, disclosure of the same is substantially outweighed by the significant harms Meta would incur from its disclosure.

15. Attached as **Woodhouse Exhibits 43**, **45 and 141** are communications with third parties concerning potential partnerships and licensing ventures. Meta respectfully requests the Court's permission to file these exhibits entirely under seal for the following reasons. Meta seeks to prevent the disclosure of specific negotiations vis-à-vis third parties, including proposed and agreed-upon terms subject to non-disclosure obligations, as well as sensitive and nonpublic information concerning Meta's business strategies (including Meta's considerations regarding possible strategic partnerships). Disclosure of this type of nonpublic information would put the third parties' confidential information at risk and pose a competitive disadvantage to Meta and the third parties who obtained promises of confidentiality from Meta for this information and who are not parties to this lawsuit. Additionally, certain of this information is relevant to ongoing and/or future business discussions. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. It would also hamper the implicated third party's ability to market or otherwise leverage such information vis-à-vis other parties. Redactions alone would be inadequate here because the aforementioned materials are interwoven throughout the exhibits. Moreover, to the extent the document reflects information of any interest to the public, the public can derive the same or similar information from the briefing in which it is cited and the other exhibits filed publicly in support thereof. To the extent the document reflects additional information, if any, disclosure of the same is substantially outweighed by the significant harms Meta would incur from its disclosure. Meta has previously requested to seal documents based on similar information concerning third parties, (*e.g.*, Dkt. 391-1 ¶ 6; Dkt. 409-1 ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409)). If the Court believes that this information should be made public, Meta requests that the Court allow these third parties an opportunity to put in their own declaration justifying confidentiality.

Cooley LLP
Attorneys at Law

12

M. Woodhouse Decl. ISO
Mots. to Seal [Dkts. 473, 520]
3:23-cv-03417-VC

16.     Attached as **Woodhouse Exhibits 46**, **128**, **129**, **130**, **131**, **132**, **134**, **and 135** are draft and finalized agreements exchanged and entered into with third parties. Meta respectfully requests the Court's permission to file these exhibits entirely under seal for the following reasons. Meta seeks to prevent the disclosure of specific negotiations vis-à-vis third parties, including proposed and agreed-upon terms subject to non-disclosure obligations, as well as sensitive and nonpublic information concerning Meta's business strategies (including Meta's considerations regarding possible strategic partnerships and the terms of those partnerships). The confidential and sensitive nature of these agreements is reflected in the confidentiality provisions found across the draft and finalized agreements. Disclosure of this type of nonpublic information would put the third parties' confidential information at risk and pose a competitive disadvantage to Meta and the third parties who obtained promises of confidentiality from Meta for this information and who are not parties to this lawsuit. Additionally, certain of this information is relevant to ongoing and/or future business discussions. Disclosure of such information risks competitive harm to Meta, including by hampering Meta's third-party relationship management. It would also hamper the implicated third party's ability to market or otherwise leverage such information vis-à-vis other parties. Redactions alone would be inadequate here because the aforementioned materials are interwoven throughout the exhibits. Moreover, to the extent the document reflects information of any interest to the public, the public can derive the same or similar information from the briefing in which it is cited and the other exhibits filed publicly in support thereof. To the extent the document reflects additional information, if any, disclosure of the same is substantially outweighed by the significant harms Meta would incur from its disclosure. Meta has previously requested to seal documents based on similar information concerning third parties, (*e.g.*, Dkt. 391-1 ¶ 6; Dkt. 409-1 ¶ 12), which this Court has granted, (*e.g.*, Dkt. 393 (granting Dkt. 391); Dkt. 414 (granting Dkt. 409)). If the Court believes that this information should be made public, Meta requests that the Court allow these third parties an opportunity to put in their own declaration justifying confidentiality.

17.     Attached as **Woodhouse Exhibit 152** is a lengthy document that reflects the weekly meeting notes of a Meta engineering team over a six-month period. The evolving agenda and

Cooley LLP
Attorneys At Law

13

M. Woodhouse Decl. ISO
Mots. to Seal [Dkts. 473, 520]
3:23-cv-03417-VC

meeting notes trace the technical development over time and include granular technical information (e.g., at the source code level), including nonpublic and proprietary large language model training data compositions, benchmark protocols and specific benchmark scores resulting from internal experiments, and testing and evaluation of internal research models—all of which comprises Meta's highly sensitive, confidential, technical, and trade secret information. The document also contains references to confidential third parties and potential partners. Disclosure of such information would put the third party's confidential information at risk and pose a competitive disadvantage to Meta and the third party who obtained promises of confidentiality from Meta for this information and is not a party to this lawsuit. Redactions alone would be inadequate here because the aforementioned materials are interwoven throughout the exhibit. To the extent this 59-page document bears any relevance to the issues in dispute, Meta did not seek to seal the single sentence quoted in Plaintiffs' Reply, from the only page cited in their brief. (*See* Dkt. 537 at 38 (Plaintiffs' Reply, refiled with Meta's proposed redactions; citing Exhibit 152 and quoting therefrom as follows: Ex. 152, Meta_Kadrey_00053071, at –126.00003 ("All datasets approved for use, memorization issue (PII and IP addressed)")). To the extent the document reflects additional relevant information, if any, disclosure of the same is substantially outweighed by the significant competitive harms Meta would incur from its disclosure. Meta has previously requested to seal documents based on similar nonpublic business strategies, technical information, and trade secret information pertaining to its generative AI offerings, (*e.g.*, Dkt. 266-1 ¶ 6), and similar third-party information, (*e.g.*, Dkt. 391-1, ¶ 6), which this Court has granted, (*e.g.*, Dkt. 317 (granting Dkt. 266); Dkt. 393 (granting Dkt. 393)).

\* \* \*

Cooley LLP
Attorneys at Law

14

M. Woodhouse Decl. ISO
Mots. to Seal [Dkts. 473, 520]
3:23-cv-03417-VC

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Jose, California on this 25th day of April 2025.

_____
Michelle Woodhouse