COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:   (310) 883-6400

KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:   (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:   (650) 815-4131

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
KANNON K. SHANMUGAM (*pro hac vice*)
(kshanmugam@paulweiss.com)
2001 K Street, NW
Washington, DC 20006
Telephone:   (202) 223-7300

*[Full Listing on Signature Page]*
*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                                   Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO META'S REPLY EVIDENCE**<br><br>Judge:     Vince Chhabria |

Defendant Meta Platforms, Inc. ("Meta") hereby responds to Plaintiffs' April 24, 2025 Objections to Meta's Reply Evidence. Dkt. 552 ("Obj."). The objections should be rejected.

**The Kambadur (ECF543-13), Pineau (ECF 543-14), and Third-Party (ECF 543-12) Declarations are not "new" evidence.** The Local Rules state that "[a]ny reply to an opposition may include affidavits or declarations." Civ. L. R. 7-3(c). Evidence is not "new" if it is "appropriately responsive to arguments and evidence raised in [the non-moving party's] opposition papers." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 877 F. Supp. 2d 838, 857 (N.D. Cal. 2012); *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018).

Each of the declarations to which Plaintiffs have objected was properly responsive to issues raised in Plaintiffs' Opposition. The Pineau and Kambadur Declarations responded to Plaintiffs' assertions that "there is no evidence to indicate" that certain of Meta's uses of book datasets were transformative (Pl's Opp. at 14), including experimental use of LibGen in 2022 for research and development purposes. Opp. at 11-14; Dkt. 543-13 (Kambadur), ¶¶ 4-7; Dkt. 543-14 (Pineau), ¶¶ 5-6. Plaintiffs contend that these declarations are "inconsistent with the deposition testimony provided by the same witnesses," but the deposition excerpts cited by Plaintiffs demonstrate that the opposite is true.[1] *See* Obj. Ex. A (Kambadur), at 118:8-14, 274:1-288:1, 289:14-294:5, 295:13-297:15; Ex. B (Pineau), 135:8-154:17. For example, Dr. Pineau testified in her deposition that the 2022 experiments on LibGen involved training multiple versions of the model to assess the impact of the data, which directly tracks the statements made in her declaration (*id.*, Ex. B, 137:5-139:4); and Dr. Kambadur testified about her first-hand knowledge of the process for deciding which datasets to use for which models, including whether to use LibGen. *Id.*, Ex. A, 35:5-22. The declarations are also consistent with documentary evidence cited by Plaintiffs, including Pritt Exhibits 32 and 36, which reflect internal communications contemporaneous with Meta's 2022 LibGen download discussing, respectively, approval of use of LibGen for exploratory purposes and ablation experiments concerning the same. And because Plaintiffs had a full opportunity to examine Drs. Pineau and Kambadur about experimental uses of datasets including LibGen (and, in

---

[1] Plaintiffs also state that Dr. Pineau "disclaimed having any knowledge of whether Meta ever decided to use LibGen to train its Llama models," (Obj. at 2), but the cited testimony reflects only that she did not know whether LibGen had been used to train Llama 3.

fact, questioned them extensively about Pritt Exhibit 36, including in the excerpts in Exs. A and B), Plaintiffs' claims of prejudice are without merit.

The Third-Party Declaration responds to Plaintiffs' reliance on an otherwise unauthenticated third-party agreement cited for the first time in Plaintiffs' Opposition. Opp. at 29-30. Following the Court's authorization of third-party discovery on this agreement on January 21, 2025 (Dkt. 405-406), Meta worked diligently during a period concurrent with the third parties' ongoing performance under the agreement to authenticate and confirm basic details about the agreement. Meta served the Third-Party Declaration on Plaintiffs immediately after receiving it on April 4, 2025, *before* Plaintiffs filed the Opposition on April 7, 2025. Plaintiffs' claims of prejudice are also without merit as the declaration is concise and consists entirely of undisputed basic background information.

**The Sinkinson Declaration is not "new" expert discovery.** The Sinkinson Declaration was responsive to Plaintiffs' arguments about whether certain agreements are evidence of an AI licensing market for Plaintiffs' books. Opp. at 29-30; Dkt. 543-15 (Sinkinson), ¶¶ 2-3. It consists of opinions taken verbatim from the expert reports he served during expert discovery, about which he was fully deposed. *Id.*, ¶¶ 1-4. Accordingly, it does not violate the Court's March 25 order, both because it does not concern the torrenting-related expert discovery and was not "new."

**Plaintiffs' defense of the Butterick Declaration is improper.** Plaintiffs' defense of the Butterick Declaration is not the proper subject of objections under Local Rule 7-3(d)(1). Even if considered, Plaintiffs' defense should be rejected: Plaintiffs do not address the facts that (1) Plaintiffs had another expert conduct the same analysis of Books3 that Mr. Butterick performed on Gutenberg (underscoring that Mr. Butterick's opinions are the province of an expert); and (2) Mr. Butterick's declaration is clearly comprised of opinions and inference, not a Fed. R. Evid. 1006 "summary," as evidenced by his repeated qualification of observations with the phrase "appears to" or similar phrases.

| | | |
|---|---|---|
| 1 | Dated: April 29, 2025 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Judd Lauter* |
| 4 | | Judd Lauter |

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:   (310) 883-6400

COOLEY LLP
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
MATTHEW BRIGHAM (191428)
(mbrigham@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
JUAN PABLO GONZÁLEZ (334470)
(jgonzalez@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:   (650) 843-5000

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
COLE A. POPPELL *(pro hac vice)*
(cpoppell@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800