**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butterick128.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

*(additional counsel included below)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., *Individual and Representative Plaintiffs*, v. META PLATFORMS, INC., *Defendant*. | Case No. 3:23-cv-03417-VC **PLAINTIFFS' OBJECTIONS TO META'S REPLY EVIDENCE** |

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiffs respectfully object to the expert and fact witness declarations filed by Meta Platforms, Inc. ("Meta") with its summary judgment reply or, alternatively, request leave from the Court to depose the witnesses on their declarations' contents.

## I.    The Court Should Strike Meta's Multiple Fact and Expert Witness Reply Declarations.

Meta submitted four new declarations with its reply brief: the Declaration of Melanie Kambadur (Dkt. 543-13); the Declaration of Joelle Pineau (Dkt. 543-14); the Declaration of a Third Party (Dkt. 543-12);[1] and the Declaration of Professor Michael Sinkinson (Dkt. 543-15) (collectively, the "New Declarations"). The New Declarations are an improper attempt to present new evidence for the first time on reply and should be stricken.

### A.    The New Declarations are untimely and improperly seek to introduce new facts and evidence on Reply.

"'New evidence submitted as part of a reply is improper' because it does not allow the [opposing party] an adequate opportunity to respond." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027-28 (C.D. Cal. 2018) (quoting *Morris v. Guetta*, 2013 WL 440127, at *8 (C.D. Cal. Feb. 4, 2013)). Instead, "[e]vidence in support of a motion must be submitted with the motion," and "[e]vidence submitted in reply is properly disregarded." *Musk v. OpenAI, Inc.*, 2025 WL 715797, at *4 n.4 (N.D. Cal. Mar. 4, 2025). Courts in the Ninth Circuit and this District routinely exclude evidence first submitted on reply. *Citcon USA, LLC v. RiverPay Inc.,* 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019) ("the Court cannot consider his declaration because it is impermissible new evidence submitted on a reply brief in violation of Civil Local Rule 7-3(d)(1)"); *Shilling v. PolyOne Corp.*, 2016 WL 7325013, at *4 (N.D. Cal. Dec. 16, 2016) (sustaining objection to facts and evidence raised for the first time on reply); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (courts need not consider matters raised for the first time on reply).

During fact discovery, Meta employees and reply declarants Melanie Kambadur and Joelle Pineau were both deposed and testified on various topics, including the datasets Meta used to train

---

[1] Currently, the name of the third party is under seal along with the entire contents of the declaration. Plaintiffs refer to this declaration in general terms to avoid further third-party sealing.

its LLMs and experiments conducted by Meta on those datasets. *See, e.g.*, Exs. A & B. Meta relies on these declarations to support its argument that Meta's repeated torrenting, direct downloading, and copying of pirated datasets, including from LibGen, was all part of one overarching "use": the research and development of LLMs. *See* Dkt. 543 at 7; Kambadur Decl. ¶¶ 4-7; Pineau Decl. ¶¶ 5-6.

The reply declarations are inconsistent with the deposition testimony provided by the same witnesses. Ms. Pineau declares that Meta downloaded LibGen in 2022 and performed internal experiments to assess its usefulness as training data pursuant to industry standard benchmarks. Pineau Decl. ¶ 6. She also proclaims that she is "not aware of Meta having ever used LibGen for purposes other than the development and training of Meta's AI models, which necessarily include these critical experiments and research." *Id.* But in her deposition, Pineau disclaimed having *any* specific knowledge of LibGen. Ex. B at 71:16-19 ("Q. Have you ever heard of dataset known as Library Genesis or LibGen? A. LibGen rings a bell, but I don't know the specifics."). She also disclaimed having any knowledge of whether Meta *ever* decided to use LibGen to train its Llama models. *Id.* at 154:22-155:4. For her part, Ms. Kambadur makes vague, sweeping assertions in her reply declaration concerning Meta's uses of datasets containing books, yet she was deposed on September 17, 2024, long before Meta produced evidence of the multitude of pirated works it torrented and copied, including almost all evidence of Meta's copying from Anna's Archive. The prejudice is obvious: these Meta witnesses "declare" facts on reply about which they previously never testified or for which they disclaimed any specific knowledge during their depositions.

