UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:23-cv-03417-VC-TSH <br><br> **DECLARATION OF ANGELA DUNNING IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 589]** |

I, Angela Dunning, hereby declare as follows:

1. I am a Partner at Cleary Gottlieb Steen & Hamilton LLP. I am also counsel of record for Defendant Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Civil L.R. 79-5(f)(3) and the Court's April 29, 2025 Order on Sealing Requests (Dkt. 570) ("Sealing Order"), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, (Dkt. 589 ("Sealing Motion")), in consideration of and in accordance with the Court's guidance. Meta submits this Declaration on behalf of a third party ("Designating Third Party") that produced documents designated as Highly Confidential-Attorneys' Eyes Only in response to a subpoena issued by Meta in this action and that seeks leave to file under seal certain portions of a slide deck Plaintiffs submitted to the Court at the May 1, 2025 hearing on the parties' cross-motions for summary judgment and filed on the docket on May 7, 2025 (Dkts. 588-1 (with redactions); 589-1 (under seal)) ("Slide Deck").

3. Meta, on behalf of the Designating Third Party, requests the Court's permission to file under seal narrowly tailored portions of the Slide Deck, as set forth in the chart below alongside the relief requested for each:

| Document | Sealing Request |
|---|---|
| Slide Deck (Dkt. 589-1) | 6 words on slide 13 and 9 words on slide 67, appearing behind black box redactions as reflected in Dkt. 588-1, which specifically includes the names of parties to third party confidential agreements |

4. There is adequate support for the Court to find compelling reasons to seal such materials. In addition to the fact that the slides cite to and describe the terms of an agreement that the Designating Third Party designated as Highly Confidential-Attorneys' Eyes Only, I have reviewed the slides, which include both the names of the third parties who entered the agreement and some of its terms. Neither the Designating Third Party nor the other party to the agreement

1

are parties to this action, and disclosure of such information may put the third parties' confidential information at risk and pose a competitive disadvantage to those parties who were acting under promises of confidentiality. I reconfirmed with counsel for the Designating Third Party that the Designating Third Party considers the material at issue highly confidential and wishes it to remain under seal.

5. Courts in this district have found compelling reasons to seal materials subject to third party confidentiality obligations. *See, e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on third party confidentiality obligations, (Dkt. 391-1, ¶6))); *Open Text S.A. v. Box.*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations); *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014) ("compelling reasons . . . to seal . . . confidential [agreement] terms . . . ."); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (similar); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard").

6. In its Sealing Order, this Court granted Meta's prior request to seal the names of the third parties who had entered the agreement at issue.

7. Because the existence of the agreement itself is confidential, the parties thereto are also confidential, preventing the Designating Third Party from filing a declaration in support of this narrowly tailored sealing request, which is consistent with this Court's Sealing Order and prior guidance that it will likely grant requests to redact names of third parties in the context of negotiations. (Dkt. 498.) To the extent the Court believes it needs a declaration directly from the Designating Third Party in order to seal this material, Meta requests that the Court allow the Designating Third Party an opportunity to submit such declaration *in camera* in order to preserve the confidentiality of the identity of the Designating Third Party.

1 | I declare under penalty of perjury under the laws of the United States of America that the
2 | foregoing is true and correct.
3 | Executed in Palo Alto, California on this 14th day of May 2025.

_Angela Dunning_
Angela Dunning