UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>    Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>    Defendant. | Case No. 23-cv-03417-VC |

DECLARATION OF TRINA HUNN

Trina Hunn declares as follows under 28 U.S.C. § 1746:

1. I am Vice President/Associate General Counsel of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2. HarperCollins has been informed that Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Jacqueline Woodson, Andrew Sean Greer, Rachel Louise, Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Díaz, Lysa Terkeurst and Christopher Farnsworth ("Plaintiffs") made reference to HarperCollins in a Power Point presentation filed (Dkt. 588-1) in connection with their summary judgment opposition and reply brief (Dkt. 517). Plaintiffs have identified two slides which reference a document produced by HarperCollins in response to subpoenas served by Defendant Meta Platforms, Inc. ("Defendant").

3. HarperCollins designated all deal term negotiation documents it produced as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (Dkt. 90), including specifically the document referenced in the Power Point presentation.

4. Accordingly, Plaintiffs separately filed an Administrative Motion to Consider whether the references to the document produced by HarperCollins should be sealed (Dkt. 589.)

5. I write now, under Civil L.R. 79-5(f)(3), to offer this declaration in support of the request to redact any reference to HarperCollins and the document it produced in the Power

Point presentation filed in connection with Plaintiffs' reply brief due to the highly confidential nature of the document and the harm that disclosure of the contents of the document would cause.

6. The document referenced by Plaintiffs is a data access and delivery agreement (the "Agreement") between HarperCollins and an undisclosed technology company which contains . Given the sensitive nature of the Agreement, HarperCollins only disclosed the existence of and produced this Agreement based on Defendant's representation and agreement that the document would be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and that HarperCollins would accordingly receive the protection of the Stipulated Protective Order (Dkt. 90, the "Protective Order"). Further, Defendant represented to HarperCollins that if any documents produced by HarperCollins were to be filed, they would be filed under seal, and that there would be no public reference to the content of HarperCollins's documents in any filings. This representation was based on Defendant's legitimate expectation that documents such as the Agreement contained confidential business information and trade secrets and rightfully deserved protection.

7. In my position as VP/Associate General Counsel, I have direct personal knowledge that the Agreement has received highly confidential treatment throughout its creation and implementation and contains information which HarperCollins was  Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the Agreement and the contents of the Agreement confidential,

8. An Order was issued on April 29, 2025 by this Court at Dkt. 570, on an administrative motion regarding whether HarperCollins' material produced pursuant to a protective order should be sealed. In that case, this Court found that HarperCollins' confidential documents, such as the Agreement and the identities of parties negotiating and engaging in

licensing deals shall remain sealed and redacted and granted the motion to seal HarperCollins' documents and reference thereto.

9. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure" which this court found includes "confidential business and proprietary information." *Id.* and *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), aff'd, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana*, 447 F.3d at 1179.

10. Given that Plaintiffs intend to make reference to the content of HarperCollins's highly confidential Agreement and file it in support of their dispositive motions, namely their summary judgment opposition and reply brief, the "compelling reason" standard applies here. *Id.*

11. Any reference to HarperCollins's Agreement or reference to the content of the Agreement should be redacted and sealed for two "compelling reasons." *Id.* First, the Agreement contains confidential business information, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The disclosure of the confidential business information in the Agreement referenced in the Power Point presentation slides would cause harm to HarperCollins that outweighs the public's interest in the disclosure. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ Next, the specific and final terms of the Agreement, which are referenced in the Power Point presentation slides, also reveal HarperCollins' trade secrets which HarperCollins conceals from its competitors in the industry. Disclosure of the terms of the Agreement will ███

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

12.     Further, per Civil L.R. 79-5(c)(1)(iii), there are no practicable less restrictive alternatives to redacting references to HarperCollins's Agreement or the content of the Agreement in the Power Point presentation slides filed in support of Plaintiffs' reply brief that will adequately protect HarperCollins. HarperCollins' involvement in such an agreement, and the entirety of the Agreement itself is sensitive and revealing. HarperCollins will experience harm if any specific provisions and even basic details of the Agreement are disclosed. ██████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

13.     Also, the Agreement was the subject of the April 29, 2025 Order (Dkt. 570) where this Court ultimately decided that HarperCollins' material produced pursuant to a protective order should be protected and be filed under seal. In that Order the court granted the motion to seal references to the "names of other parties engaged in licensing deals." Dkt. 570.

14.     Accordingly, any reference to HarperCollins and the Agreement in the Power Point presentation slides filed in support of Plaintiffs' reply brief deserve protection pursuant to Civil L.R. 79-5 and the Protective Order and HarperCollins hereby respectfully requests that any reference to the existence of and the content of the Agreement be redacted and be filed under seal to prevent the disclosure of the terms of the Agreement and harm to HarperCollins.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 14, 2025
New York, New York

Trina Hunn