[Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>  Individual and Representative Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>                                    Defendant. | Case No. 3:23-cv-03417-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civ. L.R. 16-9(a) and Dkt. No. 599, Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Jacqueline Woodson, Andrew Sean Greer, Rachel Louise Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Díaz, Lysa Terkeurst and Christopher Farnsworth ("Plaintiffs"); and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel, hereby submit this Case Management Statement in advance of the Case Management Conference scheduled for July 11, 2025.

### A. Jurisdiction

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331. Meta does not challenge personal jurisdiction. No parties remain to be served.

### B. Facts and Legal Issues

#### 1. Facts

The facts of this proceeding were extensively briefed by the parties in their recent summary judgment cross-motions and accompanying exhibits. *See*, *e.g.*, Dkt. Nos. 472-75; 489-97; 517-23; and 543-44.

On June 25, 2025, the Court issued an order denying partial summary judgment to Plaintiffs and granting partial summary judgment to Meta on its fair use defense to the claim that copying Plaintiffs' books for use as LLM training data was infringement. On June 27, 2025, the Court issued a separate order granting partial summary judgment to Meta on Plaintiffs' Digital Millennium Copyright Act ("DMCA") claim.

#### 2. Legal Issues

On June 25, 2025, the Court issued an order scheduling a Case Management Conference to discuss how to proceed on the remaining issues in the case. The Parties' respective positions on how to proceed are as follows.

*Plaintiffs' Statement*

Plaintiffs respectfully submit that the next logical step in this case is to adjudicate the entirety of Plaintiffs' cause of action for direct copyright infringement, which includes Meta's uploading of copyrighted material from Library Genesis, Z-Library, and Internet Archive via a

peer-to-peer file sharing networks. While the Court's summary judgment order granted "summary judgment on [Meta's] fair use defense to the claim that copying these plaintiffs' books for use as LLM training data was infringement," Dkt. No. 598 at 40, it declined to address the effect of Meta's copying and uploading of copyrighted material for use by others. The Court declined to address this issue because additional fact and expert discovery on Meta's uploading activity occurred in the midst of the summary judgment briefing period. *See* Dkt. Nos. 470, 499, 598 at n.4. Except for discovery that Plaintiffs identified in Dkt. 487 at 5, which the Court declined to address, *see* Dkt. 500, that discovery is now complete and the remainder of Plaintiffs' motion (i.e., infringement via uploading) is ripe for adjudication with supplemental briefing to account for the new fact and expert discovery from Meta. Although Plaintiffs believe that is the most expedient course of action, alternatively the Court could set a full briefing schedule on new cross-motions for summary judgment.

Plaintiffs' proposed schedule for supplemental briefing is as follows:

| EVENT | DEADLINE |
|---|---|
| Opening Supplemental Briefs | August 1, 2025 |
| Responses to Supplemental Briefs | August 15, 2025 |
| Hearing (if necessary) | August 28, 2025 |

Plaintiffs submit that each supplemental brief should be limited to 15 pages. With their supplemental opening brief, Plaintiffs also request the opportunity to submit a supplemental expert declaration from Dr. David Choffnes to address the recent fact and expert discovery on Meta's uploading of copyrighted material.

Plaintiffs look forward to addressing the parties' positions at the Case Management Conference. Without extended argument, Plaintiffs note the following points based on Meta's submission:

- At the meet-and-confer on July 3, the parties discussed various options for addressing the remaining issues in the case after the Court's summary judgment orders. Plaintiffs did not

commit to any course of action (let alone "take [a] position" as described by Meta below) and certainly did not suggest they would be dismissing any claim or portion of a claim. While Plaintiffs explored the feasibility of an immediate appeal, Plaintiffs concluded that the issues in this case (particularly Meta's downloading and uploading of copyrighted material from shadow libraries via peer-to-peer networks) are inextricably intertwined such that seeking a piecemeal appeal would be inefficient, illogical, and prejudicial to Plaintiffs. If an appeal occurs, it should encompass the Court's judgment on all the issues in the case, including the entirety of Plaintiffs' copyright-infringement claim, and the entire factual record.

