UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KADREY, et al.,

    Plaintiffs,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 23-cv-03417-VC (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 615

The reader will recall that after fact discovery closed, Meta informed the Court that it had sequestered and failed to produce certain responsive documents. On February 27, 2025, Judge Chhabria ordered each side to propose the discovery it thought sufficient to remedy the issue. To incentivize reasonable proposals, he said he would adopt the more reasonable of the two sides' proposals in a baseball style arbitration. ECF No. 461; ECF No. 466 at 40-41. He adopted Plaintiffs'. ECF No. 470.

Plaintiffs requested four things, and the current dispute is whether Meta complied with items 3 and 4. ECF No. 467. Item 3 was a request for production. It asked for: "Documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases, including the filename, size, file creation time, and file last modified date of the Data; configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets; and Amazon Web Services invoices relating to Your data usage, storage, or transfer." The time frame for the RFP was "January 1, 2022 to the present."

Item 4 was a search string: "(torrent* OR torent* OR leech*) AND (libgen OR "library genesis" OR lib-genesis OR librarygenesis OR anna* OR AA OR "internet archive" OR IA OR z-lib! OR z lib! OR zlib OR z-library OR book! OR data OR cop* OR file*)." Plaintiffs said: "This

search targets evidence of Meta's torrenting, including uploading, of copyrighted textual works from online databases of pirated works. Plaintiffs request this search include the work email and Workplace Chat of four additional individuals that the Sequestered Documents show were integral in torrenting from LibGen and Anna's Archive." They said: "Those four individuals are Todor Mihaylov, Marie-Anne Lachaux, Xiaolan Wang, and Frank Zhang."

Because Judge Chhabria already ruled that Plaintiffs' discovery proposal was adopted, the present dispute solely concerns whether Meta complied with items 3 and 4.

**A.    Item 3**

In response to the RFP, Meta produced Amazon Web Services ("AWS") invoices and data transfer logs from April to October 2024, or the time period during which Meta says it torrented via AWS. Plaintiffs say this is insufficient given the date range specified in the RFP. Plaintiffs say that the point of requesting the broader 2022-present time period was not just to verify Meta's claim about its torrenting activities, but also to compare Meta's data-transfer usage during its torrenting period against other periods. Meta argues that the RFP did not ask for AWS data from 2022 to present, but only AWS invoices related to torrenting.

This dispute comes down to what you do with the semi-colons in the RFP. Again, it asked for:

> Documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases, including the filename, size, file creation time, and file last modified date of the Data; configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets; and Amazon Web Services invoices relating to Your data usage, storage, or transfer.

If you believe the semi-colons are mighty and powerful, this RFP is three RFPs because it asked for three things:

> [1] Documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases, including the filename, size, file creation time, and file last modified date of the Data; [2] configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets; [3] and Amazon Web Services invoices relating to Your data usage, storage, or transfer.

Plaintiffs are clearly reading the RFP this way because they are trying to detach the AWS

2

invoices in the final clause from "Documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases" in the first clause.  By contrast, if the two are linked, then yes, the time frame of the RFP is 2022 to the present, but if Meta only used AWS to torrent from April to October 2024, AWS invoices outside that time period (or within that time period but unrelated to torrenting) simply aren't responsive.

The chief flaw in Plaintiffs' proposed reading is that clause 2 becomes a free-standing request for "configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets."  This begs several questions, such as:  Work files about what?  Which support tickets?  Which configuration files?  If the semi-colons delineate three different subjects, and the first one does not modify the other two, then clause 2 is incomprehensible.

The only sensible way to read the RFP is that the introduction ("Documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases, including . . .") modifies everything that follows.  The semi-colons are used to separate three types of requested information about torrenting:  information about the torrented data ("filename, size, file creation time, and file last modified date of the Data"), information about the torrent client ("configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets"), and AWS invoices ("Amazon Web Services invoices relating to Your data usage, storage, or transfer").

Thus, if it is true that Meta used AWS to torrent only from April to October 2024, then Meta was obligated to produce AWS invoices only for that time period and only related to the use of torrenting.  Plaintiffs do not argue or present evidence that Meta's use of AWS to torrent extended to a longer period of time.  Accordingly, Plaintiffs' motion to compel is **DENIED** as to item 3.

**B.     Item 4**

Plaintiffs say the search string was supposed to be run on Meta's 15 existing document custodians *plus* the four additional individuals.  Meta, however, ran it only on the additional individuals' documents and insists that's all Plaintiffs asked for.  Plaintiffs have the better of this argument.

3

Plaintiffs argued: "This search targets evidence of Meta's torrenting, including uploading, of copyrighted textual works from online databases of pirated works." That was an argument for why the search string was relevant. Then Plaintiffs said: " Plaintiffs request this search *include* the work email and Workplace Chat of four *additional* individuals that the Sequestered Documents show were integral in torrenting from LibGen and Anna's Archive." (emphasis added). The words "include" and "additional" meant that they wanted the search to be run against the existing custodians and four more people. "Include" does not mean "consist solely of." The specification of four people to be included in the search meant that they were to be part of the search. The word "additional" meant that they were in addition to the other custodians. "Additional" does not mean "instead of" or "as a substitute for." The only way these four people could be "four additional individuals" is if they were in addition to the existing custodians. Accordingly, Plaintiffs' motion to compel is **GRANTED** as to item 4.

**IT IS SO ORDERED.**

Dated: August 1, 2025

THOMAS S. HIXSON
United States Magistrate Judge