UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KADREY, et al.,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 23-cv-03417-VC   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 624

The Court has reviewed *in camera* the document that is the subject of the parties' dispute in ECF No. 624.  Plaintiffs challenge all of the redactions, arguing that the attorney-client privilege does not apply, and in the alternative that the crime-fraud exception applies.  Let's consider those arguments in turn.

**A.     Attorney-Client Privilege**

As an initial matter, the Court does not agree with Plaintiffs that this document has a single primary purpose.  The document is a collection of different things, some of which are the implementation of a compliance policy and not really "communications," and others of which are communications, but to different people and for different purposes.  There is nothing wrong with Meta claiming privilege over portions of this document.

Turning to the document, there are no redactions on the first seven pages, so nothing for the Court to consider.

The redactions on page 8 to the entries of Luc Dahlin and Alisa Hall (both are attorneys according to Meta) are proper.  The redacted material contains legal advice and is therefore privileged (unless an exception applies).

There are no redactions on page 9.

1    The redactions on pages 10 and 11 to the entries of Fatima Jafri, Tyler Robbins and Luc
2    Dahlin (again, all attorneys) are proper. The redacted material contains legal advice and is
3    privileged.
4    The redactions on pages 11 and 12 to David McAneny's entries (he is not an attorney) are
5    improper. While the initial and unredacted entry changes the status to "LEGAL_REVIEW," the
6    content that follows does not contain legal advice or a request for legal advice. Instead, McAneny
7    was just implementing a business compliance policy. This is not privileged.

## B.    Crime-Fraud Exception

For the material the Court has found to be privileged, the Court must now decide if it falls within the crime-fraud exception. The proffered crime is "torrenting and mass distribution of known pirated content." ECF No. 624 at 3. Plaintiffs argue that "Judge Chhabria already held that 'the crime-fraud exception could apply to Meta's alleged distribution (by seeding) of copyrighted material,' Dkt. 416 at 1, and knowing distribution of copyrighted works can constitute criminal copyright infringement." *Id*. Plaintiffs state that "[t]he record developed after the prior briefing shows Meta distributed over 40 TB of pirated content to third parties while torrenting Anna's Archive in 2024." *Id*. Plaintiffs also state that "[t]he Document was created on June 27, 2024, *see* page -298, *after* Meta's torrenting of Anna's Archive had ended." *Id*.

Meta contends that Plaintiffs' crime-fraud argument fails on its face precisely because the document was created after the alleged crime occurred. Meta is correct. The crime-fraud "exception applies only when there is 'reasonable cause to believe that the attorney's services were utilized in furtherance of the *ongoing* unlawful scheme.'" *United States v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002) (quoting *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996)) (emphasis added). "A party seeking to vitiate the attorney-client privilege under the crime-fraud exception must satisfy a two-part test. First, the party must show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme. Second, it must demonstrate that the attorney-client communications for which production is sought are sufficiently related to and were made in furtherance of the intended, or present, continuing illegality." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir.

2007), *overruled on other grounds, Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). Plaintiff cite no authority to support the proposition that the crime-fraud exception can reach documents created after the alleged crime was completed. Nor do Plaintiffs make any contention that, as a factual matter, the alleged crime was still being planned or was ongoing at the time this document was created. Accordingly, Plaintiffs do not satisfy their burden to show that the crime-fraud exception applies.

**C.     Conclusion**

The Court **ORDERS** Meta to re-produce the document in accordance with this order.

**IT IS SO ORDERED.**

Dated: September 24, 2025

THOMAS S. HIXSON
United States Magistrate Judge