**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butpericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

(additional counsel included below)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 627]** |

**MOTION**

Plaintiffs move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and N.D. Cal. Local Rule 72-2 for relief from a non-dispositive pretrial order of a Magistrate Judge. Plaintiffs respectfully object to and ask the Court to set aside portions of the Discovery Order at Dkt. No. 627 issued by Magistrate Judge Thomas S. Hixson on September 24, 2025, as set forth in the accompanying Memorandum of Points and Authorities ("Memo"). In addition to this Motion and the Memo, the Motion is based on the relevant underlying briefing, the Proposed Order for this Motion, the records and docket in this matter, and any oral argument the Court may hear.

## MEMORANDUM OF POINTS AND AUTHORITIES

This dispute involves whether a recently produced Meta document (the "Document") reflects attorney-client communications that were rendered during the course of an ongoing decision to torrent copyrighted works from known pirated databases, and if so, whether the Document is subject to the crime-fraud exception.

### I.   BACKGROUND

Following Judge Hixson's August 1, 2025 discovery order, Dkt. 616, Meta produced the Document, which is a printout from a compliance tool within Meta's "ML Hub" entitled "AIDC - Anna's Archive_Compliance." Ex. A.[1] The Document appears to have been created on June 27, 2024, *see id.* at -298, and it contains extensive redacted comments from "IP Legal" and "Product Counsel" that appear to be dated throughout July 2024, *see id.* at -294, -296-97. When Meta first produced this Document, the June 28, 2024 comments also were fully redacted for privilege, save for one partially unredacted sentence on page -297 that simply read: ▮▮▮▮▮▮▮▮▮▮ When Plaintiffs met and conferred with Meta about these privilege redactions, Plaintiffs noted that this partially unredacted language made it highly unlikely that the surrounding redactions were proper. In response, Meta attempted to claw back the partially unredacted language from a sentence that Plaintiffs now know reads:



Ex. A at -297.[2] Plaintiffs then initiated a discovery letter brief that challenged Meta's privilege assertions over the Document.

---

[1] Exhibit A to the accompanying Declaration of Maxwell V. Pritt is the "less-redacted" version of the Document that Meta reproduced around 2 PM PT today in response to Judge Hixson's order.

[2] Of course, Meta did decide to torrent Anna's Archive notwithstanding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That decision caused Meta to distribute at least 40 terabytes ("TB") of material to third parties during a four-month period of 2024 alone. *See* Dkt. 562-50 at n.56 (Meta torrenting expert Barbara Frederiksen-Cross noting that her analysis of Meta's April to July 2024 AWS billing data showed 40.42 TB of data uploaded to the Internet). Plaintiffs will tender an expert report on November 14, 2025 that analyzes Meta's distribution of copyrighted works in greater detail, including during additional time periods. *See* Dkt. 626.

### A. Judge Hixson Adjudicated the Privilege Dispute on the Assumption that Meta's Torrenting of Anna's Archive Ended Before the Date of the Attorney Communications in the Document.

Judge Hixson reviewed the Document *in camera*. On September 24, he issued an order (1) rejecting Meta's attempt to assert privilege over the clawed-back excerpt, plus the rest of the Document's June 28 comments; (2) sustaining Meta's privilege assertions over the remaining redacted comments; and (3) declining to find that the crime-fraud exception applies. On the crime-fraud issue, Judge Hixson based his ruling on the fact that any implicated attorney-client communications must be made "in furtherance of [an] *ongoing* unlawful scheme," Dkt. 627 at 2 (citations omitted), and Plaintiffs did not "make any contention that, as a factual matter, the alleged crime was still being planned or was ongoing at the time this document was created," *id.* at 3. Meta's 30(b)(6) witness previously testified that Meta's torrenting from Anna's Archive was "completed in June of 2024," *see* Dkt. 624-2 at 52:2-6, while the remaining redacted communications in the Document appear to be dated July 2024.[3] Thus, since the relevant attorney communications ostensibly were "created after the alleged crime was completed," Judge Hixson concluded they could not be "reach[ed]" by the crime-fraud exception. Dkt. 627 at 3.

