**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

(additional counsel included below)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, et al., *Individual and Representative Plaintiffs*, v. META PLATFORMS, INC., *Defendant.* | Case No. 3:23-cv-03417-VC **PLAINTIFFS' ADMINISTRATIVE MOTION REQUESTING LEAVE TO OBTAIN LIMITED ADDITIONAL DISCOVERY** |

Pursuant to Civ. L.R. 7-11, Plaintiffs respectfully submit this Administrative Motion Requesting Leave to Obtain Limited Additional Discovery. Soon, the Court will decide whether Meta's unauthorized torrenting and peer-to-peer file sharing of the Asserted Works and millions of other copyrighted works raise questions of copyright infringement that should go to a jury, or whether one side or the other is entitled to judgment as a matter of law. These important issues deserve a full record. Because of Plaintiffs' efforts since the fact discovery deadline, Meta has produced a steady stream of previously withheld documents replete with facts that are relevant on their own and that contradict (if not disprove) Meta's earlier representations. *See* Appendix B. In the last six weeks alone, Meta has produced: (1) torrenting records showing far greater copying and distribution of copyrighted works from notorious online piracy markets than previously disclosed; (2) a LibGen dataset Meta's corporate deponent (and own torrenting expert) testified did not exist; and (3) documents reflecting corporate imprimatur of Meta's torrenting. This new evidence is squarely relevant to the parties' forthcoming expert reports on Meta's torrenting and uploading of copyrighted works, yet it remains incomplete. While the parties have resolved several discovery disputes (and indeed, Meta agrees its newest forthcoming production is grounds for another extension), certain issues remain outstanding. Plaintiffs now seek to resolve these issues through narrowly-tailored discovery that will provide the Court with the record this case deserves.

**I.  Background**

As the Court is aware, the documents that Meta has produced after the close of discovery have necessitated repeat, partial reopening of fact discovery for discrete purposes. *See* Appendix A. Two segments of this protracted history are most relevant to the requests Plaintiffs make here.

***First***, on April 29, 2025, Meta produced torrenting logs from ex-employee Guillaume Lample documenting Meta's 2022 torrenting from LibGen, including information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiffs previously sought this evidence but were told repeatedly by Meta it did not exist. *See* Appendix B; Ex. A at 54:22-25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████).[1] The logs have since been painstakingly analyzed by Plaintiffs' expert, Dr. David Choffnes, who concluded they are highly probative of Meta's earliest torrenting activity, but incomplete: Meta has not produced all evidence of its torrenting of LibGen in the Fall and Winter of 2022. **Second**, after Judge Hixson ordered (Dkt. 616) Meta to run Plaintiffs' baseball-arbitration search string over Meta's original 15 custodians, Meta produced 67 documents on August 30. Between this new production and Dr. Choffnes's review of source code and torrenting logs (mostly produced long after the discovery cut-off), Plaintiffs learned of two pronounced issues:[2]

**Issue #1:** Meta maintains a centralized database called the "ML Hub," which contains data that is plainly relevant both to the issues on which the Court decided the prior summary judgment motions and the parties' forthcoming summary judgment briefing, including a series of AI Dataset Catalog ("AIDC") dashboards that reveal Meta's approval and usages of copyrighted content from websites like LibGen and Anna's Archive. The dashboards reveal for the first time that Meta ████████████████████████████████████████████████████████████████ *See* Ex. B at -395-97. Previously, Plaintiffs believed torrenting was not reviewed or approved because that's what Meta's corporate deponent said. Dkt. 630 at 4, n.7; Ex. A at 54:1-2, 68:17-18. Meta never searched the ML Hub or AIDC, *see* Ex. M; rather, Plaintiffs stumbled on the Anna's Archive

---

[1] This wasn't the only erroneous testimony from the deposition of Meta's corporate designee. *Compare* Ex. A at 52:2-6 (torrenting of Anna's Archive "completed in June 2024") *and* Dkt. 624 at 5 (Meta asserting "the challenged document [Anna's Archive AIDC dashboard, ostensibly dated June 27, 2024] 'was created *after* Meta's torrenting of Anna's Archive had ended'") *with* Ex. T (Meta-prepared document showing ████████████████████████████████ ████).

