COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:     (310) 883-6400

KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:     (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:     (650) 815-4131

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
(kdunn@dirllp.com)
KYLE N. SMITH (*pro hac vice*)
(ksmith@dirllp.com)
401 9th Street, NW
Washington, DC 20004
Telephone:     (202) 240-2900

*[Full Listing on Signature Page]*
*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY *et al.*,<br><br>    *Individual and Representative Plaintiffs*,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>        *Defendant*. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION REQUESTING LEAVE TO OBTAIN LIMITED ADDITIONAL DISCOVERY**<br><br>Judge: Vince Chhabria |

Yet again, Plaintiffs seek an unjustified do-over of discovery, raising issues that are now untimely under the Court's order to bring "outstanding" and "remaining" discovery issues by July 31, 2025. Dkt. 614. The one exception, to which Meta has agreed, is a 30(b)(1) deposition of reasonable length and scope of Xiaolan Wang, a Meta engineer who downloaded books data via torrent, who was not deposed.  But Plaintiffs should not be permitted to leverage issues related to Ms. Wang into a broad reopening of discovery on distribution or an opportunity to relitigate "issues on which the Court decided the prior summary judgment motions."  Mot. at 2.[1]

Although Plaintiffs' motion obscures it, the *only* information at issue identified after the July 31 deadline for raising discovery issues concerns Ms. Wang's 2024 download of certain portions of Anna's Archive and Libgen.  After producing information about Ms. Wang's torrenting in response to the Court's March 2025 baseball arbitration ruling, Meta's continuing investigations revealed additional information about Ms. Wang's torrenting disclosed in September and October 2025, information about which she has been offered for deposition.[2]

Plaintiffs' demands beyond a properly-scoped 30(b)(1) deposition of Ms. Wang are belated, baseless, and contrary to the Court's order requiring outstanding discovery issues be brought by July 31.  First, regarding Ms. Wang's torrenting, there is no need for the ***72 RFAs*** or yet another 30(b)(6) deposition. Second, regarding Mr. Lample, Meta already has produced the responsive information it could find, and Plaintiffs' speculative, belated new demands are untimely, extremely burdensome and unwarranted. Third, regarding Plaintiffs' demands for broad searches of additional data sources at Meta, these requests are untimely and untethered to the remaining distribution claim.  Meta is prepared to stipulate to the modest schedule extension needed to allow for Ms. Wang's deposition.  Plaintiffs' attempt to upend the case schedule and subvert the Court's prior orders with broad new discovery should be denied.

---

[1] Plaintiffs attach many extra pages of argument in the Appendices and Choffnes Declaration. Meta has responded to the arguments raised in Plaintiffs' brief and refrained from responding in kind to Plaintiffs' expansion of its brief beyond the page limits.  If the Court would like Meta to specifically respond to those materials, Meta will of course do so.

[2] Meta had offered Ms. Wang among six depositions as part of its baseball arbitration proposal in March 2025 (Dkt. 469 at 2-3), but Meta's proposal was not selected.

**Relevant Background.**  Plaintiffs ignore the history relevant to their Motion.  Fact discovery closed in late 2024.  In early 2025 the Court allowed Plaintiffs to file a Third Amended Complaint adding a distribution claim for which Plaintiffs said they "will not seek to initiate any additional discovery," (Dkt. 300 at 6-7), and later rejected Plaintiffs' follow-on request for a broad reopening of discovery on that claim.  *See* Dkt. 405 (parties' proposals); Dkt. 406 (Order accepting Meta's proposal).  The Court then conducted a "baseball arbitration" in March 2025, selecting Plaintiffs' proposal over Meta's.  *See* Dkt. 468 (Plaintiffs' proposal); Dkt. 469 (Meta's proposal); Dkt. 470 (Order).  Plaintiffs were allowed discovery on specific torrenting-related issues: an additional expert report, one 30(b)(6) deposition, one RFP, and "one targeted search" of email and Workchat with four new custodians, including Ms. Wang.  Dkt. 468 at 1-2.

After the Court's summary judgment ruling—which did not address the distribution claim, *see* Dkt. 598 at 14-15—the Court set a schedule for resolving the parties' "remaining" discovery disputes, additional expert reports, and summary judgment on distribution.  *See* Dkt. 614 (Order); Dkt. 622 (parties' proposals); Dkt. 623 (additional Order).  During these proceedings to finally resolve the scope of distribution-related discovery, Plaintiffs never raised the specter of seeking new discovery into areas like the 2022 Lample Download and ML Hub/AIDC that Plaintiffs were aware of for many months.

**Meta Has Agreed to a Time-Limited 30(b)(1) Deposition of Ms. Wang.**  Plaintiffs have been aware of Ms. Wang's download of Anna's Archive via torrent since well before the March 2025 baseball arbitration, and thus Plaintiffs requested her as a custodian in that process.  *See* Dkts. 468, 470.  Following the baseball arbitration Order and pursuant to a reasonable investigation, Meta produced responsive information about Ms. Wang's torrenting. Meta continued its investigation and promptly produced additional information it discovered regarding Ms. Wang's downloads in September and October 2025, including: in early April 2024, Ms. Wang had executed a small download of one torrent for the Libgen-Fiction dataset (not alleged to contain Plaintiffs' books); Ms. Wang's previously disclosed Anna's Archive torrenting used an additional set of AWS instances (the "fairspark" cluster) in conjunction with the previously disclosed EC2

instances; and Ms. Wang downloaded additional portions of the Libgen-Scitech dataset in May 2024 using the fairspark cluster (Meta is producing additional information on this specific matter).

