COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:    (310) 883-6400

KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
(kdunn@dirllp.com)
KYLE N. SMITH (*pro hac vice*)
(ksmith@dirllp.com)
401 9th Street, NW
Washington, DC 20004
Telephone:    (202) 240-2900

*[Full Listing on Signature Page]*

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                      Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF MICHELLE WOODHOUSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: ADMINISTRATIVE MOTION REQUESTING LEAVE TO OBTAIN LIMITED ADDITIONAL DISCOVERY [DKT. 636]** |

I, Michelle Woodhouse, hereby declare:

1.      I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta").  I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts.  If called to testify as a witness, I could and would testify competently thereto.

2.      Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 636) ("Motion").

3.      For the reasons detailed herein, Meta seeks leave to file under seal portions of certain documents filed by Plaintiffs in support of Plaintiffs' Motion.

| Document | Sealing Request |
|---|---|
| Woodhouse Exhibit 1 – Declaration of David R. Choffnes | Redacted portions |
| Woodhouse Exhibit 2 – Exhibit C to Pritt Declaration | Redacted portions |
| Woodhouse Exhibit 3 – Exhibit D to Pritt Declaration | Redacted portions |
| Woodhouse Exhibit 4 – Exhibit Q to Pritt Declaration | Redacted portions |

4.      Meta seeks the Court's permission to file under seal discrete portions of the following exhibits, as further explained below.

5.      **Meta Employee PII**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits 2** and **3**, that reflect employees' personal identifiable information (PII), namely, the email addresses for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect employee privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta has previously requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1 ¶ 5; Dkt. 409-1 ¶¶ 3, 7–8, 10), which this Court has granted, (*e.g.*, Dkt. 393; Dkt. 414).

6.      **Meta's Cybersecurity Information**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits 1-4** that reflect hyperlinks, file paths,

and certain file names (*e.g.*, links to access Meta's internally stored documents and data), which point to Meta's confidential and proprietary information and sensitive features of its internal systems. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cybersecurity threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Accordingly, hyperlinks, file paths, and file names have been sufficiently redacted to mitigate these risks. Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1 ¶ 9), which this Court has granted, (*e.g.*, Dkt. 393).

7.     **Meta's Trade Secret Technical Information**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits 3 and 4** that reflect Meta's highly sensitive, confidential, technical, and trade secret information. For example, **Exhibit 3** contains nonpublic and proprietary large language model training data information, including a list of datasets used internally at Meta for purposes including training, which are not at issue in this litigation.  **Exhibit 4** includes discussion of specific source code files, quotations of source code, and discussion of how the source code performs certain actions.  Public disclosure of this information would expose Meta to competitive harm by enabling competitors to utilize Meta's proprietary techniques and results of extensive development efforts in its own products. Accordingly, maintaining the confidentiality of this information is critical to Meta's business and Meta treats this information as highly confidential, trade secret. Meta has previously requested to seal documents based on similar nonpublic business strategies, technical information, and trade secret information pertaining to its generative AI offerings, (*e.g.*, Dkt. 266-1 ¶ 6), which this Court has granted, (*e.g.*, Dkt. 317 (granting Dkt. 266)).

***

1

2      I declare under penalty of perjury under the laws of the United States of America that the

3   foregoing is true and correct.

4      Executed in _San Jose_, California on this 5th day of November 2025.

5

6

7                                    Michelle Woodhouse

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28