Case 3:23-cv-03417-VC   Document 654-23   Filed 11/20/25   Page 1 of 5

3/6/2025                    Richard Kadrey, et al. v. Meta Platforms, Inc.   Barbara Frederiksen-Cross
                                    Highly Confidential - Attorneys' Eyes Only

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

_____
RICHARD KADREY, et al.,         )
                                )
        Individual and          )
        Representative          )
        Plaintiffs,             )
                                )
v.                              )   Case No. 3:23-cv-03417-VC
                                )
META PLATFORMS, INC.,           )
                                )
        Defendant.              )
_____)

\*\* HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY \*\*
Videotaped Deposition of BARBARA FREDERIKSEN-CROSS
Palo Alto, California
Thursday, March 6, 2025

Reported Stenographically by
Michael P. Hensley, RDR, CSR No. 14114

_____
DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

Case 3:23-cv-03417-VC   Document 654-23   Filed 11/20/25   Page 2 of 5

3/6/2025                Richard Kadrey, et al. v. Meta Platforms, Inc. Barbara Frederiksen-Cross
                        Highly Confidential - Attorneys' Eyes Only

Page 215

1   ATTORNEY POUEYMIROU:  These are really
2   great speaking objections, Phil.
3   ATTORNEY MORTON:  Well, your question has
4   an untruth in it.
5   ATTORNEY POUEYMIROU:  What's the untruth?
6   ATTORNEY MORTON:  That -- your suggestion
7   that Mr. Bashlykov thought that there had been a
8   torrenting of --
9   ATTORNEY POUEYMIROU:  Did you read her
10  notes?  It says it there.
11  ATTORNEY MORTON:  No, it doesn't.  She
12  testified exactly what --
13  THE WITNESS:  My notes say exactly --
14  ATTORNEY POUEYMIROU:  He said he thought
15  it was possible.
16  ATTORNEY MORTON:  Stop trying to create a
17  false record here, okay?
18  Ask your question in a way that doesn't
19  have untrue information in it.
20  ATTORNEY POUEYMIROU:  Let's look at
21  another document.
22  BY ATTORNEY POUEYMIROU:
23      Q.   What did Mr. Bashlykov say to you that you
24  put in your notes?
25  ATTORNEY MORTON:  Objection.  Asked and

Case 3:23-cv-03417-VC   Document 654-23   Filed 11/20/25   Page 3 of 5

3/6/2025          Richard Kadrey, et al. v. Meta Platforms, Inc. Barbara Frederiksen-Cross
                          Highly Confidential - Attorneys' Eyes Only

Page 216

1  answered.
2          Go ahead.
3          THE WITNESS: Another employee -- I
4  believe his name was Guillaume -- but I wasn't sure
5  I had spelled that right or caught it right -- might
6  have used BitTorrent. He wasn't sure.
7          Nikolay was not sure whether this
8  individual had used BitTorrent, and the individual
9  was no longer an employee, and there was no record
10 of him having used it that I have seen; so that was
11 a kind of a dead end.
12 BY ATTORNEY POUEYMIROU:
13     Q.   Okay. And all I was asking, in light of
14 that statement he had made to you, is confirming
15 that you did not see a .torrent file or the presence
16 of any download file from a pre-2023 torrent of
17 Libgen?
18          ATTORNEY MORTON: Object to form. Outside
19 the scope.
20          THE WITNESS: When I asked specifically
21 what he was -- what Nikolay was involved in, he said
22 cimag was the only thing he was involved in. I
23 asked if anybody else was doing BitTorrenting at the
24 same time. He mentioned this guy may possibly have
25 been using it. Nothing -- I have seen nothing to

Case 3:23-cv-03417-VC   Document 654-23   Filed 11/20/25   Page 4 of 5

3/6/2025    Richard Kadrey, et al. v. Meta Platforms, Inc. Barbara Frederiksen-Cross
Highly Confidential - Attorneys' Eyes Only

Page 217

1  suggest that there were other BitTorrent downloads
2  or even to confirm that they had existed.
3         So, no, I haven't seen torrent files for
4  other BitTorrent downloads.  I haven't seen
5  resultant files that I could look at and say this is
6  a BitTorrent download because without --
7         Without some other corroborative
8  information, if you're just looking at a file that's
9  a epub or a MP3 or a movie or whatever on your disk,
10 you don't know how it got there, necessarily, unless
11 you can tie it to something like a BitTorrent
12 .torrent file or something.
13 BY ATTORNEY POUEYMIROU:
14    Q.   Did you see the .torrent file for the 2024
15 torrenting that you reviewed in this case?
16    A.   We downloaded the .torrent files from
17 Anna's Archive for the various files that we were
18 able to find responsive to searches for things like
19 the author name and the title name, et cetera.  And
20 so we downloaded those torrent files from Anna's
21 because that's our understanding of where they
22 had -- would've come from.
23    Q.   Well, --
24    A.   And in terms of the download files, we did
25 see -- I mean, I didn't actually analyze each

Case 3:23-cv-03417-VC   Document 654-23   Filed 11/20/25   Page 5 of 5

3/6/2025          Richard Kadrey, et al. v. Meta Platforms, Inc.  Barbara Frederiksen-Cross
                          Highly Confidential - Attorneys' Eyes Only

Page 279

1              CERTIFICATE OF SHORTHAND REPORTER

2

3       I, Michael P. Hensley, Registered Diplomate

4    Reporter for the State of California, CSR No. 14114,

5    the officer before whom the foregoing deposition was

6    taken, do hereby certify that the foregoing

7    transcript is a true and correct record of the

8    testimony given; that said testimony was taken by me

9    stenographically and thereafter reduced to

10   typewriting under my direction; that reading and

11   signing was not requested; and that I am neither

12   counsel for, related to, nor employed by any of the

13   parties to this case and have no interest, financial

14   or otherwise, in its outcome.

15

16

17

18                 *[signature]*

19                 Michael P. Hensley, CSR, RDR

20

21

22

23

24

25