# EXHIBIT S

| | |
|---|---|
| **From:** | Maxwell Pritt |
| **Sent:** | Tuesday, October 28, 2025 11:23 AM |
| **To:** | Morton, Phillip; Stameshkin, Liz |
| **Cc:** | Llama C-Counsel; z/Meta-Kadrey; Angela L. Dunning; Karen Dunn; Kyle Smith; Joshua Stein |
| **Subject:** | RE: Meta/Kadrey – document production |

Good morning, Phil.  I will send an invite for 2:30pm today.  As we've said, however, this administrative motion is about the discovery Plaintiffs have requested but Meta either has refused in full or in part, not an extension.  That said, given the further revelations below, an extension also seems necessary even apart from the pending issues.

Best,
Max

---

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Monday, October 27, 2025 8:58 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey – document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel-

Thanks for letting us know when you intend to file the admin motion.

As part of our continuing efforts to provide updates on our investigation, we have an update about the status of our investigation regarding torrent downloads by Ms. Wang on the fairspark cluster. Meta has now conducted the follow-up referenced in our October 17, 2025 correspondence, and has identified additional responsive information.  You will recall that on September 12, 2025, Meta produced AWS cost and usage information for the fairspark cluster during the period of Ms. Wang's torrent download activity (the data spanned 3/1/24 to 11/1/24).  That AWS cost and usage information showed an uptick in network activity for the fairspark cluster in late May 2024.  Although Plaintiffs had not previously raised questions about those data upticks, Meta nevertheless continued to investigate them to determine whether this late May 2024 uptick reflected additional torrent downloads, as opposed to fairspark cluster network activity unrelated to torrenting.  Meta had previously been unable to determine the cause of this uptick, as the network activity did not correlate with the previously-identified Anna's Archive files downloaded via the fairspark cluster.

We have now ascertained that the uptick in late May 2024 is attributable to a torrent download of files from the "Scitech" portion of Libgen, executed by Ms. Wang from around May 29, 2024 until approximately June 2, 2024. As you may recall, a Workchat previously produced on March 21, 2025 from Ms. Wang's custodial file at META_KADREY_00237719, dated May 29, 2024, references a "downloading job." Meta now believes that the "downloading job" referenced in that chat refers to the uptick in data activity from around May 29, 2024 until approximately June 2, 2024, rather than to other downloads from Anna's Archive from other periods of time for which Ms. Wang was responsible.

As a result of this newly discovered information, Meta anticipates producing additional documents as promptly as possible. Specifically, Meta intends to produce a list of the Libgen Scitech files that were downloaded as part of this late May 2024 download, as well as "parquet" files that appear to have been generated from this download.

We understand Plaintiffs had intended to seek an extension of the schedule. Although Meta does not believe information provided prior to today would have warranted an extension of the schedule, based on this newly-discovered and produced information, Meta is willing to agree to a reasonable extension to Plaintiffs' expert reports and subsequent deadlines to allow additional time for Plaintiffs to consider this material prior to serving its opening expert report. We also remain willing to make Ms. Wang available for a limited deposition as we have previously communicated. We are available to meet and confer to discuss an appropriate extension to the schedule.

We also have additional updates to provide on other outstanding questions:

**TAR Files**: We understand that you are now asking for us to produce the tar files themselves, rather than just the file lists showing the contents of those tar files. Our offer to produce the file lists should be sufficient, as they will identify the contents of these tar files, which will enable Plaintiffs to determine each title within each downloaded tar file. We do not understand the utility behind producing the underlying tar files themselves; as we've explained, they are enormous files (collectively exceeding 70TB), which will be unduly burdensome to produce while yielding no relevant information beyond the information in the file lists. If Plaintiffs insist that Meta produce in excess of the 70+ TB of data notwithstanding the production of the list of files that comprise that data, let us know when you are able to meet and confer.

**EMR Logs**: Meta is not refusing to produce the EMR Logs. On the contrary, Meta is endeavoring to collect these logs, and it is taking substantial time and effort to complete that process. We hope to have an update to you on the scope and timing of the production of responsive EMR logs by later this week. There is no impasse on this issue, and Meta will keep Plaintiffs apprised of the status and anticipated timing of collection and production. Meta is available to meet and confer if you have further questions about this issue.

**Previously Agreed to Document Production:** Meta will be producing the unusual activity alert files, the df_fiction_meta.pickle file, and the Roller filelist this week.

\*\*\*

As discussed above, Meta is available to meet and confer on these issues and the question of a further schedule extension to allow time for Plaintiffs to consider the newly-discovered information provided above as to the download of Libgen-Scitech by Ms. Wang starting in late May 2024, and to continue discussing the specific additional discovery Plaintiffs are seeking. We are available tomorrow from 11a-12p PT or 1:30-4p PT. We believe these discussions should occur before any motion practice is initiated.

Regards,
Phil

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Monday, October 27, 2025 5:31 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** RE: Meta/Kadrey - document production

Hi Phil,

Plaintiffs intend to file their admin motion tomorrow, so if Meta has responses or updates on any of the several issues below, please let us know.

Thank you.

Best,

Max

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Friday, October 24, 2025 12:28 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** RE: Meta/Kadrey - document production

Thank you, Phil.  But is Meta producing the entirety of the Tar files and EMR logs as requested?

And will Meta agree to investigate whether Mr. Benedetti downloaded other files from Anna's Archive while at Meta and produce all such downloaded files, along with identifying the IPs as requested?

Best,

Max

---

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Friday, October 24, 2025 11:50 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Hi Max -

In the spirit of continuing to provide rolling updates, we have the following additional information to report:

**Strike3**:  While we continue to disagree there is any basis for continuing to pursue the Strike3 issue given its lack of relevance, the name of the individual in question is Arrigo Benedetti, who was a contingent worker (contractor) that left Meta in June 2025.

**Tar Files**:  We have resolved the technical issues with creating the file lists and will be able to produce the file lists shortly.  Thus, this issue is not at an impasse.

We will continue to provide further updates as we have additional information to share.

Regards,

Phil

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, October 23, 2025 10:14 AM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

Thank you, Phil.  Responses in red font below and note I flipped your "Tar Files / EMR Logs" section from the last to the first.

Best,

Max

---

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Wednesday, October 22, 2025 6:09 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Max-

Thanks for your response.  Plaintiffs propose a number of new requests in the email below that we are assessing.  While we work through your new proposals and other commentary and anticipate responding further, in the meantime we wanted to provide a number of updates on several matters that you addressed in your email.

**Tar Files / EMR Logs** - Obtaining the listing of files inside the requested TAR files has been technically challenging in light of the exceedingly large size of those files (which collectively include more than 80 TB of data).  With respect to the EMR logs, your request as stated in your October 14 email was: "Whether the command line files and Yarn logs in those computers and the AWS EC2 instances at issue here were overwritten."  We are continuing to assess that question, and believe we have located logs about which you are inquiring. You explained, during our October 17 meet and confer, that Plaintiffs are also seeking production of any responsive information that is located, rather than just seeking confirmation whether the files were overwritten.  We are working on determining if there is responsive information within the files we have located.  We are getting close to bottoming out on what we will be able to do on this, and the parties are not at an impasse on this issue at this juncture.

Plaintiffs:  We do not understand this response.  Please produce the EMR logs and TAR files immediately. There is no justifiable reason to produce less at this stage, and even if only a listing of the TAR files was appropriate (it's not), it is trivial for Meta to fire up EC2 instances with large disks (just like Meta did for torrenting), transfer the tar file to the EC2 instance, and run the tar command to get the listing.

**10/9 Email** - We discussed this email with your colleagues during the 10/10 meet and confer, particularly regarding the depositions requested in that email, which they conveyed Plaintiffs would not be seeking.  With respect to the document referenced by Mr. McAneny, that document was logged on Meta's privilege log in the prior fact discovery period that closed in December 2024.  Regarding the IP Policy documents you requested, please explain your basis for asserting that is relevant to the torrenting issues that remain in the case.

Plaintiffs: We do not agree with your stated recollection—Plaintiffs still have received no response from Meta about where the content from the updates/entries in the Anna's Archive AIDC originated or was derived from, and when in fact the content or communications underlying those updates/entries were first made, or why Meta had not produced documents or communications about "the prior decision w.r.t. the content from Anna's Archive."  As we posited in another email, it may be because Meta failed to search using the term it actually used for Anna's Archive: anna! arxiv.  Given the relevance of Anna's Archive to Meta's uploading-related activity, we request that Meta use that term now.  The former questions apply equally to the updates/entries in the recent Libgen and Libgen – Anna's Archive AIDC

6

production.  We also did not agree to forgo the requested depositions in my 10/9 email absent answers to these questions from Meta, which again we are still awaiting.  Please let us know when we can expect to receive answers.  As for IP Policy documents, Plaintiffs of course don't know their content; if relevant to the issues in the case then it should have been produced and should be produced now.

**10/16 and 10/17 Emails** - We are still assessing these new requests and will respond separately.

**AIDC** - While we disagree that this discovery is appropriate at this time and disagree that we are obligated to run your requested search terms on non-custodial data sources like AIDC, we are assessing the revised search proposal you made, including the specific search terms that you first provided last night and whether such a search could be conducted in the manner you requested.   Your email last night also added requests for the following information:

> AIDC Access Control Lists and CSV exports for the datasets above, along with associated webpages and hyperlinks for those AIDCs, and records sufficient to show policies/procedures/definitions for "Access Control" and "Usages" in AIDC.  And Meta would agree to produce any records regarding mirroring or copying these datasets, including "for archival or LLM training purposes."

Can you please explain what relevance these materials have to the torrenting issues that remain in the case?

