**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butterickaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

(additional counsel included below)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., *Individual and Representative Plaintiffs*, v. META PLATFORMS, INC., *Defendant.* | Case No. 3:23-cv-03417-VC **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED COMPLAINT** |

## **NOTICE OF MOTION AND MOTION**

## **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 15, 2026, at 10:00 a.m., or as soon thereafter as the parties may be heard, Plaintiffs will and hereby do move for leave to file a Fourth Amended Consolidated Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiffs seek an order granting their Motion for Leave to File the Amended Complaint to update the Class Definition to conform the allegations in the operative complaint to the current record in the case, and to add one cause of action based on evidence produced by Meta in ongoing discovery.

Plaintiffs' Motion is based on this Notice and Motion, the case record, and any argument of counsel.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

LEGAL STANDARD ..................................................................................................................... 2

ARGUMENT ................................................................................................................................... 3

    I.    Evidence Produced Since Plaintiffs' Last Amendment Supports Amending the Class Definition............................................................................................ 3

    II.    New Evidence Supports Adding a Claim for Contributory Copyright Infringement. ................................................................................................................ 3

    III.    Plaintiffs' Amendments Will Not Prejudice Meta. ................................................ 6

    IV.    Plaintiffs Did Not Delay in Moving for Leave to Amend. .................................... 8

    V.    New Facts Were Unavailable To Plaintiffs When They Previously Amended. ................................................................................................................ 9

    VI.    The Proposed Amendments Are Not Futile. ......................................................... 10

        A.    Class Definition ................................................................................................ 10

        B.    Contributory Copyright Infringement ....................................................... 11

    VII.    The Amendments Are Brought In Good Faith and With No Dilatory Motive. ................................................................................................................ 12

CONCLUSION ............................................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Bayshore Mall*,
   2013 WL 6441504 (N.D. Cal. Dec. 9, 2013) .............................................................................. 7

*Bartz v. Anthropic PBC.*,
   791 F. Supp. 3d 1038 (N.D. Cal. 2025) ................................................................................... 3

*Brown v. Google LLC,*
   2022 WL 2289057 (N.D. Cal. Mar. 18, 2022) ..................................................................... 2, 3

*Carlino v. CHG Med. Staffing, Inc.*,
   634 F. Supp. 3d 895 (E.D. Cal. 2022) .................................................................................... 11

*Coughlin v. Rogers*,
   130 F.3d 1348 (9th Cir. 1997) ................................................................................................. 7

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ................................................................................................... 9

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ............................................................................................. 2, 3

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................ 2

*Gardner v. Martino*,
   563 F.3d 981 (9th Cir. 2009) ................................................................................................. 10

*Griggs v. Pace Am. Grp., Inc.*,
   170 F.3d 877 (9th Cir. 1999) ................................................................................................. 12

*Herrera v. Cnty. of San Benito*,
   2025 WL 2323350 (N.D. Cal. Aug. 11, 2025) ........................................................................ 7

*In re Fritz Cos. Sec. Litig.*,
   282 F. Supp. 2d 1105 (N.D. Cal. 2003) ................................................................................... 6

*Larone v. Metro. Life Ins. Co.*,
   2022 WL 22915064 (C.D. Cal. Sept. 15, 2022) ...................................................................... 3

*Malone v. United States Postal Serv.*,
   833 F.2d 128 (9th Cir. 1987) ................................................................................................... 6

*Maree v. Deutsche Lufthansa AG*,
   2021 WL 4352912 (C.D. Cal. June 21, 2021) ..................................................................... 2, 3

...

