1    [Counsel Listed on Signature Page]

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                             SAN FRANCISCO DIVISION

11

12   RICHARD KADREY, *et al.*,                Case No. 3:23-cv-03417-VC

13        Individual and Representative        **JOINT CASE MANAGEMENT**
          Plaintiffs,                          **STATEMENT**
14
     v.
15
     META PLATFORMS, INC, a Delaware
16   corporation,

17        Defendant.

18

19        Pursuant to Civ. L.R. 16-9(a) and Dkt. No. 656, Plaintiffs Richard Kadrey, Sarah

20   Silverman, Christopher Golden, Jacqueline Woodson, Andrew Sean Greer, Rachel Louise

21   Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Díaz,

22   Lysa Terkeurst and Christopher Farnsworth ("Plaintiffs"); and Defendant Meta Platforms, Inc.

23   ("Meta") (collectively, the "Parties"), by and through their respective counsel, hereby submit this

24   Case Management Statement in advance of the Case Management Conference scheduled for

25   December 19, 2025.

26        **A. Jurisdiction, Venue, and Service**

27

28

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* Meta does not challenge personal jurisdiction.

Venue is proper under 28 U.S.C. § 1400(a) because Meta resides or may be found in this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

No parties remain to be served.

**B. Facts**

***Plaintiffs' Statement:*** This case is about whether Meta's reproduction, making available, and distribution of copyrighted written works is copyright infringement. Following the Court's summary judgment orders (Dkt. 598, 601), the parties have focused on Meta's reproduction, making available, and distribution of copyrighted written works during its torrenting of those works. The Court has not yet ruled on such non-training uses of copyrighted written works.

Meta downloaded a massive volume of pirated written works—including copyrighted works authored by Plaintiffs and proposed Class Members—from shadow libraries through a process called torrenting. Because Meta used torrenting to download Plaintiffs and proposed Class Members' copyrighted written works, it also made available, reproduced, and distributed those same works to third-party users. Meta acquired Plaintiffs and proposed Class Members' copyrighted written works for non-training uses. In these ways, Meta has reproduced, made available, and distributed Plaintiffs' and the proposed Class's works without consent or compensation.

To the extent that Meta denies that it uploaded and engaged in non-training uses of Plaintiff's and class members works, the upcoming expert reports and summary judgment briefing will thoroughly rebut Meta's factual contentions. Plaintiffs have never "abandoned" the truthful allegation that Meta uploaded works from the seeding phase of torrenting. To the contrary, even Meta's own expert has never argued that Meta's torrenting settings prevented seeding.

***Meta's Statement:*** Meta denies that it distributed Plaintiffs' works when it downloaded training data for Llama using torrents. Plaintiffs have served two expert reports in this case relating to Meta's torrenting but have not made any showing that any of their works were actually distributed. Plaintiffs first alleged that Meta distributed their works through "seeding," i.e., uploading of their works after completion of the download of a torrent. (Third Amended Compl., Dkt. 407, (paragraph) 87.) But Plaintiffs were later forced to abandon that theory and admitted to the Court that Meta used a script for torrenting that "worked to prevent 'seeding' the pirated data after downloading was complete." (Dkt. 482, 13.) Plaintiffs then pivoted to a second theory that Meta uploaded content while it was torrenting (leeching), but did not present evidence of (or even allege) actual distribution of any Plaintiff work. (Dkt. 489, 34-35.) Plaintiffs will have an opportunity to serve a third expert report on torrenting, and as with Plaintiffs' two previous reports, Meta will respond accordingly and in accordance with the Court's schedule.

Meta is also puzzled by Plaintiffs' allegation above that Meta acquired Plaintiffs' and Proposed Class Members' works for "non-training uses," as this appears to retread ground resolved by the Court's summary judgment orders (Dkt. 598, 601) and does not relate to the sole remaining claim relating to Meta's torrenting of Plaintiffs' works.

