DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
(kdunn@dirllp.com)
KYLE N. SMITH (*pro hac vice*)
(ksmith@dirllp.com)
401 9th Street, NW
Washington, DC 20004
Telephone:    (202) 240-2900

COOLEY LLP
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000

BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:    (310) 883-6400

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                                    Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF MICHELLE WOODHOUSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED COMPLAINT [DKT. 659]** |

I, Michelle Woodhouse, hereby declare:

1. I am an Associate General Counsel for Defendant, Meta Platforms, Inc. ("Meta"). I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts. If called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Civil L.R. 79-5(f)(3), I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 636) ("Motion").

3. For the reasons detailed herein, Meta seeks leave to file under seal portions of certain documents filed by Plaintiffs in support of Plaintiffs' Motion.

| Document | Sealing Request |
| --- | --- |
| Woodhouse Exhibit A – Ex. 1 to Stein Declaration | Redacted portions |
| Woodhouse Exhibit B – Ex. 2 to Stein Declaration | Redacted portions |
| Woodhouse Exhibit C – Exhibit 3 to Stein Declaration | Redacted portions |
| Woodhouse Exhibit D – Exhibit 4 to Stein Declaration | Redacted portions |
| Woodhouse Exhibit F – Exhibit 9 to Stein Declaration | Redacted portions |
| Woodhouse Exhibit G – Exhibit 10 to Stein Declaration | Redacted portions |
| Woodhouse Exhibit H – Exhibit 11 to Stein Declaration | Redacted portions |
| Exhibit 12 to Stein Declaration | Entirety |
| Woodhouse Exhibit J – Exhibit 13 to Stein Declaration | Redacted portions |

4. Meta seeks the Court's permission to file under seal discrete portions of the following exhibits, as further explained below.

5. **Meta Employee PII**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits F, G, H**, and **J** that reflect employees' personal identifiable information (PII), namely, the email addresses and associated usernames for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect employee privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta has previously

1  requested to seal documents based on the same personal identifiable information, (*e.g.*, Dkt. 391-1
2  ¶ 5; Dkt. 409-1 ¶¶ 3, 7–8, 10), which this Court has granted, (*e.g.*, Dkt. 393; Dkt. 414). In addition,
3  Meta has previously sought to file **Woodhouse Exhibit H** with the same redactions proposed here,
4  (ECF 391-1 ¶¶ 3-6, ECF 391-8), which the Court granted (ECF 393).

      6.    **Meta's Cybersecurity Information**. Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits F, H, and J,** that reflect hyperlinks, file paths, and certain file names (*e.g.*, links to access Meta's internally stored documents and data), which point to Meta's confidential and proprietary information and sensitive features of its internal systems. Meta further respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits A-D**, which reflect account numbers and specific Amazon Web Services EC2 instance identification numbers. These materials are maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. Disclosure of this confidential and proprietary information about Meta's infrastructure may increase the risk of cybersecurity threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. Accordingly, hyperlinks, file paths, file names, account numbers, and EC2 instance identification numbers have been sufficiently redacted to mitigate these risks. Meta previously requested to seal documents based on the same concerns regarding network security, (*e.g.*, Dkt. 391-1 ¶ 9), which this Court has granted, (*e.g.*, Dkt. 393). In addition, Meta has previously sought to file **Woodhouse Exhibit H** with the same redactions proposed here, (ECF 391-1 ¶¶ 3-6, ECF 391-8), which the Court granted (ECF 393).

      7.    Further, for the same reasons as set forth in paragraph 6, Meta respectfully requests the Court's permission to keep the entirety of **Woodhouse Exhibit I** under seal. Woodhouse Exhibit I is a 5-gigabyte native .tar file, which contains more than 80,000 individual log files. While Meta has not reviewed each of these files individually, numerous exemplary files reviewed contain file paths, filenames, and hostnames for internal Meta systems. As it would be impractical to attempt to redact each of these 80,000 files, Meta requests the Court seal Woodhouse Exhibit I in

its entirety. I further understand that Plaintiffs have not actually filed Woodhouse Exhibit I, but rather plan to submit it to the Court on a flash drive.

8. Woodhouse Exhibit I is cited once in Plaintiffs' filing. It is cited in Plaintiffs' Expert Dr. Choffnes's declaration (ECF 659-3), for the proposition: "As described in my prior Declaration in Support of Plaintiffs' Administrative Motion Requesting Leave to Obtain Limited Additional Discovery, Dkt. 654-1, in April, 2025, Meta produced tens of thousands of log files from Guillaume Lample's LibGen torrenting in 2022 and 2023." (ECF 659-3 ¶ 9, n. 10 (citing to Stein Decl. Ex. 11 [sic], Meta_Kadrey_00238128).)[1] Meta does not request that this statement, or any part of the Choffnes Declaration, be sealed.

9. **Meta's Third-Party Relationship Information.** Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibit H** that reflect confidential third-party identities subject to nondisclosure obligations, as well as sensitive and nonpublic information concerning Meta's business strategies and negotiations vis-à-vis third parties (including Meta's internal considerations regarding possible strategic partnerships). Disclosure of third-party identities and agreement terms subject to non-disclosure obligations would put the third parties' confidential information at risk and pose a competitive disadvantage to Meta and the third parties who obtained promises of confidentiality from Meta for this information and who are not parties to this lawsuit. Meta further respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibits A-D** that reflect pricing information that is highly confidential to both Meta and Amazon, which provides AWS services to Meta and subject to confidentiality and non-disclosure obligations. Disclosure of this pricing information subject to non-disclosure obligations would put Amazon and Meta's confidential information at risk and pose a competitive disadvantage to Meta and the third parties who obtained promises of confidentiality from Meta for this information and who are not parties to this lawsuit. Meta has limited its proposed redactions to those necessary to mitigate the aforementioned harms, while maintaining the public's access to

---

[1] I am attempting to understand Plaintiffs' citations, which appear to have typographical errors in them. As Stein Decl. Exhibit 11 is not Meta_Kadrey_00238128, Meta assumes based on context that the Bates number included in this cite is correct and thus should refer to Stein Decl. Exhibit 12, not 11. Stein Decl. Exhibit 11 (Woodhouse Exhibit H) is a document bearing Bates No. Meta_Kadrey_00089791 and does not relate to logs for Mr. Lample's activities.

information with potential relevance to the merits of the case.  Meta has previously sought to file **Woodhouse Exhibit H** with the same redactions proposed here, (ECF 391-1 ¶¶ 3-6, ECF 391-8), which the Court granted (ECF 393).

10. **Meta's Highly Confidential Technical Information.** Meta respectfully requests the Court's permission to redact limited portions of **Woodhouse Exhibit J** that reflect Meta's nonpublic source code.  Meta treats its source code with a high degree of security, and public disclosure of its source code would expose Meta to competitive harm. Accordingly, maintaining the confidentiality of source code information is critical to Meta's business and Meta treats this information as highly confidential. Meta has previously requested to seal documents based on similar technical information, and trade secret information pertaining to its generative AI offerings, (e.g., Dkt. 266-1 ¶ 6), which this Court has granted, (e.g., Dkt. 317 (granting Dkt. 266)).

\*\*\*

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed in San Jose, California on this 18th day of December 2025.

*[signature]*
Michelle Woodhouse