| | |
|---|---|
| HUESTON HENNIGAN LLP<br>Moez M. Kaba (#257456)<br>mkaba@hueston.com<br>Michael M. Purpura (#338216)<br>mpurpura@hueston.com<br>Lee Linderman (#280743)<br>llinderman@hueston.com<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014<br>Telephone: (213) 788-4340<br><br>Attorneys for Entrepreneur Media, LLC | NEWMEYER & DILLION LLP<br>Michael B. McClellan (#241570)<br>Michael.McClellan@ndlf.com<br>Benjamin P. Pugh (#202025)<br>benjamin.pugh@ndlf.com<br>Jason L. Morris (#295271)<br>Jason.Morris@ndlf.com<br>Harlye S. Carlton (#261641)<br>Harlye.Carlton@ndlf.com<br>895 Dove Street, Second Floor<br>Newport Beach, California 92660<br>(949) 854-7000; (949) 854-7099 (Fax) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Richard Kadrey, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>Meta Platforms, Inc.,<br><br>        Defendant. | Case No. 3:23-CV-3417-VC<br><br>**STATEMENT OF ENTREPRENEUR MEDIA, LLC REGARDING PROPOSED CASE SCHEDULES** |

Entrepreneur Media, LLC ("Entrepreneur"), plaintiff in the related action *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, Case No. 3:25-cv-09579-VC, respectfully submits this brief statement regarding the proposed case schedules in the above-captioned matter. The Court indicated that it seeks Entrepreneur's input on scheduling and coordination between the two cases. *See* Dkt. No. 680 (2/5/26 Tr.).

## I. ENTREPRENEUR'S CASE AND ITS INTEREST IN COORDINATION

Entrepreneur is singularly focused on efficiently presenting the Court with a developed record on all of its claims—direct copyright infringement, contributory copyright infringement, and violations of the DMCA under 17 U.S.C. § 1202(b)(1). To that end, Entrepreneur has already served two sets of interrogatories and two sets of requests for production and is actively negotiating a protective order and ESI protocol with Meta.

Entrepreneur recognizes the efficiencies to be gained by coordinating discovery and deadlines with respect to the torrenting and uploading issues that overlap with the *Kadrey* plaintiffs' remaining distribution claim. Entrepreneur supports such coordination and will work with all parties to achieve appropriate efficiencies—including aligning *Kadrey*'s expert discovery and summary judgment deadlines with Entrepreneur's existing case schedule,[1] and coordinating overlapping depositions and discovery on distribution-related topics.[2]

However, as the Court is aware, Entrepreneur's claims extend well beyond the distribution issues remaining in *Kadrey*. Entrepreneur respectfully submits that the existing case schedule in Entrepreneur—including its September 4, 2026 fact discovery cutoff—should not be compressed to accommodate scheduling proposals in the *Kadrey* case.

---

[1] *See* Case No. 3:25-cv-09579-VC, Dkt. No. 40 (Case Schedule Order).
[2] For example, Entrepreneur supports coordinating the Rule 30(b)(6) deposition and the deposition of Xiaolan Wang referenced at the Court's February 5 hearing. To the extent Entrepreneur participates in coordinated depositions, it will need: (1) Meta to provide adequate responses to the written discovery Entrepreneur has served; and (2) sufficient time with each witness to address all of its claims—not only the distribution issues that overlap with *Kadrey*, but also its direct infringement, contributory infringement, and DMCA claims—which may require that certain depositions extend beyond seven hours.

## II. THE EXISTING SCHEDULE IN ENTREPRENEUR SHOULD GOVERN

There are concrete reasons why an earlier cutoff on torrenting and uploading discovery would be premature for Entrepreneur.

*First*, despite diligent negotiations, the parties in Entrepreneur have not yet finalized a stipulated protective order. Entrepreneur has offered to agree to the protective order with the one entered in *Kadrey*, but the parties have been unable to reach agreement. The principal remaining dispute concerns the Federal Rule of Evidence 502(d) clawback provision, which was left as a placeholder in *Kadrey* and thus provides no template for resolution. Without a protective order in place, Entrepreneur cannot engage the experts necessary to review Meta's technical database production—totaling nearly 25 terabytes—or share confidential discovery materials with consulting or testifying experts, all of which is necessary to Entrepreneur's meaningful assessment of the torrenting and uploading evidence.[3]

*Second*, the parties are actively negotiating an ESI protocol but have not yet reached agreement on custodians, search terms, or non-custodial data sources. Entrepreneur has informed Meta that the *Kadrey* production, while a useful starting point, is not a substitute for a case-specific discovery process tailored to Entrepreneur's claims—which include market-harm theories and a DMCA claim under § 1202(b)(1) that were not at issue in *Kadrey*.

*Third*, Entrepreneur's discovery needs on the torrenting and uploading issues are broader than the *Kadrey* plaintiffs' remaining distribution claim. Entrepreneur has a live contributory infringement claim that the *Kadrey* plaintiffs do not. Entrepreneur's DMCA claim under 17 U.S.C. § 1202(b)(1) also requires development of the evidentiary record on CMI removal and Meta's knowledge—issues that were resolved in *Kadrey* on the basis of the fair use ruling. *See* Dkt. No. 601 at 1. A fact discovery cutoff designed for a narrower set of issues would not serve Entrepreneur's needs.

The Court has already ordered that Entrepreneur's existing fact discovery cutoff should be September 4, 2026. *See* Case No. 3:25-cv-09579-VC, Dkt. No. 40. Entrepreneur intends to use

---

[3] The absence of a finalized protective order also presents an obstacle to any cross-case sharing of discovery materials between the *Kadrey* and Entrepreneur plaintiffs.

that time efficiently and hopes that Meta will promptly produce adequate discovery responses so the parties can meet these deadlines. And Entrepreneur respectfully requests that any scheduling order in this matter not disturb the case schedule set in *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, Case No. 3:25-cv-09579-VC, Dkt. No. 40.

Dated: February 20, 2026

HUESTON HENNIGAN LLP

By: _____
Lee Linderman

Moez M. Kaba
Michael M. Purpura
Lee Linderman

NEWMEYER & DILLION LLP
Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton

*Attorneys for*
ENTREPRENEUR MEDIA, LLC