# Cooley

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

March 3, 2026

**E-Filed**

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

Re:     *Kadrey, et al. v. Meta Platforms, Inc.*

Dear Judge Chhabria:

In the event that the Court is inclined to consider Plaintiffs' March 2, 2026 Letter to the Court (Dkt. 690) regarding Meta's supplementation of its response to Plaintiffs' Interrogatory No. 16 (a submission that Plaintiffs did not seek leave to file), Defendant Meta Platforms, Inc. ("Meta") respectfully requests leave to provide this response.  L.R. 7-3(d).

Plaintiffs' letter is based on the false assertion that Meta "never once suggested it would assert a fair use defense to the uploading-based claims, including after this Court raised the issue with Meta last November." (Dkt. 690 at 1).  First, Plaintiffs acknowledged in their own portion of the parties' December 12, 2025 CMC Statement that "[o]n December 10, Meta finally answered by stating that it may raise fair use for the first time in this Joint CMC Statement." Dkt. 661 at 4-5.  Second, in that same CMC Statement, Meta identified as a remaining legal issue for the distribution claim "[w]hether Meta's conduct constituted fair use, 17 U.S.C. § 107," and stated that "Meta has informed Plaintiffs that it will be asserting a fair use defense based on its current understanding of Plaintiff's remaining claim and theories."  *Id.* at 4.  Third, the same CMC Statement specifically addressed Plaintiffs' failure to seek discovery on fair use, and Meta's willingness to supplement the interrogatory response under Rule 26(e).  *Id.* at 5. Fourth, at the December 19, 2025 CMC, Plaintiffs' counsel specifically acknowledged Meta's claimed fair use defense to distribution and argued that it could be dealt with at summary judgment:

> MR. PRITT: *Meta still suggests that it will raise some fair use defense*, but it is very clear in the case law that peer-to-peer file sharing and distribution does not have a fair use defense. And so the only issue is an evidentiary one. Now, if the plaintiff has a book that was torrented, it's going to be the exact same work that Meta then used later, so you cannot recover damages for that. *So we would go to trial, have -- you know, show the torrenting, deal with any fair use defense that Meta wants to try and raise at summary judgment, and be done.*



March 3, 2026
Page 2

2025-12-19 Tr. at 31:24-32:9.

In short, Plaintiffs' assertion that Meta "never once suggested it would assert a fair use defense to the uploading-based claims, including after" the November 2025 hearing, is false.  And once the Court denied Meta's request for a stay at the February 6, 2026 hearing, *see* Dkt. 675, Meta promptly provided the fair use supplementation on February 27, 2026 — the date it had informed the Court it was targeting to complete outstanding written fact discovery matters in *Kadrey*.  As articulated in Meta's supplemental response (Dkt. 690, Ex. A at 15-16), Meta's fair use defense against Plaintiffs' remaining copyright distribution claim is primarily directed to Plaintiffs' theories that they can recover for alleged copyright infringement under their distribution claim absent any proof of *actual* dissemination or uploading of their works to any third party.  Meta's supplemental response explains how those claims, even if legally viable, would fail based on fair use.

Plaintiffs identify no additional fact discovery necessary to address the fair use defense as it relates to their distribution claim. Plaintiffs already have extensive discovery about Meta's torrenting activities, including a substantial amount of discovery voluntarily provided by Meta following the Court's most recent discovery order (Dkt. 647).  Indeed, Plaintiffs have repeatedly told this Court they do not need any more fact discovery on distribution-related claims.  Dkt. 658 at 2 ("Plaintiffs "do not intend to seek new fact discovery on their amended claim and seek leave only to add one additional expert to provide testimony on the online piracy ecosystem."); Dkt. 300 at 6-7 ("If the [distribution] claims are added, Plaintiffs will not seek to initiate any additional discovery.").  In reality, the fair use issue will be one for technical expert discovery, as Plaintiffs essentially acknowledge by seeking to dispute both the prior testimony of one of Meta's technical expert witnesses, Ms. Frederiksen-Cross, as well as Meta's assertion that torrenting was "more efficient and reliable." (Letter at 2.)  Notably, Plaintiffs' citation to the fact deposition of Mr. Clark (*id.*) is beside the point, as that testimony was about approved data sources, not the performance characteristics of torrenting versus other download methods.

Finally, Plaintiffs' complaints about Meta's proposed schedule should be rejected.  When the parties made their scheduling proposals, both sides knew Meta would be asserting a fair use defense, *see supra*, and yet Plaintiffs continued to maintain they did not need any additional discovery.  The Court should enter Meta's proposed schedule and align the expert discovery and summary judgment schedule in *Kadrey* with *Entrepreneur*, which provides Plaintiffs with more



March 3, 2026
Page 3

time to prepare expert reports and the benefit of any discovery Entrepreneur may obtain on the distribution claim.

Respectfully submitted,

Kathleen R. Hartnett

KRH