

March 4, 2026

*E-Filed*

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

Dear Judge Chhabria,

  Yesterday, Meta filed a response (Dkt. 692) to Plaintiffs' letter informing the Court that, last Friday, Meta served an amended interrogatory response asserting a fair use defense to Plaintiffs' uploading claims. In brief reply, Plaintiffs ask the Court to consider the following:

  **1.** Meta's letter is notable for what it lacks: Meta does not dispute it was required to, but did not, seek leave to amend its interrogatory response. Meta does not dispute that its amended interrogatory response raises, for the first time, new factual assertions concerning (1) Meta's knowledge and policy about use of BitTorrent to upload pirated copyrighted works, and (2) whether uploading and distributing enormous amounts of pirated copyrighted content is strictly necessary to train LLMs.[1] And Meta does not dispute that its amendment comes fifteen months after Plaintiffs moved to add uploading allegations, and four months after this Court said to Meta: "I think that you know whether you're planning on raising a fair use defense to their distribution claim or not." Dkt. 649 at 39:4-17.

  **2.** Instead of addressing these key issues head on, Meta focuses on one word in Plaintiffs' letter—i.e., whether Meta ever "suggested" a forthcoming fair use defense as to *uploading*. But nothing Meta highlights shows Defendant clearly articulating this fair use defense as to *uploading*. Indeed, in the December CMC Statement, Meta asserted its view that the "contours of Plaintiffs' remaining torrenting-based claim have been evolving," and it stated that "Meta informed Plaintiffs that it will be asserting a fair use defense based on its current understanding of Plaintiffs' remaining claims and theories." Dkt. 661 at 5. But Meta did not explain its "current understanding," and at the "meet and confer on December 10" (referenced by Meta in that very sentence of the CMC Statement), Meta focused on "reproduction in the torrent process" and said "we've litigated fair use" already and would be again "asserting the fair use defense." That explanation about reproduction (and Meta's apparent confusion between training-based reproduction and uploading-based reproduction) was nothing like the defense found in the amended interrogatory response—i.e., that it was fair use for Meta to *distribute* copies to other data pirates because doing so was more "efficient" for Meta's bottom line. Thus, as Plaintiffs explained in the CMC Statement:

---

[1] Meta's assertion that "Plaintiffs identify no additional fact discovery necessary to address the fair use defense as it relates to their distribution claim" is bewildering. Plaintiffs letter specifically notes the brand-new factual assertions in Meta's amended interrogatory response. *See* Dkt. 690 at 1 ("the potential for a peer to upload data to other peers in the network is an inherent characteristic of the BitTorrent protocol" and BitTorrent "was [] more efficient").



Although Plaintiffs have asked whether Meta intends to raise a fair use defense since at least August 2025, Meta has not indicated whether it will raise a fair use defense **based on its non-training uploading and uses of copyrighted works**. On December 10, 2025, Meta finally answered by stating that it may raise fair use for the first time in this Joint CMC Statement. But Meta has not sought leave to amend its prior interrogatory responses and **still has not identified any legal or factual basis for any purported fair use defense to torrenting and/or any other non-training uses of copyrighted works**." *Id.* at 4-5.[2]

In all events, if Meta *knew* in December that it would make the fair use defense it now articulates, why did it wait until *after* the February 5 hearing and until *after* the parties briefed the Court's questions on prejudice and remaining schedule? One of two things must be true: either (1) Meta had *not* formulated this fair use defense (and thus could not have previously suggested or articulated it) or (2) Meta purposely held back on asserting or articulating the specifics of the defense it had already formulated so that the implications of the defense would not be considered at the February 5 hearing or follow-on briefing.

**3.**   Meta points to statements that Plaintiffs would not need more discovery as a result of *Plaintiffs'* proposed amendments. That remains true.[3] The issue here, however, is *Meta's* belated injection (without leave) of brand-new factual assertions about fair use into the remaining claims in this case. Plaintiffs previously noted that any such long-belated attempt by Meta might necessitate appropriate discovery. *See* Dkt. 635 at 4 n.5 ("If the Court permits Meta to change its [fair-use interrogatory] response now at this late stage and assert a fair use defense to its peer-to-peer file sharing of mass quantities of copyrighted works, then Plaintiffs request leave to conduct discovery into it."). And, indeed, the Court's order granting Plaintiffs' administrative motion for leave to take additional discovery in November 2025 covers this very request. Dkt. 647 at 1 ("The plaintiffs may purse the discovery described on Pages 4–5 and Exhibits I and P of their motion."). Simply put, if the Court sua sponte grants leave for Meta to amend its fair-use interrogatory as served, then the Court should also grant Plaintiffs' proposed schedule, which will allow for discovery into the amendment (and allow Plaintiffs to amend their discovery responses to address these fair use arguments).

\* \* \*

---

[2] Meta also points to Plaintiffs' counsel's statement at the CMC that "Meta still suggests that it will raise **some** fair use defense," but the reason counsel said "some" was because Plaintiffs still had no idea what Meta was referring to or how fair use for *training* LLMs could possibly encompass **uploading** pirated works to parties that have nothing to do with training LLMs.

It is also unclear why Meta emphasizes (at 1-2) Plaintiffs' counsel's reference at the CMC to dealing "with any fair use defense that Meta wants to try and raise at summary judgment." Counsel was not somehow waiving the requirement to seek leave, hence the reference to "***try*** and raise."

[3] Plaintiffs' statements concerning additional discovery on the proposed amendments are, of course, dependent on Meta actually producing discovery Plaintiffs already sought, which it still has not done (e.g., Meta still has not produced the files it downloaded from LibGen and Anna's Archive), and any discovery necessitated by Meta's new disclosures, such as the deletion of terabytes of pirated LibGen files after the complaint was filed in this case and an internal attempt to block Meta's torrenting of LibGen and Anna's Archive in 2024 that was overruled.



      The bottom line is this: Currently pending before the Court is Plaintiff's motion to amend and the parties' briefing on the remaining case schedule. Meta's actual (not vaguely threatened or hinted) assertion of a fair use defense to *uploading* copyrighted works to other pirates—with its brand-new factual assertions—eliminates any potential claim of prejudice Meta asserted regarding Plaintiffs' motion to amend (which fails in any event) and shows that Plaintiffs' proposed case schedule is a more realistic and fair path forward. Accordingly, for the reasons stated in Plaintiffs' briefing and supplemental letter, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file the proposed amended complaint (Dkt. 658) and enter one of the case schedules proposed at Dkt. 687-3 (with concurrent class discovery/briefing) or Dkt. 687-2 (without concurrent class discovery/briefing).

      Respectfully submitted,

/s/ *Jesse Panuccio*
Jesse Panuccio
BOIES SCHILLER FLEXNER LLP
*Interim Lead Counsel for Plaintiffs*