March 20, 2026

**E-Filed**

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *Kadrey, et al v. Meta Platforms, Inc.*; Case No. 3:23-cv-03417-VC

Dear Judge Hixson:

      The Parties respectfully submit this joint letter brief regarding Plaintiffs' challenges to Meta's claims of attorney-client privilege over (1) text Meta recently clawed back and (2) text Meta redacted in three documents related to the subject of claw back (collectively, the "Challenged Documents"); and (3) documents Meta withheld concerning its approval of torrenting from shadow libraries. The parties met and conferred on Monday, March 16, 2026 but were unable to reach resolution.

## I.    PLAINTIFFS' POSITION

Plaintiffs seek *in camera* review of four documents in which non-attorneys are anxiously discussing the legality of torrenting pirated books and concerns about uploading such material to others **before** escalating those concerns to in-house counsel for advice. Plaintiffs also ask the Court to hold that Meta has waived any privilege over documents relating to its approval of torrenting based on Meta's prior testimony that there was no such approval, and that the Court order Meta to identify its privilege log entries that refer to Meta's torrenting and uploading of copyrighted works.

On February 27, 2026, Meta produced documents that reveal Meta knew its torrenting of copyrighted works from Anna's Archive, a "notorious market[]" for copyright infringement, Dkt. 654-7, would also involve **distributing** such material; that some Meta employees raised concerns this conduct was illegal; and those concerns were escalated to Meta's in-house counsel but the torrenting was approved nonetheless. Shortly after joining Meta in December 2023, data engineer Jelmer Van Der Linde was given his first assignment: torrent Anna's Archive. He quickly expressed concern to Meta's technical lead manager, Kenneth Haefield, noting that his assignment "will mean seeding while download is in progress" and that "re-uploading [copyrighted material]" is "not very legal." Ex. A. Heafield responded, "I don't think legal would approve of seeding the torrent," *i.e.*, uploading to third parties. *Id.* The next day, Van Der Linde wrote to Meta's AI Research Director, Melanie Kambadur, that he was "feeling quite uncomfortable with this task." Ex. B. The rest of his messages to Kambadur are redacted, the first of which Meta clawed back after initially producing it. Van Der Linde also wrote to research engineer Nikolay Bashlykov to inquire about whether Meta used BitTorrent when he took copyrighted works from LibGen in 2023. *See* Ex. C.[1]

Meta previously produced a later-in-time version of the above-referenced messages between Van Der Linde and Kambadur, Ex. D, which Judge Chhabria reviewed *in camera*.[2] That document states Kambadur started a separate discussion with Meta in-house counsel in response to Van Der Linde's concerns.[3] Meta has fully withheld those communications,[4] but the outcome is clear: Van Der Linde refused to torrent and upload copyrighted material from Anna's Archive and was reassigned to another team*, see* Ex. E ("I don't like the lets-use-that-data-that-should-not-be-public-so-we-don't-have-to-pay-for-it approach"), and Meta assigned others to do it instead.

### A.    *In Camera* Review is Proper Because the Challenged Documents Are Not Privileged

First, when a producing party claws back a document, Rule 26(b)(5)(B) states the receiving party may "promptly present the information to the court under seal for a determination of the claim." Meta refuses to submit the clawed back information, so the Court should order it to do so.

Second, the redactions in Exhibits A-D are improper and warrant *in camera* review. Each document is a communication among *non-attorneys* about Meta's downloading and uploading of

---

[1] Meta produced Ex. C in December 2024, but its context is only clear based on new documents. *See* Exs. A, B, E.

[2] Following his review, Judge Chhabria "encouraged" Meta to "revisit" its redactions over Ex. D and to "consider whether all of the material withheld and redacted from [that] document[] is truly privileged." Dkt. 455. Meta then narrowed some redactions but kept Van Der Linde's initial outreach redacted, including his statement of discomfort.

[3] Meta has represented the referenced "thread" is logged in App'x A (2/12/2025 Log Nos. 197, 254, 257). That log was served following the sequestration of 18,000 documents that Meta disclosed after the close of fact discovery. Although these three withheld documents do appear to include inhouse counsel, Meta has not articulated why they must be fully withheld rather than redacted. Plaintiffs thus also request *in camera* review of these three documents.

