DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900


CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131


*Counsel for Defendant Meta Platforms, Inc.*

COOLEY LLP
KATHLEEN R. HARTNETT
(314267)
khartnett@cooley.com
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN
(260865) lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>      v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>               Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: JOINT LETTER BRIEF** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, narrowly tailored portions of certain exhibits attached to the Joint Letter Brief regarding Plaintiffs' challenges to Meta's claims of attorney-client privilege filed concurrently on March 20, 2026 ("Joint Letter Brief"). Meta respectfully submits that compelling reasons and good cause exist for the filing of these materials under seal. The Motion is based on the following Memorandum of Points and Authorities and the Declaration of Michelle Woodhouse ("Woodhouse Declaration") in support of this Motion.

A [Proposed] Order is filed concurrently herewith.

## I. LEGAL STANDARD

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas non-dispositive motions are subject to the "good cause" standard, dispositive motions are subject to the "compelling reason" standard . *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

## II. ARGUMENT

Given the dispositive nature of the underlying motions, the "good cause" standard applies here. The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its

records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

In consideration of the Court's guidance in its Sealing Order, Meta requests sealing only narrowly tailored portions of the documents in the following chart. Specifically, Meta respectfully requests the Court's permission to seal four discrete categories of information: **(1)** Meta employee email addresses to safeguard privacy; **(2)** portions of internal Meta file paths and document URL paths, disclosure of which risks facilitating access by unauthorized parties—these materials have no relevance to the case, and Meta has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing the need for public access to the information.

| Document | Sealing Request |
| --- | --- |
| **Woodhouse Ex. 1** – Ex. A to the Joint Letter Brief | **Portions annotated in HIGHLIGHTED boxes** |
| **Woodhouse Ex. 2** – Ex. C to the Joint Letter Brief | **Portions annotated in HIGHLIGHTED boxes** |
| **Woodhouse Ex. 3** – Ex. D to the Joint Letter Brief | **Portions annotated in HIGHLIGHTED boxes** |
| **Woodhouse Ex. 4** – Ex. E to the Joint Letter Brief | **Portions annotated in HIGHLIGHTED boxes** |
| **Woodhouse Ex. 5** – Appendix A to the Joint Letter Brief | **Portions annotated in HIGHLIGHTED boxes** |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials comprising employees' personally identifying information,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on concerns regarding disclosure of

employee personally identifiable information, (Dkt. 391-1, ¶ 5))); *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (compelling reasons to seal personally identifying information, including employee names and emails); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (similar, and collecting cases); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (compelling reasons to seal employee identification numbers); **and (2) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on cybersecurity concerns, (Dkt. 391-1, ¶ 9))); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089 , at *6 (N.D. Cal. June 30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to protecting Meta and its employees from harm.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents).  Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Woodhouse's declaration, and are limited to materials that are either tangential or irrelevant to the claims at issue in this case, such as employee emails and file pathways.  Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta and its employees against illicit harms, but also the public's interest in accessing these materials is minimal at best.

**III.   CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

Dated: March 20, 2026

COOLEY LLP


By: */s/ Phillip E. Morton*
     Phillip E. Morton

Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Kathleen R. Hartnett
Bobby A. Ghajar
COOLEY LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
Email: khartnett@cooley.com
bghajar@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Phillip Morton (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

Kannon K. Shanmugam (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW

Washington, Dc 20006
Telephone:      (202) 223-7300
Email:  kshanmugam@paulweiss.com

COOLEY LLP
ATTORNEYS AT LAW

**META PLATFORMS, INC.**
**ADMIN MTN TO SEAL**
**3:23-CV-03417-VC-TSH**

<u>**CERTIFICATE OF SERVICE**</u>

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: JOINT LETTER BRIEF**

☒   (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

*Service list on next* page.

Executed on March 20, 2026, at Palo Alto, California.

*/s/ Elizabeth L. Stameshkin*
Elizabeth L. Stameshkin

COOLEY LLP
ATTORNEYS AT LAW

META PLATFORMS, INC.
ADMIN MTN TO SEAL
3:23-CV-03417-VC-TSH

<u>**SERVICE LIST**</u>

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Louis Andrew Kessler
Aaron Cera
Margaux Poueymirou
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
        lkessler@saverilawfirm.com
        acera@saverilawfirm.com
        mpoueymirou@saverilawfirm.com

Matthew Butterick
**MATTHEW BUTTERICK,
ATTORNEY AT LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@buttericklaw.com
*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*
Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: bclobes@caffertyclobes.com
        asweatman@caffertyclobes.com
        mrathur@caffertyclobes.com

*Attorneys for Individual and Representative
Plaintiffs and the Proposed Class*

Joshua I. Schiller, Esq.
Maxwell Vaughn Pritt, Esq.
**BOIES SCHILLER FLEXNER**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104

Email: jischiller@bsfllp.com
        mpritt@bsfllp.com

David Boies, Esq. (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
1401 New York Ave. NW
Washington, DC 20005
Email: jpanuccio@bsfllp.com
*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Email: BrianO@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Email: akeller@dicellolevitt.com
        julwick@dicellolevitt.com
        ndjordjevic@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.

**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: ecabraser@lchb.com
        dhutchinson@lchb.com
        rstoler@lchb.com

COOLEY LLP
ATTORNEYS AT LAW

META PLATFORMS, INC.
ADMIN MTN TO SEAL
3:23-CV-03417-VC-TSH

Rachel Geman
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Email: rgeman@lchb.com

Attorneys for Plaintiff *Christopher Farnsworth
and Representative Plaintiffs and the Proposed Class*

Nancy Evelyn Wolff
**COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP**
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Fax: (310) 492-4394
Email: NWolff@cdas.com

Scott J. Sholder
CeCe M. Cole
**COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
Email: ssholder@cdas.com
        ccole@cdas.com

Attorneys for Plaintiff *Christopher Farnsworth and
 Representative Plaintiffs and the Proposed Class*

Cooley LLP
Attorneys at Law

10

Meta Platforms, inc.
Admin Mtn to Seal
3:23-cv-03417-VC-TSH