UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al., | Case No.  23-cv-03417-VC   (TSH) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| | Re: Dkt. No. 695 |
| META PLATFORMS, INC., | |
| Defendant. | |

The parties have filed a joint discovery letter brief at ECF No. 695.  In the main text Plaintiffs make three requests:

> Plaintiffs seek *in camera* review of four documents in which non-attorneys are anxiously discussing the legality of torrenting pirated books and concerns about uploading such material to others ***before*** escalating those concerns to in-house counsel for advice. Plaintiffs also ask the Court to hold that Meta has waived any privilege over documents relating to its approval of torrenting based on Meta's prior testimony that there was no such approval, and that the Court order Meta to identify its privilege log entries that refer to Meta's torrenting and uploading of copyrighted works.

The Court addresses these in turn.

**A.      Request 1**

Plaintiffs ask the Court to perform *in camera* review of four documents, Exhibits A-D, to determine if the redacted material is attorney-client privileged.  Meta states without contradiction that Judge Chhabria has already upheld Meta's redactions to Exhibits C and D, and that appears to be correct.  In ECF No. 416, Judge Chhabria ordered Meta to submit the documents identified in Exhibit J to the Pritt declaration for *in camera* review.  Exhibit J to that declaration is reproduced at ECF No. 417-13.  The ninth page of Exhibit J lists Meta_Kadrey_00204235 and Meta_Kadrey_00211852.  Those are the Bates numbers that correspond to Exhibits C and D.  ECF

United States District Court
Northern District of California

Nos. 695-4 & 695-5.  In the transcript of the February 27, 2025 hearing (ECF No. 466), Judge Chhabria said, "I have not gone back to look at the stuff that I flagged that you decided not to withdraw your privilege assertion for.  I can go do that and then if I have any concerns about it, I'll let you all know."  ECF No. 466 at 51:9-13.  He then added:  "I'll go back and look at those and let you know if I have any concerns about it, but if you don't hear from me, you can just assume that we're all square on that."  *Id*. at 52:18-21.  As Judge Chhabria did not subsequently indicate there were any problems with Meta's redactions to these two documents, it appears he had no concerns about them.  Further, from the revised Exhibit D that Meta has filed (ECF No. 698), the Court can see that the material redacted in Exhibit B is a subset of the material redacted in Exhibit D.  Therefore, Judge Chhabria has also approved the redactions in Exhibit B.  Accordingly, the Court **DENIES** Plaintiffs' request to review Exhibits B, C and D *in camera*, as Judge Chhabria has already done that and approved the redactions.

As for Exhibit A, the Court will review that *in camera*.[1]  The Court **ORDERS** Meta to submit Exhibit A unredacted for *in camera* review by emailing it to tshpo@cand.uscourts.gov no later than March 27, 2026.[2]

**B.      Request 2**

Next, Plaintiffs argue that the Court should find that Meta has waived any privilege over documents relating to its approval of torrenting based on certain deposition testimony.  Specifically, Plaintiffs point to Michael Clark's Rule 30(b)(6) deposition, and they point to two

---

[1] In footnote 3, Plaintiffs observe that in Exhibit D, Melanie Kambadur states that she started a thread with the legal team.  Plaintiffs report that Meta says this thread is logged in privilege entries 197, 254 and 257.  Plaintiffs challenge Meta's decision to withhold those documents in their entirety and request *in camera* review of them as well.  The Court **GRANTS** that request and **ORDERS** Meta to submit those documents for *in camera* review by March 27, 2026, by email to tshpo@cand.uscourts.gov.

[2] In footnote 6, Meta argues that Plaintiffs' request for relief in footnote 5 should be denied, but the Court doesn't think Plaintiffs requested anything in footnote 5.  In footnote 5, Plaintiffs complain about the privilege log entries for Exhibits A-D, but the footnote is dropped in support of request 1 concerning *in camera* review of those exhibits and is meant to support Plaintiffs' contention that the documents at issue are not likely privileged.  Plaintiffs are not asking for the privilege logs for those exhibits to be redone; they are asking the Court to review the documents *in camera* to determine if they are in fact privileged.  On page 5 of the letter brief, Meta also defends its clawback of inadvertently produced metadata.  However, Plaintiffs' section of the letter brief does not raise this issue.

sections of his testimony.  At 53:23 to 54:2, Clark was asked "Who approved the use of torrenting for Anna's Archive?" and he answered "There is no approval or disapproval that I am aware of for torrenting."  And then at 68:17-18, he stated:  "To be specific, I am not aware of any policy that Meta has around torrenting."  Plaintiffs say this testimony gives rise to waiver, citing the sword and shield doctrine.

Plaintiffs, however, are missing a sword.  Clark's lack of awareness of the approval of torrenting and of policies about torrenting might be a sign of bad deposition preparation, as a 30(b)(6) witness is supposed to be prepared on the topics he has been designated to testify about.  But it does not amount to the injection of protected information into the litigation in a selective, misleading and unfair manner.  *See* Fed. R. Evid. 502(a).  The Court therefore **DENIES** Plaintiffs' request for a finding of waiver.

## C.    Request 3

Plaintiffs' third request is for the Court to order Meta to identify which privilege log entries relate to torrenting or uploading from shadow libraries.  Plaintiffs say that Meta's privilege descriptions in its log are very general and say things like "Chat seeking and reflecting legal advice concerning copyright and contract issues," or "Chat reflecting legal advice concerning product development."  Meta says that Plaintiffs' request lacks merit and also imposes an unnecessary burden, as it would force Meta to re-review nearly 3,800 privilege log entries.

The Court thinks that Plaintiffs' request does not have merit.  A privilege log is supposed to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and to do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. Proc. 26(b)(5)(A)(ii).  Whether a communication is specifically about torrenting or uploading from shadow libraries is not what makes it privileged, so providing that information will not enable other parties to assess the privilege claim.  It may very well help Plaintiffs decide which privilege claims they *want* to challenge, but the document description in the log is supposed to provide information sufficient to show that the privilege claim has *merit*, which is a different issue.  Further, requiring a very specific identification of the content of the privileged communications at least risks revealing

United States District Court
Northern District of California

information that is itself privileged.  If a document is privileged, then what exactly the people were talking about is the thing you're not supposed to know.  Accordingly, Plaintiffs' request is **DENIED.**[3]

      **IT IS SO ORDERED.**

Dated: March 25, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[3] By the way, the joint discovery letter brief contains 12 footnotes, 7 by Plaintiffs and 5 by Meta, in 10 point font, in violation of Civil Local Rule 3-4(c)(2)(B) ("Unless a Judge's standing order or other instruction from the court requires otherwise, text, including footnotes and quotations, must be . . . in 12 point type or larger . . ."column).  The undersigned's Discovery Standing Order does not "require[] otherwise," and in fact repeats the "12-point or greater font" requirement.  Going forward, the parties must comply with this local rule.

4