**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

*(additional counsel included below)*

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@but4ericklaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    *Individual and Representative Plaintiffs,*<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>                            *Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**DECLARATION OF DAVID R. CHOFFNES, PH.D., IN SUPPORT OF PLAINTIFFS' REPLY TO MOTION FOR LEAVE TO AMEND COMPLAINT AND OPPOSITION TO META'S MOTION TO STAY** |

I, David R. Choffnes, Ph.D., declare as follows:

1.      I have been tasked with analyzing evidence produced by Meta with respect to its torrenting of Plaintiffs' copyrighted works at issue in this case (the "Asserted Works").

2.      Due to recent productions by Meta, I am able to assess whether specific copyrighted works were made available and highly likely uploaded by Meta while Meta torrented pirated works from shadow libraries during certain time periods in 2022, 2023, and 2024. Recall that Meta used BitTorrent to download copyrighted works that were distributed as collections of pirated works. These collections are described by .torrent files, each of which typically specified one thousand or more files in Meta's torrenting. While downloading these payloads of many files described by a .torrent file (which I refer to as *torrents*), Meta, via BitTorrent, uploaded parts of those files to other BitTorrent users who wanted them.

3.      The information necessary to determine whether specific copyrighted works were uploaded by Meta during and/or after it downloaded those works from shadow libraries includes: (a) which torrents were downloaded, (b) when the torrents were downloaded, (c) the works contained in those torrents, and (d) the amount of data Meta uploaded during and after downloading. Meta has now produced this necessary information for a large quantity of the works it torrented from 2022–2024.

4.      When determining whether Meta uploaded Plaintiffs' Asserted Works, I first used the information above to determine how much data Meta uploaded for all torrents that it downloaded in a given time period. As such my analysis for distribution is conducted the same for all works that Meta torrented, including Plaintiffs' Asserted Works and the works included in Plaintiffs' proposed amended class definition.

5.      After conducting the distribution analysis using available evidence for the works that Meta torrented, I applied a filter that selects only torrents that include Plaintiffs' Asserted Works, so that my forthcoming report can focus only on the average amount of Asserted Works that Meta uploaded. Notably, my analysis so far indicates that due to the scale of Meta's torrenting,

there are approximately 900 torrent payloads including Asserted Works that Meta downloaded while also uploading in 2024.

6.       The process above is only possible because the lion's share of class discovery has already been completed. Further, the analysis I have conducted to date, and that will appear in my report, does not depend on whether Meta used "different computing environments that had different software configurations and different performance capabilities," as Meta claims to be a confounding factor. Dkt. 670 at 14. The analysis, by design, accounts for the different amounts of time it took to download different torrent payloads, thus mitigating discrepancies that could be explained by file size or downloading speed. Therefore, accounting for different scenarios and applying an accurate, uniform distribution analysis across Meta's disclosed torrenting sessions is straightforward and replicable for all copyrighted works in those sessions.

7.       The same method I describe above, and am using for the Asserted Works, can be applied writ large to any torrented works in records that Meta has produced.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 21st day of January, 2026 in Needham, Massachusetts.

By:   _/s/ David R. Choffnes_____
          David R. Choffnes

---

**DECLARATION OF DAVID R. CHOFFNES**
CASE NO. 3:23-cv-03417-VC

2