

March 2, 2026

***E-Filed***

The Honorable Vince Chhabria
450 Golden Gate Avenue
17th Floor, Courtroom 4
San Francisco, CA 94102

Dear Judge Chhabria,

Plaintiffs respectfully write to update the Court on a development with significant implications for the Court's consideration of Plaintiffs' motion for leave to amend (Dkt. 658) and the supplemental briefing ordered by the Court and recently submitted by the parties (Dkts. 682, 687). As the Court will recall, Plaintiffs added uploading-related allegations to the Third Amended Complaint, filed on November 27, 2024, and since that time Plaintiffs have discovered that Meta unnecessarily assisted digital piracy *by others* of many millions of copyrighted works, including Plaintiffs' works. *See* Dkt. 687 at 1, 6, 11. Also since that time, Meta (for understandable reasons) never once suggested it would assert a fair use defense to the uploading-based claims, including after this Court raised the issue with Meta last November. *See* Dkt. 649 at 39:4-17 ("I think that you know whether you're planning on raising a fair use defense to their distribution claim or not."). Indeed, even in its supplemental brief regarding the remaining case schedule, Meta failed to mention, much less assert, a fair-use defense. *See* Dkt. 682. Instead, Meta told this Court it had already "bottom[ed] out" discovery and would complete discovery it intended to produce by February 28. *See* Dkt. 649 at 30, 39.

Yet, at 10:49 p.m. this past Friday, February 27, Meta served a supplemental interrogatory response on its fair use defense. Meta's supplemental response now argues for the first time that *uploading* pirated copyrighted works to other data pirates is, somehow, fair use. *See* Ex. A at 15-16. Meta makes the new factual assertions that "the potential for a peer to upload data to other peers in the network is an inherent characteristic of the BitTorrent protocol" and that Meta uploaded copyright works to other data pirates because "it was [] more efficient" and, "in the case of Anna's Archive, those datasets were only available in bulk through torrent downloads." Ex. A at 16.[1]

---

[1] During this entire case, Rule 26(e) imposed on Meta a continuing duty to "correct[] inaccuracies, or fill[] the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). But that duty (which Meta did not purport to meet until last Friday night) does not "create a loophole through which a party . . . who wishes to revise [its] disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to [its] advantage after the court's deadline for doing so has passed." *Id.* That is exactly what has occurred here, which means Meta was required to, but did not, obtain leave of Court for a "supplemental response beyond the discovery deadline." *Int'l Flora Techs., Ltd. v. Clarins U.S.A., Inc.*, 2008 WL 4174894, at *4 (D. Ariz. Sept. 5, 2008) (citing Fed. R. Civ. 16(b)(4)).



Meta's belated supplement to its interrogatory response and assertion of a fair use defense to uploading was submitted *after* the parties filed their Court-ordered briefing relating to Plaintiffs' motion to amend and to the remaining case schedule, but it is quite significant to the issues under consideration.

First, Meta's supplemental response undercuts its argument that Plaintiffs' proposed amendment to the Complaint would prejudice Meta. *See* Dkt. 682 at 1, 5. Meta is now inserting—over fourteen months after the close of fact discovery—new issues into the case that will require additional fact development.[2] This is especially so because Meta advances this new necessity theory despite its own torrenting expert having previously testified that Meta could have obtained the datasets via BitTorrent without uploading. *See* Ex. B, Frederiksen-Cross 4/4/2025 Dep. Tr. 84:1-9. And Meta's new factual assertion that it decided to torrent millions of pirated copyrighted works because it was "more efficient and reliable" stands in stark contrast to Meta's prior testimony that there was no decision making around its torrenting from notorious online piracy markets. *See* Ex. C, Clark 3/3/2025 30(b)(6) Dep. Tr. 53:23-54:2 ("[t]here is no approval or disapproval that I am aware of for torrenting" from Anna's Archive), 68:17-18 ("I am not aware of any policy that Meta has around torrenting.").

Second, Meta's supplement shows that Meta's proposed schedule is unworkable and unfair, and that Plaintiffs' proposed schedule (Dkts. 687-2, -3) and pending request for a piracy expert (Dkt. 658 at 2) best support the efficient adjudication of the remaining issues and coordination of overlapping discovery with Entrepreneur Media. Plaintiffs' proposed schedule will allow Meta to complete outstanding discovery (outlined at Dkt. 687 at 14-15) and provide Plaintiffs a fair opportunity to explore Meta's new factual assertions under its newly asserted fair use theory. *See, e.g.*, *In re SanDisk SSDs Litig.*, 2025 WL 2304805, at *1 (N.D. Cal. Aug. 11, 2025) (allowing depositions regarding post-deadline productions); *Middlebrooks v. Equifax, Inc.*, 2024 WL 631000, at *3 (11th Cir. Feb. 15, 2024) (affirming additional discovery to address "fail[ure] to provide initial disclosures until after the close of discovery").

Plaintiffs thus respectfully request that the Court grant their motion for leave to amend (Dkt. 658) and enter Plaintiffs' proposed schedule at Dkt. 687-3 or, if the Court also grants Plaintiffs' motion for concurrent class discovery and briefing (Dkt. 668), the proposed schedule at Dkt. 687-2.

Respectfully submitted,

/s/ *Jesse Panuccio*
Jesse Panuccio
BOIES SCHILLER FLEXNER LLP
*Interim Lead Counsel for Plaintiffs*

---

[2] Moreover, if Plaintiff's delay in adding the contributory-infringement claim was inexcusable, then surely so is Meta's delay in asserting this fair-use defense to its uploading and distribution. Meta was aware of Plaintiffs' uploading claims since Plaintiffs moved to amend their complaint to allege uploading on November 27, 2024. *See* Dkt. 300.