DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

COOLEY LLP
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                          Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rule 79-5(c) and 79-5(d), Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, narrowly tailored portions of certain materials accompanying the Joint Letter Brief regarding Plaintiffs' challenges to Meta's claims of attorney-client privilege filed on May 1, 2026 ("Joint Letter Brief"). Meta respectfully submits that compelling reasons and good cause exist for the filing of these materials under seal. The Motion is based on the following Memorandum of Points and Authorities and the Declaration of Kyanna Sabanoglu ("Sabanoglu Declaration") in support of this Motion.

A [Proposed] Order is filed concurrently herewith.

## I.   LEGAL STANDARD

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas non-dispositive motions are subject to the "good cause" standard, dispositive motions are subject to the "compelling reason" standard . *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

## II.   ARGUMENT

Given the non-dispositive nature of the underlying motions, the "good cause" standard applies here. The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's

competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

In consideration of the Court's guidance in its prior sealing orders, Meta requests sealing only narrowly tailored portions of the documents in the following chart. Specifically, Meta respectfully requests the Court's permission to seal three discrete categories of information: **(1)** Meta employee email addresses to safeguard privacy; **(2)** portions of internal Meta file paths and document URL paths, disclosure of which risks facilitating access by unauthorized parties; and **(3)** Meta's highly confidential and proprietary technical information. The materials sought to be sealed have no relevance to the case, let alone this specific dispute, and Meta has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing the need for public access to the information.

| Document | Sealing Request |
|---|---|
| Sabanoglu Exhibit 1 – Appendix A to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 2 – Exhibit A to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 3 – Exhibit C to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 4 – Exhibit D to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 5 - Exhibit E to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 6 - Exhibit F to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 7 - Exhibit G to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 8 - Exhibit H to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 9 - Exhibit I to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 10 - Exhibit K to Joint Letter Brief | Redacted portions highlighted in blue |
| Sabanoglu Exhibit 11 - Exhibit L to Joint Letter Brief | Redacted portions highlighted in blue |

| Document | Sealing Request |
|---|---|
| Sabanoglu Exhibit 12 - Exhibit M to Joint Letter Brief | Redacted portions highlighted in blue |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials comprising employees' personally identifying information,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on concerns regarding disclosure of employee personally identifiable information, (Dkt. 391-1, ¶ 5))); *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (compelling reasons to seal personally identifying information, including employee names and emails); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (similar, and collecting cases); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (compelling reasons to seal employee identification numbers); **(2) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, (Dkt. 393 (granting Meta's previous request to seal documents based on cybersecurity concerns, (Dkt. 391-1, ¶ 9))); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089 , at *6 (N.D. Cal. June 30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar); **(3) highly confidential and proprietary technical information,** *e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information sealable); *In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal portions of the parties' briefing on summary judgment and class certification, and accompanying materials to "maintain[] the confidentiality of information about

[defendant's] technology"). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to protecting Meta and its employees from harm.

Notably, in two instances Meta requested that Plaintiffs limit ancillary or unrelated information Plaintiffs sought to attach to the Joint Letter Brief to lessen the burden on the Court in determining sealing. In the case of Exhibit G, Plaintiffs agreed to excerpt a 100-page document, although still required the inclusion of approximately 35 pages; Exhibit G is cited for a single statement: "Following his refusal, Meta assigned the task to torrent Anna's Archive to . . . Xiaolan Wang, who ***distributed over 70 terabytes*** of copyrighted material while torrenting millions of books." (Joint Letter Brief at 3.) Exhibit G does not discuss distribution of copyrighted material, and the vast majority of the excerpted pages have no bearing on the statement for which they are cited. In the case of Exhibit I (a set of responses to more than 70 Requests for Admission), Plaintiffs initially cited to pages 13-15. When Meta asked Plaintiffs if they would be willing to excerpt the exhibit to include just the cited pages, the general objections, and signature pages – which would not have needed to be sealed – Plaintiffs refused, and added another citation to the RFAs "generally" as a secondary citation for the proposition that "Meta admits it distributed 'some data' while torrenting." (Joint Letter Brief at 8; Exhibit A-1 to Sealing Motion.) Notably, many of the RFAs do not relate to this proposition. Given the lack of relevance to the specific dispute of much of what is found in these Exhibits, and the non-dispositive nature of this dispute, this further supports Meta's request to seal the information.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed outweighed that of the public in accessing such documents). Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Sabanoglu's Declaration, and are limited to materials that are either (1) tangential or irrelevant to the claims at issue in this case, such as personally identifying information and file pathways, or (2) confidential and proprietary technical information whose disclosure would cause competitive harm (the redacted portions of which are also tangential or irrelevant to the claims at

issue in this case). Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta and third-party partners against competitive and illicit harms, but also the public's interest in accessing these materials is minimal at best.

