# APPENDIX 1

**Pending Discovery Issues and Disputes**

1. **Torrenting Records.** Meta has produced records that appear to show additional torrenting by Meta, including pre-October-2022 large file downloads with simultaneous uploads; additional LibGen torrenting by Guillame Lample and/or his team in 2023; additional Anna's Archive torrenting in early 2024 by another employee (Viktor Kerkez); and potentially other LibGen torrenting. Plaintiffs' expert also has identified certain torrenting of Anna's Archive between May and June 2024 for which torrenting logs were not produced. Plaintiffs requested discovery into this torrenting and potential torrenting activity, including running the search terms ordered by the Court in November 2025 (*see* Dkts. 647, 654-5), as supplemented by the parties, against the original custodians in the case and some additional custodians who Plaintiffs identified as involved in the torrenting activity and approval process for which Meta has not located and/or produced records. Meta recently declined this request and advised Plaintiffs it will not run the search terms against the original custodians or search any additional custodians' files requested by Plaintiffs. Plaintiffs believe this discovery is needed to complete the record on Meta's torrenting, including because Meta has represented that it "has not investigated each and every 'existing lo[g] and metadata' that 'pertain[s]' to Torrented Data [defined as data acquired via torrenting of shadow libraries like LibGen and Anna's Archive] downloaded by Meta, nor is Meta under any obligation to complete such an investigation." Dkt. 721-10 at 25.

2. **Deleted LibGen Files.** Meta disclosed that, shortly after Plaintiffs filed their original complaint in this case, Meta employee Nikolay Bashlykov (one of the Meta employees who downloaded and torrented from LibGen) deleted directories that appear to have contained works that Mr. Lample and/or his team torrented from LibGen. Records suggest Meta was unable to access these directories after Mr. Lample left Meta in Spring 2023, and Meta has stated the files were deleted to free up space on its H2 (computing) clusters. Meta has also advised Plaintiffs that it cannot locate some of Mr. Bashlykov's directories that referenced LibGen and appear to have been related to his LibGen torrenting. Plaintiffs requested additional discovery into these deletions and the content of the deleted directories, including a deposition of Mr. Bashlykov, but Meta has declined these requests.

3. **Roller and Lample Subpoenas.** After the Court granted Plaintiffs' administrative motion in November 2025, Meta produced additional torrenting records for two former employees, Stephen Roller and Guillame Lample. Meta has advised Plaintiffs it does not object to Plaintiffs deposing these witnesses, but that it will not stipulate to a proposed order authorizing Plaintiffs to subpoena or otherwise seek to obtain their testimony. Both Messrs. Roller's and Lample's counsel have refused to produce their clients for deposition absent a court order (via administrative motion practice) on the grounds that discovery is closed.

4. **Anna's Archive Blocklist.** Meta recently produced a document that appears to show there was an attempt in mid-2024 to place Anna's Archive and LibGen on a blocklist. Meta also produced a document that appears to show the "Final Decision" on Anna's Archive was first "BLOCKED_DUE_TO_ESCALATION" before it "PASSED." That same record also states "Each dataset is hundreds of GB or TB of data, unable to download due to extreme size of datasets, in addition, full downloadable datasets are accessible via torrent, which is

blocked." Plaintiffs have requested further discovery into these issues, but Meta has declined.

5. **Command Line Histories.** Meta recently produced a record suggesting command line history files related to torrenting by one (or more) of the employees who engaged in torrenting exist but were not produced. These records were sought in Plaintiffs' "baseball arbitration" document request. Plaintiffs raised this issue with Meta, which is looking into it.

6. **Roller Torrenting Records.** Recent productions show Mr. Roller torrented files directly to a certain non-custodial repository. Plaintiffs have asked Meta to run specified searches through that repository for other torrenting records, and Meta is considering Plaintiffs' request.

7. **Xiaolan Wang 2024 Performance Review.** Meta recently produced part of a draft performance review for Xiaolan Wang that summarizes and discusses her torrenting from Anna's Archive in 2024. Plaintiffs asked Meta to produce the final review but it declined.

8. **"Hiding Identity" Document.** Meta recently produced a communication from Ms. Wang (who torrented from Anna's Archive) and one of her superiors stating that he heard "you guys torrented some data for LLM before," and asking if "it involve[d] hiding your identity in some way?" Plaintiffs have requested that Meta produce all responses to this message (and that Meta conduct related custodial searches requested previously), which Meta is considering.

9. **Meta's Supplemental Interrogatory Response re Fair Use.** Meta recently served a supplemental response to Plaintiffs' interrogatory seeking all facts on which Meta bases its contention that its conduct constitutes fair use, stating Meta's fair use defense "applies to Plaintiffs' copyright claims based on the alleged torrent download of Plaintiffs' works, including all theories Plaintiffs have advanced to date in support of those claims." Meta's supplemental response makes several new factual assertions,[1] and Plaintiffs do not currently have the ability to take discovery concerning those assertions. Plaintiffs also requested in their October 2025 administrative motion that if Meta supplemented its fair use interrogatory response, the Court allow Plaintiffs to take discovery. *See* Dkt. 636 at 4 n.5.

---

[1] *E.g.*, assertions such as "the potential for a peer to upload data to other peers in the network is an inherent characteristic of the BitTorrent protocol used to download datasets used for the transformative purposes of research, development and training of AI models"; "Meta used BitTorrent because it was a more efficient and reliable means of obtaining the datasets, and in the case of Anna's Archive, those datasets were only available in bulk through torrent downloads;" and "there can be no harm to the market or potential market or value of Plaintiffs' works because the mere act of making their works available to third parties through BitTorrent— without actual dissemination of their works—does not result in any third party obtaining a copy of any of Plaintiffs' works and thus can cause no market substitution or any other potential harm."

10. **Mathpix.** Meta has produced records showing it sent copies of the copyrighted works it torrented to a company named Mathpix and paid Mathpix to process them and send back processed files. Plaintiffs have requested further discovery into this issue, but Meta has declined.

11. **Fiction Removal.** Meta recently produced two records referring to an additional approval of Anna's Archive in late 2024 that was "minus fiction," and that there was "fiction removal" in connection with "libgen/AA." Plaintiffs have requested discovery into this issue.

12. **Raw Data.** The Parties are discussing the possibility of a stipulation and proposed order to use directory listings (lists or indices of torrented or downloaded files that include metadata for each file) in lieu of producing the files themselves. Plaintiffs sent Meta a draft stipulation on May 7, 2026, and Meta's counsel advised Plaintiffs they are considering the request.