# APPENDIX 2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*, | Case No. 3:23-cv-03417-VC |
| Individual and Representative Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY SHARING AND CROSS-PRODUCTION** |
| v. | |
| META PLATFORMS, INC., a Delaware corporation | Hon. Vince Chhabria |
| Defendant. | |
| ENTREPRENEUR MEDIA, LLC, | Case No. 3:25-cv-09579-VC |
| Plaintiff, | |
| v. | |
| META PLATFORMS, INC., a Delaware corporation | |
| Defendant. | |

Pursuant to Civil Local Rule 7-12, Plaintiffs Richard Kadrey *et al.* in Case No. 23-cv-03417 (*Kadrey*), Plaintiff Entrepreneur Media LLC in Case No. 25-cv-09579, (*Entrepreneur*), and Defendant in both cases, Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel, stipulate to the following:

1. On March 25, 2026, the Court wrote "discovery in the two cases will be shared." *Kadrey Action*, ECF 700.

2.      The *Kadrey* and *Entrepreneur* complaints contain common claims against Meta for direct and contributory copyright infringement and removal or alteration of copyright management information ("CMI").[1]

3.      The respective Parties in *Kadrey* and *Entrepreneur* entered into, and the Court issued, stipulated protective orders (the "Protective Order(s)"). Case No. 23-cv-03417, ECF 90; Case No. 25-cv-09579, ECF 53.

4.      To facilitate shared discovery between the two cases and to minimize unnecessary duplication of discovery and undue burden on the Court, the Parties hereby agree that Meta will cross-produce all discovery in *Kadrey* and *Entrepreneur* taken from Meta and any third party (the "Applicable Discovery"), subject to and in accordance with the Protective Order from the case in which the discovery is originally taken.[2]

5.      Written Applicable Discovery, including but not limited to interrogatories, requests for production, and requests for admission, propounded in each case will be deemed to have been propounded and served in the other. Meta's responses, including productions, to written Applicable Discovery in each case will be deemed to be made in the other and may be used as if they had been made under the applicable civil discovery rules in the other case. For the avoidance of doubt, the fact that written discovery has been deemed propounded or responded to in both actions shall not constitute a basis for any party to object to independently propounded written discovery in either action as duplicative or disproportionate under Federal Rule of Civil Procedure 26(b)(2)(C) or on any similar ground. This cross-production does not affect each plaintiffs' respective allowances for written discovery under the Federal Rules of Civil Procedure or as otherwise ordered by the Court.

6.      Meta shall produce to counsel in the receiving action all existing Applicable Discovery not previously produced in that action within fourteen (14) days of entry of this Stipulation. Thereafter, any Applicable Discovery produced in one action shall be cross-produced in the other within five (5) business days of production in the originating action.

---

[1] The Court granted summary judgment to Meta on the plaintiffs' CMI claim in *Kadrey*, at ECF No. 601.

[2] The Applicable Discovery does not include class discovery, if any, taken from Meta in *Kadrey*.

Case 3:23-cv-03417-VC   Document 732-2   Filed 05/15/26   Page 4 of 6

7.      Deposition transcripts and deposition testimony taken in one action may be used in the other action as if taken in that other action, except for depositions of the plaintiffs in each action. The parties in each action shall be permitted to attend any deposition scheduled in the other action, except for depositions of the plaintiffs in each action. Absent a court order otherwise, where a deposition is noticed under Federal Rule of Civil Procedure 30(b)(1) in more than one action, the default time limit under Rule 30(d)(1) shall apply to the deposition as a whole, with time allocated equally among each noticing party or allocated otherwise subject to agreement by the noticing parties. Where a deposition is noticed under Rule 30(b)(6), the default time limit under Rule 30(d)(1) shall not apply to each issuing party's deposition notice. The parties agree to meet and confer in good faith regarding adjustments to the time allocation for particular depositions where the interests of justice require. Any disputes regarding time allocation shall be submitted to the Court.

8.      To the extent practicable, counsel for the plaintiffs in *Kadrey* and *Entrepreneur* are encouraged to participate in relevant meet and confers regardless of which case the meet and confer request originates.

CASE NO. 3:23-cv-03417-VC

3

Dated:  April _, 2026

By:  */DRAFT/*

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
(kdunn@dirllp.com)
KYLE N. SMITH (pro hac vice)
(ksmith@dirllp.com)
401 9th Street, NW
Washington, DC 20004
Telephone:     (202) 240-2900

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone:     (310) 883-6400

COOLEY LLP
MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:     (650) 843-5000

COOLEY LLP
PHILLIP MORTON (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     (202) 842-7800

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, Ca 94304
Telephone:     (650) 815-4131

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
KANNON K. SHANMUGAM (*pro hac vice*)
(kshanmugam@paulweiss.com)
2001 K Street, NW
Washington, Dc 20006
Telephone:     (202) 223-7300

*Counsel For Defendant*
*META PLATFORMS, INC.*

Respectfully submitted,

By:  */DRAFT/*

BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC  20005
(202) 237-2727
jpanuccio@bsfllp.com

*Interim Lead Counsel for the Kadrey*
*Plaintiffs and the Proposed Class*

By:  */DRAFT/*

HUESTON HENNIGAN LLP
Moez M. Kaba
Michael M. Purpura
Lee Linderman

NEWMEYER & DILLION LLP
Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton

*Counsel for Plaintiff Entrepreneur Media,*
*LLC*

## [PROPOSED] ORDER

Pursuant to the stipulation of the Parties, the Court grants the Parties' request.

**IT IS SO ORDERED**.

DATED: _____        _____

HON. VINCE CHHABRIA
United States District Judge