[Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*, | |
| Individual and Representative Plaintiffs, | Case No. 3:23-cv-03417-VC |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | |

Pursuant to Civ. L.R. 16-9(a) and Dkt. No. 711, Plaintiffs Richard Kadrey, Sarah Silverman, Eleven Eleven O' Clock Corporation, Christopher Golden, Daring Greatly Corporation, Ta-Nehisi Coates, BCP Literary, Inc., Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, Lysa TerKeurst, and Christopher Farnsworth (collectively, "Plaintiffs"); and Defendant Meta Platforms, Inc. ("Meta") (together, the "Parties"), by and through their respective counsel, hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled in this Court for July 1, 2026.

**A. Jurisdiction**

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331. Meta does not challenge personal jurisdiction. No parties remain to be served.

**B. Facts and Legal Issues**

**1. Facts**

The Court is familiar with the general facts of this case. Following the Court's summary judgment orders (Dkt. 598, 601) and order granting Plaintiffs leave to file a fourth amended consolidated complaint (Dkt. 700), the parties have focused on Plaintiffs' claims that Meta reproduced, made available, and distributed the Asserted Works without permission, and that such activities constitute direct and contributory copyright infringement. Meta denies Plaintiffs' allegations.

**2. Legal Issues**

On March 25, 2026, the Court issued an order granting Plaintiffs' Motion for Leave to File a Fourth Amended Consolidated Complaint. Dkt. 700. Plaintiffs filed their Fourth Amended Consolidated Complaint on April 1, 2026 (Dkt. 702), and Meta filed its Answer on April 15, 2026 (Dkt. 714).

***Plaintiffs' Statement***

*a. Remaining Claims*

Meta directly infringed the Asserted Works by (1) making them available to others without permission via peer-to-peer file sharing on known pirate websites, (2) reproducing their content in

the course of distributing it to other file sharers, and (3) distributing that content to those third parties. *See Entrepreneur Media, LLC v. Meta Platforms, Inc.*, Case No. 25-cv-09579-VC, Dkt. 55 (Mar. 30, 2026) ("Torrenting is simply a further variant on the peer-to-peer theme.") (cleaned up); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 879 (N.D. Cal. 2022) (Chhabria, J.) ("it is obvious . . . that downloading and distributing copyrighted music via peer-to-peer systems does not constitute fair use"). Meta also contributorily infringed the Asserted Works by materially contributing to and inducing its file-sharing peers to download the works, including by providing the means of those users' infringement, and without taking measures to prevent that infringement. Further, Meta contributed material resources to online piracy markets LibGen and Anna's Archive in part by subsidizing their data transfer costs. The related, remaining issues in the case are:

1.  Whether Meta infringed the Asserted Works under 17 U.S.C. § 106, by (1) making them available to others without permission via peer-to-peer file sharing on known pirate websites, (2) reproducing their content in the course of distributing that content to other file sharers, (3) distributing that content to those third parties, and (4) contributing to (a) the direct infringement by those third parties, and (b) the infringement by pirate websites;

2.  Whether Meta's conduct was knowing or willful, 17 U.S.C. § 106;

3.  Whether any or all of Meta's conduct constitutes fair use under 17 U.S.C. § 107;

4.  Whether Plaintiffs may certify a class and/or subclass(es) under Federal Rule of Civil Procedure 23.

### *Meta's Statement*

a.    *Remaining Claims*

Following the Court's summary judgment orders (Dkt. 598, 601), and after the grant of Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, the remaining legal issues presented in this case arise out of Meta's torrenting of Plaintiffs' copyrighted written works without their authorization, which Plaintiffs allege resulted in those works being uploaded, distributed,

and/or made available to third parties.  The key remaining legal issues are:

1.   Whether Meta directly infringed Plaintiffs' copyrighted written works;

2.   Whether Meta's alleged conduct was willful;

3.   Whether Meta is liable for contributory infringement based on the alleged direct infringement of Plaintiffs' copyrighted written works by one or more third parties;

