# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>      Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>      Defendant. | Case No. 3:23-cv-03417-VC<br><br><br>**PLAINTIFFS' JOINT REQUEST FOR ENTRY OF ORDER RE: DISCOVERY COORDINATION AND CROSS-PRODUCTION IN RELATED CASES**<br><br><br>Hon. Vince Chhabria |
| ENTREPRENEUR MEDIA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>      Defendant. | Case No. 25-cv-09579-VC |
| CHICKEN SOUP FOR THE SOUL, LLC,<br><br>      Plaintiff, | Case No. 3:26-cv-02333-VC |

PLAINTIFFS' REQUEST AND [PROPOSED] ORDER REGARDING DISCOVERY SHARING & COORDINATION
CASE NOS. 23-CV-03417, 25-CV-09579, 26-CV-02333, 26-CV-04053, 26-CV-03725

1

v.

META PLATFORMS, INC.,

     Defendant.

| | |
|---|---|
| COGNELLA, INC., | Case No. 3:26-cv-04053-VC |
|     Plaintiff, | |
| v. | |
| META PLATFORMS, INC., | |
|     Defendant. | |
| CAMBRONNE, INC., *et al*, | Case No. 3:26-cv-03725-VC |
|     Plaintiffs, | |
| v. | |
| META PLATFORMS, INC., | |
|     Defendant. | |

Plaintiffs Richard Kadrey, Sarah Silverman, Eleven Eleven O'Clock Corporation, Christopher Golden, Daring Greatly Corporation, Ta-Nehisi Coates, BCP Literary, Inc., Junot Diaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Lysa TerKeurst, Jacqueline Woodson, and Christopher Farnsworth (collectively, the "*Kadrey* Plaintiffs") in Case No. 23-cv-03417; Plaintiff Entrepreneur Media LLC in Case No. 25-cv-09579, Plaintiff Cognella, Inc. in Case No. 26-cv-04053; Plaintiff Chicken Soup for the Soul, LLC in Case No. 26-cv-02333; and Plaintiffs Cambronne Inc., Lisa Barretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin (collectively, the "*Cambronne* Plaintiffs") in Case No. 26-cv-03725 (together, "Plaintiffs"), by and through their respective counsel, hereby request that the Court enter the following order and protocol for deposition coordination and cross-production by Defendant Meta Platforms, Inc. ("Meta") to facilitate shared discovery between

the cases and to minimize unnecessary duplication of discovery and undue burden on the Court and witnesses:

1. Meta shall cross-produce to each of the Plaintiffs in the above-captioned cases all discovery served and/or produced by Meta in each of the cases ("Applicable Discovery"), subject to third-party notice requirements where applicable and with the exception of any Plaintiff-specific material. For purposes of this Order, "Plaintiff-specific material" means documents and communications that relate solely to a Plaintiff and have no relevance to the claims of any other Plaintiff. Each original production Meta makes will be made subject to and in accordance with the Protective Order and ESI Order entered in the case where the production is originally made. Each re-production Meta makes will be made subject to and in accordance with the Protective Order in the case where the re-production is made.

2. Absent agreement by the receiving party, Applicable Discovery shall be produced in all actions simultaneously.

3. Meta's responses to written discovery, including interrogatories, requests for production, and requests for admission, served in each case will be deemed to be made in the other cases and may be used as if they had been made under the applicable civil discovery rules in the other cases. This Order shall not be deemed a concession by Meta that any cross-produced material is relevant or admissible in any case, and nothing in this Order shall affect discovery allowances under the applicable rules.

4. Depositions of Meta employees, corporate representatives, and third parties shall be coordinated across the cases, and deposition transcripts and deposition testimony taken in one case may be used in each of the other cases as if taken in that other case, except for depositions of the plaintiffs in each case.

5. Plaintiffs shall be permitted to cross notice depositions noticed and/or subpoenaed in any other case.

PLAINTIFFS' REQUEST AND [PROPOSED] ORDER REGARDING DISCOVERY SHARING & COORDINATION
CASE NOS. 23-CV-03417, 25-CV-09579, 26-CV-02333, 26-CV-04053, 26-CV-03725
3

Cross-noticing a deposition shall not count against the default deposition limit under Rule 30(a)(2)(A)(i). Plaintiffs also may depose witnesses who have already been deposed in *Kadrey*. Except for depositions noticed pursuant to Federal Rule of Civil Procedure 30(b)(6), if a deposition is cross noticed, the deposition is limited to 9 hours, absent court order or agreement by Meta or, if a third party, counsel for the third party. Where a deposition is noticed pursuant to Rule 30(b)(6), each issuing party's notice shall be subject to its own seven (7) hour time limit under Rule 30(d)(1). The parties shall meet and confer in good faith to the extent a party believes more time is needed for a given witness, and any dispute shall be submitted to Magistrate Judge Hixson in accordance with his standing orders. A deposition that exceeds 7 hours may, at the election of the witness, occur in 1 day or in 2 consecutive days, or in the case of a cross-noticed 30(b)(6) witness, additional consecutive days or as agreed upon by the parties.

6.   If a deposition is cross noticed, the noticing plaintiffs shall meet and confer to determine time allocation amongst themselves. If a dispute arises amongst the noticing plaintiffs regarding time allocation, then the dispute shall be submitted to Magistrate Judge Hixson in accordance with his standing orders.

Dated:  June 24, 2026

Respectfully submitted,

By: /s/ Elizabeth Brannen

By:  /s/ Lee Linderman

**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

HUESTON HENNIGAN LLP
Moez M. Kaba
Michael M. Purpura
Lee Linderman

NEWMEYER & DILLION LLP
Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton

Christopher M. Rigali (pro hac vice)
crigali@stris.com
Jacqueline Sahlberg (pro hac vice)
jsahlberg@stris.com
1717 K St NW Ste 900
Washington, DC 20006
T: (202) 800-5749

*Counsel for Plaintiff Entrepreneur Media, LLC*

**FREEDMAN NORMAND FRIEDLAND LLP**
Devin (Velvel) Freedman (pro hac vice)
vel@fnf.law
Kyle Roche (pro hac vice)
kroche@fnf.law
Alex Potter (pro hac vice)
apotter@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

Counsel for Plaintiffs Cambrone Inc. et. al, Chicken Soup for the Soul, LLC, and Cognella, Inc.

By:  /s/ Maxwell v. Pritt

BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
(415) 293-6800
mpritt@bsfllp.com

PLAINTIFFS' REQUEST AND [PROPOSED] ORDER REGARDING DISCOVERY SHARING & COORDINATION
CASE NOS. 23-CV-03417, 25-CV-09579, 26-CV-02333, 26-CV-04053, 26-CV-03725

5

jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC  20005
(202) 237-2727
jpanuccio@bsfllp.com

*Interim Lead Counsel for the Kadrey*
*Plaintiffs and the Proposed Class*

## [PROPOSED] ORDER

Having considered Plaintiffs' Request for Entry of Order Re: Discovery Coordination and Cross-Production, the parties' Case Management Statements, and any oral argument, the Court grants Plaintiffs' request.

**IT IS SO ORDERED**.


DATED: _____          _____
                                                                  HON. VINCE CHHABRIA
                                                                  United States District Judge