# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*, <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 3:23-cv-03417-VC <br><br><br> **META'S REQUEST FOR ENTRY OF ORDER RE: DISCOVERY SHARING AND CROSS-PRODUCTION** <br><br><br> Hon. Vince Chhabria |
| ENTREPRENEUR MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No. 25-cv-09579-VC |
| CHICKEN SOUP FOR THE SOUL, LLC, <br><br> Plaintiff, <br><br><br> v. | Case No. 3:26-cv-02333-VC |

META PLATFORMS, INC.,

    Defendant.

COGNELLA, INC.,

    Plaintiff,

v.

META PLATFORMS, INC.,

    Defendant.

CAMBRONNE, INC., *et al*,

    Plaintiffs,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 3:26-cv-04053-VC

Case No. 3:26-cv-03725-VC

Plaintiffs Richard Kadrey, Sarah Silverman, Eleven Eleven O'Clock Corporation, Christopher Golden, Daring Greatly Corporation, Ta-Nehisi Coates, BCP Literary, Inc., Junot Diaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Lysa TerKeurst, Jacqueline Woodson, and Christopher Farnsworth (collectively, "Kadrey Plaintiffs") in Case No. 23-cv-03417 (*Kadrey*), Plaintiff Entrepreneur Media LLC in Case No. 25-cv-09579 (*Entrepreneur*), Plaintiff Cognella, Inc. in Case No. 3:26-cv-04053 (*Cognella*), Plaintiff Chicken Soup for the Soul, LLC in Case No. 3:26-cv-02333 (*Chicken Soup*), Plaintiffs Cambronne Inc., Lisa Barretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin (collectively, "Cambronne Plaintiffs") in Case No. 3:26-cv-03725 (*Cambronne*) (collectively, "Plaintiffs) together, and Defendant in all cases, Meta Platforms, Inc. ("Meta") (collectively with Plaintiffs, the "Parties"), by and through their respective counsel, must abide by the following:

    1.    The Plaintiffs' complaints contain common claims against Meta for direct and contributory

copyright infringement and removal or alteration of copyright management information ("CMI").[1]

2.      The Parties entered into, and the Court issued, stipulated protective orders (the "Protective Order(s)") in each of the above-captioned cases. *Kadrey* Action ECF 90; *Entrepreneur* Action ECF 53, *Cambronne* ECF 190, *Chicken Soup* ECF 61, *Cognella* ECF 35.

3.      The parties entered into, and the Court issued, stipulated ESI orders in *Kadrey* and *Entrepreneur Media*. *Kadrey* Action ECF 101; *Entrepreneur* Action ECF 60. Meta and the Cognella, Chicken Soup, and Cambronne Plaintiffs are negotiating ESI Orders for those actions and anticipate entering an ESI order for those cases as well.

4.      As the Court ordered, Meta will cross-produce to each of the Plaintiffs in the above-captioned cases all discovery taken from Meta and Meta's former employees in each of the cases subject to third-party notice requirements where applicable and with the exception of any Plaintiff-specific material ("Applicable Discovery"). Each original production Meta makes will be made subject to and in accordance with the Protective Order and ESI Order entered in the case where the production is originally made. Each re-production Meta makes will be made subject to and in accordance with the Protective Order in the case where the re-production is made.

5.      Any Applicable Discovery produced in one action shall be re-produced in the other four actions within fourteen (14) days of production in the originating action.

---

[1] The Court granted summary judgment to Meta on the Kadrey plaintiffs' reproduction claims, holding that Meta's download and use of the Kadrey plaintiffs' works to develop and train Meta's Llama models constituted fair use. *Kadrey*, ECF 598; *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1060 (N.D. Cal. 2025). The Court also granted summary judgment to Meta on the Kadrey plaintiffs' Digital Millenium Copyright Act claim alleging removal of copyright management information. Kadrey, ECF 601. The Kadrey plaintiffs' remaining claims are therefore their direct infringement claim for distribution and their newly added contributory infringement claim.

6.      Meta's responses to written discovery, including interrogatories, requests for production, and requests for admission, served in each case will be deemed to be made in the other cases and may be used as if they had been made under the applicable civil discovery rules in the other cases. For the avoidance of doubt, nothing in this stipulation shall not be deemed a concession by Meta that any cross-produced material is relevant or admissible.

7.      Depositions of Meta employees, corporate representatives, and third parties must be coordinated across the cases. The *Kadrey* Plaintiffs are permitted to attend any deposition scheduled in any of the other four cases, except for depositions of the plaintiffs, plaintiffs' employees, and plaintiffs' corporate representatives. The *Kadrey* Plaintiffs may participate in the two remaining depositions (Ms. Xiaolan Wang and a 30(b)(6) deposition) that the *Kadrey* Plaintiffs were permitted to pursue under the Court's order at Dkt. 647. The *Entrepreneur*, *Cambronne*, *Cognella*, and *Chicken Soup* Plaintiffs may attend and participate in these two depositions. The *Kadrey* Plaintiffs may only participate in other depositions if there is a stipulation between the *Kadrey* Plaintiffs and Meta or the *Kadrey* Plaintiffs have received prior permission from the Court pursuant to an administrative motion. Any depositions previously taken in *Kadrey* may be used by the plaintiffs in any of the other four cases, except for depositions of the plaintiffs in *Kadrey*. Where a deposition is noticed in *Entrepreneur, Cambronne, Cognella, or Chicken Soup* under Federal Rule of Civil Procedure 30(b)(1), any Plaintiffs (other than Kadrey) who wish to participate in that deposition must also serve a notice. Absent a court order otherwise, where a deposition is noticed in *Entrepreneur, Cambronne, Cognella, or Chicken Soup* under Federal Rule of Civil Procedure 30(b)(1), the default time limit under Rule 30(d)(1) shall apply to the deposition as a whole, regardless of whether the plaintiffs from any other of the above-captioned cases attend or not, with time allocated either equally among the participating plaintiffs or allocated otherwise subject to agreement by the participating plaintiffs. The parties agree to meet and confer in good faith regarding adjustments to the time allocation for particular depositions, including any depositions noticed under Rule 30(b)(6). Any disputes regarding

time allocation in a deposition shall be submitted to the Court.

Dated: June 24, 2026

By:/s/ *Karen L. Dunn*

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
(kdunn@dirllp.com)
JESSICA E. PHILLIPS (*pro hac vice*)
(jphillips@dirllp.com)
KYLE N. SMITH (*pro hac vice*)
(ksmith@dirllp.com)
401 9th Street NW
Washington, D.C. 20004
Telephone: (202) 240-2900

COOLEY LLP
BOBBY A. GHAJAR (198719)
(bghajar@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
PHILLIP E. MORTON (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, D.C. 20004
Telephone: (202) 842-7800

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4131

Attorneys for Defendant
*Meta Platforms, Inc.*

## [PROPOSED] ORDER

Pursuant to Meta's request, the Court grants the Order Regarding Discovery Sharing and Cross Production.

**IT IS SO ORDERED**.


DATED: _____          _____

HON. VINCE CHHABRIA
United States District Judge