**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

*(additional counsel included below)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE RE: LIMITED CUSTODIAL SEARCHES AND DEPOSITIONS** |

Pursuant to Civ. L.R. 7-11, Plaintiffs bring this Administrative Motion for leave to obtain limited additional discovery. This requested discovery relates solely and directly to torrenting-related documents produced by Meta after the close of fact discovery (the "Documents"). Plaintiffs seek (1) the application of previously ordered torrenting-related search terms (Dkts. 635 App'x C & 647)[1] to the records of five Meta employees (former and current), and (2) depositions of three of them. Absent this targeted discovery, the record will be incomplete as to (i) Plaintiffs' case in chief—*i.e.*, the scope of Meta's acquisition, making available, and distribution of copyrighted content through peer-to-peer file sharing, and (ii) Meta's promised fair-use defense of those acts.[2]

Since the close of fact discovery, and in connection with discovery the Court ordered via Plaintiffs' baseball arbitration proposal and October 2025 administrative motion, Meta has disclosed new information revealing additional evidence of Meta's knowing distribution, reproduction, and making available of copyrighted works via peer-to-peer file sharing from websites that illegally host those works—specifically Library Genesis ("LibGen") and Anna's Archive. This discovery includes documents identifying, for the first time: (i) three former Meta employees and contractors involved (or very likely involved) in torrenting from LibGen or Anna's Archive; (ii) a former Meta AI director's advice to a former Meta employee to conceal LibGen torrenting by renaming directories or files; and (iii) a current Meta AI manager asking Meta employees involved in torrenting Anna's Archive if they were

The parties met and conferred repeatedly in an attempt to avoid burdening the Court with motion practice, but they have reached an impasse on the issues presented in this Motion. Thus, Plaintiffs now ask that the Court order Meta to run the search terms it previously ordered Meta to

---

[1] Meta later agreed to supplement these terms and to run them for some additional Meta employees. References to the "search terms" in this Motion are to the terms as supplemented by the parties. *See* Ex. A

[2] Plaintiffs have also sent Meta limited written discovery, 30(b)(6) topics, and subpoenas they seek to serve to complete the record, including on Meta's fair use defense. After Meta decides whether it will object to the issuance of any of that discovery, Plaintiffs will seek leave to serve it via an administrative motion. Plaintiffs will also bring an administrative motion to participate in depositions sought in the related cases if the Court declines to enter the discovery sharing and coordination proposal submitted by all plaintiffs with their June 24 case management statements.

run (on another Meta torrenter's custodial files), subject to any agreed-upon modifications, for the four additional former Meta employees and one current employee who the Documents reveal were involved (or very likely involved) in torrenting or discussions about concealing it.[3] Plaintiffs also request leave to depose the current Meta employee and two former employees who live in the U.S.

## I.    Relevant Background

The Court granted Plaintiffs leave to amend their complaint to add uploading-related claims for direct infringement (in January 2025) and contributory infringement (in March 2026). In January 2025, the Court denied Plaintiffs' request for a limited re-opening of discovery into the direct uploading-related claims. In March 2025, the Court ordered the parties to submit competing "baseball arbitration" proposals for discovery based on post-deadline document productions by Meta, and it granted Plaintiffs' proposal. *See* Dkts. 461, 467, and 470. In June 2025, the Court held that "the record on Meta's alleged distribution is incomplete, making summary judgment on that issue improper at this point in the case." Dkt. 598 at 15 n.4. In August 2025, Judge Hixson ordered Meta to run additional searches, Dkt. 616 at 3-4, and Meta continued to produce new documents and data through October 2025, at which time Plaintiffs moved for leave to serve additional limited discovery into some of the new information revealed by Meta's productions since discovery closed. The Court granted that motion in November 2025. Dkts. 635, 647. A few days later, Meta disclosed "newly identified information" concerning additional torrenting from LibGen by another Meta employee. Dkt. 653. Meta began producing additional documents and data in January 2026, and the parties have frequently met and conferred since the November 2025 Order on the discovery at issue in that order, as well as additional discovery Plaintiffs sought and Meta agreed to provide.

*Newly Disclosed Torrenting Employees.* The productions Meta has made since the Court's most recent discovery orders have yielded additional evidence related to Meta's torrenting from LibGen and Anna's Archive, including previously undisclosed former employees involved (or very likely involved) in torrenting copyrighted works. In January 2026, Meta produced documents showing, for the first time, that former employee ███████ torrented LibGen files on behalf of,

---

[3] These search terms are attached as Ex. A. Meta has advised Plaintiffs that it believes some terms are overbroad, and Plaintiffs are committed to working with Meta on reasonable limitations.

or in collaboration with, former Meta employee Guillaume Lample in at least early 2023.[4] ▮ and

Lample ▮ to torrent LibGen, Ex. B, as well as ▮

▮ used to torrent. Ex. C. Meta also produced

records in January 2026 indicating ▮

▮, rather than the 3.9 TB

Meta previously disclosed Lample torrented. Ex. D ▮

▮ Further, in late January 2026, Meta

disclosed for the first time that, ▮

▮ Ex. E, and Meta has not ▮. Thus,

▮ may possess critical records of Meta's torrenting that prior discovery would not have reached.

