DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:     (650) 815-4131

COOLEY LLP
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:     (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                              Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE RE: LIMITED CUSTODIAL SEARCHES AND DEPOSITIONS** |

The Court should reject the Kadrey Plaintiffs' attempts to further expand fact discovery in this case. Just a few months ago, when the Kadrey Plaintiffs had possession of the information relied upon in this Motion, their counsel expressly told the Court that no new discovery was needed. If this discovery is truly important to the overlapping distribution claims, the Plaintiffs in the related cases can pursue it. The Court should deny the Kadrey Plaintiffs' motion.

**Plaintiffs Should Be Held to Their Representations That No New Discovery Is Necessary.** After repeatedly telling this Court that no new fact discovery was needed to pursue their remaining claims, the Kadrey Plaintiffs once again ask the Court to grant them additional discovery even though fact discovery closed 18 months ago. Plaintiffs' motion is premised on incorrect interpretations of documents that were produced *before* Kadrey's counsel told the Court in February 2026 "I don't think any new discovery is necessary" when counsel was urging the Court to grant Plaintiffs' motion to amend the complaint to add a new contributory infringement claim. 2026-02-05 Tr. at 16:1-5; *see also* ECF No. 658 at 2 ("Plaintiffs do not intend to seek new discovery on their amended claim and seek leave only to add one additional expert to provide testimony on the online piracy ecosystem."); *id.* at 6 ("Plaintiffs' amendments are based on evidence Meta produced nearly a year after the initial December 2024 fact discovery cutoff, and they will not require new fact discovery beyond that already occurring"). Plaintiffs made similar representations when they sought leave to file the Third Amended Complaint. ECF No. 300 at 6-7 ("If the claims are added, Plaintiffs will not seek to initiate any additional discovery."). Indeed, Plaintiffs make clear that this motion for additional discovery will not be their last, as they state in a footnote that another motion seeking yet more fact discovery may soon be filed. The Court should hold Plaintiffs to their word and deny their motion to further expand fact discovery in the *Kadrey* matter.

**None of The Proposed Custodians or Deponents Are "Newly Disclosed."** As Plaintiffs admit in their brief, they have long been aware of each of their newly proposed custodians and deponents. The documents cited in the Motion were produced to Plaintiffs no later than January 2026 (Yongyi Hu, Armand Joulin), October 2025 (Arrigo Benedetti) and March 2025, over a year ago (Guan

Peng, Eric Han[1]).  If Plaintiffs believed that these persons had information critical to their claims, Plaintiffs should have said so in the briefing or argument in support of their Motion for Leave to File the Fourth Amended Complaint, not waited until long after the Motion for Leave was granted to raise it with the Court.[2]

**Meta Has Voluntarily Provided Extensive Additional Discovery to the Kadrey Plaintiffs and They Will Benefit from Discovery Sought in the *Entrepreneur, Cognella, Cambronne, and Chicken Soup* Matters.**  The Kadrey Plaintiffs were originally entitled to ten custodians under the agreed upon ESI order. ECF No. 101, Ex. A at 2.  The Court ordered five additional custodians during discovery, and after discovery closed, the Court ordered Meta to run an additional set of search terms on the fifteen previous custodians as well as adding five additional custodians for specific terms. In the interest of providing transparency about its data acquisition activities, Meta voluntarily added four more custodians, and expanded the scope of searches on three prior custodians.  Meta undertook all of this discovery while also voluntarily engaging with the *Kadrey* Plaintiffs' extensive follow-up questions regarding torrenting, which has resulted in the production of numerous additional documents, hundreds of gigabytes of logs, and continued supplementation of discovery responses.  Regarding depositions, the Kadrey Plaintiffs have already taken 25 depositions plus over 20 additional hours of 30(b)(6) testimony, including numerous depositions regarding torrenting activities.

