[Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civ. L.R. 16-9(a) and Dkt. No. 711, Plaintiffs Richard Kadrey, Sarah Silverman, Eleven Eleven O' Clock Corporation, Christopher Golden, Daring Greatly Corporation, Ta-Nehisi Coates, BCP Literary, Inc., Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, Lysa TerKeurst, and Christopher Farnsworth (collectively, "Plaintiffs"); and Defendant Meta Platforms, Inc. ("Meta") (together, the "Parties"), by and through their respective counsel, hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled in this Court for July 17, 2026.

## A. Jurisdiction

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331. Meta does not challenge personal jurisdiction. No parties remain to be served.

## B. Facts and Legal Issues

### 1. Facts

The Court is familiar with the general facts of this case. Following the Court's summary judgment orders (Dkt. 598, 601) and order granting Plaintiffs leave to file a fourth amended consolidated complaint (Dkt. 700), the parties have focused on Plaintiffs' claims that Meta reproduced, made available, and distributed the Asserted Works without permission, and that such activities constitute direct and contributory copyright infringement. Meta denies Plaintiffs' allegations.

### 2. Legal Issues

The Parties incorporate by reference their positions as stated in their June 24 Case Management Statement (Dkt. 749).

## C. Anticipated Motions

*__Plaintiffs' Administrative Motion.__*

*Plaintiffs' Statement:*  Plaintiffs seek leave to subpoena Stephen Roller, a former Meta employee who Meta disclosed after the Court's November 2025 order granting Plaintiffs' administrative motion had torrented terabytes of copyrighted works, including Plaintiffs' works,

1

from Library Genesis. *See* Dkt. 653 (letter from Meta counsel to the Court). Meta previously took the position that it "does not object to the concept of another deposition [by the *Kadrey* plaintiffs], subject to any objections that Meta may have to matters such as privilege or the scope, timing or length of the deposition." Meta reiterated this position at various times, including in the last Case Management Statement, Dkt. 749 at 12: "With respect to Mr. Roller, Meta reserves objections as to scope and length of any such deposition, and such deposition would need to be coordinated with the related case individual plaintiffs to the extent they wish to also take Mr. Roller's deposition." On July 9, however, Meta changed its position and said it now "declines to stipulate to Kadrey's participation . . . in a deposition of Mr. Roller to the extent it is sought by the EM or CCC Plaintiffs."

*Meta's Statement:* Meta has not "agreed" to a second deposition of Mr. Roller, a third party who is believed to be located in New York. Meta previously stated that it did not object to the proposition of a second deposition of Mr. Roller, but that if such a deposition were to go forward, it should have limits including on the scope and length of the examination. Furthermore, Mr. Roller may have his own objections to a second deposition that would need to be addressed. Meta believes that if any additional deposition of Mr. Roller were to take place in this case, given the current procedural posture, that deposition should be initiated and conducted by Entrepreneur and the "C Plaintiffs" within their deposition limits, not as an additional deposition taken by the Kadrey plaintiffs. If a deposition of Mr. Roller is sought by Entrepreneur and the "C Plaintiffs," counsel for the Kadrey plaintiffs may attend that deposition and confer with counsel for Entrepreneur and the "C Plaintiffs" with respect to the questions presented to Mr. Roller.

### Motions for Summary Judgment.

The Parties anticipate that the Parties will move for summary judgment in accordance with the summary judgment briefing deadlines set by the Court's order of March 26, 2026.

### Meta's Administrative Motion for Additional Discovery of Plaintiffs.

*Meta's Statement*: Meta expects to file an administrative motion seeking leave to serve discovery directed to the new claims, parties and allegations set forth in the Fourth Amended Complaint.

### D. Amendments to Pleadings

The Fourth Amended Consolidated Complaint is the current operative Complaint. *See* Dkt. No. 702.

### E. Evidence Preservation

The Parties incorporate by reference their positions as stated in their June 24 Case Management Statement (Dkt. 749).

### F. Initial Disclosures

The Parties exchanged initial disclosures on December 1, 2023, pursuant to Rule 26(a)(1)(A), and most recently supplemented their initial disclosures on June 5, 2026.

### G. Discovery

#### 1. Fact Discovery

The Parties incorporate by reference the procedural history included in their June 24 Case Management Statement (Dkt. 749). At the May 22 CMC, this Court ordered that all discovery across the four "individual" actions (*Entrepreneur Media*, *Chicken Soup*, *Cognella*, and *Cambronne*) will be shared with Plaintiffs. May 22, 2026 CMC Tr. at 41:12-18. The Court also ordered that the Parties must continue to seek the Court's approval via administrative motion practice for any further discovery on the remaining claims. *Id.* at 32:11-14. At the July 1 CMC, the Court granted *Entrepreneur Media*, *Cognella*, *Chicken Soup*, and *Cambronne* plaintiffs' request for 20 30(b)(1) depositions of Meta witnesses, with a time limit of nine hours, and a time limit of 14 hours for 30(b)(6) witnesses. Dkt. 761. The Court denied Plaintiffs' request to participate in questioning those witnesses absent stipulation by the Parties or court order(s) via administrative motion(s). *Id.*

***Plaintiffs' Statement***

*Depositions*. Meta has advised Plaintiffs since December 2025 that it did not object to Plaintiffs deposing former Meta employee Stephen Roller, who Meta disclosed for the first time in November 2025, after the Court granted Plaintiffs' October 2025 administrative motion, had torrented substantial amounts of copyrighted works, including Plaintiffs' works, from Library

Genesis. On July 9, 2026, however, Meta reversed its position and no longer agrees to Plaintiffs taking Mr. Roller's deposition. Plaintiffs thus will move the Court to grant Plaintiffs leave to subpoena Mr. Roller.

