**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

*(additional counsel included below)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>*Individual and Representative Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>*Defendant.* | Case No. 3:23-cv-03417-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE RE: ROLLER DEPOSITION** |

Pursuant to Civil Local Rule 7-11, Plaintiffs move for leave to cross-notice the deposition of former Meta employee Stephen Roller, who was subpoenaed for deposition in one or more of the related actions. *See* Ex. A. Both Entrepreneur Media and the "Three 'C'" plaintiffs support this Motion.

Mr. Roller was deposed in this case in early December 2024. At that time, he gave conflicting testimony about Library Genesis ("LibGen"), first testifying he could not recall whether ███████████████████, *see* Ex. B, Roller Dep. Tr. at 69:15-70:4; 256:12-16 ("█ ██████████████████████████████████"), then stating he had ████████████████████████████████████████████████. *Id.* at 264:13-21 █████████████████████████████████ ██████████).

Almost one year later, Plaintiffs learned for the first time that Mr. Roller ████████ ███████████████████████████████ while he was employed at Meta. Notably, during a November 10, 2025 hearing on Plaintiffs' October 2025 administrative motion for leave to conduct additional limited discovery into Meta's torrenting from pirate websites, counsel for Meta stated that only three Meta employees had engaged in such torrenting: "There's [a] discrete universe of [Mr.] Lample, of [Mr.] Bashlykov, of Ms. Wang. And we've really tried to bottom that out." Nov. 10, 2025 Hr'g Tr. at 30:7-8; *see also id.* at 32:17-33:22. Nine days later, after the Court granted Plaintiffs' motion and Plaintiffs served their additional discovery, Meta corrected that representation, *see* Dkt. 653, stating it had just identified an "additional potential episode of torrenting of books data" that "had not previously been disclosed to Plaintiffs." *Id.*

This additional torrenting episode was not "potential," and it was led by Mr. Roller. Meta's subsequent productions—including of Amazon Web Services ("AWS") logs, contemporaneous WorkChats, and technical records—have since revealed that Mr. Roller ████████████████ ██████████████████████████—or nearly the *entire* library of pirated works that were available at the time on LibGen—and ████████████████████████████

███████████████████████████████████████████████████████████. *See* Ex. C, Meta_Kadrey_00239273; *see also* Ex. D, Meta_Kadrey_00238564 (writing on October 24, 2022, to another Meta torrenter, ████████████████████████████████████████ ████████████████████████████") (emphasis added).

This discovery was not available prior to Mr. Roller's prior deposition.[1] It also directly undercuts Mr. Roller's prior testimony, and it confirms that the mechanics of Mr. Roller's torrenting are both unique (for example, Mr. Roller ████████████████████████████████ █████████) and squarely relevant to Plaintiffs' expert's analysis regarding Meta's distribution of the Asserted Works. Accordingly, Plaintiffs respectfully request that the Court permit them to examine this key witness on his past inconsistent testimony and evidence of Meta's torrenting and distribution of the Asserted Works produced only in the last several months. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 421 (N.D. Tex. 2021) ("Courts have allowed parties to reopen depositions when new information comes to light that creates the need for further questioning"); *see also M2 Software, Inc. v. M2 Commc'ns*, L.L.C., 217 F.R.D. 499, 500 (C.D. Cal. 2003) (where requesting party was diligent in seeking production of documents and producing party "never clearly stated that it would not produce [them] . . . enforcement of the discovery cutoff should yield to the court's overriding interest in fairness and equity."); *Armenian Assembly of Am., Inc. v. Cafesjian*, 692 F. Supp. 2d 20, 56 (D.D.C. 2010) (granting post-discovery-cutoff motion to compel based on an insufficient production just before the fact discovery cutoff), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014).

Until recently, Meta took the position that it would not object to Plaintiffs' request to subpoena Mr. Roller for another deposition—a request initially made following Meta's November

---

[1] Newly-produced communications between Mr. Roller and ███████ about Meta's training data also appear to contradict one of Meta's interrogatory responses in this case. *Compare* Ex. E META_EM_CCC_K_00038594 (produced July 10, 2026) *with* Ex. F (ROG 25: "Meta is presently unaware of any Meta employees who communicated with Microsoft Corporation, OpenAI, Eleuther AI, Anthropic, Dell Inc., Cloudflare, Inc. and Qualcomm regarding text training data used to train the Llama Models."). Plaintiffs thus could not have asked Mr. Roller about these communications at his deposition either despite their reasonable diligence in seeking such evidence.

2025 disclosure of Mr. Roller's torrenting. *See* Ex. G (Nov. 26, 2025: "*Meta does not object to the concept of another deposition of Mr. Roller, subject to any objections that Meta may have to matters such as privilege or the scope, timing or length of the deposition.*"). Meta later reiterated this position. *See* Ex. H (Mar. 20, 2026: "With respect to Mr. Roller, Meta maintains the position it provided on November 26th: 'Meta does not object to the concept of another deposition of Mr. Roller, subject to any objections that Meta may have to matters such as privilege or the scope, timing or length of the deposition.'"). Meta recently reversed course, however, and now objects to Plaintiffs' participation in Mr. Roller's deposition, arguing that "given the current procedural posture, that deposition should be initiated and conducted by Entrepreneur and the 'C Plaintiffs' within their deposition limits, not as an additional deposition taken by the Kadrey plaintiffs." Dkt. 768 at 2.

Given the current schedule and both Entrepreneur Media and the "Three 'C'" plaintiffs' support of Plaintiffs' participation in Mr. Roller's deposition, Plaintiffs respectfully request that the Court allow them to cross-notice Mr. Roller's deposition and participate in the deposition, subject to the same deposition hours limitation already set forth by the Court in the related cases. *See*, *e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 12324184, at *1 (C.D. Cal. Jan. 3, 2013) ("[D]efendants . . . have the right to conduct their own discovery based on their own defense strategies and theories of the case, which may differ from those employed by defendants in other actions."); *DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *6 (N.D. Ill. Mar. 18, 2020) ("It is perfectly understandable that Defendants prefer to depose witnesses themselves, rather than rely on old transcripts involving different parties and lawyers. Counsel for Defendants may have a different plan of attack for these witnesses, or may wish to ask questions not contemplated by the prior deposing lawyers."); *Great Am. Assurance Co. v. Ride Sol., Inc.*, 2019 WL 13023801, at *3 (M.D. Fla. June 7, 2019) (a party "is entitled to inquire from its perspective and should not have to rely on questioning by parties with different interests").

\*       \*       \*

For the reasons set forth above, Plaintiffs respectfully request leave to cross-notice and

participate in Mr. Roller's deposition. Plaintiffs' participation will not cause prejudice to Meta, to Mr. Roller, or to any of the plaintiffs in the related cases, all of whom support Plaintiffs' participation.

Dated: July 28, 2026

By: /s/ *Maxwell V. Pritt*
  Maxwell V. Pritt

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
bsugar@lchb.com

**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butcoklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

**COWAN DEBAETS ABRAMS &
SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*