[Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, | |
| Individual and Representative Plaintiffs, | Case No. 3:23-cv-03417-VC |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | |

Pursuant to Civ. L.R. 16-9(a) and Dkt. No. 711, Plaintiffs Richard Kadrey, Sarah Silverman, Eleven Eleven O' Clock Corporation, Christopher Golden, Daring Greatly Corporation, Ta-Nehisi Coates, BCP Literary, Inc., Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, Lysa TerKeurst, and Christopher Farnsworth (collectively, "Plaintiffs"); and Defendant Meta Platforms, Inc. ("Meta") (together, the "Parties"), by and through their respective counsel, hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled in this Court for July 31, 2026.

The Parties incorporate by reference their statements from their last two Case Management Statements concerning Jurisdiction, Facts and Legal Issues, Anticipated Motions, Amendments to Pleadings, Initial Disclosures, Relief, Settlement and ADR, Other References, Narrowing of Issues, Scheduling, Trial, Disclosure of Non-Party Interested Entities or Persons, and Professional Conduct. *See* Dkts. 749, 768.

**A. Discovery**

*Plaintiffs' Statement*

*Roller Deposition.* Meta has advised Plaintiffs since November 2025 that it did not object to Plaintiffs deposing former Meta employee Stephen Roller, who Meta disclosed for the first time in November 2025, after the Court granted Plaintiffs' October 2025 administrative motion, had torrented substantial amounts of copyrighted works, including Plaintiffs' works, from Library Genesis. On July 9, 2026, however, Meta reversed its position and no longer agrees to Plaintiffs taking Mr. Roller's deposition. Plaintiffs thus filed a motion this week seeking leave to cross-notice the deposition of Mr. Roller, who was subpoenaed by the "Three 'C'" plaintiffs. Entrepreneur Media and the "Three 'C'" plaintiffs support Plaintiffs' request.

*Other Outstanding Discovery.* The Parties continue to meet and confer regarding potential additional torrenting-related records and information, discovery ordered in connection with the Court's baseball arbitration order and order granting Plaintiffs' October 2025 administrative motion, an evidentiary stipulation in place of production of torrented files, and certain of Meta's

1

privilege assertions. Plaintiffs anticipate briefing two discovery disputes before Judge Hixson in the coming days and weeks. The first seeks to compel Meta to comply fully with two previous discovery orders issued by this Court, one related to command history files and one related to Meta's search of the ML Hub. The second relates to privilege disputes regarding Meta's recent privilege logs.

*Meta's Administrative Motion for Discovery of Plaintiffs.* On July 28, Meta informed the Plaintiffs that it plans to file an administrative motion requesting to serve 1,372 discovery requests on Plaintiffs (between 84 and 94 requests per plaintiff). While Plaintiffs are still reviewing the voluminous proposed requests, Plaintiffs expect to oppose Meta's administrative motion to the extent it seeks permission to serve all such discovery requests because such requests are untimely, prejudicial, and lacking diligence. Meta seeks to serve these requests 18 months after this Court permitted Plaintiffs to add uploading allegations to their complaint, and 4 months after this Court permitted Plaintiffs to add a contributory infringement claim and three loan out companies as Plaintiffs. The majority of Meta's discovery requests could have been served 18 months ago given that Meta's torrenting activity has been at issue in this case since November 2024, and included in the operative Complaint since January 2025.

Meta's assertion below that Plaintiffs reversed position with respect to Meta's new discovery requests is not correct. *See* Dkt. 749 at 4. Plaintiffs previously indicated they did not categorically object to Meta serving discovery requests reasonably tailored to the new allegations and loan-out plaintiffs in the Fourth Amended Complaint. That position has not changed, but many of Meta's requests are far broader than the new allegations. Notwithstanding the foregoing, Plaintiffs are willing to meet and confer on a reasonable number of discovery requests tied specifically to the three additional named loan-out plaintiffs and Plaintiffs' new contributory infringement claim. However, Plaintiffs will oppose any discovery beyond such requests.

### Meta's Statement

*Roller Deposition*. Meta will file a response to Plaintiffs' Administrative Motion seeking a second deposition of third party former employee Mr. Roller. Meta has previously stated that it did

not object to the proposition of a second deposition of Mr. Roller, but that if such a deposition were to go forward, it should have limits including on the scope and length of the examination. Furthermore, Mr. Roller may have his own objections to a second deposition that would need to be addressed.

