DUNN ISAACSON RHEE LLP
KAREN L. DUNN (pro hac vice)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4131

COOLEY LLP
KATHLEEN HARTNETT (314267)
khartnett@cooley.com
BOBBY GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865)
lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DISCOVERY RELATING TO PLAINTIFFS' NEWLY ADDED CONTRIBUTORY INFRINGEMENT CLAIM AND LOAN OUT COMPANIES** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 16(b)(4), and Local Civil Rule 7-11, Defendant Meta Platforms, Inc. ("Meta") hereby submits this motion for leave to serve targeted discovery directed at the new claim and new parties added in Plaintiffs' Fourth Amended Consolidated Complaint ("FACC"). This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any argument the Court may permit.

## INTRODUCTION

Following the Court's instruction that leave is required for any new discovery in *Kadrey*, Meta respectfully requests leave to serve targeted discovery limited in scope to the two new additions in Plaintiffs' Fourth Amended Consolidated Complaint ("FACC"), Dkt. 702: (1) a new contributory copyright infringement claim (Count IV) and (2) three new named plaintiffs—corporate loan-out entities not previously subject to party discovery.

As the Court is aware, fact discovery in this action closed on December 13, 2024—well before Plaintiffs filed the FACC on April 1, 2026. The FACC introduced a new legal theory that Meta could not have anticipated when the original discovery schedule was set, and it added three new parties who have never been subject to discovery.  In order to effectively defend itself against these additions in the FACC, Meta seeks narrow and targeted written discovery and leave to take depositions of the three new plaintiff entities. As explained below, the relevant factors of the applicable *City of Pomona* test strongly favor granting the relief requested. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). To be clear, Meta does not seek to reopen general fact discovery or revisit topics already adjudicated. The Court should grant Meta's motion.

## BACKGROUND

This action was filed in July 2023, asserting copyright claims arising from Meta's use of copyrighted works to train its AI models. After three rounds of amendment and extensive discovery and motion practice, on June 25, 2025, the Court entered partial summary judgment on Meta's fair use defense. Dkt. 598. Fact discovery in this action closed on December 13, 2024. Dkt. 211.

On December 11, 2025, Plaintiffs moved for leave to file the FACC. Dkt. 658. In that

motion, Plaintiffs represented to the Court that they did not need additional discovery with respect to the new contributory infringement claim they sought to add. *Id.* at 6; *see also* May 22, 2026, CMC Tr. 23–24. Meta opposed the amendment, in part, because it would necessitate additional discovery—including targeted discovery on the new claim and on the standing and ownership interests of the proposed new loan-out plaintiffs. *See* Dkt. 670 at 1, 7–8 (explaining discovery needed).

On March 25, 2026, the Court granted leave to file the FACC, Dkt. 700, and Plaintiffs filed the FACC on April 1, 2026, Dkt. 702. The FACC adds (1) a new claim for contributory copyright infringement (Count IV), and (2) three new named plaintiffs—corporate entities that have not previously been subject to discovery. In granting the amendment over Meta's opposition, the Court also extended *Kadrey*'s expert discovery and summary judgment schedule to align with *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-9579-VC (N.D. Cal.), finding that doing so meant Meta would "not be meaningfully prejudiced" by the addition of the contributory infringement claim. Dkt. 700 at 6. At a May 22, 2026, case management conference, the Court further aligned *Kadrey*'s pretrial schedule with three additional related actions—*Cambronne Inc. et al. v. Meta Platforms, Inc.*, No. 3:26-cv-3725-VC; *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, No. 3:26-cv-2333-VC; and *Cognella, Inc. v. Meta Platforms, Inc.*, No. 3:26-cv-4053-VC—and noted that discovery across all of these cases is to be shared. May 22, 2026, CMC Tr. at 14–15, 41. The current schedule affords ample time to complete Meta's targeted discovery.

