[Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*, | |
| Individual and Representative Plaintiffs, | Case No. 3:23-cv-03417-VC |
| v. | **JOINT DISCOVERY STATUS REPORT** |
| META PLATFORMS, INC., a Delaware corporation; | |
| Defendant. | |

Pursuant to the Court's Order, ECF No. 778, the parties respectfully submit this joint discovery status report.

## A. Pending Joint Letter Briefs

*Joint Letter Brief Re: Command History Files and ML Hub*: On July 31, 2026, the parties submitted a joint letter brief regarding Plaintiffs' motion to compel Meta to comply with the Court's orders to (1) produce the command history for the servers and virtual machines that Meta used to torrent copyrighted works, and (2) to search Meta's ML Hub or make it available for inspection.

## B. Ongoing Discovery Issues to Address at the Hearing

### Plaintiffs' Statement

*Forthcoming Letter Brief Re: Privilege Claims*: Over roughly the past several months, the parties have met and conferred regarding a number of Meta's privilege and work product claims in privilege logs served in connection with Meta's productions after the close of fact discovery. While the parties have narrowed the scope of their disputes significantly, they remain at an impasse over roughly 60 log entries. The parties have agreed to a briefing schedule with their joint letter brief to be filed no later than Wednesday, August 19, and ask that the Court permit an enlargement of the page limit to 10 pages.

In connection with this briefing, Plaintiffs ask that the Court order Meta to disclose no later than COB this Friday, August 7, how many employees (including interns) and/or independent contractors could access the AI Data Catalog ("AIDC") pages Meta claims contains privileged communications since those communications (or "updates") were made in the AIDC, as the number of employees with access to them is relevant to Meta's privilege claims.[1] Plaintiffs have repeatedly asked Meta to provide this information since it first claimed privilege over updates in the AIDC in August 2025.

---

[1] *See, e.g.*, *FTC v. Amazon.com, Inc.*, 2026 WL 1965082 (W.D. Wash. July 7, 2026) ("Defendant's claim of privilege is also undermined by the widespread dissemination of these materials throughout the organization[.]") Recently produced documents reveal that the ML Hub—which houses (or at one point housed) the AIDC—is accessible to around 16,000 employees.

*Hyperlink Requests and Additional Torrenting*: Meta is currently collecting (1) certain hyperlinks Plaintiffs requested and (2) file lists, code, and other responsive files and documents related to torrenting from the work computer (and any backups) of former Meta employee Viktor Kerkez. *See, e.g.*, Meta_Kadrey_00088043 at -099 (indicating that as of January 22, 2024, Kerkez was "[r]ewriting download and processing code for Anna's archive" and sought to "[d]ownload as much as it can be"). Plaintiffs have asked Meta for several months to confirm whether Kerkez also engaged in torrenting of copyrighted works, but Meta has repeatedly demurred and referred to the records it has stated it intends to produce, while also not committing to a production deadline. Plaintiffs thus request that the Court order Meta to produce these records no later than EOD this Thursday, August 6 in advance of torrenting-related depositions occurring this Friday, August 7 and next week.

### Defendant's Statement

**Privilege Log Issues:**   The Kadrey Plaintiffs have filed at least 8 challenges against hundreds of Meta's privilege assertions; each of those motions have been denied (in whole or in part) with the Court finding, *inter alia*, "no indication that Meta is abusing the privilege" (Dkt 351). While Meta believes this is yet another example of the Kadrey Plaintiffs abusing the discovery letter brief process with meritless privilege challenges, Meta will submit those issues to the Court as Kadrey is requesting.  Regarding the briefing schedule, Meta will agree to exchange its response to the Kadrey Plaintiffs' letter brief one week after receiving the Kadrey Plaintiffs' opening portion. It is unreasonable for the Kadrey Plaintiffs to expect a response in three days when the Kadrey Plaintiffs can take as much time as they desire preparing the opening brief, particularly considering the privilege logs at issue were served long ago (on February 12, 2025, March 12, 2025, April 6, 2025, and February 27, 2026).  Meta needs sufficient time to investigate and prepare responses to the Kadrey Plaintiffs' positions, which often shift between the meet and confer and the letter brief that Plaintiffs eventually serve.  Moreover, the additional few days will not prejudice the Kadrey Plaintiffs, considering the age of the privilege logs at issue and the fact that the Kadrey Plaintiffs waited months to raise any challenges. Meta does not believe a page extension is necessary, but in the interest of eliminating issues in dispute, Meta does not oppose Plaintiffs' request for a reciprocal

2                                      **JOINT DISCOVERY STATUS REPORT**
**CASE NO. 3:23-CV-03417-VC**

extension of the page limit in the event the Court believes the extra pages will be helpful to its consideration of the issues.

