DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone:    (650) 815-4131

COOLEY LLP
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br><br>    Individual and Representative Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 3:23-cv-03417-VC-TSH<br><br>**DECLARATION OF KYANNA SABANOGLU IN SUPPORT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 781]** |

I, Kyanna Sabanoglu, hereby declare:

1.      I am an Associate General Counsel, IP Litigation for Defendant, Meta Platforms, Inc. ("Meta").  I provide this Declaration based on my personal knowledge and/or after a reasonable investigation of the relevant facts.  If called to testify as a witness, I could and would testify competently thereto.

2.      Pursuant to Civil L.R. 79-5, I make this Declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 781) ("Motion").

3.      For the reasons detailed herein, Meta seeks leave to file under seal portions of certain documents filed by Plaintiffs in support of Plaintiffs' Motion.

| Document | Sealing Request |
|---|---|
| **Sabanoglu Ex. 1 –** Exhibit C | **Entirety** |
| **Sabanoglu Ex. 2 –** Exhibit D | **Redacted Portions** |
| **Sabanoglu Ex. 3 –** Exhibit E | **Redacted Portions** |

4.      Meta seeks the Court's permission to file under seal discrete portions of the following exhibits, as further explained below.

5.      **Meta Employee PII**. Meta respectfully requests the Court's permission to redact limited portions of **Sabanoglu Exhibits 2 and 3** that reflect employees' personal identifiable information (PII), namely, the email addresses and associated usernames for Meta's individual employees, who are not parties to the case. Such information has been redacted to protect employee privacy and to avoid the risk of third parties' unauthorized and/or illicit use of the information, such as for automated or unwanted solicitation or contact. Meta has previously requested to seal documents based on the same personal identifiable information, (e.g., Dkt. 391-1 ¶ 5; Dkt. 409-1 ¶¶ 3, 7–8, 10), which this Court has granted, (e.g., Dkt. 393; Dkt. 414).

6.      **Meta's Cybersecurity Information**. Meta respectfully requests the Court's permission to keep the entirety of **Sabanoglu Exhibit 1** under seal. Sabanoglu Exhibit 1 is a large native spreadsheet, which contains many thousands of entries. All entries contain account numbers

and specific Amazon Web Services EC2 instance identification numbers. This information is maintained with restricted access in the ordinary course of Meta's business and are not generally known to the public or Meta's competitors. Disclosure of this confidential and proprietary information may increase the risk of cybersecurity threats or breaches as third parties may seek to gain access to and use the information to compromise and intrude upon Meta's internal systems and other confidential information. As it would be impractical to attempt to redact individual entries in the large spreadsheet, Meta requests the Court seal Sabanoglu Exhibit 1 in its entirety. I further understand that Plaintiffs have not actually filed Sabanoglu Exhibit 1, but rather plan to submit it to the Court on a flash drive.

7.    Sabanoglu Exhibit 1 is cited once in Plaintiffs' filing, for the proposition: "This additional torrenting episode was not "potential," and it was led by Mr. Roller. Meta's subsequent productions—including of Amazon Web Services ("AWS") logs, contemporaneous WorkChats, and technical records—have since revealed that Mr. Roller torrented at least 35 TB of copyrighted works from LibGen in the Fall of 2022—or nearly the entire library of pirated works that were available at the time on LibGen—and distributed approximately 30% of that copyrighted content to third parties in the torrent swarms in which he participated." Meta does not request that this statement be sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on this 4th day of August, 2026.

_____
Kyanna Sabanoglu