**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800
jsaveri@saverilawfirm.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butticklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

 *(additional counsel included below)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al., *Individual and Representative Plaintiffs*, v. META PLATFORMS, INC., *Defendant.* | Case No. 3:23-cv-03417-VC **PLAINTIFFS' OPPOSITION TO META'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DISCOVERY REQUESTS ON PLAINTIFFS** |

The Court should deny Meta's Administrative Motion for two principal reasons. First, Meta's extensive discovery requests are untimely and based on facts Meta has known since at least 2024, and most concern discovery Meta already sought or could have sought about three loan-out companies and Meta's torrenting. Second, Meta's other requests seek information that is neither relevant to the parties' claims and defenses nor within Plaintiffs' possession, custody, or control.

On July 28, 2026, over four months after the Court granted Plaintiffs leave to file the operative complaint, Meta sent Plaintiffs 1,372 discovery requests (between 84 and 94 requests *per plaintiff*). Meta then filed this Motion on July 31, despite the Parties' statement in their July 30 Joint Case Management Statement that they would meet and confer about the broad scope of Meta's requests. *See* Dkt. 783 at 2, 4. Apart from proposed discovery to three loan-out company plaintiffs,[1] Meta did not attach to its Motion copies of the voluminous discovery it now seeks to serve on the author plaintiffs. Plaintiffs attach representative copies as Exhibits A-C, which belie Meta's repeated claim that it seeks "targeted" discovery "reasonably tailored to the new allegations." Mot. at 1-3. Rather, much of this discovery relates to Plaintiffs' claims about Meta's torrenting (and thereby its making available and distribution) of Plaintiffs' works that have long been in this case. Indeed, Meta chose not to pursue such discovery while successfully opposing Plaintiffs' request to re-open discovery. *See* Dkt. 405 at 9-10 (Meta objecting to Plaintiffs' discovery proposal and proposing not to pursue additional discovery into Plaintiffs' torrenting-related claims); Dkt. 406 (adopting Meta's proposal); *see also* Dkt. 389 (Order) at 1 ("Much of the evidence [Meta] will need to develop [regarding Plaintiffs' torrenting and distribution claims] is within its own knowledge."). Meta should not be permitted this complete do-over 18 months later.

## I.     META WAS NOT DILIGENT IN SEEKING THE NEW DISCOVERY

***Meta Could Have Sought This Torrenting-Related Discovery More Than 18 Months Ago.*** The movant's diligence in pursing discovery is "the most important [*Pomona*] factor."

---

[1] Plaintiffs explained in seeking leave to amend that "Meta already obtained [the loan-out company plaintiffs'] documents and deposed the named plaintiffs who own them, mitigating the need for additional discovery. Regardless, any such discovery would be straightforward and could be conducted expeditiously." Dkt. 673, at 5, n.3. Meta's proposed discovery is not straightforward and waiting until July 28 to een provide these requests was not expeditious.

*Shijiazhuang Hongray Group v. World Trading 23, Inc.*, 2023 WL 2629890 at *4 (C.D. Cal. Mar. 10, 2023) (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)). "[C]ourts generally consider both when the relevant facts were learned *and* whether the moving party was diligent in seeking discovery of those facts." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 654 (N.D. Cal. 2025). A movant is not diligent, and its motion should be denied, if it "unnecessarily delayed in seeking relief from the Court for discovery issues that it had been aware of for weeks or months." *Multiple Energy Techs., LLC v. Casden*, 2022 WL 16972482, at *5 (C.D. Cal. Nov. 16, 2022).

Here, the three "new" loan-out company plaintiffs were known to Meta in August 2024, Plaintiffs' distribution and uploading claims have been in the case since January 2025, and the contributory infringement claim—which is based on the same torrenting as the direct infringement claims—has been extant since April 1, 2026. Meta fails to explain why it waited until late July to seek leave to serve any of the 1,372 requests at issue, and thus it cannot show it acted diligently.

***Meta Already Took Extensive Discovery from the Loan-Out Plaintiffs Despite Its Statements to the Contrary.*** Meta argues that the FACC "added three new parties who have never been subject to discovery," Mot. at 1, and that "Meta could not have sought discovery on . . . the loan-out plaintiffs before they were added to this case in April," *id.* at n.2. Except Meta *did* already seek and obtain discovery on each of these plaintiffs—Meta served document subpoenas on them in *August 2024. See* Exs. D-F. And those subpoenas sought largely the *same* discovery as Meta's new RFPs with respect to the loan-outs' relationships with their respective authors and their ownership of the Asserted Works.[2] Meta also deposed the owners of each "new" loan-out plaintiff about the loan-out companies and their rights with respect to the Asserted Works. *See* Dkt. 658-8,

