# EXHIBIT F

COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: (310) 883-6400

MARK WEINSTEIN (193043)
(mweinstein@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
JUDD LAUTER (290945)
(jlauter@cooley.com)
ELIZABETH L. STAMESHKIN (260865)
(lstameshkin@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

LEX LUMINA PLLC
MARK A. LEMLEY (155830)
(mlemley@lex-lumina.com)
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
(adunning@cgsh.com)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation;<br><br>Defendant. | Lead Case No. 3:23-cv-03417-VC<br>Related Case No. 4:23-cv-06663<br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | **PLAINTIFFS RICHARD KADREY, SARAH SILVERMAN, CHRISTOPHER GOLDEN, TA-NEHISI COATES, JUNOT DÍAZ, ANDREW SEAN GREER, DAVID HENRY HWANG, MATTHEW KLAM, LAURA LIPPMAN, RACHEL LOUISE SNYDER, JACQUELINE WOODSON, LYSA TERKEURST, AND CHRISTOPHER FARNSWORTH** |
| **RESPONDING PARTY:** | **DEFENDANT META PLATFORMS, INC.** |
| **SET NUMBER: ONE** | **THIRD** |

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33, Defendant Meta Platforms, Inc. ("Meta") responds as follows to Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Jacqueline Woodson, Lysa TerKeurst, and Christopher Farnsworth's ("Plaintiffs") Third Set of Interrogatories ("Interrogatories").

## I. RESPONSES TO ALL INTERROGATORIES

**1.** Meta's responses to these Interrogatories are made to the best of Meta's current employees' present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Meta's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Meta's further discovery or investigation. Meta reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to these Interrogatories but discovered subsequent to the date of these responses, including any such information or documents obtained in discovery herein.

**2.** To the extent that Meta responds to an Interrogatory by stating that Meta will provide information or documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the parties' stipulated protective order governing the unauthorized use or disclosure of such information or documents with a designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction (ECF No. 90, the "Protective Order").

- Sy Choudhury
- Juan Docuy
- Angela Fan
- Didem Foss
- Brian Gamido
- Anna Grosul
- Kenneth Heafield
- Amanda Kallet
- Melanie Kambadur
- Sean Koger
- Eugene Nho
- Aurelien Rodriguez
- Shelly Venus

**INTERROGATORY NO. 25:**

Identify all Meta employees who communicated with third parties—including Microsoft Corporation, OpenAI, Eleuther AI, Anthropic, Dell Inc., Cloudflare, Inc. and Qualcomm—regarding data used to train Llama Models.

**RESPONSE TO INTERROGATORY NO. 25:**

Meta incorporates by reference its objections and definitions above.

Meta objects to this Interrogatory as vague, ambiguous, indefinite, overbroad, and disproportionate to the needs of the case as to the term "third parties." Meta construes this term in the context of this Interrogatory to mean Microsoft Corporation, OpenAI, Eleuther AI, Anthropic, Dell Inc., Cloudflare, Inc. and Qualcomm.

Meta also objects to the term "data" as vague, ambiguous, indefinite, overbroad, and disproportionate to the needs of the case, in particular to the extent it refers to training data other than text. Meta construes this Interrogatory as seeking information concerning the identities of Meta employees who were directly involved in and had responsibility for securing licenses, if any, for text data to train the Llama Models (as construed above). Meta construes the term "data" to

mean text data.

Meta objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case and seeks information that is not relevant to the parties' claims and defenses.

Meta objects to this Request as improperly seeking discovery on discovery.

Meta objects to this Interrogatory as exceeding the limit of 25 Interrogatories under Rule 33(a)(1). Meta informed Plaintiffs in connection with its objections to their Plaintiffs' prior sets of Interrogatories that those interrogatories included numerous discrete subparts, far exceeding 25 total. Nonetheless, and without waiver of its objections, Meta provided its responses to the prior interrogatories or is in the process of supplementing them. Without leave of Court, Plaintiffs served additional interrogatories exceeding the limit. By answering interrogatories "19-25," Meta does not waive its rights or objections as to Plaintiffs' violation of Rule 33(a)(1).

Subject to and without waiving the foregoing objections, and pursuant to the terms of the Protective Order, Meta responds as follows:

Meta is presently unaware of any Meta employees who communicated with Microsoft Corporation, OpenAI, Eleuther AI, Anthropic, Dell Inc., Cloudflare, Inc. and Qualcomm regarding text training data used to train the Llama Models. Meta is aware that Mr. Dettmers communicated with EleutherAI about training data for a model unrelated to the Llama Models. However, Meta is in the process of completing a reasonable investigation concerning the subject matter of this Interrogatory and will, if necessary, supplement its response in due course.

**INTERROGATORY NO. 26:**

Identify all individuals involved in the process of searching for, identifying, collecting, and producing responsive documents and data in this matter, and their roles in that process.

**RESPONSE TO INTERROGATORY NO. 26:**

Meta incorporates by reference its objections and definitions above.

Meta objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case and seeks information that is not relevant to the parties' claims and defenses.

Meta objects to this Interrogatory as improperly seeking discovery on discovery.

Meta objects to this Interrogatory as exceeding the limit of 25 Interrogatories under Rule

33(a)(1). Meta informed Plaintiffs in connection with its objections to their Plaintiffs' prior sets of Interrogatories that those interrogatories included numerous discrete subparts, far exceeding 25 total. Nonetheless, and without waiver of its objections, Meta provided its responses to the prior interrogatories or is in the process of supplementing them. Without leave of Court, Plaintiffs served additional interrogatories exceeding the limit. Meta answered interrogatories "19-25." Meta does not waive its rights or objections as to Plaintiffs' violation of Rule 33(a)(1) and will not answer this interrogatory.

Dated: November 12, 2024

COOLEY LLP

By: */s/ Judd Lauter*

Bobby Ghajar
Mark Weinstein
Kathleen Hartnett
Judd Lauter
Liz Stameshkin
Colette Ghazarian

LEX LUMINA PLLC
Mark A. Lemley

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning

Attorneys for Defendant
META PLATFORMS, INC.

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed as an attorney of Cooley LLP in San Francisco County, State of California. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111 . On the date set forth below I served the documents described below in the manner described below:

- **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Executed on November 12, 2024, at Berkeley, California.

*/s/ Judd Lauter*
Judd Lauter