[Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RICHARD KADREY, *et al.*,

Individual and Representative Plaintiffs,

v.

META PLATFORMS, INC., a Delaware corporation;

Defendant.

Case No. 3:23-cv-03417-VC

**JOINT DISCOVERY STATUS REPORT**

Pursuant to the Court's Order at Dkt. 799, the parties respectfully submit this joint discovery status report.

**A. Pending Joint Letter Briefs**

*Joint Letter Brief Re: Command History Files and ML Hub*: On July 31, 2026, the parties submitted a joint letter brief (Dkt. 785) regarding Plaintiffs' motion to compel Meta to comply with the Court's orders to (1) produce the command history for the servers and virtual machines that Meta used to torrent copyrighted works, and (2) to search Meta's ML Hub or make it available for inspection. Plaintiffs understand that the related plaintiffs also seek these command history files.

**B. Forthcoming Joint Letter Brief**

*Forthcoming Letter Brief Re: Privilege Claims*: Over the past several months, the parties have met and conferred regarding a number of Meta's privilege and work product claims in privilege logs served in connection with Meta's productions after the close of fact discovery. The Parties have further narrowed the scope of their disputes since the last discovery conference, which necessitated further time for briefing than contemplated in the Parties' August 4 Status Report (Dkt. 794). Plaintiffs served their portion on a joint letter brief on Meta on August 14. The Parties anticipate filing the joint letter brief no later than Monday, August 24.

**C. Ongoing Discovery Issues to Address at the Hearing**

***Plaintiffs' Statement***

*Production of EM & 3C Discovery Requests & Responses and Third-Party Discovery*: Meta has agreed to cross produce discovery responses that it serves in the 3C and EM cases except for "confidential material of EM, 3Cs or third parties." Meta has also stated, however, that it will not produce third party subpoenas or responses and productions, stating they "are specific to the EM/3C works at issue, not to issues related to Kadrey's remaining claims and may implicate confidentiality concerns of those third parties or EM/3C." Plaintiffs respectfully request that the Court order Meta to produce all discovery requests and responses, including third-party requests and productions. Judge Chhabria already ordered this, without exception: "[S]o, I'm going to order you [Meta] to share all the discovery that is done in these -- in the three C cases and the -- the Entrepreneur Media

case with the Kadrey Plaintiffs." 5/22/26 Hr'g Tr. at 41:12-18. Plaintiffs do not oppose the redaction of confidential information specific to EM and the 3C plaintiffs. Plaintiffs do, however, object to the withholding or redaction of third-party "confidential information" that is not specific to EM or the 3C plaintiffs; the Protective Order in this case is more than sufficient to address any confidentiality concerns to the extent any are raised by a third party. To date, Meta has produced no discovery requests or responses. Plaintiffs therefore request that the Court order Meta to produce all such requests and responses served or received to date no later than this Friday, August 21.

*Kadrey Rule 30(b)(6) Deposition*: Meta has designated a single corporate designee, James Beldock, to address all eight of Plaintiffs' Rule 30(b)(6) deposition topics, which include diverse topics and areas of examination. *See* Ex. A (Rule 30(b)(6) deposition notice); Ex. B (specified subtopics sent to Meta). Because Meta designated a single witness for multiple diverse and segregable topics—some highly technical and others not—Plaintiffs advised Meta it plans to have two attorneys question Mr. Beldock on separate topics. Contrary to Meta's assertion below, there is no "one-lawyer rule" for depositions, let alone a 30(b)(6) deposition covering diverse topics. Rather, the Ninth Circuit held long ago that there is no authority "reasonably supporting [the] position that questioning by two attorney is a per se abuse of deposition process." *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324 (9th Cir. 1983). Further, the advisory committee note that Meta cites below concerns multi-party depositions and thus is inapposite. The single district court case Meta cites also concerned whether multiple attorneys for one party could question the same expert witness, not a 30(b)(6) witness covering multiple topics. And even then, "[c]ircumstances may warrant allowing more than one attorney to ask questions at a deposition, such as where the witness is being deposed on clearly distinct claims." Plaintiffs thus respectfully request that the Court reject Meta's request to restrict their 30(b)(6) questioning.

