UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KADREY, et al.,
Plaintiffs,
v.
META PLATFORMS, INC.,
Defendant.

Case No. 23-cv-03417-VC (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 785

The parties have a discovery dispute at ECF No. 785.

**A. Command History Files**

The reader will recall that after fact discovery closed, Meta informed the Court that it had sequestered and failed to produce certain responsive documents. On February 27, 2025, Judge Chhabria ordered each side to propose the discovery it thought sufficient to remedy the issue. To incentivize reasonable proposals, he said he would adopt the more reasonable of the two sides' proposals in a baseball style arbitration. ECF No. 461; ECF No. 466 at 40-41. He adopted Plaintiffs'. ECF No. 470. That included RFP 137, which asked for: "Documents sufficient to show the installation, usage, configuration, and operation of Torrent Clients to obtain Data from Online Databases, including the filename, size, file creation time, and file last modified date of the Data; configuration files or equivalent settings registries, bandwidth logs, work files, and support tickets; and Amazon Web Services invoices relating to Your data usage, storage, or transfer." The time frame for the RFP was "January 1, 2022 to the present."

Plaintiffs now move to compel the command history files for each of the servers that Meta used to torrent copyrighted works, including Meta virtual computers, AWS servers, and any other virtual machines that Meta used for torrenting. Because Judge Chhabria already adopted

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiffs' proposal, the only issue in dispute is whether the command history files are responsive to RFP 137.

They are. The command history files show the usage and operation of the torrent clients. Plaintiffs contend that the command history files likely show which copyrighted works were torrented, and Meta says this is not true, and that documents sufficient to show that have already been produced. Regardless, the command history files show the usage and operation of the torrent clients. At the hearing, Meta asserted that log files it has produced otherwise suffice to show that information (RFP 137 is a "sufficient to show" RFP), but Plaintiffs disagreed. The Court does not find Meta's conclusory say-so, without evidence, to be persuasive.

In the letter brief, Meta principally relies on the Court's order at ECF No. 616, but that reliance is unavailing. In that order the Court rejected Plaintiffs' attempt to detach the last clause of RFP 137 from the introductory clause. The Court explained that the words after "including" describe three types of information and that the introductory clause modifies all three. Meta now argues that the introductory clause *only* modifies the three items that follow the word "including" and has no further effect, and Meta contends the command history files are not among the three. However, the Court did not say that. "A, including B, C and D" does not mean "B, C and D and nothing else."

Accordingly, Plaintiffs' motion to compel the command history files is **GRANTED**.

**B. ML Hub**

Previously, Plaintiffs moved for leave for additional discovery, including for Meta to search ML Hub for responsive documents. ECF No. 635. Judge Chhabria granted the motion, stating: "The plaintiffs' motion to conduct additional discovery is granted. The plaintiffs may pursue the discovery described on Pages 4–5 and Exhibits I and P of their motion. *See* Dkt. No. 635. If Meta prefers to have the plaintiffs' expert inspect the relevant directories and computer backups in lieu of running the requested searches itself, it can do so." ECF No. 647.

Meta states that it has conducted searches of AIDC (which used to be part of ML Hub but now is linked to it), and it argues that the rest of ML Hub need not be searched. Meta contends that the rest of ML Hub does not contain relevant information and, in any event, Meta lacks a reliable way to search it. However, that ship has sailed. Judge Chhabria already allowed this

United States District Court
Northern District of California

discovery. Further, Meta is not obligated to do anything difficult or impossible. Judge Chhabria's order stated that if Meta prefers to have the plaintiffs' expert do the inspection instead of Meta doing the search, Meta can choose that.[1] Accordingly, Plaintiffs' motion to compel is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 11, 2026

THOMAS S. HIXSON
United States Magistrate Judge

[1] At the hearing, Meta raised the issue that there could potentially be privileged information in the ML Hub. The Court directed the parties to meet and confer to work out a process to resolve that issue, should it arise. If the parties reach an impasse on that point, they should file another joint discovery letter brief.