[*counsel on signature page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, *et al.*,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:23-cv-03417-VC-TSH<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge: Hon. Vince Chhabria |
| ENTREPRENEUR MEDIA, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:25-cv-09579-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge: Hon. Vince Chhabria |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-04053-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge: Hon. Vince Chhabria |
| CAMBRONNE, INC. et al.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-03725-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge: Hon. Vince Chhabria |

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-02333-VC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge: Hon. Vince Chhabria |

Pursuant to N.D. Cal. Civil Local Rule 16-9(a), Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden, Jacqueline Woodson, Andrew Sean Greer, Rachel Louise Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Díaz, Lysa Terkeurst and Christopher Farnsworth, Eleven Eleven O' Clock Corporation, BCP Literary, Inc., and Daring Greatly Corporation (collectively, "Kadrey"), Entrepreneur Media, LLC ("Entrepreneur"), Chicken Soup for the Soul, LLC ("Chicken Soup"), Cambronne, Inc., Matthew Sacks, Jane Adams, Philip Shishkin, and Lisa Barretta (collectively, "Cambronne"), Cognella, Inc. ("Cognella") and Defendant Meta Platforms, Inc. ("Meta") (together, the "Parties"), by and through their respective undersigned counsel, hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled in this Court for September 25, 2026.

There are no ripe issues among the Parties that need to be addressed with the Court during the upcoming Case Management Conference. Meta, Entrepreneur, Chicken Soup, Cambronne, and Cognella have some discovery matters pending in letter briefing with Judge Hixson. Meta and Kadrey will soon be submitting letter briefing to Judge Hixson on a privilege issue. Meta took the deposition of Cognella's Ryan Bailey today, and is evaluating whether it will need to file any discovery-related motions relating to Cognella's document production on Friday pursuant to the Court's order. *See Cognella,* Dkt. 116.

Otherwise, the Parties are proceeding with expert discovery and will notify the Court promptly if any assistance is needed.

<u>Entrepreneur's Position</u>:

Entrepreneur is seeking no relief from the Court at this Case Management Conference. On September 11, 2026, Entrepreneur filed two joint discovery letter briefs with Judge Hixson concerning Meta's responses to certain interrogatories. *Entrepreneur*, Dkt. Nos. 154, 155. Both remain pending. The report below briefly summarizes those disputes and their current status. It also addresses Entrepreneur, Chicken Soup, Cambronne, Cognella, and Meta's agreed-upon schedule for privilege-log disputes and the Parties' ongoing conferral regarding additional LibGen torrenting in 2023. These updates are provided merely as background for the Court.

***Interrogatory Nos. 12, 19, and 20***. Entrepreneur's joint letter brief concerning these interrogatories remains pending. *Entrepreneur*, Dkt. No. 155. On September 18, 2026, Meta served supplemental responses to Nos. 12 and 20. Entrepreneur is reviewing these supplemental responses and has raised follow-up questions with Meta regarding No. 12. As to No. 19, Entrepreneur and Meta have reached agreement in principle on a process for identifying Entrepreneur works in Meta's training data, including (i) a search of Meta's preserved SpiderMate crawls of Entrepreneur's websites against Entrepreneur's magazine issues, and (ii) a two-step process identifying which Entrepreneur works Meta downloaded and which of those Meta contends are and are not present in its training data. Meta estimates each will take "several weeks" but has not committed to completion dates. Meta also stated that it expected to provide, by September 18, a table linking each identified work to its dataset source and Llama model. *Entrepreneur*, Dkt. No. 155 at 4. It has not yet done so. Because opening expert reports are due October 2, 2026 (*Entrepreneur*, Dkt. No. 160), Entrepreneur has asked Judge Hixson to set dates certain for Meta to complete these items.

***Interrogatory Nos. 22–24***. Entrepreneur's joint letter brief concerning Meta's responses to these interrogatories, which seek the identity of persons who made, authorized, or approved decisions to obtain shadow-library datasets, to use BitTorrent, and to acquire and scan physical books for Project Vellum, remains pending. *Entrepreneur*, Dkt. No. 154. On September 18, 2026, Meta supplemented its response to No. 24 and served verifications. Entrepreneur is reviewing that supplement.

