DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

COOLEY LLP
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865) lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (pro hac vice)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RICHARD KADREY, *et al.*,

Individual and Representative Plaintiffs,

v.

META PLATFORMS, INC., a Delaware corporation;

Defendant.

Case No. 3:23-cv-03417-VC-TSH

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL SUPPORTING EVIDENCE SUBMITTED WITH THE AIDC JOINT LETTER BRIEF**

Pursuant to Civil Local Rule 79-5, Defendant Meta Platforms, Inc. ("Meta") moves this Court for an Order allowing Meta to file under seal confidential, narrowly tailored portions of certain supporting evidence submitted with the AIDC Joint Letter Brief. Meta respectfully submits that good cause exists for the filing of these materials under seal. The motion is based on the following Memorandum of Points and Authorities and the Declaration of Kyanna Sabanoglu in support of this Administrative Motion to File Under Seal.

A [Proposed] Order is filed concurrently herewith.

## I. LEGAL STANDARD

Though the presumption of public access to judicial proceedings and records is strong, it "is not absolute." *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas dispositive motions are subject to the "compelling reason" standard, non-dispositive motions are subject to the "good cause" standard. *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions); *see also OpenTV v. Apple*, No. 14-cv-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015); *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will suffice to seal documents produced in discovery."). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information").

## II. ARGUMENT

In an abundance of caution, Meta submits that it satisfies both the "good cause" and "compelling reason" standards and respectfully requests that limited portions of the following materials be sealed, including portions of the exhibits accompanying the AIDC Joint Letter Brief.

The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its

records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

In consideration of the Court's guidance in its Sealing Order (Dkt. 373), Meta requests sealing only narrowly tailored portions of the documents in the following chart. Specifically, Meta respectfully requests the Court's permission to seal three discrete categories of information: **(1)** Meta employee email addresses to safeguard privacy; **(2)** randomized portions of internal Meta file paths and document URL paths, disclosure of which risks facilitating access by unauthorized parties; and **(3)** Meta's highly confidential and proprietary technical information, including non-public portions of Meta's source code—these materials have no relevance to the case, and Meta has a strong interest in maintaining their confidentiality. The information sought to be sealed is highly confidential, and Meta has applied the least redactions possible in order to minimize the risk to Meta, while balancing the need for public access to the information.

| Document | Sealing Request |
|---|---|
| Sabanoglu Ex. 1 – Exhibit B to the AIDC Joint Letter Brief | Redacted Highlighted Portions |
| Sabanoglu Ex. 2 – Exhibit E to the AIDC Joint Letter Brief | Redacted Highlighted Portions |
| Sabanoglu Ex. 3 – Exhibit K to the AIDC Joint Letter Brief | Redacted Highlighted Portions |
| Sabanoglu Ex. 4 – Exhibit L to the AIDC Joint Letter Brief | Redacted Highlighted Portions |
| Sabanoglu Ex. 5 – Exhibit M to the AIDC Joint Letter Brief | Redacted Highlighted Portions |
| Sabanoglu Ex. 6 – Exhibit N to the AIDC Joint Letter Brief | Redacted Highlighted Portions |

Courts in this district have found compelling reasons to seal such materials, including: **(1) materials comprising employees' personally identifying information,** *e.g.*, *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (compelling reasons to seal personally identifying information, including employee names and emails); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (similar, and collecting cases); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (compelling reasons to seal employee identification numbers); **(2) confidential and proprietary information whose public disclosure increases cybersecurity concerns,** *e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S. Dist. LEXIS 85089 , at *6 (N.D. Cal. June 30, 2015) (compelling reasons to seal information concerning a party's "network infrastructure and security systems," which could increase the risk of cyberattack); *cf. Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 1122843 (N.D. Cal. Apr. 14, 2022) (good cause to seal information whose disclosure could "increase[] risk of cybersecurity threats"); *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 2289057 (N.D. Cal. Mar. 17, 2022) (similar); *An Phan v. Agoda Co. Pte. Ltd.*, No. 16-cv-07243-BLF, 2018 BL 387369 (N.D. Cal. Oct. 19, 2018) (similar); **and (3) Meta's highly confidential and proprietary technical information, including non-public portions of source code**, *e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 285799, at *1 (N.D. Cal. Jan. 22, 2019) (finding information regarding party's confidential and proprietary technical information sealable); *In re iPhone App. Litig.*, No. 11-md-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal portions of the parties' briefing on summary judgment and class certification, and accompanying materials to "maintain[] the confidentiality of information about [defendant's] technology"). Here, compelling reasons exist to grant Meta's sealing requests, which are critical to Meta's third-party obligations, and to protecting Meta and its employees from harm.

In each of these instances, the harm to Meta outweighs the public's interest in disclosure. *See, e.g., In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (granting motion to seal where the defendant's interest in maintaining the confidentiality of the information sought to be sealed

outweighed that of the public in accessing such documents). Meta's proposed redactions are narrowly tailored to include only that information which would cause specific, articulable harm, as identified in Ms. Sabanoglu's declaration, and are limited to materials that are either tangential or irrelevant to the claims at issue in this case, such as employee emails and file pathways. Thus, not only is sealing the materials identified in the chart above necessary to safeguard Meta and its employees against competitive and illicit harms, but also the public's interest in accessing these materials is minimal at best.

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court grant this Motion.

Dated: September 29, 2026

COOLEY LLP

By: */s/ Phillip E. Morton*

Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Bobby A. Ghajar
COOLEY LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
Email: khartnett@cooley.com
bghajar@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Phillip Morton (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant*
*META PLATFORMS, INC.*