# EXHIBIT C

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

COOLEY LLP
KATHLEEN R. HARTNETT (314267)
khartnett@cooley.com
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865) lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (pro hac vice)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-03417-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO RULE 30(B)(6) DEPOSITION NOTICE** |

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Meta Platforms, Inc. ("Meta") by and through its undersigned counsel, hereby provides the following responses and objections to Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b) ("Notice") served on August 24, 2026, and the topics ("Topics") identified therein, as follows:

## I. OBJECTIONS TO NOTICE AND ALL TOPICS

1. Meta objects to the purported "Sub-Topics" provided by Plaintiffs with the August 24, 2026 notice, as these were not part of the Rule 30(b)(6) topics authorized by the Court, and they exceed the scope of the topics of the deposition notice allowed by the Court. Meta will respond below with respect to the topics in the Rule 30(b)(6) notice as written based on its understanding of the scope of those topics. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Meta's Response to the Notice and any information, document, or thing identified or provided in response to the Notice.

2. Meta objects to all Topics to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or ground for withholding documents or information. Meta will not provide such protected information. Each designee is testifying on behalf of Meta and not in his or her personal capacity to the extent within the scope of the Topics, subject to Defendant's objections and responses below. Any inadvertent disclosure of any privileged or protected information is not a waiver of any applicable privilege or protection. Meta expressly reserves the right to object to the introduction at trial or other use of any privileged or otherwise protected information that may be inadvertently disclosed.

3. By stating that Meta will make a witness available on a Topic, Meta does not represent that information exists on such Topic, but rather that Meta will make a reasonable attempt to ascertain whether information concerning the Topic does, in fact, exist, and to prepare a witness to testify on that Topic to the extent reasonably practicable, based on a reasonable investigation under the circumstances. Meta has no obligation to create new documents, information, or analysis in response to this Notice. Nor does Meta have an obligation to obtain information from sources

beyond its control that are equally accessible to Plaintiff.

4. Meta objects to the Notice to the extent it seeks to require Meta to search for information about documents no longer in existence or no longer in Meta's possession, custody, or control on the grounds that they are overly broad, would subject Meta to undue annoyance, oppression, burden, and expense, and seek to impose upon Meta an obligation to investigate information or materials from third parties or services who are equally accessible to Plaintiff.

5. Meta objects to the Notice to the extent it seeks to define terms and/or characterize the evidence in this matter. Nothing in this response should be construed as an admission of any facts or assumptions advanced by Plaintiff in the Notice.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO 30(B)(6) DEPOSITION TOPICS

Without waiving or limiting in any manner any of the foregoing objections, but rather incorporating them into each of the following responses to the extent applicable, Meta responds to the specific Topics as follows:

**DEPOSITION TOPIC NO. 1:**

Meta's uploading, distribution, and/or making available of copyrighted works via its torrenting of the same.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 1:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The terms "uploading," "distribution," "making available," "copyrighted works," and "torrenting" are vague, ambiguous, and undefined. To the extent that Plaintiffs are contending that any particular material is protected by copyright, this Topic calls for a legal conclusion and seeks information outside of Meta's possession, custody, or control. Meta construes this Topic as referring to Meta's use, if any, of torrenting to obtain text datasets for training the Meta Llama models.

2) The Topic seeks information that is not or no longer in Meta's possession, considering that certain of the dataset downloads occurred before the present action was filed and involved individuals who are no longer employed at Meta.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney

work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) To the extent that Plaintiffs are contending that any particular material is protected by copyright, this Topic calls for a legal conclusion and seeks information outside of Meta's possession, custody, or control.

Subject to and without waiving any of these objections, Meta states that it does not have detailed corporate knowledge pertaining to the alleged uploading, distribution, and/or making available of allegedly copyrighted works via torrenting, as information about this topic is ascertainable through extensive analysis of the voluminous evidence, including the file lists, source code files, cost and usage data, log files, and other materials produced in this action, performed by the parties' respective experts and which will be discussed in Meta's forthcoming expert report. Meta will designate a witness to testify about the facts known to Meta about previous torrent downloads of dataset data, including identification of evidence available to Meta relevant to potential uploading of data (if any) that may have occurred during such downloads.

**DEPOSITION TOPIC NO. 2:**

The document beginning with the Bates stamp Meta-Kadrey-SC-000932, including but not limited to file paths "/private/home/nikbash/data/libgen_tst" and "/private/home/nikbash/data/libgen_all," and any testimony or representations by Meta that may be impacted by Meta-Kadrey-SC-000932 or the content stored at those file paths.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 2:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The phrase "testimony or representations by Meta that may be impacted by" a particular document is vague, ambiguous, and undefined, and does not describe a proper subject for a 30(b)(6) deposition. Meta construes this Topic as seeking testimony regarding the contents and context of the document beginning with Bates stamp Meta-Kadrey-SC-000932, including the alleged file paths identified therein.

Subject to and without waiving any of these objections, Meta will designate one or more

witnesses to testify about the contents and context of the document beginning with Bates stamp Meta-Kadrey-SC-000932 and the alleged file paths "/private/home/nikbash/data/libgen_tst" and "/private/home/nikbash/data/libgen_all" referenced therein, to the extent such information is reasonably available and not privileged.

