| | |
|---|---|
| **From:** | Andrew Schapiro |
| **To:** | Joseph Lemoine |
| **Cc:** | Kyle Roche; Elizabeth Brannen; Lauren Martin; Maxwell Pritt; Sophia Martell |
| **Subject:** | RE: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026) |
| **Date:** | Monday, October 5, 2026 10:35:14 AM |

Joseph,

Our client's efforts to comply with your subpoena requests do present significant costs and burden to him. Mr. Roller is an individual, who will be required to take time away from his current employment to comply with your subpoena request for a deposition, as well as additional time to prepare for that deposition. Unlike for his first deposition in *Kadrey*, Mr. Roller is paying his legal costs out of pocket. Further, Mr. Roller—a nonparty to the litigation—has no financial interest in the outcome of this case.

We are confident, based on Ninth Circuit case law and Mr. Roller's nonparty status, that a court would conclude that his legal costs to comply with the plaintiffs' subpoenas are significant and therefore must be borne by plaintiffs. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (cost-shifting is mandatory under FRCP 45(d)(2)(B)(ii) when costs are significant). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *See e.g., In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012). As the court in the NCAA case further explained (at*2, collecting cases), "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party." In that case (where the non-parties were not even individuals, but companies such as Fox Broadcasting and the Big Ten Network) the court held that party the issuing the subpoena failed to take reasonable steps to avoid imposing undue burdens on non-parties and ordered the plaintiffs to cover the attorneys fees the non-parties had paid to their attorneys (who, for what it's worth, were from firms including Mayer Brown and Jenner).

We note as well our understanding that the parties in your matter already have access to the transcript of Mr. Roller's prior deposition on these same topics, making the imposition on him now even less justifiable. *In re Herz*, No. 25-MC-80370-VKD, 2026 WL 18785, at *4 (N.D. Cal. Jan. 2, 2026) (granting motion to quash subpoena issued to non-party former employee upon finding there was no justification for requiring the former employee to incur the time and expense of providing deposition testimony).

We disagree that any assessment of costs is premature. We have already begun reviewing your subpoena documents with our client, as well as working on our responses to the document

requests and preparation for the deposition. We are quickly approaching your requested dates of compliance, and these costs will only continue to add up. Given your expedited timeline for compliance, and the fact that Mr. Roller is a non-party to the litigation, we ask you to confirm that plaintiffs, as the issuing party, will cover the costs Mr. Roller incurs for complying with these third-party subpoenas.

Mr. Roller and his counsel are available for deposition in Chicago on Friday, October 23.

Best,

Andy

---

**From:** Joseph Lemoine <jlemoine@fnf.law>
**Sent:** Friday, September 25, 2026 3:53 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>; Sophia Martell <sophiamartell@quinnemanuel.com>
**Subject:** Re: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)

**[EXTERNAL EMAIL from jlemoine@fnf.law]**

---

Thank you. We understand our obligations under Rule 45(d)(1) to take reasonable steps to avoid imposing undue burden or expense on your client, and will comply. We also recognize that under Rule 45(d)(2)(B)(ii), as *Legal Voice v. Stormans Inc*. confirms, a court ordering compliance with a document subpoena over a non-party's objection must shift at least enough of the significant compliance costs to the issuing party.

That said, we see no basis on the present record to anticipate any undue expense, and any assessment of compliance costs is premature. Can you please provide some more light on expected undue expense and point us to any supportive authority? As you know, Mr. Roller went through this process already in the *Kadrey* case.

Best,
Joseph

---

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Date:** Friday, September 25, 2026 at 12:25 AM

**To:** Joseph Lemoine <jlemoine@fnf.law>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>; Sophia Martell <sophiamartell@quinnemanuel.com>
**Subject:** RE: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)

**[EXTERNAL SENDER]**

Thanks. We want to be helpful. Mr. Roller is an individual, and a non-party. Scrambling to respond to a subpoena on a very short timetable and to prepare for a deposition just a few weeks from now will cause him to incur significant expense. Can you, as the issuing party, agree to bear the costs associated with compliance, under FRCP 45(d)? See, e.g., *Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013). If so, we can get you his objections and responses by October 9. We can also agree to make him available for a deposition on a date that works for him and his counsel prior to October 23 (likely, but not definitely, the 22nd), assuming we are able to reach agreement on the deposition's scope and length.

Mr. Roller reserves all rights and remedies.

Best,

Andy

---

**From:** Joseph Lemoine <jlemoine@fnf.law>
**Sent:** Thursday, September 24, 2026 1:57 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>; Sophia Martell <sophiamartell@quinnemanuel.com>
**Subject:** Re: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)

**[EXTERNAL EMAIL from jlemoine@fnf.law]**

---

We'll agree to an extension of the deadlines for your objections and responses to October 9, provided you agree that Mr. Roller's deposition occurs before October 23.

