# EXHIBIT A

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

COOLEY LLP
KATHLEEN R. HARTNETT (314267)
khartnett@cooley.com
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865) lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ENTREPRENEUR MEDIA, LLC,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:25-cv-09579-VC

**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTY:** **PLAINTIFF ENTREPRENEUR MEDIA, LLC**

**RESPONDING PARTY:** **DEFENDANT META PLATFORMS, INC.**

**SET NUMBER:** **THREE**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, and Local Rule 34 of the United States District Court for the Northern District of California, Defendant Meta Platforms, Inc. ("Meta") hereby objects and responds as follows to Plaintiff Entrepreneur Media, LLC's ("Plaintiff") Third Set of Requests for Production ("Requests").

## I. RESPONSES TO ALL REQUESTS

**1.** Meta's responses to the Requests are made to the best of Meta's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and Meta reserves the right to amend, revise, correct, supplement, or clarify the responses and objections propounded herein.

**2.** Meta reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Meta's initial production, including, but not limited to, any documents obtained in discovery herein.

**3.** To the extent that Meta agrees to produce documents in response to any Requests, Meta will respond with responsive, non-privileged information currently in its possession, custody, or control. Meta has no duty to produce or identify information outside of its possession, custody, or control. By stating in these responses that Meta will produce documents or is searching for documents, Meta does not represent that any document actually exists, but rather that it will make a good faith search and reasonable inquiry to ascertain whether documents responsive to these Requests do, in fact, exist and to produce such documents if they are found to exist and are within Meta's possession, custody, or control.

**4.** To the extent that Meta responds to a Request by stating that Meta will provide documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the Protective Order (Dkt. 53) governing the unauthorized use or disclosure of such information or documents with a

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction. Meta will produce Documents, including Communications, pursuant to the terms of the protocol regarding Electronic Discovery ("ESI Order") entered by the Court (Dkt. 60), and any agreement to produce such Documents and Communications is explicitly in view of the terms of the ESI Order. To the extent that Meta responds to a Request, including by agreeing to search for relevant, non-privileged communications in Meta's possession, custody, or control, such response is not a representation that any particular custodian or search term is appropriate. Meta expressly reserves the right to object to any custodians and search terms proposed by Plaintiff.

**5.** The provision of a response to any of these Requests does not constitute a waiver of any objection regarding the use of said response in these proceedings. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**6.** Meta reserves the right to object on any ground and at any time to such other or supplemental requests for production that Plaintiff may propound involving or relating to the subject matter of these Requests.

**7.** Unless otherwise stipulated in a production protocol or ordered by the Court, Meta will produce each document in response to these Requests in a form in which it is ordinarily maintained or in a reasonably usable form in accordance with the terms of the ESI Order entered by the Court (Dkt. 60).

## II. OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Whether or not separately set forth in response to each Request, Meta makes these objections to the following Instructions and Definitions.

**1.** Meta objects to the definition of "META," "YOU," and "YOUR" as overbroad, unduly burdensome, and disproportionate to the needs of the case. Meta will construe "META," "YOU," or "YOUR" to mean Meta Platforms, Inc.

**2.** Meta objects to the definitions of "COMMUNICATION," "DOCUMENT(S)," or

"INFORMATION" to the extent these definitions are inconsistent with and otherwise seek to circumvent the custodian and search term limits for electronic communications (including emails and other electronic correspondence, and documents attached thereto), as provided in the ESI Order entered by the Court. Meta will produce documents, including communications, pursuant to the terms of the ESI Order, and any agreement to produce such documents is explicitly in view of the terms of the ESI Order. To the extent that Meta responds to a Request, including by agreeing to search for relevant, non-privileged communications in Meta's possession, custody, or control, such response is not a representation that any particular custodian or search term is appropriate. Meta expressly reserves the right to object to any custodians and search terms proposed by Plaintiff.

**3.** Meta further objects to the definitions of "COMMUNICATION," "DOCUMENT(S)" or "INFORMATION" to the extent they seek to expand or alter the scope of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the ESI Order entered in this case. Meta further objects to these definitions to the extent they seek Meta to produce "INFORMATION" that is not already in the form of a "COMMUNICATION" or "DOCUMENT." Meta further objects to these definitions to the extent they seek Meta to produce documents that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), which are unduly burdensome to preserve and search, or which otherwise, under the proportionality factors, should not be preserved.

