INSCORE LAW CORPORATION
Daniel Z. Inscore (SBN 325203)
761 Gardenview Ct, Ste 201
Encinitas, CA 92024
Telephone: (858) 898-4844
eservice@inscore.law

David Stone (*pro hac vice motion forthcoming*)
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, New Jersey 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
dstone@smcomplex.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD KADREY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.;<br><br>Defendants. | No. 3:23-cv-03417-VC<br><br>Related Cases:<br>No. 3:25-cv-09579-VC<br>No. 3:26-cv-02333-VC<br>No. 3:26-cv-03725-VC<br>No. 3:26-cv-04053-VC<br>No. 3:26-cv-06793-VC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Vince Chhabria |

## I. INTRODUCTION

In accordance with Civil Local Rule 3-12(b), Plaintiffs in Hobbs et al. v. Meta Platforms, Inc. et al., No. 3:26-cv-11420-PHK (the "Hobbs Plaintiffs") file this Administrative Motion to Consider Whether Cases Should be Related. Hobbs was recently transferred from the Southern District of New York to this Court on October 5, 2026. *See* Stipulation and Order Transferring Venue, Hobbs, No. 3:26-cv-11420-PHK (Dkt. Nos. 36 and 37). Defendants in Hobbs agree that Hobbs is related to this action under Civil Local Rule 3-12(a). *See* Decl. of D. Stone in Supp. of Admin. Mot. to Consider Whether Cases Should Be Related ¶ 2 (filed herewith).

## II. ARGUMENT

When a party "knows or learns that an action" filed in this District is or may be "related" to another action pending in the District, "the party must promptly file" a motion to so notify the Court. Civil L.R. 3-12(b). An action is "related" to another one when (1) both actions "concern substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Id. R. 3-12(a). Both conditions are satisfied here.

This action arises from Meta's development "of a series of LLMs named 'Llama.'" *See Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1039 (N.D. 2025). Along with other text, Meta trained its models on downloaded pirated materials containing copyrighted books and journal articles. *See id*. at 1040–42. Meta used torrenting, a filesharing technique, to "download these large datasets." *Id.* at 1041. Over the course of their action, the Kadrey Plaintiffs have asserted several claims, including copyright infringement based on Meta's reproduction of copyrighted works and on its distribution of the works via torrenting. *See id.* at 1042. They have asserted these claims on behalf of a proposed class of "all owners of copyrighted works used as training data for Llama." *Id*.

Like the Kadrey action, Hobbs concerns Meta's development of Llama. *See generally* Compl. ¶¶ 1–17, Hobbs, No. 3:26-cv-11420-PHK (Dkt. No. 26). And akin to the Kadrey Plaintiffs, the Hobbs Plaintiffs allege that Meta trained Llama on massive amounts of copyrighted material by pirating them from the web, *e.g. id.* ¶¶ 51–58, and by copying repositories of pirated books and articles, *e.g. id.* ¶¶ 59-80. Meta downloaded material from these repositories—and, the Hobbs Plaintiffs allege, also distributed it—via torrenting. *E.g., id.* ¶¶ 81-83. Meta stripped copyright management information to conceal its misconduct. *E.g. id.* ¶¶84-92. Meta made numerous unauthorized copies of the works. *See e.g. id*. ¶¶ 93–108. Based on these allegations, the Hobbs Plaintiffs assert five causes of action, including claims for direct copyright infringement by reproduction and distribution. *E.g., id.* ¶¶ 135–145, 146–153. The proposed class in Hobbs encompasses legal and beneficial owners of registered copyrights for books and journal articles that Meta infringed. *See id.* ¶ 125.

While this summary by no means exhausts the Hobbs Plaintiffs' allegations and claims, it shows that Hobbs and Kadrey overlap enough to satisfy the first prong of this District's relatedness test. *See* Civil L.R. 3-12(a)(1). Given that overlap, relating Hobbs to this action will allow this Court, which has already familiarized itself with many of the underlying facts and the novel legal issues they raise, to efficiently manage Hobbs without risk of conflicting results. The second prong of the relatedness test is thus also met. *See* Civil L.R. 3-12(a)(2).

## III. CONCLUSION

The Hobbs Plaintiffs respectfully ask that the Clerk be ordered to reassign Hobbs to this Court in accordance with Civil Local Rule 3-12(f)(3).

DATED this 21st day of October, 2026.

*s/ Daniel Z. Inscore*

Daniel Z. Inscore, Esq.

INSCORE LAW CORPORATION
Daniel Z. Inscore (SBN 325203)
761 Gardenview Ct, Ste 201
Encinitas, CA 92024
Telephone: (858) 898-4844
eservice@inscore.law

David Stone (*pro hac vice motion forthcoming*)
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, New Jersey 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
dstone@smcomplex.com

Attorneys for Plaintiffs