Similarly, the Third-Party Declaration contains information about a data licensing agreement between a book publisher and a technology company, including the number of titles involved, which was never previously disclosed. BG Ex. 64, Third-Party Decl. ¶¶ 6-8. The declaration was provided to Meta on April 4, 2025, "in response to a deposition subpoena issued by Meta on said company on January 24, 2025." Dkt. 543-1, ¶ 13. The timeline for this discovery passed months ago. Meta's deposition subpoena was served in January and a Rule 30(b)(6) deposition was noticed for February 6, 2025. But that deposition was then postponed by Meta and

never rescheduled. Instead, Meta blindsided Plaintiffs by serving the Third-Party Declaration four weeks into the summary judgment briefing period. Meta knows this was prejudicial—indeed, the Ghajar Declaration preemptively defends the obvious untimeliness by arguing "Meta . . . shared the declaration with Plaintiffs on April 4, 2025, before they filed their opposition to Meta's motion for partial summary judgment." Dkt. 543-1, ¶ 13. In other words, Meta served this declaration on the Friday before Plaintiffs' Monday brief was due, and Plaintiffs apparently were supposed to anticipate (and preemptively refute) how Meta would later use that declaration in its own reply.

Accordingly, the Court should strike or disregard the Kambadur, Pineau, and Third-Party Declarations. Courts are especially willing to sustain objections to new evidence when the timing of the disclosure is designed to deprive the opposing party of an opportunity to respond. *Alarcon v. Bostic*, 2019 WL 2088838, at *8 (S.D. Cal. May 13, 2019), *aff'd sub nom. Garcia v. Bostic*, 818 F. App'x 686 (9th Cir. 2020) (declining to consider new reply evidence as "improper" where "the timing of their disclosure 'appears aimed at strategically limiting [opposing party's] opportunity to respond.'") (quoting *Townsend*, 303 F. Supp. 3d at 1028)). Here, Meta submitted reply declarations on new topics from witnesses who were deposed (or were scheduled to be deposed) *months ago*. Plaintiffs have no opportunity to substantively respond to any of this testimony.

As an alternative to "declin[ing] to consider new evidence" submitted in reply, the court may "provide the opposing party 'an opportunity to respond.'" *Townsend*, 303 F. Supp. 3d at 1027 (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also Dutta v. State Farm Mut. Auto. Inc. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("unfairness inherent" in being unable to respond to new factual material submitted on reply may be mitigated by "granting the objecting party leave to file a sur-reply opposition to the new matter"). Given the fast-approaching summary judgment hearing, striking Meta's New Declarations is appropriate. But if the Court chooses to consider the New Declarations for purposes of summary judgment, Plaintiffs request (1) a three-hour deposition of each declarant and (2) an opportunity to submit a five-page response to the substance of the New Declarations. *See Green v. Baca*, 219 F.R.D. 485, 487 n. 1 (C.D. Cal. 2003) (exercising discretion to consider evidence presented on reply but affording plaintiff the

opportunity to depose a key declarant and submit a response). This relief is appropriate because Kambadur, Pineau, and the third-party declarant all offer testimony that either conflicts with their prior depositions or addresses new topics reflected nowhere in the record previously.[2]

### B. The Sinkinson Declaration violates the Court's March 25, 2025 Order.

On March 25, 2025, the Court entered an order permitting limited additional expert discovery—a further rebuttal report by Meta's torrenting expert Barbara Frederiksen-Cross, and the depositions of Frederiksen-Cross and Plaintiffs' torrenting expert. Dkt. 499. That order expressly stated: "No further expert discovery . . . will be permitted," including any further "reply declarations from the plaintiffs' experts." *Id.* Meta apparently read this prohibition to apply only to Plaintiffs' April 7 opposition/reply brief but not to Meta's own April 17 reply brief. Meta then filed a new reply declaration from one of its experts, Dr. Michael Sinkinson, on April 17. This expert declaration violates both the letter and the spirit of the Court's March 25 order. Plaintiffs were prohibited from filing new expert declarations *to which Meta had an opportunity to respond*, and it makes little sense to then allow Meta to file more expert declarations *to which Plaintiffs had no opportunity to respond*. Accordingly, the Court should strike the Sinkinson Reply Declaration.