- There is good cause for allowing Plaintiffs' expert, Dr. Choffnes, to amend or supplement his expert report. Dr. Choffnes' expert report is dated February 26, 2025. After that date, Meta made eight document productions containing 289 new documents, including a production of torrenting logs from 2022 that, once uncompressed, totals nearly 80,000 documents. These documents include entirely new torrenting logs and data-transfer invoices that are highly relevant to the remaining issues in the case. Dr. Choffnes was not permitted to submit a reply expert declaration during the original summary judgment period (*see* Dkt. No. 499) and he should now have an opportunity to address this new evidence. Meta did not produce its 2022 torrenting logs until the week of the summary judgment hearing and consequently, they were not addressed by either side's torrenting expert. Allowing Meta to produce voluminous records relating to its torrenting and distribution of copyrighted works without allowing Plaintiffs' expert to address that evidence would be highly prejudicial.

- Meta repeatedly refers to Plaintiffs' single copyright-infringement claim as a "reproduction claim" and "distribution claim." To be clear, Plaintiffs have one claim for copyright infringement, and *that* claim encompasses multiple rights, including reproduction,

distribution, and the making available right.[1] Based on the mechanics of BitTorrent clients and the settings Meta used when it pirated copyrighted works in 2022, 2023, and 2024, Meta's peer-to-peer file sharing simultaneously infringed all three rights, and Plaintiffs moved affirmatively on the ground that such file sharing cannot be fair use as a matter of law. The Court ruled that this inextricably intertwined activity can be addressed piecemeal and thus denied Plaintiffs' motion as to downloading copyrighted works from shadow libraries but declined to address, at that time, the effect of uploading on the infringement claim and fair use defense. Plaintiffs now seek to brief that remaining issue so that a complete judgment can be rendered on the entirety of Plaintiffs' copyright-infringement claim.

- Meta suggests that the Court enter partial final judgment under Rule 54(b) on Plaintiffs' DMCA claim and the part of Plaintiffs' copyright infringement claim it resolved in its summary judgment order, apparently to try to force Plaintiffs to seek to appeal those partial final judgments now or waive appeal. Yet Meta acknowledges that "the factual underpinnings of" its torrenting activity, both the downloading and uploading, "are interrelated." That means Rule 54(b) is not proper on Plaintiffs' copyright infringement claim. *See, e.g.*, *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574–75 (9th Cir. 2018) (explaining that for purposes of Rule 54(b), "only one claim is presented when a single set of facts gives rise to a legal right of recovery under several different remedies") (modified).[2]

---

[1] *See, e.g.*, U.S. Copyright Office, *The Making Available Right in the United States* (Feb. 2016), https://www.copyright.gov/docs/making_available/making-available-right.pdf, at 4 ("Within the particular context of downloads, U.S. law provides the making available right through the exclusive right of distribution under Section 106(3).")

[2] Meta states below that: "The Court's June 25 order held that Meta's copying of Plaintiffs' books to train Llama was fair use, warranting summary judgment for Meta on Plaintiffs' claim for violation of their rights of reproduction under 17 U.S.C. § 106(1). Dkt. 598 at 5, 40." Plaintiffs do not find any such statement with respect to Section 106(1) and dispute Meta's characterizations of the Order insofar as it departs from the exact text of the Order. Plaintiffs further dispute Meta's commentary below, *infra* at n. 3 that "Plaintiffs' own expert agreed that they lack evidence that any of their works was actually distributed[.]" Such evidence, was only produced in the week of the Summary Judgment hearing, *see supra* at 3, to say nothing of any such evidence that may have been lost due to the evidence preservation issues referenced below.