### B. Recent Evidence Indicates the Attorney Communications May Have Been Made Before or During Meta's Torrenting of Anna's Archive.

Contemporaneously with the parties' letter briefing, materials were unsealed in a different proceeding that potentially show evidence of Meta employees continuing to torrent from shadow libraries, including Anna's Archive, in the latter half of 2024. On July 23, 2025, a complaint was filed in this District that alleges Meta's torrenting of copyrighted content extended beyond textual

---

[3] Some of the comment dates shown in the Document make little sense. The newly unredacted material appears to show ▮▮▮▮▮. But since Meta began torrenting Anna's Archive in April 2024, it makes little sense for Anna's Archive to have been ▮▮▮▮▮. It seems plausible that the comments were written earlier in time and were then transferred into this file in June and July 2024, but since the Document was only reproduced by Meta hours before this filing, there has not been sufficient time to investigate. If this is what occurred, then the still-redacted attorney communications may have actually been written before or during Meta's torrenting, not afterwards.

works and also resulted in the distribution of copyrighted videos. *See Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, No. 5:25-cv-06213, Dkt. 1 (N.D. Cal. July 23, 2025). That complaint relies heavily on the evidence uncovered in this lawsuit regarding Meta's 2024 torrenting, which prompted the *Strike 3* plaintiffs to employ a Cross Reference Tool that "captures evidence of other activity on the BitTorrent network including ebooks, movies, television shows, music, and software" while analyzing "correlations to data patterns that matched infringement patterns seen on Meta's corporate IP Addresses." *Id.* at ¶¶ 93-94. The raw file data attached to the *Strike 3* complaint, which was only unsealed after Plaintiffs wrote their portion of the underlying joint letter brief, allegedly shows the following torrented files labeled with Meta IP addresses:

- Library Genesis Ebook Database 1000-1999 (downloaded **9/10/2024** at 19:43:43 UTC).[4]
- Annas Archive Data aacid__ia2_acsmpdf (downloaded **12/2/2024** at 1:54:03 UTC).[5]

If Meta employees continued torrenting from shadow libraries in September and December 2024 as the files suggest, it plainly is relevant to this proceeding. Plaintiffs promptly asked Meta's counsel to confirm whether these *Strike 3* data files are accurate, who responded one week later, stating that Meta is "actively investigating the allegations in the Strike 3 complaint" and "will provide . . . an update as soon as [they] are able to do so." The parties stipulated to hold the deadline for filing this Motion in abeyance until after Meta responds substantively, agreeing that "it is in both Parties' interest for Meta to provide an update as to its initial investigations into these allegations" before Plaintiffs sought judicial relief. Dkt. 629 at 2. Since that stipulation is pending before the Court, Plaintiffs are filing their Motion today—the due date pursuant to Fed. R. Civ. P. 72(a)—to preserve the issues while Meta continues to investigate.

## II.   ARGUMENT

The distribution of copyrighted works without the copyright holders' permission is unlawful infringement. *See, e.g., In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d

---

[4] *Strike 3*, Dkt. 19-4 at 99 (Row 4381) (emphasis added).
[5] *Id.* at 109 (Row 4835) (emphasis added).

868, 879 (N.D. Cal. 2022) ("it is obvious, for example, that downloading and distributing copyrighted music via peer-to-peer systems does not constitute fair use") (citation omitted). This Court previously held that the unauthorized distribution of copyrighted content could also fall within the crime-fraud exception to attorney-client privilege. *See* Dkt. 416 at 1 ("At a minimum, the plaintiffs have shown that the crime-fraud exception could apply to Meta's alleged distribution (by seeding) of copyrighted material, and that *in camera* review might reveal evidence to establish that it does."). Moreover, the knowing distribution of copyrighted works can constitute criminal copyright infringement. *See* Sen. Hearing 108-920, Before Comm. on the Judiciary (2003) (former Register of Copyrights testifying, "the law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement . . . It can also be a crime and the perpetrators of such a crime are subject to fines and jail time").