[2] Had Plaintiffs known Meta had failed to produce records evidencing the extent of its torrenting of copyrighted works from notorious piracy markets, Plaintiffs would not have stated in the parties' July 8 Case Management Statement that "discovery is now complete," Dkt. 605 at 2, aside from the two outstanding issues that Plaintiffs raised previously in connection with baseball arbitration.

AIDC dashboard because a newly produced document contained a hyperlink to it.[3] Meta later produced AIDC dashboards ███████████████████████████████████ Meta, however, continues to refuse to search the ML Hub or AIDC. Meta also has never produced any of its Anna's Archive-related datasets, despite previously agreeing to produce all "datasets that are alleged to contain Plaintiffs' works" and representing it "has done so." Ex. E at 8, 13-15.

**Issue #2:** Despite Meta's representation that Meta produced all Amazon Web Services ("AWS") S3 data in connection with Meta's 2024 torrenting, ████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ On August 25, 2025, Plaintiffs asked Meta to search this repository. Once Meta did so, it located additional documents related to torrenting, including ███ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ███ *Compare* Ex. F at ¶ 87 ("it is clear that none of the LibGen fiction library's data was torrented by Meta in 2024") *with* Ex. G at 1. These additional materials prompted the parties to extend the case schedule while Meta investigated further. Dkt. 626. The new files were significant enough that Meta considered Plaintiffs' request to take additional depositions and issue RFAs addressing the mechanics of Meta's torrenting. Unfortunately, the parties have not reached agreement. ***And just two days ago***, October 27, Meta advised Plaintiffs that it had █████ ████████████████████████████████████████████████████████████. Meta indicated it is willing to stipulate to a further extension of the case schedule so Meta can make additional

---

[3] Meta presumably will argue that it did not need to disclose either the ML Hub or the AIDC in any of its three Rule 26 disclosures, *see* Ex. O, because (1) Rule 26(a)(1)(ii) just requires it to disclose ESI it "may use to supports its claims or defenses"; (2) the ESI Order only required it to disclose non-custodial sources it "searched and/or collected from to identify potentially responsive or relevant documents or ESI," Dkt. 101, § 6(c); and (3) Plaintiffs were on notice of the ML Hub and AIDC before the fact discovery cut-off because of passing references to them (none of which suggested they contained torrenting and notorious markets-related evidence). *See* Exs. C at -923, -928 (mentioning the existence of AIDC and ML Hub), D at -654 (including a screenshot from ML Hub—unrelated to the notorious online piracy markets that Meta torrented from). Even assuming *arguendo* all of that is true, § 7(d) of the ESI Order makes clear that Meta could *not* withhold such ESI "solely on the grounds that it was not identified by . . . the protocols [in place]."

productions with sufficient time for Dr. Choffnes to analyze the data before tendering his report.[4]

## II. Good Cause Exists for Plaintiffs to Obtain Additional Discovery from Meta

When a party makes an insufficient production just before the fact discovery cut-off, courts do not restrict the requesting party from moving to compel afterwards. *See, e.g.*, *Armenian Assembly of Am., Inc. v. Cafesjian,* 692 F. Supp. 2d 20, 56 (D.D.C. 2010) ("Plaintiffs were correct to wait until Defendants completed their final production and assess its sufficiency before seeking Court intervention in the discovery process"), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014). The same is true when a requesting party is diligent in following up on incomplete discovery that the producing party fails to remediate. *See*, *e.g.*, *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 500 (C.D. Cal. 2003) (where the requesting party was diligent in seeking production of requested documents and the producing party "never clearly stated that it would not produce [them] . . . enforcement of the discovery cutoff should yield to the court's overriding interest in fairness and equity"). Here, Meta has repeatedly produced new belated evidence, which is highly relevant to the upcoming—and prior—summary judgment briefing. For this important case, discovery into Meta's productions and inconsistent representations is needed to provide the Court a full record.

## III. The Court Should Grant Leave for Plaintiffs to Obtain Additional Discovery

Plaintiffs seek the Court's leave to conduct the following limited discovery of Meta,[5] which is pertinent to Dr. Choffnes's expert report and the parties' upcoming summary judgment motions.