Because these disclosures stemmed from Meta's ongoing investigation, Meta offered Plaintiffs a 30(b)(1) deposition of Ms. Wang of reasonable length and scope. Yet Plaintiffs have refused Meta's proposal, seeking to condition a four-hour deposition of Ms. Wang on Meta's agreement to respond to *72 new RFAs*. There is no basis for this overreach. Rather, the straightforward and fair outcome here is that Ms. Wang should be deposed for no more than four hours on her torrenting-related activities in 2024; that is plenty of time to address Ms. Wang's relevant knowledge about these actions.

**RFAs and Another Rule 30(b)(6) Deposition Should Be Rejected.** Plaintiffs now make additional asks—72 new RFAs and a 30(b)(6) deposition—that they strain to tie to Ms. Wang's torrenting, *see* Mot. at 4-5. Not only are Plaintiffs' proposed RFAs untimely and contrary to the baseball arbitration process that Plaintiffs won by limiting their requests (*compare* Dkt. 469-2 *with* Dkt. 467), but they are substantively inappropriate, as they pertain to and would require expert analysis or seek information far outside her personal knowledge. Plaintiffs claim a 30(b)(6) deposition is needed in light of "prior 30(b)(6) testimony disproven by documents in those belated productions." Mot. at 4-5. But the proposed topics in Exhibit P (which was not cited by Plaintiffs in their brief) are far broader than Ms. Wang's torrenting, and most have nothing to do with torrenting at all, seeking information about topics like "IP Policy" analysis and "mirroring" of datasets. Moreover, Plaintiffs' accusations associated with the 30(b)(6) request are unfounded:

- **2022 Lample Records.** Relying on a deposition prior to the baseball arbitration, Plaintiffs incorrectly claim that Meta testified inaccurately that "records no longer existed" of Guillaume Lample's 2022 torrenting. Mot. at 5; *id.* at 1. But at the time of that March 3, 2025 30(b)(6) deposition, Meta testified it had "not been able to track down any evidence" or "find . . . any more details" on that topic, *see id.* at 1-2. After that deposition, as part of the baseball arbitration discovery granted on *March 7*, 2025, Meta found and produced additional documents that were the subject of a 30(b)(6) deposition on April 2, 2025, and Meta's 30(b)(6) witness testified about that activity.

- **Torrenting Approval/Disapproval.** Plaintiffs incorrectly claim that Meta testified inaccurately that "there was no approval or disapproval of torrenting works." Mot. at 5. The apparent basis for this claim are certain statements on Meta's AIDC dashboards, *see*

*id.* at 2, but the material cited by Plaintiffs does not indicate that there was in fact any "approval or disapproval of torrenting" by Meta, just an ambiguous reference to it being "blocked," *id.*; *see also* Dkt. 624 (Meta, explaining that the redacted portions of the cited document contain communications "requesting and providing legal advice regarding the use of the Anna's Archive dataset for AI model training"— not regarding torrenting).

- **Libgen Fiction.** Finally, Plaintiffs observe that Meta's prior expert report stated, based on an interview with Ms. Wang, that she had not torrented Libgen Fiction, but that Meta's further investigation has revealed that she did in fact download a small amount of this dataset by torrent in April 2024. Plaintiffs can ask Ms. Wang about this issue—which was not the subject of any "disproved" 30(b)(6) testimony—at her 30(b)(1) deposition and ask Meta's expert at their anticipated deposition in the upcoming expert discovery period.

**Plaintiffs' Additional Requests to Reopen Discovery Should Be Rejected.** Plaintiffs inappropriately seek to leverage the discrete, recognized need for a 30(b)(1) deposition of Ms. Wang into wide-ranging new discovery. *See* Mot. at 4-5. There is no basis for any of this relief, all of which is disproportionate to the needs of the case at this stage, contrary to prior discovery orders, and untimely because they were not raised by the July 31 deadline.

- **ML Hub/AIDC.** ML Hub is an internal Meta tool with information about AI models and experiments. The AI Data Catalog (AIDC) is an internal Meta tool with information about datasets and dataset approvals for use in AI training. Both were created during Meta's development of Llama 4, a model released after the close of fact discovery. Judge Hixson limited discovery related to Llama 4, determining that Meta need not initiate new searches for Llama 4, but should not withhold documents because they relate to Llama 4. Dkt. 279 at 4. Meta complied with this order, and Plaintiffs admit they knew about ML Hub and AIDC from documents produced prior to the close of fact discovery. Mot. at 3 n.3; Exs. C at -923 and D at -654. Plaintiffs also deposed a Meta 30(b)(6) witness in November 2024 who discussed AIDC, Ex. 1, and they asked a witness in December 2024 about a document that includes the link to the Anna's Archive AIDC page. If Plaintiffs thought AIDC was relevant, they should have moved for these materials by last December. Upon informal requests from Plaintiffs, Meta also has voluntarily produced AIDC pages for dataset approvals for several datasets at issue, including Anna's Archive and Libgen; is producing a similar page for the Internet Archive dataset; and did not find similar pages for Z-Lib and Duxiu after a reasonable search.