Plaintiffs:  We disagree with the assertions in the first sentence after "ADIC"—Plaintiffs are not adding any new requests (as the ML Hub and AIDC is a highly relevant non-custodial source that should have been searched long ago), but rather continuing to try to informally resolve Meta's refusal to search the ML Hub and AIDC by proposing narrow and specific searches.  The relevance of requests for all associated content within the AIDC datasets at issue should be self-explanatory.  Access lists are relevant to Meta's continued privilege assertions of content in those datasets and, along with the usages and mirroring/copying, also to any fair use defense Meta may try to raise.  But we also disagree that the touchstone for relevance is limited to Meta's uploading-related conduct or that only those issues "remain in the case"—there is no final judgment on any issues in this case and the Court has repeatedly explained he expected and expects a complete record on all of the issues raised in this case.  Plaintiffs intend to explain in their administrative motion that the Court has been deprived of such a record so long as Meta continues to refuse to provide the limited discovery we seek at this time.

Regards,
Phil

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Tuesday, October 21, 2025 7:39 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** RE: Meta/Kadrey - document production

Thank you, Phil.

We appreciate Meta's efforts in attempting to resolve the parties' outstanding disputes and we respond to the issues in your email in red font below.  Please let me know when we will received your responses to the issues raised in my emails from 10/9 (attached) and 10/16 & 10/17 (below).  Please also let us know when Meta will produce the information and documents/data that is promised in your email.

Plaintiffs do not agree with several statements in your email below—for example, Plaintiffs did not move "to add claims of distribution," but have always had a cause of action for direct copyright infringement that includes all rights infringed by Meta.  Judge Chhabria also only directed the parties to raise in the 7/31 letter brief to Judge Hixson the two issues he deferred ruling during MSJ briefing, and those were the only outstanding discovery dispute at the time.  Because Meta continues to argue timeliness to restrict Plaintiffs efforts to obtain certain discovery to make a complete record, we intend to file an administrative motion for leave to take limited discovery into those issues.  We identify in our responses below those issues on which we will move, in addition to the issues raised in the emails to which Meta has not yet responded.  To the extent the parties can resolve any or all of these issues, however, Plaintiffs will withdraw and/or revise their motion accordingly.

Best,

Max

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Friday, October 17, 2025 7:43 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Counsel-

We respond below to the discovery requests you have raised. As you know, discovery in this matter closed on December 13, 2024.  As you also know, when moving to amend the complaint to add claims of distribution, Plaintiffs repeatedly represented to the Court that they had all the discovery they needed and "[i]f the claims are added, Plaintiffs will not seek to initiate any additional discovery." (Dkt 300 at 6-7; *see also* Dkt 346 at 6 ("Plaintiffs have already sought discovery on these issues and Meta has provided it....").  While Plaintiffs were ultimately allowed additional, targeted discovery, it was limited to a single RFP, a discrete email and Workchat search term and a deposition, all of which Meta has complied with.  To the extent there were any disputes around the additional discovery, per the Parties' stipulation, they were required to be raised in the July 31, 2025 letter brief regarding the "outstanding" discovery issues.  On that date, Plaintiffs raised only two issues, the production of additional AWS logs, which the Court denied, and that the search term be run on additional document custodians, which the Court granted, and with which Meta has complied.

We are now 10 months past the close of discovery and more than two months after the deadline for Plaintiffs' letter brief on the "outstanding" discovery issues, yet Plaintiffs' have continued to raise issues that could have and should have been raised long ago.  Plaintiffs' requests have a common theme of being neither relevant nor timely.  Nevertheless, Defendants have met and conferred in good faith and attempted to resolve these issues and have provided additional information despite the blown deadlines and relevance issues (as well as proportionality/burden issues). Yet, Plaintiffs' requests continue to multiply despite Defendants' good faith efforts.

We address the remaining open issues in turn.

**Parquet Files**

To date, Meta has conducted a reasonable search and produced more than 800 parquet files.  Notably, of the 800 parquet files Meta has produced, Plaintiffs allege that parquet files for only 14 torrents are missing.   Moreover, information relating to when these files were created on the fairspark-data S3 bucket is noted in the filelists we provided at Meta_Kadrey_002372389-237291.  As is clear from the files, the information they contain is limited, is cumulative of other information produced, and is not relevant.  Notwithstanding the foregoing, there are in fact parquet files associated with the 14 torrent downloads identified in your email, although they may not show complete downloads.  To the extent Meta discovers any additional parquet files, it will produce them.

Plaintiffs: Thank you. We await production of any additional parquet files Meta discovers and have no follow-up at this time.

**Billing Records for Penguin Solutions**

Plaintiffs took the 30(b)(6) of Mr. Christopher King on April 2, 2025, during which he testified that "H2 cluster is a reference to a GPU cluster located in Salt Lake City built and operated by Penguin Computing."  Yet, Plaintiffs waited five months, and one month past the deadline to raise outstanding discovery issues, to try to seek any related billing records or additional bandwidth logs. To the extent Plaintiffs believed these records were responsive, they should have sought to compel them by the July 31, 2025 deadline.  Moreover, the H2 cluster was related to 2022 downloads, where Meta has already produced tens of thousands of log files that include information associated with bandwidth (download / upload rates).  Thus, even if timely, which it is not, Meta has already satisfied its obligation to produce "documents sufficient to show."

Plaintiffs: Contrary to your assertion, Meta's production does not provide documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases, as Meta has not produced torrenting-related records for the 70 TB that Mr. Lample torrented via H2/Penguin, nor confirmed that they no longer exist (and why).  Meta's attempt to excuse its obligation to produce such records ignores that RFP 137 specifically requests "the filename, size, file creation time, and file last modified date of the Data," not just of *some* of the Data, as well as all configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets.  Further, Plaintiffs also did not "wait" to raise this discovery.  Since November 2024, Plaintiffs have sought to obtain relevant discovery concerning the full extent of Mr. Lample's torrenting.  Initially, Plaintiffs were told that no such documents existed.  Indeed, Meta's corporate designee testified in March 2025 that Meta had "not been able to track down any evidence of what had been downloaded or been able to find . . . any more details" regarding Mr. Lample's torrenting from LibGen.  (March 3

Torrenting Dep. at 22–25.) Yet, Meta has since discovered datasets, logs, source code, and billing records that belie these statements. Any purported "untimeliness" is thus not of Plaintiffs' making. We will include this issue in our motion, but we encourage Meta to reconsider so that the parties can resolve this issue.

**Books0 Filepath**

As mentioned in our previous correspondence, the files in the Books0 folder contained processed data files, and not files downloaded from the Internet. In any event, notwithstanding the lack of relevance (or cumulative, at best) nature of the requested list, Meta produced the file list on October 14, 2025. We understand this issue to be resolved.

Plaintiffs: Thank you. We have no follow-up at this time.

**AIDC Related Files**

Plaintiffs have known about AIDC prior to the December 13, 2024 close of discovery. *See e.g.,* November 13, 2024 Deposition of Michael Clark at 195:5-6 ("At that point, the dataset review process went from the tracker into a tool called AIDC."). Thus, any disputes regarding collection of materials from AIDC should have been raised by December 20, 2024; Plaintiffs failed to raise this issue and it is thus waived. Additionally, Dkt. 470/616 required Meta to run a search term on emails and Workchats of specific custodians; it did not require Meta to run those searches on non-custodial sources. Notwithstanding the waiver and the request clearly falling outside of Dkt. 470/616, upon request from the Plaintiffs and as an attempt to resolve outstanding issues, Defendants agreed to and did produce the AIDC entries for LibGen and Anna's Archive.

Meta understands from our call today that Plaintiffs have a proposed compromise with respect to use of specific search terms relating to torrent activity. Meta awaits Plaintiffs' specific proposal on this issue.

Meta is also in receipt of Plaintiff's October 16 email identifying yet more questions about the AIDC documents recently produced and will respond separately.

Plaintiffs:  Meta appears to believe Plaintiffs should have discovered from the above statement by Mr. Clark that the AIDC was a non-custodial source that Meta failed to disclose or search even though it contains highly relevant and responsive information.  Plaintiffs disagree.  Similarly, as of Dkt. 470/616, Plaintiffs had no idea that Meta had never searched ML Hub or AIDC so there was no reason to believe there was any reason to perform further searches of non-custodial sources of highly relevant information like the ML Hub and AIDC.  We encourage Meta to reconsider its refusals to search the ML Hub and AIDC rather than making these arguments to Judge Chhabria.  To that end, as discussed previously, Plaintiffs do not seek at this time for Meta to run all of the search terms in this case through the ML Hub and AIDC.  Rather, Plaintiffs ask that Meta run search terms directed at the content of shadow libraries at issue in this case:

- anna! w/1 ar!
- libgen OR lib-gen! OR (lib! w/1 gen!)
- book! OR b0 OR b3! OR audiobook!
- z-lib! OR zlib! OR "z lib!" OR b-ok
- duxiu
- internet w/1 ar!
- (IA OR AA) /s lending
- pilimi OR "pirate lib!"
- bibliotik
- "the pile"
- "the eye" OR "the-eye"

- copyright!
- torrent! OR torent! OR !torrent OR !torent
- upload!
- seed!
- pirat!
- "notorious market!"
- "IP infring!"

Meta would also agree to produce the AIDC Access Control Lists and CSV exports for the datasets above, along with associated webpages and hyperlinks for those AIDCs, and records sufficient to show policies/procedures/definitions for "Access Control" and "Usages" in AIDC.  And Meta would agree to produce any records regarding mirroring or copying these datasets, including "for archival or LLM training purposes.

Please let us know if Meta will agree to this compromise.  Plaintiffs reserve their right to seek further discovery into ML Hub/AIDC in class discovery.

**Stephen Roller Filepath**

While Meta disputes the timeliness of this request, as well as the relevance (given the lack of connection to Plaintiffs' works), Meta will produce a list of the files located at the path /private/home/roller/libgen.

Plaintiffs:  Thank you.  We await production and have no follow-up at this time.

## Lample, Roller, and Wang Devices

Despite Plaintiffs' assurances that they had all the discovery they needed, Plaintiffs are at the eleventh hour demanding that Meta undertake the burdensome review of the devices and/or backups of three employees, including two who left Meta before this lawsuit was even filed.  This request is neither timely, nor proportional to the needs of the case.  RFP 137 required Meta to produce "Documents sufficient to show", which Meta did.  With respect to Mr. Lample, Meta produced tens of thousands of log files regarding the torrent files he downloaded.  Exhibit 1 to Mr. King's deposition included two examples of these log files.  Had Plaintiffs believed these documents were not sufficient, or incomplete, these disputes should have been raised in the July 31, 2025 letter brief regarding outstanding discovery issues; which it was not.