*McFall v. Stacy & Witbeck, Inc.*,
  2016 WL 2851589 (N.D. Cal. May 16, 2016) ............................................................................ 8

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ................................................................................................................ 11

*Netbula, LLC v. Bindview Dev. Corp.*,
  2007 WL 2221070 (N.D. Cal. Aug. 2, 2007) ........................................................................ 6, 7

*Newton v. Am. Debt Servs.*, Inc.,
  2013 WL 5592620 (N.D. Cal. Oct. 10, 2013) .......................................................................... 6

*Optrics Inc. v. Barracuda Networks Inc.*,
  2020 WL 8680000 (N.D. Cal. June 11, 2020) ......................................................................... 2

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) .................................................................................................... 2

*Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*,
  494 F.3d 788 (9th Cir. 2007) .................................................................................................. 11

*Pizana v. SanMedica Int'l LLC*,
  345 F.R.D. 469 (E.D. Cal. 2022) .............................................................................................. 9

*Royal Ins. Co. of Am. v. Southwest Marine*,
  194 F.3d 1009 (9th Cir. 1999) .................................................................................................. 8

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
  2019 WL 95927 (N.D. Cal. Jan. 3, 2019) ............................................................................. 6, 7

*United States v. Webb*,
  655 F.2d 977 (9th Cir. 1981) .................................................................................................... 2

**<u>Rules</u>**

Federal Rule of Civil Procedure 15 ............................................................................................ 2, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

When this putative class action was filed in the summer of 2023, Plaintiffs were in the dark about how Meta obtained Plaintiffs' copyrighted works (the "Asserted Works") to train its Llama models. As discovery has unfolded—including the most consequential evidence of Meta's torrenting activities produced just weeks ago—Plaintiffs' understanding of the nature of Meta's use of peer-to-peer file sharing has crystallized. Meta used BitTorrent technology to acquire the Asserted Works for free and make them available to other peers; Meta also distributed the Asserted Works to other peers who opted to take for free what they otherwise would have paid for. Plaintiffs thus respectfully request leave to file a Fourth Amended Consolidated Complaint ("Amended Complaint") that conforms the operative pleading to evidence recently produced by Meta by amending the proposed class definition and adding a cause of action for contributory copyright infringement.[1]

The proposed Amended Complaint now alleges that Meta illegally and materially contributed to direct copyright infringement of the Asserted Works by shadow library operators and Meta's BitTorrent peers. Put another way, when Meta participated in peer-to-peer file-sharing, it not only made numerous copies of the Asserted Works, along with millions of other copyrighted works, and made them available to other BitTorrent users to infringe those copyrights, but it also copied and uploaded torrent content containing the Asserted Works to other BitTorrent peers in the torrent "swarm." Through this conduct, Meta materially contributed to others' direct copyright infringement of the Asserted Works. While earlier evidence (produced months after the close of fact discovery) showed that Meta distributed pirated content to BitTorrent peers in 2024, Meta's newly produced evidence provides a level of detail that was previously missing in this case

---

[1] The Amended Complaint also updates Plaintiffs' direct copyright infringement claim to comport with this new evidence (*i.e.*, by including the latest revelations from Meta's torrenting-related productions and specifying how they infringe on Plaintiffs' copyright rights). Further, while the Amended Complaint includes previously adjudicated claims, it does so to preserve Plaintiffs' rights on appeal, not to resuscitate them now. The Amended Complaint also adds as plaintiffs three loan-out companies for Plaintiffs Silverman, Golden, and Coates that were already subject to discovery by Meta.

regarding Meta's uploading and distribution activity while torrenting the Asserted Works and many others.

Permitting Plaintiffs to amend the class definition and add a cause of action for contributory copyright infringement will not prejudice Meta in any way. Class discovery has not begun, and Plaintiffs do not intend to seek new fact discovery on their amended claim and seek leave only to add one additional expert to provide testimony on the online piracy ecosystem. Nor will the amendments require altering the case management schedule.[2] Moreover, Plaintiffs' request for leave is timely given it is substantially predicated on discovery Meta began producing in the last few months.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend pleadings] when justice so requires." In deciding whether to permit amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failures to cure deficiencies by prior amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Optrics Inc. v. Barracuda Networks Inc.*, 2020 WL 8680000, at *2 (N.D. Cal. June 11, 2020).[3] "In exercising [its] discretion, a court must be guided by the underlying principle of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Rule 15(a) is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

---

[2] The parties separately have stipulated and will seek a 10-week extension of the existing case management deadlines to allow Meta to comply with the court-ordered discovery and additional discovery.