**C. Legal Issues**

***Plaintiffs' Statement:*** Following the Court's summary judgment orders (Dkt. 598, 601), the sole remaining legal issues presented in this case arise out of Meta's torrenting copyrighted written works without copyright owners' authorization using BitTorrent default settings and Meta's making available and uploading/distribution (which also entails further copying) of those works, as well as multiple (sometimes dozens of) copies of each Asserted Work and never using those additional copies for any purpose other than making available and uploading/distribution, and storing them. The related issues are:

1.  Whether Meta thereby infringed Plaintiffs' copyrighted written works under 17 U.S.C. § 106;

2.  Whether Meta's conduct was knowing or willful, 17 U.S.C. § 106; and

3.  Whether Plaintiffs may certify a class and subclass(es) under Rule 23 of the

1  Federal Rules of Civil Procedure.

2        Meta has never raised any factual or legal basis to assert a fair use defense for this portion

3  of the case, and Plaintiffs therefore do not understand fair use to be at issue.

4        ***Meta's Statement:*** Following the Court's summary judgment orders (Dkt. 598, 601), the

5  sole remaining legal issues presented in this case arise out of Meta's torrenting of Plaintiffs'

6  copyrighted written works without their authorization, which Plaintiffs allege resulted in those

7  works being uploaded/distributed and/or made available to third parties.  The legal issues are:

8        1.    Whether Meta thereby infringed Plaintiffs' copyrighted written works under 17

9            U.S.C. § 106;

10        2.    Whether Meta's conduct was willful, 17 U.S.C. § 106;

11        3.    Whether Meta's conduct constituted fair use, 17 U.S.C. § 107; and

12        4.    Whether Plaintiffs may certify a class and subclass(es) under Rule 23 of the

13            Federal Rules of Civil Procedure.

14        Per below, Meta has informed Plaintiffs that it will be asserting a fair use defense based

15  on its current understanding of Plaintiff's remaining claim and theories.

16      **D.  Anticipated Motions**

17        ***Plaintiffs' Statement:*** Based on recent discovery, Plaintiffs filed their Motion for Leave to

18  File Fourth Amended Consolidated Complaint on December 11, 2025.  Plaintiffs thereby seek to:

19  (1) limit the proposed class to rightsholders in certain written works with registered copyrights; (2)

20  add a cause of action for contributory copyright infringement to conform to proof; and (3) add three

21  of the named plaintiffs' wholly-owned loan-out companies as additional plaintiffs (where those

22  companies are the registered copyright owners).

23        Plaintiffs also anticipate motions—at the appropriate time—for summary judgment and for

24  class certification.

25        Although Plaintiffs have asked whether Meta intends to raise a fair use defense since at least

26  August 2025, Meta has not indicated whether it will raise a fair use defense based on its non-training

27  uploading and uses of copyrighted works.  *See* Hearing Tr. (Nov. 10, 2025), at 39:4-40:5.  On

28  December 10, 2025, Meta finally answered by stating that it may raise fair use for the first time in

this Joint CMC Statement. But Meta has not sought leave to amend its prior interrogatory responses and *still has not identified any legal or factual basis for any purported fair use defense to torrenting and/or any other non-training uses of copyrighted works*. If Meta asserts a fair use defense, Plaintiffs may file a motion for an order to show cause.