[4] Plaintiffs reserve the right to challenge any attorney-client protected information relating to uploading/distribution under the crime-fraud exception. *See* Dkt. 416 at 1 (crime-fraud may apply to distribution of copyrighted material).

files via BitTorrent in the context of other technical and business issues. Meta does not "point [to] any specific legal advice or request for legal advice in the[] communications[.]" *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at \*19 (N.D. Cal. Aug. 3, 2022); *see also In re Novalpina Cap. Partners IGP S.a.r.l.*, 773 F. Supp. 3d 1058, 1066 (D. Or. 2025) (non-attorney communications are only privileged "if they are seeking or relaying confidential information on behalf of an attorney").[5] And even if they contain some reference to what legal has or has not done, the primary purpose of these non-attorney communications was not to obtain or parrot legal advice.

At best, the Challenged Documents are examples of non-attorneys discussing *potential* legal issues. But "privilege cannot be based on the mere discussion of potential legal issues between non-attorney employees." *In re OpenAI Copyright Infringement Litig.*, 802 F. Supp. 3d 688, 696 (S.D.N.Y. 2025); *see also Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at \*4 (N.D. Cal. June 29, 2021). Further, even if some of the text that Meta has withheld reflects its in-house legal department's high-level approval or disapproval of torrenting, those approvals are not privileged. S*ee In re Dealer Mgmt. Sys. Antitrust Litig.*, 2020 WL 7865915, at \*2 (N.D. Ill. Mar. 30, 2020) ("reference to a 'Legal approved response' does not transform this discussion into [a privileged communication]"); *AIU Ins. Co. v. TIG Ins. Co.*, 2008 WL 4067437, at \*15 (S.D.N.Y. Aug. 28, 2008) (same); *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 346 (N.D. Ohio 1999) ("Courts have perceived a difference between an opaque reference to an attorney's advice and disclosure that illuminates the facts and analysis underlying that advice."). As this Court previously held, with respect to another of Meta's clawbacks, the mere fact that acquiring pirated books from Anna's Archive was at first "blocked" by legal was "not privileged." Dkt. 627, 654-7.

### B. Meta Waived Any Privilege Over Its Approval of Torrenting from Shadow Libraries

Even if the Court finds that Meta can meet its burden over any of the withheld information, it waived privilege over these communications when its corporate deponent testified (without any privilege objection or limiting instruction) that there was *no* approval or disapproval for torrenting. Ex. F, Clark 30(b)(6) Tr. 53:23-54:2 ("[t]here is no approval or disapproval that I am aware of for torrenting" from Anna's Archive), 68:17-18 ("I am not aware of any policy that Meta has around torrenting."). "The privilege . . . may not be used both as a sword and a shield," *Chevron Corp. v. Pennzoil,* 974 F.2d 1156, 1162 (9th Cir. 1992), and therefore waiver is recognized in "situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Fed. R. Evid. 502(a), adv. comm. note. Accordingly, the Court should hold Meta has waived any privilege over documents that may contradict its prior testimony.

### C. Meta Should Identify All Log Entries that Refer to the Uploading of Pirated Content

The descriptions in Meta's logs are full of improper *ipse dixit* like "copyright issues" or "product development," rendering Plaintiffs unable to intelligently assess Meta's privilege claims, particularly for the many hundreds of fully withheld documents. Plaintiffs therefore request that the Court order Meta to identify which log entries relate to torrenting or uploading from shadow libraries. *See In re OpenAI*, No. 25-md-03143 (S.D.N.Y. Dec. 11, 2025), Dkt. 950 at 2 (OpenAI revised its privilege log to identify all of the entries that referenced shadow libraries).

---

[5] Meta's privilege logs are no help. The log entries for Exhibits C and D both read: "Chat reflecting legal advice concerning product development." *See* App'x A (12/13/2024 Log). But "legal advice" and "product development" are just *ispe dixit*. The entries also just say "MPI In-House Legal Counsel" instead of the attorney who purportedly gave advice. Log entries for Exhibits A and B similarly contain only *ipse dixit* descriptions like "legal advice" and "copyright issues." *See id.* (2/27/2026 Log).