### III.    CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

Dated: May 1, 2026                                              COOLEY LLP


                                                  By: */s/ Phillip E. Morton*
                                                       Phillip E. Morton

                                                  Karen L. Dunn (pro hac vice)
                                                  Jessica E. Phillips (pro hac vice)
                                                  Kyle N. Smith (pro hac vice)
                                                  DUNN ISAACSON RHEE LLP
                                                  401 9th Street NW
                                                  Washington, DC 20004
                                                  Telephone: (202) 240-2900
                                                  Email: kdunn@dirllp.com
                                                  jphillips@dirllp.com
                                                  ksmith@dirllp.com

                                                  Kathleen R. Hartnett
                                                  Bobby A. Ghajar
                                                  COOLEY LLP
                                                  3 Embarcadero Center 20th Floor
                                                  San Francisco, CA 94111
                                                  Telephone: 415-693-2000
                                                  Email:  khartnett@cooley.com
                                                  bghajar@cooley.com

                                                  Mark R. Weinstein
                                                  Elizabeth Lee Stameshkin
                                                  COOLEY LLP
                                                  3175 Hanover Street
                                                  Palo Alto, CA 94304
                                                  Telephone: 650-843-5000
                                                  Facsimile: 650-849-7400
                                                  Email: mweinstein@cooley.com
                                                  lstameshkin@cooley.com

                                                  Phillip Morton (pro hac vice)
                                                  COOLEY LLP
                                                  1299 Pennsylvania Avenue NW, Suite 700
                                                  Washington, DC 20004
                                                  Telephone: (202) 842-7800
                                                  Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

Kannon K. Shanmugam (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, Dc 20006
Telephone:     (202) 223-7300
Email:  kshanmugam@paulweiss.com

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304.

On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE: JOINT LETTER BRIEF**

☒      (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

*Service list on next page.*

Executed on May 1, 2026, at Palo Alto, California.

/s/ Elizabeth L. Stameshkin
Elizabeth L. Stameshkin

**SERVICE LIST**

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Louis Andrew Kessler
Aaron Cera
Margaux Poueymirou
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
        lkessler@saverilawfirm.com
        acera@saverilawfirm.com
        mpoueymirou@saverilawfirm.com

Matthew Butterick
**MATTHEW BUTTERICK,**
**ATTORNEY AT LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@butterlaw.com
*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*
Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur (admitted *pro hac vice*)

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: bclobes@caffertyclobes.com
        asweatman@caffertyclobes.com
        mrathur@caffertyclobes.com

*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*

Joshua I. Schiller, Esq.
Maxwell Vaughn Pritt, Esq.
**BOIES SCHILLER FLEXNER**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Email: jischiller@bsfllp.com
        mpritt@bsfllp.com

David Boies, Esq. (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
1401 New York Ave. NW
Washington, DC  20005
Email: jpanuccio@bsfllp.com
*Attorneys for Individual and Representative*
*Plaintiffs and the Proposed Class*

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Email: BrianO@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Email: akeller@dicellolevitt.com
        julwick@dicellolevitt.com
        ndjordjevic@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.

**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: ecabraser@lchb.com
        dhutchinson@lchb.com
        rstoler@lchb.com

Rachel Geman
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Email: rgeman@lchb.com

Attorneys for Plaintiff *Christopher Farnsworth*
*and Representative Plaintiffs and the Proposed Class*

Nancy Evelyn Wolff
**COWAN DEBAETS ABRAHAMS &**
**SHEPPARD LLP**
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Fax: (310) 492-4394
Email: NWolff@cdas.com

Scott J. Sholder
CeCe M. Cole
**COWAN DEBAETS ABRAHAMS &**
**SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
Email: ssholder@cdas.com
        ccole@cdas.com

Attorneys for Plaintiff *Christopher Farnsworth and*
*Representative Plaintiffs and the Proposed Class*