4.   Whether Meta's liability for any alleged infringement is eliminated or reduced by applicable affirmative defenses, including fair use under 17 U.S.C. § 107; and

5.   Whether a class may properly be certified under Rule 23 of the Federal Rules of Civil Procedure.

**C.  Anticipated Motions**

Motion for Certification of Interlocutory Appeal: On June 8, 2026, Plaintiffs filed a motion to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the following question (Dkt. 739):

> *Under 17 U.S.C. § 107 and Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508, 533 (2023), where a company downloads copyrighted works through an illicit Internet repository of pirated works (known as a "shadow library"), does that reproduction constitute a fair use based on the company's ultimate use of the works in connection with training of artificial intelligence?*

Meta filed its opposition on June 22 (Dkt. 748), and Plaintiffs' reply is due Monday, June 29. A hearing on the Motion is currently scheduled for July 16, assuming the Motion is not decided on the papers and the hearing vacated.

*Administrative Motions for Additional Discovery*.

***Plaintiffs' Statement***

During the May 22, 2026 Case Management Conference, the Court directed that to the extent the parties seek additional discovery they believe is reasonably necessary based on new disclosures, new defenses, and/or recently produced documents, they must do so via administrative motion practice. *See* May 22, 2026 CMC Tr. at 32:11-14. The Parties have continued to meet and confer regarding such additional discovery. Plaintiffs anticipate filing an administrative motion

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-03417-VC

before the July 1 CMC seeking limited additional custodial searches and leave to issue one deposition notice and two subpoenas of new custodians.

Additionally, Plaintiffs have provided Meta with written discovery requests, additional 30(b)(6) topics, and subpoenas Plaintiffs seek to serve to complete the record on their uploading-related claims and Meta's torrenting, including Meta's fair use defense to its torrenting. If Meta objects, in part or in full, to this discovery, Plaintiffs will seek leave to serve it via administrative motion practice. Plaintiffs also have agreed with the plaintiffs in the individual related actions on a discovery coordination proposal that includes cross-noticing depositions in those cases, which the plaintiffs will ask the Court to enter at the July 1 CMC. If the Court declines to enter this discovery coordination proposal, then Plaintiffs will seek additional depositions of other witnesses based on Meta's productions since the close of fact discovery via an administrative motion.

Finally, Meta correctly states below that it understands that Plaintiffs do not oppose Meta seeking leave to serve additional discovery. To be clear, however, Plaintiffs submit that both parties should be permitted to serve additional discovery based on the remaining claims and defenses in this case so that the Parties can complete the record on those issues. Plaintiffs sent Meta the additional limited discovery they seek and await Meta's position on whether and to what extent Meta will object to that discovery. Meta, however, has not provided to, or sought to meet and confer with, Plaintiffs regarding any additional discovery that Meta may seek leave to serve on Plaintiffs.

### *Meta's Statement*

Meta continues to meet and confer with Plaintiffs regarding whether Meta will stipulate to certain of Plaintiffs' additional discovery requests prior to the filing of Plaintiffs' administrative motion.

With respect to the Kadrey Plaintiffs' "stipulation" with the Entrepreneur, Chicken Soup, Cambronne, and Cognella Plaintiffs in the individual related actions, Meta does not agree to the terms of this proposal, as addressed below with respect to Discovery.

Meta expects to file an administrative motion seeking leave to serve discovery directed to the new claims, parties and allegations set forth in the Fourth Amended Complaint, which Meta understands

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. 3:23-CV-03417-VC**

Plaintiffs do not oppose. Plaintiffs agreed to Meta serving additional discovery during a meet and confer regarding these issues and did not request copies of the discovery before agreeing; thus Meta did not provide any copies. Plaintiffs provided their proposed discovery to Meta because Meta stated that it would need to review the discovery before being able to provide a position on it.