Similarly, another document Meta produced in January 2026 reveals potential torrenting by former employee ▮. Specifically, former Meta employee Stephen Roller, who also torrented LibGen in October 2022, discussed in September 2022 that ▮ Ex. F; *see also* Ex. G ▮

▮ *see*

*also* Ex. H ▮

▮ Meta also produced a data log for ▮

▮

▮. *See* Ex. I. Unlike Roller's torrenting in October 2022, however, Meta has not produced corresponding "EMR logs" that link the downloading to any particular employee, and Meta has declined to investigate further despite other recently produced evidence of torrenting in September 2022. *See* Ex. J ▮

▮ (emphasis added); Ex. K ▮

▮ (emphasis added). Therefore, ▮

may also possess critical records of Meta's torrenting that prior discovery would not have reached.

---

[4] Lample is the former employee whose files the Court ordered Meta to search using the terms Plaintiffs now seek to be run against the files of the employees at issue in this Motion. *See* Dkt. 636-1 at 5.

Further, a complaint filed in July 2025 alleging Meta engaged in copyright infringement by torrenting certain media included an attachment showing previously undisclosed torrenting ███████████████████████████████. *See* Dkt. 1, Exs. B & C, *Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, Case No. 25-cv-06213 (N.D. Cal.). In October 2025, Meta confirmed a former Meta contractor named ████████████████████████, but it declined to search his records, stating it believes he torrented for personal use. Torrenting for personal use, however, is plainly relevant to the fair use analysis. Further, the *Strike 3* court, recently held that the use of Meta's corporate IPs to torrent "supports the conclusion that the [works] were not torrented for personal entertainment." Dkt. 61 at 11, 25-cv-06213.[5] Thus, ████████, too, may possess highly relevant records of Meta's torrenting that prior discovery would not have reached.

*Newly Disclosed Torrenting Concealment*. In January 2026, Meta produced a document revealing that former AI ████████████████████████████████████

████████████████████████████████████████ Ex. L. Meta has agreed to search Lample's files for this ██████████████ but has declined to run the torrenting search terms through ████████ files. This is important, however, because Meta has only produced logs covering roughly 3.9 TB of Lample's LibGen torrenting despite evidence suggesting he (and his team, ███████████████████████ *See* Ex. M ████████ ███████████████████████████; *see also* Dkt. 659-2, Choffnes Decl. ISO Motion to Amend Compl., ¶ 11. ████████ thus likely has critical records of this torrenting.

Finally, after the close of discovery, Meta also produced a communication from senior AI researcher ████████ to Xiaolan Wang (who torrented Anna's Archive in 2024) and others, stating he heard they ██████████████████████ and asking if it involved ████████ ████████████ Ex. N. Meta stated in early June 2026 that it is still investigating and will produce any responses to this communication, but it declined to search ██████ files despite this

---

[5] This "personal use" explanation is also belied by the fact that even if the torrent file identified in the *Strike 3* complaint's attachment is the only one ██████████████████████ ████████████████████████ That's not how someone acquires books for personal use, even through Internet piracy.

record strongly suggesting he or his team also engaged in torrenting and discussed ways to hide it.

## II.    Good Cause Exists for Plaintiffs to Obtain Additional Limited Discovery from Meta

Courts often grant additional discovery after discovery closes when new information is disclosed or produced. *See 2910 Georgia Ave. LLC v. D.C.*, 312 F.R.D. 205, 211-12 (D.D.C. 2015) ("'good cause' to reopen discovery" where "[b]ecause this information came to light after the discovery had closed, the parties did not have an opportunity to fully develop the record on . . . issues that both parties agree are central"). The same goes for additional discovery requested as a result of further productions. *See Discover Bank v. New Vision Fin., LLC*, 2005 WL 1865369, at *3 (S.D. Ohio Aug. 1, 2005) (finding "good cause . . . to reopen discovery after the expiration of the scheduling order dates" following prior order "permitting additional narrow discovery"). Courts also grant further discovery where, like here, it is "feasible to complete" it without altering other deadlines. *In re SanDisk SSDs Litig.*, 2025 WL 2304805, at *2 (N.D. Cal. Aug. 11, 2025).

Here, Meta has now produced records revealing (i) additional torrenting by employees not previously disclosed, and (ii) Meta's treatment of torrented works. Meta produced these records after the close of fact discovery—and most of them after resolution of Plaintiffs' prior administrative motion. Because these documents came only after the close of discovery, Plaintiffs have not had an opportunity to fully develop the record on what they reveal—a record that is highly relevant to Plaintiffs' remaining claims (Meta's torrenting) and Meta's promised fair-use defense, including Meta's state of mind and to the "use(s)" of the numerous copies of the Asserted Works that Meta torrented. Accordingly, good cause exists to permit the limited discovery Plaintiffs seek.

\*          \*          \*

Based on the records described above, Plaintiffs ask that the Court grant this Motion and order Meta to perform a limited search of the following individuals' files using the search terms the Court previously ordered Meta to run, as later supplemented by the parties:

- Former employees involved with torrenting: ███████████
- Employees involved with hiding torrenting: ███████████

Plaintiff also ask that the Court grant leave for Plaintiffs to notice the deposition of Mr. ███, who is still employed at Meta, and to subpoena Messrs. ███ and █████ who reside in the Bay Area.

Dated: June 25, 2026

By:  /s/ *Maxwell V. Pritt*
      Maxwell V. Pritt

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
bsugar@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

**COWAN DEBAETS ABRAMS &
SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*