Given all of this discovery, the *Kadrey* Plaintiffs already have an extensive factual record. And that record will be further supplemented by any discovery sought by the Plaintiffs in the four related cases on their overlapping distribution and contributory infringement claims.  If the new

[1] A Workplace Chat between Mr. Lample and Ms. Zhang produced in March 2025 discusses assigning "cleaning" of Libgen to Eric Han. (Ex. H (Meta_Kadrey_00237780).)  While Plaintiffs cite to this document, they do not disclose the date this document was produced, only referring to Exhibit F's production date of January 2026.

[2] Additionally, Plaintiffs did not raise the request for the Eric Han and Guan Peng depositions or the Guan Peng custodial search before filing this motion.  While Meta would have declined the requests if they had been made, Meta notes Plaintiffs' failure to properly meet and confer before filing this Motion.

custodians the Kadrey Plaintiffs seek here were truly important to torrenting issues, Entrepreneur presumably would have sought them in their case, but tellingly chose to pursue other custodians, including other custodians related to data acquisition. Likewise, if the Plaintiffs in the related cases believe that depositions of these individuals are important to their distribution and contributory infringement claims, they may seek those within the discovery limitations in their cases and the *Kadrey* Plaintiffs would be permitted to attend.

**The Kadrey Plaintiffs Overstate the Facts Regarding the Requested Custodians and Deponents.** Plaintiffs' motion relies on a cobbled together collection of unrelated documents, speculating about the meaning of their contents while ignoring other portions of these documents that do not support their narrative.

**Yongyi Hu** was an intern that worked at Meta from August 2022 until February 2023. Plaintiffs argue that Mr. Hu "may possess critical records of Meta's torrenting that prior discovery would not have reached." (Motion at 3.) Plaintiffs misconstrue and speculate about the cited documents' contents. **Exhibit B** appears to show in January 2023, Mr. Lample shared code relating to "fiction"; Libgen fiction is a single digit terabyte dataset (not 40 TB), and Meta has produced extensive records of Mr. Lample's work downloading Libgen fiction. Ex. B ("python b0.py download fiction --start_idx 100 --n_urls 100"); ECF No. 663-7 at 1 (Internal Meta document showing Libgen fiction is about 5.6 TB in size)). **Exhibit C** refers to a specific file in a folder that was used by Mr. Lample to store a download of a small portion of Libgen Scitech, for which Meta has also produced records. Plaintiffs have had access to logs relating to the specific Scitech files referred to in Exhibit C for over a year. And **Exhibit D** does not confirm that Mr. Lample had already acquired "40 TB" of books at that time, simply that he was looking to build a pipeline to process and OCR books like those in Libgen. Based on Meta's investigation to date, the files that were deleted at the request of Mr. Bashlykov to free up storage space (**Exhibit E**) appear to relate to work conducted by Mr. Lample in March of 2023, not the work of Mr. Hu who left in February 2023. (Exhibit L (March 2023 chat showing "/large_experiments/fair_llm/data_v2/datasets/books/data/scitech" as the location of Libgen data at that time, which matches a path in Exhibit E).

**Eric Han** was a Meta employee that worked in Meta's AI organization. Plaintiffs rely on vague references in **Exhibit F** and **Exhibit H** to Mr. Han being tasked with "taking a look at" Libgen for "data cleaning work" to suggest he also torrented Libgen. Plaintiffs inexplicably point to **Exhibit G**, a chat between Mr. Roller and Mr. Lample about *Mr. Roller's* activities that does not mention Mr. Han. And Plaintiffs point to cost and usage logs (**Exhibit I)** from a shared resource that show download activity in September 2022. What Plaintiffs do not disclose to the Court is that these logs do not show upload activity potentially indicative of torrenting, as the upload rate is particularly low (0.2% vs. 10% or more during periods of suspected torrenting activity). Ex. I (showing downloads of 29.1 TB and uploads of 67.5 GB, or ~0.2% ratio of upload to download for September 8, 17, 28, and 29, 2022, which were the dates raised by Plaintiffs during the Parties' discussions). Notably, Plaintiffs do not provide any explanation how these *download* spikes appear to be consistent with torrenting activity.