*Other Outstanding Discovery.* The Parties continue to meet and confer potential additional torrenting-related records and information, discovery ordered in connection with the Court's baseball arbitration order and order granting Plaintiffs' October 2025 administrative motion, an evidentiary stipulation in place of production of torrented files, and certain of Meta's privilege assertions.

**Meta's Statement**

*Depositions.* Meta incorporates by reference the discussion of Mr. Roller's deposition in Section C above.

### 2. Expert Discovery

The Parties incorporate by reference their positions as stated in their June 24 Case Management Statement (Dkt. 749).

### H. Class Actions

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

### I. Related Cases

The following cases are related to and have been consolidated in this proceeding:

- *Chabon et al. v. Meta Platforms, Inc.*, No. 3:23-cv-04663-VC
- *Huckabee et al. v. Meta Platforms, Inc. et al.*, No. 3:23-cv-06663-VC
- *Farnsworth et al. v. Meta Platforms, Inc.*, No. 3:24-cv-06893-VC

The following cases have been related, but not consolidated, with this action:

- *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579-VC
- *Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*, No. 3:26-cv-02333-VC
- *Cambronne v. Meta Platforms, Inc.*, No. 5:26-cv-03725-PCP
- *Cognella, Inc.* v. Meta Platforms, Inc., No. 3:26-cv-04053-JST

As previously raised with the Court, a putative class action was filed recently in the U.S.

District Court for the Southern District of New York (*Elsevier Inc. et al. v. Meta Platforms, Inc. and Mark Zuckerberg,* No. 1:26-cv-03689-PKC (S.D.N.Y.), which asserts claims that overlap with the claims remaining in this case, and with the training-based claims originally asserted in this case for which summary judgment was granted.  Meta has filed a letter motion in the *Elsevier* case seeking to transfer to the Northern District of California under the first-to-file rule and 28 U.S.C. § 1404(a), and Meta filed its opening brief on June 26, 2026. The *Elsevier* plaintiffs have stated they will oppose Meta's motion and will file that opposition in short order. On May 22, a second putative class action, *Hobbs et. al. v. Meta Platforms, Inc. et al.*, No. 1:26-cv-4314 (S.D.N.Y), was filed in the Southern District of New York. On July 2, another putative class action, *Sullivan et al. v. Meta Platforms, Inc. et al.*, No. 4:26-cv-06793 (N.D. Cal.) was filed in this district on behalf of textbook authors, and was assigned to Magistrate Judge Westmore. Meta anticipates filing a Notice of Related Case in the *Sullivan*, *Kadrey*, *Entrepreneur Media*, *Chicken Soup*, *Cognella* and *Cambronne* cases.

### J.  Relief

The Parties incorporate by reference their positions as stated in their June 24 Case Management Statement (Dkt. 749).

### K.  Settlement and ADR

The Parties have complied with ADR L-R 3.5. Plaintiffs and the Class always remain open to settlement discussions. Meta does not believe settlement discussions would be productive at this time.

### L.  Other References

This case is not suitable for reference to binding arbitration.

### M. Narrowing of Issues

The Parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

## N. Scheduling

The Court ordered that the schedule in this case will be aligned with *Entrepreneur Media*. Dkt. 700. The current schedule is as follows:

| Event | Deadline |
|---|---|
| Opening Reports Due | September 18, 2026 |
| Rebuttal Reports Due | October 16, 2026 |
| Reply Reports Due | October 30, 2026 |
| Close of Expert Discovery | November 20, 2026 |
| Summary Judgment Brief 1 Due (Plaintiffs Brief) | December 11, 2026 |
| Summary Judgment Brief 2 (Defendant Brief) | January 11, 2027 |
| Summary Judgment Brief 3 (Plaintiffs Brief) | January 29, 2027 |
| Summary Judgment Brief 4 (Defendants Brief) | February 12, 2027 |
| Hearing on Dispositive Motions | February 25, 2027, at 10 a.m. |

## O. Trial

Plaintiffs have requested a trial by jury on all claims allowed. The parties believe it is premature to determine the length of trial until the scope of issues to be tried is finalized.

## P. Disclosure of Non-Party Interested Entities or Persons

The Parties filed their Certificates of Interested Entities or Persons under Civil Local Rule 3-15.

## Q. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-03417-VC

Dated: July 10, 2026

Respectfully submitted,

By: */s/ Phillip E. Morton*

By: */s/ Maxwell V. Pritt*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC
20004 Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual
and Representative Plaintiffs and the Proposed Class*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela Dunning
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*

ECF ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.

/s/ *Phillip E. Morton*
Phillip E. Morton

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-03417-VC