*Other Outstanding Discovery.* Meta continues to meet and confer with Kadrey regarding further discovery inquiries. Meta is working with Plaintiffs on the two discovery disputes they anticipate briefing with Judge Hixson.

*Meta's Administrative Motion for Discovery of Plaintiffs.* Meta expects to file an administrative motion seeking leave to serve discovery directed to the new claims, parties and allegations set forth in the Fourth Amended Complaint in advance of the CMC. That administrative motion will set forth the basis for the new discovery requests addressed by Plaintiffs in this statement. Plaintiffs originally indicated they did not oppose Meta serving additional requests related to Plaintiffs' amended allegations and newly added Plaintiffs. However, Plaintiffs reversed that position after Meta informed them it did not consent to Plaintiffs serving additional discovery requests after the close of fact discovery on Meta.

As a preview of the issues that will be addressed in Meta's forthcoming administrative motion for leave to serve these requests: On July 28, 2026, Meta served Plaintiffs with proposed requests for production, requests for admission, and interrogatories. Plaintiffs did not raise any concerns about these specific requests until Meta received responsive edits to this CMC statement. Plaintiffs are wrong to suggest that the majority of Meta's requests could have been served 18 months ago. Meta's requests are "tied specifically to the three additional named loan-out plaintiffs and Plaintiffs' new contributory infringement claim" – claims that Plaintiffs added only a few months ago. Because Meta's requests are tailored to Plaintiffs' new contributory infringement claims and the added loan-out companies, Meta understands that Plaintiffs do not oppose these requests categorically, consistent with Plaintiffs' acknowledgement that they will meet and confer as to the propounded requests. Plaintiffs' comments about the gross aggregate number of requests are driven by the number of individual plaintiffs (16 total), several of which are new to the case

and have not been the subject of discovery previously. In any event, Plaintiffs and Meta will meet and confer regarding these requests and address any disputes about the precise scope of the requests with Judge Hixson, if necessary.

Dated: July 29, 2026                    Respectfully submitted,

By: */s/ Phillip Morton*                By: */s/ Annabel Weinbach*

**DUNN ISAACSON RHEE LLP**              **BOIES SCHILLER FLEXNER LLP**
Karen L. Dunn (pro hac vice)           David Boies (*pro hac vice*)
Jessica E. Phillips (pro hac vice)     333 Main Street
Kyle N. Smith (pro hac vice)           Armonk, NY 10504
401 9th Street NW Washington, DC       (914) 749-8200
20004 Telephone: (202) 240-2900        dboies@bsfllp.com
Email: kdunn@dirllp.com
jphillips@dirllp.com                   Maxwell V. Pritt (SBN 253155)
ksmith@dirllp.com                      Joshua M. Stein (SBN 298856)
                                       Margaux Poueymirou (SBN 356000)
**COOLEY LLP**                         44 Montgomery Street, 41st Floor
Bobby A. Ghajar (198719)               San Francisco, CA  94104
1333 2nd Street, Suite 400             (415) 293-6800
Santa Monica, CA 90401                 mpritt@bsfllp.com
Telephone: (310) 883-6400              jstein@bsfllp.com
Facsimile: (310) 883-6500              mpoueymirou@bsfllp.com
Email: bghajar@cooley.com
cghazarian@cooley.com                  Jesse Panuccio (*pro hac vice*)
                                       Annabel Weinbach (*pro hac vice*)
Mark R. Weinstein (193043)             1401 New York Ave, NW
Elizabeth Lee Stameshkin (260865)      Washington, DC  20005
3175 Hanover Street                    (202) 237-2727
Palo Alto, CA 94304                    jpanuccio@bsfllp.com
Telephone: 650-843-5000                aweinbach@bsfllp.com
Facsimile: 650-849-7400
Email: mweinstein@cooley.com           David L. Simons (*pro hac vice*)
lstameshkin@cooley.com                 55 Hudson Yards, 20th Floor
                                       New York, NY 10001
                                       (914) 749-8200
                                       jischiller@bsfllp.com
                                       dsimons@bsfllp.com

4           **JOINT CASE MANAGEMENT STATEMENT**
            **CASE NO. 3:23-CV-03417-VC**

Kathleen R. Hartnett (314267)        *Interim Lead Counsel for Individual*
3 Embarcadero Center, 20th Floor     *and Representative Plaintiffs and the Proposed Class*
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela Dunning
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. 3:23-CV-03417-VC**

ECF ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.


/s/ *Annabel Weinbach*

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. 3:23-CV-03417-VC**