At the May 22, 2026, case management conference, counsel for both parties confirmed that *Kadrey* fact discovery remains closed and that any additional discovery must proceed by motion. *Id.* at 23, 25–26, 32. In response to Plaintiffs' request to reopen discovery, the Court stated: "[I]f the Plaintiffs want to do additional discovery, they should seek leave to do additional discovery." *Id.* at 32. Meta brings this motion in response to those instructions.

## ARGUMENT

A district court may modify a scheduling order to permit additional discovery upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit instructs district courts to consider: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-

META PLATFORMS, INC.'S ADMINISTRATIVE
MOTION FOR LEAVE TO SERVE DISCOVERY
3:23-CV-03417-VC-TSH

moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona*, 866 F.3d at 1066. The majority of these factors – and principles of fairness – favor granting the relief Meta seeks:

(1)    *Trial is not imminent.* No trial date has been set in this case. As described above, the Court's March 25, 2026 order pushed back *Kadrey*'s expert discovery and summary judgment schedule to align with *Entrepreneur Media*. There is no risk that the limited discovery Meta seeks here would interfere with an imminent trial.

(2)    *Plaintiffs do not oppose the type of discovery Meta seeks*.[1] Plaintiffs concede that they "previously indicated they did not categorically object to Meta serving discovery requests reasonably tailored to the new allegations and loan-out plaintiffs in the Fourth Amended Complaint." Dkt. No. 783 at 3. Meta's proposed discovery is exactly that: it is "reasonably tailored" to Plaintiffs' new contributory infringement claims and the added loan-out companies. Consistent with Plaintiffs' acknowledgement in the recently filed Case Management Statement that they will meet and confer as to the propounded requests (Dkt. 783 at 2), they do not categorically oppose the new requests.

(3)    *Plaintiffs will not be prejudiced.* As noted, the proposed discovery is directed exclusively at claims and parties that Plaintiffs introduced by filing the FACC, comprised of several interrogatories, targeted document requests, and various requests for admission. Having sought and obtained leave to add a new legal theory and three new named plaintiffs months *after* the close of fact discovery, Plaintiffs cannot complain of prejudice because Meta seeks discovery relating to those belated amendments. In comparison, in granting Plaintiffs leave to amend, the Court found that Meta would "not be meaningfully prejudiced" given the extension of the *Kadrey* expert discovery and summary judgment schedule to align with *Entrepreneur Media*'s. Dkt. 700 at 6. Likewise here, the extended schedule more than adequately accommodates any concerns of

---

[1] Plaintiffs did not initially oppose Meta's motion. However, Plaintiffs subsequently changed their position after learning that Meta did not agree to Plaintiffs' additional discovery requests.

**META PLATFORMS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DISCOVERY 3:23-CV-03417-VC-TSH**

prejudice to Plaintiffs caused by the limited follow-on discovery. *See, e.g.*, *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 331 (D. Ariz. 2018) (any prejudice from late-added claimants cured by reopening discovery before trial).

(4)     *Meta has been diligent.* "In evaluating diligence for the purposes of Rule 16(b) … courts generally consider both when the relevant facts were learned and whether the moving party was diligent in seeking discovery of those facts." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654 (N.D. Cal. 2025). Where, as here, a defendant "had no opportunity" to seek discovery from newly added plaintiffs "because discovery was already closed," this factor weighs in the defendant's favor. *Salazar v. Driver Provider Phoenix LLC*, 2024 WL 946568, at *2 (D. Ariz. Feb. 21, 2024).[2] And since "[t]he showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed," *Pacira Pharmaceuticals, Inc. v. Rsch. Development Foundation*, 2023 WL 3737499, at *2 (D. Nev. May 30, 2023), Meta's "diligen[ce] in attempting to obtain discovery within the Court's deadlines" weighs in favor of allowing Meta to obtain discovery on issues that only arose "after discovery had closed," *Carnahan v. Leon*, 2019 WL 1226815, at *3 (W.D. Wash. Mar. 15, 2019).