*AIDC Information:*  Discovery is closed in the Kadrey matter unless Judge Chhabria authorizes additional discovery via an administrative motion.  Kadrey identifies no discovery request or court-ordered obligation allowed by the Court to which information about the persons who have access to AIDC is responsive.  Kadrey's request should be denied, particularly as the Court has already upheld privilege on AIDC pages challenged by Plaintiffs based on Meta's representation that "[a]ccess to the AIDC tool is controlled and limited to personnel at Meta that have a need to access information about dataset approvals."  (ECF Nos. 624 at 4; 627 (upholding Meta's claims of privilege as to legal advice from attorneys in AIDC document)).)

*Hyperlinks:* Meta has voluntarily produced hundreds of requested hyperlinks in this matter despite no obligation to do so under the ESI order.  Meta is aware of two pending hyperlink requests that it is collecting and will produce as soon as it reasonably can.

*Victor Kerkez Information:*  Mr. Kerkez is a former employee based in the United Kingdom.  Meta voluntarily searched Mr. Kerkez's work computer backups to provide relevant information, if any, to the Kadrey Plaintiffs.  Because this was a voluntary search, there is nothing for the Court to enforce.  Meta will endeavor to produce the filelist information Meta agreed to produce by August 7, 2026, and ahead of the 30(b)(6) deposition it has scheduled for August 26-28 that relates to torrenting issues.  (This week's and next week's depositions referred to by Plaintiffs as "torrenting-related" are not Rule 30(b)(6) depositions.  The two upcoming depositions referred to above are 30(b)(1) depositions of other Meta employees.)

## C. Ongoing Issues on Which the Parties Continue to Meet and Confer

### *Plaintiffs' Statement*

*Torrenting Log Data:* The parties have been meeting and conferring over the past several months on certain files that appear to be related to Meta's torrenting activity in late May or early June 2024. Plaintiffs have requested that Meta confirm whether it has produced everything in its possession, custody, or control under a certain directory, which the parties refer to as the "10756" directory based on the associated job number for a completed torrent download of LibGen

3

Nonfiction in late May 2024 by Xiaolin Wang. Plaintiffs have requested all files from this directory because the directory appears to contain only data related to Wang's torrenting.

*File List Stipulation*: The parties have been negotiating an agreement concerning the treatment of file and directory listings in connection with torrented works in place of production for those works. This stipulation is designed to allow the parties to identify the works (including copies of works) that Meta torrented without requiring Meta to produce the voluminous native data.

*AIDC Exports*: Meta has produced PDFs of pages from its "AI Data Catalog," some of which contain or link to what Meta has represented are samples of associated files and/or metadata. Plaintiffs requested that Meta produce these exports, and Meta has represented that it has produced all except a small subset that it is processing and will produce in short order.

*Deletion of Torrented Files*: In July 2023, after the complaint was filed in this case, Meta employee Nikolay Bashlykov tagged a (now) former Meta employee, Lukas Blecher, about "clean[ing]" or deleting "other folders" in a task to delete 9 TB of files or data that Meta (specifically, former employee Guillame Lample and/or his team at Meta) torrented from Library Genesis. *See* Dkt. 752-6, Ex. E, (Meta_Kadrey_00239990). Meta disclosed the deletion of these 9 TB in late January 2026. Since that time, Plaintiffs have sought from Meta additional information concerning the contents of the deleted files. Meta has represented it has not located any additional information. Plaintiffs also asked Meta to investigate whether Mr. Blecher identified "other folders" for "clean[ing]" or deletion that may have contained files related to Meta's torrenting of copyrighted works, but Meta has not yet responded other than stating that there were no further communications in the task they produced (Ex. E, Meta_Kadrey_00239990).

*Rule 502(d) Stipulation*: To resolve disputes over certain documents that Meta has withheld as privileged, the parties stipulated to a Rule 502(d) agreement and moved to amend the Protective Order to include a Rule 502(d) provision, which the Court recently entered. Dkt. 777. Meta has advised Plaintiffs that it intends to produce the documents by close of business this Thursday, August 6.

### ***Defendant's Statement***

While Meta disagrees with Plaintiffs' characterization of the above issues (including data

deletion that had no connection with the pendency of this litigation),  the parties are continuing to meet and confer about these issues and if a dispute arises that is appropriate for resolution by the Court, the parties will raise it.

Dated: August 4, 2026

By: */s/ Phillip Morton*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004 Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Respectfully submitted,

By: */s/ Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC  20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

JOINT DISCOVERY STATUS REPORT
CASE NO. 3:23-CV-03417-VC

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela Dunning
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*

**JOINT DISCOVERY STATUS REPORT**
**CASE NO. 3:23-CV-03417-VC**

ECF ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.


/s/ *Maxwell V. Pritt*

**JOINT DISCOVERY STATUS REPORT**
**CASE NO. 3:23-CV-03417-VC**