---

[2] For example, Meta's 2024 subpoena of Eleven Eleven O'Clock Corporation, plaintiff Sarah Silverman's loan-out company, sought "All COMMUNICATIONS between YOU and AUTHOR or any of AUTHOR's agents or attorneys." Ex. F (RFP No. 5). Meta's new RFPs similarly request "All COMMUNICATIONS between Sarah Silverman and YOU or any THIRD PARTY RELATING to copyright interests in YOUR ASSERTED WORKS, Meta, or this ACTION." Ex. G (RFP No. 41). In another example, Meta's 2024 subpoena of BCP Literary, plaintiff Christopher Golden's loan-out, Meta sought "All DOCUMENTS and COMMUNICATIONS RELATING to any efforts undertaken by YOU or on YOUR behalf to enforce YOUR or AUTHOR's rights in or to any of the WORKS AT ISSUE, or to investigate infringement of YOUR rights in or to any of the WORKS AT ISSUE." Ex. D (RFP No. 14). Meta's new requests again seek "All DOCUMENTS RELATING to any efforts undertaken by YOU to monitor or investigate direct infringement of one or more of YOUR ASSERTED WORKS by THIRD PARTIES." Ex. H (RFP No. 40).

-9, -10. The Court should not permit Meta to seek duplicative discovery on issues and parties that have been known to Meta since before discovery closed. *See*, *e.g.*, *Bella+Canvas, LLC v. Fountain Set Ltd.*, 2023 WL 1997702 at *4 (C.D. Cal. Feb. 14, 2023) (defendant "foresaw the need for [a] deposition well before the close of fact discovery, and this factor weighs against reopening discovery").

   ***Meta Is Not Entitled to Re-Do Discovery on Its Torrenting.*** A movant also lacks diligence when it pursues "legal variations on a theme the parties had been litigating for years." *Kmak v. Am. Century Cos.*, 873 F.3d 1030, 1034 (8th Cir. 2017). Plaintiffs moved to amend their complaint to add distribution and uploading claims related to Meta's torrenting in November 2024 (Dkt. 300), which the Court granted in January 2025 (Dkt. 389). Meta therefore has known for over 18 months that its torrenting and uploading conduct and its distribution to third parties were part of this case, yet Meta is only now seeking discovery on those very same issues. *See generally, e.g.*, Exs. A-C.

   Meta argues the "[t]he FACC [filed April 1, 2026] introduced a new legal theory that Meta could not have anticipated when the original discovery schedule was set[.]" Mot. at 1. But as this Court held (and Meta argued previously), Plaintiffs' contributory infringement claim is based on facts first alleged in November 2024. *See* Dkt. 700 (Order) at 2 ("[P]laintiffs seek now to add a new legal claim based on factual allegations they already added the last time around."); Dkt. 670 at 1 (Meta: "Plaintiffs' proposed amendments could have been, but were not, offered as part of their November 27, 2024 motion[.]"). Even if there were unique facts and requests relevant to only the contributory infringement claim, Meta could have sought to serve its requests when the Court granted leave to amend in March. *See* Dkt. 700. Indeed, Meta served nearly identical requests on Entrepreneur Media—which also pleads distribution and contributory infringement—two months ago. *See* Ex. I. Meta offers no reason it delayed seeking leave to serve these same requests here.

   Meta's delay in seeking leave to serve its 1,372 requests is particularly troublesome because Meta appears to have strategically decided to sit on its hands until now. *See, e.g.,* Dkt. 670 (1/12/2026: "Meta must also be permitted to probe the factual basis of Plaintiffs' contributory infringement claims through discovery[.]"). Accordingly, the Court should reject Meta's belated

attempt to take a second bite at the apple on claims and entities that have long been in this case.

## II.   META'S DISCOVERY IS NOT TAILORED TO SEEK RELEVANT EVIDENCE

Meta's motion should also be denied because "the likelihood that the discovery will lead to relevant evidence" is low. *See City of Pomona*, 866 F.3d at 1066. Many of Meta's new discovery requests seek information related to the identities of *Meta*'s torrenting peers, and whether those peers downloaded "a complete READABLE copy" of the Asserted Works. *See, e.g.,* Ex. C at 75-76; *see also generally id.* at 77-103. Meta obviously is in a better position than Plaintiffs to answer these discovery requests because *Meta*, not Plaintiffs, either could have or did track the identities of other peers in its torrenting swarms and the specific works and pieces of works that Meta uploaded and distributed to those third parties. *See*, *e.g.*, *Teradyne, Inc. v. Astronics Test Sys., Inc.*, 2022 WL 18397125, at *7 (C.D. Cal. Dec. 22, 2022) (denying motion to compel production where the propounding party "has, or will have, meaningful access to the relevant information" and "likely has at least equal knowledge of the" software at issue) (citing Fed. R. Civ. P. 26(b)(1)).