***Meta's Statement***

*Production of EM & 3C Discovery Requests & Responses and Third-Party Discovery*: Meta has agreed to provide the *Kadrey* plaintiffs with its discovery responses served in

the EM/3C cases, as well as copies of the third-party subpoenas it has served in those cases on third parties. But the Court should reject the *Kadrey* plaintiffs' demand that Meta produce information (including confidential information) produced by the EM/3C plaintiffs, and by third parties in the EM/3C cases pursuant to subpoenas. It is not clear why confidential information about the EM/3C authors or works, or confidential information produced to EM/3C by third parties pursuant to subspoenas, has relevance to the *Kadrey* matter or its remaining copyright distribution claim. But to the extent the *Kadrey* plaintiffs want that information, they should be required to seek those materials directly from the EM/3C plaintiffs or the applicable third parties, as Meta is not in a position to address the confidentiality concerns of non-parties.

Meta also respectfully submits that the *Kadrey* plaintiffs have adopted an unreasonable interpretation of Judge Chhabria's discovery sharing directive; the purpose of that directive was to require sharing of information produced by <u>Meta</u> across these cases, not to require that the *Kadrey* plaintiffs be furnished with confidential information produced by other plaintiffs (or non-parties) in other pending actions. During the same hearing cited by Plaintiffs, the Court explained the issue addressed was whether the *Kadrey* plaintiffs would have the ability to take additional discovery or, whether they would "just have that -- have the -- <u>***Meta's***</u> responses in deposition testimony in interrogatories, in document productions provided to [the Kadrey Plaintiffs]." 05/21/26 Tr. at 29:7-9 (emphasis added).

<u>*Multiple Kadrey Lawyers Conducting Rule 30(b)(6) Deposition of James Beldock*</u>: Mr. Beldock is currently scheduled next week for a seven hour Rule 30(b)(6) deposition by the *Kadrey* plaintiffs. (This is in addition to separate Rule 30(b)(6) and 30(b)(1) depositions by the EM/3C plaintiffs in the related cases.) The *Kadrey* plaintiffs have indicated that they intend to split their Rule 30(b)(6) deposition among multiple lawyers on their side.

Meta respectfully requests that, to streamline the examination and avoid duplication, the Court direct the *Kadrey* plaintiffs to designate a single lawyer to conduct the examination. This is consistent with the Advisory Committee's Note to Rule 30 which states that, even in multi-party depositions, the parties "should strive to designate one lawyer to question about areas of common

interest." Fed. R. Civ. P. 30, Advisory Committee Notes, 2000 Amendment; *see also Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF (SVK), 2019 WL 7753437, at *2 (N.D. Cal. Sept. 9, 2019) (noting that "it is the typical practice in this District for only one attorney to question a witness at deposition."). And this is not a multi-party deposition; this is a separate Rule 30(b)(6) deposition for the *Kadrey* plaintiffs on their remaining copyright distribution claim.

The *Kadrey* plaintiffs have taken multiple Rule 30(b)(6) depositions earlier in this case, when the case was considerably broader than it is today, but have never before needed to split a single Rule 30(b)(6) deposition session among more than one than one of their attorneys. Meta respectfully requests that the Court require the *Kadrey* plaintiffs to adhere to the one-lawyer rule for Mr. Beldock's upcoming Rule 30(b)(6) deposition.

**D. Ongoing Issues on Which the Parties Continue to Meet and Confer**

*<u>Filelist Stipulation & Torrenting Discovery</u>*: The Parties have been negotiating an agreement concerning the treatment of file and directory listings in connection with torrented files. The parties also continue to meet and confer concerning limited remaining torrenting-related discovery. The Parties are hopeful these issues will be resolved without the need for court intervention before the next conference.

Dated: August 18, 2026

Respectfully submitted,

By: */s/ Phillip Morton*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC
20004 Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

By: */s/ Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914) 749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Interim Lead Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela Dunning
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304-1248
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*

ECF ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Meta concurs in the filing of this document.

/s/ *Maxwell V. Pritt*