***Privilege Logs***. Entrepreneur, Chicken Soup, Cambronne, Cognella, and Meta stipulated to extend to November 13, 2026 the deadline to present disputes concerning privilege logs, which the Court granted on September 16. *Entrepreneur*, Dkt. No. 159. Entrepreneur is reviewing Meta's logs and will raise any disputes with Judge Hixson on that schedule.

***Additional LibGen Torrenting in 2023***. Entrepreneur and plaintiffs in the related cases continue to confer with Meta about LibGen torrenting by former Meta employee Guillaume Lample in March and April 2023, reflected in data first produced by third party Strike 3 Holdings, LLC on September 4, 2026, and about the availability of data and records associated with that activity. The Parties will raise any remaining issues with the Court as needed.

<u>Meta's Response to Entrepreneur's Position:</u>

***Interrogatory Responses:*** Meta will confer with Entrepreneur regarding any ongoing questions they have about Meta's interrogatory responses. Meta is also diligently working on the agreed-upon supplemental works searching analysis and will provide the results as soon as they are available.

***Privilege Logs.*** Meta will meet and confer with Entrepreneur if they raise any questions about Meta's privilege logs. Likewise, Meta is reviewing Entrepreneur's privilege logs and will raise any questions with Entrepreneur in accordance with the Parties' stipulation.

***Lample LibGen Torrenting in 2023.*** Meta is in receipt of the Plaintiffs' email sent today regarding these questions and will confer with Plaintiffs about them. Meta notes that the subpoena to Strike 3 Holdings was served on September 4, 2026, the last day of discovery and is based on information that Meta produced during the original Kadrey fact discovery period on November 9, 2024 and that was flipped to Entrepreneur in January 2026.

<u>Chicken Soup, Cognella, and Cambronne's Positions:</u>

***Motion For Relief from Nondispositive Pretrial Order***. On September 17, 2026, Plaintiffs moved under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Civil Local Rule 72-2 for relief from the portion of Judge Hixson's Discovery Order entered September 10,

2026, denying Plaintiffs' motion to compel non-parties OpenAI OpCo LLC and Anthropic PBC to comply with Plaintiffs' subpoenas. *See Chicken Soup*, ECF Nos. 126, 131, 145.

On September 23, 2026, Plaintiffs filed a notice of supplemental authority and evidence attaching the Plaintiffs' summary judgment brief in *In re OpenAI, Inc. Copyright Infringement Litigation*. ECF No. 147. That public record reflects that OpenAI's Head of ChatGPT wrote that its products "are largely substitutive, period," and "will get more and more substitutive as they get better" and that OpenAI's VP of Research explained, "We train our networks to memorize the training data—that's their objective." *Id.*, Ex. A at 1, 12. This is precisely the category of evidence Plaintiffs' requests seek.

Under Civil Local Rule 72-2(d), the motion will be deemed denied if no order denying it or setting a briefing schedule issues within 14 days of filing—here, October 1, 2026. The Court may not grant the motion without first giving the opposing party an opportunity to respond. *Id*. Plaintiffs therefore respectfully request that the Court address the motion at the September 25 conference and set an expedited briefing schedule so that it may be resolved on the merits. Prompt resolution is warranted as rebuttal expert reports are due October 30. ECF No. 144.

***Service of Former Employee Stephen Roller***. On September 18, 2026, Judge Hixson granted Plaintiffs' administrative motion to authorize alternative service of subpoenas on former Meta employee Stephen Roller, deeming the subpoenas served upon delivery by overnight mail to Mr. Roller's residence and by email to his counsel. *Chicken Soup*, ECF No. 146 ¶¶ 1, 4. Pursuant to that Order, Plaintiffs served the Order and the subpoenas on Mr. Roller and his counsel on September 19, 2026, one day after the Order was issued.

***Discovery Issues Before Judge Hixson***. Meta, Chicken Soup, Cambronne, and Cognella have several discovery matters pending in letter briefing with Judge Hixson. Those matters are not ripe for further discussion at Friday's conference.

Meta's Response to Chicken Soup, Cognella, and Cambronne's Positions:

***Motion For Relief from Nondispositive Pretrial Order***. Judge Hixson issued a thoroughly reasoned order analyzing why this non-party discovery is not relevant to Plaintiffs' claims against Meta. Plaintiffs have identified no factual or legal errors justifying overturning that decision.