**DEPOSITION TOPIC NO. 3:**

Meta's blocking and un-blocking/approvals in connection with Library Genesis and/or Anna's Archive, including approval for Anna's Archive and torrenting of content from Library Genesis, Z-Library, Internet Archive, and Duxiu. *See, e.g.*, Meta_Kadrey_00238411, Meta_Kadrey_00238396.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 3:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The terms "blocking," "un-blocking," "approvals," and "torrenting" are vague, ambiguous, and undefined when used out of context. Meta construes this Topic as referring to the alleged blocking of torrents referenced in Meta_Kadrey_00238408, Meta_Kadrey_00238396, and internal processes if any for evaluating and approving the use of torrents to obtain content from Library Genesis, Anna's Archive, Z-Library, Internet Archive, and Duxiu in connection with training the Meta Llama models.

2) The Topic seeks information that is not or no longer in Meta's possession, considering that certain individuals knowledgeable about the subject matter of this Topic are no longer employed at or affiliated with Meta.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because the Topic is overly broad and unduly burdensome to the extent it encompasses all approval processes across all identified sources regardless of their connection to the works at issue in this case.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify regarding Meta's internal processes, if applicable, for evaluating and/or approving the torrenting of data from Library Genesis, Anna's Archive, Z-Library, Internet Archive, and Duxiu in connection with training the Meta Llama models. Meta will also designate one or more witnesses to testify about the reference to purported blocking of torrents referenced in Meta_Kadrey_00238408, Meta_Kadrey_00238396, to the extent such information is reasonably available and not privileged.

**DEPOSITION TOPIC NO. 4:**

Meta's IP Policy Analysis and Recommendation and "the prior decision w.r.t the content from Anna's Archive," as reflected in Meta_Kadrey_00238411, Meta_Kadrey_00238396.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 4:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges. To the extent this Topic seeks the mental impressions, conclusions, opinions, or legal theories of Meta's attorneys underlying any "IP Policy Analysis and Recommendation," it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine, and Meta does not intend to disclose such privileged information or waive those privileges.

2) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, to the extent it purports to require Meta to prepare a witness to testify regarding legal analysis and policy recommendations, which are quintessentially privileged and not a proper subject of a 30(b)(6) deposition.

3) The Topic seeks information that is not or no longer in Meta's possession, considering that certain individuals knowledgeable about the subject matter of this Topic are no longer employed at or affiliated with Meta.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify regarding the non-privileged, factual content of the “IP Policy Analysis and

Recommendation” appearing in Meta_Kadrey_00238408 and Meta_Kadrey_00238396, to the extent available and not privileged.

**DEPOSITION TOPIC NO. 5:**

All "mirroring" of datasets related to Library Genesis, Anna's Archive, Z-Library, Internet Archive or Duxiu, including "for archival or LLM purposes." See Meta_Kadrey_00238411, Meta_Kadrey_0023896.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 5:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The terms "mirroring" and “related to” are vague, ambiguous, and undefined without further context. Meta construes this Topic in the context of the statements in the cited documents.

2) The Topic seeks information that is not or no longer in Meta's possession, considering that certain individuals knowledgeable about the subject matter of this Topic are no longer employed at or affiliated with Meta.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because it is overly broad and unduly burdensome to the extent it encompasses all copying or replication of content from all identified sources regardless of whether such content is at issue in this litigation.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify regarding statements in Meta_Kadrey_00238408 and Meta_Kadrey_0238396 about “mirroring” “for archival purposes” of datasets related to Library Genesis, Anna's Archive, Z-Library, Internet Archive or Duxiu, to the extent such information is reasonably available and not privileged.

**DEPOSITION TOPIC NO. 6:**

All "approved usages" or "usages" related to Library Genesis, Anna's Archive, Z-Library,

Internet Archive or Duxiu. See, e.g., Meta_Kadrey_00238408, Meta_Kadrey_00238396, Meta_Kadrey_00238373.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 6:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The phrases "approved usages," "usages," and “related to” are vague, ambiguous, and undefined. Meta construes this Topic as referring to Meta's authorized or approved uses, if any, of content from Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu in connection with training the Meta Llama models.

2) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine, particularly to the extent that any "approval" reflected in the referenced documents embodies legal analysis or recommendations, and Meta does not intend to disclose privileged information or waive those privileges.

3) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because it is overly broad and unduly burdensome to the extent it purports to require a corporate witness to testify as to all usages of all content from all identified sources across the entire Relevant Period.

4) This Topic is duplicative of Topics 3 and 5.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify regarding the “approved usages” of content from Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu in connection with training the Meta Llama models, to the extent such information is reasonably available and not privileged.

**DEPOSITION TOPIC NO. 7:**

The origin and timing of updates, changes, and content in Meta_Kadrey_00238408 and all other AIDC dashboards related to Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 7:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic

on the following grounds:

1) The term "AIDC dashboards" is vague, ambiguous, and undefined, as is the phrase "origin and timing of updates, changes, and content." Meta construes this Topic as referring to the non-privileged factual content of, and history of updates to, the AIDC pages related to Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu.