Best,
Joseph

Joseph Lemoine
*Associate*
**Freedman Normand Friedland LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
(t) (646) 494-2900 #168
(c) (202) 344-9817
(@) jlemoine@fnf.law

---

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Date:** Thursday, September 24, 2026 at 1:55 PM
**To:** Joseph Lemoine <jlemoine@fnf.law>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>; Sophia Martell <sophiamartell@quinnemanuel.com>
**Subject:** RE: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)
**[EXTERNAL SENDER]**

Thanks. Realistically there's no way we can prepare or give Mr. Roller meaningful guidance about objections and responses on this timetable. We're happy to file something with the judge seeking relief on the deadline and explaining the situation (e.g., that we've only now been retained for this, haven't looked at any documents, and that your process-server apparently never asked if Mr. Roller had been at his NYC apartment at all this summer). Do we need to meet/confer about that? It'd be great if you'd consent. Sophia and I could meet today at 5:30pm Chicago time if you'd like.

---

**From:** Joseph Lemoine <jlemoine@fnf.law>
**Sent:** Thursday, September 24, 2026 12:28 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>; Sophia Martell <sophiamartell@quinnemanuel.com>
**Subject:** Re: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)

**[EXTERNAL EMAIL from jlemoine@fnf.law]**

---

Dear Mr. Schapiro,

Thank you for your email and for clarifying the situation.

We disagree with your read of the order. Section 1 makes clear that the subpoenas "are deemed served" upon compliance with the service method. Section 3 then grants Mr. Roller 7 days to raise any objection "to the subpoenas." Read together, this means Mr. Roller has 7 days to raise objections to the content of the subpoenas, not the service.

Can you meet with us this afternoon or tomorrow morning? The next case management conference is scheduled for noon ET tomorrow, and we'd like to discuss this issue beforehand so we can update the judge. We're hoping to agree on a deposition date for Mr. Roller by October 23—seven days before rebuttal expert reports are due.

If you're available, please send me a few time options and I can circulate an invitation.

Best,
Joseph

Joseph Lemoine
*Associate*
**Freedman Normand Friedland LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
(t) (646) 494-2900 #168
(c) (202) 344-9817
(@) jlemoine@fnf.law

---

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Date:** Thursday, September 24, 2026 at 12:07 PM
**To:** Joseph Lemoine <jlemoine@fnf.law>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>; Sophia Martell <sophiamartell@quinnemanuel.com>
**Subject:** RE: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)
**[EXTERNAL SENDER]**

Greetings Mr. Lemoine –

Thank you for sending the subpoena and the Court's order. When you initially sent me an email in late July, we did not represent Mr. Roller in connection with this matter, and we did not have authorization to accept service of the subpoena on his behalf. Having read your motion, we see that you made multiple attempts to serve Mr. Roller at an address in New York. For your awareness, Mr. Roller has not been present in New York for several months, and he was not aware until your motion was filed that you were attempting to serve him there. In any event, Mr. Roller has authorized us to represent him in connection with your matter, we are happy to work with you to comply with the subpoena. We will confer with him about responsive documents, and we propose to serve you our responses and objections, if any, by October 21. We are happy to discuss the scope and timing of any deposition of Mr. Roller.

We see that the Court's 9/18/2026 order states that we should raise any objection to the court within 7 days of our being served with the Court's order. We read this to mean that we have 7 days to raise an objection with respect to the service of the subpoena—not regarding our deadline to raise objections to the content of the subpoena or specific document requests. If you read the court's order differently, please let us know promptly so that we can obtain an extension from the court.

In the future please also cc my colleague Sophia Martell.

Best regards,

Andy Schapiro

**Andrew Schapiro**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7403 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
andrewschapiro@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Joseph Lemoine <jlemoine@fnf.law>
**Sent:** Saturday, September 19, 2026 11:57 AM

**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>
**Subject:** Re: Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)

**[EXTERNAL EMAIL from jlemoine@fnf.law]**

---

Counsel,

Please see attached the court order from yesterday related to the subpoenas to Stephen Roller (also attached).

Best,
Joseph

Joseph Lemoine
*Associate*
**Freedman Normand Friedland LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
(t) (646) 494-2900 #168
(c) (202) 344-9817
(@) jlemoine@fnf.law

---

**From:** Joseph Lemoine <jlemoine@fnf.law>
**Date:** Tuesday, July 28, 2026 at 1:16 PM
**To:** andrewschapiro@quinnemanuel.com <andrewschapiro@quinnemanuel.com>
**Cc:** Kyle Roche <kroche@fnf.law>; Elizabeth Brannen <EBrannen@stris.com>; Lauren Martin <lmartin@stris.com>; Maxwell Pritt <mpritt@bsfllp.com>
**Subject:** Third-party subpoenas - Stephen Roller - Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026)
Counsel,

Attached please find our subpoenas to Stephen Roller. Please confirm as soon as possible whether you are accepting service.

Best,
Joseph

Joseph Lemoine
*Associate*

**Freedman Normand Friedland LLP**
10 Grand Central
155 E. 44th Street, Suite 915
New York, NY 10017
(t) (646) 494-2900 #168
(c) (202) 344-9817
(@) jlemoine@fnf.law

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.