**4.** Meta objects to the definition of "LLAMA" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. In particular, the phrase "any predecessor, successor, derivative, fine-tuned, distilled, or modified versions thereof" fails to adequately describe the scope of this term. Similarly, inclusion of any "components, training processes, evaluation processes, datasets, embeddings, or systems used to develop, train, fine-tune, evaluate, or deploy such models" renders the definition confusing and overly broad. Meta will construe "LLAMA" to mean Llama 1, Llama 2, Llama 3, and Llama 4.

**5.** Meta objects to the definition of "GENERATIVE AI TOOL" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. In particular, the phrase "any software, system, model, application, or service developed, operated, or

deployed by META that uses artificial intelligence or machine learning" is overly broad and encompasses tools and services that are not relevant to any party's claims or defenses. Similarly, the inclusion of "multimodal models" and models that produce "code, images, or other content," renders the definition confusing and overly broad. Meta further objects to this definition to the extent that it purports to require Meta to produce documents or information concerning large language models that were not publicly released and/or were not trained on corpuses of text that allegedly include any of Plaintiff's allegedly copyrighted works. Meta further objects to this definition to the extent that it incorporates the objectionable portions of the term "LLAMA." Meta will construe "GENERATIVE AI TOOL" to mean the publicly released Llama 1, Llama 2, Llama 3, Llama 4, and Muse Spark models and the user-facing Meta AI interface.

**6.** Meta objects to the definition of "REINFORCEMENT LEARNING WITH HUMAN FEEDBACK" or "RLHF" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. In particular, the phrase "or any similar technique in which human judgments are used to shape or refine the model's outputs" renders the definition vague, ambiguous, overly broad, and confusing.

**7.** Meta objects to the definition of "CLOUD COMPUTING PROVIDER" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. In particular, the phrase "hosted, distributed, made available for inference, or otherwise commercialized" is vague and ambiguous and renders the definition overly broad and confusing. Meta further objects to this definition to the extent it seeks information not in the possession, custody, or control of Meta. Meta further objects to this definition to the extent that it incorporates the objectionable portions of the term "LLAMA."

**8.** Meta objects to the definition of "USE" or "USED" as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. In particular, "otherwise exploiting content in any manner" is unintelligibly ambiguous and fails to adequately describe the scope of these terms. In addition, the terms "accessing, copying, downloading, storing, ingesting, pretraining on, training on, fine-tuning with, . . . evaluating, testing, indexing, embedding, transforming" and "development, training, alignment, or deployment" are not defined,

and are susceptible to multiple definitions, rendering this definition ambiguous. Meta further objects to this definition to the extent that it incorporates the objectionable portions of the term "REINFORCEMENT LEARNING WITH HUMAN FEEDBACK." Meta will define "USE" or "USED" to mean, in the context of training data for large language models, "downloading, [] training on, [and utilizing in the] fine-tuning [of models]."

**9.** Meta objects to Instruction 1 to the extent that it purports to require more of Meta than any obligation imposed by law, would subject Meta to unreasonable, disproportionate and undue burden and expense, and would seek to impose upon Meta an obligation to investigate or discover information or materials in the possession, custody, or control of third parties.

**10.** Meta objects to Instruction 2 as overbroad and unduly burdensome to the extent that it purports to require more of Meta than any obligation imposed by law and would subject Meta to unreasonable, disproportionate, and undue burden and expense. Meta will provide Plaintiff with a privilege log in accordance with Rule 26 and the ESI Order entered by the Court.

**11.** Meta objects to Instructions 3, 4, and 6 as overbroad and unduly burdensome to the extent that they purport to require more of Meta than any obligation imposed by law and would subject Meta to unreasonable, disproportionate, and undue burden and expense. Meta also objects to these instructions to the extent that they purport to require Meta to investigate and opine on documents that are not within Meta's possession, custody, or control. Meta further objects to these instructions as improperly demanding a narrative response, which is the proper subject of an interrogatory, and thereby seeking to circumvent the interrogatory limit.

## III. GENERAL OBJECTIONS

Meta hereby incorporates the following general objections into each of its specific responses and objections to the individual Requests as if fully set forth therein:

**1.** Meta incorporates by reference each and every General Objection set forth below into each and every specific Response. From time to time, a specific Response may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection in any specific Response shall not be interpreted as a waiver of any General Objection to that Response.