## II. Meta's Objections to the Butterick Declaration Should Be Overruled.

Despite Meta's attempt to fill the record with untimely and improper declarations on reply, Meta nevertheless objects to portions of the Declaration of Matthew Butterick ("Butterick Declaration") that Plaintiffs *timely submitted* in opposition to Meta's summary judgment motion. *See* Dkt. 519.[3] In so doing, Meta takes the extraordinary position that Mr. Butterick offers improper "expert testimony" by merely summarizing the contents of voluminous Meta documents.

---

[2] Time is especially of the essence with respect to Joelle Pineau, a Canadian resident who will be departing her position at Meta next month. *Meta's Head of AI Research Stepping Down*, THE ASSOCIATED PRESS (Apr. 1, 2025), https://apnews.com/article/meta-ai-research-chief-stepping-down-joelle-pineau-c596df5f0d567268c4acd6f41944b5db.

[3] The Butterick Declaration supports two exhibits prepared pursuant to Fed. R. Evid. 1006: one summarizing the contents of Meta's 2022 LibGen torrenting, and one summarizing the copyright management information ("CMI") in Meta's training data. While it is not entirely clear, Meta appears to object only to the portion of the declaration (and summary exhibit) addressing CMI.

Meta misapprehends the difference between an expert witness and a Rule 1006 summary witness. Under Rule 1006, the inquiry is straightforward: summary exhibits must accurately reflect the contents of voluminous underlying materials that (1) are themselves admissible evidence and (2) were made available to the opposing party for inspection. *E.g.*, *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (citations omitted). "The availability requirement ensures that the opposing party has 'an opportunity to verify the reliability and accuracy of the summary prior to trial.'" *Id.* (citing *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261 (9th Cir. 1984)). The Butterick Declaration offers no expert opinions—or any opinions at all, for that matter. Rather, it simply describes how the summary exhibits were curated so that Meta can verify their accuracy.

Every requirement of Rule 1006 is satisfied here. First, the voluminous underlying documents are readily available to Meta—they are Meta's own training data produced in discovery in this case. Second, the underlying documents are admissible. Plaintiffs authenticated the training data hard drives during the deposition of Nikolay Bashlykov. Pritt Ex. 103, 16:15-17:10; 136:20-137:3. Third and most importantly, Meta raises *no objection* to the accuracy of the summary exhibits. Rule 1006 requires nothing more, nor is there any basis for Meta's implied position that summaries of technologically complex documents can only be prepared by expert witnesses. *See FTC v. AMG Servs., Inc.*, 2016 WL 1275612, at *5 n.5 (D. Nev. Mar. 31, 2016) (admitting Rule 1006 summary exhibit of technical source data prepared by non-expert witness); *Adams v. Bloomberg L.P.*, 2023 WL 1957681, at *6 (S.D.N.Y. Feb. 13, 2023) (denying motion to strike Rule 1006 exhibits prepared by non-expert witness because "no expert analysis was involved").[4] What Meta incorrectly characterizes as "expert" testimony instead is just the routine event of an attorney reviewing the discovery produced in the case and citing its relevant contents.

---

[4] Plaintiffs alternatively request the Court's leave to supplement the summary judgment record with Meta's physical training data hard drives, which Plaintiffs can promptly deliver to the Court. The same conclusions can be drawn from the voluminous training data itself as from Plaintiffs' summary exhibits.

Dated: April 24, 2025

By: /s/ *Maxwell V. Pritt*
    Maxwell V. Pritt

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Kenneth S. Byrd (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
kbyrd@lchb.com
bsugar@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butticklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

**COWAN DEBAETS ABRAMS &
SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*