***Meta's Statement***

The Court's June 25 order held that Meta's copying of Plaintiffs' books to train Llama was fair use, warranting summary judgment for Meta on Plaintiffs' claim for violation of their rights of reproduction under 17 U.S.C. § 106(1). Dkt. 598 at 5, 40. The Court also held that "reproduction and distribution are separate rights" and that Plaintiffs did not move for summary judgment as to any alleged violation of their distribution rights, leaving that as a "live issue in the case." *Id.* at 14–15 & n. 4. Accordingly, the order concluded by instructing that a further case management conference would be held on July 11 "to discuss how to proceed on the plaintiffs' separate claim that Meta unlawfully distributed their protected works during the torrenting process." *Id.* at 40.

Plaintiffs deny that they have asserted a "distribution claim," arguing instead that they have asserted a "single copyright-infringement claim" that encompasses multiple rights. *Supra* at 4; *see also* Dkt. 487 at 2 (asserting that "Plaintiffs do not advance a free-standing distribution claim") (emphasis in original). If Plaintiffs are not asserting a claim for violation of 17 U.S.C. § 106(3), then nothing remains to be adjudicated, and final judgment can be entered for Meta. If Plaintiffs are asserting a claim for violation of their distribution rights under § 106(3), then as the Court has instructed, the question is how to proceed on that claim.

Plaintiffs' proposal that the Court order "supplemental" summary judgment briefing on any "uploading" claim is both surprising and inappropriate. It is surprising because Plaintiffs had taken the position in meet and confer that they wished to seek prompt appellate review of the summary judgment order and would be asking the Court to (1) either enter partial final judgment under Federal Rule of Civil Procedure 54(b) or allow an interlocutory appeal under 28 U.S.C. § 1292(b) with respect to the Reproduction and DMCA Claims, and to (2) stay the remainder of the case pending the outcome of Plaintiffs' appeal. Plaintiffs have since retreated from that position and are proposing to adjudicate any remaining distribution-based claim by itself in the first instance, leaving any appeal of the Court's core fair use determination as to reproduction to be resolved later. This approach is inappropriate and should be rejected because it would introduce significant unnecessary inefficiencies and complexities.

There are a number of logical reasons that any appeal of the Court's fair use determination as to reproduction for training should proceed before any distribution claim is adjudicated. First, although Meta believes the Court's grant of summary judgment was correct and should be affirmed, any appeal by Plaintiffs presents a risk that the reproduction claim will be revived. It would be highly inefficient to litigate a distribution claim through summary judgment, class certification and potentially trial, only for the parties and the Court to face the prospect of new class certification briefing and a second trial on remand of the reproduction and DMCA claims.[3]

Second, although Plaintiffs' distribution claim is legally distinct from their reproduction claim, the factual underpinnings of the two claims are interrelated. For example, the copyright damages theory and calculations articulated by Plaintiffs' damages expert (Dr. Spulber) are premised on Meta's use of Plaintiffs' books to train its Llama models (and a HarperCollins agreement with a third party based on the third party's use of certain books for AI training)—a use that this Court has correctly determined to be fair and not infringing. Plaintiffs have not advanced any separate damages theory based on distribution/uploading. The Copyright Act also makes clear that Plaintiffs would be entitled to a single award of statutory damages "for all infringements" of any at-issue work; that is, statutory damages are awarded on a per-work, not a per-infringement, basis. 17 U.S.C. § 504(c)(1). Although the claims involve different purported acts of infringement, there is a significant risk that if the Court proceeds to trial on infringement, willfulness, and damages on the distribution claim, any verdict on such claim would be impacted if the reproduction claim is revived on appeal.

The most efficient course of action would be for the Court to enter partial final judgment under Rule 54(b) as to Plaintiffs' reproduction and DMCA claims. Contrary to Plaintiffs' assertion,

---

[3] Another way to avoid the risk of serial trials (as the parties discussed during meet and confer) would be for Plaintiffs to voluntarily dismiss any claim under § 106(3) so that the Court can enter final judgment as to the entire case and a single appeal could follow. As noted in Meta's summary judgment briefing, Plaintiffs' own expert agreed that they lack evidence that any of their works was actually distributed, and Plaintiffs' alternative theory that "making available" copies of a work is sufficient to establish infringement by distribution has been rejected in the Ninth Circuit. *See, e.g.*, Dkt 572 at 4-6. Although Plaintiffs disclaim having asserted a distribution claim, they are also apparently unwilling to dismiss it, however unlikely it is to succeed. But as discussed herein, it should not proceed to trial first and by itself.