Based on the context of the Document, including the newly unredacted portion, it appears that Meta's employees consulted the company's lawyers in connection with their decision to torrent Anna's Archive. While the newly unredacted comments do not specify who within Meta ▬▬▬ the torrenting option, it likely was Meta Legal since Meta attempted to assert attorney-client privilege over this communication. And once Meta decided to ▬▬▬ this option and torrent Anna's Archive anyway, it uploaded massive amounts of copyrighted data to internet peers.[6] Other, still-redacted portions of the Document also show that various Meta legal teams offered comments and approvals.[7] These circumstances implicate the crime-fraud exception because Meta attorneys rendered communications in connection with their client's unlawful scheme. *See In re Grand Jury Proceedings*, 87 F.3d 377, 382 (9th Cir. 1996) ("The crime-fraud exception does not require that the attorney have participated, even unwittingly, in the client's criminal activity. A communication between client and attorney can be 'in furtherance of' the client's criminal conduct

---

[6] *See* footnote 2, *supra*.

[7] This also contradicts Meta's 30(b)(6) witness designated for torrenting topics. Before the Document was ever produced to Plaintiffs, Meta's corporate designee testified that "[t]here is no approval or disapproval that I am aware of for torrenting." Dkt. 624-2 at 54:1-2; *see also id.* at 68:17-18 ("I am not aware of any policy that Meta has around torrenting.").

even if the attorney does nothing after the communication to assist the client's commission of a crime, and even though the communication turns out not to help (and perhaps even to hinder) the client's completion of a crime.").[8]

The outstanding issue is whether Meta's unlawful scheme was still ongoing at the time these attorney comments were written. *See United States v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002) (quoting *In re Grand Jury*, 87 F.3d at 381). The answer to that question depends on (1) the results of Meta's pending investigation into the *Strike 3* allegations, and (2) whether the dates of the attorney comments shown in the Document accurately reflect when those comments were originally written.[9] If Meta employees did continue to torrent from shadow libraries during or after July 2024 (or if Meta's attorneys wrote the redacted comments earlier in time), then the attorney communications in the Document were created during the course of Meta's torrenting rather than after it ended—new facts that materially affect Judge Hixson's analysis in the discovery order.

## III.   CONCLUSION

The Court should first order Meta to provide an update on (1) whether it has found any evidence of its employees torrenting on or after July 2024, and (2) whether the comment dates shown in the Document accurately reflect when the relevant employees originally wrote those communications. If this update yields any information showing that the attorney communications may have occurred before or during Meta's torrenting from shadow libraries, then the Court should review the Document *in camera* again to determine whether the crime-fraud exception applies, and it should compel production of the Document to Plaintiffs with all torrenting-related content unredacted.

---

[8] The Court denied a previous crime-fraud motion covering different Meta documents, ruling from the bench that it "did not see any evidence of Meta using its lawyers to facilitate a crime, so the crime fraud issue is over." 2/26/25 Hrg. Tr. 17:24-18:1. But as *In re Grand Jury* shows, the lawyers need not be affirmatively used by the client to *facilitate* a crime—they only needed to communicate with the client *in connection with* the client's crime, fraud, or illegal scheme.

[9] At a minimum, the contents of the newly unredacted comments labeled June 28, 2024, are difficult to square with when Meta's known instances of torrenting occurred. *See* footnote 3, *supra*.

Dated: October 8, 2025

By: /s/ *Jesse Panuccio*
    Jesse Panuccio

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Kenneth S. Byrd (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
kbyrd@lchb.com
bsugar@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Margaux Poueymirou (SBN 356000)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
mpoueymirou@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

**COWAN DEBAETS ABRAMS & SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*