- **Two Depositions.** Plaintiffs seek a Rule 30(b)(1) deposition of Xiaolan Wang and a Rule 30(b)(6) deposition of a knowledgeable Meta representative to address the new torrenting evidence. Ms. Wang has not been deposed and the scope of her relevant knowledge has expanded each time Meta makes a new production of torrenting files. Meta's torrenting expert based much of her expert report on what she learned from interviewing Ms. Wang, yet that report inaccurately stated that ███████████████████████████████. *See* Ex. F at ¶ 87. A 30(b)(6) deposition is also needed to address issues arising from Meta's productions since April 29, including prior 30(b)(6) testimony disproven by documents in

---

[4] Plaintiffs anticipate presenting a scheduling stipulation for the Court's consideration promptly.

[5] Meta has asserted that it may supplement its response to Plaintiffs' interrogatory asking Meta to state all facts on which it bases its contention that its conduct was fair use. That response does not mention Meta's torrenting (either the downloading, making available, or distributing) of the Asserted Works and millions of other copyrighted works. *See* Ex. H. If the Court permits Meta to change its response now at this late stage and assert a fair use defense to its peer-to-peer file sharing of mass quantities of copyrighted works, then Plaintiffs request leave to conduct discovery into it.

these belated productions—namely, that ███████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

- **RFAs.** Plaintiffs sent a series of RFAs to Meta that address the factual mechanics of how it conducted its 2024 Anna's Archive torrenting. *See* Ex. I. These RFAs are intended to permit Dr. Choffnes to analyze confirmed facts rather than assumptions derived from an incomplete record, and to shorten Ms. Wang's deposition to four hours rather than the full seven. The Court should grant leave for Plaintiffs to (a) formally serve the RFAs attached as Ex. I, and (b) potentially serve additional RFAs concerning Meta's forthcoming production of ███████████████████████████████ after Plaintiffs analyze them.

- **Search of ML Hub.** After Plaintiffs raised the newly produced Anna's Archive dashboard screengrabs with Meta, Meta produced ████████████████████████████████████
████████████████████████████████████████████ *See* Exs. J-L. Plaintiffs have no idea what other significant evidence exists in ML Hub, which by all appearances is a tool Meta uses for many purposes, including to track and manage its acquisition, storage, and uses of copyrighted works. While Meta should have searched ML Hub in full long ago, Plaintiffs proposed that Meta run just the torrenting-related search terms in Appendix C and produce all associated files while reserving the right to seek full discovery into ML Hub in class discovery. Meta has refused, so the Court should order Meta to do it.

- **Searches of Lample Files and Servers.** As Dr. Choffnes explains, the torrenting logs Meta produced on April 29, 2025 are highly probative of what Meta downloaded, made available, and uploaded to online piracy markets in Fall 2022, but Meta hasn't fully investigated and produced all available evidence of Lample's torrenting. Plaintiffs therefore request that Meta (1) add Lample as a document custodian and run the search terms in Appendix C; and (2) search two additional locations to determine if more evidence can be located: (a) the contents of Lample's work computer using keywords to identify certain file names, and (b) ████████████████████████████████████
████████████████████████████████████████████████ *See* Choffnes Decl., ¶ 9.

- ████████████████████████████████████████ To the extent Meta cannot locate the full set of 2022 torrenting logs, it alternatively should produce usage data from its ██████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████, which, after actual torrenting logs, is the next-best evidence of Meta's torrenting. Because Meta conducted its 2022 torrenting ████████████████████
████████████ are important for Dr. Choffnes to review for that time period in connection with his analysis. Further, Meta should produce ████████████████████████████
████████████████████████████████████████████████████████

## IV. Conclusion

The Court should grant Plaintiffs' administrative motion for leave to obtain additional discovery so Plaintiffs can analyze and present a complete record to the Court on summary judgment.

Dated: October 29, 2025

By: /s/ *Maxwell V. Pritt*
    Maxwell V. Pritt

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Kenneth S. Byrd (*pro hac vice*)
Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
kbyrd@lchb.com
bsugar@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dsraite@dicellolevitt.com

**COWAN DEBAETS ABRAMS &
SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
CeCe M. Cole
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*