  Plaintiffs' requests for broader searches of ML Hub/AIDC should be rejected as contrary to previous orders, and because Plaintiffs have failed to show the relevance of ML Hub/AIDC to their distribution claim, other than an isolated, already-produced reference to torrenting. *See* Mot. at 2. Finally, Plaintiffs appear to seek production of all Anna's Archive datasets (which were used to train Llama 4, not earlier models), *see* Mot. at 3, 5, relief previously denied by both Judge Hixson and this Court. *See* Dkt. 366 at 7; Dkt. 410. In any event, Meta already produced file listings for the datasets that show what was downloaded; there is no basis for the extreme burden of producing the datasets.

- **Searches of Mr. Lample's Files and Servers.** Plaintiffs should have brought this request by the July 31 deadline, as Mr. Lample's 2022 downloading was known to Plaintiffs long ago before the close of discovery. Mr. Lample left Meta before this case was filed and has not responded to Meta's outreach, so Meta relied upon its records and data backups to respond to discovery. The log files from the download that Meta identified were produced to Plaintiffs pursuant to the Court's baseball arbitration order and Plaintiffs took a 30(b)(6) deposition on April 2, 2025 where samples of these log files were introduced as an exhibit (and Meta provided a corrected production when Plaintiffs raised it on April 29, 2025).

  Plaintiffs' additional belated demands (which should have been made with the July 31 "remaining" discovery issues) should be rejected. First, Plaintiffs seek to add Mr. Lample as a document custodian with 19 new broad search terms, but this request is untimely and in excess of the baseball arbitration order, in which they chose four others as custodians for a single search term, *see* Dkt. 468 at 2, even though Plaintiffs had previously sought to add him as a custodian, *see* Dkt. 267 at 3 n.2. Moreover, Meta already ***voluntarily*** produced Mr. Lample's emails and Workchats using Plaintiffs' baseball arbitration search term. Second, Plaintiffs seek a search of Mr. Lample's computer for certain file extensions; again, this request comes far too late after the July deadline and should be rejected. Third, the request for a search of three directories should be rejected because, among other things, Meta already provided the information it has from one (H2/Penguin) and already searched for but did not locate the directories for the others (Azure/AWS).

- **H2, Microsoft Azure and AWS Billing Data.** For H2 (the system apparently used by Mr. Lample to torrent in 2022), Meta already produced the logs it identified and presented a 30(b)(6) witness on them; Meta has not located H2 data like the AWS cost and usage data. For Azure, Plaintiffs have identified no evidence that Mr. Lample torrented books data with that platform beyond a passing mention of Azure in Mr. Lample's notes produced long before the July 31 deadline; in any event, Meta decommissioned Azure in 2023 and has not identified Azure logs related to torrenting. For AWS, again Plaintiffs have identified no evidence that Mr. Lample used AWS to torrent books data, and Meta already produced the cost and usage data logs for the AWS instance that Meta has connected with Mr. Lample. While not only untimely, Plaintiffs' requests for data for ***all AWS EC2 instances*** used across ***all of Meta*** would be incredibly burdensome and overbroad, involving potentially millions of instances and billions of records unconnected to torrenting because Meta uses AWS for a broad range of computing needs, including content moderation and delivery across its social networking platforms.

  **Conclusion.** Plaintiffs' Motion should be denied. The agreed-upon Rule 30(b)(1) deposition of Ms. Wang should proceed for no more than four hours, limited to her torrenting downloads in 2024. If the Court is inclined to allow any more discovery, Meta respectfully requests further briefing before this Court or Judge Hixson so that a complete record can be developed on proportionality, burden, and relevance.

Dated: November 3, 2025

COOLEY LLP

By: */s/ Kathleen Hartnett*
    Kathleen Hartnett
COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:    (310) 883-6400

COOLEY LLP
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone:    (650) 843-5000

COOLEY LLP
PHILLIP MORTON *(pro hac vice)*
(pmorton@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

DUNN ISAACSON RHEE LLP
KAREN L. DUNN *(pro hac vice)*
(kdunn@dirllp.com)
KYLE N. SMITH *(pro hac vice)*
(ksmith@dirllp.com)
401 9th Street, NW
Washington, DC 20004
Telephone:    (202) 240-2900

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
KANNON K. SHANMUGAM *(pro hac vice)*
(kshanmugam@paulweiss.com)
2001 K Street, NW
Washington, DC 20006
Telephone:    (202) 223-7300

**META OPP. TO PLTFS' MFL TO OBTAIN
ADDITIONAL DISCOVERY
3:23-CV-03417-VC**