With respect to Mr. Roller, he testified that he downloaded a very small portion of LibGen.  Meta has conducted a reasonable search and will be providing a file list of the files that Mr. Roller downloaded. The amount of data in this filelist is consistent with his testimony and those files did not include Plaintiffs' books.  Thus any additional discovery into Mr. Roller is untimely and not proportional.

However, in view of our call today, we do welcome Plaintiffs' offer to provide us with the specific types of files your expert would be looking for to better assess the scope of your request with respect to all three employees. We will consider such requests.

With respect to Ms. Wang's computer, Meta collected documents from Ms. Wang in response to RFP 137 including her lab notebook, EC2 configuration information, and lists of downloaded files, and produced those documents in March  Additionally, Meta ran the ordered search term on Ms. Wang's email and Workchat and produced any responsive documents.  Meta subsequently produced additional source code files and parquet files, which have been made available to Plaintiffs.  While Meta has undertaken a reasonable search, we will confirm with Ms. Wang that no additional responsive documents exist.  Plaintiffs have no basis to demand that Meta further search Ms. Wang's computer.  *See* Dkt. 100 ("The Parties agree that each Producing Party is best situated to determine the most appropriate method

or methods for that Producing Party to search, collect, cull, and produce documents responsive to discovery.").

Plaintiffs:  We appreciate the information regarding Ms. Wang's device and have no follow-up at this time. Regarding Mr. Roller's device, we await your production of the file list of files Mr. Roller downloaded from Libgen, but please confirm Meta will also produce records sufficient to show the method of Mr. Roller's downloading.

Regarding Mr. Lample's device, as explained elsewhere, Meta has not produced documents sufficient to show Mr. Lample's torrenting.  There is also minimal burden to searching his device; we have confirmed with our experts that searching for relevant files (like any files names ending with 0_log.err, 0_log.out, 0_result.pkl, or _submitted.pkl) would take tens of minutes to at most a few hours if there are a lot of files and reading the disk is slow.  Please let us know if Meta will agree to search Mr. Lample's device so we do not have to litigate this issue.

**Command Line and Yarn Logs, Tar File Request**

We are continuing to work on each of these requests, which are technically complicated and involve substantial burden.  We will provide an update when we have additional information to share.

Plaintiffs: Thank you. This request has been outstanding for weeks now so we will include it in our motion. A tar file request is not burdensome—it's the result of running a single clearly specified command on a few files and producing the output, which should take a few minutes. The Yarn files also should be straightforward to locate by the application ID, which to our knowledge is located in URLs found in Meta_Kadrey_00237186 at -279. The command history files should be straightforward copies of files (e.g., ~/.bash_history, ~/.zsh_history, etc. for each user, where "~" is the home directory for each user). Meta_Kadrey_00238305 at -311 provides clear locations to search for these files for Mr. Lample and Ms. Wang, and searching for and copying such small files should pose no real burden.  If Meta produces the requested data then we won't include this issue in our motion.

**Additional Parquet Files and Summary of Files**

We provided a response as to the additional parquet files in our October 3 email.  With respect to the summary, we should be able to provide that next week.

Plaintiffs: Thank you. We await the summary and have no follow-up at this time.

**Torrented File Production**

We believe this issue was addressed in our previous email, but for completeness, Meta does not agree to produce the actual works downloaded by Ms. Wang. As previously discussed, such a production would be unduly burdensome in light of the sizes of the files, and the list of files Meta has produced is sufficient to show what was downloaded. We understand that Plaintiffs have stated that they reserved their rights. Without agreeing that any reservation is proper, we consider this issue closed.

Plaintiffs: Thank you. Plaintiffs have no follow-up at this time.

**Lample Logs and Related Requests**

Meta has produced tens of thousands of log files showing the data that Mr. Lample downloaded, which clearly satisfies its obligation under RFP 137 to produce documents "sufficient to show." To the extent Plaintiffs disagreed, they should have raised this in the July 31, 2025 letter briefing; which they failed to do. With respect to the request for billing records or log files from Penguin, as discussed above, this request is not timely and Meta will not provide any additional files, particularly in view of the extensive files it has already produced regarding Mr. Lample's download. With respect to AWS, despite repeatedly telling you that there was no evidence that Mr. Lample used AWS, we have nonetheless provided you with the cost and usage records for the theoremproving AWS account referenced in Mr. Lample's Workchat, and explained that those records are not consistent with Mr. Lample having used that AWS account for the torrent download. And with respect to Plaintiffs' questions regarding Azure and AWS locations in Mr. Lample's README.md file, we have provided the status of our investigation above, but disagree that these requests are timely.

Plaintiffs: See above; again, "sufficient to show" requires producing records showing the extent of Mr. Lample's downloading, not just some of it. Of the more than 70 TB of data Mr. Lample torrented, Meta has produced logs covering just 3.9 TB. And with respect to those logs, there are 238 torrents where the logs indicate a complete torrent download but do not show progress, meaning the torrent was downloaded in a previous torrenting session for which Meta has not produced logs. Without these logs, Plaintiffs must rely on other records about how much data was uploaded and downloaded each day from the servers that were used. To that end, Lample's code shows he used Meta's H2 cluster, AWS, and Azure for downloading. While Meta produced AWS usage logs for a subset of virtual servers in 2022 that indicated torrenting was not occurring during the period the logs cover, it remains unclear if Mr. Lample used different AWS virtual services. Meta also has not produced usage logs from Azure. Lample's code also makes references to several server directory locations where torrented books are stored, including

H2 directories "/large_experiments/fair_llm/data_v2/datasets/books/data" and
""/large_experiments/theorem/guismay/dumped/fab_exp_test1/57631692/data"; AWS directory
""/fsx/guismay/dumped/b0/data"; and Azure directory
""/shared/home/guismay/workdir/xlf_run4_32_compare_FA_v1_debug1/2022_10_04_15_28_59/B0/data
."  Plaintiffs will raise these issues in our motion but are hopeful that Meta will reconsider and produce a
listing of the files in the aforementioned directories (and subdirectories), along with the file
creation/modification dates, along with the requested Penguin records and Azure usage logs.  Please let
us know if Meta will reconsider.

**Fair Use Interrogatory Supplementation**

To the extent it deems it necessary, Meta will provide a supplemental response to any interrogatory
pursuant to Rule 26.  This is consistent with both parties' actions throughout this case, including
supplementing contention interrogatories at the close of (and in the case of Plaintiffs, after) discovery -
which neither party contended constituted "reopening" discovery.  To the extent Meta does supplement
any interrogatory response, and Plaintiffs have an issue with such supplementation, the parties should
address such issues at that time.

Plaintiffs: If Meta intends to supplement its interrogatory response at this time, it will need to move the
Court for leave to do so. Even then, however, any effort to do so is grossly untimely and prejudicial in light
of the current schedule and Meta's refusal to provide a full record.

**Additional Torrenting Deposition Discovery**

Regarding Ms. Wang's deposition, we disagree that the proposed RFAs are appropriate at this stage, nor
that they are seeking "authentication" of documents as was suggested when they were originally
proposed by Plaintiffs.  As just a few examples, these RFAs seek Meta to admit to performing certain
actions, admit that certain configurations were used for downloading, and to admit to certain activities
occurring on certain dates - none of which authenticate documents.  As we noted on our call, the word
"authentic" and related words do not appear in the RFAs.

We believe that any deposition of Ms. Wang should be limited in scope and time to address the newly
produced materials regarding Ms. Wang's 2024 download of Anna's Archive materials. On the meet and
confer last Friday, Josh stated that the only rule 30(b)(1) deposition being sought is that of Ms. Wang, and
Margaux further stated that Plaintiffs are seeking to depose Ms. Wang for no more than five (5) hours.  As
a compromise to resolve disputes over deposition scheduling, Meta will offer Ms. Wang for a 2-hour

30(b)(1) deposition that is limited to the fairspark torrenting reflected in the additional documents that were produced in September.

With respect to Plaintiffs' proposed Rule 30(b)(6) deposition, Josh stated that Plaintiffs are seeking a full-day (i.e., no more than seven (7) hour) deposition for the two topics listed in the notice. Meta disagrees that Plaintiffs' proposed topics are reasonably tied to the newly produced documents relating to Ms. Wang's 2024 downloads, and does not believe any request for deposition discovery as to issues other than Ms. Wang's 2024 fairspark torrenting reflected in the additional documents that were produced in September is appropriate or timely. Because Meta is agreeing to offer Ms. Wang for a deposition on that subject, Meta does not agree to Plaintiffs' request for a 7-hour Rule 30(b)(6) deposition on the topics listed in the proposed notice.

Plaintiffs:  We will include these issues—RFAs, deposition of Ms. Wang, and 30(b)(6) deposition/topics—in our motion.  Re the RFAs, Plaintiffs did not suggest or propose authentication-only RFAs but rather RFAs that could streamline and shorten Ms. Wang's deposition.  The RFAs are straightforward yes-or-no process-based questions that are important to expert analysis of what was and was not uploaded.  We encourage Meta to reconsider and agree to respond to the RFAs.  Relatedly, if Meta refuses to respond to the RFAs then Plaintiffs do not agree to limit the time for her deposition.  Plaintiffs also do not agree to limit her deposition "to the fairspark torrenting" to the exclusion of Meta's downloading, torrenting, and uses of works from shadow libraries for which she has personal knowledge.  Regarding the 30(b)(6), as Meta well knows, it's belated and incomplete productions regarding Mr. Lample's and Ms. Wang's torrenting, in addition to AIDC records, go well beyond Ms. Wang's 2024 "fairspark torrenting."  Plaintiffs reserve their rights to modify the RFAs and 30(b)(6) topics in their motion.