[3] Courts analyze the *Foman* factors for motions to amend class definitions as well as new claims. *See Brown v. Google LLC,* 2022 WL 2289057, at *1 (N.D. Cal. Mar. 18, 2022); *Maree v. Deutsche Lufthansa AG Anthony Castanares et al.*, 2021 WL 4352912, at *5 (C.D. Cal. June 21, 2021).

(emphasis in original). To that end, the party opposing amendment—here, Meta—bears the burden of showing why leave to amend should not be granted. *See id.*

## ARGUMENT

The five *Foman* factors weigh strongly in favor of granting Plaintiffs' leave to amend.

### I. Evidence Produced Since Plaintiffs' Last Amendment Supports Amending the Class Definition.

Plaintiffs seek to amend the proposed class definition to clarify and conform that definition to evidence adduced in this case since Plaintiffs last sought leave to amend the complaint in November 2024. Courts frequently grant leave to amend a proposed class definition to permit clarification of the existing definition. *See, e.g.*, *Larone v. Metro. Life Ins. Co.*, 2022 WL 22915064, at *1, 3 (C.D. Cal. Sept. 15, 2022) (granting amendment to "clarify that [certain] policies are also at issue in this case"); *Brown*, 2022 WL 2289057 at *1 (granting amendment to class definitions to cover additional . . . products and services."); *Maree*, 2021 WL 4352912, at *1, 5 (granting amendment to "correct an inadvertent omission in the class definition" and "narrow the scope of the proposed class").

Here, Plaintiffs seek leave to amend the complaint to modify the proposed class definition on two grounds: first, to ensure the definition adequately captures the full scope of Meta's unauthorized torrenting of the Asserted Works that Plaintiffs have only recently learned through Meta's continuing productions; and, second, to narrow the class to only those persons and entities, *i.e.*, legal or beneficial copyright owners, in copyrights registered with the U.S. Copyright Office in a specified time period. *See Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1052, 1065 (N.D. Cal. 2025) (certifying similar class of copyright owners limited to copyrights registered in specified time periods).

### II. New Evidence Supports Adding a Claim for Contributory Copyright Infringement.

Plaintiffs' recent discovery efforts have yielded evidence directly supporting the cause of action for contributory copyright infringement plead in the proposed Amended Complaint. First, on September 12, 2025, Meta produced additional AWS usage logs that revealed—for the first

time—that Meta used ▓▓▓▓▓ of virtual servers to torrent massive amounts of copyrighted works from Anna's Archive in 2024. Choffnes Decl. ¶ 5; *see* Stein Decl., Ex. 1, Meta_Kadrey_00238140; Ex. 2, Meta_Kadrey_00238141. Prior to the production of this evidence, Meta represented it had used just *six* dedicated virtual computers to torrent from Anna's Archive, and these six virtual computers formed the basis of the parties' torrenting experts' prior analysis of Meta's 2024 torrenting activity. In September 2025, however, Meta produced AWS usage logs for ▓▓▓▓▓—a belated discovery given that Plaintiffs had sought all relevant AWS usage logs starting in March 2025. Choffnes Decl. ¶ 5; *see* Stein Decl., Ex. 3, Meta_Kadrey_00238356; Ex. 4, Meta_Kadrey_00238357; Dkt. 467-2 ("baseball arbitration" RFP for "download logs, data processing records, usage reports, server logs, network traffic reflecting torrent downloads or uploads"). These new logs enable Plaintiffs' expert to better assess the portion of torrented data that Meta uploaded to Meta's BitTorrent peers for ▓▓▓▓▓ not covered by prior productions.

While the AWS logs that Meta produced in September confirm a far broader swath of torrenting by Meta in 2024 than previously disclosed, it wasn't until late last month (November 2025) that Meta produced logs ▓▓▓▓▓. Choffnes Decl. ¶ 5; Stein Decl. Ex. 5.[4] Prior to obtaining this evidence, Plaintiffs had to rely on ▓▓▓▓▓. As with the AWS logs, Plaintiffs had been seeking these EMR logs, also referred to as "application logs" or "yarn logs," since at least March 2025, including in Plaintiffs' "baseball arbitration" RFP. *See* Dkts. 467-2; 470.