**Meta's Statement:** The contours of Plaintiffs' remaining torrenting-based claim have been evolving. Over the course of the parties' recent meet and confer since the November 10 conference, and now in their proposed Fourth Amended Complaint, Plaintiffs have identified multiple legal theories, including actual distribution, making available and the alleged creation of a transitory copy during the torrenting process, but Meta has yet to be provided with an articulation of the facts or expert opinion supporting these theories. During the parties' meet and confer on December 10, Meta informed Plaintiffs that it will be asserting a fair use defense based on its current understanding of Plaintiff's remaining claim and theories. Plaintiffs' prior contention interrogatory on fair use was propounded, and Meta responded, prior to the close of fact discovery and before there was any claim in this case based on torrenting or unauthorized distribution. Despite Plaintiffs' requesting (and receiving) additional discovery on torrenting after the close of discovery, Plaintiffs have not sought to propound further discovery on Meta's contentions relating to fair use. Nevertheless, to the extent Plaintiffs contend that their prior contention interrogatories apply to the new distribution claim based on torrenting, Meta is willing to supplement its response in accordance with Rule 26(e) to address it.

Meta will oppose the motion to amend. Meta also anticipates motions for summary judgment in accordance with the Court's schedule. Meta also anticipates moving for leave to serve discovery directed to any new claims and allegations to the extent Plaintiffs' motion for leave to amend is granted over Meta's objection.

### E. Amendments to Pleadings

The Third Amended Consolidated Complaint is the current operative Complaint. *See* Dkt. 407. Plaintiffs' Motion for Leave to File Fourth Amended Consolidated Complaint is currently pending.

### F.  Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the action.

*Plaintiffs' Statement:* Plaintiffs believe an evidence preservation issue exists regarding Meta's server and/or network data that is potentially relevant to Meta's torrenting activity, which Plaintiffs discussed in their Summary Judgment Opposition and Reply. Dkt. No. 575 at 7-8.[1] Plaintiffs further believe that Meta's response mischaracterizes the ESI order which excludes network and server logs related to the acquisition of Plaintiffs' works from the exception to preserve such logs. Dkt. 101. As discovery related to Meta's torrenting is ongoing, Plaintiffs continue to assess whether there are additional, related preservation issues.

*Meta's Statement:* Meta addressed this purported issue in its summary judgment briefing (Dkt. 572 at 5-6, n. 5); there are no open preservation issues in Meta's view.

### G.  Disclosures

The Parties exchanged initial disclosures on December 1, 2023 pursuant to Rule 26(a)(1)(A). The Parties have periodically supplemented their initial disclosures since that time and will continue to supplement as necessary, as required by Rule 26(e).

### H.  Discovery

#### 1.  Training-related Discovery

The Parties conducted fact and expert discovery regarding Meta's use of copyrighted written works to train its large language models (LLMs) before filing their summary judgment motions. Fact training-related discovery concluded on December 13, 2024, with limited re-openings thereafter for discrete additional issues. Expert training-related discovery concluded on March 7, 2025.

#### 2.  Torrenting-related Discovery

---

[1] Plaintiffs addressed Meta's response in its MSJ hearing slides. Dkt. 588-1 at 27 (explaining that in citing the ESI Order, Meta omitted relevant language applicable to the preservation of this type of data).

The parties agree that additional torrenting-related fact and expert discovery is appropriate.  On November 6, 2025, the Court entered a Stipulation and Order Regarding the Case Management Schedule (Dkt. 641), which extended the discovery deadlines due to additional evidence of torrenting from Anna's Archive and Library Genesis (the "New Evidence").  Meta has proposed, and Plaintiffs have agreed, to extend this schedule by approximately ten (10) more weeks to complete pending discovery that Meta has voluntarily agreed to provide Plaintiffs, including additional custodial document collections and searches, additional computer and server file searches, and searches for additional log files.  (Dkt. 660.)

Pursuant to the Court's Order Granting Plaintiffs' Motion for Additional Discovery (Dkt. 647), Plaintiffs intend to take a Rule 30(b)(6) deposition, and a Rule 30(b)(1) deposition of Xiaolan Wang.  Plaintiffs have indicated that they also intend to take the depositions of two former Meta employees (Guillaume Lample and Stephen Roller), and Plaintiffs may file a motion or stipulation (and proposed order) to authorize third-party subpoenas to them.