## II.    META'S POSITION

Plaintiffs present a misleading narrative built on unwarranted inferences and cherry-picked, out-of-context citations. Consistent with prior rulings, the Court should reject Plaintiffs' latest attempt to challenge Meta's privilege redactions and privilege logs.  Dkt. 351 (finding "no indication that Meta is abusing the privilege"); Dkt. 366.  Plaintiffs' privilege challenges once again rest on unfounded speculation about the contents of the communications and a misunderstanding of Meta's privilege claims and the applicable law.  The Court should also reject Plaintiffs' baseless argument that Meta waived privilege through testimony in a year-old deposition and Plaintiffs' unsupported demand that Meta re-review all of Meta's thousands of privilege log entries, including entries this Court has already reviewed.

Critically, ***Judge Chhabria has already reviewed all but one of the challenged communications in camera.***  After that review (and Meta's resubmission of some documents (including Ex. D) with more tailored redactions, the Court noted that Meta's privilege assertions reflected difficult "judgment calls" and confirmed it did not "have any concerns" about Meta's claims of privilege. 2025-02-27 Tr. at 50:21-53:2.  Plaintiffs' footnote 2 omits that Judge Chhabria expressly stated he would review the revised redactions and, if Meta did not hear from him, "you can just assume that we're all square on that." *Id.* at 52:18-21.  More than a year has passed, and no further order was issued, confirming that the Court considered the matter resolved.

**Plaintiffs' Request for *In Camera* Review Should Be Rejected.**  The four documents at issue, Exhibits A-D, each relate to requests for and discussions of legal advice sought by a Meta engineer, Jelmer Van Der Linde, in the course of a data acquisition task in January 2024.  Those communications were in part facilitated by Meta engineering manager, Melanie Kambadur, who served as a point of contact between the engineering teams and Meta's in-house legal team to facilitate legal advice related to Meta's AI development efforts.  Ex. G ¶¶ 3-5 (Decl. of Kambadur); *see also* 2025-02-27 Tr. 52:9-21.  Plaintiffs previously made a similar challenge regarding communications between Ms. Kambadur and others in 2024 (Dkt. 353 at 2), which this Court rejected in full.[6]  *See* Dkt. 366 at 4.  Courts hold that privilege is maintained when non-attorney employees transmit information to legal counsel so they may provide legal advice or disseminate information from legal counsel to employees. *PUMA SE v. Brooks Sports, Inc.*, 2024 WL 4476767, at *3 (W.D. Wash. Oct. 11, 2024); *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, 2012 WL 3150532, at *4 (C.D. Cal. Aug. 2, 2012).  None of Plaintiffs' cited cases hold differently.

Plaintiffs' request for *in camera* review is effectively an improper motion for reconsideration and should be rejected because, as discussed above, Judge Chhabria already reviewed all but one of the challenged communications and confirmed he did not "have any concerns" about Meta's claims of privilege.  2025-02-27 Tr. at 50:21-53:2; L.R. 7-9 (requiring, *inter alia*, leave of court and material differences in fact or law to move for reconsideration).  Like prior challenges, other than generalized speculation, Plaintiffs provide no factual basis to support a reasonable, good-faith belief that *in camera* review may reveal evidence that the materials are not privileged.  *In re Grand Jury Investigation*, 974 F. 2d 1068, 1074-75 (9th Cir. 1992).  To the contrary, consistent with the Court's guidance (*e.g.*, Dkt. 455), each of the four challenged documents was carefully redacted to minimize the scope of the redactions and to show that they contain information provided to facilitate the provision of legal advice, reflect requests for legal advice, and/or reflect the substance

---

[6] Plaintiffs also challenge Meta's identification of the legal source in certain log entries as "MPI In-House Legal Counsel." *Supra*, n.5.  The Court has already resolved this issue in Meta's favor.  Dkt. 353 at 2-4; Dkt. 366 at 4.