*Rule 72 Objections to Nondispositive Orders*.

**Plaintiffs' Statement**

Plaintiffs previously moved for relief from Judge Hixson's order at Dkt. 627 denying Plaintiffs' challenge under the crime-fraud exception to a redacted document concerning the approvals for Meta's torrenting and use of copyrighted works from Anna's Archive. *See* Dkt. 630. The Court ordered the Parties to confer and submit a stipulation for briefing the motion after further discovery was completed. *See* Dkt. 634. The Parties have not yet done so, as discovery into Meta's torrenting from Anna's Archive continues. Additionally, Plaintiffs' current deadline to object to Judge Hixson's order at Dkt. 743 is June 26, 2026, but Plaintiffs have sought Meta's stipulation to extend the time to object to that order and to consolidate any objection to it and to Dkt. 627 into a single objection, if any. Meta is considering Plaintiffs' request.

**Meta's Statement**

Meta disagrees with Plaintiffs' characterization of the underlying documents at issue. Otherwise, Meta agrees that the parties have stipulated that additional briefing on Plaintiffs' Rule 72 objections set forth in its Motion for Relief (Dkt. No. 630) should be held in abeyance pending an update from the Parties. (Dkt. No. 660 at 2.) With respect to Judge Hixson's order of June 12, 2026 rejecting Plaintiffs' latest crime-fraud challenges (Dkt. 743), Meta has offered to stipulate to a 30-day extension for Plaintiffs to file a Rule 72 motion regarding that order.

*Motions for Summary Judgment.* The Parties anticipate that the Parties will move for summary judgment in accordance with the summary judgment briefing deadlines set by the Court's order of March 26, 2026.

### D. Amendments to Pleadings

The Fourth Amended Consolidated Complaint is the current operative Complaint. *See* Dkt. No. 702.

### E. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the action.

*Plaintiffs' Statement*

Plaintiffs believe evidence preservation issues exist that are relevant to Meta's torrenting activity. Plaintiffs incorporate by reference the detailed discussion of evidence preservation issues submitted in Plaintiffs' May 15 Case Management Statement (Dkt. 732).

*Meta's Statement*

Meta does not agree with Plaintiffs' assertions in Dkt. 732.  In any event, Meta will be available to address Plaintiffs' assertions in Dkt. 732 at the case management conference should the Court wish to discuss them.

### F. Initial Disclosures

The Parties exchanged initial disclosures on December 1, 2023, pursuant to Rule 26(a)(1)(A), and most recently supplemented their initial disclosures on June 5, 2026.

### G. Discovery

#### 1. Fact Discovery

Procedural History. Fact discovery ended on December 13, 2024. After the Court granted Plaintiffs' motion for leave to amend the complaint in January 2025, the Court denied Plaintiffs' request for a limited re-opening of discovery and granted Meta's request for discovery that Meta sought as a result of Plaintiffs' amendments. Dkt. 389. In February 2025, Meta disclosed and produced documents that had been sequestered during the discovery period, and the Court ordered the Parties to submit competing "baseball arbitration" discovery proposals to address that sequestration. Dkt. 461. The Court adopted Plaintiffs' proposal, which sought limited torrenting

discovery, and the parties proceeded with summary judgment briefing. In June 2025, the Court granted summary judgment to Meta in part but held that "the record on Meta's alleged distribution is incomplete, making summary judgment on that issue improper at this point in the case." Dkt. 598 at 15 n.4. The Court subsequently ordered the parties to "present joint discovery letter briefing to Judge Hixson on outstanding discovery disputes," Dkt. 614 at 2, and, on September 2, 2025, the Court set new expert and summary judgment deadlines, with summary judgment to be heard in February 2026, Dkt. 623. Those deadlines were extended in September 2025, Dkt. 626, and then again in November 2025, Dkt. 641, and December 2025, Dkt. 660. Also, in October 2025, Plaintiffs filed an administrative motion for certain specified discovery into Meta's torrenting, which the Court granted. Dkts. 635, 647. Meta has since agreed to provide further discovery, and the Parties have continued to meet and confer regularly over the past several months regarding other discovery issues.