Finally, Mr. Roller's discussions in Exhibits J and K appear to be referring to third party torrenting activities, not Meta's. For instance, in Exhibit K, Mr. Roller suggests that use of certain books might be "ok" because "***someone else did the torrenting*** and putting [sic] it into corpus form." Ex. K (emphasis added). Regardless, even were Mr. Roller referring to supposed additional torrenting, Exhibits J and K demonstrate Mr. Han's lack of involvement in such activities. Exhibit J - where Mr. Roller suggests Meta is already in possession of "this torrent" - is dated September 14, 2023. That predates Exhibits F and H (September 15, 2023), which discuss assigning Mr. Han to look into preparing Libgen data for training (also referred to as "cleaning"). And Exhibit K refers to "emea" (an abbreviation for Europe Middle East Africa) acquiring the data at issue, not Mr. Han (who was located in the United States).

**Armand Joulin** was a Meta employee that worked on LLM training in Meta's Paris office and left in May 2023. Plaintiffs cite to **Exhibit L**, a single chat between Mr. Joulin and Mr. Lample, where Mr. Joulin suggests Lample rename Libgen to another name. **Exhibit M**, which discusses the need for additional storage because of the size of Libgen, does not demonstrate that Mr. Lample had already torrented 70 TB as of January 2023 (or ever actually torrented 70 TB) - just that he anticipated a need for additional space should they acquire all of this data. There is no suggestion

in any cited documents that Mr. Joulin participated in torrenting or would have access to any records that Mr. Lample would not have.

**Arrigo Benedetti** is a former Meta contractor who worked on computer vision applications for Meta's Reality Labs group.  Mr. Benedetti's work was not related to any of the Llama models that are the subject of this and the related litigations.  When Plaintiffs raised the downloading associated with Mr. Benedetti that arose in materials filed in the *Strike 3* matter[3], Meta voluntarily disclosed Mr. Benedetti's identity to the *Kadrey* Plaintiffs andinvestigated his work at Meta, which indicated that the materialwas downloaded by Mr. Benedetti for personal use given that it was unrelated to Mr. Benedetti's work at Meta.  Moreover, Mr. Benedetti's alleged acquisition of a relatively small number of "random" books from Anna's Archive is not consistent with the known acquisitions of works in connection with Meta's Llama models.

**Guan Peng** is a current Meta employee that works on models relating to image reasoning and generation.  Plaintiffs' claims of relevance relate to a single chat message sent by Mr. Peng asking questions about data acquisition activities, including torrenting.  Meta has investigated that chat and determined there is no record of any person responding to it.  Mr. Peng has also stated that he did not engage in any torrenting activity in his work at Meta and was not aware of any torrenting activity related to the work of his team.

**Conclusion.**  Plaintiffs' Motion should be denied in its entirety.  If any of this discovery is truly necessary to prosecute the distribution and contributory infringement claims, the Plaintiffs in the related cases can pursue it in those cases within the previously established discovery limitations in those matters.  And if it is sought in those cases, the Kadrey Plaintiffs will receive the benefit of it.  The Kadrey Plaintiffs should not be permitted, once again, to disavow the representations they made to this Court and to Meta that no additional fact discovery was necessary for the claims in their amended complaint.

---

[3] S*trike 3 Holdings, LLC v. Meta Platforms, Inc.*, Case No. 5:25-cv-06213-EKL (N.D. Cal.)

Dated: June 29, 2026

COOLEY LLP

By: */s/ Phillip E. Morton*
      Phillip E. Morton

Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Kathleen R. Hartnett
Bobby A. Ghajar
COOLEY LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
Email: khartnett@cooley.com
bghajar@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Phillip Morton (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

COOLEY LLP
ATTORNEYS AT LAW

6

META PLATFORMS, INC.'S OPPOSITION
TO ADMIN MOTION
3:23-CV-03417-VC-TSH