(5)     *The need for additional discovery was not foreseeable when the schedule was set.* The FACC was filed on April 1, 2026, Dkt. 702, more than fifteen months after fact discovery closed in December 2024. The original schedule could not have contemplated the new claim and new plaintiffs the FACC introduced.

(6)     *The discovery is likely to lead to relevant evidence.* The targeted discovery Meta seeks pertains only to the new issues raised by the FACC. For example, Meta's discovery requests bear on whether third-party infringement occurred, where and by whom, and facts in Plaintiffs' possession regarding whether Meta materially contributed to third party infringement in a manner

---

[2] Plaintiffs incorrectly suggest in a recent filing that Meta's requests could have been served 18 months ago. Dkt. 783 at 2. Not so. Meta could not have sought discovery on the contributory infringement claim or the loan-out plaintiffs before they were added to this case in April. Indeed, Meta argued against the amendment precisely because it would necessitate additional discovery. *See* Dkt. 670 at 1, 7–8. Meta brings this motion following Plaintiffs' filing of the FACC on April 1, 2026; after receiving confirmation from the Court at the May 22, 2026, case management conference that leave would be required to serve additional discovery. May 22, 2026, CMC Tr. at 23, 25–26, 32; and after Plaintiffs declined to stipulate to allow Meta's proposed discovery.

cognizable by law. For the pre-existing Plaintiffs, Meta seeks leave to serve just two (2) interrogatories. For the new loan out entity Plaintiffs, Meta intends to serve a third interrogatory asking for the basis of their copyright ownership (a prerequisite to standing). Meta's document requests and requests for admission are similarly focused on the evidence (or lack thereof) underlying each Plaintiffs' claim of contributory infringement and related injury or damages.

As to the new loan-out plaintiffs (*e.g.*, BCP Literary or Eleven Eleven O'Clock), Meta's intended discovery is directed at their claimed copyright ownership and assignment of rights, their standing, and the relationship between the alleged infringement and Plaintiffs' asserted works. This is the same type of discovery Meta was able to obtain from the 13 original Plaintiffs; it simply seeks the ability to do so with the three new ones. In total, Meta's discovery requests consist of up to approximately 40 RFPs, 48 RFAs, and 2-3 interrogatories per Plaintiff (of which there are 16).[3] *See, e.g.*, Exhs. A-C (Daring Greatly Discovery Requests). The relevance of this discovery is plain as it goes to the core elements of the new claim, the new parties, and Meta's defenses.

## CONCLUSION

As a matter of equity, having been granted leave to belatedly add a new copyright claim and three new plaintiff entities, Plaintiffs cannot complain that Meta needs discovery on that claim and as to those entities. Meta respectfully requests that the Court grant its Motion and permit Meta to serve: (1) requests for production, interrogatories, and requests for admission directed at Plaintiffs' new contributory copyright infringement claim (Count IV of the FACC); and (2) requests for production, interrogatories, and requests for admission directed at the three new loan-out corporate plaintiffs added in the FACC, along with a single deposition of each new plaintiff under Federal Rule of Civil Procedure 30(b)(6).

---

[3] Any complaint about the gross aggregate number of requests, Dkt. 783 at 3–4, is misleading, as it is based on the same finite set of discovery requests multiplied by the number of individual plaintiffs (16 total), three of which are entirely new to the case as of April 2026.

Dated: July 31 2026

By: */s/ Bobby A. Ghajar*

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Kathleen R. Hartnett
Bobby A. Ghajar
COOLEY LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
Email: khartnett@cooley.com
bghajar@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Phillip Morton (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
151 University Ave
Palo Alto, CA 94301
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

6

**META PLATFORMS, INC.'S ADMINISTRATIVE
MOTION FOR LEAVE TO SERVE DISCOVERY
3:23-CV-03417-VC-TSH**