Further, this evidence is largely irrelevant. Meta is liable for infringing and contributing to the infringement of Plaintiffs' works regardless of whether the third parties to whom Meta uploaded files are identifiable or whether Meta uploaded entire works to them. Courts routinely find infringement when torrenters like Meta upload minimal amounts of works to unidentified peers. *See Dallas Buyers Club, LLC v. Madsen*, 2015 WL 6680260, at *2 (W.D. Wash. Nov. 2, 2015) ("find[ing] that Plaintiff has established . . . liability for" "cop[ying] and distribut[ing] pieces of [a] film" where it "has only presented limited evidence that" defendant copied "far less than the file size of a full length film"); *see also Cobbler Nevada, LLC v. Osier*, 2016 WL 6211735, at *3 (D. Or. Oct. 3, 2016), *report and recommendation adopted*, 2016 WL 6211270 (D. Or. Oct. 24, 2016) (granting default judgment where "capture data demonstrates that [defendant] 'distributed' a portion" of the work at issue). These decisions make sense. Otherwise, infringers could escape liability by taking advantage of BitTorrent's feature of peer-to-peer sharing of only pieces of works, which would defy long-standing Ninth Circuit precedent. *See*, *e.g.*, *Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993) (rejecting argument that copying "was so insignificant that

it should not be actionable" and holding that "even a small taking may sometimes be actionable.").

Implicit in these decisions is that it is not necessary to demonstrate whether any third party "read any section or portion" of a copyrighted work. Ex. C at 81. The Ninth Circuit held in *Bell v. Wilmott Storage Servs., LLC* that a plaintiff "does not need to prove there was some minimum number of users who in fact accessed [a work] to make out a prima facie case of infringement" because the "Copyright Act does not require proof that the protected work was actually viewed by anyone." 12 F.4th 1065, 1074 (9th Cir. 2021). The court made clear that this rationale applies across multiple rights protected by the Copyright Act, reasoning "in the analogous context of public performance, it is not necessary that the public in fact attend or receive the performance." *Id.* (quotation marks omitted). In fact, it is not even necessary that a third party download the work for the uploader to violate the distribution right. *A&M Records, Inc. v. Napster Inc.*, 239 F.3d 1004, 1014 (9th Cir.2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights."). Because Meta's voluminous requests are not tailored to seek relevant information, Meta cannot show good cause and the Court should deny the Motion.

### III.    PLAINTIFFS WOULD BE PREJUDICED BY ANY FURTHER DELAY DUE TO META'S REQUESTS

Meta is correct that Plaintiffs "previously indicated they did not categorically object to Meta serving discovery requests reasonably tailored to the new allegations and loan-out plaintiffs in the Fourth Amended Complaint." Dkt. 783 at 2. But, as discussed above, Meta's 1,372 requests are not so limited—they are almost entirely duplicative of earlier discovery or tied to facts and allegations within Meta's own knowledge and that Meta has long known about. While trial is not imminent, expert reports are due in six weeks. To the extent that Meta's numerous and broad discovery requests threaten to further prolong the case, they should be denied. Alternatively, should the Court believe Meta is entitled to a narrow universe of truly targeted discovery, Plaintiffs respectfully request that the Court deny Meta's motion so that Meta can meet and confer with Plaintiffs regarding such discovery to the extent Meta continues to believe any discovery is needed.

Dated: August 4, 2026

By: /s/ *David L.Simons*
     David L. Simons

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Elizabeth J. Cabraser (SBN 083151)
Daniel M. Hutchinson (SBN 239458)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com

Rachel Geman (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500
rgeman@lchb.com

Betsy A. Sugar (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
(615) 313-9000
bsugar@lchb.com


**JOSEPH SAVERI LAW FIRM LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, California 94108
(415) 500-6800

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
(323) 968-2632
mb@butaerricklaw.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and
Representative Plaintiffs and the Proposed Class*

**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 S. LaSalle Street, Suite 3210
Chicago, IL 60603
(312) 782-4880
bclobes@caffertyclobes.com
mrathur@caffertyclobes.com

**DICELLO LEVITT LLP**
Amy Keller (*pro hac vice*)
Nada Djordjevic (*pro hac vice*)
James Ulwick (*pro hac vice*)
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
julwick@dicellolevitt.com

**COWAN DEBAETS ABRAMS &**
**SHEPPARD LLP**
Scott J. Sholder (*pro hac vice*)
60 Broad Street, 30th Floor
New York, NY 10004
(212) 974-7474
ssholder@cdas.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*