***Service of Former Employee Stephen Roller.*** Meta requests that Plaintiffs keep Meta apprised of any scheduling of deposition of Mr. Roller, any objections that Mr. Roller may assert and/or any motion that Mr. Roller may file regarding the subpoena.

***Discovery Issues Before Judge Hixson***. Meta agrees that the motions pending before Judge Hixson do not require discussion at the Case Management Conference.

Kadrey's Position:

For the Court's awareness, Kadrey identifies below and briefly summarizes two issues on which the parties continue to confer.

***Additional Lample LibGen Torrenting in 2023***. As indicated above, Kadrey and plaintiffs in the related cases continue to confer with Meta about an additional episode of LibGen torrenting by former Meta employee Guillaume Lample in March and April 2023, which was recently confirmed based on data produced by Stike 3 pursuant to a Rule 45 subpoena. Meta has said it has not been able to locate any data or other records associated with that activity. Plaintiffs raised this issue with Meta on September 6, two days after the production of the Strike 3 data. Meta did not respond. Plaintiffs followed up with Meta today. The Parties will raise any remaining issues with the Court as needed.

***Command History Files and ML Hub***. On September 11, Judge Hixson ordered (Dkt. 831) Meta to produce command history files (pursuant to this Court's baseball arbitration order, Dkt. 470) and to either run search terms over the ML Hub, or alternatively make the ML Hub available for inspection (pursuant to this Court's order granting Kadrey's October Administrative Motion, Dkts. 635 (Motion) and 647 (Order)). Kadrey awaits Meta's production of both categories of discovery and will raise any issues promptly with the Court as needed. In light of imminent expert report deadlines, Kadrey welcomes the Court's guidance as to the timing of Meta's productions.

Meta's Response to Kadrey's Position:

***Lample Libgen Torrenting in 2023.*** Meta addressed this matter above in the Entrepreneur section. Meta disagrees with Kadrey's statement, as Meta has produced the records it has been able to locate related to Mr. Lample's activities. Meta is addressing Kadrey's request and will confer about these issues as requested.

***Command History Files and MLHub.*** Meta is undertaking searches for the ordered command line history files and will keep Kadrey apprised of its progress. Regarding MLHub, Meta is working on the logistics for an inspection and will confer with Kadrey about those logistics as instructed by Judge Hixson. Dkt. 831 at 3 n.1.

Dated: September 23, 2026

By: /s/ *Maxwell V. Pritt*

BOIES SCHILLER FLEXNER LLP
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914)749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415)293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

Jesse Panuccio (*pro hac vice*)
Jay Schuffenhauer (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202)237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Joshua I. Schiller (SBN 330653)
David L. Simons (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
(914)749-8200
jischiller@bsfllp.com
dsimons@bsfllp.com

*Counsel for Richard Kadrey, et al.*

By: /s/ *Phillip E. Morton*

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
mweinstein@cooley.com
lstameshkin@cooley.com

Bobby A. Ghajar
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Email: bghajar@cooley.com

Phillip E. Morton (*pro hac vice pending*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN & HAMILTON LLP
151 University Avenue
Palo Alto, CA 94301-1632
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Counsel for Defendant Meta Platforms, Inc.*

By: */s/ Kyle Roche*
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
**STRIS & MAHER LLP**
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703

Christopher M. Rigali (pro hac vice)
crigali@stris.com
Jacqueline Sahlberg (pro hac vice)
jsahlberg@stris.com
1717 K St NW Ste 900
Washington, DC 20006

FREEDMAN NORMAND FRIEDLAND LLP
Devin (Velvel) Freedman (pro hac vice forthcoming)
vel@fnf.law
Kyle Roche (pro hac vice forthcoming)
kroche@fnf.law
Alex Potter (pro hac vice forthcoming)
apotter@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017

*Counsel for Plaintiffs Chicken Soup for the Soul, LLC, and Cognella, Inc., and the Cambronne Plaintiffs*

By: */s/ Moez M. Kaba*
**HUESTON HENNIGAN LLP**
Moez M. Kaba
Michael M. Purpura
Lee Linderman
Stephanie Xiao
Taiyee Chien

**NEWMEYER & DILLION LLP**
Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton

*Attorneys for Plaintiff ENTREPRENEUR MEDIA, LLC*

**ECF ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for the Parties in the above-captioned matters concur in the filing of this document.

*/s/ Phillip E. Morton*
Phillip E. Morton