2) The Topic seeks information that is not or no longer in Meta's possession, considering that certain individuals with knowledge of changes to these pages may no longer be employed at Meta.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because it is overly broad and unduly burdensome to the extent it purports to require a corporate witness to testify as to the complete revision history of internal dashboards across all identified sources.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify regarding the non-privileged factual content of, and history of updates to, the AIDC pages related to Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu, including the document bearing Bates numbers Meta_Kadrey_00238408 and Meta_Kadrey_00238396 to the extent such information is reasonably available and not privileged.

**DEPOSITION TOPIC NO. 8:**

The terms, fields, and content of the AIDC dashboards for any and all AIDC dashboards related to Library Genesis, Anna's Archive, Z-Library, Internet Archive, and Duxiu.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 8:**

In addition to the foregoing objections applicable to all Topics, Meta objects to this Topic on the following grounds:

1) The terms and phrases "terms," "fields," and "content of the AIDC dashboards" are vague, ambiguous, and undefined. Meta construes this Topic as referring to the structure, data

fields, and non-privileged substantive entries of the AIDC pages related to Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu.

2) The Topic is duplicative of Topic 7 to the extent it seeks substantially the same information regarding the AIDC dashboards.

3) The Topic seeks information protected by attorney-client privilege and/or the attorney work product doctrine and Meta does not intend to disclose privileged information or waive those privileges.

4) The Topic seeks discovery on information that is not relevant or proportional to the needs of the case, nor a proper subject for a 30(b)(6) deposition, because it is overly broad and unduly burdensome to the extent it purports to require a corporate witness to testify as to the complete content and structure of all AIDC dashboards across all identified sources.

Subject to and without waiving any of these objections, Meta will designate one or more witnesses to testify about the structure, data fields, meaning, and non-privileged substantive entries of the AIDC pages related to Library Genesis, Anna's Archive, Z-Library, Internet Archive, or Duxiu produced in this matter.

Dated: August 26, 2026

By: */s/ Phillip E. Morton*
Phillip E. Morton

Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Kathleen R. Hartnett
Bobby A. Ghajar
COOLEY LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: 415-693-2000
Email: khartnett@cooley.com
bghajar@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Phillip Morton (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANT META PLATFORMS, INC.'S OBJECTIONS AND RESPONSES TO RULE 30(B)(6) DEPOSITION NOTICE**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action listed in the attached Service List.

Executed August 26, 2026, at Palo Alto, California.

*/s/ Elizabeth Stameshkin*
Elizabeth Stameshkin

**SERVICE LIST**

Joseph R. Saveri
Cadio Zirpoli
Christopher K.L. Young
Holden Benon
Louis Andrew Kessler
Aaron Cera
Melissa Tribble
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
lkessler@saverilawfirm.com
acera@saverilawfirm.com
mtribble@saverilawfirm.com

Matthew Butterick
**MATTHEW BUTTERICK, ATTORNEY AT LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Email: mb@buttericklaw.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Bryan L. Clobes (admitted *pro hac vice*)
Alexander J. Sweatman (admitted *pro hac vice*)
Mohammed Rathur
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Email: bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Joshua I. Schiller, Esq.
Maxwell Vaughn Pritt, Esq.
Margaux Poueymirou
**BOIES SCHILLE FLEXNER**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Email: jischiller@bsfllp.com
mpritt@bsfllp.com
mpoueymirou@bsfllp.com

David Boies, Esq. (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
333 Main Street
Armonk, NY 10504
Email: dboies@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER**
1401 New York Ave. NW

Washington, DC 20005
Email: jpanuccio@bsfllp.com

*Attorneys for Individual and Representative Plaintiffs and the Proposed Class*

Brian O'Mara
**DiCELLO LEVITT LLP**
4747 Executive Drive, Suite 240
San Diego, CA 92121
Email: BrianO@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
James A. Ulwick (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
10 North Dearborn St., Sixth Floor
Chicago, IL 60602
Email: akeller@dicellolevitt.com
julwick@dicellolevitt.com
ndjordjevic@dicellolevitt.com

David A. Straite (admitted *pro hac vice*)
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Email: dstraite@dicellolevitt.com

*Attorneys for Plaintiff Lysa TerKeurst*

Elizabeth J. Cabraser, Esq.
Daniel M. Hutchinson, Esq.
Reilly T. Stoler, Esq.
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: ecabraser@lchb.com
dhutchinson@lchb.com
rstoler@lchb.com

Rachel Geman
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Email: rgeman@lchb.com

Attorneys for Plaintiff *Christopher Farnsworth and Representative Plaintiffs and the Proposed Class*

Nancy Evelyn Wolff
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 340-6334
Fax: (310) 492-4394
Email: NWolff@cdas.com

Scott J. Sholder
CeCe M. Cole
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10004
Telephone: (212) 974-7474
Email: ssholder@cdas.com
ccole@cdas.com

Attorneys for Plaintiff *Christopher Farnsworth and Representative Plaintiffs and the Proposed Class*