**2.** Any information provided in response to any individual Request is made without

waiver of, and subject to, the General Objections and any additional objections asserted in response to that specific Request.

**3.** Meta objects to the Requests to the extent that they impose any differing or additional obligations from those required by the Federal Rules, the Local Rules, or any other applicable rule, law, or doctrine, the ESI and Protective Orders entered in this action (the "Applicable Laws, Rules, and Agreements"), on the ground that such a requirement exceeds the scope of permissible discovery and attempts to impose an unreasonable burden and expense on Meta. To the extent any Request conflicts with, or purports to impose additional or different duties and obligations, Meta will respond in accordance with the Applicable Laws, Rules, and Agreements.

**4.** Meta objects to the Requests to the extent that they are overly broad, vague, ambiguous, and unduly burdensome; or seek documents and information that are neither relevant nor proportional to the needs of this action.

**5.** Meta objects to the Requests to the extent they seek information or documents or seek to impose a search for information or documents: (a) not within Meta's possession, custody, or control; (b) not maintained by Meta in the normal course of business; (c) already in the possession, custody, or control of Plaintiff; (d) readily available through public sources or from sources that are more convenient, less burdensome, or less expensive; or (e) from sources that are more readily available to Plaintiff than to Meta. Meta further objects to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

**6.** Meta objects to the Requests to the extent that they seek documents and information protected from disclosure by privileges and other protections from production, including, without limitation: (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. In responding to the Requests, Meta will not produce documents protected by such privileges. Where Meta withholds information under claim of privilege, Meta will adhere to the requirements under the ESI Order. Meta does not intend the inadvertent production of any privileged or protected information to constitute a waiver of Meta's rights to assert any applicable

privilege or protection, and Meta further reserves the right to demand that Plaintiff return, destroy, or sequester any privileged or protected documents inadvertently produced and all copies thereof consistent with Fed. R. Civ. P. 26(b)(5)(B) and the terms and conditions of the ESI and Protective Orders entered in this action.

**7.** Meta objects to the Requests to the extent that they purport to require Meta to produce documents in violation of a legal, contractual, or other obligation of nondisclosure owed to a third party. Meta will not provide documents or information subject to any such obligation unless and until it receives the necessary consent from any such third party or, in the absence of such consent, unless and until it is ordered to do so by a court of competent jurisdiction.

**8.** Meta objects to the Requests to the extent they call for, or can be interpreted as calling for, Meta to make legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

**9.** Meta objects to the Requests to the extent that they seek confidential, trade secret, competitively sensitive, business, financial, or other proprietary information. To the extent documents containing any such information are nonprivileged, responsive to the Requests, and are not otherwise objectionable, Meta will only produce such documents and information subject to the ESI and Protective Orders entered in this action. Meta further reserves the right to redact or otherwise withhold any confidential, proprietary, trade secret, or competitively sensitive information that is neither relevant nor proportional to the needs of this action.

**10.** Meta objects to the Requests to the extent they seek documents that are not proportionate to the needs of the case and/or not relevant to any party's claims or defenses.

**11.** Meta objects to each of the Requests to the extent that they call for the identification or production of "all" documents and communications under circumstances in which a subset of documents would be sufficient to show the pertinent information, as such Requests are overly broad, unduly burdensome, and disproportionate to the needs of the case.

**12.** Meta objects to the Requests that seek to impose an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to

Plaintiff as duplicative, overbroad, unduly burdensome, and oppressive.

**13.** Meta reserves the right to assert additional objections, or to supplement its Responses as appropriate, particularly if any additional information regarding the Requests or the underlying claims at issue is provided.

## IV. OBJECTIONS AND RESPONSES TO INDIVIDUAL DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 28:**

All executed agreements, amendments, addenda, statements of work, term sheets, and side letters between YOU and any third party concerning the licensing of copyrighted textual content for USE in training, fine-tuning, developing, or operating any GENERATIVE AI TOOL, from January 1, 2022 through the present. This includes but is not limited to agreements with News Corp, People Inc. (Dotdash Meredith), Reuters, CNN, Fox News, USA Today Co., Inc., and any other content owner or publisher.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Meta incorporates by reference its objections and definitions above, including to the terms "YOU," "USE, and "GENERATIVE AI TOOL."