claims arising from related factual underpinnings may still be separable for purposes of Rule 54(b). "[A] district court can enter final judgment on a claim even if it is not separate from and independent of the remaining claims" and "even if the claim 'arises out of the same transaction and occurrence as pending claims.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (quoting *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956)). Granting judgment under Rule 54(b) is sensible here. If Plaintiffs appeal the partial final judgment as to the reproduction and DMCA claims, any remaining distribution claim should be stayed pending the outcome of that appeal. If Plaintiffs choose to waive an appeal of the Rule 54(b) judgment, the Court can proceed on the distribution claim. In either case, the Court will have the benefit of knowing precisely what claims are at issue before any class certification proceedings and trial take place in this action.

In the alternative, if the Court is inclined to allow the distribution claim to move forward at this time, Plaintiffs' proposal is unworkable because the previous (and now-decided) motions for partial summary judgment were not directed at the distribution claim, as the Court observed. Dkt. 598, at 15 n.4. If the Court is inclined to move forward on the distribution claim, Meta respectfully requests leave to move for summary judgment as to that claim, including on the grounds that Plaintiffs lack evidence to establish distribution or any resulting injury and therefore cannot establish standing or liability.[4] If the Court agrees, Meta would meet-and-confer with Plaintiffs to come up with a schedule for summary judgment motions on the remaining distribution claim and any other remaining issues.

Plaintiffs should also not be permitted further expert testimony from Dr. Choffnes. The parties have already engaged in two complete rounds of opening and rebuttal expert reports and depositions on the torrenting/distribution claim. The additional documents referenced by Plaintiffs were the result of the Court's adoption of Plaintiff's own proposal for additional discovery

---

[4] Meta also notes that two of the Plaintiffs (Coates and Golden) did not move for summary judgment on any issue, and Meta has additional, individualized defenses with respect to the standing of certain Plaintiffs (including Coates and Golden) and certain of Plaintiffs' individual works, all of which Meta has specifically reserved. *See* Dkt. 501 at 14 n.6. Meta submits that these defenses can and should be taken up, if necessary, after any appeal is resolved.

submitted on March 5, 2025, in which Plaintiffs sought additional testimony and documents relating to torrenting including the 2022 LibGen download. Dkt. 467. Plaintiffs also, as part of their proposal, requested leave to serve their new expert report from Dr. Choffnes, but they did not request leave to serve any future report notwithstanding that they knew that their proposal, if adopted (which it was, *see* Dkt. 470), would result in production of additional materials relating to torrenting. And Plaintiffs reiterated their request to submit a third Choffnes report on March 24, 2025 (Dkt. 487), which the Court rejected. *See* Dkt. 499 ("No further expert discovery … will be permitted."). Plaintiffs' latest attempt to reinvent their torrenting/distribution claim should be rejected. But if the Court grants leave to amend or supplement the Choffnes report, Meta respectfully requests leave to depose Dr. Choffnes on any new report and to submit a responsive rebuttal report from Meta's expert.

### C. Motions

#### 1. Prior Motions

The following substantive motions[5] have been filed in this proceeding.

- **Motions to Dismiss**
    - Meta filed Motions to Dismiss Plaintiffs' original Complaint and Third Amended Consolidated Complaint. *See* Dkt. Nos. 23, 413.
- **Motion for Appointment of Lead Class Counsel**
    - Plaintiffs filed a Motion for Appointment of Interim Class Counsel. *See* Dkt. No. 65.
- **Motions for Relief from Nondispositive Pretrial Order of Magistrate Judge**
    - Plaintiffs filed four Motions for Relief from Nondispositive Pretrial Order of Magistrate Judge. *See* Dkt. Nos. 125, 284, 367, 397.
- **Motions to Amend Case Schedule**

---

[5] This list excludes motions for pro hac vice admission, motions to seal, administrative motions, and joint discovery letter briefs.