While Plaintiffs will be moving on these issues absent resolution, Plaintiffs are willing to proceed with Ms. Wang's deposition as offered for now.  So please confirm whether or not Meta agrees to do so while litigating additional deposition time and Meta's imposed limitation on scope.

**2023 Libgen Non-Fiction Script**

Based on our reasonable investigation, which included speaking with Mr. Bashlykov, we have not identified records indicating that the identified script was actually run.  Additionally, we have not located the folders you identified.  We also note that the single torrent referenced in the script, even if it had been downloaded using that script, does not contain any of Plaintiffs' works.

Plaintiffs: That a script for torrent was both written and committed to a code repository indicates it was run by someone, even if that was not Mr. Bashlykov.  Please confirm that *no one* at Meta ran the script for torrent that was written and committed to a code repository.

## Strike 3 Investigation

Based on Meta's reasonable investigation to date, the December 2024 download was not conducted for any authorized Meta business purpose and the download is not relevant to this matter.  The individual worked in the MR Systems Engineering Team, which designs headsets for Virtual Reality.  We have confirmed with the individual's supervisor that the individual's work involved computer vision work and did not have any relationship to AI training.   Meta believes the December 2024 download was conducted by the individual for their own personal use.

With respect to the IPs associated with the Meta Fairspark-data cluster and the EC2 instances, please explain the relevance of this request.

Plaintiffs: Please identify the Meta employee in question, produce all records associated with the December 2024 download, and confirm if the employee downloaded other torrents/data from Anna's Archive or the other shadow libraries at issue in this case.   Regarding identifying the IPs, doing so will enable us to investigate whether Meta conducted additional torrenting from its EC2 instances.  Please let us know if Meta will provide this information.

## Security Alerts

We again note that this request is untimely, as Plaintiffs have had the produced security alert for months.  Despite the untimeliness, Meta has conducted a reasonable search and has collected additional security alerts associated with the fairspark cluster from the time period of the alleged torrent downloads by Ms. Wang.  Meta will produce those in a forthcoming production.

Plaintiffs:  Thank you.  We await Meta's production and have no follow-up at this time.

## Hyperlinks

As Meta has repeatedly noted, providing all hyperlinks in documents is explicitly not required by the ESI Order.  That said, as previously discussed, Meta will produce the requested pickle file.

Meta will not produce the hyperlink related to ClueCorpus, as that dataset is not at issue in the case.  Regarding the library.bz link, we reiterate that it is not a Meta website and it does not appear to be accessible at this time; however we would refer you to archive.org, which shows this website was previously available without a login but appears to not be available today.  We have inquired and have not identified any purported credentials to access that website when it allegedly existed.

Regarding the S3 form or submissions related to it, Meta will not be producing those materials because they are not responsive to RFP 137.  Finally, with respect to the red teaming documents, we have reviewed and none of the documents are responsive to RFP 137 or address issues of torrenting or downloading of datasets.

Plaintiffs:  We will include the request regarding the S3 form and submissions related to it in our motion.  We encourage Meta to produce these records so the parties can resolve this dispute informally.  With respect to the red teaming documents, because you have confirmed they do not address torrenting or downloading of data, we reserve our rights to seek the records in class discovery but have no follow-up now.

We'll get back to you about timing for a follow up meet and confer early next week.

Have a good weekend.

Thanks,

Phil

Phillip E. Morton

Cooley LLP

+1 202 728 7055 office

+1 703 298 2746 mobile

pmorton@cooley.com

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Friday, October 17, 2025 3:01 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** RE: Meta/Kadrey - document production

Thank you for the call this morning, Phil, Liz, and Kyle.  We look forward to the written response and production(s) you mentioned, and we will get you the additional information we discussed on our end.  Could you please let me know your availability Tuesday 10/21 to continue the discussion?

Also, in connection with some 10/16 questions below and what I mentioned on the call, please see the "Jelmer Onboarding Notes" that appear to be from Dec. 2023 assigning him/her/them with "[h]elp[ing] us download Anna's arxiv," months earlier than Ms. Wang's downloading; and Meta_Kadrey_00054289, the 11/28/23 chat from Ms. Kambadur that "we did get official approval for anna's arxiv (bigger libgen)."

Best,

Max

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, October 16, 2025 2:02 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** RE: Meta/Kadrey - document production

Phil, Liz:

We would also like to discuss yesterday's production on tomorrow's M&C, including:

1.  When Meta will produce
    1.  the full Data Samples partially shown at Meta_Kadrey_00238380 (see, e.g., Export to CSV tab)
    2.  the full Samples partially shown at Meta_Kadrey_00238376 (see, e.g., Export to CSV tab)
    3.  the full Samples partially shown at Meta_Kadrey_00238420 (see, e.g., Export to CSV tab)
    4.  the "crawl_bespoke/dataset_id=11480997..." source and the total and filtered rows referenced in Meta_Kadrey_00238420
    5.  All documents associated with dataset_id 1148099793070896, see Meta_Kadrey_00238420
    6.  the "scitech_en_union_train_mitigated" source and the total and filtered rows referenced in Meta_Kadrey_00238376
    7.  the data in the Hive Table, Airstore, and OilFS links at Meta_Kadrey_00238380-81
    8.  the "playbook" linked in Meta_Kadrey_00238381
    9.  all documents associated with Dataset ID 508746272188801 and LaMa ID L1232170PRV, see Meta_Kadrey_00238380-81
    10. the dataset "formerly known as #D36 and all related documents or data, see Meta_Kadrey_00238377
    11. the spreadsheet referenced in Meta_Kadrey_00238409 (under "Scraping notes *")
    12. all documents/data associated with #D625 and Dataset ID 1148099793070896
    13. the data in the Hive Filter link at Meta_Kadrey_00238300 and Meta_Kadrey_00238302
    14. the URLs partially identified in Meta_Kadrey_00238417
2.  What "Freshness" refers to in Meta_Kadrey_00238302 and why it lists a date of January 8, 2025.
3.  What filter was applied to Meta_Kadrey_00238416-17, and what the html_raw_length and http_status_code numbers reflect.
4.  The difference between the Libgen, Libgen – Anna Archive, and Anna's Archive datasets in the AIDC.
5.  Why the dates identified for scitech data in Meta_Kadrey_00238376 are July 9, 2024, well after the disclosed scitech torrenting.
6.  Whether and to what extent requests have been submitted to download the Libgen, Libgen – Anna Archive, and Anna's Archive datasets. See, e.g., Meta_Kadrey_00238407, Meta_Kadrey_00238381, Meta_Kadrey_00238303.
7.  Whether and to what extent Anna's Archive dataset has been mirrored. See Meta_Kadrey_00238409, Meta_Kadrey_00238397.
8.  Whether and to what extent Access Control Lists (ACLs) were used to restrict data access to the Libgen, Libgen – Anna Archive, and Anna's Archive datasets. See, e.g., Meta_Kadrey_0023832, Meta_Kadrey_00238408.
9.  Whether Meta searched Airstore/RSC, and OilFS for responsive torrenting-related documents and data, and what OilFS is.

10. What the aidc_bespoke and wave 3 tags represent, and what XSU_ALL and GDA Label mean.  See, e.g., Meta_Kadrey_00238377.

11. Whether Meta has searched for and produced or logged all communications and documents related to the blocking and unblocking of torrenting of the Libgen – Anna Archive and Anna's Archive datasets.  See Meta_Kadrey_00238297, 00238408, 00238393, and 00238396.

Thank you.

Best,

Max

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, October 16, 2025 7:09 AM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

We will send a Zoom link for that time.  Thank you.

Best,

Max

---

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Thursday, October 16, 2025 6:47:32 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Max-

We are continuing to investigate the matters Plaintiffs have been raising.  We are available to meet and confer on Friday at 1030am PT.  We will endeavor to provide a written update ahead of the call.

Thanks,

Phil

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, October 16, 2025 7:49 AM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** Re: Meta/Kadrey - document production

CAUTION: This Message Is From an External Sender

This message came from outside your organization.

Phil,

You have not responded as to a further meet and confer or provided responses regarding the many outstanding issues set forth below.  Please do so today.  Plaintiffs have afforded Meta ample time to

consider and investigate these issues and cannot further delay briefing them to the extent they are not resolved this week given the case schedule.


Best,

Max

---

**From:** Joshua Stein <jstein@bsfllp.com>
**Sent:** Tuesday, October 14, 2025 12:54 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** Re: Meta/Kadrey - document production


Phil,

Thank you again for the meet and confer last week. We still await an update/production as to Nos. 1-4, 6-19 below.

See interspersed replies in **Blue** below.

As for the hyperlinks - we made our position clear (and sent follow-up documentation) as to the red-teaming documents. We await your final response on our proposal that you only produce links there that connect to books/copyright/torrenting issues to see if we are at an impasse. We do not believe further meet and confer on that issue is needed pending that response, but are available if Meta disagrees.

Please let us know when you can meet and confer tomorrow or Thursday - and please send us responses in advance to issues that await your follow-up. While always lamentable to raise discovery issues to the Court, we do believe we would need to do so as soon as early next week on any remaining disputes given the schedule in place. We can discuss a potential briefing schedule during our next meet and confer.

Thanks.

Best,

Josh

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Monday, October 6, 2025 8:51 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

Phil and Counsel,

We will send a calendar invite to meet and confer Thursday. In the meantime, I've consolidated the outstanding issues below, with the parties' responses and replies, in red font. Note that I did not include the hyperlink issues as that has largely been the subject of separate correspondence. Please let us know if Meta agrees that the parties are at an impasse with respect to the ML Hub (#16) and Torrenting Devices (#7) issues below so that we can set a briefing schedule. Please also let us know when we can expect updates on any of the outstanding issues—we would appreciate rolling updates if possible, and before Thursday.

Thank you.

Best,

Max

* * * *

1. **Parquet Files**

We can confirm that the .parquet files provided to you enable identification of the torrents that were downloaded by Ms. Wang using the fairspark-data cluster (as opposed to the six previously identified AWS EC2 instances). We are in the process of creating a list of these torrents, which we will produce once available.