---

[4] Although Meta previously produced file listings for torrented books in AWS S3 storage locations, these listings give only an approximation of when torrenting *ended*, but no information about when torrenting *started* for each torrent containing an Asserted Work. Thus, they were insufficient. Choffnes Decl. ¶ 8.

These newly produced EMR logs enable Plaintiffs' expert to develop a more accurate assessment as to whether each of Plaintiffs' Asserted Works was present in the torrent files Meta uploaded and distributed in 2024. Such an assessment requires ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And with respect to the 2024 torrenting of copyrighted works from Anna's Archive (by far the most sizable downloading by Meta), the EMR logs also enable Plaintiffs' expert to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[6] *See* Choffnes Decl. ¶¶ 5–6. In other words, prior to Meta's production of the November 2025 logs, the record established that the Asserted Works were included in the data *downloaded* by Meta via torrenting, but Plaintiffs had to rely on circumstantial evidence that the Asserted Works were included in the data Meta *uploaded* while torrenting. With Meta's production of the EMR logs, Plaintiffs can now deduce with a high degree of certainty that Meta not only downloaded all of the Asserted Works, but also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Plaintiffs can also now demonstrate the substantial scale of Meta's copying and distribution (and thus its "contribution" to the third parties downloading torrented books directly from Meta). Evidence of Meta's 2024 torrenting activity alone shows it is highly likely Meta uploaded ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[5] A "payload" is the corpus of data being downloaded or uploaded in a torrenting session, and it can include many files. The payload is distinct from the torrent file itself, which is typically a file with a .torrent extension including metadata about other files and their location on a peer-to-peer network.

[6] Meta previously produced an incomplete set of logs for its torrenting from Library Genesis in 2022. Choffnes Decl. ¶¶ 8–11. These logs revealed that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* ¶ 6. Meta also recently informed Plaintiffs and the Court that it found additional torrenting from Library Genesis in 2022. *See* Dkt. 653. Meta has not yet produced records of this torrenting.

[REDACTED]. See Choffnes Decl. ¶ 6.

### III.  Plaintiffs' Amendments Will Not Prejudice Meta.

Plaintiffs' amendments pose no risk of prejudice to Meta. To analyze whether a defendant suffers prejudice, courts examine "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Newton v. Am. Debt Servs., Inc.*, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013) (citation omitted). To evaluate prejudice, courts consider (1) whether the amendments will necessitate reopening discovery; (2) whether new parties will be added; and (3) whether the new allegations add claims based on different legal theories or require proof of different facts. *See In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003); *Netbula, LLC v. Bindview Dev. Corp.*, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007).

None of the concerns animating a court's analysis of prejudice are present here. First, class discovery has not begun, and any additional fact discovery relevant to the amended class definition is already encompassed by ongoing discovery. Further, Plaintiffs' narrowing of the class definition to works registered with the U.S. Copyright Office decreases prejudice to Meta by cabining the works at issue.

Second, the addition of a contributory infringement claim is *the result of recently reopened discovery*. Plaintiffs' amendments are based on evidence Meta produced nearly a year after the initial December 2024 fact discovery cutoff, and they will not require new fact discovery beyond that already occurring. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019) (granting amendment after close of fact discovery because amendment did not require additional discovery). Further, even if the Court, in its discretion, finds additional discovery is warranted due to the current flow of new revelations from Meta, "the mere need for additional

discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." *Id.*

Additionally, Plaintiffs' contributory infringement claim is not "based on [a] different legal theory[]" from those already pled, nor does it "require proof of different facts." *Netbula,* 2007 WL 2221070, at *4. Plaintiffs' contributory infringement claim is based on the same underlying factual conduct as their remaining direct infringement claim—Meta's torrenting of the Asserted Works. Courts typically find no undue prejudice where amendment would not change the nature of the case through new theories, parties, or evidence. *See, e.g.*, *Allen v. Bayshore Mall*, 2013 WL 6441504, at *4 (N.D. Cal. Dec. 9, 2013) (granting leave to amend where "[t]he basic fact pattern will remain the same. All that is being added is another legal string to the same old bow.") (citation omitted); *see also Herrera v. Cnty. of San Benito*, 2025 WL 2323350, at *5 (N.D. Cal. Aug. 11, 2025) (holding two new claims in "fourth amended complaint do[] not appear to advance different legal theories and require proof of different facts that so depart from Plaintiff's existing claim as to prejudice Defendant") (citation omitted). Courts also typically refuse to credit claims of prejudice where, as here, the *nonmovant* is responsible for the late discovery of new facts. *See id.* at *5 ("If Defendant played a role in delaying the timing of Plaintiff's motion, it is difficult to argue any resulting prejudice is undue."). Here, as in *Herrera*, Plaintiffs' ability to plausibly plead contributory infringement is wholly predicated on late-produced discovery. *Id.*

Further, the only parties being added to the complaint are three loan-out companies solely owned by Plaintiffs Silverman, Golden, and Coates, respectively.[7] Such legal entities are routinely named as plaintiffs in copyright suits and Meta already took discovery into them. *See* Stein Decl. Exs. 6, 7, 8. The loan-outs can designate their sole owners' deposition testimony as 30(b)(6)

---

[7] The addition of these new parties likewise meets the requirements of Rule 20. Rule 20(a) permits the joinder of plaintiffs in one action if: "(1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). The loan out companies assert rights identical to those of the other plaintiffs—legal and beneficial ownership of copyrights in works at issue—and all claims arise out of Meta's torrenting of those works.

testimony and verify existing discovery responses. And to the extent Meta identifies and seeks non-duplicative discovery, if any, it can be completed without the need for any additional extension.

Finally, Plaintiffs seek to add a single additional expert to assist the factfinder in understanding the full scope of harm that Meta's peer-to-peer file sharing activities caused in the context of the broader online piracy ecosystem. This testimony does not require additional fact discovery, and it does not require extending the case schedule as expert discovery is ongoing and the deadline to complete expert depositions is months away. Thus, again, there is no prejudice to Meta.

## IV. Plaintiffs Did Not Delay in Moving for Leave to Amend.

Courts assess undue delay by looking at the length of time from discovery of the need to amend to the filing of the proposed amendment. "The undue delay inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *McFall v. Stacy & Witbeck, Inc.*, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016). Leave to amend is warranted when the proposed amendment does not simply "reassert an old theory of liability based on previously-known facts." *Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1017 (9th Cir. 1999)

Here, Plaintiffs' understanding of the facts sufficient to support a contributory copyright infringement claim finally started to crystallize in September 2025 after Meta produced a new set of AWS usage logs. And, most importantly, the EMR logs that Meta produced for the first time on November 21, 2025, allow Plaintiffs to ascertain details about the data that Meta copied and uploaded during Meta's 2024 torrenting from Anna's Archive, and ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋. *See* Choffnes Decl. ¶ 5.

In addition to this recently produced evidence, almost all the evidence of Meta's peer-to-peer file sharing was not produced until *after* the close of fact discovery and remains the subject

of discovery. The Court will recall that Meta's torrenting of shadow libraries was not revealed until a (30)(b)(6) deposition in mid-November, 2024, several weeks after the deadline to serve written discovery. And Meta did not produce documents about some of its torrenting until near and at the close of fact discovery on December 13, 2024, while continuing to argue afterward that there was "no evidence that [*Plaintiffs'*] *works* were torrented[.]" Dkt. 379 at 4 (emphasis in original). Meta also fought discovery into its uploading of the Asserted Works and others for months after the close of fact discovery, first arguing its uploading during the seeding phase (*i.e.*, uploading after completely downloading a torrent) was not relevant, *id.* at 1–4 (Jan. 8, 2025); then arguing its uploading activity during the leeching phase (*i.e.*, uploading while downloading) was irrelevant, Dkt. 469 (Mar. 5, 2025). Plaintiffs had to obtain relief from the Court each time. Dkts. 389 at 2; 470.