***Plaintiffs' Statement:*** Plaintiffs maintain that their pending Motion for Leave to File the Fourth Amended Consolidated Complaint, if granted, will not affect the timing of this phase of discovery and will not require Plaintiffs to seek additional factual discovery, although Plaintiffs do believe an additional expert on the subject of digital piracy may assist the Court (and, eventually, the Jury).  And, the three affected Plaintiffs have already been subject to discovery regarding their loan-out companies, and do not object to additional non-duplicative discovery regarding their loan-out companies.

***Meta's Statement:***  Plaintiffs repeatedly represented to Meta in seeking its consent to allow Plaintiffs to file the Fourth Amended Complaint that "Plaintiffs will not seek additional fact discovery based on any of these changes and we will not seek to modify any case deadlines as a result of any of these changes."  Meta does not believe the proposed amendment is appropriate, which Meta will address in its forthcoming opposition to the Motion for Leave.   If the amendment is permitted over Meta's objection, Meta anticipates needing discovery to understand the factual bases and evidence allegedly supporting Plaintiffs' new contributory infringement allegations, including discovery about the alleged direct infringer(s) in Plaintiffs' new

contributory infringement theory and Meta's alleged material contributions to the direct

infringer(s)' alleged infringement, which have not been provided.  Discovery from the new

proposed plaintiff loan-out companies will also be needed, as none of those entities have engaged

in any party discovery in this case, including party document requests, interrogatories, and

depositions.

### 3. Class Discovery

The Parties anticipate that after the summary judgment phase concludes there will be

class-related discovery to provide an adequate record for the consideration of class certification.

### I. Class Actions

As required by Civil Local Rule 16-9(b), all attorneys of record certify that they have

reviewed the Procedural Guidance for Class Action Settlements.

***Plaintiffs' Statement:***  Consistent with Local Rule 16-9 and the Standing Order for All

Judges of the Northern District of California (pursuant to which a plaintiff addresses class

certification in a CMC statement), and given that Plaintiffs bear the burden of establishing that

the elements of Rule 23 are satisfied, Plaintiffs provide the following additional information

regarding the Class Action allegations:

Plaintiffs assert that class certification is appropriate because Plaintiffs can prove the

elements of their claims, including damages, on a class-wide basis using the same evidence as

would be used to prove these elements in individual actions alleging the same claim.

Plaintiffs intend to request that the Court certify a class under Fed. R. Civ. P. 23(b)(3), Fed.

R. Civ. P. 23(b)(2), and/or Fed. R. Civ. P. 23(c)(4).

Based on the current posture of the and without waiving any appellate rights, Plaintiffs

intend to request that the Court certify the following class:

> All legal or beneficial owners of any book, article, journal, or other
> written work Meta uploaded, offered or otherwise made accessible
> to others, and/or downloaded via BitTorrent; or otherwise
> reproduced in connection with its LLM(s), between July 7, 2020 and
> the present (the "Class Period"); and that was registered with the
> United States Copyright Office (i) within five years of the work's
> first publication and (ii) before being uploaded, offered, or made
> accessible to third parties, and/or downloaded or otherwise copied by
> Meta, or within three months of first publication.

Consistent with Rule 23(c)(1)(B)-(C), Plaintiffs may further modify this definition of the putative class to conform to proof during the class discovery phase.

Plaintiffs thereby seek to represent a class of owners of registered copyrights in written works whose works were used by Meta. Plaintiffs allege that Meta committed direct and/or contributory copyright infringement when it uploaded a large trove of copyrighted written works and used those works for non-training purposes. Meta's conduct with respect to the class was uniform. That is, Meta made a single decision (implemented over a discrete period of time) to torrent a large volume of copyrighted written works, without seeking authors' consent, and reproduced, made available, and distributed those works. Plaintiffs' and class members' claims will therefore rise or fall on common questions of law—only federal law is at issue—and fact. The central issues include (a) whether Meta reproduced, made available, and/or distributed class members' written works in the course of torrenting or using the works for non-training purposes; (b) whether Meta's infringement of the copyrights in class works was willful.