of legal advice provided by Meta's in-house legal team, without revealing the underlying privileged information. *Exhibit D (Meta_Kadrey_00211852)* is a chat thread where Mr. Van Der Linde asks Ms. Kambadur about prior legal advice related to a data acquisition project. *See* Ex. D. It was previously reviewed by Judge Chhabria. Dkt. 416 (ordering in camera review of documents in Ex. J); Dkt. 417-13 at 9 (Ex. J, entry 1373). *Exhibit B (Meta_Kadrey_00255013)* is a draft prepared by Mr. Van Der Linde that redacts the same text as in Exhibit D.[7] *Exhibit A (Meta_Kadrey_00255016)* is a chat thread where Kenneth Heafield, an engineering colleague, shares information reflecting legal advice with Mr. Van Der Linde that was previously communicated to him through Ms. Kambadur.[8] *Exhibit C (Meta_Kadrey_00204235)* is a chat thread where Mr. Van Der Linde asks Nikolay Bashlykov, another Meta engineer involved in dataset acquisitions, about legal advice reflected in a Google document that documented Mr. Bashlykov's work on a prior project.[9] Exhibit C was also reviewed *in camera* and the Court accepted Meta's privilege redactions. Dkt. 416; Dkt. 417-13 at 9 (Ex. J., entry 1256).

Plaintiffs also challenge Meta's clawback of inadvertently produced metadata. The metadata of Exhibit B contained a small snippet of privileged text, which was redacted in the actual produced document, but was inadvertently included in the metadata. When Plaintiffs alerted Meta to this metadata, Meta promptly clawed it back. Plaintiffs do not (and cannot) dispute that the clawback request was timely and procedurally proper, and that the clawed back material is privileged, for the reasons discussed above and in Meta's privilege log. App. A at 1 (entry 148).

The Court should also reject Plaintiffs' request in footnote 4 for *in camera* review of three logged, fully-withheld documents that Plaintiffs acknowledge involve Meta's in-house legal counsel. Plaintiffs failed to meet and confer with Meta about this request, and it should be denied on that basis alone. *See* J. Hixson Discovery Standing Order at 1. In any event, Meta's privilege log provides ample information justifying its claim of privilege, including identifying attorneys providing legal advice and a general description of the privileged communications. Notably, Plaintiffs offer no basis for "a reasonable good-faith belief" that any communications withheld in these three documents are not privileged. *In re Grand Jury Investigation*, 974 F.2d. at 1075.

**Plaintiffs' Privilege Waiver Argument Has No Merit.** Citing a deposition of a Meta witness that took place on March 3, 2025 (over a year ago), Plaintiffs now advance (long after the July 28, 2025 deadline for bringing outstanding discovery disputes (Dkt. 614 at 2)) the argument that privilege was waived in that deposition as to any communications about any alleged "approval or disapproval for torrenting." There was no waiver—the witness testified in response to direct questioning that he was *not aware* of policies about torrenting and *not aware* of any approvals or disapprovals of torrenting. Ex. F at 53:23-54:2, 68:17-18. A witness's statement that he is unaware of the existence of a policy or approval does not implicate privilege, as it does not disclose what legal advice was sought from counsel, or what advice counsel provided. Plaintiffs cannot explain how a witness's lack of knowledge could inject protected information into the litigation in a selective, misleading or unfair manner or how that lack of knowledge evidences that Meta is using

---

[7] The produced version of Exhibit B contains more limited redactions than the current version of Exhibit D. Meta is producing a revised version of Exhibit D that matches the redactions in Exhibit B.

[8] In Ex. E, which is not a subject of Plaintiffs' challenge but attached to this letter brief by Plaintiffs, Mr. Van Der Linde reports back to Mr. Heafield the advice he received from Meta's legal team.

[9] The document that is linked in the chat immediately after Mr. Van Der Linde's question is also a document that Judge Chhabria reviewed *in camera* in February 2025. Dkt. 416; Dkt. 417-13 at 3 (Ex. J, entry 313).

privilege as both a sword and a shield. This meritless waiver argument should be rejected.

**Plaintiffs' Sweeping Request for a Re-Review of Every Privilege Log Entry is Baseless.** In yet another unsupported and overly broad request, Plaintiffs ask that Meta be ordered to re-review nearly 3,800 privilege log entries due to an alleged lack of specificity. Plaintiffs previously sought a similar wide-ranging re-review in December 2024, addressing hundreds of the same documents as this request, which this Court denied. Dkt. 353, 366. The rationale for denying this belated rehashing applies with greater force now given the Court's rejection of prior challenges, including for untimeliness. *See* Dkt. 279 at 1-2 (holding privilege log dispute was "time-barred.").