On March 25, 2026, the Court granted Plaintiffs leave to file a Fourth Amended Consolidated Complaint and also granted Meta's request to align the expert discovery and summary judgment briefing deadlines in this case with those in *Entrepreneur Media*. Dkt. 700 at 6. At the May 22 CMC, this Court ordered that all discovery across the four "individual" actions (*Entrepreneur Media*, *Chicken Soup*, *Cognella*, and *Cambronne*) will be shared with Plaintiffs. May 22, 2026 CMC Tr. at 41:12-18. The Court also ordered that the Parties must continue to seek the Court's approval via administrative motion practice for any further discovery on the remaining claims. *Id.* at 32:11-14.

**_Plaintiffs' Statement_**

*Additional Discovery Requests*. On June 16, Plaintiffs sent Meta written discovery requests, additional 30(b)(6) topics, and third-party subpoenas for which Plaintiffs intend to seek leave to serve. Meta has advised Plaintiffs it is evaluating whether and to what extent it will object to any of the requests.

*Discovery Sharing and Coordination*:

Meta has advised Plaintiffs that it does not object to Plaintiffs deposing former Meta

employee Stephen Roller, who Meta disclosed in November 2025 had torrented copyrighted works from LibGen. Plaintiffs therefore intend to ask the Court to grant leave to subpoena Mr. Roller at the July 1 CMC.

Plaintiffs also ask the Court to enter at the July 1 CMC a discovery sharing and coordination proposal submitted on behalf of all plaintiffs in the related actions, which Plaintiffs attach here as Exhibit A. Meta stated on June 24 that it "does not stipulate to the entry of your [all plaintiffs'] proposed order."

The *Kadrey* and *Entrepreneur* plaintiffs first jointly sent Meta a proposed tripartite deposition stipulation on April 24, 2026. Meta did not respond for nearly two months, and its proposal is inefficient and inadequate to enable this case and the related actions to complete discovery under the current deadlines. For example, Meta's proposal would require a stipulation or court order (i.e., administrative motion practice) for Plaintiffs to cross-notice any and all depositions sought in any of the related cases, including of third parties, regardless of whether those witnesses are relevant to the overlapping claims in the related cases and whether the plaintiffs in the related cases agree to Plaintiffs' participation and share their allotted time with Plaintiffs. In addition, Meta's proposal provides for a 14-day cross-production of Meta's documents, which would prejudice the plaintiffs' ability to coordinate discovery in the remaining two months of fact discovery. Meta's proposal is also improper to the extent it seeks to use witnesses' deposition testimony against Plaintiffs on summary judgment without allowing Plaintiffs a chance to question those witnesses. Because Meta's proposal does not allow Plaintiffs' participation at depositions, that deposition testimony would have to be treated as an affidavit under Rule 56(c)(4), rather than a testimony under Rule 56(c)(1), for purposes of summary judgment. *See Gulf USA Corp. v. Fed. Ins. Co.,* 259 F.3d 1049, 1056 (9th Cir. 2001). And if previously deposed witnesses contradict prior testimony, or remember facts they previously could not, their depositions would be inadmissible under the "sham affidavit rule." *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). If Plaintiffs are denied participation in depositions of witnesses with relevant information to their remaining (and overlapping) claims that are noticed or subpoenaed by plaintiffs in the related

actions, then Plaintiffs respectfully submit the Court should not permit Meta to use that discovery against Plaintiffs.