Meta further objects to this request to the extent it seeks documents that are subject to third-party confidentiality obligations; Meta will only produce such documents after fulfilling any applicable obligations under such agreements, including providing notice.

Meta objects to this Request as vague and ambiguous, and overly broad and unduly burdensome, as to the terms "training," "fine-tuning," "developing," and "operating" as it relates to Llama, Muse Spark, and the user-facing Meta AI interface. Meta will construe these terms as it ordinarily uses the terms with respect to the Llama and Muse Spark models and will meet and confer with Plaintiff to the extent Plaintiff intended a particular meaning for the terms.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto. Specifically, Meta objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case because

the request is not limited to Plaintiff's Works or their specific market and instead seeks a global list of Meta's highly sensitive commercial negotiations across content types.

Meta further objects to this Request to the extent it seeks "All" responsive documents on the requested topic. To the extent that Meta agrees to produce documents responsive to this Request, Meta will undertake a reasonable and proportionate search of materials within Meta's possession, custody, or control.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses. *See, e.g.*, *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1052 ("But whether such a [licensing] market exists or is likely to develop is irrelevant, because this market is not one that the plaintiffs are legally entitled to monopolize . . . . to prevent the fourth factor analysis from becoming circular and favoring the rightsholder in every case, harm from the loss of fees paid to license a work for a transformative purpose is not cognizable.") (internal citations omitted).

Meta objects to this Request as duplicative of other Requests, including Request No. 11.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, including documents that were produced in the *Kadrey* matter.

Subject to and without waiving the foregoing objections, Meta will search for and produce non-privileged executed agreements between Meta and third parties relating to the licensing of copyrighted textual content , for the purpose of training or fine-tuning Llama or Muse Spark, if any exist, in accordance with the ESI Order entered by the Court. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (Dkt. 40).

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS between YOU and any third party CONCERNING the negotiation, terms, pricing, scope, or performance of any agreement or proposed agreement for the licensing of copyrighted textual content for USE in training, fine-tuning, developing, or operating any GENERATIVE AI TOOL, from January 1, 2022 through the present. This includes but is not

limited to communications with the entities identified in Request No. 28, as well as any publishers, media companies, or other content owners with whom YOU discussed or negotiated such licensing, whether or not those negotiations resulted in an executed agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Meta incorporates by reference its objections and definitions above, including to the terms "COMMUNICATIONS," "YOU," "USE," and "GENERATIVE AI TOOL."

Meta further objects to this request to the extent it seeks documents that are subject to third-party confidentiality obligations; Meta will only produce such documents after fulfilling any applicable obligations under such agreements, including providing notice.

Meta objects to this Request as vague and ambiguous, and overly broad and unduly burdensome, as to the terms "training," "fine-tuning," "developing," and "operating" as it relates to Llama, Muse Spark, and the user-facing Meta AI interface. Meta will construe these terms as it ordinarily uses the terms with respect to Llama models and will meet and confer with Plaintiff to the extent Plaintiff intended a particular meaning for the terms.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto. Specifically, Meta objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case because the request is not limited to Plaintiff's Works or their specific market and instead seeks communications reflecting Meta's highly sensitive commercial negotiations across content types.

Meta further objects to this Request to the extent it seeks "All" responsive documents on the requested topic. To the extent that Meta agrees to produce documents responsive to this Request, Meta will undertake a reasonable and proportionate search of materials within Meta's possession, custody, or control.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses. *See, e.g.*, *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1052

("But whether such a [licensing] market exists or is likely to develop is irrelevant, because this market is not one that the plaintiffs are legally entitled to monopolize . . . . to prevent the fourth factor analysis from becoming circular and favoring the rightsholder in every case, harm from the loss of fees paid to license a work for a transformative purpose is not cognizable.") (internal citations omitted).

Meta objects to this Request as duplicative of other Requests, including Request No. 11.

Subject to and without waiving the foregoing objections, Meta will search for and produce non-privileged communications concerning the negotiation of licensing deals for textual copyrighted materials, for use in training or fine-tuning Llama or Muse Spark, if any exist, in accordance with the ESI Order entered by the Court. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (Dkt. 40).