- o   Plaintiffs filed a Motion to Enlarge Discovery Cutoff and a Motion to Amend Case Management Schedule. Dkt. Nos. 129, 184, 244.
- **Motion for Leave to Amend**
  - o   Plaintiffs filed a Motion for Leave to File Third Amended Consolidated Complaint. Dkt. No. 300.
- **Motions for Partial Summary Judgment**
  - o   Plaintiffs filed a Motion for Partial Summary Judgment. Dkt. No. 472.
  - o   Meta filed a Motion for Partial Summary Judgment. Dkt. No. 489.

2. **Pending Motions**

*Plaintiffs' Statement*

Out of an abundance of caution, Plaintiffs respectfully request that the Court confirm that its statement on the record at the February 27, 2025 hearing concerning Plaintiffs' Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge (Dkt. No. 397) constituted denial of that motion.

Plaintiffs' Motion for Partial Summary Judgment is still pending in part with respect to Meta's infringement through the uploading of copyrighted works during the torrenting process.

*Meta's Statement*

Meta understands the Court to have clearly denied Plaintiffs' Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge (Dkt. No. 397). *See* Tr. 17:22-18:1, Feb. 27, 2025, Hearing ("[T]he crime fraud issue is over.").

Meta disagrees that any portion of Plaintiffs' Motion for Partial Summary Judgment remains pending. As the Court correctly found, "neither side moved for summary judgment" on the Distribution Claim. Dkt. 598 at 14-15 & n.4.

3. **Anticipated Motions**

*Plaintiffs' Statement*

Plaintiffs request the supplemental summary judgment briefing discussed above. If the case proceeds after summary judgment, Plaintiffs anticipate moving for class certification after any class

discovery. Plaintiffs also anticipate filing pretrial motions, including but not limited to motions *in limine*.

Plaintiffs agree that class certification should only proceed after summary judgment is fully completed. Plaintiffs disagree that a class defined based on the pirated copyrighted works that Meta made available and uploaded through peer-to-peer file sharing cannot be certified,[6] and Plaintiffs disagree that the class definition in the Complaint precludes class certification on that theory of infringement.

### *Meta's Statement*

As stated above, Meta's position is that the Court should enter partial judgment under Rule 54(b) as to Plaintiffs' reproduction and DMCA claims and, should Plaintiffs elect to appeal that judgment, stay the remainder of the action pending resolution of the appeal. In the alternative, should the Court wish to proceed with any distribution claim now, Meta seeks leave to move for summary judgment as to that claim on a schedule to be negotiated between the parties and presented to the Court. Class discovery and class certification briefing should proceed, if at all, only after summary judgment as to the distribution claim and resolution of any appeal as to the reproduction claim. As alleged in the Third Amended Complaint, Plaintiffs' alleged "Class Definition" encompasses only training-based claims of "copying and downloading," not distribution. Dkt. 407 ¶¶ 115, 120. This would appear to be by design, as the distribution claim requires individualized proof of distribution on a work-by-work basis, necessitating that individual issues will predominate and negating any basis for class-wide treatment. Further, if judgment is granted to Meta on the distribution claim, then no class discovery or certification motions would be necessary unless and until any claim is revived on appeal.

### D. Amendments to Pleadings

---

[6] *See* Dkt. 517 at 6-10 ("B. Plaintiffs Need Not Prove Actual Distribution of Their Books To Prevail"); *see also, e.g.*, U.S. Copyright Office, *The Making Available Right in the United States* (Feb. 2016) at 23-24 ("The Copyright Office adheres to the view that Section 106(3) is properly construed to cover the making available of copies of works to the public in the orm of downloads, regardless of whether the plaintiff proves that an actual download occurred").

The Complaint has been amended three times. The Third Amended Consolidated Complaint is the current operative Complaint. *See* Dkt. No. 407.