We have not located additional .parquet files relating to Ms. Wang's downloads to date as part of our investigation.

Plaintiffs: Thank you for confirming and we will await the production. Regarding additional parquet files, however, Meta has not yet produced .parquet files for the following 14 torrents that were downloaded via PySpark:

'annas_archive_data__aacid__ia2_acsmpdf_files__20231008T203648Z--20231008T203649Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231008T234052Z--20231008T234053Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231008T234134Z--20231008T234135Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231008T234141Z--20231008T234142Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231008T234149Z--20231008T234150Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T010136Z--20231009T010137Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T020926Z--20231009T020927Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T022118Z--20231009T022119Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T022632Z--20231009T022633Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T023816Z--20231009T023817Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T025443Z--20231009T025444Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T033545Z--20231009T033546Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T034121Z--20231009T034122Z.torrent',

'annas_archive_data__aacid__ia2_acsmpdf_files__20231009T034647Z--20231009T034648Z.torrent'

These should be in parquet files because they have S3 files all dated around April 8-10 (so were torrented early); they total 3.7TB of space (small enough to not need dedicated instances); and the torrenting on the six dedicated instances during April was the 38 torrents tracked separately by Xiaolan Wang in 00161474.  The AWS inbound logs also support that .parquet files exist for these torrents—those logs closely track the reported totals in 00161474 and don't leave room for the 3.7TB from these torrents. For example, on 4/11 the AWS total is 58.7 TB and the 00161474 total is 57.2 TB, which doesn't leave room for the 3.7 TB. And by 5/8, the AWS total is 86.6 TB and the 00161474 total is 85.9 TB, again not leaving room for the 3.7 TB. Meta has not produced any evidence suggesting Ms. Wang used anything other than PySpark to launch torrents on the general instances or that she downloaded them on different

infrastructure, meaning she used PySpark. **Please produce the .parquet files for these torrents, or identify what Ms. Wang used to launch them or how she downloaded them.**

**Please also identify what code Ms. Wang used to torrent from the AWS dedicated instances (as those didn't use PySpark) and whether that code has been made available on the source code computer, as we have not located it.**

**We understand you were looking into this, please let us know what you have found/decided.**

2. **Billing Records for Penguin Solutions**

With respect to your request for billing records for Penguin Solutions, please identify the RFP to which those records would be responsive.

Plaintiffs: At a minimum, Plaintiffs' baseball arbitration RFP. *See also* Dkt. 500 ("Given the magnitude of this case, Meta is urged to take a 'when it doubt, produce it' approach.") (Chhabria, J.). To be clear, however, **the records Plaintiffs request that Meta produce are bandwidth logs from Meta's H2 cluster, where torrenting occurred—this may be in Penguin billing data or in other logs Penguin keeps for Meta. The record also indicates locally stored code exists on S3 and on the H1/H2 clusters—please confirm Meta has searched for and produced all torrenting-related records (e.g., code, logs) stored in S3 and on the H1/H2 clusters.**

**We understand you were looking into this, please let us know what you have found/decided.**

3. **Files in Books0 Folder**

As noted in our previous correspondence, the files in the Books0 folder contain processed data files, not original files downloaded from the Internet (through torrents or otherwise). Although we disagree that processed data files are relevant to the remaining issues in the case, or responsive to Plaintiffs' RFPs in view of Magistrate Judge Hixson's rulings regarding copies of datasets, we will produce a filelist showing the contents of the S3://fairspark-data/Books0 folder.

Plaintiffs: Thank you. We will await the production.

**We do not believe we have received this production. Please produce ASAP.**

4. **AIDC Related Files**

In order to avoid further disagreements, Meta will agree to produce:

- A copy of the Anna's Archive record with "Old Dataset Facts" button switched to the right.
- A copy of the "Explore" tab for Anna's Archive
- Similar records to those produced for Anna's Archive for LibGen, to the extent they exist

We also confirm that the "Activity" button simply shows the "activity" that is documented in what we previously produced (e.g., updates from David McEnany); that the 'information' markers provide information regarding the type of information that is to be filled in for categories (and not information specific to a dataset). With respect to your request for the "card" to be filled out by a fact-gathering specialist, this appears to be referring to the "Privacy & Crawling" section of the Compliance tab and thus will be provided to the extent it is filled out.

Plaintiffs: Thank you. We will await the production. However, **please also confirm Meta will produce similar records to those produced for Anna's Archive for Z-Library, Internet Archive, and Duxiu, to the extent they exist.**

**We await this production. We also declined a proposal as to these additional Z-Library, Internet Archive, and Duxiu records and believe they should also be produced, in addition to the search of the ML Hub generally.**

5. **Reproduction of Meta_Kadrey_00238287 and Meta_Kadrey_00238271**

Meta will produce a version of Meta_Kadrey_00238287 and Meta_Kadrey_00238271 without redactions for the information provided by David McEnany and Jessica Ho, respectively.

Plaintiffs: Thank you. We will await the production.

**Received with thanks.**

6. **Meta_Kadrey_00237875**

We are investigating the filepath you requested at /private/home/roller/libgen.

With respect to your request for the .png file discussed in Meta_Kadrey_00237875, as with all Workchats, this file was produced as an attachment, at Meta_Kadrey_00237876. This is confirmed by the attachment metadata, as well as a comparison of the filename listed in the chat and the filename of Meta_Kadrey_00237876.

Plaintiffs: Thank you. We will await an update.

**We understand you were looking into this, please let us know what you have found/decided.**

7. **Torrenting Devices – "Whether Meta backed up or otherwise copied/imaged Mr. Lample's and Ms. Wang's computers and, if so, searched them for all torrenting-related data."** - Meta has undertaken a reasonable investigation of the alleged torrenting activities related to Plaintiffs' works and promptly produced relevant and responsive discovery about those activities as Meta learned about them. Meta declines to engage in unnecessary "discovery on discovery." Meta notes that Mr. Lample departed Meta several months before this lawsuit was filed, and departed more than a year before Plaintiffs raised any requests for discovery about alleged torrenting activities.

Plaintiffs: We understand Meta to be refusing to state: (1) whether Meta has Mr. Lample's and Ms. Wang's devices that were used for torrenting, or images/backups of them; and (2) if yes, if they have been searched, and if not, when they were destroyed. We encourage Meta to reconsider and provide this information—please let us know if Meta will do so. Otherwise, Plaintiffs intend to seek appropriate relief from the Court, including that Meta make this evidence available for inspection.

**We understand you were looking into this, please let us know what you have found/decided.**

Meta: Meta has possession of Meta-issued computers used by Mr. Lample. We reiterate that Mr. Lample is not a custodian and additional information from him is not relevant nor proportional to any current disputes. Moreover, to the extent Plaintiffs had any concerns over the sufficiency of productions relating to the 2022 download, those concerns were required to be raised as part of the meet and confer process that led up to the July 31, 2025 discovery letter brief, and there is no basis to now raise these inquiries related to Mr. Lample.

Plaintiffs: Meta belatedly produced some records of Mr. Lample's torrenting in May, and it did so after its corporate representative testified none existed. As we've previously explained, additional torrenting records would have been created yet Meta still has not produced those records or state whether they no longer exist. We understand that Meta nonetheless to refuse to search Mr. Lample's devices or backups for torrenting-related records, or else make those devices available for inspection by Plaintiffs in the source code room. **Therefore, we believe the parties are at an impasse and this issue can be briefed. Please confirm. Also, if you intend to argue Plaintiffs' request would require re-opening discovery, then please confirm that Meta agrees this dispute is properly before Judge Chhabria and not Judge Hixson. Please also confirm whether Meta has possession of Meta-issued computers used by Stephen Roller and whether Meta also refuses to search them for torrenting-related evidence or make them available for inspection. Finally, please respond with whether Meta has searched Ms. Wang's computers for torrenting-related evidence.**

We understand you were looking into this, please let us know what you have found/decided. As discussed, depending on what is found/offered, we would be willing to discuss limiting device searches discussed here or elsewhere on this thread to the term/RFP in the baseball arbitration, if in addition to that term/RFP you agreed to the express inclusion of source code and related pull requests and commits associated with any scripts, logs, or other items covered by the term/RFP. NB: we believe such code, requests and commits to be included in the scope of the term/RFP but call them out expressly here for clarity's sake.

 **"Whether the command line files and Yarn logs in those computers and the AWS EC2 instances at issue here were overwritten."** - Meta is continuing to investigate Plaintiffs' requests and will report back when it has more information to share.

Plaintiffs: Thank you. Please let us know when you expect to provide an update. Please also produce the records of the output from running the "tar -tf [file]" for each .tar file in the S3 directory data/annas_archive/internet_archive/data/ (see Meta_Kadrey_00237289).

**We understand you were looking into this, please let us know what you have found.**

8. **"What evidence Meta can provide about other uses on the newly identified AWS EC2 instances/cluster."** - Meta is continuing to investigate this and will report back when it has more information to share. Meta's current understanding is that 100 or more people had access to the fairspark-data cluster, and that it was used for a variety of data processing tasks unrelated to the alleged torrenting activities. We do not agree that it would be reasonable to assume that any data transmission activity on the fairspark-data cluster necessarily reflects torrenting of the at-issue datasets. Based on our current understanding, the .parquet files produced by Meta should enable identification of the particular torrents that Ms. Wang downloaded using the fairspark-data cluster (as opposed to the six previously-identified AWS EC2 instances). The list of downloaded Anna's Archive files previously produced by Meta should provide an approximate timeframe when those torrents were downloaded, thus providing an indication of when torrenting activities may have taken place on the fairspark-data cluster.

Plaintiffs: Thank you. Please let us know when you expect to provide an update including whether the .parquet files produced by Meta enable identification of the particular torrents that Ms. Wang downloaded, and whether you plan on providing a summary of these files. Please also let us know when Meta will be produce parquet files in relation to the other torrenting activity in this case, as we are not aware of Meta producing such files yet.

Plaintiffs: *See also* #1 above.