Similarly, although class discovery has not even begun, recent discovery also supports Plaintiffs' clarification to the class definition. The new definition explicitly references Meta's uploading, offering, and making works available, instead of implicitly including such practices in the current definition's broader "used . . . in the process" language. Further, amendment timing is not dispositive. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("delay, by itself, is insufficient to justify denial of leave to amend"). And it is of particularly little weight where, as here, Plaintiffs' pursuit of "discovery [] led to uncovering the new facts upon which the proposed amendments are based[.]" *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 482 (E.D. Cal. 2022).

**V.    New Facts Were Unavailable To Plaintiffs When They Previously Amended.**

The fourth *Foman* factor asks if a party failed to cure deficiencies with earlier amendments. The proposed amendment is only Plaintiffs' second substantive amendment, and all proposed amendments are based on facts available to Plaintiffs after the operative Third Amended Consolidated Complaint ("TACC") was filed. Indeed, in November 2024, when Plaintiffs moved for leave to file the TACC, they had *zero* evidence of Meta's distribution of copyrighted works via

torrenting, let alone distribution of the Asserted Works.[8] The first evidence of Meta's uploading came in April 2025. Choffnes Decl. ¶ 5. Since that time, that evidence has continued to mount. *Id*.

Because the amendments proposed by Plaintiffs reflect new evidence and developments in this case, there has been no prior failure to cure deficiencies by Plaintiffs' previous proposed amendments.

## VI. The Proposed Amendments Are Not Futile.

Finally, Plaintiffs' proposed amendments are not futile. The amended proposed class definition brings the complaint into alignment with the current scope of the case, and the contributory copyright infringement claim creates an additional, cognizable theory of liability based on new facts. *Cf. Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009) (futile amendments are those that offer no new sets of facts or legal theories, or fail to state cognizable claims).

### A. Class Definition

Plaintiffs' proposed class definition amendments are not futile. Plaintiffs' new definition narrows the putative class and conforms the definition to the facts discovered about Meta's torrenting. A comparison of the current class definition and the amended definition is set forth here:

**Current Proposed Class Definition**
All persons or entities domiciled in the United States that own a United States copyright in any work that was or is used by Meta in the process of LLM training, research, or development, including but not limited to the training and development of its Llama models between July 7, 2020 and the present (the "Class Period").

**Amended Proposed Class Definition**
All legal or beneficial owners of any book, article, journal, or other written work that Meta uploaded, offered or otherwise made accessible to others, and/or downloaded via BitTorrent; or otherwise reproduced in connection with its LLM(s), between July 7, 2020 and the present (the "Class Period"); and that was

---

[8] In fact, Plaintiffs' sought such evidence in a discovery letter brief dated December 20, 2024. *See* Dkt. 356 ("Meta's torrenting-related data . . . is also evidence of Meta *distributing* this copyrighted data without consent from the actual copyright holders, which is an independent infringing act. To fully assess the scope of Meta's torrenting, Plaintiffs asked Meta to produce its BitTorrent client, application logs, and peer lists . . . .") (emphasis in original).

registered with the United States Copyright Office (i) within five years of the work's first publication and (ii) before being uploaded, offered, or made accessible to third parties, and/or downloaded or otherwise copied by Meta, or within three months of first publication.

Class discovery has not yet begun, and a class definition can be narrowed and clarified even at the class certification stage. *See, e.g., Carlino v. CHG Med. Staffing, Inc.*, 634 F. Supp. 3d 895, 901 (E.D. Cal. 2022). Plaintiffs nonetheless seek to amend the class definition now as they are already seeking leave to amend the complaint to plead a contributory copyright infringement claim, and as it may assist the Court in understanding the scope of the proposed class claims at this stage.

### B. Contributory Copyright Infringement

Plaintiffs' contributory infringement claim is also not futile. A defendant is liable if it "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007). Inducement is present where the defendant took "active steps" to "encourage direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 915, 936 (2005) (quotations omitted).

First, Meta materially contributed to direct copyright infringement by Meta's BitTorrent peers and shadow libraries. As the proposed amendment alleges, Meta made available, copied, and distributed *terabytes* worth of copyrighted works, including numerous copies of the Asserted Works, to others, *i.e.*, Meta's BitTorrent peers. Second, Meta materially contributed to shadow libraries' infringement ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Choffnes Decl. ¶ 7; Amend. Compl. ¶122. Indeed, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Amend. Compl. ¶123.