*Meta's Statement:* Plaintiffs have added a lengthy and argumentative discussion regarding class certification that extends far beyond the discussions in prior case management statements. *See, e.g.*, Dkt. 605 at 12. None of this argument is appropriate or pertinent to the current stage of the case, where the Court is currently adjudicating the named plaintiffs' claims on the merits before addressing any issues of class discovery or class certification. Meta reserves all rights and arguments with respect to plaintiffs' proposed class definition and will oppose class certification at the appropriate time.

**J.  Related Cases**

The following cases are related to and have been consolidated in this proceeding:

- *Chabon et al. v. Meta Platforms, Inc.*, No. 3:23-cv-04663-VC
- *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 3:23-cv-06663-VC
- *Farnsworth et al. v. Meta Platforms, Inc.*, No. 3:24-cv-06893-VC

On November 25, 2025, the Court found that a fourth, recently filed action is related, *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, Case No. 25-cv-09579-VC ("*Entrepreneur*").

The plaintiff in *Entrepreneur* appears to be a class member in this Action. Because resolution of opt-out plaintiffs' claims typically occurs after resolution of class claims, the parties believe that *Entrepreneur* should be fully or partially stayed and/or that any summary judgment motion practice or trial in *Entrepreneur* should occur after the dispositive motions and trial in this Action.

**K. Relief**

Plaintiffs seek judgment against the Meta and in favor of the proposed class, as well as the following relief: (a) the certification of the proposed class, the appointment of Plaintiffs' counsel as class counsel, the designation of class representatives, and a notice program under Rule 23; (b) the award of damages in favor of Plaintiffs and the class against Defendant for all damages sustained as a result of Defendants' violations of the Copyright Act, including statutory damages or (at Plaintiffs' election) actual damages, restitution, and/or disgorgement of profits (restitutionary and non-restitutionary), and prejudgment and/or postjudgment interest thereon as permitted by law; (c) a declaration that Meta infringed Plaintiffs and proposed class members' exclusive copyrights, and that such infringement was willful; (d) an order permanently enjoining Meta from engaging in its alleged infringing conduct; and (e) an order awarding Plaintiffs and the proposed class costs, expenses, and attorneys' fees, as permitted by law.

Meta denies that certification of any class is appropriate or that Plaintiffs are entitled to any relief in this action. Meta reserves the right to seek recovery of its costs and attorneys' fees as permitted by law.

**L. Settlement and ADR**

On November 15, 2023, the Parties complied with ADR L-R 3.5 by filing their respective ADR Certifications by Parties and Counsel. Dkt. 48-51.

The Parties briefly discussed settlement and ADR options during their meet and confer on December 10, 2025.

**M. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### N.  Narrowing of Issues

The Parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

### O.  Scheduling

Pursuant to the Stipulation and Order Regarding the Case Management Schedule (Dkt. 641), the following schedule currently applies:

| Event | Deadline (Dkt. 641) |
|---|---|
| Plaintiffs' Expert Report | Friday, December 19, 2025 |
| Meta Rebuttal to Plaintiffs' Expert Report | Thursday, January 22, 2026 |
| Deadline to Complete Expert Depositions | Friday, February 6, 2026 |
| Summary Judgment Brief 1 | Thursday, February 12, 2026 |
| Summary Judgment Brief 2 | Thursday, March 12, 2026 |
| Summary Judgment Brief 3 | Thursday, April 2, 2026 |
| Summary Judgment Brief 4 | Thursday, April 16, 2026 |
| Summary Judgment Hearing | Thursday, April 30, 2026 |
| Class Discovery and Deadline for Plaintiffs' motion for class certification | TBD |
| Final Pretrial Conference | TBD |
| Trial | TBD |