To the extent the request is directed to newly-served logs (about 214 entries), Plaintiffs offer no authority[10] requiring identification of specific subject matter within privileged communications. Requiring Meta to disclose whether communications addressed the topic of "torrenting or uploading from shadow libraries" would risk piercing the privilege, as it would reveal the specific information that was shared with or by attorneys as part of the provision of legal advice. *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 652 (E.D. Cal. 2010) (party claiming privilege is not required to provide information about "the detailed substance of the subject communications"); Fed. R. Civ. P. 26(b)(5) (privilege claims must be described "without revealing information itself privileged or protected"). Plaintiffs' request to pierce the privilege with any re-review of privilege logs to identify specific details of the privileged content should be rejected.

## III.    PLAINTIFFS' REPLY

*First*, Plaintiffs **do** dispute that the clawed back material is privileged. *See* Ex. I. Plaintiffs also asked Meta at their M&C to identify the "thread" with legal referenced in Ex. D, but Meta did not, so its complaint about conferral is inapposite. *Second*, Meta's "carefully redacted" claim is belied by its admission, *see supra* n. 7, that it *over*-redacted Ex. D. The *newly*-produced Exs. A & B are the first time Plaintiffs could have known the withheld communications related to concerns about **distributing** pirated books via torrenting, which also supplies critical context that was **not** before the Court when Exs. C & D were previously challenged. *Third*, Meta's claim that Kambadur liaised between business and legal teams (Ex. G)[11] does not imbue non-attorney communications with privilege. While non-attorneys can, in limited cases, convey privileged communications to other non-attorneys, Exhibit D and Meta's privilege log, *see supra* n. 3, show Van Der Linde himself was on the "thread" with legal. Kambadur thus was **not** relaying legal advice to him in their *earlier* chats.[12] *Fourth*, Meta's waiver argument ignores Clark testified as a **30(b)(6)** witness (on torrenting). And the length of time between disclosure and privilege claims is irrelevant. *See*, *e.g.*, *McCormick-Morgan v. Teledyne Indus.*, 134 F.R.D. 275, 278 (N.D. Cal. 1991), *rev'd on other grounds*. *Finally*, Meta overstates the burden of identifying log entries that relate to uploading or how identifying actual subject matter (as required) instead of *ipse dixit* reveals legal advice. It does not. *See In re Loc. TV Adv. Antitrust Litig.*, 2025 WL 681193, at *21-22 (N.D. Ill. Feb. 21, 2025).

---

[10] Plaintiffs' cited "authority" is a "Joint Status Letter" from the parties in *In re OpenAI* litigation—not an order of the court. Ex. H at 2 (copy of *OpenAI* Joint Status Letter cited by Plaintiffs). The referenced re-review that OpenAI conducted followed a ruling specific to findings about OpenAI's log that are not asserted here. OpenAI, Dkt. 650, 663.

[11] Kambadur's claim about Meta employees "[u]tilizing POCs" to obtain and provide advice from in-house counsel appears to be inconsistent with Meta's consistent claim throughout this case, including in another employee declaration, that Meta has "a centralized platform [called SRT] used by Meta employees to request and obtain legal review relating to various projects at Meta," Dkt. 105-2, including re the use of copyrighted material, Dkt. 624 at 2.

[12] Meta also fails what its own case requires: Meta submits no "[a]ttorney declarations" and makes no showing "the speaker made the communication for the purpose of providing *legal* advice." *PUMA SE*, 2024 WL 4476767, at *3.

By:  /s/ *Phillip Morton*

Bobby A. Ghajar
Colette A. Ghazarian
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile:  (310) 883-6500
Email: bghajar@cooley.com
        cghazarian@cooley.com

Mark R. Weinstein
Elizabeth L. Stameshkin
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
Email: mweinstein@cooley.com
        lstameshkin@cooley.com

Kathleen R. Hartnett
Judd D. Lauter
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2071
Facsimile:  (415) 693-2222
Email: khartnett@cooley.com
        jlauter@cooley.com

Phillip Morton
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile:  (202) 842-7899
Email: pmorton@cooley.com

Angela L. Dunning
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304

By:  /s/ *Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com
jischiller@bsfllp.com

*Interim Lead Counsel for Plaintiffs*

Telephone: (650) 815-4121
Facsimile:  (650) 849-7400
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.


Dated:                                                                  BOIES SCHILLER FLEXNER LLP


                                                                        */s/ Maxwell V. Pritt*
                                                                        Maxwell V. Pritt

                                                                        *Attorney for Plaintiffs*