Meta argues below that the plaintiffs' proposal could subject Meta witnesses "to deposition over the course of multiple days," and that not counting cross-noticing of depositions against the presumptive limit would "effectively multiply[] the number of depositions each Plaintiff may seek." Not so. These cases are not consolidated, so each plaintiff can already notice the same Meta witness for 7 hours under the default limits in Rule 30. Plaintiffs' proposal actually reduces that to 7 hours across the cases, or 9 hours if also cross-noticed. Further, Plaintiffs' cross-noticing proposal does not multiply the number of depositions each plaintiff may seek because a cross-noticing plaintiff can only participate in the deposition to the extent the original noticing (or subpoenaing) plaintiff allows its participation. This system fosters coordination amongst the plaintiffs and incentivizes the parties to be efficient in taking depositions of Meta witnesses and third parties.

Meta also argues that it could "be required [under the plaintiffs' proposal] to provide 28 hours of 30(b)(6) testimony on the record." But each plaintiff in the related cases is already entitled under the default rules to 7 hours of 30(b)(6) testimony, and the Court already granted the *Kadrey* plaintiffs a 7-hour 30(b)(6) deposition in connection with their prior administrative motion. In addition, Meta appears to suggest that plaintiffs in the related cases should not permitted to depose witnesses that were deposed in this case. But again, these cases are not consolidated, so those plaintiffs are already entitled to depose such witnesses. In waiving one-way intervention in this case, Meta assumed the risk that the Court's summary judgment order would not be binding on other plaintiffs, and thus that Meta would be subject to suit, and the attendant discovery, in other cases. Meta cannot fairly deny other plaintiffs discovery simply because witnesses were already deposed in a different, non-consolidated case. And, notably, Meta omits that most of the depositions in this case were taken before Plaintiffs learned about Meta's torrenting and use of pirate websites, and the deponents' involvement in those issues. Further, Meta states that the plaintiffs' proposal would "permit[] the *Kadrey* Plaintiffs to take additional depositions." To be clear, Plaintiffs' proposal does ***not*** permit the *Kadrey* plaintiffs to notice depositions or subpoena witnesses without

leave of Court; it only allows them to cross-notice depositions and participate to the extent that the noticing plaintiffs in the related cases are willing to share some of *their* deposition time with the *Kadrey* plaintiffs. Finally, Meta's attempt to limit discovery in the related cases based on the "voluminous discovery record that already exists" as a result of *this* case is ironic given that the Court granted of summary judgment to Meta on Plaintiffs' downloading and training infringement claims because the Court concluded that the record on market dilution was *not* adequately developed (and the Court also deferred Plaintiffs' uploading claims for further development of the record).

*Other Discovery*. The Parties continue to meet and confer regularly on other outstanding discovery issues, *see, e.g.*, Dkt. 732-01, including Plaintiffs' request that Meta run a set of court-ordered search terms, *see* Dkt. 635, 654-4, as supplemented by the parties,[1] against the other custodians in this case because those search terms have led to the production of highly relevant documents.[2] Meta has informed Plaintiffs that Entrepreneur Media has made the same request, and Meta has not yet indicated whether it will agree to run those search terms on its original custodians. If Meta does not respond by the July 1 CMC or rejects the request, Plaintiffs plan to ask that the Court order Meta to run these search terms, subject to any limitations agreed-upon by the parties to address any issues of burden and/or overbreadth as to specific terms, against the other custodians in this case.

---

[1] The Court granted Plaintiffs' request in their previous administrative motion to run specified search terms against one custodian. Meta subsequently agreed to requests to supplement the court-ordered terms with additional search terms and to run them for some additional witnesses, but to date Meta has declined to run the same search terms against the other custodians in this case.