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS CONCERNING YOUR internal analyses, strategies, valuations, or projections relating to the licensing of copyrighted textual content for AI training purposes, including but not limited to the documents identified by Meta in the *Kadrey* proceeding as Meta_Kadrey_00172888 and Pritt Exhibit 97, and any subsequent or superseding versions of those documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Meta incorporates by reference its objections and definitions above, including to the terms "DOCUMENTS" AND "YOUR."

Meta objects to this Request as vague and ambiguous, overly broad and unduly burdensome, and disproportionate to the needs of the case as to the phrase "AI training purposes."

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto. Specifically, Meta objects to this Request as overly broad, unduly burdensome, and not

proportionate to the needs of the case because the request is not limited to Plaintiff's Works or their specific market and instead seeks high-level, proprietary strategic and financial analyses regarding entire categories of content regardless of relevance to the specific claims at issue.

Meta further objects to this Request to the extent it seeks "All" responsive documents on the requested topic. To the extent that Meta agrees to produce documents responsive to this Request, Meta will undertake a reasonable and proportionate search of materials within Meta's possession, custody, or control.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses. *See, e.g.*, *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1052 ("But whether such a [licensing] market exists or is likely to develop is irrelevant, because this market is not one that the plaintiffs are legally entitled to monopolize . . . . to prevent the fourth factor analysis from becoming circular and favoring the rightsholder in every case, harm from the loss of fees paid to license a work for a transformative purpose is not cognizable.") (internal citations omitted).

Meta further objects to this Request because, on its face, it does not exclude legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine, in particular as it explicitly requests "internal analyses, [and] strategies" regarding the licensing of copyrighted material for the purpose of training AI models, which frequently involve legal advice and risk assessments. Such documents will not be produced.

Meta objects to this Request as duplicative of other Requests, including Request No. 11.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, including documents that were produced in the *Kadrey* matter.

Subject to and without waiving the foregoing objections, Meta will search for and produce non-privileged internal analyses, strategies, valuations, or projections relating to the licensing of textual copyrighted materials for use in training or fine-tuning Llama or Muse Spark, if any exist, in accordance with the ESI Order entered by the Court. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order

(Dkt. 40).

**REQUEST FOR PRODUCTION NO. 31:**

All agreements, amendments, addenda, statements of work, and side letters between YOU and Amazon Web Services, Inc. ("AWS") concerning the hosting, distribution, or commercialization of LLAMA on Amazon Bedrock or any other AWS platform, from the inception of any such arrangement through the present. This includes but is not limited to the agreements previously identified as Meta_Kadrey_00212903, Meta_Kadrey_00213257, Meta_Kadrey_00212679, Meta_Kadrey_00212864, and Meta_Kadrey_00212689, as well as any additional or superseding agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Meta incorporates by reference its objections and definitions above, including to the terms "YOU" and "LLAMA."

Meta objects to this Request as vague and ambiguous, overly broad and unduly burdensome, and disproportionate to the needs of the case as to the phrase "hosting, distribution, or commercialization."

Meta further objects to this Request to the extent it seeks "All" responsive documents on the requested topic. To the extent that Meta agrees to produce documents responsive to this Request, Meta will undertake a reasonable and proportionate search of materials within Meta's possession, custody, or control.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, including documents that were produced in the *Kadrey* matter.

Subject to and without waiving the foregoing objections, Meta will supplement the search conducted in *Kadrey* and produce non-privileged, relevant documents responsive to this Request from December 2024 through the present, if any exist, in accordance with the ESI Order entered by the Court. Any such production shall be on a rolling basis, and the timing of any such production

shall be governed by terms of the Scheduling Order (Dkt. 40).

**REQUEST FOR PRODUCTION NO. 32:**

All agreements, amendments, addenda, statements of work, and side letters between YOU and any third-party CLOUD COMPUTING PROVIDER other than Amazon Web Services, Inc. concerning the hosting, distribution, or commercialization of LLAMA on any CLOUD COMPUTING PROVIDER, from the inception of any such arrangement through the present. This includes but is not limited to agreements with Google LLC (including Google Cloud) concerning Google Vertex AI or any other Google Cloud platform, and with Microsoft Corporation (including Microsoft Azure) concerning Microsoft Azure AI, Azure ML, or any other Microsoft platform, and includes the agreements previously identified as Meta_Kadrey_00213055, Meta_Kadrey_00213435, Meta_Kadrey_00213281, and Meta_Kadrey_00213303, as well as any additional or superseding agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Meta incorporates by reference its objections and definitions above, including to the terms "YOU," "CLOUD COMPUTING PROVIDER," and "LLAMA."