### E. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the action.

*<u>Plaintiffs' Statement</u>*

Plaintiffs believe an evidence preservation issue exists regarding Meta's server and/or network data that is potentially relevant to Meta's torrenting activity, which Plaintiffs discussed in their Summary Judgment Opposition and Reply. Dkt. No. 575 at 7-8.[7]

*<u>Meta's Statement</u>*

Meta addressed this purported issue in its summary judgment briefing (Dkt. 572 at 5-6, fn. 5); there are no open preservation issues in Meta's view.

### F. Initial Disclosures

The Parties exchanged initial disclosures on December 1, 2023 pursuant to Rule 26(a)(1)(A). The Parties have periodically supplemented their initial disclosures since that time and will continue to supplement as necessary, as required by Rule 26(e).

### G. Discovery

#### 1. Prior Discovery

The Parties conducted fact and expert discovery before filing their summary judgment motions. Fact discovery concluded on December 13, 2024, with limited re-openings thereafter for discrete additional issues. Expert discovery concluded on March 7, 2025.

#### 2. Additional Discovery

*<u>Plaintiffs' Statement</u>*

---

[7] Plaintiffs addressed Meta's response in its MSJ hearing slides. Dkt. 588-1 at 27 (explaining that in citing the ESI Order, Meta omitted relevant language applicable to the preservation of this type of data).

As discussed above, Plaintiffs request an opportunity for Dr. Choffnes to supplement his expert report to address the thousands of documents, including torrent logs and data transfer invoices, that Meta produced after the date of his existing expert report.

If this proceeding advances to class certification, Plaintiffs will likely request the Court to set a defined period for class discovery to occur, including for fact discovery and expert discovery.

*Meta's Statement*

Meta disagrees that any further expert discovery is warranted or should be permitted. *See* Dkt. 486; *see also supra* at 7. Meta's position is that any class discovery should proceed, if at all, only after resolution of any appeal as to the Reproduction and DMCA Claims.

H. **Class Actions**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

*Plaintiffs' Statement*

Once the named plaintiffs' remaining theories of liability are adjudicated on summary judgment, Plaintiffs will work with Meta to develop a case management schedule that encompasses class discovery and class certification motions.

*Meta's Statement*

Meta agrees that any class discovery and class certification motion should occur, if at all, only after the named plaintiffs' claims are fully adjudicated on the merits, including through any appeals.

I. **Related Cases**

The following cases are related to and have been consolidated in this proceeding:

- *Chabon et al. v. Meta Platforms, Inc.*, No. 3:23-cv-04663-VC
- *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 3:23-cv-06663-VC
- *Farnsworth et al. v. Meta Platforms, Inc.*, No. 3:24-cv-06893-VC

J. **Relief**

*Plaintiffs' Statement*

Plaintiffs have requested the following forms of relief:

- An order authorizing this action to proceed as a class action, with Plaintiffs serving as Class Representatives, and with Plaintiffs' counsel as Class Counsel.
- Judgment in favor of Plaintiffs and the Class and against Defendant.
- A declaration that Meta has infringed Plaintiffs and the Class's exclusive copyrights in the Infringed Works under the Copyright Act.
- A declaration that such infringement is willful.
- An award of actual and statutory damages, as allowed by law or as elected by Plaintiffs.
- Permanent injunctive relief, including but not limited to changes to Llama to ensure that all applicable information set forth in 17 U.S.C. § 1203(b)(1) is included when appropriate.
- An order of costs and allowable attorneys' fees under 17 U.S.C. § 505 and/or 17 U.S.C. § 1203(b)(4)-(5).
- Pre- and post-judgment interest on the damages awarded to Plaintiffs and the Class, and that such interest be awarded at the highest legal rate from and after the date this class action complaint is first served on Defendant.
- Defendant's joint and several financial responsibility for the costs and expenses of a Court approved notice program through post and media designed to give immediate notification to the Class.
- Disgorgement of Defendant's ill-gotten gains, both restitutionary and nonrestitutionary.
- Further relief for Plaintiffs and the Class as may be just and proper, including, but not limited to, disgorgement, both restitutionary and non-restitutionary.