**We understand you were looking into this, please let us know what you have found/decided.**

9. **"Whether the newly discovered LibGen works were in fact torrented and, if so, whether they were torrented by Ms. Wang."** - As we noted, it is Meta's understanding that the download of approximately 6,000 works from LibGen fiction (which do not appear to contain any of Plaintiffs' works) did occur via torrenting by Ms. Wang.

Plaintiffs: Thank you for the confirmation. In Meta's latest production, you produced the above referenced approximately 6,000 works that Ms. Wang torrented from LibGen fiction, but did not produce the data she torrented from Anna's Archive, ZLib, and Internet Archive during this same period (April–June 2024). Please let us know when Meta will produce this data.

**We understand you were looking into this, please let us know what you have found/decided.**

Meta: Consistent with Meta's position throughout this case, Meta does not agree to produce the data acquired by Ms. Wang from Anna's Archive (including IA and ZLib) or LibGen (Scitech), due to its massive size and Meta's provision of the filelists associated with these acquisitions.  The data you are now requesting was not called for by your baseball-arbitration RFP (i.e., RFP No. 137, Dkt. 467-2), particularly given that Meta produced filelists.  Meta provided the contents of the folder containing the sample of LibGen fiction data due to its small size; Meta did not and does not agree to do so for much larger data sets.  Rather, this appears to fall under Magistrate Judge Hixson's prior orders refusing production of similar requests regarding copies of data.  (See ECF No. 288, 366.)

Plaintiffs: We reserve our rights at this time, including to obtain these records in class discovery.

10. **"Whether there are any outstanding torrenting logs from Mr. Lample."** - Meta has produced the logs of alleged torrenting activity by Mr. Lample that it has identified to date based on a reasonable search.  Meta is continuing to investigate Plaintiffs' request, including the assertions in Mr. Pritt's September 14, 2025 email that "at least 238 of the 2557 torrents for LibGen fiction have log files where we see the torrent payload had previously been downloaded, but there is no log file showing the download happened."  As we requested on the meet and confer, if you can provide specific examples, that would be helpful.  Please note that there are numerous instances in the produced log files in which files may suggest prior completed downloads for particular torrents, but separate log files reflect the actual download of that torrent (in some cases days earlier).  To show one example, the log file 2056963_0.log.out produced by Meta shows downloading from "f_1000000.torrent" on 10/16/2022, but there are several subsequent log files for that same "f_1000000.torrent" (3170162_0_log.out, 458901_0_log.out, 1082371_0_log.out) showing no data download.

Plaintiffs: From Meta's productions, we see torrent files where it's clear that Mr. Lample downloaded the torrent, but Meta has not yet produced the logs showing the history of the downloads. One example is f_2100000.torrent. We see that torrent appear in three log files: 2022-10-21_08-24-59/2321711_0_log.out, 2022-10-21_10-44-21/3312720_0_log.out, and 2022-10-21_12-01-37/2393469_0_log.out. In all three log files, it's clear the torrent had already been downloaded (each end with the code saying it is seeding). Another example is f_41000.torrent. We see that torrent appear in three log files: 2022-10-16_13-02-06/2117956_0_log.out  (as part of f_40000.torrent to f_49000.torrent), 2022-10-21_08-20-04/3167812_0_log.out, and 2022-10-16_13-02-17/2121247_0_log.out. In the first file, it cuts off after a single log entry. In the others, it's clear that the torrent has already been downloaded. Thus far we have identified 238 torrent files where we do not see the entire download, see attached, but Meta produced log entries that indicate the torrent was completely downloaded.  Please produce the

logs showing the history of the downloads requested for these torrent files. Otherwise, please explain why this information is no longer available.

Meta: Meta's produced filelists related to Mr. Lample's 2022 acquisition include files and logs which appear to be from the Scitech portion of LibGen. With respect to your contention that "Meta records show that Mr. Lample stated that he downloaded 70TB of data," please identify the records you are referring to.

Plaintiffs: *See* M. Pritt October 3, 2025 2:51 PM email below.

**We understand you were looking into No. 10, please let us know what you have found/decided.**

11. **Use of AWS for 2022 LibGen Download** - Following up on your earlier inquiries about the 2022 LibGen download by Mr. Lample, our further investigation has not uncovered evidence that Mr. Lample used AWS to perform that download. With respect to Meta_Kadrey_00237329 that you have mentioned in prior correspondence, and in particular Mr. Lample's reference to the AWS theoremproving account, we will produce AWS cost and usage data records for the theoremproving account from July 2022 through April 2023. The data transfer activity shown in these records does not appear to be consistent with Mr. Lample having used the theoremproving account for the torrent downloading.

Plaintiffs: Please produce the logs in connection with Mr. Lample's torrenting of Libgen Scitech to the H2 cluster. If Meta is representing he did not use AWS, then please confirm you have checked Azure, as other Meta documents appear to suggest Azure may have been used. See Meta_Kadrey_00077658. Please also produce all records, including billing, from Penguin Solutions (formerly Penguin Computing) during the 2022 torrenting to H2. As we explained previously, Meta records show that Mr. Lample stated that he downloaded 70TB of data but so far Meta has only produced logs for about 4TB.

Meta: We do not see how Meta_Kadrey_00077658 suggests that any torrenting activity was done on Azure. Are there other documents that you believe suggest this?

Plaintiffs: *See* M. Pritt October 3, 2025 2:51 PM email below. *See also* #2 above re Meta's H2 cluster and Penguin.

**We understand you were looking into No. 11, please let us know what you have found/decided.**

12. **"Whether Meta will be updating its fair use ROG response per Rule 26 and, if not, confirmation that Meta will not be asserting a fair use defense as to uploading-related infringements."** - Meta anticipates that it will be updating its interrogatory response and will do so in a timely manner before expert reports are served in this matter.

Plaintiffs: Please confirm that Meta will seek leave from the Court to do so or identify the authority Meta will rely on to update its interrogatory response after the close of discovery. To be clear, Plaintiffs do not agree that Meta can do so now. Plaintiffs are willing, however, to discuss re-opening discovery to allow Meta to update its interrogatory response while providing Plaintiffs the opportunity to conduct discovery concerning that response.

**We understand you were looking into this, please let us know what you have decided.**

13. **S3://fairspark-data/Books0 files** - We have investigated this file location, and can confirm it contains processed data in .json format. We do not see any relevance of this data to the issues currently in the case.

Plaintiffs: Meta records show that Books0 is a term used for Libgen. See Meta_Kadrey_00089933. Please confirm that Meta will produce the requested files.

Plaintiffs: *See* #3 above.

**We understand you were looking into this, please let us know what you have found/decided.**

14. **Request for Additional Torrenting Discovery** - Meta is open to agreeing to additional discovery related to newly produced discovery about alleged torrenting activities, but does not agree that Plaintiffs should be retreading old ground or seeking discovery on matters that should have been raised as part of the August letter brief to Judge Hixson. To help us assess your proposal, please provide the following:

- a copy of the "limited set of RFAs primarily to authenticated newly produced discovery we have received from her custodial files" that Plaintiffs propose Meta would answer

- a list of the specific 30(b)(6) topics for the proposed "30(b)(6) torrenting-focused deposition relating to recently produced discovery"

- an explanation of why a deposition of Mr. Frank Zhang is necessary and what non-duplicative "torrenting-related discovery" you believe Mr. Zhang would have personal knowledge about

Plaintiffs: Please provide Ms. Wang's availability for a deposition and dates for Meta's further 30(b)(6) deposition. We will provide topics in advance of the 30(b)(6) deposition. Please also confirm Meta will not object to these torrenting depositions including Meta's productions in response to the Court's baseball arbitration discovery including Judge Hixson's orders, otherwise the parties will need to brief this issue. As for Mr. Zhang, Meta's recent production identifies him for the first time as the owner of datasets including Anna's Archive. Meta documents also confirm he was involved in Anna's Archive torrenting.

Meta: We are prepared to discuss the prospect of the proposed additional discovery (including depositions) once you provide (1) Plaintiffs' proposed set of RFAs, which you stated would (if Meta agrees to provide responses) limit the length of any deposition of Ms. Wang, (2) Plaintiffs' proposed topics for a Rule 30(b)(6) witness (as Meta cannot respond to the request for testimony, or identify a potential witness, without knowing the topics that will be in scope). Please send your proposed RFAs and Rule 30(b)(6) topics as soon as possible. Meta reserves all rights to object to any requests, but Plaintiffs providing those requests is the next step in the meet and confer process.

Note that Meta does not agree that a deposition of Mr. Zhang is proper. First, Plaintiffs have been aware of Mr. Zhang's involvement in the 2024 acquisition of Anna's Archive since at least early November of 2024, and Plaintiffs did not elect to include a deposition of Mr. Zhang in its baseball arbitration proposal. Second, Mr. Zhang is not listed as the "owner" of the Anna's Archive dataset - rather he is listed as the "oncall" employee for "genai_llm_pretraining_data" as of the time of collection of this file, a designation which changes based on who is "oncall" at a given time. Ms. Wang is listed as "owner" as set forth in Meta_Kadrey_00238302 at 303. In any event, the scope of any additional torrenting discovery, including the request for a deposition of Mr. Zhang, can be discussed as part of the conferral process once Plaintiffs send the proposed RFAs and 30(b)(6) topics.

Plaintiffs: We will send proposed RFAs and 30(b)(6) topics before Thursday's meet and confer.

**We understand you took our proposed RFA/30(b)(6) and deposition under advisement - please let us know where you have landed.**

15. **MLHub Dispute** - As discussed on the meet and confer, the parties are at an impasse on your request to search MLHub.  Plaintiffs have identified no reason why broad discovery of MLHub is related to any of the remaining claims in the case.  Meta believes MLHub is something that should have been raised in the prior discovery period that closed in December 2024.   As noted in the meet and confer, Plaintiffs have been well aware of MLHub and AIDC since at least last fall, as they were referenced in documents produced by Meta, and AIDC was specifically discussed in Mike Clark's November 13, 2024 deposition, which Plaintiffs attached to their most recent discovery letter brief (Dkt. No. 624-4).