Meta also induced downstream copying from those same BitTorrent peers by ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---



Meta also knew or had reason to know its peers and the shadow libraries it used to torrent were infringing as well, Compl. ¶ 121; the evidence shows that Meta's employees knew they were torrenting from notorious online piracy markets (and that their torrenting could and did indeed result in further spreading of those torrent payloads to third parties). *See* Dkt. 472, Plaintiffs' Motion for Partial Summary Judgment, at 11–15; Dkt 472-71; Dkt 472-34 (recognizing Anna's Archive and LibGen contain "pirate content," are known to engage in IP infringement, and are designated by the federal government as notorious markets). Further, in using the configurations it did, Meta took affirmative steps to make Plaintiffs' works available and distribute them to others, demonstrating the required knowledge for liability for contributory infringement. Amend. Compl. ¶ 121, 125.

Because the proposed amended complaint sufficiently alleges Meta knowingly induced and materially contributed to infringement by others, Plaintiffs' contributory infringement claim is not futile.

### VII. The Amendments Are Brought In Good Faith and With No Dilatory Motive.

Plaintiffs move in good faith to amend their complaint to reflect the state of the factual record on Meta's torrenting of the works in suit. The final factor analyzes whether parties amended "to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 881 (9th Cir. 1999). Such is not the case here. Plaintiffs do not seek to prolong this litigation, but rather to conform the pleadings and assert claims based on facts discovered to date.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court grant leave to file the Amended Complaint.

Dated: December 11, 2025                By: /s/ *Maxwell V. Pritt*
                                            Maxwell V. Pritt

| | |
|---|---|
| **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>Elizabeth J. Cabraser (State Bar No. 083151)<br>Daniel M. Hutchinson (State Bar No. 239458)<br>Jallé H. Dafa (SBN 290637)<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>(415) 956-1000<br>ecabraser@lchb.com<br>dhutchinson@lchb.com<br>jdafa@lchb.com<br><br>Rachel Geman (*pro hac vice*)<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>(212) 355-9500<br>rgeman@lchb.com<br><br>Kenneth S. Byrd (pro hac vice)<br>Betsy A. Sugar (pro hac vice)<br>222 2nd Avenue South, Suite 1640<br>Nashville, TN 37201<br>(615) 313-9000<br>kbyrd@lchb.com<br>bsugar@lchb.com<br><br>**JOSEPH SAVERI LAW FIRM, LLP**<br>Joseph R. Saveri (SBN 130064)<br>Cadio Zirpoli (SBN 179108)<br>Christopher K.L. Young (SBN 318371)<br>Louis Andrew Kessler (SBN 243703)<br>Holden Benon (SBN 325847)<br>Aaron Cera (SBN 351163)<br>601 California Street, Suite 1505<br>San Francisco, California 94108<br>(415) 500-6800<br>jsaveri@saverilawfirm.com | **BOIES SCHILLER FLEXNER LLP**<br>David Boies (*pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>(914) 749-8200<br>dboies@bsfllp.com<br><br>Maxwell V. Pritt (SBN 253155)<br>Joshua M. Stein (SBN 298856)<br>Margaux Poueymirou (SBN 356000)<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>(415) 293-6800<br>mpritt@bsfllp.com<br>jstein@bsfllp.com<br>mpoueymirou@bsfllp.com<br><br>Jesse Panuccio (*pro hac vice*)<br>Jay Schuffenhauer (*pro hac vice*)<br>1401 New York Ave, NW<br>Washington, DC 20005<br>(202) 237-2727<br>jpanuccio@bsfllp.com<br>jschuffenhauer@bsfllp.com<br><br>Joshua I. Schiller (SBN 330653)<br>David L. Simons (*pro hac vice*)<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001<br>(914) 749-8200<br>jischiller@bsfllp.com<br>dsimons@bsfllp.com<br><br>*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class* |

czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
lkessler@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@buttericklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

David Straite (*pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
dstraite@dicellolevitt.com

**COWAN DEBAETS ABRAMS & SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*