Meta has proposed, and Plaintiffs have agreed, to extend this schedule to complete pending discovery:

| Event | Current Scheduling Order (Dkt. 641) | Proposed Deadline |
|---|---|---|
| Opening Expert Reports | Friday, December 19, 2025 | Friday, February 27, 2026 |
| Rebuttal Expert Reports | Thursday, January 22, 2026 | Friday, April 3, 2026 |
| Deadline to Complete Expert Depositions | Friday, February 6, 2026 | Thursday, April 23, 2026 |

| Summary Judgment Brief 1 | Thursday, February 12, 2026 | Thursday, April 30, 2026 |
|---|---|---|
| Summary Judgment Brief 2 | Thursday, March 12, 2026 | Thursday, May 28, 2026 |
| Summary Judgment Brief 3 | Thursday, April 2, 2026 | Thursday, June 18, 2026 |
| Summary Judgment Brief 4 | Thursday, April 16, 2026 | Thursday, July 2, 2026 |
| Summary Judgment Hearing | Thursday, April 30, 2026 | Thursday, July 16, 2026 |

The parties have filed a stipulation reflecting that agreement before the CMC.  (Dkt. 660.)

**P.  Trial**

Plaintiffs have requested a trial by jury on all claims allowed. The parties believe it is premature to determine the length of trial until the scope of issues to be tried is finalized.

***Plaintiffs' Statement:***   At this stage, however, Plaintiffs anticipate trial would require between eight and ten court days.

**Q.  Disclosure of Non-Party Interested Entities or Persons**

The Parties filed their Certificates of Interested Entities or Persons under Civil Local Rule 3-15.

**R.  Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**S.  Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

1    Dated:  December 12, 2025

2                                                    Respectfully Submitted,

3    By *s/ Kathleen Hartnett*                        By *s/ Maxwell V. Pritt*

4    **DUNN ISAACSON RHEE LLP**                       **BOIES SCHILLER FLEXNER LLP**
     KAREN L. DUNN (*pro hac vice*)                   Maxwell V. Pritt (SBN 253155)
     (kdunn@dirllp.com)                               Joshua I. Schiller (SBN 330653)
5    KYLE N. SMITH (pro hac vice)                     Joshua M. Stein (SBN 298856)
     (ksmith@dirllp.com)                              Margaux Poueymirou (SBN 356000)
6    401 9th Street, NW                               44 Montgomery Street, 41st Floor
     Washington, DC 20004                             San Francisco, CA 94104
7    Telephone:     (202) 240-2900                    (415) 293-6800
                                                      mpritt@bsfllp.com
8    **COOLEY LLP**                                   jischiller@bsfllp.com
     BOBBY GHAJAR (198719)                            jstein@bsfllp.com
9    (bghajar@cooley.com)                             mpoueymirou@bsfllp.com
     1333 2nd Street, Suite 400
10   Santa Monica, CA 90401                           David Boies (pro hac vice)
     Telephone:     (310) 883-6400                    333 Main Street
11                                                    Armonk, NY 10504
     KATHLEEN HARTNETT (314267)                       (914) 749-8200
12   (khartnett@cooley.com)                           dboies@bsfllp.com
     MARK WEINSTEIN (193043)
13   (mweinstein@cooley.com)                          Jesse Panuccio (pro hac vice)
     JUDD LAUTER (290945)                             1401 New York Ave, NW
14   (jlauter@cooley.com)                             Washington, DC 20005
     ELIZABETH L. STAMESHKIN (260865)                 (202) 237-2727
15   (lstameshkin@cooley.com)                         jpanuccio@bsfllp.com
     3175 Hanover Street
16   Palo Alto, CA  94304                             **LIEFF CABRASER HEIMANN &**
     Telephone:     (650) 843-5000                    **BERNSTEIN, LLP**
17                                                    Elizabeth J. Cabraser (SBN 83151)
     PHILLIP MORTON (*pro hac vice*)                  Daniel M. Hutchinson (SBN 239458)
18   (pmorton@cooley.com)                             Jallé H. Dafa (SBN 290637)275 Battery
     1299 Pennsylvania Avenue, NW, Suite 700          Street, 29th Floor
19   Washington, DC 20004-2400                        San Francisco, CA 94111-3339
     Telephone:     (202) 842-7800                    Telephone: 415.956.1000
20                                                    Email: ecabraser@lchb.com
     **CLEARY GOTTLIEB STEEN &**                      dhutchinson@lchb.com
21   **HAMILTON LLP**                                 jdafa@lchb.com
     ANGELA L. DUNNING (212047)
22   (adunning@cgsh.com)                              Rachel Geman (*pro hac vice*)
     1841 Page Mill Road, Suite 250                   rgeman@lchb.com
23   Palo Alto, Ca 94304                              250 Hudson Street, 8th Floor
     Telephone:     (650) 815-4131                    New York, NY  10013-1413
24                                                    Telephone:  212.355.9500
     **PAUL, WEISS, RIFKIND, WHARTON &**              Facsimile:  212.355.9592
25   **GARRISON LLP**                                 Email: rgeman@lchb.com
     KANNON K. SHANMUGAM (*pro hac vice*)
26   (kshanmugam@paulweiss.com)                       Kenneth S. Byrd. (*pro hac vice*)
     2001 K Street, NW                                Betsy A. Sugar (*pro hac vice*)
27   Washington, Dc 20006                             LIEFF CABRASER HEIMANN &
     Telephone:     (202) 223-7300                    BERNSTEIN, LLP
28                                                    222 2nd Avenue South, Suite 1640