[2] For example, the court-ordered search terms revealed for the first time that a former Meta employee, Jelmer Van Der Linde, was tasked with torrenting Anna's Archive in early 2024 and refused to do, complaining to his manager that the assignment "will mean seeding while download is in progress" and that "re-uploading [copyrighted material]" is "not very legal." Dkt. 695-2. Meta_Kadrey_00255016. Another document produced based on these search terms involves Stephen Roller (who Meta disclosed torrented at least 40 TB from LibGen after the Court granted Plaintiffs' previous administrative motion) telling a colleague "we're already reaching into big troves of pirated books on bittorrent." Meta_Kadrey_00254952. Mr. Roller previously testified, "I don't recall downloading Libgen during my time at Meta." Roller Dep. Tr. at 248:6-8; 257:6-7. The court-ordered search terms also led to Meta's disclosure that, the original complaint was filed, Meta deleted file paths that apparently contained files another Meta witness torrented from LibGen.

**_Meta's Statement_**

_Additional Discovery Requests[3]_

Meta is continuing to work with Plaintiffs and will provide them with a response on whether it will stipulate to Plaintiffs' service of its discovery requests this week, and in advance of the July 1 CMC. To the extent Meta agrees to stipulate to such service, such agreement would not be intended to waive any of Meta's rights to serve objections based on relevance, burden, or other grounds.

With respect to Mr. Roller, Meta reserves objections as to scope and length of any such deposition, and such deposition would need to be coordinated with the related case individual plaintiffs to the extent they wish to also take Mr. Roller's deposition.

_Discovery Sharing Proposal_

To promote judicial economy and reduce the burden on the parties, Meta believes that the related cases (_Cognella_, _Chicken Soup_, _Cambronne_, _Entrepreneur_, and _Kadrey_) should move forward in a coordinated manner, subject to reasonable limitations given the voluminous discovery record already developed and shared. To that end, we have prepared a straightforward coordination proposal attached hereto as Exhibit B.

Meta's proposal aims to lessen the burden amongst the parties and promote judicial economy across the cases. Meta's proposal provides for cross-production of all discovery taken from Meta and Meta's former employees in each of the related cases, including Meta's written discovery responses and all documents produced in each of the related cases (with the exception of Plaintiff-specific material). Meta's proposal provides for the coordinated depositions of Meta employees, corporate representatives and third parties in accordance with the default time limits under the Federal Rules, with time allocated equally among the participating plaintiffs (unless they agree to another arrangement). Meta also agrees to meet and confer in good faith with all Plaintiffs should they need additional time allocation adjustments for particular depositions, including any depositions noticed under Rule 30(b)(6).

---

[3] Meta is happy to provide additional briefing on this issue if it would be helpful to the Court.

As to the *Kadrey* Plaintiffs, Meta agrees they may attend depositions of Meta employees and third-parties scheduled in any of the related cases, but, as this Court acknowledged at the last CMC, discovery is closed in the *Kadrey* case and any additional discovery the *Kadrey* Plaintiffs may need should be sought with leave of the Court. Under Meta's proposal, the *Kadrey* Plaintiffs may only participate in depositions if there is a stipulation between Meta and the Plaintiffs or if the *Kadrey* Plaintiffs have received prior permission from the Court. Further, Meta's proposal still permits the *Kadrey* Plaintiffs to participate in the two remaining depositions (Ms. Xiaolan Wang and a 30(b)(6) deposition) that the *Kadrey* Plaintiffs were permitted to pursue under the Court's order at Dkt. 647.

Entrepreneur, Kadrey, Chicken Soup, Cambronne, and Cognella Plaintiffs' (collectively "Plaintiffs") discovery sharing protocol is unduly burdensome and disproportionate to the needs of the cases. Plaintiffs seek a default of nine (9) hour 30(b)(1) depositions of Meta witnesses that have been cross-noticed and seven (7) hours for each Plaintiff for cross-noticed 30(b)(6) depositions of Meta witnesses, which could result in Meta witnesses being subjected to deposition over the course of multiple days. For instance, if Entrepreneur, Chicken Soup, Cognella, and Cambronne all issue 30(b)(6) notices, Meta would be required to provide 28 hours of 30(b)(6) testimony. Plaintiffs' proposal would permit the Plaintiffs to cross-notice depositions but the cross-notice would not "count against the default deposition limit" under the federal rules, effectively multiplying the number of depositions each Plaintiff may seek. And Plaintiffs request this expansive and burdensome discovery without regard to whether witnesses have already been deposed, and without attempting to make any showing that prior testimony, or limited additional time, would not suffice. Given the voluminous discovery record that already exists, which includes the deposition testimony of 25 Meta witnesses and an additional 20+ hours of 30(b)(6) testimony, and the overlapping issues between the cases, which suggest that the discovery sought in in each case will be virtually identical, Plaintiffs have no basis to depart from the presumptive limits provided by the Federal Rules of Civil Procedure to seek the expansive discovery they propose. Moreover, Plaintiffs' proposal contemplates permitting the *Kadrey* Plaintiffs to take additional depositions by simply