Meta objects to this Request as vague and ambiguous, overly broad and unduly burdensome, and disproportionate to the needs of the case as to the phrase "hosting, distribution, or commercialization."

Meta further objects to this Request to the extent it seeks "All" responsive documents on the requested topic. To the extent that Meta agrees to produce documents responsive to this Request, Meta will undertake a reasonable and proportionate search of materials within Meta's possession, custody, or control.

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, including documents that were produced in the *Kadrey* matter.

Subject to and without waiving the foregoing objections, Meta will supplement the search

conducted in *Kadrey* and produce non-privileged, relevant documents responsive to this Request from December 2024 through the present, if any exist, in accordance with the ESI Order entered by the Court. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (Dkt. 40).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS sufficient to show Meta's revenue, costs, and financial performance attributable to or derived from LLAMA, Meta.AI (Meta's consumer-facing AI assistant), or any product or service incorporating LLAMA, including but not limited to internal financial reports, board presentations, investor materials, budget documents, and business reviews that address the financial contribution or projected financial contribution of LLAMA or Meta.AI to Meta's business, from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Meta incorporates by reference its objections and definitions above, including to the terms "DOCUMENTS" and "LLAMA."

Meta objects to this Request to the extent that it seeks information that is publicly available, including as part of Meta's disclosures complying with its obligations as a publicly traded company.

Meta objects to this Request as vague and ambiguous, overly broad and unduly burdensome, and disproportionate to the needs of the case as to the phrases "product or service incorporating LLAMA," "financial performance attributable to or derived from," and "address the financial contribution or projected financial contribution." Meta construes this Request as seeking documents reflecting Meta's actual and projected revenues and profits from Llama and the user-facing Meta AI interface.

Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks all documents and communications concerning the subject matter of the Request, including documents and communications with limited, if any, relevance to Plaintiffs' copyright infringement allegations and Meta's defenses thereto. Meta further objects to this Request as vague and ambiguous, unintelligible as to the scope sought, and disproportionate to the needs of the case as to the phrase "All DOCUMENTS sufficient to show."

Meta will construe this phrase to mean "Documents sufficient to show."

Meta objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses.

Meta objects to this Request because, on its face, it does not exclude documents and communications exchanged with or at the direction of Meta's attorneys concerning legal advice or opinions, which are subject to attorney-client privilege and/or attorney work product doctrine. Such documents will not be produced.

Meta objects to this Request to the extent that Meta has already searched for and produced documents responsive to this Request, including documents that were produced in the *Kadrey* matter.

Subject to and without waiving the foregoing objections, Meta will search for and produce non-privileged, relevant documents sufficient to show Meta's actual and projected revenues and profits from Llama and the user-facing Meta AI interface, if any exist, in accordance with the ESI Order entered by the Court. Any such production shall be on a rolling basis, and the timing of any such production shall be governed by terms of the Scheduling Order (Dkt. 40).

Dated: April 23, 2026

COOLEY LLP

By: */s/ Phillip E. Morton*
Phillip E. Morton

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Kathleen R. Hartnett
Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: khartnett@cooley.com
mweinstein@cooley.com
lstameshkin@cooley.com

Bobby A. Ghajar
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Phillip E. Morton (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN & HAMILTON

LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, California. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS [NOS. 28-33]**

(BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

HUESTON HENNIGAN LLP
Moez M. Kaba (#257456)
Michael M. Purpura (#338216)
Lee Linderman (#280743)
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Email: mkaba@hueston.com
Email: mpurpura@hueston.com
Email: llinderman@hueston.com

NEWMEYER & DILLION LLP
Michael B. McClellan (#241570)
Benjamin P. Pugh (#202025)
Jason L. Morris (#295271)
Harlye S. Carlton (#261641)
895 Dove Street, Second Floor
Newport Beach, California 92660
Email: Michael.McClellan@ndlf.com
Email: benjamin.pugh@ndlf.com
Email: Jason.Morris@ndlf.com
Email: Harlye.Carlton@ndlf.com

Executed on April 23, 2026, at Palo Alto, California.

*/s/ Elizabeth L. Stameshkin*
Elizabeth L. Stameshkin