Damages will either be set by statute or based upon expert testimony to be presented at trial.

### ***Meta's Statement***

Meta asks for judgment in its favor on any and all claims remaining in this case following the Court's orders on the reproduction and DMCA claims (Dkts. 598, 601), that Plaintiffs take nothing in this action, and that Meta be awarded its costs and allowable attorneys' fees.

### K. Settlement and ADR

The Parties have complied with ADR L-R 3.5. The Parties do not believe settlement discussions would be productive at this time.

### L. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### M. Narrowing of Issues

The Parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

### N. Scheduling

*Plaintiffs' Statement*

Plaintiffs believe the next step is summary adjudication of Plaintiffs' uploading-based theories of liability. Once that occurs, Plaintiffs are willing to work with Meta to develop a case management schedule that encompasses class discovery, class certification, and pretrial and trial events.

*Meta's Statement*

Please see Meta's Statement in Section B, at 2–3 above.

### O. Trial

Plaintiffs have requested a trial by jury on all claims allowed. The parties believe it is premature to determine the length of trial until the scope of issues to be tried is finalized.

### P. Disclosure of Non-Party Interested Entities or Persons

The Parties filed their Certificates of Interested Entities or Persons under Civil Local Rule 3-15.

### Q. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### R. Other

The Parties are not aware of other matters that may facilitate the resolution of this matter.

Dated: July 8, 2025                              Respectfully submitted,

By: */s/ Bobby A. Ghajar*                        By: */s/ Jesse Panuccio*

Bobby A. Ghajar                                  **BOIES SCHILLER FLEXNER LLP**
Colette Ani Ghazarian                            David Boies (*pro hac vice*)
**COOLEY LLP**                                   333 Main Street
1333 2nd Street, Suite 400                       Armonk, NY 10504
Santa Monica, CA 90401                           (914) 749-8200
Telephone: (310) 883-6400                        dboies@bsfllp.com
Facsimile: (310) 883-6500
Email: bghajar@cooley.com                        Maxwell V. Pritt (SBN 253155)
cghazarian@cooley.com                            Joshua M. Stein (SBN 298856)
                                                 Margaux Poueymirou (SBN 356000)
Mark R. Weinstein                                44 Montgomery Street, 41st Floor
Elizabeth Lee Stameshkin                         San Francisco, CA  94104
**COOLEY LLP**                                   (415) 293-6800
3175 Hanover Street                              mpritt@bsfllp.com
Palo Alto, CA 94304                              jstein@bsfllp.com
Telephone: 650-843-5000                          mpoueymirou@bsfllp.com
Facsimile: 650-849-7400
Email: mweinstein@cooley.com                     Jesse Panuccio (*pro hac vice*)
Email: lstameshkin@cooley.com                    Jay Schuffenhauer (*pro hac vice*)
                                                 1401 New York Ave, NW
Kathleen R. Hartnett                             Washington, DC  20005
Judd D. Lauter                                   (202) 237-2727
**COOLEY LLP**                                   jpanuccio@bsfllp.com
3 Embarcadero Center, 20th Floor                 jschuffenhauer@bsfllp.com
San Francisco, CA 94111-4004
Telephone: (415) 693-2071                        Joshua I. Schiller (SBN 330653)
Facsimile: (415) 693-2222                        David L. Simons (*pro hac vice*)
Email: khartnett@cooley.com                      55 Hudson Yards, 20th Floor
                                                 New York, NY 10001
Angela Dunning                                   (914) 749-8200
**CLEARY GOTTLIEB STEEN &**                      jischiller@bsfllp.com
**HAMILTON LLP**                                 dsimons@bsfllp.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248                         *Interim Lead Counsel for Individual*
Telephone: (650) 815-4131                        *and Representative Plaintiffs and the Proposed Class*
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*

ECF ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.

/s/ *Jesse Panuccio*
Jesse Panuccio