Plaintiffs: We understand Meta to refuse even to confirm whether Libgen is one of the datasets in AIDC like Anna's Archive, which Meta produced recently. Please let us know if that is correct or Meta will state if it exists.  It is also unclear whether Meta is refusing to produce the additional records associated with the Anna's Archive record in AIDC: the pages connected to the "Explore" tab, the "Activity ..." button, the "Old Dataset Facts" button, the information markers that appear throughout the Privacy & Crawling and Requirements sections, and the "card" to be filled out by "a fact gathering specialist."  Please confirm whether Meta is also refusing to produce these records.  Finally, it t is unclear whether this dispute will go to Judge Hixson or Judge Chhabria. As a result, we hope Meta will agree to include a request for a case management conference to seek the Court's guidance.

Plaintiffs: We understand that Meta refuses to run its search terms and the baseball arbitration search terms in connection with the ML Hub (including the AIDC within it), or otherwise search the ML Hub for responsive records. **The parties therefore appear to be at an impasse and this issue can be briefed. Please confirm. Also, if you intend to argue Plaintiffs' request would require re-opening discovery, then please confirm that Meta agrees this dispute is properly before Judge Chhabria and not Judge Hixson.**

**We await your final response to our request that ML Hub be searched. We are prepared to seek relief if that response is no and have already met and conferred on this, but are available to further meet and confer on this issue at Meta's request before so doing.**

16. **2023 Libgen Non-Fiction –** Recent productions show Mr. Bashlykov wrote code to torrent Libgen non-fiction. *See, e.g.*, Meta_Kadrey_00238347. Please produce the associated records showing where and when this code was run.

Plaintiffs: Recently-produced source code also shows that Mr. Bashlykov torrenting Libgen sci-tech despite his testimony to the contrary. *See* Meta-Kadrey-SC-000932. Please produce all files located at the following directory: ("/private/home/nikbash/data/libgen_tst", and/or "/private/home/nikbash/data/libgen_all").

**We understand you were looking into this, please let us know what you have decided.**

17. **Additional 2024 Libgen and Anna's Archive Torrenting** – We have recently learned that Meta also torrented from Libgen in September and October 2024, and from Anna's Archive in December 2024. *See* Dkt. 1, Exs. B & C, Strike 3 Holdings, LLC v. Meta Platforms, Inc., 25-cv-06213 (N.D. Cal.). Ms. Dunning is counsel for Meta in that case as well. Please produce all records associated with this additional Libgen and Anna's Archive torrenting and explain why such records were not identified and produced earlier in this case.

**We sent follow-up on this under separate cover and await your reply.**

18. **Security Alerts** – *See* M. Pritt October 3, 2025 2:51 PM email below.

**We understand you were looking into this, please let us know what you have found/decided.**

**From:** Morton, Phillip <pmorton@cooley.com>

**Sent:** Friday, October 3, 2025 5:37 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>

**Subject:** Re: Meta/Kadrey - document production

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Counsel-

Meta provides an update on additional issues below from your recent emails. We are also in receipt of your email today (immediately below), which we are reviewing and will respond to separately. We are unavailable on Tuesday for a meet and confer, but we have availability on Thursday or Friday next week.

**Parquet Files**

We can confirm that the .parquet files provided to you enable identification of the torrents that were downloaded by Ms. Wang using the fairspark-data cluster (as opposed to the six previously identified AWS EC2 instances). We are in the process of creating a list of these torrents, which we will produce once available.

We have not located additional .parquet files relating to Ms. Wang's downloads to date as part of our investigation.

**Billing Records for Penguin Solutions**

With respect to your request for billing records for Penguin Solutions, please identify the RFP to which those records would be responsive.

**Files in Books0 Folder**

As noted in our previous correspondence, the files in the Books0 folder contain processed data files, not original files downloaded from the Internet (through torrents or otherwise). Although we disagree that processed data files are relevant to the remaining issues in the case, or responsive to Plaintiffs' RFPs in view of Magistrate Judge Hixson's rulings regarding copies of datasets, we will produce a filelist showing the contents of the S3://fairspark-data/Books0 folder.

**AIDC Related Files**

In order to avoid further disagreements, Meta will agree to produce:

- A copy of the Anna's Archive record with "Old Dataset Facts" button switched to the right.
- A copy of the "Explore" tab for Anna's Archive
- Similar records to those produced for Anna's Archive for LibGen, to the extent they exist

We also confirm that the "Activity" button simply shows the "activity" that is documented in what we previously produced (e.g., updates from David McEnany); that the 'information' markers provide information regarding the type of information that is to be filled in for categories (and not information specific to a dataset).  With respect to your request for the "card" to be filled out by a fact-gathering specialist, this appears to be referring to the "Privacy & Crawling" section of the Compliance tab and thus will be provided to the extent it is filled out.


## Reproduction of Meta_Kadrey_00238287 and Meta_Kadrey_00238271


Meta will produce a version of Meta_Kadrey_00238287 and Meta_Kadrey_00238271 without redactions for the information provided by David McEnany and Jessica Ho, respectively.


## Meta_Kadrey_00237875


We are investigating the filepath you requested at /private/home/roller/libgen.


With respect to your request for the .png file discussed in Meta_Kadrey_00237875, as with all Workchats, this file was produced as an attachment, at Meta_Kadrey_00237876.  This is confirmed by the attachment metadata, as well as a comparison of the filename listed in the chat and the filename of Meta_Kadrey_00237876.


Best,

Phil

---

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Friday, October 3, 2025 2:51 PM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production



Counsel,

Please advise whether we can expect a response to the several outstanding issues we've previously raised. Please also let us know when you are available to meet and confer Tuesday to set a briefing schedule for any issues on which the parties are at an impasse.

Also, in Liz's September 26, 2025 7:26:09 PM email, you asked for additional (1) records that suggest torrenting activity was done on Azure and (2) records regarding Mr. Lample's torrenting of 70TB of LibGen SciTech.

1. Azure

Lample's README.md file in the ZeroD directory (Meta_Kadrey_00238129) shows he made commands for torrenting on AWS and Azure, screen shot below. Commands like this are found in Wang's code for torrenting LibGen fiction.

```
36
37
38   ## TMP
39
40   ### H2
41
42   # azure
43   python -m scripts.download bla \
44       /shared/home/guismay/workdir/xlf_run4_32_compare_FA_v1_debug1/
         2022_10_04_15_28_59/B0/data/urls/fiction/f_0.torrent \
45       /shared/home/guismay/workdir/xlf_run4_32_compare_FA_v1_debug1/
         2022_10_04_15_28_59/B0/tmp
46
47   # AWS
48   python -m scripts.download bla \
49       /fsx/guismay/dumped/b0/data/urls/fiction/f_0.torrent \
50       /fsx/guismay/dumped/b0/data/tmp
51
52   /large_experiments/fair_llm/guismay/dumped/fab_exp_test1/57631692/ZeroD
53   /large_experiments/fair_llm/guismay/dumped/fab_exp_test1/57631692/data
54
```

2. Lample's torrenting of 70 TB of Libgen SciTech

See Meta_Kadrey_00237829 and Meta_Kadrey_00237932 at -935. Lample asks for more storage on RSC to store data from torrenting and says "but lib-genesis is 70TB for instance." Meta has produced logs for some of Lample's SciTech torrenting, but not for 70 TB.  See also the file at ZeroD/SciTech.md in the Lample code repository:

```
ZeroD ⟩ ⬇ SciTech.md ⟩ 🔡 # Sci-Tech
    1   # Sci-Tech
   18   ## Download Libgen database and convert it to SQLite
   38   ./mysql2sqlite /private/home/roller/libgen/libgen.sql | sqlite3 sqldb_test.sqlite
   39
   40   ./mysql2sqlite libgen.sql | sqlite3 libgen_2023-03-19.sqlite
   41   ./mysql2sqlite libgen_compact.sql | sqlite3 libgen_compact_2023-03-19.sqlite
   42   ```
   43
   44   ## Download
   45
   46   ```bash
   47   python -m scripts.download download scitech --start_idx 0 --n_urls 1
         --include_ext_str epub
   48   python -m scripts.download parallel_download scitech --start_idx    0 --n_urls
         1000 --n_jobs 100  --max_parallel_jobs 100 --include_ext_str epub
   49   python -m scripts.download parallel_download scitech --start_idx 1000 --n_urls
         1000 --n_jobs 1000 --max_parallel_jobs 500 --include_ext_str epub --local 0
   50   python -m scripts.download parallel_download scitech --start_idx 2000 --n_urls
         1000 --n_jobs 1000 --max_parallel_jobs 500 --include_ext_str epub --local 0
   51   python -m scripts.download parallel_download scitech --start_idx 3000 --n_urls
         417 --n_jobs 417  --max_parallel_jobs 500 --include_ext_str epub --local 0
   52
   53   tail *out -n 2 | grep -v "^$" | grep -v alert | grep -v out | grep down | sed
         's/ kB.*//g' | awk -F' '{print $NF}' | awk '{sum+=sprintf("%f",$1)}END{printf
         "%.6f\n%.6f\n",sum,sum/NR}'
   54   tail *out -n 10 | grep MB | awk -F' '{print $2}' | awk '{sum+=sprintf("%f",$1)}
         END{printf "%.6f\n%.6f\n",sum,sum/NR}'
   55   ```
   56
```

As you can see, Lample has several commands under "## Download" to torrent thousands of ScitTech torrents in parallel.  Lample's code repository also has a file at ZeroD/scripts/scitech.py that processes SciTech books and refers to books being located in the following directory: "/large_experiments/fair_llm/data_v2/datasets/books/data/scitech."  In addition to producing the full set of logs for Lample's torrenting (or, if they no longer exist, identifying the circumstances surrounding their deletion), please produce the contents of this directory (or identify the circumstances around its deletion if it no longer exists).

Finally, we have not located a full set of security alerts like the attached (Meta_Kadrey_00237292) even though there would be many given the volume of torrenting activity at the time.  Please produce all such alerts.