JOINT CASE MANAGEMENT STATEMENT
                                                     CASE NO. 3:23-CV-03417-VC

1   *Counsel For Defendant*                    Nashville, TN 37201-2375
    *META PLATFORMS, INC.*                     Telephone: 615.313.9000
2                                              Email: kbyrd@lchb.com
                                               bsugar@lchb.com
3
                                               Scott J. Sholder (*pro hac vice*)
4                                              **COWAN DEBAETS ABRAHAMS &**
                                               **SHEPPARD LLP**
5                                              60 Broad Street, 30th Floor
                                               New York, New York 10004
6                                              Telephone: 212.974.7474
                                               Email: ssholder@cdas.com
7                                              ssholder@cdas.com

8                                              Joseph R. Saveri (State Bar No. 130064)
                                               Cadio Zirpoli (State Bar No. 179108)
9                                              Christopher K.L. Young (State Bar No.
                                               318371)
10                                             Holden Benon (State Bar No. 325847)
                                               Aaron Cera (State Bar No. 351163)
11                                             **JOSEPH SAVERI LAW FIRM, LLP**
                                               601 California Street, Suite 1505
12                                             San Francisco, California 94108
                                               Telephone: (415) 500-6800
13                                             Facsimile: (415) 395-9940
                                               Email: jsaveri@saverilawfirm.com
14                                             czirpoli@saverilawfirm.com
                                               cyoung@saverilawfirm.com
15                                             hbenon@saverilawfirm.com
                                               acera@saverilawfirm.com
16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
                                               CASE NO. 3:23-CV-03417-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DICELLO LEVITT LLP**
Amy Keller (pro hac vice)
James A. Ulwick (pro hac vice)
Nada Djordjevic (pro hac vice)
10 North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
akeller@dicellolevitt.com
julwick@dicellolevitt.com
ndjordjevic@dicellolevitt.com

David A. Straite (pro hac vice)
485 Lexington Ave., Suite 1000
New York, NY 10017
Telephone: (646) 933-1000
dstraite@dicellolevitt.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com
asweatman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

1

## ECF ATTESTATION

2

3        Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Defendant concurs in the

filing of this document

4                                    */s/ Daniel M. Hutchinson*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28