cross noticing depositions noticed by the other Plaintiffs, although fact discovery in *Kadrey* is long-since closed.  Plaintiffs provide no justification or reasoning to depart from this Court's prior ruling that the *Kadrey* Plaintiffs must seek leave of the Court to take any additional discovery.

Plaintiffs' concerns regarding participation in these depositions under Meta's proposal are unfounded.  Meta is not forbidding the *Kadrey* Plaintiffs' participation—rather, Meta is requiring that the *Kadrey* Plaintiffs either obtain Meta's permission or the Court's permission on a deposition by deposition basis, consistent with the Court's previous ruling.

The *Kadrey* Plaintiffs' suggestion that their own failure to develop specific facts in the record supports its Discovery Proposal is confusing at best.  Plaintiffs' proposal permits the *Kadrey* Plaintiffs the ability to cross notice deponents and participate in depositions regardless of the relevance to their remaining claims and ignores the 25 individual depositions taken by the *Kadrey* Plaintiffs to date and the more than 20 hours of Rule 30(b)(6) depositions, including a specific deposition on torrenting, and the *Kadrey* Plaintiffs' repeated representations that additional discovery was not needed.  This is unreasonable.

Meta respectfully asks the Court to enter Meta's proposed Discovery Sharing proposal as attached hereto as Exhibit B, rather than Plaintiffs' proposal.

*Other Discovery.*

Meta continues to work with Plaintiffs regarding its request for expanded search terms, and will provide Plaintiffs with a response on this issue in advance of the July 1 CMC.  Meta disputes Plaintiffs' characterizations of the documents produced in response to these search terms, and continues to object to the breadth of certain of these search terms.

### 2.  Expert Discovery

***Plaintiffs' Statement***

Plaintiffs have retained and disclosed an additional expert, Professor Michael D. Smith, Ph.D., to provide testimony related to digital piracy, as it set forth in their motion to amend, Dkt. 658 at 2.

***Meta's Statement***

Meta reserves all rights to designate additional expert(s) as necessary to defend against Plaintiffs' claims and rebut any new theories or reports proffered by Plaintiffs.

**H. Class Actions**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

**I.  Related Cases**

The following cases are related to and have been consolidated in this proceeding:

- *Chabon et al. v. Meta Platforms, Inc.*, No. 3:23-cv-04663-VC

- *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 3:23-cv-06663-VC

- *Farnsworth et al. v. Meta Platforms, Inc.*, No. 3:24-cv-06893-VC

The following case has been related, but not consolidated, with this action:

- *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579-VC

- *Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*, No. 3:26-cv-02333-VC

- *Cambronne v. Meta Platforms, Inc.*, No. 5:26-cv-03725-PCP

- *Cognella, Inc.* v. Meta Platforms, Inc., No. 3:26-cv-04053-JST

As noted previously, a putative class action was filed recently in the U.S. District Court for the Southern District of New York (*Elsevier Inc. et al. v. Meta Platforms, Inc. and Mark Zuckerberg,* No. 1:26-cv-03689-PKC (S.D.N.Y.), which asserts claims that overlap with the claims remaining in this case, and with the training-based claims originally asserted in this case for which summary judgment was granted.  Meta has filed a letter motion in the *Elsevier* case seeking to transfer to the Northern District of California under the first-to-file rule and 28 U.S.C. § 1404(a), and that court has set a briefing schedule for Meta to file a motion seeking that relief, with Meta's opening brief due on June 26, 2026. The *Elsevier* plaintiffs have stated they will oppose Meta's motion and will file that opposition in short order. On May 22, a second putative class action, *Hobbs et. al. v. Meta Platforms, Inc. et al.*, No. 1:26-cv-4314 (S.D.N.Y), was filed in the Southern District of New York. Meta has not yet made an appearance in *Hobbs*.

**J. Relief**

***Plaintiffs' Statement***

Plaintiffs seek judgment against Meta and in favor of the proposed class, as well as the following relief: (a) the certification of the proposed class, the appointment of Plaintiffs' counsel as class counsel, the designation of class representatives, and a notice program under Rule 23; (b) an order holding that Meta engaged in direct and contributory copyright infringement in violation the Copyright Act, 17 U.S.C. § 106(1) & (3), and that such infringement was willful; (c) an order requiring Meta to pay Plaintiffs' and the Class's statutory damages in an amount up to the maximum provided by law, pursuant to 17 U.S.C. § 504(c), including prejudgment and/or postjudgment interest thereon as permitted by law; (d) an order permanently enjoining Meta from engaging in its alleged infringing conduct; (e) an order requiring that Meta destroy under the Court's supervision all infringing copies of Plaintiffs' and the Class's copyrighted works in its possession, custody or control pursuant to 17 U.S.C. § 503(b); and (f) an order awarding Plaintiffs' and the Class's costs, expenses, and attorneys' fees, as permitted by law.

***Meta's Statement***

Meta denies that certification of any class is appropriate or that Plaintiffs are entitled to any relief in this action. Meta reserves the right to seek recovery of its costs and attorneys' fees as permitted by law.

**K.  Settlement and ADR**

The Parties have complied with ADR L-R 3.5. Plaintiffs and the Class always remain open to settlement discussions. Meta does not believe settlement discussions would be productive at this time.

**L.  Other References**

This case is not suitable for reference to binding arbitration.

**M. Narrowing of Issues**

The Parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

**N. Scheduling**

The Court ordered that the schedule in this case will be aligned with *Entrepreneur Media*. Dkt. 700. The current schedule is as follows:

| Event | Deadline |
|---|---|
| Opening Reports Due | September 18, 2026 |
| Rebuttal Reports Due | October 16, 2026 |
| Reply Reports Due | October 30, 2026 |
| Close of Expert Discovery | November 20, 2026 |
| Summary Judgment Brief 1 Due (Plaintiffs Brief) | December 11, 2026 |
| Summary Judgment Brief 2 (Defendant Brief) | January 11, 2027 |
| Summary Judgment Brief 3 (Plaintiffs Brief) | January 29, 2027 |
| Summary Judgment Brief 4 (Defendants Brief) | February 12, 2027 |
| Hearing on Dispositive Motions | February 25, 2027, at 10 a.m. |

**O. Trial**

Plaintiffs have requested a trial by jury on all claims allowed. The parties believe it is premature to determine the length of trial until the scope of issues to be tried is finalized.

**P. Disclosure of Non-Party Interested Entities or Persons**

The Parties filed their Certificates of Interested Entities or Persons under Civil Local Rule 3-15.

**Q. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: June 24, 2026

By: */s/ Phillip Morton*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC
20004 Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite
700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN &**

Respectfully submitted,

By: */s/ Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual
and Representative Plaintiffs and the Proposed Class*

17                    **JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-03417-VC**

**HAMILTON LLP**
Angela Dunning
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. 3:23-CV-03417-VC**

<u>ECF ATTESTATION</u>

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.


/s/ *Maxwell Pritt*

**JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-03417-VC**