Best,

Max


**From:** Maxwell Pritt
**Sent:** Tuesday, September 30, 2025 2:00 PM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production


Counsel,


In accordance with the new case management deadlines, Professor Choffnes is available for deposition December 26, 29, or30.  Please let us know what date you prefer so we can lock it in.  Please also let us know Ms. Frederickson-Cross's availability between December 19-31.


In addition, we have not located any documents produced from the file path "/private/home/roller/libgen on the fair cluster" referenced in Meta_Kadrey_00237875.  Please identify where those files are located or, if not produced, whether Meta has searched for and will produce them.  We also have not located the .png associated with that page (237875) so please let us know where it is located or produce it.


Further, please confirm you will withdraw redactions to updates from Jessica Ho at Meta_Kadrey_00238280 per Judge Hixson's recent order so Plaintiffs do not need to burden the court with another letter brief.


Finally, please let us know when you will respond to the other outstanding issues Plaintiffs have raised.  Thank you for your attention to these issues.


Best,

Max

**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Tuesday, September 30, 2025 11:42 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Hi Max,

We should have a response this afternoon.

Best,

Liz

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Tuesday, September 30, 2025 11:24 AM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

Hi Liz, following up below.  Please let me know if Meta will join or not oppose our letter to Judge Hixson.  Happy to consider edits.  Thank you.

Best,

Max

**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Monday, September 29, 2025 4:27 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** Re: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Hi Max,

We would appreciate the additional time as we confer with our client - thank you for the offer.

Best,

Liz

Sent from my iPhone

> On Sep 29, 2025, at 3:56 PM, Maxwell Pritt <mpritt@bsfllp.com> wrote:

Counsel, following up on the below.  If your client requires additional time to consider, please let us know and we can wait until tomorrow to file.

Thanks,
Max

**From:** Maxwell Pritt
**Sent:** Monday, September 29, 2025 12:51 PM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production


Liz, counsel:


Please advise whether you will agree to submit the attached jointly.  If not, please let us know whether you oppose the requested relief and if so the basis so we can include it in the letter.  We intend to file today.


Thank you.


Best,

Max



**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Monday, September 29, 2025 8:56 AM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** Re: Meta/Kadrey - document production


We disagree and will inform Judge Hixson.  Thank you.


Best,

Max

**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Monday, September 29, 2025 7:50:54 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>
**Cc:** Llama C-Counsel <llama_cocounsel@bsfllp.com>; z/Meta-Kadrey <zmetakadrey@cooley.com>;
Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <KDunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** Re: Meta/Kadrey - document production


**CAUTION**: **External email. Please do not respond to or click on links/attachments
unless you recognize the sender.**

---

Counsel,


We are actively investigating the allegations in the Strike 3 complaint, and will provide you
with an update as soon as we are able to do so.  Once we respond, we will be available to
confer with you further if necessary. No court intervention is necessary or appropriate at
this time.


Best,


Liz


On Sep 26, 2025, at 9:38 PM, Maxwell Pritt <mpritt@bsfllp.com> wrote:


Thank you for providing a response to a few of the outstanding issues.  We
look forward to Meta's response on the rest, and we will respond to your
points below.  But please provide a response now on the additional 2024
torrenting of Anna's Archive (and LibGen)  identified in my email.  Plaintiffs
intend to inform Judge Hixson of those newly discovered facts as it is
relevant to his recent order, but we wanted to give Meta a chance to explain
first.

Best,

Max

---

**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Friday, September 26, 2025 7:26:09 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel,

We write to provide an update on certain of the issues raised in your 9/22 email.  We are continuing our investigation and will provide another update next week.

**Lample Computers**

Meta has possession of Meta-issued computers used by Mr. Lample.  We reiterate that Mr. Lample is not a custodian and additional information from him is not relevant nor proportional to any current disputes. Moreover, to the extent Plaintiffs had any concerns over the sufficiency of productions relating to the 2022 download, those concerns were required to be raised as part of the meet and confer process that led up to the July 31, 2025 discovery letter brief, and there is no basis to now raise these inquiries related to Mr. Lample.

**Request for Production of Data Acquired from Anna's Archive/LibGen (2024 Acquisition)**

Consistent with Meta's position throughout this case, Meta does not agree to produce the data acquired by Ms. Wang from Anna's Archive (including IA and ZLib) or LibGen (Scitech), due to its massive size and Meta's provision of the filelists associated with these acquisitions. The data you are now requesting was not called for by your baseball-arbitration RFP (i.e., RFP No. 137, Dkt. 467-2), particularly given that Meta produced filelists. Meta provided the contents of the folder containing the sample of LibGen fiction data due to its small size; Meta did not and does not agree to do so for much larger data sets. Rather, this appears to fall under Magistrate Judge Hixson's prior orders refusing production of similar requests regarding copies of data. (*See* ECF No. 288, 366.)

**Request re Azure (2022 Acquisition)**

We do not see how Meta_Kadrey_00077658 suggests that any torrenting activity was done on Azure. Are there other documents that you believe suggest this?

**Scitech Logs and Total File Size (2022 Acquisition)**

Meta's produced filelists related to Mr. Lample's 2022 acquisition include files and logs which appear to be from the Scitech portion of LibGen. With respect to your contention that "Meta records show that Mr. Lample stated that he downloaded 70TB of data," please identify the records you are referring to.

**Request for Additional Torrenting Discovery**

We are prepared to discuss the prospect of the proposed additional discovery (including depositions) once you provide (1) Plaintiffs' proposed set of RFAs, which you stated would (if Meta agrees to provide responses) limit the length of any deposition of Ms. Wang, (2) Plaintiffs' proposed topics for a Rule 30(b)(6) witness (as Meta cannot respond to the request for

testimony, or identify a potential witness, without knowing the topics that will be in scope). Please send your proposed RFAs and Rule 30(b)(6) topics as soon as possible. Meta reserves all rights to object to any requests, but Plaintiffs providing those requests is the next step in the meet and confer process.

Note that Meta does not agree that a deposition of Mr. Zhang is proper. First, Plaintiffs have been aware of Mr. Zhang's involvement in the 2024 acquisition of Anna's Archive since at least early November of 2024, and Plaintiffs did not elect to include a deposition of Mr. Zhang in its baseball arbitration proposal. Second, Mr. Zhang is not listed as the "owner" of the Anna's Archive dataset - rather he is listed as the "oncall" employee for "genai_llm_pretraining_data" as of the time of collection of this file, a designation which changes based on who is "oncall" at a given time. Ms. Wang is listed as "owner" as set forth in Meta_Kadrey_00238302 at 303. In any event, the scope of any additional torrenting discovery, including the request for a deposition of Mr. Zhang, can be discussed as part of the conferral process once Plaintiffs send the proposed RFAs and 30(b)(6) topics.

**Hyperlinks Request**

Meta's response was clear. If, upon review of the list you prepared, Plaintiffs determine there are particular hyperlinks that Plaintiffs would like to request from Meta in accord with the discovery protocols in this matter, Plaintiffs can make a tailored request for particular hyperlinks that Plaintiffs deem responsive and relevant. Meta will then respond with its position on whether it agrees to provide the information Plaintiffs request.

**Updated Production of Meta_Kadrey_00238287**

Meta is considering its rights under Rule 72 prior to producing pursuant to ECF No. 627. We expect to have an update to you on this by the end of next week.

Best,

Liz

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 25, 2025 2:59 PM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>; Llama C-Counsel
<llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning
<adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

Thank you.  Are you able produce the AA document as ordered by Judge
Hixson today?

Best,

Max

**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Thursday, September 25, 2025 2:48 PM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Llama C-Counsel
<llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning
<adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you
recognize the sender.**

Hi Max,

As you will see, we just responded to Josh.  On your email, we are continuing
to investigate, but can provide an update tomorrow.

Best,

Liz

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Thursday, September 25, 2025 12:56 PM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>; Llama C-Counsel
<llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning
<adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

Liz, Phil:  Following up on my email below.  Thank you.

Best,

Max

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Wednesday, September 24, 2025 4:37 PM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>; Llama C-Counsel
<llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning
<adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** Re: Meta/Kadrey - document production

Thank you, Liz.

Please reproduce the AA tool printout per Judge Hixson's orders.

Please also let us know when we can expect responses to Josh's 9/22 email to you and our 9/22 reply to Phil's 9/19 email. If it's helpful to get on a call to discuss any issues, just let us know.

Best,

Max

---

**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Wednesday, September 24, 2025 11:06 AM
**To:** Maxwell Pritt <mpritt@BSFLLP.com>; Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning <adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith <ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Hi Max,

This is the cost and usage data we promised in Phil's email from 9/19, at point 6.

Best,

Liz

**From:** Maxwell Pritt <mpritt@BSFLLP.com>
**Sent:** Wednesday, September 24, 2025 11:04 AM
**To:** Stameshkin, Liz <lstameshkin@cooley.com>; Llama C-Counsel

<llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning
<adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** RE: Meta/Kadrey - document production


Thanks, Liz.  Can you please identify what is in this production?


Best,

Max


**From:** Stameshkin, Liz <lstameshkin@cooley.com>
**Sent:** Wednesday, September 24, 2025 10:33 AM
**To:** Llama C-Counsel <llama_cocounsel@bsfllp.com>
**Cc:** z/Meta-Kadrey <zmetakadrey@cooley.com>; Angela L. Dunning
<adunning@cgsh.com>; Karen Dunn <kdunn@dirllp.com>; Kyle Smith
<ksmith@dirllp.com>
**Subject:** Meta/Kadrey - document production


**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you
recognize the sender.**

---

Counsel,


At the below link is Meta's document production Meta_Kadrey_049:


**LINK**:  https://liquidfiles.cooley.com/link/4o4uMXkCaGXaZtZY1DAFkO


Password will follow via separate email.


Best,

Liz


Elizabeth L. Stameshkin

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

+1 650 843 5121 office

+1 650 849 7400 fax

+1 626 644 7586 mobile

lstameshkin@cooley.com

Pronouns: she, her, hers


Cooley is committed to racial justice

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other

use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.